

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

WASHINGTON – NEW YORK

August 26, 2024

**By ECF Filing**
Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Cengage Learning, Inc. et al., v. Google LLC*, Case No. 24-cv-04274 (JLR)

Dear Judge Rochon:

Pursuant to the June 6, 2024 Notice of Initial Pretrial Conference (Dkt. No. 12) ("Notice), the parties in the above-referenced matter submit the following joint letter.

### I. Brief Statement of the Nature of the Action and the Principal Defenses

**Plaintiffs' Statement:** Plaintiffs are leading educational publishers and copyright and/or trademark holders. Their claims center on advertisements on Defendant Google's "Shopping" platform for illegal digital copies of their textbooks and other educational works. Plaintiffs assert two claims of secondary copyright infringement (contributory and vicarious, Counts I-II), direct trademark infringement (Count III), and a violation of N.Y. Gen. Bus. Law § 349(a) (Count IV).

Google is the world's dominant search engine and provider of online advertising services, but Google uses its platform to assist pirates and harm publishers like Plaintiffs. The pirates operate obscure websites that sell blatantly infringing copies of Plaintiffs' works and rely on Google Shopping ads to find customers. Despite receiving tens of thousands of infringement notices from Plaintiffs and having total control over Shopping ads, Google continues to do business with known pirate sellers, advertise known infringing works, and boost their revenues from clicks on the infringing ads. The scope of the infringement is large; so far, the case involves thousands of copyrighted works and twelve trademarks. At the same time that Google profits from the pirates, it refuses to allow Shopping ads for legitimate digital textbooks, undermining Plaintiffs' efforts to make their digital works more widely available to consumers. As a result, the textbook market is upside down, harming consumers, who are directed to illegal products, and Plaintiffs, whose sales are impacted. Plaintiffs have brought multiple actions against pirate sellers directly in this District – cases of which Google is fully aware – but with Google's ongoing failure to remove pirate sellers from its platform, those cases have not stopped the problem. The pirates are scofflaws who run illegal businesses and often evade judgment enforcement, and Google continues to promote their infringing works to its millions of users.

**Defendant's Statement:** This case is about the allegedly unauthorized sale of Plaintiffs' textbooks on the third-party websites of so-called "pirate sellers." Those sales are not made through Google's platform, and Google does not share in revenues from such sales. Plaintiffs claim that they previously brought lawsuits against the pirate operators of these websites. But

apparently frustrated that those efforts have not been more fruitful, Plaintiffs have strategically sued Google as an expedient scapegoat, on the theory that Google's provision of a platform where those sellers can advertise their websites renders it liable for a host of legal wrongs, core among them contributory copyright infringement.  As part of a kitchen-sink pleading strategy, Plaintiffs tacked on three additional claims for good measure: one for vicarious copyright infringement, one for trademark infringement, and one for unlawful business practices under New York's General Business Law § 349(a).

None of Plaintiffs' four claims is meritorious. With respect to Plaintiffs' claim for contributory copyright infringement, the evidence will show that Google has promptly and appropriately responded to notices of infringement and has enforced its repeat infringer policy such that it is entitled to the protections of the Digital Millennium Copyright Act's safe harbors as a matter of law.  With respect to Plaintiffs' three ancillary causes of action, Plaintiffs' allegations fail to state cognizable legal claims, and Google is seeking their dismissal.

Plaintiffs' baseless claims should all be rejected and judgment should be entered in Google's favor.

**Significant Issues**: The parties agree that a significant issue in the case is whether Google qualifies for the safe-harbor defense under the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512. Without limitation, the DMCA question will involve issues such as whether the DMCA applies, whether Google acted expeditiously to remove relevant ads in infringement notices, and whether it has adopted and reasonably implemented a policy that provides for the termination of repeat infringers.

Plaintiffs contend that a significant issue is the willfulness of Google's conduct. In Plaintiffs' view, through Plaintiffs' notices and otherwise, Google unquestionably had the knowledge required for enhanced statutory damages under 17 U.S.C. ¶ 504(c)(2) and 15 U.S.C. § 1117(c)(2).  Google disputes this will be a significant issue.  In Google's view, there is no basis for a willfulness determination in any event, and even if there were, there would be no basis for enhanced damages in this case.

Google also contends that a significant issue is whether Plaintiffs own or control each of the asserted copyrights in this case and that, without limitation, the ownership issue will involve whether the authors of the works Plaintiffs are asserting owned the copyrights that they purported to assign to Plaintiffs.  Plaintiffs dispute this will be a significant issue and contend that the evidence supporting their ownership is clear.  Plaintiffs will argue that the works at issue are registered with the U.S. Copyright Office, creating a presumption of ownership, and there is no basis for any argument that the authors of the works lacked the authority to transfer the copyrights to Plaintiffs.

## II. Jurisdiction and Venue

**Subject Matter Jurisdiction:** Counts I–III arise from the Copyright Act and the Lanham

August 26, 2024<br>Page 3 of 4

Act; thus, the parties agree that this Court has federal question jurisdiction and may exercise supplemental jurisdiction over Plaintiffs' state-law claim, which also involves Shopping ads.

**Personal Jurisdiction and Venue:** Plaintiffs assert that this Court has personal jurisdiction over Google pursuant to New York Civil Practice Law and Rules § 302(a)(1), (2), and/or (3), including because Google has substantial New York operations, including three offices; advertises infringing works to users of its search engine in New York; advertises infringing works sold by New York-based sellers; and declines to show ads from legitimate sellers like Plaintiffs (some of whom reside in New York) to New York-based users. For similar reasons, Plaintiffs assert that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). Google's infringement and unfair business conduct occurred in this District, including through its ads for infringing works to users in this District and its refusal to show ads from legitimate sellers who reside in this District, and caused harm in this District.

Google does not intend to challenge that this Court has personal jurisdiction over it or that venue is proper in this District.

### III. All Existing Deadlines, Due Dates and/or Cut-Off Dates

Defendant's response to the Complaint is due on August 26, 2024. If Defendant moves to dismiss the Complaint, Plaintiffs' opposition is due on September 25, 2024, and Defendant's reply is due on October 9, 2024 (unless Plaintiff amends the Complaint pursuant to Rule 15(a)(1)(B), in which case the parties will discuss revised deadlines and move the Court if appropriate).

### IV. Outstanding Motions and Discovery

As noted, Google has filed a motion to dismiss Plaintiffs' claims for vicarious copyright infringement, trademark infringement, and unlawful business practices under New York's General Business Law § 349(a).

The parties have agreed to exchange Rule 26(a)(1) Initial Disclosures on August 27, 2024 and have generally discussed an informal exchange of information in aid of early settlement, but have not yet identified what information, if any, would be appropriate for such an exchange.

### V. Settlement Discussions and Alternative Dispute Resolution

The parties have not yet engaged in settlement discussions.

The parties have discussed the potential use of alternate dispute resolution mechanisms and believe that the use of a private mediator may be appropriate later in the case, such as after at least some substantive fact discovery has taken place.[1]

---

[1] Pursuant to item (8) in the Court's Notice, the parties do not currently have additional information to provide.

August 26, 2024
Page 4 of 4

Sincerely,

*/s/ Michele H. Murhpy*  
Michele H. Murphy  
Oppenheim + Zebrak, LLP  
Plaintiffs' counsel

*/s/ Alli Stillman*  
Alli Stillman  
Latham & Watkins LLP  
Defendant's counsel