UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 24-cv-04274-JLR-BCM<br><br>**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

JENNIFER L. ROCHON, United States District Judge:

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3).

1. All parties <u>do not</u> consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within three days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf*.]*

2. Settlement discussions <u>have not</u> taken place. Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case, but have not yet

1

identified what information, if any, would be appropriate for such an exchange.

3. The parties <u>have</u> conferred pursuant to Federal Rule of Civil Procedure 26(f).

4. The parties <u>have</u> conferred about the basis of subject-matter jurisdiction and agree that subject-matter jurisdiction exists.

5. Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be completed no later than **August 27, 2024**. *[Absent exceptional circumstances, a date not more than 14 days after the parties' conference pursuant to Federal Rule of Civil Procedure 26(f).]*

6. Unless a party amends a pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than **December 4, 2024** (except as noted below). *[Absent exceptional circumstances, a date not more than 30 days following the date of this Order.]* The size and complexity of this case justifies a deadline later than the default 30 days. <s>The parties dispute whether the agreed-upon December 4, 2024 deadline should govern all amendments to the Complaint, including to add alleged infringed copyrighted works or trademarks to Exhibits A or B, respectively.</s>

   <ins>Plaintiffs shall have until March 1, 2025 to amend the Complaint solely to add alleged infringed copyrighted works or trademarks to Exhibits A or B, respectively.</ins>

   - <s>Plaintiffs' position is that any amendment to the Complaint solely to add alleged infringed copyrighted works or trademarks to Exhibits A or B, respectively, shall be completed by **March 28, 2025**, because information in Google's possession concerning the full extent of the alleged infringements will not be known to Plaintiffs until certain discovery has been completed. Though Plaintiffs completed an extensive investigation before filing this case, certain relevant information is only in Google's possession, including, without limitation,</s>

2

~~information regarding additional infringing ads Google ran for repeat-infringer pirate sellers identified in Plaintiffs' notices of infringement, and Plaintiffs' works and trademarks that were the subject of those infringing ads. Not allowing amended Exhibits A and B after three months into the discovery period would unduly prejudice Plaintiffs, who would be unable to recover on all their works or trademarks that Google infringed based on the conduct at issue in this case, and create enormous inefficiency to the extent that Plaintiffs may have to bring a separate suit against Google for such infringements. Adding additional works or trademarks also will not "restart the litigation," as doing so does not create new substantive claims or alter the core issues of the case. And, in Plaintiffs' view, Defendant will still have more than ample time to complete discovery regarding ownership of Plaintiffs' copyrights and trademarks.~~

- ~~Defendant's position is that there is no need for a special, additional later deadline for the plaintiffs to amend the Complaint to assert entirely new claims. Instead, all motions to amend, including to add alleged infringed copyrighted works or trademarks, should be completed by the **December 4, 2024** deadline. In Defendant's view, Plaintiffs have been able to do a complete investigation of the alleged infringement based on their examination of the publicly accessible Google website, particularly considering that (as alleged in the Complaint) they have been investigating the infringement claims for years, and already possess documentation regarding their own takedown requests. Permitting such an amendment three months before the close of fact discovery will essentially restart the litigation, as it would require new discovery and analysis as to many issues in this case regarding entirely new claims of infringement, including Plaintiffs'~~

~~ownership of any newly added works, Plaintiffs' takedown requests as to such works and Google's handling of such requests, among others. Permitting Plaintiffs to add new infringed works or trademarks three weeks before the proposed deadline for serving interrogatories and RFAs also does not give Defendant sufficient time to formulate interrogatories and RFAs regarding those works, and would only give Defendants' experts two months and three weeks to analyze an unknown quantity of new works or trademarks. Plaintiffs do not identify what information would be "in Google's possession" and "only be available to Plaintiffs through significant fact discovery," and it is clear that Plaintiffs hope to use discovery as a fishing expedition. Discovery is not an exercise for trying to search for additional claims outside the Complaint; instead, it must be tied to the claims and defenses asserted in the pleadings. If, in the course of properly tailored discovery, Plaintiffs identify a basis to add new claims for different works (or otherwise), that can be taken up as it would in the normal course.~~

7. Fact Discovery

    a. Initial requests for production of documents shall be served no later than **September 18, 2024**.

    b. Interrogatories shall be served no later than **April 18, 2025**.

    c. Requests to admit shall be served no later than **April 18, 2025**.

    d. Depositions shall be completed no later than **July 1, 2025 (fact witnesses)**.

    e. All fact discovery shall be completed no later than **July 1, 2025**.

