# **<u>Exhibit B</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC, | |
| *Plaintiffs*, | **Case No. 1:24-cv-04274-JLR-BCM** |
| v. | |
| GOOGLE LLC, | |
| *Defendant*. | |

**GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC**

Google LLC ("Google"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, by and through its undersigned counsel, hereby provides these responses to Cengage Learning, Inc.; Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning; Macmillan Holdings, LLC; Elsevier Inc.; Elsevier B.V.; and McGraw Hill LLC's (collectively, "Plaintiffs") First Set of Requests for Production of Documents ("Requests") as follows:

**PRELIMINARY STATEMENT**

Google has attempted in good faith to provide responses to the Requests herein to the extent reasonably practicable at this stage of these proceedings, based on information now known, as well as Google's present analysis of the case. Google has not completed its discovery and investigation in this action. As a result, the documents produced in response to these requests, while based on diligent factual exploration, reflect only Google's current state of knowledge, understanding, and

1

belief with regard to the matters about which requests have been made.  These responses are given without prejudice to Google's right to amend or supplement its production after considering information obtained or reviewed through further discovery and investigation.  This reservation, however, is not to be construed as an undertaking by Google of an affirmative duty to change or supplement these responses, except as required by the Federal Rules of Civil Procedure and the Local Rules of this Court.  The fact that Google has responded to any document request shall not be construed as a waiver of any objection in this or any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege, and/or admissibility of the responses or the subject matter thereof.  By making these responses, Google does not concede that the documents sought are relevant or proportional to the needs of this case.

By responding to the requests herein, Google agrees to produce the responsive, relevant, non-privileged documents Google is able to locate after a reasonable search without undue burden or expense, but only to the extent (if any) indicated in the response to the particular Request.  Google's responses and objections, including any agreement to produce responsive documents, should not be construed as confirming that any such responsive documents in fact exist.

Google will not produce any documents that are protected by the attorney-client privilege, common interest privilege, work-product doctrine, or any other applicable common law or statutory privilege, exemption, law, rule, or protection.  To the extent any Request may be construed as calling for disclosure of information, documents, and/or things protected by any applicable privileges or doctrines ("Privileged Information"), nothing in Google's responses is intended to waive such privileges and Google's responses should not be construed as such a waiver.  Google will produce responsive documents, to the extent any exist, which it believes are non-privileged and are otherwise properly discoverable.  Google makes its production of documents on the condition that an inadvertent production of documents covered by such privileges or doctrines does not waive any of

its rights to assert such privileges or doctrines and that it may withdraw from production any such document inadvertently produced.

Google is producing documents without prejudice to Google's right to procure, rely on, and introduce expert witness testimony, and such expert's right to rely on documents or information deemed appropriate by that expert in formulating the expert's opinion, whether or not produced in response to these requests. Google's responses to these Requests, and any corresponding productions, do not constitute either an admission that any definitions provided by Plaintiffs are factually correct or legally binding upon Google, or a waiver of any of Google's objections, including but not limited to objections regarding discoverability of documents or other evidence.

Notwithstanding responses to these requests or the production of any information, documents, or things in response to a Request, Google expressly reserves all objections as to authenticity, relevance, materiality, and admissibility of any such information, documents, or things.

As noted in the Objections and Responses below, the Requests are overbroad, unduly burdensome, and irrelevant in a number of respects.

Google notes that the parties have yet to agree on stipulated agreements for the production of electronically stored information ("ESI Stipulation") or a governing Protective Order. Google will not agree to produce non-public information under any circumstances without an operative Protective Order. To the extent Google agrees to produce documents in response to the Requests, Google may not be able to reasonably respond without the use of e-discovery and search technology. Google is willing to confer with Plaintiffs to identify specific custodians and search terms for the purposes of reasonably responding to these Requests.

## GENERAL OBJECTIONS

The following General Objections are expressly incorporated into each Specific Objection and Response as if fully set forth therein. Failure to refer to the General Objections in any Specific

Objection and Response should not be construed as a waiver of those objections.

1.      Google objects to each Request, definition, and instruction to the extent it purports to impose upon Google discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, applicable standing orders of this Court, orders entered in this case, agreements among the parties, or other applicable law.

2.      Google objects to each Request, definition, and instruction to the extent it is vague, ambiguous, overbroad, unduly burdensome, or seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case.

3.      Google objects to each Request, definition, and instruction to the extent it is not reasonably limited in time or otherwise not limited to a time frame relevant to this litigation on the grounds that such Request, definition, or instruction is overly broad, unduly burdensome, and seeks the discovery of information or documents that are neither relevant to the claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Google objects to each Request, definition, and instruction to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, Fed. R. Civ. P. 26(b)(4)(A), or any other privilege or immunity.  The inadvertent production of any privileged document or information shall not constitute a waiver of any applicable objection or privilege.  For purposes of responding to these Requests, Google will interpret each Request, definition, and instruction as excluding information subject to privilege or immunity.

5.      Google objects to each Request, definition, and instruction to the extent it seeks to elicit third-party confidential and/or proprietary information and/or information that is subject to or

precluded by restrictions of confidentiality imposed by, or pursuant to, agreements between Google and third parties. Google will cooperate with Plaintiffs to identify what confidential third-party information, if any, is relevant and reasonably necessary for the investigation of the claims and defenses herein.

6.      Google objects to each Request, definition, and instruction to the extent it seeks confidential or proprietary information pertaining to Google's business, intellectual property, trade secrets, and/or economic or commercial relationships.

7.      Google objects to each Request, definition, and instruction to the extent it prematurely seeks confidential or proprietary information prior to the entry of a Protective Order in this Action.

8.      Google objects to each Request, definition, and instruction to the extent it anticipates any procedures for the preservation, collection, search, and/or production of information that conflict with appropriate ESI procedures—including the parties' forthcoming protocol for searching ESI, including identification of custodians, number of custodians, search terms, and time periods to search—to be agreed upon by the parties. Google will limit its search for electronic documents in accordance with the procedures to be agreed upon by the parties or as ordered by the Court.

9.      Google objects to each Request, definition, and instruction to the extent that it seeks the production of identifying information for individual Google employees, contractors, or other agents without appropriate protections to prevent public disclosure of such identifying information.

10.     Google objects to each Request, definition, and instruction to the extent to the extent it calls for a legal conclusion. Any response by Google shall not be construed as providing, or assenting to, any legal conclusion regarding the meaning or application of any terms of phrases used in Plaintiffs' Requests, definitions, or instructions.

11.     Google objects to each Request, definition, and instruction to the extent it seeks

information not currently in Google's possession, custody, or control, or refers to persons, entities, or events not known to Google.

12.     Google objects to each Request, definition, and instruction to the extent it seeks to require Google to do more than conduct an examination of those files or sources that reasonably may be expected to yield responsive information, or an inquiry of those persons who may be reasonably expected to possess responsive information.

13.     Google objects to each Request, definition, and instruction to the extent it is cumulative and duplicative of other forms of discovery that are more convenient and less burdensome.

14.     Google objects to each Request, definition, and instruction to the extent it prematurely requests discovery of materials and information in advance of their respective deadlines under the Scheduling Order (Dkt. No. 34) governing this case.

15.     Google objects to each Request, definition, and instruction to the extent it improperly and prematurely seeks discovery of expert opinions.  Such information will be disclosed within the time frame outlined by the Scheduling Order (Dkt. No. 34) governing this case.

16.     Google objects to each Request, definition, and instruction to the extent it purports to place and obligation on Google to obtain or provide information that is publicly available, is in the possession of a third party, or otherwise is as readily available to Plaintiffs as it is to Google.

17.     Google objects to each Request, definition, and instruction to the extent it requests "all" or "any" documents concerning a category of information.  Subject to its objections, Google will make reasonable efforts to search for relevant information from those individuals employed by, or on behalf of, Google whom Google reasonably believes are likely to have responsive information associated with this proceeding, but each and every employee has not been, and could not be, contacted and questioned, nor their documents searched, for information that would assist in

answering the Requests.

18.    Google objects to each Request, definition, and instruction to the extent it calls for the creation of new or voluminous documents, reports, spreadsheets, analyses, or data compilations that do not currently exist in the ordinary course of Google's business.

19.    Google objects to the definitions of "you," "your," "Google," or "Defendant" as vague, ambiguous, overly broad, unduly burdensome, and invasive of the attorney-client privilege and attorney work product protection, to the extent the definition includes counsel.  In responding to these Requests, Google will construe "you," "your," "Google," or "Defendant" to mean only Google LLC, and such persons authorized to act on its behalf and within the proper scope of their respective authorized capacities, excluding attorneys not employed by Google LLC acting on its behalf.

20.    Google objects to the definition of "Infringement Notice" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for documents and communications not sent by Plaintiffs and not related to Plaintiffs' claims.  Google further objects to this definition as it includes characterizations of, and legal conclusions regarding infringement of a copyright or a trademark and notification pursuant to 17 U.S.C. § 512.  For the purposes of Google's responses to the Requests, Google will interpret "Infringement Notice" to refer to a notice sent to Google concerning alleged infringement of a copyright or trademark in connection with an ad or listing for an ebook on Google's Shopping platform.

