

WASHINGTON – NEW YORK

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

December 13, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *Cengage Learning, Inc. et al., v. Google LLC*, Case No. 24-cv-04274-JLR

Dear Judge Rochon:

      We represent Plaintiffs in this matter. We write in connection with the discovery dispute pending before the Court concerning identifying the accounts of the pirate merchants implicated in Plaintiffs' infringement notices to Defendant Google, Dkts. 46, 47, 50, 56. Plaintiffs request leave to file a declaration responding to the declaration Google filed this morning, Dkt. 56. Plaintiffs can do so by the same deadline the Court set for the parties' joint letter concerning the dispute: this Monday, December 16 at 12:00 p.m.

      At Google's request, the Court allowed Google to file a declaration addressing the burden Google believes is associated with the discovery Plaintiffs seek. Dec. 5, 2024 Order (Dkt. 56). Google filed its declaration this morning. Dkt. 59. Google's declaration, however, omits important information about mechanisms Google's systems already have in place to identify Google merchants who control multiple accounts. Plaintiffs wish to submit a declaration from an expert in data systems to assist the Court in understanding the issues and evaluating Google's contentions. The expert has substantial expertise in data systems generally, and has also handled several matters involving data systems at Google.

      Google's counsel informed Plaintiffs' counsel that "Google objects to Plaintiffs' request on the bases that the Court did not anticipate expert opinion, Google will have no opportunity to rebut it or test its reliability, and expert opinion on Google's data, without access to that data, will be speculative and unhelpful to resolving this dispute."

      Google's objections lack merit. The Court gave Google the opportunity to address the burden associated with the proposed discovery; it is only fair that Plaintiffs have an opportunity to respond. That Plaintiffs' declaration is from an expert is not a basis for disallowing it; an expert's perspective on these issues will be more assistive than will attorney-argument. In essence, Google contends that the Court should consider Google's declaration on alleged burden in a vacuum, where Google alone dictates the boundaries of what information the Court may consider. Google's prediction that the proposed declaration will be "speculative and unhelpful," simply because Plaintiffs' expert has not observed Google's systems from inside Google is both without basis and incorrect. Information that is publicly available and/or visible to Plaintiffs as users of Google's systems make clear that Google's declaration leaves out capabilities that Google has.

     Plaintiffs thus request leave to file its proposed declaration by Monday, December 16 at 12:00 p.m. We thank the Court for its consideration.

          Sincerely,

          */s/ Michele H. Murphy*
          Michele H. Murphy
          OPPENHEIM + ZEBRAK, LLP

          *Counsel for Plaintiffs*