# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING, INC.; BEDFORD,
FREEMAN & WORTH PUBLISHING
GROUP, LLC D/B/A MACMILLAN
LEARNING; MACMILLAN HOLDINGS,
LLC; ELSEVIER INC.; ELSEVIER B.V.;
and MCGRAW HILL LLC,

                            *Plaintiffs*,

v.

GOOGLE LLC,

                            *Defendant*.

**Case No. 1:24-cv-04274-JLR-BCM**

**[PROPOSED] ORDER REGARDING DISCOVERY DISPUTE**

JENNIFER L. ROCHON, United States District Judge:

　　This matter comes before the Court on Plaintiffs' pre-motion letter stating that Defendant Google LLC "refused to produce documents sufficient to identify, or concerning, the Related Ads Merchants," which Plaintiffs defined as "any [Google user whose products are advertised in Shopping Ads] that shares with an Infringing Merchant a common identity, common or related business or website ownership or operation, or other similarity that demonstrates a business connection or link between Google account holders." Dkt. 46 at 3; Dkt. 47-1 at 5–6. The parties have filed letters and declarations concerning this dispute, Dkts. 46, 47, 50, 59, 62, 63, and the Court held hearings on December 4 and 18, 2024. Pursuant to Federal Rule of Civil Procedure 26(b)(1) and for the reasons stated on the record at the December 18 conference, the Court hereby **ORDERS**:

1

1.      Plaintiffs will provide Google with a spreadsheet (the "Domain Spreadsheet") containing a list of the domains Plaintiffs identified in Digital Millenium Copyright Act notices that Plaintiffs or their representatives sent to Google through September 16, 2024 and that Plaintiffs contend infringe or infringed one or more works asserted by Plaintiffs in Appendix A of the Amended Complaint, Dkt. 38-1.  The Domain Spreadsheet shall identify the URLs or sub-domains Plaintiffs provided to Google on December 14, 2024 as associated with the "shop.spreadshirt.com" domain.  *See* Dkt. 59 ¶ 16.  The Court understands Plaintiffs provided such Domain Spreadsheet to Google on December 24, 2024.

2.      Google will identify all Merchant Center accounts exactly matching the domains in the Domain Spreadsheet (the "Domain-Identified Merchant Accounts").

3.      Upon reviewing the resulting list of Domain-Identified Merchant Accounts, Google may challenge any domain in the Domain Spreadsheet that results in a disproportionate number of Merchant Center accounts.  *See, e.g.*, Dkt. 59 ¶ 16 (identifying single domain that was connected to over 17,000 Merchant Center accounts for individual sellers on a marketplace website).  Upon identification of any such domain, the parties shall confer in an effort to reasonably narrow the search by, e.g., sub-domain or URL.

4.      For Plaintiffs' RFPs seeking information regarding "Related Ads Merchants," namely, RFP Nos. 25–27, 29, 31, and 33–38, Google will produce information, for all Domain-Identified Merchant Accounts, responsive to the reasonable scope of Plaintiffs' RFPs and to the same extent it produces information related to what Plaintiffs defined as "Infringing Merchants" ("any Shopping Ads Merchant listed or otherwise identified in a Plaintiff Infringement Notice"), *see* Dkt. 47-1 at 5.  The Court understands the precise scope of these RFPs is the subject of ongoing negotiations by the parties.  Those disputes are not now before the Court, and the Court does not

take a position on those disputes at this time.  However, as part of the resolution of this dispute,

the Court orders that such productions will include data identifying, and associated with, all "Ads"

accounts directly linked to the Domain-Identified Merchant Accounts.  *See* Dkt. 59 ¶¶ 6–8.

5.      Google will further identify the email account identifiers associated with the

Domain-Identified Merchant Accounts.  Google will search for and identify any additional

Merchant Center accounts, not already included in the list of Domain-Identified Merchant

Accounts, with the same email account identifiers (the "Email-Connected Merchant Accounts").

6.      Google will produce the following information for the Email-Connected Merchant

Accounts:

a.      Current Merchant Center account information sufficient to identify the

merchant name, website homepage, account creation date, account suspension date, and

account suspension reason, to the extent such data exists and is maintained by Google in

its Merchant Center account database in the ordinary course of business. The Court does

not order Google to search for or produce historical data or historical revisions to this data.

b.      The copyright infringement notices Google received concerning the

domains connected to the Email-Connected Merchant Accounts.

For clarity, the Court does not compel production of documents or information regarding

"Related Ads Merchants" or any other "linked" accounts in response to Plaintiffs' RFP Nos. 25–

27, 29, 31, 33–38, and 44 beyond the documents and information specified in this Order.

Dated: January __, 2025

New York, New York

SO ORDERED

_____
JENNIFER L. ROCHON
United States District Judge