

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
michele@oandzlaw.com

January 3, 2024

**By ECF Filing**

Hon. Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

>   Re:   *Cengage Learning, Inc. et al. v. Google LLC*, Case No. 24-cv-04274-JLR-BCM
>         <u>Joint Letter Regarding Proposed Order Concerning Discovery Dispute</u>

Dear Judge Rochon:

      Pursuant to the Court's Order (Dkt. 65) regarding the dispute reflected at Dkt. Nos. 46, 47, 50, 59, 62, and 63, the parties hereby submit proposed orders resolving the dispute. The parties deliberated and exchanged proposed orders memorializing the Court's rulings from the bench at the December 18 hearing but have been unable to reach complete agreement. Accordingly, the parties respectfully submit separate proposed orders for the Court's consideration.

**<u>Plaintiffs' Position</u>**

      The proposed order Google submits today deviates from the Court's (and Google's own) description of Google's proposal (Dkt. 62-2) at the December 18 hearing. Plaintiffs' proposed order principally corrects two such deviations (*see* the **bolded** text at Ex. A, paragraphs 2 and 7).

      <u>Multi-Client Accounts and Subaccounts:</u> Google represented at the December 18 hearing that its search for accounts connected to the domains listed in the Domain Spreadsheet will include searching for Multi-Client Accounts and Subaccounts. Dkt. 66 at 39:11–14 ("[W]hen we search for our domain-identified merchant accounts, we are not going to be discriminating on the basis of whether it is a multiclient account or a subaccount or just a regular old Merchant Center account . . . ."). Plaintiffs' proposal thus includes language to that effect. Ex. A ¶ 2 ("Google will identify all Merchant Center accounts *(including Multi-Client Accounts and Subaccounts)* exactly matching the domains in the Domain Spreadsheet . . . .") (emphasis added).

      <u>Ads Accounts and Other Merchant Center Accounts</u>: At the December 18 hearing, both the Court and Google described Google's proposal to include producing Ads accounts connected to the Merchant Center accounts that match the domains Plaintiffs identified. Dkt. 66 at 23:22–25 ("[The Court:] You've agreed to produce that Merchant Center account *and the related Ad account* to that Merchant Center account . . . ? MS. TOMKOWIAK: That's correct, yes."); *id.* at 48:22–49:2 ("[The Court:] [Plaintiffs] would be receiving, under Google's proposal, the Merchant Center accounts linked to the domains that you've identified . . . *and you're going to get their related Ad account. . . .*"); *id.* at 25:20–23 ("THE COURT: Google is going to turn over those domain-identified merchant accounts, *plus the associated Ad accounts for those merchant accounts*? MS. VICTORSON: Yes.") (all emphases added). The Court reiterated this point in its ruling: "Google has also represented that they're going to produce the Ads accounts associated with those domain-

Hon. Jennifer L. Rochon
January 3, 2025
Page 2

identified merchants, so there is additional information." *Id.* at 71:1–4. The Court similarly was clear that Google would retrieve the other Merchant Center accounts associated with the domain-identified merchants. "[The Court:] [Plaintiffs] are getting the Merchant Center accounts for all the domains that were identified to them, *as well as any Merchant Center accounts that are associated with the domain-identified merchants . . . .*" *Id.* at 47:3–6 (emphasis added). The Court likewise stated, "[i]n terms of the domain-identified infringing merchants, Google is expanding beyond those Merchant Center accounts that are linked to domains that match the spreadsheet that plaintiff provided . . . so it's more expansive in that regard." *Id.* at 70:22–71:1.

To reflect these important points, Plaintiffs' proposed order provides that Google will retrieve Merchant Center accounts "exactly matching the domains in the Domain Spreadsheet, "*and any Ads Accounts or other Merchant Center accounts connected to those Merchant Center accounts*) . . . ." Ex. A ¶ 2. This language not only reflects the Court's explicit remarks, but effectuates the balance the Court struck when it ordered production of Ads Accounts and Merchant Center accounts connected to the domain-identified accounts, but did not order production of accounts that in turn are linked to those accounts. Dkt. 66 at 27:19–28:6 ("[The Court:] [T]he merchant [center] account . . . has an Ad account associated with it, you're going to give information on the merchant account, you're going to give information on the Ad account, and I'm hearing the dispute to be if there are other Ad accounts that are related to the Ad account that you're producing, you don't want to give that, Plaintiff wants that . . . ."); *id.* at 71:5–11 ("I was not persuaded that having Google produce all . . . 'linked accounts' is proportionate to the needs of this case . . . There could be other accounts linked to the Ad accounts that are not the same actor . . . ."); *id.* at 26: 7–17, 29:3–10. The reference to Ads accounts in Google's proposed order (Ex. B ¶ 4, last sentence), lacks clarity, which, in part, is what led to this dispute.

Finally, in the two-plus weeks since the December 18 hearing, Google has not provided even an estimate of the date by which it will produce the information the Court ordered. Plaintiffs filed their motion on November 12, 2024; a deadline of January 31, 2025 is more than reasonable.

