**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

**LATHAM & WATKINS** LLP

January 13, 2025

**VIA ECF**

Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *Cengage Learning, Inc. et al. v. Google LLC*, Case No. 24-cv-04274-JLR-BCM
           <u>Letter Re: Discovery Order at Dkt. 72</u>

Dear Judge Rochon:

        Pursuant to the Court's Order in the above-referenced matter reflected at Dkt. 72 ("Order"), Defendant Google hereby submits its position regarding a proposed deadline for the production of documents subject to the Order. The parties have exchanged positions and conferred over the same. While Google has identified a potential compromise approach reflected below, the parties have so far been unable to reach an agreement. Accordingly, Google respectfully submits both its proposal and potential compromise for the Court's consideration.

        **<u>Google's Proposal.</u>** The full scope of data implicated by the Order encompasses a significant portion of Google's overall productions in this case, spanning many categories of documents connected to tens of thousands of accounts. *See* Dkt. 50 at 2; Dkt. 59 ¶¶ 15–18; Dkt. 62 at 2; Dkt. 66 at 38:3–14. Moreover, Google received the final domain list from Plaintiffs, a prerequisite for all discovery implicated by the Order, on Christmas Eve (while Google was closed for the holidays). Accordingly, accelerated deadlines for *all* information implicated by the Order would be both inappropriate and disproportionately burdensome for Google, effectively requiring Google to produce the substantial majority of its confidential non-custodial documents in a matter of weeks (and presumably before Plaintiffs produce the substantial majority of their confidential non-custodial documents).[1] Google notes that Plaintiffs have not committed to any substantial completion date for their own productions. While Google is willing to consider a date by which it will complete production of the substantial majority of its documents in this case, any substantial production deadline should be equally applicable to Plaintiffs.

        However, Google acknowledges Plaintiffs' contention that they need certain discovery to identify additional potentially infringed works in advance of the March 1 amendment deadline. Accordingly, Google proposes the following production procedure, which prioritizes production of account information that Plaintiffs may use to conduct an investigation to identify additional

---

[1] Plaintiffs have not yet produced a single non-public document.

works, if any, to add to the complaint. *See* Dkt. 66 at 57:15–58:6. Google is currently in the process of identifying the set of Merchant Center accounts based on Plaintiffs' updated domain list and is making reasonable efforts to produce such information on an expedited timeframe:

1. By February 7, 2025 (or as soon as practicable thereafter for any account information implicated by a user objection[2]), Google will produce the following "Identifying Information:"[3]

   a. information for all "Domain-Identified Merchant Accounts" responsive to at least Plaintiffs' RFP No. 25 and part of RFP No. 36, to include, at a minimum, the following information to the extent it is maintained in Google's Merchant Center account database: (1) account ID number; (2) domain connected to the account; (3) email address; (4) physical address; (5) phone number; (6) name; (7) feed URL; (8) account creation date; (9) account suspension date; and (10) account suspension reason; and

   b. information reflected in Order ¶ 6.a. for the "Email-Connected Merchant Accounts."

2. The parties will negotiate a date by which all parties to this dispute will have substantially completed their productions of documents ("Substantial Completion Deadline"). No later than the Substantial Completion Deadline, Google will produce the other documents subject to the Court's Order. Google will diligently collect and produce documents on a rolling basis, as contemplated in the parties' ESI protocol.

