

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

January 13, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
    Proposed Deadline for Court-Ordered Discovery

Dear Judge Rochon:

Pursuant to the Court's January 7, 2025 Order (Dkt. 72) (the "Order"), we write to propose deadlines by which Defendant will produce the materials called for in the Order.

Both sides seem to agree that Defendant's productions can be made in three parts, but Defendant demands an unnecessary and unreasonable amount of time to complete these productions. Plaintiffs propose that by January 31 and February 14, 2025, Defendant will produce identifying information for the relevant merchant accounts, and the account information necessary for Plaintiffs to amend their complaint to add works-in-suit. Then, by March 21, 2025, Defendant will produce the remainder of the information discussed in the Order. This provides Defendant nearly *two months* from the Court's December 18, 2024 ruling to produce the most time-sensitive information, and *four months* to produce the rest. This is on top of the three-plus months that Defendant already had to begin assembling this information before the Court's ruling (much of which would have been needed regardless of how the Court ruled). Because Defendant's production will necessarily include information needed for Plaintiffs to add works to the complaint, Plaintiffs suggest moving the deadline for doing so from March 1 to April 15, 2025. Plaintiffs do not propose altering any other deadlines in the Case Management Order.

Defendant, however, asks the Court for more than *three* months from the Court's December 18, 2024 ruling to produce much of this discovery, and months more to produce the rest. Indeed, Google proposes to expand *every* date in the Case Management Order, including extending the end-dates for fact and expert discovery by *three months*. Such extreme extensions are unnecessary. The Court should hold Defendant to the deadlines the Court set in September.[1]

## ARGUMENT

The Order affects two sets of RFP: those seeking to discover the other Google Shopping accounts operated by the pirates identified in Plaintiffs' infringement notices (RFP 25 and RFP 44), and those seeking information about these pirates, such as ads run on their behalf, communications with the pirates, and revenue from the pirates (RFP 27, 29, 31, 33–38). In the Order, the Court decided what information Defendant will produce with respect to this first category. After months of resisting, Defendant now has agreed to produce much of the information

---

[1] Despite the Court's instruction on January 7 to confer with Plaintiffs, Defendant did not provide any proposal to Plaintiffs until one business day before the Court's deadline, and did not provide most of the dates in Defendant's proposal until nearly 7:00 pm this evening.

Hon. Jennifer L. Rochon
January 13, 2025
Page 2

in the second category (though the parties continue to confer on some points). Plaintiffs propose staggering this discovery as follows:

- **January 31, 2025**: Defendant produces identifying information for the Domain-Identified Merchant Accounts and the Email-Connected Merchant Accounts (as defined in Dkt. 72).
- **February 14, 2025**: Defendant produces information called for by the Order that is necessary for Plaintiffs to amend the complaint (as outlined below).
- **March 21, 2025**: Defendant produces the remaining information discussed in the Order.
- **April 15, 2025**: Plaintiffs amend the complaint solely to add works-in-suit.

**Identifying Information**: For the Domain-Identified Merchant Accounts, the parties appear to agree on the information Defendant would include in its initial production.[2] For the Email-Connected Merchant Accounts, Defendant would produce the identifying information listed at Dkt. 72 ¶ 6(a), as well as the email address(es) associated with each account. Plaintiffs propose a deadline of January 31, 2025 for this information. This deadline is eminently reasonable. Recall that when the Court allowed Defendant to file a declaration on burden, Defendant identified all the Domain-Identified Merchant Accounts and Email-Connected Merchant Accounts associated with the 1,044 domains Plaintiffs identified, and filed a declaration about those accounts, within just eight days. Dkts. 56, 59. As a result of the Court's December 18, 2024 ruling, only 196 domains were added. But Defendant now says it needs 45 days (from December 24, 2024, when the list was provided, to February 7, 2025) to identify the accounts associated with those domains and produce the identifying information about them. This is far longer than is necessary.

