# EXHIBIT D

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,**<br><br>**Plaintiff(s)Plaintiffs,**<br><br>-against- **v.**<br><br>**GOOGLE LLC,**<br>Defendant(s). | **Civil Action No. 24-cv-04274-(JLR)JLR-BCM**<br><br>**[PROPOSED] STIPULATED** PROTECTIVE ORDER |

JENNIFER L. ROCHON, United States District Judge:

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information, the

public disclosure of which will cause harm to the producing ~~person~~**Party** and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order – including without limitation the Parties to this action, their representatives, agents, ~~experts and consultants~~**persons retained by a Party to serve as an expert or consultant or otherwise provide specialized advice to counsel in connection with this action ("Experts")**, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms:

1.      Any person **or entity** subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as

"Confidential" **or "Highly Confidential – Attorneys' Eyes Only,"** pursuant to the terms of this Protective Order (hereinafter~~,~~ "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. **The Party (or in the case of a third party, the person or entity) producing the Confidential Discovery Material is hereinafter referred to as the "Producing Party," and the Party receiving the Confidential Discovery Material is hereinafter referred to as the "Receiving Party."**

2.      The ~~person producing any given Discovery Material~~**Producing Party** may designate as "Confidential ~~only such portion of such material the~~" **any document, information (regardless of how it is generated, stored, or maintained), tangible thing, or material that constitutes or includes, in whole or in part, confidential or proprietary information that qualifies for protection under Federal Rule of Civil Procedure 26(c), is**

**restricted from** public disclosure ~~of which is either restricted by law or will cause~~**by law, or, if disclosed, will create a substantial risk of** harm to the business, commercial, financial**, competitive,** or personal interests of the ~~producing person~~**Producing Party, another Party to this Litigation,** and/or a third party to whom a duty of confidentiality is owed ~~and that consists of~~. **If this standard is met, such material includes, but is not limited to the following**:

      (a)    previously nondisclosed financial information (including**,** without limitation**,** profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, **pricing information,** sales reports, and ~~sale~~**sales** margins);

      (b)    previously nondisclosed material relating to ownership or control of any non-public company;

      (c)    previously nondisclosed business plans, product development information, ~~or~~ marketing plans**, or advertising information (but not publicly available advertisements)**;

      **(d)    any information that the Producing Party is under a legal obligation to maintain as confidential;**

      (~~d~~**e**)    any information of a personal or intimate nature regarding any individual; or

      (~~e~~**f**)    any other category of information hereinafter given confidential status by the **Court.**

~~Court.~~

    **3.    The Producing Party may designate as "Highly Confidential – Attorneys' Eyes Only" any document, information (regardless of how it is generated, stored, or maintained), tangible thing, or material that constitutes or includes, in whole**

or in part, confidential or proprietary information, the disclosure of which will create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests of the Producing Party, another Party to this Litigation, and/or a third party to whom a duty of confidentiality is owed, or that constitutes a Digital Work as defined in subparagraph 3(g) below. If this standard is met, such material includes, but is not limited to, the following (in addition to the material described in paragraph 2 above if public disclosure would cause such substantial risk of significant harm):

    (a)    proprietary and non-public intellectual property;

    (b)    proprietary marketing, distribution, adoption, or research and development;

    (c)    strategic business plans, competitive analyses, or other documents or information that could cause competitive injury;

    (d)    agreements or similar documents requiring highly confidential treatment;

    (e)    non-algorithmic trade secrets;

    (f)    network security details and data security information; and

    (g)    unrestricted digital copies of Plaintiffs' works identified in Exhibit A to the Amended Complaint (i.e., digital copies without Digital Rights Management or other restrictions limiting the printing, copying, sharing, or downloading of the files) ("Digital Works").

