# EXHIBIT A

Case 1:24-cv-04274-JLR    Document 87-1    Filed 03/07/25    Page 1 of 8

**Tomkowiak, Sarah (DC)**

| | |
|---|---|
| **From:** | Jeff Kane <JKane@oandzlaw.com> |
| **Sent:** | Wednesday, March 5, 2025 4:51 PM |
| **To:** | Bladow, Laura (DC); Damle, Sy (DC-NY); Murphy, Brent (DC); Sampoli, Sara (DC); Stillman, Alli (NY); Tomkowiak, Sarah (DC); Victorson, Holly (DC); Wetzel, Joe (Bay Area) |
| **Cc:** | Uriel Lee; Kevin Lindsey; Michele Murphy |
| **Subject:** | Re: Cengage v. Google - Production Schedule |

Counsel,

First, Plaintiffs are pleased that Defendant has agreed to Plaintiffs' proposal that privilege logs for most productions shall be due two weeks after the production is made. In your letter to the Court, you may report that Defendant has accepted Plaintiffs' proposal on that issue. With respect to productions made within two weeks of the substantial completion date, the one-week deadline you propose is too long. As a compromise, Plaintiffs propose a deadline of two business days after such productions.

Second, a July 1, 2025 substantial completion date for all documents is not workable. As we've explained, in order for the parties to take forty fact depositions (a number that Defendant requested) and five 30(b)(6) depositions by September 29, 2025, depositions will need to begin in mid-July at the very latest. Plaintiffs expect that if the substantial completion date is July 1, and there are no interim deadlines, Defendant will produce most documents on July 1 or later; that is what Defendant's conduct thus far indicates. For example, Defendant has only produced 188 documents to date. It missed the first court-ordered deadline for merchant account information (a deadline Defendant itself picked) by seven days. And despite agreeing to produce its DMCA policy promptly once the Court entered the protective order, waited three weeks to do so (after multiple follow-up emails from Plaintiffs). If Defendant follows this pattern and waits until July 1 to produce most documents, that will leave just two weeks for Plaintiffs to review those documents, follow up with Defendant about any gaps or issues, and to obtain additional documents, all while preparing for imminent depositions. July 1 is far too late; June 1 is the latest feasible substantial completion date for those documents not covered by the Court's prior order.

Further, as Plaintiffs explained during the February 27 conferral, a substantial completion deadline, without interim deadlines, will not ensure that Defendant meets its discovery obligations in time for depositions. Defendant has claimed all along that it will make rolling productions. But Defendant has not done so; it has produced less than 200 documents in six months. Indeed, setting aside the publicly-available web pages Defendant produced, Defendant has produced only *seven* documents in six months. Plaintiffs cannot rely on a vague and unenforceable promise from Defendant that going forward, Defendant will do better.

Your prediction that a July 1 substantial completion date, without interim deadlines, will give Plaintiffs "ample time" to follow up on issues concerning Defendant's production is also inconsistent with Defendant's conduct to date. So far, Defendant has been painfully slow to respond to Plaintiffs' reasonable and necessary follow-up about Defendant's productions (where it has responded at all). Defendant produced its DMCA policy on February 7, and waited nearly three weeks to respond to basic follow-up questions from Plaintiffs, such as whether Defendant will produce documents to which the policy itself links. *See, e.g.*, O+Z 2025.02.28 Email. Similarly, Defendant produced a list of relevant merchant accounts on February 14, and two weeks after Plaintiffs notified Defendant of obvious and undisputed gaps in its production, Defendant has yet to fill these gaps.

