**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

March 13, 2025

<u>**VIA ECF**</u>

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

> Re: *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Letter Motion to Seal March 17 Conference</u>

Dear Judge Rochon:

  We represent Defendant Google LLC in the above-captioned matter. The Court has scheduled a pre-motion discovery conference to consider Plaintiffs' proposal for a document production schedule in this case, to be held next Monday, March 17 at 11:00 a.m. Dkt. 90; *see* Dkts. 85 & 87.

  On Monday, March 10 at 9:03 p.m., counsel for Plaintiffs emailed counsel for Google to inform them for the first time that Plaintiffs' counsel may reference seven documents that Google has marked Highly Confidential/Attorneys' Eyes Only. On March 11, Google's counsel sought clarification about how Plaintiffs intended to use these documents at the hearing. Google's counsel asked Plaintiffs whether they could commit not to divulge the content of any of the documents they identified, and instead to limit any discussion to nonsubstantive references—for example, referencing the documents' existence without characterizing their substance, or describing them at a high level of generality (e.g., "a copy of Google's DMCA policy"), as Plaintiffs have already done in the Attorney Declaration of Jeff Kane attached to Plaintiffs' letter motion. *See* Dkt. 85-2.

  Plaintiffs' responded that they could not commit to refrain from characterizing the substance of these documents or divulging their contents. Plaintiffs stated that they anticipate they may need to reference the content of the documents—including the specifics of Google's Digital Millennium Copyright Act (DMCA) policies—in response to a question from the Court or in response to an argument from Google.

  It remains Google's position that a discussion of the substance or content of the documents that Plaintiffs identified in their email is wholly unnecessary to resolve the parties' dispute regarding Plaintiffs' proposed production schedule. The only potentially relevant facts involving those documents—the number and nature of what Google has produced to date—is not in dispute. There is no need for Plaintiffs to divulge any confidential information from these documents by discussing them in more detail than Plaintiffs have already done in the Attorney Declaration of

**LATHAM&WATKINS**LLP

Jeff Kane attached to Plaintiffs' letter motion.  *See* Dkt. 85-2.  Google therefore believes that its proposed solution to refrain from discussing any content remains the common sense one.

In light, however, of the impending hearing date, the threat of disclosure of Google's highly sensitive business information, and out of an abundance of caution, Google is now forced to request that the Court seal the March 17 conference.  Each of the documents that Plaintiffs identified in their email implicate Google's highly sensitive and confidential business information, and Google would be harmed by Plaintiffs' unilateral disclosure of that information to the public.  For example, certain of the documents Plaintiffs have identified are internal DMCA policies for Google's Shopping and Ads platforms, which address (among other things) how Google identifies repeat infringers and enforces the policy.  Google has strong business reasons for maintaining the confidentiality of its DMCA policies.  If made public, they may provide a roadmap to nefarious actors to evade detection as a "repeat infringer" by Google.  By way of another example, certain of the documents are voluminous spreadsheets containing information about Google's enforcement decisions and policies related to tens of thousands of Google merchants, some of whom are not connected in any way to this litigation.

Courts in this district routinely recognize that maintaining the confidentiality of this kind of proprietary business information and sensitive customer information is a legitimate basis for sealing.  *See, e.g.*, SEC v. Telegram Grp. Inc., 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *City of Providence v. BATS Glob. Mkts., Inc.*, 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022) (sealing "confidential customer information"); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (compiling cases reaching similar result).

As a result, given Plaintiffs' refusal to commit not to divulge this information at the March 17 hearing, Google respectfully requests that the Court seal that hearing.  The hearing should be limited to (1) the parties' counsel of record, and (2) individuals with access to these Google documents marked Highly Confidential/Attorneys' Eyes Only under the Protective Order (PO).  The public phone line should be disabled.

To accommodate clients who may wish to observe (but not participate in) the hearing in the absence of a public phone line, Google proposes the following modification of the Court's usual procedures:  Google proposes that the parties may submit a joint letter to the Court listing the name, affiliation, telephone number and email address of no more than one individual who is authorized under the PO to access these materials for each party.

The PO, Dkt. 82, states that "the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Confidential Discovery Material."  Google shared a copy of this letter with Plaintiffs on March 13.  Plaintiffs provided the below two-paragraph response.

Plaintiffs do not oppose Defendant's motion to hold the upcoming discovery hearing under seal. Plaintiffs currently do not anticipate referencing confidential materials as part of Plaintiffs' "affirmative" argument. However, it may be necessary to reference such materials in response to

**LATHAM&WATKINS**LLP

arguments that Defendant makes, or in response to questions from the Court. For example, part of Plaintiffs' concern about the pace of Defendant's productions is that even those materials Defendant has produced contain significant gaps, which Defendant has failed to fill. In order to explain what those gaps are, it may be necessary to explain the content of the documents Defendant has produced. Relatedly, some of these gaps are made apparent by confidential statements in the documents Defendant produced. More generally, the Court naturally may inquire as to whether the few documents Defendant has produced so far indicate progress in discovery. To explain what has been produced and why it is insufficient, it may be necessary to describe the contents of those documents. In our correspondence with Defendant so far, Defendant has indicated that they consider such descriptions to be confidential under the protective order. But not allowing Plaintiffs to reference these materials could leave the Court without full information with which to make its decision.

Plaintiffs add that if the hearing initially is held under seal, Plaintiffs expect that only a portion of the discussion will need to remain under seal. That is, the transcript likely could be made public with only minimal redactions. Plaintiffs expect that the parties could commit to providing those redactions to the Court promptly after receipt of the transcript, so that the balance of the hearing can be made available to the public soon after the transcript becomes available.

We thank the Court for its consideration of this request.

Respectfully,

*/s/ Sarah A. Tomkowaik*
Sarah A. Tomkowiak
of LATHAM & WATKINS LLP

cc:     All Counsel of Record (via ECF)