Sarah A. Tomkowiak
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

**LATHAM & WATKINS LLP**

March 24, 2025

<u>VIA ECF</u>

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re: *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
<u>Notice of Supplemental Authority in Support of Google's Motion to Dismiss</u>

Dear Judge Rochon:

    We represent Defendant Google LLC in the above-captioned matter. We write to inform the Court of a recent decision that bears on the issues in Google's pending Motion to Dismiss the Amended Complaint (Dkts. 43–44).

    In Google's Motion, Google explained that Plaintiffs' state-law deceptive business practices claim is preempted by the Copyright Act and the Lanham Act. *See* Dkt. 44 at 19–20. Another judge in this District recently reached a similar result in another copyright infringement suit related to the film *Tetris*, concluding that the plaintiff's state-law unfair competition claim was preempted by the Copyright Act. *See Ackerman v. Pink*, No. 23-cv-6952, 2025 WL 716678, at *13–14 (S.D.N.Y. Mar. 6, 2025). A copy of that decision is attached as Exhibit A.

    There, as here, the plaintiff asserted a state-law claim premised on the same underlying facts as an accompanying copyright infringement claim, which the defendants moved to dismiss as preempted. *Id.* at *14. Like Plaintiffs here, the plaintiff argued that his claim was not preempted because it involved an "extra element" of bad faith. *Id.* But the court observed that the "Second Circuit 'takes a restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim'" *Id.* (citation and alteration omitted). And it concluded that the plaintiff's "allegations did not transform an otherwise equivalent claim" and therefore that the plaintiff's state-law claim was preempted. *Id.* (citing *ML Genius Holdings LLC v. Google LLC*, No. 20-3113, 2022 WL 710744, at *5 (2d Cir. Mar. 10, 2022)).

    The Court should reach the same result here. As Google explained in its motion, Plaintiffs' state-law claim is qualitatively identical to their copyright and Lanham Act claims. The Court should therefore dismiss Plaintiffs' state-law claim as preempted.

LATHAM&WATKINS LLP

                                              Respectfully,

                                              */s/ Sarah A. Tomkowiak*
                                              Sarah A. Tomkowiak
                                              of LATHAM & WATKINS LLP

cc:      All Counsel of Record (via ECF)