

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

March 25, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
    Response to Defendant's Notice of Supplemental Authority

Dear Judge Rochon:

      We represent Plaintiffs in the above-referenced matter. We write in response to Defendant's Notice of Supplemental Authority concerning Defendant's Motion to Dismiss, Dkt. No. 97.

      Plaintiffs' deceptive trade practices claim alleges that for years, Google has refused to create Shopping Ads for ebooks on behalf of *legitimate* publishers, but *has* created such ads for *pirates*, all while claiming it bans ebook ads from *all* sellers. Amended Complaint, Dkt. 38 ("Am. Compl.") ¶¶ 64–65, 68. Defendant's practice violates New York General Business Law section 349 because the practice is directed at consumers, is materially misleading, and injures Plaintiffs. Plaintiffs' Opposition to Defendant's Motion to Dismiss, Dkt. 45 at 21.

      As Plaintiffs explained in their Opposition, the Copyright Act does not preempt this claim because the claim is distinct from Plaintiffs' copyright infringement claims: it relies on additional facts (Defendant's differing treatment of pirate and legitimate ads), seeks to protect different rights (consumers' right not to be deceived and Plaintiffs' right not to be harmed by that deception), and contains a legal element (conduct that is deceptive, as opposed to merely infringing) not present in the copyright infringement claims. Dkt. 45 at 20–21.

      In a Notice of Supplemental Authority, Dkt. 97, Defendant points the Court to *Ackerman v. Pink*, No. 23-cv-6952, 2025 WL 716678 (S.D.N.Y. Mar. 6, 2025), which in turn relies on *ML Genius Holdings LLC v. Google LLC*, No. 20-3113, 2022 WL 710744 (2d Cir. Mar. 10, 2022). Defendant argues that those courts' conclusions that unfair competition claims were preempted compels the same result here. Dkt. 97. But in both *Ackerman* and *ML Genius*, the plaintiffs argued that the very same conduct that gave rise to the copyright infringement claim likewise gave rise to the unfair competition claim. That is, the unfair competition claim was based *solely* on the infringing conduct. *ML Genius*, 2022 WL 710744, at *5 ("Genius's unfair competition claim is preempted because it is based solely on the allegation that Defendants wrongfully copied and reproduced lyrics from its website."); *Ackerman*, 2025 WL 716678, at *14 ("Plaintiff's unfair competition claim is based on his allegation that Defendants misappropriated his copyrighted work."). Here, Plaintiffs' deceptive practices claim alleges much more than just copyright

Hon. Jennifer L. Rochon
March 25, 2025
Page 2

infringement. It alleges that in addition to advertising pirated ebooks (the infringing act), Defendant *refuses* to advertise *legitimate* ebooks. Am. Compl. ¶¶ 64–65, 68. It is this differing treatment of pirates and legitimate publishers that renders Defendant's conduct deceptive: no Google user looking for a textbook would expect that Defendant was running ads only for a small portion of textbook sellers, while declining ads from an enormous number of sellers. Nor would a textbook *seller* purchasing Shopping Ads for her products expect the market to be flooded with ads from pirated ebooks, to the exclusion of legitimate ebooks. That deception is the "extra element" that makes Plaintiffs' claim "qualitatively different" from a copyright infringement claim. *ML Genius*, 2022 WL 710744, at *3.

Moreover, contrary to Defendant's implication, neither *Ackerman* nor *ML Genius* held that the law is so "restrictive" that deception cannot constitute the "extra element" that defeats preemption. Dkt. 97 (citing *Ackerman*, 2025 WL 716678, at *14). Each case held only that the plaintiff had not adequately *pled* deception. In *Ackerman*, the allegation of deception was that the defendants "used deception to obtain access" to the plaintiff's book. *Ackerman*, 2025 WL 716678, at *14. This was inadequate because the plaintiff had conceded that he sent the book to the defendants voluntarily. *Id.* And in *ML Genius*, the plaintiff alleged that the defendants used deception to access the plaintiff's song lyrics. *ML Genius*, 2022 WL 710744, at *5. But this was inadequate because the complaint alleged that the defendants accessed the lyrics through the plaintiff's public website. *Id*. Here, the deception is clear. Defendant's practice of allowing certain ads from pirate websites but not from legitimate publishers deceives textbook consumers by concealing an entire portion of the textbook market. Am. Compl. ¶¶ 149–50. That "extra element" of deception is found nowhere in the Copyright Act. Plaintiffs' deceptive trade practices claim is not preempted.

Respectfully Submitted,

/s/ *Michele H. Murphy*
Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
Counsel for Plaintiffs