**Sy Damle**
Direct Dial: +1.202.637.3332
sy.damle@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

May 19, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

> Re: *Cengage Learning, Inc., et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Response to Plaintiffs' Newly Raised Supporting Authority</u>

Dear Judge Rochon:

We represent Defendant Google LLC in the above-captioned matter. We write with the Court's permission to respond to the authority that Plaintiffs raised for the first time during the May 15, 2025 oral argument regarding Google's Motion to Dismiss the Amended Complaint (Dkts. 43–44).

As Google explained in its Motion, Plaintiffs' vicarious infringement claim against Google should be dismissed, because (among other reasons), Plaintiffs fail to allege that Google supervises or controls the alleged direct infringements at issue here: the sale and purchase of allegedly infringing ebooks on third-party websites. *See* Dkt. 44 at 7–10; Dkt. 52 at 1–3. A claim for vicarious infringement requires the defendant to have "the right and ability to *supervise* and *control* the infringement, not just affect it." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 805 (9th Cir. 2007); *see also id.* at 803; Dkt. 44 at 8–9 (collecting cases). In its reply brief in support of its Motion, Google explained that the authority on which Plaintiffs relied in their Opposition (Dkt. 45) was inapposite because each case involved claims against an internet service provider that had direct control over the infringement that happened on its own network. *See* Dkt. 52 at 2. Because the direct infringements alleged here occur entirely off of Google's platform, Google cannot "supervise and control" them.

The twenty-year-old case that Plaintiffs raised for the first time at oral argument, *Arista Records, Inc. v. Mp3Board, Inc.*, 2002 WL 1997918 (S.D.N.Y. Aug. 29, 2002), does not command a different result. MP3Board was a site that collected links to sound recording files on the internet. *Id.* at *1. It had direct and extensive involvement in its users' acts of infringement. For instance, it "provided a tutorial offering users instruction in how to locate and download [media] files." *Id.* It also "solicited users to post links on the MP3Board site to other sites containing audio files." *Id.* In response to user requests, "MP3Board personnel personally searched for links to songs and posted the links on [an MP3Board operated] message board, solicited other users to provide the requested works, and obtained and posted passwords to enable users to access certain music files."

LATHAM&WATKINS LLP

*Id.*  In light of that evidence, the Court declined to grant summary judgment to MP3Board on either its contributory infringement or vicarious infringement theories.  *Id.* at *4–11.

The *Mp3Board* decision is distinguishable from this case. In allowing the plaintiffs' vicarious infringement theory, the court relied on evidence that MP3Board had the "right and ability to remove links to infringing works and bar the participation of users who transmitted those infringing files." *Id.* at *11.  Here, there are no allegations that Google links directly to "infringing works," rather than to third-party websites where users must take additional steps to access "infringing works," or that Google's users (either end users or merchants) are using Google's shopping platform to transmit infringing files directly.  It is not reasonable to read the *Mp3Board* court as holding that a search engine's ability to remove links to third-party websites with infringing content means that it can control direct infringement on those sites.  Such a reading would be wholly inconsistent with the later, more persuasive authority cited in Google's brief.  *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173–75 (9th Cir. 2007); *Routt v. Amazon.com, Inc.*, 585 F. App'x 713, 715 (9th Cir. 2014); *Concord Music Grp., Inc. v. X Corp.*, 2024 WL 945325, at *9 (M.D. Tenn. Mar. 5, 2024).

Respectfully,

*/s/ Sarang Vijay Damle*
Sarang Vijay Damle
of LATHAM & WATKINS LLP

*Attorneys for Defendant Google LLC*

cc:   All Counsel of Record (via ECF)