Sy Damle
Direct Dial: +1.202.637.3332
sy.damle@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

**LATHAM & WATKINS LLP**

July 10, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

      Re:    *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
            <u>Letter Motion for Stay Pending Supreme Court's Decision in *Cox*</u>

Dear Judge Rochon:

      We represent Defendant Google LLC in the above-captioned matter.  We respectfully request that the Court stay this case pending the U.S. Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, No. 24-171, 2025 WL 1787701 (U.S. June 30, 2025), which will consider the standards for (i) contributory copyright infringement and (ii) willfulness under 17 U.S.C. § 504(c).[1]  This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).  When exercising that discretion, courts typically weigh the benefits of judicial economy from entering a stay against the potential prejudice to the opposing party from any delay.  *See Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).  Those principles favor granting a stay here.  *See In re Zimmer Prods. Liab. Litig.*, 2021 WL 5963392, at *4 (S.D.N.Y. Dec. 16, 2021) (collecting cases granting stays in similar circumstances).

      <u>**Judicial Economy Favors a Stay.**</u>  The core of Plaintiffs' case is their claim that Google is a willful contributory copyright infringer.  Given the centrality of the contributory infringement claim and Plaintiffs' intent to seek enhanced willfulness damages, the Supreme Court's decision in *Cox* will have a significant, and potentially dispositive, impact on the course of this litigation.

      In *Cox*, various copyright holder plaintiffs sued Cox, an internet provider, for contributory copyright infringement.  *Sony Music Ent. v. Cox Commc'ns, Inc.*, 93 F.4th 222, 227-29 (4th Cir. 2024).  The plaintiffs argued that Cox was a willful contributory infringer because Cox failed to terminate internet service to certain subscribers' accounts after receiving notices that the accounts were used to commit acts of copyright infringement.  *Id.* at 227, 233-37.  The Fourth Circuit agreed.  *Id.*  As the United States explained when urging the Court to grant certiorari, both these theories of contributory liability and willfulness are wrong.  *See* Br. for U.S. as *Amicus Curiae*, *Cox Commc'ns, Inc. v. Sony Music Ent.*, 2025 WL 1533667 (U.S. May 27, 2025).  First, "contributory

---

[1] *See QP Report, No. 24-171*, U.S. Sup. Ct., https://www.supremecourt.gov/qp/24-00171qp.pdf (last visited July 10, 2025).

LATHAM&WATKINS LLP

liability for copyright infringement requires more than knowledge that others have put the defendant's products to infringing uses"—"it requires 'culpable intent' to cause infringement." *Id.* at 10 (citation omitted). When an online service provider's "business model [i]s indifferent to whether its subscribers used the [service] for lawful or unlawful purposes," and there is no evidence the provider "explicitly or implicitly marketed its service as being particularly useful for infringers," or "encouraged subscribers to use [its] service to infringe," the provider's mere "knowledge of [some] actual infringing uses is not enough for liability." *Id.* at 12 (citations omitted and alterations modified). As the United States explained, this position was consistent with recent Supreme Court case law addressing the scope of secondary liability for internet platforms accused of committing other torts. *See id.* at 10 (discussing *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023)).

As the United States also explained, the mere knowledge of infringement by *users* is not enough to establish that a *service provider* acted willfully; instead, a defendant must have knowledge or reckless disregard that its *own* acts are unlawful. *Id.* at 17. If the failure to terminate users after receiving notices of infringement were enough for contributory liability or willfulness, it "would effectively hold any sort of [online service] provider liable for any sort of wrongdoing merely for knowing that the wrongdoers were using its services and failing to stop them," *id.* at 12 (citation omitted), and would render "*all* contributory infringers" willful violators, "undermin[ing] Congress's two-tiered statutory damages scheme," *id.* at 18.

Plaintiffs' theory of Google's liability is identical to the plaintiffs' theory in *Cox*: Plaintiffs say Google is liable for willful contributory copyright infringement because it continued to provide merchants with access to Google's Shopping platform after receiving notices of infringement.[2] If the Supreme Court ultimately agrees with the United States and rejects the Fourth Circuit's rule on these issues, that would undermine—likely fatally—Plaintiffs' theories of contributory liability and willfulness here. But regardless of what happens, the Supreme Court's eventual decision will shape the key issues presented in this case, including questions related to the scope of relevant fact and expert discovery. A stay in this circumstance would therefore "promote the public and judicial interest in the efficient conduct of [this] litigation" because the Supreme Court's opinion will "clarify" these "critical issue[s]." *Kennedy v. Aegis Media Americas, Inc.*, 2021 WL 4077946, at *3 (S.D.N.Y. Sept. 7, 2021) (citation omitted) (granting stay pending *Hughes v. Northwestern Univ.*, 595 U.S. 170 (2022), decided four months later). For example, the Supreme Court's ultimate answer "may substantially resolve, or at the very least shape the progress of, this case." *Pappas v. MyPizza Techs., Inc.*, 2020 WL 8268139, at *1 (S.D.N.Y. Dec. 3, 2020) (citation omitted) (granting stay pending *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021)); *see also Ernst v. DISH Network, LLC*, 2016 WL 11944699, at *2 (S.D.N.Y. Jan. 28, 2016) (granting stay pending *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), since that decision would "[a]t a minimum . . . provide guidance" that "would impact the Court's ruling on class certification and how this case should be managed moving forward"). And, importantly, a stay eliminates the "risk [of] rulings in the

