**O+Z | Oppenheim + Zebrak, LLP**

WASHINGTON – NEW YORK

Matthew J. Oppenheim
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.3958
matt@oandzlaw.com

July 17, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

> Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
> <u>Plaintiffs' Response in Opposition to Google's Request to Stay Discovery</u>

Dear Judge Rochon:

We represent Plaintiffs in this matter. Plaintiffs respectfully request that the Court reject Google's letter motion seeking to stay discovery. Google's position is baseless. It is Google's latest effort to avoid scrutiny over its improper acts, which persist even during this litigation. *Cox Communications, Inc. v. Sony Music Entertainment,* No. 24-171, 2025 WL 1787701 (U.S. June 30, 2025), is not yet briefed and likely will not be decided until spring of 2026. Even if the Supreme Court adopts the *Cox* petitioner's far-fetched interpretation of the law, that decision would neither dispose of Plaintiffs' case against Google nor alter the discovery that needs to take place here. A stay thus would only cause delay, rather than benefit judicial economy. Conversely, a stay would prejudice Plaintiffs. Google's claim otherwise is based on unexplained conclusions, misleading assertions, and cases that are nothing like this one. The Court should deny Google's motion.

## I. Stays are issued only in rare circumstances not present here.

Google's motion stumbles out of the gate by failing to state the correct legal standard. Courts in this Circuit deploy a five-part test when considering a request for a stay:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). Naturally, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). But Google's letter does not even cite this standard. Instead, Google claims that courts "routinely" grant stays "in circumstances like those here," citing "*Taveras v. New York City*, 2023 WL 6058616, at *3 (S.D.N.Y. Sept. 15, 2023)". Dkt. 117 at 3 n.3. But that cite is a *motion* requesting a stay. When the court decided that motion, it *denied* the stay.[1]

In reality, "[o]nly in *rare* circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (emphasis added). Indeed, even where the basis for the requested stay is a parallel *criminal* case involving the same defendant, a stay is an "extraordinary remedy." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). And courts

---

[1] *Taveras v. New York City, et al.*, No. 20-cv-1200, ECF No. 72 (S.D.N.Y. Sep. 21, 2023). The other cases Google cites for this proposition, Dkt. 117 at 2–3, are nothing like this one. They involved either questions of law that were likely to be dispositive (*Blow*, *Credit Acceptance*, *Kennedy*, *Moneygram*, *Sikhs*), a stay of a much shorter duration (*Loftus*, less than two months), or did not involve prejudice to the non-movant (*Wentzel*).

Hon. Jennifer L. Rochon
July 17, 2025

often deny stays in situations where the Supreme Court is reviewing an issue that will not affect discovery, or is unlikely to be dispositive.[2] That is precisely the case here.

> ## II.    *Cox* will not alter discovery or dispose of Plaintiffs' claims.

Google offers no explanation for its hollow claim that the Supreme Court's decision will impact the "scope of relevant fact and expert discovery." Dkt. 117 at 2. Google's motion does not identify *any* discovery that would be necessary under current law, but would be unnecessary after any possible ruling in *Cox*, or vice versa. This is because whether the Supreme Court affirms the Fourth Circuit's judgment in *Cox*, adopts Cox's interpretation of the law, or does anything in between, the parties will need to conduct the same discovery that they are pursuing already.

Cox's petition argues that an internet service provider's failure to terminate the internet access of a known infringer is not enough to render it liable for contributory copyright infringement; the access provider must also have "affirmatively fostered" infringement or "intended to promote it."[3] But even if the Supreme Court adopts that view, the parties will conduct the same discovery they are already pursuing, exploring: Google's DMCA program; Google's actions with respect to preparing and running ads for the particular pirates and works; notices Google received; takedowns Google made or failed to make; revenue Google earned; Google's ban on ebooks; Google's knowledge of and communications with the pirates; and Plaintiffs' trademark claim. In other words, the discovery already in progress involves Google's affirmative steps and intent. Staying the case would not avoid any burden on Google, the Court, or third parties (the second, third, and fourth prongs of the *Kappel* test); it would only delay that activity. Where another court's decision will not impact discovery, a stay pending that decision is not appropriate.[4]

Similarly, Google offers no explanation for its hollow assertion that *Cox* could "fatally" impact Plaintiffs' claims, Dkt. 117 at 2. The *Cox* appeal is focused on the peculiar concerns that Cox and the Solicitor General say arise from terminating a person's access to the internet.[5] Google does not provide internet access; it advertises (and provides links to) infringing works. Moreover, there is no question that internet access providers can be subject to a least some kind of contributory claim. *Id.* Even if the Supreme Court holds that "affirmative" steps are required, Google took many such steps here: Google creates ads for infringing works, decides when and to whom to display those ads, and displays those ads on its popular search engine. Further, Google doesn't just fail to *terminate* known infringers, it runs specific ads after being notified that those

---

[2] *Mey v. ADT, Inc.*, No. 5:20-cv-209, 2021 WL 9666820, at *1 (N.D.W. Va. Feb. 17, 2021) (denying stay where pending Supreme Court decision might narrow but not dispose of one of the claims in suit and discovery "will need to continue" in any event); *Pittenger v. First Nat'l Bank of Omaha*, No. 20-cv-10606, 2020 WL 5596162 (E.D. Mich. Sept. 18, 2020) (denying stay for same reason). *See also Robinson v. Ardoin*, No. 22-cv-211, 2022 WL 1404661, at *2 (M.D. La. May 4, 2022); *United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 290 (E.D.N.Y. Dec. 5, 2014); *Walker v. Medtronic, Inc.*, No. 2:07-00317, 2008 WL 346384 (S.D.W. Va. Feb. 6, 2008); *Covington v. Childtime Childcare, Inc.*, No. 23-cv-710, 2024 WL 4792870, at *2 (N.D.N.Y. Nov. 13, 2024) (denying motion to stay discovery pending decision of the New York Court of Appeals).

