Sy Damle
Direct Dial: +1.202.637.3332
sy.damle@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

July 18, 2025

<u>VIA ECF</u>

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

> Re: *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Motion for Leave to File Reply In Support of Google's Motion for Stay</u>

Dear Judge Rochon:

On behalf of Defendant Google LLC in the above-captioned matter, we respectfully request leave to file a short reply (less than two pages) in response to Plaintiffs' Response in Opposition to Google's Motion to Stay (ECF No. 121) and the attorney declaration Plaintiffs submitted in support of the same (ECF No. 123), both of which Plaintiffs filed late last night.

Plaintiffs' opposition and declaration raised several factual issues regarding the alleged prejudice Plaintiffs claim they will suffer should the Court issue a stay in this case, including that there are ongoing "advertisements for infringing copies of Plaintiffs' works" and that a stay "risks the loss of important evidence" due to "issues concerning Google's preservation of evidence." ECF No. 121 at 3; *see also* ECF No. 123. Plaintiffs did not articulate any specific basis for the alleged prejudice Plaintiffs claim they will suffer until July 14, 2025, four days *after* Google filed its motion, when Plaintiffs sent a communication claiming "important evidence of infringement" would be "lost" in the event of a stay. *See also* ECF No. 117 at 3 (noting that during the conferral for Google's motion to stay, which occurred one week after Google requested a conferral, "Plaintiffs stated they could not provide their position on Google's motion"). Google seeks to respond to the specific claims of prejudice Plaintiffs have now articulated in their response.

Moreover, Plaintiffs' supporting declaration materially misrepresented Google's position regarding the preservation of certain data and Google's current Shopping Ads policy for eBooks, including misrepresenting what Google's counsel stated during a conferral between the parties on July 16. *See* ECF No. 123 ¶¶ 5, 7. Google seeks to correct the record and provide the Court with Google's actual positions.

Google therefore respectfully requests leave to file a short reply in support of its motion, which can be filed within one business day of the Court granting Google leave to do so.

We thank the Court for its consideration.

**LATHAM&WATKINS**LLP

        Respectfully submitted,

        */s/ Sy Damle*
        Sarang Vijay Damle
        of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF)

Defendants' request to file a short reply in support of its motion to stay is GRANTED. Defendants shall file a short reply, not to exceed three pages, by July 22, 2025.

Dated: July 21, 2025    **SO ORDERED.**
    New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**