**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

**LATHAM & WATKINS LLP**

July 21, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re:   *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
       <u>Letter Response in Support of Motion to Seal Plaintiffs' Declaration of Attorney Jeff Kane</u>

Dear Judge Rochon:

We represent Defendant Google LLC in the above-captioned matter. Pursuant to Rule 4(B)(iii)(c) of Your Honor's Individual Rules of Practice in Civil Cases Google submits this letter response in support of the Letter Motion to Seal Declaration of Attorney Jeff Kane ("Plaintiffs' Declaration") filed in support of Plaintiffs' Response in Opposition to Google's Request to Stay Discovery. Dkt. 122.

**Background.**  On July 14, 2025, counsel for Plaintiffs informed counsel for Google that Plaintiffs intended to include certain information Google had marked as "Confidential" in communications between counsel for Google and counsel for Plaintiffs concerning Google's internal database systems in their response to Google's Letter Motion for Stay Pending Supreme Court's Decision in *Cox*. The material in question reflects technical details of Google's internal database systems. Google maintains that this information is confidential as the material constitutes information that will, if disclosed, "create a substantial risk of harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or other third parties who use Google's Shopping platform. Dkt. 82 ("Protective Order") ¶ 2. Google conferred with Plaintiffs about this material on July 16, 2025, and Plaintiffs do not oppose this motion. Dkt. 122.

**Legal Standard.**  Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Moreover, the Second Circuit has recognized that the presumption of public access to materials connected to non-

dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Confidential Material Warrants Sealing.** The material at issue is confidential because it reflects the inner workings of technical systems Google relies on to conduct its business operations. Courts in this district routinely recognize that maintaining the confidentiality of proprietary and sensitive business information is a legitimate basis for sealing. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"). This principle extends to the type of technical details of technology systems and databases Google seeks to protect. *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations and citations omitted) ("protecting a company's IT information fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud"); *Ramirez v. Temin & Co., Inc.,* 2020 WL 6781222, at *6–7 (S.D.N.Y. Nov. 18, 2020) (sealing business materials that included the company's IT information).

Public disclosure of this material would reveal Google's sensitive internal system designs and business practices and pose a substantial risk of misuse by bad actors. This is a case about alleged piracy occurring on Google's platform. *See generally* Dkts. 38, 116. Exposing the technical details of Google's systems creates a serious cybersecurity risk, as third parties may seek to use such information to compromise Google's systems and data sources for purposes of avoiding detection or otherwise circumventing Google's measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) " (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices). The risk that third parties could obtain and use the technical details of Google's systems described in Plaintiffs' Declaration as "a roadmap . . . to circumvent the security systems and procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Id.*

**Google Sealing Request is Narrowly Tailored.** Google's request is narrowly tailored to protect only information regarding Google's internal, non-public systems and operations. Google asks the court to seal just two sentences in Plaintiffs' Declaration. *See* Dkt. 123. Courts in this district have found such limited redactions requests reasonable and appropriate. *See, e.g.*, *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *2 (S.D.N.Y. Dec. 5, 2022); *Charleston*

**LATHAM&WATKINS**LLP

*Immersive/Interactive Studio LLC v. Aydin*, 2024 WL 3413736, at *1 (S.D.N.Y. July 15, 2024) (collecting cases).

  Given the confidential and sensitive nature of the materials at issue and the risk that nefarious actors will obtain and misuse the materials, Google respectfully submits this response in support of the motion to redact certain statements in Plaintiffs' Declaration at Dkt. 123.

  We thank the Court for its consideration of this request.

          Respectfully,

         */s/* Sarah A. Tomkowiak
         Sarah A. Tomkowiak
         of LATHAM & WATKINS LLP

cc:  All Counsel of Record (via ECF)