**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

July 22, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

> Re:  *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
>      Letter Motion to Seal Attorney Declaration of Sarah Tomkowiak

Dear Judge Rochon:

We represent Defendant Google LLC in the above-captioned matter. Pursuant to Rule 4(B)(iii) of Your Honor's Individual Rules of Practice in Civil Cases Google submits this letter motion to seal portions of Google's Attorney Declaration of Sarah Tomkowiak ("Attorney Declaration") in support of Google's Reply in Support of Request for Stay Pending *Cox* Decision.

**Background.** In its Attorney Declaration, Google includes certain information designated by Google as "Confidential" (Attorney Declaration ¶¶ 8, 13) and "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) (Attorney Declaration ¶ 13) pursuant to the Protective Order (Dkt. 82). Google's confidential material includes Google's data retention policies and details of the technical capabilities of Google's internal database systems. Google maintains that this information is confidential as the material constitutes information that will, if disclosed, "create a substantial risk of harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or other third parties who use Google's Shopping platform. Dkt. 82 ¶ 2. Google's HC-AEO information reflects details derived from two HC-AEO documents reflecting the identifying information and status of specific Merchant Center accounts. Google maintains that this information is highly confidential as the material constitutes information that will, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or other third parties who use Google's Shopping platform. Dkt. 82 ¶ 3. Google conferred with Plaintiffs about the confidential material included in the Attorney Declaration on July 22, 2025, and Plaintiffs indicated that they do not take a position on Google's motion.

**Legal Standard.** Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations and citation omitted). Sealing is appropriate where the requesting party demonstrates

that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (citation omitted). Moreover, the Second Circuit has recognized that the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Confidential Material Warrants Sealing.** The material at issue is confidential because it concerns Google's data retention policies and the capabilities of technical systems Google relies on to conduct its business operations and reflects Google's actual business operations regarding account suspension and retirement. Courts in this district routinely recognize that maintaining the confidentiality of proprietary and sensitive business information is a legitimate basis for sealing. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"). This includes the type of data retention policies and technical details Google seeks to protect. *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations and citations omitted) ("protecting a company's IT information fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud"); *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, 2022 WL 17884154, at *1 (S.D.N.Y. Dec. 22, 2022) (internal quotations omitted) (sealing non-public information concerning company's "IT infrastructure, servers, applications, and data" because it "could compromise the security of [the company's] computing systems and data if disclosed").

Public disclosure of this material would reveal Google's sensitive internal system capabilities and pose a substantial risk of misuse by bad actors. This is a case about alleged piracy occurring on Google's platform. *See generally* Dkts. 38, 116. Exposing any technical limitations of Google's systems, and information regarding the status of accounts alleged to have engaged in piracy, creates a serious cybersecurity risk, as third parties may seek to use such information to compromise Google's systems and data sources for purposes of avoiding detection or otherwise circumventing Google's measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices"). The risk that third parties could obtain and use the technical details of Google's systems described in Google's Attorney Declaration as "a roadmap . . . to circumvent the security systems and

LATHAM&WATKINS LLP

procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Id.* at 2.

**Google's Sealing Request is Narrowly Tailored.** Google's request is narrowly tailored to protect only information regarding Google's internal, non-public policies and systems. Google asks the court to seal just three phrases in the Attorney Declaration. *See* Attorney Declaration ¶¶ 8, 13. Courts in this district have found such limited redaction requests reasonable and appropriate. *See, e.g.*, *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *2 (S.D.N.Y. Dec. 5, 2022); *Charleston Immersive/Interactive Studio LLC v. Aydin*, 2024 WL 3413736, at *1 (S.D.N.Y. July 15, 2024) (collecting cases).

Given the confidential and sensitive nature of the materials at issue and the risk that nefarious actors will obtain and misuse the materials, Google respectfully submits this motion to redact these statements in the Attorney Declaration.

We thank the Court for its consideration of this request.

Respectfully,

*/s/ Sarah A. Tomkowiak*

Sarah A. Tomkowiak
of LATHAM & WATKINS LLP

cc:  All Counsel of Record (via ECF)