**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

CENGAGE LEARNING, INC.;
BEDFORD, FREEMAN & WORTH
PUBLISHING GROUP, LLC D/B/A
MACMILLAN LEARNING;
MACMILLAN HOLDINGS, LLC;
ELSEVIER INC.; ELSEVIER B.V.; and
MCGRAW HILL LLC,

        Plaintiffs,

        v.

GOOGLE LLC,

        Defendant.

**Civil Action No. 24-cv-04274-JLR-BCM**

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiffs Cengage Learning, Inc. ("Cengage"), Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning ("Macmillan Learning"), Macmillan Holdings, LLC ("Macmillan Holdings"), Elsevier Inc. ("Elsevier"), Elsevier B.V., and McGraw Hill LLC ("McGraw Hill") (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in support of their Motion to Strike Affirmative Defenses. Defendant Google LLC ("Google") filed its Answer on July 2, 2025 (Dkt. 116) ("Answer"). While motions to strike are subject to a stringent standard, that standard is met here. Google's affirmative defenses are not supported by factual allegations, plausible or otherwise, and their continued inclusion in this case will prejudice Plaintiffs. Even after ten months of discovery, Google's Answer presents a laundry list of defenses in wholly conclusory fashion, leaving Plaintiffs hamstrung as they evaluate documents, seek testimony, and pursue their claims.

## FACTUAL BACKGROUND

Google systematically and pervasively creates and publishes Shopping ads for infringing copies of Plaintiffs' textbooks and other educational works sold by known pirates. *See* Am. Comp., Dkt. 38, ¶¶ 1, 41-42. When students search for Plaintiffs' textbooks on Google's popular search engine, Google selects the ads it created and prominently shows them to its users. *See id.* ¶ 42. In this way, Google plucks the pirate websites out of obscurity and links users directly to them and their infringing products. *See id.* ¶¶ 7, 36. These ads appear alongside ads for legitimate publishers' works, highlighting the price disparity between the infringing copies of Plaintiffs' works, which require no investment to produce, and Plaintiffs' legitimate works, which require substantial investment. *See id.* ¶¶ 47, 50. Google's ads also often feature Plaintiffs' well-known trademarks, causing consumers to believe, mistakenly, that the infringing copies of Plaintiffs' works are authentic. *See id.* ¶¶ 88-90.

Since June 11, 2021, Plaintiffs have sent Google notices of infringement, which specifically identify pirate sites and Google's offending ads. *See id.* ¶ 99. Google's response to these notices has been a circus of failures. *See id.* ¶ 4. Accordingly, Plaintiffs filed their Complaint on June 5, 2024 and their First Amended Complaint on September 16, 2024. Dkt. 1, 38.

Google moved to dismiss Plaintiffs' vicarious copyright infringement claim (Count II), direct trademark infringement claim (Count III), and New York deceptive trade practices claim (Count IV). Dkt. 27, 28. On June 4, 2024, the Court denied Google's motion as to Count III and granted it as to Counts II and IV. Dkt. 111. Google did not move to dismiss Plaintiffs' contributory copyright infringement claim (Count I).[1]

On July 2, 2025, after the Court's decision on the motion to dismiss, Google filed its Answer. Dkt. 116. As fact discovery began in September 2024 (Dkt. 34), it has been ongoing for ten months. Based on the current Scheduling Order (Dkt. 110), document discovery ends on August 15, 2025, interrogatories and requests for admission must be served by August 29, 2025, and all fact discovery closes on November 17, 2025.

## LEGAL STANDARD

Rule 12(f) provides that the "Court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f). A plaintiff must show that "(1) 'there is no question of fact which might allow the defense to succeed' when applying the 'plausibility' standard set by *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007); (2) 'there is no question of law which might allow the defense to succeed'; and (3) the plaintiff 'would

---

[1] Cengage, Macmillan Learning, Elsevier, and McGraw Hill assert copyright claims. Cengage, Macmillan Holdings, Elsevier, Elsevier B.V, and McGraw Hill assert trademark claims. Plaintiffs have since amended Exhibits A and/or B to the Complaint, which identify the infringed copyrighted works and infringed trademarks, respectively. Dkt. 120-1, 120-2.

be prejudiced by the inclusion of the defense.'" *S.E.C. v. Glen Leibowitz*, No. 1:25-CV-02155

(JLR), 2025 WL 2056026, at \*3 (S.D.N.Y. July 23, 2025) (J. Rochon) (citing *GEOMC Co. v.*

*Calmare Therapeutics Inc.*, 918 F.3d 92, 96-99 (2d Cir. 2019)). Indeed, "the plausibility standard

of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an

affirmative defense." *GEOMC*, 918 F.3d at 96 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 679 (2009)).

