**Sy Damle**
Direct Dial: +1.202.637.3332
sy.damle@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

July 28, 2025

<u>VIA ECF</u>

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re:   *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
<u>Notice of Supplemental Authority in Support of Google's Motion to Stay</u>

Dear Judge Rochon:

  We represent Defendant Google LLC in the above-captioned matter. We write to inform the Court of a recent decision that supports Google's motion to stay this litigation pending the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment* (Dkt. 117).

  Earlier today, Judge Garnett granted an opposed motion to stay in another contributory copyright infringement case pending in this District. *See* Dkt. 52, *UMG Recordings, Inc. v. Verizon Communications Inc.*, No. 1:24-cv-05285 (S.D.N.Y. July 28, 2025) ("Op."). A copy of that decision is attached as Exhibit A.

  Like Plaintiffs here, the plaintiffs in *Verizon* are copyright owners who sued Verizon for contributory copyright infringement premised on an alleged failure to terminate accounts after receiving notices from the plaintiffs that those accounts were used to commit direct acts of copyright infringement. *See generally* Dkt. 1, *UMG Recordings, Inc. v. Verizon Communications Inc.*, No. 1:24-cv-05285 (S.D.N.Y. July 12, 2024). Like Google, Verizon moved to stay the case arguing "that the Supreme Court's resolution of that question will control this Court's decision on the same issue, and therefore further proceedings in this case should be stayed pending the Supreme Court's ruling." Op. 1. The plaintiffs in *Verizon* opposed a stay by raising the same arguments that Plaintiffs raised in this case (*see* Dkt. 121): that stays "are issued only in rare circumstances not present here," that "*Cox* will neither dispose of Plaintiffs' claims nor alter discovery," and that "[a] stay would unfairly prejudice Plaintiffs." Dkt. 50, *UMG Recordings, Inc. v. Verizon Communications Inc.*, No. 1:24-cv-05285 (S.D.N.Y. July 18, 2024).

  Judge Garnett granted Verizon's motion and rejected each of the plaintiffs' arguments. She concluded that "a stay of this case is warranted because it would greatly serve the interests of the courts and improve judicial efficiency." Op. 1. Contrary to the plaintiffs' argument that stays are granted in only rare circumstances, Judge Garnett observed that "Courts within this Circuit have routinely stayed cases 'when a higher court is close to settling an important issue of law bearing on the action.'" *Id.* at 1 (citation omitted). And Judge Garnett similarly rejected the plaintiffs' argument that the decision in *Cox* would not dispose of the plaintiffs' claims or alter discovery.

As she explained, "[t]he Supreme Court's decision in *Cox* will control the key issue in this case—whether Plaintiffs' claim for contributory infringement is viable." *Id.* at 2. And "[e]ven if the Supreme Court's decision does not dispose of [the contributory infringement claim], it will at the very least provide guidance to facilitate a simpler resolution." *Id.* at 2. Likewise, Judge Garnett dismissed the plaintiffs' argument that a stay was not appropriate since *Cox* would not affect the plaintiffs' vicarious liability claim, which is not at issue in *Cox*. It did not matter that "the decision in *Cox* will not directly address" vicarious copyright infringement, because "this Court may 'properly exercise its staying power' to await a high court decision 'bearing on the action,' even when 'the issues in such proceedings are not necessarily controlling on the entire action' in the lower court and 'may not settle every question of fact and law.'" *Id.* (citation and alterations omitted). As a result, Judge Garnett easily concluded that "a stay would serve the public interest by conserving judicial resources and avoiding a whipsawing of outcomes should this Court decide a key legal issue only to have that decision countermanded by the Supreme Court in the foreseeable future." *Id.* And she found that "[n]o other interests outweigh the factors supporting a stay," and in particular rejected the argument "that further delay would significantly prejudice Plaintiffs." *Id.*

All of Judge Garnett's reasoning in *Verizon* applies with equal force to the same arguments that Plaintiffs raised here. Like the plaintiffs in *Verizon*, Plaintiffs here are wrong to assert that stays are rarely granted in these circumstances—to the contrary, courts regularly grant stays in precisely these circumstances. And like the plaintiffs in *Verizon*, Plaintiffs here are mistaken that *Cox* will not alter discovery or dispose of Plaintiffs' claims: Plaintiffs' theory of contributory infringement against Google is the same as the theory asserted against the defendants in *Cox* and *Verizon*. As a result, "[t]he Supreme Court's decision in *Cox* will control the key issue in this case—whether Plaintiffs' claim for contributory infringement is viable." *Id.* at 2. And like the plaintiffs in *Verizon*, Plaintiffs here are wrong to argue that their trademark claim justifies denying a stay. Indeed, Plaintiffs' trademark claim here will be directly impacted by the Court's discussion of willfulness in *Cox*. But even if it were not, *Verizon* reaffirms that the mere existence of a claim that will not be controlled by the pending Supreme Court decision is not a reason to deny a stay. And the Court should similarly reject Plaintiffs' hollow assertion of prejudice here. Plaintiffs have not demonstrated any meaningful prejudice from a stay, much less that such prejudice outweighs the benefits of a stay pending a Supreme Court decision that will clarify the key legal doctrines that will govern this case going forward, and could even be dispositive of Plaintiffs' claim altogether.

For all of these reasons, the Court should reach the same result Judge Garnett did in *Verizon* and grant Google's motion for a stay pending the Supreme Court's decision in *Cox*.

Respectfully,

*/s/ Sarang Vijay Damle*
Sarang Vijay Damle
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF)