# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

UMG RECORDINGS, INC. et al.,

      Plaintiffs,

-against-

VERIZON COMMUNICATIONS INC. et al.,

      Defendants.

</td></tr>
</table>

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/28/2025
```

24-CV-05285 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

  On June 30, 2025, the Supreme Court granted certiorari on the question whether "a service provider can be held liable for 'materially contributing' to copyright infringement merely because it knew that people were using certain accounts to infringe and did not terminate access, without proof that the service provider affirmatively fostered infringement or otherwise intended to promote it." *Cox Commc'ns, Inc. v. Sony Music Ent.*, No. 24-171, 2025 WL 1787701, at *1 (U.S. June 30, 2025); Petition for Writ of Certiorari at i, 2024 WL 3860067 (U.S. Aug. 15, 2024). Here, Defendants argue that the Supreme Court's resolution of that question will control this Court's decision on the same issue, and therefore further proceedings in this case should be stayed pending the Supreme Court's ruling. The Court agrees that this matter should be stayed.

  District courts have broad discretion in determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir.2012) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Five factors generally guide a court's discretion in deciding whether to stay an action:

    (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, No. 23-CV-07218 (JPC), 2024 WL 3252597, at *3 (S.D.N.Y. July 1, 2024).

  Weighing these factors, the Court finds that a stay of this case is warranted because it would greatly serve the interests of the courts and improve judicial efficiency. "Courts within this Circuit have routinely stayed cases 'when a higher court is close to settling an important issue of law bearing on the action.'" *Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22-CV-3256 (KPF), 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022) (quoting *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012)). "A stay is proper even where the pending decision may not settle every question of fact and law before the court, but in all likelihood it will settle many and simplify them all." *Gonzalez de Fuente v. Preferred Home Care of New York LLC*, No. 18-CV-06749 (AMD), 2020 WL 738150, at *3 (E.D.N.Y. Feb. 13,

2

2020) (quotations omitted). The Supreme Court's decision in *Cox* will control the key issue in this case—whether Plaintiffs' claim for contributory infringement is viable. Even if the Supreme Court's decision does not dispose of that issue, it will at the very least provide guidance to facilitate a simpler resolution. And while the decision in *Cox* will not directly address vicarious liability, which Plaintiffs also assert here, this Court may "properly exercise its staying power" to await a high court decision "bearing on the action," even when "the issues in such proceedings are [not] necessarily controlling on the [entire] action" in the lower court and "may not settle every question of fact and law." *Sikhs for Just.*, 893 F. Supp. 2d at 622.

No other interests outweigh the factors supporting a stay. While the Court appreciates that this case has been outstanding at the early stages for some time, the pendency of the case is in part due to the difficulty of the very legal issue on which the Supreme Court has granted certiorari in *Cox*. The Defendants have requested the stay and the Court does not find that further delay would significantly prejudice Plaintiffs. Furthermore, there is no suggestion that third parties would be burdened by the stay, and a stay would serve the public interest by conserving judicial resources and avoiding a whipsawing of outcomes should this Court decide a key legal issue only to have that decision countermanded by the Supreme Court in the foreseeable future. *See Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017) ("[A] stay in this case would promote the interests of non-parties and the public to conserve judicial resources and promote judicial economy.").

Accordingly, Defendants' motion is hereby GRANTED, and this case is STAYED pending the Supreme Court's decision in *Cox*. Within 14 days of that decision, the parties shall submit a joint status letter proposing next steps in this case.

The Clerk of Court is respectfully directed to terminate Dkt. No. 49 and mark this case STAYED.

Dated: July 28, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge