**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

July 28, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

> Re:   *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
>       <u>Letter Response in Support of Motion to Seal Joint Status Report</u>

Dear Judge Rochon:

We represent Defendant Google LLC in the above-captioned matter.  Pursuant to Rule 4(B)(iii) of Your Honor's Individual Rules of Practice in Civil Cases, Google submits this letter response in support of the Letter Motion to Seal Joint Status Report, Dkt. 137, filed pursuant to the case management plan.  *See* Dkt. 110 ¶ 7(a)(vii).

**Background.**  The Joint Status Report includes certain information designated by Google as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82).  Google's HC-AEO information includes details reflecting Google's practices for handling Merchant Center accounts, the status of specific Merchant Center accounts, the offers associated with these accounts, and noticed URLs reflected in Google's databases.  Google maintains that this information is highly confidential as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or other third parties who use Google's Shopping platform.  Dkt. 82 ¶ 3.  Google conferred with Plaintiffs about the confidential material included in the Joint Status Report on July 25, 2025, and Plaintiffs indicated that they do not take a position on Google's motion.

**Legal Standard.**  Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Id.* at 119–20 (quotations and citation omitted).  Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (citation omitted).  Moreover, the Second Circuit has recognized that the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

LATHAM&WATKINS LLP

**Google's Highly Confidential Material Warrants Sealing.** The material at issue is HC-AEO because it concerns Google's actual practices for handling sensitive Merchant Center account and offer information. Courts in this district routinely recognize that maintaining the confidentiality of proprietary and sensitive business information is a legitimate basis for sealing. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"). This includes information pertaining to a company's practices and procedures for handling its data. *Optionality Consulting Pte. Ltd. v. Edge Tech. Grp. LLC*, 2022 WL 1977746, at *1, 4 (S.D.N.Y. June 3, 2022).

Public disclosure of this material would reveal information regarding Google's actual practices for handling and storing Merchant Center account information as well as the status and offer data associated with Merchant Center accounts. This information is particularly sensitive because this is a case about alleged piracy occurring on Google's platform. *See generally* Dkts. 38, 116. Exposing information concerning Google's practices for maintaining account information, and the status of accounts alleged to have engaged in piracy, creates a risk that third parties may seek to use such information, alone or in conjunction with other information, to compromise Google's systems and data sources for purposes of avoiding detection or otherwise circumventing Google's measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices"). The risk that third parties could obtain and use the information described in the Joint Status Report as "a roadmap. . . to circumvent the security systems and procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Id.* at 2.

**Google's Sealing Request is Narrowly Tailored.** Google's request is narrowly tailored to protect only information regarding Google's internal, non-public practices and data. Google asks the court to seal only a handful of phrases in the Joint Status Report. *See* Dkt. 138 at 3, 5, 10, 12. Courts in this district have found such limited redaction requests reasonable and appropriate. *See, e.g.*, *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *2 (S.D.N.Y. Dec. 5, 2022); *Charleston*

LATHAM&WATKINS LLP

*Immersive/Interactive Studio LLC v. Aydin*, 2024 WL 3413736, at *1 (S.D.N.Y. July 15, 2024) (collecting cases).

       Given the confidential and sensitive nature of the materials at issue and the risk that nefarious actors will obtain and misuse the materials, Google respectfully submits this response in support of the motion to redact these statements in the Joint Status Report at Dkt. 138.

       We thank the Court for its consideration of this request.

                  Respectfully,

                  */s/* Sarah A. Tomkowiak
                  Sarah A. Tomkowiak
                  of LATHAM & WATKINS LLP

cc:     All Counsel of Record (via ECF)