# EXHIBT 1

# Redacted

| | |
|---|---|
| **From:** | Tomkowiak, Sarah (DC) |
| **To:** | Michele Murphy; Matt Oppenheim |
| **Cc:** | Damle, Sy (DC-NY); Stillman, Alli (NY) |
| **Subject:** | RE: Google |
| **Date:** | Monday, June 9, 2025 5:54:03 PM |
| **Attachments:** | image001.png |

Confidential Settlement Communication Subject to Rule 408

Counsel,

As we disclosed and discussed with you during our settlement conversation on March 21, Google has launched a beta "███████" for eBooks, which it has rolled out with a subgroup of legitimate publishers/business partners.  Google has no obligation to include in this test program publishers who have sued, and claim they are entitled to hundreds of millions of dollars in damages from, Google.  While the parties are in active litigation, Google is not interested in this type of business relationship with Plaintiffs.  Among other reasons, the nature of the beta ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████.  However, as we noted during our March 21 conversation, and reiterate, Google is happy to fold Plaintiffs' request into the parties' broader ongoing conversations regarding a resolution of Plaintiffs' lawsuit.  To that end, we plan to circle back soon to schedule another call to see if we can make further progress on settlement.

Best,

**Sarah A. Tomkowiak**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2335 | M: +1.217.417.3312

---

**From:** Michele Murphy <michele@oandzlaw.com>
**Sent:** Tuesday, June 3, 2025 5:38 PM
**To:** Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>
**Subject:** Google

Counsel,

Based on a recent review of Google Shopping ads, it appears that Google is now allowing some legitimate publishers, who are Plaintiffs' competitors, to advertise ebooks, notwithstanding its policy stating that ebooks are unsupported products. As Google knows, including from conversations that date back years, Plaintiffs would like the opportunity to advertise their

ebooks on Google Shopping. Denial of that opportunity to Plaintiffs because they have asserted their rights in the current litigation is harmful and unfair. This impact is exacerbated by the fact that Google controls the search marketplace. Plaintiffs again request that they be permitted to advertise their ebooks on Google Shopping. We look forward to Google's response. Plaintiffs reserve all rights.

Best regards, Michele

Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com  |  www.oandzlaw.com

