**O+Z** | **Oppenheim + Zebrak, LLP**
WASHINGTON – NEW YORK

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
Michele@oandzlaw.com

July 31, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

  Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
     Plaintiffs' Opposition to Google's Request to File Omnibus Letter Motion

Dear Judge Rochon:

  Google seeks leave to file an "omnibus" letter motion of 15 pages concerning Plaintiffs' discovery without providing any basis for its request. The Court granted *Plaintiffs'* request to file a 15-page consolidated motion concerning *Google's* discovery deficiencies. *See* Jt. Status Report, Dkt. 138, at 2-3; Order, Dkt. 140. That the Court granted Plaintiffs' request does not mean that Google should be given the same opportunity where the parties' discovery is not at all similarly situated. As the Joint Status Report makes clear, Plaintiffs have met their discovery obligations. Thus, with respect to Plaintiffs' discovery, there is no reason to deviate from Rule 2(E) of Your Honor's Individual Rules of Practice in Civil Cases.

  At best, Google identifies four issues concerning Plaintiffs' discovery in the Joint Status Report, and of these, only one is potentially ripe for resolution by the Court, i.e., Google's unreasonable request that Plaintiffs catalog screenshots of Google's ads promoting infringing products and pirate site landing pages by bates number and work-in-suit. *See* Dkt. 138 at 13–14. On this issue, Google may seek to file a three-page motion under Rule 2(E).

  The other issues Google references in the Joint Status Report are not actual disputes and/or are not ripe for the Court's consideration: 1) Plaintiffs' supplemental document request and interrogatory responses, which Plaintiffs have agreed to serve by August 6 and 8, respectively; 2) chain-of-title documents and copyright registrations for prior editions of the works-in-suit that Plaintiffs have already agreed to produce (and to the extent Google believes there are other documents at issue, Plaintiffs are unclear as to what those are, and Google does not identify them in the Joint Status Report); and 3) Plaintiffs' Initial Disclosure response concerning damages, which Plaintiffs maintain is appropriate in a case involving a statutory damages election under 17 U.S.C. § 504(c) and yet to be produced information from the defendant, and on which the parties have not met and conferred in any event. *See id.* at 6-7, 13-14.

  While Plaintiffs appreciate the need to coordinate discovery issues for the convenience of the Court and to promote judicial economy, Plaintiffs oppose Google's request in this instance because there is simply no basis for Google to file a 15-page omnibus motion concerning Plaintiffs' discovery on August 5, 2025.

                 Respectfully submitted,

                 */s/ Michele H. Murphy*
                 Michele H. Murphy