**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS LLP**

August 4, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re:  *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
Letter Response in Support of Motion to Seal Plaintiffs' Declaration of Attorney Jeff Kane

Dear Judge Rochon:

Pursuant to Rule 4(B)(iii)(c) of Your Honor's Individual Rules of Practice in Civil Cases, Google submits this letter response in support of the Letter Motion to Seal Declaration of Attorney Jeff Kane ("Plaintiffs' Declaration") and associated exhibit, Dkts. 148 and 148-1, filed in support of Plaintiffs' Sur-Reply in Opposition to Google's Letter Request to Stay Discovery and Response to Google's Notice of Supplemental Authority. *See* Dkt. 146.

**Background.** Plaintiffs' Declaration at Dkt. 148 includes certain information Google has designated as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) and "Confidential" pursuant to the Protective Order (Dkt. 82). Google's HC-AEO information reflects details derived from three HC-AEO documents containing internal information concerning specific Merchant Center accounts. Dkt. 148 ¶ 15. Google's confidential material includes Google's data retention policies and technical details of Google's internal database systems. *Id.* ¶¶ 6–8. Additionally, Exhibit 1 to Plaintiffs' Declaration at Dkt. 148-1 contains a copy of a communication sent from Google's counsel to Plaintiffs' counsel including confidential information concerning Google's ebook beta program, including details reflecting the implementation of the beta and the involvement of third parties. Such information was disclosed to Plaintiffs in the context of settlement discussions, and in any event, should be protected as "Confidential" under the Protective Order, as the material constitutes information that will, if disclosed, "create a substantial risk of harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or other third parties involved with the beta and users of Google's Shopping platform. Dkt. 82 ¶ 2. Google conferred with Plaintiffs about this material on July 30, 2025. Plaintiffs indicated that they would "likely" oppose Google's motion to seal the material in Dkt. 148-1; Plaintiffs take no position on Google's request to seal the material included in Plaintiffs' Declaration at Dkt. 148. Dkt. 146.

**Legal Standard.** Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Moreover, the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**There is a Lower Presumption of Public Access to Google's Material.** The confidential and highly confidential material Google seeks to redact is not central to the issues before the Court, and therefore "carr[ies] a low presumption of public access." *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017). The dispute for which Plaintiffs offer this sealed material concerns whether the Court should stay this case pending the Supreme Court's decision in *Cox*. *See* Dkts. 117, 121, 129, 141, 150. Google's Confidential and HC-AEO information referred to in Plaintiffs' supporting declaration is not necessary to resolve this dispute, and is, at best, collateral to the dispute before the Court. The information reflects internal details concerning merchant accounts (Dkt. 148 ¶ 15), Google's data retention practices (Dkt. 148 ¶¶ 6–8), and details of Google's internal systems and beta program (Dkt. 148-1). Even if general information concerning these topics is relevant to the dispute, the specific details included in Plaintiffs' Declaration are not: this is evident from the fact that Plaintiffs' associated sur-reply contains *none* of the details sought to be sealed. Dkt. 150. Courts in this district routinely seal information when it is collateral to the issues before the Court. *See, e.g.*, *Bd. of Trs. of AGMA Health Fund v. Aetna Life Ins. Co.*, 2024 WL 4604618, at *1 (S.D.N.Y. Oct. 28, 2024); *DoorDash, Inc. v. City of New York*, 2024 WL 4285682, at *3-4 (S.D.N.Y. Sept. 24, 2024) (sealing data security protocols and finding documents concerning "efforts to ensure data security" were collateral to factual and legal issues in dispute).

**Google's Material Warrants Sealing.** The material at issue should be sealed because it reflects the inner workings of the systems and processes Google relies on to conduct its business operations and details of Google's policies and business strategies. Courts in this district routinely recognize that maintaining the confidentiality of proprietary and sensitive business information is a legitimate basis for sealing. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"). This principle extends to the type of technical details of technology systems and databases Google seeks to protect. *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) ("protecting a company's IT information fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud"); *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, 2022 WL 17884154, at *1 (S.D.N.Y. Dec. 22, 2022). Even where sealed material does not reflect particularly sensitive information, courts in this district have found a company's "business information and

strategies" should be sealed if they may be exploited. *Farsura v. QC Terme US Corp.*, 2025 WL 267573 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies, including contracts with other entities, because others might exploit the information); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing decade-old confidential business information because it could "provide valuable insights into a company's current business practices that a competitor would seek to exploit").

Public disclosure of Google's material would reveal Google's internal system designs and business practices, including with third parties, and pose a substantial risk of misuse by bad actors. This is a case about alleged piracy occurring on Google's platform. Exposing details of Google's systems and processes, including a "beta" program Google recently (and privately) launched, creates a serious risk, as third parties (including the "pirate" sellers of Plaintiffs' works in this case) may seek to use such information to compromise Google's systems and data sources for purposes of avoiding detection or otherwise circumventing Google's measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (quotations omitted) (granting motion to seal where documents detailed defendants' anti-fraud practices because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices"). The risk that third parties could obtain and use operational details of Google's systems and processes disclosed in Plaintiffs' Declaration in developing "a roadmap. . . to circumvent the security systems and procedures that are in place to detect and prevent" piracy and fraudulent schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Id.* at 2.

Plaintiffs indicated they "likely will oppose" the sealing of the details regarding Google's beta program in Dkt. 148-1. Dkt. 146. But Plaintiffs' attorneys know well that public disclosure of "limited aspects of. . . antipiracy efforts" can "be used to evade detection and thus the efficacy of those efforts." *See UMG Recordings, Inc. v. Bright House Networks, LLC*, No. 19-710, Dkt. 526 at 2, 5 (M.D. Fla. Mar. 7, 2022) (motion to seal filed by Plaintiffs' attorneys *et al.* seeking, *inter alia*, sealing of "non-public, confidential information regarding RIAA's private agreements with non-parties, including with respect to antipiracy activities").

**Google's Sealing Request is Narrowly Tailored.** Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public systems and operations. Google asks the court to seal just a few sentences in Plaintiffs' Declaration and Exhibit. *See* Dkt. 148 at ¶¶ 6–8, 15; Dkt. 148-1. Courts in this district have found such limited redactions requests reasonable and appropriate. *See, e.g.*, *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *2 (S.D.N.Y. Dec. 5, 2022); *Charleston Immersive/Interactive Studio LLC v. Aydin*, 2024 WL 3413736, at *1 (S.D.N.Y. July 15, 2024) (collecting cases).

Given the collateral nature of these materials to the dispute, the sensitive nature of the materials, and the risk that nefarious actors will obtain and misuse the materials, Google respectfully submits this response in support of redacting statements in Dkts. 148 and 148-1. We thank the Court for its consideration of this request.

August 4, 2025
Page 4

**LATHAM&WATKINS**LLP

                Respectfully,

                */s/* Sarah A. Tomkowiak
                Sarah A. Tomkowiak
                of LATHAM & WATKINS LLP

cc:  All Counsel of Record (via ECF)