Sarah A. Tomkowiak
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

# LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

August 5, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re: *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
Letter Motion to Seal Omnibus Discovery Letter Motion and Exhibit 31 Thereto

Dear Judge Rochon:

We represent Defendant Google LLC in the above-captioned matter. Pursuant to Rule 4(B)(iii) of Your Honor's Individual Rules of Practice in Civil Cases, Google submits this letter motion to seal its omnibus discovery letter motion, which is being filed with permission of the Court, *see* Dkt. 152, and Exhibit 31 thereto.

**Background.** Google's omnibus discovery letter motion and Exhibit 31 include certain information designated by Google as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82). Google's HC-AEO information includes the total revenue associated with the specific Merchant Center accounts at issue in this case, as well as sensitive information regarding these accounts. Google maintains that this information is highly confidential as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or other third parties who use Google's Shopping platform. Dkt. 82 ¶ 3. Google conferred with Plaintiffs about the highly confidential material included in its omnibus discovery letter motion and accompanying exhibits on August 5, 2025, and Plaintiffs indicated that they do not take a position on Google's motion.

**Legal Standard.** Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations and citation omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (citation omitted). Moreover, the Second Circuit has recognized that the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

LATHAM&WATKINS LLP

**Google's Highly Confidential Material Warrants Sealing.** The material at issue is HC-AEO because it concerns confidential business information reflecting (1) revenue metrics and (2) the total number of domains associated, either presently or in the past, with specific Merchant Center accounts at issue in this case. With respect to the first category, courts in this district routinely recognize that "documents containing confidential information about a corporation's . . . sources of revenue, and the amounts of revenue" may "properly remain under seal." *DoorDash, Inc. v. City of New York*, 2024 WL 4285682, at *3 (S.D.N.Y. Sept. 24, 2024); *see also Valassis Comm'cns, Inc. v. News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (sealing "financial metrics (such as pricing, costs, revenue, and profits) . . . and other similar information" that "could result in significant harm to [the defendant] without providing much value to the monitoring of the federal courts"). With respect to the second category, courts in this district also routinely recognize the importance of keeping information reflecting proprietary and sensitive business information, which in this instance includes data relating to specific customer accounts, confidential. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access").

Public disclosure of this material would reveal the amount of revenue that specific Merchant Center accounts generated for Google as well as information regarding the number domains associated with a set number of Merchant Center accounts, both of which could reveal information about how Google conducts its business and stores and maintains information about accounts. This information is particularly sensitive because this is a case about alleged piracy occurring on Google's platform. *See generally* Dkts. 38, 116. Exposing information that can give insight into Google's internal systems for maintaining and tracking account information creates a risk that third parties may seek to use such information, alone or in conjunction with other information, to compromise Google's systems and data sources for purposes of avoiding detection or otherwise circumventing Google's measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices"). The risk that third parties could obtain and use the information described in the omnibus discovery letter motion and Exhibit 31 to their advantage, including in connection with efforts to "circumvent the security systems and procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Id.* at 2.

**Google's Sealing Request is Narrowly Tailored.** Google's request is narrowly tailored to protect only the information reflecting Google's internal, non-public data. Google asks the

LATHAM&WATKINS LLP

Court to seal only two phrases in the omnibus discovery letter motion and the same two phrases in Exhibit 31. Courts in this district have found such limited redaction requests reasonable and appropriate. *See, e.g.*, *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *2 (S.D.N.Y. Dec. 5, 2022); *Charleston Immersive/Interactive Studio LLC v. Aydin*, 2024 WL 3413736, at *1 (S.D.N.Y. July 15, 2024) (collecting cases).

Given the confidential and sensitive nature of the materials at issue and the risk that nefarious actors will obtain and misuse the materials, Google respectfully submits this letter motion to seal its omnibus discovery letter motion and Exhibit 31 thereto.

We thank the Court for its consideration of this request.

        Respectfully,

        */s/ Sarah A. Tomkowiak*
        Sarah A. Tomkowiak
        of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)