# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | **Civil Action No. 24-cv-04274-JLR-BCM** |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT
GOOGLE LLC'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Cengage Learning, Inc. ("Cengage" or "Plaintiff), by and through its attorneys, responds as follows to Defendant Google LLC's ("Defendant" or "Google") First Set of Requests for Production. Plaintiff will produce non-privileged documents as indicated below on a rolling basis until such production is complete.

**PRELIMINARY STATEMENT**

1.      Plaintiff makes a reasonable effort to respond to Defendant's requests as Plaintiff understands and interprets each request. If Defendant subsequently asserts any interpretation of any request that differs from Plaintiff's interpretation, Plaintiff reserves the right to supplement and amend its responses.

2.      All responses are based on information presently known to Plaintiff after reasonable investigation. Plaintiff's responses as set forth herein are made without prejudice to Plaintiff's

right to assert any different, additional, or supplemental responses as additional information becomes known to Plaintiff.

3. Nothing contained herein is an admission relative to the existence of any information or documents sought, to the relevance or admissibility of any response, or to the truth or accuracy of any statement or characterization contained in any particular request. For example, even where a response below states that Plaintiff will produce responsive, non-privileged documents following a reasonable search of its records, Plaintiff's response is not an admission that such responsive, non-privileged documents exist.

4. Plaintiff will produce electronically stored information ("ESI") according to the Stipulated Order Regarding Protocol for Producing Documents and Electronically Stored Information entered or to be entered by the Court ("ESI Protocol").

5. Notwithstanding Plaintiff's objections herein, Plaintiff is willing to meet and confer with Defendant in order to attempt to mutually agree upon a reasonable scope of non-objectionable discovery that can be provided without undue or disproportionate burden.

## GENERAL OBJECTIONS

1. The following General Objections apply to each and every request and should be considered part of Plaintiff's objections to each and every request. Any specific objections provided below are made in addition to these General Objections, and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection. In addition, the failure to include any specific objection to a request is neither intended as, nor shall in any way be deemed, a waiver of Plaintiff's rights to assert that or any other objection at a later date.

2. Plaintiff objects to the "Definitions" and "Instructions" in Defendant's requests to

2

the extent they purport to impose upon Plaintiff any duty or obligation that is inconsistent with or in excess of Plaintiff's obligations under the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable rule or court order. Plaintiff will interpret and respond to the requests in the manner prescribed by the same.

3.      Plaintiff objects to the definition of "Document" to the extent it is contrary to the ESI Protocol.

4.      Plaintiff objects to definitions of the terms "you," "your," "Publishers," "Plaintiff," and "Plaintiffs." These terms render the relevant requests overly broad, unduly burdensome, not proportional to the needs and scope of the case, designed to seek information that is not relevant to the claims or defenses in the litigation, and seeks discovery sources from outside the separate legal entity that is Plaintiff insofar as these terms encompass not only the Plaintiffs who initiated this action, but also purport to encompass their parents, subsidiaries, affiliates, divisions, predecessors, successors, assignees, principals, officers, investors, employees, directors, agents, consultants, attorneys, and "all other persons acting or purporting to act on behalf of or under the control of any of the foregoing." Plaintiff responds to these requests with respect to Cengage only.

5.      Plaintiff objects to the definition of "Person" or "Entity." These terms render the relevant requests overly broad, unduly burdensome, not proportional to the needs and scope of the case, designed to seek information that is not relevant to the claims or defenses in the litigation, and seeks discovery sourced from outside the separate legal entity that is plaintiff insofar as these terms encompass not only the Person or Entity, but also purport to encompass their "parent, agent, assign, employee, representative, advisor, partner, subsidiary . . . and/or affiliate thereof." Plaintiff responds to these requests with respect to Cengage only, and with respect to that entity's divisions or departments thereof.

3

6.      Plaintiff objects to the definition of "BCGuardian." This term renders the relevant requests overly broad, unduly burdensome, not proportional to the needs and scope of the case, and designed to seek information that is not relevant to the claims or defenses in the litigation insofar as these terms encompass not only BCGuardian LLP, but also purport to encompass its parents, subsidiaries, affiliates, divisions, predecessors, successors, assignees, principals, officers, investors, employees, directors, agents, consultants, attorneys, and "all other persons acting or purporting to act on behalf of or under the control of any of the foregoing." Plaintiff responds to these requests with respect to only BCGuardian LLP.

7.      Plaintiff objects to these requests to the extent they call for the production of documents and/or information that Plaintiff is prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.

8.      Plaintiff objects to any request that seeks information not within Plaintiff's present possession, custody, or control, or seeks information that already is in the possession of Defendant or that is equally available to Defendant from other sources.

9.      Plaintiff objects to the requests to the extent they are duplicative or redundant of each other.

10.      Plaintiff objects to the requests to the extent they require Plaintiff to draw legal conclusions in order to respond.

11.      Plaintiff objects to the requests to the extent they are overly broad, vague, ambiguous, and/or incomprehensible. As used herein, the phrase "overly broad" includes requests that, so characterized, seek documents, things, or information irrelevant in scope, subject matter, and/or time period to this lawsuit or to the particular matters at issue in this lawsuit.

12.      Plaintiff objects to the definitions, instructions, and requests as overly broad and

unduly burdensome to the extent they require Plaintiff to produce documents or information beyond what Plaintiff locates from a reasonable and diligent search of its files.

13.    Plaintiff objects to the requests that do not specify a time period governing the requested information. These requests are overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seek information that is not relevant to the claims or defenses in the litigation. Plaintiff's responses to these requests are limited to August 1, 2019 to present unless otherwise noted.

14.    Plaintiff objects to the use of the word "all" in the requests, as it makes the requests overly broad, unduly burdensome, and disproportionate to the needs of the instant action. It is impossible to represent, even after a reasonably diligent search, that "all" documents or information falling within a description can be or has been located, particularly for a large corporation such as Plaintiff with various offices, divisions, and departments. Therefore, Plaintiff cannot warrant or represent that it has produced "all" documents or information, only that it has produced that which could be located after a reasonably diligent search.

15.    Plaintiff objects to the requests that can be read to seek information from Plaintiff pertaining to its co-Plaintiffs. All responses are provided as to Cengage only, and not the other Plaintiffs in this action unless otherwise specified.

16.    Plaintiff objects to the use of the defined terms of Asserted Copyright(s), Asserted Work(s), and Asserted Trademarks to the extent that they seek identification of each of Plaintiff's works or trademarks asserted in this action "in the future." The full scope of Google's infringement at issue in this action is not known at this time. Certain information showing which works and trademarks Google has infringed is within Google's possession, custody, or control. A more complete picture of that infringement will be determined during discovery, and Plaintiff reserves

the right to rely upon or assert claims regarding Google's infringement of any of Plaintiff's copyrighted works or trademarks.

17.    Plaintiff objects to the requests that seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense/prosecution or common interest privilege, or any other applicable privilege or immunity. The inadvertent production of information that is privileged, was prepared in anticipation of litigation or for trial, or that is otherwise protected from discovery, shall not constitute a waiver of any privilege or any ground for objection, or of the right of Plaintiff to object to the use of such information during subsequent proceedings.

18.    Plaintiff objects to the requests for production to the extent they seek confidential or highly confidential information, such as confidential, proprietary, or sensitive information pertaining to Plaintiff's business, commercial, financial, or competitive interests, or personal or private information regarding individuals.

19.    Plaintiff objects to the production of individual financial information in author agreements, which is not only highly confidential but also has no relevance to the claims and defenses in this litigation. Such information, along with PII as defined in the Stipulated Protective Order, will be redacted.

20.    Plaintiff's responses to the requests for production will be made without waiver of, and with the intentional preservation of:

    a. All questions as to the competence, relevance, materiality, privilege, confidentiality, authenticity, and admissibility as evidence in any aspect of this or any other legal proceeding;

    b. The right to object on any ground to the use of information or documents, or the

subject matter thereof, in any aspect of this or any other legal proceeding;

    c.   The right to object at any time to responses to requests for production on any ground; and

    d.   The right to revise, correct, supplement, or clarify the objections propounded herein at any time.

    e.   Plaintiff's position that documents it produces from third parties that send notices of infringement on its behalf are not within Plaintiff's possession, custody, or control, but rather are being produced by Plaintiff for convenience of the parties.

21.    Identification or production of documents or information responsive to any discovery request should not be construed as:

    a.   An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

    b.   A waiver by Plaintiffs of any of their objections as set forth herein; or

    c.   An agreement that requests for similar information will be treated in a similar manner.

22.    Plaintiff objects to the requests to the extent that compliance with them would impose upon Plaintiff undue burden or expense; require a search for information not relevant to the claims and defenses in this lawsuit; or require efforts to respond that are not proportional to the needs and scope of the case. In each such case, the value of producing the requested information is either non-existent or is outweighed by the burden or expense of producing it.

23.    Plaintiff objects to the requests as a whole as unduly burdensome, oppressive, unnecessarily duplicative, and not proportional to the needs and scope of the case. At 83 requests for production, many of which seek "all documents and communications" regarding their

respective subject matter, Defendant's requests, collectively, impose an undue and unreasonable burden on Plaintiff that has and will continue to unnecessarily consume resources, outweighing the possible benefit, if any, as many of the requests seek no relevant information.

## OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

A genuine digital copy of each Asserted Work.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 1:

Plaintiff objects that the request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Defendant has not articulated a need for genuine digital copies of the thousands of Asserted Works listed on Exhibit A to the Amended Complaint. Google's advertising customers reproduced and distributed unauthorized digital copies of these works, and there is no indication that Google would seek to perform any type of text-based analysis of these works in this case or make any assertion of lack of substantial similarity. U.S. copyright registrations for the Asserted Works establish a presumption of validity as to the facts contained therein; therefore, the proposed discovery lacks relevance, and the burden and expense of the proposed discovery outweighs any possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Plaintiff further objects to this request to the extent that it seeks documents in a format not maintained by Plaintiff in the ordinary course of business. Plaintiff further objects to this request to the extent it seeks the production of digital copies of the Asserted Works without security restrictions that Plaintiff requires when such works are distributed to others.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to and without waiving the foregoing objections, Plaintiff will produce genuine digital copies of the Asserted Works it publishes to the extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search, provided that the parties can agree on, and Defendant complies with, adequate security measures necessary to protect these documents. Plaintiff will meet and confer with Defendant concerning these security measures and will not produce the documents in a form that does not currently exist.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Relating To any Person's ownership of each Asserted Copyright, Including any transfer or assignment of any copyright interest in any Asserted Copyright to any Person.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff in obtaining and subsequently exercising its ownership rights for each Asserted Work, and there is no limitation in time or scope. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. U.S. copyright registrations for the Asserted Works establish a presumption of validity as to the facts contained therein; therefore, the proposed discovery lacks relevance, and the burden and expense of the proposed discovery outweighs any possible benefit. These registrations and other ownership documents Plaintiff will

produce speak for themselves. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) U.S. copyright registration certificates and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for Plaintiff's Asserted Works; and (ii) for each Asserted Work, non-privileged documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Asserted Work, including author agreements and other agreements establishing Plaintiff's ownership if the copyright claimant is someone other than Plaintiff, to the extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to this request.

### REQUEST FOR PRODUCTION NO. 3:

All Documents and Communications sufficient to identify the ownership percentage of any Person for each Asserted Copyright.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 3:

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. U.S. copyright registrations for the Asserted Copyrights establish a presumption of validity as to the facts contained therein; therefore, the proposed discovery lacks relevance, and the burden and expense of it outweighs any possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Plaintiff

further objects to this request on the grounds that it is vague and ambiguous regarding the terms "ownership percentage of any Person for each Asserted Copyright." Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) U.S. copyright registration certificates and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for Plaintiff's Asserted Works; and (ii) for each Asserted Work, non-privileged documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Asserted Work, including author agreements and other agreements establishing Plaintiff's ownership if the copyright claimant is someone other than Plaintiff, which would include the ownership percentage, if applicable, to the extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 4:

All Documents and Communications sufficient to show the entire chain-of-title for each Asserted Copyright.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 4:

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. U.S. copyright registrations for the Asserted Copyrights establish a presumption of validity as to the facts contained therein; therefore, the proposed discovery lacks relevance, and the burden and expense of the proposed discovery outweighs any

possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Plaintiff further objects to this request on the grounds that it is vague and ambiguous regarding the term "entire chain-of-title." Plaintiff further objects to the term "entire chain-of-title" to the extent it calls for a legal conclusion. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) U.S. copyright registration certificates and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for Plaintiff's Asserted Copyrights; and (ii) for each Asserted Copyright, documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Asserted Work, including author agreements and other agreements establishing Plaintiff's ownership if the copyright claimant is someone other than Plaintiff, to the extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 5:

All Documents and Communications, Including licenses and other agreements with authors or other current or former copyright owners, Concerning each Asserted Work or Asserted Copyright, Including any licenses or agreements with any Person.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 5:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope

of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff that references its agreements or licenses concerning the Asserted Works, and there is no limitation in time or scope. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. Additionally, as stated in the Amended Complaint, Plaintiff has not entered into any licenses or agreements with the Pirate Sellers or Pirate Sites (as those terms are defined in the Amended Complaint) identified in Plaintiff's notices of infringement to Google concerning Shopping Ads ("Infringing Merchants"). Thus, any license or other agreement entered into between Plaintiff and a nonparty that does not relate to Plaintiff's ownership of Asserted Works has no relevance to, nor bearing on, the claims and defenses asserted in this case. Plaintiff further objects to this request to the extent that it seeks documents or information concerning any licenses and/or agreements internal to Plaintiff and/or its parents, subsidiaries, divisions, successors in interest, and/or affiliates, which have no relevance to the claims and defenses asserted in this case. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Subject to and without waiving the foregoing objections, Plaintiff will produce, for each Asserted Work, non-privileged documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Asserted Work, including author agreements and other agreements establishing Plaintiff's ownership if the copyright claimant is someone other than Plaintiff, to the

extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 6:**

For each Asserted Copyright, all Documents and Communications concerning the registration of each Asserted Work with the U.S. Copyright Office, Including all Documents Concerning any decision to file or not to file an application for registration and all deposits and other Documents submitted to or received from the U.S. Copyright Office in connection with such application.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff that references the registration of an Asserted Copyright, and there is no limitation in time or scope. Plaintiff is a large publishing company that publishes many copyrighted works per year, and Google has infringed many such works. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield irrelevant information. Moreover, U.S. copyright registrations for the Asserted Copyrights establish a presumption of validity as to the facts contained therein; therefore, the proposed discovery lacks relevance, and the burden and expense of it outweighs any possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Plaintiff further objects to this request because deposit copies of the Asserted Works

must be requested from the U.S. Copyright Office and/or the Library of Congress. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Subject to and without waiving the foregoing objections, Plaintiff will produce U.S. copyright registration certificates and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for its Asserted Copyrights. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 7:

All Documents and Communications Concerning the first publication of each Asserted Work, Including Documents showing the date and nation of first publication.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 7:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff in connection with the initial publication or distribution of each Asserted Work, and there is no limitation in time or scope. Plaintiff is a large publishing company that publishes many copyrighted works, and Google has infringed may such works. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield irrelevant information. U.S. copyright registrations for the

Asserted Work establish a presumption of validity as to the facts contained therein; therefore, the proposed discovery lacks relevance, and the burden and expense of it outweighs any possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "date . . . of first publication"; Plaintiff interprets "date of first publication" to mean, consistent with 17 U.S.C. § 101, "date of first distribution to the public." Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Subject to and without waiving the foregoing objections, Plaintiff will produce U.S. copyright registrations and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for the Asserted Works, which state the date and country of first publication. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 8:

For each Asserted Work first published outside of the United States, Documents sufficient to show when the Asserted Work was first published in the United States or a treaty party as defined by 17 U.S.C. §§ 101, 104.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 8:

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. U.S. copyright registrations for the Asserted Work

establish a presumption of validity as to the facts contained therein; the burden and expense of the proposed discovery outweighs any possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Plaintiff further objects to the request on the ground that it is vague and ambiguous regarding the terms "first published." Plaintiff interprets "first published" to mean, consistent with 17 U.S.C. § 101, "date of first distribution to the public."

### RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Subject to and without waiving the foregoing objections, Plaintiff will produce U.S. copyright registrations and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for the Asserted Work, which state the country of first publication. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 9:

Documents sufficient to identify all Persons who authored, developed, or made contributions to the content of each Asserted Work.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 9:

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff is a large publishing company, and Google has infringed many such works. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. U.S. copyright registrations for the Asserted Work establish a presumption of validity as to the facts contained therein; therefore, the burden and expense of the proposed discovery outweighs any possible benefit. These registrations and other

17

ownership documents Plaintiff will produce speak for themselves. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "developed, or made contributions to." If those terms are interpreted to mean persons other than authors, they render the request patently unreasonable and objectionable on the grounds stated above. Plaintiff further objects to this request on the grounds that it is unreasonably duplicative of other requests.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) U.S. copyright registrations and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for Plaintiff's Asserted Work, which identify the authors; and (ii) for each Asserted Work, non-privileged documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Asserted Work, including author agreements and other agreements establishing Plaintiff's ownership if the copyright claimant is someone other than Plaintiff, to the extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 10:

All Documents and Communications Concerning any agreements or contracts, and negotiations regarding agreements or contracts, between the authors of the Asserted Works and You.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 10:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation.

