# EXHIBIT 24

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING, INC.;
BEDFORD, FREEMAN & WORTH
PUBLISHING GROUP, LLC D/B/A
MACMILLAN LEARNING;
MACMILLAN HOLDINGS, LLC;
ELSEVIER INC.; ELSEVIER B.V.; and
MCGRAW HILL LLC,

*Plaintiffs*,

v.

GOOGLE LLC,

*Defendant*.

Case No. 1:24-cv-04274-JLR-BCM

### DEFENDANT GOOGLE LLC'S FIRST SET OF
### REQUESTS FOR PRODUCTION DIRECTED TO CENGAGE LEARNING, INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as well as all applicable local rules and this Court's orders, Defendant Google LLC ("Google") hereby requests that, within thirty (30) days of service, Plaintiff Cengage Learning, Inc. produce the documents, electronically stored information, and tangible things specified herein at the offices of Latham & Watkins LLP, c/o Sarang Vijay Damle, Esq., 555 Eleventh Street NW, Suite 1000, Washington, DC 20004, or at other such place as may be agreed to by Google's counsel or specified by court order. Such production should be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

### DEFINITIONS

The definitions, instructions, and requirements of Federal Rules of Civil Procedure 26, 34, and 37, as well as the definitions and instructions of the Southern District of New York, are adopted

and incorporated by reference.  For the purposes of the following Requests, the following words
and phrases shall have the following meanings:

1. "Action" means the present lawsuit, *Cengage Learning, Inc. et al., v. Google LLC*, No.
   1:24-cv-04274, pending in the United States District Court for the Southern District of New
   York.

2. "Cengage," "You," or "Your" means Plaintiff Cengage Learning, Inc. and all present and
   former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors,
   and assignees of each of the foregoing, and all principals, officers, investors, employees,
   directors, agents, consultants, attorneys, and all other persons acting or purporting to act
   on behalf of or under the control of any of the foregoing.

3. "Macmillan Learning" means Plaintiff Bedford, Freeman & Worth Publishing Group, LLC
   d/b/a Macmillan Learning, and all present and former parents, subsidiaries, and affiliates
   thereof, all divisions, predecessors, successors, and assignees of each of the foregoing, and
   all principals, officers, investors, employees, directors, agents, consultants, attorneys, and
   all other persons acting or purporting to act on behalf of or under the control of any of the
   foregoing.

4. "Macmillan Holdings" means Plaintiff Macmillan Holdings, LLC and all present and
   former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors,
   and assignees of each of the foregoing, and all principals, officers, investors, employees,
   directors, agents, consultants, attorneys, and all other persons acting or purporting to act
   on behalf of or under the control of any of the foregoing.

5. "Elsevier" means Plaintiff Elsevier Inc. and all present and former parents, subsidiaries,
   and affiliates thereof, all divisions, predecessors, successors, and assignees of each of the
   foregoing, and all principals, officers, investors, employees, directors, agents, consultants,
   attorneys, and all other persons acting or purporting to act on behalf of or under the control
   of any of the foregoing.

6. "Elsevier B.V." means Plaintiff Elsevier B.V. and all present and former parents,
   subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assignees of
   each of the foregoing, and all principals, officers, investors, employees, directors, agents,
   consultants, attorneys, and all other persons acting or purporting to act on behalf of or under
   the control of any of the foregoing.

7. "McGraw Hill" means Plaintiff McGraw Hill LLC and all present and former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assignees of each of the foregoing, and all principals, officers, investors, employees, directors, agents, consultants, attorneys, and all other persons acting or purporting to act on behalf of or under the control of any of the foregoing.

8. "Publishers" means Cengage, Macmillan Learning, Elsevier, and McGraw Hill.

9. "Plaintiffs" means the Publishers, along with Macmillan Holdings and Elsevier B.V., and any other Plaintiffs in this Action.

10. "Defendant" or "Google" means Defendant Google LLC, all present and former parents, subsidiaries, all divisions, predecessors, successors, and assigns thereof, and all directors, officers, employees, agents, consultants, representatives, or persons acting or purporting to act on behalf of or under the control of Google LLC.

