# EXHIBIT 31

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING, INC.;
BEDFORD, FREEMAN & WORTH
PUBLISHING GROUP, LLC D/B/A
MACMILLAN LEARNING;
MACMILLAN HOLDINGS, LLC;
ELSEVIER INC.; ELSEVIER B.V.; and
MCGRAW HILL LLC,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

**Case No. 24-cv-04274-JLR-BCM**

[*Confidential Information Highlighted in Yellow*]

## PLAINTIFFS' AMENDED RULE 26(a)(1) DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Elsevier Inc., Elsevier B.V., Macmillan Holdings, LLC, and McGraw Hill LLC (collectively, "Plaintiffs") make the following amended disclosures to Defendant Google LLC ("Google" or "Defendant").

### INTRODUCTION

1. Plaintiffs incorporate by reference the Instructions set forth in their Initial Disclosures dated August 27, 2024.

2. Capitalized terms used herein have the same meaning as the definitions for those terms set forth in the Amended Complaint (Dkt. No. 38).

**AMENDED DISCLOSURES**

**(C) A computation of each category of damages claimed by the disclosing party.**

Plaintiffs are entitled to obtain damages to the fullest extent of the law applicable to Defendant's violation of their rights. For contributory copyright infringement, Publishers are entitled to damages amounting to either "the actual damages suffered by [each Publisher] as a result of the infringement, and any profits of [Google] that are attributable to the infringement and are not taken into account in computing the actual damages," pursuant to 17 U.S.C. § 504(b), or statutory damages, pursuant to 17 U.S.C. § 504(c). For each work-in-suit, Publishers will elect whether to seek damages under § 504(b) or § 504(c), which they may do at any time before final judgment is rendered. 17 U.S.C. § 504(c)(1).

Publishers claim that Defendant's infringement in this case is willful. *See, e.g.,* Am. Compl., Dkt. 38, ¶¶ 10, 129, Prayer for Relief (b). Therefore, as to statutory damages, Publishers claim entitlement to damages up to $150,000 for each infringed work pursuant to 17 U.S.C. § 504(c). Plaintiffs have demanded a jury trial. Thus, the amount of statutory damages awarded per work will be determined by the jury. Further, there is no "computation" to be made by a plaintiff with respect to statutory damages. *See Undiscovered Corp. v. Heist Studios,* No. cv-18-5719, 2019 WL 8219489, at *5 (C.D. Cal. Oct. 1, 2019). The amount of statutory damages may be based upon a variety of factors, including, but not limited to, the expenses saved and the profits reaped by the infringer; the revenues lost by the plaintiff; the value of the copyrights infringed; the deterrent effect on others besides the defendant; whether the defendant's conduct was willful; whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; the defendant's culpability and punishment for such culpability; and the potential for discouraging the defendant. *See Fitzgerald Pub. Co. v. Baylor*

*Pub. Co.,* 807 F.2d 1110, 1117 (2d Cir. 1986).

For trademark infringement, Trademark Plaintiffs are entitled to damages amounting to "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action," pursuant to 15 U.S.C. § 1117(a). Further, given the nature of Defendant's conduct, including that Defendant acted with knowledge, and its impact on Trademark Plaintiffs, Trademark Plaintiffs anticipate seeking an enhanced award under 15 U.S.C. § 1117(a) if proceeding thereunder, up to the maximum extent permitted by that subsection of the Lanham Act, including treble damages. 15 U.S.C. § 1114(b); 15 U.S.C. § 1117(a).

In the alternative, Trademark Plaintiffs may elect statutory damages pursuant to 15 U.S.C. § 1117(c), to the maximum extent permitted by law, at any time before final judgment is rendered, based on Defendant's willful infringement. *See, e.g.,* Am. Compl., Dkt. 38, ¶¶ 10, 143, Prayer for Relief (e). Under 15 U.S.C. § 1117(c), up to $2,000,000 per counterfeited trademark may be awarded. Trademark Plaintiffs' claims (collectively) are based on 15 federally registered trademarks. Am. Comp. Am. Exhibit B, Dkt. 120-2. Plaintiffs maintain that the reproductions of these trademarks that appear in Defendant's ads for the Pirate Sellers satisfy the statutory definition of counterfeit marks, i.e., "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 17 U.S.C. § 1127. As with copyright statutory damages, there is no "computation" to be made by a plaintiff. *See Undiscovered Corp.,* 2019 WL 8219489, at *5. The factors that may be considered in awarding trademark statutory damages include, but are not limited to, the factors discussed *supra* at 2 regarding copyright claims. *See Fitzgerald Pub. Co.,* 807 F.2d at 1117; *Union of Orthodox Jewish Congregation of Am. v. Royal Food Distributors Liab. Co.*, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009).

As Plaintiffs stated in their Notice of Filing of Amended Exhibits A and B, Plaintiffs made

3

the amendment based on information "Defendant has provided to Plaintiffs in discovery up to the date of filing. Significant categories of Defendant's documents have not yet been produced." Dkt. 120 at 2. This remains the case. It is possible that Plaintiffs will need to further amend Exhibit A.

For instance, significant information remains outstanding concerning Defendant's profits, which is a component of damages under 17 U.S.C. § 504(b) and 15 U.S.C. § 1117(a). GOOG-CENG-00404298 indicates that Google earned ▇▇▇ in Shopping ads revenue from the Merchant Center accounts referenced therein. However, that figure is underinclusive. For instance, GOOG-CENG-00404298 does not include some or all of the Merchant Center accounts associated with some ▇ Pirate Sites, which Plaintiffs have requested in discovery. Additionally, Defendant has refused to produce revenue that it earned from Pirate Sellers on other Google platforms besides Shopping, and refused to produce information concerning its monetization of Shopping ads in other contexts. This information is relevant to Defendant's profits, and Plaintiffs maintain Defendant must produce it.

Defendant also did not produce the dates that it ran Shopping ads for the Pirate Sellers until July 22, 2025. This production further includes data regarding impressions, clicks, and conversions for these ads. Plaintiffs, along with their data expert, are still reviewing this data and are not yet in a position to evaluate it for purposes of Plaintiffs' claims.

The actual damages that Publishers have suffered include, but are not limited to, lost revenue from lost/displaced sales, both from users who click on Google's infringing ads and make a purchase, and from downstream viral distribution of such unprotected copies of Publishers' works; loss of the underlying value of and demand for Publishers' works, including because Google's ads associate them with much lower-priced and lower quality pirated copies, often in the same ads results; and lost adoptions of their works, including with respect to the sale of test banks

and solutions manuals, which should not be advertised or sold to students at all and compromise academic integrity. Trademark Plaintiffs have also suffered reputational harm and a loss of goodwill associated with their trademarks, including, but not limited to, as a result of their association with lower-priced, inferior copies of Publishers' works and illegitimate Pirate Sites.

Plaintiffs are also entitled to their attorneys' fees and costs incurred in this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).

Plaintiffs reserve the right to, and intend to, supplement these disclosures based on information that they continue to learn and analyze in discovery and upon their experts' analyses.

Dated: August 5, 2025

Respectfully submitted,

/s/ *Kevin P. Lindsey*
Matthew J. Oppenheim
Michele H. Murphy
Jeff Kane
Kevin P. Lindsey
Uriel Lee

OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202-480-2999 telephone
866-766-1678 fax
matt@oandzlaw.com
michele@oandzlaw.com
jkane@oandzlaw.com
klindsey@oandzlaw.com
ulee@oandzlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via Electronic Mail on the 5th day of August, 2025, upon counsel of record.

Dated: August 5, 2024

                                                                                */s/ Kevin P. Lindsey*