# EXHIBIT 23

| | |
|---|---|
| **From:** | Kevin Lindsey <KLindsey@oandzlaw.com> |
| **Sent:** | Tuesday, May 27, 2025 6:53 PM |
| **To:** | Michele Murphy; Bladow, Laura (DC); Uriel Lee; Damle, Sy (DC-NY); Murphy, Brent (DC); Sampoli, Sara (DC); Tomkowiak, Sarah (DC); Victorson, Holly (DC); Wetzel, Joe (Bay Area) |
| **Cc:** | Jeff Kane; Clarke, Caroline (NY); Jung, Rose-Marie (NY) |
| **Subject:** | Re: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274) |

Counsel,

We write in response to your May 12 email concerning Plaintiffs' responses and objections to Google's First Set of Interrogatories.

Regarding unredacted versions of author agreements, and solely for purposes of avoiding unnecessarily burdening the Court, Plaintiffs will agree to produce versions thereof with PFI redactions removed. We are disappointed that Google would not agree in advance to file the redacted versions if the PFI information is not in dispute. Perhaps Google will reconsider this provision in context, which would avoid an unnecessary sealing request. Your email also refers to Plaintiffs providing a proposal for filing/using at trial author agreements. We can follow up regarding this, and in any event, paragraph 21 of the Protective Order applies.

We understand that the parties have agreed on interrogatories 1 and 2.

Interrogatory 3:

Plaintiffs maintain that this is a contention interrogatory under Local Rule 33.3(c) that is not appropriate at this time. Plaintiffs also maintain that Google is not entitled to discovery on "all facts related to the circumstances of [each] Asserted Work's creation" in order to engage in any so-called "challenge to Plaintiffs' assertion of ownership" in this case. Plaintiffs further note that while Defendant's relevant RFP are objectionable, that does not mean that Defendant is permitted to ask for the same information by interrogatory under Local Rule 33.3(b) or otherwise.

Notwithstanding the above, and without waiving any of Plaintiffs' objections, Plaintiffs propose resolving the dispute concerning the remaining topics in this interrogatory as follows, which is the best way to navigate Local Rule 33.3 and avoid burdening the Court with an unnecessary dispute:

- The employer of each Author of the Asserted Work at the time the work was created: Plaintiffs will amend their responses to RFP 13, which already requests this information, to clarify that this information is not in Plaintiffs' possession, custody, or control and/or Plaintiffs do not maintain the information in the ordinary course of business.
- The first date You communicated with the Author Regarding the Asserted Work: Plaintiffs will amend their responses to RFP 11, which already requests this information, to clarify that Plaintiffs do not maintain the information in the ordinary course of business.
- When each Author created the Asserted Work: Plaintiffs will amend their responses to RFP 12, which already requests this information, to clarify that Plaintiffs do not maintain this information in the ordinary course of business; however, Google can approximate this information if it chooses to do so by reviewing the date of the author agreement and the publication date of the Asserted Work.
- Where each Author created the Asserted Work (e.g., on employer premises or elsewhere): Plaintiffs will amend their responses to RFP 12, which already requests this information, to clarify that this information is

1

not in Plaintiffs' possession, custody, or control and/or Plaintiffs do not maintain the information in the ordinary course of business.

- What non-monetary resources the Author's employer provided to the Author (e.g., space, equipment, personnel, or facilities) to assist with creation of the work, if known: Plaintiffs will amend their response to RFP 12, which already requests this information, to clarify that this information is not in Plaintiffs' possession, custody, or control and/or Plaintiffs do not maintain the information in the ordinary course of business.
- What non-monetary resources You provided to the Author (e.g., space, equipment, personnel, or facilities) to assist with creation of the Asserted Work: Plaintiffs will answer this as an interrogatory, provided that we have explained Plaintiffs do not maintain this information in the ordinary course of business on a work-by-work or author-by-author basis.
- The amount of money You initially paid the Author to create the Asserted Work: The author agreements without PFI redactions that Plaintiffs will produce in response to various RFPs typically provide this information if an advance is paid to the author.
- The amount of money You have paid the Author in royalties: Plaintiffs will respond to RFP 26. This will also satisfy the royalty portion of interrogatory 5, per your email.
- Any written copyright assignment You received from the Author's employer Regarding the Asserted Work: Plaintiffs will amend their responses to RFP 14, which already requests this information, to clarify that, based on a reasonable search, and as we understand the request, no such documents exist, unless otherwise stated in the author agreement.

Interrogatory 4:

Plaintiffs maintain that this is a contention interrogatory under Local Rule 33.3(c) that is not appropriate at this time. Further, as demonstrated by the table in your email, this interrogatory, even as narrowed in your email, contains eight questions. However, without waiving any of Plaintiffs' objections, and solely for purposes of resolving this dispute and avoiding unnecessarily burdening the Court, Plaintiffs will agree to do as follows, provided that this "interrogatory" is treated as four interrogatories (a significant compromise on Plaintiffs' part):

- Every Unauthorized Seller that You allege engaged in direct acts of infringement for which Plaintiffs contend Google is liable: Plaintiffs will provide by 2 weeks after the close of document discovery a list of unauthorized sellers that they claim engaged in direct infringement and the Asserted Works each seller infringed.
- Every sale or other distribution of the Asserted Work made by an Unauthorized Seller, Including the date such sale or distribution was made, and to whom such sale or distribution was made: Plaintiffs will provide by 2 weeks after the close of document discovery the beginning bates numbers for the documents evidencing test buys for an Asserted Work.
- The beginning bates number for the authentic copy of the Asserted Work: Plaintiffs will provide by two weeks after the close of document discovery the beginning bates number of the produced authentic copy of each Asserted Work.
- The beginning bates number for each Document depicting an act of public display of an Asserted Work on an Unauthorized Seller's webpage: Plaintiffs have not organized these screenshots of unauthorized sellers' landing pages by the work being sold on those pages, and reviewing each document and creating such a list manually would be extremely burdensome. In its own data, Google also has information regarding the Unauthorized Sellers' websites and the works they advertised. Thus, Google has the same, if not greater, access to the information in question. That said, a review of the metadata related to Plaintiffs' production shows that the title of the work is often apparent in the metadata. For example, the screenshot produced with bates number PL0000008356 shows the title *Sports in Society: Issues and Controversies*, 12th edition for sale. The file name for the document is:

https_bookhome.shop_product_sports-in-society-issues-and-controversies-12th-edition__2023-11-03_01-23-18.png. Thus, Plaintiffs will provide the bates number range for these screenshots and will update that range by 2 weeks after the close of document discovery. Google can then export the metadata to review this title information if it chooses to do so.

- The beginning bates number for each advertisement of an Asserted Work by an Unauthorized Seller on Google's platform: Plaintiffs have not organized these screenshots of Google Shopping search results by the work being advertised, and reviewing each document and creating such a list manually would be extremely burdensome. In its own data, Google also has information regarding the Unauthorized Sellers' websites and the works they advertised. Thus, Google has the same, if not greater, access to the information in question. or domain, and are not obligated to do so for Google. That said, a review of the metadata related to Plaintiffs' production shows that the title of the work or its ISBN is often apparent in the metadata. For example, the screenshot produced with bates number PL0000016748 shows Shopping results for *Nutrition: Concepts and Controversies*, 15th edition, including the pirate sites Google is advertising. The file name for the document is: https-__www.google.com_search_tbm=shop&q=Nutrition+Concepts+and+Controversies+15th.pdf. Thus, Plaintiffs will provide the bates number range for these screenshots and will update that range by 2 weeks after the close of document discovery. Google can then export the metadata to review this title information if it chooses to do so.
- The beginning bates number for each Communication (if any) You had with Google Regarding the Unauthorized Seller's advertisement on Google's platform: We have provided the beginning bates numbers for the spreadsheets that catalog Plaintiffs' notices of infringement (see our May 12 email).
- The beginning bates number for each Communication (if any) You had with the Unauthorized Seller Regarding their alleged infringement of the Asserted Work: Plaintiffs will provide by 2 weeks after the close of document discovery the beginning bates numbers for notices sent to Unauthorized Sellers by domain.
- The first date You contend You were aware of an Unauthorized Sellers' infringement of the Asserted Work: As indicated in your email, Plaintiffs have provided the beginning bates numbers for the spreadsheets that reflect the observation date for BCGuardian notices and the notice date for Corsearch notices.

