# EXHIBIT 29

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>                Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br><br>                Defendant. | Case No. 24-cv-04274-JLR-BCM |

**PLAINTIFFS' RULE 26(a)(1) DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs Cengage Learning, Inc. ("Cengage"), Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning ("Macmillan Learning") and Macmillan Holdings, LLC ("Macmillan Holdings") (collectively, with Macmillan Learning, "Macmillan"), Elsevier Inc. and Elsevier B.V. (collectively, with Elsevier Inc., "Elsevier"), and McGraw Hill LLC ("McGraw Hill") (collectively, with Cengage, Macmillan, and Elsevier, "Plaintiffs") make the following disclosures to Defendant Google LLC ("Google" or "Defendant").

**INTRODUCTION**

1.      These disclosures are made upon information presently known by Plaintiffs and without prejudice to Plaintiffs' right to produce during discovery or trial, or right to use before or during trial, additional information or documents that are (i) subsequently discovered; (ii) subsequently determined to be relevant to the parties' claims or defenses; or (iii) subsequently

1

determined to have been omitted from this or any supplemental or amended disclosure statement.

2.  Plaintiffs also expressly reserve all objections to the use of these disclosures or any of the information or documents found or referenced herein for any purpose in this case or any other proceeding. By referring to individuals and documents in the initial disclosure process, Plaintiffs make no representations regarding the relevance of any particular information they may possess. In addition, by identifying individuals and documents as part of the initial disclosure process, Plaintiffs do not waive their right to object to any future discovery requests in this case on any basis.

3.  Plaintiffs reserve the right to supplement or amend these disclosures at any time pursuant to Federal Rule of Civil Procedure 26, the Local Rules of this Court, and any applicable standing orders or practices.

4.  Unless otherwise stated, capitalized terms used herein have the same meaning as the definitions for those terms set forth in the Complaint (Dkt. No. 1).

## DISCLOSURES

(A) **The name and, if known, the address for each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

| NAME | ADDRESS | SUBJECTS |
|---|---|---|
| Jessica Stitt, Cengage, Senior Anti-Piracy and Trademark Manager | May be contacted through Plaintiffs' counsel | Ownership and registration of Cengage's copyrighted works and trademarks; notices provided to Defendant concerning Shopping Ads advertising Infringing Works ("Infringement Notices") by or on behalf of Cengage; Pirate Sellers'/Pirate Sites' ("Pirate Sellers') direct infringements complained of in the Complaint (Dkt. No. 1) or any forthcoming |

| | | |
|---|---|---|
| | | amended complaint ("Complaint"); harm suffered by Cengage due to Defendant's actions complained of in the Complaint and the need to deter such actions; the impact piracy has on Cengage's business; Cengage's communications with Google about Infringing Shopping Ads, advertisements for its legitimate works, and/or Defendant's practices concerning advertisements for digital books |
| Charles Linsmeier, Macmillan Learning Executive Vice President & General Manager | May be contacted through Plaintiffs' counsel | Ownership and registration of Macmillan Learning's copyrighted works and Macmillan Holdings' trademarks; Infringement Notices to Defendant by or on behalf of Macmillan; Pirate Sellers' direct infringements complained of in the Complaint; harm suffered by Macmillan due to Defendant's actions complained of in the Complaint and the need to deter such actions; the impact piracy has on Macmillan's business |
| Jennifer Bilello, Macmillan Learning Associate Director – Programs, Strategy, and Operations | May be contacted through Plaintiffs' counsel | Shopping Ads advertising Macmillan Learning's legitimate works; Macmillan Learning's communications with Google about Infringing Shopping Ads, advertisements for its legitimate works, and/or Defendant's practices concerning advertisements for digital books |
| Kelly McCann, Elsevier, Inc./Elsevier, B.V., Senior Commercial Director at Elsevier Clinical Solutions | May be contacted through Plaintiffs' counsel | Ownership and registration of Elsevier Inc.'s copyrighted works and Elsevier Inc.'s/Elsevier B.V.'s trademarks; Infringement Notices to Defendant by or on behalf of Elsevier; Pirate |

| | | |
|---|---|---|
| | | Sellers' direct infringements complained of in the Complaint; harm suffered by Elsevier due to Defendant's actions complained of in the Complaint and the need to deter such actions; the impact piracy has on Elsevier's business; Elsevier's communications with Google about Infringing Shopping Ads, advertisements for its legitimate works, and/or Defendant's practices concerning advertisements for digital books |
| Rebecca Miller, Elsevier, Vice President, Marketing Excellence | May be contacted through Plaintiffs' counsel | Shopping Ads advertising Elsevier Inc.'s legitimate works |
| Steven Rosenthal, McGraw Hill, Senior Director, Anti-Piracy and Web Security | May be contacted through Plaintiffs' counsel | Ownership and registration of McGraw Hill's copyrighted works and trademarks; Infringement Notices to Defendant by or on behalf of McGraw Hill; Pirate Sellers' direct infringements complained of in the Complaint; harm suffered by McGraw Hill due to Defendant's actions complained of in the Complaint and the need to deter such actions; the impact piracy has on McGraw Hill's business; McGraw Hill's communications with Google about Infringing Shopping Ads, advertisements for its legitimate works, and/or Defendant's practices concerning advertisements for digital books |
| Nick McFadden, McGraw Hill, Senior Director, Growth Marketing | May be contacted through Plaintiffs' counsel | Shopping Ads advertising McGraw Hill's legitimate works |
| Representative of BCGuardian LLP (individual to be determined) | May be contacted through Plaintiffs' counsel | Infringement Notices to Defendant on behalf of Plaintiffs; communications with |

