# EXHIBIT 34

| | |
|---|---|
| **From:** | Michele Murphy <michele@oandzlaw.com> |
| **Sent:** | Monday, April 14, 2025 10:27 PM |
| **To:** | Bladow, Laura (DC); Uriel Lee; Damle, Sy (DC-NY); Murphy, Brent (DC); Sampoli, Sara (DC); Tomkowiak, Sarah (DC); Victorson, Holly (DC); Wetzel, Joe (Bay Area) |
| **Cc:** | Jeff Kane; Kevin Lindsey; Clarke, Caroline (NY); Jung, Rose-Marie (NY) |
| **Subject:** | Re: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274) |

Counsel,

Without waiving any of Plaintiffs' objections to Google's First Set of Interrogatories, Plaintiffs respond as follows to your email dated April 4, 2025.

**Interrogatories – Overall Issues**

1.  While Plaintiffs agree that we are no longer at the "commencement of discovery," and that Plaintiffs did not answer interrogatories 1-5 because those interrogatories did not meet the requirements of LR 33.3(b) and (c), we note that (b) incorporates (a). Thus, "during discovery," a party can only ask an interrogatory that exceeds the scope of (a) if it meets the criteria in (b).

2.  You indicated that "Google understands Plaintiffs' position is that ROGs 1, 2, 4, and 5 are not 'a more practical method of obtaining the information sought than a request for production or a deposition.'" (We think you meant 3, not 2). That statement does not take into account that the relevant interrogatories are also improper under LR 33.3(c), as noted below.

3.  We did not contend that LR 33.3 "obviates the need to comply with Federal Rule of Civil Procedure 33(d)." Rather, if applicable, Fed. R. Civ. P. 33(d) would come into play if the interrogatory is otherwise proper, i.e., compliant with LR 33.3. In the *In re Weatherford Int'l Securities Litigation* case you cite, the court found that an interrogatory seeking the names of witnesses and limited information regarding a "discrete set of transactions" was permissible. 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013). It was only in that context (and where the plaintiffs said they had reviewed the defendant's documents and could not find the information) that the court gave the defendant the opportunity to identify the responsive documents instead of answering the interrogatory. *Id.*

4.  On their face, it is clear that Google's interrogatories 1, 4, and 5 do not simply seek an "underlying description of documents," as in the case you cite, *Ohanian v. Apple*, 2022 WL 576314, at *3 (S.D.N.Y. Feb. 25, 2022) (where it was also weeks before the end of fact discovery and the plaintiff had produced no documents). If you would like to revise these interrogatories to comply with LR 33.3(a), Plaintiffs will of course consider them.

5.  Notwithstanding the above, and to avoid wasting the Court's resources, Plaintiffs propose some compromises below. While Plaintiffs took care to ensure their First Set of Interrogatories to Google complied with LR 33.3, Plaintiffs expect that Google will be amenable to a similar approach as to interrogatories Plaintiffs might serve upon Google going forward.

**Specific Interrogatories**

1. **ROG 1**: Without waiving Plaintiffs' objections, as a proposed compromise, Plaintiffs will respond as described below. As part of this agreement, Google will agree that this constitutes two interrogatories. At a minimum, the request as to copyright registrations and the request as to chain-of title documents are separate.

   - This interrogatory falls squarely under LR 33(c). Therefore, Plaintiffs will respond to it at the appropriate time, subject to and in accordance with their objections. At that time, Plaintiffs may also invoke Fed. R. Civ. P. 33(d).

   - While not required to do so before responding as set forth above:

     o Plaintiffs will provide a list of the beginning Bates numbers on the copyright registrations for the corresponding titles on Exhibit A to the Amended Complaint ("Exhibit A") when they believe their production of these documents is complete or near complete. We expect to be able to provide an update on this by May 5, 2025.

     o Plaintiffs will provide a list of the beginning Bates numbers on the chain of title documents for the corresponding titles on Exhibit A when they believe their production of these documents is complete or near complete. We expect to be able to provide an update on this by May 23, 2025.

