Sarah Tomkowiak
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS LLP**

August 8, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re:   *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
      <u>Letter Response in Support of Motion to Seal Plaintiffs' Letter Motion to Compel, the Declaration of Attorney Jeff Kane, and Exhibits 1 and 2 to Plaintiffs' Attorney Declaration</u>

Dear Judge Rochon:

Pursuant to Rule 4(B)(iii)(c) of Your Honor's Individual Rules of Practice in Civil Cases, Google submits this letter response in support of the Letter Request to File Redacted and Sealed Documents, Dkt. 155, filed in support of Plaintiffs' Letter Motion to Compel ("Plaintiffs' Letter Motion"), Plaintiffs' Declaration of Attorney Jeff Kane, and accompanying Exhibits 1 and 2 ("Plaintiffs' Declaration").  *See* Dkts. 160, 161, 161-1, 161-2.

**Background**.  Plaintiffs' Letter Motion at Dkt. 160 and Plaintiffs' Declaration at Dkt. 161 include certain information Google has designated as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) and "Confidential" pursuant to the Protective Order (Dkt. 82).  Google's HC-AEO information reflects details derived from HC-AEO documents containing internal information concerning Google's processing of takedown notices, Google's internal database systems, Google's ebook beta program, Google's internal systems for tracking data under its DMCA program, and specific personnel involved in processing takedown notices.  Dkt. 160 at 1–2, 5–15; Dkt. 161 ¶¶ 3, 5, 8–9, 11, 12, 15.  Additionally, Exhibit 1 to Plaintiffs' Declaration at Dkt. 161-1 contains a copy of an internal communication circulated between Google personnel including confidential information reflecting DMCA actions taken for a specific merchant account.  Exhibit 2 to Plaintiffs' Declaration at Dkt. 161-2 contains a copy of an internal communication circulated among Google personnel including confidential information reflecting a particular escalated complaint and issues related to Google's ebook policy.  This information should be protected as HC-AEO under the Protective Order, as the material constitutes information that will, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or other third parties involved with the beta and users of Google's Shopping platform.  Dkt. 82 ¶ 3.

LATHAM&WATKINS LLP

Google conferred with Plaintiffs about this material on August 5, 2025. Plaintiffs take no position on Google's request to seal Plaintiffs' Letter Motion, Declaration, and accompanying Exhibits 1 and 2. Dkt. 155.

**Legal Standard.** Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Moreover, the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Material Warrants Sealing.** The material at issue should be sealed because it reflects the inner workings of the systems and processes Google relies on to conduct its business operations and details of Google's policies and business strategies. Courts in this district routinely recognize that maintaining the confidentiality of proprietary and sensitive business information is a legitimate basis for sealing. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"). This principle extends to the type of technical details of technology systems and databases Google seeks to protect. *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) ("protecting a company's IT information fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud") (citations omitted); *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, 2022 WL 17884154, at *1 (S.D.N.Y. Dec. 22, 2022). Even where sealed material does not reflect particularly sensitive information, courts in this district have found a company's "business information and strategies" should be sealed if they may be exploited. *Farsura v. QC Terme US Corp.*, 2025 WL 267573, at *11 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies, including contracts with other entities, because others might exploit the information); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing decade-old confidential business information because it could "provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

Public disclosure of Google's material would reveal Google's internal system designs and business practices, including with third parties, and pose a substantial risk of misuse by bad actors. This is a case about alleged piracy occurring on Google's platform. Exposing details of Google's systems and processes, including details of how Google evaluates and processes takedown notices, creates a serious risk, as third parties (including the "pirate" sellers of Plaintiffs' works in this case) may seek to use such information to compromise Google's systems and data sources for purposes

of avoiding detection or otherwise circumventing Google's measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (quotations omitted) (granting motion to seal where documents detailed defendants' anti-fraud practices because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices"). The risk that third parties could obtain and use operational details of Google's systems and processes disclosed in Plaintiffs' Declaration in developing "a roadmap. . . to circumvent the security systems and procedures that are in place to detect and prevent" piracy and fraudulent schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Id.* at 2.

Moreover, the material sought to be sealed includes extremely sensitive details about Google's DMCA process that, if released, could directly assist bad actors in avoiding detection of fraudulent or illegal activities on Google's platform. The material sought to be sealed also includes the names of Google employees and contractors who are involved in the DMCA process. As the Protective Order acknowledges, the identification of such individuals is sensitive and should not be publicly disclosed. Dkt. 82 ¶ 28. The material sought to be sealed also reflects quotations from internal documents and communications reflecting how the DMCA process is implemented, including concerning websites and accounts associated with alleged piracy. *See UMG Recordings, Inc. v. Lindor*, No. 05-1095, Dkt. No. 240, at 4–5 (E.D.N.Y. May 16, 2008) (acknowledging sensitivity of copyright "enforcement strategy and the methods . . . use[d] to implement it" and copyright "investigative strategy" and denying motion to compel *production* of such material, because such "information would provide a roadmap to potential infringers to avoid detection").

**Google's Sealing Request is as Narrowly Tailored as Possible.** Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public systems and operations. Google asks the court to seal two internal documents and the quotations and descriptions of Google's highly confidential business processes and documents that Plaintiffs insisted on including in their motion. Courts in this district have found such redactions requests reasonable and appropriate. *See, e.g., Spectrum Dynamics Medical Limited v. General Electric Company*, 2022 WL 3910584, at *2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information."); *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order.").

Given the extremely sensitive nature of the materials and the risk that nefarious actors will obtain and misuse the materials if publicly disclosed, Google respectfully submits this response in support of redacting statements in Dkts. 160, 161, 161-1 and 161-2. We thank the Court for its consideration of this request.

LATHAM&WATKINS LLP

         Respectfully,

         */s/ Sarah A. Tomkowiak*
         Sarah A. Tomkowiak
         of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)