IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC, <br><br>   Plaintiffs, <br><br>  v. <br><br>GOOGLE LLC, <br><br>   Defendant. | **Civil Action No. 24-cv-04274-JLR-BCM** |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO STRIKE AFFIRMATIVE DEFENSES**

i

**Table of Contents**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ................................................................................................................... 2

    I.    Google's Defenses Are Improperly Pled. ............................................................. 2

        A.   Google's Second Affirmative Defense (Statute of Limitations)..................................... 2

        B.   Google's Third Affirmative Defense (DMCA) ............................................................... 4

        C.   Google's Fourth Affirmative Defense (Equitable Defenses)........................................... 6

        D.   Google's Thirteenth Affirmative Defense (Preemption) .................................................. 8

    II.    Plaintiffs Will Be Prejudiced If Their Motion Is Not Granted. ...................................... 9

CONCLUSION............................................................................................................... 11

**Table of Authoritie**s

Cases

*Arista Recs. LLC v. Lime Grp. LLC,*
   784 F. Supp. 2d 398 (S.D.N.Y. 2011) ............................................................................... 4
*Ashcroft v. Iqbal,*
   556 U.S. 662, (2009)....................................................................................................... 1
*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 3
*Capitol Recs., LLC v. Vimeo, LLC,*
   826 F.3d 78 (2d Cir. 2016)............................................................................................... 7
*Cardenas v. Abbott Labs.*,
   2012 WL 13393036 (N.D. Ill. July 12, 2012)............................................................... 4
*Coach, Inc. v. Kmart Corps.*,
   756 F. Supp. 2d 421 n.4 (S.D.N.Y. 2010) ..................................................................... 8
*Cooper v. Parsky*,
   140 F.3d 433 (2d Cir.1998) ............................................................................................ 4
*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
   539 U.S. 23 (2003).......................................................................................................... 11
*GEOMC Co. v. Calmare Therapeutics Inc.*,
   918 F.3d 92 (2d Cir. 2019).......................................................................................... 1, 3
*In re Kidder Peabody Sec. Litig.,*
   168 F.R.D. 459 (S.D.N.Y.1996) .................................................................................... 13
*Lombardi v. Whitehall XII/Hubert St., LLC,*
   No. 04 CIV. 6752 (PAC), 2008 WL 2557419 (S.D.N.Y. June 26, 2008) ................................ 13
*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   572 U.S. 663 (2014)........................................................................................................ 10
*Pickergill v. Neely*,
   2021 WL 5163197 (N.D. Tex. Nov. 12, 2021).......................................................................... 7
*Silva v. Hornell Brewing Co.*,
   2020 WL 8079823 (E.D.N.Y. 2020)................................................................................ 5
*Sir Speedy, Inc. v. L & P Graphics, Inc.*,
   957 F.2d 1033 (2d Cir.1992)........................................................................................... 4
*T&N plc v. Fred S. James & Co. of New York,*
   1991 WL 190581 (S.D.N.Y. Sept. 16, 1991)................................................................... 5
*Trs. of N.Y. City Dist. Council v. M.C.F. Assocs., Inc.*,
   530 F. Supp. 3d 460 (S.D.N.Y. 2021) ............................................................................ 9
*United States v. Bilzerian*,
   926 F.2d 1285 (2d Cir. 1991)......................................................................................... 13

Statutes

15 U.S.C. § 1114(1)(b) ...................................................................................................... 9
15 U.S.C. § 507(b) ........................................................................................................... 8
17 U.S.C. § 301.................................................................................................................. 9
17 U.S.C. § 512.................................................................................................................. 4
17 U.S.C. § 512(c)(1)(A) ................................................................................................... 4
17 U.S.C §512(a) ....................................................................................................... 4, 5, 9

17 U.S.C. § 512(b) ................................................................................................................... 4
17 U.S.C. § 512(c) ................................................................................................................ 4, 9
17 U.S.C. § 512(d) ........................................................................................................... 4, 5, 10

## PRELIMINARY STATEMENT

After a year of litigation, Google pled a litany of boilerplate affirmative defenses. Google gave mere recitals, without satisfying the pleading requirements set forth by the Second Circuit in *GEOMC* and the Supreme Court in *Twombly*. In response to the instant motion to strike, Google now walks away from some of the affirmative defenses (copyright misuse and ratification), while trying to save the remainder. But even after ten months of discovery, Google is still unable to point to facts that could allow these affirmative defenses to succeed. They should be stricken.

