**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM&WATKINS LLP**

August 13, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re:  *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
Motion to Seal Defendant's Response to Plaintiffs' Omnibus Discovery Motion, Attorney Declaration of Sarah Tomkowiak, Declaration of Andre Golueke, and Exhibits 1, 2, and 5

Dear Judge Rochon:

Pursuant to Rule 4(B)(iii) of Your Honor's Individual Rules of Practice in Civil Cases, Google submits this letter motion to seal portions of Google's Response to Plaintiffs' Omnibus Discovery Motion ("Defendant's Response") and its accompanying Attorney Declaration of Sarah Tomkowiak, Declaration of Andre Golueke, and Exhibits 1, 2, and 5.

**Background.** Defendant's Response and its accompanying Declarations and Exhibits 1, 2, and 5 include certain information designated by Google as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82). Google's HC-AEO information reflects details derived from HC-AEO documents containing internal information concerning Google's processing of takedown notices, Google's DMCA policies, Google's internal database systems, Google's internal systems for tracking data under its DMCA program, specific personnel involved in processing takedown notices, the total revenue associated with the specific Merchant Center accounts at issue in this case, and the status of Merchant Center accounts. Defendant's Response at 2-15; Attorney Declaration of Sarah Tomkowiak at ¶¶ 4-6, 8, 13-14, 23-27, 32-24, 36-38, 45; Declaration of Andre Golueke ¶¶ 3, 8. Additionally, Exhibits 1, 2, and 5 to Defendant's Response are copies of email correspondence between Google's counsel and Plaintiffs' counsel containing HC-AEO information concerning these same topics. Google maintains that this information is highly confidential as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or other third parties who use Google's Shopping platform. Dkt. 82 ¶ 3. Google conferred with Plaintiffs about this material on August 13, 2025. Based on the description Google provided to Plaintiffs prior to filing, Plaintiffs do not anticipate taking a position on the propriety of Google's request to seal the material included in Defendant's

LATHAM&WATKINS LLP

Response, its accompany Declarations, or Exhibits 1, 2, and 5. Plaintiffs reserve the right to object once they reivew Google's filing.

**Legal Standard.** Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Moreover, the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Material Warrants Sealing.** The material at issue is HC-AEO because it concerns confidential business information reflecting (1) revenue metrics, (2) the status of Merchant Center accounts at issue in this case, and (3) the inner workings of the systems, processes, and strategies Google relies on to conduct its business operations and enforce its policies against bad actors. With respect to the first category, courts in this district routinely recognize that "documents containing confidential information about a corporation's . . . sources of revenue, and the amounts of revenue" may "properly remain under seal." *DoorDash, Inc. v. City of New York*, 2024 WL 4285682, at *3 (S.D.N.Y. Sept. 24, 2024); *see also Valassis Comm'cns, Inc. v. News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (sealing "financial metrics (such as pricing, costs, revenue, and profits) . . . and other similar information" that "could result in significant harm to [the defendant] without providing much value to the monitoring of the federal courts"). With respect to the second and third categories, courts in this district also routinely recognize the importance of keeping information reflecting proprietary and sensitive business information, like the account status and business practices at issue here, confidential. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Farsura v. QC Terme US Corp.*, 2025 WL 267573 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies, including contracts with other entities, because others might exploit the information).

Public disclosure of this material would reveal the amount of revenue that specific Merchant Center accounts generated for Google and details of Google's internal systems and business practices, all of which could reveal information about how Google conducts its business and enforces its policies, which pose a substantial risk of misuse by bad actors. This information is particularly sensitive because this is a case about alleged piracy occurring on Google's platform. *See generally* Dkts. 38, 116. Exposing information that can give insight into Google's internal systems for maintaining and tracking account information creates a risk that third parties may seek to use such information, alone or in conjunction with other information, to compromise Google's systems and data sources for purposes of avoiding detection or otherwise circumventing Google's measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second

LATHAM&WATKINS LLP

Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices"). The risk that third parties could obtain and use the information described in Defendant's Response, the accompanying Declarations, and Exhibits 1, 2, and 5 to their advantage, including in connection with efforts to "circumvent the security systems and procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Id.* at 2.

Moreover, the material sought to be sealed includes extremely sensitive details about Google's DMCA process that, if released, could directly assist bad actors in avoiding detection of fraudulent or illegal activities on Google's platform. The material sought to be sealed also includes the names of Google employees and contractors who are involved in the DMCA process. As the Protective Order acknowledges, the identification of such individuals is sensitive and should not be publicly disclosed. Dkt. 82 ¶ 28. The material sought to be sealed also reflects quotations from and descriptions of internal documents and communications reflecting how the DMCA process is implemented. *See UMG Recordings, Inc. v. Lindor*, No. 05-1095, Dkt. No. 240, at 4–5 (E.D.N.Y. May 16, 2008) (acknowledging sensitivity of copyright "enforcement strategy and the methods . . . use[d] to implement it" and copyright "investigative strategy" and denying motion to compel *production* of such material, because such "information would provide a roadmap to potential infringers to avoid detection").

**Google's Sealing Request is as Narrowly Tailored as Possible.** Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public systems and operations. Google asks the court to seal only the quotations and descriptions of Google's highly confidential business processes and documents. Courts in this district have found such redactions requests reasonable and appropriate. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2022 WL 3910584, at *2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information."); *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order").

Given the extremely sensitive nature of the materials and the risk that nefarious actors will obtain and misuse the materials if publicly disclosed, Google respectfully submits this motion to seal statements in Defendant's Response and the accompany Declarations and Exhibits.

We thank the Court for its consideration of this request.

**LATHAM&WATKINS**LLP

                                        Respectfully,

                                        */s/* Sarah A. Tomkowiak
                                        Sarah A. Tomkowiak
                                        of LATHAM & WATKINS LLP

cc:     All Counsel of Record (via ECF)