Sarah A. Tomkowiak
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

August 20, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re:    *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
       Letter Motion Regarding Confidentiality Procedures for August 26 Hearing

Dear Judge Rochon:

We represent Defendant Google LLC in the above-captioned matter. The Court has scheduled a discovery conference to consider the parties' omnibus discovery letter motions at Dkts. 159 and 160, to be held remotely next Tuesday, August 26, at 3:30 pm.

The parties' omnibus discovery letter motions implicate documents and other information that Google has marked as Highly Confidential/ Attorneys' Eyes Only ("AEO"), and that are the subject of associated pending motions to seal ("Confidential Information"). *See* Dkts. 137, 142, 155, 156, 169, 171. Google has conferred with Plaintiffs, and based on those discussions and the nature of certain disputes, it appears that to have a meaningful discussion with the Court regarding at least certain topics, the parties likely will need to reference certain Confidential Information. Moreover, Google (and based upon their response below, Plaintiffs) cannot commit to limiting those references to general descriptions that would not divulge the specific content of the Confidential Information.

Google wishes to bring this issue to the Court's attention and respectfully requests that the Court (1) instruct the parties to indicate, before a specific topic of either party's omnibus discovery letter motion is discussed, whether it is likely that such topic will require divulging the specific content of Confidential Information; (2) have available during the hearing remote breakout rooms for attorneys and clients who are permitted to view AEO materials under the protective order (Dkt. 82) that are not accessible via the public phone line for the purpose of discussing any topic that will implicate Confidential Information; and (3) maintain those portions of the hearing transcript under seal. *See* Dkt. 93.

To the extent necessary for the Court's consideration of this request, Google respectfully submits that the Confidential Information reflects, among other sensitive business information, the

LATHAM&WATKINS LLP

inner workings of the systems, process, and strategies Google relies on to conduct its operations and enforce its policies, including its DMCA policies, against bad actors—the disclosure of which could pose a substantial risk of misuse by those bad actors. Google refers the Court to its motions to seal for a complete recitation of the grounds for Google's sealing requests, and to the stipulated protective order, in which "[t]he Parties acknowledge the sensitivity of personal information, including names, email addresses, and phone numbers that could be used to identify individual employees, contractors, or other personnel involved in the sending, receiving, implementation, and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement." Dkt. 82 ¶ 28.

Google informed Plaintiffs of Google's intention to file this letter motion. Plaintiffs' counsel responded as follows:

\*   \*   \*

Plaintiffs do not oppose Google's request to provide sealed breakout rooms for the August 26 hearing. Plaintiffs suggest, however, that once the sealed transcript is prepared, the parties should review the transcript of any proceedings that occurred in the breakout rooms to determine if any of the discussion therein can be *un*sealed. Plaintiffs understand Google's position to be that the entirety of what occurs in the breakout rooms should remain sealed, regardless of its content.

In addition, Plaintiffs wish to clarify that all of the purportedly confidential materials contained in the briefing for the August 26 hearing are Google's materials; Plaintiffs did not request that any of Plaintiffs' materials be sealed. Dkts. 137, 142 (sealing motions for the Joint Status report (Dkt. 138)); Dkts. 155, 169, 171 (sealing motions for Plaintiffs' motion to compel and Google's opposition); Dkt. 156 (sealing motion for Google's motion to compel).

Moreover, the volume of information that Google has redacted has made it impossible for Plaintiffs to argue their motions without referencing material that Google claims is confidential. For example, Google requested that Plaintiffs redact even the names of the Google custodians Plaintiffs propose, and asked Plaintiffs to redact the name of the system Plaintiffs are asking Google to search. Google is attempting to shield from public view evidence that is unfavorable to Google. But that is the very evidence that makes clear that Google has not produced important discovery. Plaintiffs' advocacy for their positions should not be impeded by Google's desire to keep important evidence in this case confidential.

\*   \*   \*

We thank the Court for its consideration of this request.

Respectfully,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF)