IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 24-cv-04274-JLR-BCM<br><br>*[Filed in Redacted Form]* |

## ATTORNEY DECLARATION OF JEFF KANE

1. I am an attorney at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for all Plaintiffs in this matter. I submit this declaration in support of Plaintiffs' Consolidated Letter Motion to Compel.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently hereto.

**Custodians**

3. Document discovery ended on August 15, 2025. Dkt. 110 ¶ 7(a)(ix). Although Google still has produced very few custodial documents, Google produced more custodial documents on August 15 (the last day of document discovery) than it had in the previous eleven months.

4. I understand that Google assigned a Google representative (e.g., sales representative, account manager, or account strategist) as a point-person for issues concerning certain large-volume clients.

1

5. I understand that in 2024, Plaintiffs Cengage and McGraw Hill had account representatives from Google with whom the Cengage and McGraw Hill communicated. I understand that ▓▓▓▓ was a Google representative for Cengage, and ▓▓▓▓ was a Google representative for McGraw Hill.

6. Attached as Exhibit 1 is a document Google produced bearing Bates number GOOG-CENG-00413454.

**Search-Terms**

7. The search-terms Google has agreed to deploy thus far include the 1,239 domains Plaintiffs identified on December 24, 2024, but do not include the Merchant Center IDs or Customer IDs associated with those merchants, nor the Case IDs associated with the notices concerning those domains.

8. Plaintiffs have not observed the implementation of any "▓▓▓▓" across their notices.

**The Dates of Google's Purported Takedowns**

9. In thousands of instances, Plaintiffs sent Google an infringement notice concerning a specific URL, only to observe one or more ad for that same URL *thirty or more* days later.

   a. One of the vendors that Plaintiffs used to send infringement notices provided two spreadsheets detailing each URL that the vendor noticed to Google. These spreadsheets include the date on which each notice was sent.

   b. I observed more than 3,000 landing page URLs (i.e., the webpage to which the Shopping ad linked) for which Plaintiffs sent an infringement notice, then sent an infringement notice for the same URL *thirty or more* days later. In several instances, months passed between the first notice and the last notice.

10. For those ads that Google claims it did *eventually* take down, Google produced several spreadsheets purporting to show these takedowns.[1] Those spreadsheets ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

11. In those spreadsheets, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13. For months, Plaintiffs assumed that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But in a meet-and-confer on June 26, Google's counsel represented for the first time that this is not the case.

14. Plaintiffs asked Google's counsel (in the meet-and-confer and subsequently in writing) to either identify in Google's production the field that contains the date Google claims to have removed ads, or to produce documents showing that date. 25.06.26 Meet-and-Confer; 25.07.18 O+Z Email. Google has done neither.

15. I reviewed data provided by Plaintiffs' vendor listing Google Shopping ads that were the subject of infringement notices that Plaintiffs sent to Google. PL0000543994; PL0000535577. In these spreadsheets, I compared the notice date to what the vendor recorded as the "result" date,  i.e., the date of Google's email to Plaintiffs' vendor explaining what Google says it did or will do in responses to the notice. The time between the notice data and the result

---

[1] GOOG-CENG-00380265, GOOG-CENG-00380266, GOOG-CENG-00380267, GOOG-CENG-00380268, GOOG-CENG-00392939, GOOG-CENG-00392940, GOOG-CENG-00403539, GOOG-CENG-00403540, GOOG-CENG-00403541, GOOG-CENG-00403542, GOOG-CENG-00403543, GOOG-CENG-00403544, GOOG-CENG-00403545, GOOG-CENG-00404296 ("Notice and Response Data Spreadsheets").

date varies tremendously from entry to entry. For thousands of entries, the data indicates that there was no response from Google; for others, Google responded in a few days claiming to have removed the ad.

### Revenue from Other Platforms

16. Certain of the spreadsheets Google produced containing Merchant Center account information included a column called █████. GOOG-CENG-00000703 and GOOG-CENG-00392941. I understand from Google's counsel that this column contains ███████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████

17. Google agreed in October of 2024 (and several times since then)[2] that it would investigate whether it would be feasible to produce revenue data concerning these Ads accounts. Google never reported back on the results of that investigation.

Executed August 20, 2025, in Washington, D.C.


/s/ Jeff Kane
Jeff Kane

---

[2] 24.10.21 Email from Latham to O+Z; 24.10.25 Meet-and-Confer; 24.11.04 Email from O+Z to Latham; 24.11.05 Email from Latham to O+Z; 24.11.06 email from O+Z to Latham; 24.11.08 email from Latham to O+Z; 24.11.14 Meet-and-Confer; 24.11.19 Meet-and Confer; 25.01.07 email from Latham to O+Z; 25.01.24 Email from Latham to O+Z.