UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC, <br><br> Plaintiffs, <br><br> -against- <br><br> GOOGLE LLC, <br><br> Defendant. | No. 1:24-cv-04274 (JLR) <br><br> **OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Before the Court is Google LLC's ("Google" or "Defendant") letter-motion to stay this case pending the U.S. Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*. Dkt. 117 ("Mot."); *see* No. 24-171, 2025 WL 1787701 (U.S. June 30, 2025) (mem.) (granting certiorari). Cengage Learning, Inc., Bedford Freeman & Worth Publishing Group, LLC, MacMillan Holdings, LLC, Elsevier Inc., Elsevier B.V., and McGraw Hill LLC (collectively, "Plaintiffs"), oppose the motion to stay. *See* Dkt. 121 ("Opp."). For the reasons set forth below, Google's motion to stay this action is DENIED.

## BACKGROUND

Plaintiffs commenced this action on June 5, 2024, asserting contributory copyright infringement, vicarious copyright infringement, and trademark infringement claims against Google, as well as violations of section 349(a) of the New York General Business Law ("GBL"), N.Y. Gen. Bus. Law § 349. *See generally* Dkt. 1. On September 16, 2024, Plaintiffs filed an Amended Complaint, Dkt. 38, and on September 30, 2004, Google filed a motion to dismiss Counts II, III, and IV of the Amended Complaint, Dkt. 43, that is, the

vicarious copyright infringement, trademark infringement, and GBL section 349 claims. On June 4, 2025, the Court granted in part and denied in part Google's motion to dismiss. *See generally Cengage Learning, Inc. v. Google LLC*, --- F Supp. 3d --- , 2025 WL 1581258 (S.D.N.Y. June 4, 2025). The Court dismissed with prejudice Plaintiffs' vicarious copyright infringement and GBL section 349 claim. *Id.* at *15.

The parties have been engaged in discovery for over 10 months. Per the parties' revised case management plan, fact discovery ends on November 17, 2025, and all discovery is to be completed by March 16, 2026. Dkt. 110. On July 14, 2025, Plaintiffs filed Amended Exhibits A and B to Plaintiffs' Amended Complaint, adding additional works in suit and trademarks in suit. Dkt. 120. In their July 25, 2025 joint status update to the Court, both parties raised various discovery issues, and Google sought a 90-day extension of the discovery deadlines. Dkt. 138.

During the pendency of these proceedings, on June 30, 2025, the Supreme Court granted certiorari in *Cox Communications*. *See* 2025 WL 1787701, at *1; *see also* Petition for a Writ of Certiorari, *Cox Commc'ns* (No. 24-171), 2024 WL 3860067. The Supreme Court granted certiorari to address whether "a service provider can be held liable for 'materially contributing' to copyright infringement merely because it knew that people were using certain accounts to infringe and did not terminate access, without proof that the service provider affirmatively fostered infringement or otherwise intended to promote it." Petition for a Writ of Certiorari, *supra*, at *i. The Supreme Court also granted certiorari on the question of whether "mere knowledge of another's direct infringement suffices to find willfulness" as required for heightened statutory damages under 17 U.S.C. § 504(c). *Id.* Under the Supreme Court's rules, the case will not be fully briefed until late fall.

On July 10, 2025, Google filed a motion to stay this case pending the Supreme Court's decision in *Cox Communications*, arguing that the Supreme Court's decision on contributory copyright infringement and willfulness under 17 U.S.C. § 504(c) would have a "significant, and potentially dispositive, impact on the course of this litigation." Mot. at 1. On July 17, 2021, Plaintiffs filed a response, Opp., and on July 22, 2025, Google filed a reply memorandum of law in further support of its motion to stay, Dkt. 129 ("Reply"). On July 28, 2025, Google filed a notice of supplemental authority appending Judge Garnett's recent grant of a motion to stay pending the disposition of *Cox Communications* in another contributory copyright infringement case in this District, *UMG Recordings, Inc. v. Verizon Communications, Inc.*, No. 24-cv-05285 (MMG) (S.D.N.Y. July 28, 2025), ECF No. 52. Dkt. 141 ("Df. Surreply"). On July 30, 2025, Plaintiff filed a surresponse in opposition to Google's letter-motion to stay and in response to Google's notice of supplemental authority. Dkt. 150 ("Pl. Surresponse").

