# Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 24-cv-03811-EKL (SVK) <br><br> **ORDER RE PLAINTIFFS' RULE 26 DAMAGES DISCLOSURE** <br><br> Re: Dkt. No. 430 |

Before the Court is Defendant Anthropic PBC's ("Anthropic") complaint regarding the sufficiency of Plaintiffs' ("Publishers") damages disclosure pursuant to Rule 26(a)(1)(A)(iii). Dkt. 430. The Court has reviewed the Parties' submissions, Rule 26, the relevant law and the discovery history between the Parties. The Court determines that this matter may be resolved without oral argument. Civ. L.R. 7-1(b). Anthropic's request for either immediate supplementation or exclusion remedies is **DENIED**. Publishers are **ORDERED** to supplement their damages disclosure as directed herein within **seven days of the close of fact discovery**.

The Parties and the Court are familiar with the disclosure requirements of Rule 26. Fed. R. Civ. Proc. 26 (a)(1)(A)(iii); See, Dkt. 430. The advisory notes highlight the goal of litigation efficiency, specifically to "accelerate the exchange of basic information" without unnecessary paperwork as well as to assist parties in making "an informed decision about settlement." Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment. The advisory committee further acknowledges that the disclosure obligations "will not be appropriate for all cases" and leaves broad discretion with the Court as "circumstances warrant." *Id.* Such is the case at hand.

Publishers assert claims of copyright infringement arising from Anthropic's alleged use of their protected songs in training its Artificial Intelligence ("AI") tool. Assessing damages arising from intellectual property claims in the AI arena calls for the application of established legal

1  principals to a relatively new and rapidly evolving technology. This assessment is, at least at
2  present, both novel and complex. As a result, a strict application of Rule 26 requirements for
3  disclosure of even a preliminary computation of damages or methodologies as demanded by
4  Defendant is unwarranted. Notably, none of the cases relied upon by Defendant address Rule 26
5  damages disclosures in the AI context, let alone copyright cases arising from the use of AI. In
6  fact, this Court is unaware of any decisions assessing Rule 26(a)(1)(A)(iii)'s damages computation
7  requirement in the AI space.[1]

8       In its own evaluation of disclosure challenges in this Circuit, in either the copyright or AI
9  contexts, the Court finds a sensible and pragmatic approach which it applies here. Publishers'
10  disclosure obligation is to respond with as much specificity as to the methodology and
11  computation of either statutory or actual damages as is currently available to them. *See Kadrey*,
12  23-cv-3417-VC (TSH), Dkt. 139 at 3-4 (AI context) (an interrogatory that asked Plaintiffs to
13  describe their damages, including by "identif[ying] all bases for such damages or injury, any
14  financial figures or documents used or references as the basis for computing such damages[ and]
15  methodology for computing such damages," required Plaintiff to "answer it to the best of their
16  ability with information known to them" when fact discovery did not close for another 20 days);
17  *Evox Prods., LLC v. Lemberg L. LLC*, No. 21-cv-07875-SSS (AGR), 2023 WL 5504947, at *2
18  (C.D. Cal. July 13, 2023) (general copyright context) (holding that "computation under Rule
19  26(a)(1) requires some analysis" and Plaintiff was required to supplement its damages disclosures
20  but only "in light of the information currently available to it." (internal citations and quotation
21  marks omitted)); *see also AFL Telecomm. LLC v. SurplusEQ.com Inc.*, 946 F. Supp. 2d 928, 945
22  (D. Ariz. 2013) (general copyright context).

23       Here, whether Publishers have had access to the sampling information necessary for a
24  damages analysis for one month (Publishers, Dkt. 430 at 8, 10) or two months (Anthropic, *id.* at 2,

---

[1] The nearest case is *Kadrey v. Meta Platforms, Inc.*, an AI-copyright case wherein Plaintiff authors allege that Defendant Meta made unauthorized use of their books for the purpose of training its LLaMA AI model, in which Magistrate Judge Hixson ruled on a dispute involving various discovery requests, including a damages interrogatory demanding similar information to what Anthropic seeks here. *See* 23-cv-3417-VC (TSH), Dkt. 139 at 3-4.

2

5), the current state of Publishers' disclosure is understandable and acceptable. Fact discovery currently closes in just over a month. At that time, Publishers must supplement their disclosures to reflect all additional supporting information, including methodologies and computations, then available to them. It may be that actual computation of certain categories of actual or statutory damages must await expert reports which, again in the context of this novel and complex area of law, will ultimately satisfy the Rule 26 requirements. *See AFL* Telecomm, 946 F. Supp. 2d at 945 (D. Ariz. 2013) (general copyright context) (explaining that Rule 26 disclosures "must be supplemented unless []additional or corrective information has [] otherwise been made known to the other parties during the discovery process or in writing[,]" and in the case where Plaintiff "made additional damages disclosures in writing during the discovery process related to expert opinions," such expert disclosures satisfied the Rule 26(a)(1)(A)(iii) requirements for summary judgment (internal citations and quotation marks omitted)).

After the close of fact discovery but before expert disclosures, Defendants may again seek to challenge the sufficiency of Publishers' Rule 26 damages disclosure. Such a challenge may be meritorious but should first be evaluated with the advisory committee's further admonition in mind:

> The disclosure requirements should, in short, be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations.

Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment.

**SO ORDERED.**

Dated: September 16, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

3