

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

October 1, 2025

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 20A
New York, NY 10007

> Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
> Parties' Joint Status Letter

Dear Judge Moses,

Pursuant to Your Honor's September 8, 2025 Order (Dkt. 210), and in advance of the upcoming October 8, 2025 discovery conference ("Hearing"), counsel for all Parties respectfully submit this Joint Status Letter.

The Parties conducted a meet-and-confer on September 24 in an effort to resolve or narrow the issues raised in the Parties' outstanding letter motions (Dkts. 159, 160, 185) and Google's request to extend the discovery deadlines (Dkt. 138 at 8–10).[1] The Parties also exchanged correspondence concerning these issues.

## I.    Resolved Issues from the Parties' Letter Motions

The Parties resolved the issue in Plaintiffs' August 5 motion, Section II. Dkt. 160 at 4.

The Parties also resolved the issue of the deadline for serving requests for admission in Defendant's August 5 motion, Section III. Dkt. 159 at 9–10. The Parties agree that this deadline should be 45 days before the close of fact discovery, and that the deadline for serving interrogatories should be the same date. The Parties respectfully request that the Court impose these new deadlines.

## II.    Unresolved Issues from the Parties' Letter Motions

The issues on which the Parties have been unable to reach resolution are identified below. The Parties are continuing to confer on a few of these issues, however, and will notify the Court promptly if they reach resolution.

---

[1] The meet-and-confer occurred by video/audio conference for approximately 1.25 hours. The following counsel attended: Plaintiffs' counsel Michele Murphy, Jeff Kane, Kevin Lindsey, and Yunyi Chen; Defendant's counsel Sarah Tomkowiak, Holly Victorson, Laura Bladow, Caroline Clarke, and Rose-Marie Jung.

**O+Z** **Oppenheim + Zebrak, LLP**

WASHINGTON – NEW YORK

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

| Motion | Motion Dkt. | Opposition Dkt. | Motion Section/Heading |
|---|---|---|---|
| Pls. Aug. 5 Mot. | 160 at 1–3 | 175 at 1–5 | I. Google must produce documents showing whether it ran ads for pirates Google claims to have terminated |
| Pls. Aug. 5 Mot. | 160 at 5–6 | 175 at 6–7 | III. Google must produce documents related to ebook Shopping ads filters |
| Pls. Aug. 5 Mot. | 160 at 6–11 | 175 at 7–12 | IV. Google must search the documents of relevant custodians |
| Pls. Aug. 5 Mot. | 160 at 11–13 | 175 at 12–14 | V. Google must search its [Redacted title] database |
| Pls. Aug. 5 Mot. | 160 at 13–14 | 175 at 14–15 | VI. Google must disclose when its DMCA policy was created and put into operation |
| Pls. Aug. 20 Mot. | 185 at 1–4 | 199 at 1–7 | I. Custodians and Listservs |
| Pls. Aug. 20 Mot. | 185 at 4–8 | 199 at 1–3, 7–11 | II. Search Terms |
| Pls. Aug. 20 Mot. | 185 at 8–9 | 199 at 11–13 | III. Google must disclose the dates on which it claims to have taken down infringing ads |
| Pls. Aug. 20 Mot. | 185 at 9–11 | 199 at 13–14 | IV. Google must produce documents concerning its approved publisher program |
| Pls. Aug. 20 Mot. | 185 at 11–14 | 199 at 14–15 | V. Google must disclose the total revenue it earned from the pirates at issue |
| Def. Aug. 5 Mot. | 159 at 1–4 | 178 at 1–4 | I. Plaintiffs must either identify their evidence of direct infringement on a work-by-work basis now or be precluded from doing so later |
| Def. Aug. 5 Mot. | 159 at 4–10 | 178 at 4–10; 211 | II. Plaintiffs' initial disclosures are deficient and the Court should preclude Plaintiffs from seeking more than minimum statutory damages or damages tied to Google's revenues |
| July 25 Jt. Status Rep. | 138 at 8–10 | 138 at 6–7 | II. Google's Report, A. Discovery deadlines should be extended by 90 days, at a minimum, to account for new discovery resulting from Plaintiffs' amendments |

## III.    Discovery Schedule

### A.    Plaintiffs' Position

The Parties' dispute about the discovery schedule has changed since Plaintiffs last addressed it on July 25. Accordingly, Plaintiffs provide a short update.

In the July 25 Joint Status Report, Google requested a 90-day extension of discovery. Dkt. 138 at 8–9. Plaintiffs opposed that request, contending that Google should be required to produce all the relevant documents by the existing August 15 deadline for document discovery (Dkt. 110 ¶ 7(a)(ix)), and to complete fact discovery by the existing November 17 deadline (Dkt. 110 ¶ 7(e)). Dkt. 138 at 6.

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

Unfortunately, Google did not complete its document production by August 15. Google's production is missing all the items detailed in Plaintiffs' two motions to compel (Dkts. 160 and 185). In addition, Google's production is missing other important items, including, without limitation:

- Significant information regarding other pirate websites that advertised the works-in-suit and were operated by the same pirates about which the Court has ordered discovery.
- Ads for the works-in-suit that Google ran on behalf of the pirates at issue, and that appear to be missing from Google's production.
- Documents concerning Google's responses to infringement notices in its overall DMCA program.
- Documents concerning: the performance of the personnel who evaluated Plaintiffs' notices of infringement; Google's process for verifying the identities of pirates whose infringing copies of Plaintiffs' works Google advertised; and the types of ad campaigns Google ran on behalf of its pirate customers.
- Documents concerning the pirates at issue in this case from the key tools and systems Google uses to track notices of infringement it receives.
- Document retention policies that bear upon Google's deletion of offers and ads data for some of the pirates at issue in this case.
- An additional custodian from whom Google did not collect documents.

Plaintiffs are continuing to meet-and-confer with Google in an attempt to resolve these issues. Plaintiffs anticipate, however, that some or all will be the subject of motion practice shortly.

Google's productions through August 15 contained several other deficiencies, including the central spreadsheet that Google relies on for its DMCA defense, documents that are referenced or hyperlinked in produced documents, documents whose image quality ranges from poor to unreadable, documents with important content that was lost when Google converted the documents to production format, and categories of documents that Google initially refused to produce but has since agreed to provide.

Given the significant information that Google failed to produce on time or at all, Plaintiffs reluctantly agree that an extension of the discovery schedule is necessary. With the exception of third-party discovery, which should remain November 17 (unless extended by consent of the Parties), the close of fact and expert discovery should be extended by 90 days. To ensure the case stays on track, the Court should set tight deadlines for Google's production of documents going forward. Google has had Plaintiffs' document requests for months, including some since *September 2024*.

Yet Google now indicates that, rather than the 90-day extension it previously requested, Google requests a *six-month* extension of all discovery deadlines. Six months is far too long. If given such a lengthy extension, Google will do what it has done previously: wait until the last day to produce the majority of its documents, and make an incomplete production at that. Dkt. 138 at 4–5. Given the harm that Plaintiffs continue to suffer, it is all the more critical that the case keep moving forward. *See* Order, Dkt. 191 at 6–7 ("[s]taying this action would, however, prejudice Plaintiff, who have already engaged in 10-plus months of discovery; whose works-in-issue

**O+Z** Oppenheim
+ Zebrak, LLP

W A S H I N G T O N  –  N E W  Y O R K

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

continue to be advertised by pirate sellers on the Google Platform; and whom Google has excluded from a beta program for ebooks . . . .").

### B.    Defendant's Position

Over Google's objection, Plaintiffs use this routine status report as a vehicle to air grievances regarding contrived deficiencies in Google's productions and prematurely raise new issues not presently before the Court. This is inappropriate, and Plaintiffs' misrepresentation of the record is unfair.[2] Google has met all of its discovery obligations. It completed its document production by the August 15 deadline, consistent with its discovery positions (some of which Plaintiffs have challenged, or appear to be on the verge of challenging). Without addressing each item listed above, Google notes only that many were requested by Plaintiffs in their Fourth Set of RFPs (to which Google's responses and objections were not even due until August 15) or raised as recently as *last week* (e.g., Plaintiffs' request for yet another custodian). Plaintiffs' continued and unyielding requests for ever expanding discovery, while unjustified, only underscore the necessity of a substantial discovery extension.

In the parties' July 25 Joint Report, submitted before Plaintiffs filed either of their 15-page omnibus motions, Google took the position that "all discovery deadlines must be extended by *a minimum* of 90 days" to account for the additional discovery that would be required as a result of Plaintiffs' amendment to the Complaint (adding 3,256 works in suit). Dkt. 138 at 9 (emphasis added). At that time, Google did not know how many additional domains Plaintiffs would be seeking discovery regarding in connection with their amendment. *See id.* Since then, Plaintiffs have clarified: They want discovery on an additional 31,000 domains *above and beyond* the 1,239 for which Google has already provided over 1TB of data.  *See* Dkt. 175 at 4–5.  As part of their omnibus motions, Plaintiffs have *also* demanded that Google produce ten additional months of merchant account and ads data, *see id.* at 2–5 & n.5, and essentially restart custodial discovery by adding at least 14 custodians (including in-house counsel) and 6 email aliases and running thousands of additional search terms, *see id.* at 7–12; Dkt. 199 at 1–11.[3]  Completing all or even *some* of that discovery would require significant time to collect, review, and produce responsive information before depositions can begin.

As of the date of this Joint Report, in light of the extensive discovery sought by Plaintiffs and the fact that up to 40 depositions (some internationally) still need to occur, Google believes that a six-month (180-day) extension of all discovery deadlines likely would, realistically, put the parties in a better position to meet those deadlines.[4]  Plaintiffs feign surprise at this proposal, but Google's position has always been that the discovery schedule might need to be extended by longer

---

[2] Google, too, has raised deficiencies with Plaintiffs' productions and privilege log, and reserves the right to raise these deficiencies with the Court and/or pursue additional documents from Plaintiffs if document discovery is reopened.

[3] To the extent custodial discovery is reopened and Plaintiffs' request for discovery from Google's in-house attorneys is granted, Plaintiffs too should be required to undertake another (equal) round of custodial review, including from attorneys at O&Z involved in those same discussions.

[4] Plaintiffs criticize Google for making productions—often requiring complex data pulls and involving massive amounts of data—at or near the Court's deadlines. They fail to mention, of course, that they waited until the August 15 deadline to produce over *half* their custodial documents.  *See* Dkt. 199 at 2 n.1.



Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

than three months. *See* Dkt. 138 at 8–9. To the extent the Court reopens document discovery for both parties (which closed August 15), the Court should set a deadline for those supplemental productions commensurate with the volume of additional discovery ordered by the Court. Third-party discovery should proceed on the same schedule; there is no reason to burden third parties with expedited scheduling.

## IV.    Additional Hearing Information

It is the Parties' understanding that the Court will not hear argument on Plaintiffs' Motion to Strike Google's Affirmative Defenses (Dkts. 134–35, 166, 170) at the Hearing.

Google had previously requested certain confidentiality procedures for the remote discovery hearing scheduled for August 26 (Def. Mot. to Seal, Dkt. 183). Judge Rochon ordered that "[t]he parties shall have available breakout rooms," they "shall notify the Court if a topic is likely to require discussing Confidential Information," the Court "shall initially maintain those portions of the record under seal," and "Google shall file a letter within a week of the conference to provide a justification for what information requires continued sealing." Order, Dkt. 189. The parties respectfully suggest that same protocol generally be followed during the Hearing.

Respectfully submitted,

/s/ *Sarah A. Tomkowiak*
Sarah A. Tomkowiak
Latham & Watkins LLP
*Counsel for Google*

/s/ *Michele H. Murphy*
Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
*Counsel for Plaintiffs*