**O+Z** Oppenheim + Zebrak, LLP

WASHINGTON – NEW YORK

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
JKane@oandzlaw.com

October 7, 2025

**VIA MAIL**
The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

    Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
           Joint Letter Regarding Resolved Issue for Discovery Conference

Dear Judge Moses,

    Pursuant to Your Honor's September 8, 2025 Order (Dkt. 210), and in advance of the upcoming October 8, 2025 discovery conference, counsel for all parties previously informed the Court that they had resolved two of the issues set for argument. Dkt. 214. The parties follow up briefly here to inform the Court that the parties now have resolved a third issue: Section V from Plaintiffs' August 20th motion, Dkt. 185 at 11–14; Dkt. 199 at 14–15.

    Below are the remaining issues on which the parties have been unable to reach a resolution before the discovery conference. (This is the same chart the parties provided at Dkt. 214, with the above issue removed).

| Motion | Motion Dkt. | Opposition Dkt. | Motion Section/Heading |
|---|---|---|---|
| Pls. Aug. 5 Mot. | 160 at 1–3 | 175 at 1–5 | I. Google must produce documents showing whether it ran ads for pirates Google claims to have terminated |
| Pls. Aug. 5 Mot. | 160 at 5–6 | 175 at 6–7 | III. Google must produce documents related to ebook Shopping ads filters |
| Pls. Aug. 5 Mot. | 160 at 6–11 | 175 at 7–12 | IV. Google must search the documents of relevant custodians |
| Pls. Aug. 5 Mot. | 160 at 11–13 | 175 at 12–14 | V. Google must search its [Redacted title] database |
| Pls. Aug. 5 Mot. | 160 at 13–14 | 175 at 14–15 | VI. Google must disclose when its DMCA policy was created and put into operation |
| Pls. Aug. 20 Mot. | 185 at 1–4 | 199 at 1–7 | I. Custodians and Listservs |
| Pls. Aug. 20 Mot. | 185 at 4–8 | 199 at 1–3, 7–11 | II. Search Terms |
| Pls. Aug. 20 Mot. | 185 at 8–9 | 199 at 11–13 | III. Google must disclose the dates on which it claims to have taken down infringing ads |
| Pls. Aug. 20 Mot. | 185 at 9–11 | 199 at 13–14 | IV. Google must produce documents concerning its approved publisher program |
| Def. Aug. 5 Mot. | 159 at 1–4 | 178 at 1–4 | I. Plaintiffs must either identify their evidence of direct infringement on a work-by-work basis now or be precluded from doing so later |



Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
JKane@oandzlaw.com

| Motion | Motion Dkt. | Opposition Dkt. | Motion Section/Heading |
|---|---|---|---|
| Def. Aug. 5 Mot. | 159 at 4–10 | 178 at 4–10; 211 | II. Plaintiffs' initial disclosures are deficient and the Court should preclude Plaintiffs from seeking more than minimum statutory damages or damages tied to Google's revenues |
| July 25 Jt. Status Rep. | 138 at 8–10 | 138 at 6–7 | II. Google's Report, A. Discovery deadlines should be extended by 90 days, at a minimum, to account for new discovery resulting from Plaintiffs' amendments |

Respectfully submitted,

/s/ Sarah A. Tomkowiak
Sarah A. Tomkowiak
Latham & Watkins LLP
*Counsel for Google*

/s/ Jeff Kane
Jeff Kane
Oppenheim + Zebrak, LLP
*Counsel for Plaintiffs*