UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING INC., et al.,

        Plaintiffs,

  -against-

GOOGLE LLC,

        Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/9/25
```

24-CV-4274 (JLR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during the October 8, 2025 discovery conference:

1. Plaintiffs' August 5, 2025 omnibus discovery motion (Dkts. 157 and 160) is GRANTED in part, as follows:

    a. <u>Section I</u>: No later than **January 6, 2026**, defendant must produce nonprivileged documents dated or created through **March 31, 2025** "showing whether [Google] ran ads for pirates Google claims to have terminated," including notice data, communications associated with that notice data, offer data, statistics about the ads run in connection with the relevant offer IDs, and revenue data associated with those IDs.

    b. <u>Section III</u>: No later than **January 6, 2026**, defendant must produce nonprivileged documents concerning Google's internal evaluations of the effects of the "pdf" and "ebook" filters on the piracy issues raised by plaintiffs, including (without limitation) any discussion of whether and for what reasons the algorithms associated with those two filters were, could be, or should be adjusted or modified to reduce piracy. To this end, the parties must promptly (on or before **October 22, 2025**) meet and confer to determine reasonable search terms and, if necessary, additional relevant custodians.

    c.    <u>Section IV</u>: Google must add, as custodians, the four "legal agents" identified on pp. 7-8 of plaintiff's August 5, 2025 omnibus motion, as well as Sajin Padiyath, and must produce their nonprivileged, responsive documents no later than **January 6, 2026**.

    d.    <u>Section V</u>: Defendant's counsel must *promptly* confer with their client as to whether Google possesses a list or index of the available "components" for the Google Issue Tracker. If so, defendant must promptly produce it to plaintiffs. If not, defendant must inform plaintiffs what alternatives, if any, exist for navigating the components. Thereafter – and no later than **October 22, 2025** – the parties must exchange their respective proposals for the "top 10" components to be searched and the "top 10" search terms (compatible with the search capabilities of the Issue Tracker) to be run within those components. The parties must continue to meet and confer in good faith (and, if necessary, Google must run a reasonable number of test searches) to implement a mutually agreeable search protocol for the Issue Tracker.

    e.    <u>Section VI</u>: Defendant must promptly produce each version or iteration of its DMCA policy *in effect* from January 1, 2020 through today. To the extent it is not clear from the face of the policies when each went into effect, plaintiffs may serve a single interrogatory seeking that information. Defendant must answer the interrogatory within **thirty days** from the date of service.

2.    Defendant's August 5, 2025 omnibus discovery motion (Dkts. 159, 162, 165) is GRANTED in part, as follows:

    a.    <u>Section I</u>: No later than **January 6, 2026**, and for each of the 7,359 allegedly infringed works, plaintiffs must identify, by starting Bates numbers, each

        screenshot produced by plaintiffs in discovery that corresponds to that work. Plaintiffs' response may be signed by its counsel of record and need not be verified by plaintiffs themselves.

    b.    <u>Section II:</u> No later than **October 22, 2025**, plaintiffs must further update their damages disclosure pursuant Fed R. Civ. P. 26(a)(1)(A)(iii). At a minimum, with respect to actual damages, plaintiffs must address each statutorily permitted category of damages they seek (*e.g*., any profits of Google "that are attributable to the infringement," 17 U.S.C. § 504(b)) and, for that category, describe any computation performed (even if rough) and identify the data upon which it is based. If plaintiffs have been unable to perform even a rough computation due to incomplete discovery, they may so state, but must, to the extent possible, describe the computational methodology they intend to employ and the data they require in order to perform the computation. Thereafter, plaintiffs must timely supplement their disclosure as required by Fed. R. Civ. P. 26(e)(1).

3.    The Court will hold a continued discovery conference on **October 14, 2025 at 2:00 p.m.** to address the parties' remaining discovery disputes, including plaintiffs' October 20, 2025 omnibus discovery motion at Dkts. 185 and 186.

    The Clerk of Court is respectfully directed to close the motions at Dkts. 157, 159, 160, 162, 165.

Dated: New York, New York         **SO ORDERED.**
       October 9, 2025

                                            **BARBARA MOSES**
                                            **United States Magistrate Judge**