UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING INC., et al.,

        Plaintiffs,

-against-

GOOGLE LLC,

        Defendant.

24-CV-4274 (JLR) (BCM)

**DISCOVERY ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during the October 14, 2025 discovery conference, plaintiffs' August 20, 2025 omnibus discovery motion (Dkts. 185 and 186) is GRANTED in part, as follows:

    a.    <u>Section I, Custodians and Listservs:</u> Google must search the following custodians and listservs for nonprivileged responsive documents and produce all such documents no later than the dates set forth below:

| | | |
|---|---|---|
| i. | Jake Erlick | **January 6, 2026** |
| ii. | Masquood Khanzada | **January 6, 2026** |
| iii. | shopping-dmca@google.com | **February 6, 2026** |
| iv. | lrmonetized@google.com | **January 6, 2026** |

    b.    <u>Section II, Search Terms:</u> No later than **January 6, 2026,** Google must produce nonprivileged, responsive documents identified as a result of deploying the following search terms across all custodians (and listservs) previously agreed to by the parties or ordered by the Court:

        i.   ["high confidence" /15 ("ebook*" or "book*")]

        ii.  ["zero strike" or "zero-strike"]

        iii. The "OKR" search string agreed to by the parties during the conference.

No later than **February 6, 2026**, Google must produce nonprivileged, responsive documents identified as a result of deploying the following search terms across all custodians (and listservs) previously agreed to by the parties or ordered by the Court:

    iv. The 20,145 Merchant Center IDs associated with the 1,239 domains identified by plaintiffs (contained in the spreadsheets produced as GOOG-CENG-00000703, GOOG-CENG-00392941, and GOOG-CENG-00392942).

    v. The 10,028 Customer IDs (a/k/a Ads Account IDs) associated with the Merchant Center accounts listed in the same three spreadsheets.

During the conference, Google argued that searching the Merchant Center IDs and Customer IDs would be unduly burdensome, due in part to technological constraints limiting the number of terms it can search simultaneously, but was unable to explain those constraints to the Court's satisfaction. Plaintiffs, for their part, suggested that Google was mistaken and that compliance with this Court's order will be less burdensome than Google fears. If after further investigating the asserted technological burdens (and after meeting and conferring in good faith with plaintiffs), Google continues to believe the Court-ordered ID searches will be unduly burdensome, it may, no later than **October 28, 2025**, submit a letter-application (i) explaining *in detail* the nature of those burdens, (ii) providing a *well-supported* estimate of the time and expense required to comply with this Order as written, and (iii) proposing *reasonable* modifications of this Order to ameliorate the burden and/or share the associated costs.

    c.    <u>Section III, Delisting Dates:</u> If Google possesses documents or data sufficient to identify the date on which it delisted each of the challenged domains, it must produce those documents or that data no later than **November 13, 2025.** Google will be precluded, thereafter, from introducing or relying upon any newly-identified or newly-produced documents or data for that purpose.

    d.    <u>Section IV, Beta Program:</u> No later than **November 13, 2025**, Google must search for and produce any nonprivileged documents responsive to Plaintiffs' RFPs 92 and 93 (limited, in the case of RFP 93, to outgoing group/standardized communications to publishers participating in or invited to participate in the program).

The Clerk of Court is respectfully directed to close the motions at Dkts. 185 and 186.

Dated: New York, New York      **SO ORDERED.**
October 15, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**