UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING INC., et al.,

        Plaintiffs,

-against-

GOOGLE LLC,

        Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/25
```

24-CV-4274 (JLR) (BCM)

**UPDATED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    As discussed on the record during the October 14, 2025 discovery conference, the Court hereby adopts the following updated scheduling order:

1.    Written Fact Discovery.

        Unless the Court has given the parties an earlier (or later) deadline for a specific category of written fact discovery:

    a.    All document discovery, including the *production* of documents by parties and non-parties, must be completed no later than **January 6, 2026**. The Court expects the parties to make their document productions on a rolling basis whenever it is feasible to do so, rather than waiting to produce required documents at the last possible moment.

    b.    The final deadline to *serve* requests for admission and interrogatories is **February 20, 2026** (45 days prior to the close of all fact discovery).

    c.    The interim deadlines set forth in ¶¶ 1(a) and 1(b) may be extended on the written consent of the parties, without application to the Court, provided that fact discovery is completed by the date set forth in ¶ 2.

2.    Fact Depositions. Fact depositions, and all remaining fact discovery, must be *completed* no later than **April 6, 2026**. The Court expects the parties to begin scheduling and conducting fact depositions, when feasible, without waiting for the completion of document production.

3.    Expert Discovery.

    a.    Disclosure of expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), must be made no later than **May 6, 2026**.

    b.    Disclosure of expert evidence intended solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party must be made no later than **June 8, 2026**.

      c.      Disclosure of any expert evidence intended solely to reply to the rebuttal evidence on the same subject matter must be made no later than **July 1, 2026**.

      d.      Depositions of experts must be *completed* no later than **August 14, 2026**.

      e.      The interim deadlines set forth in ¶¶ 3(a)-(d) may be extended on the written consent of all parties, without application to the Court, provided that all expert discovery, including expert depositions, is *completed* by the date set forth in ¶ 4.

4. <u>Close of Discovery</u>. All discovery must be *completed* no later than **August 14, 2026**.

5. <u>Timely Discovery</u>. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices (including the word limits set forth therein). Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters and the argument presented at the conference, unless the Court determines that more formal briefing is required.

6. <u>Extensions and Adjournments</u>. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with Judge Moses's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. Applications made after the expiration of the deadline in question may be summarily denied.

7. <u>Status Conference</u>. Judge Moses will conduct a status conference on **December 15, 2025, at 10:00 a.m.** No later than **December 8, 2025**, the parties must submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

8. <u>Conferences and Hearings</u>. All court conferences, hearings, and other proceedings before Judge Moses will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call **(855) 244-8681** on their scheduled date, a few minutes before their scheduled time, and enter the access code **2314 181 4376#**. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

9. <u>Remote Depositions</u>. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

10. <u>Fed. R. Evid. 502(d) Order</u>. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

11. <u>Post-Discovery Conference with District Judge</u>. The post-discovery conference previously scheduled for April 16, 2026, before the Hon. Jennifer Rochon, United States District Judge (*see* Dkt. 110 ¶ 14), is ADJOURNED to **September 16, 2026**, at **11:00 a.m**.

12. <u>Post-Discovery Obligations Otherwise Unchanged</u>. Except as expressly modified herein, the provisions of Judge Rochon's Civil Case Management Plan and Scheduling Order dated May 30, 2025 (Dkt. 110) remain in effect.

Dated: New York, New York   SO ORDERED.
October 15, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**