IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 24-cv-04274-JLR-BCM |

## ATTORNEY DECLARATION OF JEFF KANE

1. I am an attorney at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for all Plaintiffs in this matter. I submit this declaration in support of Plaintiffs' Letter Motion for a Discovery Conference.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently hereto.

**The 261 Pirate Websites**

3. On December 24, 2024, Plaintiffs identified to Google 1,239 pirate websites that Plaintiffs had observed advertising the works-in-suit listed in the first Amended Complaint, Dkt. 38-1.

4. On May 30, 2025, Google finished producing documents showing that those 1,239 pirate websites likewise operated approximately 27,177 *additional* pirate websites. GOOG-CENG-00000703; GOOG-CENG-00392941; GOOG-CENG-00392942. All 27,177 of these sites currently or previously were registered to the same Merchant Center account as at least one of the 1,239 pirate websites Plaintiffs identified in December 2024. This is

1

evident from reviewing the list of Merchant Center accounts and associated pirate websites that Google provided. *Id.* It is also evident because Google only produced information on pirate websites that are or were registered to the same accounts as the 1,239 sites Plaintiffs initially identified.

5. On June 2, 2025, Google finished producing documents showing the proposed ads that the Google accounts associated with these 1,239 websites submitted to Google.[1]

6. On July 22, 2025, Google produced documents showing the ads that Google actually showed to Google users on behalf of the Merchant Center accounts associated with the 1,239 pirate websites Plaintiffs identified.

7. Those documents show that at least 261 of the 27,177 pirate websites advertised at least one work-in-suit on or before September 16, 2024.[2] On October 24, 2025, I provided to Google a spreadsheet containing these 261 sites, and at least one work-in-suit that Google's offer and ads data indicates Google advertised for each site. As with the broader set of 27,177 sites, all 261 of these sits are or were registered to the same Merchant Center account as at least one of the 1,239 pirate websites Plaintiffs identified in December 2024.

---

[1] I understand that merchants submit "offers" to Google, i.e., information about the product that the merchant wants to appear in an ad, along with a "bid" for how much the merchant is willing to pay for the ad. Google then decides the "offers" for which it will create an ad for and show to its users. In other words, any given "offer" may or may not be turned into an ad.

[2] The ads data Google has produced thus far do not include all of the ads Google ran for these 261 sites, because a site can be associated with multiple Google accounts over time. Google has not searched for all of the accounts with which these sites are associated, and so has not pulled all of the ads associated with those accounts.

**Meet-and-Confer History**

8. On July 22, 2025, Google provided the ads data necessary for Plaintiffs to identify the 261 pirate websites at issue here.

9. The next day, Plaintiffs informed Google that Plaintiffs would provide Google with a list of the pirate websites for which Google advertised a work-in-suit, and that were *not* among the 1,239 pirate websites Plaintiffs previously identified. 25.07.23 O+Z Email.

10. On August 11, 2025, Plaintiffs provided Google with 546 such domains (Plaintiffs ultimately moved only on the 261 domains at issue here).

11. The parties met and conferred on August 14. The conferral started at 1:00PM and lasted thirty minutes. The following attorneys participated: Plaintiffs' Counsel: Jeff Kane, Uriel Lee, and Michele Murphy; Defendant's Counsel: Sara Sampoli, Holly Victorson, and Sarah Tomkowiak.

12. Google did not respond to Plaintiffs' August 11 request during the August 14 meet-and-confer. Indeed, Google did not respond to Plaintiffs' request until September 23, 2025. In that response, Google stated that it would produce nearly all of the data Plaintiffs seek here for 281 websites, if Plaintiffs agreed to a six-month extension of all discovery deadlines. 25.09.23 Latham Email. 201 of the websites Google identified are among the 261 that websites at issue in this motion. But Google subsequently changed its mind, and refused to produce any additional documents concerning these 261 pirates websites. 25.10.21 Latham Email.[3]

---

[3] Plaintiffs confirmed during a meet-and-confer on October 22 that Google now is refusing to produce documents concerning any of these sites. That meet-and-confer mostly involved a different issue. But it began at 12:00 PM and lasted approximately twenty minutes. The participants were: Plaintiffs' Counsel: Jeff Kane, Uriel Lee, and Michele Murphy; Defendant's Counsel: Laura Bladow, Caroline Clarke, and Sarah Tomkowiak.

13. The parties met and conferred again on September 25. The conferral started at 1:00PM and lasted one hour. The following attorneys participated: Plaintiffs' Counsel: Yunyi Chen, Jeff Kane, Kevin Lindsey, Michele Murphy; Defendant's Counsel: Laura Bladow, Caroline Clarke, Rose-Marie Jung, Sarah Tomkowiak, Holly Victorson.

14. At the October 8 discovery hearing, the Court ordered Google to produce information concerning the 1,239 merchants for the period September 17, 2024 through March 31, 2025. Dkt. 217 ¶ 1(a). After the hearing, Plaintiffs suggested to Google that, as Google was pulling this information anyway, Google should do so for the additional 261 pirate websites at issue here. 25.10.20 O+Z Email. Google declined. 25.10.21 Latham Email.

**Relevant RFP**

15. The several RFP that are relevant to the instant motion, along with Google's responses to those RFP, are attached as Exs. 1 and 2.

    a. RFP 22 (documents concerning Plaintiffs' infringement notices),

    b. RFP 24 and RFP 25 (identifying information for the pirates who advertised the works-in-suit),

    c. RFP 27 and RFP 28 (infringement notices concerning these pirates),

    d. RFP 33 and RFP 34 (revenue from these pirates),

    e. RFP 37 and RFP 38 (Shopping ads run for these pirates).

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed October 24, 2025, in Washington, D.C.

/s/ *Jeff Kane*
Jeff Kane