# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>   Plaintiffs,<br><br>   v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Civil Action No. 24-cv-04274-JLR-BCM |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs serve their First Set of Requests for Production of Documents upon Defendant Google LLC. Defendant shall respond within 30 days of service of these requests in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court. Plaintiffs request that Defendant produce the documents described herein electronically to Jeff Kane, jkane@oandzlaw.com, or, if hard copies are produced, at the offices of Oppenheim + Zebrak, LLP, 461 5th Avenue, 19th Floor, New York, NY 10017, within the time period required by the Federal Rules of Civil Procedure and Local Rules of this Court or at such other time ordered by the Court or agreed upon by the parties.

**DEFINITIONS**

Unless otherwise indicated, the following definitions apply to the requests herein:

1.  The term "Acceptable Use Policy" refers to any policy concerning the obligations,

1

rules, or limitations of Shopping Ads Merchants' use of services offered by Google on its Shopping platform.

2. The term "any" should be understood to include and encompass "all" and vice versa, and the term "or" should be understood to include and encompass "and" and vice versa.

3. The term "Bidding Tools" refers to tools Shopping Ads Merchants can use to bid on Shopping Ads or for Shopping Ads campaigns, including Target ROAS, Target Cost-per-Action, Maximize Conversion, and Maximize Conversion Value.

4. The term "click" refers to instances where a Google user clicks on a Google Shopping Ad.

5. The term "Complaint" refers to the Complaint filed by Plaintiffs on June 5, 2024 (Dkt. No. 1) in this case, or any subsequently filed amended Complaint.

6. The term "communication" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances.  The definition is not limited to transfers between persons, but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document that was sent by one or more persons to another or others; any telephone call between one or more persons and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more persons and another or others, whether such contact was by chance or prearranged, formal or informal.  For the avoidance of doubt, "communication" includes conversations through chat or instant messaging services such as Google Chat, and includes SMS or text messages and iMessages.  While "communications" is used to provide examples of the information sought by certain requests, the term "documents" as used herein includes communications.

7. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

8. The term "conversion" refers to instances where a Google user clicked on a Shopping Ad and purchased the product advertised.

9. The term "Copyright Infringement Policy" refers to any Google policy, practice, or procedure that seeks to address copyright infringement by Shopping Ads Merchants.

10. The term "describe" means to provide a complete description and explanation of the requested subject matter, including persons and dates involved in the subject and communications at issue.

11. The term "Digital Books Shopping Ads Policy" refers to Google's policies, practices, and procedures concerning the advertisement of digital books or ebooks in Shopping Ads, including the policy described at https://support.google.com/merchants/answer/10524536 claiming that "Digital books can no longer be advertised on Shopping ads."

12. The term "DMCA Agent" refers to any person or entity Google has designated to receive notifications of alleged copyright infringement pursuant to the Digital Millennium Copyright Act ("DMCA"), e.g., 17 U.S.C. § 512(c)(2).

13. The term "DMCA Policy" refers to any Google policies, practices, or procedures concerning Google's obligations under, intended compliance with, or efforts to qualify for a safe harbor defense under the DMCA with regard to Shopping Ads or the activities of Shopping Ads Merchants.

14. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft of a nonidentical copy is a separate document within the meaning of this

term. "Document" specifically includes electronically stored information as defined in Rule 34(a).

15. The term "Free Ads" refers to Shopping Ads that appear in Google's Shopping platform and for which the Shopping Ads Customer does not pay Google to list the advertisement, or when Google users click on the ad.

16. When referring to a person, the term "identify" means to give, to the extent known, the person's full name, present or last known address, email address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

17. When referring to documents, the term "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s); and (v) if produced in discovery in this lawsuit, the Bates number.

18. The term "includes" or "including" should be understood to mean "including but not limited to."

19. The term "impressions" refers to instances where a Google Shopping Ad is shown to a Google user.

20. The term "Infringement Notice" refers to a notice sent to Google informing Google that one or more Shopping Ads Merchants allegedly infringed a copyright, such as a DMCA notice, or infringed a trademark, in connection with a Shopping Ad, regardless of whether Google processed the notice.

21. The term "Infringing Domain" refers to any website domain name listed or

otherwise identified in a Plaintiff Infringement Notice.

22. The term "Infringing Landing Page" refers to the webpage to which a Shopping Ad identified in a Plaintiff Infringement Notice linked or resolved.

23. The term "Infringing Merchant" refers to any Shopping Ads Merchant listed or otherwise identified in a Plaintiff Infringement Notice.

24. The term "Merchant Center" refers to the Google Merchant Center.

25. The term "Paid Ads" refers to Shopping Ads Google identifies as "Sponsored" or where the Shopping Ads Merchant pays Google when a Google user clicks the advertisement or otherwise pays Google for the advertisement.

26. The term "Plaintiffs" refers collectively to Cengage Learning, Inc.; Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning; Macmillan Holdings, LLC; Elsevier Inc.; Elsevier B.V.; and McGraw Hill LLC; and "Plaintiff" means any one of the Plaintiffs.

27. The term "Plaintiff Infringement Notice" refers to an Infringement Notice sent by or on behalf of a Plaintiff to Google.

28. The term "process," with respect to an Infringement Notice, means reviewing the notice and taking an action in response to it, such as assessing a "strike" against the Shopping Ads Merchant, forwarding the notice to the Shopping Ads Merchant, suspending or terminating the Shopping Ads Merchant's Merchant Center account, Google Ads account, or advertising privileges, or issuing a warning to the Shopping Ads Merchant.

29. The term "Related Ads Merchants" means any Shopping Ads Merchant that shares with an Infringing Merchant a common identity, common or related business or website ownership or operation, or other similarity that demonstrates a business connection or link between Google

account holders. For instance, Related Ads Merchants may be identified through information provided in connection with the creation, registration, usage, and payment or receipt of funds concerning a Google account. Such information may include, for instance, the same or substantially similar individual name, business name, financial account, physical address, or email address. Related Ads Merchant also includes any Shopping Ads Merchant not identified in the Plaintiff Infringement Notices whose products sold are sold on an Infringing Domain or Infringing Landing Page and advertised through a Shopping Ad.

30.   The term "Repeat Infringer Policy" refers to any policy that seeks to address copyright infringement by Shopping Ads Merchants in connection with 17 U.S.C. § 512(i).

31.   The term "Shopping Ads" refers to advertisements on Google's Shopping platform that include product images, including "product listing ads," and including Free Ads and Paid Ads.

32.   The term "Shopping Ads Merchant" refers to any Google user whose products are advertised in Shopping Ads.

33.   The terms "you," "your," "Google," or "Defendant" refer to Google LLC, its parents, subsidiaries, affiliates, officers, directors, agents, employees, and any other person or entity currently or previously acting or purporting to act on its behalf.

34.   The use of a verb in any tense shall be construed as the use of the verb in all other tenses.  The use of the singular form of any word shall include the plural and vice versa.

## **INSTRUCTIONS**

1.   These requests shall be deemed to be continuing to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

2.   Defendant is to produce documents comprising electronically stored information pursuant to an agreed-upon protocol governing the production of electronically stored information

6

and paper documents.

3. Defendant is to produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices as they are kept in the usual course of business or, alternatively, organized and labeled to correspond to the category of documents requested.

4. In response to each request, Defendant shall affirm whether responsive documents exist and have been, or shall be, produced.

5. If Defendant deems any information, document, or communication requested by any of the following requests to be protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, please identify or describe: (a) the information, document, or communication you claim to be so protected by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients and any individual to whom the information, document, or communication was distributed, shown, or explained; (c) the information, document, or communication's current custodian; and (d) all bases, factual and legal, upon which such protection allegedly rests. If you contend that only a portion of the information contained in a document is privileged, provide the portion that you do not contend is privileged.

6. If more than one copy of a document exists, Defendant shall produce the original and each non-identical copy of each document or other tangible thing requested herein, which is in Defendant's possession, custody, or control, or that of persons under the control of Defendant.

7. Defendant shall respond fully to each request unless Defendant objects in good faith. An objection must state with specificity the grounds for the objection and whether any responsive materials are being withheld on the basis of that objection. An objection to part of a

request (or a word, phrase, or clause contained in the request) must specify the part objected to, and Defendant shall produce or permit inspection of the rest.

8.      Unless otherwise specified, the relevant time frame for these Requests is August 1, 2019 through the present.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1**     Documents sufficient to show your formation and status as a legal entity and the identity of each of your parents, subsidiaries, and affiliates.

**REQUEST NO. 2**     Organizational charts or other documents sufficient to show which of your departments are responsible for the following activities, the identity and title of management-level employee in the department, and how the department fits within the overall Google corporate structure: (1) receiving and processing Infringement Notices; (2) developing, applying, and enforcing your policies, practices, and procedures that are relevant to Plaintiffs' claims or your defenses in this case, including your Acceptable Use Policy, Copyright Infringement Policy, DMCA Policy, Repeat Infringer Policy, and Digital Books Shopping Ads Policy; and (3) Shopping Ads-related operations, including ads creation, display, placement, obtaining preferred placement, approval, and rejection; technical and customer support; pricing, selling, bidding, and auctions; impressions, clicks, click-throughs, and conversions; revenue generation and tracking; collection of user/consumer data; and marketing Shopping Ads services and other Google services to Shopping Ads Merchants.

**REQUEST NO. 3**     Documents identifying and describing each Infringement Notice you received concerning a Shopping Ads Merchant and whether and how you processed and responded to such notice.

**REQUEST NO. 4**     Documents identifying and describing each instance in which you

Infringement Notices or efforts to improve upon such processing.

**REQUEST NO. 16**   All documents constituting or concerning reports, studies, summaries, research, presentations, analyses, or similar documents concerning Infringement Notices you received and any actions you took in response to such Infringement Notices.

**REQUEST NO. 17**   All documents describing any circumstances in which you would reject, block, delete, decline to process, or fail to act upon an Infringement Notice.

**REQUEST NO. 18**   All documents concerning any circumstances in which you would respond to an Infringement Notice with a message warning the Infringement Notice sender against submitting duplicate notices. "Duplicate notices" includes instances where two or more notices concern the same domain or landing page.

**REQUEST NO. 19**   All documents concerning the reactivation of service or reinstatement of any Shopping Ads Merchant whose service or account you terminated, suspended, or restricted for a violation concerning copyright or trademark infringement.

**REQUEST NO. 20**   All documents concerning public statements by any Google employee, agent, or other person speaking on Google's behalf concerning Google's policies, practices, and procedures concerning copyright or trademark infringement by Shopping Ads Merchants.

**REQUEST NO. 21**   All documents concerning Google's form, standard, or otherwise pre-scripted responses to Infringement Notices, including the language of each such response and Google's policies, practices, and procedures concerning when each response should be provided to the submitter of an Infringement Notice.

**REQUEST NO. 22**   All documents concerning Plaintiffs' Infringement Notices, including documents describing your processing of the notices; decisions concerning how to

11

respond to the notices and whether to terminate, suspend, take other adverse action against, or reinstate the Shopping Ads Merchants identified in the notices or their Merchant Center, Google Ads, or other Google accounts; your communications with Plaintiffs, Plaintiffs' authorized representatives, or other third concerning the notices; and your internal communications concerning the notices.

**REQUEST NO. 23**    All documents concerning Google's policies, practices, and procedures concerning when and how Google provides Infringement Notices that it receives to third parties, including Shopping Ads Merchants, and the nature of such communications.

**REQUEST NO. 24**    Documents sufficient to identify each Infringing Merchant and the merchant's associated websites.

**REQUEST NO. 25**    Documents sufficient to identify each Related Ads Merchant and the Infringing Merchant to which the Related Ads Merchant is related.

**REQUEST NO. 26**    Document sufficient to identify and describe the Google services used by each Infringing Merchant and Related Ads Merchant.

**REQUEST NO. 27**    All documents concerning Infringement Notices sent to you by any person concerning any Infringing Merchant or Related Ads Merchant, including data, logs, tickets, or information showing, as to each such Infringement Notice, the following information:

- Infringing Merchant's Merchant Center ID;
- Infringing Merchant's Google Ads account;
- domain name and URL of the website linked to or referenced in the ad;
- Shopping Ads Merchant's name, address, and email address;
- date and time of observation identified in the Infringement Notice;
- each URL identified in the Infringement Notice, including ads and landing page URLs;
- date Infringement Notice sent;
- name of the Infringement Notice submitter;
- name of the rightsholder on whose behalf the Infringement Notice was submitted;
- title or other description of the work allegedly infringed, including, for books, the title, ISBN, and publisher;
- each action you took or determined not to take with respect to the Infringement Notice;

and
- date and time of each such action or determination.

**REQUEST NO. 28**   All documents concerning Infringement Notices sent to you by any person concerning Shopping Ads for Infringing Domains, including data, logs, tickets, or other documents showing, as to each such Infringement Notice, the following information:

- Shopping Ads Merchant's Merchant Center ID;
- Shopping Ads Merchant's Google Ads account;
- domain name and URL of the website linked to or referenced in the ad;
- Shopping Ads Merchant's name, address, and email address;
- date and time of observation identified in the Infringement Notice;
- each URL identified in the Infringement Notice, including ads and landing page URLs;
- date Infringement Notice sent;
- name of the Infringement Notice submitter;
- name of the rightsholder on whose behalf the Infringement Notice was submitted;
- title or other description of the work allegedly infringed, including, for books, the title, ISBN, and publisher;
- each action you took or determined not to take with respect to the Infringement Notice; and
- date and time of each such action or determination.

**REQUEST NO. 29**   Documents concerning all communications between you and any Infringing Merchant or Related Ads Merchant, including communications concerning any Infringement Notice; any violation of Google policy, including any Acceptable Use Policy, Repeat Infringer Policy, or Copyright Infringement Policy; and any adverse action to be taken or not taken against the merchant or its Merchant Center, Google Ads, or other Google account.

**REQUEST NO. 30**   For each Infringing Merchant and Infringing Domain, documents sufficient to show:

- the number of Shopping Ads that Google ran for that Infringing Domain;
- the Merchant Center ID and Google Ads account for the Shopping Ads Merchant associated with each such ad;
- the total clicks, cost-per-click, click-through rate, impressions, and conversions on ads for the Infringing Domain; and
- the use of Bidding Tools.

**REQUEST NO. 31**   All documents concerning any warnings, ratings, risk assessments,

13

flags, or other fraud, security, or infringement risk you identified or considered concerning any Infringing Merchant or Related Ads Merchant.

**REQUEST NO. 32**   All documents constituting or concerning reports, studies, summaries, research, presentations, analyses, or similar documents concerning fraud, infringement, or other illegal activity by Shopping Ads Merchants.

**REQUEST NO. 33**   Documents sufficient to identify and describe Google's receipt of revenue, payments, fees, and other compensation in connection with each Infringing Merchant and Related Ads Merchant for any Google platform or services, including subscriptions, Shopping Ads, Search ads, banner ads, display ads, retargeted ads, and YouTube ads. Such documents should specify which Google platform or services they concern.

**REQUEST NO. 34**   To the extent not included in the documents produced in response to Document Request No. 33, documents sufficient to identify and describe Google's revenues, costs, expenses, profits, and losses concerning any business conducted with Infringing Merchants and Related Ads Merchant.

**REQUEST NO. 35**   All documents concerning information provided to you by or on behalf of each Infringing Merchant or Related Ads Merchant, including all information in each such merchant's Merchant Center ad stream, such as product IDs, SKUs or ISBNs, prices, descriptions, publishers, brands, Google product categories, and images.

**REQUEST NO. 36**   For each Infringing Merchant and Related Ads Merchant, documents sufficient to identify and describe:

- identifying information for the owner(s) or operator(s) of the account, including email addresses (including recovery email addresses), phone number, recovery SMS, legal name, account ID, physical address, and IP addresses used to access the account;
- account access information, including current account status and the dates the account was created, last updated, last accessed, and terminated;

- for those Infringing Merchants or Related Ads Merchants whose identity you labeled "verified" at any time, the information provided to you by the merchant to support or result in such verification and the information you considered in making the verification determination;
- all items advertised using Shopping Ads;
- all Shopping Ads placed on behalf of the Infringing Merchant or Related Ads Merchant;
- all domains and landing pages to which all such Shopping Ads linked;
- all other ads that Google ran on any platform on behalf of the Infringing Merchant or the Related Ads Merchant; and
- all other services offered by Google that the Infringing Merchant or the Related Ads Merchant utilized.

**REQUEST NO. 37**   For each Shopping Ad you ran for products sold by an Infringing Merchant or Related Ads Merchant, documents sufficient to identify and describe:

- the Infringing Merchant or Related Ads Merchant;
- the domain and landing page to which the Shopping Ad linked;
- the product the Shopping Ad advertised, including, for books, the title, ISBN, and publisher;
- daily raw counts of clicks, impressions, and conversions;
- the cost-per-click and click-through rate;
- any Bidding Tools used to place the Shopping Ad;
- the dates the ad ran;
- status records, including any reported issues or adjustments to the ad;
- costs, fees, or other compensation paid to Google in connection with the ad; and
- the top three competing bids for each ad, including the amount of the bid and which Shopping Ads Merchants placed the bids.

**REQUEST NO. 38**   For products sold by each Infringing Merchant and Related Ads Merchant, documents sufficient to identify the number of Shopping Ads you ran, the number of Shopping Ads you rejected, and the reason for each rejection.

**REQUEST NO. 39**   For each Shopping Ad you ran for products sold by a Plaintiff, documents sufficient to identify and describe:

- the Plaintiff whose product was advertised;
- daily raw counts of clicks, impressions, and conversions;
- the cost-per-click and click-through rate;
- the dates the ad ran;