IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | **Civil Action No. 24:cv-04274-JLR-BCM** |

## ATTORNEY DECLARATION OF
## MICHELE H. MURPHY

1. I am an attorney at the law firm Oppenheim + Zebrak, LLP, counsel for all Plaintiffs in this matter. I submit this declaration in support of Plaintiffs' Letter Motion for a Discovery Conference.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently hereto.

3. I attended the initial conference in this case before Judge Rochon on September 4, 2024. At the conference, the parties made arguments to Judge Rochon concerning their respective proposals for a case management schedule.

4. Prior to the hearing, Plaintiffs requested that the deadline for amending the complaint for general purposes be December 4, 2024, but that the deadline to amend the complaint solely for the purpose of adding works-in-suit or trademarks to the case should March 28, 2025. Proposed Case Management Plan Dkt. 29-1 ¶ 6. Plaintiffs explained that

> information in Google's possession concerning the full extent of the alleged infringements will not be known to Plaintiffs until certain discovery has been completed. Though Plaintiffs completed an extensive investigation before filing this case, certain relevant information is only in

1

> Google's possession, including, without limitation, information regarding additional infringing ads Google ran for repeat-infringer pirate sellers identified in Plaintiffs' notices of infringement, and Plaintiffs' works and trademarks that were the subject of those infringing ads.

Dkt. 29-1 ¶ 6.

5. Google opposed Plaintiffs' request, arguing that

> there is no need for a special, additional later deadline for the plaintiffs to amend the Complaint to assert entirely new claims." Dkt. 29-1 ¶ 6. Google argued that if Plaintiffs amended their complaint to add new works, there would need to be "discovery and analysis as to . . . many issues in this case . . . including . . . Plaintiffs' takedown requests as to such works and Google's handling of such requests, among others.

Dkt. 29-1 ¶ 6.

6. At that hearing, I explained that Plaintiffs would not know the scope of Google's infringement until Google produced evidence of the ads it ran. Plaintiffs cannot capture every ad that Google runs for infringing copies of Plaintiffs' works, including because Google's adds are dynamic, i.e., because Google targets ads to individual users, not every user sees the same ads. Am. Compl. ¶ 37.

7. At the hearing, Judge Rochon agreed with Plaintiffs, and set the deadline to amend the complaint solely to add works-in-suit or trademarks as March 1, 2025, and set the deadline for amending the complaint for all other purposes as December 4, 2024. Dkt. 34 ¶ 6. The deadline for amending the complaint solely to add works-in-suit or trademarks subsequently was extended to July 14, 2025. Dkt. 110 ¶ 6.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

    Executed October 24, 2025, in Washington, D.C.

                                          /s/ *Michele H. Murphy*
                                          Michele H. Murphy