UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,

Plaintiffs,

-against-

GOOGLE LLC,

Defendant.

Case No. 1:24-cv-04274 (JLR) (BCM)

**<u>OPINION AND ORDER</u>**

---

JENNIFER L. ROCHON, United States District Judge:

In this copyright and trademark infringement action, Plaintiffs Cengage Learning, Inc.; Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning; Macmillan Holdings, LLC; Elsevier Inc.; Elsevier B.V.; and McGraw Hill LLC (collectively, "Plaintiffs") have moved to strike certain affirmative defenses pleaded by Defendant Google LLC ("Google"). For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiffs' motion.

## BACKGROUND

This action centers on Plaintiffs' allegations that Google facilitates and promotes the online sale of infringing digital copies of Plaintiffs' textbook and educational works. *See Cengage Learning, Inc. v. Google LLC (Cengage I)*, 786 F. Supp. 3d 611, 618 (S.D.N.Y. 2025). The Court assumes familiarity with the factual background provided in *Cengage I*, and here sets forth only the procedural background necessary to contextualize the instant motion to strike.

Plaintiffs initiated this action on June 5, 2024, and asserted four causes of action: contributory copyright infringement (Count I), vicarious copyright infringement (Count II),

trademark infringement under 15 U.S.C. § 1114(1)(b) (Count III), and violation of N.Y. Gen. Bus. Law § 349(a) (Count IV).  *See* Dkt. 1 ("Compl.") ¶¶ 120-52.  On August 26, 2024, Google moved to dismiss Counts II, III, and IV of the Complaint.  Dkt. 27.

On September 16, 2024, Plaintiffs filed an amended complaint asserting the same four causes of action.  Dkt. 38 ("FAC") ¶¶ 120-52.  On September 23, 2024, the Court denied Google's previously filed motion to dismiss as moot in light of the FAC, and set a briefing schedule for Google's new motion to dismiss the FAC.  Dkt. 40.  On September 30, 2024, Google filed a motion to dismiss Counts II, III, and IV of the FAC.  Dkt. 43.

On June 4, 2025 — after Google's motion to dismiss had been fully briefed, oral arguments presented, and supplemental letters filed, *see* Dkts. 99, 102-104 — the Court granted in part and denied in part Google's motion.  *See generally Cengage I,* 786 F. Supp. 3d 611. Specifically, the Court dismissed Count II, *id*. at 620-27, and Count IV of the FAC, *id*. at 631-34, but declined to dismiss Count III, *id*. at 627-31.  On July 2, 2025, Google filed an answer to the FAC and, in it, asserted fourteen affirmative defenses.  *See* Dkt. 116 ("Answer" or "Ans.").

On July 23, 2025, Plaintiffs moved to strike four of those affirmative defenses: (1) statute of limitations; (2) safe harbor under the Digital Millenium Copyright Act ("DMCA"); (3) equitable estoppel, waiver, *in pari delicto*, unclean hands, ratification, laches, copyright misuse, "and/or other related equitable doctrines"; and (4) preemption by the Copyright Act.  *See* Dkt. 135 ("Br.").  Google filed an opposition brief on August 6, 2025, Dkt. 166 ("Opp."), and Plaintiffs filed a reply on August 13, 2025, Dkt. 170 ("Reply").  Accordingly, the motion to strike is fully briefed.

Throughout the pendency of Plaintiffs' motion, discovery has been ongoing between the parties, as overseen by Magistrate Judge Moses.  On October 15, 2025, Judge Moses extended

the parties' discovery schedule, ordering that fact discovery must be completed by April 6, 2026, and all discovery must be completed by August 14, 2026.  Dkt. 222 at 1-2.

## LEGAL STANDARD

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Motions to strike affirmative defenses under Rule 12(f) are disfavored, and the standard for a plaintiff to prevail is demanding."  *Shunock v. Apple, Inc.*, 738 F. Supp. 3d 371, 377 (S.D.N.Y. 2024) (quoting *Federico & Co. v. Zurich Gen. Ins. Malay. Berhad*, No. 23-cv-04411 (AS), 2024 WL 1804655, at *2 (S.D.N.Y. Apr. 25, 2024)).  A plaintiff seeking that relief must show that "(1) 'there is no question of fact which might allow the defense to succeed' when applying the 'plausibility' standard set by *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007); (2) 'there is no question of law which might allow the defense to succeed'; and (3) the plaintiff 'would be prejudiced by the inclusion of the defense.'"  *S.E.C. v. Leibowitz*, No. 25-cv-02155 (JLR), 2025 WL 2056026, at *3 (S.D.N.Y. July 23, 2025) (citing *GEOMC Co. v. Calmare Therapeutics Inc*, 918 F.3d 92, 96-99 (2d Cir. 2019)).

Regarding this first prong, the *Twombly* standard does not require a pleading's factual allegations to be "detailed," but they "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In other words, while a pleading must be "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action," *id*. at 555 (citation omitted), it must contain "only enough facts" as to make it "plausible on its face," *id*. at 570.  To comport with the *Twombly* standard, then, a defendant pleading affirmative defenses "need[s] to support th[o]se defenses with some factual allegations to make them plausible."  *GEOMC*, 918 F.3d at 99; *accord Abdou v. Walker*, No. 19-cv-01824 (PAE), 2022 WL 3334700, at *5 (S.D.N.Y. Aug. 12, 2022).  Even if the affirmative defenses themselves

are set forth in "boilerplate language," however, they may still meet the *Twombly* standard if "sufficient factual content is pled elsewhere to support the[m]." *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-cv-05075 (LJL), 2020 WL 3472597, at *12 (S.D.N.Y. June 25, 2020).

Applying the *Twombly* standard to affirmative defenses is "a 'context-specific' task," and "the degree of rigor appropriate for testing the pleading of an affirmative defense" may be lesser than that used to test the pleading of a complaint. *GEOMC*, 918 F.3d at 98 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "As such, courts may apply a 'relaxed version' of the plausibility standard where it is warranted by '(1) the limited period of time a pleader of an affirmative defense has relevant to the pleader of the complaint; and (2) the "nature of the affirmative defense," *i.e.*, whether factual support is readily available.'" *Abdou*, 2022 WL 3334700, at *5 (quoting *Jablonski v. Special Couns., Inc.*, No. 16-cv-05243 (ALC), 2020 WL 1444933, at *2 (S.D.N.Y. Mar. 25, 2020)); *GEOMC*, 918 F.2d at 98 (holding that if the facts needed to plead an affirmative defense are not "readily known to the defendant," a relaxed application of the plausibility standard is warranted). Courts applying this relaxed standard permit defendants to plead affirmative defenses "in a 'conclusory' manner" given that they rely on "the sort of facts that would typically be revealed during discovery." *Tal Dagan MD v. Resolutions Billing & Consulting, Inc.*, No. 24-cv-00632 (RA), 2024 WL 5089276, at *5 (S.D.N.Y. Dec. 12, 2024) (quoting *Jablonski*, 2020 WL 1444933, at *4); *accord Vyas ex rel. Q3 I, L.P. v. Taglich Brothers, Inc.*, No. 23-cv-08104 (AT), 2025 WL 1265876, at *2 (S.D.N.Y Apr. 28, 2025); *Haxhe Props., LLC v. Cincinnati Ins. Co.*, No. 20-cv-01594, 2021 WL 2291101, at *3 (D. Conn. June 4, 2021). It follows that courts need not apply the relaxed standard where the context and circumstances of a case do not so warrant. *See Carnegie Inst. of Wash. v. Pure*

*Grown Diamonds, Inc*., Nos. 20-cv-00189 (JSR), 2020 WL 5209822, at *3 (S.D.N.Y. Aug. 31, 2020).

Under the second prong of *GEOMC*, "an affirmative defense is improper and should be str[uck] if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." *GEOMC*, 918 F.3d at 98. "[T]he bar for so finding is a demanding one: a 'court may strike only those defenses so legally insufficient that it is beyond cavil that defendants could not prevail upon them.'" *Sec. & Exch. Comm'n v. Leibowitz*, No. 25-cv-02155 (JLR), 2025 WL 2056026, at *8 (S.D.N.Y. July 23, 2025) (quoting *Serby v. First Alert, Inc*., 934 F. Supp. 2d 506, 516 (E.D.N.Y. 2013)). Thus, courts often find that the second *GEOMC* prong has been met where the affirmative defense, even if it were well pleaded factually, would nevertheless be legally precluded. *Compare Taglich Brothers*, 2025 WL 1265876, at *3 (striking affirmative defense that claims were barred by business judgment rule where plaintiff did "not sue[] any individual corporate directors or officers" and business judgment rule was thus inapplicable), *and Art Media, LLC v. Brant*, No. 19-cv-11218 (VM) (RWL), 2021 WL 746261, at *7 (S.D.N.Y. Feb. 12, 2021) (striking failure-to-mitigate defense as legally insufficient where "[t]here simply are no damages that [plaintiff] could have mitigated"), *report and recommendation adopted* 2021 WL 2193020 (S.D.N.Y. Mar. 5, 2021), *with Amimon, Inc. v. Shenzhen Hollyland Tech Co. Ltd.*, No. 20-cv-09170 (ER), 2023 WL 2478159, at *18 (S.D.N.Y. Mar. 13, 2023) (declining to strike affirmative defenses that "rely on sparse allegations" where "the [c]ourt cannot conclude at this stage that there exists *no* set of facts which could be proved in their support") *and Dorce v. City of New York*, No. 19-cv-02216 (JLR) (SLC), 2022 WL 16639141, at *4 (S.D.N.Y. Oct. 14, 2022) (declining to find affirmative defense unavailable as a matter of law where "[p]laintiffs' arguments concerning the factual deficiency in the [affirmative] [d]efense do not preclude the

possibility that [d]efendants could plead facts supporting" it), *report and recommendation adopted*, 2022 WL 16637746 (S.D.N.Y. Nov. 2, 2022).

Finally, "[w]hether the third . . . factor[], prejudice, should be a basis for dismissing . . . an otherwise valid affirmative defense will normally depend on when the defense is presented." *GEOMC*, 918 F.3d at 98. "A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." *Id.* This is because:

> A defendant with such a defense is entitled to a full opportunity to assert it and have it adjudicated before a plaintiff may impose liability. On the other hand, prejudice may be considered and, in some cases, may be determinative, where a defense is presented beyond the normal time limits of the Rules, especially at a late stage in the litigation . . . .

*Id.* at 98-99 (internal citation omitted).

## DISCUSSION

At the outset, the Court notes that Google's affirmative defenses challenged by Plaintiffs are uniformly boilerplate and stated without supporting facts. In its opposition to Plaintiffs' motion to strike, Google claims that all affirmative defenses are entitled to the application of a relaxed plausibility standard. *See* Opp. at 1 ("Google's statement of each of the defenses that Plaintiffs challenge meets the 'relaxed' standard to adequately plead an affirmative defense in this circuit."); *id.* at 3 ("With respect to whether there are facts that might support Google's defenses, courts have noted when considering a motion to strike that 'a relaxed application of the plausibility standard is warranted for affirmative defenses.'" (quoting *Hylton v. Hasten Beds, Inc.*, No. 19-cv-00662 (VSB), 2024 WL 1526153, at *2 (S.D.N.Y. Apr. 9, 2024))). The Court does not agree with this broad proposition. The Second Circuit's holding in *GEOMC*, as explained above, requires varyingly rigorous application of the *Twombly* standard based on the timing of the litigation and the nature of the defense. With this in mind, the Court turns to

Google's affirmative defenses, first determining whether to apply the relaxed pleading standard to each, and then analyzing each in accordance with the *GEOMC* factors.

## I.    Second Affirmative Defense: Statute of Limitations

Google's second affirmative defense states: "Plaintiffs' claims are barred, in whole or in part, by the statute of limitations (17 U.S.C. § 507(b))."  Ans. at 22.  Plaintiffs argue this defense should be struck because it "lack[s] plausible basis," since the statute of limitations for copyright claims is three years, "Plaintiffs began sending notices of infringement to Google on June 11, 2021," and Plaintiffs initiated this action "on June 5, 2024."  Br. at 4.  Google contends that it should be allowed "to test Plaintiff's allegations of when they began sending infringement notices and what those notices related to," as well as "when exactly Plaintiffs discovered the infringement" at issue in their claims.  Opp. at 4.  Google further argues that Plaintiffs have sought discovery "going back to August 2019" and, therefore, "could attempt" to raise time-barred allegations at trial.  Opp. at 5.  The Court will not strike this defense.

To begin, the Court applies the relaxed plausibility standard to this affirmative defense because a copyright infringement claim accrues, for statute of limitations purposes, when a plaintiff "discovers, or with due diligence should have discovered, the infringement."  *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024).[1]  Those facts, what Plaintiffs knew and when Plaintiffs knew it, are not readily known to Google.  Google has pleaded the relevant statute, 17 U.S.C. § 507(b), under which the limitations period arises.  *See*

---

[1] The so-called "discovery rule," as described in *RADesign*, is the law of the Second Circuit — indeed, it is the law of 11 of the 12 federal circuits, *see RADesign*, 112 F.4th at 150 n.5 — and is therefore the law that the Court will apply.  *Cf.* Opp. at 4 n.1 (asserting, without citing to any contrary Second Circuit authority, that "the Copyright Act [does not] permit[] application of the discovery rule" and "preserv[ing] this argument for further review").

17 U.S.C. § 507(b) (providing that a copyright holder has three years from date the claim accrued); *cf. Williamson v. Amica Mut. Ins. Co.*, No. 23-cv-01203, 2024 WL 2044747, at *3 (D. Conn. May 8, 2024) (striking statute of limitations defense that "fails to identify the relevant statutes and, in turn, the relevant statutory time periods"). Elsewhere in its Answer, Google also admits to "engag[ing] in discussions [with Plaintiffs] about Shopping ads for allegedly infringing copies of the [Plaintiffs]' works" "beginning in 2019 and continuing thereafter" up until Plaintiffs filed this action. Ans. ¶ 115. Therefore, Google has plausibly alleged facts that support a defense that Plaintiffs knew or should have known about the infringements more than three years before the Complaint was filed in 2025.[2]

Plaintiffs argue that Google's defense "lacks a plausible basis" because "Plaintiffs began sending notices of infringement to Google on June 11, 2021," and "Plaintiffs filed this case on June 5, 2024," less than three years later. *See* Br. at 4. However, Plaintiffs have not yet established that date as a fact, and Google has denied it, *see* Ans. ¶ 99. The Court will not resolve that factual dispute on Plaintiffs' motion to strike. *See Cadet v. Alliance Nursing Staffing of New York, Inc.*, No. 21-cv-03994 (KPF), 2023 WL 3872574, at *2 (S.D.N.Y. Jan. 6, 2023) ("[A] motion to strike is not a vehicle through which factual disputes are to be resolved."); *cf. Windward Bora, LLC v. Regalado*, 751 F. Supp. 3d 122, 134 (E.D.N.Y. 2024) (striking statute of limitations defense *at summary judgment* where plaintiff had established the date of defendant's

---

[2] Plaintiffs cite to *Jablonski v. Special Counsel, Inc.*, No. 16-cv-05243 (ALC), 2020 WL 1444933 (S.D.N.Y. Mar. 25, 2020). *See* Br. at 4. There, the plaintiff sued on an employment discrimination claim that, like copyright infringement, accrued when she learned or should have learned of her injury. *Id.* at *5. The court found that the affirmative defense of the statute of limitations was not plausibly pleaded because the defendant had failed to allege that plaintiff had access to certain information relevant to her injury and when she learned of that information. *Id.* Here, in contrast, Google's Answer details that discussions regarding infringements have been ongoing with Plaintiffs since 2019, Ans. ¶ 115, more than three years before the Complaint was filed in 2024. As such, *Jablonski* is inapposite.

mortgage default and demonstrated that foreclosure action filed thereafter was within limitations period).  More importantly, the date upon which Plaintiffs began sending infringement notices (June 11, 2021) does not indicate when Plaintiffs discovered (or should have discovered) the infringements related to that notice or any other infringements at issue here.

Thus, the Court disagrees with Plaintiffs' reading of *Cardenas v. Abbott Laboratories*, No. 11-cv-04860, 2012 WL 13393036 (N.D. Ill. Jul. 12, 2012), *see* Reply at 3.  In that case, the defendants raised their statute of limitations defense through "a mere conclusory statement of the defense, devoid of any factual support."  *Cardenas*, 2012 WL 13393036, at *2.  By contrast, Google's pleadings here contain factual allegations plausibly supporting a statute of limitations defense.  Moreover, "[a]t the time the answer was filed" in *Cardenas*, the plaintiff, like Plaintiffs here, "had not yet alleged the date on which she discovered or should have discovered [her injury]," and so that court viewed the defendants' threadbare initial pleading as a plausible assertion intended to avoid waiver of the defense.  *Id*.  To the extent that Plaintiffs read *Cardenas* to require *more* factual support from Google now, Plaintiffs omit that the *Cardenas* plaintiffs had, by the time of their motion to strike, alleged a precise accrual date, which allowed the defendants to respond with additional factual allegations suggesting the claim had in fact accrued earlier.  *Id*.  As discussed, Plaintiffs here have not necessarily done the same.

For all these reasons, Plaintiffs fail to meet the first *GEOMC* requirement.  In addition, Plaintiffs do not argue that the statute of limitations is not a legally available defense to their copyright claim, and therefore they also fail to meet *GEOMC*'s second requirement.  *Cf. Taglich Brothers*, 2025 WL 1265876, at *3; *Art Media,* 2021 WL 746261, at *7.  Finally, including this defense, which would be waived if not pleaded, does not prejudice the Plaintiffs.  "A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation," *GEOMC*, 918 F.3d at 98, and

Google's affirmative defense meets this standard. Nor would this defense add any particular "expense and complexity," Br. at 7 (quoting *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 327 (S.D.N.Y. 1999)) or "duration," *id.* (quoting *Coach Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 426 (S.D.N.Y. 2010)) to this litigation, inasmuch as discovery is still ongoing, and documents and information dating outside the limitations period have already been a part of that discovery, *see* Opp. at 5; Reply at 2-3.

Accordingly, the Court will not strike the second affirmative defense.

## II.    Third Affirmative Defense: Digital Millenium Copyright Act Safe Harbor

Google's Third Affirmative Defense states: "Plaintiffs' claims are barred, in whole or in part, because the Digital Millenium Copyright Act's safe harbor (17 U.S.C. § 512) shields Defendant from monetary liability for content generated and/or uploaded by its Merchants." Plaintiffs contend that they "cannot tell from [this] generic statement how [Google] intends to assert this defense." Br. at 4. Google argues that "Plaintiffs' own allegations make obvious" that Google is eligible for safe harbor under section 512(d) of the DMCA, and perhaps also sections 512(a) and 512(c). Opp. at 6-7, 7 n.2. The Court will not strike this affirmative defense.

"To qualify for protection under any of the [DMCA's] safe harbors, a party must meet a set of threshold criteria." *Viacom Int'l v. YouTube, Inc.*, 676 F.3d 19, 27 (2d Cir. 2012); *accord Capitol Records, LLC v. Escape Media Grp., Inc.*, No. 12-cv-06646 (AJN), 2015 WL 1402049, at *5 (S.D.N.Y. Mar. 25, 2015). Those criteria are that "the party qualify as a 'service provider,' as defined in the statute; adopt and reasonably implement a '"repeat infringer" policy'; and accommodate 'standard technical measures' used by copyright owners to protect their works." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 358 (S.D.N.Y. 2014) (quoting *Viacom Int'l*, 676 F.3d at 27). Given that these are threshold criteria, the failure to meet any one of them excludes a party from all of DMCA's specific safe harbors. *See Am.*

*Broadcasting Cos., Inc. v. Aereo, Inc*., Nos. 12-cv-01540, 23-cv-01543 (AJN), 2014 WL
5393867, at *7 (S.D.N.Y. Oct. 23, 2014) (declining to reach defendant's eligibility for specific
safe harbor where defendant failed to demonstrate "that it has satisfied all the eligibility
conditions for the § 512 safe harbors stated in § 512(i)," and concluding that defendant's
"[f]ailure to have in place [a repeat infringers] policy is thus an absolute bar to asserting any
defense under § 512").

These threshold requirements all involve information pertaining to what type of business
Google conducts and what actions it takes in connection with that business.  Thus, the factual
allegations necessary to support Google's threshold eligibility for any DMCA safe harbor
defense were "readily available" to Google by the time it filed the Answer, *GEOMC*, 918 F.3d at
98, and the Court will not apply a relaxed pleading standard here.  Instead, the *Twombly* standard
applies, and Google must plead some facts to support the threshold elements of this defense: (1)
qualification as a service provider within the DMCA's definition; (2) adoption and
implementation of a repeat infringer policy; and (3) accommodation of standard technical
measures.  *See BWP Media USA*, 69 F. Supp. 3d at 358.

The Court agrees with Plaintiffs that Google's DMCA affirmative defense pleading itself
is perfunctory, *see* Br. at 4-5.  However, the Court finds relevant factual support for the threshold
requirements of this affirmative defense elsewhere in the Answer.  *See Town & Country Linen*,
2020 WL 3472597, at *12 ("[T]he Court need not limit itself to the boilerplate language of an
affirmative defense if sufficient factual content is pled elsewhere to support the defense.").

First, Google alleges that it "operates the [Shopping] platform" at issue in Plaintiffs'
claims, which "offers hundreds of thousands of merchants the opportunity to advertise their
products to Google users," but that it "does not determine the content of the merchants'
advertisements, sell the merchants' products, or receive revenue from the merchants' sales."

Ans. at 1.  This sufficiently alleges that Google is a service provider within the meaning of the DMCA.  *See* 17 U.S.C. § 512(k)(1)(A) (defining "service provider" as "an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received"); *see also* Ans. at 2 (Google describing itself as "the operator of a neutral platform").

Second, Google alleges that it "provides a robust system for intellectual property owners to report allegedly infringing content to Google," *id.* at 1, that it requires all merchants to agree to its Terms of Service, which, among other provisions, forbid the merchants to use Google's services to "violate anyone's . . . intellectual property . . . rights," *id.* (citation omitted); and that it "does [] remove infringing content" in accordance with its Terms of Service, *id.*  These allegations sufficiently plead the second threshold requirement.  *See* 17 U.S.C. § 512(i)(1)(A) (requiring service provider to "adopt[] and reasonably implement[], and inform[] subscribers and account holders of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders . . . who are repeat infringers").

Third, in addition to setting forth its repeat infringer policy, Google also alleges that it "takes the problem of online piracy seriously . . . [and] has taken substantial steps to assist intellectual property owners in protecting their rights by adopting industry-leading practices to combat infringement across its Shopping platform."  Ans. at 1.  These assertions — together with those pertaining to Google's repeat infringer policy, and read with every reasonable inference in Google's favor, *see Coach*, 756 F. Supp. 2d at 425 — sufficiently plead the third threshold requirement.  *See* 17 U.S.C. § 512(i)(2) (defining "standard technical measures" as "technical measures that are used by copyright owners to identify or protect copyrighted works . . . ."); *see*

*also Obodai v. Demand Media, Inc.*, No. 11-cv-02503 (PKC), 2012 WL 2189740, at *5 (S.D.N.Y. June 13, 2012) (suggesting that plaintiff's own ability to "identif[y] the allegedly infringing" content supports a finding that defendant accommodated standard technical measures, and explaining that "'advis[ing] or encourag[ing]'" users to conceal a work's copyrighted status" is "[a]n example of a party's failure to comply with standard technical measures" (quoting *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 745 (S.D.N.Y. 2012))), *aff'd sub nom. Obodai v. Cracked Ent.*, 522 F. App'x 41 (2d Cir. 2013).

Having sufficiently pleaded the threshold requirements, Google now "must satisfy the requirements of a particular safe harbor." *Viacom*, 676 F.3d at 27. The Court finds that Google has sufficiently pleaded its eligibility for safe harbor under § 512(d).

The § 512(d) safe harbor applies to "service providers — such as search engines — that offer 'information location tools.'" *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 546 (S.D.N.Y. 2013) (citation omitted); *see* H.R. Rep. 105-551, pt. 2, at 57 (1998) (explaining that § 512(d) "addresses instances where information location tools refer or link users to an on-line location containing infringing material," and defining "information location tools" as "includ[ing][] a directory or index of on-line sites or material, such as a search engine that identifies pages by specified criteria"). It requires that the service provider not have actual knowledge of the infringement or "act[] expeditiously to remove, or disable access to, the material" "upon obtaining such knowledge," and that the service provider not "receive a financial benefit directly attributable to the infringing activity . . . ." 17 U.S.C. § 512(d).

Plaintiffs argue that "Google has not provided fair notice of the facts that supposedly underlie its § 512(d) affirmative defense," Reply at 10, and specifically contend that Google "has not pled that it has a repeat infringer policy, what its policy is, and how the policy was reasonably implemented," Reply at 5. Plaintiffs further contend that these purported pleading

deficiencies prejudice Plaintiffs by "hindering [their] discovery efforts." Reply at 10. The Court is not convinced.

Google's pleadings include that it operates a search engine, Ans. ¶¶ 36, 43, 58, which sufficiently pleads the § 512(d) safe harbor threshold requirement, *see Vimeo*, 972 F. Supp. 2d at 546; *see also* 17 U.S.C. § 512(d). Moreover, by its allegations with respect to its Terms of Service and repeat infringers policy, *see, e.g.*, Ans. at 1 (alleging Google "provides a robust system for intellectual property owners to report allegedly infringing content to Google," and that Google "does [] remove users' infringing content" in accordance with its Terms of Service), Google sufficiently pleads that it "acts expeditiously to remove, or disable access to" infringing material once made aware of its existence, 17 U.S.C. § 512(d)(1)(C). Finally, Google alleges that it does not "sell the merchants' products[] or receive revenue from the merchants' sales" on its Shopping platform, which sufficiently pleads § 512(d)'s prohibition of "directly attributable" financial benefit, *see* Ans. at 1.

In light of the foregoing, as well as Google's sufficient pleading of the threshold DMCA requirements, the Court is not persuaded by Plaintiffs' argument that they "cannot tell from Google's generic statement how it intends to assert this [DMCA] defense." Br. at 4. True, Google's pleadings do not explain every intricacy of its policy or contain an exegesis of its safe harbor defense. But Google's DMCA defense is no surprise to Plaintiffs, as it has been discussed since the commencement of this action, *see, e.g.*, Dkt. 57 at 24:12-24 (Plaintiffs, at December 11, 2024 conference, seeking certain discovery from Google because "Google is the one saying that it should get the protection of the DMCA Safe Harbor," and quoting from section 512's threshold requirements), and Plaintiffs are not entitled to the full overview of the defense in a pleading, *see Twombly*, 550 U.S. at 555, 570 (a pleading need not be "detailed," and must contain "only enough facts" as to make it "plausible on its face"). Moreover, to the extent

14

Plaintiffs desire greater detail on Google's policy, Google does cite (and link) to its Terms of Service and infringement reporting system in its Answer.  *See* Ans. at 1 n.1-3.

For similar reasons, the Court is also unpersuaded by Plaintiffs' reliance on *Pickersgill v. Neely*, No. 21-cv-00773, 2021 WL 5163197 (N.D. Tex. Nov. 5, 2021).  The pleadings in *Pickersgill* did "fail[] to specify which of [the DMCA's] four distinct protections might apply," *id.* at *3, which is similar to Google's pleadings here.  However, in *Pickersgill*, "the defendants' facts" also failed to "clearly implicate a DMCA safe harbor such that [plaintiff] ha[d] fair notice."  *Id.*  Here, by contrast, even though Google's pleadings did not explicitly identify which DMCA subsection's safe harbor it intended to invoke, they did include adequate factual support to invoke a DMCA defense as set forth above — Plaintiffs just had to look a little harder for it. *See Town & Country Linen,* 2020 WL 3472597, at *12.[3]

Therefore, the Court will not strike Google's third affirmative defense.

## III.    Fourth Affirmative Defense: Equitable Doctrines

Google's Fourth Affirmative Defense states: "Plaintiffs' claims are barred, in whole or in part, by equitable estoppel, waiver, *in pari delicto*, unclean hands, ratification, laches, copyright misuse, and/or other related equitable doctrines."  Ans. at 23.  Google has withdrawn ratification and copyright misuse in response to Plaintiffs' motion to strike.  Opp. at 2.  The Court will, therefore, address the remaining equitable defenses in turn.

---

[3] Even if Google's Answer may be less clear as to whether other DMCA safe harbors apply, such as sections 512(a) and (c), Reply at 4-5, the Court need not make that detailed legal determination at this juncture given that Google has adequately pleaded safe harbor under section 512(d).  *See Rich v. Miller*, 634 F. Supp. 3d 66, 72 (S.D.N.Y. 2022) ("[A] motion to strike should not be used as an opportunity for the determination of disputed, substantial questions of law." (quoting *E.E.O.C. v. Kelley Drye & Warren, LLP*, No. 10-cv-00655 (LTS) (MHD), 2011 WL 3163443, at *2 (S.D.N.Y. July 25, 2011))).

### A.      Equitable Estoppel, Waiver, and Laches

The Court first addresses the affirmative defenses of estoppel, waiver, and laches, which again must be pleaded or they are forfeited.  *See* Fed. R. Civ. P. 8(c)(1) (providing that "[i]n responding to a pleading, a party *must* affirmatively state any avoidance or affirmative defense, including . . . estoppel . . . , laches . . . [and] waiver" (emphasis added)).  To plead estoppel as an affirmative defense, a defendant must allege "(1) an act constituting a concealment of facts or a false []representation; (2) an intention or expectation that such acts will be relied upon; (3) actual or constructive knowledge of the true facts by the wrongdoers; (4) reliance upon the misrepresentations which causes the innocent part[y] to change its position to its substantial detriment."  *Nautilus Neurosciences, Inc. v. Fares*, No. 13-cv-01078 (SAS), 2013 WL 6501692, at *4 (S.D.N.Y. Dec. 11, 2013) (second alteration in original) (quoting *Jobim v. Songs of Universal, Inc.*, 732 F. Supp. 2d 407, 419 (S.D.N.Y. 2010).  To plead laches, a defendant must allege that "(1) the plaintiff knew of the defendant's misconduct; (2) the plaintiff inexcusably delayed in taking action; and (3) the defendant was prejudiced by the delay."  *Republic of Turkey v. Christie's Inc.*, 62 F.4th 64, 71 (2d Cir. 2023) (quoting *Ikelionwu v. United States*, 150 F.3d 233, 237 (2d Cir. 1998)).  To plead waiver, the defendant must allege that the plaintiff "voluntar[il]y and intentional[ly] abandon[ed] . . . a known right which, but for waiver, would have been enforceable.  Waiver may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage."  *IBJ Schroder Bank & Tr. Co. v. Fairfield Communities, Inc.*, 178 F.3d 78, 84 (2d Cir. 1999) (quoting *General Motors Acceptance Corp. v. Clifton-Fine Central School Dist.*, 647 N.E.2d 1329, 1331 (N.Y. 1995)).

Similar to the statute of limitations defense in this case, estoppel, laches, and waiver hinge on facts concerning what Plaintiffs knew and when they knew it, which are not "readily available" to Google.  *GEOMC*, 918 F.3d at 98.  In other words, whether Plaintiffs concealed

facts for purposes of an equitable estoppel defense, intentionally abandoned their known rights sufficient to support a waiver defense, or inexcusably delayed such that laches is implicated, are facts that are not readily available to Google, especially given the vast scope of purported infringements Plaintiffs raise in this case. Therefore, the "relaxed" *Twombly* standard applies. Under that standard, even a "conclusory" pleading of the defense will suffice, *see Tal Dagan*, 2024 WL 5089276, at *5; *Jablonski*, 2020 WL 1444933, at *4; *Haxhe Props.*, 2021 WL 2291101, at *3, and Google's invocation of these defenses is enough. Moreover, Google's admission that it "engaged in discussions [with Plaintiffs] about Shopping ads for allegedly infringing copies of the [Plaintiffs]' works" "beginning in 2019 and continuing thereafter" up until Plaintiffs filed this action, Ans. ¶ 115, provides some factual support indicating a basis for these defenses, inasmuch as it suggests that Plaintiffs knew about the alleged infringements before at least 2021 but did not act earlier.

Moreover, as with the previously discussed defenses, Plaintiffs fail to meet their burden to show that there is no possible legal basis for these equitable defenses' success. *Cf. Legal Recovery Assocs. LLC v. Brenes Law Grp., P.C.*, 22-cv-01778 (ER) (BCM), 2024 WL 1073119, at *4-5 (S.D.N.Y. Feb. 13, 2024) (collecting cases and striking unclean hands and laches affirmative defenses where complaint "seeks only money damages," because both are "not defenses to claims at law for money damages" (citation omitted)), *report and recommendation adopted* 2024 WL 1118598 (S.D.N.Y. Mar. 13, 2024). Notwithstanding their arguments to the contrary, *see* Reply at 10-11, Plaintiffs also fail to demonstrate prejudice. *See Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. M.C.F. Assocs., Inc.*, 530 F. Supp. 3d 460, 467 (S.D.N.Y. 2021) ("[I]f, as here, the defense is neither factually insufficient *nor legally valid*, the general principle that '[i]ncreased time and expense of trial may constitute sufficient prejudice to

warrant granting [p]laintiffs' Rule 12(f) motion' applies." (emphasis added) (second alteration in original) (quoting *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999))).  Therefore, the Court will not strike Google's affirmative defense as to estoppel, laches, and waiver.

### B.    Unclean Hands and *In Pari Delicto*

The Court turns next to unclean hands and *in pari delicto*.  As a threshold matter, the Google asserts — without citing any case from a court in this Circuit — that these are "equivalent defenses."  *See* Opp. at 10 n.3; *see id.* at 10.  The Court disagrees.

"Although [both] doctrines . . . are often mentioned in the same breath, they are 'distinct terms for . . . distinct situations."  *Republic of Iraq v. ABB AG*, 768 F.3d 145, 168 (2d Cir. 2014) (second omission in original) (quoting *Pinter v. Dahl*, 486 U.S. 622, 635-36 (1988) (Harlan, J., concurring in part and dissenting in part)).  To plead unclean hands, a defendant must allege that the plaintiff "is (1) 'guilty of immoral, unconscionable conduct' that (2) 'is directly related to the subject matter in litigation' and (3) injured the defendant[]."  *Jane Street Grp., LLC v. Millennium Mgmt. LLC*, No. 24-cv-02783 (PAE), 2024 WL 3357005, at *2 (S.D.N.Y. July 10, 2024) (quoting *Fed. Deposit Ins. Corp. v. Murex LLC*, 500 F. Supp. 76, 122 (S.D.N.Y. 2020)).  By contrast, *in pari delicto* "permits the 'defendant [to] escape liability' to the plaintiff based on the plaintiff's 'at least substantially equal responsibility *for the underlying illegality*," and as such "[p]laintiffs who are truly *in pari delicto* are those who have themselves violated the law *in cooperation with the defendant*."  *Republic of Iraq*, 768 F.3d at 168 (first alteration in original) (quoting *Pinter*, 486 U.S. at 635-36)).  Thus, "unclean hands prohibits awarding equitable relief to a party that has acted fraudulently or deceitfully to gain an unfair advantage[,] and *in pari delicto* applies where the plaintiff is also a wrongdoer and thus equally responsible for the injury

at issue." *City of New York v. Fedex Ground Package Sys., Inc.*, 314 F.R.D. 348, 356-57 (S.D.N.Y. 2016).

Given these pleading requirements, the Court finds that the relaxed *Twombly* standard applies to unclean hands (which involves a plaintiff's separate misconduct and, therefore, information not readily available to a defendant), but the regular *Twombly* standard applies to *in pari delicto* (which involves cooperation in the wrongdoing between a plaintiff and defendant). Given Google's conclusory pleading of the *in pari delicto* defense, the Court finds that it does not meet the *Twombly* standard. *See NCR Corp. v. B.A.T. Indus. P.L.C.*, No. 23-cv-01172 (JPC), 2024 WL 4188358, at *18 (S.D.N.Y. Sept. 14, 2024) (striking *in pari delicto* defense where "the pleadings are entirely devoid of allegations to support" it).

Unclean hands, however, is adequately pleaded under the relaxed standard. *See Tal Dagan*, 2024 WL 5089276, at *5; *Jablonski*, 2020 WL 1444933, at *4; *Haxhe Props.*, 2021 WL 2291101, at *3. In its opposition, Google explains that its unclean hands defense is premised on its theory that the textbooks at issue are works-for-hire for which Plaintiffs are not the copyright holders. Opp. at 10-11. Plaintiffs characterize this as a "newly disclosed theory," Reply at 6, but Google in fact pleaded it as its first affirmative defense, *see* Ans. at 22, which Plaintiffs have not moved to strike. *See Town & Country Linen,* 2020 WL 3472597, at *12 (affirmative defense adequately pleaded by "factual content . . . pled elsewhere"). Moreover, as with the other defenses discussed, Plaintiffs fail to demonstrate that unclean hands or *in pari delicto* are legally unavailable to Google here, and for the same reason Plaintiffs fail to show prejudice as to equitable estoppel, laches, and waiver, they fail to show prejudice as to these two defenses. Therefore, the Court will not strike Google's unclean hands defense. The Court will strike Google's *in pari delicto* defense, but grants Google leave to amend to replead it.

**IV.    Thirteenth Affirmative Defense: Copyright Act Preemption**

Google's thirteenth affirmative defense states: "Plaintiffs' trademark claim is barred because it is preempted by the Copyright Act."  Plaintiffs move to strike this defense because it "not only lacks supportive facts but also is unclear as to which 'preemption' argument it might even be referring."  Br. at 6.  The Court agrees that this defense is not sufficiently pleaded.

"Section 301 of the Copyright Act preempts a *state law* claim if: '(i) the work at issue comes within the subject matter of copyright and (ii) the right being asserted is equivalent to any of the exclusive rights within the general scope of copyright.'"  *Cengage I*, 786 F. Supp. 3d at 631-32 (emphasis added) (quoting *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 290 (S.D.N.Y. 2019)).  More generally, "[t]here are three types of preemption: (1) express preemption, where Congress has expressly preempted *local law*; (2) field preemption, 'where Congress has legislated so comprehensively that federal law occupies an entire field of regulation and leaves no room for *state law*'; and (3) conflict preemption, where *local law* conflicts with federal law such that it is impossible for a party to comply with both or the *local law* is an obstacle to the achievement of federal objectives."  *Nat'l Shooting Sports Found., Inc. v. James*, 144 F.4th 98, 108 (2d Cir. 2025) (emphasis added) (citation omitted).

The Court applies the *Twombly* standard to this defense.  Here, any necessary factual support was "readily available" to Google, *GEOMC*, 918 F.3d at 98, in that by the time Google filed its Answer it had already briefed Copyright Act preemption extensively in its motion to dismiss Plaintiffs' state-law claim.  *See Cengage I*, 786 F. Supp. 3d at 631-34.  Even after filing its motion to dismiss, Google brought a new case to the Court's attention in which a court in this District held that a state-law deceptive business practices claim was "preempted by the Copyright Act and the Lanham Act."  Dkt. 97 at 1.  Having briefed and continued to research the

20

issue before filing its Answer, Google could have pleaded it as an affirmative defense with factual support.

Google's pleading is plainly devoid of that support and does not allege that any of these types of preemption apply. None is available here: Plaintiffs' trademark claims are brought under federal — not local — law. *See* FAC ¶¶ 139-45 (asserting trademark claim under 15 U.S.C. § 1114(1)(b)). In response to Plaintiffs' motion, however, Google provides its theory that "Plaintiffs' trademark claim, at bottom," is a copyright claim, and Supreme Court precedent prohibits a plaintiff from "assert[ing] [trademark] rights that are properly protected by copyright." Opp. at 13 (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33-38 (2003)). That theory is not reflected in Google's affirmative defense that Plaintiffs' trademark claim is "preempted by the Copyright Act," and Google's briefing does not remedy its omission. *See Am. Home Energy v. AEC Yield Cap. LLC*, No. 21-cv-01337 (ARR) (RR), 2022 WL 595186, at *17 (E.D.N.Y. Feb. 28, 2022) (defendant "cannot remedy [an] insufficiency of pleading by arguments contained in the opposition to the motion to strike"); *see also Bensky v. Indyke*, 743 F. Supp. 3d 586, 596 (S.D.N.Y. 2024) ("[C]ourts typically can't consider materials outside the pleadings on a motion to strike.").

Moreover, *Dastar* says nothing about preemption. *Dastar* concerned a claim brought under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) — a subsection under which Plaintiffs here do not sue — and required the Supreme Court to determine what that statute meant by "origin" when it "created a federal remedy against a person who used in commerce either 'a false designation of origin, or any false description or representation' in connection with 'any goods or services.'" *Dastar*, 539 U.S. at 29 (citation omitted); *see id.* at 29-38. The Supreme Court concluded that the term "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those

goods." *Id*. at 37.  To hold otherwise, the Supreme Court explained, and thereby to include an author of such "communicative products" in the definition of "origin," would "cause[] the Lanham Act to conflict with the law of copyright." *Id.* at 33.  That is not preemption.  "In pre-emption cases, the question is whether state law is preempted by a federal statute, or in some instances, a federal agency action," while preclusion concerns "the alleged preclusion of a cause of action under one federal statute by the provisions of another federal statute." *See Alcon Vision, LLC v. Lens.com, Inc.*, No. 1:18-cv-00407 (NG) (RLM), 2022 WL 1665453, at *10 (E.D.N.Y. May 25, 2022)) (quoting *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 111 (2014)).[4]

Plaintiffs argue that *Dastar* is an inapplicable "strawman," Reply at 9, but the Court does not pass on *Dastar*'s applicability to this case, whether Plaintiffs' trademark claims are at bottom copyright claims, or whether such a scenario would preclude the trademark claims.  *See Rich*, 634 F. Supp. 3d at 72 ("[A] motion to strike should not be used as an opportunity for the determination of disputed, substantial questions of law.") (citations omitted)).  The Court holds only that Google did not plead a plausible defense that Plaintiffs' trademark claim is preempted by the Copyright Act.

Accordingly, the Court finds that Google has pleaded no factual or legal basis for its preemption affirmative defense.  As a result, Plaintiffs would be prejudiced by its continued inclusion in this case.  *See M.C.F. Assocs.*, 530 F. Supp. 3d at 467.  Therefore, the Court will strike this affirmative defense. *See Alcon Vision*, 2022 WL 1665453, at *10-11 (striking

---

[4] The three out-of-circuit cases cited by Google also do not concern preemption.  *See* Opp. at 13-14 (first citing *Slep-Tone Ent. Corp. v. Wired for Sound Karaoke and DJ Servs., LLC*, 845 F.3d 1246 (9th Cir. 2017) (per curiam); then citing *Phoenix Ent. Partners v. Rumsey*, 829 F.3d 817 (7th Cir. 2016); and then citing *Evox Prods., LLC v. Verizon Media Inc.*, No. 20-cv-5894564, 2020 WL 5894564 (C.D. Cal. Aug. 19, 2020))).

affirmative defense that did not make clear whether it was preemption or preclusion, and where defendant "fail[ed] to plead why the [statute] precude[d] or preempt[ed] [plaintiff]'s claims" and instead "assert[ed] bare legal conclusions"); *FTC v. Unified Glob. Grp., LLC*, 15-cv-00422 (EAW), 2016 WL 11795487, at *4 (W.D.N.Y. June 20, 2016) (striking preemption defense where defendant did not assert which law preempted the action and "the doctrine of preemption (which relates to conflicts between federal legislation and inconsistent state legislation) has no logical relation to this action").  However, given the similar function of preemption and preclusion, *see POM Wonderful*, 573 U.S. at 111-12 (noting that the principles of preemption and preclusion are both "designed to assess the interaction of laws that bear on the same subject"), the Court grants Google leave to replead this defense if it wishes to do so.

## CONCLUSION

In accordance with the foregoing analysis and for all the reasons stated therein, the Court hereby GRANTS Plaintiffs' motion to strike in part and DENIES it in part, as follows:

1) With respect to Google's second affirmative defense (statute of limitations), Plaintiffs' motion is DENIED;

2) With respect to Google's third affirmative defense (DMCA), Plaintiffs' motion is DENIED;

3) With respect to Google's equitable defenses listed in its fourth affirmative defense:

   a. As to estoppel, laches, waiver, and unclean hands, Plaintiffs' motion is DENIED;

   b. As to *in pari delicto*, Plaintiffs' motion is GRANTED, and the defense is struck with leave to amend;

4) With respect to Google's thirteenth affirmative defense (preemption by the Copyright Act), Plaintiffs' motion is GRANTED, and the defense is struck with leave to amend consistent with this Opinion.

Google shall file any amended Answer by November 13, 2025. The Clerk of Court is respectfully requested to terminate the motion at Dkt. 134.

Dated: October 29, 2025
New York, New York

SO ORDERED.

_Jennifer Rochon_
JENNIFER L. ROCHON
United States District Judge