# Exhibit 10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.;<br>BEDFORD, FREEMAN & WORTH<br>PUBLISHING GROUP, LLC D/B/A<br>MACMILLAN LEARNING;<br>MACMILLAN HOLDINGS, LLC;<br>ELSEVIER INC.; ELSEVIER B.V.; and<br>MCGRAW HILL LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Civil Action No. 24-cv-04274-JLR-BCM |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT GOOGLE LLC**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs serve their First Set of Requests for Production of Documents upon Defendant Google LLC. Defendant shall respond within 30 days of service of these requests in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court. Plaintiffs request that Defendant produce the documents described herein electronically to Jeff Kane, jkane@oandzlaw.com, or, if hard copies are produced, at the offices of Oppenheim + Zebrak, LLP, 461 5th Avenue, 19th Floor, New York, NY 10017, within the time period required by the Federal Rules of Civil Procedure and Local Rules of this Court or at such other time ordered by the Court or agreed upon by the parties.

**DEFINITIONS**

Unless otherwise indicated, the following definitions apply to the requests herein:

1. The term "Acceptable Use Policy" refers to any policy concerning the obligations,

1

rules, or limitations of Shopping Ads Merchants' use of services offered by Google on its Shopping platform.

2. The term "any" should be understood to include and encompass "all" and vice versa, and the term "or" should be understood to include and encompass "and" and vice versa.

3. The term "Bidding Tools" refers to tools Shopping Ads Merchants can use to bid on Shopping Ads or for Shopping Ads campaigns, including Target ROAS, Target Cost-per-Action, Maximize Conversion, and Maximize Conversion Value.

4. The term "click" refers to instances where a Google user clicks on a Google Shopping Ad.

5. The term "Complaint" refers to the Complaint filed by Plaintiffs on June 5, 2024 (Dkt. No. 1) in this case, or any subsequently filed amended Complaint.

6. The term "communication" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons, but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document that was sent by one or more persons to another or others; any telephone call between one or more persons and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more persons and another or others, whether such contact was by chance or prearranged, formal or informal. For the avoidance of doubt, "communication" includes conversations through chat or instant messaging services such as Google Chat, and includes SMS or text messages and iMessages. While "communications" is used to provide examples of the information sought by certain requests, the term "documents" as used herein includes communications.

7. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

8. The term "conversion" refers to instances where a Google user clicked on a Shopping Ad and purchased the product advertised.

9. The term "Copyright Infringement Policy" refers to any Google policy, practice, or procedure that seeks to address copyright infringement by Shopping Ads Merchants.

10. The term "describe" means to provide a complete description and explanation of the requested subject matter, including persons and dates involved in the subject and communications at issue.

11. The term "Digital Books Shopping Ads Policy" refers to Google's policies, practices, and procedures concerning the advertisement of digital books or ebooks in Shopping Ads, including the policy described at https://support.google.com/merchants/answer/10524536 claiming that "Digital books can no longer be advertised on Shopping ads."

12. The term "DMCA Agent" refers to any person or entity Google has designated to receive notifications of alleged copyright infringement pursuant to the Digital Millennium Copyright Act ("DMCA"), e.g., 17 U.S.C. § 512(c)(2).

13. The term "DMCA Policy" refers to any Google policies, practices, or procedures concerning Google's obligations under, intended compliance with, or efforts to qualify for a safe harbor defense under the DMCA with regard to Shopping Ads or the activities of Shopping Ads Merchants.

14. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft of a nonidentical copy is a separate document within the meaning of this

term. "Document" specifically includes electronically stored information as defined in Rule 34(a).

15. The term "Free Ads" refers to Shopping Ads that appear in Google's Shopping platform and for which the Shopping Ads Customer does not pay Google to list the advertisement, or when Google users click on the ad.

16. When referring to a person, the term "identify" means to give, to the extent known, the person's full name, present or last known address, email address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

17. When referring to documents, the term "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s); and (v) if produced in discovery in this lawsuit, the Bates number.

18. The term "includes" or "including" should be understood to mean "including but not limited to."

19. The term "impressions" refers to instances where a Google Shopping Ad is shown to a Google user.

20. The term "Infringement Notice" refers to a notice sent to Google informing Google that one or more Shopping Ads Merchants allegedly infringed a copyright, such as a DMCA notice, or infringed a trademark, in connection with a Shopping Ad, regardless of whether Google processed the notice.

21. The term "Infringing Domain" refers to any website domain name listed or

otherwise identified in a Plaintiff Infringement Notice.

22. The term "Infringing Landing Page" refers to the webpage to which a Shopping Ad identified in a Plaintiff Infringement Notice linked or resolved.

23. The term "Infringing Merchant" refers to any Shopping Ads Merchant listed or otherwise identified in a Plaintiff Infringement Notice.

24. The term "Merchant Center" refers to the Google Merchant Center.

25. The term "Paid Ads" refers to Shopping Ads Google identifies as "Sponsored" or where the Shopping Ads Merchant pays Google when a Google user clicks the advertisement or otherwise pays Google for the advertisement.

26. The term "Plaintiffs" refers collectively to Cengage Learning, Inc.; Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning; Macmillan Holdings, LLC; Elsevier Inc.; Elsevier B.V.; and McGraw Hill LLC; and "Plaintiff" means any one of the Plaintiffs.

27. The term "Plaintiff Infringement Notice" refers to an Infringement Notice sent by or on behalf of a Plaintiff to Google.

28. The term "process," with respect to an Infringement Notice, means reviewing the notice and taking an action in response to it, such as assessing a "strike" against the Shopping Ads Merchant, forwarding the notice to the Shopping Ads Merchant, suspending or terminating the Shopping Ads Merchant's Merchant Center account, Google Ads account, or advertising privileges, or issuing a warning to the Shopping Ads Merchant.

29. The term "Related Ads Merchants" means any Shopping Ads Merchant that shares with an Infringing Merchant a common identity, common or related business or website ownership or operation, or other similarity that demonstrates a business connection or link between Google

5

account holders. For instance, Related Ads Merchants may be identified through information provided in connection with the creation, registration, usage, and payment or receipt of funds concerning a Google account. Such information may include, for instance, the same or substantially similar individual name, business name, financial account, physical address, or email address. Related Ads Merchant also includes any Shopping Ads Merchant not identified in the Plaintiff Infringement Notices whose products sold are sold on an Infringing Domain or Infringing Landing Page and advertised through a Shopping Ad.

30. The term "Repeat Infringer Policy" refers to any policy that seeks to address copyright infringement by Shopping Ads Merchants in connection with 17 U.S.C. § 512(i).

31. The term "Shopping Ads" refers to advertisements on Google's Shopping platform that include product images, including "product listing ads," and including Free Ads and Paid Ads.

32. The term "Shopping Ads Merchant" refers to any Google user whose products are advertised in Shopping Ads.

33. The terms "you," "your," "Google," or "Defendant" refer to Google LLC, its parents, subsidiaries, affiliates, officers, directors, agents, employees, and any other person or entity currently or previously acting or purporting to act on its behalf.

34. The use of a verb in any tense shall be construed as the use of the verb in all other tenses. The use of the singular form of any word shall include the plural and vice versa.

## **INSTRUCTIONS**

1. These requests shall be deemed to be continuing to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

2. Defendant is to produce documents comprising electronically stored information pursuant to an agreed-upon protocol governing the production of electronically stored information

and paper documents.

3. Defendant is to produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices as they are kept in the usual course of business or, alternatively, organized and labeled to correspond to the category of documents requested.

4. In response to each request, Defendant shall affirm whether responsive documents exist and have been, or shall be, produced.

5. If Defendant deems any information, document, or communication requested by any of the following requests to be protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, please identify or describe: (a) the information, document, or communication you claim to be so protected by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients and any individual to whom the information, document, or communication was distributed, shown, or explained; (c) the information, document, or communication's current custodian; and (d) all bases, factual and legal, upon which such protection allegedly rests. If you contend that only a portion of the information contained in a document is privileged, provide the portion that you do not contend is privileged.

6. If more than one copy of a document exists, Defendant shall produce the original and each non-identical copy of each document or other tangible thing requested herein, which is in Defendant's possession, custody, or control, or that of persons under the control of Defendant.

7. Defendant shall respond fully to each request unless Defendant objects in good faith. An objection must state with specificity the grounds for the objection and whether any responsive materials are being withheld on the basis of that objection. An objection to part of a

request (or a word, phrase, or clause contained in the request) must specify the part objected to, and Defendant shall produce or permit inspection of the rest.

8.    Unless otherwise specified, the relevant time frame for these Requests is August 1, 2019 through the present.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**    Documents sufficient to show your formation and status as a legal entity and the identity of each of your parents, subsidiaries, and affiliates.

**REQUEST NO. 2**    Organizational charts or other documents sufficient to show which of your departments are responsible for the following activities, the identity and title of management-level employee in the department, and how the department fits within the overall Google corporate structure: (1) receiving and processing Infringement Notices; (2) developing, applying, and enforcing your policies, practices, and procedures that are relevant to Plaintiffs' claims or your defenses in this case, including your Acceptable Use Policy, Copyright Infringement Policy, DMCA Policy, Repeat Infringer Policy, and Digital Books Shopping Ads Policy; and (3) Shopping Ads-related operations, including ads creation, display, placement, obtaining preferred placement, approval, and rejection; technical and customer support; pricing, selling, bidding, and auctions; impressions, clicks, click-throughs, and conversions; revenue generation and tracking; collection of user/consumer data; and marketing Shopping Ads services and other Google services to Shopping Ads Merchants.

**REQUEST NO. 3**    Documents identifying and describing each Infringement Notice you received concerning a Shopping Ads Merchant and whether and how you processed and responded to such notice.

**REQUEST NO. 4**    Documents identifying and describing each instance in which you

warned, suspended, terminated, or otherwise took adverse action against a Shopping Ads Merchant, including an Infringing Merchant, or the merchant's Merchant Center, Google Ads, or other Google account, based on alleged copyright or trademark infringement.

**REQUEST NO. 5**     Documents identifying and describing each instance in which you warned, suspended, terminated, or otherwise took adverse action against the account of a Shopping Ads Merchant, including an Infringing Merchant, or the merchant's Merchant Center, Google Ads, or other Google account, based on any reason other than alleged copyright or trademark infringement.

**REQUEST NO. 6**     All documents concerning your policies, practices, and procedures concerning copyright infringement by Shopping Ads Merchants, including all versions and drafts of any Copyright Infringement Policy, DMCA Policy, and Repeat Infringer Policy you have; all documents concerning the development, implementation, and enforcement of any such policies, practices, and procedures; and all internal and external communications concerning any such policies, practices, and procedures.

**REQUEST NO. 7**     All documents concerning your policies, practices, and procedures concerning trademark infringement by Shopping Ads Merchants and the use of trademarks in Shopping Ads, including all versions and drafts of any such policies, practices, and procedures; all documents concerning the development, implementation, and enforcement of any such policies, practices, and procedures; and all internal and external communications concerning any such policies, practices, and procedures.

**REQUEST NO. 8**     All documents concerning any technological or other means or mechanisms you considered or implemented to address, limit, or prevent the use of Shopping Ads for products that infringe or may infringe rightsholders' copyright or trademarks.

any topics covered by any Request herein should be or are discussed in "history off" internal messaging.

**REQUEST NO. 50**   All documents concerning whether and under what circumstances you would take action against a Shopping Ads Merchant or the merchant's Google accounts with respect to Google services other than Shopping Ads when you receive an Shopping Ads Infringement Notice concerning the merchant.

**REQUEST NO. 51**   Documents sufficient to identify your DMCA Agent beginning January 1, 2021.

**REQUEST NO. 52**   All documents concerning your communications with the Association of American Publishers concerning the advertisement of digital books, ebooks, or infringing copies of publishers' books on Google Shopping.

**REQUEST NO. 53**   Documents sufficient to show the financial performance of Google LLC for the years 2021, 2022, 2023, and any completed quarter in 2024, including corporate financial reports, audited financial statements, audit reports, and auditor letters.

**REQUEST NO. 54**   Documents sufficient to show the financial performance of the Shopping Ads for the years 2021, 2022, 2023, and any completed quarter in 2024, including corporate financial reports, audited financial statements, audit reports, and auditor letters concerning such financial performance.

**REQUEST NO. 55**   All documents supporting, refuting, or otherwise concerning your affirmative defenses or any other defenses in this case.

**REQUEST NO. 56**   All documents you identify in responding to any interrogatories or requests for admission in this case.

**REQUEST NO. 57**   All documents concerning any subpoena you issue in this case,