Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

**O+Z Oppenheim + Zebrak, LLP**

WASHINGTON – NEW YORK

November 7, 2025

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

   Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
     Plaintiffs' Letter Opposing Google's Proposed Redactions to October 8
     Hearing Transcript

Dear Judge Moses,

  We represent all Plaintiffs in the above matter. On November 4, Google proposed more than 300 redactions to the transcript of the October 8, 2025 discovery hearing before Your Honor, Dkt. 246, and filed a boiler-plate letter purporting to substantiate the need for those redactions, Dkt. 245. Though many of Google's redactions are excessive and unreasonable, Plaintiffs write briefly to oppose only a handful of them.

### I. Google's internal name for Google's Issue Tracker system should remain public.

  Google proposes to redact every mention of the internal name Google uses to refer to its Issue Tracker system. *E.g.*, Dkt. 246 at 104:17, 22; 105:1, 6, 9. This "internal" name, though, is in fact quite public. It appears on Google's own website. Ex. 1. Google itself used the term in a hearing in another case without redacting the transcript, Ex. 2, and has used the term in a court filing in another case (despite redacting numerous other terms), Ex. 3. At least one agency decision uses the term. *In re Alphabet Workers Union-Communication Workers of America, Local 9009*, 2023 NLRB Reg. Dir. Dec. LEXIS 154, *16–17. And several publicly available sources from outside of Google likewise use the name.[1] This is why if one enters the term into Google's search engine, Google's "AI Overview" explains that it is the internal name for the Issue Tracker. Ex. 4.

  Google has offered no reason that the "internal" name of a system that is known to, and indeed able to be used by, the public,- and that Google uses for voluminous communications, somehow rises to the level of confidentiality and sensitivity that it should be sealed. Under these circumstances, there can be no "'on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Matter of New York Times Co.*, 828 F.2d 110, 115 (2d Cir. 1987)).

---

[1] Justin Cobbs, Google "Buganizer" Bugs, University of Hawaii (Nov. 9, 2017), available at https://westoahu.hawaii.edu/cyber/vulnerability-research/vulnerabilities-weekly-summaries/google-buganizer-bugs/ (last accessed Nov. 6, 2025); Pierluigi Paganini, *Vulnerabilities in Google Issue Tracker exposed details about unpatched flaws*, Cyber Defense Magazine (Nov. 1, 2017), available at https://www.cyberdefensemagazine.com/vulnerabilities-in-google-issue-tracker-exposed-details-about-unpatched-flaws/.

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

And the Protective Order specifically provides that "the protections conferred by this Protective Order do not cover . . . any information that is publicly known at the time of disclosure or becomes publicly known after its disclosure as a result of circumstances not involving a violation of this Protective Order . . . ." Dkt. 82 ¶ 5. The Court should order that all references to this term, including the shortened term (i.e., the first three letters), must remain public.

### II. Google's claims about the search limitations of the Issue Tracker should be public.

Google proposes redacting its claims about the search limitations of its Issue Tracker system. Dkt. 246 at 121:23–123:11, 125:12–13. There is no reason that these claims should be kept confidential. Google has offered no reason that public knowledge of the limitations of this system could unfairly injure Google. Indeed, Google's own website provides a detailed explanation of how to search the Issue Tracker system.[2] Google has identified nothing proprietary or sensitive about this system's purportedly limited search functionality.

All of the references to the name of Google's Issue Tracker and the information concerning its search limitations should remain public.

### III. The generic terms that appear in the transcript should remain public.

Google proposes to redact several generic terms, none of which are specific to Google or reveal any sensitive information. These terms appear at:

a. 70:3
b. 97:21
c. 102:18–19
d. 104:13.

These terms should not be redacted.

### IV. High-level descriptions need not be redacted.

In several places, Google has redacted descriptions of information or procedures that are sufficiently high-level that they cannot be considered harmful to Google or useful to any bad actor.

a. p. 65 (the single sentence spanning lines 7–8)
b. 65:13–14
c. 73:2–5: the description of the procedures at issue do not reveal anything other than the unsurprising objective of those procedures.
d. 75:9–10
e. 84:5, 19: particularly given that Google has redacted the employee's name, all this phrase reveals is that Google has an employee in a particular location. That is not sensitive information.

---

[2] Issue Searches, available at https://developers.google.com/issue-tracker/concepts/searches.



Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

WASHINGTON – NEW YORK

We thank the Court for its consideration.

                                Respectfully submitted,

                                */s/ Jeff Kane*
                                Jeff Kane