**Sara Sampoli**
Direct Dial: +1.202.350.5328
sara.sampoli@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS LLP**

November 12, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:  *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
Reply in Support of Google's Letter Motion to Seal October 8, 2025 Hearing Transcript (Dkt. 245)

Dear Judge Moses:

Google's Letter Motion ("Motion") seeks to seal limited portions of a 225-page transcript (the "Transcript") of a lengthy hearing at which Google's DMCA policies and processes were discussed in detail.  Plaintiffs' opposition attempts to downplay the sensitivity of the information Google proposes sealing, but ignores that this Court previously approved substantially the same redactions, *see* Dkts. 205 and 207, and fails to consider the harm that could result if such information were made public.

**Google's Redaction of Its System Details.**  Plaintiffs object to Google's request to redact details and limitations of Google's Issue Tracker system.  *See* Dkt. 248 at 2.  First, Plaintiffs ignore that the Court has already approved these exact redactions.  *See* Dkt. 207 (granting letter motion to seal at Dkt. 171).  Each of Google's redaction requests is narrowly tailored to align with material previously approved for sealing by this Court.  Indeed, most of the redactions Plaintiffs oppose are quoted directly from the redacted portions of the Declaration of Andre Golueke (Dkt. 174).  Second, Google's redaction requests are limited to only that information that is non-public and confidential.  Plaintiffs cite an external help page to support their opposition.  *See* Dkt. 248 at 2 n.2.  However, that webpage does not contain the same details Google seeks to redact.  In fact, Google has left the type of information contained on that web page unredacted in its previous redaction requests and in its proposed redactions to the Transcript.  *Compare* Issue Searches, available at https://developers.google.com/issue-tracker/concepts/searches with Dkt. 246 at 120:4 – 120:14.  The narrow portions of the Transcript that Google now requests remain under seal reveal information about a system limitation that is *not* public.  *See* Dkt. 246 at 121:23-25; 122:3, 11; 122:25-123:2; 123:8-11; 125:12-13.  Courts in this Circuit regularly redact details regarding a company's IT systems because the information "could compromise the security of [the company's] computing systems and data if disclosed."  *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, 2022

LATHAM&WATKINS LLP

WL 17884154, at *1 (S.D.N.Y. Dec. 22, 2022) (internal quotations omitted) (sealing non-public information concerning company's "IT infrastructure, servers, applications, and data"); *see also Lazaar v. Anthem Cos.*, 2025 WL 2773944, at *12 (S.D.N.Y. Sept. 29, 2025) (sealing "sensitive information on [company's] internal processes and systems").

**Google's Redactions to So-Called "Generic Terms" and "High-Level" Descriptions are Proper.** Plaintiffs also oppose redactions to what they refer to as "generic terms" and "high-level descriptions" within the Transcript. Plaintiffs offer no support for their opposition other than their assertion that these terms are not "specific to Google" or are "sufficiently high-level" and therefore, could not "reveal any sensitive information." Dkt. 248 at 2. What Plaintiffs ignore is that these terms, in the context of the surrounding discussion, would reveal sensitive information about Google's DMCA enforcement process if not redacted. The information sought to be sealed in Dkt. 246 at 65:13-14 and 73:2-5 refers to Google's method for identifying and tracking infringement and the frequency with which Google carries out some of these processes. The information sought to be sealed in Dkt. 246 at 97:21, 102:18-19 and 104:13 discusses details regarding a specific aspect of Google's DMCA enforcement policies. Whether the methods and policies are referenced explicitly or through so-called "generic terms," the result is the same: disclosure would reveal Google's sensitive business policies and practices designed to identify and prevent infringement. Courts routinely approve sealing for these types of materials precisely because public disclosure of such materials creates the potential for misuse by bad actors. *See Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (sealing anti-fraud practices and procedures).

**Google Will Further Limit Its Redactions.** Google no longer seeks to redact the internal name of its Issue Tracker (Dkt. 246 at 33:11; 59:5, 7; 71:16, 19, 21, 24; 104:17, 22; 105:1, 6, 9, 15, 17, 19, 21, 23, 25; 106:2; 107:1, 3-6, 15, 18, 20, 24; 108:2, 17-18; 109:2, 23; 110:21; 111:11, 19; 112:13, 16; 113:9; 114:7; 115:8; 116:25; 117:10; 119:16; 123:4; 125:1; 127:9, 12, 19; 131:25; 132:18; 219:19), reference to its agents (*id.* at 70:3-4), descriptions of certain produced materials (*id.* at 65:7-8 (the single sentence beginning "They have the DMCA notice . . ."); 75:9-10), or the location of one of its employees (*id.* at 84:5, 19).

**Google's Sealing Request is as Narrowly Tailored as Possible.** Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public systems and operations and is consistent with this Court's prior orders granting motions to seal Google's sensitive materials. Dkts. 205, 207.

We thank the Court for its consideration of this request.

        Respectfully,

        */s/ Sara Sampoli*
        Sara Sampoli (*pro hac vice*)
        of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)