IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | **Civil Action No. 24-cv-04274-JLR-BCM**<br><br>[Redacted] |

**Attorney Declaration of Jeff Kane
in Support of Plaintiffs' Reply ISO Motion for Discovery Conference
Regarding Google's Summary Spreadsheets**

1. I am an attorney at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for all Plaintiffs in this matter. I submit this declaration in connection with Plaintiffs' Reply ISO Motion for Discovery Conference Regarding Google's Summary Spreadsheets.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently hereto.

3. In the Summary Spreadsheets (Dkt. 238-1 through 238-4), Google claims to have delisted somewhere between ▊▊▊▊▊▊▊▊ Shopping ads, and to have suspended between ▊▊▊▊▊▊▊▊ websites/accounts from its Shopping platform.

    a. The Delistings Spreadsheet (Dkt. 238-1) claims that Google delisted ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊, and that Google delisted a total of ▊▊▊▊▊▊▊ across all products ▊▊▊▊▊▊▊▊▊▊▊▊.

1

b. The data Google produced concerning the pirates who infringed the works-in-suit in this case shows ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. GOOG-CENG-00000703; GOOG-CENG-00392941.

c. Google's GOOG-CENG-00439755 spreadsheet (Dkt. 238-3) claims that Google suspended a total of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

4. In an email dated November 10, 2025, Plaintiffs asked Google to clarify how many delistings and suspensions it claims it undertook as part of the *Shopping* DMCA program. Google's counsel replied on November 11, but did not answer these questions.

5. During meet-and-confers concerning discovery into Google's overall DMCA program (e.g., Plaintiffs' RFP 3 and 4 (Dkt. 238-10), Plaintiffs agreed that Google could *start* by producing the overall numbers of claimed notices/delistings/terminations. This way, Plaintiffs reasoned, the parties could determine what discovery Google would provide to substantiate any claims that it delisted ads or suspended merchants. The parties did not reach ay "compromise" whereby the sum total of what Google would produce concerning its overall DMCA program would be the Summary Spreadsheets.

6. Attached as Exhibit 1 is an email chain between O+Z and Latham & Watkins (counsel for Google) that includes communications concerning Plaintiffs' request for discovery concerning Google's Summary Spreadsheets.

7. Attached as Exhibit 2 is the sampling approach that Plaintiffs proposed to Google on October 20, 2025. This was attached to O+Z's October 20 email (Ex. 1, pp. 3–4).

8. Google rejected Plaintiffs' proposal to accomplish this discovery through sampling. Ex. 1 at 4–5 (25.10.17 Latham Email), id. at 2–3 (25.10.24 Latham Email).

9. Google produced the below documents in discovery, each of which is attached as an exhibit.

   a. Ex. 3: GOOG-CENG-00380267

   b. Ex. 4: GOOG-CENG-00426583

   c. Ex. 5: GOOG-CENG-00388209

   d. Ex. 6: GOOG-CENG-00413956

Executed November 12, 2025, in Washington, D.C.

/s/ *Jeff Kane*
Jeff Kane