# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,

*Plaintiffs*,

v.

GOOGLE LLC,

*Defendant.*

Case No. 1:24-cv-04274-JLR-BCM

**JURY TRIAL DEMANDED**

## <u>DEFENDANT GOOGLE LLC'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT</u>

Defendant Google LLC, by and through its undersigned counsel, hereby provides this Amended Answer to Cengage Learning, Inc.; Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning; Macmillan Holdings, LLC; Elsevier Inc.; Elsevier B.V.; and McGraw Hill LLC's (collectively, "Plaintiffs") First Amended Complaint (Dkt. 38) as follows.

## PRELIMINARY STATEMENT

Google's Shopping platform offers hundreds of thousands of merchants the opportunity to advertise their products to Google users. Although Google operates the platform, Google does not determine the content of the merchants' advertisements, sell the merchants' products, or receive revenue from the merchants' sales.

The Shopping platform is unquestionably designed—and in the vast majority of instances is in fact used—for legal purposes. But it is an unfortunate yet unavoidable fact of the internet age that some bad actors will seek to abuse any online platform for their own profit, and Google's Shopping platform is no exception. Google takes the problem of online piracy seriously. Google has taken substantial steps to assist intellectual property owners in protecting their rights by adopting industry-leading practices to combat infringement across its Shopping platform. For example, all merchants advertising on Google's Shopping platform must agree to Google's Terms of Service, which require that users "respect the rights of others, including privacy and intellectual property rights."[1] Those terms forbid users from "using [Google's] services (including the content they provide) to violate anyone's legal rights, such as intellectual property or privacy rights," and for users that violate Google's terms, Google can—and does—remove users' infringing content and kicks bad actors off the Shopping platform altogether.[2] And Google provides a robust system for intellectual property owners to report allegedly infringing content to Google.[3]

---

[1] *Terms of Service: Respect Others*, Google, https://policies.google.com/terms?hl=en-US (last visited July 2, 2025).

[2] *Google Terms of Service: Don't Abuse Our Services*, Google, https://policies.google.com/terms?hl=en-US (last visited July 2, 2025); *Terms of Service: Removing Your Content*, Google, https://policies.google.com/terms?hl=en-US (last visited June 24, 2025).

[3] *Report Content for Legal Reasons*, Google, https://support.google.com/legal/answer/3110420?hl=en (last visited July 2, 2025).

Indeed, applying these policies, Google has taken action to respond to thousands of notices of alleged infringement from these Plaintiffs. That has involved diligently processing and removing tens of thousands of reported links to allegedly infringing content. And before this suit was filed, Google engaged directly with Plaintiffs in an attempt to constructively improve Google's systems for reporting and removing infringing content, and has continued to refine and improve its systems even after Plaintiffs filed this lawsuit.

Although Google has used its best efforts to combat online piracy and abuse of the Shopping platform, its efforts apparently are not good enough for Plaintiffs. Plaintiffs' theory of this case appears to be that Google was required to maintain a perfect system that *never* permitted third-party bad actors to commit acts of piracy, and that Google—as the operator of a neutral platform that happens to be used by bad actors—should act as an insurer against any infringement of Plaintiffs' intellectual property. But that is not the law. Contributory copyright liability is meant to protect copyright owners from defendants who have the culpable intent to cause infringement—either because they have created and offered a product that lacks substantial noninfringing uses, or because they affirmatively encourage others to use their product for infringement. It is not meant to be used—and cannot be used—to hold liable an innocent party like Google, when Google's Shopping platform is overwhelmingly used for legal, non-infringing purposes by the vast majority of users, and when Google maintains a robust system aimed at weeding out the minority of users who abuse Google's product for nefarious purposes. Google is not required to maintain a perfect system for combatting infringement—nor would such a perfect system ever be possible in the real world. And the mere knowledge that *some* portion of users will inevitably misuse Google's product for infringement does not convert Google into a contributory copyright infringer. Were it otherwise, countless internet platforms and product manufacturers

2

would essentially be held strictly liable simply for offering their products to users.  The facts in this case will ultimately demonstrate that Plaintiffs' claims are meritless.

*      *      *

## INTRODUCTION[4]

1.      Defendant admits that Plaintiffs have provided notices of alleged copyright infringement to Defendant. Defendant also admits that on or around May 18, 2021, Google introduced a policy prohibiting Shopping ads content reflecting eBooks and digital books (not including audiobooks). Plaintiffs' claim related to New York's General Business Law has been dismissed, therefore, no response is required to allegations related to this claim. Defendant denies the remaining allegations in Paragraph 1.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies the allegations.

3.      Defendant denies that Defendant has used its advertising power to undermine legitimate educational publishers and profit from piracy. Defendant refers to its most recent Form 10-K, issued February 4, 2025, for its complete description of Defendant. Defendant denies any allegations in Paragraph 3 that are inconsistent with Defendant's Form 10-K.

4.      Defendant admits that Plaintiffs have sent notices of infringement to the agent Google designated to receive such notices. Defendant denies the remaining allegations in Paragraph 4.

5.      Paragraph 5 contains non-factual statements or legal arguments that do not

---

[4] The various headings, subheadings, and figures contained in the Complaint are not allegations and thus do not require a response. Defendant reproduces them in this Answer solely for convenience. To the extent a response is required, Defendant denies any allegations contained in the headings, subheadings, and figures in the Complaint.

require a response.  To the extent that Paragraph 5 requires a response, Defendant denies the allegations.

6.      Defendant refers to Defendant's "How Google Fights Piracy" report for its complete contents. Defendant denies the allegations in Paragraph 6 to the extent they are inconsistent with this Report. Defendant denies the remaining allegations in Paragraph 6.

7.      Defendant denies the allegations in Paragraph 7.

8.      Defendant denies the allegations in Paragraph 8.

9.      This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

10.     Defendant denies the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11.     Defendant admits that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121(a). Defendant denies the remaining allegations in Paragraph 11.

12.     Paragraph 12 relates to claims that have been dismissed, and therefore no answer is required. To the extent a response is required, Defendant denies the allegations.

13.     Defendant admits the Court has personal jurisdiction over Google and that Google transacts business in New York. Defendant denies the remaining allegations in Paragraph 13.

14.     Defendant denies the allegations in Paragraph 14.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies the allegations.

16.     Defendant refers to Defendant's Economic Impact Report for 2023 for its content. Defendant denies any allegations in Paragraph 16 that are inconsistent with its

Economic Impact Report. Defendant admits that Google has at least three offices in New York with over 14,000 employees, including an office that serves as Defendant's North American headquarters of Defendant's Global Business Organization. Defendant denies the remaining allegations in Paragraph 16.

17.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

18.    Defendant admits that it conducts business in New York. Defendant admits that Plaintiffs have brought copyright and infringement actions in this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and on that basis denies the remaining allegations.

19.    Defendant admits that it has filed civil cases in this District against individuals living outside the United States.

20.    Defendant admits venue is proper in this District.  Defendant denies the remaining allegations in Paragraph 20.

## **THE PARTIES**

21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies the allegations.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies the allegations.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies the allegations.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies the allegations.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 25 and on that basis denies the allegations.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies the allegations.

27.     Defendant admits it is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043. Defendant also admits it is registered to do business in New York and maintains at least three offices there.

### PLAINTIFFS' COPYRIGHTS AND TRADEMARKS AND THEIR BUSINESSES

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies the allegations.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies the allegations.

30.     To the extent Paragraph 30 contains legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and on that basis denies the allegations.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies the allegations.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies the allegations.

33.     Defendant denies that Defendant has infringed the Publishers' rights in the Authentic Works. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and on that basis denies the allegations.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis denies the allegations.

## GOOGLE ADVERTISES INFRINGING WORKS FOR PIRATE SELLERS

### *Google is an advertising company.*

35.    Defendant refers to its most recent Form 10-K, issued February 4, 2025, for its complete description of Defendant. Defendant denies any allegations in Paragraph 35 that are inconsistent with Defendant's Form 10-K.

36.    Defendant admits that Defendant's search engine is popular, and that Google users conduct billions of searches on Google every day. Google further admits that it indexes billions of websites every day, collecting information about these sites that may be stored in Defendant's search index. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and on that basis denies the allegations.

37.    Defendant admits that a user's query may result in organic search results as well as text ads and advertisements that are part of Defendant's Shopping platform, including both sponsored ads and free listings. Defendant admits that free listings are available to Google Merchant Center Accounts at no cost, but there is no guarantee that any products will be shown to customers. Defendant also admits that these Shopping ads may be labeled as "Sponsored" or appear with an "Ad" or "Ads" label on the search results page and display and link to products for sale. Defendant admits that its website, Google.com, is designed to allow users to see Shopping Ads by clicking the "Shopping" tab at the top of Google's search page. Defendant denies the remaining allegations in Paragraph 37.

38.    Defendant refers to Defendant's "About Shopping ads" webpage for its complete contents. Defendant denies any allegations in Paragraph 38 that are inconsistent with Defendant's "About Shopping ads" page. Defendant denies the remaining allegations in

Paragraph 38.

### *Google's role in advertising its merchants' products is active and extensive.*

39.    Defendant refers to Defendant's "How Merchant Center works" video for its complete contents. Defendant denies any allegations in Paragraph 39 that are inconsistent with the video. Defendant denies the remaining allegations in Paragraph 39.

40.    Defendant denies the allegations in Paragraph 40.

41.    Defendant refers to Defendant's "What makes up a Shopping ad" webpage for its complete contents. Defendant denies any allegations in Paragraph 41 that are inconsistent with its "What makes up a Shopping ad" page. Defendant denies the remaining allegations in Paragraph 41.

42.    Defendant refers to Defendant's "About Ad Rank" webpage for its complete contents. About Ad Rank, https://support.google.com/google-ads/answer/1722122?hl=en (last visited June 17, 2024). Defendant denies any allegations in Paragraph 42 that are inconsistent with its "About Ad Rank" webpage. Defendant denies the remaining allegations in Paragraph 42.

43.    Defendant admits that its search engine is designed to use the product data a merchant submits to match a user's search to a merchant's ad in order to show a user the most relevant products.  Defendant denies the remaining allegations in Paragraph 43.

44.    Defendant admits that merchants can set the price they are willing to pay for clicks on their paid Shopping ad as well as the amount they are willing to spend on the ad campaign. Defendant also admits that Defendant offers a variety of ad campaigns. Defendant denies the remaining allegations in Paragraph 44.

45.    Defendant admits that it has features called "search term insights" and

"conversion tracking" that merchants might utilize. Defendant denies the remaining allegations in Paragraph 45.

46.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies the allegations.

### *Google directs users to pirated copies of the Publishers' works.*

47.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and on that basis denies the allegations.

48.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and on that basis denies the allegations.

49.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and on that basis denies the allegations.

**FIGURE 1:**

[Figure Omitted.]

50.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies the allegations.

**FIGURE 2:**

[Figure Omitted.]

51.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and on that basis denies the allegations.

52.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis denies the allegations.

53.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 53 and on that basis denies the

allegations. The second sentence of Paragraph 53 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and on that basis denies the allegations.

55. Defendant admits that Plaintiff Macmillan Learning sent at least one notice to Defendant concerning mybambinis.shop. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and on that basis denies the allegations.

**FIGURE 3:**

[Figure Omitted.]

56. Defendant admits that the Google Ads Transparency Center can be used to display information about advertisers, including products sold by merchants. Defendant admits that it provides users with the ability to see certain information about ads served to that user. Defendant denies the remaining allegations in Paragraph 56.

**FIGURE 4:**

[Figure Omitted.]

57. Defendant admits that it provides features that are designed to make it easier to connect people as quickly as possible to the information they seek. Defendant denies the remaining allegations in Paragraph 57.

**FIGURE 5:**

[Figure Omitted.]

**FIGURE 6:**

[Figure Omitted.]

58. Defendant admits that its search engine is designed so that users can filter results

of their search on Google by seller. Defendant denies the remaining allegations in Paragraph 58.

**FIGURE 7:**

[Figure Omitted.]

59.    Defendant admits that users are able to compare prices from different sellers on Google. Defendant denies the remaining allegations in Paragraph 59.

**FIGURE 8:**

[Figure Omitted.]

60.    Defendant refers to its "Advertising Policies Help: Copyrights" webpage for its complete contents. Defendant denies any allegations in Paragraph 60 that are inconsistent with its advertising policies. Defendant denies the remaining allegations in Paragraph 60.

61.    Defendant refers to its "Unsupported Shopping Content" webpage for its complete contents. Defendant denies any allegations in Paragraph 61 that are inconsistent with that webpage. Defendant denies the remaining allegations in Paragraph 61.

62.    To the extent the allegations in Paragraph 62 relate to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant admits that some advertisers may complete an advertiser verification process. Defendant denies the remaining allegations in Paragraph 62.

63.    Defendant denies the allegations in Paragraph 63.

***Google disallows certain Shopping Ads for legitimate works but allows ads from Pirate Sellers.***

64.    To the extent this paragraph relates to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations.

65.    To the extent this paragraph relates to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations.

66.    To the extent this paragraph relates to a claim that has been dismissed, no

response is required. To the extent a response is required, Defendant denies the allegations.

67.    To the extent this paragraph relates to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations.

68.    To the extent this paragraph relates to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations, except Defendant admits that starting on or around May 18, 2021, Google introduced a policy prohibiting Shopping ads content reflecting eBooks and digital books (not including audiobooks).

69.    To the extent this paragraph relates to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations.

### *Google has the technology and the authority to remove Infringing Shopping Ads and Pirate Sellers.*

70.    To the extent the allegations in Paragraph 70 relate to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant refers to its Google Merchant Center Terms of Service, Merchant Help Center: Copyrighted content, and Merchant Help Center: Misrepresentation webpages for their complete contents. Defendant denies any allegations inconsistent with Defendant's webpages. Defendant denies the remaining allegations in Paragraph 70.

71.    To the extent the allegations in Paragraph 71 relate to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant refers to its "Shopping ads policies" webpage for its complete contents. Defendant denies any allegations inconsistent with Defendant's webpage.    Defendant denies the remaining allegations in Paragraph 71.

72.    To the extent the allegations in Paragraph 72 relate to a claim that has been

dismissed, no response is required. To the extent a response is required, Defendant admits that it has the ability to remove or disable individual advertisements, and has removed or disabled advertisements in response to Plaintiffs' notices of alleged infringement. Defendant denies the remaining allegations in Paragraph 72.

73.     To the extent the allegations in Paragraph 73 relate to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant refers to its "Google Merchant Center Onboarding Guide" webpage for its complete contents. Defendant denies any allegations inconsistent with Defendant's webpage. Defendant denies the remaining allegations in Paragraph 73.

74.     To the extent the allegations in Paragraph 74 relate to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant refers to its "Google Merchant Center Onboarding Guide: Verify and claim your store's website" webpage for its complete contents. Defendant denies any allegations inconsistent with Defendant's webpage. Defendant denies the remaining allegations in Paragraph 74.

75.     To the extent the allegations in Paragraph 75 relate to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant refers to its "Google for Retail Overview" webpage for its complete contents. Defendant denies any allegations inconsistent with Defendant's webpage. Defendant denies the remaining allegations in Paragraph 75.

76.     To the extent the allegations in Paragraph 76 relate to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 76.

77.     To the extent the allegations in Paragraph 77 relate to a claim that has been

dismissed, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77.

78.    To the extent the allegations in Paragraph 78 relate to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 78.

79.    To the extent the allegations in Paragraph 79 relate to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80.    To the extent the allegations in Paragraph 80 relate to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Pirate Sellers commonly operate multiple Pirate Sites and that a small group of operators are often responsible for a disproportionately large number of infringing websites, and on that basis denies those allegations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that ads for pirated textbooks create an enormous problem for Plaintiffs, and on that basis denies that allegation. Defendant denies the remaining allegations in Paragraph 80.

**_Google's advertisements harm Plaintiffs and consumers while benefitting Google._**

81.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and on that basis denies the allegations.

82.    Defendant denies repeatedly promoting the landing pages on mybambinis.shop. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 and on that basis denies the allegations.

83.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 83 and on that basis denies the allegations.

84.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and on that basis, denies the allegations.

85.    Defendant denies the allegations in Paragraph 85.

86.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and on that basis, denies the allegations.

87.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and on that basis, denies the allegations."

88.    Defendant admits that merchants can include a product image in their Shopping Ad. To the extent the allegations in Paragraph 88 quote from portions of Defendant's publicly available webpage, Defendant refers to the webpage for its complete contents. Defendant denies any allegations inconsistent with Defendant's webpage. Defendant denies the remaining allegations in Paragraph 88.

89.    Defendant denies the allegations in Paragraph 89.

90.    Defendant denies the allegations in Paragraph 90.

91.    Defendant denies that it has promoted any "Pirate Sellers."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91, and on that basis denies the allegations.

92.    To the extent this paragraph relates to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations.

93.    To the extent this paragraph relates to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations.

94.    To the extent this paragraph relates to a claim that has been dismissed, no

response is required. To the extent a response is required, Defendant denies the allegations.

95.     Defendant admits that Defendant generally earns money when users click on paid advertisements. Defendant denies the remaining allegations in Paragraph 95.

96.     Defendant admits that it uses an auction in determining the cost-per-click for paid ads and that many factors are considered in the ad auction. Defendant denies the remaining allegations in Paragraph 96.

97.     Defendant denies the allegations in Paragraph 97.

98.     Defendant refers to its "Google for Retail: Overview" webpage for its complete contents. Defendant denies any allegations inconsistent with Defendant's webpage. Defendant denies the remaining allegations in Paragraph 98.

### *For years, the Publishers have sounded the alarm to Google to no avail.*

99.     Defendant admits that the Publishers and/or their agents have sent notices to Google identifying URLs they allege contain copyright infringing content. Defendant refers to the notices Defendant received from or on behalf of the Publishers for their contents. Defendant denies any allegations inconsistent with these notices. Defendant denies the remaining allegations in Paragraph 99.

100.    Defendant refers to the notices Defendant received from or on behalf of the Publishers for their contents. Defendant denies any allegations inconsistent with these notices. Defendant denies the remaining allegations in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

105.    Defendant denies the allegations in Paragraph 105.

106.    Defendant denies the allegations in Paragraph 106.

107.    Defendant denies the allegations in Paragraph 107.

108.    Defendant admits that, due to the volume of copyright notices Defendant receives and must review, and the risk of abuse of that process, Defendant may request that rightsholders not send duplicative notices to Defendant. To the extent the allegations of Paragraph 108 seek to paraphrase or characterize the contents of any communication from Google, the communication speaks for itself. Defendant denies the remaining allegations in Paragraph 108.

109.    Defendant admits that it may send one or more written warnings to those who repeatedly misuse Google's webforms, including by filing multiple requests for evaluation of the same content. Defendant admits that it may suspend its acceptance and/or processing of DMCA notices from those who misuse Defendant's DMCA notice and submission processes. Defendant denies the remaining allegations in Paragraph 109.

110.    To the extent this paragraph relates to a claim that has been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations.

111.    Defendant denies the allegations in Paragraph 111.

112.    Defendant denies the allegations in Paragraph 112.

113.    Defendant denies the allegations in Paragraph 113.

***Plaintiffs have made additional efforts to solve the piracy and Google ads problems.***

114.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and on that basis denies the allegations.

115.    Defendant admits that beginning in 2019 and continuing thereafter, Defendant

and Plaintiffs engaged in discussions about Shopping ads for allegedly infringing digital copies of the Publishers' works, which ceased when Plaintiffs abruptly filed this lawsuit in June 2024. Defendant denies the remaining allegations in Paragraph 115.

116.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and on that basis denies the allegations.

117.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and on that basis denies the allegations.

118.    Defendant admits that Plaintiffs sent Defendant certain injunctions issued by courts in lawsuits brought by Plaintiffs against third parties, and refers to those injunctions for their complete contents.  To the extent the allegations in Paragraph 118 are inconsistent with those injunctions, Defendant denies them. Defendant denies the remaining allegations in Paragraph 118.

119.    Defendant denies the allegations in Paragraph 119.

## CLAIMS FOR RELIEF

### *Count I – Contributory Copyright Infringement (Asserted by the Publishers)*

120.    Defendant repeats and realleges its responses to every allegation contained outside of Count I to the extent those allegations are properly incorporated into Count I.

121.    Paragraph 121 contains legal conclusions that do not require a response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and on that basis denies the allegations.

122.    Paragraph 122 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 122.

123.    Paragraph 123 contains legal conclusions that do not require a response. To the extent a response is required, Defendant admits only that the Publishers have sent Defendant

notices identifying URLs the Publishers allege infringe copyrights of the Publishers' digital works. Defendant denies the remaining allegations in Paragraph 123.

124.    Paragraph 124 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 124.

125.    Paragraph 125 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 125.

126.    Paragraph 126 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 126.

127.    Paragraph 127 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 127.

128.    Paragraph 128 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 128.

129.    Paragraph 129 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 129.

130.    Paragraph 130 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 130.

### Count II – Vicarious Copyright Infringement (Asserted by the Publishers)

131.    This paragraph relates to a claim that has been dismissed, and incorporates by reference the preceding factual allegations, and thus no response is required. To the extent this paragraph calls for a response, Defendant repeats and realleges its responses to every allegation contained outside of Count II.

132.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

133.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

134.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

135.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

136.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

137.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

138.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

### Count III – Trademark Infringement under 15 U.S.C. § 1114(1)(b) (Asserted by the Trademark Plaintiffs)

139.    Defendant repeats and realleges its responses to every allegation contained outside of Count III to the extent those allegations are properly incorporated into Count III.

140.    Paragraph 140 contains legal conclusions that do not require a response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and on that basis denies the allegations.

141.    Paragraph 141 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 141.

142.    Paragraph 142 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 142.

143.    Paragraph 143 contains legal conclusions that do not require a response. To the

extent a response is required, Defendant denies the allegations in Paragraph 143.

144.    Paragraph 144 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 144.

145.    Paragraph 145 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 145.

### *Count IV – N.Y. Gen. Bus. Law § 349(a) (Asserted by the Publishers)*

146.    This paragraph relates to a claim that has been dismissed, and incorporates by reference the preceding factual allegations, and thus no response is required. To the extent this paragraph calls for a response, Defendant repeats and realleges its responses to every allegation contained outside of Count IV.

147.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

148.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

149.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

150.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

151.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

152.    This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required, Defendant denies the allegations.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Defendant denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## JURY TRIAL DEMAND

Plaintiffs' demand for a jury trial contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that all of Plaintiffs' claims are properly triable to a jury.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of Plaintiffs' claims, and without waiving and hereby expressly reserving the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis thereof, Defendant asserts the following defenses:

## FIRST DEFENSE

Plaintiffs' claims are barred because Plaintiffs do not own or hold the exclusive rights under 17 U.S.C. § 106 or any copyright law that were allegedly infringed by Defendant or Defendant's Merchants. To the extent the individual professors who authored the textbooks, and not the universities that employed those professors, granted an assignment of rights to the Publishers, the assignments are invalid, as the universities, not the individual professors, are the owners of the copyrights at issue as "works-made-for-hire" as defined in 17 U.S.C. § 101 of the Copyright Act. As a result, Plaintiffs lack standing to pursue their claims.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations (17 U.S.C. § 507(b)).

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Digital Millennium Copyright Act's safe harbor (17 U.S.C. § 512) shields Defendant from monetary liability for content generated and/or uploaded by its Merchants.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by equitable estoppel, waiver, unclean hands, laches, and/or other related equitable doctrines.

## FIFTH DEFENSE

Defendant did not engage in the volitional conduct required to be liable for direct infringement.

## SIXTH DEFENSE

Defendant did not have the requisite knowledge, recklessness, or intent required to be liable for contributory infringement.

## SEVENTH DEFENSE

There was no willful infringement by Defendant; accordingly, Plaintiffs' claims, including but not limited to the demand for enhanced damages, have no basis and should be denied.

## EIGHTH DEFENSE

Each of the claims in the Complaint is barred, in whole or in part, because there is no causal relationship between Plaintiffs' alleged losses, if any, and any alleged wrongful acts or omissions by Defendant.

## NINTH DEFENSE

Plaintiffs' claims, in whole or in part, are barred because Plaintiffs have suffered no provable injury as a result of Defendant's alleged conduct.

## TENTH DEFENSE

Plaintiffs failed to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint and are therefore barred from recovering any damages which might reasonably have been avoided.

## ELEVENTH DEFENSE

Plaintiffs' claim for money damages is barred in relevant part because any infringement or violation of Plaintiffs' trademarks by Defendant was innocent (15 U.S.C. § 1114(2)).

## TWELFTH DEFENSE

Plaintiffs' trademark claim is barred because any use of Plaintiffs' Marks by Defendant constituted a nominative fair use.

## THIRTEENTH DEFENSE

Plaintiffs' trademark claim is barred because it is precluded by the Copyright Act to the extent it seeks to vindicate rights that are properly protected by copyright. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33–38 (2003).

## FOURTEENTH DEFENSE

The injunctive relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have available an adequate remedy at law for any alleged damages they have suffered.

## ADDITIONAL DEFENSES

Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter. Defendant reserves the right to amend this Answer and/or its defenses.

## JURY TRIAL DEMAND

Defendant demands a trial by jury on all issues so triable.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Defendant respectfully requests that this Court:

1.  Enter judgment in Defendant's favor and against Plaintiffs;

2.  Dismiss all claims brought by Plaintiffs with prejudice;

3.  Award Defendant its attorneys' fees and costs to the extent permitted by law; and

4.  Grant Defendant such other and further relief as this Court deems just and proper.

Dated: November 13, 2025
      New York, New York

Respectfully submitted,

**LATHAM & WATKINS LLP**

_/s/ Sarang Vijay Damle_
Sarang Vijay Damle
Sarah A. Tomkowiak (_pro hac vice_)
Holly K. Victorson (_pro hac vice_)
Laura E. Bladow (_pro hac vice_)
Roberto J. Borgert (_pro hac vice_)
Brent T.F. Murphy (_pro hac vice_)
Sara E. Sampoli (_pro hac vice_)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: sy.damle@lw.com
      sarah.tomkowiak@lw.com
      holly.victorson@lw.com
      laura.bladow@lw.com
      roberto.borgert@lw.com
      brent.murphy@lw.com
      sara.sampoli@lw.com

Allison L. Stillman
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: alli.stillman@lw.com

Joseph R. Wetzel
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: joe.wetzel@lw.com

_Attorneys for Defendant Google LLC_