# EXHIBIT 2

| | |
|---|---|
| **From:** | Clarke, Caroline (NY) |
| **Sent:** | Friday, August 15, 2025 4:19 PM |
| **To:** | Kevin Lindsey; Tomkowiak, Sarah (DC); Michele Murphy; Katheryn Jarvis Enters; Jeff Kane; Uriel Lee |
| **Cc:** | Damle, Sy (DC-NY); Stillman, Alli (NY); Victorson, Holly (DC); Bladow, Laura (DC); Sampoli, Sara (DC); Wetzel, Joe (Bay Area); Murphy, Brent (DC) |
| **Subject:** | RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Privilege Log |

Counsel,

We write regarding our meet and confer yesterday, August 14, 2025, regarding Plaintiffs' deficient privilege log.

1. **Privilege Logs for each Plaintiff**: We reiterated our position that each Plaintiff must separately log any documents over which that Plaintiff asserts privilege. Plaintiffs agreed in principle to add a column to their August 1 privilege log, and all future privilege logs, that indicates which Plaintiff is asserting privilege over each category of documents. We also requested that Plaintiffs include a column that shows if Plaintiffs are asserting common interest existed between the relevant participants, during the relevant time period, for each category.  You said that you would consult with your client.

2. **Deduplication**: You confirmed that, for each category document count, you only deduplicated if there was an email between two individual Plaintiffs (i.e., sent from one Plaintiff to only one other Plaintiff). You did not deduplicate any emails sent from one Plaintiff (or from counsel) to several Plaintiffs or other persons. As such, you confirmed your document counts for each privilege category include duplicates in the possession of multiple Plaintiffs.

3. **Family Members in Privilege Log**: You confirmed that Plaintiffs are reviewing each member of a "family" independently for privilege.  You further confirmed that the document counts for each category of privilege count each document in a family, meaning both the parent email and any attachments. You agreed to amend your August 1 privilege log, and to include in all future logs, how many cover letters versus attachments are included in the document count for each category.

4. **Type of Privilege**: You confirmed that, for each category where ACP and AWP is listed, you are asserting both types of privilege over every document in that category.

5. **Identifying Relevant Attorney:** We reiterated our position that, because of the structure of Plaintiffs' August 1 log, it is impossible for Google to decipher which attorney is providing legal advice or from whom legal advice is being sought.  You stated that, for each category, all attorneys listed are copied on every email included in the document count. We asked if Plaintiffs' position is that every document included in a category reflects legal advice from every attorney listed.  Your position seems to be that while all attorneys in a category are copied on every document in the category, the specific attorney who is providing the legal advice, or from whom legal advice is sought or reflected, might differ from document to document.  Please confirm our understanding.  Google's position remains that this method of logging makes it impossible for Google to assess Plaintiff(s)' claim of privilege over individual documents within each category.  Plaintiffs' attempt to conflate their approach with Google's approach rings hollow. Google's privilege log clearly indicates the sender and recipients of each email, such that Plaintiffs can easily identify from whom any legal advice is being provided or being sought.

6. **Broad Privilege Categories**: As stated in our August 7, 2025, email, Plaintiffs' descriptions of the subject matter of the withheld information (for example, legal advice "related to infringement" or "regarding copyright

1

enforcement") are broad and boilerplate. We explained on our meet and confer that this is particularly true if judged by the standard Plaintiffs apparently believe Google should be held to (e.g., Plaintiffs took issue with the phrase "copyright policy compliance" on Google's privilege log), and expressed our view that the Rule 26 standard should be the same for both sides in this case. We acknowledge your position (repeated several times during our conferral) that Plaintiffs would consider more specific subject matter descriptions if Google would. We note that the burden of doing so would fall disproportionately on Google, which has served a traditional privilege log individually describing each document withheld. In any event, we will respond to your request regarding Google's privilege log. Regardless, please confirm whether Plaintiffs intend to revise their August 1 privilege log, and all future privilege logs, to include more specific descriptions of privileged information.

7. **Affiliation of Attorneys**: We acknowledge receipt of Plaintiffs' August 7, 2025, email, which provides the affiliations of Martha Hall and Laura Stevens. Plaintiffs stated that they intend to list the entity affiliation of every attorney once on each privilege log.

8. **Pearson and BCGuardian Privilege**: You stated that Plaintiffs' position is that Peason shares a common legal interest with Plaintiffs, and as such, that doctrine applies to communications involving Pearson attorneys or non-attorneys, such that privilege is not waived by Pearson's presence. You also stated that BCGuardian provides "expertise" to counsel to help counsel provide legal advice and BCGuardian acts as a "translator" in a complex subject matter. When we asked for clarification on the subject matter, you stated that BCGuardian has technical expertise in complex infringement and notice data. We asked whether Plaintiffs' position on common interest privilege is the same across the full time period at issue in this case, for both Pearson and BCGuardian. You confirmed that it is, with the caveat that Pearson is not a Plaintiff in this current litigation, but there were discussions with Pearson about other litigations that are subject to common interest privilege during the relevant time period.

Regarding timing of the exchange of revised and future privilege logs, we propose that counsel meet and confer next week to resolve any outstanding issues and to propose revisions to their own privilege log, and then exchange revised and additional privilege logs two weeks after that conferral. Google is available on Tuesday from 11am-1pm or 4pm-5pm ET.

Thanks,

Caroline

**Caroline Clarke**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.332.240.1457
C: +1.347.446.1349

---

**From:** Kevin Lindsey <KLindsey@oandzlaw.com>
**Sent:** Thursday, August 7, 2025 2:32 PM
**To:** Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Michele Murphy <michele@oandzlaw.com>; Katheryn Jarvis Enters <Katheryn@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>
**Cc:** Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>
**Subject:** Re: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Privilege Log

2

Counsel,

We disagree that Plaintiffs' privilege log is inadequate. The August 1, 2025 log complies with federal and local rules. With respect to number 7 below, we identified each individuals' affiliations once, the first time the individual is listed. Martha Hall is affiliated with Cengage. Laura Stevens is an attorney and is also affiliated with Cengage. We agree to a meet and confer of one hour, with 30 minutes for each party to address questions about their privilege log, and are available on Thursday 8/14 at 11am.

Regards,

Kevin Lindsey  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.450.5593
KLindsey@oandzlaw.com  |  www.oandzlaw.com
 Connect with us on LinkedIn

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>
**Date:** Thursday, August 7, 2025 at 10:54 AM
**To:** Michele Murphy <michele@oandzlaw.com>, Katheryn Jarvis Enters <Katheryn@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Sy.Damle@lw.com <Sy.Damle@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>, Laura.Bladow@lw.com <Laura.Bladow@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Caroline.Clarke@lw.com <Caroline.Clarke@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Brent.Murphy@lw.com <Brent.Murphy@lw.com>
**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Privilege Log

Counsel,

We write concerning Plaintiffs' August 1 privilege log, which is plainly inadequate under the federal and local rules.

1. Most fundamentally, Plaintiffs' log does not specify which Plaintiff asserts privilege over which categories of documents, or which documents within each category are being withheld by which Plaintiff.  Each Plaintiff should provide a separate privilege log.  If documents are being withheld based on a common-interest privilege, Plaintiffs should specify that.

3

2. Plaintiffs' log is unclear how many documents fall within each category.  By lumping documents withheld + family together, Google cannot assess the actual volume of documents Plaintiffs have withheld, which could be quite small if the number of family members are inflating the totals.  It is also unclear whether the documents within each category were de-duplicated.

3. Relatedly, Plaintiffs' approach suggests that Plaintiffs simply withheld all family members of documents determined to be privileged, rather than evaluating each family member for privilege.  Please confirm whether Plaintiffs did an independent assessment of each document in a family for privilege.

4. It is also unclear whether, for each category, Plaintiffs are claiming *both* ACP and AWP over *each* document in the category.

5. By lumping multiple documents into single categories and then identifying groups of attorneys, it is impossible to know which attorney's legal advice is (ostensibly) reflected, provided, or requested with respect to each document.  Is it your position that every document in each category involves legal advice from the full group of ~a dozen attorneys listed for each category?

6. Plaintiffs' descriptions of the subject matter of the withheld documents are boilerplate and plainly inadequate.  In essence, for the approximately 500 "documents" on the privilege log (again, it's unclear how many actual documents there are versus family members), Plaintiffs have almost identical language, describing the subject matter as legal advice "related to infringement" or "regarding copyright enforcement."  This includes 269 "documents withheld + family" over a two-year period (Category 14).  Plaintiffs cannot shroud their everyday intellectual property enforcement efforts, or business communications related to, for example, Google's eBook advertising policies, in privilege – and these descriptions do not allow Google to assess whether Plaintiffs are attempting to do so.

7. Sometimes Plaintiffs identify the entity an individual is associated with, sometimes they do not.  In order to assess whether any individual within each category might break or waive privilege, Plaintiffs must include everyone's affiliation at least once in the log, or provide Google with a list of each person that appears on the log and which entity they are associated with.

    1. In particular, we would like to know which entity Martha Hall and Laura Stevens are affiliated with.  We also note that Laura Stevens is listed on the log as both an attorney (Category 7) and non-attorney (Categories 10 and 11).  Is she an attorney, or not?

8. We would like to know Plaintiffs' position on why the presence of attorneys or non-attorneys from (a) Pearson; and (b) BCGuardian does not break privilege.

We request to meet and confer next week regarding these deficiencies and are available at the below-listed dates and times.  We are in receipt of Mr. Kane's August 4 email setting forth Plaintiffs' questions regarding Google's privilege log , and we will make ourselves available to meet and confer on those issues at the same time.   We suggest scheduling an hour for the call, and allotting each side 30 minutes to address their questions.

- Wednesday, August 13: 12-1 pm; 4-5 pm
- Thursday, August 14: 11-2 pm; 3-5 pm

4

Best,

**Sarah A. Tomkowiak**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2335 | M: +1.217.417.3312

---

**From:** Kevin Lindsey <KLindsey@oandzlaw.com>
**Sent:** Friday, August 1, 2025 10:56 PM
**To:** Stillman, Alli (NY) <Alli.Stillman@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Katheryn Jarvis Enters <Katheryn@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>
**Subject:** Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Privilege Log

Counsel,

Please see attached Plaintiffs' first privilege log in the above-referenced action.

Regards,

Kevin Lindsey  |  Associate

**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.450.5593
KLindsey@oandzlaw.com  |  www.oandzlaw.com
Connect with us on LinkedIn



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication

will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at [www.lw.com](www.lw.com).