# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, ELSEVIER INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC., <br><br>          Plaintiffs, <br>     v. <br><br> TRUNG KIEN NGUYEN, DUY ANH NGUYEN, DUONG THI BAY, XUAN CHINH NGUYEN, TUAN ANH NGUYEN, VINH NGOC NGUYEN, LÊ TRANG, VAN QUYNH PHAM, THI LIEN PHUONG NGUYEN, VAN TUAN DANG, HIEN VO VAN, QUANG NGUYEN, JESSICA GOLDBERG, MAXIM GUBCEAC, KELLI LANE, TRACEY LUM, RODNEY MOUZONE, ZAINEE JALLAL, LUU VAN DOAN, BUI HAI LINH, MOHD HANIFF HASLAM, RAFAN WASEEF, SAMEER YAMAN, STEFAN DEMETER, SHAHBAZ HAIDER, ERIKA DEMETEROVA, ROSTISLAV ZHURAYSKIY, SUSAN RAGON, WALESKA CAMACHO, ANJUM AKHTER, HASEEB ANJUM, MUHD IZHAN KHAIRUL, VU XUAN TRUONG, BINH NGUYEN, ANTHONY TORRESI, MICHAEL MCEVILLEY, CORNELL KILLEBREW, MOHD ALI KAMIL, ADAM HAROLD, ABDUL RAHIM MOHSIN, REFAT HAMOUDA, MOSTAFIZUR RAHMAN, MOHAMED SABEK, DO THANH DUY, CRIS AUSTIN, and WASRI WAMIN, <br><br>          Defendants. | Civil Action No. 20-cv-769-JGK <br><br> **AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

155. Defendant Austin has mad concerted efforts to conceal his identity and contact information. For example, in dealing with Intermediaries and/or operating his infringing business, he provided at least three email addresses and two physical addresses across the United States, including in California and Massachusetts. Moreover, Defendant Austin has used false addresses. For example, Defendant Austin provided to Intermediaries an address in Cambridge, Massachusetts that is a Harvard University building.

156. Despite receiving notice of the TRO and PI, Defendant Austin willfully continued to operate studyhallpress.com in violation of the Court's orders. Indeed, studyhallpress.com remained active and infringing until at least late March 2020.

W. **Defendant Wamin**

157. Defendant Wamin has sold Infringing eBooks through his Infringing Site testbankklick.com.

158. Defendant Wamin has made concerted efforts to conceal his identity and contact information. For example, in dealing with Intermediaries and/or operating his infringing business, he provided at least an alias, two email addresses, and two addresses abroad, including in Malaysia and the United Kingdom.

**FIRST CLAIM FOR RELIEF**

**Copyright Infringement (17 U.S.C. § 101 *et seq.*)**

159. Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1-160 as though set forth fully herein.

160. Plaintiffs' Authentic Works listed on Exhibit C constitute original works and copyrightable subject matter pursuant to the Copyright Act and are the subject of United States Certificates of Copyright Registration duly obtained from the United States Copyright Office. At

all relevant times, Plaintiffs have been and still are the owners or exclusive licensees of all rights, title, and interest in and to their respective copyrights in such works, which have never been assigned, licensed, or otherwise transferred to Defendants.

161. Beginning on an unknown date, Defendants, without the permission of Plaintiffs, have reproduced the Authentic Works and distributed to the public unauthorized copies of the Authentic Works. Such reproduction and distribution constitute infringement of Plaintiffs' exclusive rights under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. §§ 106(1) and 106(3).

162. The infringement of Plaintiffs' rights in each of their respective copyrighted works constitutes a separate and distinct act of infringement.

163. Defendants' unlawful conduct, as set forth above, was willful. Defendants had actual and/or constructive knowledge that their conduct was unlawful and in violation of Plaintiffs' copyrights. Defendants acted intentionally and in reckless disregard of Plaintiffs' copyrights.

164. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

165. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

## JURY TRIAL DEMAND

Plaintiffs hereby request a trial by jury.

DATED: July 1, 2020                         Respectfully submitted,

                                    By:  */s/ Matthew I. Fleischman*

                                            Matthew J. Oppenheim
                                            Michele H. Murphy (*pro hac vice*)
                                            Matthew I. Fleischman
                                            Vivian E. Kim

                                            OPPENHEIM + ZEBRAK, LLP
                                            4530 Wisconsin Avenue NW, Fifth Floor
                                            Washington, DC 20016
                                            Tel: (202) 480-2999
                                            Fax: (866) 766-1678
                                            matt@oandzlaw.com
                                            michele@oandzlaw.com
                                            fleischman@oandzlaw.com
                                            vivian@oandzlaw.com

                                            *Attorneys for Plaintiffs*