# EXHIBIT 6

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCGRAW HILL LLC, BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., ELSEVIER INC., and PEARSON EDUCATION, INC., <br><br>Plaintiffs, <br><br>v. <br><br>CHINH TRAN VAN, NGUYEN VAN LINH, TUAN DUC NGUYEN, HUY NGUYEN TRONG, CHUNG VAN NGUYEN, THI THUY LINH HOANG, NGUYEN THI THU THUY, TUAN TRUNG LUONG, TRUNG TUAN, CUONG MANH HOANG, HUY NGUYEN, DANG HUY, NGUYEN VAN DONG, CHUNG NGUYEN, TRAN NGOC THANH, HAI AN NGUYEN, LAM NGOC NGUYEN, KHOA BUI DANG, JONATHAN LANGSETH, CARMEN RODRIGUEZ, VAN THIEN VU, VAN THUY DANG, THUY THI TRAN, VAN DUONG HA, THI DUNG VU, PHUONG TRUC HOANG, BAN TRAN, VUONG LE, PHUONG THI THANH LE, DESMOND MERKA, BLAZHE PENDAROVSKI, HOA LEE, NAM DUY NGUYEN, CHUONG TAI NGUYEN, VAN TAM NGUYEN, TUE NGUYEN VAN, VIET TAN PHAN, LÊ ĐÌNH KHANG, VUONG HUNG LE, MISBUN ALI, VALERIE LAVELY, VINH NGUYEN NGOC, MIR MOHSIN ALI, SAMANTHA COLAIANNI, NAM HOANG NGUYEN, FARID ZAINAL ABIDIN, NGÔ ĐÌNH PHÚ, ROSTISLAV ZHURAVSKIY, NGUYET ANH HO, MUHAMMAD FAHRIZAN MOHD YUSOF, TANVEER ZAHAR, TRAN THI HIEN, MOHAMED MAGDY, MUHAMMAD ZULKARNAIN OSMAN, NGUYEN NHU HAI LONG, SRI ZARUL GIRAGA, TAI DUC HUYNH, ROSMAN HAMIDI, HALIMI ABDUL RAZAK, CUONG NGUYEN VAN, HIBATULLA AMNAN, JIAN LI XU, CHI HOANG NGUYEN, DIEP ANH NGUYEN, DOE 10 d/b/a COLLEGE2BOOK.COM, DOE 18 d/b/a EBOOK-MALL.COM, DOE 30 d/b/a | Civil Action No. 20-cv-6368-GHW <br><br>**FIRST AMENDED COMPLAINT FOR:** <br><br>**1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101,** *et seq.***); and** <br><br>**2. TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)** <br><br>**DEMAND FOR JURY TRIAL** |

| EVELYN.ONKINGSHOP.COM, and DOES 64-100, | |
|---|---|
| Defendants. | |

unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work. A substantial decline in revenue from sales or rentals of Plaintiffs' copyrighted works could cause Plaintiffs to cease publishing one or more deserving textbooks. This would adversely impact the creation of new textbooks, scholarly endeavor, as well as the availability and quality of educational content in the humanities, sciences, and social sciences.

105. Similarly, Plaintiffs advertise and promote their textbooks in the United States under their respective trademarks. Plaintiffs' trademarks and the goodwill of the business associated with them are of tremendous value and have become associated in the public mind with each Plaintiff's reputation for publishing textbooks of the very highest quality. Plaintiffs suffer reputational injury when their trademarks are unlawfully used in connection with the advertisement and sale of illegitimate and poor-quality textbooks.

### B. Plaintiffs' Respective Copyright and Trademark Registrations

106. Plaintiffs are the copyright owners of, and/or the owners of exclusive rights under copyright in, among many others, their respective works, or derivative works, described on **Exhibit C** (the "Authentic Works"). Plaintiffs or their affiliates have obtained copyright registrations, duly issued by the United States Copyright Office, covering their respective Authentic Works. Exhibit C lists, by Defendant and Infringing Site, Authentic Works that Plaintiffs purchased directly from Defendants' Infringing Sites and that Defendants, therefore, unlawfully reproduced and distributed. Exhibit C is a representative and non-exhaustive list of the copyrighted works that Defendants have infringed, however. Given the blatantly illegal nature of Defendants' conduct and Infringing Sites, and the fact that Defendants have advertised, offered for sale, and sold unauthorized electronic copies of many of Plaintiffs' textbooks beyond those

19

Plaintiffs purchased, Defendants have infringed copyrighted works owned or exclusively controlled by Plaintiffs beyond those listed on Exhibit C.

107. Plaintiffs are the owners or the exclusive licensees of, among others, their respective trademarks and/or service marks described on **Exhibit D** (the "Marks"). Plaintiffs or their predecessors or affiliates have duly registered on the Principal Register of the United States Patent and Trademark Office their respective Marks. Plaintiffs' Marks are distinctive and arbitrary and may also be incontestable under 15 U.S.C. § 1065. Exhibit D lists the Marks associated with the Authentic Works listed in Exhibit C, as well as additional Marks illegally used by Defendants on their Infringing Sites and in listings for Infringing eBooks. Like Exhibit C, and for the reasons set forth above concerning Exhibit C, Exhibit D is a representative and non-exhaustive list of trademarks that Defendants have infringed, and Defendants have infringed trademarks owned or exclusively licensed by Plaintiffs beyond those listed on Exhibit D.

### C. Defendants' Piracy and the Infringing Sites

108. Textbook piracy is rampant, particularly as a result of the ease by which pirates around the world can sell their infringing textbooks to consumers using well-known and popular service providers and payment processors. Despite Plaintiffs' and other publishers' use of Digital Rights Management or other digital security ("DRM") to protect authorized electronic versions of their copyrighted content, pirates are adept at circumventing those protections. Accordingly, pirated textbooks are copied and distributed in PDF or other accessible electronic formats throughout the lucrative U.S. market.

109. Defendants own, control, and/or operate the Infringing Sites identified as to each Defendant in **Exhibit A**, and likely others, which Defendants have used and/or continue to use in furtherance of the unlawful conduct alleged herein. Through their Infringing Sites, Defendants

20

and contact information. For example, in dealing with Intermediaries and/or operating his infringing business, Defendant Chi Hoang Nguyen has used at least six aliases, seven email addresses, and eight physical addresses, including addresses in California, China, and Vietnam.

**Defendant Diep Anh Nguyen**

202. Defendant Diep Anh Nguyen has made concerted efforts to conceal his identity and contact information. For example, in dealing with Intermediaries and/or operating his infringing business, Defendant Diep Anh Nguyen has used at least two aliases, four email addresses, and four physical addresses, including a false address in New York and additional addresses in California, Texas, and Vietnam.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. § 101 *et seq.*)

203. Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1-202 as though set forth fully herein.

204. Plaintiffs' Authentic Works listed on Exhibit C constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they are protected by registrations duly issued to Plaintiffs (or their predecessors or affiliates) by the United States Copyright Office. At all relevant times, Plaintiffs have been and still are the owners or exclusive licensees of all rights, title, and interest in and to their respective copyrights in such works, which have never been assigned, licensed, or otherwise transferred to Defendants.

205. Beginning on an unknown date, Defendants, without the permission of Plaintiffs, and with knowledge of Plaintiffs' copyrights, have reproduced the Authentic Works and distributed to the public unauthorized copies of the Authentic Works. Such reproduction and distribution constitute infringement of Plaintiffs' exclusive rights under copyright pursuant to 17

U.S.C. § 501 in violation of 17 U.S.C. §§ 106(1) and 106(3).

206. The infringement of Plaintiffs' rights in each of their respective copyrighted works constitutes a separate and distinct act of infringement.

207. Defendants' unlawful conduct, as set forth above, was willful. Defendants had actual and/or constructive knowledge that their conduct was unlawful and in violation of Plaintiffs' copyrights. Defendants acted intentionally and in reckless disregard of Plaintiffs' copyrights.

208. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

209. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)

210. Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1-202 as though set forth fully herein.

211. At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective Marks listed on Exhibit D, which are valid and protectable trademarks that are registered with the United States Patent and Trademark Office.

212. Beginning on an unknown date, Defendants have infringed Plaintiffs' federally

52

## JURY TRIAL DEMAND

Plaintiffs hereby request a trial by jury.

DATED: October 16, 2020               Respectfully submitted,

                                      By:  /s/ *Vivian E. Kim*
                                           Vivian E. Kim

                                           Matthew J. Oppenheim
                                           Michele H. Murphy (admitted *pro hac vice*)
                                           Matthew I. Fleischman
                                           Vivian E. Kim
                                           OPPENHEIM + ZEBRAK, LLP
                                           4530 Wisconsin Avenue NW, Fifth Floor
                                           Washington, DC 20016
                                           Tel:  (202) 480-2999
                                           Fax:  (866) 766-1678
                                           matt@oandzlaw.com
                                           michele@oandzlaw.com
                                           fleischman@oandzlaw.com
                                           vivian@oandzlaw.com

                                           *Attorneys for Plaintiffs*