# EXHIBIT 7

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., ELSEVIER INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC.<br>        Plaintiffs,<br><br>      v.<br><br>AARON L. ENGLISH, CAO TRAN MANH DAT, DIANNA SEIFERT, DU QUANG DUAN, DUNG VUONG, FARM SAECHAO, HONG LAM SON, JAMES WRIGHT, KATHRYN WILCOX, LUAN LE, MARTHA ROBLEDO, NGUYEN KHANG VU, PHONG NGUYEN DINH, QUYEN VU THI BICH, TAMMY COOPER, THE ANH NGUYEN, TOAN LE, TRAN NGOC LONG, VUONG VIET DUNG, YOUSSEF MAHREZ, NGUYỆT Ý NGÔ, PHONG PHAM, BẮC ĐỖ NGỌC, DO DUC TUAN ANH, HUAN BACH NGUYEN, PHAM UYEN PHI, HUONG NGUYEN THI, NGUYEN VAN LY, ROSTISLAV ZHURAVSKIY, MOHAMED ALI, MOHAMED NOUARI, NGUYEN PHAN NGAN, CHUNG KHAC NGUYEN, MOUSTAGHFIR ANASS, ABDUL SALEWAN BIN ANTONI, JAY KING, RUSLI YASMIN, and DUC MANH PHAM,<br><br>        Defendants. | **Civil Action No. 21-cv-6691-ER**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.); and**<br>**2. TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**<br><br>**DEMAND FOR JURY TRIAL** |

textbooks, and their trademarks.

62. Plaintiffs are the copyright owners of, and/or control exclusive rights under copyright in, among many others, their respective works, or derivative works, described in **Exhibit B** ("Plaintiffs' Authentic Works" or "the "Authentic Works"). Plaintiffs' Authentic Works are protected by copyright registrations, duly issued by the United States Copyright Office, covering their respective Authentic Works. The works described in **Exhibit B** constitute a non-exhaustive, representative list of Plaintiffs' Authentic Works, broken down by Defendant or Defendant group, that the specified Defendants have unlawfully reproduced and distributed.

63. Listed in **Exhibit C** are the trademarks and service marks for which the Plaintiffs included in Exhibit C are the owners and/or registrants pursuant to 15 U.S.C. § 1127 (the "Marks"). The Marks are duly registered on the Principal Register of the United States Patent and Trademark Office. The Marks are distinctive and arbitrary and may also be incontestable under 15 U.S.C. § 1065. The Marks listed in **Exhibit C**, which are broken down by Defendant or Defendant group, constitute a non-exhaustive, representative list of the Marks that the specified Defendants have infringed by using spurious and identical (or substantially indistinguishable) copies of those Marks in connection with infringing sales on their Infringing Sites.

64. Along with the Marks, **Exhibit D** includes a representative list of imprints used by Plaintiffs and/or their affiliates (the "Imprints"). By way of example: Macmillan Learning's imprints include Bedford/St. Martin's, W.H. Freeman & Company, and Worth Publishers; Cengage's imprints include Brooks Cole, Delmar, Heinle, and South-Western Educational Publishing; Elsevier's imprints include Academic Press, Butterworth Heinemann, Mosby, and Saunders; McGraw Hill's imprints include Irwin, Lange, and McGraw-Hill Higher Education; and Pearson's imprints include Addison Wesley, Allyn & Bacon, and Benjamin Cummings.

12

113. Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1-112 as though set forth fully herein.

114. Plaintiffs' Authentic Works listed in Exhibit B constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they are protected by registrations duly issued by the United States Copyright Office. Each registration is either within three months of publication or pre-dates commencement of the infringement complained of herein. At all relevant times, Plaintiffs have been and still are the owners or exclusive licensees of all rights, title, and interest in and to their respective copyrights in such works, which have never been assigned, licensed, or otherwise transferred to Defendants.

115. Defendants, without the permission of Plaintiffs, and with knowledge of Plaintiffs' copyrights, have reproduced the Authentic Works and sold to the public unauthorized copies of the Authentic Works. Such reproduction and distribution constitute infringement of Plaintiffs' exclusive rights under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. §§ 106(1) and 106(3).

116. The infringement of Plaintiffs' rights in each of their respective copyrighted works constitutes a separate and distinct act of infringement.

117. Defendants' unlawful conduct, as set forth above, was willful. Defendants had knowledge that their conduct was unlawful and in violation of Plaintiffs' copyrights. Defendants acted intentionally and in reckless disregard of Plaintiffs' copyrights.

118. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

119. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court

the infringing copies of the Authentic Works were sold. Even accepting as true Defendant Ngan's description of fendici.com as a "marketplace," Defendant Ngan materially contributed to, had knowledge of, supervised, and/or controlled the reproduction and/or distribution of infringing copies of the Authentic Works listed in Exhibit B on fendici.com. As the owner and operator of fendici.com, Defendant Ngan also had a direct financial interest in, and stood to gain a direct financial benefit from, such infringing activity.

125. Defendant Ngan's unlawful conduct, as set forth above, was willful. He had knowledge that his conduct was unlawful and in violation of Plaintiffs' copyrights and acted intentionally and in reckless disregard of Plaintiffs' copyrights.

126. As a result of Defendant Ngan's unlawful conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

127. Defendant Ngan's actions described above have caused and will continue to cause irreparable damages to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendant Ngan from continuing his infringement of Plaintiffs' copyrights—whether direct infringement or secondary infringement—these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendant Ngan from further infringement, as well as other appropriate equitable relief, as specified below.

### THIRD CLAIM FOR RELIEF

**Trademark Infringement and Counterfeiting (15 U.S.C. § 1114 et seq.) - Against All Defendants**

128. Plaintiffs Cengage, Elsevier, and McGraw Hill (the "Trademark Plaintiffs") re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1-112 as though set forth fully herein.

129. At all relevant times, the Trademark Plaintiffs have been and still are the owners

30

and/or registrants pursuant to 15 U.S.C. § 1127 of their respective Marks listed in Exhibit C, which are valid and protectable trademarks that are registered with the United States Patent and Trademark Office.

130. The Defendants have infringed the Marks through their use in commerce, without Plaintiffs' consent, of a reproduction, counterfeit, copy, or colorable imitation of the Marks in connection with the sale, offering for sale, distribution, and/or advertising of the Infringing eBooks, and such use is likely to cause confusion, to cause mistake, and/or deceive the public.

131. In particular, the Defendants used in commerce counterfeit copies of the Marks, which are unauthorized copies of the Marks appearing on the Infringing eBooks that are identical to or substantially indistinguishable from the Marks on the Authentic Works. Defendants' use of counterfeit copies of the Marks deceptively leads consumers, including students, to believe that the Infringing eBooks are genuine.

132. The Defendants have acted intentionally and in reckless disregard of the Trademark Plaintiffs' respective rights in the Marks. Such Defendants are also intentionally using the Marks on unauthorized products and engaging in infringing conduct in order to further their own illegal business enterprises.

133. The unlawful conduct described above was willful. The Defendants had knowledge that their conduct was unlawful and would cause confusion, mistake, or deception. As a result of such unlawful conduct, the Trademark Plaintiffs have been, and will continue to be, damaged.

134. The infringement and counterfeiting of the Marks, as described above, have caused and will continue to cause irreparable injury to the Trademark Plaintiffs identified in Exhibit C, including to their reputation, and to the goodwill of the Marks, for they have no adequate remedy at law. Unless this Court restrains the Defendants from continuing their infringing activities, these

31

## JURY TRIAL DEMAND

Plaintiffs hereby request a trial by jury.

DATED: February 8, 2022

Respectfully submitted,

By: /s/ *Michele H. Murphy*

Matthew J. Oppenheim
Michele H. Murphy (*pro hac vice*)
Danae Tinelli (*pro hac vice application to be filed*)
Ever Hess

OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, Fifth Floor
Washington, DC 20016
Tel: (202) 480-2999
Fax: (866) 766-1678
matt@oandzlaw.com
michele@oandzlaw.com
danae@oandzlaw.com
ever@oandzlaw.com

*Attorneys for Plaintiffs*