# EXHIBIT 8

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSEVIER INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 86 d/b/a 7YEC.COM, ALIBABADOWNLOAD.COM, APLUSTBSM.BLOGSPOT.COM, BOOSTGRADE.INFO, BUDDIEZ4U.MYSHOPIFY.COM, BUY-SOLUTIONS-MANUAL.COM, BUYTESTBANKONLINE.COM, CANADIANTESTBANKSOLUTIONS.BLOGSPOT.COM, COLLEGESTUDENTTEXTBOOK.ORG, CYBERTESTBANK.COM, DIGITALTESTBANKS.COM, DIGTEXT.COM, EBOOKAS.COM, EBOOKENTRY.COM, ETESTBANKS.COM, FINDTESTBANKS.COM, HOMETESTBANKS.COM, HWPREMIUM.COM, INSTRUCTORACCESS.COM, MAXIZZY.MYSHOPIFY.COM, NURSINGSTUDENTSHELP.COM, NURSINGTB.COM, NURSINGTESTBANK.INFO, NURSINGTESTBANK0.INFO, NURSINGTESTBANKS.CO, NURSINGTESTBANKTANK.COM, REALNURSINGTESTBANK.COM, RHYIBLE.MYSHOPIFY.COM, SOLUTIONSMANUAL888.WORDPRESS.COM, SOLUTIONTESTBANK.COM, SOLUTIONTESTBANK.NET, STUDENT-SAVER.BLOGSPOT.COM, STUDENTPUSH.COM, STUDENTS-EXAMS.COM, SWEETGRADES.COM, TB-BOOK.COM, TBMIRATE.COM, TEST-BANK-SOLUTION.BLOGSPOT.COM, TESTBANK.CC, TESTBANK.CO.COM, TESTBANK.SOLUTIONS, TESTBANK101.COM, TESTBANK2020.COM, TESTBANKAIR.COM, TESTBANKANDSOLUTIONS.BLOGSPOT.COM, TESTBANKAREA.COM, TESTBANKBASE.COM, TESTBANKBYTE.COM, TESTBANKCLASSES.COM, | **Civil Action No.** <br><br> **COMPLAINT FOR:** <br><br> **1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et seq.*); and** <br> **2. TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)** <br><br> **DEMAND FOR JURY TRIAL** |

TESTBANKCLICK.COM, TESTBANKDATA.COM, TESTBANKDB.COM, TESTBANKDEALS.COM, TESTBANKDOC.COM, TESTBANKFILES.COM, TESTBANKFIRE.COM, TESTBANKGRADE.COM, TESTBANKGROUP.COM, TESTBANKHOST.COM, TESTBANKHUT.COM, TESTBANKINC.COM, TESTBANKKING.COM, TESTBANKLAB.COM, TESTBANKLIB.COM, TESTBANKMANUALS.COM, TESTBANKNSOLUTIONS.COM, TESTBANKPAPER.COM, TESTBANKPASS.COM, TESTBANKPLANET.COM, TESTBANKQUESTIONS.COM, TESTBANKREAL.COM, TESTBANKS-SOLUTIONMANUAL.COM, TESTBANKS.NET, TESTBANKSHOP.NET, TESTBANKSLIST.WORDPRESS.COM, TESTBANKSOLUTION01.COM, TESTBANKSOLUTIONMANUAL.COM, TESTBANKSTER.COM, TESTBANKTEAM.COM, TESTBANKTOP.COM, TESTBANKTREE.COM, TESTBANKWORLD.ORG, TESTBANKY.COM, TESTMANGO.COM, TEXTBOOKSOLUTIONS.CC, and UNIVERSALSTUDYGUIDES.COM,

        Defendants.

102. Test banks and ISMs are specific to a given textbook or series of textbooks. As such, these supplemental materials are tailored to the pedagogical approach of the works to which they correspond.

103. Test banks and ISMs contain additional protected expression beyond what is in the textbook. For instance, in the way that myriad creative efforts go into creating or selecting questions, whether for inclusion in the textbook or its corresponding test bank, similar protected expression goes into the answers and solutions in the test banks and ISMs. Countless decisions are made concerning answer choices, wording, examples, approach, depth, and other substantive details.

104. Plaintiffs publish their works under many trademarks that are well known and highly respected. Plaintiffs' trademarks include a variety of marks, imprints, or brands, and the goodwill of the business associated with them are of tremendous value and have become associated in the public mind with each Plaintiff's reputation for publishing works of the very highest quality. Plaintiffs (and/or their predecessors) have invested decades of effort in building a trusted reputation in the publishing industry, which consumers associate with Plaintiffs, their works, and their trademarks.

B. **Plaintiffs' Respective Copyrights and Trademarks**

105. Plaintiffs are the copyright owners of, and/or the owners of exclusive rights under copyright in, among many others, their respective works, or derivative works, described on **Exhibit A** (the "Authentic Works"). Plaintiffs or their predecessors or affiliates have obtained copyright registrations, duly issued by the United States Copyright Office, covering their respective Authentic Works. The works described on Exhibit A are a non-exhaustive, representative list of Plaintiffs' Authentic Works, broken down by Infringing Site, that Defendants have unlawfully reproduced and

17

distributed.

106. Plaintiffs are the owners or the exclusive licensees of, among others, their respective trademarks and/or service marks described on **Exhibit B** (the "Marks"). Plaintiffs or their predecessors or affiliates have duly registered on the Principal Register of the United States Patent and Trademark Office their respective Marks. Plaintiffs' Marks are distinctive and arbitrary and may also be incontestable under 15 U.S.C. § 1065. Along with the Marks, Plaintiffs publish their works under the valuable and recognizable imprints described on **Exhibit C** (the "Imprints"). By way of example: McGraw Hill's imprints include Irwin, Lange, and McGraw-Hill Higher Education; Macmillan Learning's imprints include Bedford/St. Martin's, W.H. Freeman & Company, and Worth Publishers; Cengage's imprints include Brooks Cole, Delmar, Heinle, and South-Western Educational Publishing; Elsevier's imprints include Academic Press, Butterworth Heinemann, Mosby, and Saunders; and Pearson's imprints include Addison Wesley, Allyn & Bacon, and Benjamin Cummings. The trademarks on Exhibit B, broken down by Defendant, are a non-exhaustive, representative list of Plaintiffs' Marks that Defendants have infringed by using spurious and identical (or substantially indistinguishable) copies of those Marks in connection with the sale, offering for sale, and/or advertising of infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks on their Infringing Websites.

    **C.**     <u>**Defendants' Piracy and the Infringing Sites**</u>

107. Defendants own, control, and/or operate the Infringing Sites, and likely others not yet identified by Plaintiffs, in furtherance of the unlawful conduct alleged herein. Through the Infringing Sites, Defendants engage in and profit from the sale of unauthorized electronic copies of test banks, ISMs, and/or textbooks in violation of Plaintiffs' intellectual property rights.

108. The apparent sole objective of Defendants' Infringing businesses is to make money

18

123. Plaintiffs' Authentic Works listed on Exhibit A constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they are protected by registrations duly issued to Plaintiffs (or their predecessors or affiliates) by the United States Copyright Office. At all relevant times, Plaintiffs have been and still are the owners or exclusive licensees of all rights, title, and interest in and to their respective copyrights in such works, which have never been assigned, licensed, or otherwise transferred to Defendants.

124. Beginning on an unknown date, Defendants, without the permission of Plaintiffs, and with knowledge of Plaintiffs' copyrights, have reproduced the Authentic Works and distributed to the public unauthorized copies of the Authentic Works. Such reproduction and distribution constitute infringement of Plaintiffs' exclusive rights under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. §§ 106(1) and 106(3).

125. The infringement of Plaintiffs' rights in each of their respective copyrighted works constitutes a separate and distinct act of infringement.

126. Defendants' unlawful conduct, as set forth above, was willful. Defendants had actual and/or constructive knowledge that their conduct was unlawful and in violation of Plaintiffs' copyrights. Defendants acted intentionally and in reckless disregard of Plaintiffs' copyrights.

127. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

128. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified

## JURY TRIAL DEMAND

Plaintiffs hereby request a trial by jury.

DATED: October 9, 2020

Respectfully submitted,

By: _____
Matthew I. Fleischman
Matthew J. Oppenheim
Scott A. Zebrak
Michele H. Murphy (*pro hac vice* motion to be filed)
Matthew I. Fleischman
Vivian E. Kim
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, Fifth Floor
Washington, DC 20016
Tel: (202) 480-2999
Fax: (866) 766-1678
matt@oandzlaw.com
scott@oandzlaw.com
fleischman@oandzlaw.com
michele@oandzlaw.com
vivian@oandzlaw.com

*Attorneys for Plaintiffs*

28