# EXHIBIT 9

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC., ELSEVIER INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., and MCGRAW HILL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MUSTAPHA NAJJI, ZAHRAT AL TAIF D/B/A GOODS WHOLESALERS LL, ABDERRAHMANE LASRI, AHMED ALI, ALI SAMY, ID TNAINE ABDELLAH, SAID OUAKRIM, SYED ATIF RAZA, SYED HUSSAIN, ABIDA IMRAN, MUHAMMAD SHEHZAD QAMMAR, YI SHI, MANH CUONG CAN, THU DUC NGUYEN, HOA MY HOANG, HOANG ANH THI LAN, NGUYEN KIEN VIET, PHUC DUONG NGUYEN, THOM THI BUI, TRANG THI TRAN, TUAN DUONG ANH, FAISAL MAJID, KHALID IBRAHIM, ABD RAHIM BIN KARIM, AHMA SYAHIR, ALEJANDRO VERA, MOHAMMAD SAMEED UBAIR KHAN ABBASI, FARAH MAQSOOD, MUHAMMAD HAMZA AFZAL, NOUMAN MALIK, SYED HASNAIN RAZA, ANJUM AKHTER, DUNG VUONG, HAROON MANSHA, NGUYEN HAI LONG, NHAT DUONG DUC, SHERRY SANDERS, KIEN QUYET TRAN, FAROUQ JABRI, RAMYA MANI, HENRY JOHNSON, PAVEL GALKIN, IRINA DZHAVAKYANTS, HUONG THI THU NGUYEN, MIKE WALLACE, AN NGUYEN HOANG THIEN, JONGHO KU, HAMMAD YOUSAF, DOE 24 D/B/A TEACHINGRESOURCESTORE.COM, AND DOE 31 D/B/A TESTBANKSOLUTIONMANUAL01.COM.<br><br>Defendants. | **Civil Action No.** 21-cv-3486-RA<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.); and<br>2. TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)<br><br>**DEMAND FOR JURY TRIAL** |

trademarks.

### B. Plaintiffs' Respective Copyrights and Trademarks

81. Plaintiffs are the copyright owners of, and/or the owners of exclusive rights under copyright in, among many others, their respective works, or derivative works, described on **Exhibit B** (the "Authentic Works"). Plaintiffs or their predecessors or affiliates have obtained copyright registrations, duly issued by the United States Copyright Office, covering their respective Authentic Works. The works described on Exhibit B are a non-exhaustive, representative list of Plaintiffs' Authentic Works, broken down by Defendant or Defendant group, that Defendants have unlawfully reproduced and distributed.

82. Plaintiffs are the owners or the exclusive licensees of, among others, their respective trademarks and/or service marks described on **Exhibit C** (the "Marks"). Plaintiffs or their predecessors or affiliates have duly registered on the Principal Register of the United States Patent and Trademark Office their respective Marks. Plaintiffs' Marks are distinctive and arbitrary and may also be incontestable under 15 U.S.C. § 1065. Plaintiffs publish their works under many valuable imprints, or brands. **Exhibit D** includes a representative list of imprints used by Plaintiffs and/or their affiliates (the "Imprints"). By way of example: McGraw Hill's imprints include Irwin, Lange, and McGraw-Hill Higher Education; Macmillan Learning's imprints include Bedford/St. Martin's, W.H. Freeman & Company, and Worth Publishers; Cengage's imprints include Brooks Cole, Delmar, Heinle, and South-Western Educational Publishing; Elsevier's imprints include Academic Press, Butterworth Heinemann, Mosby, and Saunders; and Pearson's imprints include Addison Wesley, Allyn & Bacon, and Benjamin Cummings. The trademarks on Exhibit C, broken down by Defendant or Defendant group, are a non-exhaustive, representative list of Plaintiffs' Marks that Defendants have infringed by using spurious and identical (or substantially

16

indistinguishable) copies of those Marks in connection with the sale, offering for sale, and/or advertising of infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks on their Infringing Sites.

### C. Defendants' Piracy and the Infringing Sites

83. Defendants own, control, and/or operate the Infringing Sites, and likely others not yet identified by Plaintiffs, in furtherance of the unlawful conduct alleged herein. Through the Infringing Sites, Defendants engage in and profit from the sale of unauthorized electronic copies of test banks, ISMs, and/or textbooks in violation of Plaintiffs' intellectual property rights.

84. The apparent sole objective of Defendants' infringing businesses is to make money from infringement and cheating. Defendants are not authorized to reproduce or distribute digital copies of Plaintiffs' works or use Plaintiffs' trademarks for any purpose. Nonetheless, Defendants have reproduced and distributed Plaintiffs' Authentic Works. Certain Defendants have also used spurious and identical (or substantially indistinguishable) copies of Plaintiffs' Marks in connection with offering to sell and selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks. Further, Defendants provide copies of Plaintiffs' supplemental teaching and testing materials to students—thereby facilitating and profiting off of cheating.

85. The Infringing Sites are highly interactive. Purchasers or prospective purchasers can interact with the Infringing Sites, including to communicate with Defendants and complete their transactions. On the Infringing Sites, visitors can often scroll through or search for listings of the unauthorized digital copies of Plaintiffs' test banks, ISMs, and/or textbooks that Defendants have made and maintain on computers Defendants own or control. Visitors can typically view information on Defendants' catalogues of items to buy, which can be massive, and then move forward with the transaction. Specifically, for some Sites, visitors can search by keyword, title,

17

of the Authentic Works. Such reproduction and distribution constitute infringement of Plaintiffs' exclusive rights under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. §§ 106(1) and 106(3).

160. The infringement of Plaintiffs' rights in each of their respective copyrighted works constitutes a separate and distinct act of infringement.

161. Defendants' unlawful conduct, as set forth above, was willful. Defendants had actual and/or constructive knowledge that their conduct was unlawful and in violation of Plaintiffs' copyrights. Defendants acted intentionally and in reckless disregard of Plaintiffs' copyrights.

162. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

163. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

## SECOND CLAIM FOR RELIEF

**Trademark Infringement and Counterfeiting (15 U.S.C. § 1114 et seq.) - Against All Defendants Identified on Exhibit C**

164. Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1- 156 as though set forth fully herein.

165. At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective Marks listed on Exhibit C, which

36

## JURY TRIAL DEMAND

Plaintiffs hereby request a trial by jury.

DATED:  December 6, 2021    Respectfully submitted,

By:  /s/ Michele H. Murphy

Matthew J. Oppenheim
Michele H. Murphy (*pro hac vice*)
Danae Tinelli (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, Fifth Floor
Washington, DC 20016
Tel:  (202) 480-2999
Fax:  (866) 766-1678
matt@oandzlaw.com
michele@oandzlaw.com
danae@oandzlaw.com

*Attorneys for Plaintiffs*

40