# EXHIBIT 10

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, ELSEVIER INC., ELSEVIER B.V., MACMILLAN HOLDINGS, LLC, MCGRAW HILL LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ELIZABETH MARIE SMITH, STEPHANIE VON FRIEDLY, DOES 1 - 16 d/b/a ABBOOKS.SHOP, ALIBOOKSTORE.ONLINE, BOAKLUX.COM, BOOKSTORECLERK.COM, BOOKSVAULT.COM, GRAMCIES.COM, MANJAZZ.MYSHOPIFY.COM, MESSIAHBOOK.COM, MIRRORTYR.COM, OHMYAYAM.MYBIGCOMMERCE.COM, PBOOKSTORE.COM, SEMENAWIT.MYBIGCOMMERCE.COM, TESTSBOOKS.COM, TOPFIBO.COM, TRAKINISA.COM, and WAVETAGS.COM, <br><br> Defendants. | **Civil Action No.** 23-cv-07193-VM <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*); and** <br> **2. TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)** <br><br> **DEMAND FOR JURY TRIAL** |

Works, Exhibit A is a non-exhaustive, representative list that may be updated as this case proceeds.

41. Cengage, Elsevier B.V., Elsevier Inc., Macmillan Holdings, McGraw Hill, and Pearson (collectively, "Trademark Plaintiffs") are the owners and/or registrants under 15 U.S.C. § 1127 of their respective trademarks described in Exhibit B hereto (the "Marks"). The Marks, which are registered on the Principal Register of the U.S. Patent and Trademark Office, are distinctive indications of origin and may also be incontestable under 15 U.S.C. § 1065. Like Exhibit A, Exhibit B is a non-exhaustive, representative list that may be updated as this case proceeds.

### B. The Infringing Sites and Defendants' Willful Infringement

42. Piracy of educational materials is rampant, particularly as a result of the ease by which pirates around the world can sell infringing materials to consumers using online advertising, most notably, advertising on Google, and other online business-related services provided by well-known and popular service providers. Despite the use of Digital Rights Management or other digital security to protect authorized, digital versions of textbooks, pirates are adept at circumventing those protections. Accordingly, pirated textbooks, including Infringing Works, are copied and distributed in PDF or other accessible electronic formats throughout the lucrative U.S. market, often with no way to prevent their downstream dissemination.

43. Defendants own, operate, and/or control the Infringing Sites, and likely others not yet identified by Plaintiffs. The Infringing Sites currently known to Plaintiffs, along with the email addresses known to be associated with Defendants and the Sites, are identified in Exhibit C hereto. Through the Infringing Sites, Defendants engage in and profit from the sale of unauthorized, digital copies of the Authentic Works, among other Infringing Works, in clear violation of Plaintiffs' intellectual property rights.

of Infringing Works are likely to be confused and believe, incorrectly, that the Infringing Works originate from the Publishers or the Trademark Plaintiffs and that the Infringing Sites' illicit products are authorized. This further damages Plaintiffs' reputation and goodwill.

### FIRST CLAIM FOR RELIEF

**Copyright Infringement (17 U.S.C. § 101 *et seq.*) –
Asserted by the Publishers Against All Defendants**

100. The Publishers re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1-99 as though set forth fully herein.

101. The Authentic Works listed in Exhibit A constitute original works and copyrightable subject matter pursuant to the Copyright Act of 1976, and they are protected by registrations duly issued by the U.S. Copyright Office to the Publishers or their predecessors or licensors. Each registration is either within three months of publication or pre-dates commencement of the infringement complained herein. At all relevant times, the Publishers have been and still are the owners or exclusive licensees of all rights, title, and interest in and to their respective copyrights in the Authentic Works, which have never been assigned, licensed, or otherwise transferred to Defendants.

102. Defendants, without the permission of the Publishers, and with knowledge of the Publishers' copyrights, have reproduced the Authentic Works and sold to the public unauthorized copies of the Authentic Works. Such reproduction and distribution constitutes infringement of the Publishers' exclusive rights under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. §§ 106(1), 106(3).

103. The infringement of the Publishers' rights in each of their respective Authentic Works constitutes a separate and distinct act of infringement.

104. Defendants' unlawful conduct, as set forth above, was willful. Defendants had

## JURY TRIAL DEMAND

Plaintiffs hereby request a trial by jury.

DATED:  December 18, 2023

Respectfully submitted,

*/s/ Danae Tinelli*

Matthew J. Oppenheim
Michele H. Murphy (*pro hac vice*)
Danae Tinelli

OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Tel:  (202) 480-2999
matt@oandzlaw.com
michele@oandzlaw.com
danae@oandzlaw.com

*Attorneys for Plaintiffs*

31