# EXHIBIT 11

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCGRAW HILL LLC, BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., ELSEVIER INC., ELSEVIER B.V., MACMILLAN HOLDINGS, LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AGASI NAZARYAN, AHMED BOURFAD, ALECIA TRAMMER, ALEKSANDR BEZVERHNIY, ANKUSH GUPTA, ANTHONY DANISAN, ASHTON GIO, BOUBKER CHEMAA, BUI THI THUY VY, DANIEL MILLER, EEMAN MARYAM, EL MOSTAFA EL BOUCHINI-IDRISSI, FAHED QUTTAINAH, FATIMA BOUAICH, HIEN PHAM, HOSSAM AL DEEN, LUIS ESPINOZA BURGOS, MARIAM J.R. ALGHOUL, MARTIN JONATAN ESPINOZA BURGOS, MARWAN H. A. ABU ZAID, MARY GUZMAN, MARY STEVENSON, MILAD SHAYAN, MING ZANG CHEN, MOHAMMAD HAMDAN, OLEKSANDR BEZVERHNIY, OMAR AYYADI, PHUONG VIET NGO, RAHUL KUMARRAAM, ROSA ELENA DEL SOCORRO BURGOS ARRUNATEGUI, TRUONG THI HUONG, and ZAFAR IQBAL KHAN MUHAMMAD, <br><br> Defendants. | Civil Action No. 23-cv-2798-LLS <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*); and** <br><br> **2. TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)** <br><br> **DEMAND FOR JURY TRIAL** |

1

62. The Publishers' works are published under trademarks that are well-known and highly respected. These trademarks and the goodwill of the business associated with them are of tremendous value and have become associated in the public mind with Plaintiffs' rich histories and reputations for quality in the publishing industry. Plaintiffs have invested decades of effort in building a trusted reputation in the publishing industry.

63. The Publishers own or exclusively control the copyrights in their works or derivative works described in Exhibit A hereto ("Authentic Works"), which are registered with the U.S. Copyright Office. Given the blatantly illegal nature of Defendants' conduct, and the fact that copies of numerous Infringed Works beyond the Authentic Works are sold on the Infringing Sites, Exhibit A is a non-exhaustive, representative list that may be updated as this case proceeds.

64. Cengage, Elsevier B.V., Macmillan Holdings, McGraw Hill, and Pearson (collectively, "Trademark Plaintiffs") are the owners and/or registrants under 15 U.S.C. § 1127 of their respective trademarks and/or service marks described in Exhibit B hereto (the "Marks"). The Marks, which are registered on the Principal Register of the U.S. Patent and Trademark Office, are distinctive indications of origin and may also be incontestable under 15 U.S.C. § 1065. Like Exhibit A, Exhibit B is a non-exhaustive, representative list that may be updated as this case proceeds.

65. Consumers who see a copy of the Marks in connection with the advertising and sale of Infringing Works are likely to be confused and believe, incorrectly, that the Infringing Works originate from the Publishers or the Trademark Plaintiffs and that the Infringing Sites' illicit products are authorized.

14

144. Defendants' unlawful activities also corrupt the educational process. Students who cheat to obtain better grades instead of studying and asking questions are depriving themselves of valuable learning, taking unfair advantage of students who do not cheat, and depriving their professors or instructors of valuable feedback. Cheating can also lead to unqualified students entering in the workforce. Moreover, when the utility and value of Plaintiffs' test banks and/or ISMs are diminished, even greater demands are placed on educators, causing them to reinvent the wheel and cutting into valuable time that could be used to otherwise enhance the educational experience.

145. As Plaintiffs' supplemental materials comprise a key part of the educational process, when they are copied and distributed without authorization, and when these illicit products are associated with the Marks, the result is also harm to Plaintiffs' reputations in the educational communities they serve.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. § 101 *et seq.*) – Asserted by the Publishers

146. The Publishers re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1-145 as though set forth fully herein.

147. The Authentic Works listed in Exhibit A constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they are protected by registrations duly issued by the U.S. Copyright Office to the Publishers or their predecessors or licensors. Each registration is either within three months of publication or pre-dates commencement of the infringement complained herein. At all relevant times, the Publishers have been and still are the owners or exclusive licensees of all rights, title, and interest in and to their respective copyrights in the Authentic Works, which have never been assigned, licensed,

33

or otherwise transferred to Defendants.

148. Defendants, without the permission of the Publishers, and with knowledge of their copyrights, have reproduced the Authentic Works and sold to the public unauthorized copies of the Authentic Works. Such reproduction and distribution constitute infringement of the Publishers' exclusive rights under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. §§ 106(1), 106(3).

149. The infringement of the Publishers' rights in each of their respective Authentic Works constitutes a separate and distinct act of infringement.

150. Defendants' unlawful conduct, as set forth above, was willful. Defendants had knowledge that their conduct was unlawful and in violation of the Publishers' copyrights. Defendants acted intentionally and in reckless disregard of the Publishers' copyrights.

151. As a result of Defendants' unlawful and deliberate conduct as set forth above, the Publishers have been, and will continue to be, damaged.

152. Defendants' actions described above have caused and will continue to cause irreparable damage to the Publishers, for which the Publishers have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of the Publishers' copyrights, these injuries will continue to occur in the future. The Publishers are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

## SECOND CLAIM FOR RELIEF

**Secondary (Contributory and Vicarious) Copyright Infringement (17 U.S.C. §§ 101, et seq.)**
**Asserted by the Publishers against Defendant Ashton Gio**

153. Plaintiffs re-allege and incorporate herein by reference the allegations contained in

34

# JURY TRIAL DEMAND

Plaintiffs hereby request a trial by jury.

DATED:   August 8, 2023

Respectfully submitted,

 /s/ Danae Tinelli
Matthew J. Oppenheim
Michele H. Murphy (*pro hac vice*)
Danae Tinelli
Kevin Lindsey

OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Tel:  (202) 480-2999
matt@oandzlaw.com
michele@oandzlaw.com
danae@oandzlaw.com
klindsey@oandzlaw.com

*Attorneys for Plaintiffs*