# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; CENGAGE LEARNING, INC.; ELSEVIER INC.; ELSEVIER B.V.; MCGRAW HILL LLC; AMERICAN ACADEMY OF PEDIATRICS; AMERICAN HEART ASSOCIATION, INC.; AMERICAN PSYCHIATRIC ASSOCIATION; AMERICAN PSYCHOLOGICAL ASSOCIATION, INC.; GUILFORD PUBLICATIONS, INC.; HARPERCOLLINS PUBLISHERS LLC; THE ZONDERVAN CORPORATION LLC; JOHN WILEY AND SONS, INC.; JONES & BARTLETT LEARNING, LLC; NO STARCH PRESS, INC.; PENGUIN RANDOM HOUSE LLC; PENGUIN BOOKS LIMITED COMPANY; SOURCEBOOKS, LLC; SIMON & SCHUSTER, INC.; SPRINGER PUBLISHING COMPANY, LLC; TAYLOR & FRANCIS GROUP LLC; W.W. NORTON & COMPANY, INC.; LIVERIGHT PUBLISHING CORPORATION; and WOLTERS KLUWER HEALTH, INC.; <br><br>Plaintiffs,<br><br>v.<br><br>KHALED HASAN; NASIMA AKHTER; ANK EXIM LLC; AURUM AMB LLC; IIZ FORWARDING LLC; WESTPVTLTD LLC; PRITAM SINGH; POOJA BISHT; ANKUSH SHARMA; ANSHOO SHARMA; PRAVEEN KUMAR SHARMA; ANINDITA MAHANTA; MOHD KASHIF RASHID; SAMAN NAAZ; ZYRUS ERETAIL PRIVATE LIMITED; TWIQ EXPORT PVT LTD; STOREMATE KART SERVICES PVT | Civil Action No. 23-cv-7284-PAC<br><br>**CORRECTED AMENDED COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 *et seq.*)**<br><br>**2. TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. §§ 1051 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

to one of the Amazon Online Storefronts, addressed to what Plaintiffs now believe to be an alias. Notwithstanding these notices, Defendants continued engaging in the counterfeiting activity described herein.

97. By infringing Plaintiffs' copyrights and trademarks, Defendants cause Plaintiffs to suffer financial and reputational injury. The revenue from the Publishers' sales of their books represents a substantial portion of their respective annual revenues. Sales of counterfeits displace legitimate sales, and the Publishers and their authors are deprived of income when their books are unlawfully copied and sold. Additionally, Defendants sell the Counterfeit Books at below-market prices, which diminishes the perceived value of the Publishers' authentic books. And Defendants' counterfeiting harms Plaintiffs' brands, depriving them of control over the quality and characteristics of the books sold under the Marks.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. §§ 101 *et seq.*)
### Asserted by the Publishers Against All Defendants

98. Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1–97 as though set forth fully herein.

99. The Authentic Works listed in Exhibit A constitute original works and copyrightable subject matter pursuant to the Copyright Act of 1976, as amended, and they are protected by registrations duly issued by the U.S. Copyright Office to the Publishers or their predecessors or licensors. For each registration for which statutory damages is sought, the registration is either within three months of publication or pre-dates commencement of the infringement complained of herein. At all relevant times, the Publishers have been the owners or exclusive licensees of their respective copyrights in the Authentic Works, which have never been licensed, assigned, or otherwise transferred to Defendants.

100. Defendants, without the consent of the Publishers, and with knowledge of the Publishers' copyrights, have reproduced the Authentic Works, imported the Authentic Works, and/or distributed unauthorized copies of the Authentic Works to the public for profit. Such conduct constitutes infringement of the Publishers' exclusive rights under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. §§ 106(1), 106(3), and/or 602(a).

101. The infringement of Publishers' rights in each of their respective Authentic Works constitutes a separate and distinct act of infringement.

102. Defendants' unlawful conduct, as set forth above, was willful. Defendants had knowledge that their conduct was unlawful and in violation of the Publishers' copyrights.

103. Defendants' actions described above have caused and will continue to cause damage and irreparable harm to the Publishers, for which the Publishers have no adequate remedy at law. Unless this Court restrains Defendants from continuing their infringement of the Publishers' copyrights, these injuries will continue to occur in the future. The Publishers are accordingly entitled to damages and injunctive relief restraining Defendants from further copyright infringement, as well as other appropriate equitable relief, as specified below.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement and Counterfeiting (15 U.S.C. §§ 1051 *et seq.*)
### Asserted by the Trademark Plaintiffs Against All Defendants

104. Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1–97 as though set forth fully herein.

105. At all relevant times, the Trademark Plaintiffs have been the owners of their respective Marks listed in Exhibit B and/or the registrants of such Marks under 15 U.S.C. § 1127, including the registrant's legal representatives, predecessors, successors, and assigns. The Marks are valid and protectable trademarks that are registered with the U.S. Patent and Trademark Office.

Dated: November 3, 2023                    Respectfully submitted,

/s/ *Michele H. Murphy*
Michele H. Murphy

Matthew J. Oppenheim
Michele H. Murphy (*pro hac vice*)
Corey Miller
Danae Tinelli
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Phone: (202) 480-2999
matt@oandzlaw.com
michele@oandzlaw.com
corey@oandzlaw.com
danae@oandzlaw.com

Daryl L. Kleiman
**OPPENHEIM + ZEBRAK, LLP**
461 5th Avenue, Floor 19
New York, NY 10017
Phone: (212) 951-1156
dkleiman@oandzlaw.com

*Counsel for Plaintiffs*

27