# EXHIBIT 15

| | |
|---|---|
| **From:** | Borgert, Roberto (DC) |
| **Sent:** | Monday, November 10, 2025 5:05 PM |
| **To:** | Michele Murphy; Kevin Lindsey |
| **Cc:** | Uriel Lee; Jeff Kane; Tomkowiak, Sarah (DC); Bladow, Laura (DC); Damle, Sy (DC-NY); Murphy, Brent (DC); Sampoli, Sara (DC); Victorson, Holly (DC); Wetzel, Joe (Bay Area); Jung, Rose-Marie (NY); Clarke, Caroline (NY); Ferrigno, Jennifer (DC); Danae Tinelli; Yunyi Chen |
| **Subject:** | RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log |

Counsel,

We have completed our review of the "partial" supplemental log Plaintiffs sent us the day before our meet-and-confer was scheduled. We are also in receipt of the corrected partial log and supporting materials Plaintiffs sent us on Friday, November 7. Our review of Plaintiffs' partial supplemental log confirms the preliminary assessment we provided on our call last Thursday: Plaintiffs have not substantiated their invocation of the common interest exception to waiver. Nor do we believe Plaintiffs have met their burden to show why the *Kovel* doctrine or attorney work production protections apply to documents and communications involving third party BCGuardian.

Google has met and conferred with Plaintiffs multiple times over the past few months over the deficiencies in Plaintiffs' privilege log. Plaintiffs first served a barebones, collective categorical log in August. After Google raised concerns about that log, Plaintiffs served a revised categorical log containing sweeping descriptions encompassing thousands of documents while also asserting, for the first time, the common interest exception to waiver. And once we pressed Plaintiffs to substantiate those common interest assertions by identifying the relevant common legal interest and explaining how each withheld document furthered that interest, Plaintiffs served yet another—incomplete—log that still does not contain the information we have requested. We have explained our position that Plaintiffs have no shared legal interest in the enforcement of each other's intellectual property and have provided case law supporting our position. And Plaintiffs do not share a cognizable legal interest in their status as co-plaintiffs or, as Plaintiffs put it on our meet-and-confer, "common victims of infringement." We have also requested information (that we still have not received) regarding Plaintiffs' engagement of BCGuardian. Based on the record, we do not believe Plaintiffs have satisfied their burden to show that BCGuardian acts as a "translator" subject to *Kovel* protections, or that the withheld communications with BCGuardian were created in anticipation of litigation.

Because it does not appear that the next iteration of Plaintiffs' privilege log will contain any new information material to the parties' dispute, Google intends to file a letter motion this week challenging Plaintiffs' assertion of the common interest privilege and its withholding of BCGuardian documents and communications.

In that letter motion, we may attach as exhibits certain materials designated under the Protective Order, including the following:
- Plaintiffs' privilege log served on August 1, 2025
- Plaintiffs' privilege log served on September 10, 2025
- Plaintiffs' partial privilege log served on November 5, 2025

- Plaintiffs' partial privilege log served on November 7, 2025
- PL0000521932
- PL0000521939
- PL0000521940
- PL0000521941
- PL0000521942
- Email chain between Google and Plaintiffs with subject line "Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log"
- Email chain between Google and Plaintiffs with subject line "Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Privilege Log"

We propose meeting and conferring tomorrow between 12-1:30pm or 4-5pm EST to attempt to narrow the materials that will need to be filed under seal.  Please let us know your availability and we will send a calendar invite.

Regards,
Roberto

**Roberto J. Borgert**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

---

**From:** Michele Murphy <michele@oandzlaw.com>
**Sent:** Thursday, November 6, 2025 5:56 PM
**To:** Borgert, Roberto (DC) <Roberto.Borgert@lw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Ferrigno, Jennifer (DC) <Jennifer.Ferrigno@lw.com>; Danae Tinelli <Danae@oandzlaw.com>; Yunyi Chen <YChen@oandzlaw.com>
**Subject:** Re: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

We write to briefly summarize our meet-and-confer today concerning Plaintiffs' privilege log. You indicated that you would continue to review the partial supplemental log that Plaintiffs produced yesterday. We stated that we will finish revising the log in the same manner, utilizing the metadata, and that it will take us about two weeks to do so. As we explained, there are a lot of documents on the log because we regularly discuss the infringement issues that are captured in the search terms with our clients, and the custodians include representatives of our clients with whom we regularly meet and correspond.

We asked that Google not file any motion to compel until Plaintiffs provide the completed supplemental log so that the Court (and Google) has the benefit of the log when considering the issues. You indicated that you would get back to us about that, and that the parties would keep the lines of communication open.

You stated that, based on your review of Plaintiffs' supplemental log so far, it does not change Google's position that the common interest doctrine does not apply since Plaintiffs don't own the same copyrights or trademarks, and their communications only involve "routine business matters like monitoring copyrights." On the first point, we have cited cases showing that the common interest doctrine extends to co-plaintiffs who share a joint legal strategy, and we have identified and produced documents concerning multiple cases in which Plaintiffs and Pearson are co-plaintiffs asserting infringement claims against defendants that commonly infringe the publishers' rights by the same conduct. On the second point, we have repeatedly explained that Plaintiffs' communications, including those on the log, do not involve "routine business matters," including based on my assurances having been counsel to these publishers for many years.  We reiterated our position that Google's common interest argument is frivolous.

We asked if there was any additional information that you would find helpful for us to include on the log to help resolve this dispute. You did not identify any such information.

Please note that I have added my colleagues Danae Tinelli and Yunyi Chen to this chain.

Best regards, Michele


Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com  |  www.oandzlaw.com



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Michele Murphy <michele@oandzlaw.com>
**Date:** Wednesday, November 5, 2025 at 9:26 PM
**To:** "Roberto.Borgert@lw.com" <Roberto.Borgert@lw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, "Sarah.Tomkowiak@lw.com" <Sarah.Tomkowiak@lw.com>, "Laura.Bladow@lw.com" <Laura.Bladow@lw.com>, "Sy.Damle@lw.com" <Sy.Damle@lw.com>, "Brent.Murphy@lw.com" <Brent.Murphy@lw.com>, "Sara.Sampoli@lw.com" <Sara.Sampoli@lw.com>, "Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Joe.Wetzel@lw.com" <Joe.Wetzel@lw.com>, "Rose-Marie.Jung@lw.com" <Rose-Marie.Jung@lw.com>, "Caroline.Clarke@lw.com" <Caroline.Clarke@lw.com>, "Jennifer.Ferrigno@lw.com" <Jennifer.Ferrigno@lw.com>
**Subject:** Re: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

Attached for purposes of tomorrow's meet-and-confer is Plaintiffs' partial supplemental privilege log and two related attachments. We are continuing to work on this in an effort to resolve any outstanding disputes. Depending on the discussion tomorrow, we should be able to provide a time estimate for completion shortly thereafter.

Best regards, Michele

Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com | www.oandzlaw.com



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** "Roberto.Borgert@lw.com" <Roberto.Borgert@lw.com>
**Date:** Tuesday, November 4, 2025 at 12:24 PM
**To:** Michele Murphy <michele@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, "Sarah.Tomkowiak@lw.com" <Sarah.Tomkowiak@lw.com>, "Laura.Bladow@lw.com" <Laura.Bladow@lw.com>, "Sy.Damle@lw.com" <Sy.Damle@lw.com>, "Brent.Murphy@lw.com" <Brent.Murphy@lw.com>, "Sara.Sampoli@lw.com" <Sara.Sampoli@lw.com>, "Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Joe.Wetzel@lw.com" <Joe.Wetzel@lw.com>, "Rose-Marie.Jung@lw.com" <Rose-Marie.Jung@lw.com>, "Caroline.Clarke@lw.com" <Caroline.Clarke@lw.com>, "Jennifer.Ferrigno@lw.com" <Jennifer.Ferrigno@lw.com>
**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

We look forward to receiving Plaintiffs' Second Supplemental Log on Wednesday. At minimum, we expect to see the information we have been requesting for weeks; namely, the specific common legal interest(s) Plaintiffs assert as the basis for withholding thousands of documents and an explanation of how each withheld document furthered that claimed interest. We have given Plaintiffs ample opportunity to provide that information, and any further delay in resolving this dispute will prejudice our client. We are available to meet and confer about Plaintiffs' common interest assertions and withholding of BCGuardian documents on Thursday at 1:30 or 2:30pm.

As to the EPEG repository, we disagree that Plaintiffs have no obligation to provide the names of folders and files within that repository since folder and file names are not privileged, and Plaintiffs are using that screenshot to support their common interest claim. Please provide the unredacted copy. Please also confirm that Plaintiffs have searched this repository for documents responsive to Google's discovery requests (*e.g.,* RFPs 16-17, 19-20, 25, and 40), produced such files, and have logged all files from this repository that Plaintiffs have withheld as privileged.

Regards,
Roberto

**Roberto J. Borgert**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

---

**From:** Michele Murphy <michele@oandzlaw.com>
**Sent:** Monday, November 3, 2025 7:04 PM
**To:** Borgert, Roberto (DC) <Roberto.Borgert@lw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Ferrigno, Jennifer (DC) <Jennifer.Ferrigno@lw.com>
**Subject:** Re: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

We disagree with nearly everything you state below. Although you have not answered our questions about what additional information Google is seeking on Plaintiffs' privilege log, Plaintiffs are eager to avoid burdening the Court with this dispute. Accordingly, Plaintiffs have been working to convert their privilege log from a straight categorial log to a more detailed log using the metadata and enhanced descriptions. This has been very time consuming. We do not know yet if the entire log can be completed by your imposed date of this Thursday. However, we will send a revised log on Wednesday that includes at least the major categories of documents that are reflected in the current log. Hopefully these revisions will resolve or at least narrow the dispute. We suggest scheduling a meet-and-confer for Thursday or later. We can either do that now or wait until you see what we send. Please let us know your preference.

Concerning the redactions of filenames in the screenshot we provided, the filenames are not relevant to this case and reveal privileged information. We provided the screenshot mainly to address what we understood to be your question regarding the general timeframe for Plaintiffs' and Pearson's relationship that has resulted in a common interest concerning various joint legal matters.

Concerning BCGuardian, we will respond separately to your email.

Best regards, Michele

Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com | www.oandzlaw.com



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** "Roberto.Borgert@lw.com" <Roberto.Borgert@lw.com>
**Date:** Thursday, October 23, 2025 at 8:15 PM
**To:** Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, "Sarah.Tomkowiak@lw.com" <Sarah.Tomkowiak@lw.com>, "Laura.Bladow@lw.com" <Laura.Bladow@lw.com>, "Sy.Damle@lw.com" <Sy.Damle@lw.com>, "Brent.Murphy@lw.com" <Brent.Murphy@lw.com>, "Sara.Sampoli@lw.com" <Sara.Sampoli@lw.com>, "Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Joe.Wetzel@lw.com" <Joe.Wetzel@lw.com>, "Rose-Marie.Jung@lw.com" <Rose-Marie.Jung@lw.com>, "Caroline.Clarke@lw.com" <Caroline.Clarke@lw.com>, "Jennifer.Ferrigno@lw.com" <Jennifer.Ferrigno@lw.com>, Michele Murphy <michele@oandzlaw.com>
**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

As we have stated multiple times, it is Plaintiffs' burden to substantiate its claim of a common interest. Nothing Plaintiffs have provided has shown such a common interest, and Plaintiffs' privilege log is so broad and sweeping—indeed some categories contain hundreds of undifferentiated documents spanning many years—that it is impossible to determine how each withheld communication directly furthers any claimed common interest. We have offered Plaintiffs multiple opportunities to show why the common interest exception cures its privilege waivers. Tellingly, all we have received in response are conclusory statements that, because Plaintiffs are previous and current co-plaintiffs, and jointly represented by O+Z, they are entitled to broad protections under the narrow common interest exception to waiver. That is not the law. *See, e.g.*, *Neuberger Berman Real Est. Income Fund, Inc. v. Lola Brown Tr. No. 1B*, 230 F.R.D. 398, 417 (D. Md. 2005) (rejecting argument that "having joint counsel proves a common legal interest" and finding waiver); *Gulf Islands Leasing, Inc. v. Bombardier Cap., Inc.,* 215 F.R.D. 466, 473 (S.D.N.Y. 2003) ("A concern shared by parties regarding litigation does not establish by itself that the parties held a common legal interest.").

We appreciate the screenshot you provided of the "EPEG Management Portal," but, as you concede, it is not a written common interest agreement. And it raises even more questions regarding Plaintiffs' novel common interest assertions. For example, the screenshot provides no indication of when the Portal was created, who previously had access or currently has access to specific files on the Portal, when the language you cite was drafted (and by whom), or which communications on Plaintiffs' privilege log are stored in that repository. Far from "proving" a common interest—as we all know, merely calling something privileged does not make it so—the Portal's description as a repository for files concerning "enforcement matters" (what is included in enforcement? sending takedown notices? monitoring the internet for counterfeit goods?), "internal reporting" (reporting of what? budgets? new initiatives? market intelligence?), and "strategic thinking more generally" (strategic thinking about

what?  reclaiming more market share for EPEG members?  whether to add new members?  the rise of generative AI?) confirms that the five heavyweight publishing competitors comprising EPEG have a coordinated commercial strategy that happens to include litigation as just one component of broader strategic anti-counterfeit efforts.  That joint commercial effort does not prove a common legal interest.  *See Gulf Islands*, 215 F.R.D. at 473.

We note that Plaintiffs have redacted the names of certain files and folders in the provided screenshot, sometimes citing privilege as the basis for redactions and sometimes providing no explanation at all.  Please confirm that you have searched this repository for documents responsive to Google's discovery requests (*e.g.*, RFPs 16-17, 19-20, 25, and 40), produced such files, and have logged all files from this repository that Plaintiffs have withheld as privileged.  We also request that you provide an unredacted copy of the screenshot since, as you know, a file name is information that would appear on a privilege log anyway.  *See, e.g.*, Plaintiffs' Supplemental Privilege Log at 2 ("Presentation | | GAPG Overview 2019").

As to Plaintiffs' withholding of purported common interest communications involving BCGuardian, we understand that Plaintiffs assert that including BCGuardian on communications does not break attorney client privilege because of the *Kovel* doctrine, and that including BCGuardian on work product communications did not break work product protection because BCGuardian was acting as an agent.  Please confirm that is the entirety of Plaintiffs' position.  If so, please explain how BCGuardian's work and "specialized expertise" satisfies the *Kovel* standard.  If Plaintiffs' position is that monitoring for infringement, managing DMCA notices, making test purchases, or maintaining a spreadsheet is equivalent to an accountant translating complicated records to assist an attorney in providing legal services—or any different from work that attorneys can perform—we disagree that *Kovel* applies.  And we have yet to see any information regarding BCGuardian's relationship to the Plaintiffs or O+Z.  Does O+Z engage BCGuardian?  Do the Plaintiffs jointly engage BCGuardian?  What is the scope of BCGuardian's services?  Please provide all documents supporting the claimed agency relationship so we can evaluate Plaintiffs' claim that including BCGuardian on work product communications did not separately break privilege or work product protections.

We note that Plaintiffs also assert attorney client privilege and work product protection over communications involving Corsearch and Covington.  To the extent Plaintiffs intend to stand on those assertions, please provide evidence substantiating those claims, including any engagement agreements or letters, scope of work documents, and any other evidence you believe supports your claims of privilege and work product protection.

Finally, we've reviewed the case you claim contradicts our position and the complaints you requested we review for additional "context."  As expected, neither the case law nor complaints address our concerns.  The dispute in the *Han* case concerned whether communications withheld under the common interest exception were privileged in the first instance and whether the exception requires that an attorney be on the withheld communication; the parties did not dispute whether a common interest existed.  *See Han v. InterExchange, Inc.*, 23-cv-7786-JLR (S.D.N.Y.), Dkts. 140, 142, 143.  And the Plaintiffs' prior complaints further confirm that each Plaintiff's legal interest in past litigation was limited to the infringement of their respective copyrights and trademarks.  *See, e.g.*, *Cengage Learning, Inc. v. Does 1-48*, 20-cv-00769-JGK-SDA (S.D.N.Y.), Dkt. 1 ¶¶ 95 ("At all relevant times, Plaintiffs have been and still are **the owners or exclusive licensees of all rights, title, and interest in and to their respective copyrights in such works**, which have never been assigned, licensed, or otherwise transferred to

Defendants." (emphasis added)); 97 ("The infringement of Plaintiffs' rights *in each of their respective copyrighted works* constitutes a *separate and distinct act of infringement*." (emphasis added)).

We appreciate Plaintiffs' willingness to supplement their privilege log.  As it stands, however, and mindful of Judge Moses' guidance at the recent hearings to promptly raise disputes, we intend to challenge Plaintiffs' privilege assertions.  We are happy to review any revised log or additional information that Plaintiffs are able to provide, including answers to the above questions, by **Thursday, November 6**.  If the revised log or additional information fail to address our concerns about the thousands of documents Plaintiffs are withholding on specious grounds, we will promptly file our letter motion.

If you believe an additional meet and confer would be helpful, we are happy to jump on a call.

Thank you,
Roberto

**Roberto J. Borgert**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

---

**From:** Kevin Lindsey <KLindsey@oandzlaw.com>
**Sent:** Monday, October 20, 2025 11:44 PM
**To:** Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Michele Murphy <michele@oandzlaw.com>; Borgert, Roberto (DC) <Roberto.Borgert@lw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>
**Subject:** Re: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

We write today in response to your October 13, 2025 email and to correct several misstatements and mischaracterizations in your email concerning the parties' meet and confer on the same date.

First, you are correct that our understanding is that there is no written common interest agreement among Plaintiffs and Pearson. Contrary to your email, however, we stated during the meet and confer that while we did not believe there are other documents evidencing an oral common interest agreement, we would investigate that further. In that regard, please see the attached, which is Confidential under the protective order. Attached is a screenshot of a SharePoint site managed by O+Z for Plaintiffs and Pearson to provide documents related to certain legal matters for which O+Z is jointly representing Plaintiffs and Pearson. You can see that several documents on the site were last modified before August 2019 and that it continues to be utilized at present. The site includes the statement "We regard these documents and the information therein as subject to a number of protections, including the Attorney-Client Privilege, Attorney Work-Product Doctrine, **and Common-Interest Privilege**." (emphasis added).

Second, while we are working to address your stated concern that Google cannot evaluate the common legal interest being asserted for each category of documents on Plaintiffs' privilege log, we continue to struggle to understand the problem. As we explained during the meet and confer, the categories of documents all relate to legal matters for which Plaintiffs and Pearson were or are represented by O+Z and concern the enforcement of IP rights against infringement. The privilege log descriptions explain that the communications in each category reflect legal advice, requests for legal advice, or information necessary to provide legal advice concerning those matters. Importantly, the descriptions also identify litigation(s) discussed in the communications in which Plaintiffs and Pearson are co-litigants represented by O+Z. *See, e.g.*, *Sec. & Exch. Comm'n v. Rayat*, No. 21-*CV*-4777 (LJL), 2023 *WL* 4706074 *(S.D.N.Y.* July 24, 2023*)* ("the co-client (or joint-client) privilege, which applies when multiple clients hire the same counsel to represent them on a matter of common interest.") (internal quotation marks omitted). Moreover, Plaintiffs do not understand Google's position that listing multiple cases for which Plaintiffs and Pearson are co-plaintiffs in a category description makes it difficult to evaluate their common legal interest. As you can see from the complaints we produced, which you indicated you would review, Plaintiffs and Pearson bring the same copyright and trademark infringement claims in all of the cases.

While we disagree that the log descriptions are not sufficient to evaluate Plaintiffs' common interest claim, we agree to revise the category descriptions to provide the type of detail that we provided during the meet and confer when we explained that certain categories are for periodic updates that O+Z sends to Plaintiffs and Pearson concerning various matters for which Plaintiffs and Pearson are represented by O+Z. As we make these updates, we will provide additional information in the category descriptions to the extent we can determine what we believe you might be seeking. However, if you have further specific information to provide on this point to avoid burdening the Court, please do so.

Regarding your request to include titles for non-attorneys involved in the communications listed on the log, we disagree that this would be helpful or necessary. The attorneys involved in the communications are already listed, the non-attorneys work with those attorneys (as shown by our addition of supervising attorneys to the log), and the position titles are just that, i.e., they are not determinative of what the person was doing vis-à-vis the legal matter. That said, in the interest of compromise and to avoid burdening the court with an unnecessary dispute, Plaintiffs will agree to update the privilege log with the titles of non-attorneys. To the extent the information is reasonably available, Plaintiffs will provide the contemporaneous titles. Please note that this and updating the category descriptions will take some time to prepare. We will report on our progress.

Additionally, it is not correct that we "stated that Plaintiffs' position is that any discussion related to legal interests necessarily includes discussion of business interests." Indeed, that is a blatant misrepresentation. You erroneously claimed in your October 3 email that Plaintiffs' and Pearson's efforts to address infringement of their copyrights and trademarks, including through several actions they brought as co-plaintiffs against pirate sites, could not reflect a common legal interest because the sale of counterfeit books negatively impacts Plaintiffs' and Pearson's commercial interests. Our point during the call only spoke to the noncontroversial proposition that the legal interests of a company can also impact the company's business, but those are still legal interests, especially when the parties asserting the common interest doctrine are actual or potential co-litigants. *See, e.g., In re Subpoena Duces Tecum Served on New York Marine & Gen. Ins. Co,* No. M 8-85 MHD, 1997 WL 599399, at *4 (S.D.N.Y. Sept. 26, 1997) ("Although the distinction between a common legal, as opposed to commercial, interest is somewhat murky, a common legal interest has been defined as one in which the parties have been, or may potentially become, co-parties to a litigation, or have formed a coordinated legal strategy.") (internal citations omitted). At no point did we say that "any discussion" of legal interests "necessarily includes" business interests. In fact, during the call, we explicitly stated otherwise when my colleague was describing her role in working with Plaintiffs and Pearson for 13 years.

Third, contrary to your email, you never asked if BCGuardian acted as an agent during the meet and confer. In fact, we don't believe you ever mentioned the word "agent" at all. As you know from the face of the notices, BCGuardian acted as an agent of Plaintiffs when it sent hundreds of notices of infringement to Google. Moreover,

consistent with our description of BCGuardian during the meet and confer, BCGuardian acted as an agent at the direction of counsel in anticipation of litigation. *See Hallmark Cards, Inc. v. Murley*, No. 09-0377-CV-W-GAF, 2010 WL 4608678, *5 (S.D.N.Y. Nov. 9, 2010) ("communications between attorneys and the agents or representatives that they have retained in anticipation of litigation—such as consultants and document specialists—are covered by the work-product doctrine"). Plaintiffs identified on the log to which litigations those communications relate.

In addition, BCGuardian provided specialized expertise to O+Z and Plaintiffs' in-house counsel to assist in providing and seeking legal advice. But contrary to your email, we also never stated that "O+Z also has an independent understanding of such notices." Instead, we explained that, given the scale of infringement on the Shopping platform, O+Z had to rely on BCGuardian's expertise to monitor the infringement and collect and analyze the large amounts of data the notices generated.

Finally, you requested support to contradict your incorrect position that plaintiffs who own different property or rights cannot share a common legal interest. In SDNY, the common interest doctrine (which may have other names where the parties share counsel, as in this case) extends to co-plaintiffs, who need not, and often do not, have the same exact rights. *See, e.g., Han v. InterExchange, Inc.*, No. 1:23-CV-07786 (JLR), 2025 WL 1419527 (S.D.N.Y. May 16, 2025) (six individuals sued employer as co-plaintiffs and court found that "Plaintiffs, as co-litigants represented by the same counsel, share a common interest in the litigation of this case."). Indeed, as noted above, the term "common legal interest" means being actual or potential co-parties to a litigation or having formed a coordinated legal strategy. Nothing in this standard suggests the parties must be asserting the same exact rights in connection with the litigation or legal strategy.

Kevin Lindsey  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.450.5593
KLindsey@oandzlaw.com  |  www.oandzlaw.com
in Connect with us on LinkedIn



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Caroline.Clarke@lw.com <Caroline.Clarke@lw.com>
**Date:** Monday, October 13, 2025 at 6:36 PM
**To:** Michele Murphy <michele@oandzlaw.com>, Roberto.Borgert@lw.com <Roberto.Borgert@lw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Laura.Bladow@lw.com <Laura.Bladow@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Brent.Murphy@lw.com <Brent.Murphy@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Rose-Marie.Jung@lw.com <Rose-Marie.Jung@lw.com>
**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

We write to memorialize our conferral today, October 13, 2025, regarding Plaintiffs' privilege log and assertion of common interest privilege. As discussed, we have also enumerated below Google's requests for Plaintiffs, which we understand you will discuss with your clients and revert as soon as possible.

First, you confirmed during the conferral and in your October 10th email there is no written common interest agreement among Plaintiffs or between Plaintiffs and Pearson. During the conferral, you also confirmed that it is your understanding there is no engagement letter or conflicts waiver discussing common interest among Plaintiffs or between Plaintiffs and Pearson. We asked you to provide any evidence of an oral agreement between Plaintiffs or Plaintiffs and Pearson regarding a common interest agreement. Specifically, we stated that any contemporaneous evidence regarding the timing and scope of the common interest agreement would be most useful to Google's inquiry. We understand that Plaintiffs may submit a declaration on this issue, but you are not currently aware of any such contemporaneous evidence, including any internal emails or emails between Plaintiffs and/or Pearson about entering into an agreement. We understand Plaintiffs' position is that there may not be explicit emails because the alleged common interest agreement would be apparent when Plaintiffs (and Pearson) all hired O+Z as their attorneys, and, because there is no written agreement, some corroborating evidence may be lost to time. However, we asked that you work with your client to confirm if there is any contemporaneous evidence we can review to support the existence of a common interest agreement. Please also confirm if there is any specific start date for the common interest agreement.

Second, we stated that as drafted, Google cannot assess the specific legal interest being asserted for each document in each category of Plaintiffs' log. You explained that because Plaintiffs, Pearson, and O+Z have a long-standing relationship, there are many documents that fall into the same category, which is why you chose to do a categorical log. For example, you stated that O+Z has sent summary emails to Plaintiffs and Pearson providing an update on the status of different cases since before August 2019 and still sends them today. You stated that because these documents are substantially similar and all provide legal advice in furtherance of a common legal interest, you grouped them into one category. We stated that it is not clear from Plaintiffs' privilege log that one category encompasses all such summary emails, but stated this type of specific, detailed description would be helpful for Google to assess the validity of Plaintiffs' claim of common interest. We also noted that for certain categories, Plaintiffs listed several case captions within each category (with and/or connectors) making it difficult for Google to assess common interest. We stated that if Plaintiffs are willing to provide more information about the categories of documents over which they are asserting common interest privilege with, for example, more specific or discrete descriptions, that would help Google narrow any potential dispute.

Relatedly, we stated that it would be helpful for Google's analysis if Plaintiffs included the title of each non-attorney listed on Plaintiffs' privilege log so that Google can assess whether any communications on the log were related to primarily business/commercial interests rather than legal interests. You stated that Plaintiffs' position is that any discussion related to legal interests necessarily includes discussion of business interests, and you believe it would be frivolous for Google to argue that no common legal interest exists among Plaintiffs (or between Plaintiffs and Pearson) because they are not the legal owners of the same copyright or trademark. You also confirmed that none of the Plaintiffs or Pearson are shared owners of any copyright or trademark at issue in this or previous litigations. To be clear, Google has not yet taken a position on Plaintiffs' claim of common interest privilege, but rather is seeking information to assess the strength of Plaintiffs' assertion. We stated that we are happy to review any case law that you have that forecloses any potential legal argument that Google may make.

Third, we asked you to confirm the nature of the relationship between Plaintiffs and BCGuardian ("BCG") and your basis for asserting common interest privilege. You stated the BCG is not jointly owned by Plaintiffs or O+Z, and does not share an office with either (but is located in the same building as O+Z). You stated that BCG works for O+Z and Plaintiffs in certain capacities, but also has other outside clients. We asked whether BCG is a third-party agent of Plaintiffs, and we understand from your response that it is not. Instead, you stated that BCG provides expertise to O+Z and Plaintiffs to allow them to provide and seek legal advice, and as such *Kovel* applies to prevent any waiver of privilege. You stated that BCG does not have its own copyrights or trademarks, so they do not share the same common interest as the Plaintiffs do

with Pearson. BCG provides assistance to attorneys to analyze DMCA notices, even though O+Z also has an independent understanding of such notices, and therefore their work is protected as attorney work product that was created at the direction of an attorney.

In sum, Google requests that Plaintiffs promptly provide the following:

1. Any contemporaneous evidence of an oral agreement among Plaintiffs and between Plaintiffs and Pearson regarding a common legal interest, including but not limited to any emails showing when the agreement was formed, who entered the agreement at what date, and the scope of the agreement;

2. Specific, detailed, and narrowed descriptions for each category over which Plaintiffs claim common interest privilege so that Google can assess its validity, including but not limited to identifying which category includes the summary emails from O+Z to Plaintiffs/Pearson as described above;

    1. As discussed, we hope these narrowed descriptions will shorten the time period for categories of documents on Plaintiffs' privilege log, and the volume of documents within each category, but we understand that may be unworkable in certain circumstances

3. The contemporaneous title of any non-attorney listed on Plaintiffs' privilege log in a category of documents over which Plaintiffs claim common interest privilege;

4. Any authority supporting Plaintiffs' positions regarding common interest privilege that shows that any dispute raised by Google would, in your words, be frivolous (to promote efficiency and, if possible, find a compromise without court intervention).

Please promptly confirm Plaintiffs' position on these requests.

Thanks,

Caroline

**Caroline Clarke**
Pronouns: She/Her/Hers

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.332.240.1457
C: +1.347.446.1349

---

**From:** Michele Murphy <michele@oandzlaw.com>
**Sent:** Friday, October 10, 2025 3:12 PM
**To:** Borgert, Roberto (DC) <Roberto.Borgert@lw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>
**Subject:** Re: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

Plaintiffs substantiated the applicability of the common interest doctrine on their supplemental privilege log, prepared in connection with the parties' earlier discussions. At the outset, there was no "failure to establish the applicability of the common interest exception" in our earlier conferrals. Rather, your

colleagues asked us to add a column indicating if Plaintiffs were asserting a common interest for each category, which we did. We also agreed to supplement the category descriptions, which we did, and which provide more detail substantiating the applicability of the common interest doctrine to the communications in that category. We further explained that substantiation and answered your questions in our September 29 email. Then, when you asked many of the same questions again in your October 3 email, which is also riddled with inaccuracies, we requested a meet and confer in an effort to short-circuit this unproductive back-and-forth and discuss the matter cooperatively and efficiently. Instead, you responded by stating, among other things, that Plaintiffs have "refused to provide basic information." As this email exchange and our prior conferrals show, that statement is simply not accurate.

First, as the privilege log makes clear, the basis for withholding the documents at issue is the attorney-client privilege and/or work product protection. The applicability of the common interest doctrine means there is no waiver.

Second, to the extent it was not clear before, we understand that the common interest agreement between the co-Plaintiffs to this litigation (as well as between Plaintiffs and Pearson as to the applicable communications on the log) is not written.

Third, in our September 29 email, we explained that Plaintiffs and Pearson were and are represented by the same counsel in connection with multiple legal matters in which they share a common interest based on their joint legal strategy. We identified specific litigations in which they were co-plaintiffs, represented by O+Z, many of which Google was already aware. We did not, contrary to your assertion, state that the common interest doctrine applies "merely" because clients share counsel. We are not, for instance, claiming that O+Z represents Pearson in some matters and Plaintiffs in other matters and, therefore, the common interest doctrine applies. And the case you cite is inapposite for multiple reasons, including because the third party was "not a party to any of [plaintiff's] various lawsuits and thus has no need to develop a common litigation strategy in defending those lawsuits." *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 434 (S.D.N.Y. 2013).

Fourth, as to timing, and as we have already explained, Plaintiffs' and Pearson's common interest agreement extends at least back to August 2019, the earliest date of the first communication on the privilege log, which is a few months before Plaintiffs and Pearson filed *Bedford Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning et al. v. Nguyen et al.*, 19-cv-10524-LAK (SDNY) as joint plaintiffs. Further, their common interest agreement has not ended. For instance, these parties continue to engage in strategic legal discussions with O+Z concerning the enforcement of the judgments obtained in the identified litigations against sellers of infringing digital works.

Fifth, also as already explained in our September 29 email, the category descriptions on Plaintiffs' supplemental privilege log establish the applicability of Plaintiffs' and Pearson's common legal interests, i.e. the persons involved in the applicable communications included on the log were providing or requesting legal advice and/or the communication reflects such legal advice or information necessary to provide such legal advice, as further described therein.

Sixth, your suggestion that Plaintiffs and Pearson's efforts to address infringement in joint legal actions are somehow based on "only a common commercial interest" is not grounded in fact or law. Protecting intellectual property rights is recognized by courts as a legal interest. *See, e.g. Major League Baseball Props., Inc. v. Salvino, Inc*., No. 00 CIV.2855 JCF, 2003 WL 21983801 (S.D.N.Y. Aug. 20, 2003)

(communications between major league baseball clubs and Major League Baseball Properties, Inc., entity created to enforce intellectual property rights of the clubs, protected by common interest doctrine because "MLBP and the Clubs have a common legal interest in enforcement of the Clubs' trademark rights . . . ."). The fact that co-plaintiffs own different copyrights or trademarks does not speak to the "identity of the legal interests" at issue with the common interest doctrine. Parties invoking the doctrine are obviously often different companies. Nor does the stopcounterfeitbooks.com website undermine the common interest doctrine in any way – not with respect to physical counterfeit books, or otherwise. Further, one could say there could be cost savings in bringing any joint action, but that misses the point. The parties here are communicating with O+Z about legal strategy. Your assertion that these parties' common interest and their joint cases have been "manufactured for commercial reasons, rather than arising from any genuine identity of legal interests," is beyond baseless. If Google believes that Plaintiffs and Pearson "manufactured" the basis for these cases against pirates who blatantly infringe their rights, that speaks volumes as to why we are in this situation.

Seventh, with respect to BCGuardian, as we explained during the August 14 meet and confer, communications and documents that include BCGuardian are protected as attorney-client communications and/or by the work product doctrine. It is well established in the Second Circuit that, when communications and documents shared among a client, their attorney, and a third party are "reasonably related to [the] purpose" of having the third-party "interpret [the communications] so that the lawyer may better give legal advice," the communications remain protected. *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961); *see also* In re Lifetrade Litig., No. 17CV2987JPOKHP, 2022 WL 3644357, *5 (S.D.N.Y. Aug. 24, 2022) ("the presence of the [third-party] advisor does not result in a waiver, whether the communications are viewed as attorney-client communications or work product"). For instance, BCGuardian has been "essential in interpreting large quantities of data" related to the infringement observed on Google Shopping and the notices Plaintiffs sent to Google and the pirate sites concerning that infringement. *See Sampedro v. Silver Point Cap., L.P.*, 818 F. App'x 14, 19 (2d Cir. 2020), *as amended* (June 5, 2020) (internal quotation marks omitted). Because BCGuardian "served a specialized purpose akin to an accountant who deciphers financial information so that the lawyer can effectively counsel the client," privilege and/or work product is not waived for communications that include BCGuardian. *Id.* Moreover, for those communications and documents that include BCGuardian over which Plaintiffs claim work product protection, BCGuardian was acting at the direction of counsel in anticipation of litigation. *See, e.g., Chartwell Therapeutics Licensing, LLC v. Citron Pharma, LLC*, No. 16CV3181MKBCLP, 2018 WL 7290830 (E.D.N.Y. Dec. 18, 2018).

Finally, since we have explained that we are not aware of an applicable written common interest agreement, there is not one to produce. Thus, in our September 28 email, we asked what "evidence" Google is seeking now. You have not answered this question. We, as counsel for the parties in question and officers of the court, have provided you with the requested information. And Plaintiffs will of course answer appropriate questions about this issue in their depositions. However, Google has sought a 6-month extension of discovery and suggested that depositions should occur in 2026. If Google were to file a motion about this, which would be frivolous, our clients would prepare declarations. Without agreeing to whether doing so would be appropriate, and just trying to understand the issue, are you asking for declarations, more information on the privilege log, or something else?

We will speak to you on Monday.

Best regards, Michele

Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com  |  www.oandzlaw.com



---

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

**From:** "Roberto.Borgert@lw.com" <Roberto.Borgert@lw.com>
**Date:** Friday, October 10, 2025 at 10:58 AM
**To:** Michele Murphy <michele@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, "Sarah.Tomkowiak@lw.com" <Sarah.Tomkowiak@lw.com>, "Laura.Bladow@lw.com" <Laura.Bladow@lw.com>, "Sy.Damle@lw.com" <Sy.Damle@lw.com>, "Brent.Murphy@lw.com" <Brent.Murphy@lw.com>, "Sara.Sampoli@lw.com" <Sara.Sampoli@lw.com>, "Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Joe.Wetzel@lw.com" <Joe.Wetzel@lw.com>, "Caroline.Clarke@lw.com" <Caroline.Clarke@lw.com>, "Rose-Marie.Jung@lw.com" <Rose-Marie.Jung@lw.com>
**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Thanks, Michele.  We obviously disagree that the information we've requested is "unnecessary," especially since it will help ensure that our discussion on Monday is productive.  You may include me, Sarah Tomkowiak and Caroline Clarke.

Regards,
Roberto

**Roberto J. Borgert**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

---

**From:** Michele Murphy <michele@oandzlaw.com>
**Sent:** Friday, October 10, 2025 10:38 AM
**To:** Borgert, Roberto (DC) <Roberto.Borgert@lw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Uriel Lee <ULee@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>
**Subject:** Re: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

We are still working on a response to your emails. We were hoping to avoid further unnecessary back-and-forth, which is why we asked for the meet-and-confer, but you seem intent on proceeding otherwise. We will respond today. We will also circulate the meeting invite for Monday at 11:30 a.m. Who should we include from Latham?

Best regards, Michele

Michele H. Murphy
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
202.450.5643
michele@oandzlaw.com  |  www.oandzlaw.com



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** "Roberto.Borgert@lw.com" <Roberto.Borgert@lw.com>
**Date:** Thursday, October 9, 2025 at 10:53 PM
**To:** Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, "Sarah.Tomkowiak@lw.com" <Sarah.Tomkowiak@lw.com>, "Laura.Bladow@lw.com" <Laura.Bladow@lw.com>, "Sy.Damle@lw.com" <Sy.Damle@lw.com>, "Brent.Murphy@lw.com" <Brent.Murphy@lw.com>, "Sara.Sampoli@lw.com" <Sara.Sampoli@lw.com>, "Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Joe.Wetzel@lw.com" <Joe.Wetzel@lw.com>, "Caroline.Clarke@lw.com" <Caroline.Clarke@lw.com>, "Rose-Marie.Jung@lw.com" <Rose-Marie.Jung@lw.com>
**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Some people who received this message don't often get email from roberto.borgert@lw.com. Learn why this is important
Counsel,

We have not received a response to my Monday email.  Please confirm you will send us the requested information by tomorrow so we may review prior to our meet and confer next Monday.  Additionally, please confirm that the common interest exception is Plaintiffs' only basis for withholding communications among the Plaintiffs and among the Plaintiffs and other non-parties like Pearson and BC Guardian.  If not, please identify any and all other privileges or protections that you are asserting as a basis to withhold those communications.

Finally, I don't believe we've received a meeting link.  I am happy to circulate one.  Please let me know who to include on the invitation.

Regards,

Roberto

**Roberto J. Borgert**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

---

**From:** Borgert, Roberto (DC)
**Sent:** Monday, October 6, 2025 11:23 AM
**To:** 'Kevin Lindsey' <KLindsey@oandzlaw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>
**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

Since it apparently is not clear, we are directly asking Plaintiffs to substantiate their common interest assertions. We have now asked Plaintiffs twice to provide basic information, which Plaintiffs have refused to do. Surely you do not dispute that Plaintiffs bear the burden of establishing that the common interest exception to waiver applies to the thousands of documents withheld on that basis?

For the third time, please provide the following information:

1. Evidence of any relevant written or oral common interest agreement (with or without Pearson or other third party).
2. The common legal interest shared by each party to the communications.
3. Whether the communications were made in furtherance of any purported common interest and, if so, how the communications furthered that interest.
4. The dates during which the purported common interest existed, when the common interest ceased, and any periods during which any parties no longer shared a common legal interest or withdrew from any common interest agreement.

We are happy to meet and confer and are available on Monday, October 13 at 11:30am. However, to ensure a productive discussion, we need the information requested above in advance of the call.

Regards,
Roberto

**Roberto J. Borgert**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

---

**From:** Kevin Lindsey <KLindsey@oandzlaw.com>
**Sent:** Friday, October 3, 2025 3:25 PM
**To:** Borgert, Roberto (DC) <Roberto.Borgert@lw.com>

**Cc:** Michele Murphy <michele@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>
**Subject:** Re: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

We disagree with your analysis below and do not understand what you are asking Plaintiffs to do. To avoid wasting resources, we suggest a meet and confer. Please let us know if you are available at any of the below times.

Friday Oct. 10 between 10am and noon
Monday Oct. 13 between 10:30am and 3:30pm
Tuesday Oct. 14 between 2pm and 5pm

Kevin Lindsey  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.450.5593
KLindsey@oandzlaw.com  |  www.oandzlaw.com
 Connect with us on LinkedIn
**O+Z** Oppenheim | WASHINGTON, D.C.
**+ Zebrak** LLP | NEW YORK, N.Y.

---

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

**From:** Roberto.Borgert@lw.com <Roberto.Borgert@lw.com>
**Date:** Friday, October 3, 2025 at 11:49 AM
**To:** Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Laura.Bladow@lw.com <Laura.Bladow@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Brent.Murphy@lw.com <Brent.Murphy@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Caroline.Clarke@lw.com <Caroline.Clarke@lw.com>, Rose-Marie.Jung@lw.com <Rose-Marie.Jung@lw.com>
**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log
Counsel,

It is Plaintiffs' burden to substantiate their assertion of the common interest exception to waiver as to each of the 2000+ communications Plaintiffs are withholding on that basis.  Your response leaves several of our questions unanswered, and raises additional red flags about Plaintiffs' common interest assertions.

To start, while we appreciate your confirmation that there is no written common interest agreement among the Plaintiffs and Pearson, our concern is not limited to Plaintiffs' waiver by including Pearson in the withheld communications. Plaintiffs must also show that the common interest exception applies to communications among themselves. Contrary to your email, the "common interest rule does not apply merely because two parties share the same attorney or because one party has an interest in a litigation involving another party." *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 434 (S.D.N.Y. 2013). So the fact that Plaintiffs (and Pearson) were represented by the same counsel at the time of the withheld communications does not suffice to protect those communications from waiver. Further, Plaintiffs must also explain why communications involving yet another third party, BC Guardian, are privileged in the first instance and, if so, how they fall under the common interest exception.

Second, for each withheld communication Plaintiffs must show (1) that the parties to the communication shared a "common legal interest" and (2) "the communications must have been made in furtherance of that common legal interest." *Gray v. Paramount Glob.*, 2025 WL 2639902, at *3 (S.D.N.Y. Sept. 15, 2025). The parties must have "a common legal, as opposed to commercial, interest." *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 447 (S.D.N.Y. 1995). And that common legal interest must be "identical." *Gray*, 2025 WL 2639902, at *3. Your response does not satisfy those criteria as to any communication.

To the extent Plaintiffs ground their common interest in general "enforcement efforts against copyright and trademark infringement" related to their Educational Publisher Enforcement Group (EPEG) efforts to curb the sale of counterfeit books, such a claimed interest does not establish a common legal interest. Plaintiffs chose to associate through the EPEG to tackle the issue of counterfeit books harming Plaintiffs' bottom lines. *See, e.g.*, EPEG, *Understanding the problem* (explaining that counterfeit textbook sales "depriv[e] authors and publishers of the funds necessary to reinvest in new educational content"); EPEG, *Barnes & Noble Education, Major Educational Content Providers, Commit to Fight Counterfeit Textbooks* (July 31, 2017) ("The rise of illegal counterfeit materials in the market results in reduced incentives for publishers to invest in new content and technology to improve learning. In addition, distribution of counterfeit materials infringes on the publishers' copyright and trademark rights and ultimately limits royalties due to authors and designers."). However, those joint efforts seek to remedy a commercial problem, and "the common interest doctrine does not encompass a joint business strategy which happens to include as one of its elements a concern about litigation." *Bank Brussels*, 160 F.R.D. at 447; *see also Johnson Matthey, Inc. v. Rsch. Corp.*, 2002 WL 1728566, at *6 (S.D.N.Y. July 24, 2002) (finding no common legal interest because the "shared desire to maximize royalty income is, instead, simply a commercial concern").

For similar reasons, Plaintiffs' prior lawsuits are also not a sufficient basis to support their sweeping common interest claim. The "existence even of such a coordinated legal strategy is insufficient where there is only a common commercial interest and no identity of legal interests." *Gulf Islands Leasing, Inc. v. Bombardier Cap., Inc.*, 215 F.R.D. 466, 473 (S.D.N.Y. 2003). That rule is apt here, where Plaintiffs (and Pearson) chose to jointly file lawsuits as part of their broader commercial efforts to identify and eliminate counterfeit textbooks. That decision may have led to cost savings (e.g., by sharing legal fees), but Plaintiffs could have easily filed those suits separately. Indeed, each Plaintiff had and has a separate and distinct legal interest in protecting their own copyrights and/or trademarks. Thus, Plaintiffs cannot properly invoke the common interest exception based on those lawsuits, as their coplaintiff status—and any attendant sharing of privileged material—was manufactured for commercial reasons, rather than arising from any genuine identity of legal interests. *See, e.g., Egiazaryan*, 290 F.R.D. at 434 (explaining that parties invoking the common interest exception must make a "substantial showing . . . of the need for a common defense as opposed to the mere existence of a common problem").

Third, even assuming the Plaintiffs and the other third parties had a common legal interest, Plaintiffs' log fails to show how each Category ID furthers a specific common interest. If Plaintiffs are unable to make that connection at the Category ID level—which is understandable given that certain Category IDs contain hundreds of distinct communications—please provide that explanation for each individual communication withheld under the common interest exception.

In light of the above, we ask you again to provide answers to the following:

1. Evidence of any relevant written or oral common interest agreement (with or without Pearson) (and we don't understand your reference to the "current stage of discovery" – discovery is the stage of the case to seek and provide evidence).
2. The common legal interest shared by each party to the communications.
3. Whether the communications were made in furtherance of any purported common interest and, if so, how the communications furthered that interest.
4. The dates during which the purported common interest existed, when the common interest ceased, and any periods during which any parties no longer shared a common legal interest or withdrew from any common interest agreement.

Regards,
Roberto

**Roberto J. Borgert**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

---

**From:** Kevin Lindsey <KLindsey@oandzlaw.com>
**Sent:** Monday, September 29, 2025 10:44 AM
**To:** Borgert, Roberto (DC) <Roberto.Borgert@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>
**Subject:** Re: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

Contrary to your assertion, the inclusion of representatives from Pearson Education, Inc. ("Pearson") or multiple Plaintiffs in this case in certain communications listed in the privilege log does not mean that privilege has been waived. Indeed, there is no waiver.

First, Plaintiffs and Pearson were and are represented by the same counsel, Oppenheim + Zebrak, LLP ("O+Z"). "At its core, [t]he 'common interest' doctrine applies when multiple persons are represented by the same attorney." *N. River Ins. Co. v. Columbia Cas. Co.*, 1995 WL 5792, at *2-3 (S.D.N.Y. Jan. 5, 1995) (internal quotation marks omitted). Since before the earliest communication on the privilege log (August 2019), and continuing to this day, Pearson and Plaintiffs are jointly represented by O+Z and are co-clients seeking O+Z's legal advice on matters in which they share a common legal interest. *See Sec. & Exch. Comm'n v. Rayat*, No. 21-CV-4777 (LJL), 2023 WL 4706074, at *3 (S.D.N.Y. July 24, 2023) (referencing the co-client or joint-client privilege, which applies when clients hire the same counsel to represent them on matters of common legal interest).

Second, as Plaintiffs' privilege log describes, the common legal interests shared by Plaintiffs and Pearson are based on their joint legal strategy related to enforcement efforts against copyright and trademark infringement. These shared legal efforts include pre-litigation enforcement, anticipated litigation analysis, and litigation against infringers. Indeed, Plaintiffs' privilege log identifies several litigations brought by Plaintiffs and Pearson together

against commercial pirate sites, including those that use Google ads: *Bedford Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning et al. v. Nguyen et al.*, 19-cv-10524-LAK (SDNY); *Cengage Learning, Inc., et al. v. Trung Kien Nguyen, et al.*, 20-cv-769-JGK (SDNY); *McGraw Hill, LLC, et al. v. Chinh Tran Van, et al.*, 20-cv-6368-GHW (SDNY); *Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, et al. v. English, et al.*, 21-cv-6691-ER (SDNY); *Cengage Learning, Inc., et al. v. Smith, et al.*, 23-cv-7193-VM (SDNY); *Elsevier Inc., et al. v. Quttainah, et al.*, 20-cv-8438-LLS (SDNY); *Pearson Education, Inc., et al. v. Najji, et al.*, 21-cv-3486-RA (SDNY); and *McGraw Hill LLC, et al. v. Nazaryan, et al.*, 23-cv-2798-LLS (SDNY). Plaintiffs and Pearson have also brought several other copyright and trademark infringement cases together. And Plaintiffs and Pearson have common legal interests with respect to Google's conduct, including with respect to the anticipation of this litigation.

Third, contrary to your assertion, Plaintiffs' privilege log sufficiently establishes the applicability of Plaintiffs' and Pearson's common legal interests through the category descriptions, including how those communications were in furtherance of the common legal interest. Specifically, the persons involved in the applicable communications included on the log were providing or requesting legal advice and/or the communication reflects such legal advice or information necessary to provide such legal advice

Fourth, we do not understand your reference to Plaintiffs' initial privilege log. Pursuant to the agreement between the parties following meet and confers on August 14 and 19, 2025, Plaintiffs supplemented their privilege log by specifically identifying the parties that share these common legal interests for each category of documents. *See* Plaintiffs' September 10, 2025 privilege log.

Fifth, for clarification, we are not currently aware of a written co-client or common interest agreement between Plaintiffs and Pearson. As you know, there is no requirement that such agreements be in writing. Given the current stage of discovery, what "evidence" is Google seeking beyond this information that we, as counsel for the parties in question, have provided, and the information provided on Plaintiffs' privilege log pursuant to the parties' agreement?

Finally, Dave Crowley was affiliated with Pearson when he was included in communications identified on the privilege log.

Kevin Lindsey  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.450.5593
KLindsey@oandzlaw.com  |  www.oandzlaw.com
☐ Connect with us on LinkedIn
**O+Z Oppenheim + Zebrak LLP**   WASHINGTON, D.C. NEW YORK, N.Y.

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Roberto.Borgert@lw.com <Roberto.Borgert@lw.com>
**Date:** Thursday, September 25, 2025 at 6:41 PM
**To:** Kevin Lindsey <KLindsey@oandzlaw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Laura.Bladow@lw.com <Laura.Bladow@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>,

Brent.Murphy@lw.com <Brent.Murphy@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Caroline.Clarke@lw.com <Caroline.Clarke@lw.com>, Rose-Marie.Jung@lw.com <Rose-Marie.Jung@lw.com>

**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log

Counsel,

We are in receipt of Plaintiffs' September 10, 2025 supplemental privilege log.  On its face, many entries reflect disclosures to third parties outside each Plaintiff, constituting waiver.  *See, e.g.*, Category ID 3 (containing communications involving 15 non-attorneys from separate entities, including a third party to this litigation).  As discussed in the Parties' August 14th and 19th conferrals, Plaintiffs failed to assert the common interest exception to waiver in Plaintiffs' August 1, 2025 privilege log *at all*, let alone identify which documents this exception applied to specifically.  Plaintiffs now apparently seek to withhold approximately half of the Category IDs listed in the supplemental log on that basis.  As you know, it is your burden to establish the applicability of the common interest exception, which Plaintiffs failed to do in either conferral or the supplemental log.  To evaluate that assertion, please provide the following for each logged Category ID and attachment over which you assert the common interest exception to waiver:

1. Evidence of any relevant written or oral common interest agreement.
2. The common legal interest shared by each party to the communications.
3. Whether the communications were made in furtherance of any purported common interest and, if so, how the communications furthered that interest.
4. The dates during which the purported common interest existed, when the common interest ceased, and any periods during which any parties no longer shared a common legal interest or withdrew from any common interest agreement.

Further, it appears that Dave Crowley's affiliation was inadvertently omitted.  Please confirm his affiliation.


Regards,
Roberto


**Roberto J. Borgert**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

---

**From:** Kevin Lindsey <KLindsey@oandzlaw.com>
**Sent:** Wednesday, September 10, 2025 6:22 PM
**To:** Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Murphy, Brent (DC) <Brent.Murphy@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Jung, Rose-Marie (NY) <Rose-Marie.Jung@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>
**Subject:** Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM - Plaintiffs' Supplemental Privilege Log


Counsel,

Please find attached Plaintiffs' supplemental privilege log in the above-reference action.

Kevin Lindsey  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.450.5593
KLindsey@oandzlaw.com  |  www.oandzlaw.com
☑ Connect with us on LinkedIn



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.