

Lauren Bergelson
461 5th Avenue, 19th Fl.
New York, NY 10017
Direct: 212.951.1872
lbergelson@oandzlaw.com

November 19, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc. et al., v. Google LLC*, No. 24-cv-04274-JLR-BCM: Non-Party BCGuardian, LLC's Unopposed Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, non-party BCGuardian, LLC ("BCGuardian") submits this unopposed letter response in support of Google's Letter Motion (Dkt. 272) to redact portions of Google's Letter Motion for Pre-Motion Discovery Conference (the "Letter Motion"), Dkt. 273, and to seal Exhibits 18-20 and 24 to the Declaration of Sarah Tomkowiak filed in Support of Google's Letter Motion (the "Tomkowiak Decl."), Dkts. 275-18 through 275-20 and 275-24, collectively (the "Documents").

**I.     Background.**

Non-party BCGuardian is a private company that specializes in providing intellectual property protection and anti-piracy services to rightsholders. By definition, its work is conducted confidentially and securely, using proprietary methods, to assist content owners with protecting and enforcing their IP rights against infringement, primarily in the digital space. The effectiveness and adequacy of BCGuardian's work would be greatly diminished if its methods, processes, and approach to battling piracy were to become public. BCGuardian received and responded to a Rule 45 document subpoena from Google in connection with this case.

Portions of Google's Letter Motion and the entirety of four Exhibits attached to the Tomkowiak Decl. (Exhibits 18-20 and 24) contain information designated by BCGuardian as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order (Dkt. 82). The information at issue includes the commercially and competitively sensitive terms of BCGuardian's contractual Statement of Work with Plaintiffs, which concerns BCGuardian's proprietary anti-piracy monitoring, enforcement, and analysis work for Plaintiffs, as well as internal BCGuardian process-related documents concerning that work. Letter Motion at 3-4; Exs. 18-20, 24. This information is Highly Confidential – Attorneys' Eyes Only because it could, if disclosed, "create a substantial risk of significant harm to the business, financial, competitive, or personal interests"

of BCGuardian and/or Plaintiffs in this case. Dkt. 82 ¶ 3. BCGuardian conferred with Google about this information on November 12, 2025. Google confirmed by email on November 13, 2025 that it would not oppose BCGuardian's request to redact or seal this information.

## II. Legal Standard.

BCGuardian's redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). There, the Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264 at *3 (S.D.N.Y. June 17, 2020). That is particularly true for non-parties, such as BCGuardian.

## III. Non-Party BCGuardian's Highly-Confidential Material Should be Redacted or Sealed.

The material at the heart of BCGuardian's redaction and sealing request discloses or discusses highly-confidential, commercially sensitive, and proprietary details about BCGuardian's anti-piracy processes for monitoring, detecting, enforcing, and analyzing infringement. If made public, it could undermine BCGuardian's effectiveness in battling infringement and piracy. In particular, Exhibit 24 to Google's Letter Motion is a complete copy of BCGuardian's Statement of Work entered into with Plaintiffs, which describes in detail the proprietary anti-piracy work that BCGuardian performs on Plaintiffs' behalf. Exhibits 18-20 to Google's Letter Motion are email chains reflecting internal BCGuardian communications discussing its anti-piracy processes. Google's Letter Motion describes and directly quotes from Exhibit 24. These materials are precisely the types of documents the Protective Order intends to protect. Dkt. 82 ¶ 3. Indeed, the Protective Order outlines categories of material that warrant protection, including "proprietary and non-public intellectual property," "proprietary . . . research and development," and "agreements or similar documents requiring highly confidential treatment." *Id*. The contents of the Statement of Work and email chains at issue fall squarely within those categories.

Moreover, courts in this district have acknowledged the significance of keeping confidential proprietary and business information, like the material at issue here. *See, e.g.*, *Farsura v. QC Terme US Corp.*, 2025 WL 267573, at *12 (S.D.N.Y. Jan. 17, 2025) (sealing details of a party's "business strategy, including contracts"); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information," including "proprietary internal analyses,"); *EFT Servs., LLC v. I-POS Sys. LLC*, 2025 WL 1752144, at *4 (S.D.N.Y. June 25, 2025) (permitting "redactions related to . . . proprietary information and trade secrets" to stay in place); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access"). This

is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). BCGuardian can demonstrate such a need, as public disclosure of this information would reveal sensitive business practices of a non-party and create substantial risk of harm to BCGuardian and Plaintiffs. In particular, if disclosed, others could use the highly-confidential information and related trade secrets for illegal or unlawful purposes, including in furtherance of infringing activities, and competitors could unfairly compete with BCGuardian.

Courts in this district have also recognized the unique sensitivities inherent in considering whether to disclose non-parties' confidential documents, explaining that "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *see also U.S. v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (internal quotations omitted). Accordingly, BCGuardian's highly-confidential and sensitive material should be redacted or sealed here.

### IV. Non-Party BCGuardian's Request is Narrowly Tailored to Serve the Purpose that Requires the Redaction or Sealing.

BCGuardian's request is narrowly tailored to redact or seal information revealing highly-confidential, commercially sensitive, and proprietary details about BCGuardian's anti-piracy processes with respect to monitoring, detecting, enforcing, and analyzing infringement. BCGuardian asks the Court to seal four Exhibits, which include, in their entirety, the Statement of Work BCGuardian entered into with Plaintiffs, and three email chains reflecting internal BCGuardian discussions about its proprietary processes. BCGuardian also asks the Court to redact portions of the Letter Motion, which quote directly from the Statement of Work. As discussed, these documents and excerpts constitute and discuss highly-confidential, commercially sensitive, and proprietary information, the disclosure of which would create a substantial risk of significant harm to BCGuardian and Plaintiffs.

In light of the sensitive nature of non-party BCGuardian's proprietary information contained in the Documents, BCGuardian respectfully submits this letter response explaining the need to redact or seal portions of the Documents filed by Google.

We thank the Court for considering this request.

Respectfully,

*/s/ Lauren Bergelson*

Lauren Bergelson

cc:   All Counsel of Record (via ECF)