

Lauren Bergelson
461 5th Avenue, 19th Fl.
New York, NY 10017
Direct: 212.951.1872
lbergelson@oandzlaw.com

November 19, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:     *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion (Dkt. 272) to redact portions of (i) the Declaration of Sarah Tomkowiak filed in support of Google's Letter Motion for Pre-Motion Discovery Conference (the "Declaration"), Dkt. 275, and (ii) Exhibits 1 and 3 to the Declaration, Dkts. 275-1 and 275-3, and to seal Exhibits 16 and 17 to the Declaration, Dkts. 275-16 through 275-17, collectively (the "Documents").

**I.**     **Background**

Portions of the Declaration and four Exhibits attached thereto (Exs. 1, 3, and 16-17) contain information designated by Plaintiffs as Confidential pursuant to the Protective Order (Dkt. 82). To minimize sealing, Plaintiffs have proposed fewer redactions to the Declaration and redactions (rather than complete sealing) to two of the four Exhibits. The information that Plaintiffs request remain sealed includes: the names and e-mail addresses of Protected Personnel pursuant to Paragraph 28 of the Protective Order; the identity of a third party and its individual personnel in the context of logged legal matters that, by their nature, reveal information about such third party's legal activity; the names of Plaintiff employees who have been involved with specific litigation matters and their email addresses where they could be individually contacted, including by pirates that are defendants in some of the referenced litigations; and filenames for privileged documents through which particular information about Plaintiffs' and the third party's legal activities, and the activities of this firm, as their retained counsel, can be gleaned. This information is Confidential because it could, if disclosed, "create a substantial risk of harm to the business, commercial, financial, competitive, or personal interests" of Plaintiffs or a third party. Dkt. 82 ¶ 2. Plaintiffs conferred with Google about this information on November 13, 2025. Google confirmed by email that it would not oppose Plaintiffs' request at least with respect to the documents it filed as Exhibits 16 and 17.

## II.     Legal Standard.

Plaintiffs' redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). And, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III.    Plaintiffs' Confidential Material Should Be Redacted or Sealed.

The material at issue should be redacted or sealed because it discloses confidential and sensitive information about (i) individuals entitled to enhanced protection, (ii) contact information for third-party personnel and Plaintiff employees involved in their company's legal matters, and (iii) Plaintiffs' and the third party's legal activities, including the names of bad actor websites that may be potential litigation targets. If made public, such information could expose certain individuals to swatting, doxing, or other targeting actions, threaten the privacy interests of non-parties, and enable bad actors to take steps to evade detection and further infringe.

In particular, Exhibits 1 and 3 to Google's Letter Motion are Plaintiffs' privilege logs dated August 1 and September 10, respectively. Exhibits 16 and 17 are Plaintiffs' partial supplemental privilege logs dated November 5 and November 7, respectively. All four logs contain entries disclosing the names and/or email addresses of individuals deemed Protected Personnel pursuant to the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names [and] email addresses. . . that could be used to identify individual employees . . . involved in the sending, receiving, implementation, and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents).

In addition to Protected Personnel, the logs disclose sensitive information about a third party not involved in this case, including its individual personnel and the existence of legal matters as reflected in document filenames and the document and joint legal matter descriptions. Courts in this district have recognized that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *U.S. v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995); *see also United States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017) (sealing materials that reflect "sensitive . . . personal information pertaining to non-parties"); *United States v. Jones*, 2024 WL 1700033, at *3 (S.D.N.Y. April 19, 2024) (allowing redactions of identifying information of innocent third parties). The logs also disclose the names and direct-contact email addresses of numerous Plaintiff employees which would not be publicly disclosed in this fashion, particularly in the context of their involvement with specific litigation matters.

Three of the four logs (Exhibits 3, and 16-17) also disclose sensitive information about Plaintiffs' legal enforcement activities, including potential but not yet brought litigation. This information can be gleaned through filenames of withheld documents and the document and joint legal matter descriptions. Public disclosure of this information could impact the efficacy of Plaintiffs' enforcement efforts. Moreover, courts in this district have recognized the importance of keeping some, or all, information in privilege logs confidential. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted in its entirety, and granting request to redact filenames from other privilege log). The Court should do the same here.

### IV. Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires the Sealing or Redaction.

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that the Protective Order and cases in this district support keeping confidential. Rather than ask the Court to grant the request to (i) redact all proposed redactions to the Declaration and (ii) seal all four Exhibits in their entirety, Plaintiffs propose more limited redactions to the Declaration and Exhibits 1 and 3 to protect sensitive names, contact information, and filenames where necessary. Plaintiffs' proposed redactions can be found in Exhibits A-C to this letter response. Specifically, Exhibits A, B, and C include Plaintiffs' narrowed redactions to the Declaration, Exhibit 1, and Exhibit 3, respectively. Plaintiffs also ask the Court to seal Exhibits 16 and 17 in their entirety given the burden and risk of error inherent in applying redactions to each and every confidential and sensitive piece of information in these 100+ page documents.

In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter response explaining the need to redact and seal Documents filed by Google.

We thank the Court for considering this request.

Respectfully,

/s/ *Lauren Bergelson*

Lauren Bergelson

cc:   All Counsel of Record (via ECF)