

Lauren Bergelson
461 5th Avenue, 19th Fl.
New York, NY 10017
Direct: 212.951.1872
lbergelson@oandzlaw.com

November 21, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:    *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion (Dkt. 286) and specifically seek the Court's approval to redact narrow portions of (i) Google's Letter Motion for Pre-Motion Discovery Conference Regarding the Addition of Targeted Custodians, Expanded Search Terms, and Production of Related ESI (the "Letter Motion)," Dkt. 287, (ii) the Declaration of Laura E. Bladow filed in support of the Letter Motion (the "Bladow Decl."), Dkt. 289, and (iii) Exhibit 3 to the Bladow Decl., Dkt. 289-3, and to seal Exhibits 1 and 2 to the Bladow Decl., Dkts. 289-1 through 289-2, collectively (the "Documents").

**I.    Background.**

Portions of the Letter Motion, Bladow Decl., and the three Exhibits attached thereto contain information designated by Plaintiffs as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order (Dkt. 82). To minimize sealing, Plaintiffs have proposed fewer redactions to the Letter Motion and Bladow Decl., and redactions (rather than complete sealing) to one of the three Exhibits. The information that Plaintiffs request remain sealed includes the highly confidential and highly commercially sensitive business information of Plaintiff McGraw Hill that must not be disclosed to competitors, including co-Plaintiffs. McGraw Hill designated this information as Highly Confidential-Attorneys' Eyes Only because it could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, [or] competitive" interests of McGraw Hill. Dkt. 82 ¶ 3. Also included in Plaintiffs' sealing request are the names of Protected Personnel pursuant to Paragraph 28 of the Protective Order. Plaintiffs conferred with Google about sealing the materials at issue on November 18, 2025. Google did not oppose Plaintiffs' request.

**II.    Legal Standard.**

Plaintiffs' redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

### III. Plaintiffs' Highly Confidential-Attorneys' Eyes Only Material Should Be Redacted or Sealed.

The material at issue falls into two categories and should be redacted or sealed for the following reasons.

*First*, certain material discloses highly confidential and sensitive business information of Plaintiff McGraw Hill. In particular, Exhibits 1 and 2 to the Bladow Decl. are internal email chains produced by McGraw Hill that reveal competitive insights and details about the performance of a specific McGraw Hill business initiative. The Bladow Decl. discusses and directly quotes from these email chains. Courts in this district have recognized the significance of keeping sensitive business information, like the material at issue here, confidential, particularly when disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise, Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotations omitted); *see also Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would affect party's competitive position if disclosed); *Farsura v. QC Terme US Corp.*, 2025 WL 267573, at *12 (S.D.N.Y. Jan. 17, 2025) (sealing details of a party's "business strategy"); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information," including "proprietary internal analyses,"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). McGraw Hill can demonstrate such a need, as public disclosure of this information would reveal McGraw Hill's sensitive business insights and strategies to its competitors, including to co-Plaintiffs, and potentially enable competitors to exploit this information to McGraw Hill's detriment. Accordingly, the disclosure of the material at issue creates a substantial risk of harm to McGraw Hill's business, commercial, and competitive interests.

*Second*, the material discloses the names of individuals deemed Protected Personnel pursuant to Paragraph 28 of the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names, . . . that could be used to identify individual employees . . . involved in the sending, receiving, implementation and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents). The Letter Motion, Bladow Decl., and Exhibit 3 include multiple references to Protected Personnel and thus warrant redactions.

### IV.   Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires the Redaction or Sealing.

Plaintiffs' request is narrowly tailored to protect highly confidential and sensitive information that case law in this district and the Protective Order support keeping confidential. Rather than ask the Court to grant the request to (i) redact all proposed redactions to the Letter Motion and Bladow Decl. and (ii) seal all three Exhibits in their entirety, Plaintiffs propose more limited redactions to the Letter Motion, Bladow Decl., and Exhibit 3 to protect only sensitive, highly confidential business information and names of individuals entitled to enhanced protection where necessary. Plaintiffs' proposed redactions to the Letter Motion and Bladow Decl. can be found in Exhibits A and B to this letter response, respectively. Regarding Exhibit 3, Plaintiffs simply request that the names of their Protected Personnel, three of which appear in the document, be redacted. Because Exhibit 3 also contains information about Google's employees, out of an abundance of caution, Plaintiffs have not attached an exhibit reflecting their proposed redactions in the event that Google, the party that initially filed the email exchange under seal, would like to keep confidential any information in addition to the names of Plaintiffs' Protected Personnel. Plaintiffs also ask the Court to fully seal Exhibits 1 and 2 because they reveal highly confidential and highly commercially sensitive McGraw Hill business information throughout.

In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter response explaining the need to redact portions of and seal Documents filed by Google.

We thank the Court for considering this request.

Respectfully,

*/s/ Lauren Bergelson*

Lauren Bergelson

cc:   All Counsel of Record (via ECF)