**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS LLP**

November 23, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
Google's Letter Response to Plaintiffs' Letter Motion to Submit Declaration in Support of Plaintiffs' Letter Response in Opposition to Google's Letter Motion for *In Camera* Review (Dkt. 312)

Dear Judge Moses:

Google objects to Plaintiffs' improper request to submit an additional "two-page declaration from their counsel" in support of Plaintiffs' Letter Response in Opposition to Google's Letter Motion for *in camera* review. Dkt. 312. Plaintiffs never met and conferred with Google regarding their requested relief, and Google first learned of Plaintiffs' request at approximately 11:45 p.m. ET last Friday, November 21, when Plaintiffs filed their Letter Motion. *See* Dkt. 312.

There is no basis to allow Plaintiffs to submit additional testimony from counsel for *in camera* review. Courts in "this district generally do not favor reviewing *ex parte*, *in camera* declarations." *Pearlstein v. BlackBerry Ltd.*, 2019 WL 13525091, at *3 (S.D.N.Y. Sept. 27, 2019). Such review is "usually only granted when government actors require secrecy . . . or when national security or state secrets are at issue." *Id.* (collecting cases). Cases in which "*ex parte*, *in camera* declarations are accepted outside of the governmental context are rare." *Id.* That is because the courts and public have an "interest in open and public adjudication." *Id.* Plaintiffs have not provided any reasons justifying *ex parte*, *in camera* review of additional lawyer-testimony, much less any basis implicating national security concerns.

Plaintiffs' requested relief would also prejudice Google. Plaintiffs bear the burden to substantiate their privilege claims, and allowing *in camera* review of the lawyer-testimony Plaintiffs nebulously offer to "clarify the scope of common legal interest with respect to specific clients" would deprive Google of the ability to respond to Plaintiffs' evidentiary assertions. Whatever late-breaking information Plaintiffs want to provide should have been included in their Letter Response or any of the five iterations of their privilege log. And, practically speaking, even allowing Plaintiffs to file the additional testimony on the public or sealed docket would prejudice Google since the parties agreed Plaintiffs would submit their opposition and all supporting materials last Friday. *See* Dkt. 284.

LATHAM&WATKINS LLP

           Respectfully submitted,

           */s/ Sarah A. Tomkowiak*
           Sarah A. Tomkowiak (*pro hac vice*)
           of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)