

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

November 25, 2025

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 20A
New York, NY 10007

> **Re:** *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
> **Plaintiffs' Letter Response in Support of Plaintiffs' Letter Motion to Submit Declaration for *In Camera* Review (Dkt. 312)**

Dear Judge Moses,

Plaintiffs write in support of their letter motion for leave to submit a two-page attorney declaration (Dkt. 312) in support of Plaintiffs' letter response in opposition to Google's Dkt. 273 letter motion for pre-motion discovery conference (Dkt. 304, "Letter Response").

In support of Plaintiffs' Letter Response, Plaintiffs submitted five declarations—four from Plaintiffs' representatives and one from the undersigned Plaintiffs' counsel. Dkts. 306–310. These declarations set forth non-privileged information concerning the co-client/common interest agreements between Plaintiffs and Pearson Education, Inc. ("Pearson") as to legal matters in which they are co-clients of Oppenheim + Zebrak, LLP ("O+Z") and share a common legal interest. Dkt. 306 ¶¶ 3, 8; Dkts. 307–310 ¶ 12.

The additional short declaration that Plaintiffs seek to submit for *in camera* review contains limited, specific information concerning anticipated litigation and co-client privileged communications with O+Z. Based on its argument that the co-client privilege/common interest doctrine does not apply (which Plaintiffs clearly dispute), Google seeks disclosure of *every* attorney-client privileged and work product document on Plaintiffs' extensive privilege logs, including those revealing highly confidential legal strategy, counsel's legal analyses (including as to the claims in this case), and counsel's mental impressions about this and other joint legal matters. It is crucial that the Court decide such a motion with complete information.

Plaintiffs did not include the narrowly tailored information contained in the proposed declaration within the other declarations they filed because it reflects confidential information disclosed to O+Z for the sole purpose of requesting and obtaining legal advice. This is precisely the type of situation in which courts "routine[ly]" review *in camera* submissions "in cases involving claims of privilege." *New York v. Mayorkas*, 2021 WL 2850631, at *6 (S.D.N.Y. July 8, 2021) (quoting *Mercator Corp. v. United States* (*In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*), 318 F.3d 379, 386 (2d Cir. 2003)).

Google has not been prejudiced by the timing of Plaintiffs' request. Plaintiffs' motion to file the declaration accompanied their timely filing in opposition to Google's motion. *See* Dkts. 304–312. That briefing is not closed; Google's opposition is due tomorrow. And because the



Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

declaration will be submitted *in camera*, the key consideration is that Court have the benefit of it when considering Google's motion.

Google also maintains that it would be prejudiced because submitting the two-page declaration for *in camera* review would "deprive Google of the ability to respond to Plaintiffs' evidentiary assertions." Dkt. 316 at 1. But Plaintiffs are seeking leave to submit the information for *in camera* review out of a concern that the information cannot be shared with Google in the first instance, as it is not within the zone of privilege.

Moreover, the Court may review the declaration and determine that it can be shared with Google solely in connection with its motion and without creating any privilege waiver issue. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, LLC, 2009 WL 2921302, at *1 (S.D.N.Y. Sept. 8, 2009) (defendants may review materials submitted *in camera* with "certain redactions" for resolving one motion, but "permitting [defendants] to review [materials submitted *in camera*] does not result in a waiver of privilege" as to those materials and the defendants "may not use the information" outside the motion). But the Court cannot consider whether an approach taken like that in *Pension Comm.* is appropriate without reviewing the declaration.

For the above reasons, Plaintiffs respectfully request that the Court grant their motion to submit a short attorney declaration for *in camera* review so that the Court can decide Google's motion with complete information.

Respectfully submitted,

*/s/ Michele H. Murphy*
Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
*Counsel for Plaintiffs*