**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

LATHAM&WATKINS LLP

November 25, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 20A
New York, New York 10007

      Re:    *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
             Letter Motion to Seal Defendant's Response to Plaintiffs' Letter Motion
             for Discovery Conference Regarding Searching Google's Buganizer
             System, Exhibits A–C to Defendant's Attorney Declaration of
             <u>Sarah Tomkowiak, Declaration of Blake Bassett, and Declaration of Duy Ho</u>

Dear Judge Moses:

      Pursuant to Rule 3 of Your Honor's Individual Practices, Google submits this letter motion to seal portions of Defendant's Response to Plaintiffs' Letter Motion for Discovery Conference Regarding Searching Google's Buganizer System ("Defendant's Response"), Exhibits A–C to the accompanying Attorney Declaration of Sarah Tomkowiak ("Exhibits to the Attorney Decl."), the accompanying Declaration of Google's Blake Bassett ("Bassett Decl."), and the accompanying Declaration of Google's Duy Ho ("Ho Decl.").

      **Background.** Defendant's Response, Exhibits to the Attorney Declaration, Bassett Declaration, and Ho Declaration include certain information designated by Google as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82). Google's HC-AEO information reflects details derived from HC-AEO documents containing internal information concerning Google's internal database systems. Defendant's Response at 2, 4; Exhibit A to the Attorney Decl. at 2, 5, 13, 18, 19, 21, 22, 24–27, 29–32, 34, 37, 44, 46, 47, 51; Exhibits B–C to the Attorney Decl.; Bassett Decl. ¶¶ 10–12, 16, 18; and Ho Decl. ¶¶ 4–7. Google maintains that this information is HC-AEO as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or third parties who use Google's Shopping platform. Dkt. 82 ¶ 3. Google conferred with Plaintiffs about this material today, November 25, and Plaintiffs indicated that they anticipated objecting to certain redactions.

**LATHAM&WATKINS**LLP

**Legal Standard.** Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Moreover, the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Material Warrants Sealing.** The material at issue should be sealed because it concerns confidential business information reflecting (1) the inner workings of the systems, processes, and strategies Google relies on to conduct its business operations and enforce its policies against bad actors, including the identities of specific personnel involved in these systems, processes, and strategies, and (2) confidential projects and issues worked on by employees, contractors, public users, and partners that are not at issue in this case. Courts in this district routinely recognize the importance of keeping information reflecting proprietary and sensitive business information, like the account information and business practices at issue here, confidential. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Farsura v. QC Terme US Corp.*, 2025 WL 267573 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies, including contracts with other entities, because others might exploit the information). This includes the type of technical details of technology systems Google seeks to protect. *See, e.g.*, *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) ("protecting a company's IT information fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud") (citations omitted).

Public disclosure of this material would reveal sensitive details of Google's internal systems and business practices, and the Court has granted Google's motion to seal similar or identical information in connection with previous filings. *See* Dkts. 171, 174, 177, 207. Disclosure of this information poses a substantial risk of misuse by bad actors. Exposing details of Google's systems and processes creates a serious risk, as third parties may seek to use such information to compromise Google's systems and data sources for purposes of avoiding detection or otherwise circumventing Google's measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the

**LATHAM&WATKINS**LLP

documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices"). The risk that third parties could obtain and use the information described in Defendant's Response, Exhibits to the Attorney Decl., Bassett Decl., and Ho Decl. to their advantage, including in connection with efforts to "circumvent the security systems and procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Cantinieri*, 2024 WL 759317, at *2.

**Google's Sealing Request is as Narrowly Tailored as Possible.** Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public systems and operations. Google asks the court to seal only limited descriptions of Google's highly confidential business processes and/or specific metrics regarding those processes contained in Defendant's Response, Exhibit A to the Attorney Decl., Bassett Decl., and Ho Decl., and to seal Exhibits B and C to the Attorney Decl. that contain highly sensitive information. Courts in this district have found such sealing requests reasonable and appropriate. *See, e.g., Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2022 WL 3910584, at *2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information."); *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order").

Given the extremely sensitive nature of the materials and the risk that nefarious actors will obtain and misuse the materials if publicly disclosed, Google respectfully submits this letter motion to seal narrow portions of Defendant's Response, Exhibit A to the Attorney Decl., Bassett Decl., and Ho Decl., and to seal Exhibits B and C to the Attorney Decl.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:     All Counsel of Record (via ECF)