IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>                   *Plaintiffs*,<br>v.<br>GOOGLE LLC,<br><br>                   *Defendant*. | Case No. 1:24-cv-04274-JLR-BCM |

**ATTORNEY DECLARATION OF SARAH TOMKOWIAK**

I, Sarah Tomkowiak, declare that:

1. I am a partner at the law firm Latham & Watkins LLP, counsel for Google LLC ("Google") in this matter.

2. I submit this declaration in connection with Google's Letter Reply in Support of its Letter Motion for Pre-Motion Discovery Conference (Dkt. 273).

**Plaintiffs' Fifth Privilege Log**

3. Plaintiffs served their fifth privilege log (the "Fifth Log") to Google on November 19, 2025. Plaintiffs filed (under seal) a copy of the Fifth Log at Dkt. 305-1.

4. The Fifth Log includes 2,142 withheld documents. Included in the Fifth Log is a column titled "▮▮▮▮▮▮▮▮▮▮▮▮" (the "Common Interest Column"). The Common Interest Column includes a "▮▮▮" or "▮▮▮" for each document or presentation listed in the Fifth Log. I observed that the Common Interest Column is blank for 61 documents on the Fifth Log, each of which is described as: "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████████████

██████████████████████████,"

5.  I identified all documents reflecting a "███" in the Common Interest Column and determined that Plaintiffs assert a common or co-client interest over more than 2,000 documents represented in Rows 1-10, 12, 14, 16-26, 28-30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50-59, 61-63, 65, 67, 69, 71, 73, 75, 77, 79, 81, 83, 85, 87, 89, 91, 93, 95- 98, 100-120, 123-142, 144-146, 148, 150, 152, 154, 156, 158, 160, 162, 164, 166, 168, 170, 172, 174, 176, 178-237, 239-267, 269-292, 294, 296, 298, 300-630, 632-644, 646-660, 663, 665-675, 677-679, 681-693, 695-698, 701-703, 705-745, 747-751, 755-759, 762-771, 775, 783-799, 803-874, 877, 884-890, 897-971, 973-1250, 1252-1258, 1260, 1261, 1263-1350, 1352-1375, 1377, 1379, 1381, 1383, 1385, 1387, 1389-1433, 1441-1475, 1481-1483, 1485-1718, 1720, 1722-1918, 1923-2142.

6.  The Fifth Log contains a column titled "█████████." I have reviewed this column and observed that it asserts either "████████████████████████████████," or "███████████████████████████████" for each document. Plaintiffs' previous privilege logs describing all withheld documents did not identify ████████████████████████████████ ████████████████████████████████████.

7.  I identified all documents for which Plaintiffs only assert a privilege type of "███████████████" and for which the Fifth Log reflected a "███" in the Common Interest Column. There are approximately 122 documents meeting that criteria contained in Rows 488, 519-562, 572, 579, 586-588, 590-623, 654, 658-660, 663, 665-675, 677-679, 681-690, 692, 693, 695-698, 1050-1052.

8.  The Fifth Log also includes columns titled "████████████████████████ ███" which I understand collectively contain ████████████████████████████████

2

▮▮▮▮. I understand that these columns include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

9. I identified all entries reflecting individuals associated with non-party Pearson Education, Inc. who were included on communications Plaintiffs identified ▮▮▮▮▮▮▮▮▮▮▮, and for which the Fifth Log reflected a "▮▮" in the Common Interest Column. There are approximately 840 documents meeting that criteria included in Rows 327-372, 375-486, 489, 490, 493, 494, 500, 502-506, 512, 515, 518, 1444-1452, 1455-1465, 1468-1475, 1481-1483, 1485-1521, 1524-1527, 1529-1536, 1541-1718, 1724-1794, 1797-1810, 1813-1918, 1923-2142.

10. I identified all documents for which Plaintiffs claim a privilege type of "▮▮▮▮▮▮▮▮▮▮▮▮▮" and that are not identified as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. There are approximately 18 documents meeting that criteria contained in Rows 487, 491, 492, 495-499, 501, 507-511, 513, 514, 516, and 517.

11. I identified all withheld communications involving third-party BCGuardian LLC ("BCGuardian"). There are approximately 770 documents meeting that criteria contained in Rows 11-16, 484, 485, 511, 512, 624-627, 629, 630, 632, 635, 636, 646-650, 705-715, 721-727, 729-732, 736-738, 803-809, 817-848, 854, 866, 927-943, 946-953, 956-971, 974-979, 982-989, 1081, 1082, 1084-1098, 1252, 1321-1328, 1333-1336, 1352, 1410-1433, 1453, 1454, 1516-1521, 1531-1536, 1556-1579, 1586-1601, 1604-1629, 1632-1650, 1659-1718, 1722-1794, 1797-1810, 1813-1820, 1823-1918, 1923-2142.

12. The Fifth Log contains a column titled "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," which contains entries describing any "▮▮▮▮▮▮▮▮▮" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on the Fifth Log. I have reviewed the descriptions contained in the "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" column and observed that this column is blank for approximately 129

3

entries on the Fifth Log.  I have reviewed the "███████████████" for entries in which the Fifth Log reflected a "███" in the Common Interest Column and understand that approximately 935 entries contain an identical "███████████" description: "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████."

An additional 930 entries contain nearly identical descriptions, including 564 entries with the description: "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████."

13. The "███████████" description for the document titled "███████████████████████████████" contained in Row 756 on the Fifth Log is "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████"

4

███████████████████████████████████████████

███"

14. The Fifth Log contains a column titled "████████████." I have reviewed the descriptions in this column and observed that approximately 813 documents are described as attachments to emails. I understand that these contain nearly identical descriptions, including approximately 467 documents described as: "████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" I understand that another approximately 185 entries contain the description: "████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" And approximately 110 entries contain the description: "████████████████████████████████████████████████████████████████████████████████████████████████████████████"

15. I have reviewed the documents designated as either "████████" or "████████████████████████" that are asserted to be related to this litigation, as described on the Fifth Log. I reviewed the dates contained in the "████████" column for each of these documents. I understand from the Fifth Log that Plaintiffs have withheld documents concerning this litigation from as early as ████████████████████████. I further understand that in

Plaintiffs' September 10, 2025 privilege log, Plaintiffs stated they had withheld as work product documents concerning this litigation from ▮▮▮▮▮▮▮▮▮▮. *See* Dkt. 275-2 at 3.

16. The Fifth Log contains a column titled "▮▮▮▮▮▮▮." I have reviewed the document names listed in the "▮▮▮▮▮▮▮" column and understand that the titles of approximately 810 documents contain a privilege redaction. For example, hundreds of documents appear to reflect similar email chains that include slight variations of the title "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."

17. I have reviewed the "▮▮▮▮▮▮▮" column for documents referencing "▮▮▮▮." I understand that Plaintiffs have withheld approximately 366 documents containing Educational Publishers Enforcement Group ("EPEG") materials and 354 of these documents are withheld for both attorney client privilege and work product. I observed that, based on the document titles listed on the Fifth Log, these documents include press releases, proposals, planning documents, budget estimates, and presentations. *See* Rows 28, 29, 61, 62, 100, 122, 144, 145, 238, 248, 258, 268, 278, 283, 288, 294, 295, 387-395, 478, 480, 482, 486, 489-494, 497, 500, 502-506, 509, 512-515, 518, 632, 639-644, 646-652, 656, 657, 701, 747-751, 755, 756, 775, 785-799, 877, 888-893, 897-933, 947, 954, 955, 990, 997, 1004, 1011-1013, 1017, 1023, 1029, 1035, 1040, 1042, 1044, 1046-1049, 1053-1058, 1061, 1064, 1067, 1070, 1071, 1074-1080, 1099-1110, 1113-1121, 1124-1127, 1130, 1133, 1136, 1139, 1154, 1155, 1165, 1170, 1175, 1180, 1185, 1190-1193, 1196, 1199, 1202, 1205, 1208-1213, 1216, 1219, 1222, 1225, 1226, 1229, 1232, 1235, 1238, 1241, 1244, 1247-1250, 1253-1258, 1260, 1261, 1263-1268, 1271, 1275, 1279, 1283, 1287-1294, 1296, 1299, 1302, 1305, 1308, 1311, 1314, 1316, 1318-1320, 1330, 1332, 1337-1345, 1347, 1349, 1353-1375, 1391-1393, 1395, 1397, 1398, 1400, 1401, 1403-1408, 1411, 1415, 1419, 1431, 1441-1443, 1452-1454, 1465, 1470, 1472, 1474, 1485-1488, 1494-1499, 1526, 1527, 1529, 1530, 1651, 1719, 1721.

**Plaintiffs' and BCGuardian's Produced Documents**

18. The Fifth Log contains documents titled "███████████████████████████████████████" (in Rows 1059, 1062, 1065, 1068, 1072, and 1156), and "███████████████████████████████████████" (in Rows 1060, 1063, 1066, 1069, 1073, 1142, 1149, 1157, and 1160). I have reviewed the documents Plaintiffs produced in this litigation and observed that, based on file names, Plaintiffs have produced unredacted documents with similar file names. The document bearing Bates number PL0000795154 is titled "████████████████████████████████" and the document bearing Bates number PL0000795155 is titled "████████████████████████████████." The email to which those documents are attached is titled "████████████████████" (which is similarly named to withheld documents in Rows 1053-1058, 1061, 1064, 1067, 1070, 1071, and 1155). In that email, ████████████████████████████████, describes the attached spreadsheets as "████████████████████." True and correct excerpts of the spreadsheets, along with the full parent email with Bates number PL0000795153, are attached as **Exhibit 1**.

19. I have reviewed documents third-party BCGuardian has produced in this litigation and observed that BCGuardian has produced multiple documents concerning their Google "█████████" and "█████████" efforts. *See* Dkts. 275-5, 275-6, 275-7. BCGuardian's productions also include documents from 2024 shortly before Plaintiffs filed their Complaint (Dkt. 1), such as documents with Bates numbers BCG-Google00000018, BCG-Google00000157, BCG-Google00000158, and BCG-Google00002595. True and correct copies of these documents are attached as **Exhibits 2-4**.

Case 1:24-cv-04274-JLR-BCM    Document 340    Filed 11/26/25    Page 8 of 11

20. I have reviewed BCG-Google00002605, referenced in paragraph 28 of Google's Attorney Declaration of Sarah Tomkowiak (Dkt. 275), and observed that it includes privilege redactions, as seen in the screenshot below. I understand that Plaintiffs state these redactions "reflect confidential legal strategy." Dkt. 306 ¶ 31. A true and correct excerpt copy of this file and the email to which it is attached, BCG-Google00002604, are attached as **Exhibit 5**.



**Communications between the Parties**

21. On October 16, 2025, my colleague, Laura Bladow, emailed counsel for Plaintiffs with the subject line "Cengage v. Google - Confidentiality Designation of Plaintiffs' Responses to Interrogatory No. 8," noting Google's objections to certain of Plaintiffs' confidentiality designations. Kevin Lindsey, counsel for Plaintiffs, responded on October 21, 2025. In that email,

8

Mr. Lindsey required Google to agree Google may not "disclose the Confidential information of one Plaintiff to 'up to five employees' of another Plaintiff." A true and correct copy of this email is attached as **Exhibit 6**.

22. On October 20, 2025, Kevin Lindsey, counsel for Plaintiffs, sent counsel for Google an email with the subject line "Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274-JLR-BCM – Plaintiffs' Supplemental Privilege Log." In that email, Mr. Lindsey disclosed the existence of a shared repository containing documents relating to Plaintiffs. *See* Dkt. 276-15 at 8.

23. My colleague, Roberto Borgert, responded to Mr. Lindsey on October 23, 2025. Mr. Borgert posed several questions regarding the "EPEG Management Portal" disclosed by Plaintiffs, including asking Plaintiffs to "confirm that [they] have searched this repository for documents responsive to Google's discovery requests. . . produced such files, and have logged all files from this repository that Plaintiffs have withheld as privileged." *See* Dkt. 276-15 at 7. Mr. Borgert noted that the EPEG Management Portal's description identified it as a repository for files concerning "enforcement matters," "internal reporting," and "strategic thinking more generally." *Id.*

24. On November 19, 2025, Mr. Borgert emailed counsel for Plaintiffs noting that Google had not received a response to its request for confirmation that Plaintiffs have searched for and produced (or logged) responsive documents contained in the EPEG Management Portal. Mr. Borgert requested that counsel for Plaintiffs respond by Friday, November 21, 2025. As of November 26, 2025, Plaintiffs have not yet responded.

25. I have reviewed the complaints for the cases Plaintiffs cited in paragraph 12 of Attorney Declaration of Michele H. Murphy (Dkt. 306). I observed that the plaintiffs in at least

four of these cases assert overlapping interests in the asserted works. *Andrea Bartz v. Anthropic PBC*, No. 24-cv-3811-WHA (N.D. Cal.), Dkt. 337, Dkt. 337-1 at 2; *UMG Recordings, Inc. v. Frontier Communications Corp.*, No. 21-cv-05050 (S.D.N.Y.), Dkt. 1, Dkt. 1-1 at 22; *Warner Records, Inc. v. Charter Communications, Inc.*, No. 19-cv-00874 (D. Colo.), Dkt. 1, Dkt. 1-2 at 2; *UMG Recordings, Inc. v. Bright House Networks, LLC*, No. 19-cv-00710 (M.D. Fla.), Dkt. 94, Dkt. 94-2 at 2. True and correct excerpts of these complaints are attached as **Exhibits 7-10**.

26. Attached as **Exhibit 11** is a true and correct copy of a webpage titled "Understanding the problem" from the EPEG website, https://stopcounterfeitbooks.com. The webpage states that "[c]ounterfeit textbooks are a substantial problem in the educational marketplace" because they deprive "authors of royalties," "publishers of capital" and lead to "[l]ost revenue" and other "funds" necessary for investment.

27. Attached as **Exhibit 12** is a true and correct copy of a McGraw Hill press release dated March 1, 2017 and titled "Major Educational Content Providers and Distributors Join Together to Fight Counterfeit Textbooks." McGraw Hill describes EPEG's efforts to formally partner with other businesses in the education industry "to mitigate distribution of counterfeits through adoption and implementation of [EPEG's] Anti-Counterfeit Best Practices." In the same press release, Plaintiff Cengage's CEO notes that piracy is a threat to "students, authors, [Cengage] employees and shareholders."

28. Attached as **Exhibit 13** is a true and correct copy of a Macmillan Learning press release dated February 15, 2018 and titled "Macmillan Learning Joins Industry Fight Against Counterfeit Educational Materials." The press release describes EPEG as "the largest industry effort in identifying and eliminating counterfeit textbooks." The press release also describes

EPEG's partnership with "distributors like Barnes & Noble Education, Chegg, Follett and Ingram" in implementing EPEG's "Anti-Counterfeit Best Practices."

      I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed November 26, 2025, in Beach Park, Illinois

                                                                                   */s/ Sarah A. Tomkowiak*
                                                                                    Sarah A. Tomkowiak