IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | Case No. 1:24-cv-04274-JLR-BCM |

### ATTORNEY DECLARATION OF LAURA E. BLADOW

I, Laura E. Bladow, declare that:

1. I am an associate at the law firm Latham & Watkins LLP, counsel for Google LLC ("Google") in this matter.

2. I submit this declaration ("Reply Declaration") in further support of Google's Letter Motion for Pre-Motion Discovery Conference Regarding the Addition of Targeted Custodians, Expanded Search Terms, and Production of Related ESI (the "Motion").

3. On September 18, 2024, Google served 83 Requests for Production ("RFPs") on each Plaintiff. Google received responses and objections from Plaintiffs Cengage Learning, Inc. ("Cengage"); Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning ("Macmillan Learning"); Macmillan Holdings, LLC ("Macmillan Holdings"); Elsevier Inc. ("Elsevier"); Elsevier B.V.; and McGraw Hill LLC ("McGraw Hill") on October 18, 2024.

4. Google's RFPs include:

   a. RFP 48: All Documents and Communications Concerning Your contention that "Google refuses to allow legitimate sellers like the Publishers to advertise standalone digital books on Google's Shopping platform, but allows such ads from pirate sellers" as alleged in paragraph 9 and, e.g., paragraphs 64, 127, 148, and 150 of the Complaint.

   b. RFP 70: All Documents and Communications that support, demonstrate, or Relate To any damages that You claim to have suffered as a result of the allegations in Your Complaint.

   c. RFP 72: All Documents and Communications that support, refute, or otherwise Concern any claims or defenses in this Action.

5. Each Plaintiff provided substantially the same responses and objections to Google's RFPs. Below, as an example, are Cengage's responses and objections to the above RFPs:

   a. RFP 48

      i. Objections: Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of Defendant's policies and practices related to advertising digital books will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

      ii. Response: Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search.

   b. RFP 70

      i. Objections: Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly

      burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that the information this request seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects that this request is premature given the current stage of the litigation. A more complete picture of the harm that Plaintiff has suffered will be determined as discovery progresses. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

  ii.  Response: Subject to and without waiving the foregoing objections, Plaintiff will, at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, produce non-privileged documents sufficient to support its damages claim that are within its possession, custody, or control and can be found after a reasonable search.

c.  RFP 72

  i.  Objections: Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects because the request is premature given the current stage of the litigation. A more complete picture of the claims and defenses in this Action will be determined during discovery. Plaintiff further objects to this request because it seeks information already in the possession of, or equally available to, Google. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "otherwise Concern." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

  ii.  Response: Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to documents Plaintiff has agreed to produce in response to other requests. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in response to only this request at this time.

6. Google's further review of custodial documents involves 20,812 documents.

7. On November 18, 2025, I filed a declaration in support of Google's Letter Motion for Pre-Motion Discovery Conference Regarding the Addition of Targeted Custodians, Expanded Search Terms, and Production of Related ESI ("Declaration").

8. As detailed in Paragraphs 54-55 of the Declaration, Google raised the potential that the Plaintiffs' existing search terms were overly narrow during the Parties' meet and confer on November 6, and Google proposed additional terms on November 7.

9. As shown in Exhibit 3 to the Declaration, on November 13, Google agreed to meet and confer with Plaintiffs regarding the relief requested in this motion–including the additional terms. Google also requested to review a hit report and offered to engage with Plaintiffs to revise these terms to reduce any undue burden.

10. I participated in a conferral with counsel for Plaintiffs, including Michele Murphy on November 18 before Google filed the Motion.

11. Paragraph 41 of the Declaration states, "Based on her role at Elsevier, Ms. Powell's documents are likely to contain relevant information regarding Elsevier's digital marketing and advertising strategy, including any impact on Elsevier from Google's ban of ebook advertising on Shopping."

12. Footnote 3 to Paragraph 41 states, "On November 14, I received an email from Michele Murphy, counsel for Plaintiffs, clawing back one of two produced documents on which Ms. Powell appeared, PL0000777840. On November 17, I received a second email from Ms. Murphy, clawing back the only other produced email on which Ms. Powell appeared, PL0000777829. Google has complied with its obligations under the parties' protective order, which are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) to promptly destroy any

copies of these documents and refrain from using or disclosing the information. Google has not received a privilege log for these documents, but reserves the right to challenge Plaintiffs' assertions of privilege."

13. On November 25, I received an email from Michele Murphy, counsel for Plaintiffs, asserting, "Ms. Bladow referenced two clawed-back privileged documents to support" the statement in Paragraph 41 and that "[t]his improperly revealed the content of the documents (according to Google)." A true and correct copy of that email chain is attached as Exhibit A.

14. That same day, my colleague Sarah Tomkowiak participated in a meet and confer with Ms. Murphy to discuss her concerns. I understand from Ms. Tomkowiak that Ms. Murphy requested that I clarify the basis for the statement included in my Declaration at Paragraph 41.

15. Consistent with the phrase "[b]ased on her role," the statement in Paragraph 41 of my Declaration regarding the relevant topics that are likely the subjects of Ms. Powell's documents is based on Ms. Powell's job title and the description of her role provided by Plaintiffs during our November 6 meet and confer, and not the clawed back documents referenced in Footnote 3.

16. I included Footnote 3 in my Declaration to inform the Court why Google had not included any produced documents in support of its arguments for adding Ms. Powell as a custodian.

17. Plaintiffs claim to have reviewed "tens of thousands" of documents, Opp. at 1, which is a significant departure from their claim on November 11 that further custodial review would be "over and above the 100,000+ [Plaintiffs] have already reviewed." Bladow Decl. Ex. 3 at 7-8.

18. On November 25, 2025, Plaintiffs provided Google with the hit reports referenced in Ms. Murphy's November 24, 2025 Declaration. This is the first time Google received a hit

report from Plaintiffs for the search terms that Google proposed on November 7, 2025. A true and correct copy of that email chain is attached as Exhibit B and the hit report is attached as Exhibit C.

19. I have summarized the hit counts for the search terms proposed on November 7 result in the following hit counts for Plaintiffs' existing custodians.

| Plaintiff | Total documents with hits | Total documents with hits + family |
|---|---|---|
| Cengage | | |
| Elsevier | | |
| Macmillan | | |
| McGraw | | |

20. A true and correct copy of PL0000836733 is attached as Exhibit D.

21. A true and correct copy of PL0000836741 is attached as Exhibit E.

22. A true and correct copy of PL0000794796 is attached as Exhibit F.

23. A true and correct copy of PL0000545815 is attached as Exhibit G.

24. A true and correct copy of PL0000545822 is attached as Exhibit H.

Executed November 26, 2025, in Fort Collins, Colorado.

_____
Laura E. Bladow