# EXHIBIT A

**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

December 1, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:   *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> Google's Sur-Reply to Plaintiffs' Letter Response in Support of Plaintiffs' Letter Motion to Submit Declaration for *In Camera* Review (Dkt. 324)

Dear Judge Moses:

Google submits this sur-reply in response to Plaintiffs' Letter Response in Support of Plaintiffs' Letter Motion to Submit Declaration for *In Camera* Review, Dkt. 324 ("Plaintiffs' Reply").

In response to Google's three-paragraph filing, *see* Dkt. 316, Plaintiffs submitted a two-page Reply that improperly raises new arguments in support of Plaintiffs' untimely request to submit a declaration for *in camera* review, *see* Dkt. 312.  For example, Plaintiffs argue in their Reply that *in camera* review "in cases involving claims of privilege" is generally proper.  Dkt. 324 at 1 (citation omitted).  But Plaintiffs did not make that argument in their original request for *in camera* review, and "[i]t is well established … that a party may not raise new arguments in a reply."  *Frommer v. MoneyLion Techs. Inc.*, 2023 WL 6850324, at *2 (S.D.N.Y. Oct. 17, 2023).  Accordingly, Plaintiffs have waived all arguments made for the first time in their Reply, and the Court should disregard them.

To the extent the Court is inclined to overlook Plaintiffs' waiver, it should still reject Plaintiffs' last-minute attempt to improperly distort the record.

*Most notably,* Plaintiffs' Reply mischaracterizes Google's Letter Motion for Pre-Motion Discovery Conference, Dkt. 273 ("Letter Motion").  Plaintiffs claim that "Google seeks disclosure of *every* attorney-client privileged and work product document" based on Google's "argument that the co-client privilege/common interest doctrine does not apply."  Dkt. 324 at 1.  That is false.  In its briefing, Google took painstaking efforts to make surgical, precise challenges to Plaintiffs' privilege assertions.  *See*, *e.g.*, Dkt. 338 ¶¶ 4-17.  Only after Plaintiffs submitted their *fifth* privilege log (after Google filed its Letter Motion) did Google argue in its Reply that Plaintiffs had waived privilege over all documents on their log because Plaintiffs had inappropriately made their "assertions of privilege a moving target."  Dkt. 337 at 1 (quoting *SEC v. Yorkville Advisors, LLC*,

300 F.R.D. 152, 166-67 (S.D.N.Y. 2014)).  But Google's "total waiver" argument is distinct from the documents shared with third-party BCGuardian LLC and "co-client privileged communications" (including with non-party Pearson Education, Inc.) that Google detailed as inappropriately withheld.  Plaintiffs' attempt to suggest otherwise is misdirection.

*Moreover,* Plaintiffs' Reply unduly minimizes the prejudice Google will face if Plaintiffs are permitted to file additional counsel testimony *in camera*.  Plaintiffs contend there is no prejudice from their last-minute request because "briefing is not closed." Dkt. 324 at 1.  That is an odd argument given that Plaintiffs are requesting *in camera* review, and thus the timing should make no difference considering their position that Google should not be allowed to even see the declaration, let alone have time to respond.  In any event, briefing on Google's Letter Motion is now "closed."  *See* Dkt. 337.  So even if the Court grants Plaintiffs' request to submit an additional declaration but requires Plaintiffs to share it with Google, Google will not have an opportunity to respond absent permission.  Plaintiffs also assert the Court should disregard any resulting prejudice to Google from Plaintiffs' secret declaration because "the key consideration is that [the] Court have the benefit of it when considering Google's motion."  Dkt. 324 at 2.  That ignores that *all briefing* is for the benefit of the Court and that *in camera* proceedings are rare precisely *because* they "deprive one party to a proceeding of a full opportunity to be heard on an issue," especially where, as may be here, the materials "speak to the core of the parties' dispute."  *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 2009 WL 2921302, at *1 (S.D.N.Y. Sep. 8, 2009).

*To that end,* Google notes that Plaintiffs do *not* address the point that a request for *in camera* review of a declaration is "usually only granted when government actors require secrecy." Dkt. 316 at 1 (quoting *Pearlstein v. BlackBerry Ltd.*, 2019 WL 13525091, at *3 (S.D.N.Y. Sep. 27, 2019)).  Notably, the main case on which Plaintiffs rely—*New York v. Mayorkas*, 2021 WL 2850631 (S.D.N.Y. July 8, 2021)—also involved government actors.  *See* 2021 WL 2850631, at *1-4, *6 (recounting history of order requiring government to divulge privileged information to explain litigation malfeasance).  Plaintiffs also do not address "the overwhelming weight of authority favor[ing] the view that a court's reliance on *ex parte*, *in camera* submissions is strongly disfavored."  *Schiller v. City of New York*, 2008 WL 1777848, at *5 (S.D.N.Y. Apr. 14, 2008) (overruling objections to denial of request to submit *ex parte* declaration for *in camera* review to decide privilege dispute); *see also* Dkt. 316 at 1.

For these reasons, Google respectfully requests that the Court deny Plaintiffs' Letter Motion to Submit Declaration in Support of Plaintiffs' Letter Response in Opposition to Google Letter Motion (Dkt. 273) for *In Camera* Review, Dkt. 312.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF)