

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

December 3, 2025

<u>VIA ECF</u>

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

   Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
     **Plaintiffs' Letter Response in Opposition to Defendant's Letter Motion for Leave to File Sur-Reply (Dkt. 350)**

Dear Judge Moses,

  Plaintiffs write in opposition to Defendant Google's letter motion (Dkt. 350) ("Motion") for leave to file a sur-reply to respond in further opposition to Plaintiffs' letter motion (Dkt. 312). Plaintiffs' Dkt. 312 letter motion seeks leave to submit a two-page attorney declaration *in camera* in connection with Plaintiffs' letter response in opposition (Dkt. 304) to Google's letter motion (Dkt. 273) for pre-motion discovery conference. Plaintiffs filed their Dkt. 312 letter motion with their Dkt. 304 letter response in opposition to provide the Court with limited, specific information concerning anticipated litigation and co-client privileged communications bearing directly upon the resolution of Google's Dkt. 273 letter motion.

  Google has not demonstrated that it is entitled to leave to file a sur-reply. As "[s]ur-replies are the exception, not the rule," courts only "grant leave to file sur-replies when they address arguments raised for the first time in a reply brief." *Polidoro v. L. Firm of Jonathan D'Agostino, P.C.,* 2022 WL 20596709, at *4–5 (S.D.N.Y. May 19, 2022) (Moses, J.) (citations omitted). The legal standard for such leave distinguishes "arguments raised for the first time in a reply brief" from arguments which, although "address[ing] issues not raised in its motion papers," "each . . . directly responds to an issue raised" in the opposition papers. *Id.* at *4 (citations omitted). Thus, where the reply brief "merely respond[s] to points raised in opposition to the underlying motion, fairness does not ordinarily demand further briefing." *Id.* ("[N]o sur-reply needed where defendants did not raise any matter for the first time in their reply papers but merely responded to matters that were raised for the first time in plaintiffs' response papers.") (internal citations and quotation marks omitted). Therefore, a party is not entitled to a sur-reply if its motion for leave "nowhere identifies" what those new arguments are or fails to "demonstrate[]" that the supposedly new arguments were "*not* offered in response to arguments raised by" the opposition papers. *Id.* at *5 (emphasis in original).

  Google's Motion claims that Plaintiffs' letter reply in support of Plaintiffs' Dkt. 312 letter motion (Dkt. 324, "Reply") "improperly raised new arguments" but does not say anything about what those "new arguments" are, let alone "demonstrate[]" that those arguments were "*not* offered" to respond to the arguments raised in Google's own opposition (Dkt. 316) ("Opposition"). *Id*. Indeed, the only place where Google *anywhere* references a specific "new" argument is in its



Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

proposed "sur-reply," attached as Exhibit A to its Motion (Dkt. 350-1) – the document it is seeking to file *should* the Court grant its Motion, not the Motion. The Federal Rules of Civil Procedure clearly require that any "request for a court order must be made by motion," and "[t]he motion" itself "must . . . state with particularity the grounds for seeking the order." FED. R. CIV. P. 7(b)(1)(B). Therefore, legal arguments contained only in Exhibit A are not properly before the Court in support of the relief that Google is seeking. Google's Motion fails on this ground alone.

In any event, Google's arguments in its Exhibit A fall far short of the showing required for leave to file a sur-reply. *See Kuczinski v. City of New York*, 2020 WL 4016447, at *4 (S.D.N.Y. July 16, 2020) (denying motion where motion fails to "state[] the grounds for" the requested relief "with particularity" and where "to the extent" that the "substance" of the motion "can be discerned," it "has no merit"). While the Court should not consider it, Google's Exhibit A purports to identify just one "new" argument that Google contends Plaintiffs "improperly raised" for the first time in the Reply (Dkt. 350-1 at 1) – the proposition that "courts 'routine[ly]' review *in camera* submissions 'in cases involving claims of privilege.'" Dkt. 324 at 1 (quoting *New York v. Mayorkas*, 2021 WL 2850631, at *6 (S.D.N.Y. July 8, 2021)). In the same breath, however, Exhibit A contends that the Reply "do[es] not address" Google's argument in its Opposition that *in camera* review is "usually only granted when government actors require secrecy." Dkt. 350-1 at 3. But Plaintiffs' point that privilege disputes are a context in which *in camera* review is routine was offered in response to that very argument, to make clear that the "government secrecy" line of cases referenced in Google's Opposition is inapposite. (Dkt. 324-1.) Because Plaintiff's Reply "merely respond[s] to points raised in opposition to the underlying motion," "fairness does not . . . demand further briefing." *Polidoro*, 2022 WL 20596709 at *4 (citations omitted).

For the reasons above, Google's Motion should be denied.

Respectfully submitted,

*/s/ Michele H. Murphy*
Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
*Counsel for Plaintiffs*

2