

Lauren Bergelson
461 5th Avenue, 19th Fl.
New York, NY 10017
Direct: 212.951.1872
lbergelson@oandzlaw.com

December 3, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Cengage Learning, Inc. et al., v. Google LLC*, No. 24-cv-04274-JLR-BCM: Non-Party BCGuardian, LLC's Unopposed Letter Response in Support of Google's Letter Motion to File Redacted and Sealed Documents

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, non-party BCGuardian, LLC ("BCGuardian") submits this unopposed letter response in support of Google's Letter Motion (Dkt. 336) and specifically seeks the Court's approval to redact portions of (i) Google's Letter Reply in Support of its Letter Motion for Pre-Motion Discovery Conference (Dkt. 273) (the "Letter Reply"), Dkt. 337, and (ii) the Declaration of Sarah Tomkowiak filed in Support of Google's Letter Reply (Dkt. 338) (the "Tomkowiak Decl."), and to seal Exhibits 2-5 to the Tomkowiak Decl., Dkts. 338-2 through 338-5, collectively (the "Documents").

**I.    Background.**

Non-party BCGuardian is a private company that specializes in providing intellectual property protection and anti-piracy services to rightsholders. By definition, its work is conducted confidentially and securely, using proprietary methods, to assist content owners with protecting and enforcing their IP rights against infringement, primarily in the digital space. The effectiveness and adequacy of BCGuardian's work would be greatly diminished if its methods, processes, and approach to battling piracy were to become public. BCGuardian received and responded to a Rule 45 document subpoena from Google in connection with this case.

Portions of Google's Letter Reply and the Tomkowiak Decl., and the entirety of four Exhibits attached to the Tomkowiak Decl. (Exhibits 2-5) contain information designated by BCGuardian as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order (Dkt. 82). The information at issue includes the commercially and competitively sensitive terms of BCGuardian's contractual Statement of Work with Plaintiffs, and internal BCGuardian process-related email chains and attachments describing and demonstrating aspects of its proprietary anti-piracy monitoring and enforcement work. Letter Reply at 4; Tomkowiak Decl. at 8 ¶ 20; Exs. 2-5. This information is Highly Confidential – Attorneys' Eyes Only because it could, if disclosed,

"create a substantial risk of significant harm to the business, financial, competitive, or personal interests" of BCGuardian and/or Plaintiffs in this case. Dkt. 82 ¶ 3. BCGuardian conferred with Google about this information on November 25, 2025. Google confirmed by email later that day that it "takes no position on" BCGuardian's request to redact or seal this information.

## II.     Legal Standard.

BCGuardian's redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). There, the Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264 at *3 (S.D.N.Y. June 17, 2020). That is especially true when it comes to the proprietary business information of a non-party, like BCGuardian.

## III.    Non-Party BCGuardian's Highly-Confidential Material Should be Redacted or Sealed.

BCGuardian's redaction and sealing request concerns material that discloses or discusses highly-confidential, commercially sensitive, and proprietary details about BCGuardian's anti-piracy processes for monitoring, detecting, and enforcing infringement, including on behalf of Plaintiffs. If made public, this material could undermine BCGuardian's effectiveness in battling infringement and piracy and undermine its competitiveness as an anti-piracy and intellectual property protection specialist.

In particular, Exhibits 2-5 to the Tomkowiak Decl. are internal BCGuardian email chains (two of which include their corresponding attachment) detailing specific steps of its anti-piracy processes and revealing related work. Google's Letter Reply describes and directly quotes from BCGuardian's Statement of Work entered into with Plaintiffs, which Google attached as Exhibit 24 to the Declaration of Sarah Tomkowiak (Dkt. 275) in support of Google's Letter Motion (Dkt. 273) and filed under seal at BCGuardian's request. The Tomkowiak Decl. includes a screenshot of a portion of Exhibit 5. The confidential material at issue in this letter response is the same, or of a similar nature, as material that BCGuardian requested remain confidential in its Unopposed Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 297). This material should be redacted or sealed for the same reasons.

For one, the Protective Order clearly contemplates protecting these types of documents. Dkt. 82 ¶ 3. Specifically, the Protective Order outlines categories of material that warrant protection, including "proprietary and non-public intellectual property," "proprietary . . . research and development," and "agreements or similar documents requiring highly confidential

treatment." *Id*. The contents of these email chains and, where applicable, their attachments, and the Statement of Work plainly fall within those categories.

Moreover, courts in this district have recognized the need to keep confidential proprietary and business information, like the material at issue here. *See, e.g.*, *Farsura v. QC Terme US Corp.*, 2025 WL 267573, at *12 (S.D.N.Y. Jan. 17, 2025) (sealing details of a party's "business strategy, including contracts"); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information," including "proprietary internal analyses,"); *EFT Servs., LLC v. I-POS Sys. LLC*, 2025 WL 1752144, at *4 (S.D.N.Y. June 25, 2025) (permitting "redactions related to . . . proprietary information and trade secrets" to stay in place); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access"). This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). BCGuardian can demonstrate a valid need, as public disclosure of this confidential information would reveal sensitive business practices of a non-party and create substantial risk of harm to BCGuardian and Plaintiffs. For example, if disclosed, others could use the highly-confidential information and related trade secrets for illegal or unlawful purposes, including in furtherance of infringing activities. Competitors could also unfairly compete with BCGuardian.

Further, courts in this district have acknowledged the unique sensitivities inherent in deciding whether to disclose non-parties' confidential documents, explaining that "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *see also U.S. v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (internal quotations omitted). As follows, BCGuardian's highly-confidential and sensitive material should be redacted or sealed here.

## IV. Non-Party BCGuardian's Request is Narrowly Tailored to Serve the Purpose that Requires the Redaction or Sealing.

BCGuardian's request is narrowly tailored to redact or seal information revealing highly-confidential, commercially sensitive, and proprietary details about BCGuardian's anti-piracy processes for monitoring, detecting, and enforcing infringement, including on behalf of Plaintiffs. BCGuardian asks the Court to redact only the limited excerpts on page 4 of the Letter Reply that quote the Statement of Work, and the screenshot of Exhibit 5 on page 8 of the Tomkowiak Decl. BCGuardian also asks the Court to seal four Exhibits that describe and reveal aspects of its anti-piracy processes. As discussed, these excerpts and documents reveal highly-confidential, commercially sensitive, and proprietary information, the disclosure of which would create a substantial risk of significant harm to BCGuardian and Plaintiffs.

BCGuardian respectfully submits this letter response explaining the need to redact or seal portions of the Documents filed by Google.

3

We thank the Court for considering this request.

Respectfully,

/s/ *Lauren Bergelson*

Lauren Bergelson

cc:   All Counsel of Record (via ECF)