

Michele Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

December 3, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Response in Support of Google's Letter Motion to File Redacted and Sealed Documents

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion (Dkt. 336) and specifically seek the Court's approval to redact limited portions of (i) Google's Letter Reply (Dkt. 337) in Support of its Letter Motion for Pre-Motion Discovery Conference (Dkt. 273) (the "Letter Reply"), and (ii) the Declaration of Sarah Tomkowiak filed in Support (Dkt. 338) (the "Tomkowiak Decl."), and to seal Exhibit 1 to the Tomkowiak Decl. (Dkt. 338-1) (collectively, the "Documents").

**I.   Background**

Portions of the Letter Reply and Tomkowiak Decl. and the entirety of one Exhibit attached thereto contain information designated by Plaintiffs as Highly Confidential – Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82). *See* Dkt. 82 ¶¶ 2, 3. The information that Plaintiffs request remain sealed includes sensitive information that sheds light on McGraw Hill's anti-piracy enforcement strategy, non-party BCGuardian's proprietary anti-piracy monitoring work, and specific details and/or excerpts from Plaintiffs' Supplemental Privilege Log dated November 19, 2025 and their September 10, 2025 Privilege Log. The specific details in the privilege logs that Plaintiffs request remain sealed include: the identity of a third party in the general context of logged legal matters, which reveals confidential information about such third party's legal activity; the dates when Plaintiffs withheld documents as work product, as these dates, by their nature, reveal confidential information about Plaintiffs' legal strategy; and filenames for privileged documents through which particular information about Plaintiffs' and the third party's legal activities can be gleaned. Plaintiffs also request that the name of an individual deemed "Protected Personnel" under the Protective Order remain confidential. *See id.* ¶ 28. Plaintiffs conferred with Google about this information on November 25, 2025. Google confirmed by email later that day that it "takes no position on" Plaintiffs' request to redact or seal this material.

## II.    Legal Standard

Plaintiffs' redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Moreover, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). And, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III.   Plaintiffs' Highly Confidential-Attorneys' Eyes Only and Confidential Material Should Be Redacted or Sealed

The material at issue should be redacted or sealed because it discloses confidential and sensitive information about (i) Plaintiff McGraw Hill's confidential anti-piracy enforcement strategy, (ii) the proprietary anti-piracy work of non-party BCGuardian, (iii) Plaintiffs' and a third party's confidential legal activities, and (iv) an individual entitled to enhanced protection. If made public, such information could enable bad actors to take steps to evade detection and further infringe, threaten the privacy interests of non-parties, and expose a particular individual to swatting, doxing, or other targeting actions. In this way, disclosure of this information could create a substantial risk of harm to Plaintiffs, non-party BCGuardian, or another third party.

Specifically, Exhibit 1 to the Tomkowiak Decl. is an email chain (including an excerpt of a detailed spreadsheet) produced by McGraw Hill that reveals highly sensitive information about its enforcement strategy with respect to particular pirate websites. Among other problems, pirates could use this to understand how information regarding their infringements is collected and seek out new, unidentified domain names where they can further infringe.

Based on the entries on the spreadsheet excerpts, Exhibit 1 also reveals information about the proprietary anti-piracy work of non-party BCGuardian, an anti-piracy specialist whose work is reflected in the spreadsheet. Courts in this district have recognized the significance of keeping sensitive business information, like the material at issue here, confidential. *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information," including "proprietary internal analyses,"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record"). This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information" can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

In addition, portions of the Letter Reply and Tomkowiak Decl. include specific descriptions or excerpts of Plaintiffs' privilege logs, which disclose (i) Plaintiffs' and a third party's legal activities, and (ii) an individual entitled to enhanced protection. With respect to (i), cited filenames of withheld documents, details about the dates when Plaintiffs withheld documents in anticipation of litigation, and a reference to another publisher who is not a party to the case disclose confidential information from which one can glean sensitive insights about these parties' legal activities and should not be made public. Indeed, courts in this district have recognized the importance of keeping information in privilege logs confidential. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted in its entirety). Regarding (ii), the Tomkowiak Decl. includes one reference to an individual deemed a Protected Personnel pursuant to the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names [and] email addresses . . . that could be used to identify individual employees . . . involved in the sending, receiving, implementation, and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents).

### IV. Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires the Redaction or Sealing.

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that case law in this district and the Protective Order support keeping confidential. Plaintiffs ask the Court to redact only limited information in the Letter Reply and Tomkowiak Decl. to protect specific descriptions and excerpts from Plaintiffs' logs that disclose sensitive information about Plaintiffs and a third party, as well as the name of an individual entitled to enhanced protection. Plaintiffs also ask the Court to seal Exhibit 1 in its entirety because it reveals highly confidential information as set forth above.

In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter response explaining the need to redact portions of and seal Documents filed by Google.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele Murphy*

Michele Murphy

cc: All Counsel of Record (via ECF)