

Michele Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

December 3, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:    *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: **Plaintiffs' Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents**

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion (Dkt. 344) and specifically seek the Court's approval to redact narrow portions of Google's Letter Reply (Dkt. 345) in Support of its Letter Motion for Pre-Motion Discovery Conference (Dkt. 287) (the "Letter Reply"), and to seal Exhibits C-H (Dkts. 346-3 through 346-8) to the Declaration of Laura E. Bladow (Dkt. 346) filed in support of the Letter Reply (collectively, the "Documents").

## I.    Background

Portions of the Letter Reply and the entirety of six Exhibits attached to the Declaration of Laura E. Bladow contain information designated by Plaintiffs as Highly Confidential – Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82). The information that Plaintiffs request remain sealed includes the highly confidential business information of Plaintiffs Cengage and Macmillan that must not be disclosed to competitors and the confidential Hit Report that Plaintiffs provided to Google. Plaintiffs Cengage and Macmillan designated their business information Highly Confidential-Attorneys' Eyes Only, and Plaintiffs collectively designated the Hit Report Confidential because this information could, if disclosed, "create a substantial risk of [significant] harm to the business, commercial, financial, [or] competitive" interests of Plaintiffs. Dkt. 82 ¶¶ 2, 3. Also included in Plaintiffs' sealing request are the names of Protected Personnel pursuant to Paragraph 28 of the Protective Order. On November 26, 2025, the parties corresponded about the materials, and Plaintiffs requested that they be redacted/sealed. According to Google's Letter Motion (Dkt. 344), Google "takes no position on whether these materials must be sealed."

## II.    Legal Standard

Plaintiffs' redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). In addition, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

### III. Plaintiffs' Highly Confidential-Attorneys' Eyes Only and Confidential Material Should Be Redacted or Sealed.

The material at issue falls into three categories and should be redacted or sealed for the following reasons.

*First*, certain material discloses highly confidential and sensitive business information of Plaintiffs Cengage and Macmillan. In particular, Exhibits D through H to the Bladow Decl. are internal email chains produced by Cengage and Macmillan that reveal competitive insights, specific piracy concerns (which can provide information to bad actors about how to engage in such piracy), advertising and marketing strategy, and revenue information. The Letter Reply describes certain of these Exhibits (as well as two Exhibits to the Declaration of Laura E. Bladow filed in support of Google's Letter Motion for Pre-Motion Discovery Conference (Dkt. 289), Dkts. 289-1 and 289-2, that reveal McGraw Hill's highly confidential and sensitive business information and were filed under seal at Plaintiffs' request). Courts in this district have recognized the significance of keeping sensitive business information, like the material at issue here, confidential, particularly when disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise, Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotations omitted); *see also Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would affect party's competitive position if disclosed); *Farsura v. QC Terme US Corp.*, 2025 WL 267573, at *12 (S.D.N.Y. Jan. 17, 2025) (sealing details of a party's "business strategy"); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information,"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Cengage and Macmillan can demonstrate such a need, as public disclosure of this information would reveal their sensitive business insights and strategies to its competitors and potentially enable competitors and pirates to exploit this information to their detriment.

Accordingly, the disclosure of the material at issue creates a substantial risk of harm to Cengage's and Macmillan's business, commercial, and competitive interests.

*Second*, the material discloses confidential information about the content and nature of Plaintiffs' employees' communications. Specifically, Exhibit C, the Hit Report, provides the number of hits per specific search term, as well as the number of hits per specific search term tied to a particular employee. While details from the Hit Report viewed in isolation are not necessarily concerning, analyzing the Hit Report collectively allows one to glean confidential, sensitive information about the nature and substance of Plaintiffs' and certain of their employees' communications. Courts in this district have allowed redactions to sensitive search terms. *See, e.g.*, *Nielson Consumer LLC v. Circana Group, L.P.*, 2024 WL 3887152, at *5 (S.D.N.Y. Aug. 20, 2024) (maintaining redactions over "sensitive search terms" in Exhibits attached to letter requesting discovery conference).

 *Third*, the material discloses the names of individuals deemed Protected Personnel pursuant to Paragraph 28 of the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names, . . . that could be used to identify individual employees . . . involved in the sending, receiving, implementation and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents). The Letter Reply includes two references to Protected Personnel and thus warrants redactions.

## IV.    Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires the Redaction or Sealing.

Plaintiffs' request is narrowly tailored to protect highly confidential and sensitive information that case law in this district and the Protective Order support keeping confidential. Plaintiffs ask the Court to redact only specific information in the Letter Reply to protect Plaintiffs' highly confidential and sensitive information and individuals entitled to enhanced protection. In particular, Plaintiffs request redactions to descriptions of Plaintiffs' Highly Confidential-Attorneys' Eyes Only documents and to the names of Protected Personnel. Plaintiffs also ask the Court to seal Exhibits C-H in their entirety because they reveal confidential or highly confidential and commercially sensitive information throughout. As discussed, disclosure of the material at issue creates a substantial risk of harm to Plaintiffs.

In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter response explaining the need to redact portions of and seal Documents filed by Google.

We thank the Court for considering this request.

Respectfully,

*/s/ Michele Murphy*

Michele Murphy

cc:    All Counsel of Record (via ECF)