

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

December 5, 2025

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

   Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
     Plaintiffs' Motion to Finalize the Court's Prior Order re Delisting Dates

[Redacted]

Dear Judge Moses:

  We represent all Plaintiffs in this matter. This Court previously ordered Google to produce certain documents by November 13, 2025, or else be precluded from relying on such documents. Dkt. 221 ¶ (c). Google produced only one document by the Court's deadline, and that document is incomplete. Plaintiffs therefore seek to enter the preclusion order the Court previously contemplated.

  In response to Plaintiffs' motion to compel (Dkt. 185 at 8–9), the Court provided Google until November 13 to produce any documents or data in its possession concerning the date on which Google claims to have removed an ad (which Google claims to do by delisting the landing page URL) initiated by one of the pirates Plaintiffs identified as infringing the works-in-suit. After that date, Google would be precluded from relying on any such documents. Specifically, the Order states:

> Section III. Delisting Dates: If Google possesses documents or data sufficient to identify the date on which it delisted each of the challenged domains [("Delisting Date(s)")], it must produce those documents or that data no later than November 13, 2025. Google will be precluded, thereafter, from introducing or relying upon any newly-identified or newly-produced documents or data for that purpose.

Dkt. 221 ¶ (c). Between the Order 15 Order and the November 13 deadline, Google produced just one document concerning Delisting Dates: GOOG-CENG-00441970 (the "441970 Spreadsheet"). This document appears materially to be incomplete. It contains less than ▮▮▮▮ URLs, whereas another Google source claims Google removed more than ▮▮▮▮ URLs from the 1,239 domains Plaintiffs identified (but does not identify Delisting Dates).[1] And, for many of the URLs that the

---

[1] GOOG-CENG-00380265, GOOG-CENG-00380266, GOOG-CENG-00380267, GOOG-CENG-00380268, GOOG-CENG-00392939, GOOG-CENG-00392940, GOOG-CENG-00403539, GOOG-CENG-00403540, GOOG-CENG-00403541, GOOG-CENG-00403542, GOOG-CENG-00403543, GOOG-CENG-00403544, GOOG-CENG-00403545, GOOG-CENG-00404296.

Hon. Barbara Moses
December 5, 2025
Page 2 of 2

441970 Spreadsheet does reference, Google's spreadsheet lists the URL as ███████████████████████████████████████████████.

Accordingly, Plaintiffs ask the Court to enter an order stating that Google is precluded from introducing or relying on any documents or data beyond the 441970 Spreadsheet to establish the date that it delisted ads for the pirates Plaintiffs identified. Correspondingly, Google should be precluded from introducing testimony concerning Delisting Dates, other than as contained in the 441970 Spreadsheet.

Plaintiffs likewise request that the Court include one additional clarification. During a meet-and-confer,[2] Google indicated that it may attempt to introduce testimony concerning Google's process and timing for accomplishing delistings generally. Plaintiffs are concerned that Google intends to use that testimony to suggest what is the Delisting Date of ads for the pirates Plaintiffs identified. Plaintiffs therefore ask the Court to make clear that to the extent Google wishes to produce documents concerning its process for accomplishing delistings generally (i.e. not limited to the merchants Plaintiffs identified as infringing Plaintiffs' works), including the timing of such delistings, such documents are due on January 6, 2026, per Dkt. 222 ¶ 1(a). To the extent Google attempts to introduce testimony concerning delistings outside that which has been precluded, the Court can decide at that time (upon a proper motion) whether that testimony is appropriate.

Respectfully submitted,

/s/ Jeff Kane
Jeff Kane

---

[2] The meet-and-confer took place on December 2, 2025 and lasted fifteen minutes. The participants were: Jeff Kane and Uriel Lee (Plaintiffs' counsel), and Sara Sampoli and Sarah Tomkowiak (Google's counsel).