Sarah A. Tomkowiak
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

December 5, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

      Re:    *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
             <u>Google's Reply in Support of Google's Letter Motion for Leave to File Short Sur-Reply re: Dkt. 324 (Dkt. 350)</u>

Dear Judge Moses:

      Google submits this letter reply in support of its Letter Motion for Leave to File Short Sur-Reply re: Dkt. 324 (the "Request").

      Plaintiffs' Response, *see* Dkt. 363, does not seriously contest the basis for Google's Request—that Plaintiffs' two-page Reply in support of Plaintiffs' Letter Motion to Submit a Declaration for *In Camera Review*, Dkt. 312 ("Plaintiffs' Reply"), raised new arguments that Plaintiffs failed to include in their original one-paragraph Letter Motion, *see* Dkt. 312. Plaintiffs also do not dispute that Google's Request explicitly referenced the fact that Plaintiffs had "improperly raised new arguments" in their Reply. Dkt. 350. And Plaintiffs do not dispute that the Request cites and attaches Exhibit A, Dkt. 350-1, which specifically identifies the improperly-raised contentions, including that "*in camera* review 'in cases involving claims of privilege' is generally proper" and other mischaracterizations of Google's challenge to Plaintiffs' privilege assertions. Dkt. 350-1 at 1-2. Plaintiffs attempt to recast their waived arguments as "a response" to Google's submission that *in camera* review of declarations relating to privilege disputes is limited to circumstances in which government actors require secrecy. Dkt. 363 at 2. But their Reply does not mention government actors at all or engage with Google's substantive argument, undercutting that assertion.

      At bottom, Plaintiffs ask the Court to (i) condone their decision to submit a perfunctory request for extraordinary relief and save their supporting arguments for their reply brief; and (ii) deny Google the opportunity to respond to those arguments. Courts permit sur-replies in exactly these situations. Otherwise, "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *DT v. Somers Cent. Sch. Dist.*, 2009 WL 10706891, at *2 (S.D.N.Y. Feb. 11, 2009), *aff'd*, 348 F. App'x 697 (2d Cir. 2009). Basic fairness supports allowing Google to file its brief sur-reply to address Plaintiffs' procedural gamesmanship.

LATHAM&WATKINS LLP

                                          Respectfully submitted,

                                          */s/ Sarah A. Tomkowiak*
                                          Sarah A. Tomkowiak (*pro hac vice*)
                                          of LATHAM & WATKINS LLP

cc:      All Counsel of Record (via ECF)