IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | Case No. 1:24-cv-04274-JLR-BCM |

## ATTORNEY DECLARATION OF LAURA E. BLADOW

I, Laura E. Bladow, declare that:

1. I am an associate at the law firm Latham & Watkins LLP, counsel for Google LLC ("Google") in this matter.

2. I submit this declaration in support of Google's Letter Motion for Pre-Motion Discovery Conference Regarding Google's Requests for Production and Plaintiffs' Withheld Documents.

***Google's First Requests for Production***

3. On September 18, 2024, Google served 83 Requests for Production ("RFPs") on each Plaintiff. Google received responses and objections from Plaintiffs Cengage Learning, Inc. ("Cengage"); Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning ("Macmillan Learning"); Macmillan Holdings, LLC ("Macmillan Holdings"); Elsevier Inc. ("Elsevier"); Elsevier B.V.; and McGraw Hill LLC ("McGraw Hill") on October 18, 2024.

4. Below is the text of RFPs 16-20 and 81-83:

    a.    RFP 16: All Documents and Communications Concerning Your efforts to enforce Your asserted copyright interests in each of the Asserted Works, Including enforcement of any of the specific exclusive rights identified in 17 U.S.C. § 106.

    b.    RFP 17: All Documents and Communications between You and any other Person Concerning Google's DMCA policies or procedures.

    c.    RFP 18: All Documents and Communications Concerning any notices or notifications of claimed infringement of one or more of the Asserted Copyrights sent by You to Google or the designated agent of Google pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, Including Communications discussing any actions or inactions taken by Google.

    d.    RFP 19: All Documents and Communications Concerning any notices or notifications of claimed infringement of one or more of the Asserted Copyrights sent by any Plaintiff to any Third Party, pursuant to the DMCA, 17 U.S.C. § 512, Including the notices themselves.

    e.    RFP 20: All Documents and Communications Concerning any investigations, analyses, research, audits, reviews, or conclusions performed by BCGuardian Regarding any potential or actual infringement of one or more of the Asserted Copyrights or Asserted Trademarks, Including any notices of infringement drafted, revised, or sent by BCGuardian to Google, its designated agent, or any Third Party on Your behalf pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

    f.    RFP 81: All Documents and Communications sufficient to show the methodology by which You identified infringing Shopping Ads on Google Shopping.

    g.    RFP 82: All Documents and Communications sufficient to show the methodology by which You prepared and delivered notifications for claimed infringement to Google under the DMCA.

    h.    RFP 83: All Documents and Communications sufficient to show the methodology by which You tracked the number of notices sent to each Unauthorized Seller.

5.    Each Plaintiff provided substantially the same responses and objections to Google's RFPs. Below, as an example, are Cengage's responses and objections to the above RFPs:

    a.    RFP 16

        i.    Objections: Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly

2

      burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff in the course of enforcing its copyrights pursuant to litigation and non-litigation efforts in which it engages, and there is no limitation in time or scope. No reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. This case is about Google's and the Infringing Merchants' infringement of Plaintiff's copyrights; not Plaintiff's efforts to enforce its rights against other, uninvolved parties. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request because some of the information it seeks is publicly available. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and/or anti-piracy privilege.

    ii. Response: Subject to and without waiving the foregoing objections, Plaintiff will produce (i) notices of infringement that it or a third party acting on Plaintiff's behalf sent to Google concerning Shopping Ads and communications between Plaintiff or a third party acting on Plaintiff's behalf and Google regarding those notices; (ii) notices of infringement that Plaintiff or a third party acting on Plaintiff's behalf sent to Infringing Merchants and communications between Plaintiff or a third party acting on Plaintiff's behalf and Infringing Merchants regarding those notices, if any; (iii) the Complaints, Temporary Restraining Orders, Preliminary Injunctions, and Permanent Injunctions in the lawsuits referenced in Paragraphs 114–118 of the Amended Complaint; (iv) the Infringing Merchants' responses in connection with the foregoing lawsuits, if any; and (v) any communications between Plaintiff and Google concerning the foregoing lawsuits. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

  b. RFP 17

    i. Objections: Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Communications between Plaintiff and someone other than Google or an Infringing Merchant regarding Google's DMCA policies or procedures would have no bearing on this case. Further, by seeking "[a]ll Documents and Communications," no reasonable search for the requested information could be conducted, and even attempting

3

        to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. Plaintiff further objects to this request because it seeks information already in the possession of Google. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

    ii. Response: Subject to and without waiving the foregoing objections, Plaintiff will produce (i) notices of infringement that it or a third party acting on Plaintiff's behalf sent to Google concerning Shopping Ads and communications between Plaintiff or a third party acting on Plaintiff's behalf and Google regarding those notices; (ii) notices of infringement that Plaintiff or a third party acting on Plaintiff's behalf sent to Infringing Merchants and communications between Plaintiff or a third party acting on Plaintiff's behalf and Infringing Merchants regarding those notices. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

c. RFP 18

    i. Objections: Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff or its authorized representative concerning the tens of thousands of notices of infringement that it has had send to Google, and there is no limitation in time or scope. The request also can be interpreted to seek documents concerning notices of infringement that Plaintiff sent to Google Search, but this litigation relates to Google Shopping. Plaintiff further objects to this request because it seeks information already in the possession of Google. Plaintiff further objects to this request as unreasonably duplicative of other requests. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, the common interest privilege, or the attorney work product doctrine.

    ii. Response: Subject to and without waiving the foregoing objections, Plaintiff will produce (i) notices of infringement that it or a third party acting on Plaintiff's behalf sent to Google concerning Shopping Ads and communications between Plaintiff or a third party acting on Plaintiff's behalf and Google regarding those notices; (ii) notices of infringement that Plaintiff or a third party acting on Plaintiff's behalf sent to Infringing Merchants and communications between Plaintiff or

        a third party acting on Plaintiff's behalf and Infringing Merchants regarding those notices. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

    d.    RFP 19

        i.    Objections: Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek nearly every document ever created and/or received by Plaintiff in sending notices of infringement regarding the Asserted Copyrights to platforms, websites (other than Google), intermediaries, and individuals, and there is no limitation in time or scope. Plaintiff is a large publishing company that publishes many copyrighted works per year, Google has infringed many such works, and Plaintiff sends many thousands of infringement notices per year, as piracy is rampant. Thus, no reasonable search for the requested information could be conducted, and even attempting to do so would take an enormous amount of time and resources and yield a plethora of irrelevant information. Documents and communications concerning notices to persons or entities other than Google and the Infringing Merchants are not at issue in this case; rather, this case is about Google and the Infringing Merchants' infringement of those rights. Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

        ii.    Response: Subject to and without waiving the foregoing objections, Plaintiff will produce (i) notices of infringement that it or a third party acting on Plaintiff's behalf sent to Google concerning Shopping Ads and communications between Plaintiff or a third party acting on Plaintiff's behalf and Google regarding those notices; (ii) notices of infringement that Plaintiff or a third party acting on Plaintiff's behalf sent to Infringing Merchants and communications between Plaintiff or a third party acting on Plaintiff's behalf and Infringing Merchants regarding those notices. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

    e.    RFP 20

        i.    Objections: Plaintiff objects to this request for "[a]ll Documents and Communications . . ." on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case,

5

  and it seeks information that is not relevant to the claims or defenses in the litigation. The request can be interpreted to seek a vast array of documents unrelated to Google, which have no relevance to, or bearing upon, this litigation. The request also can be interpreted to seek documents concerning Google Search, but this litigation relates to Google Shopping. Plaintiff further objects to the request on the grounds that it is vague and ambiguous regarding the terms "investigations," "analyses," "research," "audits," "reviews," and "conclusions." Plaintiff further objects to this request to the extent that it seeks documents or communications protected by the attorney-client privilege, the common interest privilege, or the attorney work product doctrine.

  ii. Response: Subject to and without waiving the foregoing objections, Plaintiff will produce (i) notices of infringement that BCGuardian, acting on Plaintiff's behalf, sent to Google concerning Shopping Ads and communications between BCGuardian and Google regarding those notices; (ii) notices of infringement that BCGuardian, acting on Plaintiff's behalf, sent to Infringing Merchants and, to the extent they exist and can be located after a reasonable search, communications between BCGuardian and Infringing Merchants regarding those notices; and (iii) non-privileged data concerning the foregoing notices. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time.

f. RFP 81

  i. Objections: Plaintiff objects to this request for "[a]ll Documents and Communications" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request because documents showing Plaintiff's "methodology," to the extent they exist, are protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

  ii. Response: Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to its response to Request No. 20. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in response to only this request at this time.

g. RFP 82

  i. Objections: Plaintiff objects to this request for "[a]ll Documents and Communications" on the grounds that it is overly broad, unduly

6

        burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request because documents showing Plaintiff's "methodology," to the extent they exist, are protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

    ii. Response: Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to its response to Request No. 20. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in response to only this request at this time.

h. RFP 83

    i. Objections: Plaintiff objects to this request for "[a]ll Documents and Communications" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and it seeks information that is not relevant to the claims or defenses in the litigation. Plaintiff further objects to this request to the extent that information it seeks is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request because documents showing Plaintiff's "methodology," to the extent they exist, are protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges and protections.

    ii. Response: Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to its response to Request No. 20. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in response to only this request at this time.

6. On January 21, 2025, my colleague, Holly Victorson, sent Plaintiffs' counsel a letter stating the following: "In our October 24, 2024 email and during our October 31, 2024 conferral, Google explained that RFPs 16–20 and 81–83 call for, and Google seeks, a broader scope of documents than Plaintiffs agreed to in their responses, including at least the following categories of information concerning Plaintiffs' enforcement efforts[.]" The fourth category she listed was "documents and communications reflecting the strategy and/or effectiveness of Plaintiffs' DMCA enforcement efforts." The fifth category she listed was "documents reflecting

studies or research concerning infringement of Plaintiffs' Asserted Works and Plaintiffs' works generally."

7. On January 29, I received a responding letter from Plaintiffs' counsel, Kevin Lindsey stating, "Plaintiffs agree to produce non-privileged documents reflecting the nine 'enforcement' topics referenced in your letter to the extent they relate to enforcement on Google Shopping (i.e., paid ads and free listings). As with other documents that Plaintiffs are agreeing to produce, Plaintiffs will produce these documents to the extent they exist and are in Plaintiffs' custody, possession, or control, have been maintained in the ordinary course of business, and can be located after a reasonable search." I responded via letter to Mr. Lindsey on February 18, 2025, acknowledging, "Plaintiffs have agreed to produce documents responsive to the following categories as limited to enforcement on Google Shopping."

8. I am familiar with Plaintiffs' document productions. No Plaintiff has produced documents responsive to the fourth category. Cengage is the only Plaintiff who has produced any documents responsive to the fifth category.

***Plaintiffs' Fifth Privilege Log***

9. I am familiar with Plaintiffs' fifth privilege log ("Fifth Log"), which is in the record at Dkt. 305-1.

10. The Fifth Log contains a column titled ▓▓▓▓▓▓▓▓ I have reviewed this column and observed that it asserts either ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ or ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for each document.

11. I identified all documents for which Plaintiffs only assert a privilege type of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ There are approximately 164 documents meeting this criteria contained in Rows 488, 519-562, 572, 579, 586-588, 590-623, 654, 658-690, 692-693, 695-700,

704, 760-761, 772, 777-782, 800-802, 875-876, 878-883, 894-896, 972, 1050-1052, 1251, 1259, 1262, 1434 - 1440.

12. I have reviewed the ▮▮▮▮ column and ▮▮▮▮ column for these 164 documents.

   a. Approximately 8 documents have a ▮▮▮▮ containing the phrase, ▮▮▮▮ in Rows 555-562.

   b. Approximately 35 documents have a ▮▮▮▮ containing the word ▮▮▮▮ in Rows 654-674, 677, 679, 682-690, 692-693, 777-782, 972, 1051-1052, 1251, and approximately 23 of those documents have a ▮▮▮▮ containing the phrase, ▮▮▮▮ in Rows 665-674, 677, 679, 682-690, 692-693.

   c. Approximately 3 documents have a ▮▮▮▮ containing the phrase, ▮▮▮▮ in Rows 520, 523, 534.

   d. Approximately 3 documents have a ▮▮▮▮ containing the phrase, ▮▮▮▮ in Rows 521, 524, 535.

13. I identified all documents for which Plaintiffs assert ▮▮▮▮ ▮▮▮▮ There are approximately 1,975 documents meeting this criteria contained in Rows 1-487, 489-518, 563-571, 573-578, 580-585, 589, 624-653, 655-657, 691, 694, 701-703, 705-759, 762-771, 773-776, 783-799, 803-874, 877, 884-893, 897-971, 973-1049, 1053-1250, 1252-1258, 1260-1261, 1263-1433, 1441-1466, 1468-1920, 1923-2142.

   a. Approximately 413 have a ▮▮▮▮ containing the phrase, ▮▮▮▮ and also reflect ▮▮▮▮ or ▮▮▮▮ in the ▮▮▮▮ column. Documents meeting this criteria are found in Rows 11, 13, 15, 17, 19, 21, 23, 25, 56, 58, 95, 97, 117, 119, 139, 141, 178, 180-184, 196, 208, 220, 232-236, 246, 256, 266, 276, 281, 286, 291, 300, 302, 304, 306, 308-311, 313, 315, 317, 319, 321, 323, 325, 327, 329, 331, 333, 335, 337, 339, 341, 343, 345, 347, 349, 351-353, 360, 362, 364, 366, 368-369, 371-375, 377, 379, 381, 383, 385, 396, 398, 400, 402, 404, 406, 408, 410, 412, 414, 416, 418, 420, 422, 424, 426, 428, 430, 432, 434-441, 443, 445, 447, 449, 451, 453, 455, 457, 459, 461, 463, 465, 468, 470, 472, 474, 476, 484, 485, 511, 1389, 1444, 1446, 1448, 1450, 1456, 1468, 1481, 1483, 1490-1491, 1493, 1512, 1514, 1524, 1541, 1543, 1545, 1547-1548, 1550, 1552, 1554, 1556, 1558, 1560, 1562, 1564, 1566, 1568, 1570, 1572, 1574, 1576, 1578, 1580, 1583, 1586, 1588, 1590, 1592, 1594, 1596, 1598,

  1600, 1602, 1604, 1606, 1608, 1610, 1612, 1614, 1616, 1618, 1620, 1622, 1624, 1626-1630, 1632, 1634, 1637, 1640, 1643, 1645, 1647, 1649, 1659, 1661, 1663, 1665-1671, 1673, 1675, 1677, 1679, 1681, 1683, 1685, 1687, 1689, 1691, 1693, 1695, 1697, 1699, 1701, 1703, 1705, 1707, 1709, 1711, 1713, 1715, 1717, 1722-1724, 1726, 1728, 1730, 1732-1736, 1738, 1740, 1742, 1744, 1746, 1748, 1750, 1752, 1754, 1756, 1758, 1760, 1762, 1764, 1766, 1768, 1770, 1772, 1774-1783, 1785, 1787, 1789, 1791, 1793-1797, 1799, 1801, 1803, 1813, 1815, 1817, 1819, 1823, 1825, 1827, 1829, 1831, 1833, 1835, 1837, 1839, 1841, 1843, 1845, 1847, 1849, 1851, 1853, 1855, 1857, 1859, 1861, 1863, 1865, 1867, 1869, 1871, 1873, 1875, 1877, 1879, 1885, 1891, 1897, 1903, 1907, 1911, 1915, 1923, 1929, 1935, 1941, 1947, 1949, 1951, 1953, 1955, 1958, 1961, 1964, 1967, 1969, 1971, 1973, 1975, 1976, 1979, 1982, 1985, 1988, 1992, 1996, 2000, 2004, 2006, 2008, 2010, 2012, 2014, 2017, 2020, 2023, 2025, 2028, 2031, 2034, 2036, 2038, 2040, 2042, 2044, 2046, 2048, 2050, 2052, 2054, 2056, 2058, 2060, 2062, 2064, 2066, 2068, 2070, 2072, 2074, 2076, 2078, 2080, 2082-2084, 2093, 2095, 2097, 2099, 2101, 2103, 2105, 2107, 2109, 2111, 2113, 2115, 2117, 2119, 2121, 2123, 2125, 2127, 2129, 2131, 2133, 2135, 2137, 2139, 2141.

b. Approximately 270 have a ▮▮▮▮ containing the phrase, ▮▮▮▮ and also reflect ▮▮▮ in the ▮▮▮▮ column. Documents meeting this criteria are found in Rows 478, 482, 486, 489, 491-494, 497, 500, 502-506, 509, 512-515, 518, 639, 646-650, 652, 701, 747-751, 755, 775, 785-799, 877, 888-890, 897-933, 954-955, 990, 997, 1004, 1011-1013, 1017, 1023, 1029, 1035, 1049, 1053-1058, 1061, 1064, 1067, 1070-1071, 1074-1080, 1099-1110, 1113-1121, 1124, 1126-1127, 1130, 1133, 1136, 1139, 1154-1155, 1170, 1175, 1180, 1185, 1190-1193, 1196, 1199, 1202, 1205, 1208-1213, 1216, 1219, 1222, 1225-1226, 1229, 1232, 1235, 1238, 1241, 1244, 1247-1250, 1253, 1255, 1257, 1260-1261, 1263-1267, 1271, 1275, 1279, 1283, 1287-1294, 1299, 1302, 1305, 1308, 1311, 1314, 1316, 1318-1320, 1338-1345, 1355-1374, 1392, 1395, 1398, 1401, 1404, 1405, 1407, 1441-1443, 1472, 1474, 1485, 1487, 1494-1499, 1527, 1529-1530, 1651.

c. Approximately 754 documents reflect a ▮▮▮▮ of ▮▮▮ or ▮▮▮ and a "▮▮▮▮" containing the phrase "▮▮▮▮" "▮▮▮▮" "▮▮▮▮" or containing the name of an alleged pirate site. Documents meeting this criteria are found in Rows 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28-30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50-55, 57, 59, 61-63, 65, 67, 69, 71, 73, 75, 77, 79, 81, 83, 85, 87, 89, 91, 93, 96, 98, 100-116, 118, 120, 123-138, 140, 142, 144-146, 148, 150, 152, 154, 156, 158, 160, 162, 164, 166, 168, 170, 172, 174, 176, 179, 185-195, 197-207, 209-219, 221-231, 237, 239-245, 247-255, 257-265, 267, 269-275, 277-280, 282-285, 287-290, 292, 294, 296, 298, 301, 303, 305, 307, 312, 314, 316, 318, 320, 322, 324, 326, 328, 330, 332, 334, 336, 338, 340, 342, 344, 346, 348, 350, 361, 363, 365, 367, 370, 376, 378, 380, 382, 384, 386, 397, 399, 401, 403, 405, 407, 409, 411, 413, 415, 417, 419, 421, 423, 425, 427, 429, 431, 433, 442, 444, 446, 448, 450, 452, 454, 456, 458, 460,

        462, 464, 466-467, 469, 471, 473, 475, 477, 758-759, 763, 804, 806, 808, 847, 935, 937, 939, 945, 947, 949, 951, 953, 957, 959, 961, 963, 965, 967, 975, 977, 979-981, 983, 985, 987, 989, 1059-1060, 1062-1063, 1065-1066, 1068-1069, 1072-1073, 1085, 1111-1112, 1122-1123, 1128-1129, 1131-1132, 1134-1135, 1137-1138, 1141-1146, 1148-1153, 1156-1157, 1159-1164, 1167-1169, 1172-1174, 1177-1179, 1182-1184, 1187-1189, 1194-1195, 1197-1198, 1200-1201, 1203-1204, 1206-1207, 1214-1215, 1217-1218, 1220-1221, 1223-1224, 1227-1228, 1230-1231, 1233-1234, 1236-1237, 1239-1240, 1242-1243, 1245-1246, 1269-1270, 1272-1273, 1276-1277, 1280-1281, 1284-1285, 1297-1298, 1300-1301, 1303-1304, 1306-1307, 1309-1310, 1312-1313, 1315, 1317, 1377, 1379, 1381, 1383, 1385, 1387, 1390, 1394, 1396, 1399, 1402, 1413, 1417, 1421, 1433, 1445, 1447, 1449, 1451, 1455, 1469, 1482, 1489, 1492, 1513, 1515, 1525, 1528, 1542, 1544, 1546, 1549, 1551, 1553, 1555, 1557, 1559, 1561, 1563, 1565, 1567, 1569, 1571, 1573, 1575, 1577, 1579, 1581-1582, 1584-1585, 1587, 1589, 1591, 1593, 1595, 1597, 1599, 1601, 1603, 1605, 1607, 1609, 1611, 1613, 1615, 1617, 1619, 1621, 1623, 1625, 1631, 1633, 1635-1636, 1638-1639, 1641-1642, 1644, 1646, 1648, 1650, 1660, 1662, 1664, 1672, 1674, 1676, 1678, 1680, 1682, 1684, 1686, 1688, 1690, 1692, 1694, 1696, 1698, 1700, 1702, 1704, 1706, 1708, 1710, 1712, 1714, 1716, 1718, 1720, 1725, 1727, 1729, 1731, 1737, 1739, 1741, 1743, 1745, 1747, 1749, 1751, 1753, 1755, 1757, 1759, 1761, 1763, 1765, 1767, 1769, 1771, 1773, 1784, 1786, 1788, 1790, 1792, 1798, 1800, 1802, 1804, 1814, 1816, 1818, 1820, 1824, 1826, 1828, 1830, 1832, 1834, 1836, 1838, 1840, 1842, 1844, 1846, 1848, 1850, 1852, 1854, 1856, 1858, 1860, 1862, 1864, 1866, 1868, 1870, 1872, 1874, 1876, 1878, 1880, 1881-1884, 1886-1890, 1892-1896, 1898-1902, 1904-1906, 1908-1910, 1912-1914, 1916-1918, 1924-1928, 1930-1934, 1936-1940, 1942-1946, 1948, 1950, 1952, 1954, 1956-1957, 1959-1960, 1962-1963, 1965-1966, 1968, 1970, 1972, 1974, 1977-1978, 1980-1981, 1983-1984, 1986-1987, 1989-1991, 1993-1995, 1997-1999, 2001-2003, 2005, 2007, 2009, 2011, 2013, 2015-2016, 2018-2019, 2021-2022, 2024, 2026-2027, 2029-2030, 2032-2033, 2035, 2037, 2039, 2041, 2043, 2045, 2047, 2049, 2051, 2053, 2055, 2057, 2059, 2061, 2063, 2065, 2067, 2069, 2071, 2073, 2075, 2077, 2079, 2081, 2086, 2088, 2090, 2092, 2094, 2096, 2098, 2100, 2102, 2104, 2106, 2108, 2110, 2112, 2114, 2116, 2118, 2120, 2122, 2124, 2126, 2128, 2130, 2132, 2134, 2136, 2138, 2140, 2142.

d. Approximately 25 documents have a "▮▮▮▮▮▮▮▮" containing the phrase "▮▮▮▮▮▮," "▮▮▮▮▮," "▮▮▮▮▮▮▮▮" or "▮▮▮▮." Documents meeting this criteria are found in Rows 354, 356, 358, 387-395, 490, 637, 638, 656, 657, 756, 1125, 1253-1258.

e. Approximately six documents have a "▮▮▮▮▮▮▮▮" containing the phrase "▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Documents meeting this criteria are found in Rows 640-644 and 651.

    f.    Approximately 153 documents have a "███████████" identifying the document as a communication with BCGuardian or a document prepared by BCGuardian and reflect a ███████ of ███████████████████████████ I have reviewed the "███████" of these documents and observed that it includes documents containing the phrases "███████████████████████," "███████████████" and "███████████████████████." Documents meeting this criteria are found in Rows 11, 13, 15, 355, 357, 359, 511, 520-521, 523-524, 534-535, 705-706, 710-712, 721-724, 736-738, 803, 805, 807, 824-826, 846, 848, 866, 873-874, 884-885, 934, 936, 938, 940-943, 946, 948, 950, 952, 956, 958, 960, 962, 964, 966, 974, 976, 978, 982, 984, 986, 988, 1040, 1042, 1044, 1046-1048, 1081-1084, 1086-1098, 1252, 1274, 1278, 1282, 1286, 1321-1328, 1330, 1332-1336, 1347, 1349, 1352, 1410-1412, 1414-1416, 1418-1420, 1422-1432, 1454, 1516-1521, 1523, 1531-1540, 1805-1810, 1812, 1822.

14.    I have reviewed Plaintiffs' and BCGuardian's productions and observed that they include certain spreadsheets reporting infringing domains. *E.g.*, BCG-Google00002605. I observed that each row of these spreadsheets includes ███████████████████████████████████████████████████████████████████████████████████████████. I observed that entire rows on this spreadsheet are redacted for privilege.

15.    On December 4, I participated in a meet and confer with Plaintiffs' counsel, including Ms. Murphy and Danae Tinelli regarding Google's position that Plaintiffs were improperly withholding documents on privilege and work product grounds. Prior to the meet and confer, I identified the same categories of documents found in paragraphs 12 and 13(a)-(c) above. During the meet and confer, and in response to a question from Ms. Tinelli, I confirmed that Google was challenging the majority of documents on Plaintiffs' log.

***Plaintiffs' Claw Back***

16.    On October 2, my colleague Rose Jung sent Counsel for Plaintiffs an email requesting additional custodians and providing a detailed description of why each custodian appeared to be relevant, including by referencing PL0000777840, PL0000777829, andPL0000770171.

17. On November 13, I sent an email to Plaintiffs' counsel identifying certain documents that Plaintiffs had marked as confidential or highly confidential and that Google planned to rely on in connection with the motion filed at Dkt. 287. This included PL0000777840 and PL0000770179.

18. On November 14, I received an email from Michele Murphy, counsel for Plaintiffs, clawing back PL0000777840 and PL0000830296.

19. On November 17, I received an email from Ms. Murphy clawing back PL0000777829 and PL0000777835.

20. On November 26, I sent an email to Plaintiffs' counsel identifying six documents that Plaintiffs had marked as confidential or highly confidential and that Google planned to rely on in connection with its reply in support of the motion filed at Dkt. 287. This included PL0000770171 and PL0000770179.

21. Ms. Murphy responded to my email that same day indicating that Plaintiffs were clawing back PL0000770171 and PL0000770179.

22. Plaintiffs' counsel reproduced PL0000770171 with redactions as PL0000836733. A true and correct copy of PL0000836733 was filed in this case at Dkt. 346-2.

23. Plaintiffs' counsel reproduced PL0000770179 with redactions as PL0000836741. A true and correct copy of PL0000836741 was filed in this case at Dkt. 346-3.

24. Google has complied with its obligations to destroy and cease further use of PL0000777840, PL0000830296, PL0000777829, PL0000777835, PL0000770171, and PL0000770179.

25. On November 28, I sent an email to Plaintiffs' counsel asking, "What is the basis for Plaintiffs' assertion of privilege with respect to PL0000830296, PL0000777840,

13

PL0000777835, and PL0000777829 as well as PL0000770171 and PL0000770179? This includes who the attorney is [sic] who is providing advice in the communication and the subject of that advice."

26. On December 1, Ms. Murphy responded "These documents contain information protected by the attorney-client privilege. The relevant attorney is General Counsel Paul Doda."

27. Based on my review of Paul Doda's publicly accessible LinkedIn profile (https://www.linkedin.com/in/paul-doda-245b428), Mr. Doda is employed by Elsevier.

28. On December 4, I participated in a meet and confer with Plaintiffs' counsel. During the meet and confer, I discussed Google's concerns about Plaintiffs' claw back and noted that Google would be seeking *in camera* review of the clawed back documents.

29. On December 5, I participated in a meet and confer with Plaintiffs' counsel. During the meet and confer, Ms. Murphy clarified that the description she sent on December 1 pertained to Elsevier's clawed back documents.

30. On December 5, Ms. Murphy sent me an email clarifying as follows:

> When we responded to your November 28 email with respect to clawed-back documents, you are correct that we responded as to Elsevier but not Cengage. That was an unintentional oversight on our part given the number of issues in the email that we have been working through.
>
> The Cengage clawed-back documents are PL0000770171 and PL0000770179, which were reproduced as PL0000836733 and PL0000836741, respectively. The redacted portions of the documents contain information protected by attorney-client privilege. The relevant attorneys are Cengage Senior Litigation Counsel, Liza Hays and O+Z attorneys. The privileged information reveals confidential communications with counsel made for the purpose of providing or receiving legal advice with respect to legal matters, though not this case.

14

Executed December 5, 2025, in Fort Collins, Colorado.

_____
Laura E. Bladow