```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/8/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING INC., et al.,

        Plaintiffs,

  -against-

GOOGLE LLC,

        Defendant.

24-CV-4274 (JLR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

In this action, four publishers of textbooks and related educational materials allege that Google LLC (Google) is liable to them for contributory copyright infringement and trademark infringement because Google permits online "pirate" sellers to use the Google Shopping platform to advertise infringing digital copies of Plaintiffs' works. Discovery has been contentious. Not only do the parties disagree about what documents and data should be produced; as explained below, they also disagree about how their discovery disagreements should be briefed. This Order resolves two of those ancillary disputes.

**Background**

On November 14, 2025, Google filed a letter-motion (Def. Mot.) (Dkts. 273, 274)[1] challenging the adequacy of plaintiffs' privilege log and seeking the production of thousands of documents withheld by plaintiffs in reliance on the attorney-client privilege and the work product doctrine. Google argues, among other things, that plaintiffs waived any otherwise-applicable privilege by sharing the challenged documents among themselves and with a non-party publisher, Pearson Education, Inc. (Pearson). Def. Mot. at 1. The four plaintiffs, together with Pearson, are members of a group called the Educational Publishers Enforcement Group (EPEG), which was

---

[1] Google's moving letter, like many of the parties' submissions in this action, was filed in two versions: in redacted form, on the public docket, and in unredacted form, under temporary seal, pending the Court's resolution of its accompanying sealing motion. (Dkt. 272).

formed to combat counterfeiting of educational books and related materials, including through lawsuits such as this one. *Id*. at 2. All five EPEG members are jointly represented by Oppenheim + Zebrak, LLP (O+Z), which also serves as plaintiffs' counsel of record in this action. Nonetheless, Google argues, the "common interest exception to waiver" does not apply here because: (i) "[e]liminating counterfeit goods and reclaiming lost revenue is a significant commercial, not legal, interest" for plaintiffs; (ii) plaintiffs do not jointly own any of the copyrights and trademarks at issue in this action and thus have no "shared legal interest in preventing infringement of each other's intellectual property"; and (iii) even if the four publisher plaintiffs sufficiently share a legal interest in this action, entitling them to invoke the common interest exception, they do not share any comparable legal interest with non-party Pearson, and therefore they have waived privilege as to any document shared with Pearson. *Id*. at 2-3.

The motion has been vigorously briefed. On November 14, 2025, along with its moving letter, Google submitted an attorney declaration attaching two dozen exhibits. (Dkts. 275, 276.) On November 21, 2025, plaintiffs filed an opposition letter-brief (Dkt. 304) supported by the declaration of an O+Z attorney (Dkts. 305, 306) and four additional declarations, from in-house attorneys at the four publisher plaintiffs. (Dkts. 307-310). Plaintiffs also filed a letter requesting leave to submit an additional two-page declaration from an O+Z attorney to provide "facts concerning anticipated litigation that clarify the scope of common legal interest with respect to specific clients." (Dkt. 312.) Plaintiffs ask to submit that declaration *ex parte*, for *in camera* review, "out of an abundance of caution to ensure that Google does not claim that clients of our firm have further waived privilege (which is disputed)[.]" (*Id*.)

On November 23, 2025, Google objected to plaintiffs' request to submit an additional attorney declaration *ex parte*, arguing, among other things, that it would be prejudiced if the Court saw an evidentiary document to which it was unable to respond. (Dkt. 316.) On November 25,

2

2025, plaintiffs filed a reply letter in support of their request to submit the additional declaration *ex parte*, asserting that the document will reflect "confidential information disclosed to O+Z for the sole purpose of requesting and obtaining legal advice." (Dkt. 324.)

On November 26, 2025, Google submitted a reply letter in further support of its November 14, 2025 discovery motion (Dkts. 337, 339), accompanied by another attorney declaration, attaching 13 exhibits. (Dkts. 338, 340.) Then, on December 1, 2025, Google sought leave to file a "short sur-reply" in further opposition to plaintiffs' request for leave to submit an additional attorney declaration *ex parte*, arguing that plaintiffs "improperly raised new arguments" in their reply letter. (Dkt. 350.) The proposed sur-reply was attached. (Dkt. 350-1.) Two days later, plaintiffs filed a letter opposing Google's request for leave to file a sur-reply on the issue of plaintiffs' request for leave to file an additional attorney declaration *ex parte*. (Dkt. 363.) Unsurprisingly, plaintiffs also took the opportunity, in that letter, to respond substantively to Google's proposed sur-reply. Lastly (one can only hope), on December 5, 2025, Google filed a reply in further support of its request for leave to file a sur-reply. (Dkt. 374.)

### **Defendant's Request for Leave to File a Sur-Reply is Denied**

Sur-reply papers are "generally disfavored." *US Airways, Inc. v. Sabre Holdings Corp.*, 2023 WL 2853931, at *4 n.7 (S.D.N.Y. Apr. 10, 2023) (collecting cases), *adopted sub nom. US Airways, Inc. for Am. Airlines, Inc. v. Sabre Holdings Corp.*, 2023 WL 3749995 (S.D.N.Y. June 1, 2023). Among other things, courts do not wish to be placed "in the position of refereeing an endless volley of briefs." *Kapiti v. Kelly*, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) (quoting *Byrom v. Delta Family Care-Disability and Survivorship Plan,* 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004)), *aff'd,* 2008 WL 1882652 (S.D.N.Y. Apr. 28, 2008). The risk of extended satellite litigation is particularly high where, as here, a party seeks leave to file a sur-reply in further opposition to a motion which itself seeks leave to file additional motion papers. In this case,

moreover, it does not appear to this Court that plaintiffs improperly raised new arguments in their reply letter, as Google asserts. Consequently, Google's request to file a sur-reply in further opposition to plaintiffs' request for leave to submit an additional attorney declaration *ex parte* (Dkt. 350) is DENIED. The Court will disregard the proposed sur-reply (Dkt. 350-1), plaintiffs' opposition to the sur-reply request (Dkt. 363) (which functions as a sur-sur reply), and Google's reply in further support of its request to file the proposed sur-reply (Dkt. 374).

### Plaintiffs' Request for Leave to File an *Ex Parte* Declaration is Denied

I now turn to plaintiffs' request for leave to file an additional attorney declaration *ex parte*. Plaintiffs have not established that this is one of the "rare" cases in which "*ex parte, in camera* declarations are accepted outside of the governmental context[.]" *Pearlstein v. BlackBerry Ltd.*, 2019 WL 13525091, at *3 (S.D.N.Y. Sept. 27, 2019) (striking attorney declaration previously submitted for *in camera* review in connection with a privilege dispute). The Court notes, however, that – according to O+Z – plaintiffs seek leave to file the declaration *ex parte* not in order to prevent Google from reading it (for purposes of the pending privilege motion), but "out of an abundance of caution," for fear that if they do provide it to their adversary, Google could "claim that clients of our firm have further waived privilege[.]"

Under the Federal Rules of Evidence, the courts can relieve a party of that concern by "order[ing] that the privilege or protection is not waived by disclosure connected with the litigation pending before the court[.]" Fed. R. Evid. 502(d). For example, in *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 2009 WL 2921302 (S.D.N.Y. Sept. 8, 2009), plaintiffs – facing a motion for spoliation sanctions – sought to submit an attorney declaration *ex parte* because it disclosed certain "communications regarding document preservation and production." *Id*. at 1. The court directed them to provide the declaration to defendants, but instructed defendants that the disclosure "does not result in a waiver of privilege as to these

4

communications," and further instructed them not to "use the information learned . . . as evidence outside this motion." *Id*.

A similar approach is appropriate here. Consequently, plaintiffs' request for leave to file an additional attorney declaration *ex parte* (Dkt. 312) is DENIED, but plaintiffs may, if they wish, serve the document upon Google and file it under seal. Should they do so, the disclosure will not result in a waiver of privilege as to the declaration or its contents, and Google may not use the information it learns from that declaration for any purpose other than its pending motion challenging plaintiffs' privilege log and seeking the production of documents withheld as privileged.

If plaintiffs wish to submit the additional attorney declaration on these terms, they must do so no later than **December 9, 2025**. Google may then submit a response of up to two pages, limited to the facts or issues raised by the new declaration, no later than **December 12, 2025**. That will conclude the briefing on the privilege motion.

## Conclusion

The Clerk of Court is respectfully directed to close the motions at Dkts. 312 and 350.

Dated: New York, New York  
December 8, 2025

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**