

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

December 8, 2025

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

      Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
             Parties' Joint Status Letter

Dear Judge Moses,

Pursuant to Your Honor's Order during the October 14 discovery conference (Dkt. 224, 177:6–18), and in advance of the upcoming December 15, 2025 discovery conference ("Hearing"), counsel for all parties respectfully submit this Joint Status Letter.

I.    **Joint Section**

The discovery motions pending before the Court are identified in the below chart. Associated motions to seal are only included if they are opposed. Dkt. 287 is partially resolved as to Google's request that Cengage add "1–2 digital marketing custodian(s)" based on the parties' agreement.

| Motion | Motion Papers Dkt. Nos. |
|---|---|
| Pls. Nov. 3 Mot. re: Overall DMCA Program **(Dkt. 237)** | Dkt. 237 (Opening), 251 (Opp.), 264 (Reply), (add'l joint letter due Dec. 10) |
| Def. Nov. 14 Mot. re: Privilege Dispute **(Dkt. 273)** | Dkts. 273–77 (Opening), 304–310 (Opp.), 337–41 (Reply) |
| Def. Nov. 18 Mot. re: Custodians **(Dkt. 287)** | Dkts. 287–91 (Opening), 321–22 (Opp.), 345–48 (Reply) |
| Pls. Nov. 19 Mot. re: Buganizer **(Dkt. 295)** | Dkts. 295–96 (Opening), 326–34 (Opp.), 352–54, 357–58 (Reply) |
| Def. Nov. 25 Mot. to Seal (associated with Pls' Dkt. 295 Mot.) **(Dkt. 325)** | Dkts. 325 (Opening), 362 (Opp.), 367 (Reply) |
| Pls' Dec. 5 Mot. re: Delisting Dates **(Dkt. 370)** | Dkts. 370–72 (Opening) |
| Def. Dec. 5 Mot. re: RFPs and Plaintiffs' Withheld Documents **(Dkt. 376)** | Dkts. 376–77 (Opening) |
| Def. Dec. 5 Mot. re: Spoliation **(Dkt. 379)** | Dkts. 379–80 (Opening) |

**II.    Plaintiffs' Section**

Plaintiffs have produced over 430,000 noncustodial individual documents, including nearly 5 million pages and voluminous natively produced documents. Of these, approximately: 284,000 are screenshots of Shopping ads, pirate-site landing pages, and test-purchase documents evidencing Google's and the direct infringements; 146,000 are non-custodial documents including copyright/trademark registrations, ownership documents, communications regarding and notices to Google and the pirate sites, financial records concerning the works-in-suit and author royalties, copies of the authentic works, documents regarding the impact of piracy; and 880 are custodial documents.

Plaintiffs are also in the process of producing more custodial documents. In addition to their twelve original custodians (collectively), Plaintiffs agreed to add eight additional custodians to resolve disputes with Google without motion practice.

Plaintiffs have undertaken extensive review to "identify, by starting Bates number, each screenshot produced by plaintiffs in discovery" to each of the 7,359 works-in-suit pursuant to the Court's Dkt. 217 Order. Plaintiffs have made substantial progress on their review and expect to produce the complete information by the January 6, 2026 deadline.

On the other hand, the Court-Ordered productions Google has made in the months since the October 8 hearing have been underwhelming.

*DMCA Policies*: Plaintiffs discovered that Google had been using the wrong (i.e., not Court-ordered) search-term in searching for documents concerning its prior DMCA policies (Order, Dkt. 217 § 1(e)). Since the October 8th Hearing, this has been second instance that *Plaintiffs* discovered of Google applying incorrect or non-agreed upon search terms.

*Delisting Dates*: Google's production of "delisting dates" is so paltry it is currently the subject of a motion by Plaintiffs (Dkt. 370).

*Beta Program*: Google produced just *two* documents concerning the Beta Program. Both the Court and Google's counsel indicated during the October 14th hearing that the parties further confer on ways to best obtain the relevant documents. Hr'g Tr. 155:1–11. Plaintiffs expect to continue conferring with Google regarding this issue.

*Data Through March 31*: The "offer" data Google produced does not indicate whether each ad listed was actually shown to a Google user; that data is of little use until Google provides the companion "ads" data.

*Additional Custodians and Search-Terms*: Google did not provide a hit report of the documents returned by the additional custodians/search-terms the Court ordered, therefore it is unclear how much progress Google has made in reviewing and producing these documents.

Plaintiffs issued a total of 117 RFPs, and ten interrogatories. The parties continue to confer concerning numerous deficiencies with Google's document productions, at least some of which may result in motion practice. These issues include discovery into additional information concerning infringing merchants (including the information Google used to claim it had "verified" the identity of the pirates, critical information stored in Google databases), Google's policies and procedures regarding the reactivation of suspended merchants, an additional custodian with unique relevant information, data on Google's financial performance, insufficiency of information Google provided in its privilege log, and Google's failure to run an agreed-upon search term. Further, Google needs to reproduce hundreds of documents that have various technical issues. Far from propounding new issues, all of these issues concern prior requests to which Google should have responded by the prior August 15th document production deadline. Further, Plaintiffs' Fifth Set of RFP, served on December 5, all simply finalize what Plaintiffs have already requested in prior RFP.

Plaintiffs have noticed fifteen fact depositions, including two in November and December 2025. Unfortunately, Google refuses to schedule any of the noticed depositions until Plaintiffs issue a complete and *final* 30(b)(6) notice. Google claims that without such a notice, it will not be able to tell which of its fact witnesses also will serve as 30(b)(6) witnesses, and therefore cannot schedule fact depositions. As a potential solution to address both the need to promptly commence fact depositions and the parties' desire for efficiency, Plaintiffs offered to provide Google with a list of anticipated 30(b)(6) topics to facilitate scheduling. But Plaintiffs cannot provide a *final* list of 30(b)(6) topics at this time because there is too much discovery that Google has yet to produce: fifteen custodians, three Google listservs, fourteen search-terms, and important data. Google, however, rejected Plaintiffs' proposed solution and has simply refused to schedule depositions unless Plaintiffs provide a final 30(b)(6) notice.

Plaintiffs' counsel, who also represents two non-party authors in responding to Google's deposition subpoenas, has scheduled depositions for those authors in December.

With respect to the third-party productions of VitalSource, BCGuardian, and Corsearch, these subpoenas have been outstanding since April, July, and August, respectively. VitalSource appears to have completed its production, and Google has identified no basis for needing anything further. BCGuardian substantially completed its production and is producing its privilege log, with any additional documents identified during its privilege review, next week. To the extent there are privilege issues, those likely will be resolved by the two privilege motions Google has already filed. Corsearch's review appears to be underway. Google has identified no basis for extending dates associated with that subpoena.

Plaintiffs made a settlement offer in April 2025. Google has not made a counter-offer. At Google's request, the parties conducted a "settlement discussion" on December 8 (the day this status report was due). Google's counsel stated that it was not authorized by its client to make a settlement offer.

**III.     Defendant's Section**

Google has worked diligently to comply with the Court's October 15 Order (Dkt. 221). However, Plaintiffs have continued to expand upon their document requests (issuing new RFPs on

December 5), though the document production deadline is less than a month away, and threatened to raise numerous new issues with the Court that Plaintiffs first identified within the last few weeks (including those noted above). Google has not flatly refused any of Plaintiffs' requests. Google is working to resolve Plaintiffs' never-ending panoply of alleged "deficiencies" in good faith. If Plaintiffs file additional motions to compel, and are successful, Google will likely need an extension of the existing deadlines to accommodate the production of more documents and data.

**A.  Document Production**

*Parties*

To date, Google has produced 62,074 documents totaling 444,752 pages, as well as 1,908 native files. Google continues to review and produce materials on a rolling basis consistent with the October 15 Order. On November 26, 2025, Google produced documents identified using the new custodians and search terms, with additional productions to come throughout December and early January as it completes collection and review.

Each Plaintiff has produced, on average, just 220 custodial documents, or less than 1,200 pages. Including non-custodial documents, each Plaintiff has produced, on average, 108,466 documents, or 1,275,651 pages. But those figures are inflated by myriad digital copies of the works-in-suit. Excluding those, Plaintiffs' production drops to approximately 94,120 documents, or 209,193 pages, per Plaintiff—less than half of the pages Google has produced—and that is not even subtracting the roughly 71,000 screenshots produced per Plaintiff.

*Third Parties*

Production from Plaintiffs' anti-piracy vendors (Corsearch and BCGuardian) and authorized distributor (VitalSource) remains limited—collectively, these three entities have produced 3,180 documents totaling 7,782 pages. Google subpoenaed VitalSource in April, BCGuardian in July, and Corsearch in early August. These non-parties are aware of the January 6 document production deadline, yet despite Google's repeated follow-ups, the pace of production remains slow at best, uncertain at worst. Corsearch has purportedly collected custodial materials and applied search terms, and it claims that it will make rolling productions. Based on Corsearch's lack of *any* production to date, meeting the January 6 deadline appears unlikely. BCGuardian has supposedly completed its production but appears to have withheld numerous responsive documents as privileged. Google met and conferred with BCGuardian on December 4, and BCGuardian indicated it will serve a privilege log during the week of December 15. Google disputes that these documents are privileged. VitalSource produced a document on December 5, and Google is evaluating whether it resolves Google's request for certain sales reports.

To enable Google to continue working cooperatively with these third parties, Google requests the Court extend the deadline for non-party document productions to January 16 and allow Google to file any associated motions to compel by February 6.

**B.  Depositions**

On November 11, Google noticed six depositions of Plaintiffs' employees and issued subpoenas to four third parties (authors of certain works in suit). Google has scheduled three of

the third-party depositions for December 16, December 19, and January 6, and is coordinating dates with counsel for the fourth.

To date, Plaintiffs have served a deposition subpoena on one former Google employee. Plaintiffs have attempted to notice other current or former Google employees for depositions, including five putative deponents who reside in Ireland, the United Kingdom, and Switzerland. These notices, including the two noticed for November, were improper. As Google notified Plaintiffs, absent Google's voluntary production of witnesses abroad, deposition requests must comply with the laws of the witnesses' home jurisdictions. To promote efficiency, Google offered to voluntarily produce current Google employees who live abroad for depositions, if the parties agree to conduct these depositions in a central location, such as London, in the same week. Google suggested that the parties exchange Rule 30(b)(6) topics to facilitate scheduling and prevent witnesses from having to sit more than once. Plaintiffs refused to do so unless they could add more topics later, defeating the purpose of the exchange. Nevertheless, Google is coordinating with its current US-based employees to identify potential dates for depositions.

**C. Targeted Subject-Matter Updates**

*Historic DMCA Policies*: Google produced seven additional policy documents on November 3, consistent with the Court's Order October 8 (Dkt. 217).

*Delisting Dates*: Consistent with the October 15 Order, Google produced a dataset on November 13 reflecting delisting dates for a sample of offers at issue.

*Beta Program*: Google completed its production of documents responsive to RFPs 92 and 93, as modified by the October 15 Order. On November 30, Google confirmed to Plaintiffs that there were no email blasts or listserv communications.

*Data Through March 31*: Google produced supplemental offer data to Plaintiffs on November 20. Google is collecting and preparing to produce the remainder of the responsive, non-privileged data by January 6.

*Expanded Custodians and Search Terms*: Google added the custodians and search terms as contemplated in the October 8 and October 15 Orders. Google also agreed to add another custodian requested by Plaintiffs and to run targeted search terms on a second additional custodian.

*Additional Domains*. Google is collecting the full suite of account, notice, offer, and ads data for 261 new domains.

**D. Settlement Discussions**

Google remains open to good-faith settlement discussions. On December 8, counsel for the parties conducted a settlement conference.

Hon. Barbara Moses<br>December 8, 2025<br>Page 6 of 6

                                  Respectfully submitted,

| | |
|---|---|
| <u>*/s/ Sarah A. Tomkowiak*</u> | <u>*/s/ Michele H. Murphy*</u> |
| Sarah A. Tomkowiak | Michele H. Murphy |
| Latham & Watkins LLP | OPPENHEIM + ZEBRAK, LLP |
| *Counsel for Google* | *Counsel for Plaintiffs* |