**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM & WATKINS LLP

December 10, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:     *Cengage Learning, Inc. et al v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
        Google's Response to Plaintiffs' Motion to Finalize the Court's Prior Order re Delisting Dates (Dkt. 370)

Dear Judge Moses:

Google submits this response in opposition to Plaintiffs' Motion to Finalize the Court's Prior Order re: Delisting Dates (Dkt. 370) ("Motion").

On August 20, 2025, Plaintiffs moved to compel Google to "disclose the date on which [Google] claims to have taken down ads in response to Plaintiffs' infringement notices." Dkt. 185 at 8. The Court held a discovery conference on October 14, 2025 to address this motion, among others. Following the discovery conference, the Court issued a simple order requiring Google to produce "documents or data sufficient to identify the date on which it delisted each of the challenged domains" (i.e., the dates on which Google delisted ads Plaintiffs identified as infringing Plaintiffs' works) ("Delisting Dates") by November 13, 2025. Dkt. 221 ("Order") at 3. The Court further ordered that "Google will be precluded, thereafter, from introducing or relying upon any newly-identified or newly-produced documents or data for that purpose." *Id.* Plaintiffs now seek to transform that narrow order regarding *documents or data* into an expansive preclusion reaching virtually any *testimony* relating to Delisting Dates. The Court should reject that overreach.

In compliance with the Court's Order, Google produced a spreadsheet on November 13, 2025, GOOG-CENG-00441970, that contained certain relevant Delisting Dates. With Google's November 13 production, this issue should have been closed. The Order is self-executing and clear on its face—Google is now precluded from "introducing or relying upon any newly-identified or newly-produced documents or data for that purpose" (*i.e.*, for the purpose of identifying delisting dates for the challenged domains). *Id.* There is no reason for *another* order.

Nevertheless, and despite the heavy volume of motion practice already before the Court, Plaintiffs insisted they needed to file a separate letter motion to "finalize" the Court's Order. While Google disagreed that a second order was necessary in light of the Order's clear language, to avoid

burdening the Court with another dispute, Google attempted to work with Plaintiffs to craft a joint proposed order that aligned with the four corners of the Court's Order. But Plaintiffs rejected Google's proposal. It is clear Plaintiffs do not actually want to "finalize" the Order following Google's production, but instead, seek to use the occasion to improperly *expand* the Order far beyond what it says (and what the Court contemplated at the October 14 conference).

Plaintiffs now propose that the Court extend the preclusion order to bar Google from "[o]ffering testimony regarding Delisting Dates" that "describes or is based on a review of ***any*** document that was not produced by November 13, 2025." Dkt. 372 (emphasis added). That is not what the Court ordered. The preclusion in the Order was limited to "documents or data" used to "*identify the date* on which [Google] delisted *each of the challenged domains*." Order at 3 (emphases added). The Court's Order imposed no prohibition on ***testimony*** concerning Delisting Dates.[1] Indeed, the Court confirmed as much at the October 14 conference, explaining that the Court was "not contemplating a subject matter preclusion order," Hr'g Tr. 132:7–8, and clarifying that any preclusion would ***not*** extend to testimony concerning Delisting Dates. Hr'g Tr. 132:21–133:3 ("[I]f during the depositions . . . some witness . . . says, well, you know, I worked in this field and I was doing a lot of the delistings myself and my recollection is that I generally got it done within about a week after this other thing happened, no, I'm not going to preclude that."). Plaintiffs' Motion goes much further and could be used to interject burdensome, unnecessary disputes in the future. Plaintiffs' proposal could justify seeking exclusion of any testimony that references, discusses, or provides context about the delisting process in general—even if it does not identify specific dates, even if it is based on personal knowledge, or even if it is based on a document that was produced by the document production deadline that relates to delisting in general, but does not "*identify the date* on which [Google] delisted *each of the challenged domains*." Order at 3. Indeed, Plaintiffs recently served new requests for production regarding, *inter alia*, Google's delisting processes, procedures, policies, guidelines, instructions, and reports, for which Google's responses and objections are due on January 5, 2026 (one day before the current document production deadline). Plaintiffs' suggestion that Google should be precluded from "[o]ffering testimony regarding Delisting Dates" that "describes or is based on a review of ***any*** document that was not produced by November 13, 2025," is illogical and inconsistent with Plaintiffs' own post-Order requests seeking production of documents concerning delisting.

Any "additional clarification" of the Court's Order is unnecessary. The Order is clear and self-executing, and Plaintiffs' speculation "that Google intends to use…testimony to suggest…the Delisting Date of ads for the pirates Plaintiffs identified" is unfounded. Dkt. 370 at 2. Because Plaintiffs' proposed order exceeds the scope of the Court's Order and contradicts the Court's express guidance regarding the same, the Court should deny Plaintiffs' Motion. In the alternative, if the Court believes a clarification is necessary, Google respectfully requests that the Court adopt Google's proposed order, and reject Plaintiffs' attempt to expand the Court's prior Order.

---

[1] To the extent any testimonial preclusion is appropriate at all, it should be co-extensive with the scope of the documentary preclusion and extend only to testimony that purports to "*identify the date* on which [Google] delisted *each of the challenged domains*" based on documents not produced by November 13, 2025. Order at 3. Google's proposed compromise to Plaintiffs stated as much; but Plaintiffs rejected it.

**LATHAM&WATKINS**LLP

                                              Respectfully submitted,

                                              */s/ Sarah A. Tomkowiak*
                                              Sarah A. Tomkowiak (*pro hac vice*)
                                              of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)