

Michele Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

December 10, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 20A
New York, New York 10007

Re:   *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Response in Support of Google's Letter Motion to File Redacted Documents

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion (Dkt. 375) and specifically seek the Court's approval to redact limited portions of (i) Google's Letter Motion for Pre-Motion Discovery Conference Regarding Google's Requests for Production and Plaintiffs' Withheld Documents (Dkt. 376) (the "Letter Motion") and (ii) the Declaration of Laura E. Bladow filed in support (Dkt. 376-1) (the "Bladow Decl."), (collectively, the "Documents").

**I.   Background**

Portions of the Letter Motion and Bladow Decl. contain information designated by Plaintiffs as Highly Confidential – Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82). *See* Dkt. 82 ¶¶ 2, 3. The information that Plaintiffs request remain sealed includes sensitive information that sheds light on Plaintiffs' anti-piracy enforcement strategy and non-party BCGuardian's proprietary anti-piracy monitoring work, as well as specific details and/or excerpts from Plaintiffs' Supplemental Privilege Log dated November 19, 2025, which Plaintiffs' previously requested be sealed in its entirety (Dkt. 303). The specific details in the privilege log that Plaintiffs request remain sealed here include the filenames for privileged documents through which particular information about Plaintiffs' confidential legal activities, and BCGuardian's confidential activities in furtherance of those legal activities, can be gleaned. Plaintiffs conferred with Google about this information on December 5, 2025. According to Google's Letter Motion (Dkt. 375), Google "takes no position on whether such materials must be sealed."

**II.   Legal Standard**

Plaintiffs' redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial

documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Moreover, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

### III. Plaintiffs' Highly Confidential-Attorneys' Eyes Only and Confidential Material Should Be Redacted

The material at issue should be redacted because it discloses confidential and sensitive information about (i) Plaintiffs' anti-piracy enforcement strategy, (ii) the proprietary anti-piracy work of non-party BCGuardian, and (iii) Plaintiffs' confidential legal activities, as well as BCGuardian's activities in furtherance of those legal activities.

Specifically, portions of the Letter Motion and Bladow Decl. cite phrases or excerpts of withheld document titles or subject lines, which disclose (i) Plaintiffs' legal activities, and (ii) a non-party's proprietary anti-piracy work, including in furtherance of those legal activities. Portions of the Letter Motion and Bladow Decl. also describe (i) produced documents that were stamped Highly Confidential-Attorneys' Eyes Only or Confidential, and (ii) what other withheld documents "appear" or "purport" to be, or "presumably consist of," based on details included in Plaintiffs' Supplemental Privilege Log dated November 19, 2025. These portions of the Letter Motion and Bladow Decl. reveal confidential information from which one can glean sensitive insights about these parties' legal activities, or work performed in furtherance of legal activities, including proprietary information of anti-piracy specialist, BCGuardian, that should not be made public.

Courts in this district have recognized the importance of keeping information in privilege logs confidential. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted in its entirety). Courts in this district have also acknowledged the significance of keeping sensitive business information, like the material here that reveals BCGuardian's proprietary ani-piracy work, confidential. *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information," including "proprietary internal analyses,"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record"). This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information" can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

### IV. Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires the Redaction.

      Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that case law in this district supports keeping confidential. Plaintiffs ask the Court to redact the narrow portions of the Letter Motion that excerpt filenames and subject lines of withheld documents, describe other produced documents, and describe what withheld documents "appear" or "purport to" be, or "presumably consist of," based on details in Plaintiffs' Supplemental Privilege Log dated November 19, 2025. Plaintiffs also ask the Court to redact the Unified Title phrases and excerpts on pages 9-12 of the Bladow Declaration, and the description of Plaintiffs' and BCGuardian's documents on page 12. In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter response explaining the need to redact portions of and seal Documents filed by Google.

      We thank the Court for considering this request.

Respectfully,

/s/ *Michele Murphy*

Michele Murphy

cc:    All Counsel of Record (via ECF)