

Michele Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

December 10, 2025

<u>**VIA ECF**</u>

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 20A
New York, New York 10007

Re:     ***Cengage Learning, Inc., et al. v. Google LLC***, **No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents**

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 378) and specifically seek the Court's approval to apply limited redactions to Google's Letter Motion for Rule 37 Relief (Dkt. 379) (the "Letter Motion") and to seal Exhibits A-I (Dkts. 379-2 through 379-10) to the Declaration of Sarah Tomkowiak filed in support of the Letter Motion (Dkt. 379-1), (collectively, the "Documents").

**I.      Background**

Portions of the Letter Motion and the entirety of Exhibits A-I attached to the Declaration of Sarah Tomkowiak contain information designated by Plaintiff McGraw Hill as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order (Dkt. 82). The information that Plaintiffs request remain sealed includes the highly confidential business information of Plaintiff McGraw Hill that must not be disclosed to competitors. Plaintiff McGraw Hill designated its business information Highly Confidential-Attorneys' Eyes Only because it could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, [or] competitive" interests of McGraw Hill. Dkt. 82 ¶ 3. Also included in Plaintiffs' sealing request is the name of a Protected Personnel pursuant to Paragraph 28 of the Protective Order. On December 5, 2025, the parties met and conferred about the materials, and Plaintiffs requested that they be redacted/sealed. According to Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 378), Google "takes no position on whether these materials must be sealed."

**II.     Legal Standard**

Plaintiffs' redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d

Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). In addition, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

### III.    Plaintiffs' Highly Confidential-Attorneys' Eyes Only Material Should Be Redacted or Sealed.

The material at issue falls into two categories and should be redacted or sealed for the following reasons.

*First*, certain material discloses highly confidential and sensitive business information of Plaintiff McGraw Hill. In particular, Exhibits A through I to the Declaration of Sarah Tomkowiak are email chains and Zoom chats produced by McGraw Hill that reveal competitive insights, revenue information, and details about sales, campaigns, and performance. Courts in this district have recognized the significance of keeping sensitive business information, like the material at issue here, confidential, particularly when disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise, Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotations omitted); *see also Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would affect party's competitive position if disclosed); *Farsura v. QC Terme US Corp.*, 2025 WL 267573, at *12 (S.D.N.Y. Jan. 17, 2025) (sealing details of a party's "business strategy"); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information,"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). McGraw Hill can demonstrate such a need, as public disclosure of this information would reveal its sensitive business insights and strategies to its competitors, and potentially enable competitors to exploit this information to McGraw Hill's detriment. Accordingly, the disclosure of the material at issue creates a substantial risk of harm to McGraw Hill's business, commercial, and competitive interests.

*Second*, the material also discloses the name of an individual deemed a Protected Personnel pursuant to Paragraph 28 of the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names, . . . that could be used

to identify individual employees . . . involved in the sending, receiving, implementation and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents). The Letter Motion includes one reference to a Protected Personnel and thus warrants redactions.

**IV.    Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires the Redaction or Sealing.**

Plaintiffs' request is narrowly tailored to protect highly confidential and sensitive information that case law in this district and the Protective Order support keeping confidential. In particular, Plaintiffs request redactions to the name of a Protected Personnel in the Letter Motion. Plaintiffs also ask the Court to seal Exhibits A-I in their entirety because they reveal highly confidential and commercially sensitive information throughout. As discussed, disclosure of the material at issue creates a substantial risk of harm to McGraw Hill.

In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter response explaining the need to redact portions of and seal Documents filed by Google.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele Murphy*

Michele Murphy

cc:    All Counsel of Record (via ECF)