

Danae Tinelli
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.851.4070
michele@oandzlaw.com

December 10, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

**Re:**  *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Motion to Redact Plaintiffs' Letter Response in Opposition to Google's Letter Motion for Rule 37 Relief and the Declaration of Alicia Putrino

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Plaintiffs submit this letter motion requesting approval from the Court to redact Plaintiffs' Letter Response in Opposition to Google's Letter Motion for Rule 37 Relief (Dkt. 379) ("Plaintiffs' Letter Response in Opp.") and the Declaration of Alicia Putrino filed in support of Plaintiffs' Letter Response in Opp. (the "Putrino Decl.").

**I.    Background**

Portions of Plaintiffs' Letter Response in Opp. and the Putrino Decl. contain information designated by Plaintiff McGraw Hill as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order (Dkt. 82). The information that Plaintiffs request remain confidential includes the highly confidential, non-public business information of Plaintiff McGraw Hill related to document retention. This information is Highly Confidential-Attorneys' Eyes Only because it could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, [or] competitive" interests of Plaintiffs. Dkt. 82 ¶ 3. Plaintiffs also request that the name of a Protected Personnel pursuant to Paragraph 28 of the Protective Order be redacted.

**II.    Legal Standard**

Plaintiffs' redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times*

*Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). In addition, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

### III. Plaintiffs' Highly Confidential-Attorneys' Eyes Only Material Should Be Redacted.

The material at issue should be redacted because it discloses highly confidential and sensitive business information of Plaintiff McGraw Hill. In particular, portions of the Letter Response in Opp. and the Putrino Decl. reveal details about McGraw Hill's retention policy, which constitute sensitive business information. Courts in this district have recognized the significance of keeping sensitive business information confidential. *See, e.g.*, *Farsura v. QC Terme US Corp.*, 2025 WL 267573, at *12 (S.D.N.Y. Jan. 17, 2025) (sealing details of a party's "business strategy"); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information,"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). McGraw Hill can demonstrate such a need, as public disclosure of this information would reveal the specifics of a confidential document retention practice explained by McGraw Hill's Chief Information Security Officer that is not shared with the public. Accordingly, the disclosure of the material at issue creates a substantial risk of harm to McGraw Hill's business, commercial, and/or competitive interests.

*Second*, the material discloses the name of an individual deemed a Protected Personnel pursuant to Paragraph 28 of the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names, . . . that could be used to identify individual employees . . . involved in the sending, receiving, implementation and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents). Plaintiffs' Letter Response in Opp. includes one reference to a Protected Personnel and therefore warrants narrow redactions.

### IV. Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires the Redactions.

Plaintiffs' request is narrowly tailored to protect highly confidential and sensitive information that case law in this district and the Protective Order support keeping confidential. Plaintiffs ask the Court to redact only specific information in the Letter Response in Opp. and in the Putrino Decl. to protect McGraw Hill's highly confidential and sensitive information. In particular, Plaintiffs request redactions to McGraw Hill's confidential business information concerning its retention policy, and to the name of a Protected Personnel pursuant to Paragraph 28

of the Protective Order. As discussed, disclosure of the material at issue creates a substantial risk of harm to Plaintiffs.

In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter response explaining the need to redact portions of Plaintiffs' Letter Response in Opp. and the Putrino Decl. filed in support.

We thank the Court for considering this request.

Respectfully,

/s/ *Danae Tinelli*

Danae Tinelli

cc:   All Counsel of Record (via ECF)