

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

December 10, 2025

<u>VIA ECF</u>

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Motion to Redact Plaintiffs' Letter Response in Opposition to Google's Letter Motion for Pre-Motion Discovery Conference and to Seal Exhibit A to the Declaration of Michele H. Murphy

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Plaintiffs submit this letter motion requesting approval from the Court to redact Plaintiffs' Letter Motion in Opposition to Google's Letter Motion for Pre-Motion Discovery Conference Regarding Google's Requests for Production and Plaintiffs' Withheld Documents (Dkt. 376) ("Plaintiffs' Letter Motion in Opp.") and to seal Exhibit A to the Declaration of Michele H. Murphy filed in support (the "Murphy Decl.").

I.   Background

Plaintiffs' Letter Motion in Opp. and Exhibit A to the Murphy Decl. contain information designated by Plaintiffs as Confidential pursuant to the Protective Order (Dkt. 82). In particular, Plaintiffs' Letter Motion in Opp. and Exhibit A excerpt details from or portions of Plaintiffs' Supplemental Privilege Log dated November 19, 2025, which Plaintiffs previously sought the Court's permission to file under seal (Dkt. 303). The portions of the privilege log that Plaintiffs request remain confidential here include: the names and email addresses of Protected Personnel pursuant to Paragraph 28 of the Protective Order; the identity of a third party and its individual personnel in the context of logged legal matters that, by their nature, reveal information about such third party's legal activity; the names of Plaintiff employees who have been involved with specific litigation matters and their email addresses where they could be individually contacted, including by pirates that are defendants in some of the referenced litigations; and filenames for privileged documents through which particular information about Plaintiffs' and the third party's legal activities, and the activities of this firm, as their retained counsel, can be gleaned. This information is Confidential because it could, if disclosed, "create a substantial risk of harm to the business, commercial, financial, competitive, or personal interests" of Plaintiffs or a third party. Dkt. 82 ¶

2. On November 13, 2025, Plaintiffs conferred with Google about the sealing of a partial, earlier-iteration of Plaintiffs' Supplemental Privilege Log dated November 19, 2025 containing the same types of information, which Google filed with its Letter Motion for Pre-Motion Discovery Conference (Dkt. 273). With respect to that log, Google confirmed by email that it would not oppose Plaintiffs' sealing request.

## II.     Legal Standard.

Plaintiffs' redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Further, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III.    Plaintiffs' Confidential Material Should Be Redacted or Sealed.

As discussed in a prior Letter Motion to seal in its entirety Plaintiffs' Supplemental Privilege Log dated November 19, 2025 (Dkt. 303), the material at issue should be redacted or sealed because it discloses confidential and sensitive information about (i) individuals entitled to enhanced protection, (ii) contact information for third-party personnel and Plaintiff employees involved in their company's legal matters, and (iii) Plaintiffs' and the third party's legal activities, including the names of bad actor websites that may be potential litigation targets. If made public, such information could expose certain individuals to swatting, doxing, or other targeting actions, threaten the privacy interests of non-parties, and enable bad actors to take steps to evade detection and further infringe. Accordingly, the disclosure of this information could create a substantial risk of harm to Plaintiffs or a third party.

In particular, excerpts of the privilege log included in Exhibit A to the Murphy Decl. disclose the names and/or email addresses of individuals deemed Protected Personnel pursuant to the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names [and] email addresses. . . that could be used to identify individual employees . . . involved in the sending, receiving, implementation, and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents).

In addition to Protected Personnel, excerpts of the privilege log included in Exhibit A to the Murphy Decl. and in Plaintiffs' Letter Response in Opp. disclose sensitive information about Plaintiffs' legal enforcement activities. This information can be gleaned through filenames of withheld documents and the document and joint legal matter descriptions. Public disclosure of this information could impact the efficacy of Plaintiffs' enforcement efforts. Moreover, courts in this

district have recognized the importance of keeping information in privilege logs confidential. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted in its entirety). The Court should likewise allow the details from or portions of Plaintiffs' Supplemental Privilege Log dated November 19, 2025 to remain confidential.

Further, certain excerpts of the privilege log included in Exhibit A to the Murphy Decl. disclose sensitive information about another publisher who is not a party to this case, including the names and email addresses of its individual personnel and the existence of legal matters as reflected in document filenames and the document and joint legal matter descriptions. Courts in this district have recognized that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *U.S. v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995); *see also United States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017) (sealing materials that reflect "sensitive . . . personal information pertaining to non-parties"); *United States v. Jones*, 2024 WL 1700033, at *3 (S.D.N.Y. April 19, 2024) (allowing redactions of identifying information of innocent third parties). The excerpts also disclose the names and direct-contact email addresses of numerous Plaintiff employees which would not be publicly disclosed in this fashion, particularly in the context of their involvement with particular litigation matters. Such sensitive information should remain confidential to avoid the potential harm disclosure inevitably introduces.

### IV.     Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires Redacting or Sealing.

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that the Protective Order and cases in this district support keeping confidential. Plaintiffs ask the Court to redact one filename in Plaintiffs' Letter Response in Opp. and to seal Exhibit A to the Murphy Decl. in its entirety to protect confidential and sensitive information that reveals (i) the names and email addresses of Protected Personnel, (ii) contact information for third-party personnel and Plaintiff employees involved in their company's legal matters, and (iii) Plaintiffs' and the third party's legal activities, including the names of bad actor websites that may be potential litigation targets.

In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter motion requesting the Court's approval to redact one narrow portion of Plaintiffs' Letter Response in Opp. and to file Exhibit A to the Murphy Decl. under seal.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele Murphy*

Michele Murphy

cc:     All Counsel of Record (via ECF)