

Danae Tinelli
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.851.4070
michele@oandzlaw.com

December 10, 2025

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

      Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM
              Plaintiff McGraw Hill's Letter Response in Opposition to Google's Letter
              Motion for Rule 37 Relief (Dkt. 379)

[Redacted]

Dear Judge Moses,

      We represent Plaintiff McGraw Hill LLC ("Plaintiff") and write in opposition to Defendant Google's letter motion (Dkt. 379) ("Motion") for relief pursuant to Fed. R. Civ. P. 37(e)(1). Google's Motion is an attempt to manufacture a spoliation narrative where none exists. Plaintiff had no duty to preserve the files of the two individuals at issue, who are not appropriate custodians in the first instance, let alone "key custodians," as Google contends. This stems from Google's late-breaking, meritless position that all Plaintiffs' "digital marketing" efforts are at issue in this case. The "heart of the case" is, of course, Google's infringement through repeated promotion of pirated copies of Plaintiffs' ebooks. Google resorts to misstatements and mischaracterizations of the record to support this ill-conceived motion. Google has not met its burden under any element of Rule 37(e)(1). The Court should deny the Motion.

    **I.**    **Google has not met its burden of establishing any element for Rule 37(e)(1) sanctions.**

      Under Rule 37(e)(1), courts consider "(1) whether a party failed to take reasonable steps to preserve ESI that should have been preserved in the anticipation of litigation; [and] (2) whether there has been prejudice to another party from the loss of the ESI, in which case the court may order sanctions no greater than necessary to cure the prejudice, as authorized by subsection (e)(1); . . . ." *Perez v. Molina*, 2025 WL 605478, at *4 (S.D.N.Y. Feb. 25, 2025) (internal citations omitted). Google has shown neither.

        **a.**    **Plaintiff had no duty to preserve the files at issue.**

      The Motion concerns two former marketing department employees, Angela Johns and Fred Koons. The linchpin of Google's argument is its gross distortion of the relevance of Plaintiffs' "digital marketing" to this case. *See* Dkts. 287 (motion); 322 (Pls. opp.). Plaintiff advertises its legitimate textbooks on Google Shopping. That is neither disputed nor at issue. As such, Johns' and Koons' narrow involvement with such efforts, *with* others, including existing custodian Nick

Hon. Barbara Moses
December 10, 2025

McFadden, is not relevant. Outside of Shopping, Plaintiffs have raised *no* issues about advertising. And even for Shopping, Plaintiffs' claim is that the piracy necessarily is made worse because Plaintiffs cannot advertise ebooks, eliminating or limiting legitimate ebook ads. Am. Compl. ¶¶64-65.

Based on nine documents produced from McFadden's files, Google significantly overstates the relevance of Johns and Koons' responsibilities. Google's assertion that they were "actively involved in Plaintiffs' digital marketing and advertising spend" rests solely on excerpts from their counsel's own email. Mot. at 3 (citing Dkt. 289-3 at 12). From the outset, Plaintiff made clear that Johns and Koons were not appropriate custodians and that neither had responsibilities connected to the claims at issue. Dkt. 289-3 at 14. Plaintiff also explained that they left in September and August 2022, respectively, and because Plaintiff had no reason to believe they would have relevant information to a claim they might bring against Google, their files were not preserved beyond the ordinary email retention practice. *Id.*; Decl. of Alicia Putrino ¶¶3-4 (█████████████████████████████████████████).

Johns worked for Plaintiff for 10 months in marketing, and Koons was employed for about 6 months as her supervisee. *Id.* ¶4. Both worked with McFadden, and their roles focused on a third-party vendor that placed ads for Plaintiff's *legitimate* products on digital platforms, including Shopping. McFadden Decl. ¶4. The details of the ads Google ran for Plaintiff would be in Google's possession. Plaintiff has produced data concerning clicks, impressions, and conversions for its ads, and the cost of its ads. Murphy Decl. ¶3. Neither Johns nor Koons would be the custodian of this data. McFadden ¶9.

Google distorts Johns' responsibilities by inflating a handful of routine emails into a claim that she "oversaw" Plaintiff's Shopping marketing and "coordinated" product pages on Shopping. Mot. at 2. Both are incorrect. McFadden ¶¶4-5. The reference to product pages relates to Plaintiff's own landing pages. *Id.* ¶5. The legitimate ads that Google *did run* for Plaintiff are a far cry from the impact of the *pirate ads* on which Plaintiffs' claims are based. Google also asserts that Johns "shared information on piracy-related trends linking them to Google's ebook ban" (Mot. at 2), but in the cited email, she forwarded a public article, including to McFadden. Dkt. 379-2. And Google claims that Johns "analyzed [Plaintiff]'s performance and competition" on Shopping, but cites to Johns' notes on "conventional ads" (which are not Shopping ads) and a third-party report, sent to multiple recipients, including McFadden. Mot. at 2; Dkt. 379-5–379-6; McFadden ¶5. Johns (and Koons) did not work in anti-piracy. Plaintiff's existing custodian ████████ fulfills that role. *See* Dkt. 287 at 2.

Google claims Koons "led internal discussions" on Shopping product pages, but the cited document is merely a calendar invite asking others to "reconvene." Mot. at 2; Dkt. 379-8. Indeed, he performed mostly functions related to vendor relationships. McFadden ¶7. And the product pages relate to Plaintiff's own website, which is not relevant. Koons did not have the responsibility or experience to perform "revenue analysis," including "the effect of Google's ebook paid Shopping ads ban," as Google suggests. Mot. at 2; Dkt. 379-10; McFadden ¶8.

Under Rule 37(e)(1), the moving party has the burden to show that "a duty of preservation arose" in the first instance. *Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 5836438, at *14, 17

Hon. Barbara Moses
December 10, 2025

(S.D.N.Y. Sept. 30, 2020); *see also* Fed. R. Civ. P. 37(e) 2015 Advisory Committee Notes (Rule 37(e) "does not apply when information is lost before a duty to preserve arises."). A duty to preserve arises "when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001). Also, "relevant in this context means something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence." *WCA Holdings III, LLC v. Panasonic Avionics Corp.*, 2025 WL 2105852, at *9 (S.D.N.Y. July 25, 2025) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108–09) (2d Cir. 2002). Additionally, "the duty to preserve extends to those employees likely to have relevant information—the 'key players' in the case," and there is "no duty to keep or retain every document." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217-18 (S.D.N.Y. 2003).

As shown above, Johns and Koons were not likely to have relevant information (let alone "key players"), either now, or in the email retention period (Putrino ¶¶3-4).[1] In addition to mischaracterizing Johns' and Koons' roles, Google also cites to the Complaint to distort what Plaintiffs have put at issue in this case. Mot. at 3. For instance, nothing Plaintiffs have alleged would support the notion that anyone who ever had anything to do with "general piracy of electronic textbooks" would be relevant to this case, or that this case is about "Plaintiffs' own efforts to curb counterfeit activity," beyond Plaintiffs' efforts to get Google to respond to its notices and stop promoting infringing copies of its works in ads. *See id.* This case is about Google's infringement and the infringement of its pirate customers. *See* Am. Comp., Dkt. 38 ¶114 (referring to lawsuits against pirates in which Google was served with injunctions) (cited by Google, Mot. at 2).

   **b. Google cannot show prejudice.**

Google "failed to carry [its] burden as to two threshold elements needed before spoliation sanctions can be assessed"; thus, the Court need not reach the question of prejudice. *Morgan*, 2020 WL 5836438, at *23.

Google's motion rests entirely on nine emails which also included McFadden. There is no suggestion, and no reason to believe based on their roles, that Koons and Johns had any unique relevant information. Thus, no such information is "permanently lost or unrecoverable." *See Karsch v. Blink Health Ltd.*, 2019 WL 2708125, at *17 n.21 (S.D.N.Y. June 20, 2019); *see Morgan*, 2020 WL 5836438, at *19 (holding that deleted emails obtainable from other parties and non-parties were not "permanently lost"); 2015 Advisory Committee Notes ("Because [ESI] often exists in multiple locations, loss from one source may often be harmless when substitute

---

[1] Google relies on an earlier iteration of Plaintiffs' privilege log prepared on a categorical, not document-by-document basis, to claim Plaintiffs anticipated litigation against Google "as early as March 2022." Mot. 2. This is incorrect. *See* Pls. Nov.19, 2025. Dkts. 305 ¶¶21-25, Dkt 305-1. Google also omits that Plaintiffs' deceptive trade practices claim, which concerned Google's refusal to allow legitimate publishers to advertise ebooks while allowing the pirate ads, has been dismissed. And there is no suggestion on Plaintiffs' privilege log that anticipation of that claim took place in the retention period for Johns' and Koons' emails. *See* Dkt 305-1.

Hon. Barbara Moses
December 10, 2025

information can be found elsewhere."); *see also Ellis v. PB Ventilating Sys., Inc.*, 2024 WL 3025975, at *7 (E.D.N.Y. June 17, 2024), *report and recommendation adopted*, 2024 WL 4002798 (E.D.N.Y. Aug. 30, 2024) (it "logically follows that the text messages also exist within the custody of the recipients," and, if they can be replaced, "there is no harm and no sanction may be imposed"). "An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation," (2015 Advisory Committee Notes), which is absent here.

Notwithstanding, Plaintiff took steps to investigate potential replacement custodians to resolve this issue. We were prepared to discuss this at the parties' meet-and-confer before Google filed this motion, but Google's counsel indicated they would be filing regardless. Murphy ¶4. Still, to avoid further burdening the Court, on December 8, 2025, we made a proposal to resolve several issues. *Id.* ¶5. To resolve this Motion, Plaintiff would add custodians Nicole Wheeler, Senior Web/eCommerce Product Manager, and Stacy Hansbury, Senior VP, Global Customer Experience. Wheeler oversaw the "product pages" project that Google emphasizes, Hansbury was Johns' supervisor, and both were on certain emails Google cites. McFadden ¶¶4-5. We also proposed to add Plaintiff's employee Nick Terzian, the subject of Dkt. 287 motion (*see also* Mot. n.2), if Google agreed to add a custodian that will be the subject of a forthcoming motion by Plaintiffs. Murphy ¶5. Google declined.

## II. Google's proposed remedies are disconnected from and grossly disproportionate to the alleged ESI loss.

Rule 37(e)(1) grants courts discretion to order remedial measures "upon finding prejudice to another party from loss of the information," if the measures are "no greater than necessary to cure the prejudice."

Google has not shown prejudice, and its proposed remedies are improper (and certainly not narrowly tailored). Mot. at 4. If, despite the lack of connection of these individuals to Plaintiff's claims, the Court is at all inclined to consider Google's Motion, at most the consideration should be replacement custodians. There is simply no reason that Johns and Koons would have information bearing on Plaintiffs' damages or Google's ability to counter those claims. Google's prejudicial suggestion that it be permitted to inform the jury that the files were not preserved should be rejected. Based on Johns' and Koons' roles, which focused on Plaintiff's ads that Google did run, they will not come up. And there is no conceivable basis for preventing or limiting Plaintiff's ability to recover damages for Google's repeated infringements by creating and running *pirate* ads because of this matter. Indeed, Google's third proposed form of relief reads more as a presumption that the lost information was unfavorable to the party (Rule 37(e)(2)(B)), which does not apply. And Google's request for "a list of all employees involved in online marketing and anti-piracy, and their roles, who left [Plaintiff]'s employment since 2022, and whose files [Plaintiff] did not preserve" is similarly draconian. Koons and Johns were not in "anti-piracy," all such marketing employees are not even conceivably involved, and Google should not be permitted to go on a fishing expedition to further weaponize this issue.

## III. Conclusion

The Court should deny Google's motion.

4

Hon. Barbara Moses
December 10, 2025

                                              Respectfully submitted,

                                              */s/ Danae Tinelli*
                                              Danae Tinelli
                                              OPPENHEIM + ZEBRAK, LLP
                                              *Counsel for Plaintiffs*