# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>                         *Plaintiffs*,<br><br>v.<br><br>GOOGLE LLC,<br><br>                         *Defendant*. | Case No. 1:24-cv-04274-JLR-BCM<br><br>**\*\*This document references information marked Highly Confidential – Attorneys' Eyes Only** |

### GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC

Google LLC ("Google"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, by and through its undersigned counsel, hereby provides these responses to Cengage Learning, Inc.; Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning; Macmillan Holdings, LLC; Elsevier Inc.; Elsevier B.V.; and McGraw Hill LLC's (collectively, "Plaintiffs") Fourth Set of Requests for Production of Documents ("Requests") as follows:

### PRELIMINARY STATEMENT

Google has attempted in good faith to provide responses to the Requests herein to the extent reasonably practicable at this stage of these proceedings, based on information presently known to Google. The parties have not completed their discovery and investigation in this action. As a result, the documents produced in response to these Requests, while based on diligent factual exploration, reflect only Google's current state of knowledge, understanding, and belief with regard to the matters

1
*\*This document contains information marked HC-AEO\**

at this time.

**REQUEST FOR PRODUCTION NO. 101:**

To the extent not called for by RFP 36, documents concerning all of the information provided to You by the Infringing Merchants in seeking "verification" of their identity from Google in connection with the Google Ads Transparency Center.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definition of "Infringing Merchants." Google objects to this Request as vague and ambiguous as to the meaning of "in connection with the Google Ads Transparency Center." Google further objects to this Request as nonsensical to the extent it seeks documents regarding information provided by Infringing Merchants—i.e., certain merchant center accounts—"in connection with" verification on the Google Ads platform. Google further objects to this Request as overly broad, unduly burdensome, and seeking information that is not relevant or proportional to the needs of this case because it requests "documents concerning *all* of the information provided" by merchants in connection with this verification, including for example, information unrelated or disproportionate to the allegations and works asserted by Plaintiffs in this proceeding. Google further objects to this Request to the extent that it seeks information and documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Google objects to this Request to the extent it is duplicative of other discovery requests, including at least Request for Production No. 36.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents in response to this request at this time.

**REQUEST FOR PRODUCTION NO. 102:**

Documents sufficient to show Google's processes and procedures concerning obtaining, verifying, and displaying identifying information for the product seller in connection with the Google Ads Transparency Center (e.g., https://adstransparency.google.com/?authuser=0&region=US).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Google incorporates its General Objections as if fully set forth herein. Google further objects to this Request as overly broad, unduly burdensome, and seeking information that is not relevant or proportional to the needs of this case because it requests documents concerning the "processes and procedures concerning obtaining, verifying, and displaying identifying information for the product seller," including for example, processes and procedures unrelated to the Shopping platform and not related to the allegations in the complaint and the works and marks asserted by Plaintiffs in this proceeding. Google also objects to this Request as vague and ambiguous as to the scope and meaning of the terms "processes and procedures" and "identifying information." Google further objects to this Request to the extent that it seeks information and documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google will not search for, compile, or produce any documents in response to this request at this time.

**REQUEST FOR PRODUCTION NO. 103:**

All communications, including any communications, assessments, analyses, or other documents in any systems or databases, concerning Infringing Merchants and Related Ads Merchants.

*This document contains information marked HC-AEO*