## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,

Case No. 1:24-cv-04274-JLR-BCM

*Plaintiffs*,

v.

GOOGLE LLC,

*Defendant*.

## <u>SUPPLEMENTAL DECLARATION OF SARAH A. TOMKOWIAK</u>

I, Sarah A. Tomkowiak, declare that:

1.       I am a partner at the law firm Latham & Watkins LLP, counsel for Google LLC in this matter.

2.       I submit this declaration in connection with Google's Reply in Support of its Letter Motion for Rule 37 Relief Due to Plaintiff McGraw Hill's Spoliation.

3.       My colleague Roberto Borgert and I met and conferred with McGraw Hill LLC's ("Plaintiff") counsel on December 4, 2025 regarding Google's forthcoming Letter Motion for Rule 37 Relief ("Letter Motion"). During that meet-and-confer, Michele Murphy, counsel for Plaintiff, asked whether Google would delay its filing of the Letter Motion if Plaintiff were able to offer replacement custodians who worked in Plaintiff's marketing department. Counsel for Plaintiff did not at that time propose any specific replacement custodians. Mr. Borgert responded that Google would consider any proposal from Plaintiff, but, given the calendar and the Court's instructions not to delay raising disputes, Google would not hold its forthcoming motion in abeyance pending

a potential proposal from Plaintiff. Mr. Borgert emphasized that the parties should continue discussing a potential resolution and that, if a resolution was reached, that could moot Google's Letter Motion.

4.    On December 8, 2025, counsel for McGraw Hill emailed counsel for Google requesting to meet and confer to discuss a proposal to resolve Google's Letter Motion. The parties met and conferred on December 9, 2025, and I attended that meet-and-confer. During that discussion, counsel for Plaintiff offered to add Nicole Wheeler and Stacy Hansbury as additional custodians and disclosed that, using current search terms across their files, Ms. Hansbury's files yielded 280 hits, and Ms. Wheeler's files yielded 42 hits.

5.    During that same meet-and-confer, Plaintiff's counsel made a second offer related to another pending motion. Plaintiff's counsel offered to add Nick Terzian as a custodian if Google would add a custodian that Plaintiffs have been aware of since at least February 2025.

6.    The next day, my colleague Caroline Clarke, counsel for Google, informed counsel for Plaintiff that Google did not accept Plaintiff's offer to add two custodians comprising just 322 search term hits to resolve the Letter Motion. Ms. Clarke also informed counsel for Plaintiff that Google would not accept the second proposal related to the other pending motion.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed on December 12, 2025, in McLean, Virginia.        /s/ *Sarah A. Tomkowiak*
                                                          Sarah A. Tomkowiak