**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS LLP**

December 12, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
<u>Letter Reply in Support of Letter Motion for Pre-Motion Discovery Conference Regarding Google's Requests for Production and Plaintiffs' Withheld Documents</u>

Dear Judge Moses:

Google submits this letter in support of its Motion at Dkt. 376 ("Motion") and in reply to Plaintiffs' Opposition ("Opp'n"), Dkt. 408.

Plaintiffs' latest excuse for their paltry productions is that their claims are "solely directed to Google's conduct on the *Google Shopping* platform" and documents regarding copyright infringement or DMCA enforcement efforts more broadly are "simply not relevant." Opp'n at 2. Google disagrees. Take for example Plaintiffs' allegation that "[w]ithout Google, the pirate websites it promotes would not be known to consumers (mainly students) looking to purchase the Publishers' works." First Am. Compl., Dkt. 38 ("FAC") ¶7. This allegation is undermined if Plaintiffs' infringement research or enforcement efforts reflect that these pirate websites are promoted by *other* platforms, and thus could be known to students absent Google's Shopping Ads. Plaintiffs' myopic view of relevance would even exclude documents in their possession relating to their enforcement efforts on *other Google* products–like its search engine.

Plaintiffs seem to think that their production of "notices to Google" and "communications with Google" about those notices suffice to meet their discovery obligations. Opp'n at 2. That makes no sense, Google already has those documents. Plaintiffs then claim that "how they measure the results" of their enforcement efforts on Google "is privileged." *Id*. Here too, Google disagrees. Plaintiffs' repeated concessions that they are shrouding business efforts in privilege warrants the *in camera* review Google is requesting, amongst the other relief set forth below.[1]

---

[1] To correct the record, Google properly met and conferred with Plaintiffs twice before filing its motion. Dkt. 376-1 ¶¶ 15, 28 (referencing the second meet-and-confer). On November 28, Google

## I. Plaintiffs Must Produce Documents Responsive to RFPs 16-20 and 81-83

As Google detailed in its Motion, only one Plaintiff (Cengage) has produced documents reflecting studies or research concerning infringement of Plaintiffs' Asserted Works and Plaintiffs' works generally, and no Plaintiff has produced documents or communications reflecting the strategy and/or effectiveness of Plaintiffs' DMCA enforcement efforts, beyond certain documents that specifically reference Google Shopping. Mot. at 1-2. Plaintiffs dispute this assessment of their production, but tellingly, do so without citing to a single document that Google overlooked.

As Google showed and Plaintiffs brush over, documents beyond Google Shopping are relevant to the issues in this case. Mot. at 2. In addition to the example above, if Plaintiffs' research or studies suggest that infringement is equally prevalent (and must be enforced at the same rate) on platforms other than Google, that is relevant to their allegations that Google has acted willfully. If Plaintiffs' research or studies quantify the harm to Plaintiffs from infringement writ large, that is relevant to their allegation that Google is the cause of "immeasurable" harm to Plaintiffs. FAC ¶ 1. Contrary to Plaintiffs' view of the world, this discovery has nothing to do with justifying Google's actions by pointing to similar actions taken by other third parties. *Dun & Bradstreet*, which Plaintiffs cite to, addresses a different point entirely. That case rejected using "industry custom and practice" as a substantive defense to excuse copyright infringement, cautioning that such a defense "could undermine the purposes and objectives of the statute and reduce it to rubble." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 211 (3d Cir. 2002). Google is not asserting an "everyone does it" defense. *Dun & Bradstreet* does not speak to the scope of discovery in a copyright infringement case of this magnitude or bar evidence regarding Plaintiffs' own research and studies regarding copyright infringement and DMCA enforcement efforts. Properly understood, *Dun & Bradstreet* constrains merits arguments that would use industry practice to negate liability, not discovery into facts that could shed light on whether repeat direct infringement is driven by pirate recidivism rather than platform-specific failings, and whether Plaintiffs' enforcement strategy affected outcomes.

## II. The Court Should Review Improperly Withheld Responsive Documents *In Camera*

As noted above, Plaintiffs baldly assert that "how they measure the results" of Google's response to their DMCA notices "is privileged," Opp'n at 2, and thus seek to bolster the number of responsive documents located by their document collection efforts by pointing to the Fifth Log.[2]

---

asked Plaintiffs to confirm whether they had produced or withheld documents responsive to the topics at issue. Plaintiffs waited until the parties' December 4 meet-and-confer to respond. In the interim, Google determined on the basis of Plaintiffs' Fifth Log (served on November 19) that Plaintiffs' deficient document production was likely due to, *inter alia*, the improper withholding of responsive documents on the basis of privilege. When Plaintiffs accused Google of not properly raising this issue in advance of the parties' first meet-and-confer on December 4, Google disagreed, but agreed to a second meet-and-confer later that same day.

[2] Plaintiffs claim that Google's Motion raises "virtually the same issues" in its motion filed at Dkt. 273. That is false. Dkt. 273 challenges Plaintiffs' assertions that their privilege waivers should be

**LATHAM&WATKINS**LLP

"[D]ata—some of which has already been provided to the plaintiffs during discovery in document form-is simply not privileged." *Ayers v. SGS Control Servs.*, 2006 WL 859362, at *2–3 (S.D.N.Y. Apr. 3, 2006). Counsel's *subsequent analysis* of whether those facts are sufficient to gin up a claim against Google could be privileged, but the underlying facts that provide the foundation for the allegations in Plaintiffs' Complaint and multimillion dollar lawsuit against Google are not. *Id*.

Plaintiffs' reiteration of their Log descriptions does not warrant rejecting an *in camera* review or allowing Plaintiffs to maintain non-privileged facts under this shroud, Opp'n at 4-5, because those descriptions do not carry their burden. This Court requires that, "as to each document," Plaintiffs provide specific facts establishing "each element" of privilege. *See SEC v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 144 (S.D.N.Y. 2004). Plaintiffs' own descriptions ▓▓▓▓▓—on their face reflect ordinary-course factual material rather than legal advice; attachments must be produced unless independently justified. *Id*. at 145–46. Boilerplate assertions likewise do not suffice for spreadsheets or attachments, particularly where foundational details (e.g., author and recipients) are missing. When those details are absent, Local Rule 26.2 warrants production. *See OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, 2006 WL 3771010, at *7 (S.D.N.Y. Dec. 15, 2006). Neither does carbon-copying lawyers nor labeling emails as containing "legal analysis" satisfy *Beacon Hill*'s particularity requirement or transform factual compilations into privileged communications. *See Beacon Hill*, 231 F.R.D. at 145–46.

Plaintiffs cannot escape this conclusion by asserting attorney work product over these materials instead. It is not the case that all enforcement efforts are privileged, and calling an investigation "in anticipation of litigation" does not make it work product, particularly when Plaintiffs have been anticipating litigation on Google for over three years. Plaintiffs ask the Court to conclude they are similarly situated to the U.S. Department of Justice and their brand enforcement efforts are akin to Special Counsel Robert S. Mueller's investigation into Russian interference in the 2016 presidential election such that they can "redact the identity of a potential litigation target." Opp'n at 4 (citing *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*, 2025 WL 2829203, at *6 (D.D.C. Oct. 6, 2025)). Plaintiffs are not the DOJ and their enforcement efforts are not matters of national security. As Judge Rochon observed a year ago, "this is a civil action… It is not a government forensic examination of anything possible that could be going on at Google that is unfair or infringing." Hr'g Tr. 11:10-14 (Dec. 18, 2024) (Dkt. 66).

Brand-protection monitoring undertaken as part of ongoing business operations is not prepared "because of" litigation. *See Rubie's Costume Co. v. Kangaroo Mfg., Inc.*, 2018 WL

---

excused under the common interest doctrine and other principles. Those issues were apparent on the face of Plaintiffs' *four* prior categorical logs. After Google's Dkt. 273 motion was filed, Plaintiffs served the Fifth Log, which for the first time asserted privilege on a document-by-document basis. The instant Motion raises the analysis that Google was only able to perform once Plaintiffs produced their Fifth Log, which allowed Google to identify common subject lines and titles of documents that on their face, and in connection with Google's review of Plaintiffs' measly document productions, are plainly not privileged. Mot. at 2-5. While both motions challenge documents withheld as privileged, the grounds for each are distinct.

4864833, at *3–5 (E.D.N.Y. Sept. 28, 2018).  Inserting counsel into routine monitoring does not automatically convert ordinary business reporting into privileged communications, and a lawyer's request or review does not create privilege where the content is factual compilation rather than legal advice or attorney mental impressions.  *See OneBeacon*, 2006 WL 3771010, at *5–6; *Ayers*, 2006 WL 859362, at *2–3.  Absent a document-specific showing of confidential legal advice or mental impressions, Plaintiffs' ████████████████████████ ████████████████████████████ remain ordinary-course business materials and are discoverable regardless of attorney involvement.  Plaintiffs' ████████████████████████████████ ████████████████████████ mirror the non-privileged spreadsheet content *Ayers* compelled.

### III. Conclusion

For the reasons set forth in its Motion and this Reply, Google respectfully requests the Court to compel Plaintiffs' to expand their search for and production of (1) documents reflecting studies or research concerning infringement of Plaintiffs' Asserted Works and Plaintiffs' works generally and (2) documents or communications reflecting the strategy and/or effectiveness of Plaintiffs' DMCA enforcement efforts–beyond those that only touch on Google Shopping, whether those documents are located in non-custodial sources or custodial sources (the latter of which would likely require Plaintiffs to expand their existing search terms).

Moreover, because it appears that the paucity of produced documents for these topics even when limited to Google Shopping is a result of Plaintiffs withholding them on purported privilege or work product grounds, Google requests that the Court conduct an *in camera* review of unredacted copies of documents originally produced at bates numbers PL0000830296, PL0000777840, PL0000777835, PL0000777829, PL0000770171, and PL0000770179, BCG-Google00002605, a sampling of documents Plaintiffs have redacted for privilege in their complete, unredacted form, and a sampling of certain categories of documents set forth in paragraphs 12, 13(a), 13(b), 13(c), 13(d), 13(e), 13(f) of the Bladow Declaration, Dkt. 376-1.

A revised proposed Order is filed concurrently herewith.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF)