

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

December 12, 2025

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

      Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
              Plaintiffs' Reply in Support of Plaintiffs' Motion (Dkt. 370) to Finalize the
              Court's Prior Order re Delisting Dates

[Redacted]

Dear Judge Moses:

      Plaintiffs write in support of their Motion (Dkt. 370) to Finalize the Court's Prior Order re Delisting Dates, and in reply to Google's opposition letter (Dkt. 396). Google's opposition is puzzling. Plaintiffs' motion requests only two forms of preclusion, one of which the Court effectively ordered already, and one of which is the natural follow-on to that Order, given Google's document production and subsequent statements. The two sides appear to agree that *both* are appropriate. Google seems to oppose only Plaintiffs' request that the Court clarify that the deadline to produce any documents that are *not* precluded by the order is January 6, 2026, which is the deadline for most documents in this case.

      **I.**      **Plaintiffs Request for Preclusion**

      Plaintiffs' proposed order (Dkt. 372) calls for two categories of preclusion. First, Google would be precluded from introducing documents concerning "Delisting Dates",[1] to the extent those documents were not produced by November 13. As the Court indicated at the October 8 hearing, this includes not only documents purporting to sate the relevant Delisting Dates, but also to documents explaining how the Delisting Dates can be calculated based on other documents that *were* produced by November 13. Dkt. 223 at 132:8–13 (Oct. 14 Hr'g. Tr.) ("I'm contemplating a documentary evidence preclusion order that, if you don't come up with it within 30 days, you cannot then at summary judgment say, well, here's the three-page key which shows how you do

---

[1] The capitalized term "Delisting Dates" is a defined term in both sides' proposed orders. Each sides define it similarly. It means the dates Google claims to have delisted ads initiated by the 1,500 pirates whom Plaintiffs identified as infringing the works-in-suit. Dkt. 372 (Plaintiffs' proposed order) (defining "Delisting Date" as "the date on which Google claims to have removed an ad initiated by one of the merchants Plaintiffs identified as directly infringing Plaintiffs' works); Dkt. 397 at 1 (Google's proposed order) ("the date on which Google delisted an ad Plaintiffs identified as infringing Plaintiffs' works . . . ."). This is consistent with the Court's prior Order, which refers to "documents or data sufficient to identify the date on which it delisted each of the challenged domains . . . .". Dkt. 221 ¶ (c).

Hon. Barbara Moses
December 12, 2025
Page 2 of 3

the math based on, you know, some document which has already been produced . . . .").[2] The parties seem to agree as to this relief; both Plaintiffs' proposed order (Dkt. 372 ¶ 1) and Google's proposed order (Dkt. 397) say that Google is precluded from "[i]ntroducing or relying on any [other] document concerning Delisting Dates, to the extent such document was not produced by November 13, 2025."

Second, Google should be precluded from offering testimony describing or relying on documents it is now precluded from introducing. Dkt. 372 ¶ 2 (Plaintiffs' Proposed Order) (Google would be precluded from "[o]ffering testimony regarding Delisting Dates to the extent such testimony describes or is based on a review of any document that was not produced by November 13, 2025."). Google seems largely to agree with this as well. Google's proposed order indicates that Google will be precluded from offering testimony "based directly on documents identifying Delisting Dates that were not produced by November 13, 2025." Dkt. 397 at 1. This only makes sense. Google should not be allowed to get around the document preclusion order by simply introducing testimony about the contents of now-precluded documents. Without this prohibition, the document preclusion could become a nullity. Google could simply offer through testimony what it is precluded from introducing in documents.

That is the extent of the preclusion Plaintiffs seek: the document prelusion the Court effectively ordered already (Dkt. 372 ¶ 1), plus the natural follow-on of testimony describing the precluded documents (Dkt. 372 ¶ 2). The parties seem largely, perhaps entirely, to agree on this.

### II.    Plaintiffs' Request for Clarification

What Plaintiffs additionally request, and what Google resists, is that the Court provide a simple clarification that hopefully will prevent future mischief. Google indicated during a December 2 meet-and-confer that Google may offer testimony about the delisting process generally, e.g., how delistings generally are accomplish accomplished. To date, Plaintiffs are aware of no document that Google has produced concerning this topic (and Google has not referred Plaintiffs to any). If Google intends to introduce testimony to that effect, then any documents contradicting or corroborating that testimony are due January 6, 2026.

Plaintiffs are concerned that Google will attempt to introduce testimony on this broader topic (i.e., delistings generally) without first producing the documents that would support or refute that testimony. Plaintiffs thus ask the Court to make clear that with respect to "delisting dates" (lower case) generally, any documents concerning that topic must be produced by January 6, 2026. To the extent Google later attempts to introduce testimony concerning delisting dates generally that could have been contradicted or corroborated by documents Google never produced, the parties can deal with that issue (and seek the Court's guidance if necessary) at the appropriate time. The final paragraph of Plaintiffs' proposed order thus states:

---

[2] For example, Google's counsel stated during a hearing that she believed the latest date a delisting could have been accomplished is the date on which Google ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ A document saying as much would be precluded.

Hon. Barbara Moses
December 12, 2025
Page 3 of 3

> To the extent Google wishes to produce documents concerning its process for accomplishing delistings generally (i.e. not limited to the merchants Plaintiffs identified as infringing Plaintiffs' works), including the timing of such delistings, such documents are due on January 6, 2026. To the extent Google seeks to introduce testimony concerning delistings that is not addressed by nos. 1 and 2 above, the Court can decide at that time (upon a proper motion) whether that testimony should be precluded.

Dkt. 372. This should be uncontroversial; most documents in the case are due January 6, 2026, Dkt. 222 ¶ 1(a). Plaintiffs' proposed order does not, as Google suggests (Dkt. 396 at 2), seek to preclude any testimony about delisting dates generally. It simply seeks to clarify that any non-precluded documents concerning this subject are due on January 6.

                                                           Respectfully submitted,

                                                        */s/ Jeff Kane*
                                                        Jeff Kane