

Michele Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

December 17, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re:   *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 428)

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion (Dkt. 428). Plaintiffs request the Court's approval to maintain one redaction in Google's Letter Reply (Dkt. 429) in Support of its Letter Motion for Rule 37 Relief (Dkt. 379) ("Letter Reply"). Google's Letter Motion requested sealing regarding certain information that Plaintiffs produced in discovery and marked as "Confidential" or "Highly Confidential" in this case. However, after careful review of Google's statements and general descriptions in its filed Letter Reply of such information, Plaintiffs' position is that only one portion of the Letter Reply need remain redacted and sealed. Plaintiffs' proposed redacted version of the Letter Reply is attached as Exhibit A hereto ("Ex. A").

**I.   The Redacted Material Concerns Highly Confidential Information Regarding Anticipated Litigation.**

Plaintiffs submit that only the date that Google states Plaintiffs anticipated this litigation need remain redacted and sealed. Letter Reply at 3. This reveals highly confidential information suggestive of Plaintiffs' litigation decision-making or strategy.

**II.   Legal Standard**

Plaintiffs' redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential

to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted).

### III. Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires the Redaction or Sealing.

Plaintiffs' request is narrowly tailored to protect highly confidential and sensitive information concerning anticipated litigation. This is consistent with court's decisions in this District to keep litigation information confidential, such as that which appears in privilege logs. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at \*2 (S.D.N.Y. Aug. 21, 2023). Moreover, Google's Letter Reply states that the anticipated litigation date at issue is derived from Plaintiffs' privilege log, which itself was filed under seal (Dkt. 305-1).

Accordingly, Plaintiffs respectfully submit that the Letter Reply be redacted as set forth in the attached Exhibit A.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele H. Murphy*

Michele H. Murphy

cc:   All Counsel of Record (via ECF)