Sarah A. Tomkowiak
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS** LLP

December 12, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

  Re: *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
     Reply in Support of Letter Motion for Rule 37 Relief Due to Plaintiff McGraw
     Hill's Spoliation

Dear Judge Moses:

  Google submits this letter in support of its Motion at Dkt. 379 ("Motion") and in reply to McGraw Hill's Response to Google's Letter Motion for Rule 37 Relief (Dkt. 407) ("Response").

  McGraw Hill concedes that it deleted Fred Koons's and Angela Johns's custodial files (the "Custodial Files") while McGraw Hill was anticipating litigation against Google. Dkt. 289-3 at 14. McGraw Hill then posits three arguments in a vain attempt to excuse, and thus escape the consequences of, that spoliation. *First*, McGraw Hill asserts an unreasonably strict interpretation of what is relevant in this case, an interpretation that contradicts Plaintiffs' own past positions when seeking expansive discovery from Google. *Second*, McGraw Hill claims on one hand that "marketing" employees did not have relevant information but, on the other, that a current marketing custodian, Nick McFadden, has relevant information so there is no prejudice to Google. *Third*, McGraw Hill claims to have identified suitable replacement custodians, but without disclosing that those custodians collectively have only a few hundred responsive documents based on existing search terms. Each of these arguments is equally unavailing.

### I. The Custodial Files Plausibly Contained Information Relevant To This Case

  Plaintiff argues no spoliation has occurred because Johns and Koons did not have information relevant to Plaintiff's cabined view of what is at issue in this case. That argument is misplaced. To start, the standard articulated by this Court as to whether deletion of evidence constitutes spoliation is whether the "existing evidence *plausibly 'suggests'* that the spoliated ESI *could* support the moving party's case." *Karsch v. Blink Health Ltd.*, 2019 WL 2708125, at *21 (S.D.N.Y. June 20, 2019) (Moses, J.) (emphases added) (collecting cases). Citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003), Plaintiff attempts to graft a "key players" requirement onto the Court's analysis. Response at 3. But *Zubulake* is clear that a "key player[]"

LATHAM&WATKINS⌫

379-2, 379-3. McFadden, who did not supervise either Johns or Koons,[3] also undercuts his testimony by speculating as to Johns's and Koons's duties—which he acknowledges were different than his duties, Dkt. 407-2 ¶¶ 4, 7—and by attempting to characterize the produced documents without any basis. *See id.* ¶¶ 4-9 (stating "it appears Johns is fulfilling a request (which could have come from me)"; and that he did not "believe that Koons performed" certain tasks). Such speculation has little value in the face of Plaintiff's documents that "plausibly suggest[] that the spoliated ESI could support [Google]'s case." *See Karsch*, 2019 WL 2708125, at *21 (internal quotation marks omitted).

## II. McGraw Hill Deleted The Custodial Files While Anticipating Litigation Against Google

In addition to its strained relevance arguments, Plaintiff makes a half-hearted effort to backtrack on when it first anticipated litigation against Google. Response at 3 n.1. Plaintiff does not dispute that its September 10, 2025 categorical privilege log showed that Plaintiff was anticipating litigation against Google by March 2022. Instead it points to its more recent log (the "Fifth Log") in which it removed that entry. *See* Response at 3 n.1. But that doesn't excuse its spoliation because even the Fifth Log shows that Plaintiff was anticipating litigation against Google as early as ▮▮▮▮▮▮▮▮, approximately the same time Johns and Koons left McGraw Hill. *See, e.g.*, Dkts. 305-1 (Row 327), 338 ¶ 15. And Plaintiff admits that it retained the Custodial Files for a year after Johns and Koons left McGraw Hill, meaning it deleted those files well into Plaintiff's anticipation of litigation against Google. *See* Dkt. 407-3 ¶¶ 3-4. This Court has previously relied on a privilege log to resolve disputes under Rule 37. *See Karsch*, 2019 WL 2708125, at *10 (Moses, J.). It should do so again here.

Piggybacking on its meritless relevance arguments, *supra* at 1-2, Plaintiff also makes the peculiar claim that a plaintiff can retroactively excuse spoliation if a particular claim in its lawsuit is dismissed. Response at 3 n.1. Plaintiff cites no authority for that statement. *See id.* Plaintiff also tries to carve up the preservation analysis on a claim-by-claim basis, but it cites no authority for that proposition either. And none of Plaintiffs' privilege logs have asserted anticipation of particular "claims" against Google; instead the logs refer generally to anticipation of "this litigation." *See, e.g.*, Dkts. 275-1 at 1, 275-3 at 64. Not that it really matters since the Custodial Files were plausibly relevant to Plaintiff's remaining claims for the reasons set forth above.

## III. Google's Requested Remedies Are Appropriate To Cure The Prejudice

Plaintiff agrees that replacement custodians are an appropriate remedy for spoliation. *See* Response at 4. At the outset, to the extent that Plaintiff asserts that the prejudice to Google from Plaintiff's spoliation is remedied by the fact that Nick McFadden is a custodian, that assertion is foreclosed by McFadden's own declaration. McFadden confirms that though he and Johns had the same title, they "did not have the same role," Dkt. 407-2 ¶ 4, and he also did not share roles or

---

[3] McFadden downplays the fact that Koons "r[a]n revenue reports" and that Johns may have "analy[zed] the business impact of Google Shopping's ebook ban" by saying those actions might have been at his direction or request. *See* Dkt. 407-2 ¶¶ 5, 8. But in the same testimony, he affirms that he and Johns had the same title, and that Johns, not McFadden, supervised Koons. *Id.* ¶¶ 5-6, 8.

December 12, 2025
Page 5

LATHAM&WATKINS LLP

Respectfully submitted,

/s/ Sarah A. Tomkowiak
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF and e-mail)