

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

December 17, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Response in Support of Google's Letter Motion (Dkt. 425) to File Sealed Letter Response (Dkt. 426) to the Attorney Declaration of Michele H. Murphy (Dkt. 390)

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion (Dkt. 425) to File Sealed Letter Response (Dkt. 426, "Response") to the Attorney Declaration of Michele H. Murphy (Dkt. 390, "Declaration").

As the Declaration contains confidential information disclosed to O+Z for the purpose of requesting and obtaining legal advice, Plaintiffs had sought leave to submit the Declaration *in camera* for the Court's review in support of Plaintiffs' Opposition to Google's then-pending motion challenging Plaintiffs' privilege assertions (Dkt. 273, "Motion"). The Court's Order (Dkt. 381, "Order") directed Plaintiffs to file the Declaration under seal if they wished to submit it, and instructed that disclosure of the Declaration "will not result in a waiver of privilege as to the declaration or its contents, and Google may not use the information it learns from that declaration for any purpose other than" addressing Google's Motion. Pursuant to the Order, Plaintiffs filed the Declaration under seal and served it upon Google's counsel. Plaintiffs also designated the Declaration as Highly Confidential – Attorneys' Eyes Only pursuant to the Stipulated Protective Order (Dkt. 82).

Because the Order directed that the Response be "limited to the facts or issues raised by" the Declaration, out of an abundance of caution and consistent with the Order, Plaintiffs requested that Google provisionally file the Response under seal. After reviewing the sealed Response, Plaintiffs believe the Response may be filed with appropriate redactions. Plaintiffs' proposed redacted version of the Response is attached as Exhibit A hereto ("Ex. A").

I. **Legal Standard.**

Plaintiffs' proposed redactions accord with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*,

71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Further, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## II. Narrowly Tailored Redactions to Discussions Revealing the Content of the Declaration Are Appropriate.

Plaintiffs' redaction request is narrowly tailored to protect highly sensitive information filed under seal as directed by the Order. Plaintiffs propose redacting only the portions of the Response that reveal the content of the Declaration, which contains confidential information disclosed to O+Z for the purpose of requesting and obtaining legal advice. *See* Ex. A at 1. The redacted content also reveals confidential legal strategy of a non-party, whose interests in protecting its confidential information are "a legitimate basis for sealing judicial documents." *Telegram Grp. Inc.*, 2020 WL 3264264 at *3. In light of the highly sensitive nature of the material at issue, Plaintiffs respectfully submit this letter requesting the Court's approval to narrowly redact the Response.

We thank the Court for its consideration.

Respectfully,

*/s/ Michele H. Murphy*

Michele H. Murphy

cc:   All Counsel of Record (via ECF)