IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 24-cv-04274-JLR-BCM<br><br>[Redacted] |

**ATTORNEY DECLARATION OF JEFF KANE**
**IN SUPPORT OF PLAINITFFS' LETTER MOTION FOR DISCOVERY CONFERENCE**
**REGARDING** ▊

1. I am an attorney at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for all Plaintiffs in this matter. I submit this declaration in connection with Plaintiffs' Motion for Discovery Conference Regarding ▊.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently hereto.

3. A true and correct copy of GOOG-CENG-00426035 is attached as Exhibit A.

4. A true and correct copy of GOOG-CENG-00426626 is attached as Exhibit B.

5. A true and correct copy of GOOG-CENG-00416746 is attached as Exhibit C.

6. A true and correct copy of GOOG-CENG-00426593 is attached as Exhibit D.

7. A true and correct copy of GOOG-CENG-00407052 is attached as Exhibit E.

8. A true and correct copy of GOOG-CENG-00433910 is attached as Exhibit F.

9. A true and correct copy of GOOG-CENG-00426081 is attached as Exhibit G.

10. A true and correct copy of GOOG-CENG-00433641 is attached as Exhibit H.

11. The documents requested in Plaintiffs' motion are responsive to Plaintiffs' Requests for Production Nos. below. Google's responses can be found at Dkt. 47-1 (RFP 6–52), and at Exhibits I (RFP 78–79) and J (RFP 99):

   a. **RFP 6**: All documents concerning your policies, practices, and procedures concerning copyright infringement by Shopping Ads Merchants, including all versions and drafts of any Copyright Infringement Policy, DMCA Policy, and Repeat Infringer Policy you have; all documents concerning the development, implementation, and enforcement of any such policies, practices, and procedures; and all internal and external communications concerning any such policies, practices, and procedures.
   b. **RFP 7**: All documents concerning your policies, practices, and procedures concerning trademark infringement by Shopping Ads Merchants and the use of trademarks in Shopping Ads, including all versions and drafts of any such policies, practices, and procedures; all documents concerning the development, implementation, and enforcement of any such policies, practices, and procedures; and all internal and external communications concerning any such policies, practices, and procedures.
   c. **RFP 8**: All documents concerning any technological or other means or mechanisms you considered or implemented to address, limit, or prevent the use of Shopping Ads for products that infringe or may infringe rightsholders' copyright or trademarks.
   d. **RFP 9**: All documents constituting or concerning reports, studies, summaries, research, presentations, analyses, or similar documents concerning copyright and/or trademark infringement by Shopping Ads Merchants.
   e. **RFP 13**: All documents concerning policies, practices, and procedures that you considered, formulated, rejected, or adopted concerning actions to take in response to Infringement Notices.
   f. **RFP 15**: All documents constituting or concerning reports, studies, summaries, research, presentations, analyses, or similar documents concerning your processing of Infringement Notices or efforts to improve upon such processing.
   g. **RFP 45**: All documents concerning the Digital Books Shopping Ads Policy, including all versions and drafts of such policies, practices, and procedures; all documents concerning the development, implementation, and enforcement of such policies, practices, and procedures; and all internal and external communications concerning such policies, practices, and procedures.
   h. **RFP 52:** "All documents concerning your communications with the Association of American Publishers ("AAP") concerning the advertisement of digital books, ebooks, or infringing copies of publishers' books on Google Shopping"
   i. **RFP 78**: All documents constituting or concerning presentations, reports, studies, summaries, research, analyses, or similar documents concerning piracy and the impact of piracy on the Shopping platform, and Defendant's efforts to respond to the piracy, including piracy of ebooks or textbooks.

j. **RFP 79**: Documents sufficient to show any internal or third-party research or reports related to marketing, advertising, and providing eCommerce services to textbooks and eBooks merchants on the Shopping platform.

k. **RFP 99**: Documents sufficient to show changes or updates that Google made to its Shopping platform that concern the advertisement of books since the filing of this case, including the appearance of book-specific headings on the Shopping page, such as "Textbooks" and "Ebooks."

12. On November 6, 2025, Google provided hit counts for certain search terms it proposed regarding the Brand Portal initiative. On December 4, 2025, Google confirmed that it would not run searches or provide hit reports for Plaintiffs' Terms.

| Search Terms | Documents With Hits | Documents With Hits, Including Group |
|---|---|---|
| Brand w/2 Portal | 993 | 1,059 |
| Project w/2 (███████) | 9 | 9 |
| (███████) AND (Portal OR ███████) | 5,518 | 5,759 |
| (Brand w/2 Portal) AND ("digital book" OR ebook* OR e-book*) | 153 | 153 |

13. On September 3, 2024, Plaintiffs promptly requested in RFP 52 "All documents concerning your communications with the Association of American Publishers ("AAP") concerning the advertisement of digital books, ebooks, or infringing copies of publishers' books on Google Shopping" in Plaintiffs' First Set of Requests for Production.

14. On October 22, 2024, Plaintiffs specifically identified for Google certain personnel who were involved in these discussions, which included ███████ ███████. On November 4, 2024, for Google's convenience, Plaintiffs also provided the relevant email domain for AAP (@publishers.org).

15. On December 4, 2024, I received an email from Google's counsel that confirmed that for "Issue 8: RFP 52: Google will produce non-privileged documents and communications in

3

its possession, custody and control located after a reasonable search concerning Google's communications with the AAP regarding the Digital Books Shopping Ads Policy or the issue of infringing Shopping Ads for ebooks.".

16. On February 7, 2025, Plaintiffs formally requested that all the Google employees who were involved in the discussions with AAP, which included ▮▮▮▮, be treated as custodians. At the time, Plaintiffs were aware of Mr. ▮▮ only as a participant in the AAP discussions. On March 4, 2025, Google stated that it would only include ▮▮▮▮ as a custodian.

17. On March 7, 2025, after Plaintiffs' multiple requests for Google to explain why it chose Ms. ▮▮▮▮ were ignored, Plaintiffs agreed to include ▮▮▮▮. However, it was in both parties' understanding that "Defendant is willing to perform targeted collections on the other three proposed AAP custodians if Defendant's understanding changes, or if further developments indicate to Plaintiffs that other custodians should be added." 2025.03.07 O+Z Email ("Defendant refused to provide any explanation of its decision to choose ▮▮▮▮ over the other three proposed AAP custodians. However, in the spirit of moving forward, Plaintiffs will agree to Defendant's decision to include Ms. ▮▮ as a custodian, with the understanding that Defendant is willing to perform targeted collections on the other three proposed AAP custodians if Defendant's understanding changes, or if further developments indicate to Plaintiffs that other custodians should be added.").

18. After reviewing Google's custodial documents, most of which were produced on August 15, 2025 (then the deadline for document discovery), Plaintiffs observed that Mr. ▮▮ additionally was involved in monitoring the ebook "ban", the proposed re-entry initiative, and the Brand Portal project. Plaintiffs also observed that AAP-related communications that should have been produced with Ms. ▮▮▮▮ custodial production were not included in

the production. Accordingly, Plaintiffs reinitiated discussions with Google concerning the need for Mr. ▮ to be a custodian.

19. The parties have conducted at least six meet-and-confers that included a discussion of one or more issues raised in this motion. Since Google's August 2025 production, Plaintiffs have conferred with Google's counsel three times regarding these issues.

   a. The parties met and conferred on these October 17, 2024 at 2:00PM for one hour. The following attorneys participated: Plaintiffs' counsel: Jeff Kane, Kevin Lindsey, Uriel Lee, Michele Murphy; Google's counsel: Sara Sampoli, Sarah Tomkowiak, Holly Victorson.

   b. The parties met and conferred on November 14, 2024 at 1:00PM for an hour. The following attorneys participated: Plaintiffs' counsel: Jeff Kane, Uriel Lee, Michele Murphy; Google's counsel: Sara Sampoli and Holly Victorson.

   c. The parties met and conferred on February 27, 2025 from 1:30PM to 3:11PM. The attorneys that participated was Plaintiffs' counsel: Jeff Kane, Kevin Lindsey, Uriel Lee, Michele Murphy; Google's counsel: Laura Bladow, Sara Sampoli, Sarah Tomkowiak, Holly Victorson.

   d. The parties met and conferred on November 24, 2025 at 1:30PM for an hour and a half. The participating attorneys were: Plaintiffs' counsel: Jeff Kane, Uriel Lee, Michele Murphy; Google's counsel: Caroline Clarke, Sara Sampoli, Sarah Tomkowiak.

   e. The parties had another conferral on December 2, 2025 at 3:30PM for an hour. The participating attorneys were: Plaintiffs' counsel: Jeff Kane, Uriel Lee, Michele Murphy; Google's counsel: Caroline Clarke, Sara Sampoli, Sarah Tomkowiak.

    f.   The parties met and conferred for 30 minutes on December 9th. The participating attorneys were: Plaintiffs' counsel: Uriel Lee, Michele Murphy, Danae Tinelli; Google's counsel: Caroline Clarke, Laura Bladow, Roberto Bogert, Sarah Tomkowiak.

I declare under penalty of perjury that the foregoing is true and correct.

Executed December 17, 2025, in Washington, D.C.

                                                                                     /s/ *Jeff Kane*  
                                                                                     Jeff Kane