**Sarah Tomkowiak**
Direct Dial: 202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

December 21, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

  Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM

Dear Judge Moses,

  Pursuant to the Court's December 15, 2025 Order (Dkt. 441), the Parties write to update the Court regarding resolution of Defendant's November 18, 2025 discovery motion ("November 18 Motion") (Dkts. 287, 288).

  Plaintiffs provided Google with a detailed hit report on December 15, and Google responded that same day with a further revised set of proposed search terms in an effort to resolve the search term portion of Google's motion. Plaintiffs responded substantively on Friday, December 19 with updated hit counts and a counterproposal of search terms. Google responded that same day, agreeing to Plaintiffs running search strings 3-9 and 12 as proposed in Google's 12.15.25 email and search strings 10-11 and 13 as proposed in Plaintiffs' 12.19.24 email, if Plaintiffs would agree to run search string 2 as proposed in Google's 12.15.25 email. Plaintiffs responded substantively on Sunday, December 21, indicating that search string 2 is still too broad and burdensome but the parties should continue to see if a resolution can be reached.

  With respect to custodians, on December 15, Google proposed resolving the custodian portion of its motion with Plaintiffs' addition of three custodians: Dalton Hoffine (Cengage), Nick Terzian (McGraw Hill), and Susan Elbe (Macmillan). Plaintiffs responded substantively on Friday, December 19, proposing to add Mr. Terzian (McGraw Hill) and two additional McGraw Hill custodians previously proposed (Nicole Wheeler and Stacy Hansbury) to resolve both Google's November 18 motion and Google's Rule 37 motion (Dkt. 379). Google replied that same day explaining that it would be willing to agree to resolve the custodian portion of its November 18 Motion if McGraw Hill adds Mr. Terzian and Macmillan adds Ms. Elbe as custodians. On Sunday, December 21, Google stated that as of now, it is not willing to resolve its Rule 37 motion through McGraw Hill's addition of custodians. That same day, Plaintiffs responded that they maintain all proposed additional custodians, as well as the individuals that are the subject of Google's Rule 37 motion (Fred Koons and Angela Johns), are irrelevant or duplicative of existing custodians and that any resolution of these issues should include the Rule 37 motion.

LATHAM & WATKINS LLP

      The Parties have thus made progress, but have not yet been able to resolve Google's November 18 Motion. The Parties will continue to negotiate over the holidays and provide the Court with an update in the Status Report due on January 7.

                                                    Respectfully submitted,

                                                    */s/ Sarah A. Tomkowiak*
                                                    Sarah A. Tomkowiak (*pro hac vice*)
                                                    of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)