# EXHIBIT A
# [Redacted Version of Document Filed Under Seal]

| | |
|---|---|
| **From:** | Clarke, Caroline (NY) |
| **Sent:** | Friday, December 5, 2025 1:12 PM |
| **To:** | Uriel Lee; Sampoli, Sara (DC); Tomkowiak, Sarah (DC); Damle, Sy (DC-NY); Bladow, Laura (DC); Stillman, Alli (NY); Victorson, Holly (DC); Borgert, Roberto (DC) |
| **Cc:** | Jeff Kane; Michele Murphy; Danae Tinelli; Lauren Bergelson; Yunyi Chen |
| **Subject:** | RE: Cengage v. Google - Additional Custodians |

Counsel,

We write to correct a few of the errors in your email below. We will correct the balance in our opposition, should you continue to file this motion (which, for the reasons noted below, we believe is untimely, inappropriate, and not ripe for the Court).

**Brand Portal Search Terms**

We did not "start[] the Brand Portal search without Plaintiffs' confirmation or permission." We do not need your permission to run searches that we believe are appropriate. Further, Google was required to run the Brand Portal search terms it proposed to provide you with a hit count, which you requested and was provided to you on November 6th. While waiting to hear from you on this term for over ten days (not six days, as you represented below), we added these documents to our review population so our existing review team could determine responsiveness and privilege, so we could be prepared to produce by January 6th if the Parties reached an agreement. To be clear, we took this step in good faith so that these documents could be produced to Plaintiffs in a timely manner and by the current document discovery deadline. However, as we shared on the December 2nd conferral, we added an admin tag to these documents so they could be easily removed from a production. This was an effort to work with—not against—Plaintiffs, and any representation to the Court that it was not would be disingenuous.

Also, you are incorrect that Google has not provided hit counts on the Brand Portal search terms. Indeed, we provided the hit count for the second search terms string you intend to move on , and others that you requested, in my November 6th email. As we have stated, we do not believe these terms to be relevant to this issue. Further, we do have hit counts regarding the revised Brand Portal search terms sent on November 18th, and were prepared with them before the parties' November 24th and December 2nd conferrals. You did not request them. Google is willing to share this hit count report if Plaintiffs determine they will not file this motion and will negotiate with Google in good faith, as we believed we were doing for the past month.

█████

As we have stated several times, Plaintiffs have not justified their request to add Mr. ██ as a custodian. Still, in our November 12th email, we not only offered to add Search Term #5 for Mr. ██ and provided you a hit count, we also informed you that only 11 of those documents had already been produced, such that these would be new documents for Plaintiffs. We also stated in the December 2nd conferral that we had taken the time to review these documents at a high-level, and represented to you that we believed these documents would satisfy a purported gap related to AAP discussions (which Google still disputes).

We also write to clarify, as you failed to do below, that you only requested that Google run search terms #3-7 during our conferral on December 2nd. During the conferral, you moved on from this discussion without ever indicating that the parties were at an impasse.

Plaintiffs have had ample opportunity to seek to add Mr. ███ as a custodian. As you know, his name was first raised in the Spring. Your request to add him now, one month before the discovery cutoff, is gamesmanship.

**AAP Communications**

You have failed to share (in any conferral or in your December 4th email) what relief you are seeking with respect to AAP communications. Further, you misstated that Google has not provided hit counts in an attempt to resolve this dispute. As noted above, Google provided you with the hit count for Search Term 5 for Mr. ███.

We also never stated that 2021 was not within the relevant time period.

To the extent Plaintiffs file a motion on these issues, we request that you attach this correspondence as part of your exhibits.

Thanks,

Caroline

**Caroline Clarke**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.332.240.1457
C: +1.347.446.1349

---

**From:** Uriel Lee <ULee@oandzlaw.com>
**Sent:** Thursday, December 4, 2025 1:10 PM
**To:** Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Borgert, Roberto (DC) <Roberto.Borgert@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Yunyi Chen <YChen@oandzlaw.com>
**Subject:** Re: Cengage v. Google - Additional Custodians

\*==This message contains information that Google has designated Highly Confidential, Attorneys'-Eyes-Only, pursuant to a Protective Order==\*

Counsel,

We write in response to your December 4th 12:51AM email, as well as a follow up on what was discussed during our December 2nd meet-and-confer regarding Mr. ███, Brand Portal, and AAP communications.

Despite Plaintiffs' diligent efforts to work with Google to narrow searches for Mr. ███, it appears that the parties are at an impasse regarding Mr. ███'s unique and relevant role and the extent of the relevance of the Brand Portal initiative. Further, you once again have provided no reason explaining why running Search Term 5 across Mr. ███'s custodial documents will alleviate our concerns regarding the AAP communications. We still remain highly skeptical of your "comprehensive" custodial collection of Ms. ███, which continues to affect our decision to agree to simply run Search Term #5 across Mr. ███'s

custodial collection. Despite several meet-and-confers, the parties clearly cannot seem to move forward on these discussions, and as you have deemed it proper to move along with searches without Plaintiffs' confirmations, we will promptly ask the Court for relief and request Mr. ▓▓▓ to be added as a full custodian.

**Brand Portal Search Terms**

Plaintiffs will request the Court to compel Google to run the below search terms on all existing custodians and Mr. ▓ regarding Brand Portal, consistent with Plaintiffs' original proposal (2025.10.21 Email) that you rejected (2025.10.31 Email). You have not provided any hit reports, as Plaintiffs suggested, regarding the below search term. We will explain to the Court Google's proposed search term (2025.11.06 Latham Email), and why it is clearly deficient in capturing the relevant Brand Portal documents. We will also flag to the Court that Google started the Brand Portal search without Plaintiffs' permission or confirmation. We responded to your November 12th email in six calendar days—there was no reason as to why Google should have assumed that Plaintiffs would agree to any of the things listed in your email without our written confirmation or a meet-and-confer.

| Date Range | Search Term |
|---|---|
| January 1, 2020 through September 19, 2024 | (Brand w/2 Portal) AND (ebook* OR e-book* OR "digital book*" OR (digital* w/3 book*) OR "textbook* OR "text book*" OR (solution* w/2 manual*) OR "test bank" OR testbank OR publisher* OR pirate* OR piracy OR infring* OR "DMCA" OR "digital millennium copyright act" OR takedown OR remov* OR escal* OR cluster OR copyright* OR (infring* w/3 repeat*) OR trademark OR counterfeit* OR "allow list" OR "allowlist" OR "white list" OR "ban"  OR "shopping" OR PLA OR "paid ad" OR "paid ads" OR Cengage OR Macmillan OR McMillan OR Elsevier OR McGraw) |

| Date Range | Search Term |
|---|---|
| January 1, 2020 through September 19, 2024 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |

**Mr. ▓▓▓'s Role and Relevance**

Further, we will request that the Court add Mr. ▓▓▓ as a full custodian.

We will explain to the Court that we worked with you to attempt to narrow search terms for Mr. ▓▓▓, and that we believed that Google should run a limited set of search terms (Search Terms #3-7) through Mr. ▓▓▓'s documents, instead of a full custodial search. For your reference, in addition to the documents listed in our October 21, 2025 email, we will highlight GOOG-CENG-00452454 and others that further delineate Mr. ▓▓▓'s unique role as the main stakeholder for the "Shopping Ads Safety" team (a role that no existing custodian fills).

We will further explain to the Court that despite several meet-and-confers and correspondence, Google's position remained that only running Search Term #5 would be sufficient for Mr. ▓▓▓.

**AAP Communications**

Lastly, we will seek relief from the Court of ▇▇▇▇▇▇'s "comprehensive" custodial search, especially in regards to Search Term #5 of the AAP communications. We will explain to the Court that you tried to alleviate our concerns by running the same Search Term #5 across Mr. ▇▇'s documents, but that both Mr. ▇▇ and Ms. ▇▇ appear to have been involved in the same AAP discussions. We will emphasize that, despite our requests, you once again did not provide any reasons or hit reports on this issue.

We also note your odd position that "these discussions were from 2021", which clearly is within the relevant time period. The parties agreed that the relevant time period for Search Term #5 is January 1, 2020 through September 19, 2024.

Regards,
Uriel

---

**From:** Uriel Lee <ULee@oandzlaw.com>
**Date:** Tuesday, November 18, 2025 at 9:06 PM
**To:** Caroline.Clarke@lw.com <caroline.clarke@lw.com>, Laura Bladow <Laura.Bladow@lw.com>, Sy Damle <Sy.Damle@lw.com>, Sara Sampoli <Sara.Sampoli@lw.com>, Alli Stillman <Alli.Stillman@lw.com>, Sarah Tomkowiak <Sarah.Tomkowiak@lw.com>, Holly Victorson <Holly.Victorson@lw.com>
**Cc:** Jeff Kane <JKane@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Yunyi Chen <YChen@oandzlaw.com>
**Subject:** Re: Cengage v. Google - Additional Custodians

*==This message contains information that Google has designated Highly Confidential, Attorneys'-Eyes-Only, pursuant to a Protective Order==*

Counsel,

Please see the below in response to .

**Brand Portal Search Terms**

Plaintiffs do not agree with Google's proposed Brand Portal search term. Google's efforts to narrow the search terms simply to documents that mention "digital books" and ebooks ignores the fact that you yourself explained that Brand Portal was discussed "in connection with copyright infringement enforcement (mimicking tools that Google already had and still has today)" – which goes directly to Google's DMCA defense. See 2025.10.31 Latham Email. Thus, the Brand Portal search terms must, at the very least, also include mention of copyright enforcement. Please see below for our suggested search term for Brand Portal:

| Date Range | Search Term |
|---|---|
| January 1, 2020 through September 19, 2024 | (Brand w/2 Portal) AND (ebook* OR e-book* OR "digital book*" OR (digital* w/3 book*) OR "textbook* OR "text book*" OR (solution* w/2 manual*) OR "test bank" OR testbank OR publisher* OR pirate* OR piracy OR infring* OR "DMCA" OR "digital millennium copyright act" OR takedown OR remov* OR escal* OR cluster OR copyright* OR (infring* w/3 repeat*) OR trademark OR counterfeit* OR "allow list" OR "allowlist" OR "white list" OR "ban"  OR "shopping" OR |

| | |
|---|---|
| | PLA OR "paid ad" OR "paid ads" OR Cengage OR Macmillan OR McMillan OR Elsevier OR McGraw) |

Further, because the below search term appears to have hit only 9 documents, Plaintiffs suggest adding this term in addition to any agreed-upon Brand Portal terms. We also flag a space in between the first "▮" and "s" – please confirm if this was the correct search term that was run. *See* 2025.11.06 Latham Email.

| Date Range | Search Term |
|---|---|
| January 1, 2020 through September 19, 2024 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

**Additional Search Terms for ▮▮▮▮**

While Plaintiffs note Google's consideration in adding the existing search term #5 across Mr. ▮'s custodial documents, as we've previously noted, Mr. ▮'s involvement spans more expansively than just to Google's interactions with the AAP and Brand Portal. *See* 2025.10.21 O+Z Email (listing Mr. ▮'s involvement in more unique and discoverable documents besides the AAP meetings and the Brand Portal project).

In order to further narrow our request and create the appropriate search terms for Mr. ▮, please provide a hit count of all existing search terms (excluding search term #14) on Mr. ▮'s documents.

Regards,
Uriel

---

**From:** Caroline.Clarke@lw.com <Caroline.Clarke@lw.com>
**Date:** Wednesday, November 12, 2025 at 8:59 PM
**To:** Jeff Kane <JKane@oandzlaw.com>, Laura.Bladow@lw.com <Laura.Bladow@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>
**Cc:** Yunyi Chen <YChen@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** RE: Cengage v. Google - Additional Custodians

Counsel,

As agreed to in our conferral last week, Google has investigated additional search terms to add for a targeted review for ▮▮▮▮. Given our understanding of Mr. ▮'s role at Google and involvement in work relevant to this dispute, Google will agree to run existing search term 5 (copied below) across Mr. ▮'s custodial documents:

| Date Range | Search Terms | Hits (For ▮ Only) |
|---|---|---|
| January 1, 2020 through September 19, 2024 | (Cengage OR Macmillan OR Elsevier OR "McGraw Hill" OR "O+Z" OR "Oppenheim + Zebrak" OR Joint-legal-process@google.com OR "Association of American Publishers" OR AAP OR "@publishers.org" OR (Lui w/5 Simpson)) AND ("allow list" OR "allowlist" OR "white list" OR "ban" OR "ebook" OR "e-book" OR "digital book") | 354 |

Based on our investigation, these search terms will return 354 documents, of which only 11 have already been produced. We will review and produce responsive, non-privileged documents returned by these search terms, provided that Plaintiffs agree that the dispute regarding adding Mr. ▇ as a custodian is resolved. Further, we believe producing these documents should resolve Plaintiffs' concerns raised in your November 4th email regarding purported "missing communications with AAP." We disagree that Google has not satisfied its obligations to produce documents responsive to RFP 52. However, in an effort to avoid burdening the Court, we will produce these additional documents from Mr. ▇ to resolve the dispute regarding AAP communications.

Best,

Caroline

**Caroline Clarke**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.332.240.1457
C: +1.347.446.1349

---

**From:** Clarke, Caroline (NY)
**Sent:** Thursday, November 6, 2025 5:37 PM
**To:** 'Jeff Kane' <JKane@oandzlaw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>
**Cc:** Yunyi Chen <YChen@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
**Subject:** RE: Cengage v. Google - Additional Custodians

Counsel,

We write in response to your summary of the parties' conferral today about your requested additional Google custodians. We will write separately regarding Google's request for Plaintiffs to add additional custodians.

As you note, the parties discussed adding ▇, ▇, and ▇ as Google custodians. Regarding Mr. ▇ and Mr. ▇, we stated that the parties have discussed these two custodians for several months, and the parties agreed to ▇ as a custodian in place of Mr. ▇ and Mr. ▇ in March 2025. We stated that our position remains that Ms. ▇'s role sufficiently overlaps with Mr. ▇ and Mr. ▇'s roles with respect to the issues in dispute. Additionally, Google has already agreed to run targeted searches over Mr. ▇'s documents related to refinements/filtering (ST 14) and over Mr. ▇'s documents related to the Brand Portal. Regarding Mr. ▇, we stated that Plaintiffs unreasonably seek to add Mr. ▇ as a custodian to identify documents on topics that are already sufficiently covered by other custodians, including Ms. ▇ and Sajin Padiyath, such that the burden on Google would outweigh the needs of the case. Mr. ▇'s role as an engineer does not mean he would possess unique documents related to the issues in this case, and Google has already agreed to run targeted searches and produce documents from other engineers, including Christopher Weibel.

However, we agree that, to resolve this dispute without burdening the Court, the parties agreed that Google would add Mr. ▇ as a full custodian (along with ST 14, as previously agreed) in exchange for Plaintiffs withdrawing their request to add Mr. ▇ as a custodian. Regarding Mr. ▇, we reiterated our position that Google will not add him as a full custodian. However, Google agreed to propose discrete search terms to run over Mr. ▇'s documents for

Plaintiffs' review. We will circle back with these search terms and hit counts shortly, but below are the hit counts for Plaintiffs' proposed Brand Portal search terms and Google's proposed narrowed search term, the latter of which we agree to run (for only Mr. ▮). We have not agreed to run any search terms in Buganizer for Mr. ▮, and your request related to Buganizer can be addressed as part of the court-ordered Buganizer discussions.

| Search Terms | Documents With Hits | Documents With Hits, Including Group |
|---|---|---|
| Brand w/2 Portal | 993 | 1,059 |
| Project w/2 (▮) | 9 | 9 |
| (▮) AND (Portal OR ▮) | 5,518 | 5,759 |
| (Brand w/2 Portal) AND ("digital book" OR ebook* OR e-book*) | 153 | 153 |

As stated during our conferral and in our October 31st email, our understanding is that the "Brand Portal" was a proposed initiative not specific to copyright infringement and originally intended for Ads, not Shopping, such that the limiters we added are necessary to identify potentially responsive documents.

Thanks,

Caroline

**Caroline Clarke**
Pronouns: She/Her/Hers

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.332.240.1457
C: +1.347.446.1349

---

From: Jeff Kane <JKane@oandzlaw.com>
Sent: Thursday, November 6, 2025 3:06 PM
To: Bladow, Laura (DC) <Laura.Bladow@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>
Cc: Yunyi Chen <YChen@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>
Subject: Re: Cengage v. Google - Additional Custodians

Counsel,

We write to memorialize the results of today's meet-and-confer concerning Plaintiffs' request to add ▮, ▮, and ▮ as custodians.

The parties agreed that Google will include ▮ as a custodian, in exchange for which Plaintiffs will withdraw their request for Google to add ▮ as a custodian.

With respect to ▮, you represented that Google has collected his custodial documents, and has run certain search terms against those documents. You agreed to provide the details of those searches to Plaintiffs. Please do so promptly. Please also explain whether you plan on running search terms for documents stored in

the Google Buganizer where the "Reporter", "Assignee", or "CC" is ▇▇▇▇. The parties agreed to propose specific search terms to be run on Mr. ▇'s documents, in the hope of reaching an agreement.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com

---

**From:** Caroline.Clarke@lw.com <Caroline.Clarke@lw.com>
**Date:** Thursday, October 30, 2025 at 20:31
**To:** Uriel Lee <ULee@oandzlaw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>, Laura.Bladow@lw.com <Laura.Bladow@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>, Yunyi Chen <YChen@oandzlaw.com>
**Subject:** RE: Cengage v. Google - Additional Custodians

Counsel,

We have never suggested that Google and Plaintiffs' custodians must be "equal." If that were the case, Google would be seeking 56 total custodians—14 custodians for each Plaintiff Publisher—which is the only way this could be "equal" to the burden of Google collecting and producing from 14 existing custodians. We have not done so, and in fact stated at the hearing that while we do not expect custodians to be equal, we asked the Court to consider burden and proportionality. *See* Hr'g Tr. 51:3-18 (Oct. 14, 2025). The Court agreed this was an important consideration, and offered the possibility of cost-sharing to make sure requests for custodians and searches are not "overbroad" and based on a "hope and a prayer." *Id.* at 51:15-52:6. The Court explicitly stated she would consider imposing costs if Plaintiffs came back and asked for "three more custodians" shortly after she ordered Google to add seven custodians. *Id.* at 63:16-64:8.

We are available to meet and confer on Thursday, November 6 at 11am ET. Please send an invite. We expect you to send us Plaintiffs' substantive response to the sixteen custodians that Google requested over a month ago at least one day before the meet and confer so we can assess if Plaintiffs refuse to add all sixteen. Regarding proportionality, we note that Google has only asked each Plaintiff to add a comparatively small number of additional custodians that Google reasonably believes may possess unique documents and communications relevant to this case. We look forward to Plaintiffs' response on each, including those listed in our email from October 23rd, which we note was sent directly in response to information learned from Plaintiffs' Rog responses.

Thanks,

Caroline

**Caroline Clarke**
Pronouns: She/Her/Hers

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.332.240.1457
C: +1.347.446.1349

**From:** Uriel Lee <ULee@oandzlaw.com>
**Sent:** Thursday, October 30, 2025 11:39 AM
**To:** Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>; Yunyi Chen <YChen@oandzlaw.com>
**Subject:** Re: Cengage v. Google - Additional Custodians

Counsel,

We would like to meet and confer on the three custodians mentioned in my October 28th email, and can be prepared to discuss the 16 custodians Google has requested prior to the October 8th and October 14th discovery hearings if necessary. We've suggested new dates and times below. Please send a calendar invite for a time that works for your team:

- Tuesday, November 4 – 12:30-2:00; 3:00-4:00
- Wednesday, November 5 – 10:30-2:00
- Thursday, November 6 – 10:30-2:30
- 

With respect to the 16 proposed custodians, Plaintiffs will provide a substantive response prior to the meet-and-confer. As we discuss custodians, we emphasize that Google's previous complaints that the number of custodians must be "equal" for both parties have been swiftly dismissed by the Court. *See* Hr'g Tr. 50:17-25; 51:1 (Oct. 14, 2025). Moreover, Plaintiffs will not yet be prepared to discuss the new laundry list of individuals raised in Rose-Marie Jung's October 23, 2025 email. We will respond separately to that email.

Regards,
Uriel
Uriel Lee
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
ULee@oandzlaw.com | www.oandzlaw.com
▪ Connect with us on LinkedIn

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Caroline.Clarke@lw.com <Caroline.Clarke@lw.com>
**Date:** Wednesday, October 29, 2025 at 2:29 PM
**To:** Uriel Lee <ULee@oandzlaw.com>, Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Holly.Victorson@lw.com <Holly.Victorson@lw.com>,

9

Laura.Bladow@lw.com <Laura.Bladow@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Kevin Lindsey <KLindsey@oandzlaw.com>, Yunyi Chen <YChen@oandzlaw.com>
**Subject:** RE: Cengage v. Google - Additional Custodians

Counsel:

These custodians are the subject of three separate emails to us, all of which we will respond to in due course. However, if Plaintiffs would like to meet and confer on these three custodians separately from other issues, we would be happy to do so at the same time as a meet and confer on Google's requested custodians. Many of these custodians were requested by Google more than a month ago and Plaintiffs have yet to provide any substantive response.

Thanks,

Caroline

**Caroline Clarke**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.332.240.1457
C: +1.347.446.1349

---

**From:** Uriel Lee <ULee@oandzlaw.com>
**Sent:** Tuesday, October 28, 2025 5:18 PM
**To:** Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Kevin Lindsey <KLindsey@oandzlaw.com>; Yunyi Chen <YChen@oandzlaw.com>
**Subject:** Cengage v. Google - Additional Custodians

Counsel,

Plaintiffs request a meet-and-confer on the following dates regarding ▮▮▮▮▮▮▮, ▮▮▮▮▮▮, and ▮▮▮▮▮▮▮, all of whom Google should treat as custodians. We are available at the below times.

- Wednesday, October 29th, 10:30AM-2:00PM
- Thursday, October 30th, 10:30AM-4:30PM
- Friday, October 31st, 10:00AM-3:00PM

As we have provided *in detail* in prior emails, Google's documents have revealed that these individuals had highly relevant roles and would have unique, responsive documents that are not captured by the existing custodians. *See* 2025.09.22 O+Z Email; 2025.10.16 O+Z Email; 2025.10.21 O+Z Email; 2025.10.27 O+Z Email.

As we have already mentioned, Plaintiffs first raised Mr. ▮▮▮▮▮ and Mr. ▮▮ as far back as October 2024, and had formally suggested both in the parties' first custodial discussions in February 2025. Google unilaterally chose ▮▮▮▮▮▮▮ as a custodian, and never provided any explanation as to why she

10

was chosen over Mr. ▇▇▇▇ or Mr. ▇▇. 2025.03.04 Latham Email. In light of Google's productions, Plaintiffs would like to discuss Google's position on both custodians.

With respect to Mr. ▇▇▇▇▇, Plaintiffs learned of his existence solely from Google's custodial production, the majority of which was produced on August 15th. Instead of responding to anything substantive regarding his relevance or unique role as an engineer, Google replied that it would "not agree to unilaterally re-open custodial discovery or agree to add custodians piecemeal each time plaintiffs see a new name in Google's documents." 2025.10.06 Latham Email. This reply is absurd as Google *itself* has brought up a slew of *twenty-five* employees for the first time in discovery just last week. 2025.10.23 Latham Email.

Please provide your availability for a meet-and-confer.

Regards,

Uriel

Uriel Lee  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.480.2999
ULee@oandzlaw.com  |  www.oandzlaw.com
Connect with us on LinkedIn



---

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.