

Lauren Bergelson
461 5th Avenue, 19th Fl.
New York, NY 10017
Direct: 212.951.1872
lbergelson@oandzlaw.com

January 5, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Cengage Learning, Inc. et al., v. Google LLC*, No. 24-cv-04274-JLR-BCM: Non-Party BCGuardian, LLC's Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, non-party BCGuardian, LLC ("BCGuardian") submits this letter response in support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 482) and specifically seeks the Court's approval to redact portions of (i) Google's Memorandum of Law in Support of Defendant Google LLC's Objection to Discovery Order at Dkt. 441 (Dkt. 484) ("Google's Objection"), and (ii) Exhibit A to the Declaration of Sarah Tomkowiak (Dkt. 485-1) ("Exhibit A"), collectively (the "Documents").

**I.   Background**

Non-party BCGuardian is a private company that specializes in providing intellectual property protection and anti-piracy services to rightsholders. *See* Dkt. 408 at 3. By definition, its work is conducted confidentially and securely, using proprietary methods, to assist content owners with protecting and enforcing their IP rights against infringement, primarily in the digital space. Here, Plaintiffs' counsel also engaged BCGuardian to collect evidence and provide information and analysis to inform legal advice to Plaintiffs in connection with this and other cases. *See id.* The effectiveness and adequacy of BCGuardian's work would be greatly diminished if its methods, processes, and strategies were to become public. In this case, BCGuardian has also received and responded to a Rule 45 document subpoena from Google.

Portions of Google's Objection and Exhibit A, which is an excerpt of the December 15, 2025 Conference Hearing transcript, directly quote from and describe information designated by BCGuardian (and Plaintiffs) as Highly Confidential – Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82). The information at issue includes the highly sensitive terms of BCGuardian's contractual Statement of Work and excerpts from and descriptions of email chains and attachments describing and revealing aspects of BCGuardian's proprietary anti-piracy work. This information was designated as Highly Confidential – Attorneys' Eyes Only or

Confidential because it could, if disclosed, "create a substantial risk of [significant] harm to the business, commercial, financial, competitive, or personal interests" of BCGuardian. *See* Dkt. 82 ¶¶ 2-3.

The undersigned law firm, which is counsel for BCGuardian and Plaintiffs in this action, conferred with Google's counsel about the information at issue on December 26, 2025, and by follow-up email on December 29, 2025 (providing transcript redactions). Google did not state whether it takes a position on these sealing requests beyond stating in its Letter Motion to File Sealed and Redacted Documents that it "files this motion solely based on Plaintiffs' position that the information contained in these materials is confidential and must be sealed." Dkt. 482 at 1.

## II.   Legal Standard

BCGuardian's redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). There, the Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119−20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264 at *3 (S.D.N.Y. June 17, 2020). That is especially true when it comes to a non-party, like BCGuardian.

## III.   The Highly Confidential-Attorneys' Eyes Only and Confidential Material At Issue Should Be Redacted

BCGuardian's redaction request concerns material that discloses or discusses highly-confidential, commercially sensitive, and/or proprietary details about BCGuardian's anti-piracy processes for monitoring, detecting, enforcing, and analyzing infringement, including work done on behalf of Plaintiffs. If made public, this material could undermine BCGuardian's effectiveness in battling infringement and piracy and undermine its competitiveness as an anti-piracy and intellectual property protection specialist.

The Documents describe and directly quote from BCGuardian's Statement of Work entered into with Plaintiffs as well as certain emails and attachments that describe and reveal aspects of BCGuardian's proprietary anti-piracy work. The confidential material at issue here is the same as, or comparable to, material that BCGuardian and Plaintiffs requested remain confidential in prior sealing requests (Dkts. 297 and 364, and Dkts. 298 and 365, respectively), which the Court granted (Dkt. 471). This material should be redacted for the same reasons.

The Protective Order clearly contemplates protecting these types of documents. Dkt. 82 ¶ 3. Specifically, the Protective Order outlines categories of material that warrant protection, including "proprietary and non-public intellectual property," "proprietary . . . research and

development," and "agreements or similar documents requiring highly confidential treatment." *Id*. The Statement of Work and contents of these documents plainly fall within those categories.

In addition, courts in this district have recognized the need to keep proprietary and business information confidential. *See, e.g.*, *Farsura v. QC Terme US Corp.*, 2025 WL 267573, at *12 (S.D.N.Y. Jan. 17, 2025) (sealing details of a party's "business strategy, including contracts"); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information,"); *EFT Servs., LLC v. I-POS Sys. LLC*, 2025 WL 1752144, at *4 (S.D.N.Y. June 25, 2025) (permitting "redactions related to . . . proprietary information and trade secrets" to stay in place); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access"). This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). BCGuardian can demonstrate a valid need, as public disclosure of this confidential information would reveal sensitive business practices of a non-party and create substantial risk of harm to BCGuardian (and Plaintiffs). Indeed, if disclosed, others could use the highly-confidential information and related trade secrets for illegal or unlawful purposes, including in furtherance of infringing activities, and competitors could unfairly compete with BCGuardian.

Courts in this district have also acknowledged the unique sensitivities inherent in deciding whether to disclose non-parties' confidential documents, explaining that "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *see also U.S. v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (internal quotations omitted). Accordingly, BCGuardian's highly-confidential and sensitive material should be redacted here.

### IV. Non-Party BCGuardian's Request is Narrowly Tailored to Serve the Purpose that Requires the Redaction

BCGuardian's request is narrowly tailored to redact information revealing highly sensitive information about BCGuardian's work that case law in this district, a prior Order issued in this case, and the Protective Order support keeping confidential. Accordingly, BCGuardian respectfully submits this letter response explaining the need to redact portions of the Documents filed by Google, the disclosure of which would create a substantial risk of harm to it.

We thank the Court for considering this request.

Respectfully,

/s/ *Lauren Bergelson*

Lauren Bergelson

cc: All Counsel of Record (via ECF)