

Michele Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

January 5, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 482) (the "Letter Motion") and specifically seek the Court's approval to redact specific portions of (i) Google's Memorandum of Law in Support of Defendant Google LLC's Objection to Discovery Order at Dkt. 441 (Dkt. 484) ("Google's Objection"), and (ii) Exhibit A to the Declaration of Sarah Tomkowiak (Dkt. 485-1) ("Exhibit A"), collectively (the "Documents").

**I.   Background**

Portions of Google's Objection and Exhibit A, which is an excerpt of the December 15, 2025 Conference Hearing transcript, directly quote from, describe, and discuss information designated by Plaintiffs (and non-party BCGuardian, LLC ("BCGuardian")) as Highly Confidential-Attorneys' Eyes Only or Confidential pursuant to the Protective Order. *See* Dkt. 82 ¶¶ 2, 3. The information that Plaintiffs request remain sealed includes: information contained in Plaintiffs' attorney declaration that discusses specific anticipated litigation involving a third party, which the Court specifically permitted Plaintiffs to file under seal (Dkt. 381); specific details and/or excerpts from Plaintiffs' Supplemental Privilege Log dated November 19, 2025; confidential information that sheds light on Plaintiffs' and a third party's anti-piracy enforcement efforts; and non-party BCGuardian's proprietary anti-piracy work (as discussed in BCGuardian's concurrently filed letter in support of Google's sealing motion).

The undersigned law firm, which is counsel for Plaintiffs and BCGuardian in this action, conferred with Google's counsel about the information at issue on December 26, 2025, and by follow-up email on December 29, 2025 (providing transcript redactions). Google did not state whether it takes a position on these sealing requests beyond stating in its Letter Motion that it "files

this motion solely based on Plaintiffs' position that the information contained in these materials is confidential and must be sealed." Dkt. 482 at 1.

## II.     Legal Standard

Plaintiffs' redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Moreover, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). And, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III.    The Highly Confidential-Attorneys' Eyes Only and Confidential Material At Issue Should Be Redacted

First, both Google's Objection and Exhibit A reveal information contained in the Declaration of Michele H. Murphy (Dkt. 390) that the Court ordered could be filed under seal (Dkt. 381). The attorney declaration contains information about anticipated litigation by a third party. Plaintiffs had previously sought permission to file the declaration *in camera,* but the Court ruled that Plaintiffs' concerns could be addressed by the filing of the declaration under seal (and by Google's inability to use the information "it learns from that declaration for any purpose other than its pending motion challenging plaintiffs' privilege log and seeking the production of documents withheld as privileged"). Dkt. 381 at 5. Therefore, the information in the Documents revealing the contents of this attorney declaration should likewise remain sealed.

Second, portions of Google's Objection and Exhibit A directly quote from, describe, or discuss specific details from Plaintiffs' confidential privilege log. These details disclose sensitive information about Plaintiffs' and a third party's legal activities, including filenames and descriptions of withheld documents that reveal confidential information from which one can glean sensitive insights about these parties' legal activities, and should not be made public. Courts in this district have recognized the importance of keeping information in privilege logs confidential. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted in its entirety). Indeed, the Court has ruled that earlier iterations of Plaintiffs' privilege log could be filed under seal (Dkt. 471) and should do the same here.

Third, certain material at issue should be redacted because it discloses highly sensitive information about Plaintiffs' and a third party's anti-piracy efforts, as well as the commercially sensitive work of non-party BCGuardian. BCGuardian is a private company that specializes in

providing intellectual property protection and anti-piracy services to rightsholders. *See* Dkt. 408 at 3. Here, Plaintiffs' counsel engaged BCGuardian to collect evidence and provide information and analysis to inform legal advice to Plaintiffs in connection with this and other cases. *See id.* The confidential material at issue is the same as, or comparable to, material that Plaintiffs and BCGuardian requested remain confidential in prior sealing requests (Dkts. 298 and 365, and Dkts. 297 and 364, respectively), which the Court granted (Dkt. 471). In addition to revealing information about Plaintiffs' confidential strategies, if made public, the disclosure of the information could enable bad actors to take steps to evade detection and further infringe. Certain information also threatens the privacy interests of non-parties. Further, portions of Google's Objection and Exhibit A excerpt and describe the confidential Statement of Work entered into by Plaintiffs and BCGuardian, as further discussed in BCGuardian's concurrently filed letter response. *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information," including "proprietary internal analyses,"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

### IV. Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires the Redaction

Plaintiffs' request is narrowly tailored to redact confidential and sensitive information that case law in this district, prior Orders of the Court, and the Protective Order support keeping confidential. Specifically, Plaintiffs ask the Court to redact only limited portions of Google's Objection and Exhibit A to protect highly-confidential, sensitive, and/or proprietary information of Plaintiffs, BCGuardian, and a non-party, the disclosure of which would create a substantial risk of harm to these parties.

In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter response explaining the need to redact portions of the Documents filed by Google.

We thank the Court for considering this request.

Respectfully,

*/s/ Michele Murphy*

Michele Murphy

cc:    All Counsel of Record (via ECF)