

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

January 12, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:    ***Cengage Learning, Inc., et al. v. Google LLC***, No. 24-cv-04274-JLR-BCM: Plaintiffs'
Letter Motion to Redact Plaintiffs' Memorandum of Law in Opposition to
Defendant's Objection to Discovery Order at Dkt. 441

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Plaintiffs submit this letter motion requesting approval from the Court to redact Plaintiffs' Memorandum of Law in Opposition to Defendant's Objection to Discovery Order at Dkt. 441 (Dkt. 484) ("Plaintiffs' Memo of Law in Opp.").

## I.    Background

Portions of Plaintiffs' Memo of Law in Opp. contain information designated by Plaintiffs (and non-party BCGuardian, LLC ("BCGuardian")) as Highly Confidential-Attorneys' Eyes Only or Confidential pursuant to the Protective Order. *See* Dkt. 82 ¶¶ 2, 3. The information that Plaintiffs request remain sealed includes: information contained in Plaintiffs' attorney declaration that discusses specific anticipated litigation involving a third party, which the Court specifically permitted Plaintiffs to file under seal (Dkt. 381); specific details and/or excerpts from Plaintiffs' Supplemental Privilege Log dated November 19, 2025; and specific details and/or excerpts from the contractual Statement of Work entered into by Plaintiffs and BCGuardian.

## II.    Legal Standard

Plaintiffs' redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id.* at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times*

*Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Further, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). And, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III.    The Highly Confidential-Attorneys' Eyes Only and Confidential Material At Issue Should Be Redacted

First, like Google's Memorandum of Law in Support of Defendant Google LLC's Objection to Discovery Order at Dkt. 441 (Dkt. 484) and Exhibit A to the Declaration of Sarah Tomkowiak (Dkt. 485-1) ("Exhibit A") filed therewith, which Plaintiffs requested remain confidential (Dkt. 498), Plaintiffs' Memo of Law in Opp. also reveals information contained in the Declaration of Michele H. Murphy (Dkt. 390) that the Court ordered could be filed under seal (Dkt. 381). As discussed in Plaintiffs' recent sealing request (Dkt. 498), the attorney declaration contains information about anticipated litigation by a third party. Plaintiffs had previously sought permission to file the declaration *in camera,* but the Court ruled that Plaintiffs' concerns could be addressed by the filing of the declaration under seal (and by Google's inability to use the information "it learns from that declaration for any purpose other than its pending motion challenging plaintiffs' privilege log and seeking the production of documents withheld as privileged"). Dkt. 381 at 5. As follows, the information in Plaintiffs' Memo of Law in Opp. disclosing the contents of this attorney declaration should also remain sealed.

Second, portions of Plaintiffs' Memo of Law in Opp. directly quote from or describe specific details from Plaintiffs' Supplemental Privilege Log dated November 19, 2025. The material at issue discloses confidential information about Plaintiffs' and a third party's legal activities, including descriptions of withheld documents that reveal confidential information from which one can glean sensitive insights about these parties' legal activities, and should not be made public. Courts in this district have recognized the importance of keeping information in privilege logs confidential. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted in its entirety). As discussed in Plaintiffs' recent sealing request (Dkt. 498), the Court has ruled that earlier iterations of Plaintiffs' privilege log could be filed under seal (Dkt. 471) and should do the same here.

Lastly, certain material at issue should be redacted because it discloses the commercially sensitive and confidential proprietary information of non-party BCGuardian. BCGuardian is a private company that specializes in providing intellectual property protection and anti-piracy services to rightsholders. *See* Dkt. 408 at 3. Plaintiffs' counsel engaged BCGuardian to collect evidence and provide information and analysis to inform legal advice to Plaintiffs in connection with this and other cases. *See id.* The confidential material at issue is the same as, or comparable to, material that BCGuardian requested remain confidential in prior sealing requests (Dkts. 297 and 364), which the Court granted (Dkt. 471), and material that Plaintiffs and BCGuardian requested remain confidential in recent sealing requests that remain pending (Dkts. 497 and 498).

In particular, portions of Plaintiffs' Memo of Law in Opp. excerpt and discuss specific details from the highly confidential contractual Statement of Work entered into by Plaintiffs and BCGuardian. These portions should remain confidential for the same reasons discussed in Dkts. 297, 364, 497, and 498. Such reasons include, but are not limited to, (i) the fact that this material is the type of information the Protective Order intends to protect (Dkt. 82 ¶ 3), (ii) the disclosure of this information could undermine BCGuardian's effectiveness in battling infringement and piracy and undermine its competitiveness as an anti-piracy and intellectual property protection specialist, and (iii) courts in this district have acknowledged the significance of keeping proprietary information, like the material at issue here, confidential. *See, e.g., Farsura v. QC Terme US Corp.,* 2025 WL 267573, at *12 (S.D.N.Y. Jan. 17, 2025) (sealing details of a party's "business strategy, including contracts"); *EFT Servs., LLC v. I-POS Sys. LLC,* 2025 WL 1752144, at *4 (S.D.N.Y. June 25, 2025) (permitting "redactions related to . . . proprietary information").

### IV. Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires Redacting

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that a prior Order issued in this case, cases in this district, and the Protective Order support keeping confidential. Specifically, Plaintiffs ask the Court to redact only limited portions of Plaintiffs' Memo of Law in Opp. to protect highly confidential, sensitive, and/or proprietary information of Plaintiffs, BCGuardian, and a third party, the disclosure of which would create a substantial risk of harm to these parties.

In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter motion explaining the need to redact portions of Plaintiffs' Memo of Law in Opp.

We thank the Court for considering this request.

Respectfully,

*/s/ Michele Murphy*

Michele Murphy

cc:  All Counsel of Record (via ECF)