

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

January 19, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

    Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
             Parties' Joint Status Letter

[Redacted]

Dear Judge Moses,

    Pursuant to Your Honor's Order (Dkt. 510) and in advance of the upcoming January 20, 2026 discovery conference ("Hearing"), counsel for all parties respectfully submit this Joint Status Letter.

I.    **Joint Section**

    The discovery motions pending before the Court are identified in the below chart.

| Motion | Motion Papers Dkt. Nos. |
| --- | --- |
| Def's Dec. 5 Motion re: Spoliation **(Dkt. 379)** | Dkts. 379 (Opening), 407, 410, 412 (Opp.), 429–430 (Reply) |
| Pls' Dec. 9 Motion re: Verification **(Dkt. 389)** | Dkts. 389, 419, 420 (Opening), 444, 447 (Opp.), 464 (Reply) |
| Pls' Dec. 17 Motion re: Additional Custodian **(Dkt. 455)** | Dkts. 455–456 (Opening), 475 (Opp.), 479 (Reply) |

    As discussed during the January 13 hearing, the parties also will be prepared to discuss the discovery schedule. For efficiency, the parties respectfully direct the Court to the Joint Status Letter filed on January 7, 2026 (Dkt. 502) for the status of the discovery motions listed above and other discovery updates. In this Joint Status Letter, the parties have not repeated those updates.

II.    **Plaintiffs' Section**

**Plaintiffs' Document Productions**

    With the resolution of Google's Dkt. 287 motion, Plaintiffs are reviewing documents based on the new agreed search-terms for 24 custodians. This involves tens of thousands of documents. Plaintiffs previously agreed to add certain custodians with a February 6 production date. However,

Plaintiffs later agreed to add additional custodians and search-terms to resolve Dkt. 287. If the Court is inclined to grant Google's request to extend the fact discovery deadline, Plaintiffs anticipate requesting a modest extension to complete this review.

Plaintiffs also continue to perform the labor-intensive review required to comply with the Dkt. 492 Order regarding matching works-in-suit (of which there are over 7,000) to screenshots Plaintiffs produced. Plaintiffs continue to devote substantial resources to this process. Based on recent feedback from Plaintiffs' e-discovery vendor, Plaintiffs plan to request a short extension, until February 6, to complete this exercise. Plaintiffs requested Google's consent this morning and are awaiting its response.

Google notes that on January 8, McGraw Hill provided notice pursuant to the Protective Order that documents at PL0000795159, PL0000795154, PL0000795155 resulted in the disclosure of protected work product. As Plaintiff has explained, these are spreadsheets created because of litigation (not this case) and disclosed to McGraw Hill's own vendor for sending notices (Corsearch) and thus not likely to fall into adversaries' hands. Upon Google's counsel's inquiry, Plaintiffs' counsel further explained that there had been a misunderstanding concerning the origin and nature of the documents. Plaintiff has made no affirmative use of these documents. In negotiating the Protective Order, the parties specifically agreed that if production of privileged material occurs, the provisions of Fed. R. Evid. 502(b) do not apply. Dkt. 82 ¶ 26. If it would be helpful, Plaintiff suggests discussing at the hearing the fact that excerpts from two of these documents were previously filed at Dkt. 338-1, before Plaintiffs' counsel had the correct understanding.

Google also raises an issue regarding its Interrogatory 1. The parties negotiated extensively to reach a resolution concerning this interrogatory, among other premature contention interrogatories issued by Google. Plaintiffs agreed to provide a list of the beginning Bates numbers on the copyright registrations and chain-of-title documents, including the author agreement when the author is listed as the copyright claimant on the copyright registration certificate, for the works-in-suit listed on Amended Exhibit A to the Complaint. Later, the parties reached a separate resolution regarding registrations and author agreements related to *prior editions* of the works-in-suit, which Plaintiffs contested need not be produced in the first instance. At the time the parties reached the agreement Google mentions herein, Google had never asked, and Plaintiffs never agreed, to catalog the beginning Bates numbers for *prior edition* documents. Google is once again attempting to change an agreement the parties reached long ago, this time in an effort to avoid using further interrogatories and burden Plaintiffs.

**Google's Document Productions**

Google again claims to have produced more than 80,000 documents. This statement is misleading for the reasons explained in the parties' prior Joint Status Report, Dkt. 502 at 3.

Plaintiffs are reviewing the productions Google made in response to the Court's recent orders. Dkts. 217, 221, 359, 441, 472. So far it appears Google's productions lack documents that one would expect the productions to include, and contain documents that should have been included in Google's original productions.

Google's productions contain very few documents on several important topics and from several important custodians. For example, Google had a ████████████████████████

███████████████████████████████████████████████████████████████████ Dkt. 185 at 5. The Court thus ordered Google to deploy certain search-terms on all custodians. Dkt. 221(b)(i), (ii). But Google's productions since the Court's October order contained *no* documents for the ███ ███████ term. Likewise, the listserv █████████████████ returned only 42 documents (with families), and custodian ██████████ had only eighteen documents (with families).

In addition, Google's productions on and leading up to the January 6, 2026 document production deadline included hundreds of custodial documents that should have been produced in Google's original August 15, 2025 productions. The parties agreed on a set of custodians and search-terms by May 2025 (Dkt. 176 ¶ 23), to be produced by August 15, 2025 (Dkt. 110 ¶ 7(a)(ix)). Subsequently, the Court ordered Google to produce documents resulting from additional search-terms and custodians, most of which were due January 6, 2026. Dkts. 217, 221, 359, 441, 472. But hundreds of documents in Google's January 6 productions hit on the search-terms and custodians that Google should have produced by August 15.

Google's production issues were exacerbated by the fact that at least twice, *Plaintiffs* discovered that Google has used the wrong search-terms. While Google claims it has now corrected these errors (25.12.03 Latham Email; 26.01.09 O+Z Email), these issues call into question the reliability of Google's document review.

Further, important gaps remain in Google's productions, which have not been corrected since the last status report. Dkt. 502 at 2. Plaintiffs continue to confer with Google regarding several other issues, including:

- Information Google collected and evaluations Google conducted concerning the pirates who infringed Plaintiffs' works;
- Documents concerning Google's reactivation of suspended merchants;
- Issues with Google's withholding and redacting documents for privilege, and insufficient descriptions in Google's privilege logs to date; and
- Google's refusal to produce documents in response to Plaintiffs' Fifth RFP.

## III.  Defendant's Section

*Document Discovery.*  Since the January 7 status report, Google made one targeted reproduction of 11 documents (29 pages).  Google's total production, excluding reproductions, remains substantial at 81,629 documents—over 609,000 pages.  Google is on track to meet all other Court-ordered production deadlines.

Plaintiffs' representations regarding Google's custodial document productions are not only inaccurate, but also inappropriately raised to the Court in this Joint Status Letter, as the parties themselves have not discussed several of these issues.

<u>First</u>, Plaintiffs for the first time identify their concern about the "high confidence" search term, listserv, and number of documents for one agreed-upon custodian.  Google reiterates that it ran the Court-ordered search terms across all agreed-upon or ordered custodians, and produced responsive, non-privileged documents.  When the "high confidence" search term was discussed at the October 14 hearing, Google shared the low hit count for this search term, and as such it should not be surprising to the Court or to Plaintiffs that it did not hit on many responsive documents.

Second, Plaintiffs for the first time identify alleged gaps in Google's January 6, 2026 production, leaving Google no opportunity to investigate Plaintiffs' allegations before filing this Joint Status Letter or before tomorrow's hearing (the parties exchanged drafts of their respective sections at 2 p.m. ET today, and agreed to exchange revised sections by 5 p.m. ET). Google will investigate the issues Plaintiffs raise, but note that regardless, Plaintiffs now have all documents they complain about.

Google continues to work with Plaintiffs to try to resolve several alleged "deficiencies" (which are really requests for additional documents). Google notes that Plaintiffs have rejected several reasonable compromises that Google has offered on these issues and insist that Google produce all documents and data that Plaintiffs suspect (without sufficient reasoning or justification) may be responsive to their fishing expedition. Google reserves further statements on these issues for briefing if the parties cannot reach a compromise.

*Plaintiffs' Clawback of Filed Documents.* On January 8, 2026, Plaintiffs sent a clawback notice regarding three documents produced at PL0000795159, PL0000795154, and PL0000795155. In response to that notice, Google agreed to destroy all copies of PL0000795159 but noted that Plaintiffs had previously instructed Google to file PL0000795154 and PL0000795155 under seal in connection with Dkt. 337, Google ultimately filed those documents with Plaintiffs' permission, those documents had been on the docket for more than six weeks, the parties and the Court discussed those documents at the December 15 Hearing, and Google referenced the documents in its Objection to the Court's December 15 Order. Plaintiffs maintain that, despite their use in the case, PL0000795154 and PL0000795155 can still be clawed back. Google is in the process of complying with the Protective Order but disputes that Plaintiffs' clawback of PL0000795154 and PL0000795155 is appropriate given the circumstances and is currently evaluating whether to formally challenge Plaintiffs' clawback.

*Plaintiffs' Response to Google's Interrogatory No. 1.* On April 23, 2025, Plaintiffs agreed to provide a list of the beginning Bates numbers on the copyright registrations and author agreements Plaintiffs have produced for the corresponding titles on Exhibit A to the Amended Complaint, as a part of their response to Google's Interrogatory No. 1. Google accepted this offer on May 12, 2025, with the understanding that Plaintiffs' response would catalog *all* copyright registrations and author agreements that Plaintiffs have produced, including those registrations and agreements that cover prior editions of the works on Exhibit A. Plaintiffs now dispute the scope of their obligations under this prior agreement and have refused to identify beginning Bates numbers for copyright registrations and author agreements that cover prior editions of the works on Exhibit A. Google is currently evaluating whether to bring the dispute to the Court.

*Plaintiffs' Discovery Extension Request.* Plaintiffs have requested a second extension to identify which screenshots they have produced correspond to which works-in-suit.

Google previously agreed to extend Plaintiffs' deadline from January 6 to January 23. *See* Jan. 7, 2026 Order (Dkt. 499). Plaintiffs have had three months to compile this information. *See* Oct. 9, 2025 Order (Dkt. 217). Presumably they have made progress. To afford Google sufficient time to review this information, Google's position is that Plaintiffs should provide what they have by January 23, and supplement their response by February 6.

                                                                         Respectfully submitted,

| /s/ *Sarah A. Tomkowiak* | /s/ *Michele H. Murphy* |
|---|---|
| Sarah A. Tomkowiak | Michele H. Murphy |
| Latham & Watkins LLP | OPPENHEIM + ZEBRAK, LLP |
| *Counsel for Google* | *Counsel for Plaintiffs* |