IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 24-cv-04274-JLR-BCM<br><br>[Redacted] |

**Declaration of Attorney Jeff Kane in Support of
Plaintiffs' Letter Motion for Discovery Conference re
Google's Treatment of Shopping Notices as Search Notices**

1. I am an attorney at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for all Plaintiffs in this matter. I submit this declaration in connection with Plaintiffs' Letter Request for Discovery Conference re Google's Treatment of Shopping Notices as Search Notices.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently hereto.

3. Attached as Exhibit 1 is an example of an infringement notice that one Plaintiff, Elsevier Inc., sent to Google (PL0000185973; PL0000185974; PL0000185976). Both the cover letter to the notice (Ex. 1(a) (PL0000185974)) and the accompanying list of infringing Shopping ads (Ex. 1(b) (PL0000185976)) state multiple times that the notice pertains to the *Shopping* platform.

4. I reviewed data that Google produced indicating whether Google classified incoming notices as pertaining to its Shopping platform, or to its Search platform.[1] Using data from one of

---

[1] This data came from the following files: GOOG-CENG-00380265, GOOG-CENG-00380266, GOOG-CENG-00380267, GOOG-CENG-00380268, GOOG-CENG-00392939, GOOG-CENG-00392940, GOOG-CENG-00403539, GOOG-CENG-00403540, GOOG-CENG-00403541, GOOG-CENG-00403542, GOOG-CENG-00403543, GOOG-CENG-00403544, GOOG-CENG-00403545, and GOOG-CENG-00404296.

1

the vendors who sent notices on behalf of Plaintiffs,[2] I identified ▮ notices from Plaintiffs, comprising ▮▮▮▮, that are included in Google's data. Of those, ▮ notices, comprising ▮▮ URLs, incorrectly are classified as "Web Search" or "Computer Engine" in the "product" field. Thus, ▮ of the notices, and ▮ of the URLs contained in those notices, incorrectly are labeled as either "Web Search" or "Computer Engine," rather than "Shopping".

5. During a meet-and-confer, Google represented that when a rightsholder submits a notice via email (rather than through the webform), Google personnel manually classify the notice as associated with a particular platform.[3] Thus, where Google's data reflects a *Shopping* notice from Plaintiffs as being a *Search* notice, a person at Google classified it as such. Google speculates that for *all* of the Plaintiffs notices that Google personnel classified as *Search* notices, Google nonetheless *processed* the notice as a *Shopping* notice. During the meet-and-confer, Google suggested (as it had previously) that to test this theory, one could check whether the Case ID assigned to the notice appears in Google's ▮▮▮▮.

6. For the ▮ notices that Google's data classified as pertaining to "Web Search" or "Computer Engine" rather than "Shopping," I performed the check that Google suggested. I searched Google's ▮▮▮▮▮▮ to see whether the Case IDs Google assigned to those notices appear in the there. I found that ▮ of the Case IDs assigned

---

[2] PL0000535577 and PL0000543994.

[3] Counsel for the parties conducted a meet-and-confer on this issue on January 9, 2026. The following attorneys participated: Jeff Kane, Uriel Lee, and Michele Murphy (Plaintiffs' counsel); Laura Bladow and Sara Sampoli (Google's counsel). The conferral lasted approximately twenty minutes. In addition, counsel for the parties met and conferred on this issue on December 10. The participants were: Jeff Kane, Uriel Lee, and Michele Murphy (Plaintiffs' Counsel); Sara Sampoli, Sarah Tomkowiak (Google's counsel). That conferral lasted approximately forty minutes.

to those ▮ notices did *not* appear in the ▮ I provided a list of these Case IDs to Google's counsel on ▮.

7. Google provided "historical" versions of the ▮ (GOOG-CENG-00439609 through GOOG-CENG-00439618), i.e., versions of the ▮ dated at ten prior intervals. I likewise searched these prior version for the ▮ Case IDs that Google incorrectly classified as "Web Search" or "Computer Engine." Of the ▮ Case IDs, I did not find any appearing in the prior versions of the ▮ that did not also appear in the most recent version (GOOG-CENG-00439752.C).

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed January 19, 2026, in Washington, D.C.

/s/ Jeff Kane
Jeff Kane