**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

January 20, 2026

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re: *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
Defendant Google LLC's Letter Motion for Leave to File Reply in Support of Rule 72 Objection to Discovery Order at Dkt. 441

Dear Judge Rochon:

We represent Defendant Google LLC in the above captioned matter. Google respectfully requests leave to file the attached reply brief in support of its Rule 72 Objection to the Magistrate Judge's December 15, 2025 Order (Dkts. 483, 484). A district court has discretion to permit a party to file a reply brief in support of Rule 72 objections. *See, e.g.*, *Chelsea Hotel Owner LLC v. City of New York*, 2025 WL 880530, at *1 n.1 (S.D.N.Y. Mar. 21, 2025), *reconsideration denied*, 2025 WL 1603918 (S.D.N.Y. June 6, 2025). A reply is warranted here for several reasons.

First, a reply will facilitate the Court's review by permitting Google to address Plaintiffs' flawed legal analysis about the common interest and co-client privileges, and their applicability to the withheld communications. For example, Plaintiffs argue in Opposition that they have a shared legal interest beyond their status as co-parties in this case, but they fail to identify any such interest. Dkt. 507 at 14. As another example, Plaintiffs cite a case from this Court as support for their expansive view of the common interest privilege (and say Google should be sanctioned for failing to address it in the first place), but they ignore that in that case, the parties did not dispute the existence of a shared legal interest. Dkt. 507 at 10-11.

Second, a reply will allow Google to address Plaintiffs' work product-related arguments, including that Google waived arguments regarding Plaintiffs' work product assertions by failing to raise them in Google's initial Letter Motion. Dkt. 507 at 16-17. As Google's proposed reply explains, Google appropriately responded to Plaintiffs' work product arguments in its Letter Reply, after Plaintiffs raised work product protection as a basis to continue withholding documents if the Magistrate Judge agreed with Google that the common interest privilege did not apply. Moreover, the Magistrate Judge did not find waiver and Plaintiffs never raised any waiver argument at the December 15 hearing. Google's proposed reply also responds to Plaintiffs' post-

**LATHAM&WATKINS**LLP

hoc arguments that the December 15 Order relied on Plaintiffs' sworn declarations, rather than Plaintiffs' unsworn factual representations at the December 15 hearing. Dkt. 507 at 18-19.

Finally, a reply would allow Google to address Plaintiffs' novel reading of the *Kovel* doctrine as extending to all agents of attorneys, including those who have no role in facilitating communications between attorney and client. Dkt. 507 at 19-21. Google's proposed reply explains why Plaintiffs are incorrect.

For the foregoing reasons, Google respectfully requests leave to file the attached reply. Consistent with Local Civil Rule 6.3 and the Court's preference for brevity, Individual Rules of Practice in Civil Cases Rule 3(C), Google's proposed reply is limited to 1,750 words.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF)