

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

January 26, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Renewed Letter Motion to Redact Exhibit 3 to the Bladow Declaration, filed in connection with Google's November 18, 2025 Letter Motion

Dear Judge Moses:

In light of Your Honor's Order at Dkt. 535 denying the Letter Motion to Seal (Dkt. 286) without prejudice with respect to Plaintiffs' request to narrowly redact Exhibit 3 to the Attorney Declaration of Laura E. Bladow ("Exhibit 3") (filed under seal at Dkt. 289-3 in connection with Google's November 18, 2025 Letter Motion for Pre-Motion Discovery Conference Regarding the Addition of Targeted Custodians, Expanded Search Terms, and Production of Related ESI), Plaintiffs respectfully submit this renewed letter motion requesting approval to redact Exhibit 3.

**I.   Background**

Limited portions of Exhibit 3 contain information designated by Plaintiffs as Confidential pursuant to the Protective Order (Dkt. 82). Specifically, the information that Plaintiffs request remain sealed includes the names of Protected Personnel pursuant to Paragraph 28 of the Protective Order. On November 18, 2025, Plaintiffs conferred with Google about sealing this information (as well as other information contained in Google's November 18, 2025 Letter Motion filing). Google did not oppose Plaintiffs' request. On January 21, 2026, Plaintiffs emailed Google about their renewed request to redact the names of Plaintiffs' Protected Personnel. On January 23, 2026, Google confirmed by email that it does not object to Plaintiffs' request.

**II.   Legal Standard**

Plaintiffs' sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*,

71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted).

### III.   The Names of Plaintiffs' Protected Personnel Should Remain Confidential

The material at issue discloses the names of individuals deemed Protected Personnel pursuant to Paragraph 28 of the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names, . . . that could be used to identify individual employees . . . involved in the sending, receiving, implementation and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents). In particular, Exhibit 3 includes a handful of references to Protected Personnel. The Court has granted Plaintiffs' requests to redact the names of Protected Personnel in other filings. *See, e.g.*, Dkts. 471, 529 (granting sealings requests that include requests for Protected Personnel redactions). The Court should do the same here.

### IV.   Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires Sealing

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that the Protective Order supports keeping confidential. Indeed, Plaintiffs request that the names of their Protected Personnel, three of which appear in the document, be redacted. Exhibit A to this Letter Motion proposes redactions to the handful of Protected Personnel references.

In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this renewed letter motion to redact Exhibit 3 to the Attorney Declaration of Laura E. Bladow.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele Murphy*

Michele Murphy

cc:   All Counsel of Record (via ECF)