**Sara Sampoli**
Direct Dial: +1.202.350.5328
sara.sampoli@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM & WATKINS LLP

February 2, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 20A
New York, New York 10007

Re:  *Cengage Learning, Inc., et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
     Letter Motion to Seal December 15, 2025 Conference Transcript

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices and the Court's Order at Dkt. 504, Google submits this letter motion to seal the transcript of proceedings regarding the conference held on December 15, 2025 (the "Transcript"), Dkt. 504.  Both Plaintiffs and Google are requesting redactions to the Transcript.  The sealed version of the transcript attached as Exhibit A to this Letter Motion contains only those redactions Google has requested.

**Background.**  The Transcript includes certain information designated by Google as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82).  Google's HC-AEO information reflects details derived from HC-AEO documents containing internal information concerning Google's processing of takedown notices, Google's DMCA policies, Google's DMCA enforcement strategies and operations, Google's internal systems for tracking data under its DMCA program, Google's metrics and tracking data related to Google's DMCA program, and specific personnel involved in processing takedown notices.  Google maintains that this information is HC-AEO as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or third parties who use Google's Shopping platform.  Dkt. 82 ¶ 3.  The proposed redactions to the Transcript are consistent with redactions the Court has already approved in the Parties' pre-conference motions.  Dkts. 382, 383, 460, and 462.  Google conferred with Plaintiffs about this material on February 2, 2026, and Plaintiffs indicated that they would oppose certain of Google's proposed redactions, including redactions that are the subject of a pending motion at Dkts. 325, 362, 367.

**Legal Standard.**  Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and

courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Moreover, the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Material Warrants Sealing.** The material at issue should be sealed because it concerns confidential business information reflecting the inner workings of the systems, processes, and strategies Google relies on to conduct its business operations and enforce its policies against bad actors. This includes the identities of specific personnel involved in these systems, processes, and strategies and detailed metrics and tracking data related to Google's enforcement. Courts in this district routinely recognize the importance of keeping information reflecting proprietary and sensitive business information, like the enforcement practices at issue here, confidential. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Farsura v. QC Terme US Corp.*, 2025 WL 267573 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies, including contracts with other entities, because others might exploit the information). This includes the type of technical details of technology systems Google seeks to protect as well as information pertaining to a company's practices and procedures for handling its data. *See, e.g.*, *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) ("protecting a company's IT information fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud") (citations omitted); *Optionality Consulting Pte. Ltd. v. Edge Tech. Grp. LLC*, 2022 WL 1977746, at *1, 4 (S.D.N.Y. June 3, 2022).

Public disclosure of this material would reveal details of Google's internal systems and business practices, including operational details of its systems and practices for enforcing its policies. Disclosure of this information poses a substantial risk of misuse by bad actors. This information is particularly sensitive because this is a case about alleged piracy occurring on Google's platform. *See generally* Dkts. 38, 116. Exposing details of Google's systems and processes, including details of how Google evaluates and processes takedown notices and metrics related to these notices, creates a serious risk, as third parties (including the "pirate" sellers of Plaintiffs' works in this case) may seek to use such information to compromise Google's systems and data sources for purposes of avoiding detection or otherwise circumventing Google's measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024)

(internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices"). The risk that third parties could obtain and use the information described in the Transcript to their advantage, including in connection with efforts to "circumvent the security systems and procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Cantinieri*, 2024 WL 759317, at *2.

The material sought to be sealed includes extremely sensitive details about Google's DMCA process that, if released, could directly assist bad actors in avoiding detection of fraudulent or illegal activities on Google's platform. The material sought to be sealed also includes the names of Google employees who are involved in the DMCA process. As the Protective Order acknowledges, the identification of such individuals is sensitive and should not be publicly disclosed. Dkt. 82 ¶ 28. Public disclosure of these individuals' names creates a risk that these individuals will be doxxed, swatted, or otherwise targeted by bad actors. The material sought to be sealed also reflects details from internal documents and communications reflecting how the DMCA process is implemented. *See UMG Recordings, Inc. v. Lindor*, No. 05-1095, Dkt. No. 240, at 4–5 (E.D.N.Y. May 16, 2008) (acknowledging sensitivity of copyright "enforcement strategy and the methods. . . use[d] to implement it" and copyright "investigative strategy" and denying motion to compel *production* of such material, because such "information would provide a roadmap to potential infringers to avoid detection").

**Google's Sealing Request is as Narrowly Tailored as Possible.** Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public systems and operations. Google asks the court to seal only descriptions of Google's highly confidential business processes and documents. Courts in this district have found such redaction requests reasonable and appropriate. *See, e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2022 WL 3910584, at *2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information."); *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order").

Given the extremely sensitive nature of the materials and the risk that nefarious actors will obtain and misuse the materials if publicly disclosed, Google respectfully submits this letter motion to redact the Transcript.

We thank the Court for its consideration of this request.

Respectfully,

*/s/ Sara Sampoli*
Sara Sampoli (*pro hac vice*)
of LATHAM & WATKINS LLP

LATHAM&WATKINS LLP

    cc:    All Counsel of Record (via ECF)