

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

February 4, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 559) ("Letter Motion") and specifically seek the Court's approval to redact specific portions of Google's Memorandum of Law in Support of Defendant Google LLC's Objection to Discovery Order at Dkt. 515 (Dkt. 561) ("Google's Objection").

**I.    Background**

Portions of Google's Objection quote, describe, or discuss information designated by Plaintiffs (and non-party BCGuardian, LLC ("BCGuardian")) as Highly Confidential-Attorneys' Eyes Only or Confidential pursuant to the Protective Order. *See* Dkt. 82 ¶¶ 2, 3. The information that Plaintiffs request remain sealed includes: information contained in Plaintiffs' attorney declaration that discusses specific anticipated litigation involving a third party, which the Court specifically permitted Plaintiffs to file under seal (Dkt. 381); details and/or excerpts from Plaintiffs' Supplemental Privilege Log dated November 19, 2025; excerpts from the Memorandum and Order at Dkt. 515 that the Court permitted to be redacted (Dkt. 514); and information disclosing non-party BCGuardian's proprietary anti-piracy work (as discussed in BCGuardian's concurrently filed letter in support of Google's sealing motion). As Google noted in its Letter Motion, the Court has previously granted sealing requests or ordered the parties to file the material at issue here under seal. *See* Dkts. 381, 471, 514. Plaintiffs respectfully request that the Court do so again.

The undersigned law firm, which is counsel for Plaintiffs and BCGuardian in this action, conferred with Google's counsel about the information at issue on January 30, 2026, and by follow-up email that day. Google stated in its Letter Motion that it "files this motion solely based

1

on Plaintiffs' position that the information contained in the Objection is confidential and must be sealed." Dkt. 559 at 1.

## II.     Legal Standard

Plaintiffs' redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Further, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). And, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III.    The Highly Confidential-Attorneys' Eyes Only and Confidential Material at Issue Should Be Redacted

The material at issue falls into four categories and should be redacted for the following reasons.

*First*, Google's Objection reveals information contained in the Declaration of Michele H. Murphy (Dkt. 390) that the Court ordered could be filed under seal (Dkt. 381). As discussed in prior sealing requests, the attorney declaration contains information about anticipated litigation by a third party. Plaintiffs had previously sought permission to file the declaration *in camera,* but the Court ruled that Plaintiffs' concerns could be addressed by the filing of the declaration under seal (and by Google's inability to use the information "it learns from that declaration for any purpose other than its pending motion challenging plaintiffs' privilege log and seeking the production of documents withheld as privileged"). Dkt. 381 at 5. As follows, the portions of Google's Objection that disclose the contents of this attorney declaration should also remain sealed.

*Second*, Google's Objection discloses details from Plaintiffs' Supplemental Privilege Log dated November 19, 2025, which the Court ordered could be filed under seal (Dkt. 471). Specifically, the material at issue discloses confidential information about Plaintiffs' and a third party's legal activities, including the filenames and particular recipients of withheld documents that reveal confidential information from which one can glean sensitive insights about these parties' legal activities, and should not be made public. Courts in this district have recognized the importance of keeping information in privilege logs confidential. *See, e.g., Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted in its entirety).

*Third*, Google's Objection cites numerous excerpts from the Memorandum and Order at Dkt. 515 that the Court has permitted to be redacted. Accordingly, the same information should remain redacted here.

*Fourth*, Google's Objection discloses highly sensitive information about Plaintiffs' and a third party's anti-piracy efforts, as well as the commercially sensitive work of non-party BCGuardian. BCGuardian is a private company that specializes in providing intellectual property protection and anti-piracy services to rightsholders. *See* Dkt. 408 at 3. Plaintiffs' counsel engaged BCGuardian to collect evidence and provide information and analysis to inform legal advice to Plaintiffs in connection with this and other cases. *See id.* In addition to revealing information about Plaintiffs' confidential strategies, if made public, the disclosure of the information could enable bad actors to take steps to evade detection and further infringe. Moreover, certain information threatens the privacy interests of non-parties. Indeed, Google's Objection includes excerpts from and descriptions of the confidential Statement of Work entered into by Plaintiffs and BCGuardian, and describes internal BCGuardian documents that shed light on its anti-piracy processes. Courts in this district have acknowledged the significance of keeping proprietary information, like the material at issue here, confidential. *See, e.g., SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record"). For these reasons, the Court should allow such material to be redacted in Google's Objection.

## IV. Plaintiffs' Request Is Narrowly Tailored to Serve the Purpose That Requires Redacting

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that prior Orders issued in this case, cases in this district, and the Protective Order support keeping confidential. In particular, Plaintiffs ask the Court to redact limited portions of Google's Objection to protect highly confidential, sensitive, and/or proprietary information of Plaintiffs, BCGuardian, and a third party, the disclosure of which would create a substantial risk of harm to these parties.

Given the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter response explaining the need to redact portions of Google's Objection.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele Murphy*

Michele Murphy

cc:   All Counsel of Record (via ECF)