

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

February 6, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Motion to Redact the January 13, 2026 Transcript of Status Conference Hearing

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices and the deadlines set forth in Dkt. 512, Plaintiffs submit this letter motion requesting approval from the Court to redact the January 13, 2026 Transcript of Status Conference Hearing (the "Transcript").

Because the Transcript includes content for which Google requests redactions, Plaintiffs are filing a public version of the Transcript that layers black redaction boxes over both parties' proposed redactions, and a sealed version of the Transcript that highlights only Plaintiffs' proposed redactions.

**I.    Background**

Portions of the Transcript quote from, describe, and discuss information designated by Plaintiffs (and non-party BCGuardian, LLC ("BCGuardian")) as Highly Confidential-Attorneys' Eyes Only or Confidential pursuant to the Protective Order. *See* Dkt. 82 ¶¶ 2, 3. The information that Plaintiffs request remain sealed includes: information that stems from Plaintiffs' attorney declaration that discusses specific anticipated litigation involving a third party, which the Court specifically permitted Plaintiffs to file under seal (Dkt. 381); certain details from Plaintiffs' Supplemental Privilege Log dated November 19, 2025; highly confidential business information of Plaintiff Cengage Learning, Inc. ("Cengage") that must not be disclosed to competitors; confidential information that sheds light on Plaintiffs' and a third party's anti-piracy enforcement efforts; and confidential information about BCGuardian's proprietary anti-piracy work. The confidential material at issue is the same as, or comparable to, material that Plaintiffs and BCGuardian requested remain confidential in prior sealing requests, which the Court granted, and information the Court otherwise permitted to be redacted (Dkts. 381, 471, 514, 529).

The undersigned law firm, which is counsel for Plaintiffs and BCGuardian in this action, conferred with Google's counsel about Plaintiffs' proposed redactions on February 6, 2026, and by follow-up email that same day. Google confirmed that it does not object to Plaintiffs' proposed redactions.

## II. Legal Standard

Plaintiffs' redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). In addition, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Moreover, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III. The Highly Confidential-Attorneys' Eyes Only and Confidential Material at Issue Should be Redacted

First, the Transcript reveals information that stems from the Declaration of Michele H. Murphy (Dkt. 390) that the Court ordered could be filed under seal (Dkt. 381). In particular, the attorney declaration contains information about anticipated litigation by a third party. Plaintiffs had previously sought permission to file the declaration *in camera,* but the Court ruled that Plaintiffs' concerns could be addressed by the filing of the declaration under seal (and by Google's inability to use the information "it learns from that declaration for any purpose other than its pending motion challenging plaintiffs' privilege log and seeking the production of documents withheld as privileged"). Dkt. 381 at 5. As follows, the portions of the Transcript that disclose the contents of this attorney declaration should also remain sealed.

Second, portions of the Transcript disclose specific details from Plaintiffs' Supplemental Privilege Log dated November 19, 2025, which the Court ordered could be filed under seal (Dkt. 471). The material at issue discloses confidential information about Plaintiffs' and a third party's legal activities, including filenames and descriptions of withheld documents that reveal confidential information from which one can glean sensitive insights about these parties' legal activities, and should not be made public. Courts in this district have recognized the importance of keeping information in privilege logs confidential. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted in its entirety).

Third, certain material in the Transcript should be redacted because it excerpts, describes, and characterizes highly confidential business information from internal documents produced by

Plaintiff Cengage, which the Court ordered could be filed under seal (Dkt. 529). Disclosure of this information to competitors would reveal competitive insights. Courts in this district have acknowledged the significance of keeping this type of information confidential, particularly when disclosure "may provide valuation insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise, Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotations omitted); *see also Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would affect party's competitive position if disclosed).

Moreover, other material in the Transcript should be redacted because it discloses highly sensitive information about Plaintiffs' and a third party's anti-piracy efforts, as well as the commercially sensitive work of non-party BCGuardian. The Court has permitted redactions of this type of information (Dkts. 471, 514). BCGuardian is a private company that specializes in providing intellectual property protection and anti-piracy services to rightsholders. *See* Dkt. 408 at 3. Plaintiffs' counsel specifically engaged BCGuardian to collect evidence and provide information and analysis to inform legal advice to Plaintiffs in connection with this and other cases. *See id.* Disclosure of this material would reveal information about Plaintiffs' confidential strategies and threaten the privacy interests of non-parties. Further, courts in this district have acknowledged the significance of keeping proprietary information, like the material at issue here, confidential. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information,"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record"). The Court should do the same here.

### IV. Plaintiffs' Request is Narrowly Tailored to Serve the Purpose That Requires Redacting

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that prior Orders issued in this case, cases in this district, and the Protective Order support keeping confidential. Specifically, Plaintiffs ask the Court to redact only limited portions of the Transcript to protect highly confidential, sensitive, and/or proprietary information of Plaintiffs, BCGuardian, and a third party, the disclosure of which would create a substantial risk of harm to these parties.

In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter motion explaining the need to redact the Transcript.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele Murphy*

Michele Murphy

cc:    All Counsel of Record (via ECF)