# EXHIBIT A
# [Redacted Version of Document Filed Under Seal]

| | |
|---|---|
| **Subject:** | Re: Cengage v. Google - Google's privilege logs |
| **Date:** | Monday, February 9, 2026 at 5:23:39 PM Eastern Standard Time |
| **From:** | Yunyi Chen |
| **To:** | Roberto Borgert, Wilson.Boardman@lw.com, Jeff Kane, Danae Tinelli, Michele Murphy, Lauren Bergelson, Uriel Lee |
| **CC:** | Sara Sampoli, Caroline Clarke, Holly Victorson, Sy Damle, Laura Bladow, Alli Stillman, Sarah Tomkowiak, GOOGLECENGAGE.LWTEAM@lw.com |
| **Attachments:** | image001.png, image002.png |

Counsel,

Yes, we will be filing this email chain entirely under seal as discussed, including the correspondences since February 4, 2026.

Regarding Plaintiffs' motion to file an exhibit in excel format, we note Google's position, and will include the language you requested in the motion.

Best,
Yunyi

---

**From:** Roberto.Borgert@lw.com <Roberto.Borgert@lw.com>
**Date:** Monday, February 9, 2026 at 4:59 PM
**To:** Yunyi Chen <YChen@oandzlaw.com>, Wilson.Boardman@lw.com <Wilson.Boardman@lw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sara Sampoli <Sara.Sampoli@lw.com>, Caroline Clarke <caroline.clarke@lw.com>, Holly Victorson <Holly.Victorson@lw.com>, Sy Damle <Sy.Damle@lw.com>, Laura Bladow <Laura.Bladow@lw.com>, Alli Stillman <Alli.Stillman@lw.com>, Sarah Tomkowiak <Sarah.Tomkowiak@lw.com>, GOOGLECENGAGE.LWTEAM@lw.com <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** RE: Cengage v. Google - Google's privilege logs

Counsel,

Please also confirm that you will file the attached email chain entirely under seal as discussed.

Your February 5, 2026 email stated that "Plaintiffs plan to submit an exhibit as an excel workbook containing Google's privilege log entries converted into an excel format by email and will file a motion for leave to do so." On our meet-and-confer, we asked that you provide a copy of the "excel workbook" that Plaintiffs intend to represent contains Google's

privilege log entries. Since Plaintiffs are refusing to provide a copy of that document for Google to verify that it accurately reflects Google's privilege log entries, we do not consent to your motion. Plaintiffs should not misrepresent to the Court that their attorney-made excel workbook is a copy of Google's privilege logs. We agree that Plaintiffs should submit the "excel workbook exhibit" under seal.

In your motion, please note our objection and explain that we object "because Plaintiffs have refused to provide a copy of the 'excel workbook' that Plaintiffs assert contains 'Google's privilege log entries converted into an excel format' so that Google may verify that the workbook accurately reflects Google's privilege log entries."

Regards,
Roberto

**Roberto J. Borgert**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Monday, February 9, 2026 9:38 AM
**To:** Borgert, Roberto (DC) <Roberto.Borgert@lw.com>; Boardman, Wilson (DC) <Wilson.Boardman@lw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** Re: Cengage v. Google - Google's privilege logs

Counsel,

Thank you for taking the time to meet and confer last Friday on sealing. As discussed, we will file Google materials designated Confidential or HC-AEO provisionally under seal/redact in public filings for Google to review and propose any appropriate redactions in its letter response to the sealing motion, with the exception of the ""description" language we quoted in our 02/04/26 email. As an update, Plaintiffs will not plan to share the excel workbook exhibit with Google before submitting it to the Court. We will plan to copy Google's counsel of record in the email submitting the exhibit once the Court grants leave, and Google is of course free to review the exhibit then. In case clarification would be helpful, we are asking if Google consents to Plaintiffs filing a letter motion for leave to submit an exhibit as an excel workbook by email, not for Google's confirmation of any information contained in the exhibit.

Best regards,

Yunyi Chen | Associate
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Direct: 212.951.1923
ychen@oandzlaw.com | www.oandzlaw.com
in Connect with us on LinkedIn
**O+Z** Oppenheim | WASHINGTON, D.C.
       + Zebrak LLP | NEW YORK, N.Y.

---

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Date:** Thursday, February 5, 2026 at 2:28 PM
**To:** Roberto Borgert <Roberto.Borgert@lw.com>, Wilson.Boardman@lw.com <Wilson.Boardman@lw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sara Sampoli <Sara.Sampoli@lw.com>, Caroline Clarke <caroline.clarke@lw.com>, Holly Victorson <Holly.Victorson@lw.com>, Sy Damle <Sy.Damle@lw.com>, Laura Bladow <Laura.Bladow@lw.com>, Alli Stillman <Alli.Stillman@lw.com>, Sarah Tomkowiak <Sarah.Tomkowiak@lw.com>, GOOGLECENGAGE.LWTEAM@lw.com <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** Re: Cengage v. Google - Google's privilege logs

Counsel,

We are amenable to discuss sealing tomorrow during the 12:30 pm meet-and-confer. Please forward the invitation to Jeff Kane and myself. Thank you.

Best,
Yunyi

---

**From:** Roberto.Borgert@lw.com <Roberto.Borgert@lw.com>
**Date:** Thursday, February 5, 2026 at 1:05 PM
**To:** Yunyi Chen <YChen@oandzlaw.com>, Wilson.Boardman@lw.com <Wilson.Boardman@lw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sara Sampoli <Sara.Sampoli@lw.com>, Caroline Clarke <caroline.clarke@lw.com>,

Holly Victorson <Holly.Victorson@lw.com>, Sy Damle <Sy.Damle@lw.com>, Laura Bladow
<Laura.Bladow@lw.com>, Alli Stillman <Alli.Stillman@lw.com>, Sarah Tomkowiak
<Sarah.Tomkowiak@lw.com>, GOOGLECENGAGE.LWTEAM@lw.com
<GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** RE: Cengage v. Google - Google's privilege logs

Counsel,

We need to consult with our client today regarding Plaintiffs' sealing proposal.  Can we
discuss these sealing issues tomorrow during our scheduled meet-and-confer at 12:30PM?

Regards,
Roberto


**Roberto J. Borgert**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Wednesday, February 4, 2026 3:18 PM
**To:** Borgert, Roberto (DC) <Roberto.Borgert@lw.com>; Boardman, Wilson (DC)
<Wilson.Boardman@lw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli
<Danae@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Lauren Bergelson
<LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Clarke, Caroline (NY)
<Caroline.Clarke@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Damle, Sy (DC-
NY) <Sy.Damle@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Stillman, Alli (NY)
<Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; #C-M GOOGLE
CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** Re: Cengage v. Google - Google's privilege logs

Counsel,

Without responding to every inaccuracy and mischaracterization in your correspondence below,
we note that you repeated – now at least twice – that you believe that the issues Plaintiffs raised
with your privilege assertions are "an effort to manufacture a
counterweight" to Plaintiffs' supposedly deficient privilege logs. (01/22/26 LW Email, 12/18/25
LW Email.) This assertion rings hollow especially when the Court has already rejected Google's
challenges to Plaintiffs' privilege claims multiple times, noting that Google's positions on the
common interest doctrine and co-client privilege have no basis in your own cited authorities. The
only thing your statement underscores is Google's erroneous position that it has sufficiently
substantiated its privilege claims based on the current record. Plaintiffs will accordingly seek
relief from the Court for an order compelling production of any documents constituting part of
Google's implementation of its DMCA repeat infringer policies and any documents, or portions
thereof, that merely describe, discuss or reflect Google's internal policies, for reasons that we

have repeatedly explained.

Regarding sealing:

In their motion, Plaintiffs will attach as exhibits the following materials that Google designated as Confidential:

      20250909 Google Privilege Log #1

      20250909 Google Privilege Log #2

      20250909 Google Privilege Log #3

      20251006 Google Privilege Log #4

      20260120 Google Privilege Log #5

Based on Google's Confidential designations of the above, Plaintiffs will plan to file Google's privilege logs under seal.

Plaintiffs will quote the following description language from the above-identified Google privilege logs: "copyright policy compliance," "digital books or ebook policy compliance," "trademark policy compliance," "other policy compliance," "intellectual property issues," "regulatory issues," and "legal dispute." Because the language is generic and does not reveal any specific confidential information, Plaintiffs do not plan to redact these descriptions.

Plaintiffs will reference and attach as exhibits the following materials that Google designated as High-Confidential – Attorneys' Eyes Only. The portions of documents Plaintiffs anticipate referencing are noted in parentheticals:



      GOOG-CENG-00417893 (-7917 describing " ▮▮▮▮▮▮▮▮▮▮▮▮ " in communications with " ▮▮▮▮▮▮ ")

      GOOG-CENG-00424423 (-4427 discussing Google personnel's roles in " ▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ")

      GOOG-CENG-00441738 (how " ▮▮▮▮▮▮▮▮▮▮▮▮▮ " are " ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ")

      GOOG-CENG-00000685 (identifying " ▮▮▮▮▮▮▮▮▮ " as " ▮▮▮▮▮▮ ")

      GOOG-CENG-00424575 (-4576 describing " ▮▮▮▮ " and " ▮▮▮▮▮▮ ")

      GOOG-CENG-00408640 (-8652 describing ▮▮▮▮▮ )

      GOOG-CENG-00408607 (-8611 stating " ▮▮▮▮▮▮▮▮▮▮▮ ")

      2025.05.19 Google's R&Os to Plaintiffs' Amended First Set of Interrogatories (Response to Amended Interrogatory No. 1 identifying ▮▮▮▮▮▮▮▮ as a responsive

individual)

Based on Google's AEO designations of the above, Plaintiffs will plan to file the above documents under seal, and redact any descriptions of, or quotes from, these documents, in the public version of the motion.

Plaintiffs will also attach this email chain as an exhibit, which references some materials Google designated as High-Confidential – Attorneys' Eyes Only. Plaintiffs will plan to file this email chain under seal and redact the referenced AEO materials in the public version of the exhibit. Plaintiffs' proposed redactions to this email chain are highlighted in orange in the attached.

We are generally flexible tomorrow (Thursday) for meeting and conferring. Please let us know if you would like to meet and confer and provide your availability, and we will send an invitation, or if you agree with Plaintiffs' proposed sealing/redactions approach described above.

Best regards,
Yunyi

---

**From:** Roberto.Borgert@lw.com <Roberto.Borgert@lw.com>
**Date:** Thursday, January 22, 2026 at 1:39 PM
**To:** Yunyi Chen <YChen@oandzlaw.com>, Wilson.Boardman@lw.com <Wilson.Boardman@lw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sara Sampoli <Sara.Sampoli@lw.com>, Caroline Clarke <caroline.clarke@lw.com>, Holly Victorson <Holly.Victorson@lw.com>, Sy Damle <Sy.Damle@lw.com>, Laura Bladow <Laura.Bladow@lw.com>, Alli Stillman <Alli.Stillman@lw.com>, Sarah Tomkowiak <Sarah.Tomkowiak@lw.com>, GOOGLECENGAGE.LWTEAM@lw.com <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** RE: Cengage v. Google - Google's privilege logs

Counsel,

The parties engaged in extensive negotiations over the sufficiency of their respective privilege logs last Summer. Those negotiations included addressing Plaintiffs' concerns regarding entries on Google's log describing associated legal advice as relating to "policy compliance." *See* August 4, 2025 email from J. Kane (Plaintiffs) to Latham (Google). To resolve Plaintiffs' objections "[r]egarding descriptions of subject matter of the withheld information" on Google's log, Google agreed in August 2025 to add the "Title" column which includes "either (1) the file name for each document with the file type other than email, or (2) the subject line (for each email), on a document-by-document basis." August 27, 2025 email from C. Clarke (Google) to J. Kane (Plaintiffs). Google also agreed that its logs would continue to include the "document date" and "create date" fields. *Id.* (memorializing the parties' "final compromise"). Google complied with that agreement

and included the "Title" and other information in its subsequent privilege logs, including the logs that Plaintiffs now decry as insufficient.

Despite the parties' August 2025 agreement, in an effort to manufacture a counterweight to the significant deficiencies Google raised in connection with Plaintiffs' incomprehensive categorical log and over-withholding of documents, Plaintiffs chose to resurrect their objections to Google's log descriptions at the tail-end of the document discovery period. At Plaintiffs' request, Google undertook a thorough re-review of the hundreds of entries (and underlying documents) that were the subject of Plaintiffs' December 2025 "ten" questions, raised three months after receiving Google's revised log. Google provided its response based on that review on January 9, and the parties met and conferred on January 12. Following that meet-and-confer, Plaintiffs provided additional information clarifying which entries on Google's logs were the subject of its "questions" and indicated they would "follow up" with additional "issues." Google did not hear anything further from Plaintiffs on this topic until receiving Plaintiffs' email yesterday evening threatening to seek relief from the Court (though Plaintiffs are silent on the relief they intend to seek). Such a motion would not only be untimely and meritless, but it would also be contrary to the Court's preference, stated at the January 20 hearing, that the parties focus on scheduling and taking depositions rather than reraising previously-resolved issues.

As a show of our good faith, we have reviewed the *Royal Park* case Plaintiffs identified. We do not believe it supports Plaintiffs' contention that Google's privilege log descriptions are inadequate. In that case, the court found the term "Global Policies" insufficient because it was the only text describing certain log entries. *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 14-CV-04394, 2018 WL 10038859, at *1 (S.D.N.Y. Sept. 28, 2018). In contrast, Google has provided far more fulsome entries, including the agreed-upon document titles and other information. Google's privilege log entries thus provide more than enough information for Plaintiffs "to determine 'whether the document is at least potentially protected from disclosure.'" *Id.* (quoting *United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)).

We also re-reviewed *In re County of Erie* following our meet-and-confer. That case supports Google's position that confidential communications between client and counsel for the purpose of seeking or providing legal advice—even when that advice concerns compliance with a statute-based policy—are privileged. 473 F.3d 413, 422 (2d. Cir. 2007) ("When a lawyer has been asked to assess compliance with a legal obligation, the lawyer's recommendation of a policy that complies (or better complies) with the legal obligation— or that advocates and promotes compliance, or oversees implementation of compliance measures—is legal advice."). To the extent Plaintiffs' position is that the Constitution of the United States is the only potential source of a "legal obligation," that position is without merit.

Your email also suggests that because Google has pled an affirmative DMCA safe harbor

defense, it has somehow waived privilege or other protections over all legal advice provided in connection with the implementation or enforcement of Google's DMCA policies.  Unsurprisingly, you cite no legal authority for that proposition, and we are not aware of any.

Plaintiffs' latest email indicates that their reneging of the August 2025 agreement regarding log descriptions also extends to Google's Log #5.  However, Plaintiffs do not identify the vast majority of the specific entries from that log that they intend to challenge.  Please do so, provide the basis for doing so, and explain what relief Plaintiffs intend to seek from the Court.

Regards,
Roberto

**Roberto J. Borgert**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Wednesday, January 21, 2026 5:43 PM
**To:** Boardman, Wilson (DC) <Wilson.Boardman@lw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Borgert, Roberto (DC) <Roberto.Borgert@lw.com>
**Subject:** Re: Cengage v. Google - Google's privilege logs

Counsel,

On December 5, 2025, we sent ten written questions to you concerning Google's privilege assertions and privilege logs. (12/05/2025 O+Z Email.) We accommodated Google's request to postpone our meet-and-confer until January 12, 2026, five weeks after we shared our written questions. On January 9, 2026, Google provided what it characterized as its "thorough written response" (01/09/2026 LW Emails), in which it took the position that Google properly withheld all documents we inquired about except for two withheld documents you indicated you would "review further" for whether you could produce with redactions. (01/09/2026 5:34 PM ET LW Email.)

As we explained in our email and during the January 12 meet-and-confer, the descriptions contained in Google's privilege log are too vague to allow Plaintiffs to

assess Google's claims of privilege. Unfortunately, Google's written response did nothing to clarify or explain these descriptions, and you declined to provide any further clarification during the meet-and-confer. Below, we again describe the problems with Google's logs.

First, Plaintiffs' 12/05 email explained that a majority of Google's privilege log entries describe the underlying legal advice sought or provided as solely in relation to "policy compliance," such as PrivLog ID 54 from Supp. Log 1(described as an "[e]mail containing legal advice of Counsel regarding copyright policy compliance"). We explained that this category of descriptions is insufficient for Plaintiffs to understand Google's claim of privilege, because compliance with Google's internal policies is not a legal matter. Despite having had over a month to review the underlying documents and identify relevant authorities, in your 01/09 written response, you gave no further information about these documents and demanded that Plaintiffs "provide authority for [Plaintiffs'] position that legal advice cannot be provided with respect to policy compliance." (01/09/2026 LW Email.) You also cited a case where the court found that documents described as, *inter alia*, attorney-client communications concerning "[t]he compliance of the County's search policy with the Fourth Amendment," were privileged. *In re Cnty. of Erie*, 473 F.3d 413, 422 (2d Cir. 2007).

On January 12, we pointed out to you during the meet-and-confer and by email that based on Google's log descriptions, the withheld communications with counsel had to do with compliance with Google's own internal policy, which is not equivalent to legal advice concerning compliance of a government law enforcement policy with the Constitution as described in *In re Cnty. of Erie*. We also shared authority where privilege log entries "described simply as 'Global Policies'" are "insufficient to permit even a facial evaluation as to what the document is about, which is part of the calculus in determining whether it was properly withheld from disclosure." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 10038859, at *1 (S.D.N.Y. Sept. 28, 2018) (Moses, J.). (01/12/26 O+Z Email.) We further explained that this authority also applied to our questions numbered 2, 3, and 4 in our 12/05 email concerning Google's log descriptions describing the subject matter as "legal dispute," "regulatory issues" and "intellectual property issues" without further information. We also explained in detail why these descriptions were insufficient for Plaintiffs to understand Google's privilege assertions in our 12/05 email.

Second, Plaintiffs' 12/05 email explained that we observed 13 "entries appear to directly concern Google's DMCA repeat infringer policies, including what specific policy features entail and how they are implemented and enforced," as well as 8 entries that "appear to correspond to withheld documents that concern the ███████████████████ under DMCA repeat infringer policies." (12/05/2025 O+Z Email, questions 7, 8.) Of these 21 entries that appear to concern Google's implementation of its DMCA policies:

> 16 are described as seeking/containing/reflecting legal advice "regarding copyright policy compliance" (Supp. Log 1 entries 15, 49, 50, 53, 54, 110, 118, 119; Log 3

entries 7, 77, 78, 82, 124, 173, 262, 265);

One is described as containing legal advice "regarding regulatory issues" (Supp. Log 1 entry 93);

One is described as reflecting legal advice "regarding other policy compliance" (Supp. Log 1 entry 96);

One is described as reflecting legal advice "regarding trademark policy compliance" (Supp. Log 1 entry 105);

One is described as seeking legal advice "regarding intellectual property issues" (Log 3 entry 54);

One is described as seeking and reflecting legal advice "regarding processing legal violations on Google Shopping platform" (Supp. Log 2 entry 110);

Three of the above entries also describe the legal advice as in connection with litigation and none of these identifies the relevant litigation (Supp. Log 1 entry, 105; Log 3 entries 54, 124).

For example, PrivLog ID 15 from Supp. Log 1 describes a document titled " ███████████ ███████████████████████████ " as an "Email seeking legal advice of Counsel regarding copyright policy compliance." *Id.* Google responded that "confidential communication made between client and counsel for the purpose of compliance and implementation of compliance measures is privileged." (01/09/2026 5:34 PM ET LW Email.) But as we already explained, the log description here gives Plaintiffs no basis to assess whether counsel was weighing in on whether a delisting/suspension decision complies with Google's internal repeat infringement policy, making implementation decisions under Google's internal repeat infringement policy, or giving legal advice concerning compliance with copyright *law*.

As we have repeatedly explained, these descriptions do not permit Plaintiffs to meaningfully assess whether the withheld documents (1) concern counsel's input regarding whether a policy enforcement decision complies with Google's own internal policies, which is not legal advice; (2) involve counsel implementing Google's DMCA policies, including ██████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████ , which would not necessarily involve legal analysis or advice, and to which even if privilege or protection otherwise attached, it has been waived by Google's affirmative DMCA safe harbor defense under 17 U.S.C. § 512 (Dkt. 271, Am. Answer at 24); (3) or contain legal advice and the attached privilege or protection has not been waived by Google's safe harbor affirmative defense (if any).

As we also explained, both during and after the January 12 meet-and-confer, this confusion is compounded by Google's own documents stating that "█████████████████████" in communications with "████████████ as, among others, █████████████████ ███████████████████, and counsel's communications concerning these issues would not constitute legal advice. GOOG-CENG-00417893 at -7917.

During the January 12 meet-and-confer, we asked you whether any of the documents described as "policy compliance" involved Google's DMCA policies, were part of Google's reinstatement/reactivation processes under its DMCA policies, or were part of other aspects of Google's implementation of its DMCA policies. Despite having over a month to review the underlying documents, you were unable to provide any information concerning any of these questions.

Google's latest privilege log ("20260120 Google Privilege Log #5." Or "Log 5"), served yesterday (01/20), contains the same deficient descriptions and do not permit Plaintiffs to assess Google's claims of privilege for the same reasons we have now repeatedly explained (*See* 12/05/2025 O+Z Email, questions 2–4), which Google has had more than six weeks to address but failed to do so. Based on Plaintiffs' preliminary review, Log 5 contains:

> 368 entries where the subject matter of the purported underlying legal advice is solely described as "policy compliance";
>
>> Of these, 16 entries appear to involve Google's ████████████████████████████████████ █████████████████████████. (Log 5 PrivLog IDs 128, 130– 134, 153, 159, 339, 342, 349, 353, 360, 483, 504, 557.) (*See also* 12/05/2025 O+Z Email, questions 7–9.)
>
> 98 entries where the subject matter of the purported underlying legal advice is described as "policy compliance" in connection with unidentified litigation;
>
> 13 entries where the subject matter of the purported underlying legal advice is solely described as "intellectual property issues";
>
>> Of these, one entry appears to involve Google's DMCA repeat infringer policy. (Log 5 PrivLog ID 153.) (*See also* 12/05/2025 O+Z Email, questions 7–9.)
>
> 6 entries where the subject matter of the purported underlying legal advice is described as "intellectual property issues" in connection with unidentified litigation;

37 entries where the subject matter of the purported underlying legal advice is solely described as "regulatory issues";

8 entries where the subject matter of the purported underlying legal advice is described as "regulatory issues" in connection with unidentified "regulatory investigation."

We do not understand that Google plans to modify any privilege log entries. Accordingly, Plaintiffs intend to seek relief from the Court.

Best regards,
Yunyi

Yunyi Chen | Associate
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Direct: 212.951.1923
ychen@oandzlaw.com | www.oandzlaw.com
Connect with us on LinkedIn



WASHINGTON, D.C.
NEW YORK, N.Y.

---

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Date:** Monday, January 12, 2026 at 2:24 PM
**To:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sara Sampoli <Sara.Sampoli@lw.com>, Caroline Clarke <caroline.clarke@lw.com>, Holly Victorson <Holly.Victorson@lw.com>, Sy Damle <Sy.Damle@lw.com>, Laura Bladow <Laura.Bladow@lw.com>, Alli Stillman <Alli.Stillman@lw.com>, Sarah Tomkowiak <Sarah.Tomkowiak@lw.com>, Roberto Borgert <Roberto.Borgert@lw.com>
**Subject:** Re: Cengage v. Google - Google's privilege logs

Counsel,

Thank you for taking the time to meet and confer today.

The caselaw I referenced during the call today was *Royal Park Invs. SA/NV v. Deutsche*

*Bank Nat'l Tr. Co.*, 2018 WL 10038859, at *1 (S.D.N.Y. Sept. 28, 2018) (Moses, J.), where privilege log entries "described simply as 'Global Policies'" are "insufficient to permit even a facial evaluation as to what the document is about, which is part of the calculus in determining whether it was properly withheld from disclosure." Judge Moses accordingly ordered the party to "include a meaningful subject matter description." This authority applies to our questions concerning your log descriptions that describe the subject matter as "policy compliance," "legal dispute," "regulatory issues" and "intellectual property issues" under questions 1, 2, 3, and 4 in our 01/12 email. We understand that as of your 01/09 written response, you did not plan to revise your log descriptions.

We also flagged during our call that the case you cited, *In re Cnty. of Erie*, 473 F.3d 413, 422 (2d Cir. 2007), involved descriptions that clarify that communications with counsel concerned whether the county's law enforcement search policy complied with the Constitution, which is not analogous to Google's log descriptions here (*e.g.* "legal advice of Counsel regarding copyright policy compliance.").

We also explained that in our 12/05 email, we already explained why the "policy compliance" descriptions are insufficient, because "compliance with Google's internal policies is not a legal matter." (12/05/25 O+Z Email.)

We also separately raised to you GOOG-CENG-00417893 at -7917, which describes "███████████████" in communications with legal removal as, among others, to "██████████████████" and █████████████████████████████, which we do not believe necessarily constitute legal advice.

Re: relevant entries under Question 1, for clarity, we are asking about all entries that describe the subject matter of the purported legal advice rendered as "policy compliance," and your counting based on the PDF versions of Google's logs appear to be correct.

Re: relevant entries under Question 2, we are asking about Supp. Log 1, Entries 2 and 3.

Re: relevant entries under Question 3, we are asking about Supp. Log 1, Entries 77. 82, 84, and 112, and Supp. Log. 2, Entry 109.

We will follow up separately concerning other issues.

Best,
Yunyi

---

**From:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>
**Date:** Friday, January 9, 2026 at 5:34 PM

**To:** Yunyi Chen <YChen@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sara Sampoli <Sara.Sampoli@lw.com>, Caroline Clarke <caroline.clarke@lw.com>, Holly Victorson <Holly.Victorson@lw.com>, Sy Damle <Sy.Damle@lw.com>, Laura Bladow <Laura.Bladow@lw.com>, Alli Stillman <Alli.Stillman@lw.com>, Sarah Tomkowiak <Sarah.Tomkowiak@lw.com>, Roberto Borgert <Roberto.Borgert@lw.com>
**Subject:** RE: Cengage v. Google - Google's privilege logs

Counsel,

We write to respond to your December 5, 2025 questions concerning Google's September 9 and October 6, 2025 privilege logs.  Our review of the issues raised in your December 5 email is ongoing, and our responses below do not waive any objections or arguments, nor do they concede that any of the issues raised by Plaintiffs are meritorious in any way.

At the outset, we disagree with your distortion of Ms. Bladow's statement during the October 8 hearing, which you have taken out of context.  Your attempt to build a false record to manufacture a privilege challenge is unproductive.

With respect to your specific questions and identified entries on Google's privilege logs, we respond as follows:

**Question 1**:  We observe that 105 entries in Supp. Log 1, 135 entries in Supp. Log 2, and 191 entries in Log 3 describe the subject matter of the purported legal advice rendered as "policy compliance" without information indicating how "policy compliance" is legal in nature. As an illustrative example, PrivLog ID 54 from Supp. Log 1 describes the withheld document as an "[e]mail containing legal advice of Counsel regarding copyright policy compliance." But compliance with Google's internal policies is not a legal matter. If Google contends these communications were made for the purpose of providing or seeking legal advice and/or contain such advice, please provide additional descriptions that clarify the legal nature of the subject and which counsel was consulted where not identified.

**Response to Question 1**:  Please clarify which entries you refer to.  Supplemental Log 1 has 109 instances of the phrase "policy compliance."  Plaintiffs challenge 105 of these entries.  Supplemental Log 2 has 136 instances of the phrase "policy compliance."  Plaintiffs challenge 135 entries.  Log 3 has 203 instances of the phrase "policy compliance."  Plaintiffs challenge 191 of these entries.  Moreover, please provide authority for your position that legal advice cannot be provided with respect to policy compliance. Confidential communications made between client and counsel for the purpose of seeking or providing legal advice—even advice regarding "compliance" or "implementation of compliance measures"—is "legal advice." *See In re Cnty. of Erie*, 473 F.3d 413, 422 (2d Cir. 2007).

**Question 2**:  We observe that two entries in Supp. Log 1 describe the subject matter of the purported legal advice rendered as "legal dispute" without further information. Please provide additional information to clarify the nature of the referenced "legal dispute."

**Response to Question 2**:  Please clarify which entries you refer to.  Supplemental Log 1 has 13 descriptions containing the words "legal dispute."  Plaintiffs challenge two of these entries.  Moreover, please provide authority for your position that identifying the subject matter of these communications as related to "legal disputes" is insufficient.  Further, the "Title" column in Google's privilege logs, which Google agreed to add to its supplemental privilege logs (after negotiations between counsel), provides sufficient information about the nature of the "legal dispute" at issue.

**Question 3**:  We observe that four entries in Supp. Log 1 and one entry in Supp. Log 2 describe the subject matter of the purported legal advice rendered as "intellectual property issues" without further information. This is insufficient for Plaintiffs to understand Google's claim of privilege because "intellectual property issues" encompasses broader matters that may not necessarily implicate legal advice on intellectual property law. Please provide additional descriptions that substantiate the legal nature of the subject matter on which counsel was consulted.

**Response to Question 3**:  Please clarify which entries you refer to.  Supplemental Log 1 has eight descriptions containing the words "intellectual property issues."  Plaintiffs challenge four of these entries.  Supplemental Log 2 has seven descriptions containing the words "intellectual property issues."  Plaintiffs challenge one of these entries.  Moreover, please provide authority for your position that identifying the subject matter of these communications as related to "intellectual property issues" is insufficient.  Further, though it is not clear which entries Plaintiffs are contesting, the "Title" column in Google's privilege logs, which Google agreed to add to its supplemental privilege logs (through negotiations with counsel), generally provides sufficient information about the nature of the "intellectual property issues" at issue.

**Question 4**:  We observe that eight entries in Supp. Log 1, three entries in Supp. Log 2, and five entries in Log 3 describe the subject matter of the purported legal advice rendered as "regulatory issues" without further information. More information is needed to clarify what these "issues" are and why they are legal in nature. As an illustrative example, PrivLog ID 93 from Supp. Log 1 describes the withheld document titled "███████ ████████" as "Notes containing legal advice of ████████████* regarding regulatory issues." The title of the document suggests a relation to infringement notices, but the

description "regulatory issues" fails to clarify the subject matter. Please provide additional descriptions that substantiate the legal nature of the subject matter concerning which counsel was consulted.

**Response to Question 4**:  Please provide authority for your position that identifying the subject matter of these communications as related to "regulatory issues" is insufficient. Please also clarify which entries you are challenging.  Supplemental Log 2 has seven descriptions containing the words "regulatory issues."  Further, the "Title" column in Google's privilege logs, which Google agreed to add to its supplemental privilege logs (through negotiations with counsel), provides sufficient information about the nature of the "regulatory issues" at issue.  As to the example of Supplemental Log 1, PrivLog ID 93, there too the title provides sufficient information to clarify the subject matter, including the confidential legal advice related to regulatory issues.


**Question 5**:  We observe that the below entries contain document title, author, e-mail sender, recipient, and descriptions which, taken together, suggest that the corresponding withheld document is unlikely to be wholly privileged. As an illustrative example, PrivLog ID 173 from Log 3 describes a document titled " ███████████████████████ ███████████████████████████████████ " as " ████████████████████████ ██████████████████████████████████████████████ " The author of the document is listed as ████████████████████████████ not the identified counsel, ███████████████ who is not listed as an author, custodian, sender, or recipient of this document. Accordingly, it does not appear that this document is wholly privileged or so predominantly privileged that withholding it in full is appropriate. Please confirm if Google will produce the withheld documents corresponding to the entries identified below (in full or with limited redactions), and if not, please explain your basis for withholding them in full.

     Supp. Log 1 – PrivLog IDs 77, 81, 82, 84, 85, 87, 103, 104, 125, 136, 139

     Supp. Log 2 – PrivLog IDs 108, 109, 119, 137

     Log 3 – PrivLog IDs 127, 128, 129, 130, 131, 132, 133, 134, 169, 171, 173, 179, 180, 185, 219, 222, 223, 230, 247, 248, 254, 255, 261, 262, 266, 245, 256

     Log 4 – PrivLog ID 1

**Response to Question 5**:  As to the eleven identified entries in Supplemental Log 1 and the four identified entries in Supplemental Log 2, Google has re-reviewed each underlying document and found that, for each, the confidential legal advice of the attorney noted in the privilege description pervades the document at issue.  *See Cnty. of Erie*, 473 F.3d at 420–21.  Therefore, Google has properly withheld each of these documents.

As to the 27 identified entries in Log 3, Google has re-reviewed each underlying document

and found the following:

> With respect to PrivLog IDs 127, 128, and 131, the author of each document is, as noted on the privilege log, an attorney. The confidential legal advice of the named attorney pervades the corresponding document at issue. Therefore, Google has properly withheld these documents.

> With respect to PrivLog IDs 129 and 130, the recipient of each document is, as noted on the privilege log, an attorney. The confidential legal advice of that attorney pervades the corresponding document at issue. Therefore, Google has properly withheld these documents.

> With respect to PrivLog IDs 132 and 254, the confidential legal advice of counsel to the client pervades each document at issue. Therefore, Google has properly withheld these documents.

> With respect to PrivLog IDs 133, 134, and 169, the confidential legal advice of counsel to the client and discussion thereof pervades each document at issue. Therefore, Google has properly withheld these documents.

> With respect to PrivLog ID 171, the document, as noted on the privilege log, reflects the confidential legal advice of an attorney. Therefore, Google has properly withheld this document.

> With respect to PrivLog IDs 173, 179, 180, 222, 247, 248, 255, 261, 262, and 266, the confidential legal advice of the attorney noted in the privilege description pervades the corresponding document at issue. Therefore, Google has properly withheld these documents.

> With respect to PrivLog ID 185, the author of the document is in-house counsel. She is noted in the privilege description and flagged as counsel. The confidential legal advice of that attorney and others pervades the document at issue. Therefore, Google has properly withheld this document.

> With respect to PrivLog ID 219, the recipients of the document are, as noted on the privilege log, attorneys. The author seeks their legal advice, which those attorneys provide, and that confidential legal advice pervades the document. Therefore, Google has properly withheld this document.

> With respect to PrivLog IDs 223 and 230, the confidential legal advice of each author, the attorneys noted in the privilege descriptions, pervades the corresponding document at issue. Therefore, Google has properly withheld these documents.

> With respect to PrivLog ID 245, the recipients of this document are attorneys. The

confidential legal advice of those attorneys pervades the document at issue. Therefore, Google has properly withheld this document.

With respect to PrivLog ID 256, the confidential legal advice of the attorney noted in the recipient list pervades the document at issue. Therefore, Google has properly withheld this document.

As to the identified entries of Log 4, PrivLog ID 1, Google has re-reviewed the underlying document and found that the confidential legal advice of the attorney noted in the privilege description pervades the document at issue. Therefore, Google has properly withheld the document.

**Question 6**: We observe the below entries with titles indicating that they are versions of documents that Google produced with limited redactions, as opposed to wholly withheld as the ones reflected in Defendant's Logs. We do not understand why some iterations of the same document were produced with redactions, while others were wholly withheld. Please confirm if Google will produce the withheld documents corresponding to the entries identified below with appropriate redactions, and if not, please explain your basis for withholding them in full.

Supp. Log 1 – PrivLog IDs 52 (other version produced at GOOG-CENG-00422896), 72 (other version produced at GOOG-CENG-00423149, GOOG-CENG-00439866.R), 79 (other version produced at GOOG-CENG-00422896)

Supp. Log 2 – PrivLog ID 107 (other version produced at GOOG-CENG-00422896)

**Response to Question 6**: Google has re-reviewed each of the four documents in your question.

As to the underlying document at Supplemental Log 1, PrivLog ID 52, we are confused by your question. You claim that GOOG-CENG-00422896 is likely a version of the withheld document. But -2896 has a different date, different title, and different author than the document at Supplemental Log 1, PrivLog ID 52.

As to the document at Supplemental Log 1, PrivLog ID 72, the underlying document is not another version of the document produced at GOOG-CENG-00439866.R.

As to the documents at Supplemental Log 1, PrivLog ID 79, and Supplemental Log 2, PrivLog ID 107, neither is identical to the produced document at GOOG-CENG-00422896. However, Google will review further.

**Question 7**: We observe that the below entries appear to directly concern Google's DMCA repeat infringer policies, including what specific policy features entail and how they are implemented and enforced. As an illustrative example, PrivLog ID 15 from Supp. Log 1 describes a document titled " ███████████████████████████████ " as an "Email seeking legal advice of Counsel regarding copyright policy compliance." As explained above, the "copyright policy compliance" description does not indicate how the subject matter is legal in nature. Separately, Ms. Bladow represented during the October 8 hearing that Google is not "taking a position of sword and shield here, saying that there's some part of our process that's protected by privilege." (10/08/25 Hearing Transcript ("Tr.") at 101:23–102:1.) Please clarify your position as to whether you believe the below entries are privileged and should remain withheld in full.

   Supp. Log 1 – PrivLog IDs 15, 54, 93, 96, 110, 118, 119

   Supp. Log 2 – PrivLog ID 110

   Log 3 – PrivLog IDs 77, 78, 124, 173, 262

**Response to Question 7**: As to the seven identified entries in Supplemental Log 1, Google has re-reviewed each underlying document and found the following:

   With respect to PrivLog ID 15, a recipient of the document is, as noted on the privilege log, an attorney. The confidential legal advice of that attorney is sought in the document at issue. Therefore, Google has properly withheld this document. Please clarify why the document title in conjunction with the privilege description noting communications with counsel regarding "copyright policy compliance" are insufficient for you to assess Google's assertion of privilege. Please also provide authority for your position. As discussed in Response 1, and as applies throughout these Responses, confidential communication made between client and counsel for the purpose of compliance and implementation of compliance measures is privileged.
   With respect to PrivLog ID 54, the author of the document is, as noted on the privilege log, an attorney. The confidential legal advice of that attorney is sought in the document at issue. Therefore, Google has properly withheld this document. As stated above, please provide authority for your position that the document title in conjunction with the descriptions of communications with counsel regarding "copyright policy compliance" are insufficient for you to assess Google's assertion of privilege.

   With respect to PrivLog IDs 93, 96, 110, 118, and 119, the confidential legal advice of the attorney noted in the privilege description pervades the document at issue. Therefore, Google has properly withheld this document. As stated above, please provide authority for your position that the document title in conjunction with the descriptions of communications with counsel regarding "copyright policy

compliance" are insufficient for you to assess Google's assertion of privilege.

As to the identified entries of Supplemental Log 2, PrivLog ID 110, Google has re-reviewed the document and found that the confidential legal advice of the attorney noted in the privilege description pervades the document at issue. Therefore, Google has properly withheld the document.

As to the five identified entries in Log 3, Google has re-reviewed each underlying document and found the following:

> With respect to PrivLog ID 77, the recipient of the document is, as noted on the privilege log, an attorney. The document seeks the confidential legal advice of that attorney. Therefore, Google has properly withheld this document. As stated above, please provide authority for your position that the document title in conjunction with the descriptions of communications with counsel regarding "copyright policy compliance" are insufficient for you to assess Google's assertion of privilege.
> With respect to PrivLog ID 78, the author of the document, ███████████ is an attorney. The confidential legal advice of that attorney pervades the document at issue. Therefore, Google has properly withheld this document. As stated above, please provide authority for your position that the document title in conjunction with the descriptions of communications with counsel regarding "copyright policy compliance" are insufficient for you to assess Google's assertion of privilege.

> With respect to PrivLog ID 124, a recipient of the document is, as noted on the privilege log, an attorney. The document seeks the confidential legal advice of that attorney. Therefore, Google has properly withheld this document. As stated above, please provide authority for your position that the document title in conjunction with the descriptions of communications with counsel regarding "copyright policy compliance" are insufficient for you to assess Google's assertion of privilege.

> With respect to PrivLog IDs 173 and 262, the confidential legal advice of the attorney noted in each privilege description pervades the corresponding document at issue. Therefore, Google has properly withheld these documents. As stated above, please provide authority for your position that the document title in conjunction with the descriptions of communications with counsel regarding "copyright policy compliance" are insufficient for you to assess Google's assertion of privilege.

**Question 8**: We understand that during part of the relevant period, ███████████

 GOOG-CENG-
00441738, GOOG-CENG-00441744, GOOG-CENG-00424033 at 4035. We did not observe

any entry in Defendant's log that appears to correspond to communications made pursuant to the above-described feature of Google's DMCA policy. Please confirm if Google is withholding any communications made pursuant to this feature on privilege grounds. If so, please identify the specific entries corresponding to the documents so withheld, and explain the basis for your claim of privilege in light of Ms. Bladow's representations. (Tr. 101:23–102:1.)

**Response to Question 8**: We do not understand your request about "communications made pursuant to [this] feature" but are willing to discuss on our meet-and-confer. Further, Plaintiffs cite no caselaw showing that Google must identify which privileged or protected entries, if any, correspond to specific topics. For each document withheld, Rule 26 requires Google to provide Plaintiffs with information sufficient to assess the claim of privilege. Google has done so. Please provide authority, if any, that you believe supports that position.



**Question 9**: GOOG-CENG-00424575 at -4576 contains privilege redactions over what appear to be a description of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ We also understand that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Because ▮▮▮▮▮▮▮▮▮▮▮▮ are an essential part of Google's DMCA process, and in light of Ms. Bladow's representation that Google is not "taking a position of sword and shield here, saying that there's some part of our process that's protected by privilege" (Tr. 101:23–102:1), please clarify your position as to whether you plan to reproduce GOOG-CENG-00424575 with the redactions removed. Plaintiffs also observe that the below entries appear to correspond to withheld documents that concern ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Please clarify your position as to whether you believe the below entries are privileged and should remain withheld in full. Please also confirm whether Google is withholding other documents concerning ▮▮▮▮▮▮▮▮▮ beyond the ones corresponding to the below entries, on privilege grounds. If so, please identify the specific entries corresponding to the documents so withheld, and explain the basis for your claim of privilege in light of Ms. Bladow's representations. (Tr. 101:23–102:1.)

     Supp. Log 1 – PrivLog IDs 49, 50, 53, 105

     Log 3 – PrivLog IDs 7, 54, 82, 265

**Response to Question 9**: As to the redactions in GOOG-CENG-00424575, this document at -4576 contains privilege redactions over confidential legal advice of in-house counsel. Google has properly redacted portions of this document under attorney-client privilege.

As to the four identified entries in Supplemental Log 1, Google has re-reviewed each

underlying document and found the following:

> With respect to PrivLog IDs 49 and 53, the recipient of each document is, as noted on the privilege log, an attorney. The confidential legal advice of the noted attorney is sought in the document at issue. Therefore, Google has properly withheld these documents.

> With respect to PrivLog IDs 50 and 105, the confidential legal advice of the attorney noted in the privilege description pervades the corresponding document at issue. Therefore, Google has properly withheld these documents.

As to the four identified entries in Log 3, Google has re-reviewed each underlying document and found the following:

> With respect to PrivLog IDs 7 and 82, the recipient of each document is, as noted on the privilege log, an attorney. The confidential legal advice of the noted attorney is sought in the document at issue. Therefore, Google has properly withheld these documents.

> With respect to PrivLog ID 54, as stated in the privilege description, this document was prepared in anticipation of litigation for the purpose of seeking confidential legal advice from the noted attorney. Therefore, Google has properly withheld this document.

> With respect to PrivLog ID 265, the confidential legal advice of the attorney noted in the privilege description pervades the document at issue. Therefore, Google has properly withheld this document.

Lastly, you do not provide any authority for your position that Google must identify to you documents "concerning ████████████████████████████████████ that Google is withholding. If you have any, please provide it.

**Question 10**: We also understand that ███████████████████████████████ ████████████████████████████████████. GOOG-CENG-00414676 at -4676. We did not observe any entry in Defendant's log that appears to correspond to communications made pursuant to the above-described workflow ████████ ████████████████████████████████████████████████Please confirm if Google is withholding any communications made pursuant to the above-described policy feature on privilege grounds. If so, please identify the specific entries corresponding to the documents so withheld, and explain the basis for your claim of privilege in light of Ms. Bladow's representations. (Tr. 101:23–102:1.)

**Response to Question 10**: As explained above, Plaintiffs cite no caselaw showing that

Google must identify which privileged or protected entries, if any, correspond to specific topics. For each document withheld, Rule 26 requires Google to provide Plaintiffs with information sufficient to assess the claim of privilege. Google has done so. Please provide authority, if any, that you believe supports that position.

*          *          *

Sincerely,

Wilson

**Wilson P. Boardman**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, DC 20004-1304
D: +1.202.521.5700

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Friday, January 9, 2026 1:24 PM
**To:** Roberto Borgert (DC) <Roberto.Borgert@lw.com>; Wilson Boardman (DC) <Wilson.Boardman@lw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sara Sampoli (DC) <Sara.Sampoli@lw.com>; Caroline Clarke (NY) <caroline.clarke@lw.com>; Holly Victorson (DC) <Holly.Victorson@lw.com>; Sy Damle (DC-NY) <Sy.Damle@lw.com>; Laura Bladow (DC) <Laura.Bladow@lw.com>; Alli Stillman (NY) <Alli.Stillman@lw.com>; Sarah Tomkowiak (DC) <Sarah.Tomkowiak@lw.com>
**Subject:** Re: Cengage v. Google - Google's privilege logs

Counsel,

We are available at 11 am on Monday. I have sent an updated invite.

Best,
Yunyi

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Date:** Friday, January 9, 2026 at 12:43 PM
**To:** Roberto Borgert <Roberto.Borgert@lw.com>, Wilson.Boardman@lw.com <Wilson.Boardman@lw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sara Sampoli <Sara.Sampoli@lw.com>, Caroline Clarke <caroline.clarke@lw.com>, Holly Victorson <Holly.Victorson@lw.com>, Sy Damle <Sy.Damle@lw.com>, Laura Bladow <Laura.Bladow@lw.com>, Alli Stillman <Alli.Stillman@lw.com>, Sarah Tomkowiak

<Sarah.Tomkowiak@lw.com>
**Subject:** Re: Cengage v. Google - Google's privilege logs
Counsel,

We are amenable to rescheduling the call for Monday (01/12). We look forward to receiving Google's written response today. We will follow up on our availability for Monday.


Best,
Yunyi

_____

**From:** Roberto.Borgert@lw.com <Roberto.Borgert@lw.com>
**Date:** Friday, January 9, 2026 at 12:08 PM
**To:** Yunyi Chen <YChen@oandzlaw.com>,
Wilson.Boardman@lw.com <Wilson.Boardman@lw.com>, Jeff Kane
<JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Michele Murphy
<michele@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee
<ULee@oandzlaw.com>
**Cc:** Sara Sampoli <Sara.Sampoli@lw.com>, Caroline Clarke <caroline.clarke@lw.com>,
Holly Victorson <Holly.Victorson@lw.com>, Sy Damle <Sy.Damle@lw.com>, Laura Bladow
<Laura.Bladow@lw.com>, Alli Stillman <Alli.Stillman@lw.com>, Sarah Tomkowiak
<Sarah.Tomkowiak@lw.com>
**Subject:** RE: Cengage v. Google - Google's privilege logs
Counsel,

We intend to provide a thorough written response this afternoon.  To give Plaintiffs time to review our response, we suggest moving our meet-and-confer to Monday, between 11:00 a.m. to 2:00 p.m., to ensure that we have a productive meet-and-confer.  Please let us know how you would like to proceed.


Regards,
Roberto


**Roberto J. Borgert**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

_____

**From:** Borgert, Roberto (DC)
**Sent:** Monday, January 5, 2026 11:26 AM
**To:** 'Yunyi Chen' <YChen@oandzlaw.com>; Boardman, Wilson (DC)
<Wilson.Boardman@lw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli
<Danae@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Lauren Bergelson
<LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>

**Cc:** Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>
**Subject:** RE: Cengage v. Google - Google's privilege logs

Counsel,

We are available to meet on Friday at 1:30 p.m.  Please send the invite to me, Sarah Tomkowiak, and Wilson Boardman.

We are continuing to work through the voluminous issues you first raised months after receiving our privilege logs.  We anticipate that we will be able to provide you a written response in advance of our meet-and-confer to help make our discussion more productive.

Regards,
Roberto

**Roberto J. Borgert**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2242

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Monday, January 5, 2026 10:59 AM
**To:** Boardman, Wilson (DC) <Wilson.Boardman@lw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Borgert, Roberto (DC) <Roberto.Borgert@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>
**Subject:** Re: Cengage v. Google - Google's privilege logs

Counsel,

Happy New Year. Please let us know what times work for you for a meet-and-confer. It has been a month since our initial inquiry. We are available at the below times this week:

- Tuesday: 10:00–4:15
- Wednesday: 10:00–3:00; 3:30–4:15
- Friday: 10–11:00; 11:30–12:15; 1:30–4:15

Please advise your availability and appropriate invite recipients, and we will send an invite.

Best regards,
Yunyi

Yunyi Chen | Associate
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Direct: 212.951.1923
ychen@oandzlaw.com | www.oandzlaw.com
in Connect with us on LinkedIn



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

**From:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>
**Date:** Friday, December 19, 2025 at 8:39 PM
**To:** Yunyi Chen <YChen@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>
**Cc:** Sara Sampoli <Sara.Sampoli@lw.com>, Caroline Clarke (NY) <Caroline.Clarke@lw.com>, Holly Victorson <Holly.Victorson@lw.com>, Sy Damle <Sy.Damle@lw.com>, Laura Bladow <Laura.Bladow@lw.com>, Alli Stillman <Alli.Stillman@lw.com>, Roberto Borgert <Roberto.Borgert@lw.com>, Sarah Tomkowiak <Sarah.Tomkowiak@lw.com>
**Subject:** RE: Cengage v. Google - Google's privilege logs
Counsel,

Thank you for your offer.

As Plaintiffs have made at least 522 direct and oblique privilege challenges—a list which took Plaintiffs nearly three months to compile—we believe several weeks of review is well within a reasonable time for a response. Further, we do not believe that conversing about some but not all of Plaintiffs' challenges makes sense. Plaintiffs did not send piecemeal challenges for Google's review, after all. Instead, like Plaintiffs, we believe that responding to Plaintiffs' overlapping challenges in full would be a more efficient use of everyone's time. That way, we can present Google's responses in an organized fashion, just as

Plaintiffs presented their challenges.

For at least these reasons, a meet-and-confer next week, much less on Christmas Eve, because of Plaintiffs' concern over an upcoming deadline—a timeline of Plaintiffs' own making—would neither speed this process nor be productive. Google will respond in due course and, per your request, would be happy to schedule a meet-and-confer afterwards.

Sincerely,
Wilson

**Wilson P. Boardman**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, DC 20004-1304
D: +1.202.521.5700

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Friday, December 19, 2025 6:05 PM
**To:** Sarah Tomkowiak (DC) <Sarah.Tomkowiak@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Sara Sampoli (DC) <Sara.Sampoli@lw.com>; Caroline Clarke (NY) <Caroline.Clarke@lw.com>; Holly Victorson (DC) <Holly.Victorson@lw.com>; Sy Damle (DC-NY) <Sy.Damle@lw.com>; Laura Bladow (DC) <Laura.Bladow@lw.com>; Alli Stillman (NY) <Alli.Stillman@lw.com>; Roberto Borgert (DC) <Roberto.Borgert@lw.com>; Wilson Boardman (DC) <Wilson.Boardman@lw.com>
**Subject:** Re: Cengage v. Google - Google's privilege logs

Counsel,

Thank you for confirming that you have been reviewing our December 5 inquiry. We understand that as of yesterday (December 18), you have not completed your review, and that you may have some follow-up questions for us. We are happy to look at your follow-up questions when they are ready. Since you have been reviewing for two weeks, we trust that you can share where you are in your review, any partial responses you may have with respect to any given issue, and approximately when you expect to update your log entries, reproduce documents without redactions, and/or produce previously withheld documents, if you plan to do so.

We believe that a meet-and-confer before the holidays would be helpful to ensure that the parties are tackling these issues in an efficient and organized fashion, since the turnaround between the holidays and January 6 is tight. We trust that you will "respond promptly and in good faith to a request from another party to meet and confer" consistent with Judge Moses's Individual Rule 2(b).

In addition to Dec. 22 between 10 am and 3 pm (Mon), and Dec. 23 from 10:00–11:15 and 1:00pm–3:30pm (Tues), we are also available on Dec. 24 from ==11:15== to 2:00 (Wed).

Best regards,
Yunyi

Yunyi Chen | Associate
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Direct: 212.951.1923
ychen@oandzlaw.com | www.oandzlaw.com
 Connect with us on LinkedIn



WASHINGTON, D.C.
NEW YORK, N.Y.

---

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

**From:** Sarah.Tomkowiak@lw.com <Sarah.Tomkowiak@lw.com>
**Date:** Thursday, December 18, 2025 at 5:29 PM
**To:** Yunyi Chen <YChen@oandzlaw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Sara Sampoli <Sara.Sampoli@lw.com>, Caroline.Clarke@lw.com <Caroline.Clarke@lw.com>, Holly Victorson <Holly.Victorson@lw.com>, Sy Damle <Sy.Damle@lw.com>, Laura Bladow <Laura.Bladow@lw.com>, Alli Stillman <Alli.Stillman@lw.com>, Roberto Borgert <Roberto.Borgert@lw.com>, Wilson.Boardman@lw.com <Wilson.Boardman@lw.com>
**Subject:** RE: Cengage v. Google - Google's privilege logs
Counsel,

Google plans to respond to your transparent effort to create a counterweight to the numerous issues that Google identified with Plaintiffs' privilege log.  Plaintiffs have had Google's original log for three months, so any urgency created by the "rapidly approaching document discovery deadline" is a product of Plaintiffs' delay in raising these issues, over which Google had no control.  We will review the entries and redacted documents Plaintiffs

have identified, and to the extent we believe that any clarification or additional production is appropriate, we will do so consistent with our obligations under Rule 26.  We note that you have taken Ms. Bladow's comments out of context.  However, consistent with her comments, Google has produced many documents relating to its DMCA process.  We note further that as we have been reviewing your inquiry, we are finding ambiguities and discrepancies between your email and the logs, so we might need some clarification to appropriately respond.

Until we have completed our review, I don't believe that a meet and confer would be productive.

Best,


**Sarah A. Tomkowiak**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2335 | M: +1.217.417.3312

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Wednesday, December 17, 2025 1:37 PM
**To:** Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Borgert, Roberto (DC) <Roberto.Borgert@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>
**Subject:** Re: Cengage v. Google - Google's privilege logs


Counsel,

Plaintiffs do not know whether or when Google plans to respond to our December 5 inquiry. As we identified and explained in detail below, numerous entries in Google's privilege logs are insufficient for Plaintiffs to assess Google's claims of privilege. Given the upcoming deadline for document discovery, we would like to promptly understand Google's positions with respect to each issue we raised. If it is productive to confer, we are available on Dec. 19 (Fri) from 10am–1:45pm and 3pm–4:30pm, Dec. 22 between 10 am and 3 pm (Mon), and Dec. 23 from 10:00–11:15 and 1:00pm–3:30pm (Tues). Please advise your availability.

Best regards,

Yunyi

Yunyi Chen | Associate
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Direct: 212.951.1923
ychen@oandzlaw.com | www.oandzlaw.com
 Connect with us on LinkedIn



WASHINGTON, D.C.
NEW YORK, N.Y.

---

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Date:** Friday, December 12, 2025 at 12:33 PM
**To:** Sara Sampoli <Sara.Sampoli@lw.com>, Caroline.Clarke@lw.com <caroline.clarke@lw.com>, Sarah Tomkowiak <Sarah.Tomkowiak@lw.com>, Holly Victorson <Holly.Victorson@lw.com>, Sy Damle <Sy.Damle@lw.com>, Laura Bladow <Laura.Bladow@lw.com>, Alli Stillman <Alli.Stillman@lw.com>, Roberto Borgert <Roberto.Borgert@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>
**Subject:** Re: Cengage v. Google - Google's privilege logs
Counsel,

Please let us know when you expect to have an update regarding the below.

Best regards,
Yunyi

Yunyi Chen | Associate
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Direct: 212.951.1923
ychen@oandzlaw.com | www.oandzlaw.com



Connect with us on LinkedIn

WASHINGTON, D.C.
NEW YORK, N.Y.

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Date:** Friday, December 5, 2025 at 8:20 PM
**To:** Sara Sampoli <Sara.Sampoli@lw.com>,
Caroline.Clarke@lw.com <caroline.clarke@lw.com>, Sarah Tomkowiak
<Sarah.Tomkowiak@lw.com>, Holly Victorson <Holly.Victorson@lw.com>, Sy Damle
<Sy.Damle@lw.com>, Laura Bladow <Laura.Bladow@lw.com>, Alli Stillman
<Alli.Stillman@lw.com>, Roberto Borgert <Roberto.Borgert@lw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>,
Danae Tinelli <Danae@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>,
Uriel Lee <ULee@oandzlaw.com>
**Subject:** Re: Cengage v. Google - Google's privilege logs
*This message contains Material designated as Confidential pursuant to a Protective Order*

Counsel,

We write concerning deficiencies in Defendant's privilege logs. These logs are: 2025-09-09 Google Privilege Log #1 ("Supp. Log 1"), 2025-09-09 Google Privilege Log #2 ("Supp. Log 2"), 2025-09-09 Google Privilege Log #3 ("Log 3"), and 2025-10-06 Google Privilege Log #4 ("Log 4") (served 2025-10-06). Plaintiffs write to follow up on Defendant's operative privilege logs to date, namely Def's Supp. Log 1, Def's Supp. Log 2, Def's Log 3 and Def's Log 4 (collectively, "Defendant's Logs"). In light of the rapidly approaching document discovery deadline, please respond promptly to the issues and questions set forth below.

1.  We observe that 105 entries in Supp. Log 1, 135 entries in Supp. Log 2, and 191 entries in Log 3 describe the subject matter of the purported legal advice rendered as "policy compliance" without information indicating how "policy compliance" is legal in nature. As an illustrative example, PrivLog ID 54 from Supp. Log 1 describes the withheld document as an "[e]mail containing legal advice of Counsel regarding copyright policy compliance." But compliance with Google's internal policies is not a legal matter. If Google contends these communications were made for the purpose of providing or seeking legal advice and/or contain such advice, please provide additional descriptions that clarify the legal nature of the subject and which counsel was consulted where not identified.

2. We observe that two entries in Supp. Log 1 describe the subject matter of the purported legal advice rendered as "legal dispute" without further information. Please provide additional information to clarify the nature of the referenced "legal dispute."

3. We observe that four entries in Supp. Log 1 and one entry in Supp. Log 2 describe the subject matter of the purported legal advice rendered as "intellectual property issues" without further information. This is insufficient for Plaintiffs to understand Google's claim of privilege because "intellectual property issues" encompasses broader matters that may not necessarily implicate legal advice on intellectual property law. Please provide additional descriptions that substantiate the legal nature of the subject matter on which counsel was consulted.

4. We observe that eight entries in Supp. Log 1, three entries in Supp. Log 2, and five entries in Log 3 describe the subject matter of the purported legal advice rendered as "regulatory issues" without further information. More information is needed to clarify what these "issues" are and why they are legal in nature. As an illustrative example, PrivLog ID 93 from Supp. Log 1 describes the withheld document titled ███████ ████████████" as "Notes containing legal advice of ████ ████████████" regarding regulatory issues." The title of the document suggests a relation to infringement notices, but the description "regulatory issues" fails to clarify the subject matter. Please provide additional descriptions that substantiate the legal nature of the subject matter concerning which counsel was consulted.

5. We observe that the below entries contain document title, author, e-mail sender, recipient, and descriptions which, taken together, suggest that the corresponding withheld document is unlikely to be wholly privileged. As an illustrative example, PrivLog ID 173 from Log 3 describes a document titled "█████████████████████ ████████████████████████████ as "Notes containing legal advice of ████████████ regarding copyright policy compliance." The author of the document is listed as ███████████████████ not the identified counsel, █████████ who is not listed as an author, custodian, sender, or recipient of this document. Accordingly, it does not appear that this document is wholly privileged or so predominantly privileged that withholding it in full is appropriate. Please confirm if Google will produce the withheld documents corresponding to the entries identified below (in full or with limited redactions), and if not, please explain your basis for withholding them in full.

Supp. Log 1 – PrivLog IDs 77, 81, 82, 84, 85, 87, 103, 104, 125, 136, 139

Supp. Log 2 – PrivLog IDs 108, 109, 119, 137

Log 3 – PrivLog IDs 127, 128, 129, 130, 131, 132, 133, 134, 169, 171, 173, 179, 180, 185, 219, 222, 223, 230, 247, 248, 254, 255, 261, 262, 266, 245, 256

Log 4 – PrivLog ID 1

6. We observe the below entries with titles indicating that they are versions of documents that Google produced with limited redactions, as opposed to wholly withheld as the ones reflected in Defendant's Logs. We do not understand why some iterations of the same document were produced with redactions, while others were wholly withheld. Please confirm if Google will produce the withheld documents corresponding to the entries identified below with appropriate redactions, and if not, please explain your basis for withholding them in full.

Supp. Log 1 – PrivLog IDs 52 (other version produced at GOOG-CENG-00422896), 72 (other version produced at GOOG-CENG-00423149, GOOG-CENG-00439866.R), 79 (other version produced at GOOG-CENG-00422896)

Supp. Log 2 – PrivLog ID 107 (other version produced at GOOG-CENG-00422896)

7. We observe that the below entries appear to directly concern Google's DMCA repeat infringer policies, including what specific policy features entail and how they are implemented and enforced. As an illustrative example, PrivLog ID 15 from Supp. Log 1 describes a document titled "███████████████████████████" as an "Email seeking legal advice of Counsel regarding copyright policy compliance." As explained above, the "copyright policy compliance" description does not indicate how the subject matter is legal in nature. Separately, Ms. Bladow represented during the October 8 hearing that Google is not "taking a position of sword and shield here, saying that there's some part of our process that's protected by privilege." (10/08/25 Hearing Transcript ("Tr.") at 101:23–102:1.) Please clarify your position as to whether you believe the below entries are privileged and should remain withheld in full.

Supp. Log 1 – PrivLog IDs 15, 54, 93, 96, 110, 118, 119

Supp. Log 2 – PrivLog ID 110

Log 3 – PrivLog IDs 77, 78, 124, 173, 262

8. We understand that during part of the relevant period, ███████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ We did not observe any entry in Defendant's log that appears to correspond to communications made pursuant to the above-described feature of Google's DMCA policy. Please confirm if Google is withholding any communications made pursuant to this feature on privilege grounds. If so, please identify the specific entries corresponding to the documents so withheld, and explain the basis for your claim of privilege in light of Ms. Bladow's representations. (Tr. 101:23–102:1.)

9. GOOG-CENG-00424575 at -4576 contains privilege redactions over what appear to be a description of the ████████████████████████████ We also understand that ██████████████████████████████████████████████████████████████████

█████████████████████ Because ████████████████ are an essential part of Google's DMCA process, and in light of Ms. Bladow's representation that Google is not "taking a position of sword and shield here, saying that there's some part of our process that's protected by privilege" (Tr. 101:23–102:1), please clarify your position as to whether you plan to reproduce GOOG-CENG-00424575 with the redactions removed. Plaintiffs also observe that the below entries appear to correspond to withheld documents that concern ███████████████████████████████████████████████████████████ Please clarify your position as to whether you believe the below entries are privileged and should remain withheld in full. Please also confirm whether Google is withholding other documents concerning ████████████████████████████████████████████, beyond the ones corresponding to the below entries, on privilege grounds. If so, please identify the specific entries corresponding to the documents so withheld, and explain the basis for your claim of privilege in light of Ms. Bladow's representations. (Tr. 101:23–102:1.)

Supp. Log 1 – PrivLog IDs 49, 50, 53, 105

Log 3 – PrivLog IDs 7, 54, 82, 265

10. We also understand that ████████████████████████████████████████████████████████████████. GOOG-CENG-00414676 at -4676. We did not observe any entry in Defendant's log that appears to correspond to communications made pursuant to the above-described workflow ███████████████████████████████████████ Please confirm if Google is withholding any communications made pursuant to the above-described policy feature on privilege grounds. If so, please identify the specific entries corresponding to the documents so withheld, and explain the basis for your claim of privilege in light of Ms. Bladow's representations. (Tr. 101:23–102:1.)

We plan to separately share other questions concerning certain privilege redactions in Google's productions. Please let us know if a meet-and-confer would be helpful.

Best regards,
Yunyi

Yunyi Chen | Associate
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Direct: 212.951.1923
ychen@oandzlaw.com | www.oandzlaw.com
in. Connect with us on LinkedIn



| WASHINGTON, D.C.
| NEW YORK, N.Y.

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.