    *[A period not to exceed 120 days from the date of this Order, unless approved by the Court due to exceptional circumstances.]* The size and complexity of this case

justifies the later date.

    f. Any of the deadlines in paragraphs 7(a)-(d) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(e).

8. Expert Discovery, if any

    a. Plaintiff's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made no later than **July 28, 2025**.

    b. Defendant's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made no later than **July 28, 2025**.

    c. All expert discovery, including expert reports and depositions, shall be completed no later than **October 21, 2025**. *[Absent exceptional circumstances, a date no later than 45 days from the end of fact discovery deadline set forth in paragraph 7(e).]* The size and complexity of this case justifies the later date.

        Further, rebuttal expert reports shall be served by **August 28, 2025**

        Reply expert reports shall be served by **September 19, 2025**.

    d. The interim deadlines in paragraphs 8(a)-(b) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 8(c).

9. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than **N/A**.

10. All motions and applications shall be governed by the Court's Individual Rules and Practices in Civil Cases, the Federal Rules of Civil Procedure, and the Local Rules of the United States District Courts for the Southern District of New York. Any extensions of

the dates therein must be approved by the Court.

11. Any discovery disputes shall be addressed according to Section 2(E) of the Court's Individual Rules and Practices in Civil Cases.

12. All discovery must be completed no later than **October 21, 2025**. *[This date should be the later of the dates in paragraphs 7(e) and 8(c) above.]*

13. No later than one week after the close of fact discovery, counsel for all parties must meet for at least one hour to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the one-hour settlement discussion occurred and stating whether all parties consent to mediation or a settlement conference to be held before the designated Magistrate Judge. The letter should not identify, explicitly or implicitly, any party that has declined to so consent. The use of any alternative dispute resolution mechanism does not stay or modify any date of this Order.

14. The Court will conduct a post-discovery pre-trial conference on  December 3, 2025  at  10:00 a.m.  . [*To be completed by the Court.*] No later than one week in advance of the conference, the parties are to submit a joint two-page letter updating the Court on the status of the case, including proposed deadlines for pretrial submissions and trial dates. This conference will either serve as a pre-motion conference or will be used to set a trial date and dates for pretrial submissions. If a party wishes to move for summary judgment or to exclude expert testimony, it must, no later than three weeks before the conference, file a letter as set forth in Section 3(I) of the Court's Individual Rules and Practices in Civil Cases, and any response letter shall be filed no later than two weeks before the conference.

15. Unless otherwise ordered by the Court, the parties shall submit a Joint Pretrial Order prepared in accordance with Federal Rule of Civil Procedure 26(a)(3) and other pretrial

submissions pursuant to the Court's Individual Rules and Practices in Civil Cases within 30 days of any decision on a summary judgment motion.

16. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order, even if trial is tentatively scheduled for a later date.

17. The case is to be tried to a jury.

18. Counsel for the parties have conferred and their best estimate of the length of trial is **3 weeks**            .

19. Other issues to be addressed at the Initial Case Management Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below:

    - The parties do not believe there is a need for changes in the timing, form, or requirement for disclosures under Rule 26(a).

    - The parties agree that Rule 30(a)(1) and (2)(A)(i) should be modified to provide that each side may take up to ~~ten~~ twenty fact depositions, and that expert depositions should not count in the ~~ten~~ deposition limit.  Plaintiff may also conduct one 30(b)(6) deposition and Defendants may conduct four 30(b)(6) depositions.

    - ~~The parties disagree on whether Rule 30(b)(6) depositions and third-party depositions should count in the ten-deposition limit.~~

        - ~~Plaintiffs' position is that Rule 30(b)(6) depositions and third-party depositions should count in the ten-deposition limit, as Rule 30(a) clearly provides that the limit is per side (plaintiffs or defendants), and makes no exception related to the number of parties or for third parties.  Plaintiffs also assert that Defendant's proposed expansion of the rule is unsupported by the facts in this case, and, at best, premature given the very early stages of the case.  Plaintiffs submit that, if appropriate, the deposition limit could be revisited later as discovery~~

> ~~progresses.~~
>
> o ~~Defendant's position is that neither Rule 30(b)(6) depositions nor third-party depositions should count in the ten-deposition limit because Defendant will need to conduct at least five 30(b)(6) party depositions of Plaintiffs (four more 30(b)(6) party depositions than Plaintiffs will need to take) and because Defendant will need to conduct discovery related to Plaintiffs' purported ownership of the rights in over 3,000 works in suit. Because each Plaintiff asserts ownership over non-overlapping sets of copyrighted works and/or trademarks, the additional four 30(b)(6) depositions that Defendant plans to take will not result in cumulative or duplicative discovery.~~
>
> o The parties agree that if the Court counts Rule 30(b)(6) depositions in a deposition limit, for purposes of calculating the number of depositions: i) regardless of the number of designated witnesses under Rule 30(b)(6), each Rule 30(b)(6) deposition counts as one deposition; and ii) the 30(b)(6) depositions for Elsevier, Inc. and Elsevier B.V. will count as one deposition and the 30(b)(6) depositions for Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning and Macmillan Holdings, LLC will count as one deposition.

- The parties agree that absent further leave of court, the number of affirmative expert witnesses per side is limited to five such witnesses and that each side may depose the other side's affirmative expert witnesses and any rebuttal witnesses.
- Without representing that the following is a complete or comprehensive list, or that any party agrees to the propriety of another party's discovery subjects, the parties anticipate seeking discovery on at least the following general subjects:

- Plaintiffs:
    - Defendant's corporate structure
    - Notices submitted to Defendant concerning Google Shopping advertisements for infringing copies of Plaintiffs' works and Defendants' responses
    - Defendant's policies and procedures related to copyright and trademark infringement, notices of infringement, the Google Merchant Center and Shopping platform, and the advertisement of digital books
    - Google Shopping advertisements identified in Plaintiffs' notices of infringement or related to merchants identified in Plaintiffs' notices of infringement ("Infringing Merchants")
    - Google's communications with Infringing Merchants
    - Information known to Google regarding Infringing Merchants and their websites
    - Shopping advertisements for legitimate copies of Plaintiffs' works
    - Bidding for Shopping advertisements for legitimate versus pirated copies of Plaintiffs' works
    - Defendant's communications with Plaintiffs and others who sell legitimate copies of Plaintiffs' works regarding Shopping advertisements
    - Defendant's revenue, fees, and other compensation and projected revenue related to Infringing Merchants
    - Other financial information related to Defendant for damages purposes
    - Google's response to infringement litigations against Infringing

    Merchants

  o  Defendant:

- Google's policies, practices and procedures for handling Plaintiffs' notices of alleged infringement and performance thereof with respect to Plaintiffs' notices of alleged infringement
- Google's policies, practices, and procedures relating to its Shopping Platform, including the creation and display of Shopping Ads
- Google's policies, practices, and procedures relating to its Ads Platform
- Google's policies, practices, and procedures relating to advertising of standalone digital e-books
- The creation and termination of Google Merchant Center accounts
- The creation and termination of Google Ads accounts
- Plaintiffs' copyright ownership and registration of each allegedly infringed work, including documents sufficient to show the entire chain-of-title
- Plaintiffs' ownership and registration of trademarks
- Plaintiffs' infringement notices to Google
- Plaintiffs' purported damages
- Plaintiffs' test purchases from alleged pirates.

- The parties will confer in good faith in an effort to agree upon a plan for producing electronically stored information ("ESI") and are not aware of any issues concerning ESI that need to be discussed with the Court at the upcoming conference;
- The parties will submit for the Court's consideration a proposed Protective Order under Rule 26(c) to govern the production of confidential information and the process

for asserting claims of privilege or work-product protection after the inadvertent production or disclosures of such materials.

20. Counsel for the Parties: Plaintiffs – Oppenheim + Zebrak, LLP; Defendant – Latham & Watkins, LLP

21. The next case management conference is scheduled for  April 16, 2025  at 11:00 a.m.  . [*To be completed by the Court.*]

This Order may not be modified or the dates herein extended, except by further Order of the Court for good cause shown (except as provided in paragraphs 7(f) and 8(d)). Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no less than two business days prior to the expiration of the date sought to be extended.

Dated: ~~August~~ September   4  , 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge

11