21.    Google objects to the definition of "Plaintiff Infringement Notice" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for documents and communications not related to Plaintiffs' claims.  Google further objects to this definition as it includes characterizations of, and legal conclusions regarding infringement of a copyright or a trademark and notification pursuant to 17 U.S.C. § 512.  For the purposes of Google's responses to the Requests, Google will interpret "Plaintiff Infringement Notice" to refer to a notice sent from one

or more Plaintiffs in this proceeding to Google concerning alleged infringement of a copyright or trademark in connection with an ad or listing for an ebook for a work asserted by Plaintiffs in this proceeding on Google's Shopping platform.

22.     Google objects to the definition of "Infringing Domain" as vague, ambiguous, and uncertain to the extent that it seeks information about unnamed websites in an ambiguous collection of communications from Plaintiffs over the course of years.  Google further objects to this definition as oppressively burdensome and costly to the extent it seeks Google to identify a list of websites which is in the possession of, known to, and maintained by Plaintiffs.

23.     Google objects to the definition of "Infringing Landing Page" as vague, ambiguous, and uncertain to the extent that it seeks information about unnamed websites in an ambiguous collection of communications from Plaintiffs over the course of years.  Google further objects to this definition as oppressively burdensome and costly to the extent it seeks Google to identify a list of websites which is in the possession of, known to, and maintained by Plaintiffs.  Google further objects to the phrase "the webpage to which a Shopping Ad . . . linked or resolved," as used in the definition, as vague and/or ambiguous because it could have multiple meanings in this context.

24.     Google objects to the definition of "Infringing Merchant" as vague, ambiguous, and uncertain to the extent that it seeks information about unnamed merchants referred to in an ambiguous collection of communications from Plaintiffs over the course of years.  Google further objects to this definition as oppressively burdensome and costly to the extent it seeks Google to identify a list of merchants which are in the possession of, known to, and maintained by Plaintiffs.

25.     Google objects to the definition of "Shopping Ads Merchant" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes any Google user who sells any product advertised on Google's Shopping Ads platform, and all Google users with a Google Merchant Center account, the majority of which are unrelated to Plaintiffs' allegations and

claims.

26.     Google objects to the definition of "Related Ads Merchants" as vague, ambiguous, and uncertain to the extent that it seeks to information about unnamed entities that "share[] with an Infringing Merchant a common identity, common or related business or website ownership or operation, or other similarity that demonstrates a business connection or link between Google account holders."  Google further objects to this definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes entities unrelated to the allegations in Plaintiffs' complaint.  Google further objects to this definition as unduly burdensome and oppressive to the extent it improperly requires Google to analyze documents or information in order to respond to the request.  Google further objects to this definition to the extent it requires information in the possession of third parties and not reasonably available to Google.  Google further objects to this definition as oppressively burdensome and costly to the extent it seeks Google to identify a list of merchants based on information that is equally available to Plaintiffs.  Google further objects to this definition as oppressively burdensome and costly to the extent it seeks Google to identify a list of entities which are related in some way to other entities known, but not shared, by Plaintiffs.

27.     Google objects to the definition of "DMCA Policy" to the extent it includes characterizations of, and legal conclusions regarding, any obligations, duties, and requirements under the Digital Millennium Copyright Act, and Google's compliance with such obligations, duties, and requirements.

28.     Google objects to the definition of "Repeat Infringer Policy" to the extent it includes characterizations of, and legal conclusions regarding copyright infringement, any obligations, duties, and requirements under the Digital Millennium Copyright Act, and Google's compliance with such obligations, duties, and requirements.  Google further objects to the term "address," as used in the definition, as vague and/or ambiguous because it could have multiple meanings in this context.

29.     Google objects to the definition of "Copyright Infringement Policy" as vague, ambiguous, and uncertain because "any Google policy, practice, or procedure that seeks to address copyright infringement" could have multiple meanings in this context.  Google further objects to this definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks Google's policies, practices, or procedures concerning copyright infringement with respect to any Google user who sells any product advertised on Google's Shopping Ads platform or any Google user with a Merchant Center account, whether or not such efforts have anything to do with the allegations in this matter.

30.     Google objects to the definition of "process" to the extent it includes characterizations of, and legal conclusions regarding, any obligations, duties, and requirements under the Digital Millennium Copyright Act, and Google's compliance with such obligations, duties, and requirements.  Google further objects to the term "action," as used in the definition, as vague and ambiguous because it could have multiple meanings in this context.

31.     Google objects to the definition of "Free Ads" to the extent it makes legal or factual conclusions or assumptions about the operation of free listings on the Google Shopping platform. Google further objects to the term "Shopping Ads Customer," as used in the definition, as vague and ambiguous because it is an undefined term and could have multiple meanings in this context.  For the purposes of Google's responses to the Requests, Google will interpret "Free Ads" to refer to unpaid listings on Google's Shopping platform.

32.     Google objects to the definition of "Paid Ads" to the extent it makes legal or factual conclusions or assumptions about the operation of "Sponsored" ads on the Google Shopping platform.  For the purposes of Google's responses to the Requests, Google will interpret "Paid Ads" to refer to ads on Google's Shopping platform identified as "Sponsored."

33.     Google objects to the definition of "Shopping Ads" to the extent it makes legal or

factual conclusions or assumptions about ads on the Google Shopping platform.  For the purposes of Google's responses to the Requests, Google will interpret "Shopping Ads" to refer to ads on Google's Shopping platform identified as "Sponsored" and unpaid listings on Google's Shopping platform.

34.    Google objects to the instruction that "[u]nless otherwise specified, the relevant time frame for these Requests is January 1, 2019 through the present" as overbroad, unduly burdensome, and not proportional to the needs of the case.  The copyright statute of limitations extends back only to June 5, 2021, and the allegations in the complaint relating to Google's conduct only go back to June 2021.  *See* ECF No. 38 ¶ 99, 141.  Unless otherwise specified, Google will limit its responses to the Requests as limited from June 5, 2021 through the present.

35.    Google objects to the instruction that the term "identify," when referring to a person, requires providing "the person's full name, present or last known address, email address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment" as overbroad, unduly burdensome, and not proportional to the needs of the case.  To the extent Google responds to Responses requesting identification of persons, Google's responses will only reflect information ordinarily stored in the relevant and applicable documents as kept in the ordinary course of business.

36.    Google objects to the instruction that the term "identify," when referring to documents means to give "the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s); and (v) if produced in discovery in this lawsuit, the Bates number" as overbroad, unduly burdensome, and not proportional to the needs of the case.  To the extent Google responds to Responses requesting identification of documents, Google will produce any responsive documents only as they are kept in the ordinary course of business.

37.    Google objects to the instruction that the term "describe" means to "provide a complete description and explanation of the requested subject matter, including persons and dates

involved in the subject and communications at issue" as overbroad, unduly burdensome, and not proportional to the needs of the case. To the extent Google responds to Responses requesting a description of subject matter, Google will produce any responsive documents only as they are kept in the ordinary course of business.

38. Any statement below that responsive documents will be produced does not constitute a representation or acknowledgment by Google that any such documents in fact exist or are in Google's possession, custody, or control, but is intended to convey that, if such documents exist and can be located after a reasonable search and inquiry of documents in Google's possession, custody, or control, they will be produced subject to any applicable objections.

39. No response or objection to any Request is intended to be, nor shall any response be construed as, an admission of the existence of any facts set forth in or assumed by any Request, or an admission that such response or objection constitutes admissible evidence. Likewise, the production of any documents in response to the Requests is not intended to be, and shall not be construed as, a waiver by Google of all or any part of any objection to any Request, an admission of the existence of any facts set forth in or assumed by any Request or any document produced in response thereto, or an admission that such response, objection, or document constitutes admissible evidence. Google responds to the Requests herein only for purposes of fulfilling its discovery obligations in the current proceeding.

40. Discovery is ongoing in this action, and Google has not completed its discovery or investigation into the parties' claims and defenses. Google therefore objects and responds to these Requests based upon information in its possession after diligent inquiry at the time of preparation of these responses. Google reserves the right to modify, amend, supplement, and/or correct its objections or responses as additional information becomes available to Google in the course of its ongoing discovery and investigation.

41.     Google incorporates by reference the General Objections set forth above into the Specific Objections set forth below.  Google may repeat a General Objection for emphasis or other reasons.  The failure to repeat any General Objections does not waive any General Objection to the Request.  Moreover, Google does not waive its right to amend its objections.  Google's use of the term "including" in its General or Specific Objections means "including but not limited to."

## RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to show your formation and status as a legal entity and the identity of each of your parents, subsidiaries, and affiliates.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks information and documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request as seeking information not relevant to any party's claim or defense in this case, not likely to lead to the discovery of admissible evidence, and not proportional to the needs of the case because documents concerning Google's "formation and status as a legal entity and the identity of each of your parents, subsidiaries, and affiliates" is not relevant to the claims or defenses in this proceeding, Google's status as a legal entity is not at issue, and none of Google's affiliates are named parties in this proceeding.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

### REQUEST FOR PRODUCTION NO. 2:

Organizational charts or other documents sufficient to show which of your departments are

responsible for the following activities, the identity and title of management-level employee in the department, and how the department fits within the overall Google corporate structure: (1) receiving and processing Infringement Notices; (2) developing, applying, and enforcing your policies, practices, and procedures that are relevant to Plaintiffs' claims or your defenses in this case, including your Acceptable Use Policy, Copyright Infringement Policy, DMCA Policy, Repeat Infringer Policy, and Digital Books Shopping Ads Policy; and (3) Shopping Ads-related operations, including ads creation, display, placement, obtaining preferred placement, approval, and rejection; technical and customer support; pricing, selling, bidding, and auctions; impressions, clicks, click-throughs, and conversions; revenue generation and tracking; collection of user/consumer data; and marketing Shopping Ads services and other Google services to Shopping Ads Merchants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

 Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks information and documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to the definition of "Acceptable Use Policy" to the extent it mischaracterizes or is inconsistent with Google's actual Shopping ads policies. Google further objects to this Request to the extent it prematurely requests discovery of materials and information prior to the entry of a protective order in this proceeding. Google further objects to this request to the extent it seeks identifying information for individual Google employees without appropriate protections prohibiting the public disclosure of such identifying information. Google further objects to this Request as unduly burdensome and not proportional to the needs of the case because it seeks information in a format not maintained by Google in the ordinary course of business. Google further objects to this Request to the extent it calls for the discovery of information more appropriately requested through other forms of discovery. Google further objects to this Request because the phrases "management-level employee" and

14

"Shopping Ads-related operations, including ads creation, display, placement, obtaining preferred placement, approval, and rejection; technical and customer support; pricing, selling bidding, and auctions; impressions, clicks, click-throughs, and conversion; revenue generation and tracking; collection of user/consumer data; and marketing Shopping Ads services and other Google services to Shopping Ads Merchants" are vague and ambiguous.  Google further objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks, among other things, Google's organization concerning technical support and marketing and other information not connected to Plaintiffs' allegations in this proceeding.  Google further objects to this Request because documents concerning how Google's "department[s] fit[] within the overall Google corporate structure" is not relevant to the claims or defenses in this proceeding because Google's organization is not in question and none of Google's affiliates are a named party in this proceeding.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents identifying and describing each Infringement Notice you received concerning a Shopping Ads Merchant and whether and how you processed and responded to such notice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks information and documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks documents concerning notices beyond the allegations in the complaint and

the works and marks asserted by Plaintiffs in this proceeding.  Google further objects to this Request to the extent it seeks information and documents equally available to, or in the possession of, Plaintiffs.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents maintained in the ordinary course of business and located after a reasonable search sufficient to show infringement notices received by Google concerning the works and marks asserted by Plaintiffs in this proceeding and actions taken by Google in response to the same.  Google is willing to meet and confer regarding the remainder of this request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents identifying and describing each instance in which you warned, suspended, terminated, or otherwise took adverse action against a Shopping Ads Merchant, including an Infringing Merchant, or the merchant's Merchant Center, Google Ads, or other Google account, based on alleged copyright or trademark infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks documents concerning notices beyond the allegations in the complaint and the works and marks asserted by Plaintiffs in this proceeding.  Google further objects to this Request to the extent it seeks information and documents equally available to, or in the possession of, Plaintiffs.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents maintained in the ordinary course of business and located after a reasonable

search reflecting adverse actions taken toward merchants that were the subject of one or more notices received by Google concerning the works and marks asserted by Plaintiffs in this proceeding.  Google is willing to meet and confer regarding the remainder of this request.

## REQUEST FOR PRODUCTION NO. 5:

Documents identifying and describing each instance in which you warned, suspended, terminated, or otherwise took adverse action against the account of a Shopping Ads Merchant, including an Infringing Merchant, or the merchant's Merchant Center, Google Ads, or other Google account, based on any reason other than alleged copyright or trademark infringement.

## RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 5:

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks documents concerning merchants not connected to the allegations in the complaint or the works and marks asserted by Plaintiffs in this proceeding.  Google further objects to the term "adverse action," as used in the Request, as vague and ambiguous because it could have multiple meanings in this context.  Google further objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information about Google Ads or other Google account information separate from a Merchant Center account.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents in response to this request at this time but is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning your policies, practices, and procedures concerning copyright infringement by Shopping Ads Merchants, including all versions and drafts of any Copyright Infringement Policy, DMCA Policy, and Repeat Infringer Policy you have; all documents concerning the development, implementation, and enforcement of any such policies, practices, and procedures; and all internal and external communications concerning any such policies, practices, and procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request to the extent it prematurely requests discovery of materials and information prior to the entry of a protective order in this proceeding. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks "All documents concerning your policies, practices, and procedures concerning copyright infringement by Shopping Ads Merchants," including, for example, potential infringement occurring beyond the Google Shopping platform. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in in seeking "all documents concerning the development, implementation, and enforcement of any such policies, practices, and procedures" and "all internal and external communications concerning any such policies, practices, and procedures" to the extent such Request seeks documents concerning merchants not connected to the allegations in the complaint or the works asserted by Plaintiffs in this proceeding. Google further objects to this Request to the extent it seeks documents not in Google's possession or control.

18

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents maintained in the ordinary course of business and located after a reasonable search reflecting Google's policies, practices, and procedures concerning actions taken by Google in response to copyright infringement notices concerning ads and listings on the Google Shopping platform generally.  Google will not produce drafts or documents reflecting considered, but never adopted, policies, practices, or procedures.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning your policies, practices, and procedures concerning trademark infringement by Shopping Ads Merchants and the use of trademarks in Shopping Ads, including all versions and drafts of any such policies, practices, and procedures; all documents concerning the development, implementation, and enforcement of any such policies, practices, and procedures; and all internal and external communications concerning any such policies, practices, and procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request to the extent it prematurely requests discovery of materials and information prior to the entry of a protective order in this proceeding.  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks "All documents concerning your policies, practices, and procedures concerning trademark infringement by Shopping Ads Merchants and the use of trademarks in Shopping Ads," including, for example, potential infringement occurring beyond the Google Shopping platform and the use of trademarks in Shopping Ads unrelated to the ebooks asserted in this proceeding.  Google further objects to this Request as

overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in in seeking "all documents concerning the development, implementation, and enforcement of any such policies, practices, and procedures" and "all internal and external communications concerning any such policies, practices, and procedures" to the extent such Request seeks documents concerning merchants not connected to the allegations in the complaint or the marks asserted by Plaintiffs in this proceeding.  Google further objects to this Request to the extent it seeks documents not in Google's possession or control.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents maintained in the ordinary course of business and located after a reasonable search reflecting Google's policies, practices, and procedures concerning actions taken by Google in response to trademark infringement notices concerning ads and listings on the Google Shopping platform generally.  Google will not produce drafts or documents reflecting considered, but never adopted, policies, practices, or procedures.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning any technological or other means or mechanisms you considered or implemented to address, limit, or prevent the use of Shopping Ads for products that infringe or may infringe rightsholders' copyright or trademarks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request to the extent it prematurely requests discovery of materials and information prior to the entry of a protective order in this proceeding.  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is

not relevant to any party's claim or defense in this case to the extent it seeks "All documents concerning any technological or other means or mechanisms you considered . . . [to] prevent the use of Shopping Ads for products that infringe or may infringe rightsholders' copyright or trademarks" including, for example, potential infringement concerning Shopping Ads unrelated to the ebooks asserted in this proceeding. Google further objects to this request as vague and ambiguous as to the meaning of "technological or other means or mechanisms you considered or implemented."

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents maintained in the ordinary course of business and located after a reasonable search reflecting actions taken by Google to limit unauthorized sellers of ebooks from advertising on the Shopping platform.

**REQUEST FOR PRODUCTION NO. 9:**

All documents constituting or concerning reports, studies, summaries, research, presentations, analyses, or similar documents concerning copyright and/or trademark infringement by Shopping Ads Merchants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google. Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking "All

documents" concerning analyses "concerning copyright and/or trademark infringement by Shopping Ads Merchants," including, for example, analyses concerning potential copyright or trademark infringement unrelated to the ebooks asserted in this proceeding.  Google further objects to this request as vague and ambiguous as to the scope and meaning of "documents concerning copyright and/or trademark infringement by Shopping Ads Merchants."

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged reports, studies, summaries, or analyses, maintained in the ordinary course of business and located after a reasonable search, evaluating copyright or trademark infringement by merchants selling unauthorized ebooks on the Google Shopping platform.

**REQUEST FOR PRODUCTION NO. 10:**

All documents constituting or concerning reports, studies, summaries, research, presentations, analyses, or similar documents concerning copyright and/or trademark infringement by pirate websites generally.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google.  Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking "All documents" concerning analyses "concerning copyright and/or trademark infringement by pirate

websites generally," including, for example, analyses concerning potential copyright or trademark infringement unrelated to the ebooks asserted in this proceeding.  Google further objects to this request as vague and ambiguous as to the scope and meaning of "documents concerning copyright and/or trademark infringement by pirate websites generally."

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, as reflected in its response to Request for Production No. 9.  Google is willing to meet and confer with Plaintiffs regarding the relevance and proportionality of a broader scope of this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents describing any computer system or other automated devices, platforms, programs, machine learning, artificial intelligence or other methods you use concerning Infringement Notices, including the receipt, tracking, and processing of Infringement Notices, and including documents describing the technical capabilities and functionality of that system, including all data fields available in that system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking "Documents describing any computer system . . . you use concerning Infringement Notices," including, for example, documents describing computer systems and software unrelated to the ebooks and marks at issue in this proceeding.  Google further objects to this Request as overly broad, unduly burdensome and not likely to lead to the discovery of admissible information to the extent it seeks "all data fields available" in Google's computing systems or software.  Google further objects to this request as vague and ambiguous as to

23

the scope and meaning of "computer systems or other automated devices, platforms, programs, machine learning, artificial intelligence, or other methods you use concerning Infringement Notices" and "all data fields available in that system."

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents maintained in the ordinary course of business and located after a reasonable search sufficient to show any automated tracking and processing processes Google uses in connection with infringement notices received concerning ebooks on the Google Shopping platform.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning your policies, practices, and procedures used for determining whether the same individual, group, or business is operating multiple Shopping Ads-related accounts and for identifying Related Ads Merchants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definition of "Related Ads Merchants." Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking "All documents concerning" Google's efforts "for determining whether the same individual, group, or business is operating multiple Shopping Ads-related accounts and for identifying Related Ads Merchants," including, for example, documents concerning policies, practices, and procedures unrelated to the ebooks and marks at issue in this proceeding. Google further objects to this Request as oppressively burdensome and costly to the extent that a response requires Google to identify merchants sharing a common or related identity, ownership or other

relationship with an unspecified list of merchants.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents maintained in the ordinary course of business and located after a reasonable search sufficient to show Google's capability to identify the related Shopping Ads accounts of known violators of Google's policies and terms of use.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning policies, practices, and procedures that you considered, formulated, rejected, or adopted concerning actions to take in response to Infringement Notices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case in seeking "All documents concerning policies, practices, and procedures that you considered, formulated, rejected, or adopted concerning actions to take in response to Infringement Notices," to the extent such Request seeks documents concerning merchants not connected to the allegations in the complaint or the works and marks asserted by Plaintiffs in this proceeding. Google further objects to this Request to the extent it is duplicative of at least Requests for Production Nos. 6 and 7.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, as reflected in its responses to Requests for Production Nos. 6 and 7. Google will not produce drafts or documents reflecting considered, but never adopted, policies, practices, or procedures.

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning the impact or effectiveness of any policies, practices, or procedures, including the use of artificial intelligence or machine learning, you adopted or undertook to address infringement by Shopping Ads Merchants, including any DMCA Policy, Repeat Infringer Policy, or Copyright Infringement Policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks "All documents concerning the impact or effectiveness of any policies, practices, or procedures . . . you adopted or undertook to address infringement by Shopping Ads Merchants" including, for example, documents concerning potential infringement by merchants separate from the Shopping Ads platform or documents concerning potential infringement reflected in Shopping Ads unrelated to the ebooks asserted in this proceeding.  Google further objects to this request as vague and ambiguous as to the scope of "policies, practices, or procedures . . . you adopted or undertook to address infringement by Shopping Ads Merchants."  Google further objects to this Request to the extent it is duplicative of other discovery requests, including at least Request for Production No. 8.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, reflecting actions taken by Google to limit unauthorized sellers of ebooks from advertising on the Shopping platform.  Google is willing to meet and confer with Plaintiffs regarding the relevance and proportionality of a broader scope of this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents constituting or concerning reports, studies, summaries, research, presentations, analyses, or similar documents concerning your processing of Infringement Notices or efforts to improve upon such processing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks "All documents . . . concerning reports . . . or similar documents concerning your processing of Infringement Notices or efforts to improve upon such processing" including, for example, documents concerning processing of Infringement Notices for Shopping Ads unrelated to the ebooks asserted in this proceeding. Google further objects to this request as vague and ambiguous as to the scope of "All documents . . . concerning reports . . . or similar documents" and "efforts to improve upon such processing." Google further objects to this Request to the extent it is duplicative of other discovery requests, including at least Request for Production No. 11.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents maintained in the ordinary course of business and located after a reasonable search sufficient to show automated tracking and processing processes Google uses in connection with infringement notices received concerning ebooks on the Google Shopping platform. Google is willing to meet and confer with Plaintiffs regarding the relevance and proportionality of a broader scope of this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All documents constituting or concerning reports, studies, summaries, research, presentations, analyses, or similar documents concerning Infringement Notices you received and any actions you took in response to such Infringement Notices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google. Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking "All documents" concerning analyses "concerning Infringement Notices you received and any actions you took in response to such Infringement Notices," including, for example, analyses concerning potential copyright or trademark infringement unrelated to the ebooks asserted in this proceeding. Google further objects to this request as vague and ambiguous as to the scope and meaning of "actions you took in response to such Infringement Notices." Google further objects to this Request to the extent it is duplicative of other discovery requests, *e.g.*, Request for Production No. 9.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, sufficient to show the results of DMCA takedown notices received by Google relating to ads and listings on the Shopping platform.

**REQUEST FOR PRODUCTION NO. 17:**

     All documents describing any circumstances in which you would reject, block, delete, decline to process, or fail to act upon an Infringement Notice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

     Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case in seeking "All documents describing any circumstances in which you would reject, block, delete, decline to process, or fail to act upon an Infringement Notice," to the extent such Request seeks documents concerning merchants not connected to the allegations in the complaint or the works and marks asserted by Plaintiffs in this proceeding.  Google further objects to this Request to the extent it is duplicative of at least Requests for Production Nos. 6 and 7.

     Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, as reflected in its responses to Requests for Production Nos. 6 and 7.

**REQUEST FOR PRODUCTION NO. 18:**

     All documents concerning any circumstances in which you would respond to an Infringement Notice with a message warning the Infringement Notice sender against submitting duplicate notices. "Duplicate notices" includes instances where two or more notices concern the same domain or landing page.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

     Google incorporates its General Objections as if fully set forth herein.  Google further objects

to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case in seeking "All documents concerning any circumstances in which you would respond to an Infringement Notice with a message warning the Infringement Notice sender against submitting duplicate notices," to the extent such Request seeks documents concerning merchants not connected to the allegations in the complaint or the works and marks asserted by Plaintiffs in this proceeding.  Google further objects to this request as vague and ambiguous as to the scope and meaning of "concern the same domain or landing page."   Google further objects to this Request to the extent it is duplicative of at least Requests for Production Nos. 6 and 7.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, as reflected in its responses to Requests for Production Nos. 6 and 7.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning the reactivation of service or reinstatement of any Shopping Ads Merchant whose service or account you terminated, suspended, or restricted for a violation concerning copyright or trademark infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks

"All documents concerning the reactivation of service or reinstatement of any Shopping Ads Merchant whose service or account you terminated, suspended, or restricted for a violation concerning copyright or trademark infringement," including, for example, information concerning violations of Google's policies beyond the Google Shopping platform and information concerning merchants not connected to the allegations in the complaint or the works and marks asserted by Plaintiffs in this proceeding.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, concerning reinstatements or reactivations of suspended or terminated accounts of merchants that were the subject of one or more notices concerning the works asserted in this proceeding.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning public statements by any Google employee, agent, or other person speaking on Google's behalf concerning Google's policies, practices, and procedures concerning copyright or trademark infringement by Shopping Ads Merchants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks "All documents concerning public statements . . . concerning Google's policies, practices, and procedures concerning copyright or trademark infringement by Shopping Ads Merchants," including, for example, information concerning merchants not connected to the allegations in the complaint or the works and marks asserted by Plaintiffs in this proceeding. Google further objects to this Request

as unreasonably burdensome to the extent it seeks "All documents concerning public statements by any Google employee, agent, or other person speaking on Google's behalf" and purports to place an obligation on Google to collect or analyze documents beyond what Google maintains in the ordinary course of business .  Google also objects to this Request to the extent it purports to place an obligation on Google to obtain or provide information that is not in Google's possession, custody, or control, or otherwise is as readily available to Defendants as it is to Google.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents solely in response to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents concerning Google's form, standard, or otherwise pre-scripted responses to Infringement Notices, including the language of each such response and Google's policies, practices, and procedures concerning when each response should be provided to the submitter of an Infringement Notice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case in seeking "All documents concerning Google's form, standard, or otherwise pre-scripted responses to Infringement Notices," for example, to the extent such Request seeks documents concerning merchants and other information not connected to the allegations in the complaint and the works asserted by Plaintiffs in this proceeding.  Google further objects to this Request to the extent it is duplicative of at least

Requests for Production Nos. 6 and 7.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, as reflected in its responses to Requests for Production Nos. 6 and 7.

**REQUEST FOR PRODUCTION NO. 22:**

All documents concerning Plaintiffs' Infringement Notices, including documents describing your processing of the notices; decisions concerning how to respond to the notices and whether to terminate, suspend, take other adverse action against, or reinstate the Shopping Ads Merchants identified in the notices or their Merchant Center, Google Ads, or other Google accounts; your communications with Plaintiffs, Plaintiffs' authorized representatives, or other third concerning the notices; and your internal communications concerning the notices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case in seeking "All documents concerning Plaintiffs' Infringement Notices," to the extent such Request seeks documents concerning merchants not connected to the allegations in the complaint or the works and marks asserted by Plaintiffs in this proceeding. Google further objects to this Request to the extent it seeks information duplicative of information sought by other discovery requests, including at least Requests for Production Nos. 3 and 4. Google also objects to this Request to the extent it purports to place an obligation on Google to obtain or provide information that is not in Google's possession, custody, or control, or otherwise is as readily available to Defendants as it is to Google.

33

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, as reflected in its responses to Requests for Production Nos. 3 and 4. Google will also produce non-privileged documents maintained in the ordinary course of business reflecting the Case ID numbers associated with notices sent from Plaintiffs to Google, regarding the works at issue in this proceeding.

## REQUEST FOR PRODUCTION NO. 23:

All documents concerning Google's policies, practices, and procedures concerning when and how Google provides Infringement Notices that it receives to third parties, including Shopping Ads Merchants, and the nature of such communications.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case in seeking "All documents concerning Google's policies, practices, and procedures concerning when and how Google provides Infringement Notices that it receives to third parties," to the extent such Request seeks documents concerning merchants not connected to the allegations in the complaint or the works and marks asserted by Plaintiffs in this proceeding. Google further objects to this Request as vague and ambiguous as to the meaning of "third parties" in this context. Google further objects to this Request to the extent it is duplicative of at least Requests for Production Nos. 6 and 7.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable

search, as reflected in its responses to Requests for Production Nos. 6 and 7.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify each Infringing Merchant and the merchant's associated websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks documents concerning merchants and websites beyond the allegations in the complaint and the works and marks asserted by Plaintiffs in this proceeding. Google further objects to this Request as oppressively burdensome and costly to the extent that a response requires Google to identify "associated websites" connected to an unspecified list of merchants. Google also objects to this Request to the extent it purports to place an obligation on Google to obtain or provide information that is not in Google's possession, custody, or control, or otherwise is as readily available to Defendants as it is to Google.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, reflecting any identifying or merchant account information associated with the merchants identified in the notices sent from Plaintiffs to Google regarding the works at issue in this proceeding.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to identify each Related Ads Merchant and the Infringing Merchant to which the Related Ads Merchant is related.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Google incorporates its General Objections as if fully set forth herein, including its objections

to the definition of "Related Ads Merchants."  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks documents concerning merchants and websites beyond the allegations in the complaint and the works and marks asserted by Plaintiffs in this proceeding.  Google further objects to this Request as unduly burdensome and oppressive to the extent it requires Google to analyze documents or information in order to respond to the Request.  Google further objects to this Request as oppressively burdensome and costly to the extent that a response requires Google to identify merchants sharing a common or related identity, ownership or other relationship with an unspecified list of merchants.  Google also objects to this Request to the extent it purports to place an obligation on Google to obtain or provide information that is not in Google's possession, custody, or control, or otherwise is as readily available to Defendants as it is to Google.  Google further objects to this Request to the extent it is duplicative of at least Request for Production No. 24.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, as reflected in its responses to Request for Production No. 24.

**REQUEST FOR PRODUCTION NO. 26:**

Document [*sic*] sufficient to identify and describe the Google services used by each Infringing Merchant and Related Ads Merchant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definition of "Related Ads Merchants."  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks documents concerning

merchants beyond the allegations in the complaint and the works and marks asserted by Plaintiffs in this proceeding. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks information regarding Google services beyond the Google Shopping and Ads platforms. Google further objects to this Request as oppressively burdensome and costly to the extent that a response requires Google to identify merchants sharing a common or related identity, ownership or other relationship with an unspecified list of merchants. Google also objects to this Request to the extent it purports to place an obligation on Google to obtain or provide information that is not in Google's possession, custody, or control, or otherwise is as readily available to Defendants as it is to Google.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, reflecting Google Ads and Google Shopping account information associated with the merchants identified in the notices sent from Plaintiffs to Google regarding the works at issue in this proceeding.

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning Infringement Notices sent to you by any person concerning any Infringing Merchant or Related Ads Merchant, including data, logs, tickets, or information showing, as to each such Infringement Notice, the following information:

- Infringing Merchant's Merchant Center ID;
- Infringing Merchant's Google Ads account;
- domain name and URL of the website linked to or referenced in the ad;
- Shopping Ads Merchant's name, address, and email address;
- date and time of observation identified in the Infringement Notice;
- each URL identified in the Infringement Notice, including ads and landing page URLs;
- date Infringement Notice sent;
- name of the Infringement Notice submitter;

37

- name of the rightsholder on whose behalf the Infringement Notice was submitted;
- title or other description of the work allegedly infringed, including, for books, the title, ISBN, and publisher;
- each action you took or determined not to take with respect to the Infringement Notice; and
- date and time of each such action or determination.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Google incorporates its General Objections as if fully set forth herein, including its objections to the definition of "Related Ads Merchants." Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks "All documents concerning Infringement Notices sent to you by any person concerning any Infringing Merchant or Related Ads Merchant," for example, to the extent such Request seeks documents concerning notices sent by entities not involved in this proceeding and to the extent the Request seeks documents concerning merchants and other notice information not connected to the allegations in the complaint and the works and marks asserted by Plaintiffs in this proceeding. Google further objects to this Request as oppressively burdensome and costly to the extent that a response requires Google to identify merchants sharing a common or related identity, ownership or other relationship with an unspecified list of merchants and requires the identification, collection, review, and production of oppressively large sets of data not directly connected to the claims and defenses in this proceeding. Google also objects to this Request to the extent it purports to place an obligation on Google to obtain or provide information that is not in Google's possession, custody, or control, or otherwise is as readily available to Defendants as it is to Google. Google further objects to this Request to the extent it is duplicative of at least Requests for Production Nos. 3, 4, 22, and 24.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, as reflected in its responses to Requests for Production Nos. 3, 4, 22, and 24.  Google is willing to meet and confer with Plaintiffs regarding the relevance and proportionality of a broader scope of this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning Infringement Notices sent to you by any person concerning Shopping Ads for Infringing Domains, including data, logs, tickets, or other documents showing, as to each such Infringement Notice, the following information:

- Shopping Ads Merchant's Merchant Center ID;
- Shopping Ads Merchant's Google Ads account;
- domain name and URL of the website linked to or referenced in the ad;
- Shopping Ads Merchant's name, address, and email address;
- date and time of observation identified in the Infringement Notice;
- each URL identified in the Infringement Notice, including ads and landing page URLs;
- date Infringement Notice sent;
- name of the Infringement Notice submitter;
- name of the rightsholder on whose behalf the Infringement Notice was submitted;
- title or other description of the work allegedly infringed, including, for books, the title, ISBN, and publisher;
- each action you took or determined not to take with respect to the Infringement Notice; and
- date and time of each such action or determination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definition of "Infringing Domain."  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not

relevant to any party's claim or defense in this case to the extent it seeks "All documents concerning Infringement Notices sent to you by any person concerning Shopping Ads for Infringing Domains," for example, to the extent such Request seeks documents concerning notices sent by entities not involved in this proceeding and to the extent the Request seeks documents concerning merchants and notices not connected to the allegations in the complaint and the works and marks asserted by Plaintiffs in this proceeding.  Google further objects to this Request as oppressively burdensome and costly to the extent that a response requires Google to identify merchants sharing a common or related identity, ownership or other relationship with an unspecified list of merchants and requires the identification, collection, review, and production of oppressively large sets of data not directly connected to the claims and defenses in this proceeding.  Google also objects to this Request to the extent it purports to place an obligation on Google to obtain or provide information that is not in Google's possession, custody, or control, or otherwise is as readily available to Defendants as it is to Google.  Google further objects to this Request to the extent it is duplicative of at least Requests for Production Nos. 3, 4, 22, 24, and 27.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, as reflected in its responses to Requests for Production Nos. 3, 4, 22, 24, and 27.

**REQUEST FOR PRODUCTION NO. 29:**

Documents concerning all communications between you and any Infringing Merchant or Related Ads Merchant, including communications concerning any Infringement Notice; any violation of Google policy, including any Acceptable Use Policy, Repeat Infringer Policy, or Copyright Infringement Policy; and any adverse action to be taken or not taken against the merchant or its Merchant Center, Google Ads, or other Google account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definition of "Related Ads Merchants." Google further objects to the definition of "Acceptable Use Policy" to the extent it mischaracterizes or is inconsistent with Google's actual Shopping ads policies. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks "Documents concerning all communications between you and any Infringing Merchant or Related Ads Merchant," for example, to the extent such Request seeks documents concerning communications with merchants or concerning notices not connected to the allegations in the complaint and the works and marks asserted by Plaintiffs in this proceeding. Google also objects to this Request to the extent it purports to place an obligation on Google to obtain or provide information that is not in Google's possession, custody, or control. Google further objects to this Request to the extent it is duplicative of at least Requests for Production Nos. 3, 4, and 27.

Subject to and without waiving its General and Specific Objections, Google will produce communications between Google and the merchants identified by Plaintiffs' infringement notices concerning the works asserted in this proceeding maintained in the ordinary course of business and located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:**

For each Infringing Merchant and Infringing Domain, documents sufficient to show:

- the number of Shopping Ads that Google ran for that Infringing Domain;
- the Merchant Center ID and Google Ads account for the Shopping Ads Merchant associated with each such ad;
- the total clicks, cost-per-click, click-through rate, impressions, and conversions on ads for the Infringing Domain; and
- the use of Bidding Tools.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Google incorporates its General Objections as if fully set forth herein, including its objections

to the definitions of "Infringing Merchant" and "Infringing Domain." Google further objects to this Request to the extent it purports to place an obligation on Google to obtain or provide information that is not in Google's possession, custody, or control, or otherwise is as readily available to Defendants as it is to Google. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks documents concerning Shopping Ads information concerning works not asserted by Plaintiffs in this proceeding and merchants and domains not connected to the allegations in the complaint. Google further objects to this Request as vague and ambiguous as to the meanings of "Shopping Ads that Google ran for that Infringing Domain," "the Shopping Ads Merchant associated with each such ad," "ads for the Infringing Domain" and "the use of Bidding Tools" in this context.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 31:**

All documents concerning any warnings, ratings, risk assessments, flags, or other fraud, security, or infringement risk you identified or considered concerning any Infringing Merchant or Related Ads Merchant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definitions of "Infringing Merchant" and "Related Ads Merchants." Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and

seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks "All documents concerning any warnings . . . concerning any Infringing Merchant or Related Ads Merchant," including, for example, warnings and merchants not connected to the allegations in the complaint or the works and marks asserted by Plaintiffs in this proceeding.  Google further objects to this Request as vague and ambiguous as to the meaning of "warnings, ratings, risk assessments, flags, or other fraud, security, or infringement risk you identified or considered" in this context.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, concerning the evaluation of fraudulent, infringing, or other nefarious activity indications concerning the merchants identified in the infringement notices Google received from Plaintiffs concerning the works asserted in this proceeding.

### REQUEST FOR PRODUCTION NO. 32:

All documents constituting or concerning reports, studies, summaries, research, presentations, analyses, or similar documents concerning fraud, infringement, or other illegal activity by Shopping Ads Merchants.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google.  Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the

discovery of admissible evidence, or is not proportional to the needs of the case by seeking "All documents" concerning analyses "concerning fraud, infringement, or other illegal activity by Shopping Ads Merchants," including, for example, analyses concerning infringing or illegal activity unrelated to the ebooks asserted in this proceeding.  Google further objects to this request as vague and ambiguous as to the scope and meaning of "documents concerning fraud, infringement, or other illegal activity by Shopping Ads Merchants" in this context.  Google further objects to this Request to the extent it is duplicative of at least Request for Production No. 9.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, as reflected in its response to Request for Production No. 9.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to identify and describe Google's receipt of revenue, payments, fees, and other compensation in connection with each Infringing Merchant and Related Ads Merchant for any Google platform or services, including subscriptions, Shopping Ads, Search ads, banner ads, display ads, retargeted ads, and YouTube ads. Such documents should specify which Google platform or services they concern.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definitions of "Infringing Merchant" and "Related Ads Merchants."  Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking documents concerning "Google's receipt of revenue . . . for any Google platform or services," including, for example, documents concerning Google's revenue from platforms unrelated to the allegations and works asserted by Plaintiffs in this

proceeding. Google further objects to this request as vague and ambiguous as to the scope and meaning of "Google's receipt of revenue, payments, fees, and other compensation in connection with each Infringing Merchant and Related Ads Merchant for any Google platform or services" in this context.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 34:**

To the extent not included in the documents produced in response to Document Request No. 33, documents sufficient to identify and describe Google's revenues, costs, expenses, profits, and losses concerning any business conducted with Infringing Merchants and Related Ads Merchant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definitions of "Infringing Merchant" and "Related Ads Merchants." Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking documents that "identify and describe Google's revenues, costs, expenses, profits, and losses concerning any business conducted with Infringing Merchants and Related Ads Merchant," including, for example, documents concerning Google's revenue from platforms unrelated to the allegations and works asserted by Plaintiffs in this proceeding. Google further objects to this request as vague and ambiguous as to the scope and meaning of "any business conducted with Infringing Merchants and Related Ads Merchant" in this context. Google further objects to this Request to the extent it is duplicative of at least Request for Production No. 33.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents in response to this Request at this time.  Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All documents concerning information provided to you by or on behalf of each Infringing Merchant or Related Ads Merchant, including all information in each such merchant's Merchant Center ad stream, such as product IDs, SKUs or ISBNs, prices, descriptions, publishers, brands, Google product categories, and images.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definitions of "Infringing Merchant" and "Related Ads Merchants."  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google.  Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking "All documents concerning information provided to you by or on behalf of each Infringing Merchant or Related Ads Merchant," including, for example, information concerning merchants and products unrelated to the allegations and works asserted by Plaintiffs in this proceeding.  Google further objects to this request as vague and ambiguous as to the scope and meaning of "information provided to you by or on behalf of each Infringing Merchant or Related Ads Merchant" in this context.

Subject to and without waiving its General and Specific Objections, Google responds as

follows: Google will not search for, compile, or produce any documents in response to this Request at this time.  Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 36:**

For each Infringing Merchant and Related Ads Merchant, documents sufficient to identify and describe:

- identifying information for the owner(s) or operator(s) of the account, including email addresses (including recovery email addresses), phone number, recovery SMS, legal name, account ID, physical address, and IP addresses used to access the account;
- account access information, including current account status and the dates the account was created, last updated, last accessed, and terminated;
- for those Infringing Merchants or Related Ads Merchants whose identity you labeled "verified" at any time, the information provided to you by the merchant to support or result in such verification and the information you considered in making the verification determination;
- all items advertised using Shopping Ads;
- all Shopping Ads placed on behalf of the Infringing Merchant or Related Ads Merchant;
- all domains and landing pages to which all such Shopping Ads linked;
- all other ads that Google ran on any platform on behalf of the Infringing Merchant or the Related Ads Merchant; and
- all other services offered by Google that the Infringing Merchant or the Related Ads Merchant utilized.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definitions of "Infringing Merchant" and "Related Ads Merchants."  Google further objects to this Request to the extent it prematurely requests discovery of materials and information prior to the entry of a protective order in this proceeding.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google.  Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not

relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking documents reflecting "identifying information for the owner(s) or operator(s) of "merchant accounts," "account access information" for the accounts, and "information provided to you by the merchant" in connection with account verification, including, for example, information concerning merchants unrelated to the allegations and works asserted by Plaintiffs in this proceeding. Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking documents reflecting "all items advertised using Shopping Ads," "all Shopping Ads placed on behalf of the" merchant account including "all domains and landing pages to which all such Shopping Ads linked," "all other ads that Google ran on any platform on behalf of the" merchant, and "all other services offered by Google" utilized by the merchant, including, for example, information concerning merchants, ads, and products unrelated to the allegations and works asserted by Plaintiffs in this proceeding. Google further objects to this request as vague and ambiguous as to the scope and meaning of "all other ads that Google ran on any platform" and "all other services offered by Google" in this context. Google further objects to this Request to the extent it is duplicative of at least Requests for Production Nos. 3, 4, 22, 24, 27, and 30.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, to the extent reflected in its responses to Requests for Production Nos. 3, 4, 22, 24, 27, and 30.

**REQUEST FOR PRODUCTION NO. 37:**

For each Shopping Ad you ran for products sold by an Infringing Merchant or Related Ads Merchant, documents sufficient to identify and describe:

- the Infringing Merchant or Related Ads Merchant;
- the domain and landing page to which the Shopping Ad linked;
- the product the Shopping Ad advertised, including, for books, the title, ISBN, and publisher;
- daily raw counts of clicks, impressions, and conversions;
- the cost-per-click and click-through rate;
- any Bidding Tools used to place the Shopping Ad;
- the dates the ad ran;
- status records, including any reported issues or adjustments to the ad;
- costs, fees, or other compensation paid to Google in connection with the ad; and
- the top three competing bids for each ad, including the amount of the bid and which Shopping Ads Merchants placed the bids.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definitions of "Infringing Merchant," "Related Ads Merchants," and "identify." Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google. Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking documents reflecting information concerning "each Shopping Ad you ran for products sold by an Infringing Merchant or Related Ads Merchant," including, for example, information concerning merchants, ads, and products unrelated to the allegations and works asserted by Plaintiffs in this proceeding. Google further objects to this request as vague and ambiguous as to the scope and meaning of "status records, including any reported issues or adjustments to the ad" in this context. Google further objects to this Request to the extent it is duplicative of at least Requests for Production Nos. 3, 4, 22, 24, and 27.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, to the extent reflected in its responses to Requests for Production Nos. 3, 4, 22, 24, and 27.

**REQUEST FOR PRODUCTION NO. 38:**

For products sold by each Infringing Merchant and Related Ads Merchant, documents sufficient to identify the number of Shopping Ads you ran, the number of Shopping Ads you rejected, and the reason for each rejection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definitions of "Infringing Merchant" and "Related Ads Merchants." Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google. Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking documents reflecting information concerning "products sold by each Infringing Merchant and Related Ads Merchant," including, for example, information concerning merchants, ads, and products unrelated to the allegations and works asserted by Plaintiffs in this proceeding. Google further objects to this request as vague and ambiguous as to the scope and meaning of "rejected" and "rejection" in this context. Google further objects to this Request to the extent it is duplicative of at least Requests for Production Nos. 3, 4, 22, 24, 27, and 30.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, to the extent reflected in or otherwise agreed to with respect to its responses to Requests for

Production Nos. 3, 4, 22, 24, 27, and 30.  Google is willing to meet and confer with Plaintiffs regarding the relevance and proportionality of a broader scope of this Request.

**REQUEST FOR PRODUCTION NO. 39:**

For each Shopping Ad you ran for products sold by a Plaintiff, documents sufficient to identify and describe:

- the Plaintiff whose product was advertised;
- daily raw counts of clicks, impressions, and conversions;
- the cost-per-click and click-through rate;
- the dates the ad ran;
- status records, including any reported issues or adjustments to the ad;
- costs, fees, or other compensation paid to Google for the ad; and
- the top three competing bids for each ad, including the amount of the bid and which Shopping Ads Merchants placed the bids.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available, or more available, to Plaintiffs as it is to Google.  Google further objects to this request as designed to harass and burden Google as it requests information concerning Plaintiffs that is already in the possession and control of Plaintiffs.  Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking documents reflecting information concerning "each Shopping Ad you ran for products sold by Plaintiff," including, for example, information concerning ads and products unrelated to the allegations and works asserted by Plaintiffs in this proceeding.  Google further objects to this request as vague and ambiguous as to the scope and meaning of "status records, including any reported issues or adjustments to the ad" in this context.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents solely in response to this Request at this time.  Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 40:**

For products sold by each Plaintiff, documents sufficient to identify the number of Shopping Ads you ran, the number of Shopping Ads you rejected, the date of each rejection, and the reason for each rejection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available, or more available, to Plaintiffs as it is to Google.  Google further objects to this request as designed to harass and burden Google as it requests information concerning Plaintiffs that is already in the possession and control of Plaintiffs.  Google further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this case, is not likely to lead to the discovery of admissible evidence, or is not proportional to the needs of the case by seeking documents reflecting information concerning Shopping Ads "[f]or products sold by each Plaintiff," including, for example, information concerning ads and products unrelated to the allegations and works asserted by Plaintiffs in this proceeding.  Google further objects to this request as vague and ambiguous as to the scope and meaning of "rejection" and "rejected" in this context.  Google further objects to this request as vague and ambiguous because Google is unable to reasonably discern "products sold by each Plaintiff."  Google further objects to this Request to the extent it is duplicative of at least Request

for Production No. 39.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents solely in response to this Request at this time.  Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to identify all of your employees or contractors who had any responsibility for evaluating, considering, running, or rejecting Shopping Ads for Plaintiffs' products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent it prematurely requests discovery of materials and information prior to the entry of a protective order in this proceeding.  Google further objects to this request to the extent it seeks identifying information for individual Google employees without appropriate protections prohibiting the public disclosure of such identifying information.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is as readily available, or more available, to Plaintiffs as it is to Google.  Google further objects to this Request as unduly burdensome and oppressive to the extent it improperly requires Google to analyze documents or information in order to respond to the Request.  Google further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks information beyond identifying information on the face of other documents produced in response to other Requests.  Google further objects to this request as vague and ambiguous as to the scope and meaning of the phrase "any responsibility for evaluating, considering, running, or rejecting Shopping Ads for Plaintiffs' products" in this context.  Google further objects to this request as vague and

ambiguous because Google is unable to reasonably discern "Plaintiffs' products." Google further objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information concerning Shopping Ads not connected to Plaintiffs' allegations or works asserted in this proceeding.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents solely in response to this Request at this time. Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to identify all of your employees or contractors who had any responsibility for evaluating, considering, running, or rejecting Shopping Ads for Infringing Merchant's products or products sold on Infringing Domains.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definitions of "Infringing Merchant" and "Infringing Domain." Google further objects to this Request to the extent it prematurely requests discovery of materials and information prior to the entry of a protective order in this proceeding. Google further objects to this request to the extent it seeks identifying information for individual Google employees without appropriate protections prohibiting the public disclosure of such identifying information. Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google. Google further objects to this Request as unduly burdensome and oppressive to the extent it improperly requires Google to analyze documents or information in order to respond to the request. Google

further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks information beyond identifying information on the face of other documents produced in response to other Requests.  Google further objects to this request as vague and ambiguous as to the scope and meaning of the phrase "any responsibility for evaluating, considering, running, or rejecting Shopping Ads for Infringing Merchant's products or products sold on Infringing Domains" in this context.  Google further objects to this request as vague and ambiguous because Google is unable to reasonably discern "Infringing Merchant's products or products sold on Infringing Domains."  Google further objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information concerning Shopping Ads not connected to Plaintiffs' allegations or works asserted in this proceeding.  Google further objects to this Request to the extent it is duplicative of at least Request for Production No. 41.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents solely in response to this Request at this time. Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 43:**

For each Infringing Domain and Infringing Landing Page, documents sufficient to identify and describe the number of website visitors and the traffic source for those visitors, including information obtained through Google Analytics data, information from Shopping Ads, and information from organic search results.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definitions of "Infringing Domain," "Infringing Landing Page," and "identify."  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide

information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google. Google further objects to this Request as unduly burdensome and oppressive to the extent it improperly requires Google to analyze documents or information in order to respond to the Request. Google further objects to this Request as vague and ambiguous as to the scope and meaning of the phrase "identify and describe the number of website visitors and the traffic source for those visitors" in this context. Google further objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks, for example, information concerning website traffic disconnected from the Shopping Ads for the works asserted by Plaintiffs in this proceeding and traffic data not relevant to any party's claim or defense in this case.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents solely in response to this Request at this time. Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to identify and describe any common identity, common or related ownership, or other connection or relationship between any Infringing Merchant and another Shopping Ads Merchant, including, as may be applicable, records from account creation, registration, account usage, payments, transfers of funds, or other related or linked accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definitions of "Infringing Merchant" and "Infringing Domain." Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or

control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google. Google further objects to this Request as oppressively burdensome and costly to the extent that a response improperly requires Google to identify merchants sharing a common or related identity, ownership or other relationship with an unspecified list of merchants and requires the identification, collection, review, and production of oppressively large sets of data not directly connected to the claims and defenses in this proceeding. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks information concerning "connection or relationship between any Infringing Merchant and another Shopping Ads Merchant," for example, to the extent such Request seeks information concerning merchants not connected to the allegations in the complaint or the works asserted by Plaintiffs in this proceeding. Google further objects to this Request to the extent it is duplicative of at least Request for Production No. 27.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, to the extent reflected in its response to Request for Production No. 27.

## REQUEST FOR PRODUCTION NO. 45:

All documents concerning the Digital Books Shopping Ads Policy, including all versions and drafts of such policies, practices, and procedures; all documents concerning the development, implementation, and enforcement of such policies, practices, and procedures; and all internal and external communications concerning such policies, practices, and procedures.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects

to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks "All documents concerning the Digital Books Shopping Ads Policy," for example, to the extent such Request seeks communications not reasonably connected to Plaintiffs' allegations in this proceeding. Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, reflecting Google's actual policies, practices, and procedures concerning removing digital books or ebooks listings from Shopping Ads.

**REQUEST FOR PRODUCTION NO. 46:**

All documents concerning Google's process and procedures for labelling Shopping Ads Merchants "verified."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks "All documents concerning" Google's process "for labelling Shopping Ads Merchants 'verified,'" for example, to the extent such Request seeks documents for considered procedures not reasonably connected to Plaintiffs' allegations in this proceeding or communications with third parties not

connected to the merchants or works asserted by Plaintiffs in this proceeding.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, reflecting Google's actual policies, practices, and procedures concerning "verifying" websites in Merchant Center.

**REQUEST FOR PRODUCTION NO. 47:**

All documents concerning the methodology, process, or system Google uses to price Shopping Ads, including the auction process and the impact that competing bids have on the prices ultimately paid by the auction winner ("auction process"), and including documents showing any changes that Google made to such methodology, process, or system concerning books, including digital books or ebooks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case in seeking "All documents concerning the methodology, process, or system Google uses to price Shopping Ads," for example, to the extent such Request seeks information not connected to the allegations in the complaint or the works asserted by Plaintiffs in this proceeding.  Google further objects to this

Request because general documents concerning "the methodology, process, or system Google uses to price Shopping Ads" are not relevant to the claims or defenses in this proceeding. Google further objects to this Request to the extent it is duplicative of at least Request for Production No. 45.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents solely in response to this Request at this time. Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All documents concerning lawsuits any of the Plaintiffs in this case commenced in the past against any Shopping Ads Merchants, including *Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, et al. v. Nguyen, et al.*, 19-cv-10524- LAK (S.D.N.Y.); *Cengage Learning, Inc., et al. v. Nguyen, et al.*, 20-cv-00769-JGK-SDA (S.D.N.Y); *McGraw Hill LLC, et al. v. Chinh Tran Van et al.*, 20-cv-06368-GHW (S.D.N.Y.); *Elsevier Inc., et al. v. Quttainah, et al.*, 20-cv-8438-LLS (S.D.N.Y.); *Pearson Education, Inc., et al. v. Najji, et al.*, 21-cv-03486-RA (S.D.N.Y.); *Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, et al. v. English, et al.*, 21-cv-06691-ER (S.D.N.Y.); *McGraw Hill LLC, et al. v. Nazaryan, et al.*, 23-cv-2798-LLC (S.D.N.Y.); and *Cengage Learning, Inc., et al. v. Smith, et al.*, 23-cv-07193-VM (S.D.N.Y.). The foregoing includes internal communications and any communications with any Shopping Ads Merchants or any third party concerning the existence of the lawsuit, the claims asserted, any subpoenas, and any temporary, preliminary or permanent injunctive relief or other court orders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects

to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google. Google further objects to this Request as oppressively burdensome to the extent that a response improperly requires Google to identify unspecified "lawsuits any of the Plaintiffs in this case commenced in the past against any Shopping Ads Merchants." Google further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claim or defense in this case to the extent it seeks information concerning "All documents concerning lawsuits any of the Plaintiffs in this case commenced in the past against any Shopping Ads Merchants," for example, to the extent such Request seeks information concerning merchants not connected to the allegations in the complaint or the works asserted by Plaintiffs in this proceeding. Google further objects to this Request to the extent it is duplicative of at least Requests for Production Nos. 3 and 4.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, as reflected in its responses to Requests for Production Nos. 3, and 4. Google is willing to meet and confer with Plaintiffs regarding the relevance and proportionality of a broader scope of this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All documents concerning whether and under what circumstances any topics covered by any Request herein should be or are discussed in "history off" internal messaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client

privilege, attorney work product doctrine, or other privileges and protections. Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business or is not in Google's possession, custody, or control. Google further objects to this Request as unduly burdensome and oppressive to the extent it improperly requires Google to analyze and review an ambiguous and unspecified collection of internal messages in order to respond to the Request. Google further objects to this Request to the extent it calls for the discovery of information more appropriately requested through other forms of discovery. Google further objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case as seeking "All documents concerning . . . any topics covered by any Request herein . . . are discussed in 'history off' internal messaging" as such documents are not connected to Plaintiffs' allegations or works asserted in this proceeding. Google further objects to this Request to the extent it is duplicative of every one of Plaintiffs' other Requests.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents solely in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 50:

All documents concerning whether and under what circumstances you would take action against a Shopping Ads Merchant or the merchant's Google accounts with respect to Google services other than Shopping Ads when you receive an Shopping Ads Infringement Notice concerning the merchant.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects

to this Request to the extent it is duplicative of at least Requests for Production Nos. 6 and 7.  Google further objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks, for example, information concerning Google services not relevant to any party's claim or defense in this case.  Google further objects to this Request as vague and ambiguous as to the scope and meaning of the phrase "take action against a Shopping Ads Merchant or the merchant's Google accounts" in this context.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, maintained in the ordinary course of business and located after a reasonable search, as reflected in its responses to Requests for Production Nos. 6 and 7.  Google is willing to meet and confer with Plaintiffs regarding the relevance and proportionality of a broader scope of this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to identify your DMCA Agent beginning January 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Google incorporates its General Objections as if fully set forth herein, including the definition of "identify."  Google further objects to this Request as not reasonably limited in time.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google.

Subject to and without waiving its General and Specific Objections, Google will produce

documents, maintained in the ordinary course of business and located after a reasonable search, sufficient to show the name and contact information for Google's designated agent under the DMCA pursuant to 17 U.S.C. § 512(c)(2).

**REQUEST FOR PRODUCTION NO. 52:**

All documents concerning your communications with the Association of American Publishers concerning the advertisement of digital books, ebooks, or infringing copies of publishers' books on Google Shopping.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks, for example, information concerning communications with third parties which are not relevant, or marginally relevant, to any party's claim or defense in this case and are disconnected from the Plaintiffs' allegations and the asserted works in this proceeding.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents solely in response to this Request at this time.  Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show the financial performance of Google LLC for the years 2021, 2022, 2023, and any completed quarter in 2024, including corporate financial reports, audited financial statements, audit reports, and auditor letters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google. Google further objects to the Request to the extent it prematurely requests discovery of materials and information prior to the entry of a protective order in this proceeding. Google further objects to this Request as vague and ambiguous to the extent that the request for "Documents sufficient to show the financial performance of Google LLC" conflicts with the request to "include[e] corporate financial reports, audited financial statements, audit reports, and auditor letters." Google further objects to this Request as seeking information not likely to lead to the discovery of admissible evidence and not proportional to the needs of the case in seeking all "corporate financial reports, audited financial statements, audit reports, and auditor letters."

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to show the financial performance of the Shopping Ads for the years 2021, 2022, 2023, and any completed quarter in 2024, including corporate financial reports, audited financial statements, audit reports, and auditor letters concerning such financial performance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google. Google further objects to the Request to the extent it prematurely requests discovery of materials and information prior to the entry of a protective order in this proceeding. Google further objects to this Request as vague and ambiguous as to the meaning and scope of "financial performance of the Shopping Ads" in this context. Google further objects to this Request as vague and ambiguous to the extent that the request for "Documents sufficient to show the financial performance of the Shopping Ads" conflicts with the request to "include[e] corporate financial reports, audited financial statements, audit reports, and auditor letters concerning such financial performance." Google further objects to this Request as seeking information not likely to lead to the discovery of admissible evidence and not proportional to the needs of the case in seeking all "corporate financial reports, audited financial statements, audit reports, and auditor letters."

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 55:**

All documents supporting, refuting, or otherwise concerning your affirmative defenses or any other defenses in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client

privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google.  Google further objects that this request is vague and ambiguous as to the meaning and scope of "otherwise concerning" in this context.  Google further objects that this Request is overly broad and seeks information not relevant to any party's claim or defense in this case or not proportional to the needs of the case to the extent the Request seeks "All documents . . . concerning your affirmative defenses or any other defenses in this case."  Google further objects to this Request to the extent it is not reasonably limited in time or otherwise limited to a time frame relevant to this litigation.  Google objects this Request to the extent it purports to impose upon Google discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents in its possession, custody or control and after a reasonable search sufficient to support any defenses Google asserts in this proceeding, at the appropriate time, consistent with the Rules of Civil Procedure and this Court's orders.

**REQUEST FOR PRODUCTION NO. 56:**

All documents you identify in responding to any interrogatories or requests for admission in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information

that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents in its possession, custody or control referred to by Google in Google's responses to interrogatories or requests for admission in this case, at the appropriate time, consistent with the Rules of Civil Procedure and this Court's orders.

**REQUEST FOR PRODUCTION NO. 57:**

All documents concerning any subpoena you issue in this case, including all communications with the subpoena recipient concerning the subpoena and all documents you receive in response to the subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Google incorporates its General Objections as if fully set forth herein.  Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google.  Google further objects to this Request as seeking information not likely to lead to the discovery of admissible evidence and not proportional to the needs of the case in seeking "All documents . . . concerning any subpoena you issue in this case."  Google further objects to this Request to the extent it is not reasonably limited in time or otherwise limited to a time frame relevant to this litigation.

Subject to and without waiving its General and Specific Objections, Google responds as

follows: Google anticipates that the parties will negotiate a protective order or other agreement by which outside counsel will share all documents produced by third parties in response to subpoenas issued in connection with this proceeding.

**REQUEST FOR PRODUCTION NO. 58:**

All documents that you may use as exhibits in the trial or any hearing in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to the extent this Request purports to place an obligation on Google to obtain or provide information that is not maintained in the ordinary course of its business, is not in Google's possession, custody, or control, or that is publicly available or is otherwise as readily available to Plaintiffs as it is to Google. Google objects this Request to the extent it purports to impose upon Google discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, applicable standing orders of this Court, orders entered in this case, agreements among the parties, or other applicable law.

Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents in its possession, custody or control to the extent it plans to introduce such documents as exhibits at trial or at a hearing in this case, at the appropriate time, consistent with the Rules of Civil Procedure and this Court's orders.

Dated:  October 3, 2024                        Respectfully submitted,
            Washington, D.C.


                                               /s/ *Sarah A. Tomkowiak*


Sarang V. Damle                                Allison L. Stillman
Sarah A. Tomkowiak (*pro hac vice*)            LATHAM & WATKINS LLP
Holly K. Victorson (pro hac vice)              1271 Avenue of the Americas
Laura E. Bladow (pro hac vice)                 New York, New York 10020
Brent T. Murphy (pro hace vice)                Telephone: (212) 906-1200
Sara E. Sampoli (pro hac vice)                 Facsimile: (212) 751-4864
LATHAM & WATKINS LLP                           Email: alli.stillman@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004                         Joseph R. Wetzel
Telephone: (202) 637-2200                      LATHAM & WATKINS LLP
Facsimile: (202) 637-2201                      505 Montgomery Street, Suite 2000
Email: sy.damle@lw.com                         San Francisco, California 94111
            sarah.tomkowiak@lw.com             Telephone: (415) 391-0600
            holly.victorson@lw.com             Facsimile: (415) 395-8095
            laura.bladow@lw.com                Email: joe.wetzel@lw.com
            brent.murphy@lw.com
            sara.sampoli@lw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served via Electronic

Mail on the 3rd day of October, 2024, upon counsel of record.

Dated: October 3, 2024

*/s/ Thomas J. Buettner*