**Defendant's Position**

The Court resolved this dispute at the conclusion of the December 18 hearing when the Court "order[ed] that Google's proposal be the proposal associated with this particular discovery dispute, as opposed to plaintiff[s'] proposal," with a few minor adjustments. Dkt. 66 at 70:17–20. In so doing, the Court determined Google's proposal was "proportionate to the needs of the case and [that it] does not create an undue burden." *Id.* at 72:22–24. Plaintiffs' proposed order, however, departs from the Court's stated intent to limit a fishing expedition and discovery into "related" accounts. *Id.* at 72:25–73:5. Google cannot agree to do more than it was ordered to do. Google's proposed order (**Exhibit B**) effectuates Google's proposal (Dkt. 62-2) as modified by the Court. Plaintiffs' version inaccurately memorializes the Court's decision in two main ways.

**First**, Plaintiffs' proposed order improperly broadens the scope of accounts subject to the full barrage of discovery requests, well beyond what the Court found proportional to the needs of

Hon. Jennifer L. Rochon
January 3, 2025
Page 3

this case. Plaintiffs expand the definition of "Domain-Identified Merchant Accounts" to include "any Ads Accounts or other Merchant Center accounts connected to" such accounts in paragraph 2. This significant change results in effectuating *Plaintiffs'* proposal, which the Court considered and rejected after multiple oral arguments. Dkt. 66 at 70:17–20; *compare* Dkt. 62-1 (proposing inclusion of "any other accounts used for Shopping Ads linked to" the Domain-Identified Merchant Accounts) *with* Exhibit A ¶ 2 (proposing inclusion of "any Ads Accounts or other Merchant Center accounts connected to" the Domain-Identified Merchant Accounts). A proposed order is not a vehicle to move for reconsideration. To be clear, the final sentence in paragraph 4 of *both* proposed orders memorializes Google's commitment that its productions will include "information about Google Ads [accounts] linked to" the Domain-Identified Merchant Accounts, as clarified at the December 18 hearing. Dkt. 66 at 20:15–24. The language in paragraph 4 reflects that the Ads accounts connected to the Domain-Identified Merchant Accounts will be responsive to Plaintiffs' requests (*e.g.*, documents responsive to RFP 34 concerning "Google's revenues, costs, expenses, profits, and losses concerning any business conducted with . . . Related Ads Merchant[s]"). However, Plaintiffs' inclusion of Ads accounts as part of the *definition* of "Domain-Identified Merchant Accounts" undercuts the Court's stated intent to limit productions concerning all "linked accounts" that may not reflect "the same actor" as the "infringing" Merchant Center account, which "would increase the production exponentially and . . . outweigh[] the relevance aspect here." *Id.* at 71:5–11; *see* Dkt. 59 ¶ 8. For example, producing documents responsive to RFP 37 reflecting "each Shopping Ad [Google] ran for products sold by" an *Ads* account would involve providing documents concerning *all* Merchant Center accounts connected to that Ads account. Plaintiffs' approach also contradicts the Court's and parties' agreement at the outset of the December 18 hearing that "the domain-identified merchants" reflect "those Merchant Center accounts that match those domains" identified by Plaintiffs. Dkt. 66 at 4:4–24.

**Second**, Plaintiffs' proposed order imposes an arbitrary January 31 deadline on production of "the information called for in this Order" in new paragraph 7. While Google shares Plaintiffs' general desire to move discovery forward in this matter, the Court did not order any deadline to produce all "information called for in this Order," and Google does not believe it is appropriate to include a January 31 (or any) deadline here. Among other reasons, the information called for by Plaintiffs' RFPs involves the confidential business information of Google and Google's users, and the parties still have not agreed to joint proposed language for a protective order. As discussed at the December 18 hearing, Google anticipates and expects the parties will continue discussions regarding production of documents generally, and Google will work diligently to identify, collect, review, and produce the documents subject to the Court's Order. *See* Dkt. 66 at 74:20–75:22.

Plaintiffs' addition of a parenthetical reflecting "Multi-Client Accounts and Subaccounts" to paragraph 2 is unnecessary to effectuate the Court's decision. As stated at the hearing, Google is not excluding results based on the "flavor" of Merchant Center account. *Id.* at 39:4–40:23. Plaintiffs' undefined terms do nothing but create potential ambiguity regarding the Order's scope.

The parties thank the Court for its attention to this matter.

Hon. Jennifer L. Rochon
January 3, 2025
Page 4

Respectfully Submitted,

| | |
|---|---|
| */s/ Michele H. Murphy* | */s/ Sarah A. Tomkowiak* |
| Michele H. Murphy | Sarah A. Tomkowiak |
| OPPENHEIM + ZEBRAK, LLP | LATHAM & WATKINS LLP |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

Attachments:
    Exhibit A – Plaintiffs' Proposed Order
    Exhibit B – Defendant's Proposed Order