**Google's Compromise.** During the parties' conferral on January 10, Plaintiffs for the first time explained their contention that they specifically seek documents responsive to RFPs 25, 27, 35, 36 (bullets 1 and 3–6), 37 (bullets 1–3 and 7), and 44 (together, "Compromise RFPs") in order to conduct the investigation to find additional works to add to their complaint. During that conferral Plaintiffs further stated, for the first time, that they need 60 days following the production of that information to conduct that investigation. It is Google's position that Plaintiffs do not need anything more than the Identifying Information to conduct a reasonable investigation for additional infringement. Indeed, it is puzzling why Plaintiffs would need, *e.g.,* notice information about *non-Plaintiff works* (RFP 27) or all documents provided to Google by a merchant (RFP 35) in order to investigate whether additional *Plaintiff works* may have been infringed. A 60-day fishing expedition by Plaintiffs to scour Google's productions for evidence of additional infringement is an egregious and inappropriate use of discovery in this case, which already involves 4,313 works in suit. *See also Psihoyos v. Pearson Educ., Inc.*, 2010 WL 11889066, at *1 (S.D.N.Y. Dec. 7, 2010) (discovery "is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." (internal quotation marks and citation omitted)); *U.S. ex rel. Bilotta v. Novartis Pharms. Corp.*,

---

[2] Google has a policy of providing its users with a 21-day period to object to the production of user data before producing such data pursuant to a legal request. Google will promptly notify Plaintiffs if it in fact withholds any data on the basis of user objections.

[3] Google currently expects it can meet an accelerated February 7 turnaround for the Identifying Information by prioritizing that discovery. However, given the rapid turnaround contemplated, to the extent there arises any unexpected and unreasonable burden that changes the anticipated production date, Google will promptly raise any such issues with Plaintiffs.

2015 WL 13649823, *2 (S.D.N.Y. July 29, 2015) (explaining that discovery is not intended as a means to identify "instances of wrongdoing beyond those already alleged").

In the interest of moving discovery forward, however, Google is amenable to the following compromise approach which provides Plaintiffs with both the documents and time they claim to need: (1) Google will produce the Identifying Information identified in part 1 of Google's Proposal above by February 7, 2025; (2) Google will produce the categories of information responsive to the Compromise RFPs by March 31, 2025, subject to Google's other objections and reserving the right to raise and confer about the feasibility of this deadline if any unexpected burdens arise; (3) Plaintiffs' deadline to add works to the complaint is extended to May 30, 2025; and (4) all other case deadlines are extended to accommodate Plaintiffs' new amendment deadline. Google would produce the remainder of the information subject to the Court's Order on a rolling basis no later than a Substantial Completion Deadline to be negotiated by, and applicable to, all parties. Google recognizes that this potential compromise would affect the Court's case schedule set forth in Dkt. 34. However, given the size and complexity of the discovery in this case, including a dozen RFPs implicated by the Order seeking various categories of information concerning the tens of thousands "Domain-Identified Merchant Accounts" (which, undoubtedly, Plaintiffs will also seek for any merchants that are added to this lawsuit by amendment), Google respectfully submits that a limited extension of deadlines in this case would be appropriate and allow for the remainder of discovery to proceed in an orderly way. *See* Dkt. 72; Dkt. 59 ¶ 16. Exhibit A reflects Google's proposed schedule revisions to accommodate this amendment extension compromise. This would reflect the first extension of time for discovery deadlines in this matter.

**Plaintiffs' Proposal.** Plaintiffs told Google on January 7 that their proposal remained that Google should produce all documents implicated by the Order on the arbitrary date of January 31, 2025. After Google explained that Plaintiffs proposal was logistically unworkable on its face and after Plaintiffs considered Google's Proposal described above, Plaintiffs followed Google's approach of a phased production schedule, but Plaintiffs' phased approach consists of arbitrary, one-sided deadlines. It is unreasonable, unnecessary, and disproportionately burdensome on Google to require production of the substantial majority of Google's non-custodial documents *before Plaintiffs even amend their complaint*. It ignores the reality that these data must be collected from many different locations and teams. It leaves the door open for Plaintiffs to engage in gamesmanship during discovery, as it does not commit Plaintiffs to any substantial production at all. And it sets all parties up for failure by pushing out Plaintiffs' amendment deadline without modifying any other discovery deadline to account for the discovery that Plaintiffs will inevitably insist on following such amendment.

Google thanks the Court for its attention to this matter and stands ready to assist the Court with any follow-on requests or inquiries.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak
LATHAM & WATKINS LLP
Counsel for Defendant Google LLC