**Information Necessary to Amend the Complaint**: At the September 4, 2024 initial conference, over Defendant's objection, the Court afforded Plaintiffs until December 4, 2024 to amend the complaint for any purpose, and an additional three months (until March 1, 2025) to amend the complaint solely to add copyrighted works (or trademarks). Dkt. 34 ¶ 6. In doing so, the Court recognized that the information needed to amend the complaint is in *Defendant's* control. *See id.* Works will be added to the suit if the same pirate sellers about whom Plaintiffs sent infringement notices used Google Shopping Ads to sell infringing copies of Plaintiffs' other works. This is a targeted exercise that is far from a fishing expedition. Plaintiffs do not yet know every ad that Defendant ran for the pirate sellers whom Plaintiffs identified, including because the ads Defendant displays to a user are dynamic, based on its algorithm. Still less do Plaintiffs know what infringement notices about these pirates Defendant received from *other* rightsholders.

Thus, to determine whether works should be added, Plaintiffs need basic information, which Defendant has agreed to provide: 1) the ads Defendant ran for these pirates and the products those ads promoted (to determine if the ads concern additional Plaintiff works); 2) the dates those ads ran, and the infringement notices Defendant received about those merchants (to determine if

---

[2] This includes each account's (1) account ID number; (2) domain(s) connected to the account; (3) email address(es); (4) physical address(es); (5) phone number(s); (6) name(s); (7) feed URL(s); (8) account creation date; (9) account suspension date; and (10) account suspension reason.

and when each pirate seller became a repeat infringer); 3) the domains to which the ads linked and the verifying information for the merchants (to identify the merchants who ran the ads).[3]

Plaintiffs propose a deadline of February 14, 2025 for Defendant to produce this information. Plaintiffs additionally propose moving the deadline to amend the complaint (solely for the purpose of adding works-in-suit) from March 1 to April 15, 2025. Plaintiffs expect that the exercise of identifying additional infringements will be time-consuming for Plaintiffs. In particular, matching the titles of works as listed in advertisements to the titles of works as reflected in copyright certificates is an involved process. Defendant does not seem to object to this 60-day period. But Defendant requests an additional *month*, until March 31, 2025, to produce this information. Defendant's professed need for more time is driven entirely by Defendant's failure to assemble this information during the previous four months of discovery. Defendant may have waited for guidance from the Court on whether Defendant should produce information on *related* accounts. But Defendant apparently has done little or nothing to retrieve information on the Domain-Identified Merchant Accounts (which Defendant never opposed producing, and which make up most of the data). Indeed, while Plaintiffs served their RFP on September 3, Defendant waited until January 10 to make any production in this case, producing less than 200 documents.[4]

Defendant's proposed deadline, which gives Defendant more than *three months* from the Court's December 18 order to produce this information, and nearly *seven months* from the date Plaintiffs served their RFP, is unreasonable both in context and on its face.

**Remaining Information Called for in the Relevant RFP:** The balance of information called for by these RFP is critical to the overall case, e.g., revenue earned from the pirates (RFP 33 and 44), Defendant's communications with the pirates (RFP 29), and Defendant's data on whether its users ultimately purchased the pirated work (RFP 37, bullet 4). At a minimum, this discovery must be produced in sufficient time for Plaintiffs to review it, draft their 30(b)(6) notice, and conduct or defend the forty-five depositions that the Court allowed (at Defendant's request) by the July 1, 2025 deadline. Dkt. 34 ¶ 6, 19. Plaintiffs thus propose a deadline of April 15, 2025 for the production of this information. Defendant, on the other hand, offers *no* deadline for producing this information. Instead, Defendant states that the parties should agree on a "substantial completion date," by which Defendant will produce this information. This is both vague and unworkable. The information called for in these RFP must be provided in enough time for Plaintiffs to analyze it, follow up with Defendant if necessary, and complete discovery in the case. Waiting to produce this key information until an undefined "substantial completion date" will prejudice Plaintiffs.

Respectfully submitted,

---

[3] This discovery is called for in Plaintiffs' RFP 25, 27, 35, 36 (bullets 1, 3–6), 37 (bullets 1–3, 7), and 44.

[4] Plaintiffs, meanwhile, have produced more than 155,000 documents.

Hon. Jennifer L. Rochon
January 13, 2025
Page 4

/s/ Michele H. Murphy
Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, Fifth Floor
Washington, DC 20016
Tel: 202-450-5643
michele@oandzlaw.com