Those who receive the "Highly Confidential—Attorneys' Eyes Only" documents under paragraph 13 shall (i) use reasonable and industry-standard physical, administrative, organizational, and technological measures to protect the security of the "Highly Confidential—Attorneys' Eyes Only" documents, with such measures being no less protective than those use for the recipients' own clients' information; and (ii) shall not

copy them to personal devices or removable media.  To the extent production of source code becomes necessary in this case, the Parties shall negotiate a separate protocol and file a supplemental negotiated protective order with the Court.

4.      To accommodate Plaintiffs' stated security concerns regarding unprotected digital copies of their copyrighted works and Defendant's stated concern that their counsel and Experts have use of the Digital Works without view-only, read only, or similar restrictions, the Parties have agreed that the Digital Works will be treated as "Highly Confidential—Attorneys' Eyes Only" documents hereunder.  The Parties acknowledge that, with the exception of test banks and instructor solutions manuals[1], the contents of the Digital Works are public and not confidential, and that limited excerpts or quotations of the contents of the Digital Works need not be designated or treated as "Highly Confidential—Attorneys' Eyes Only" information.

5.      The protections conferred by this Protective Order cover not only Confidential Discovery Material, but also (1) any information copied or extracted from Confidential Discovery Material; (2) all copies, excerpts, summaries, or compilations of Confidential Discovery Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Discovery Material, except for Digital Works. However, except for the Digital Works, the protections conferred by this Protective Order do not cover the following information: (a) any information that is publicly known at the time of disclosure or becomes publicly known after its disclosure as a result of circumstances not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by

[1] For clarity, Google does not agree that the contents of any Digital Work qualifies as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" material under this Protective Order, but presently agrees to treat the material as contemplated herein.  Pursuant to paragraph 29, the Parties reserve all rights to seek to modify this Protective Order.

the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the person producing any given Confidential Discovery Material. Notwithstanding the foregoing provision, nothing in this Order shall preclude or impede outside counsel's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Confidential Discovery Material, provided, however, that such communications or advice shall not disclose or reveal the substance or content of any Confidential Discovery Material other than as permitted under this Protective Order. Any use of Confidential Discovery Material at trial shall be governed by a separate agreement or order.

36. With respect to the Confidential portion of any Discovery Material in documentary form other than deposition transcripts and exhibits, the producing personProducing Party or that person'sParty's counsel may designate such portion asConfidential Discovery Material with the appropriate designation set forth in paragraph 1 (i.e., "Confidential" by: (a)or "Highly Confidential—Attorneys' Eyes Only"("Applicable Designation") by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of saidthe Applicable Designation on each page of the Discovery Material with the confidential information redacted.. The Applicable Designation for documents produced in native digital form may be applied by including the designation in the file name, on the production slipsheet, and/or in the accompanying index. Digital copies of Plaintiffs' Authentic Works may also be watermarked, provided such watermarks do not impair the legibility of the documents.

47. With respect to deposition transcripts, a producing personProducing Party

or that ~~person's~~**Party's** counsel may designate ~~such portion as Confidential~~**them with the Applicable Designation** either by (a) indicating on the record during the deposition that a question**, answer, or exhibit** calls for **or constitutes** Confidential ~~information~~**Discovery Material and specifying the Applicable Designation**, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) **or the designated exhibits** in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within ~~30~~**14** days after ~~a~~**receipt of the** deposition ~~has concluded,~~**transcript** of the specific pages and lines of the transcript and/or the specific exhibits that ~~are to be designated~~**constitute** Confidential **Discovery Material, specifying the Applicable Designation**, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated **portions of the** transcript or ~~exhibit (as the case may be),~~**exhibits** in their possession or under their control as directed by the ~~producing person~~**Producing Party** or that person's counsel ~~by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.~~**. Alternatively, a Producing Party may indicate on the record during the deposition or notify the reporter and all counsel of record, in writing, within 14 days after receipt of the deposition transcript that the entire transcript shall be treated in accordance with the Applicable Designation, provided that the Confidential Discovery Material in the transcript is so extensive that such wholesale designation is made in good faith. Transcripts containing Confidential Discovery Material shall have an obvious legend on the title page that the transcript contains Confidential Discovery Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have so been designated according to the Applicable Designation. The designating Party shall inform the court reporter of these requirements. Further, in the**

event a deposition as described herein is videotaped, copies of the videotape shall be marked by the videographer or counsel receiving the videotape as "Confidential Information Governed by Protective Order," and the designated portions of the videotape shall be treated in accordance with the Applicable Designation. Counsel for any Producing Party shall have the right to exclude from oral depositions any person who is not authorized by this Protective Order to receive or access Confidential Discovery Material based on the Applicable Designation. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such designated information. Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition to include Confidential Discovery Material so that the other Parties can ensure compliance with this provision. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Confidential Discovery Material hereunder.

8.      During the 14-day period following the Parties' receipt of the deposition transcript, the entire deposition transcript will be treated as if it had been designated "Highly Confidential – Attorneys' Eyes Only," unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

9.      For Confidential Discovery Material produced in some form other than documentary form and for any other tangible items, the Producing Party shall affix the Applicable Designation in a prominent place on the exterior of the container or containers in which the information is stored.

10.      A person making original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly

**Confidential—Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced in accordance with the terms of this Protective Order, the person producing them must determine which documents qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the Applicable Designation to the Confidential Discovery Material as set forth herein.**

~~5~~**11**.    If at any time prior to the trial of this action, a ~~producing person~~**Producing Party** realizes that ~~some portion(s) of~~ Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential **Discovery Material hereunder**, she, he, or it may so designate **the material** by ~~so~~ apprising all **of its** prior recipients of the ~~Discovery Material in writing~~**Applicable Designation hereunder**, and thereafter ~~such designated portion(s) of the Discovery Material will thereafter~~**the material will** be deemed to be and treated as Confidential **Discovery Material** under the terms of this Protective Order.

~~6~~**12**.    No person subject to this Protective Order other than the ~~producing person~~**Producing Party** shall disclose any of the Discovery Material designated by the ~~producing person as "~~**Producing Party as "**Confidential**"** to any other person whomsoever, except to:

~~(a) the Parties to this action, their insurers, and counsel to their insurers;~~

    **(a)**    **in-house counsel who are actively working on this litigation, provided that such in-house counsel will be designated in writing and disclosed by name and position to the opposing Party(ies), and provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto ("NDA");**

    (b)    **outside** counsel retained specifically for this ~~action~~**litigation**,

including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(c)    one employee of each Party whose primary job duties relate to the protection or enforcement of, or compliance with, copyright or trademark laws, including handling DMCA notices and to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed the NDA and the signed NDA is served upon the Producing Party, with a general description of the designated employee's role in this action, at least seven days before access to the Confidential Discovery Material is given to that designated employee.  The Producing Party shall have that seven-day period to object to the disclosure and notify the Receiving Party in writing that it objects to disclosure of the Receiving Party's Confidential Discovery Material to the designated employee. The Parties shall promptly confer in good faith to resolve any such objection and, if they cannot reach agreement, address the dispute in accordance with the Court's Individual Rules of Practice in Civil Cases and applicable rules and law. An originally designated employee may be substituted with another employee if the originally designated employee stops work on the litigation or becomes unavailable to actively work on the litigation, provided the new employee first executes the NDA;

(ed)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic

production services, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such persons have first executed the NDA, and are not a past or current employee of a Party or of a Party's competitor (or at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor);

(de)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit heretothe NDA;

(f)    the author, recipient, or custodian (as identified in the ALL CUSTODIANS field specified in Attachment A to the Parties' ESI Stipulation) of a document containing the Confidential Discovery Material;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this actionemployee of a Party not identified in subparagraphs 12(a), (c), or (f) whose deposition has been noticed in this litigation or who counsel for the Party in good faith

believes will be called to testify at trial in this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;the NDA, and only Confidential Discovery Material that counsel in good faith believes is directly relevant to the witness's anticipated testimony is disclosed to the witness; this provision does not preclude the Producing Party from objecting to or moving to preclude disclosure to any witness, or from seeking amendment of this provision in the future.

(h)     any Expert and their respective staff, provided the Expert is not a past or current employee of a Party or of a Party's competitor (or at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor), the disclosure is reasonably necessary for this litigation, and the Confidential Discovery Material is disclosed only after the notice procedure set forth in paragraph 15 has been followed, and such Expert and their respective staff have first executed the NDA;

(hi)    stenographerscourt reporters and videographers engaged to transcribeby the Parties with respect to depositions conducted in this action, provided such persons have first executed the NDA; and

(ij)    this Court, including any appellate court, and the court reporters and support personnel for the same.; and

(k)     any other person mutually agreed upon in writing among the Parties, but only if such person has first executed the NDA; and

13.     No person subject to this Protective Order other than the Producing

**Party shall disclose any of the Discovery Material designated by the Producing Party as "Highly Confidential – Attorneys' Eyes Only" to any other person whomsoever, except to:**

> **(a)    the persons identified in subparagraphs 12(b), (d), (e), (f), (h), (i), (j), and (k); and**

> **(b)    one in-house counsel who is a member in good standing of at least one state bar and actively working on this litigation, provided that such in-house counsel will be designated in writing and disclosed by name and position to the opposing Party(ies), and provided such persons have first executed the NDA.**

~~7~~14.    Prior to any disclosure of any Confidential Discovery Material to any person ~~referred to in subparagraphs 6(d), 6(f) or 6(g) above~~**who is required to sign the NDA hereunder**, such person shall be provided by counsel with a copy of this Protective Order and shall sign ~~a Non-Disclosure Agreement in the form annexed as an Exhibit hereto~~**the NDA** stating that ~~that~~**the** person has read this Protective Order and agrees to be bound by its terms.**[2]**   Said counsel shall retain each signed ~~Non-Disclosure Agreement, hold it in escrow,~~**NDA** and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or ~~at the conclusion of the case~~**within 30 days after final disposition of this litigation by settlement or exhaustion of all appeals ("Final Disposition")**, whichever comes first.

---

**[2] In the event a non-party witness is authorized to receive Confidential Discovery Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Protective Order to receive such Confidential Discovery Material, the attorney must provide, prior to commencement of the deposition, an executed NDA. In the event such attorney declines to sign the NDA, the Producing Party, by its attorneys, shall seek a protective order from the Court (which the other Parties will not unreasonably oppose) prohibiting the attorney from disclosing Confidential Discovery Material in order for the deposition to proceed.**

15.    Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, a Party that seeks to disclose to an Expert or their staff any Discovery Material designated by the Producing Party as "Highly Confidential—Attorneys' Eyes Only" must comply with the following procedure:

(a)    Make a written request to the Producing Party that (1) identifies the general categories of "Highly Confidential—Attorneys' Eyes Only" Discovery Material that the Receiving Party seeks permission to disclose, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding four years,[3] and (6) identifies (by name and number of the case, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at trial or by deposition, during the preceding four years.

(b)    A Party that makes such a request may disclose the "Highly Confidential—Attorneys' Eyes Only" Discovery Material to the identified Expert unless, within 14 days of delivering the request,

---

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Confidential Discovery Material to the Expert shall be available to meet and confer with the Producing Party regarding such engagement.

14

**the Party receives a written objection from the Producing Party. Any such objection must set forth in detail the grounds on which it is based.**

(c)    **A Party that receives a timely written objection must meet and confer with the Producing Party to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Rules of Practice in Civil Cases.**

(d)    **A Party who has not previously objected to disclosure of "Highly Confidential—Attorneys' Eyes Only" Discovery Material to an Expert or whose objection has been resolved with respect to previously produced "Highly Confidential—Attorneys' Eyes Only" Discovery Material shall not be precluded from raising an objection to an Expert at a later time with respect to such material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above, provided that litigation efficiencies and expended resources will be considered in attempting to resolve the issue.**

~~8~~16.    Any Party who objects to any designation ~~of confidentiality~~**provided for herein** may at any time prior to the trial of this action serve upon counsel **of record** for the ~~designating person~~**Producing Party** a written notice stating with particularity the grounds of the objection. If the Parties **to this litigation** cannot reach agreement ~~promptly~~**within 21**

**days of the initial notice of the challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier**, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual ~~Practices~~**Rules of Practice** in Civil Cases. **All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Applicable Designation designated by the Producing Party until the Court rules on the challenge.**

~~9.      Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practices in Civil Cases.~~

~~10~~**17**.    A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within ~~two business days of receiving the~~**a reasonable time period of a Party identifying such Discovery Material that it would otherwise produce in response to a discovery** request, the ~~receiving~~**Producing** Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the ~~receiving~~**Producing** Party seeks a protective order or other relief from this Court within 21 days of that notice, the ~~receiving~~**Producing** Party shall produce the information responsive to the discovery request but may affix ~~the appropriate controlling designation~~**an Applicable Designation as set forth herein**.

**18.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Producing Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Producing Party shall:**

(a) **Promptly notify in writing the Requesting Party and Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;**

(b) **Promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and**

(c) **Make the information requested available for inspection by the Non-Party.**

**If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request but may affix an Applicable Designation as set forth herein. If the Non-Party timely objects or seeks a protective order, the Producing Party shall not produce the information at issue before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its confidential information.**

~~11~~19.  Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure **(and not obtained in violation of this Protective**

Order).

~~12~~20.  Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process~~, or~~ **issued by a court, arbitral, administrative, or legislative body, or** if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request~~, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.~~ **must:**

> **(a) promptly notify in writing the Producing Party, including a copy of the subpoena or court order, when such notification is not prohibited by law;**

> **(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, including a copy of, or direct reference to the case name and docket number for, this Protective Order; and**

> **(c)  make good faith efforts to cooperate with any reasonable procedures sought to be pursued by the Producing Party whose Confidential Discovery Material may be affected.**

**If the Producing Party timely[4] seeks a protective order, the Party served with the subpoena or court order shall not produce any Confidential Discovery Material before a**

---

**[4] The Producing Party shall have at least 14 days from the service of the notification pursuant to paragraph 20(a) to seek a protective order, unless the court or applicable rules provide otherwise.**

**determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Confidential Discovery Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.**

~~13~~21.  All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4(B) of this Court's Individual ~~Practices~~**Rules of Practice** in Civil Cases. **No Receiving Party will publicly file a Producing Party's Confidential Discovery Material without following the Court's procedure for seeking sealed treatment of such Confidential Discovery Material and awaiting the Court's resolution, unless the Parties otherwise agree. In furtherance of Rule 4(B)(iii)(a), a Receiving Party who seeks to file Confidential Discovery Material designated by another Producing Party shall meet and confer with the Producing Party in advance of the filing to discuss and potentially narrow the scope of the sealing request**. No person may file with the Court redacted documents **(except as provided in Rule 4(B) of this Court's Individual Rules of Practice in Civil Cases or other applicable rule)** or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application**,** or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential

Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

~~14~~22.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

~~15~~23.  Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

~~16~~24.  Each person who has access to **Confidential** Discovery Material ~~that has been designated as Confidential~~ shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. **Without the written permission of the Producing Party or by further order of the Court, Confidential Discovery Material shall not be copied or otherwise reproduced by a Receiving Party, except for transmission to qualified recipients under this Protective Order; by outside counsel or their staff for use in depositions, court papers court proceedings, or as otherwise permitted hereunder; or for other uses permitted by this Protective Order.**

**25.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed  Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the NDA. If a**

Receiving Party or person authorized to access Confidential Discovery Material ("Authorized Recipient") discovers any loss of Confidential Discovery Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Discovery Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to Producing Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

26.    When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or protection as trial-preparation material, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If information is produced in discovery that is subject to a claim of privilege or of work product protection, the Party making the claim may notify each Receiving Party of the claim and the basis for it. After being notified, each Receiving Party must promptly return or destroy the specified information and any copies it has. If the Receiving Party challenges a Producing Party's claim of privilege or work product protection, the Receiving Party may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim. In the event of an order for in-camera review, the Producing Party would be responsible for presenting the information to the Court. The Producing Party shall bear the burden of establishing the privileged or protected nature of the document(s). In addition, information that contains privileged matter or protected work product shall be

**immediately returned if such information appears on its face to have been inadvertently produced. Any disclosure of communications, information, or documents covered by the attorney-client privilege or work product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing Party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work product protection over disclosed communications, information, and documents. The foregoing provisions do not preclude a Party from arguing that affirmative use by the Producing Party of communications, information, or documents covered by the attorney-client privilege or work product protection should or should not constitute a waiver. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of communications, information, or documents for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.**

~~17~~**27**. ~~Any~~**The person producing any given Discovery Material shall make diligent efforts to redact all** Personally Identifying Information ("PII") (*e.g.,* social security numbers, **tax identification numbers, names of minor children, dates of birth,** financial account numbers, **home addresses,** passwords, ~~and~~**or other** information that may be used for identity theft)**, except to the extent disclosure of such information is necessary to the claims or defenses of any Party to this case. Redactions for PII shall be clearly marked as such. For PII that is** exchanged in discovery**, PII** shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, ~~she,~~

he, ~~she,~~ or it shall immediately notify the ~~producing person~~**Producing Party** of the same and cooperate with the ~~producing person~~**Producing Party** to address and remedy the breach **as outlined in paragraph 25**. Nothing herein shall preclude the ~~producing person~~**Producing Party** from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the ~~receiving person's~~**Receiving Party's** failure to appropriately protect PII from unauthorized disclosure.

**28.    The Parties acknowledge the sensitivity of personal information, including names, email addresses, and phone numbers that could be used to identify individual employees, contractors, or other personnel involved in the sending, receiving, implementation, and enforcement of Digital Millennium Copyright Act ("DMCA") policies and notices of infringement (collectively, "Protected Personnel"). In order to guard against doxing, swatting, or other targeting against such individuals, in addition to the categories of information that may be redacted in filings pursuant to Rule 4(B) of this Court's Individual Rules of Practice in Civil Cases, the Parties agree to redact the names, email addresses, and phone numbers of Protected Personnel from publicly filed documents unless the Court orders the public disclosure of such information. The Parties agree to timely exchange lists of the names, email addresses, and phone numbers of Protected Personnel and provide supplemented lists throughout the litigation as necessary. The Parties agree to apply redactions for information personally identifying the Protected Personnel disclosed by all Parties (e.g., names, email addresses, and phone numbers) before publicly filing any such documents.**

**29.    This Order is entered without prejudice to the right of any Party, either by agreement with other Parties, or by applying to the Court if agreement cannot be reached among the Parties, to extend additional protection, or to reduce or rescind the restrictions of this Protective Order, when convenience or necessity requires.**

Furthermore, without application to the Court, any Party that is a beneficiary of the protections of this Protective Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Protective Order even if the conduct subject to the release would otherwise violate the terms herein.

30.    By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

31.    The identification or agreed upon treatment of certain types or categories of Discovery Material reflected herein does not reflect agreement by the Parties that the disclosure of such categories of Discovery Material is required or appropriate in this action. The Parties reserve the right to argue that any particular category of Discovery Material should not be produced.

32.    Disclosure of Confidential Discovery Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Confidential Discovery Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Confidential Discovery Material shall comply with all applicable export control statutes and regulations. See, e.g., 15 C.F.R. § 734. No Confidential Discovery Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to Confidential Discovery Material (including copies) in physical

and electronic form. The viewing of Confidential Discovery Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Confidential Discovery Material, to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

33.    A Party shall provide a minimum of two business days' notice to the Producing Party in the event that a Party intends to use the Producing Party's Confidential Discovery Material during any hearing or trial. Subject to any challenges regarding the designation of Confidential Discovery Material, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Confidential Discovery Material.

~~18~~34.    ~~This~~Nothing in this Protective Order shall ~~survive the termination of the litigation. Within 30 days of the final disposition of this action, all~~preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Confidential Discovery Material~~designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.~~, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Confidential Discovery Material other than as permitted under this Protective Order.

35.    Any person in possession of Confidential Discovery Material will

maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Confidential Discovery Material. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Confidential Discovery Material solely to personnel and purposes authorized by this Protective Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Confidential Discovery Material, and take reasonable measures to password protect and encrypt Confidential Discovery Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Confidential Discovery Material. If Confidential Discovery Material is to be used during a deposition, the Producing Party shall be permitted to specify the technology and instance to be used to conduct the deposition with respect to that Confidential Discovery Material (e.g., for audio/video-conferencing and exhibits). Any deposition testimony or exhibits that reveal Confidential Discovery Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

36.     This Protective Order shall survive the termination of the litigation and its terms shall continue to be binding except with respect to that Confidential Discovery Material that becomes a matter of public record. Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 days after the Final Disposition of this litigation, each Receiving Party must return all Confidential Discovery Material to the Producing Party or destroy such material. As used in this paragraph, "all Confidential Discovery Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of Confidential Discovery Material.

**Whether the Confidential Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 60-day deadline that (1) identifies all the Confidential Discovery Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, outside counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, as well as their correspondence and attorney work product which refers or is related to any "Confidential" and "Highly Confidential – Attorneys' Eyes Only" information for archival purposes only. In addition, this provision shall not require the return or destruction of Confidential Discovery Material from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Discovery Material, but such retained information shall continue to be treated in accordance with the Order and destroyed in due course.**

**37.     Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, even if prior to entry of this Protective Order by the Court.**

~~19~~38.  All persons subject to this Protective Order acknowledge that ~~willful~~any violation**, willful or otherwise,** of this Protective Order could subject them to **sanctions,**

punishment for contempt of Court**, or any other remedies as appropriate, as ordered by the Court**. This Court shall

retain jurisdiction over all persons subject to this Protective Order to the extent

necessary to enforce any obligations arising hereunder or to impose sanctions for any

contempt thereof. **All disputes concerning Confidential Discovery Material produced**

**under the protection of this Protective Order shall be resolved by this Court if the**

**parties are unable to resolve such disputes between themselves.**

     **39.     This Order shall be binding upon and inure to the benefit of the Parties'**

**successors-in-interest.**

SO STIPULATED AND AGREED.

_____       _____

_____       _____

Dated:                                         Dated:

SO ORDERED.

Dated:

New York, New York

JENNIFER L. ROCHON

United States District Judge

## UNITED STATES DISTRICT COURT
## **FOR THE** SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,** | |
| ~~Plaintiff(s)~~**Plaintiffs**, | **Civil Action No. 24**-cv-**04274**- ~~(JLR)~~ **JLR-BCM**~~NON-DISCLOSURE AGREEMENT~~ |
| ~~-against-~~ **v.** | |
| **GOOGLE LLC,** | |
| Defendant~~(s)~~. | |

### **NON-DISCLOSURE AGREEMENT**

~~JENNIFER L. ROCHON, United States District Judge:~~

I, _____, acknowledge that I have read and understand the **Stipulated** Protective Order **("Order")** in this action governing the non-disclosure of ~~those portions of Discovery Material that have~~**discovery material that has** been designated as **"**Confidential**" or "Highly Confidential—Attorneys' Eyes Only" ("Confidential Discovery Material")**. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and **as permitted by the Order, and** that at the conclusion of the litigation**,** I will either return all ~~discovery information~~**Confidential Discovery Material** to the party or attorney from whom I received it, or**,** upon permission of the ~~producing party~~**Producing Party**, destroy such ~~discovery information~~**Confidential Discovery Material**. By acknowledging these obligations under the ~~Protective~~ Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder**,** and that my willful violation of any term of the ~~Protective~~

Order could subject me to punishment for contempt of Court.

Dated: _____

**Name**

**Company, Title**