Having no serious basis for refusing to agree on (or even to negotiate) interim deadlines, you instead complain about process. But your complaints misstate the facts. In our prior correspondence, you did not say that you "would discuss the topics in your letter motion with the client early this week and circle back." Latham 25.03.04 Email. Rather, as to the overwhelming majority of our proposal (i.e., every interim date for productions), you said Defendant's refusal was "non-negotiable" and that there was "zero chance" of an agreement. 25.02.27 Meet-and-Confer. Only as to the substantial completion date and the deadline for privilege logs did you offer to discuss the issue with your client. And even as to those, you declined to commit to a date by which you would provide Defendant's position. Further, once you did provide your client's position, you made a proposal so riddled with caveats and hedges as to be all but meaningless. 2025.03.04 Latham Email (proposing a July 1 substantial completion date, but stating that "a number of future developments could render that deadline impractical or impossible to meet," and reserving the right to modify the substantial collection date "to the extent that unforeseen circumstances or issues with the data collection and review process arise.").

It is thus Defendant, not Plaintiffs, who failed to "engage in a meaningful dialogue, in an attempt to resolve any discovery issues." J. Rochon Individual Rule 2(E). If Defendant now wishes to have a good-faith conferral about interim deadlines, Plaintiffs stand ready to do so. In the meantime, if Defendant intends to include in its opposition to Plaintiffs' motion a discussion of the parties' correspondence, we expect Defendant will describe the position Defendant actually took, not the position Defendant now wishes it had taken.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com

---

**From:** Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>
**Date:** Tuesday, March 4, 2025 at 17:30
**To:** Jeff Kane <JKane@oandzlaw.com>, Laura.Bladow@lw.com <Laura.Bladow@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Brent.Murphy@lw.com <Brent.Murphy@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Uriel Lee <ULee@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>
**Subject:** RE: Cengage v. Google - Production Schedule

Jeff,

We were disappointed to see that Plaintiffs went ahead and filed a letter motion today, after we previously disclosed that our client was at a conference last week, and that we would discuss the topics in your letter motion with the client early this week and circle back.  We fail to see how your conduct satisfies the "good-faith conference" required by Rule 2.E of Judge Rochon's Individual Rules of Practice, which clarifies that the moving party must have made "efforts to engage in a meaningful dialogue, in an attempt to resolve any discovery issues," *before* raising a discovery dispute with the Court.

We now have our client's approval to propose a substantial completion deadline of July 1, 2025.  At this time, based on the scope of discovery that Google has agreed is relevant and proportional to this case, Google believes that it can meet

that deadline, which should give the parties ample time to review each side's productions and prepare for depositions. Of course, a number of future developments could render that deadline impractical or impossible to meet. Google reserves the right to seek to modify that deadline, including, for example, to the extent that the parties' ongoing discovery disputes result in Google agreeing or being ordered to collect, review and produce a substantially higher volume of documents than Google currently anticipates, or to the extent the fact discovery schedule is modified by the Court, or to the extent that unforeseen circumstances or issues with the data collection and review process arise. And Google anticipates that both parties may produce a limited number of documents after the substantial completion deadline, including, for example, if the existence or relevance of additional documents becomes known in connection with depositions or to comply with a Court order.

Google can also agree to Plaintiffs' proposal that privilege logs for any production will be served two weeks after the production is made. For the production that constitutes the party's final production toward substantial document completion, Google proposes that the parties serve their final privilege log one week after the production is made.

We hope that the above resolves this issue so that we can remove an unnecessary dispute from the Court's docket. Please let us know if it is acceptable to Plaintiffs by 5:00 pm ET tomorrow. If we do not hear from you, we will file our notice of intent to respond to Plaintiffs' letter motion, as required.

Best,

**Sarah A. Tomkowiak**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2335 | M: +1.217.417.3312

---

**From:** Tomkowiak, Sarah (DC)
**Sent:** Friday, February 28, 2025 11:24 AM
**To:** 'Jeff Kane' <JKane@oandzlaw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>
**Subject:** RE: Cengage v. Google - Production Schedule

Counsel,

As usual, your memorialization of our discussion is incomplete and inaccurate. In particular, excerpting and purporting to quote two phrases from that conversation is misleading. We did in fact, "discuss" your proposed interim document production deadlines. I explained why deadlines of that nature are impractical and inconsistent with the nature of large-scale document collection, review and production. In any event, we agree that Defendant is not going to agree to that aspect of your proposal.

I did note that the client was at a conference this week and thus we were not able to get client approval for any firm positions as of our conversation yesterday. I also noted that we were endeavoring to discuss a deadline for substantial completion of document production and deadlines for privilege logs with the client by early next week.

And yes, you made clear that if we don't make meaningful progress – and I suppose you will be the one to arbitrarily determine that – by Monday March 3, you would raise the issue with the Court, regardless if you have heard back from us or not.

**Sarah A. Tomkowiak**

3

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2335 | M: +1.217.417.3312

---

**From:** Jeff Kane <JKane@oandzlaw.com>
**Sent:** Thursday, February 27, 2025 4:24 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>
**Subject:** Re: Cengage v. Google - Production Schedule

Counsel,

We write to memorialize the takeaways from our discussion this morning. You stated that Defendant is not willing to agree to, or to discuss, any interim document production deadlines between now and a substantial completion date. You described this issue as "non-negotiable," saying there is "zero chance" of an agreement. We described why these deadlines are critical: Defendant has said all along it will make rolling productions and yet has produced less than 200 documents.

You represented that Defendant might be willing to agree to a substantial completion date for document productions. You did not make a proposal for a substantial completion date, although you mentioned June or July. We noted that it should be June, except for the documents that are due on July 1 under the existing Court order. You stated that Defendant does not wish to agree to, or negotiate, a completion date for document production. You instead suggested that the parties agree that the substantial completion date will represent the due date for some 99% of all documents, subject only to outlier issues such as requests that arise out of depositions, additional issues that come up through privilege review, or issues that the parties are still negotiating. We said if the substantial competition date is sufficiently early and the parties reach an agreement in writing about what it means, Plaintiffs might agree to forego a final competition date.

As to privilege logs, you stated that Defendant might agree to a deadline of two weeks after each rolling production for the issuance of a privilege log for that production. You stated Defendant would not agree to produce privilege logs simultaneously with any document production, even for documents produced on the substantial completion date.

You stated that you have not discussed these issues with your client. You explained that your client is at a conference this week, and that you may be able to discuss the issue of a substantial completion date and privilege logs with your client next week, if the client is available.

Plaintiffs reiterated that if the parties do not make meaningful progress on a production schedule by Monday March 3, Plaintiffs intend to raise this issue with the Court promptly thereafter.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com

4

**From:** Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>
**Date:** Wednesday, February 26, 2025 at 10:39
**To:** Jeff Kane <JKane@oandzlaw.com>, Laura.Bladow@lw.com <Laura.Bladow@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Brent.Murphy@lw.com <Brent.Murphy@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>
**Subject:** RE: Cengage v. Google - Production Schedule

Counsel,

Your email ignores that during the initial months of discovery, the parties were, among other discovery-related tasks: negotiating a protective order, negotiating an ESI protocol, meeting and conferring – multiple times at Plaintiffs' request – over voluminous RFPs, briefing and preparing for two hearings on the threshold "related merchants" dispute, and negotiating search terms and custodians for custodial collection and productions (which is ongoing). This is a typical pace for discovery in a complex case and consistent with the schedule in place, regardless if Plaintiffs desire that it go faster. And we disagree that you can draw the conclusion that Defendants will not meet the current discovery deadlines based solely on the status of Defendants' document production seven months out from the close of fact discovery.

We note that Plaintiffs also have not produced a single email or communication of any kind beyond email notices of infringement (which presumably Plaintiffs had prepared even before the filing of this case), even though we expect Plaintiffs will be producing documents and communications regarding, e.g., Plaintiffs' author agreements, work plans, and internal development of its enforcement strategies and practices. Indeed, even though Plaintiffs agreed in October to produce information "sufficient to establish Plaintiff's ownership of or exclusive rights in that Asserted Work, including author agreements and other agreements establishing Plaintiff's ownership if the copyright claimant is someone other than Plaintiff," Plaintiffs have not yet produced a single author agreement—a basic requirement for Plaintiffs to make a *prima facie* case.

As we have indicated before, we are happy to discuss a date for substantial completion of document production by all parties, and we are also willing to see whether we can reach an agreement on the process by which the parties will produce privilege logs in this case.

We are available to meet and confer on this topic at 11-11:30 am ET on Thursday, Feb. 27. Please send a calendar invite at your convenience.

Best,

**Sarah A. Tomkowiak**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2335 | M: +1.217.417.3312

**From:** Jeff Kane <JKane@oandzlaw.com>
**Sent:** Monday, February 24, 2025 2:16 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>;

5

Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>
**Subject:** Cengage v. Google - Production Schedule

Counsel,

Plaintiffs are extremely concerned about the glacial pace of Defendant's discovery in this case. Since discovery began nearly six months ago, Defendant has produced only 188 documents. Of those, 181 are simply screenshots of publicly-available pages from Defendant's website. Fact discovery (including depositions) is scheduled to close on September 29, 2025. Dkt. 84 ¶ 19. Working backwards from that date, the Case Management Plan allows each side to take twenty fact depositions, plus 30(b)(6) depositions. *Id.* at ¶ 7(e). Completing those forty-plus depositions will take at least two-and-a-half to three months. This means that document production must be completed by July 1, 2025 at the very latest (with the bulk of productions completed before that) in order for the parties to issue 30(b)(6) notices and conduct depositions.

At present, Defendant is not within driving distance of completing its productions in time to meet the current discovery end-date. Defendant has produced no documents, or nearly no documents, on some of the most important topics of this case: Defendant has produced no emails or communications of any kind (i.e., no internal communications and no communications with the pirate merchants); hardly any documents concerning its trademark policies (one of the four counts in the case); only one publicly-available document about the digital books ban (the subject of at least two claims in the case); only two documents on Defendant's DMCA policy (Defendant's primary affirmative defense in this case); and no data on Defendant's DMCA program beyond the merchants implicated in Plaintiffs' notices (i.e., how many infringement notices Defendant received and how many merchants Defendant terminated).

Accordingly, Plaintiffs must insist that the parties agree to a production schedule. In the attached,, Plaintiffs outline a schedule for making productions on a rolling basis so as to complete document production by July 1, 2025. In the interest of fairness, and without waiving any objections, Plaintiffs include a schedule for their own productions (excluding the RFP for which Plaintiffs already have substantially completed their productions). For both sides, several of the RFP listed are the subject of ongoing negotiations. The attached dates reflect the deadline for production of what information the parties agree or ultimately to produce. We have excluded those RFP to which the producing party has refused to produce documents altogether. However, the exclusion from this list should not be construed to mean that such documents need not be produced.

The attached dates represent substantial completion dates for each category. While it is to be expected that some additional documents may be produced after each deadline, the production for each category should be at least substantially completed by the specified date.

Of course, Plaintiffs are willing to discuss the details of this schedule, including which documents are most feasible to produce by which deadlines. But the current pace of discovery from Defendant simply will not complete discovery in accordance with the (already-extended) discovery end-date. If the parties do not make substantial progress on agreeing to a production schedule by Monday, March 3, Plaintiffs will take up this issue with the Court promptly thereafter.

The two sides currently have meet-and-confers scheduled for Tuesday, February 25 at 2pm and Thursday, February 27 at 1:30pm. We are available to discuss the production schedule at either of those times. In addition, we are available on Tuesday, February 25 from 12:15pm–4:00pm, on Wednesday, February 26 from 9:30am–12:00pm, and on Thursday, February 27 from 9:30am–4:30pm, and Friday February 28 from 10:15am–2:00pm and 3:30pm–4:30pm.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

7