---

[2] *See, e.g.*, Dkt. 38 (FAC) ¶¶ 123-126; Dkt. 29 at 2 ("In Plaintiffs' view, *through Plaintiffs' notices and otherwise*, Google unquestionably had the knowledge required for enhanced statutory damages under 17 U.S.C. [§] 504(c)(2)[.]" (emphasis added)); *id.* (asserting that the "willfulness of Google's conduct" will be "a significant issue"); Hr'g Tr. (Dec. 4, 2024) at 29:20-23 (arguing that "terminat[ing] subscribers and account holders who are repeat infringers" is "extremely relevant to knowledge and willfulness"); *id.* at 35:21-36:5.

LATHAM&WATKINS LLP

present case that are inconsistent with the Supreme Court's eventual ruling in [*Cox*]," which would "require[e] vacating or amending them after the fact." *Ernst*, 2016 WL 11944699, at *2. For all these reasons, courts in this Circuit routinely grant stays in cases pending a decision of the Supreme Court in circumstances like those here.[3]

The Supreme Court's decision on willfulness could also impact Plaintiffs' remaining trademark claim. For example, Plaintiffs seek remedies under 17 U.S.C. § 1117, which authorizes statutory damages of $2 million per mark for willful infringement. Even assuming Plaintiffs can seek statutory damages, if they cannot show that Google willfully infringed, the maximum award is a tenth of that amount. That, too, supports a stay pending the Supreme Court's critical guidance. But even assuming *Cox* would not affect Plaintiffs' trademark claim, the efficiencies gained by obtaining the benefit of the Supreme Court's views on contributory copyright infringement still substantially outweigh any prejudice from delaying the resolution on Plaintiffs' trademark claim. *See, e.g.*, *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (stay pending *Kiobel v. Royal Dutch Petrol. Co.*, 569 U.S. 108 (2013)) (explaining that "a stay is proper, even in cases where the issues in [other pending] proceedings are not necessarily controlling" (citation omitted)); *Luv N' Care, Ltd. v. Regent Baby Prods. Corp.*, 2014 WL 572524, at *2 (S.D.N.Y. Feb. 13, 2014) (granting stay even though some claims "would be viable regardless of the outcome" of the related proceeding, since "[i]t would prejudice both parties and be an extraordinary drain on limited judicial resources to bifurcate the case by type of claim").

**The Benefits of a Stay Outweigh Any Prejudice to Plaintiffs.** The Supreme Court granted certiorari on June 30, 2025. Under the Court's rules, the case will be fully briefed (absent any extensions) no later than October 15, 2025. *See* SUP. CT. R. 25 (opening brief Aug. 14; respondents' brief Sept. 15; reply brief no later than Oct. 15). Argument could be heard as early as the November sitting, with a possible decision a few months later. In other words, a stay would likely last no more than several months. In light of the importance of the issue in *Cox* to the course of this case and the significant economies that a stay could create as a result, that is a modest postponement. Plaintiffs will not face any meaningful prejudice from that short delay.

For all these reasons, Google respectfully requests that the Court grant a stay pending the Supreme Court's decision in *Cox*. In the event a stay is granted, Google proposes that the parties submit letters within fourteen days of the Supreme Court's decision addressing the effect of the opinion on this litigation.

On July 3, 2025, Google requested to meet and confer regarding this motion on July 7. Plaintiffs' counsel stated they were unavailable until July 10. During the July 10 meet and confer Plaintiffs stated they could not provide their position on Google's motion.

---

[3] *See, e.g.*, *Blow v. United States*, 829 F.3d 170, 172 (2d Cir. 2016) (stay pending *Beckles v. United States*, 580 U.S. 256 (2017)); *Taveras v. New York City*, 2023 WL 6058616, at *3 (S.D.N.Y. Sept. 15, 2023) (stay pending *United States v. Rahimi*, 602 U.S. 680 (2024)); *CFPB v. Credit Acceptance Corp.*, 2023 WL 5013303, at *3 (S.D.N.Y. Aug. 7, 2023) (stay pending *CFPB v. Cmty. Fin. Servs. Ass'n of Am.*, 601 U.S. 416 (2024)); *CFPB v. MoneyGram Int'l, Inc.*, 2022 WL 17547438, at *3 (S.D.N.Y. Dec. 9, 2022) (same); *Wentzel v. Pliler*, 2022 WL 11819278, at *3 (S.D.N.Y. Oct. 20, 2022) (stay pending *Jones v. Hendrix*, 599 U.S. 465 (2023)); *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526-27 (S.D.N.Y. 2020) (stay pending *Barr v. Am. Ass'n of Pol. Consultants*, 591 U.S. 610 (2020)).

**LATHAM&WATKINS**LLP

                                                                Respectfully submitted,

                                                                */s/ Sarang Vijay Damle*
                                                                Sarang Vijay Damle
                                                                of LATHAM & WATKINS LLP

cc:      All Counsel of Record (via ECF)