[3] Question Presented, *Cox Commc'ns*, No. 21-471, available at http://www.supremecourt.gov/qp/24-00171qp.pdf.

[4] *See* n.2, *supra*. Further, Google cites one case that granted a stay pending the Supreme Court's decision in *Duguid* (*Pappas v. MyPizza*, Dkt. 117 at 2), but ignores at least seven more that denied that same request. *See Distasio v. Edible Arrangements, LLC*, No. 3:16-cv-00538, 2021 WL 1087499, at *3 (D. Conn. Feb. 1, 2021) (collecting cases).

[5] Petition for Writ of Certiorari, *Cox Commc'ns*, No. 24-171 (Aug. 15, 2024) at 2–3, 6–7; Br. for U.S. as *Amicus Curiae, Cox Commc'ns*, 2025 WL 1533667 (U.S. May 27, 2025).

Hon. Jennifer L. Rochon
July 17, 2025

ads promote infringing works. Plaintiffs' evidence alone shows more than 16,000 such instances. Declaration of Attorney Jeff Kane ("Atty. Decl.") ¶ 1.

Even farther afield is Google's suggestion that the Supreme Court's consideration of what constitutes willfulness for copyright infringement could somehow forestall Plaintiffs' copyright *and trademark* claims. Willfulness is not an element of liability for Google's alleged copyright or trademark infringement. And even if the willfulness standard were to require knowledge or reckless disregard that one's own acts are unlawful, the ongoing discovery—involving what Google knew, intended, said, and did (or didn't do) with respect to these infringing ads and pirates—is all relevant, ultimately necessary, and should not be delayed.

To believe Google's argument, every intellectual property case in the country alleging willful copyright or trademark infringement must abruptly halt. Unsurprisingly, that is not the law.[6] Summary judgment briefing in this case will not begin until March 2026 at the earliest. Dkt. 110 ¶¶ 12, 14. If *Cox* is not decided by then, the parties and the Court can consider whether a stay on briefing is sensible at that point. But staying *discovery* means only unnecessary and lengthy delay.

### III.    A stay of discovery would prejudice Plaintiffs.

The law is clear that in deploying the *Kappel* test, "the basic goal [is] to avoid prejudice." *Kappel*, 914 F. Supp. at 1058. Google barely addresses this factor, merely speculating that a stay would last only "several months" and blithely stating that "Plaintiffs will not face any meaningful prejudice." Dkt. 117 at 3. On the contrary, a stay would prejudice Plaintiffs.

During any stay, Google will continue infringing. Indeed, since the *amended* complaint was filed in September 2024, Plaintiffs have observed more than 17,000 advertisements for infringing copies of Plaintiffs' works, including more than 5,000 works offered by *the very same pirates* at issue in this case, and that is by no means a comprehensive tally. Atty. Decl. ¶ 2. Plaintiffs observed ads for noticed pirate sites as recently as July 7. *Id.* ¶ 3. A stay would postpone the case adjudication and injunctive relief necessary to stop this infringement. The harm from that infringement is impossible to calculate. Among other reasons, once one infringing copy of a work is on the internet, it cannot be contained; the copy can be duplicated and shared *ad infinitum*. Relatedly, issues concerning Google's preservation of evidence have come to light only by dint of the progress of discovery. *Id.* ¶¶ 4–6. A stay thus risks the loss of important evidence. *Id*.

In addition, Google recently began allowing ebook ads from legitimate publishers who are Plaintiffs' *competitors*. However, Google has told Plaintiffs it will not allow ebook ads from *Plaintiffs* until the instant case concludes. Atty. Decl. ¶ 7. A stay would facilitate Google's bullying. Any further delay harms Plaintiffs, who are forced to choose between seeing this action to its end and exclusion from an enormous advertising market that Plaintiffs' competitors can now utilize.

Thus, the first factor of the *Kappel* test (prejudice to the non-movant) counsels against a stay. So does the fifth factor (the public interest), including in enforcing the nation's copyright and trademark laws, minimizing harm to education, and advancing the Court's docket without delay.

The Court should deny Google's request to stay discovery.

---

[6] *Green v. Fishbone Safety Sols., Ltd.*, 303 F. Supp. 3d 1086, 1097 (D. Colo. 2018) (explaining that "[i]f courts were to stay proceedings every time there was a relevant case pending before the Supreme Court [], litigation would often be delayed months or even years, resulting in prejudice to litigants and a significant backlog in the federal docket").

Hon. Jennifer L. Rochon
July 17, 2025

Respectfully submitted,

/s/ Matthew J. Oppenheim
Matthew J. Oppenheim