Accordingly, a defendant must "support [its] defenses with some factual allegations to make them

plausible," and "labels and conclusions, and a formulaic recitation of the elements" are

insufficient. *Twombly*, 550 U.S. at 555; *GEOMC*, 918 F.3d at 98-99. Further, "[a]n affirmative

defense is improper and should be stricken if it is a legally insufficient basis for precluding a

plaintiff from prevailing on its claims." *Id.* at 98.

The evaluation of the defendant's allegations in support of its affirmative defenses is also

"context-specific." *Id*. When the stage of the case is more advanced, as it is here (ten months into

discovery), more support may be required. *See id.* (comparing the time a plaintiff has to prepare a

complaint to the typical 21-day or 14-day interval a defendant has to respond to a complaint or

amended complaint).

While motions to strike are subject to a stringent standard, Plaintiffs cite below multiple

cases in which courts strike affirmative defenses in circumstances similar to those at issue here.

## ARGUMENT

I.    **Google's Affirmative Defenses Lack Factual Support, Are Not Plausible, and Should Be Stricken.**

Google's second, third, fourth, and thirteenth affirmative defenses rely on nothing more

than vague, barebones references to certain doctrines and should be stricken.[2]

---

[2] Google's Answer also includes a number of "defenses" that are not affirmative defenses. Without

Google's second affirmative defense asserts that "Plaintiffs' claims are barred, in whole or in part, by the statute of limitations (17 U.S.C. § 507(b))." Dkt. 116 at 22. Copyright claims are subject to a three-year limitations period. 15 U.S.C. § 507(b). Plaintiffs began sending notices of infringement to Google on June 11, 2021. Am. Comp., Dkt. 38, ¶ 99. Plaintiffs filed this case on June 5, 2024. Compl., Dkt. 1. Therefore, Google's statute of limitations defense fails and should be stricken. Indeed, courts in this district have granted motions to strike statute of limitations defenses where they lack a plausible basis. *See, e.g., Vyas v. Taglich Bros., Inc.*, 2025 WL 1265876, at *2 (S.D.N.Y. Apr. 28, 2025) (striking a statute of limitations defense because the defendant failed to allege "facts establishing the plausibility of [this] defense"); *Jablonski v. Special Counsel, Inc.*, 2020 WL 1444933, at *5 (S.D.N.Y Mar. 25, 2020) (granting motion to strike, explaining that the factual allegations necessary to support a statute of limitations defense "are generally readily available to a defendant").

In its third affirmative defense, Google asserts that "Plaintiffs' claims are barred, in whole or in part, because the Digital Millennium Copyright Act's safe harbor (17 U.S.C. § 512) shields Google from monetary liability for content generated and/or uploaded by its Merchants." Dkt. 116 at 23. Google has had months to develop the allegations that it would put forth to support this affirmative defense. Yet Google does not even specify on which of the four distinct safe harbors in 17 U.S.C. § 512(a)-(d) it seeks to rely. Thus, Plaintiffs cannot tell from Google's generic statement how it intends to assert this defense. In a situation just like this, a district court struck the defendants' DMCA defense, finding it "insufficient as a matter of pleading," because the

---

conceding that these are appropriately included in the Answer, Plaintiffs have not moved to strike them based on how certain courts have delt with that issue – by treating them as denials. *See, e.g., Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472597, at *11 (S.D.N.Y. June 25, 2020).

"defendants cited generally to the entire chapter and failed to specify which of its four distinct protections might apply." *Pickersgill v. Neely*, 2021 WL 5163197, at *5 (N.D. Tex. No. 5, 2021). The Court should do so here.

In its fourth affirmative defense, Google has thrown against the wall a cornucopia of equitable defenses with no factual support. Google asserts that "Plaintiffs' claims are barred, in whole or in part, by equitable estoppel, waiver, in *pari delicto*, unclean hands, ratification, laches, copyright misuse, and/or other related equitable doctrines." Dkt. 116 at 23. This type of "scattershot" pleading "is the precise evil that *GEOMC* is intended to prevent." *Tal Dagan MD PC v. Resols. Billing & Consulting, Inc.*, 2024 WL 5089276, at *6 (S.D.N.Y. Dec. 12, 2024). In *Town & Country Linen*, the court granted a motion to strike where, like here, the defendants did "not indicate whether they intend[ed] to rely on all of the equitable defenses or only some of them, they d[id] not indicate whether all defenses or only one is an equitable defense to each claim, and most importantly, they d[id] not plead facts that would make out a single affirmative equitable defense for any particular claim." 2020 WL 3472597, at *13; *see also Am. Home Energy Inc. v. AEC Yield Capital LLC*, 2022 WL 595186, at *17 (E.D.N.Y. Feb. 28, 2022) (granting a motion to strike because the defendant did not explain how the affirmative defenses of laches, waiver, estoppel, and ratification apply); *Cartier Int'l AG*, 2013 WL 1386975, at *3 (S.D.N.Y. Apr. 5, 2013) ("Because Defendant's Answer offers no indication of how the doctrine[ ] of unclean hands . . . would bar Plaintiffs' claims, the motion to strike Defendant's second affirmative defense is granted."); *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, at 426-29 (S.D.N.Y. 2010) (finding that where the pleadings are void of facts to support a defense of estoppel, waiver, unclean hands, laches, or copyright misuse, the defense is insufficient as a matter of law). The Court should strike Google's fourth defense for the same reasons.

5

Finally, Google's thirteenth defense asserts that "Plaintiffs' trademark claim is barred because it is preempted by the Copyright Act." Dkt. 116 at 24. This defense not only lacks supportive facts but also is unclear as to which "preemption" argument it might even be referring. The Court should strike this insufficient defense. *See Alcon Vision, LLC v. Lens.com, Inc.*, 2022 WL 1665453, at *11 (E.D.N.Y. May 25, 2022) (granting motion to strike preemption affirmative defense where defendant offered only conclusory allegations and failed to plead why the Food, Drug & Cosmetics Act preempted plaintiff's claims); *FTC v. Unified Glob. Grp., LLC*, 2016 WL 11795487, at *4 (W.D.N.Y. June 20, 2016) (striking preemption defense where it "lacks a factual basis" and "the doctrine of preemption (which relates to conflicts between federal legislation and inconsistent state legislation) has no logical relation to this action"); *Adeyemo v. Bosquet*, 2011 U.S. Dist. LEXIS 116869, at *3 (D. Conn. Oct. 3, 2011) (granting motion to strike defense because "defendants have not adequately pled the basis for the defense of preemption").

## II.     Plaintiffs Will Be Prejudiced If Their Motion Is Not Granted.

The *GEOMC* court explained that whether "prejudice [] should be a basis for dismissing or opposing the addition of an otherwise valid affirmative defense will normally depend on when the defense is presented." *GEOMC*, 918 F.3d at 98. Google's affirmative defenses are not "otherwise valid." And in any event, Plaintiffs would be prejudiced by their inclusion, including because these are not the early stages of the case.

Indeed, Google's insufficient affirmative defenses do not fairly put Plaintiffs on notice as to what Google is arguing or how it plans to attempt to establish such defenses. *Unified Glob. Grp., LLC*, 2016 WL 11795487, at *4 (defendants' "bare assertion . . . fails to provide [plaintiff] fair notice of the affirmative defense[s]"). This hampers Plaintiffs' ability to review and analyze

Google's document production, appropriately ask questions at upcoming depositions, and brief summary judgment.

Further, including defenses in the case that lack a plausible basis will inherently and needlessly confuse the issues and complicate the case. *See Jablonski*, 2020 WL 1444933, at *5 (finding that defenses that were "not plausibly pled, and by extension legally insufficient," prejudiced plaintiff); *S.E.C. v. McCaskey*, 56 F. Supp.2d 323, 327 (S.D.N.Y. 1999) ("an increase in the time, expense and complexity of a trial may constitute sufficient prejudice to warrant granting a plaintiff's motion to strike"); *Coach, Inc.*, 756 F. Supp. 2d at 426 ("[I]nclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation.").

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant their Motion to Strike.

Dated:  July 23, 2025

Respectfully submitted,

*/s/ Michele H. Murphy*

Matthew J. Oppenheim
Michele H. Murphy (*pro hac vice*)
Jeff Kane (*pro hac vice*)
Kevin P. Lindsey
Uriel Lee (*pro hac vice*)

OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202-480-2999 telephone
866-766-1678 fax
matt@oandzlaw.com
michele@oandzlaw.com
jkane@oandzlaw.com
klindsey@oandzlaw.com
ulee@oandzlaw.com