The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff in negotiating and entering into author agreements, and there is no limitation in time or scope. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. U.S. copyright registrations for the Asserted Copyright establish a presumption of validity as to the facts contained therein; therefore, the burden and expense of the proposed discovery outweighs any possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Moreover, communications concerning author agreements, including those concerning negotiations, are not relevant, when it is the agreement itself that may govern ownership. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) U.S. copyright registrations and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for Plaintiff's Asserted Work, which identify the authors; and (ii) for each Asserted Work, non-privileged documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Asserted Work, including author agreements and other agreements establishing Plaintiff's ownership if the copyright claimant is someone other than Plaintiff, to the extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications Concerning the authorship of the Asserted Works, Including any Work Made for Hire agreement, employment agreement, and any other license or agreement Relating to the authorship of any Asserted Work.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff related to the creation of Asserted Works, and there is no limitation in time or scope. Plaintiff is a large publishing company that publishes many copyrighted works per year, and Google has infringed many such works. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. U.S. copyright registrations for the Asserted Copyright establish a presumption of validity as to the facts contained therein; therefore, the burden and expense of the proposed discovery outweighs any possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) U.S. copyright registrations and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for Plaintiff's Asserted Work, which identify the authors; and (ii) for each Asserted Work, non-privileged documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Asserted Work, including author agreements and other agreements establishing Plaintiff's ownership if the copyright claimant is someone other than Plaintiff, to the extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show, for each Asserted Work, the circumstances of the Asserted Work's creation by each Author, Including Documents sufficient to show when each Author created the Asserted Work (e.g., during or outside the Author's working hours for the Author's employer), where each Author created the Asserted Work (e.g., on employer premises or elsewhere), each Author's use of any employer resources (e.g., space, equipment, personnel, or facilities) in creating the Asserted Work, and any benefit derived by each Author employee from their employer as a result of the creation of the Asserted Work (e.g., funds, credit toward promotion).

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every

document ever received by Plaintiff from the author while he or she was writing the work, and there is no limitation in time or scope. Plaintiff is a large publishing company that publishes many copyrighted works per year, Google has infringed many such works, and the many authors of those works do not provide information to Plaintiff in the form sought in the request. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. U.S. copyright registrations for the Asserted Copyright establish a presumption of validity as to the facts contained therein; therefore, the burden and expense of the proposed discovery outweighs any possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Plaintiff further objects to this request because it seeks information that is not within Plaintiff's possession, custody, or control. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "circumstances . . . of creation," "when" and "where" authors created the Asserted Works, "use of any employer resources," and "any benefit derived." Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections. Plaintiff further objects to this request as unreasonably based on a speculative and false assertion by Defendant that textbooks are owned by universities at creation under a work for hire doctrine. Defendant's discovery requests on this topic are designed to harass Plaintiff, needlessly increase the cost of litigation, and interfere with Plaintiff's important and valuable business relationships with non-party authors and non-party universities that are its customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) U.S. copyright registrations and/or copies of the United States Copyright Office's publicly available database entries evidencing registration for Plaintiff's Asserted Work, which identify the authors; and (ii) for each Asserted Work, non-privileged documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Asserted Work, including author agreements and other agreements establishing Plaintiff's ownership if the copyright claimant is someone other than Plaintiff, to the extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 13:**

For each Author, Documents sufficient to show the Author's employment relationship(s) at the time of his or her authorship of the Asserted Works, Including Documents sufficient to show the identity of each Author's employer(s), the form of each employment relationship (e.g., employee, contractor, full-time, part-time), the length of such employment relationship, the compensation for such employment, the scope of employment responsibilities, and any employment agreement or other agreements or policies governing that employment relationship.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff is a large publishing company that publishes many copyrighted works per year, Google has infringed many such works, and the many authors of those works do not provide information to Plaintiff in the form sought in the request. Thus, no

reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. Plaintiff further objects to this request because U.S. copyright registrations for the Asserted Copyright establish a presumption of validity as to the facts contained therein; therefore, the proposed discovery lacks relevance, and the burden and expense of it outweighs any possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Plaintiff further objects to this request because it seeks information that is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request on the grounds as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections. Plaintiff further objects to this request as unreasonably based on a speculative and false assertion by Defendant that textbooks are owned by universities at creation under a work for hire doctrine. Defendant's discovery requests on this topic are designed to harass Plaintiff, needlessly increase the cost of litigation, and interfere with Plaintiff's important and valuable business relationships with non-party authors and non-party universities that are its customers.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Subject to and without waiving the foregoing objections, Plaintiff will produce genuine digital copies of the Asserted Works it publishes, to the extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search, provided that the parties can agree on, and Defendant complies with, adequate security measures necessary to protect these documents. Plaintiff will meet and confer with Defendant concerning such security measures and will not produce the documents in a form that does not currently exist. Pursuant to

the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

## REQUEST FOR PRODUCTION NO. 14:

For each Author, all Documents and Communications Concerning the vesting, assignment, or transfer of the copyright for Asserted Work to the Author, Including each Author's employer's copyright policy, copyright agreement, intellectual property policy, intellectual property agreement, or any other written policy, agreement, or Document Concerning the assignment, transfer, or vesting of the copyright for each Asserted Work from the Author's employer to the Author.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 14:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Unless otherwise specified in the author agreement, the author of the Asserted Work owned the copyright in the first instance. Therefore, documents regarding each author's "employer's copyright policy, copyright agreement, intellectual property policy, intellectual property agreement . . . " have no relevance to, nor bearing on, the claims and any valid defenses asserted in this case. Plaintiff further objects to this request because U.S. copyright registrations for the Asserted Copyright establish a presumption of validity as to the facts contained therein; therefore, the proposed discovery lacks relevance and the burden and expense of it outweighs any possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Plaintiff further objects to this request because it seeks information that is not within Plaintiff's possession, custody, or control. Plaintiff further objects to the terms "vesting,

assignment, or transfer" to the extent they call for a legal conclusion. Plaintiff further objects to this request as unreasonably based on a speculative and false assertion by Defendant that textbooks are owned by universities at creation under a work for hire doctrine. Defendant's discovery requests on this topic are designed to harass Plaintiff, needlessly increase the cost of litigation, and interfere with Plaintiff's important and valuable business relationships with non-party authors and non-party universities that are its customers.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Subject to and without waiving the foregoing objections, Plaintiff will produce, for each Asserted Work, non-privileged documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Asserted Work, including author agreements and other agreements establishing Plaintiff's ownership if the copyright claimant is someone other than Plaintiff, to the extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 15

For each Author, all Documents and Communications Concerning Your efforts to determine whether that Author's employer at any time vested, assigned, or transferred the copyright in the Asserted Work to the Author, Including Your policies, procedures, and practices Concerning such efforts.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 15:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request because U.S. copyright registrations for the Asserted

Copyright establish a presumption of validity as to the facts contained therein; therefore, the proposed discovery lacks relevance and the burden and expense of it outweighs any possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Plaintiff further objects to this request because it seeks information that is not within Plaintiff's possession, custody, or control. Plaintiff further objects to the terms "vesting, assignment, or transfer" to the extent they call for a legal conclusion. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections. Plaintiff further objects to this request as unreasonably based on a speculative and false assertion by Defendant that textbooks are owned by universities at creation under a work for hire doctrine. Defendant's discovery requests on this topic are designed to harass Plaintiff, needlessly increase the cost of litigation, and interfere with Plaintiff's important and valuable business relationships with non-party authors and non-party universities that are its customers.

### <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 15:</u>

Subject to and without waiving the foregoing objections, Plaintiff will produce, for each Asserted Work, non-privileged documents sufficient to establish Plaintiff's ownership of or exclusive rights in that Asserted Work, including author agreements and other agreements establishing Plaintiff's ownership if the copyright claimant is someone other than Plaintiff, to the extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search. Other than the foregoing, which includes author agreements, Plaintiff responds that it is currently unaware of responsive, non-privileged documents in its possession, custody, or control that can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications Concerning Your efforts to enforce Your asserted copyright interests in each of the Asserted Works, Including enforcement of any of the specific exclusive rights identified in 17 U.S.C. § 106.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff in the course of enforcing its copyrights pursuant to litigation and non-litigation efforts in which it engages, and there is no limitation in time or scope. No reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. This case is about Google's and the Infringing Merchants' infringement of Plaintiff's copyrights; not Plaintiff's efforts to enforce its rights against other, uninvolved parties. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request because some of the information it seeks is publicly available. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and/or anti-piracy privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) notices of infringement that it or a third party acting on Plaintiff's behalf sent to Google concerning Shopping Ads and communications between Plaintiff or a third party acting on Plaintiff's behalf

and Google regarding those notices; (ii) notices of infringement that Plaintiff or a third party acting on Plaintiff's behalf sent to Infringing Merchants and communications between Plaintiff or a third party acting on Plaintiff's behalf and Infringing Merchants regarding those notices, if any; (iii) the Complaints, Temporary Restraining Orders, Preliminary Injunctions, and Permanent Injunctions in the lawsuits referenced in Paragraphs 114–118 of the Amended Complaint; (iv) the Infringing Merchants' responses in connection with the foregoing lawsuits, if any; and (v) any communications between Plaintiff and Google concerning the foregoing lawsuits. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

## REQUEST FOR PRODUCTION NO. 17:

All Documents and Communications between You and any other Person Concerning Google's DMCA policies or procedures.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 17:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Communications between Plaintiff and someone other than Google or an Infringing Merchant regarding Google's DMCA policies or procedures would have no bearing on this case. Further, by seeking "[a]ll Documents and Communications," no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. Plaintiff further objects to this request because it seeks information already in the possession of Google. Plaintiff further objects

to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) notices of infringement that it or a third party acting on Plaintiff's behalf sent to Google concerning Shopping Ads and communications between Plaintiff or a third party acting on Plaintiff's behalf and Google regarding those notices; (ii) notices of infringement that Plaintiff or a third party acting on Plaintiff's behalf sent to Infringing Merchants and communications between Plaintiff or a third party acting on Plaintiff's behalf and Infringing Merchants regarding those notices. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 18:

All Documents and Communications Concerning any notices or notifications of claimed infringement of one or more of the Asserted Copyrights sent by You to Google or the designated agent of Google pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, Including Communications discussing any actions or inactions taken by Google.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 18:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff or its authorized representative concerning the tens of thousands of notices of infringement that it has had send to Google, and there is no limitation in time or scope. The request

also can be interpreted to seek documents concerning notices of infringement that Plaintiff sent to Google Search, but this litigation relates to Google Shopping. Plaintiff further objects to this request because it seeks information already in the possession of Google. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, the common interest privilege, or the attorney work product doctrine.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) notices of infringement that it or a third party acting on Plaintiff's behalf sent to Google concerning Shopping Ads and communications between Plaintiff or a third party acting on Plaintiff's behalf and Google regarding those notices; (ii) notices of infringement that Plaintiff or a third party acting on Plaintiff's behalf sent to Infringing Merchants and communications between Plaintiff or a third party acting on Plaintiff's behalf and Infringing Merchants regarding those notices. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 19:

All Documents and Communications Concerning any notices or notifications of claimed infringement of one or more of the Asserted Copyrights sent by any Plaintiff to any Third Party, pursuant to the DMCA, 17 U.S.C. § 512, Including the notices themselves.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 19:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation.

The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff in sending notices of infringement regarding the Asserted Copyrights to platforms, websites (other than Google), intermediaries, and individuals, and there is no limitation in time or scope. Plaintiff is a large publishing company that publishes many copyrighted works per year, Google has infringed many such works, and Plaintiff sends many thousands of infringement notices per year, as piracy is rampant. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. Documents and communications concerning notices to persons or entities other than Google and the Infringing Merchants are not at issue in this case; rather, this case is about Google and the Infringing Merchants' infringement of those rights. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19:</u>**

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) notices of infringement that it or a third party acting on Plaintiff's behalf sent to Google concerning Shopping Ads and communications between Plaintiff or a third party acting on Plaintiff's behalf and Google regarding those notices; (ii) notices of infringement that Plaintiff or a third party acting on Plaintiff's behalf sent to Infringing Merchants and communications between Plaintiff or a third party acting on Plaintiff's behalf and Infringing Merchants regarding those notices. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications Concerning any investigations, analyses, research, audits, reviews, or conclusions performed by BCGuardian Regarding any potential or actual infringement of one or more of the Asserted Copyrights or Asserted Trademarks, Including any notices of infringement drafted, revised, or sent by BCGuardian to Google, its designated agent, or any Third Party on Your behalf pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek a vast array of documents unrelated to Google, which have no relevance to, or bearing upon, this litigation. The request also can be interpreted to seek documents concerning Google Search, but this litigation relates to Google Shopping. Plaintiff further objects Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "investigations," "analyses," "research," "audits," "reviews," and "conclusions." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, the common interest privilege, or the attorney work product doctrine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) notices of infringement that BCGuardian, acting on Plaintiff's behalf, sent to Google concerning Shopping Ads and communications between BCGuardian and Google regarding those notices; (ii) notices of

infringement that BCGuardian, acting on Plaintiff's behalf, sent to Infringing Merchants and, to the extent they exist and can be and can be located after a reasonable search, communications between BCGuardian and Infringing Merchants regarding those notices; and (iii) non-privileged data concerning the foregoing notices. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications Concerning any investigations, analyses, research, audits, reviews, or conclusions performed by Link-Busters Regarding any potential or actual infringement of one or more of the Asserted Copyrights or Asserted Trademarks, Including any notices of infringement drafted, revised, or sent by Link-Busters to Google, its designated agent, or any Third Party on Your behalf pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek a vast array of documents unrelated to Google, which have no relevance to, or bearing upon, this litigation. The request also can be interpreted to seek documents concerning Google Search, but this litigation relates to Google Shopping. Plaintiff further objects Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "investigations," "analyses," "research," "audits," "reviews," and "conclusions." Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the

extent that it seeks documents or communications protected by the attorney-client privilege, the common interest privilege, or the attorney work product doctrine.

### **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to and without waiving the foregoing objections, Plaintiff responds that it is currently unaware of non-privileged, responsive documents in its possession, custody, or control concerning Google Shopping that can be found after a reasonable search. Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### **REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications Concerning Your valuation of each Asserted Copyright, Including any valuation reports or similar evaluative assessments including any Asserted Copyright, whether conducted by You or any Third Party.

### **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to the request on the grounds that valuation-related documents, to the extent they exist, pertain to the work in question, not the underlying copyright registration. Plaintiff is a large publishing company, and Google has infringed many of its Asserted Works. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield irrelevant information. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "valuation," "valuation reports," and "evaluative assessments." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client

privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to show the valuation for an Asserted Work, to the extent such documents exist, are within Plaintiff's possession, custody, or control and can be found after a reasonable search.

### REQUEST FOR PRODUCTION NO. 23:

All Documents and Communications Concerning Your valuation of each Asserted Work, Including any estimated sales reports, valuation reports, or similar evaluative assessments including any Asserted Work, whether conducted by You or any Third Party.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 23:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff is a large publishing company, and Google has infringed many of its Asserted Works. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield irrelevant information. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "estimated sales reports," "valuation," "valuation reports," and "evaluative assessments." Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to show the valuation for an Asserted Work, to the extent such documents exist, are within Plaintiff's possession, custody, or control and can be found after a reasonable search. Such documents will not include "estimated sales reports."

## REQUEST FOR PRODUCTION NO. 24:

All Documents and Communications Concerning Your efforts, whether past or present, to market, sell, license, rent, distribute, or otherwise exploit each Asserted Work and each Asserted Copyright, Including without limitation Documents sufficient to show the revenue You receive for each Asserted Work and each Asserted Copyright for each such exploitation.

## OBJECTIONS TO REQUEST FOR PRODUCTION NO. 24:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The scale of this request appears intended to harass Plaintiff, cause unnecessary delay, and needlessly increase the cost of litigation. Plaintiff, cause unnecessary delay, and needlessly increase the cost of litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff in conducting its business with respect to the Asserted Works, and there is no limitation in time or scope. Plaintiff is a large publishing company that publishes many copyrighted works per year, and Google has infringed many such works. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. This case is about piracy, not the lawful licensing or other exploitation of Plaintiff's Asserted Works.

Additionally, as stated in the Amended Complaint, Plaintiff has not entered into any licenses or agreements with the Infringing Merchants. Thus, any license or other agreement entered into between Plaintiff and a nonparty that does not relate to Plaintiff's ownership of Asserted Works has no relevance to, nor bearing on, the claims and defenses asserted in this case. Plaintiff further objects to this request to the extent that it seeks documents or information concerning any licenses and/or agreements internal to Plaintiff and/or its parents, subsidiaries, divisions, successors in interest, and/or affiliates, which have no relevance to the claims and defenses asserted in this case. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "market," "sell," "license," "rent," "distribute," "exploit," and "exploitation." Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's marketing and business decisions, customers, potential customers, products, and/or services, the production of which would not be justified even under a protective order.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) documents sufficient to show the prices at which the Asserted Works were sold in the United States since August 1, 2019, to the extent such information is available and can be found after a reasonable search; (ii) if information showing the prices at which the Asserted Works were sold in the United States since August 1, 2019 cannot be found after a reasonable search, documents sufficient to show the prices at which the Asserted Works were sold in the United States prior to August 1, 2019, to the extent such information is available and can be found after a reasonable search; and (iii) non-privileged documents sufficient to show the valuation for an Asserted Work, to the extent such documents exist, are within Plaintiff's possession, custody, or control and can

be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 25:

All Documents and Communications Concerning the effect of the copyright infringement alleged in this Action on Your revenues or business prospects, Including any analysis conducted of each such effect.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 25:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff is a large publishing company that publishes many copyrighted works per year, and Google has infringed many such works. The damages caused by copyright infringement are known to be difficult to quantify, which is a reason that statutory damages are available under the Copyright Act. Plaintiff further objects because the request is premature given the current stage of the litigation, at which the full extent of Defendant's infringement is unknown. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "effect," "business prospects," and "analysis." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents to the extent those documents are in Plaintiff's possession, custody, or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show, on a work-by-work basis, total royalty distributions to the authors of the Asserted Works resulting from sale, rental, distribution, or any other exploitation of the Asserted Works.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff is a large publishing company that publishes many copyrighted works per year, Google has infringed many such works, and the request seeks all royalty information relating to each Asserted Work with no limitation in time or scope. Moreover, the amount each author is paid in royalties from each Asserted Work has no bearing on the claims or valid defenses asserted in this case. Plaintiff further objects to this request on the grounds that seeks irrelevant, confidential information relating to individual financial compensation to authors and other highly confidential and proprietary information, the production of which would not be justified even under a protective order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to show the valuation for an Asserted Work, to the any such documents exist and can be found after a reasonable search, including royalty distribution information, to the extent it is included is included in such valuation documents. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 27:**

For each Asserted Work, all Documents and Communications Concerning any decision by You to allow the public to use, copy, download, or otherwise access the Asserted Work without compensation to You.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. As stated in the Amended Complaint, Plaintiff has not allowed the Infringing Merchants to copy or sell the Asserted Works. Thus, any other use of the Asserted Works by members of public has no relevance to, nor bearing on, the claims and defenses asserted in this case. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "the public," "use," and "otherwise access." Plaintiff interprets "the public" to mean the public at large, and not professors or instructors who adopt the Asserted Works for use in their courses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to and without waiving the foregoing objections, Plaintiff asserts that it is currently unaware of non-privileged, response documents in its possession, custody, or control that can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications Concerning any of the Asserted Works for which You did not inform Google of alleged infringing activity prior to filing the Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. As stated in the Amended Complaint (e.g., ¶¶ 99, 100), Plaintiff sent infringement notices to Google for all Asserted Works prior to the filing of the Amended Complaint. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to the extent that this request ignores the language of 17 U.S.C. 512(c) that permits the use of a representative list of works in an infringement notice. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to and without waiving the foregoing objections, Plaintiff responds that it is currently unaware of responsive, non-privileged documents in its possession, custody, or control that can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents shared with Third Parties and Communications with Third Parties in which You made any representation regarding whether or not any of the Asserted Copyrights are, were, or may have been infringed by Google, Including but not limited to any representations and warranties in financings, mergers, or other agreements.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope

of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Any "representations" as referenced in the request, if they exist, are not relevant to the claims or defenses in the litigation, which concerns Google's infringement and not Plaintiff's own representations about that infringement. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent it seeks the production of documents subject to confidentiality or non-disclosure agreements. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the term "representation." Plaintiff interprets that term to mean contractual representations, based on the remainder of the request. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Subject to and without waiving the foregoing objections, Plaintiff responds that it is currently unaware of non-privileged, responsive representations or warranties in financings, mergers, or other agreements in its possession, custody, or control that can be found after a reasonable search.

### REQUEST FOR PRODUCTION NO. 30:

All Documents and Communications Concerning any and all steps taken by You to determine whether Google's merchants had the underlying rights necessary to distribute, sell, or otherwise exploit any of the Asserted Works at issue.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 30:

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope

of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. As stated in the Amended Complaint (¶ 29), "[o]nly certain licensed distributors are authorized to sell the Publishers' textbooks in digital or ebook form," none of whom include the Infringing Merchants. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents capturing evidence from the Pirate Sites that can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 31:

For each Asserted Work, all Documents and Communications Concerning any effect the alleged infringement had on the market or demand for the Asserted Work.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 31:

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff is a large publishing company that publishes many copyrighted works per year, and Google has infringed many such works. The damages caused by copyright infringement are known to be difficult to quantify, which is a reason that statutory damages are available under the Copyright Act. Plaintiff further objects because the request is premature given the current stage of the litigation, at which the full extent of Defendant's infringement is unknown. Plaintiff further

44

objects to the request on the grounds that it is vague and ambiguous regarding the terms "the alleged infringement" and "market or demand." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents that can be found after a reasonable search.

### REQUEST FOR PRODUCTION NO. 32:

All Documents and Communications Concerning Your use of the Asserted Trademarks in connection with Your goods and services, Including but not limited to Documents supporting the alleged date of first use in commerce of each Asserted Trademark and nature of the goods and services used in connection therewith.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 32:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff regarding Plaintiff's use of the Asserted Trademarks, there is no limitation in time or scope, and the information is not relevant to Plaintiff's claim that Defendant improperly used counterfeit copies of its Asserted Trademarks in any event. Plaintiff is a large publishing company, its many works bear its trademarks, and, therefore, its "use" of its trademarks impacts myriad aspects of its business. Thus, in addition to a lack of relevance, no reasonable search for the information as requested could be conducted. Plaintiff further objects to this request because some

of the information it seeks is publicly available. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) documents that are part of the United States Patent and Trademark Office's ("USPTO") official record regarding Plaintiff's Asserted Trademarks, including registrations for the Asserted Trademarks, which reference the first use in commerce and the nature of the goods and services related to the registration, any declarations of use and/or renewal, and any affidavits of incontestability; (ii) examples of Plaintiff's advertising, marketing, or promoting legitimate goods bearing each Asserted Trademark; (iii) non-privileged consumer surveys and examples of market research regarding each Asserted Trademark, to the extent such documents exist and can be found after a reasonable search; (iv) non-privileged brand strategy plans and brand guidelines with regard to each Asserted Trademark that can be found after a reasonable search; and (v) non-privileged policies, protocols and guidelines for use of each Asserted Trademark that can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 33:

All Documents and Communications Concerning the prosecution history of each Asserted Trademark, Including but not limited to Documents and Communications Concerning the decision to register the Asserted Trademark, and all Communications with the United States Patent and Trademark Office related to the Asserted Trademark.

**<u>OBJECTIONS TO REQUEST FOR PRODUCTION NO. 33:</u>**

Plaintiff objects to this request because it does not describe the documents it seeks with reasonable particularity insofar as it initially refers to the Asserted Trademark's "prosecution history," but then provides as examples documents and communications that are not necessarily part of a trademark's "prosecution history." Plaintiff interprets the request as seeking "All Documents and Communications Concerning the prosecution history of each Asserted Trademark." Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff regarding lawsuits it has brought to enforce the Asserted Trademarks, as well as other events considered prosecution history by the USPTO, and there is no limitation in time or scope. No reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. This case is about Google's infringement of Plaintiff's trademarks; not Plaintiff's efforts to enforce its rights against other, uninvolved parties. Plaintiff further objects to this request because some of the information it seeks is publicly available. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 33:</u>**

Pursuant to the foregoing objections, Plaintiff will produce (i) documents that are part of the USPTO's official record regarding Plaintiff's Asserted Trademarks, which reference certain prosecution history information; (ii) the Complaints, Temporary Restraining Orders, Preliminary

Injunctions, and Permanent Injunctions in the lawsuits referenced in Paragraphs 114–118 of the

Amended Complaint that include trademark claims; (iii) the Infringing Merchants' responses in

connection with the foregoing lawsuits, if any; and (iv) any communications between Plaintiff and

Google concerning the foregoing lawsuits. Pursuant to the foregoing objections, Plaintiff will not

otherwise search for or produce documents in response to only this request at this time.

## REQUEST FOR PRODUCTION NO. 34:

All Documents and Communications Concerning Your advertising, marketing, or

promotion of each Asserted Trademark, Including without limitation, the type,

location/geographic reach, date, and any media plans, public relations materials, press kits and

correspondence with advertising agencies, public relations firms, media planners, graphic

designers, web site designers, or other Third Parties regarding the Asserted Trademark.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 34:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the

grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope

of the case, and it seeks information that is not relevant to the claims or defenses in the litigation.

The request can be interpreted to seek nearly every document or communication ever created

and/or received by Plaintiff regarding the promotion of its goods and services using the Asserted

Trademarks, and there is no limitation in time or scope. Thus, no reasonable search for the

requested information could be conducted, and even attempting to do so would take an enormous

amount of time and resources and yield a plethora of irrelevant information. Further, the Asserted

Trademarks are registered with the USPTO creating legal presumptions pursuant to 15 U.S.C. §

1115. The validity and lawful use of the Asserted Marks is not at issue in this case, which involves

Google's unauthorized application of the Asserted Marks to advertisements for infringing goods.

Therefore, the proposed discovery lacks relevance, and the burden and expense of it outweighs any possible benefit. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "advertising," "marketing," and "promotion," and the application of those terms (and the examples provided) to "the Asserted Marks." Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's marketing and business decisions, customers, potential customers, products, and/or services, the production of which would not be justified even under a protective order. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) non-privileged brand strategy plans and brand guidelines with regard to each Asserted Trademark that can be found after a reasonable search, and (ii) examples of Plaintiff's advertising, marketing, or promoting legitimate goods and/or services bearing each Asserted Trademark. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 35:

Documents and Communications Concerning any formal or informal surveys, statistics, market research, or consumer research, conducted by You or on Your behalf, in connection with each Asserted Trademark.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff objects to this request for "Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and that it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document or communication ever created and/or received by Plaintiff regarding the market research and other requested information, there is no limitation as to time and scope. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. Further, the Asserted Trademarks are registered with the USPTO creating legal presumptions pursuant to 15 U.S.C. § 1115. The validity and lawful use of the Asserted Marks is not at issue in this case, which involves Google's unauthorized application of the Asserted Marks to advertisements for infringing goods. Therefore, the proposed discovery lacks relevance, and the burden and expense of it outweighs any possible benefit. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "surveys," "statistics," "market research," or "consumer research." Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's marketing and business decisions, customers, potential customers, products, and/or services, the production of which would not be justified even under a protective order. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged consumer surveys and examples of market research regarding each Asserted

Trademark, to the extent such documents exist and can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications Concerning Your past, present, and future business plans Concerning each Asserted Trademark, including Documents sufficient to identify the channels of trade in which You use the Asserted Trademarks.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff related to a wide array of its business activities, as its goods bear its trademarks, there is no limitation in time or scope. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. Further, the Asserted Trademarks are registered with the USPTO creating legal presumptions pursuant to 15 U.S.C. § 1115. The validity and lawful use of the Asserted Marks is not at issue in this case, which involves Google's unauthorized application of the Asserted Marks to advertisements for infringing goods. Therefore, the proposed discovery lacks relevance, and the burden and expense of it outweighs any possible benefit. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "business plans" and "channels of trade." Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's marketing and

business decisions, customers, potential customers, products, and/or services, the production of which would not be justified even under a protective order. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged brand strategy plans and brand guidelines with regard to each Asserted Trademark that can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 37:

Documents sufficient to show the target markets for each good or service for which the Asserted Trademarks identify or are intended to be associated with, Including documents sufficient to show the demographics, sophistication, and degree of care of Your current and prospective consumers of Your goods and services.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 37:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The Asserted Trademarks are registered with the USPTO creating legal presumptions pursuant to 15 U.S.C. § 1115. The validity and lawful use of the Asserted Marks is not at issue in this case, which involves Google's unauthorized application of the Asserted Marks to advertisements for infringing goods, and with counterfeit marks, likelihood of confusion is presumed. Therefore, the proposed discovery lacks relevance, and the burden and expense of it outweighs any possible

benefit. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's marketing and business decisions, customers, potential customers, products, and/or services, the production of which would not be justified even under a protective order. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged brand strategy plans and brand guidelines, consumer surveys, and examples of market research that can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 38:

All Documents and Communications Concerning any disputes, lawsuits, actions, cancellation proceedings, formal oppositions, demand letters, or other disagreements Concerning the Asserted Trademarks between You and any Third Party.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 38:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff in the course of enforcing its trademarks pursuant to litigation and non-litigation efforts in which it engages, and there is no limitation in time or scope. No reasonable search for the

requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. This case is about Google's infringement of Plaintiff's trademarks; not Plaintiff's efforts to enforce its rights against other, uninvolved parties. Plaintiff further objects to the extent this request seeks documents containing highly confidential and proprietary settlement information, the production of which would not be justified even under a protective order and/or documents that cannot be disclosed due to a duty of confidentiality owed to a third party. Plaintiff further objects to this request because it seeks certain information that is publicly already and in the possession of, or equally available to, Google. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "disputes" and "actions." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) documents that are part of USPTO official record regarding each Plaintiff's Asserted Trademark, and, if in reviewing this record, Defendant believes it needs copies of documents referenced therein that are not publicly available, Plaintiff will meet and confer with Defendant concerning such request; (ii) the Complaints, Temporary Restraining Orders, Preliminary Injunctions, and Permanent Injunctions in the lawsuits referenced in Paragraphs 114–118 of the Amended Complaint that involve trademark claims; (iii) the Infringing Merchants' responses in connection with the foregoing lawsuits, if any; and (iv) any communications between Plaintiff and Google concerning the foregoing lawsuits. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 39:**

All licenses, administration agreements, assignments, or other agreements Concerning the use of each of the Asserted Trademarks by any Third Party.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff objects to this request for "[a]ll licenses . . . or other agreements . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every license and agreement concerning the Asserted Trademarks, and there is no limitation in time and scope, or limitation in licensees or counterparties. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. The Asserted Trademarks are registered with the USPTO creating legal presumptions pursuant to 15 U.S.C. § 1115. The validity and lawful use of the Asserted Marks is not at issue in this case, which involves Google's unauthorized application of the Asserted Marks to advertisements for infringing goods, and not licensing to others. Therefore, the proposed discovery lacks relevance, and the burden and expense of it outweighs any possible benefit. Moreover, the request is entirely overbroad in that Plaintiff is a major textbook publisher that maintains relationships with various entities concerning all stages of the creation, manufacture, sale, and distribution of goods and services bearing its trademarks. Plaintiff further objects to this request to the extent that it seeks documents or information concerning any licenses and/or agreements internal to Plaintiff and/or its parents, subsidiaries, divisions, successors in interest, and/or affiliates, which have no relevance to the claims and defenses asserted in this case. Plaintiff further objects that this request seeks documents containing highly confidential and

proprietary information concerning Plaintiff's marketing and business decisions, customers, potential customers, products, and/or services, the production of which would not be justified even under a protective order. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) documents that are part of USPTO official record regarding each Plaintiff's Asserted Trademark, and, if in reviewing this record, Defendant believes it needs copies of documents referenced therein that are not publicly available, Plaintiff will meet and confer with Defendant concerning such request; (ii) for any Asserted Trademark registered to someone than Plaintiff, documents sufficient to establish Plaintiff's status as an owner of the trademark or "registrant" under the Lanham Act; Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 40:

All Documents and Communications Concerning Your efforts to police unauthorized use of the Asserted Trademarks or enforce Your rights in the Asserted Trademarks, Including without limitation, any efforts You made to notify Google of any alleged infringement of the Asserted Trademarks.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 40:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation.

The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff regarding its efforts to enforce and protect the Asserted Trademarks, and there is no limitation in time or scope. No reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. The validity and lawful use of the Asserted Marks is not at issue in this case, which involves Google's unauthorized application of the Asserted Marks to advertisements for infringing goods. Therefore, the proposed discovery lacks relevance, and the burden and expense of it outweighs any possible benefit. Plaintiff further objects to this request because some of the information it seeks is publicly available. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "efforts to police." Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and/or anti-piracy privilege.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) responsive, non-privileged documents concerning infringement of the Asserted Trademarks on Google's Shopping platform that can be found after a reasonable search, including any notices of infringement sent to Google and screenshots of the unauthorized use of Plaintiff's Asserted Trademarks on Google Shopping (ii) the Complaints, Temporary Restraining Orders, Preliminary Injunctions, and Permanent Injunctions in the lawsuits referenced in Paragraphs 114–118 of the Amended Complaint that involve trademark claims; (iii) the Infringing Merchants' responses in connection with the foregoing lawsuits, if any; and (iv) any communications between Plaintiff and

Google concerning the foregoing lawsuits. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Concerning Your policies, practices, guidelines, or protocols relating to use of each Asserted Trademark.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff objects to this request for on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff that concerns the use of the Asserted Trademarks, and there is no limitation in time or scope. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "policies," "practices," "guidelines," and "protocols." Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's marketing and business decisions, customers, potential customers, products, and/or services, the production of which would not be justified even under a protective order. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, final versions of its policies, practices, guidelines, and/or protocols for the use of each

Asserted Trademark that can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications Concerning Your contention that You suffered financial harm from the alleged acts in the Complaint, Including all Documents Concerning Your contention that Google's practices "harms the Publishers, whose sales decrease, while the pirates' sales increase" as alleged in paragraph 9 of the Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that the information this request seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the term "financial harm." Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of Plaintiff's financial harm will be determined as discovery progresses. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to and without waiving the foregoing objections, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders

of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request that are within its possession, custody, or control and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 43:**

For each Asserted Work, all Documents and Communications Concerning Your contention that Google knew whether Google's users had the underlying rights necessary to sell, rent, or otherwise distribute the Asserted Work.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiff objects to this request for "all Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that the information this request seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of Defendant's knowledge will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Subject to and without waiving the foregoing objections, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention

referenced in this request that are within its possession, custody, or control and can be found after a reasonable search.

## REQUEST FOR PRODUCTION NO. 44:

All Documents and Communications Concerning Your contention that Publishers have been sending infringement notices to Google relating to the Asserted Copyrights, as alleged in, e.g., paragraphs 4, 99, 100, 102–104, 107, 108, 111, and 112 of the Complaint.

## OBJECTIONS TO REQUEST FOR PRODUCTION NO. 44:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that the information this request seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications Concerning Your contention that Google has threatened to stop reviewing infringement notices from Publishers, as alleged in, e.g., paragraphs 4, 108, and 109 of the Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged sufficient to support its contention referenced in this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications Concerning Your contention that "[c]onsumers find these pirate websites because of Google's ads, not because they know to go directly to them or even find them through a regular search," as alleged in paragraph 7 and, e.g., paragraphs 49, 119, and 126 of the Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent it seeks documents that are not in Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of Defendant's infringement will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Subject to and without waiving the foregoing objections, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request that are within its possession, custody, or control and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications Concerning Your contention that "by using unauthorized images of the Publishers' textbooks, which often contain registered trademarks, Google misleads consumers into believing they are getting a legitimate product at a bargain price, when they are in fact buying an illicit product" as alleged in paragraph 8 of the Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of the impact of unauthorized trademarks will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications Concerning Your contention that "Google refuses to allow legitimate sellers like the Publishers to advertise standalone digital books on Google's Shopping platform, but allows such ads from pirate sellers" as alleged in paragraph 9 and, e.g., paragraphs 64, 127, 148, and 150 of the Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the

grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of Defendant's policies and practices related to advertising digital books will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search.

### REQUEST FOR PRODUCTION NO. 49:

All Documents and Communications Concerning Your contention that "[o]nly certain licensed distributors are authorized to sell the Publishers' textbooks in digital or ebook form. None of these include the pirates who are selling infringing digital copies of the Publishers' works that Google is advertising," as alleged in paragraph 29 of the Complaint.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 49:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope

of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of Pirate Sellers' infringement will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer in good faith with Defendants to narrow this request to a reasonable scope, so that Plaintiff can consider whether it is feasible and appropriate for them to conduct a reasonable and diligent search for responsive, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of the case.

### REQUEST FOR PRODUCTION NO. 50:

All Documents and Communications Concerning Your contention that "the Pirate Sellers sell infringing copies of the Publishers' test banks and solutions manuals, including instructor solutions manuals" as alleged in paragraph 30 of the Complaint.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 50:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's

possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of the Pirate Sellers' infringement will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search.

### REQUEST FOR PRODUCTION NO. 51:

All Documents and Communications Concerning Your contention that "[t]he Publishers and their authors invest significant time, money, and creative energy into publishing their works," as alleged in paragraph 31 of the Complaint.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 51:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's marketing and business decisions, customers, potential customers, products, and/or services, the production of which would not be justified even under a

protective order. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to show the valuation for an Asserted Work, to the extent such documents exist, are within Plaintiff's possession, custody, or control and can be found after a reasonable search.

### REQUEST FOR PRODUCTION NO. 52:

All Documents and Communications Concerning Your contention that "[t]hese [T]rademarks, and the goodwill of the business associated with them, are of tremendous value" as alleged in paragraph 32 of the Complaint.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 52:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects that this request seeks documents containing highly confidential and proprietary information concerning Plaintiff's marketing and business decisions, customers, potential customers, products, and/or services, the production of which would not be justified even under a protective order. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Communications Concerning Your contention that "[t]he Publishers own or exclusively control" the Asserted Copyrights, as alleged in paragraph 33 of the Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 53:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. U.S. copyright registrations for the Asserted Copyrights establish a presumption of validity as to the facts contained therein; therefore, the proposed discovery lacks relevance, and the burden and expense of it outweighs any possible benefit. These registrations and other ownership documents Plaintiff will produce speak for themselves. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after

a reasonable search.

## REQUEST FOR PRODUCTION NO. 54:

All Documents and Communications Concerning Your contention that the Asserted Trademarks "are distinctive indications of origin and may also be incontestable under 15 U.S.C. § 1065," as alleged in paragraph 34 of the Complaint.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 54:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search.

## REQUEST FOR PRODUCTION NO. 55:

All Documents and Communications Concerning Your contention that "Google's Shopping Ads allow merchants to target consumers who are looking for a specific product, such as a textbook, at the exact time the consumer is looking for it" and that "Google takes an active role in creating ads and targeting the advertising of its merchants' products to the very users who are looking for those products," as alleged in paragraphs 40–43 of the Complaint.

## OBJECTIONS TO REQUEST FOR PRODUCTION NO. 55:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of Defendant's infringement will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

Subject to and without waiving the foregoing objections, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request that are within its possession, custody, or control and can be found after a reasonable search.

## REQUEST FOR PRODUCTION NO. 56:

All Documents and Communications Concerning Your contention that "Google's Infringing Shopping Ads are extremely effective at diverting would-be purchasers of the Publishers' textbooks to buy Infringing Works instead of legitimate copies," as alleged in paragraph 47 of the Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of the impact of infringing Shopping Ads will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Subject to and without waiving the foregoing objections, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request that are within its possession, custody, or control and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents and Communications Concerning Your contention that "Infringing Shopping Ads make up a substantial portion of the Shopping Ads these users see, often outnumbering ads for authentic textbooks and often with preferable placement," as alleged in paragraph 47 of the Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 57:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of Defendant's infringement will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Subject to and without waiving the foregoing objections, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request that are within its possession, custody, or control and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Communications Concerning Your contention that "the artificially low-priced Infringing Works drown out the regularly-priced legitimate works, further funneling students to the Pirate Sites," as alleged in paragraph 52 of the Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the

grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of the impact of Defendant's infringement will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Subject to and without waiving the foregoing objections, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request that are within its possession, custody, or control and can be found after a reasonable search.

### REQUEST FOR PRODUCTION NO. 59:

All Documents and Communications Concerning Your contention that "[t]he Publishers have captured numerous examples of these landing pages selling infringing copies of the Authentic Works and completed numerous purchases of these copies," as alleged in paragraph 54 of the Complaint.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 59:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope

of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search.

### REQUEST FOR PRODUCTION NO. 60:

All Documents and Communications Relating To each of the "Pirate Sites" identified in the Complaint and any amendments to the Complaint, Including Mybambinis.shop, Fairystrawberry.com, Dgetkmusicheard.com, Matchlistcity.shop, Madebook, LivyLuxe, Athena Line Store, Biz Ninjas, Cheapbok, Nardab, Shop Hoth, American-giant.shop, Aarikuma, Aartikuma, Sama Bookstore, Testbank23.com, Zestudion.com, Zestudion.net, Ebooknew.info, Ebooknew.xyz, Kingebook.info, Kingebook.xyz, Nafassy.com, Nafassy.net, and Exam Guides.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 60:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent it seeks documents not in Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents or

communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents related to the Pirate Sites referenced in the request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search.

### REQUEST FOR PRODUCTION NO. 61:

All Documents and Communications Concerning Your contention that "Google's removal of Infringing Shopping Ads and termination of repeat infringers' advertising privileges also would have a significant impact by eliminating or greatly curtailing the reproduction of Infringing Works by Google's users when they make purchases on Pirate Sites promoted by Google," as alleged in paragraph 79 of the Complaint.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 61:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent it seeks documents not in Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of Defendant's infringement will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege,

attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

Subject to and without waiving the foregoing objections, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request that are within its possession, custody, or control and can be found after a reasonable search.

### REQUEST FOR PRODUCTION NO. 62:

All Documents and Communications that support Your contention that "a small group of operators are responsible for a disproportionately large number of infringing websites" as alleged in Paragraph 80 of the Complaint.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 62:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of the Pirate Sellers' identities will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Subject to and without waiving the foregoing objections, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request that are within its possession, custody, or control and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Communications that support Your contention that "even though ads for pirated textbooks create an enormous problem for Plaintiffs, it is an easy problem for Google to fix" as alleged in Paragraph 80 of the Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 63:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of Defendant's operations will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Subject to and without waiving the foregoing objections, at the appropriate time and in

accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request that are within its possession, custody, or control and can be found after a reasonable search.

## REQUEST FOR PRODUCTION NO. 64:

All Documents and Communications that support Your contention that "[b]ecause of the size of Google's platform, the scale of these diverted sales is enormous," as alleged in Paragraph 81 of the Complaint.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 64:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of Defendant's operations and the impact of infringing Shopping Ads will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

Subject to and without waiving the foregoing objections, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders

of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request that are within its possession, custody, or control and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents and Communications that support Your contention that "even a single sale from a pirate site can rob the Publishers of multiple subsequent sales" as alleged in Paragraph 83 of the Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 65:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent it seeks documents not in Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents and Communications that support Your contention that "Google's Infringing Shopping Ads also have a ripple effect: they limit the authors of the works and the

Publishers' ability to continue to invest in their publications and the creation of new works that benefit education as a whole," as alleged in Paragraph 84 of the Complaint.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 66:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent it seeks documents not in Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search.

### REQUEST FOR PRODUCTION NO. 67:

All Documents and Communications that support Your contention that Google's "practice of allowing standalone Shopping Ads for digital books from Pirate Sellers but not from legitimate publishers has a transformative effect on the market for all textbooks," as alleged in Paragraph 92 of the Complaint

<u>**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 67:**</u>

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of Defendant's policies and practices related to Shopping Ads for digital books will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**</u>

Subject to and without waiving the foregoing objections, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request that are within its possession, custody, or control and can be found after a reasonable search.

<u>**REQUEST FOR PRODUCTION NO. 68:**</u>

All Documents and Communications Concerning all suits brought by Publishers against Unauthorized Sellers of digital textbooks, as alleged in paragraphs 114-117 of the Complaint.

<u>**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 68:**</u>

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the

grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff in the course of prosecuting multiple lawsuits. No reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. This case is about Google's and the Infringing Merchants' infringement of Plaintiff's copyrights. Thus, while Google's knowledge gained from Plaintiff's communications with it about the lawsuits at issue and the underlying problem of Google's infringing ads is relevant, each and every document and communication regarding Plaintiff's lawsuits against hundreds of pirates is not. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request because some of the information it seeks is publicly available. Plaintiff further objects to this Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Subject to and without waiving the foregoing objections, Plaintiff will produce (i) the Complaints, Temporary Restraining Orders, Preliminary Injunctions, and Permanent Injunctions in the 7s referenced in Paragraphs 114–118 of the Amended Complaint; (ii) the Infringing Merchants' responses in connection with the foregoing lawsuits, if any; and (iii) any communications between Plaintiff and Google concerning the foregoing lawsuits. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to

only this request at this time.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Communications that You intend to use as evidence to support any of Your claims or defenses in this Action or that You may use as exhibits in support of any motion in this Action or at trial, Including without limitation, all Documents and Communications that support the allegations, contentions, requests for damages and other remedies, defenses, or theories in the Complaint and any amendments thereto.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 69:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that the information this request seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects that this request is premature given the current stage of the litigation. A more complete picture of the evidence supporting Plaintiff's claims will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the term "theories." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Subject to and without waiving the foregoing objections, Plaintiff will, at the appropriate

time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, produce non-privileged documents sufficient to support its claims and defenses that are within its possession, custody, or control and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications that support, demonstrate, or Relate To any damages that You claim to have suffered as a result of the allegations in Your Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 70:**

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that the information this request seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects that this request is premature given the current stage of the litigation. A more complete picture of the harm that Plaintiff has suffered will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Subject to and without waiving the foregoing objections, Plaintiff will, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District,

and orders of the Court, produce non-privileged documents sufficient to support its damages claim that are within its possession, custody, or control and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications referred to or relied on to draft any response to any discovery Request in this Action.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 71:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request on the ground to this request as unreasonably duplicative of other requests. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "relied on to draft." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

Subject to and without waiving the foregoing objections, Plaintiff directs Defendant to documents produced in response to these requests, but Plaintiff will not identify what documents its counsel "relied on" on attorney-client privilege and attorney work product doctrine grounds.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications that support, refute, or otherwise Concern any claims or defenses in this Action.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 72:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of the claims and defenses in this Action will be determined during discovery. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "otherwise Concern." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to documents Plaintiff has agreed to produce in response to other requests. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 73:

All Documents and Communications Concerning any subpoena You issue in this Action, Including all Communications with the subpoena recipients concerning the subpoenas and all Documents You receive in response to the subpoenas.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 73:

Plaintiff objects to this request for "[a]ll Documents and Communications . . .," including

"Communications with the subpoena recipients . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, or anti-piracy privilege.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Subject to and without waiving the foregoing objections, Plaintiff will produce copies of subpoenas it issues in this litigation and documents produced in response to those subpoenas except to the extent the documents are already in Google's possession.

### REQUEST FOR PRODUCTION NO. 74:

All Documents and Communications between You and any Google user who You contend engaged in any infringement of the Asserted Copyrights and/or Asserted Trademarks.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 74:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek a wide range of communications on any subject matter with certain persons who are not involved in this case. The terms "any Google user" also render the request overly broad. To the extent the request is not limited to Infringing Merchants, no reasonable search for the requested information could be conducted. Plaintiff further objects to the extent this request seeks documents containing highly confidential and proprietary settlement information, the production of which would not be justified even under a protective order, and/or documents that cannot be disclosed due to a duty of confidentiality owed to a third party. Plaintiff

further objects to this request because certain information it would need to respond is in Google's possession. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and/or anti-piracy privilege.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

Subject to and without waiving the foregoing objections, Plaintiff will produce communications with Infringing Merchants that are within its possession, custody, or control and can be found after a reasonable search, unless it is unable to produce such communications due to a duty of confidentiality owed to a third party. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 75:

All Documents and Communications Concerning any efforts to police or enforce the Asserted Copyrights or Asserted Trademarks by any Third Party on Your behalf, including, but not limited to, Documents Concerning any monitoring watch service in place, all Communications with any other Person about the Asserted Copyrights or Asserted Trademarks, all cease and desist letters related to the Asserted Copyrights or Asserted Trademarks, all filed lawsuits or oppositions related to the Asserted Copyrights or Asserted Trademarks, and all settlement, license or other agreements related to the Asserted Copyrights or Asserted Trademarks.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 75:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation.

The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff in the course of enforcing the Asserted Copyrights and the Asserted Trademarks pursuant to litigation and non-litigation efforts in which it engages, and there is no limitation in time or scope. No reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. This case is about Google's and the Infringing Merchants' infringement of Plaintiff's intellectual property rights; not Plaintiff's efforts to enforce its rights against other, uninvolved parties. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request because some of the information it seeks is publicly available. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "efforts to police." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and/or anti-piracy privilege.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to documents Plaintiff has agreed to produce in response to Request Nos. 16, 19, and 40. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 76:

All Documents and Communications concerning each instance in which You contacted or attempted to contact any alleged Unauthorized Sellers of the Asserted Works to remove any Asserted Works from the Unauthorized Sellers' websites, Including Documents and Communications concerning your decisions to attempt to contact, or not contact, any such

Unauthorized Sellers.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 76:

Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff is a large publishing company that publishes many copyrighted works per year, Google has infringed many such works, and Plaintiff sends many thousands of infringement notices per year and engages in other anti-piracy efforts, as piracy is rampant. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. The request also refers to "Unauthorized Sellers," which is broader than Infringing Merchants. Documents and communications concerning notices and other enforcement efforts directed to persons or entities other than Google and the Infringing Merchants are not at issue in this case; rather, this case is about Google and the Infringing Merchants' infringement of those rights. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to documents Plaintiff has agreed to produce in response to Request Nos. 16 and 19. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in

response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents and Communications sufficient to identify every Unauthorized Seller alleged to have engaged in direct acts of infringement that Plaintiffs contend Google is liable for.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 77:**

Plaintiff objects to this request for "[a]ll Documents and Communications" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent the request seeks documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects because the request is premature given the current stage of the litigation, at which Google has but has not produced information concerning the identity of Infringing Merchants. Plaintiff further objects to this request to the extent it seeks information in a format not maintained by Plaintiff in the ordinary course of business. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Subject to and without waiving the foregoing objections, Plaintiff will produce the notices of infringement it or a third party acting on Plaintiff's behalf sent to Google concerning Shopping Ads.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents and Communications sufficient to show every sale or other distribution of

an Asserted Work by an Unauthorized Seller.

## OBJECTIONS TO REQUEST FOR PRODUCTION NO. 78:

Plaintiff objects to this request for "[a]ll Documents and Communications" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff is a large publishing company that publishes many copyrighted works per year, Google has infringed many such works, and Plaintiff engages in anti-piracy efforts with respect to those works, as piracy is rampant. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. The request also refers to "Unauthorized Sellers," which is broader than Infringing Merchants. Documents and communications concerning notices and other enforcement efforts directed to persons or entities other than Google and the Infringing Merchants are not at issue in this case; rather, this case is about Google and the Infringing Merchants' infringement of those rights. Plaintiff further objects to this request to the extent the request seeks documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents sufficient to show test purchases of Asserted Works from Infringing Merchants made by Plaintiff or by a third party on behalf of Plaintiff to the extent such documents exist and are within Plaintiff's possession, custody, or control and can be found

after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

## REQUEST FOR PRODUCTION NO. 79:

All Documents and Communications sufficient to show every copy of an Asserted Work made by an Unauthorized Seller, including when and where each such copy was made.

## OBJECTIONS TO REQUEST FOR PRODUCTION NO. 79:

Plaintiff objects to this request for "[a]ll Documents and Communications" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff is a large publishing company that publishes many copyrighted works per year, Google has infringed many such works, and Plaintiff engages in anti-piracy efforts with respect to those works, as piracy is rampant. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. The request also refers to "Unauthorized Sellers," which is broader than Infringing Merchants. Documents and communications concerning notices and other enforcement efforts directed to persons or entities other than Google and the Infringing Merchants are not at issue in this case; rather, this case is about Google and the Infringing Merchants' infringement of those rights. Plaintiff further objects to this request to the extent the request seeks documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

Subject to and without waiving the foregoing objections, Plaintiff will produce non-

privileged, responsive documents sufficient to show test purchases of Asserted Works from Infringing Merchants made by Plaintiff or by a third party on behalf of Plaintiff to the extent such documents exist and are within Plaintiff's possession, custody, or control and can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents and Communications sufficient to show each act of public display of an Asserted Work by an Unauthorized Seller.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 80:**

Plaintiff objects to this request for "[a]ll Documents and Communications" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "act of public display." Given the use of these terms, Plaintiff cannot determine with reasonable particularity what Defendant is seeking in the request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Subject to and without waiving the foregoing objections, Plaintiff will produce screenshots of product listings on Pirate Sites in its possession, custody, or control that can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Communications sufficient to show the methodology by which You

identified infringing Shopping Ads on Google Shopping.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 81:**

Plaintiff objects to this request for "[a]ll Documents and Communications" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request because documents showing Plaintiff's "methodology," to the extent they exist, are protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to its response to Request No. 20. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in response to only this request at this time.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents and Communications sufficient to show the methodology by which You prepared and delivered notifications for claimed infringement to Google under the DMCA.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 82:**

Plaintiff objects to this request for "[a]ll Documents and Communications" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request because documents showing

Plaintiff's "methodology," to the extent they exist, are protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to its response to Request No. 20. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in response to only this request at this time.

### REQUEST FOR PRODUCTION NO. 83:

All Documents and Communications sufficient to show the methodology by which You tracked the number of notices sent to each Unauthorized Seller.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 83:

Plaintiff objects to this request for "[a]ll Documents and Communications" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request because documents showing Plaintiff's "methodology," to the extent they exist, are protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to its response to Request No. 20. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in response to only this request at this time.

Dated:  October 18, 2024

/s/ *Michele H. Murphy*
Matthew J. Oppenheim
Michele H. Murphy
Jeff Kane
Kevin P. Lindsey
Uriel Lee

OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202-480-2999 telephone
866-766-1678 fax
matt@oandzlaw.com
michele@oandzlaw.com
jkane@oandzlaw.com
klindsey@oandzlaw.com
ulee@oandzlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served via Electronic

Mail on the 18th day of October, 2024, upon counsel of record.

Dated: October 18, 2024

*/s/ Michele H. Murphy*