11. "Complaint" means the complaint and corresponding exhibits filed in this Action by the Plaintiffs on June 5, 2024.

12. "Asserted Copyright(s)" means the copyright registrations referenced in the "Copyright Registration" column of Exhibit A to the Complaint and any other copyrights asserted by one or more Plaintiffs in this Action now or in the future.

13. "Asserted Work(s)" means the works referenced in Exhibit A to the Complaint and any other work(s) associated with any Asserted Copyright now or in the future.

14. "Author(s)" refers to the authors referenced on the face of the Asserted Copyrights.

15. "Asserted Trademarks" means the trademarks referenced in paragraph 34 and Exhibit B to the Complaint and any other trademarks asserted by one or more Plaintiffs in this Action.

16. "Person" or "Entity" means any legal entity, including but not limited to any natural person, corporation, partnership, firm, joint venture, unincorporated association, trust, government entity, and/or association, and any parent, agent, assign, employee, representative, advisor, partner, subsidiary, division, department, or affiliate thereof.

17. "Document" and "Documents" shall have the full meaning ascribed to it in Federal Rule of Civil Procedure 34(a) and shall include every writing or record (including electronic) of every type and description such as correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, reports, financial statements, calculations, analyses, films, photographs, e-mail, computer files or all other data

compilations from which information can be obtained including electromagnetically sensitive stored media such as floppy discs, hard discs, and magnetic tapes, any preliminary versions, drafts or revisions of any of the foregoing, and all copies of every such writing or record (or a draft thereof) whenever a copy of a Document is not an identical copy of the original or where such copy contains any commentary, notes or markings whatsoever that do not appear on the original. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form. For the avoidance of doubt, any electronic Documents or data shall include its associated "metadata."

18. "Communication(s)" means, without limitation, any transmittal, conveyance, or exchange of a word, statement, utterance, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral, or other means, including but not limited to electronic communications, telephonic communications, electronic mail, and the transfer of any Document from one Person to another.

19. "Including" means "including but not limited to." "Include(s)" means "include(s) but is not limited to." "Including" is used to emphasize certain examples and should not be construed as limiting the Request in any way.

20. "Concerning," "Relating To," "Related To," "Referring To," "Regarding," or "With Respect To," when referring to any given subject matter, means without limitation any information or Document that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, assesses, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is any way relevant to the particular subject matter identified.

21. "Third Party" or "Third Parties" means any Person who is not a Plaintiff or Defendant in this Action.

22. "Link-Busters" means Link-Busters Operations B.V., the website operating at http://www.link-busters.com, and all present and former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assignees of each of the foregoing, and

all principals, officers, investors, employees, directors, agents, consultants, attorneys, and all other persons acting on behalf of or under the control of any of the foregoing.

23. "BCGuardian" means BCGuardian LLP, the website operating at https://bcguardian.com, and all present and former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assignees of each of the foregoing, and all principals, officers, investors, employees, directors, agents, consultants, attorneys, and all other persons acting on behalf of or under the control of any of the foregoing.

24. "Work Made For Hire" shall have the same meaning as "work made for hire" under the U.S. Copyright Act, as defined by 17 U.S.C. § 101.

25. "Unauthorized Seller" means any person or entity, including "Pirate Sellers" as used in the Complaint, who is not authorized to sell or distribute one or more of the Asserted Works.

26. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

27. The use of the terms "and," "or," and "and/or" should be construed conjunctively and disjunctively for the broadest possible meaning.

28. "Any" shall be construed to mean "any and all."

29. The use of the singular term of any word includes the plural and vice versa.

30. The use of terms, phrases, and definitions is for convenience and no term, phrase, or definition shall be construed as an admission.

31. The use of any tense of any verb includes within its meaning all other tenses of that verb.

## **INSTRUCTIONS**

1.     Pursuant to Federal Rule of Civil Procedure 26(e), your obligation to respond to these requests is continuing in nature such that, if after answering or responding you subsequently obtain information that changes your response, you shall promptly update your response.

2.     In producing the requested Documents, furnish all documents in Your actual or constructive possession, custody or control or subject to your reasonable access, Including Documents which may be in the physical possession of another Person acting on Your behalf or at Your instruction such as Your advisors, attorneys, investigators, employees, agents, associates, affiliates, or representatives.

3.    Pursuant to Federal Rule of Civil Procedure 34(b), you are instructed to produce Documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in this set of requests.  Such documents shall be designated as responsive to the particular Request as designated herein.  Documents are to be produced in full and unexpurgated form.

4.    The association between an attachment and its parent document must be preserved.

5.    If there are responsive documents which constitute "electronically stored information" ("ESI") under Federal Rule of Civil Procedure 34, such as emails that are kept in electronic form in the ordinary course of Your business , then those documents shall be produced according to the terms of the Stipulation and Order Regarding Electronic Discovery agreed upon by the parties and entered by the Court, or according to such other protocol regarding ESI as the parties may agree.

6.    If any requested document cannot be produced or cannot be produced in full, please produce it to the extent possible, indicating what portion or portions are being withheld and the reason it is being withheld.

7.    If a document otherwise responsive to a request was, but no longer is, in Your actual or constructive possession, custody or control, please state whether the document (a) is lost or destroyed; (b) has been transferred to another Person; or (c) has been otherwise disposed of. In each instance, explain the circumstance surrounding the disposition, Including the date or approximate date of the disposition, and if applicable, state the name, telephone number, and address of the Person last known by You to have been in possession, custody, control of such document.

8.    If You object to the production of any Document requested, please state the reasons for the objection.  If You object to part of an item or category, please specify the part to which the objection is made.

9.    Any Document withheld from production based on a claim of privilege or other protection shall be set forth in a log in accordance with the Federal Rules of Civil Procedure and any applicable Local Rule. If You redact information from a Document You shall Identify or label the redaction in a manner that explains the basis for the redaction.

10.    In the event that any Document called for by this set of requests has been destroyed, lost, discarded, or otherwise disposed of, any such document is to be identified as completely

as possible, including, without limitation, the following information:  date of disposal, manner of disposal, reason for disposal, person authorizing disposal, and person who disposed of the Document.

11.     If there are no Documents responsive to a particular request, You shall so state in writing.

12.

13.     Each Request shall be construed independently and not with reference to any other Request for purposes of limitation, unless otherwise specified.

14.     Unless otherwise indicated, these Requests seek information through the present.  These Requests shall be deemed continuing so as to require a prompt and further supplemental response if You obtain additional responsive information at any time between the time of the initial response and the time of hearing or trial.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

A genuine digital copy of each Asserted Work.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Relating To any Person's ownership of each Asserted Copyright, Including any transfer or assignment of any copyright interest in any Asserted Copyright to any Person.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications sufficient to identify the ownership percentage of any Person for each Asserted Copyright.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications sufficient to show the entire chain-of-title for each Asserted Copyright.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications, Including licenses and other agreements with authors or other current or former copyright owners, Concerning each Asserted Work or Asserted Copyright, Including any licenses or agreements with any Person.

**REQUEST FOR PRODUCTION NO. 6:**

For each Asserted Copyright, all Documents and Communications concerning the registration of each Asserted Work with the U.S. Copyright Office, Including all Documents Concerning any decision to file or not to file an application for registration and all deposits and other Documents submitted to or received from the U.S. Copyright Office in connection with such application.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications Concerning the first publication of each Asserted Work, Including Documents showing the date and nation of first publication.

**REQUEST FOR PRODUCTION NO. 8:**

For each Asserted Work first published outside of the United States, Documents sufficient to show when the Asserted Work was first published in the United States or a treaty party as defined by 17 U.S.C. §§ 101, 104.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify all Persons who authored, developed, or made contributions to the content of each Asserted Work.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications Concerning any agreements or contracts, and negotiations regarding agreements or contracts, between the authors of the Asserted Works and You.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications Concerning the authorship of the Asserted Works, Including any Work Made for Hire agreement, employment agreement, and any other license or agreement Relating to the authorship of any Asserted Work.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show, for each Asserted Work, the circumstances of the Asserted Work's creation by each Author, Including Documents sufficient to show when each Author created the Asserted Work (e.g., during or outside the Author's working hours for the Author's employer), where each Author created the Asserted Work (e.g., on employer premises or elsewhere), each Author's use of any employer resources (e.g., space, equipment, personnel, or facilities) in creating the Asserted Work, and any benefit derived by each Author employee from their employer as a result of the creation of the Asserted Work (e.g., funds, credit toward promotion).

**REQUEST FOR PRODUCTION NO. 13:**

For each Author, Documents sufficient to show the Author's employment relationship(s) at the time of his or her authorship of the Asserted Works, Including Documents sufficient to show the identity of each Author's employer(s), the form of each employment relationship (e.g., employee, contractor, full-time, part-time), the length of such employment relationship, the compensation for such employment, the scope of employment responsibilities, and any employment agreement or other agreements or policies governing that employment relationship.

**REQUEST FOR PRODUCTION NO. 14:**

For each Author, all Documents and Communications Concerning the vesting, assignment, or transfer of the copyright for Asserted Work to the Author, Including each Author's employer's copyright policy, copyright agreement, intellectual property policy, intellectual property agreement, or any other written policy, agreement, or Document Concerning the assignment, transfer, or vesting of the copyright for each Asserted Work from the Author's employer to the Author.

**REQUEST FOR PRODUCTION NO. 15:**

For each Author, all Documents and Communications Concerning Your efforts to determine whether that Author's employer at any time vested, assigned, or transferred the copyright in the Asserted Work to the Author, Including Your policies, procedures, and practices Concerning such efforts.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications Concerning Your efforts to enforce Your asserted copyright interests in each of the Asserted Works, Including enforcement of any of the specific exclusive rights identified in 17 U.S.C. § 106.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications between You and any other Person Concerning Google's DMCA policies or procedures.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications Concerning any notices or notifications of claimed infringement of one or more of the Asserted Copyrights sent by You to Google or the designated agent of Google pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, Including Communications discussing any actions or inactions taken by Google.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications Concerning any notices or notifications of claimed infringement of one or more of the Asserted Copyrights sent by any Plaintiff to any Third Party, pursuant to the DMCA, 17 U.S.C. § 512, Including the notices themselves.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications Concerning any investigations, analyses, research, audits, reviews, or conclusions performed by BCGuardian Regarding any potential or actual infringement of one or more of the Asserted Copyrights or Asserted Trademarks, Including any notices of infringement drafted, revised, or sent by BCGuardian to Google, its designated agent, or any Third Party on Your behalf pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications Concerning any investigations, analyses, research, audits, reviews, or conclusions performed by Link-Busters Regarding any potential or actual infringement of one or more of the Asserted Copyrights or Asserted Trademarks, Including any notices of infringement drafted, revised, or sent by Link-Busters to Google, its designated agent, or any Third Party on Your behalf pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications Concerning Your valuation of each Asserted Copyright, Including any valuation reports or similar evaluative assessments including any Asserted Copyright, whether conducted by You or any Third Party.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications Concerning Your valuation of each Asserted Work, Including any estimated sales reports, valuation reports, or similar evaluative assessments including any Asserted Work, whether conducted by You or any Third Party.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications Concerning Your efforts, whether past or present, to market, sell, license, rent, distribute, or otherwise exploit each Asserted Work and each Asserted Copyright, Including without limitation Documents sufficient to show the revenue You receive for each Asserted Work and each Asserted Copyright for each such exploitation.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications Concerning the effect of the copyright infringement alleged in this Action on Your revenues or business prospects, Including any analysis conducted of each such effect.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show, on a work-by-work basis, total royalty distributions to the authors of the Asserted Works resulting from sale, rental, distribution, or any other exploitation of the Asserted Works.

**REQUEST FOR PRODUCTION NO. 27:**

For each Asserted Work, all Documents and Communications Concerning any decision by You to allow the public to use, copy, download, or otherwise access the Asserted Work without compensation to You.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications Concerning any of the Asserted Works for which You did not inform Google of alleged infringing activity prior to filing the Complaint.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents shared with Third Parties and Communications with Third Parties in which You made any representation regarding whether or not any of the Asserted Copyrights are, were, or may have been infringed by Google, Including but not limited to any representations and warranties in financings, mergers, or other agreements.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications Concerning any and all steps taken by You to determine whether Google's merchants had the underlying rights necessary to distribute, sell, or otherwise exploit any of the Asserted Works at issue.

**REQUEST FOR PRODUCTION NO. 31:**

For each Asserted Work, all Documents and Communications Concerning any effect the alleged infringement had on the market or demand for the Asserted Work.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications Concerning Your use of the Asserted Trademarks in connection with Your goods and services, Including but not limited to Documents supporting the alleged date of first use in commerce of each Asserted Trademark and nature of the goods and services used in connection therewith.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications Concerning the prosecution history of each Asserted Trademark, Including but not limited to Documents and Communications Concerning the decision to register the Asserted Trademark, and all Communications with the United States Patent and Trademark Office related to the Asserted Trademark.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications Concerning Your advertising, marketing, or promotion of each Asserted Trademark, Including without limitation, the type, location/geographic reach, date, and any media plans, public relations materials, press kits and

correspondence with advertising agencies, public relations firms, media planners, graphic designers, web site designers, or other Third Parties regarding the Asserted Trademark.

**REQUEST FOR PRODUCTION NO. 35:**

Documents and Communications Concerning any formal or informal surveys, statistics, market research, or consumer research, conducted by You or on Your behalf, in connection with each Asserted Trademark.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications Concerning Your past, present, and future business plans Concerning each Asserted Trademark, including Documents sufficient to identify the channels of trade in which You use the Asserted Trademarks.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to show the target markets for each good or service for which the Asserted Trademarks identify or are intended to be associated with, Including documents sufficient to show the demographics, sophistication, and degree of care of Your current and prospective consumers of Your goods and services.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications Concerning any disputes, lawsuits, actions, cancellation proceedings, formal oppositions, demand letters, or other disagreements Concerning the Asserted Trademarks between You and any Third Party.

**REQUEST FOR PRODUCTION NO. 39:**

All licenses, administration agreements, assignments, or other agreements Concerning the use of each of the Asserted Trademarks by any Third Party.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications Concerning Your efforts to police unauthorized use of the Asserted Trademarks or enforce Your rights in the Asserted Trademarks, Including without limitation, any efforts You made to notify Google of any alleged infringement of the Asserted Trademarks.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Concerning Your policies, practices, guidelines, or protocols relating to use of each Asserted Trademark.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications Concerning Your contention that You suffered financial harm from the alleged acts in the Complaint, Including all Documents Concerning Your

contention that Google's practices "harms the Publishers, whose sales decrease, while the pirates' sales increase" as alleged in paragraph 9 of the Complaint .

**REQUEST FOR PRODUCTION NO. 43:**

For each Asserted Work, all Documents and Communications Concerning Your contention that Google knew whether Google's users had the underlying rights necessary to sell, rent, or otherwise distribute the Asserted Work.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications Concerning Your contention that Publishers have been sending infringement notices to Google relating to the Asserted Copyrights, as alleged in, e.g.,  paragraphs 4, 99, 100, 102–104, 107, 108, 111, and 112 of the Complaint.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications Concerning Your contention that Google has threatened to stop reviewing infringement notices from Publishers, as alleged in, e.g., paragraphs 4, 108, and 109 of the Complaint.

**REQUEST FOR PRODUCTION NO. 46:**

 All Documents and Communications Concerning Your contention that "[c]onsumers find these pirate websites because of Google's ads, not because they know to go directly to them or even find them through a regular search," as alleged in paragraph 7 and, e.g., paragraphs 49, 119, and 126 of the Complaint.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications Concerning Your contention that "by using unauthorized images of the Publishers' textbooks, which often contain registered trademarks, Google misleads consumers into believing they are getting a legitimate product at a bargain price, when they are in fact buying an illicit product" as alleged in paragraph 8 of the Complaint.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications Concerning Your contention that "Google refuses to allow legitimate sellers like the Publishers to advertise standalone digital books on Google's Shopping platform, but allows such ads from pirate sellers" as alleged in paragraph 9 and, e.g., paragraphs 64, 127, 148, and 150 of the Complaint.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications Concerning Your contention that "[o]nly certain licensed distributors are authorized to sell the Publishers' textbooks in digital or ebook form. None of these include the pirates who are selling infringing digital copies of the Publishers' works that Google is advertising," as alleged in paragraph 29 of the Complaint.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications Concerning Your contention that "the Pirate Sellers sell infringing copies of the Publishers' test banks and solutions manuals, including instructor solutions manuals" as alleged in paragraph 30 of the Complaint.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications Concerning Your contention that "[t]he Publishers and their authors invest significant time, money, and creative energy into publishing their works," as alleged in paragraph 31 of the Complaint.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications Concerning Your contention that "[t]hese [T]rademarks, and the goodwill of the business associated with them, are of tremendous value" as alleged in paragraph 32 of the Complaint.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Communications Concerning Your contention that "[t]he Publishers own or exclusively control" the Asserted Copyrights, as alleged in paragraph 33 of the Complaint.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents and Communications Concerning Your contention that the Asserted Trademarks "are distinctive indications of origin and may also be incontestable under 15 U.S.C. § 1065," as alleged in paragraph 34 of the Complaint.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications Concerning Your contention that "Google's Shopping Ads allow merchants to target consumers who are looking for a specific product, such as a textbook, at the exact time the consumer is looking for it" and that "Google takes an active role in creating ads and targeting the advertising of its merchants' products to the very users who are looking for those products," as alleged in paragraphs 40–43 of the Complaint.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents and Communications Concerning Your contention that "Google's Infringing Shopping Ads are extremely effective at diverting would-be purchasers of the Publishers' textbooks to buy Infringing Works instead of legitimate copies," as alleged in paragraph 47 of the Complaint.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents and Communications Concerning Your contention that "Infringing Shopping Ads make up a substantial portion of the Shopping Ads these users see, often outnumbering ads for authentic textbooks and often with preferable placement," as alleged in paragraph 47 of the Complaint.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Communications Concerning Your contention that "the artificially low-priced Infringing Works drown out the regularly-priced legitimate works, further funneling students to the Pirate Sites," as alleged in paragraph 52 of the Complaint.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Communications Concerning Your contention that "[t]he Publishers have captured numerous examples of these landing pages selling infringing copies of the Authentic Works and completed numerous purchases of these copies," as alleged in paragraph 54 of the Complaint.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents and Communications Relating To each of the "Pirate Sites" identified in the Complaint and any amendments to the Complaint, Including Mybambinis.shop, Fairystrawberry.com, Dgetkmusicheard.com, Matchlistcity.shop, Madebook, LivyLuxe, Athena Line Store, Biz Ninjas, Cheapbok, Nardab, Shop Hoth, American-giant.shop, Aarikuma, Aartikuma, Sama Bookstore, Testbank23.com, Zestudion.com, Zestudion.net, Ebooknew.info, Ebooknew.xyz, Kingebook.info, Kingebook.xyz, Nafassy.com, Nafassy.net, and Exam Guides.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents and Communications Concerning Your contention that "Google's removal of Infringing Shopping Ads and termination of repeat infringers' advertising privileges also would have a significant impact by eliminating or greatly curtailing the reproduction of Infringing Works by Google's users when they make purchases on Pirate Sites promoted by Google," as alleged in paragraph 79 of the Complaint.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Communications that support Your contention that "a small group of operators are responsible for a disproportionately large number of infringing websites" as alleged in Paragraph 80 of the Complaint.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Communications that support Your contention that "even though ads for pirated textbooks create an enormous problem for Plaintiffs, it is an easy problem for Google to fix" as alleged in Paragraph 80 of the Complaint.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Communications that support Your contention that "[b]ecause of the size of Google's platform, the scale of these diverted sales is enormous," as alleged in Paragraph 81 of the Complaint.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents and Communications that support Your contention that "even a single sale from a pirate site can rob the Publishers of multiple subsequent sales" as alleged in Paragraph 83 of the Complaint.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents and Communications that support Your contention that "Google's Infringing Shopping Ads also have a ripple effect: they limit the authors of the works and the Publishers' ability to continue to invest in their publications and the creation of new works that benefit education as a whole," as alleged in Paragraph 84 of the Complaint.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents and Communications that support Your contention that Google's "practice of allowing standalone Shopping Ads for digital books from Pirate Sellers but not from legitimate publishers has a transformative effect on the market for all textbooks," as alleged in Paragraph 92 of the Complaint.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents and Communications Concerning all suits brought by Publishers against Unauthorized Sellers of digital textbooks, as alleged in paragraphs 114-117 of the Complaint.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Communications that You intend to use as evidence to support any of Your claims or defenses in this Action or that You may use as exhibits in support of any motion in this Action or at trial, Including without limitation, all Documents and Communications that support the allegations, contentions, requests for damages and other remedies, defenses, or theories in the Complaint and any amendments thereto.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications that support, demonstrate, or Relate To any damages that You claim to have suffered as a result of the allegations in Your Complaint.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications referred to or relied on to draft any response to any discovery Request in this Action.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications that support, refute, or otherwise Concern any claims or defenses in this Action.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents and Communications Concerning any subpoena You issue in this Action, Including all Communications with the subpoena recipients concerning the subpoenas and all Documents You receive in response to the subpoenas.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents and Communications between You and any Google user who You contend engaged in any infringement of the Asserted Copyrights and/or Asserted Trademarks.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents and Communications Concerning any efforts to police or enforce the Asserted Copyrights or Asserted Trademarks by any Third Party on Your behalf, including, but not limited to, Documents Concerning any monitoring watch service in place, all Communications with any other Person about the Asserted Copyrights or Asserted Trademarks, all cease and desist letters related to the Asserted Copyrights or Asserted Trademarks, all filed lawsuits or oppositions related to the Asserted Copyrights or Asserted Trademarks, and all settlement, license or other agreements related to the Asserted Copyrights or Asserted Trademarks.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents and Communications concerning each instance in which You contacted or attempted to contact any alleged Unauthorized Sellers of the Asserted Works to remove any Asserted Works from the Unauthorized Sellers' websites, Including Documents and Communications concerning your decisions to attempt to contact, or not contact, any such Unauthorized Sellers.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents and Communications sufficient to identify every Unauthorized Seller alleged to have engaged in direct acts of infringement that Plaintiffs contend Google is liable for.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents and Communications sufficient to show every sale or other distribution of an Asserted Work by an Unauthorized Seller.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Communications sufficient to show every copy of an Asserted Work made by an Unauthorized Seller, including when and where each such copy was made.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents and Communications sufficient to show each act of public display of an Asserted Work by an Unauthorized Seller.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Communications sufficient to show the methodology by which You identified infringing Shopping Ads on Google Shopping.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents and Communications sufficient to show the methodology by which You prepared and delivered notifications for claimed infringement to Google under the DMCA.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents and Communications sufficient to show the methodology by which You tracked the number of notices sent to each Unauthorized Seller.


Dated: September 18, 2024


Respectfully submitted,

*/s/ Sarang V. Damle*
Sarang Vijay Damle
Sarah A. Tomkowiak (*pro hac vice*)
Holly K. Victorson (*pro hac vice*)
Laura E. Bladow (*pro hac vice*)
Sara E. Sampoli (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: sy.damle@lw.com
    sarah.tomkowiak@lw.com
    holly.victorson@lw.com
    laura.bladow@lw.com
    sara.sampoli@lw.com

Allison L. Stillman
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: alli.stillman@lw.com

Joseph R. Wetzel
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: joe.wetzel@lw.com

*Attorneys for Defendant Google LLC*