Interrogatory 5

Plaintiffs maintain that this is a contention interrogatory that is not appropriate at this time. However, without waiving any of Plaintiffs' objections, and solely for purposes of resolving this dispute and avoiding unnecessarily burdening the Court, Plaintiffs will agree to do as follows. As with all document requests, production assumes that the information exists; is within Plaintiffs' possession, custody, or control; and can be located after a reasonable search.

- The price(s) at which You sold the Asserted Work: Plaintiffs have produced or will produce this information and will identify the bates numbers of such documents within 2 weeks after the close of document discovery.
- Your valuation of the Asserted Work: Plaintiffs have produced or will produce this information and will identify the bates numbers of such documents within 2 weeks after the close of document discovery.
- The revenue You receive for the Asserted Work broken down by year: Plaintiffs have produced or will produce this information and will identify the bates numbers of such documents within 2 weeks after the close of document discovery.
- The total royalty distributions to the Authors of the Asserted Work broken down by year: Plaintiffs have produced or will produce this information, as narrowed by your email (i.e., total royalty distributions by

work) and will identify the bates numbers of such documents within 2 weeks after the close of document discovery.

- Your profits for the Asserted Work broken down by year: If Plaintiffs have this information, they have produced or will produce it and will identify the bates numbers of such documents within 2 weeks after the close of document discovery.

- The amount of lost revenue You allege in this Action broken down by each year for which You allege harm: Your email mischaracterizes Plaintiffs' position concerning this request. This is a contention interrogatory, which not only is inappropriate at this time, but Plaintiffs do not have complete information from Google. Plaintiffs will provide a response to this interrogatory within 4 weeks after the close of document discovery. Plaintiffs have added two weeks to this response time compared to the other compromises set forth herein to allow for review of documents produced at or near the production deadline by Google.

- Your purported damages for the harm You allege in this Action, by Asserted Work, for each year for which You allege harm: Your email mischaracterizes Plaintiffs' position concerning this request. This is a contention interrogatory, which not only is inappropriate at this time, but Plaintiffs do not have complete information from Google. Plaintiffs also disagree that they "should have already provided this information in connection with their initial disclosures," including for the reasons stated therein. Plaintiffs will provide a response to this interrogatory within 4 weeks after the close of document discovery. Plaintiffs have added two weeks to this response time compared to the other compromises set forth herein to allow for review of documents produced at or near the production deadline by Google.

Based on the above, Plaintiffs do not understand the parties to be at impasse regarding any of these issues. If you disagree, please let us know before filing anything with the Court.

Regards,

Kevin Lindsey | Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.450.5593
KLindsey@oandzlaw.com | www.oandzlaw.com
◼ Connect with us on LinkedIn



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Michele Murphy <michele@oandzlaw.com>
**Date:** Friday, May 23, 2025 at 3:19 PM

**To:** Laura.Bladow@lw.com <Laura.Bladow@lw.com>, Uriel Lee <ULee@oandzlaw.com>,
Sy.Damle@lw.com <Sy.Damle@lw.com>, Brent.Murphy@lw.com <Brent.Murphy@lw.com>,
Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Sarah.Tomkowiak@lw.com
<Sarah.Tomkowiak@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>,
Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>,
Caroline.Clarke@lw.com <Caroline.Clarke@lw.com>, Rose-Marie.Jung@lw.com <Rose-
Marie.Jung@lw.com>
**Subject:** Re: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage
Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Laura,

Plaintiffs are working on a response to your email below. Since Monday is Memorial Day, we expect to respond by the
close of business Tuesday, and we also expect that such response will significantly narrow, if not entirely resolve, any
remaining disputes.

Thanks, Michele

Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com  |  www.oandzlaw.com



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other
privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any
portion and notify sender by reply e-mail.

**From:** "Laura.Bladow@lw.com" <Laura.Bladow@lw.com>
**Date:** Thursday, May 22, 2025 at 9:08 AM
**To:** Michele Murphy <michele@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, "Sy.Damle@lw.com"
<Sy.Damle@lw.com>, "Brent.Murphy@lw.com" <Brent.Murphy@lw.com>, "Sara.Sampoli@lw.com"
<Sara.Sampoli@lw.com>, "Sarah.Tomkowiak@lw.com" <Sarah.Tomkowiak@lw.com>,
"Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Joe.Wetzel@lw.com" <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>, "Caroline.Clarke@lw.com"
<Caroline.Clarke@lw.com>, "Rose-Marie.Jung@lw.com" <Rose-Marie.Jung@lw.com>
**Subject:** RE: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc.
et al. v. Google LLC (Case No. 24-cv-04274)

Counsel,

Please provide Plaintiffs' proposal for the production of unredacted versions of author agreements and the
subsequent handling of those agreements when they are attached to Court filings or used at trial on or before

Tuesday, May 27, 2025.  Google plans to raise this issue, as well as the other impasses noted below, with the Court next week.

Best,

Laura

**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

---

**From:** Bladow, Laura (DC)
**Sent:** Monday, May 12, 2025 7:36 PM
**To:** 'Michele Murphy' <michele@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>
**Subject:** RE: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Counsel,

We write to memorialize the Parties' May 2 and 8, 2025 meet and confers regarding Plaintiffs' responses and objections to Google's First Set of Interrogatories.

- **Rog 1:** As noted on the May 2 meet and confer, Google agreed to accept Plaintiffs' compromise outlined in Plaintiffs' April 23 email.

- **Rog 2:** As noted on the May 2 meet and confer, Google, reserving all rights, agreed to include this as a topic for 30(b)(6) depositions of Plaintiffs.

- **Rog 3:** We understand that Plaintiffs' position is that this Rog is a contention interrogatory and overly broad as it seeks "All facts" related to the creation of each asserted work that Plaintiffs have put at issue in this case.

  Google maintains that this is not a contention interrogatory.  Plaintiffs have to prove ownership on a work-by-work basis and Google is entitled to discovery to challenge that assertion of ownership also on a work-by-work basis.  Google maintains that Rog 3 is proper under Local Rule 33.3(b) because it is the "more practical method of obtaining the information sought than a request for production or deposition."  Plaintiffs have thus far refused to produce documents responsive to similar requests.  And it would be unreasonable to expect a deponent to recall every fact requested in this Rog for each Asserted Work.  *Pratt v. Atalian Global Services Inc.*, 2021 WL 1234253, at *3 (S.D.N.Y. Apr. 3, 2021) (finding it would be more practical for a party to respond to an interrogatory rather than expect a witness to commit facts or details to memory).  Plaintiffs have provided no argument that obtaining this information through an interrogatory is less practical than through an RFP or deposition.

  Further, with respect to the following illustrative "facts Related To the circumstances of the Asserted Work's creation by each Author," Google understands it is Plaintiffs' position that Plaintiffs either do not

have this information or do not maintain this information in the ordinary course of business. Google understand that includes the following:

- o   The employer of each Author of the Asserted Work at the time the work was created
- o   The first date You communicated with the Author Regarding the Asserted Work
- o   When each Author created the Asserted Work
- o   Where each Author created the Asserted Work (e.g., on employer premises or elsewhere)
- o   What non-monetary resources the Author's employer provided to the Author (e.g., space, equipment, personnel, or facilities) to assist with creation of the work, if known
- o   What non-monetary resources You provided to the Author (e.g., space, equipment, personnel, or facilities) to assist with creation of the Asserted Work

It is Google's position, as we stated on the meet and confer, that to the extent Plaintiffs do not maintain this information, the appropriate response would be to provide a verified interrogatory response stating that.

Google maintains that Plaintiffs, at a minimum, should have the following information sought by Rog 3 in their possession, custody, or control:

- o   The amount of money You initially paid the Author to create the Asserted Work
- o   The amount of money You have paid the Author in royalties
- o   Any written copyright assignment You received from the Author's employer Regarding the Asserted Work.

Plaintiffs ultimately requested that Google consider revising the Rog to narrow the information sought, and Google agreed to take that under consideration. Google can agree to narrow Plaintiffs' response to the two sets of bullets above, rather than "all facts." If Plaintiffs do not maintain the information, Plaintiffs can respond to Rog 3 by stating so.

- **Rog 4:** In Google's April 17 email, Google noted it was willing to limit the information sought in Interrogatory No. 4, on a work-by-work basis, to the items listed in the lefthand column of the chart below. The righthand column of the chart reflects Google's understanding of the result of the meet and confer.

  Google understands Plaintiffs believe this Rog should count as more than one interrogatory. Google disagrees, but if Plaintiffs identify how many interrogatories they believe Rog 4 should count as, Google will consider Plaintiffs' position.

| Request | Result of Meet and Confer |
|---|---|
| Every Unauthorized Seller that You allege engaged in direct acts of infringement for which Plaintiffs contend Google is liable | Google understands Plaintiffs have agreed to provide, within two weeks of the completion of document discovery, a list of unauthorized sellers and the asserted works each is alleged to have infringed. |
| Every sale or other distribution of the Asserted Work made by an Unauthorized Seller, Including the date such sale or distribution was made, | Plaintiffs' represented that Plaintiffs do not know of every unauthorized sale or distribution of an Asserted Work by an Unauthorized Seller. Nevertheless, Plaintiffs agreed to provide, within two weeks of the completion of document discovery, on a work-by-work basis the beginning bates numbers for the documents evidencing test buys for an Asserted Work. |

| | |
|---|---|
| and to whom such sale or distribution was made | |
| The beginning bates number for the authentic copy of the Asserted Work | Plaintiffs agreed to provide, within two weeks of the completion of document discovery, on a work-by-work basis the beginning bates number of the produced authentic copy of each Asserted Work. |
| The beginning bates number for each Document depicting an act of public display of an Asserted Work on an Unauthorized Seller's webpage | Google understands Plaintiffs' position to be that the documents responsive to this request are screenshots of the landing pages that the ads at issue linked to.  Plaintiffs represented that they have not maintained these screenshots on a work-by-work basis, but by domain, and that Plaintiffs will not be providing this information on a work-by-work basis.  Google understands Plaintiffs' position to be that doing so is highly unnecessary and burdensome.<br><br>Google reiterated that it is Plaintiffs burden to prove each act of primary infringement on a work-by-work basis.  Google maintains that Plaintiffs cannot refuse to disclose on a work-by-work basis the facts on which Plaintiffs will necessarily rely on to support a claim of primary infringement for which Plaintiffs claim Google is secondarily liable.   Google understands the Parties are at an impasse on this issue and Google will seek relief from the Court. |
| The beginning bates number for each advertisement of an Asserted Work by an Unauthorized Seller on Google's platform | Google understands Plaintiffs' position to be that the documents responsive to this request, screenshots of Google Shopping search results, are not organized by work or by domain. Google further understands that Plaintiffs will not provide this information on a work-by-work basis.<br><br>Google reiterated that it is Plaintiffs burden to prove each act of primary infringement on a work-by-work basis.  Google maintains that Plaintiffs cannot refuse to disclose on a work-by-work basis the facts on which Plaintiffs will necessarily rely on to support a claim of primary infringement for which Plaintiffs claim Google is secondarily liable.  Google understands the Parties are at an impasse on this issue and Google will seek relief from the Court. |
| The beginning bates number for each Communication (if any) You had with Google Regarding the Unauthorized Seller's advertisement on Google's platform | Google understands that Plaintiffs have agreed to provide, within two weeks of the completion of document discovery, the beginning bates numbers for Plaintiffs' raw notice data and the beginning bates number for each communication between Google and the Plaintiffs, with the caveat that the list may not be complete due to coding errors.<br><br>Google understands that Plaintiffs have agreed to confirm whether there is a spreadsheet that catalogues the notices on a work-by-work basis. |
| The beginning bates number for each Communication (if any) You had with the Unauthorized Seller Regarding their alleged | Google understands that Plaintiffs have agreed to provide, within two weeks of the completion of document discovery, the beginning bates of the notices they sent to the Unauthorized Sellers, organized by domain.  Google further understands that Plaintiffs do not maintain this information by work, but by domain. |

| | |
|---|---|
| infringement of the Asserted Work | |
| The first date You contend You were aware of an Unauthorized Seller's infringement of the Asserted Work | Google understands that the beginning bates numbers for the spreadsheets that Plaintiffs represented catalogued notice data from BCGuardian and Corsearch are as follows:<br>• BCGuardian - PL0000535577<br>• Corsearch - PL0000535558<br>Google further understands the relevant information in the BCGuardian sheet is the observation date, which may differ from the notice date.  We understand that for Corsearch, the relevant sheet reflects the notice date. |

- **Rog 5:** In Google's April 17 email, Google noted it was willing to limit the information sought in Interrogatory No. 5, on a work-by-work basis, to the items listed in the lefthand column of the chart below.  The righthand column of the chart reflects Google's understanding of the result of the meet and confer.

| Request | Plaintiffs' Position |
|---|---|
| The price(s) at which You sold the Asserted Work | Google understands that Plaintiffs have or will to produce information responsive to this request, and, within two weeks of the completion of document discovery, Plaintiffs will provide Google with the bates numbers for the financial spreadsheets that include this information. |
| Your valuation of the Asserted Work | Google understands that the relevant information available varies between Plaintiffs, but that information responsive to this interrogatory can be found on the aforementioned financial spreadsheets. |
| The revenue You receive for the Asserted Work broken down by year | Google understands that Plaintiffs have or will to produce information responsive to this request, and, within two weeks of the completion of document discovery, Plaintiffs will provide Google with the bates numbers for the spreadsheets that include this information. |
| The total royalty distributions to the Authors of the Asserted Work broken down by year | Google explained that, in the first instance, Plaintiffs' redactions of royalty information from the produced author agreements as PFI remain improper.  And Google maintains that the redacted royalty information is not the type of sensitive personal financial information the Judge's individual rules contemplates redacting from public filings without following the sealing procedure.  Although Plaintiffs asked Google for authority to support its position, Google noted that Plaintiffs have also not provided authority to support their position.<br><br>Google reiterated that this information is highly relevant to Plaintiffs' contention that the alleged conduct at issue harms the authors.  Google is entitled to discovery to understand, on a work-by-work basis and author-by-author basis, the compensation each author receives for the creation and sale of each textbook to develop counterarguments to Plaintiffs' narrative that each sale of an unauthorized textbook harms the authors to the point of limiting their ability to reinvest in other works.  Thus, Google anticipates citing this information at summary judgment and relying on it at trial. |

The fact that the royalty information Plaintiffs redacted as PFI is highly relevant to the case only further distinguishes it from the type of personal information contemplated as not needing permission to be redacted. Further Plaintiffs' arguments regarding sensitivity relate to this information being part of Plaintiffs' competitive information and Plaintiffs have not articulated how the royalty percentages disclosed in the author agreements is sensitive to the authors.

Google understands that Plaintiffs will share a proposal for the production of unredacted versions of author agreements and the subsequent handling of those agreements when they are attached to Court filings or used at trial. Google is willing to consider such a proposal.

The Parties discussed what type of aggregate royalty information Google seeks, and Google clarified that total royalty distributions by work would be sufficient. Google looks forward to confirmation from Plaintiffs that they will provide this information.

| | |
|---|---|
| Your profits for the Asserted Work broken down by year | Google understands that if Plaintiffs have this information on a work-by-work basis, that information will be on the aforementioned financial spreadsheets. |
| The amount of lost revenue You allege in this Action broken down by each year for which You allege harm | Google understands that Plaintiffs are unable to calculate lost revenue because Plaintiffs do not know how many displaced sales there were from allegedly infringing Google Shopping ads. If that is in fact true, Plaintiffs should have no issue stating so in a verified interrogatory response. |
| Your purported damages for the harm You allege in this Action, by Asserted Work, for each year for which You allege harm | Google understands that Plaintiffs are willing to provide a list of Asserted Works for which Plaintiffs will seek statutory damages along with a range of damages for each work. Google maintains that Plaintiffs should have already provided this information in connection with their initial disclosures and that Plaintiffs should provide this information promptly, but no later than two weeks following the completion of document discovery. |

Regards,

Laura

**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

---

**From:** Michele Murphy <michele@oandzlaw.com>
**Sent:** Monday, May 12, 2025 5:25 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Uriel Lee <ULee@oandzlaw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay

Area) <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>; Clarke, Caroline (NY)
<Caroline.Clarke@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>
**Subject:** Re: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v.
Google LLC (Case No. 24-cv-04274)

Laura,

We will be following up regarding some of the other issues discussed in our last meet and confer regarding Google's
interrogatories, but in the meantime, here are the beginning Bates numbers for the spreadsheets we mentioned
regarding notices of infringement sent by BCGuardian and Corsearch.

BCGuardian - PL0000535577

Corsearch - PL0000535558

Best regards, Michele


Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com  |  www.oandzlaw.com



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other
privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any
portion and notify sender by reply e-mail.


**From:** "Laura.Bladow@lw.com" <Laura.Bladow@lw.com>
**Date:** Wednesday, April 30, 2025 at 1:51 PM
**To:** Michele Murphy <michele@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, "Sy.Damle@lw.com"
<Sy.Damle@lw.com>, "Brent.Murphy@lw.com" <Brent.Murphy@lw.com>, "Sara.Sampoli@lw.com"
<Sara.Sampoli@lw.com>, "Sarah.Tomkowiak@lw.com" <Sarah.Tomkowiak@lw.com>,
"Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Joe.Wetzel@lw.com" <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>, "Caroline.Clarke@lw.com"
<Caroline.Clarke@lw.com>, "Rose-Marie.Jung@lw.com" <Rose-Marie.Jung@lw.com>
**Subject:** RE: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc.
et al. v. Google LLC (Case No. 24-cv-04274)

Counsel,

We are available to meet and confer on Friday, May 2 from 1 to 2:30 pm ET on Plaintiffs' objections to Google's
Interrogatories as well as the questions raised in Plaintiffs' correspondence regarding Google's March 31
production and Google's responses and objections to Plaintiffs' first set of requests for production.

Regards,

Laura


**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

**From:** Michele Murphy <michele@oandzlaw.com>
**Sent:** Wednesday, April 23, 2025 9:52 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Uriel Lee <ULee@oandzlaw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>
**Subject:** Re: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Counsel,

Without waiving any of Plaintiffs' objections to Google's First Set of Interrogatories, Plaintiffs respond as follows to your email dated April 17, 2024:

**ROG 1:** To resolve this dispute, Plaintiffs will do the following:

- Within two weeks following July 1, 2025 (unless the date in Dkt. 94 changes, in which case it would be within two weeks following that date) provide: 1) a list of the beginning Bates numbers on the copyright registrations Plaintiffs have produced for the corresponding titles on Exhibit A to the Amended Complaint ("Exhibit A"), and 2) a list of the beginning Bates numbers on the chain of title documents Plaintiffs have produced for the corresponding titles on Exhibit A.
- "Chain of title documents" includes the author or publishing agreement when the author is listed as the copyright claimant on the copyright registration certificate.
- As previously noted, our proposal to resolve this issue is contingent upon Google agreeing to treat Rog 1 as two interrogatories.
- Please confirm if this is acceptable.

**ROG 2:** In response to Google's position on Rog 2, Plaintiffs likewise waive no objections to the interrogatory or to Google's forthcoming Rule 30(b)(6) deposition notice. This dispute appears to be resolved.

**ROG 3:** Plaintiffs' offer to provide the list of authors is not the same as the information that they agreed to provide in response to Rog 1. We also reiterate that this interrogatory is improper under LR 33.3, and such interrogatories need not be answered. *See Pauwels v. Bank of N.Y. Mellon Corp.*, 2024 WL 4040357, at *1 (S.D.N.Y. Apr. 9, 2024); *US Bank Nat. Ass'n v. PHL Variable Life Ins. Co.,* 288 F.R.D. 282, 289 (S.D.N.Y. 2012); *Clean Earth Remediation and Const. Servs., Inc. v. Am. Int'l Grp., Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007). Notwithstanding, we are willing to further meet and confer to determine if a resolution can be reached to avoid burdening the Court. Below is additional information about scheduling a meet and confer.

**ROG 4:**  We reiterate that this interrogatory is improper under LR 33.3, and, as stated above, such interrogatories need not be answered. We also are unaware of any exception under LR 33.3 that would prevent invoking FRCP 33(d).

Notwithstanding, we are willing to further meet and confer to determine if a resolution can be reached to avoid burdening the Court.

**ROG 5:** We reiterate that this interrogatory is improper under LR 33.3, and, as stated above, such interrogatories need not be answered. We also disagree with your characterizations of Plaintiffs' obligations regarding proof of damages in a copyright infringement case. Notwithstanding, we are willing to further meet and confer to determine if a resolution can be reached to avoid burdening the Court.

Plaintiffs are available next Tuesday from 1:30-5, Wed. from 9:15-12:15, and Fri. from 10:15-4:15. However, any meet and confer on Plaintiffs' interrogatory responses must occur in parallel with a meet and confer on Defendant's notice and ads data and missing merchant account data as requested in O+Z's emails from April 18, 22, and 23.

Best regards, Michele

Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com  |  www.oandzlaw.com



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** "Laura.Bladow@lw.com" <Laura.Bladow@lw.com>
**Date:** Thursday, April 17, 2025 at 5:49 PM
**To:** Michele Murphy <michele@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, "Sy.Damle@lw.com" <Sy.Damle@lw.com>, "Brent.Murphy@lw.com" <Brent.Murphy@lw.com>, "Sara.Sampoli@lw.com" <Sara.Sampoli@lw.com>, "Sarah.Tomkowiak@lw.com" <Sarah.Tomkowiak@lw.com>, "Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Joe.Wetzel@lw.com" <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>, "Caroline.Clarke@lw.com" <Caroline.Clarke@lw.com>, "Rose-Marie.Jung@lw.com" <Rose-Marie.Jung@lw.com>
**Subject:** RE: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Counsel:

Google has considered Plaintiffs' correspondence and responds as follows:

**Rog 1:**
- Please confirm whether Plaintiffs will provide both lists of bates numbers within the two weeks following July 1, 2025, which is the date set by the Court for substantial completion of document productions. Dkt. 94.
- Please confirm whether Plaintiffs define "chain of title documents" to include publishing agreements.

- If Plaintiffs confirm that Plaintiffs will provide both lists of bates within the two weeks following July 1, 2025, and that Plaintiffs' term "chain of title documents" does include publishing agreements, Google will accept Plaintiffs' compromise.

**Rog 2:**  Google is willing to include the subject of this interrogatory as a topic for 30(b)(6) depositions of the Publishers.  However, Google reserves all rights to seek a response to Rog 2 from the Publishers following the depositions and Google waives no rights by agreeing to explore this topic during depositions.

**Rog 3:**  Plaintiffs' proposed compromise—to "provide a list of authors on the copyright registrations for the Asserted Works on Exhibit A"—is essentially an offer to provide information responsive to Rog 1 in response to Rog 3.  Google rejects Plaintiffs' proposed compromise.  Google seeks the information requested in this interrogatory and understands that Plaintiffs are unwilling to provide a substantive response to Rog 3.

**Rog 4:**  Plaintiffs' proposal to respond to Rog 4 at an undefined "appropriate time" "subject to and in accordance with their objections" is unsatisfactory to Google.  And, any attempt by Plaintiffs to invoke FRCP 33(d) at that time would be inappropriate, in particular where there 4,313 works currently in suit and the information Google seeks is on a work-by-work basis.  Google would be willing to limit the information sought in Interrogatory No. 4, on a work-by-work basis, to the following:

- Every Unauthorized Seller that You allege engaged in direct acts of infringement for which Plaintiffs contend Google is liable
- Every sale or other distribution of the Asserted Work made by an Unauthorized Seller, Including the date such sale or distribution was made, and to whom such sale or distribution was made
- The beginning bates number for the authentic copy of the Asserted Work
- The beginning bates number for each Document depicting an act of public display of an Asserted Work on an Unauthorized Seller's webpage
- The beginning bates number for each advertisement of an Asserted Work by an Unauthorized Seller on Google's platform
- The beginning bates number for each Communication (if any) You had with Google Regarding the Unauthorized Seller's advertisement on Google's platform
- The beginning bates number for each Communication (if any) You had with the Unauthorized Seller Regarding their alleged infringement of the Asserted Work.
- The first date You contend You were aware of an Unauthorized Seller's infringement of the Asserted Work

If Plaintiffs will not provide this information and do so within the two weeks following July 1, 2025, then we are at an impasse.

Further, the list of domains that Plaintiffs provided on December 24, 2024, is non-responsive to this Rog as that list fails to match any domain to any work in suit.  Google further rejects Plaintiffs' claim that Google can do all of the matching itself based on Plaintiffs' notices alone.  Again, as I detailed during our meet and confer, it is extremely difficult if not impossible, for Google to identify which Shopping ad Plaintiffs are claiming contributed to which instance of alleged direct infringement out of the thousands of screenshots Plaintiffs produced (including because Plaintiffs failed to make any effort to cull their production of screenshots to the works in suit).

**Rog 5:**  Plaintiffs conveniently ignore that they've already shirked their obligation under Rule 26(a)(1)(A)(iii) to provide "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  Moreover, despite the fact that Plaintiffs may *elect* statutory damages at a later time in the case, Google is entitled to discovery on the statutory damages factors if Plaintiffs wish to maintain that option.  The Second Circuit's statutory damages factors are not limited to information within Google's control

and includes, but is not limited to, "the revenue lost by the copyright holders." *Bryant v. Media Right Prods.*, 603 F.3d 135,144 (2d Cir. 2010).

Plaintiffs' proposal to respond to Rog 5 at an undefined "appropriate time" "subject to and in accordance with their objections" is unsatisfactory to Google. To ensure Google is able to adequately prepare for deposing Plaintiffs' 30(b)(6) witnesses, Google needs Plaintiffs to provide a response to Rog 5 within the two weeks following July 1, 2025. Google is willing to limit the information sought in Interrogatory No. 5 to the following information, on a work-by-work basis.

- The price(s) at which You sold the Asserted Work
- Your valuation of the Asserted Work
- The revenue You receive for the Asserted Work broken down by year
- The total royalty distributions to the Authors of the Asserted Work broken down by year
- Your profits for the Asserted Work broken down by year
- The amount of lost revenue You allege in this Action broken down by each year for which You allege harm
- Your purported damages for the harm You allege in this Action, by Asserted Work, for each year for which You allege harm

If Plaintiffs will not provide this information and do so within the two weeks following July 1, 2025, then we are at an impasse.

**Plaintiffs' Redactions:** Unless Plaintiffs are willing to stipulate that they will not rely on or make any argument, in form or substance, that Google's (or the pirate merchants') alleged conduct harmed (and will continue to harm) the authors of the Asserted Works, the discovery Google seeks regarding the authors and the royalties paid to the authors remains relevant. Google will not agree to publicly file the overly-redacted versions of author agreements produced by Plaintiffs to date. Google acknowledges that it will follow the Protective Order with respect to unredacted versions of author agreements. If Plaintiffs are unwilling to produce unredacted versions of the authorship agreements, then we are at an impasse.

Regards,

Laura

**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

---

**From:** Michele Murphy <michele@oandzlaw.com>
**Sent:** Monday, April 14, 2025 11:27 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Uriel Lee <ULee@oandzlaw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>
**Subject:** Re: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Counsel,

Without waiving any of Plaintiffs' objections to Google's First Set of Interrogatories, Plaintiffs respond as follows to your email dated April 4, 2025.

**Interrogatories – Overall Issues**

1. While Plaintiffs agree that we are no longer at the "commencement of discovery," and that Plaintiffs did not answer interrogatories 1-5 because those interrogatories did not meet the requirements of LR 33.3(b) and (c), we note that (b) incorporates (a). Thus, "during discovery," a party can only ask an interrogatory that exceeds the scope of (a) if it meets the criteria in (b).

2. You indicated that "Google understands Plaintiffs' position is that ROGs 1, 2, 4, and 5 are not 'a more practical method of obtaining the information sought than a request for production or a deposition.'" (We think you meant 3, not 2). That statement does not take into account that the relevant interrogatories are also improper under LR 33.3(c), as noted below.

3. We did not contend that LR 33.3 "obviates the need to comply with Federal Rule of Civil Procedure 33(d)." Rather, if applicable, Fed. R. Civ. P. 33(d) would come into play if the interrogatory is otherwise proper, i.e., compliant with LR 33.3. In the *In re Weatherford Int'l Securities Litigation* case you cite, the court found that an interrogatory seeking the names of witnesses and limited information regarding a "discrete set of transactions" was permissible. 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013). It was only in that context (and where the plaintiffs said they had reviewed the defendant's documents and could not find the information) that the court gave the defendant the opportunity to identify the responsive documents instead of answering the interrogatory. *Id.*

4. On their face, it is clear that Google's interrogatories 1, 4, and 5 do not simply seek an "underlying description of documents," as in the case you cite, *Ohanian v. Apple*, 2022 WL 576314, at *3 (S.D.N.Y. Feb. 25, 2022) (where it was also weeks before the end of fact discovery and the plaintiff had produced no documents). If you would like to revise these interrogatories to comply with LR 33.3(a), Plaintiffs will of course consider them.

5. Notwithstanding the above, and to avoid wasting the Court's resources, Plaintiffs propose some compromises below. While Plaintiffs took care to ensure their First Set of Interrogatories to Google complied with LR 33.3, Plaintiffs expect that Google will be amenable to a similar approach as to interrogatories Plaintiffs might serve upon Google going forward.

**Specific Interrogatories**

1. **ROG 1**: Without waiving Plaintiffs' objections, as a proposed compromise, Plaintiffs will respond as described below. As part of this agreement, Google will agree that this constitutes two interrogatories. At a minimum, the request as to copyright registrations and the request as to chain-of title documents are separate.

   - This interrogatory falls squarely under LR 33(c). Therefore, Plaintiffs will respond to it at the appropriate time, subject to and in accordance with their objections. At that time, Plaintiffs may also invoke Fed. R. Civ. P. 33(d).

   - While not required to do so before responding as set forth above:

     Plaintiffs will provide a list of the beginning Bates numbers on the copyright registrations for the corresponding titles on Exhibit A to the Amended Complaint ("Exhibit A") when they believe their production of these documents is complete or near complete. We expect to be able to provide an update on this by May 5, 2025.

     Plaintiffs will provide a list of the beginning Bates numbers on the chain of title documents for the corresponding titles on Exhibit A when they believe their production of these documents is complete or near complete. We expect to be able to provide an update on this by May 23, 2025.

- No foreign works exempt from the Copyright Act's registration requirements are included in Exhibit A. Therefore, this part of the interrogatory is a non-issue.

2. **ROG 2**: Following the discussion during our meet and confer, Plaintiffs are considering answering this interrogatory, subject to and in accordance with their objections. We understand Google is also evaluating this information as a deposition topic. We expect to have an update on our end later this week.

3. **ROG 3**: Without waiving Plaintiffs' objections, as a proposed compromise, Plaintiffs will respond as described below.
   - This interrogatory calls for the type of information that is contemplated by LR 33(c) and is outside the scope of LR 33(a).
   - In addition, asking Plaintiffs to state "all facts related to the circumstances of the Asserted Work's creation by each Author," on its face, is too broad, unduly burdensome, and not proportional. The specific information sought is also not relevant and searching for and producing it, if it exists, would be unduly burdensome and not proportional.
   - Other than dates provided on the copyright registrations and payments provided to the authors, Plaintiffs do not maintain the information as requested in the ordinary course of business. For example, as we have explained, Plaintiffs do not maintain a list of the authors' employers at the time they created the works, the date they first communicated with the author, or information regarding where these professionals are located when they do their writing or the specific equipment they use.
   - Google's request for the amounts paid to each author (initially or in royalties) embedded in this interrogatory is a completely separate topic. In addition, Google's request for this massive amount of data based a background sentence in the Amended Complaint (which stands for the unremarkable proposition that if Plaintiffs lose money to pirate sales, it follows that authors who receive royalties from legitimate sales also lose money) is unfounded. As we have explained, the authors are not parties to this case, Plaintiffs make no damages claim related lost royalties, and the *amounts* paid to the authors have no bearing on Plaintiffs' ownership of the works.
   - Notwithstanding the above, while not required to do so, Plaintiffs will provide a list of the authors on the copyright registrations for the Asserted Works on Exhibit A. We expect to be able to provide an update on this by May 12, 2025.

4. **ROG 4**: Without waiving Plaintiffs' objections, Plaintiffs will respond as described below.
   - This interrogatory falls squarely under LR 33(c). Therefore, Plaintiffs will respond to it at the appropriate time, subject to and in accordance with their objections. At that time, Plaintiffs may also invoke Fed. R. Civ. P. 33(d).
   - Concerning Google's request for each "unauthorized Seller that You allege engaged in direct acts of infringement for which Plaintiffs contend Google is liable" and "the domain of every Unauthorized Seller that You allege advertised an Asserted Work on Google's platform," Plaintiffs note that they have already provided this information in two ways. First, the information is contained in the notices that Plaintiffs have been sending to Google. Second, Plaintiffs provided Google with the domain-identified merchant spreadsheet on December 24, 2024, which includes these domains through September 16, 2024.

5. **ROG 5**: Without waiving Plaintiffs' objections, Plaintiffs will respond as described below.
   This interrogatory falls squarely under LR 33(c). Therefore, Plaintiffs will respond to it at the appropriate time, subject to and in accordance with their objections. At that time, Plaintiffs may also invoke Fed. R. Civ. P. 33(d).
   - However, Plaintiffs make note that even by that response time, they will not be required to make a statutory damages. Pursuant to 17 U.S.C. § 504(c)(1), Plaintiffs may do so "at any time before final judgment is rendered."

**Plaintiffs' Redactions**

**Author Agreements/Personal Financial Information ("PFI")**: Plaintiffs disagree that Judge Rochon's Individual Rule 4(B) has no bearing on the author agreement issue. The information regarding the amount of royalties paid to authors is not relevant to the case and further represents PFI that can be redacted in a filing without the need to file a motion. Plaintiffs are awaiting your response as to whether Google will agree that if it files an author agreement, it will not seek to file less-redacted versions than those produced by Plaintiffs to date (unless specific circumstances require the Court to know the redacted information, which we can't imagine would occur).  The filing of these documents is also governed by the Protective Order.

**Sample "Work Plan" Documents**: In the interest of compromise, and to avoid any suggestion by Google that it will improperly broadly redact its productions (*see* 2025.04.04 Latham email), Plaintiffs will re-produce the AEO documents PL0000484890, PL0000484894, PL0000484899, PL0000484915, and PL0000484763 without redactions.

Best, Michele

Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com  |  www.oandzlaw.com



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** "Laura.Bladow@lw.com" <Laura.Bladow@lw.com>
**Date:** Friday, April 4, 2025 at 3:23 PM
**To:** Michele Murphy <michele@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, "Sy.Damle@lw.com" <Sy.Damle@lw.com>, "Brent.Murphy@lw.com" <Brent.Murphy@lw.com>, "Sara.Sampoli@lw.com" <Sara.Sampoli@lw.com>, "Sarah.Tomkowiak@lw.com" <Sarah.Tomkowiak@lw.com>, "Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Joe.Wetzel@lw.com" <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>, "Caroline.Clarke@lw.com" <Caroline.Clarke@lw.com>, "Rose-Marie.Jung@lw.com" <Rose-Marie.Jung@lw.com>
**Subject:** RE: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Michele,

We write to memorialize the Parties' April 3, 2025 meet and confer regarding Plaintiffs' responses and objections to Google's First Set of Interrogatories ("Google's Rogs") and Plaintiffs' application of "PFI" redactions to produced copies of authorship agreements.

**Google's Rogs and Local Civil Rule 33.3.**  The Parties agree that we are no longer at the "commencement" of discovery and Plaintiffs are not refusing to answer Google's Rogs on the basis of Local Civil Rule 33.3(a).  Google understands that Plaintiffs are objecting to Google's Rogs 1-5 pursuant to Local Civil Rule 33.3(b) and (c).

Google understands Plaintiffs' position is that Rogs 1, 2, 4, and 5 are not "a more practical method of obtaining the information sought than a request for production or a deposition." Local Civ. R. 33.3(b).

Specifically, Plaintiffs contend that Google can obtain the information sought in Rogs 1, 4, and 5 from copyright registrations, authorship agreements, "chain of title" documents, Plaintiffs' takedown notices to Google, and other unspecified documents. We further understand Plaintiffs' position to be that Local Civil Rule 33.3(b) not only allows Plaintiffs to refuse to respond based on their document productions, but also obviates the need to comply with Federal Rule of Civil Procedure 33(d) which would otherwise require Plaintiffs to specify the documents that answer the Rogs with sufficient detail to enable Google to identify them.

Google disagrees with Plaintiffs' position. When litigants object that information sought in an interrogatory that is otherwise compliant with Local Civil Rule 33.3(b) can be found in documents equally accessible to the propounding party, courts in this district still require compliance with Federal Rule of Civil Procedure 33(d). *See, e.g., In re Weatherford Intern. Securities Litigation*, 2013 WL 5788680 (S.D.N.Y. Oct. 28, 2013) (finding that an interrogatory asking defendant to identify dates and amounts of accounting entries and adjustments made by its tax accountant was compliant with LR 33.3, and requiring plaintiffs to respond to interrogatories "by identifying the responsive documents . . . 'in sufficient detail to enable [the plaintiffs] to locate and identify [the records] as readily as [could the defendants]'" when "the information requested can be found in documents equally accessible to the plaintiffs as to the defendants" and has "already been produced in the discovery process").

Google understands that Plaintiffs contend the information sought in Rog 2 is more appropriately sought through a deposition. As noted during the meet and confer (and below) Google is considering Plaintiffs' position.

Google also understands that Plaintiffs' position is that all or part of Rogs 1, 4, and 5 are contention Rogs covered by Local Civ. R. 33.3(c) such that Plaintiffs do not have to respond until closer to the end of discovery. Google disagrees. These Rogs seek "information of a similar nature" contemplated in Local Civil Rule 33.3(a) "because they seek the underlying description of documents" underlying Plaintiffs' claim of copyright ownership, infringement, and damages. *See Ohanian v. Apple,* 2022 WL 576314, at *2-3 (S.D.N.Y. Feb. 25, 2022). Nonetheless, as outlined below, Google is willing to consider Plaintiffs' identification of which portions of Rogs 1, 4, and 5 that Plaintiffs would be willing to provide a response to at a later point in the case as a contention rog.

Below is Google's understanding of Plaintiffs' position on each individual Rog and the items each party agreed to consider.

- **Rog 1.** Google understands that Plaintiffs view this Rog as either covered by copyright registrations, as a contention interrogatory, or too burdensome to provide. Google requests that Plaintiffs identify to which portions Plaintiffs would be willing to provide a response at a later point in the case as a contention rog. Additionally, Plaintiffs offered to consider whether they could provide a list of chain of title, Google appreciates Plaintiffs' consideration.

- **Rog 2.** Plaintiffs represented that there was no compromise to be reached on Rog 2 because they believe it is more appropriately asked in a deposition. Google agreed to consider Plaintiffs' position, but expressed concern about the scope of testimony and level of detail that would be available from Plaintiffs' Rule 30(b)(6) witnesses.

- **Rog 3.** Google understands that Plaintiffs are unwilling to respond to Rog 3, and thus the Parties are at an impasse on this Rog.

- **Rog 4.** Google understands that Plaintiffs will inquire to understand if Plaintiffs have information responsive to Google's request for information about every date on which Plaintiffs attempted to advertise the Asserted Work on Google but were not permitted to do so. Google further understands that Plaintiffs

view the remainder of this Rog as either covered by their DMCA notices or as a contention interrogatory.  Google requests that Plaintiffs identify to which portions Plaintiffs would be willing to provide a response at a later point in the case as a contention rog.

- **Rog 5.**  Google understands that Plaintiffs view this Rog as either covered by documents or as a contention interrogatory.  Google requests that Plaintiffs identify to which portions Plaintiffs would be willing to provide a response at a later point in the case as a contention rog.

In parallel to Plaintiffs identifying which portions of Rogs 1, 4, and 5 that Plaintiffs would be willing to provide a response to at a later point in the case as a contention rog, Google is reviewing these same Rogs in an effort to narrow the scope of information sought and identify a potential compromise.

**Plaintiffs' PFI Redactions.**  Google explained that Plaintiffs have heavily redacted author agreements to remove not just the royalty amount but also surrounding information (e.g., about license rights, author's copies, advances and grants, foreign sales, art permission expenses, revisions, and supplementary provisions and other information).  Google requested Plaintiffs remove these redactions.  Plaintiffs asked Google to again explain its position on the relevance of this information.

Google is entitled to this information to test Plaintiffs' assertions, including that Google's actions allegedly "limit the authors' of the works and the Publishers' ability to continue to invest in their publications and the creation of new works that benefit education as a whole" (Dkt. 38 ¶ 84) and have "transformative effect on the market for all textbooks." (Dkt. 38 ¶ 92).  The information Plaintiffs redacted is relevant to test the veracity of those allegations, and also goes to the market value and demand for the work, which is relevant to assessing the impact of the alleged infringement.  This information is also relevant to Google's analysis of authorship and ownership as royalty information can help establish the legitimacy of the transfer and the scope of rights assigned.  And Google is entitled to discovery about whether entities other than the listed authors are receiving royalties.

Google understands Plaintiffs' position to be that Judge Rochon's Individual Rules that permit parties to make certain redactions to public filings, including "information requiring caution" (i.e., "personal identifying number, medical records [], employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government"), also applies to Plaintiffs' productions. *See* Individual Rules of Practice in Civil Cases for the Honorable Jennifer L. Rochon, §4(B).  Google disagrees.  We reiterate our position that Judge Rochon's Individual Rules permit redactions to public filings only, and that Plaintiffs' redactions in the documents produced to Google subject to the protective order are improper.  As discussed, Google is considering its position as to whether Google will agree that this information will be redacted by the Parties as PFI in the event these documents are to be filed publicly.

Regards,

Laura

**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

**From:** Michele Murphy <michele@oandzlaw.com>
**Sent:** Monday, March 31, 2025 4:06 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Uriel Lee <ULee@oandzlaw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay

Area) <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** Re: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Hi Laura. We will discuss these issues with you on Thursday. We note that we do not agree with Google's statement that limited redactions to 4 documents produced over Plaintiffs' objections for purposes of attempting to resolve a discovery dispute means that Plaintiffs have proposed this "approach" for document production in this case generally and that it is now somehow appropriate for Google to "redact irrelevant, highly-sensitive business information from its productions." This is not what Plaintiffs proposed, and we do not agree with this "approach." If there is any information that Google redacted from its recent production on this basis, please promptly un-redact and reproduce it. Thanks, Michele


Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com  |  www.oandzlaw.com



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.


**From:** "Laura.Bladow@lw.com" <Laura.Bladow@lw.com>
**Date:** Friday, March 28, 2025 at 5:49 PM
**To:** Uriel Lee <ULee@oandzlaw.com>, "Sy.Damle@lw.com" <Sy.Damle@lw.com>, "Brent.Murphy@lw.com" <Brent.Murphy@lw.com>, "Sara.Sampoli@lw.com" <Sara.Sampoli@lw.com>, "Sarah.Tomkowiak@lw.com" <Sarah.Tomkowiak@lw.com>, "Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Joe.Wetzel@lw.com" <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** RE: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Hi Uriel,

To start, we would like to discuss the following items from **Plaintiffs' General Objections**:

- **General Objection No. 3:**  Google would like to understand the bases of this objection.  Is it your position that: (1) we are at the "commencement of discovery" and thus Google is restricted to propounding interrogatories seeking the type of information included in Rule 33.3(a); (2) RFPs and/or depositions are the more practical method of obtaining the information Google seeks (Rule 33.3(b)); (3) the Interrogatories sought are contention interrogatories and should be served "at the conclusion of other discovery" (Rule 33.3(c)); or something else?

- **General Objection No. 6 and No. 17**: Google would like to understand whether Plaintiffs are withholding any information based on any prohibition on disclosure by contract, agreement, order, statute, rule, regulation, or law or based on the attorney-client privilege, the attorney work product doctrine, the joint defense/prosecution or common interest privilege, or any other applicable privilege or immunity.

- **General Objection No. 13:** Google would like to understand the Plaintiffs' objection to the lack of specific time periods and discuss any confusion Plaintiffs may have about the applicable time period for these requests.

- **General Objection No. 16:** Google would like to understand if Plaintiffs are refusing to provide information at this point in discovery regarding the works in suit based on Plaintiffs' plan to amend the works in suit.

- **General Objection No. 18**: Google would like to understand whether Plaintiffs are withholding any information based on Plaintiffs' position that the Interrogatories "seek confidential or highly confidential information, such as confidential, proprietary, or sensitive information pertaining to Plaintiff's businesses, commercial, financial, or competitive interests, or personal or private information regarding individuals."

We would like to discuss Plaintiffs' objections and lack of any substantive response to **Interrogatories 1 through 5**, including, but not limited to whether Plaintiffs are invoking Federal Rule of Civil Procedure 33(d)(1) in response to any of these Interrogatories, whether it Plaintiffs are taking the position that they will not need to prove each element of their claims (e.g., ownership and infringement) for each Asserted Work at trial, and whether there is a compromise to be reached or whether Plaintiffs plan to stand on their objections.

Additionally, we would like to discuss **Plaintiffs' redactions**.  Google is disappointed that Plaintiffs did not discuss their plans to redact "Non-Responsive Competitive Information" ahead of applying those redactions to no fewer than four documents discussing the market for textbooks 6-9 years ago.  *See, e.g.*, PL0000484890; PL0000484894; PL0000484899; PL0000484915.  However, after the fact, you have represented that the information Plaintiffs redacted consists of competitive market analyses are unrelated to the claims or defenses in this case.  Google is amenable to Plaintiffs' approach and will redact irrelevant, highly-sensitive business information from its productions.

With respect to redactions, Google would like to focus the meet and confer on Plaintiffs' liberal application of PII and PFI redactions to various author agreements.  Plaintiffs' PFI redactions shield revenue and author royalty information that is not only responsive to Google's RFPs (and Interrogatory No. 5) but that also is highly relevant to the claims and defenses in this case.  Plaintiffs have put at issue the impact of piracy on its authors, and accordingly, the revenue that its authors make from each sold copy of the works.  To the extent that PII redactions have been improperly applied to shield PFI,  *see, e.g.*, PL00000497069 (redacting information regarding the royalty division as PII), Google's position is that those redactions are likewise improper.

We would also like to discuss and understand potential gaps in **Plaintiffs' production metadata**.  We will follow up early next week with more details on the specific gaps we would like to discuss.

Best,

Laura


**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304

D: +1.202.637.2367

---

**From:** Uriel Lee <ULee@oandzlaw.com>
**Sent:** Friday, March 28, 2025 10:00 AM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** Re: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Hi Laura,

In preparation of our upcoming meet and confer on April 3rd regarding Plaintiffs' Responses and Objections to Defendant's First Interrogatories, we can prepare more productive responses if you could provide beforehand a list of topics and issues you'd like to discuss.

Thank you,
Uriel

Uriel Lee  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.480.2999
ULee@oandzlaw.com | www.oandzlaw.com
Connect with us on LinkedIn



---

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

**From:** Laura.Bladow@lw.com <Laura.Bladow@lw.com>
**Date:** Thursday, March 20, 2025 at 2:42 PM
**To:** Jeff Kane <JKane@oandzlaw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Brent.Murphy@lw.com <Brent.Murphy@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** RE: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Jeff,

As to Plaintiffs' correspondence regarding Google's DMCA policy, we expect to have a response to you this week.  As to Plaintiffs' correspondence regarding purported missing merchants, Google sent a response on March 14, 2025 at 5:51 pm.  We disagree that Plaintiffs' correspondence on either subject impacts Google's March 31 production.  If Plaintiffs would like to meet and confer on these issues, Google is available to do so next week, though we might not have more information than our written correspondence on these topics.

As to Plaintiffs' correspondence regarding Google's custodians and search terms, Google has complied with the schedule the parties agreed to on search terms and custodians.  The Parties exchanged "final planned search terms and custodians" on March 7.  The Parties didn't agree to any additional exchanges, and (as acknowledged in Plaintiffs' March 14 email), Google is moving forward with the collection, search, and review outlined in its March 7 email.  Nevertheless, Google is amenable to meeting and conferring next week to discuss both sides' outstanding disputes on search terms and custodians.

Google is available to meet and confer on Plaintiffs' assorted correspondence (including all outstanding disputes on search terms and custodians) on: Tuesday, March 25 at 4:00 ET; Thursday, March 27 at 10:00, 11:00 or 5:00 ET; or Friday, March 28 at 2:30, or 4:30 ET.

Google is available to meet and confer on Plaintiffs' responses and objections to Google's First Interrogatories on: Tuesday, March 25 at 10:00, 12:00, 1:00, or 4:00 ET; Thursday, March 27 at 5:00 ET; or Friday, March 28 at 11:00 or 2:30 ET.  Please note that Google would also like to discuss the basis for Plaintiffs' redactions on PL0000484763 as well as "PII" and "PFI" redactions to produced copies of author agreements during this meet and confer.

Google is amenable to meeting and conferring with Plaintiffs one week after Google serves its interrogatory responses, just as Google as requested of Plaintiffs.

We look forward to receiving Plaintiffs' availability to schedule these meet and confers.


Regards,


Laura


**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

---

**From:** Jeff Kane <JKane@oandzlaw.com>
**Sent:** Wednesday, March 19, 2025 6:06 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** Re: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Counsel,

As you know, a number of important and time-sensitive issues regarding Plaintiffs' RFP to Defendant remain unresolved or unacknowledged, including:

- The documents to which Defendant's DMCA policy links, and other issues concerning the DMCA policy, as described in O+Z's emails from February 13 and March 10. On March 10, Plaintiffs requested a meet-and-confer on these issues; Defendant did not respond.

- The merchant accounts missing from Defendant's list of domain-identified merchant accounts, GOOG-CENG-00000703. O+Z 25.02.18, 25.03.03, and 25.03.10 Emails.

- Plaintiffs' response to Defendant's custodians and search terms. O+Z 25.03.07 and 25.03.14 Emails. Defendant has not responded to either of Plaintiffs' emails.

The first two of these issues are particularly time-sensitive, as they impact Defendant's upcoming March 31 production, and all three have been outstanding for some time. Accordingly, we would like to discuss these three issues during a meet and confer before turning to Plaintiffs' interrogatory responses., and we can make ourselves available on Tuesday, March 25 to discuss both matters, unless you are available before then. Additionally, given your expectation of a prompt meet and confer after receiving Plaintiffs' interrogatory responses, we expect you will agree to schedule a meet and confer promptly after Plaintiffs receive Defendant's responses to their first interrogatories, if necessary.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com

---

**From:** Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>
**Date:** Tuesday, March 18, 2025 at 18:35
**To:** Uriel Lee <ULee@oandzlaw.com>, Laura.Bladow@lw.com <Laura.Bladow@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Brent.Murphy@lw.com <Brent.Murphy@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** RE: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Counsel,

We are in receipt of Plaintiffs Cengage Learning's, Macmillan Learning's, and McGraw Hill's R&Os to Google's First Interrogatories.  Please let us know your availability to meet and confer next Tuesday, March 25, after which we will be in receipt of Elsevier's R&Os as well.  We are available at: 10:00, 12:00, 1:00, or 4:00 ET.

Best,

**Sarah A. Tomkowiak**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2335 | M: +1.217.417.3312

---

**From:** Uriel Lee <ULee@oandzlaw.com>
**Sent:** Monday, March 17, 2025 5:37 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Counsel,

Please see the attached for Plaintiff's Responses and Objections to Defendant Google's First Interrogatories for Plaintiffs Cengage Learning, Macmillan Learning, and McGraw Hill. As discussed, Elsevier will respond to Google's Interrogatories by its one-week extension.

Thank you,
Uriel

Uriel Lee  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.480.2999
ULee@oandzlaw.com | www.oandzlaw.com
Connect with us on LinkedIn



---

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.