| | | |
|---|---|---|
| | | Defendant concerning such Infringement Notices and/or Defendant's response to such Infringement Notices; evidence concerning Pirate Sellers/Pirate Sites |
| Representative of Corsearch Inc. (individual to be determined) | May be contacted through Plaintiffs' counsel | Infringement Notices to Defendant on behalf of McGraw Hill; communications with Defendant concerning such Infringement Notices and/or Defendant's response to such Infringement Notices |
| VitalSource Technologies LLC (individual to be later identified) | May be contacted through Mark Bledsoe, General Counsel, mark.bledsoe@vitalsource.com, (615) 848-8873 | Shopping Ads advertising certain Publishers' legitimate works and related communications with Defendant |
| Representatives of Defendant (individuals to be determined) | | Defendant's receipt, response to, and communications regarding Infringement Notices sent by or on behalf of Plaintiffs; Shopping Ads for products sold by Pirate Sellers; Pirate Sellers' Merchant Center information; Google user's interaction with Infringing Shopping Ads and Shopping Ads for Plaintiffs' legitimate works; Defendant's communications with Plaintiffs and others regarding Infringing Shopping Ads and its practices concerning advertisements for digital books; Defendant's policies and practices related to matters referenced in the Complaint; Defendant's knowledge concerning Pirate Sellers; any action taken by Defendant against Pirate Sellers or their Merchant Center accounts; Defendant's revenues and profits for damage purposes, including deterrence |

Plaintiffs reserve the right to rely on any persons or entities identified in Defendant's Rule 26(a)(1) Disclosures (and any supplements or amendments thereto); any persons or entities identified in any party's discovery responses; and any person or entity deposed in this action. Plaintiffs' investigation is ongoing, and, as such, there may be other individuals who have information relevant to Plaintiffs' claims, but whom Plaintiffs have not specifically identified at this time; Plaintiffs reserve the right to supplement or amend this identification of persons or entities based on information obtained during discovery and/or through its ongoing investigation into the matters relevant to this action.

**(B) A copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

1. Copyright registrations for Plaintiffs' Authentic Works and/or additional documents showing Plaintiffs' ownership and control of those works—respective Plaintiffs and/or Plaintiffs' counsel.
2. Trademark registrations for Plaintiffs' Marks and/or other documents showing Plaintiffs' ownership and control of the Marks—respective Plaintiffs and/or Plaintiffs' counsel.
3. Plaintiffs' Infringement Notices and related evidence—respective Plaintiffs and/or Plaintiffs' counsel.
4. Evidence regarding Infringing Shopping Ads, including such advertisements displaying Plaintiffs' trademarks—respective Plaintiffs and/or Plaintiffs' counsel.
5. Evidence regarding Pirate Sellers/Pirate Sites—respective Plaintiffs and/or Plaintiffs' counsel.
6. Plaintiffs' correspondence with Defendant regarding the matters referenced in the Complaint, including pirate websites advertising on Google Shopping, Infringing Shopping Ads, Pirate Sellers, the advertisement of digital books on Google Shopping, and/or the advertisement of Plaintiffs' legitimate works on Google Shopping—respective Plaintiffs and/or Plaintiffs' counsel.
7. Evidence of Plaintiffs' and/or their authorized distributors' use of Shopping Ads—respective Plaintiffs and/or Plaintiffs' counsel.

Plaintiffs reserve the right to supplement this list of categories of documents based on information obtained during discovery and/or through their ongoing investigation into the matters relevant to this action.

**(C) A computation of each category of damages claimed by the disclosing party.**

Plaintiffs are entitled to obtain damages to the fullest extent of the law applicable to Defendant's violation of their rights. Plaintiffs are not in a position at this time to provide a precise computation of damages because information bearing on the subject of damages—specifically including, but not limited to, the extent of Defendant's infringement, the willfulness of Defendant's infringement, and the financial benefits received in connection therewith, including Defendant's financial documents—is in Defendant's possession, custody, or control or will otherwise be developed during the discovery process. The Advisory Committee that drafted the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(C) acknowledged that initial disclosures regarding damages may not be feasible in certain cases such as this. *See* Fed. R. Civ. P. 26 Advisory Committee's Notes, 1993 Amendments ("Likewise, a party would not be expected to provide a calculation of damages which . . . depends on information in the possession of another party or person."). Plaintiffs reserve the right to supplement these damages disclosures based on information obtained during discovery and/or through their ongoing investigation into the matters relevant to this action.

**(D) Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiffs are unaware of such agreement.

Dated: August 27, 2024          Respectfully submitted,

         /s/ Matthew J. Oppenheim
Matthew J. Oppenheim
Michele H. Murphy
Jeff Kane
Kevin P. Lindsey

OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202-480-2999 telephone
866-766-1678 fax
matt@oandzlaw.com
michele@oandzlaw.com
jkane@oandzlaw.com
klindsey@oandzlaw.com
ulee@oandzlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via Electronic Mail on the 27th day of August, 2024, upon counsel of record.

Dated: August 27, 2024

/s/ Matthew J. Oppenheim