   - No foreign works exempt from the Copyright Act's registration requirements are included in Exhibit A. Therefore, this part of the interrogatory is a non-issue.

2. **ROG 2**: Following the discussion during our meet and confer, Plaintiffs are considering answering this interrogatory, subject to and in accordance with their objections. We understand Google is also evaluating this information as a deposition topic. We expect to have an update on our end later this week.

3. **ROG 3**: Without waiving Plaintiffs' objections, as a proposed compromise, Plaintiffs will respond as described below.
   - This interrogatory calls for the type of information that is contemplated by LR 33(c) and is outside the scope of LR 33(a).
   - In addition, asking Plaintiffs to state "all facts related to the circumstances of the Asserted Work's creation by each Author," on its face, is too broad, unduly burdensome, and not proportional. The specific information sought is also not relevant and searching for and producing it, if it exists, would be unduly burdensome and not proportional.
   - Other than dates provided on the copyright registrations and payments provided to the authors, Plaintiffs do not maintain the information as requested in the ordinary course of business. For example, as we have explained, Plaintiffs do not maintain a list of the authors' employers at the time they created the works, the date they first communicated with the author, or information regarding where these professionals are located when they do their writing or the specific equipment they use.
   - Google's request for the amounts paid to each author (initially or in royalties) embedded in this interrogatory is a completely separate topic. In addition, Google's request for this massive amount of data based a background sentence in the Amended Complaint (which stands for the unremarkable proposition that if Plaintiffs lose money to pirate sales, it follows that authors who receive royalties from legitimate sales also lose money) is unfounded. As we have explained, the authors are not parties to this case, Plaintiffs make no damages claim related lost royalties, and the *amounts* paid to the authors have no bearing on Plaintiffs' ownership of the works.
   - Notwithstanding the above, while not required to do so, Plaintiffs will provide a list of the authors on the copyright registrations for the Asserted Works on Exhibit A. We expect to be able to provide an update on this by May 12, 2025.

4. **ROG 4**: Without waiving Plaintiffs' objections, Plaintiffs will respond as described below.

   - This interrogatory falls squarely under LR 33(c). Therefore, Plaintiffs will respond to it at the appropriate time, subject to and in accordance with their objections. At that time, Plaintiffs may also invoke Fed. R. Civ. P. 33(d).

- Concerning Google's request for each "unauthorized Seller that You allege engaged in direct acts of infringement for which Plaintiffs contend Google is liable" and "the domain of every Unauthorized Seller that You allege advertised an Asserted Work on Google's platform," Plaintiffs note that they have already provided this information in two ways. First, the information is contained in the notices that Plaintiffs have been sending to Google. Second, Plaintiffs provided Google with the domain-identified merchant spreadsheet on December 24, 2024, which includes these domains through September 16, 2024.

5. **ROG 5**: Without waiving Plaintiffs' objections, Plaintiffs will respond as described below.

- This interrogatory falls squarely under LR 33(c). Therefore, Plaintiffs will respond to it at the appropriate time, subject to and in accordance with their objections. At that time, Plaintiffs may also invoke Fed. R. Civ. P. 33(d).

- However, Plaintiffs make note that even by that response time, they will not be required to make a statutory damages. Pursuant to 17 U.S.C. § 504(c)(1), Plaintiffs may do so "at any time before final judgment is rendered."

**Plaintiffs' Redactions**

**Author Agreements/Personal Financial Information ("PFI")**: Plaintiffs disagree that Judge Rochon's Individual Rule 4(B) has no bearing on the author agreement issue. The information regarding the amount of royalties paid to authors is not relevant to the case and further represents PFI that can be redacted in a filing without the need to file a motion. Plaintiffs are awaiting your response as to whether Google will agree that if it files an author agreement, it will not seek to file less-redacted versions than those produced by Plaintiffs to date (unless specific circumstances require the Court to know the redacted information, which we can't imagine would occur). The filing of these documents is also governed by the Protective Order.

**Sample "Work Plan" Documents**: In the interest of compromise, and to avoid any suggestion by Google that it will improperly broadly redact its productions (*see* 2025.04.04 Latham email), Plaintiffs will re-produce the AEO documents PL0000484890, PL0000484894, PL0000484899, PL0000484915, and PL0000484763 without redactions.

Best, Michele

Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com  |  www.oandzlaw.com



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** "Laura.Bladow@lw.com" <Laura.Bladow@lw.com>
**Date:** Friday, April 4, 2025 at 3:23 PM
**To:** Michele Murphy <michele@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, "Sy.Damle@lw.com" <Sy.Damle@lw.com>, "Brent.Murphy@lw.com" <Brent.Murphy@lw.com>, "Sara.Sampoli@lw.com"

<Sara.Sampoli@lw.com>, "Sarah.Tomkowiak@lw.com" <Sarah.Tomkowiak@lw.com>,
"Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Joe.Wetzel@lw.com" <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>, "Caroline.Clarke@lw.com"
<Caroline.Clarke@lw.com>, "Rose-Marie.Jung@lw.com" <Rose-Marie.Jung@lw.com>
**Subject:** RE: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc.
et al. v. Google LLC (Case No. 24-cv-04274)

Michele,

We write to memorialize the Parties' April 3, 2025 meet and confer regarding Plaintiffs' responses and objections
to Google's First Set of Interrogatories ("Google's Rogs") and Plaintiffs' application of "PFI" redactions to
produced copies of authorship agreements.

**Google's Rogs and Local Civil Rule 33.3.** The Parties agree that we are no longer at the "commencement" of
discovery and Plaintiffs are not refusing to answer Google's Rogs on the basis of Local Civil Rule 33.3(a). Google
understands that Plaintiffs are objecting to Google's Rogs 1-5 pursuant to Local Civil Rule 33.3(b) and (c).

Google understands Plaintiffs' position is that Rogs 1, 2, 4, and 5 are not "a more practical method of obtaining the
information sought than a request for production or a deposition." Local Civ. R. 33.3(b).

Specifically, Plaintiffs contend that Google can obtain the information sought in Rogs 1, 4, and 5 from copyright
registrations, authorship agreements, "chain of title" documents, Plaintiffs' takedown notices to Google, and
other unspecified documents. We further understand Plaintiffs' position to be that Local Civil Rule 33.3(b) not
only allows Plaintiffs to refuse to respond based on their document productions, but also obviates the need to
comply with Federal Rule of Civil Procedure 33(d) which would otherwise require Plaintiffs to specify the
documents that answer the Rogs with sufficient detail to enable Google to identify them.

Google disagrees with Plaintiffs' position. When litigants object that information sought in an interrogatory that is
otherwise compliant with Local Civil Rule 33.3(b) can be found in documents equally accessible to the
propounding party, courts in this district still require compliance with Federal Rule of Civil Procedure 33(d). *See,
e.g., In re Weatherford Intern. Securities Litigation*, 2013 WL 5788680 (S.D.N.Y. Oct. 28, 2013) (finding that an
interrogatory asking defendant to identify dates and amounts of accounting entries and adjustments made by its
tax accountant was compliant with LR 33.3, and requiring plaintiffs to respond to interrogatories "by identifying the
responsive documents . . . 'in sufficient detail to enable [the plaintiffs] to locate and identify [the records] as
readily as [could the defendants]'" when "the information requested can be found in documents equally
accessible to the plaintiffs as to the defendants" and has "already been produced in the discovery process").

Google understands that Plaintiffs contend the information sought in Rog 2 is more appropriately sought through a
deposition. As noted during the meet and confer (and below) Google is considering Plaintiffs' position.

Google also understands that Plaintiffs' position is that all or part of Rogs 1, 4, and 5 are contention Rogs covered
by Local Civ. R. 33.3(c) such that Plaintiffs do not have to respond until closer to the end of discovery. Google
disagrees. These Rogs seek "information of a similar nature" contemplated in Local Civil R. 33.3(a) "because they
seek the underlying description of documents" underlying Plaintiffs' claim of copyright ownership, infringement,
and damages. *See Ohanian v. Apple,* 2022 WL 576314, at *2-3 (S.D.N.Y. Feb. 25, 2022). Nonetheless, as outlined
below, Google is willing to consider Plaintiffs' identification of which portions of Rogs 1, 4, and 5 that Plaintiffs
would be willing to provide a response to at a later point in the case as a contention rog.

Below is Google's understanding of Plaintiffs' position on each individual Rog and the items each party agreed to
consider.

- **Rog 1.**  Google understands that Plaintiffs view this Rog as either covered by copyright registrations, as a contention interrogatory, or too burdensome to provide.  Google requests that Plaintiffs identify to which portions Plaintiffs would be willing to provide a response at a later point in the case as a contention rog.  Additionally, Plaintiffs offered to consider whether they could provide a list of chain of title, Google appreciates Plaintiffs' consideration.

- **Rog 2.**  Plaintiffs represented that there was no compromise to be reached on Rog 2 because they believe it is more appropriately asked in a deposition.  Google agreed to consider Plaintiffs' position, but expressed concern about the scope of testimony and level of detail that would be available from Plaintiffs' Rule 30(b)(6) witnesses.

- **Rog 3.**  Google understands that Plaintiffs are unwilling to respond to Rog 3, and thus the Parties are at an impasse on this Rog.

- **Rog 4.**  Google understands that Plaintiffs will inquire to understand if Plaintiffs have information responsive to Google's request for information about every date on which Plaintiffs attempted to advertise the Asserted Work on Google but were not permitted to do so.  Google further understands that Plaintiffs view the remainder of this Rog as either covered by their DMCA notices or as a contention interrogatory.  Google requests that Plaintiffs identify to which portions Plaintiffs would be willing to provide a response at a later point in the case as a contention rog.

- **Rog 5.**  Google understands that Plaintiffs view this Rog as either covered by documents or as a contention interrogatory.  Google requests that Plaintiffs identify to which portions Plaintiffs would be willing to provide a response at a later point in the case as a contention rog.

In parallel to Plaintiffs identifying which portions of Rogs 1, 4, and 5 that Plaintiffs would be willing to provide a response to at a later point in the case as a contention rog, Google is reviewing these same Rogs in an effort to narrow the scope of information sought and identify a potential compromise.

**Plaintiffs' PFI Redactions.**  Google explained that Plaintiffs have heavily redacted author agreements to remove not just the royalty amount but also surrounding information (e.g., about license rights, author's copies, advances and grants, foreign sales, art permission expenses, revisions, and supplementary provisions and other information).  Google requested Plaintiffs remove these redactions.  Plaintiffs asked Google to again explain its position on the relevance of this information.

Google is entitled to this information to test Plaintiffs' assertions, including that Google's actions allegedly "limit the authors' of the works and the Publishers' ability to continue to invest in their publications and the creation of new works that benefit education as a whole" (Dkt. 38 ¶ 84) and have "transformative effect on the market for all textbooks." (Dkt. 38 ¶ 92).  The information Plaintiffs redacted is relevant to test the veracity of those allegations, and also goes to the market value and demand for the work, which is relevant to assessing the impact of the alleged infringement.  This information is also relevant to Google's analysis of authorship and ownership as royalty information can help establish the legitimacy of the transfer and the scope of rights assigned.  And Google is entitled to discovery about whether entities other than the listed authors are receiving royalties.

Google understands Plaintiffs' position to be that Judge Rochon's Individual Rules that permit parties to make certain redactions to public filings, including "information requiring caution" (i.e., "personal identifying number, medical records [], employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government"), also applies to Plaintiffs' productions. *See* Individual Rules of Practice in Civil Cases for the Honorable Jennifer L. Rochon, §4(B).  Google disagrees.  We reiterate our position that Judge Rochon's Individual Rules permit redactions to public filings only, and that Plaintiffs' redactions in the documents produced to Google subject to the protective order are

improper. As discussed, Google is considering its position as to whether Google will agree that this information will be redacted by the Parties as PFI in the event these documents are to be filed publicly.

Regards,

Laura

**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

---

**From:** Michele Murphy <michele@oandzlaw.com>
**Sent:** Monday, March 31, 2025 4:06 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Uriel Lee <ULee@oandzlaw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** Re: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Hi Laura. We will discuss these issues with you on Thursday. We note that we do not agree with Google's statement that limited redactions to 4 documents produced over Plaintiffs' objections for purposes of attempting to resolve a discovery dispute means that Plaintiffs have proposed this "approach" for document production in this case generally and that it is now somehow appropriate for Google to "redact irrelevant, highly-sensitive business information from its productions." This is not what Plaintiffs proposed, and we do not agree with this "approach." If there is any information that Google redacted from its recent production on this basis, please promptly un-redact and reproduce it. Thanks, Michele

Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com  |  www.oandzlaw.com



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

**From:** "Laura.Bladow@lw.com" <Laura.Bladow@lw.com>
**Date:** Friday, March 28, 2025 at 5:49 PM
**To:** Uriel Lee <ULee@oandzlaw.com>, "Sy.Damle@lw.com" <Sy.Damle@lw.com>, "Brent.Murphy@lw.com" <Brent.Murphy@lw.com>, "Sara.Sampoli@lw.com" <Sara.Sampoli@lw.com>, "Sarah.Tomkowiak@lw.com"

<Sarah.Tomkowiak@lw.com>, "Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Joe.Wetzel@lw.com"
<Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Kevin Lindsey
<KLindsey@oandzlaw.com>
**Subject:** RE: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc.
et al. v. Google LLC (Case No. 24-cv-04274)

Hi Uriel,

To start, we would like to discuss the following items from **Plaintiffs' General Objections**:

- **General Objection No. 3:**  Google would like to understand the bases of this objection.  Is it your position
  that: (1) we are at the "commencement of discovery" and thus Google is restricted to propounding
  interrogatories seeking the type of information included in Rule 33.3(a); (2) RFPs and/or depositions are the
  more practical method of obtaining the information Google seeks (Rule 33.3(b)); (3) the Interrogatories
  sought are contention interrogatories and should be served "at the conclusion of other discovery" (Rule
  33.3(c)); or something else?

- **General Objection No. 6 and No. 17**: Google would like to understand whether Plaintiffs are withholding
  any information based on any prohibition on disclosure by contract, agreement, order, statute, rule,
  regulation, or law or based on the attorney-client privilege, the attorney work product doctrine, the joint
  defense/prosecution or common interest privilege, or any other applicable privilege or immunity.

- **General Objection No. 13:** Google would like to understand the Plaintiffs' objection to the lack of specific
  time periods and discuss any confusion Plaintiffs may have about the applicable time period for these
  requests.

- **General Objection No. 16:**  Google would like to understand if Plaintiffs are refusing to provide information
  at this point in discovery regarding the works in suit based on Plaintiffs' plan to amend the works in suit.

- **General Objection No. 18**: Google would like to understand whether Plaintiffs are withholding any
  information based on Plaintiffs' position that the Interrogatories "seek confidential or highly confidential
  information, such as confidential, proprietary, or sensitive information pertaining to Plaintiff's businesses,
  commercial, financial, or competitive interests, or personal or private information regarding individuals."

We would like to discuss Plaintiffs' objections and lack of any substantive response to **Interrogatories 1 through
5**, including, but not limited to whether Plaintiffs are invoking Federal Rule of Civil Procedure 33(d)(1) in response
to any of these Interrogatories, whether it Plaintiffs are taking the position that they will not need to prove each
element of their claims (e.g., ownership and infringement) for each Asserted Work at trial, and whether there is a
compromise to be reached or whether Plaintiffs plan to stand on their objections.

Additionally, we would like to discuss **Plaintiffs' redactions**.  Google is disappointed that Plaintiffs did not discuss
their plans to redact "Non-Responsive Competitive Information" ahead of applying those redactions to no fewer
than four documents discussing the market for textbooks 6-9 years ago.  *See, e.g.*, PL0000484890; PL0000484894;
PL0000484899; PL0000484915.  However, after the fact, you have represented that the information Plaintiffs
redacted consists of competitive market analyses are unrelated to the claims or defenses in this case.  Google is
amenable to Plaintiffs' approach and will redact irrelevant, highly-sensitive business information from its
productions.

With respect to redactions, Google would like to focus the meet and confer on Plaintiffs' liberal application of PII
and PFI redactions to various author agreements.  Plaintiffs' PFI redactions shield revenue and author royalty
information that is not only responsive to Google's RFPs (and Interrogatory No. 5) but that also is highly relevant to

the claims and defenses in this case. Plaintiffs have put at issue the impact of piracy on its authors, and accordingly, the revenue that its authors make from each sold copy of the works. To the extent that PII redactions have been improperly applied to shield PFI, *see, e.g.*, PL00000497069 (redacting information regarding the royalty division as PII), Google's position is that those redactions are likewise improper.

We would also like to discuss and understand potential gaps in **Plaintiffs' production metadata**. We will follow up early next week with more details on the specific gaps we would like to discuss.

Best,

Laura


**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

---

**From:** Uriel Lee <ULee@oandzlaw.com>
**Sent:** Friday, March 28, 2025 10:00 AM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** Re: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Hi Laura,

In preparation of our upcoming meet and confer on April 3rd regarding Plaintiffs' Responses and Objections to Defendant's First Interrogatories, we can prepare more productive responses if you could provide beforehand a list of topics and issues you'd like to discuss.

Thank you,
Uriel

Uriel Lee  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.480.2999
ULee@oandzlaw.com  |  www.oandzlaw.com
☐ Connect with us on LinkedIn

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Laura.Bladow@lw.com <Laura.Bladow@lw.com>
**Date:** Thursday, March 20, 2025 at 2:42 PM
**To:** Jeff Kane <JKane@oandzlaw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Brent.Murphy@lw.com <Brent.Murphy@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** RE: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Jeff,

As to Plaintiffs' correspondence regarding Google's DMCA policy, we expect to have a response to you this week. As to Plaintiffs' correspondence regarding purported missing merchants, Google sent a response on March 14, 2025 at 5:51 pm. We disagree that Plaintiffs' correspondence on either subject impacts Google's March 31 production. If Plaintiffs would like to meet and confer on these issues, Google is available to do so next week, though we might not have more information than our written correspondence on these topics.

As to Plaintiffs' correspondence regarding Google's custodians and search terms, Google has complied with the schedule the parties agreed to on search terms and custodians. The Parties exchanged "final planned search terms and custodians" on March 7. The Parties didn't agree to any additional exchanges, and (as acknowledged in Plaintiffs' March 14 email), Google is moving forward with the collection, search, and review outlined in its March 7 email. Nevertheless, Google is amenable to meeting and conferring next week to discuss both sides' outstanding disputes on search terms and custodians.

Google is available to meet and confer on Plaintiffs' assorted correspondence (including all outstanding disputes on search terms and custodians) on: Tuesday, March 25 at 4:00 ET; Thursday, March 27 at 10:00, 11:00 or 5:00 ET; or Friday, March 28 at 2:30, or 4:30 ET.

Google is available to meet and confer on Plaintiffs' responses and objections to Google's First Interrogatories on: Tuesday, March 25 at 10:00, 12:00, 1:00, or 4:00 ET; Thursday, March 27 at 5:00 ET; or Friday, March 28 at 11:00 or 2:30 ET. Please note that Google would also like to discuss the basis for Plaintiffs' redactions on PL0000484763 as well as "PII" and "PFI" redactions to produced copies of author agreements during this meet and confer.

Google is amenable to meeting and conferring with Plaintiffs one week after Google serves its interrogatory responses, just as Google as requested of Plaintiffs.

We look forward to receiving Plaintiffs' availability to schedule these meet and confers.

Regards,

Laura

**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

---

**From:** Jeff Kane <JKane@oandzlaw.com>
**Sent:** Wednesday, March 19, 2025 6:06 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** Re: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Counsel,

As you know, a number of important and time-sensitive issues regarding Plaintiffs' RFP to Defendant remain unresolved or unacknowledged, including:

- The documents to which Defendant's DMCA policy links, and other issues concerning the DMCA policy, as described in O+Z's emails from February 13 and March 10. On March 10, Plaintiffs requested a meet-and-confer on these issues; Defendant did not respond.

- The merchant accounts missing from Defendant's list of domain-identified merchant accounts, GOOG-CENG-00000703. O+Z 25.02.18, 25.03.03, and 25.03.10 Emails.

- Plaintiffs' response to Defendant's custodians and search terms. O+Z 25.03.07 and 25.03.14 Emails. Defendant has not responded to either of Plaintiffs' emails.

The first two of these issues are particularly time-sensitive, as they impact Defendant's upcoming March 31 production, and all three have been outstanding for some time. Accordingly, we would like to discuss these three issues during a meet and confer before turning to Plaintiffs' interrogatory responses., and we can make ourselves available on Tuesday, March 25 to discuss both matters, unless you are available before then. Additionally, given your expectation of a prompt meet and confer after receiving Plaintiffs' interrogatory responses, we expect you will agree to schedule a meet and confer promptly after Plaintiffs receive Defendant's responses to their first interrogatories, if necessary.


Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com

**From:** Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>
**Date:** Tuesday, March 18, 2025 at 18:35
**To:** Uriel Lee <ULee@oandzlaw.com>, Laura.Bladow@lw.com <Laura.Bladow@lw.com>,
Sy.Damle@lw.com <Sy.Damle@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>,
Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>,
Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Brent.Murphy@lw.com <Brent.Murphy@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Kevin Lindsey
<KLindsey@oandzlaw.com>
**Subject:** RE: Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage
Learning, Inc. et al. v. Google LLC (Case No. 24-cv-04274)

Counsel,

We are in receipt of Plaintiffs Cengage Learning's, Macmillan Learning's, and McGraw Hill's R&Os to Google's First
Interrogatories.  Please let us know your availability to meet and confer next Tuesday, March 25, after which we will be
in receipt of Elsevier's R&Os as well.  We are available at: 10:00, 12:00, 1:00, or 4:00 ET.

Best,

Sarah A. Tomkowiak

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2335 | M: +1.217.417.3312

**From:** Uriel Lee <ULee@oandzlaw.com>
**Sent:** Monday, March 17, 2025 5:37 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Sampoli, Sara (DC)
<Sara.Sampoli@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Stillman, Alli (NY)
<Alli.Stillman@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area)
<Joe.Wetzel@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Kevin Lindsey
<KLindsey@oandzlaw.com>
**Subject:** Plaintiffs' Responses and Objections to Defendant's First Interrogatories - Cengage Learning, Inc. et al. v. Google
LLC (Case No. 24-cv-04274)

Counsel,

Please see the attached for Plaintiff's Responses and Objections to Defendant Google's First Interrogatories for
Plaintiffs Cengage Learning, Macmillan Learning, and McGraw Hill. As discussed, Elsevier will respond to Google's
Interrogatories by its one-week extension.

Thank you,
Uriel

Uriel Lee  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.480.2999
ULee@oandzlaw.com | www.oandzlaw.com
Connect with us on LinkedIn



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.