The "relaxed application of the plausibility standard" that can apply to pleading affirmative defenses does not assist Google here. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019). The Second Circuit has instructed that "applying the plausibility standard to any pleading is a 'context-specific' task.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The context that impacts "the degree of rigor appropriate for testing the pleading of an affirmative defense" includes how much time the pleader has had "to gather facts necessary to satisfy the plausibility standard" and whether the "nature of the affirmative defense" is one where the facts needed to plead it are "readily available" to the pleader. *Id.*

In terms of relevant context, Google has had over a year to gather the facts necessary to support defenses that are plausible on their face. Google has failed to do so. Moreover, it is not just that Google has had more than ample time. The nature of the defenses is also relevant. In *GEOMC*, the Second Circuit noted that "the facts needed to plead a statute-of-limitations defense will usually be readily available" to a pleader. *Id.* Similarly, the facts needed to plead Google's other affirmative defenses, such as the DMCA safe harbor, were also readily available to Google.

These circumstances present an instance where affirmative defenses should be stricken.

1

## ARGUMENT

### I.    Google's Defenses Are Improperly Pled.

#### A.  Google's Second Affirmative Defense (Statute of Limitations)

Google's contention that there are questions of fact and law that might allow it to succeed on its statute-of-limitations defense to Plaintiffs' copyright claim is hollow. Answer, Dkt. 116 at 22; Opp., Dkt. 166 at 5. Plaintiffs initiated this action on June 5, 2024, based on infringement notices sent to Google "[b]eginning on June 11, 2021." Am. Compl., Dkt. 38 ¶ 99. Google has not disputed that date with any contrary factual allegations. Nor could Google, as it knows what notices it received, when it received them, and the ads and infringers it identified. In addition, Plaintiffs' document production contains images of the ads that underlie Plaintiffs' notices with metadata depicting the capture date. *See* Joint Status Report, Dkt. 138 at 7. There is no statute-of-limitations issue. Even before applying the discovery rule (which governs), Plaintiffs sued within three years.

Rather than identify any legitimate questions of fact, Google simply argues that it is entitled "to test Plaintiffs' allegations." Dkt. 166 at 4. Straining further, Google claims that because Plaintiffs sought discovery that reaches back more than three years from commencement of the action, Plaintiffs will assert claims over infringements that are time-barred. *Id.* at 5. Google's arguments have no merit. An affirmative defense requires some factual allegations, not merely stating an intent to test allegations. *See GEOMC*, 918 F.3d at 98. Nor can an affirmative defense be based upon mere speculation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In this action, Google is accused of being a contributory copyright infringer with respect to the infringement identified in Plaintiffs' notices to Google (i.e., Google's ads promoting pirated copies of Plaintiffs' works and the pirate merchants who sell them). Dkt. 38 ¶¶ 122-129. That Plaintiffs sought discovery for a period greater than three years from bringing suit is not a fact that

can support a statute-of-limitations defense. Acts in an earlier period can help the trier of fact understand acts in a later period, including with respect to the defendant's willfulness and a need for deterrence. *See Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 418–19 (S.D.N.Y. 2011) ("Although Plaintiffs may not recover for conduct that occurred outside the limitations period, 'evidence of such conduct may be admissible to shed light on the motives with which acts within the limitations period were performed.'") (*citing Cooper v. Parsky*, 140 F.3d 433, 440–41 (2d Cir. 1998)); *Sir Speedy, Inc. v. L & P Graphics, Inc*., 957 F.2d 1033, 1038 (2d Cir. 1992) (the statute of limitations does not "operate to bar the use of a document that predates the commencement of the limitations period but that is relevant to events during the period"). Google's arguments are distractions, not justifications, for a failure to plead facts.

The cases Google relies upon are inapposite. Dkt. 166 at 5. Unlike Google here, in *Cardenas v. Abbott Labs.*, 2012 WL 13393036, at *2 (N.D. Ill. July 12, 2012), "the defendants suggest[ed] multiple plausible factual scenarios to support their statute of limitations defense." With respect to *Silva v. Hornell Brewing Co. Inc.*, 2020 WL 8079823, at *5 (E.D.N.Y. 2020), Google omits that the court refrained from striking a statute-of-limitations defense, determining that issues of fact "may become relevant," because the plaintiff pled *a class action*, where the identities of the putative class members and the dates they purchased the defendant's products were not yet known. *T&N plc v. Fred S. James & Co. of New York,* 1991 WL 190581, at *1-3 (S.D.N.Y. Sept. 16, 1991), involved the defendant's motion to amend its answer after it obtained new counsel—a motion that implicated a different standard and a different factual basis. And in *Tardif v. City of New York*, 302 F.R.D. 31, 35 (S.D.N.Y. 2014), the court ruled that "the *Twombly/Iqbal* standard does not apply to affirmative defenses"—a conclusion that has since been rejected in *GEOMC.*.

In sum, this affirmative defense is improperly pled, as Google has not raised any factual allegations that could support it, and there are none.

### B. Google's Third Affirmative Defense (DMCA)

Google argues the "facts support a potential safe harbor defense under at least § 512(d)," while also suggesting that 17 U.S.C. §§ 512(a) and (c) might apply "[d]epending on the precise claims Plaintiffs ultimately make." Dkt. 166 at 7. Google's response lays bare the pleading deficiency that Plaintiffs challenged.

Google's answer states: "Plaintiffs' claims are barred, in whole or in part, because the Digital Millennium Copyright Act's safe harbor (17 U.S.C. § 512) shields Defendant from monetary liability for content generated and/or uploaded by its Merchants." Dkt. 116 at 23. Google made no mention of either § 512(d) or the activity to which it pertains: "referring or linking users to an online location containing infringing material or infringing activity[.]" 17 U.S.C. § 512(d). On the contrary, Google's language, "content generated and/or uploaded by its Merchants," seemed to allude to the activity in § 512(c), which concerns "storage" at the direction of a user of infringing material that resides on the service provider's system. *Id.* § 512(c)(1)(A).

Google now appears to indicate that it is not relying on subsection § 512(b) of the DMCA, which concerns "system caching." Dkt. 166 at 7 (mentioning each safe harbor except § 512(b)). If so, that clarification is helpful and will focus fact and expert discovery in the right direction. Unfortunately, even while indicating that its focus is § 512(d), Google baldly asserts that "§ 512(a) and 512(c) may be relevant as well." *Id.* at 7 n.2. Google offers no explanation for why these other sections could apply, except to say that it "[d]epend[s] on the precise claims Plaintiffs ultimately make[.]" *Id*. Those defenses should be stricken.

4

Google has not referred to any factual allegations that could support § 512(a)—a safe harbor that relates to ISPs who act as conduits for infringing material, as opposed to caching, storing, or linking to infringing material. 17 U.S.C. § 512(a)-(d). Likewise, Google has not asserted the existence of any factual allegations that could support §512(c)—just the opposite, Google has repeatedly claimed that the "allegedly infringing acts [at issue] occurred on third-party websites" (Def.'s Mem. of Law, Dkt. 44 at 7).

Google's pleading also fails as to § 512(d). "A service provider's entitlement to the safe harbor is properly seen as an affirmative defense, and therefore must be raised by the defendant. The defendant undoubtedly bears the burden of raising entitlement to the safe harbor and of demonstrating that it has the status of service provider, as defined, and has taken the steps necessary for eligibility." *Capitol Recs., LLC v. Vimeo, LLC*, 826 F.3d 78, 94 (2d Cir. 2016). A defendant must, "in the first instance, show entitlement to the safe harbor defense by demonstrating . . . that it adopted and reasonably implemented a policy designed to exclude users who repeatedly infringe[.]" *Id.* at 95. However, Google has not pled that it has a repeat infringer policy, what its policy is, and how the policy was reasonably implemented. Notably, Google has not even asserted that it consistently followed any such policy. Such facts would be readily available to Google, and it has also had over a year to gather them. Holding Google to its pleading obligations will focus discovery and curtail the assertion of affirmative defenses that lack factual support.

*Pickergill v. Neely* reinforces that the practice of citing an entire chapter without indicating which provisions apply is unacceptable. 2021 WL 5163197, at *3 (N.D. Tex. Nov. 5, 2021). Google's attempt to distinguish itself from *Pickergill* because a scheduling order had not yet issued is unpersuasive. At that earlier stage, a defendant is given more leeway, and the defense was still

5

stricken. Google's scattershot approach, in not identifying which provision and providing factual allegations that could sufficiently support it, fails.

### C.  Google's Fourth Affirmative Defense (Equitable Defenses)

Google's pleading merely provided a laundry list of equitable defenses. Google did not disclose any legal theory or supposedly supporting facts. In response to the instant motion, Google withdrew two of its equitable defenses, i.e., copyright misuse and ratification, and should have withdrawn the rest. Google now argues that these defenses are meant to focus on Plaintiffs' conduct "in administering their intellectual property rights or in their interactions with Google." Dkt. 166 at 9. But Google has not alleged facts that could state a viable defense. Nor are there any.

Unclean hands. Google's newly disclosed theory for its unclean hands affirmative defense is that Plaintiffs supposedly do not own the copyrights to the textbooks as to which Plaintiffs' ownership is undisputed, including between and among Plaintiffs, their authors, and everyone else in the world (save Google). *See* Dkt. 166 at 10. It's a preposterous, unprecedented assertion that is counter-factual, based primarily on academic theory, and conflicts with the law. Google will not be able to support it. But merits aside, it is also completely unnecessary. The affirmative defense is a mirror image of one of the elements of liability—ownership of the copyrighted works in suit. As one court observed when striking an unclean hands defense, the "assertion is circular; if Plaintiffs goods are not counterfeit, regardless of whether or not Plaintiffs knew this, then Plaintiffs would not be entitled to any equitable relief and the unclean hands defense would be superfluous." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 430 n.4 (S.D.N.Y. 2010); *Trs. of N.Y. City Dist. Council v. M.C.F. Assocs., Inc.*, 530 F. Supp. 3d 460, 466 (S.D.N.Y. 2021) ("Indeed, Defendants' argument is circular; if Plaintiffs cannot bring these claims under ERISA, then they would not be

entitled to any equitable relief and the unclean hands defense would be superfluous.") (internal citations omitted). The same is true here.

Equitable estoppel. Google contends equitable estoppel may apply because Plaintiffs sought Google's cooperation to prevent the piracy and pursued the pirate sellers before pursuing Google. Dkt. 166 at 11-12. This newly minted theory has no possible basis. There are no plausible factual allegations to state a viable defense. Seeking Google's cooperation to prevent piracy and suing the pirate sellers who Google contends are the "real culprits" in no way estops a copyright owner from suing Google. *Id*. at 11. Google has had over a year to gather facts, all of which would be readily available to it if they existed, yet advances none. For instance, Google has not alleged that, on account of Plaintiffs' conduct, it believed that its conduct was not infringing. Moreover, there are no facts concerning possible detrimental reliance. Google has not alleged that Plaintiffs led Google to believe that it was permissible for Google not to remove or disable the ads in Plaintiffs' infringement notices. Similarly, Google has not alleged that Plaintiffs led Google to believe that Google was permitted to continue to assist known pirate sellers with their ongoing infringement. Such arguments, which Google has not even asserted, are completely contradicted by Plaintiffs' infringement notices and Google's legal obligation not to contributorily infringe (in addition to the parties' actual communications, which show the opposite). This affirmative defense simply has no facts to support it and should be stricken.

Waiver. Google's waiver defense fails for the same reasons as its putative equitable estoppel defense. Yet waiver is even more implausible. Google asserts no facts that could show Plaintiffs intended to relinquish any rights against Google.

Laches. Google's assertion of laches is faulty. Although citing Supreme Court's *Petrella* decision, Google ignores its core holding that laches is not an available defense to a timely claim

7

for copyright infringement. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 679 (2014) ("in face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief"). Here, Plaintiffs seek relief solely for infringement occurring within the Copyright Act's three-year statute of limitations. 15 U.S.C. § 507(b). To the extent that Google claims that the timing of Plaintiffs' claims is relevant to equitable relief, but not legal relief, that must be clarified and would be irrelevant to liability.

Google's laches defense to Plaintiffs' copyright and trademark claims should be stricken because of the absence of any factual allegations that could support it. Google puts forward no facts for its argument that the timing of Plaintiffs' claims prejudice it "in its ability to defend the case" and "by being subject to discovery demands from Plaintiffs for information that does not exist." Dkt. 166 at 13. Google's platitudes are not factual allegations. Google has not explained or provided any facts for its contention that the timing of Plaintiffs' claims, which stem from infringement notices within the three-year period prior to commencement of this action, somehow shows that Plaintiffs unreasonably waited to bring those claims and prejudiced Google's ability to defend. With respect to documents that Plaintiffs seek, if those documents no longer exist, that prejudices Plaintiffs, not Google. Further, Google misleadingly points out that Plaintiffs have argued that various data are "missing." Dkt. 166 at 12-13, citing Dkt. 138 at 3-5. This data was "missing" not because of the passage of time, but because Google simply failed to retrieve it. Indeed, Google subsequently produced much of the data Plaintiffs identified as "missing." Dkt. 138 at 4-5. Laches thus fails.

### D.  Google's Thirteenth Affirmative Defense (Preemption)

Google's thirteenth defense states: "Plaintiffs' trademark claim is barred because it is preempted by the Copyright Act." Dkt. 116 at 24. Google's pleading gives the impression that it

is an erroneous invocation of the preemption provision in the Copyright Act. *See* 17 U.S.C. § 301 (preempting certain state law claims). In response to the instant motion, Google now claims that it meant something else, i.e., it meant to refer to *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003)—a case that does not even use the term "preemption"—as the basis for a preemption defense. Dkt. 166 at 13.

*Dastar* involved a reverse passing off claim based on the defendant's distribution of the plaintiff's work without attribution after the copyright expired and the work was thus in the public domain. *Dastar*, 539 U.S. at 38. Google's contention that *Dastar* could apply is a strawman.

Google's argument is that "the sales of allegedly infringing copies of the Plaintiffs' copyrighted textbooks" targets conduct that is protected by copyright, not trademark.  Dkt. 166 at 13. Google's argument is misguided. The copying and sales of the copyrighted textbooks is the direct copyright infringement that underlies Google's contributory copyright infringement. Plaintiffs' trademark claim concerns *different conduct*. Plaintiffs allege that Google is liable for trademark infringement because Google reproduced Plaintiffs' trademarks when it created *ads* for pirate sellers and applied Plaintiffs' marks to the ads. 15 U.S.C. § 1114(1)(b). This printer-publisher liability provision specifically targets the same conduct at issue here. Opinion on Mot. to Dismiss, Dkt. 111 at 26-27. Google has not contended, and cannot contend, that *Dastar* sanitizes Google's use of Plaintiffs' marks in ads.

## II.    Plaintiffs Will Be Prejudiced If Their Motion Is Not Granted.

Not striking these improperly pled affirmative defenses would prejudice Plaintiffs.

*First*, as Google is just now disclosing that the conduit activities of ISPs under § 512(a) "may be relevant," along with hosting of allegedly infringing content under § 512(c), Plaintiffs have not had the opportunity to serve document requests that target those areas. Accordingly,

Plaintiffs would need to serve new requests, including as to Google's technical system and its implementation. Similarly, Plaintiffs would have to devote time during fact depositions on these technical issues and could need a technical expert to opine on them, which would be all for naught given the nature of Google's activities. Similarly, Google has not provided fair notice of the facts that supposedly underlie its § 512(d) affirmative defense, thus hindering Plaintiffs' discovery efforts.

*Second*, Google's equitable defenses prejudice Plaintiffs. The prejudice is multi-fold. Discovery has proceeded without Plaintiffs having the benefit of document requests to probe the bases for these defenses. Moreover, in selecting document custodians, Google excluded the very people who would likely have responsive documents concerning Plaintiffs' attempts to "cooperate" with Google and sue the pirate sellers in the first instance. Plaintiffs sought to include those individuals as custodians (Adam Crider, John Caleb Donaldson, John Janhunen), but Google adamantly refused. *See* Pls. Mot. to Compel, Dkt. 160 (discussing two of these custodians). In addition, Google's assertion of equitable estoppel raises significant issues as to Google's assertions of privilege that would need to be sorted. Specifically, Google cannot claim ignorance, reliance, and detrimental reliance by dint of Plaintiffs seeking cooperation and suing pirate sellers while at the same time shielding its pertinent internal communications, written or oral, from discovery. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (recognizing waiver of attorney-client privilege by asserting a claim or defense that in fairness requires examination of protected information, thereby placing such information at issue); *see also*, *e.g.*, *In re Kidder Peabody Sec. Litig.,* 168 F.R.D. 459, 470 (S.D.N.Y. 1996) (noting that broad scope of the waiver doctrine includes potential claims and defenses beyond advice of counsel); *Lombardi v. Whitehall*

10

*XII/Hubert St., LLC*, 2008 WL 2557419, at *1 (S.D.N.Y. June 26, 2008) (finding waiver of attorney-client privilege by raising defense of equitable estoppel in copyright action).

**Third**, Google's attempt to raise the statute of limitations and *Dastar* as affirmative defenses is prejudicial. With respect to the claims in suit, there are no facts that could support those defenses. Google has no basis for its assertions that Plaintiffs may somehow later change their theory as to the basis for either their contributory copyright infringement claim or their trademark claim. To the extent either of these defenses leads to further briefing, or consumes time at deposition or trial, it diverts attention and wastes resources.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant their Motion to Strike.

 Dated:  August 13, 2025

                                        Respectfully submitted,

                                        */s/ Michele H. Murphy*
                                        Matthew J. Oppenheim
                                        Michele H. Murphy (*pro hac vice*)
                                        Jeff Kane (*pro hac vice*)
                                        Kevin P. Lindsey
                                        Uriel Lee (*pro hac vice*)

                                        OPPENHEIM + ZEBRAK, LLP
                                        4530 Wisconsin Avenue NW, 5th Floor
                                        Washington, DC 20016
                                        202-480-2999 telephone
                                        866-766-1678 fax
                                        matt@oandzlaw.com
                                        michele@oandzlaw.com
                                        jkane@oandzlaw.com
                                        klindsey@oandzlaw.com
                                        ulee@oandzlaw.com

11

## CERTIFICATION OF WORD COUNT

I certify that the foregoing memorandum of law complies with the formatting and work limit requirements set forth in Rule 3.C of the Court's Individual Rules and Procedures for Civil Cases because it contains 3,304 words, excluding the cover page, table of contents, table of authorities, signature block, and certification of word count.

In preparing this certification, I relied on the work count of the Microsoft Word computer program used to prepare this memorandum of law.

Dated: August 13, 2025                                    _/s/ Michele H. Murphy_
                                                          Michele H. Murphy

12