## DISCUSSION

"District courts have broad power to stay proceedings, which 'is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *CFPB v. MoneyLion Techs. Inc.*, No. 22-cv-08308 (JPC), 2023 WL 8644377, at *2 (S.D.N.Y. Dec. 1, 2023) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012)). When deciding whether to grant a stay, courts generally consider five factors:

> (1) The private interests of the plaintiffs in proceeding expeditiously with civil litigation as balanced against the prejudice to plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

3

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (quoting *Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)); *accord Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 621-22 (S.D.N.Y. 2012). "A court may also properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action." *Kennedy v. Aegis Media Ams., Inc.*, No. 20-cv-03624 (GHW), 2021 WL 4077946, at *1 (S.D.N.Y. Sept. 7, 2021) (quoting *Nath*, 893 F. Supp. 2d at 622). However, "[t]he burden is on the moving party to demonstrate" that circumstances warranting a stay are present. *Readick v. Avis Budget Grp., Inc.*, No. 12-cv-03988 (PGG), 2014 WL 1683799, at *2 (S.D.N.Y. Apr. 28, 2014).

To be sure, "[c]ourts within this Circuit have routinely stayed cases 'when a higher court is close to settling an important issue of law bearing on the action.'" *CFPB v. MoneyGram Int'l, Inc.*, No. 22-cv-03256 (KPF), 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022) (quoting *Nath*, 893 F. Supp. 2d at 622). Here, the Supreme Court's decision in *Cox Communications* will clarify the standard for willful contributory copyright infringement, and will therefore likely bear on Google's liability in this case. Indeed, the question on which the Supreme Court granted certiorari is framed broadly enough that its decision may well shed light on liability for service providers generally (as opposed to, as Plaintiffs urge, internet service providers specifically). And while *Cox Communications* involves an internet service provider, Plaintiffs argue that the theory of liability asserted in *Cox Communications* is strikingly similar to Plaintiffs' theory here: in both actions, liability is premised upon a service provider receiving notice of third parties' infringing use of its service, and failing to terminate those infringing users' access to its services.

However, considering the totality of the *Kappel* factors, the Court finds that a stay is not warranted in this procedural posture. A decision in *Cox Communications* will not dispose of Plaintiffs' trademark infringement claim. And the effect of a reversal in *Cox Communications* on Plaintiffs' contributory infringement claim is at best unclear. Google argues that, given the Supreme Court's prior decision in *Twitter, Inc. v. Taamneh*, 143 S. Ct. 1206 (2023), a reversal in *Cox Communications* would provide a basis for a motion for judgment on the pleadings, Reply at 1. According to Google, "there can be no serious dispute that Google operates an automated platform, just like the [social media] platforms" in *Twitter*, which were deemed to have "merely engaged in 'passive nonfeasance.'" Reply at 1 (quoting *Twitter*, 143 S. Ct. at 1227). Plaintiffs, however, contend that under any theory of contributory liability adopted by *Cox*, their claims would survive because Google affirmatively fostered the underlying infringement and intended to promote it. Opp. at 2-3. The Court need not wade into the matter now.

Even if the Supreme Court adopts a more demanding standard for contributory copyright infringement, requiring that a service provider have "affirmatively fostered" infringement or "intended to promote it," Petition for a Writ of Certiorari, *supra*, at *i, ongoing discovery in this case would still be relevant, including with respect to: Google's program pursuant to the Digital Millenium Copyright Act ("DMCA"); Google's actions preparing and running ads for pirate sellers; notices Google received; takedowns Google made; revenue Google earned; Google's knowledge of and communications with the pirate sellers; and Plaintiffs' trademark claim. In other words, the parties "will still need to conduct discovery, regardless of how [*Cox Communications*] is resolved." *DiStasio v. Edible Arrangements, LLC*, No. 16-cv-00538, 2021 WL 1087499, at * 3 (D. Conn. Feb. 1, 2021)

5

(citing *Pittenger v. First Nat'l Bank of Omaha*, No. 20-cv-10606, 2020 WL 5596162, at *3 (E.D. Mich. Sept. 18, 2020)); *see also Smith v. JPMorgan Chase Bank, N.A.*, No. 20-cv-01777 (CBM), 2020 WL 5033532, at *2 (C.D. Cal. Aug. 21, 2020) ("[A]lthough the nature of discovery in this case may change in some ways based on the outcome of *Duguid* [*v. Facebook, Inc.*], the Court is unconvinced the entire action should be stayed for that reason alone."). Google argues that Plaintiffs' claim that fact and expert discovery would not be altered by the decision in *Cox Communications* is "incorrect" because, under the standard articulated by the Government in *Cox Communications*, "a plaintiff must show 'culpable intent' through 'active abetting' of infringement.'" Reply at 1 (quoting Brief for the United States as Amicus Curiae, *Cox Commc'ns*, Nos. 24-171, 24-181 (U.S. May 27, 2025), 2025 WL 1533667, at *11). But Google conflates the standard for prevailing on the merits with the relevancy standard for purposes of discovery: so long as the materials sough are "relevant" to the subject matter in this action, with relevance "defined broadly to include any materials which appear reasonably calculated to lead to the discovery of admissible evidence," Plaintiffs are entitled to such information. *Troupin v. Metro. Life Ins. Co.*, 169 F.R.D. 546, 547 (S.D.N.Y. Dec. 4, 1996) (citation and internal quotation marks omitted). The current universe of discovery, which turns upon the pirate sellers of which Google received notice, is therefore fair game, irrespective of whether a more stringent standard for contributory copyright infringement is ultimately adopted. Therefore, proceeding with discovery as planned would not impose an undue burden or prejudice on Google or third parties, and would further the interests of the Court in a just and expeditious resolution of this case.

Staying this action would, however, prejudice Plaintiffs, who have already engaged in 10-plus months of discovery; whose works-in-issue continue to be advertised by pirate sellers

on the Google Platform;[1] and whom Google has excluded from a beta program for ebooks "[w]hile the parties are in active litigation." Dkt. 149-1.

The Court is aware that at least two other district courts have granted stays in light of the pending decision in *Cox Communications*: *UMG Recordings Inc. v. Verizon Communications Inc.*, which Google submitted to the Court's attention, Dkt. 141; and *Warner Records, Inc. v. Altice USA, Inc.*, No. 23-cv-00576 (E.D. Tex. filed Dec. 7, 2023). However, those cases were in different procedural postures: in *UMG Recordings*, Defendants had a pending motion to dismiss and discovery had not yet commenced, and in *Altice*, the parties jointly moved for a stay, and trial was set forth for September 5, 2025, *see* Order, No. 23-cv-00576 (E.D. Tex. July 15, 2025), ECF No. 318.[2]

---

[1] Although the parties dispute the frequency with which infringing copies of the works in issue continue to be advertised on the Google Shopping platform, Google concedes that infringing copies of some subset of the works in issue continue to be advertised, Dkt. 131 ¶¶ 6-7.

[2] Nor is the Court persuaded by Google's cited authorities, which granted stays in factually distinguishable circumstances, for instance, where a pending Supreme Court decision might be dispositive of the entire action; where discovery had not yet commenced; or where there was a pending motion to dismiss that would be impacted by the Supreme Court's decision. *See, e.g.*, *Thompson v. Fluent, Inc.*, No. 20-cv-02680 (VSB) (BCM), 2020 WL 8642144, at *2 (S.D.N.Y. Nov. 9, 2020) (granting stay pending decision in *Facebook v. Duguid* where the Supreme Court's decision was likely to be dispositive of two of four federal claims and of class certification for one of two putative classes alleged); *Loftus v. Signpost*, 464 F. Supp. 3d 524, 527 (S.D.N.Y. 2020) (granting stay pending the Supreme Court's decision in *Barr v. American Ass'n of Political Consultants* where entire action could be rendered moot by Supreme Court's decision, which was expected to be issued in less than two months); *Pappas v. MyPizza Techs., Inc.*, No 20-cv-05680 (VEC), 2020 WL 8268139, at *1 (S.D.N.Y. Dec. 3, 2020) (granting stay pending Supreme Court's ruling where stay would cause "minimal delay" because oral argument was scheduled within days and a decision was expected within six months); *Kennedy*, 2021 WL 4077946, at *2 (granting stay where Supreme Court's forthcoming decision in *Hughes v. Northwestern University* could "prove dispositive of [d]efendant's motion to dismiss and ultimately determine whether this case will be dismissed").

In sum, a decision in *Cox Communications* is unlikely to be issued before Spring 2026. If, by the conclusion of discovery, a decision in *Cox Communications* has not been rendered, Google may submit a motion to stay summary judgment briefing pending the Supreme Court's decision. Proceeding in this fashion should allay Google's concern of the "risk [of] rulings in the present case that are inconsistent with the Supreme Court's eventual ruling in [*Cox Communications*]." *Ernst v. DISH Network, LLC*, No. 12-cv-08794 (LGS), 2016 WL 11944699, at *2 (S.D.N.Y. Jan. 28, 2018)

## CONCLUSION

For the foregoing reasons, the Defendant's motion for a stay is DENIED without prejudice. Defendant may renew its motion when discovery has completed and in advance of the parties' summary judgment briefing.

Dated: August 22, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge