# EXHIBIT B
# [Redacted Version of Document Filed Under Seal]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | Case No. 1:24-cv-04274-JLR-BCM<br><br>**CONTAINS MATERIAL DESIGNATED HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY AND INFORMATION PROTECTED BY PARAGRAPH 28 OF THE PROTECTIVE ORDER** |

**GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED FIRST SET OF INTERROGATORIES TO DEFENDANT GOOGLE LLC**

Google LLC ("Google"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, by and through its undersigned counsel, hereby provides these responses to Cengage Learning, Inc.; Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning; Macmillan Holdings, LLC; Elsevier Inc.; Elsevier B.V.; and McGraw Hill LLC's (collectively, "Plaintiffs") First Set of Interrogatories ("Interrogatories") as follows. Certain of Google's responses are designated "Highly Confidential – Attorneys' Eyes Only" and/or contain information protected by paragraph 28 of the Protective Order (Dkt. No. 82).

**PRELIMINARY STATEMENT**

Google has attempted in good faith to provide responses to the Interrogatories herein to the extent reasonably practicable at this stage of these proceedings, based on information presently known to Google. The parties have not completed their discovery in this action. As a result, the responses to these Interrogatories, while based on diligent factual exploration, reflect only Google's

1

current state of knowledge, understanding, and belief with regard to the matters about which requests have been made. These responses are given without prejudice to Google's right to amend or supplement its responses after considering information obtained or reviewed through further discovery and investigation. This reservation, however, is not to be construed as an undertaking by Google of an affirmative duty to change or supplement these responses, except as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. The fact that Google has responded to any Interrogatory shall not be construed as a waiver of any objection in this or any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege, and/or admissibility of the responses or the subject matter thereof. By making these responses, Google does not concede that the information sought is relevant or proportional to the needs of this case.

Google will not provide information that is protected by the attorney-client privilege, common interest privilege, work-product doctrine, or any other applicable common law or statutory privilege, exemption, law, rule, or protection. To the extent any Interrogatory may be construed as calling for disclosure of information, documents, and/or things protected by any applicable privileges or doctrines ("Privileged Information"), nothing in Google's responses is intended to waive such privileges and Google's responses should not be construed as such a waiver.

Google is providing responses without prejudice to Google's right to procure, rely on, and introduce expert witness testimony, and such expert's right to rely on documents or information deemed appropriate by that expert in formulating the expert's opinion, whether or not produced in response to these Interrogatories. Google's responses to these Interrogatories, and any corresponding productions, do not constitute either an admission that any definitions provided by Plaintiffs are factually correct or legally binding upon Google, or a waiver of any of Google's objections, including but not limited to objections regarding discoverability of documents or other evidence.

Google's use of the term "including" in its General or Specific Objections means "including but not limited to."

**GENERAL OBJECTIONS**

1. Google objects to these Amended Interrogatories to the extent that Plaintiffs do not treat them as additionally served Interrogatories counting towards Federal Rule of Civil Procedure 33(1)'s 25-interrogatory limit. Because so-called "Amended" Interrogatory Nos. 1, 3, 5, 6, and 7 have been materially changed through Plaintiffs' amendments, Google will treat these five interrogatories as Interrogatory Nos. 11 to 15.

2. Google objects to each Interrogatory, definition, and instruction to the extent it purports to impose upon Google discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York (including Local Rule 33.3), applicable standing orders of this Court, orders entered in this case, agreements among the parties, or other applicable law.

3. Google objects to each Interrogatory, definition, and instruction to the extent it is vague, ambiguous, overbroad, unduly burdensome, or seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case.

4. Google objects to each Interrogatory, definition, and instruction to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, Fed. R. Civ. P. 26(b)(4)(A), or any other privilege or immunity. The production of any privileged document or information shall not constitute a waiver of any applicable objection or privilege. For purposes of responding to these Interrogatories, Google will interpret each Interrogatory, definition, and instruction as excluding information subject to privilege or immunity.

5. Google objects to each Interrogatory, definition, and instruction to the extent it seeks

3

to elicit third-party confidential and/or proprietary information and/or information that is subject to or precluded by restrictions of confidentiality imposed by, or pursuant to, agreements between Google and third parties. Google will cooperate with Plaintiffs to identify what confidential third-party information, if any, is relevant and reasonably necessary for the investigation of the claims and defenses herein.

6.  Google objects to each Interrogatory, definition, and instruction to the extent to the extent it assumes, or calls for, a legal conclusion. Any response by Google shall not be construed as providing, or assenting to, any legal conclusion regarding the meaning or application of any terms of phrases used in Plaintiffs' Interrogatories, definitions, or instructions.

7.  Google objects to each Interrogatory, definition, and instruction to the extent it seeks information not currently in Google's possession, custody, or control, or refers to persons, entities, or events not known to Google.

8.  Google objects to each Interrogatory, definition, and instruction to the extent it seeks to require Google to do more than conduct an examination of those files or sources that reasonably may be expected to yield responsive information, or an inquiry of those persons who may be reasonably expected to possess responsive information.

9.  Google objects to each Interrogatory, definition, and instruction to the extent it is cumulative and duplicative of other forms of discovery that are more convenient and less burdensome.

10. Google objects to each Interrogatory, definition, and instruction to the extent it improperly and prematurely seeks discovery of expert opinions. Such information will be disclosed within the time frame outlined by the Scheduling Order (Dkt. No. 84) governing this case.

11. Google objects to each Interrogatory, definition, and instruction to the extent it purports to place an obligation on Google to obtain or provide information that is publicly available,

4

is in the possession of a third party, or otherwise is as readily available to Plaintiffs as it is to Google.

12. Google objects to each Interrogatory, definition, and instruction to the extent they use the terms "all" or "any," which render the Interrogatories overly broad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to the claims or defenses in this action. Subject to its objections, Google will make reasonable efforts to search for relevant information from those individuals employed by, or on behalf of, Google whom Google reasonably believes are likely to have responsive information associated with this proceeding, but each and every employee has not been, and could not be, contacted and questioned, nor their documents searched, for information that would assist in answering the Interrogatories.

13. Google objects to the definitions of "you," "your," "Google," or "Defendant" as vague, ambiguous, overly broad, unduly burdensome, and invasive of the attorney-client privilege and attorney work product protection, to the extent the definition includes counsel. In responding to these Interrogatories, Google will construe "you," "your," "Google," or "Defendant" to mean only Google LLC, and such persons authorized to act on its behalf and within the proper scope of their respective authorized capacities, excluding attorneys not employed by Google LLC acting on its behalf.

14. Google objects to the definition of "Conversion" to the extent it is inaccurate and/or inconsistent with the definition of "Conversion Tracking." Google will interpret "Conversion" to refer to an action, taken subsequent to an interaction with an ad, that an advertiser has defined as valuable.[1]

15. Google objects to the definition of "Conversion Tracking" to the extent it is inaccurate and/or inconsistent with the definition of "Conversion." Google will interpret

---

[1] *See* Conversion: Definition, Google Merchant Center Help, https://support.google.com/merchants/answer/6365?hl=en (last accessed Mar. 24, 2025).

5

"Conversion Tracking" to refer to a tool offered by Google, available in Google Ads accounts, to track conversions.[2]

16. Google objects to the definition of "Copyright Infringement Policy" as vague, ambiguous, and uncertain because "any policy that seeks to address copyright infringement by Shopping Ads Merchants" could have multiple meanings in this context. Google further objects to this definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks Google's policies concerning copyright infringement with respect to any Google user who sells any product advertised on Google's Shopping Ads platform or any Google user with a Merchant Center account, whether or not such efforts have anything to do with the claims or defenses in this matter. Google further objects to this definition to the extent it includes characterizations of, and legal conclusions regarding, any obligations, duties, and requirements under the Digital Millennium Copyright Act, and Google's compliance with such obligations, duties, and requirements.

17. Google also objects to the definition of "DMCA Policy" to the extent it includes characterizations of, and legal conclusions regarding, any obligations, duties, and requirements under the Digital Millennium Copyright Act, and Google's compliance with such obligations, duties, and requirements. Google further objects to the definition of "DMCA Policy" to the extent it includes "practices, or procedures," and to the extent it is not limited to policies that apply to activity on Google's Shopping platform (as opposed to all "activities of Shopping Ads Merchants" irrespective of what Google product or platform they use).

18. Google objects to the definition of "Infringement Notice" to the extent it includes

---

[2] *See* Conversion Tracking: Definition, Google Merchant Center Help, https://support.google.com/merchants/answer/6308?hl=en&sjid=10491183329787086076-NA (last accessed Mar. 24, 2025).

6

characterizations of, and legal conclusions regarding infringement of a copyright or a trademark and notification pursuant to 17 U.S.C. § 512.

19. Google objects to the definition of "Google Shopping accounts" as vague, ambiguous, and uncertain to the extent it seeks information about unidentified "Google account[s]" that "merchant[s]" maintain. Google further objects to this definition as vague, ambiguous, and uncertain to the extent it includes the undefined phrase "in connection with," which does not on its own offer appropriate parameters for the type of connection or association sought. Google further objects to the definition of "Google Shopping accounts" as overly broad and inaccurate to the extent it encompasses accounts beyond those responsible for running Shopping ads, including a "Google Ads account, or any other Google account the merchant maintains in connection with Shopping Ads." For the purposes of responding to the Interrogatories, Google will interpret "Google Shopping accounts" to refer to the Shopping Ads Merchant Center accounts responsible for running free product listings and paid Shopping ads.

20. Google objects to the definition of "Infringing Merchant" as vague, ambiguous, and uncertain to the extent that it includes the undefined phrase "associated with," which does not on its own offer appropriate parameters for the type of connection or association sought. Google further objects to the definition of "Infringing Merchant" as overly broad and inconsistent with the Court's January 7, 2025 order, Dkt. No. 72, to the extent it incorporates the overly broad term "Shopping Ads Merchant." Google further objects to the definition of "Infringing Merchant" to the extent it assumes a legal conclusion regarding copyright infringement.

21. Google objects to the definition of "Cluster of Bad Actors" as overly broad and unduly burdensome to the extent it includes "other users of Google's services" beyond merchant center accounts. Google further objects to the definition of "Cluster of Bad Actors" as vague, ambiguous, and uncertain to the extent it refers to merchants or users who have "otherwise engaged"

7

in unspecified "nefarious activities."

22. Google objects to the definition of "Shopping Ads Merchant" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to encompass any Google accounts beyond Merchant Center accounts.

23. Google objects to the definition of "Shopping Ads" to the extent it makes legal or factual conclusions or assumptions about ads on the Google Shopping platform. For the purposes of Google's responses to the Interrogatories, Google will interpret "Shopping Ads" to refer to ads on Google's Shopping platform identified as "paid Shopping ads" and free product listings on Google's Shopping platform.

24. Google objects to Instruction No. 4 and each Interrogatory, to the extent it purports to impose procedures or requirements for identifying information over which Google claims privilege beyond those provided in Federal Rule of Civil Procedure 26 and Local Rule 26.2.

25. Google objects to the instruction that "For Interrogatory No. 1, Interrogatory No. 5, and Interrogatory No. 6, the relevant time frame is January 1, 2020 through the present" and that for "all other Interrogatories, the relevant time frame for these Interrogatories is June 5, 2020 through the present" as overbroad, unduly burdensome, and not proportional to the needs of the case. The copyright statute of limitations extends back only to June 5, 2021, and the allegations in the complaint relating to Google's conduct only go back to June 2021. *See* ECF No. 38 ¶¶ 99, 141. Unless otherwise specified, Google will limit its responses to the Interrogatories to December 5, 2020 through the present.

26. Google objects to each Interrogatory that requests the name of persons with certain responsibilities as well as the "role at or with Defendant when . . . they had such responsibility" as unduly burdensome to the extent it imposes an obligation to list every title or role held by such persons during the relevant time period. For Interrogatories in which roles have been requested and

Google will provide a response, Google will provide the most recent role during the period the relevant individuals held the relevant responsibility.

**RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED INTERROGATORIES**

Google incorporates by reference the General Objections set forth above into the Specific Objections set forth below, as if fully set forth therein.  Google may repeat a General Objection for emphasis or other reasons.  The failure to repeat any General Objections in any Specific Objection and Response does not waive any General Objection to the Interrogatory.

**AMENDED INTERROGATORY NO. 1 (INTERROGATORY NO. 11):**

State the name of each person with responsibility for designing, developing, or implementing Your Copyright Infringement Policies (including Your DMCA Policies), along with the persons' role at or with Defendant when, and the dates during which, they had such responsibility.

**RESPONSE TO AMENDED INTERROGATORY NO. 1 (INTERROGATORY NO. 11):**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definitions of "Copyright Infringement Policy" and "DMCA Policy."  Google objects to this Interrogatory as vague and ambiguous insofar as it includes the undefined phrase "with responsibility," which does not on its own provide appropriate parameters, nor is it accompanied by a definition indicating the level of responsibility sought.  Google further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is neither relevant to either party's claims or defenses nor proportional to the needs of this case because the burden of identifying "*each* person" with *any* responsibility for implementing such policies significantly outweighs the possible benefit of the discovery sought.  Google objects to the Interrogatory to the extent that it is duplicative of other discovery requests, including Request for Production No. 2.  Google further objects to this Interrogatory to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation, since the copyright statute of limitations extends back only to June 5, 2021,

9

and the allegations in the complaint relating to Google's conduct only go back to June 2021. *See* ECF No. 38 ¶¶ 99, 141. This Interrogatory, which relates to Google's DMCA policy, is relevant only to Plaintiffs' copyright infringement claims. Thus, information from prior to December 5, 2020 is not relevant or proportional to the needs of this case.

Google further objects to this Interrogatory to the extent that Plaintiffs do not treat it as an additionally served Interrogatory counting towards Federal Rule of Civil Procedure 33(1)'s 25-interrogatory limit. "[E]very interrogatory which is served, and causes a responding party to undertake the burden of preparing and serving objections to the interrogatory, is counted against the numerical 25 interrogatory limit for purposes of Rule 33(a)." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). Google undertook the burden of preparing and serving objections to Interrogatory No. 1, and is now undertaking the further burden of preparing and serving objections to Amended Interrogatory No. 1, which seeks information for an additional five month time period between January 1, 2020 and June 5, 2020. As such, Google will treat this Interrogatory as Interrogatory No. 11.

Subject to the foregoing General and Specific Objections, Google identifies the following individuals who are or were directly or principally responsible for the design, development, and implementation of Google's DMCA policies relating to Google's Shopping platform during the relevant period, and the approximate dates during which they engaged in such activities:

[redacted]

10

**AMENDED INTERROGATORY NO. 2:**

State the name of the persons most knowledgeable regarding the design, development, or implementation of any system You used for processing and tracking Infringement Notices, and with knowledge of the technical abilities of any system You used to receive and process Infringement Notices and take steps in response to such notices, along with the persons' role at or with Defendant when, and the dates during which, they had such responsibility.

**RESPONSE TO AMENDED INTERROGATORY NO. 2:**

Google objects to this Interrogatory as entirely duplicative of Plaintiffs' Interrogatory No. 2, to which Google served responses and objections on March 24, 2025 and supplemental responses and objections on May 19, 2025. Google refers Plaintiffs to its Response (including its First Supplemental Response) to Interrogatory No. 2.

**AMENDED INTERROGATORY NO. 3 (INTERROGATORY NO. 12):**

Identify all systems or databases that You use to identify Clusters of Bad Actors.

**RESPONSE TO AMENDED INTERROGATORY NO. 3 (INTERROGATORY NO. 12):**

Google incorporates its General Objections as if fully set forth herein, including its objection to the definition of "Clusters of Bad Actors." Google objects to this Interrogatory as overbroad and unduly burdensome to the extent Plaintiffs seek information about "other users of Google's services" beyond merchant center accounts and vague and ambiguous to the extent this Interrogatory refers to merchants or users who have "otherwise engaged" in unspecified "nefarious activities." Google further objects to this Interrogatory as vague and ambiguous insofar as it includes the undefined terms "systems" and "databases." Google objects to this Interrogatory to the extent it seeks discovery on "all systems or databases" without justification for such information. *See Haroun v. ThoughtWorks, Inc.*, No. 20-CV-0100 (LJL), 2020 WL 6828490, at *1–2 (S.D.N.Y. Oct. 7, 2020) (refusing to compel the identification of "all sources of electronically stored information" to determine "where potentially

11

responsive documents are located," explaining that the plaintiff cannot seek such "discovery on discovery" without first "creat[ing] a record" demonstrating the need for it). Google objects to the Interrogatory to the extent that it is duplicative of other discovery requests, including Request for Production No. 31. Google further objects to this Interrogatory to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.

Google further objects to this Interrogatory to the extent that Plaintiffs do not treat it as an additionally served Interrogatory counting towards Federal Rule of Civil Procedure 33(1)'s 25-interrogatory limit. "[E]very interrogatory which is served, and causes a responding party to undertake the burden of preparing and serving objections to the interrogatory, is counted against the numerical 25 interrogatory limit for purposes of Rule 33(a)." *Walker*, 186 F.R.D. at 587. Google undertook the burden of preparing and serving objections to Interrogatory No. 3, and is now undertaking the further burden of preparing and serving objections to Amended Interrogatory No. 3, which seeks information relating to "Clusters of Bad Actors," the definition of which Plaintiffs have materially changed. As such, Google will treat this Interrogatory as Interrogatory No. 12.

Based on the foregoing General and Specific Objections, Google identifies the following database in which Google stores aggregate information about Merchant Center account clusters:

▮ ▬▬▬▬▬▬

**AMENDED INTERROGATORY NO. 4:**

Identify all systems or databases that contain information concerning revenue Shopping Ads Merchants have paid to Google in connection with Shopping Ads.

**RESPONSE TO AMENDED INTERROGATORY NO. 4:**

Google objects to this Interrogatory as entirely duplicative of Plaintiffs' Interrogatory No. 4, to which Google served responses and objections on March 24, 2025 and supplemental responses and objections on May 19, 2025. Google refers Plaintiffs to its Response (including its First

12

Supplemental Response) to Interrogatory No. 4.

**AMENDED INTERROGATORY NO. 5 (INTERROGATORY NO. 13):**

State the name of each person with responsibility for designing, developing, or implementing the Digital Books Shopping Ads Policy, along with the persons' role at or with Defendant when, and the dates during which, they had such responsibility

**RESPONSE TO AMENDED INTERROGATORY NO. 5 (INTERROGATORY NO. 13):**

Google incorporates its General Objections as if fully set forth herein.  Google objects to this Interrogatory as vague and ambiguous insofar as it includes the undefined phrase "with responsibility," which does not on its own provide appropriate parameters, nor is it accompanied by a definition indicating the level of responsibility sought.  Google further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is neither relevant to either party's claims or defenses nor proportional to the needs of this case because the burden of identifying "*each person*" with responsibility for designing, developing, or implementing the Digital Books Shopping Ads Policy significantly outweighs the possible benefit of the discovery sought.  Google also objects to the Interrogatory to the extent that it is duplicative of other discovery requests, including Requests for Production No. 2 and 45.  Google further objects to this Interrogatory to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.

Google further objects to this Interrogatory to the extent that Plaintiffs do not treat it as an additionally served Interrogatory counting towards Federal Rule of Civil Procedure 33(1)'s 25-interrogatory limit.  "[E]very interrogatory which is served, and causes a responding party to undertake the burden of preparing and serving objections to the interrogatory, is counted against the numerical 25 interrogatory limit for purposes of Rule 33(a)."  *Walker*, 186 F.R.D. at 587.  Google undertook the burden of preparing and serving objections to Interrogatory No. 5, and is now undertaking the further burden of preparing and serving objections to Amended Interrogatory No. 5,

which seeks information for an additional five month time period between January 1, 2020 and June 5, 2020. As such, Google will treat this Interrogatory as Interrogatory No. 13.

Subject to the foregoing General and Specific Objections, Google identifies the following individuals who have or had direct or principal responsibility for the design, development, and implementation of Google's Digital Books Shopping Ads Policy between January 1, 2020 and the present, and the approximate dates during which they engaged in such activities:



**AMENDED INTERROGATORY NO. 6 (INTERROGATORY NO. 14):**

State the name of each person involved in the consideration of whether to create, use, or implement an "Allowed List" for certain advertisers to advertise standalone digital books through Shopping Ads or, if applicable, the creation, use, or implementation of such an Allowed List, along with the persons' role at or with Defendant when, and the dates during which, they had such involvement.

**RESPONSE TO AMENDED INTERROGATORY NO. 6 (INTERROGATORY NO. 14):**

Google incorporates its General Objections as if fully set forth herein, including its objection to the definition of "Shopping Ads." Google objects to this Interrogatory as vague and ambiguous insofar as it includes the undefined phrase "involved in the consideration of," which does not on its own provide appropriate parameters, nor is it accompanied by a definition indicating the level of involvement sought. Google further objects to this Interrogatory as vague and ambiguous insofar as it includes the undefined term "Allowed List," which could have multiple meanings in this context. Google further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is neither relevant to either party's claims or defenses nor proportional to the needs

of this case because the burden of identifying "*each* person" involved in considering whether to create, use or implement (or involved in creating, using, or implementing) an "Allowed List" significantly outweighs the possible benefit of the discovery sought. Google further objects to this Interrogatory to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.

Google further objects to this Interrogatory to the extent that Plaintiffs do not treat it as an additionally served Interrogatory counting towards Federal Rule of Civil Procedure 33(1)'s 25-interrogatory limit. "[E]very interrogatory which is served, and causes a responding party to undertake the burden of preparing and serving objections to the interrogatory, is counted against the numerical 25 interrogatory limit for purposes of Rule 33(a)." *Walker*, 186 F.R.D. at 587. Google undertook the burden of preparing and serving objections to Interrogatory No. 6, and is now undertaking the further burden of preparing and serving objections to Amended Interrogatory No. 6, which seeks information for an additional five month time period between January 1, 2020 and June 5, 2020. As such, Google will treat this Interrogatory as Interrogatory No. 14.

Subject to the foregoing General and Specific Objections, Google identifies the following individuals who were directly or principally involved in the consideration of whether to create, use, or implement an Allowlist in connection with implementing Google's Digital Books Shopping Ads Policy between January 1, 2020 and September 2024, and the approximate dates during which they engaged in such activities:

[redacted]

**AMENDED INTERROGATORY NO. 7 (INTERROGATORY NO. 15):**

State the name of each person who participated in any decision concerning whether any

Shopping Ads Merchant who receives an Infringement Notice is part of a Cluster of Bad Actors and what action to take against such Cluster of Bad Actors, along with persons' role at or with Defendant when, and the dates during which, they had such responsibility.

**RESPONSE TO AMENDED INTERROGATORY NO. 7 (INTERROGATORY NO. 15):**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definitions of "Shopping Ads Merchants," "Infringement Notice," and "Cluster of Bad Actors." Google objects to this Interrogatory as overbroad and unduly burdensome to the extent Plaintiffs seek information about it "other users of Google's services" beyond merchant center accounts and vague and ambiguous to the extent this Interrogatory refers to merchants or users who have "otherwise engaged" in unspecified "nefarious activities." Google further objects to this Interrogatory as vague and ambiguous insofar as it includes the undefined phrase "participated in," which does not on its own provide appropriate parameters, nor is it accompanied by a definition indicating the level of participation sought. Google further objects to this Interrogatory as vague and ambiguous insofar as it includes the terms "decision" and "action," both of which could have multiple meanings in this context. Google objects to the Interrogatory to the extent that it is duplicative of other discovery requests, including Requests for Production No. 31. Google further objects to this Interrogatory to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.

Google further objects to this Interrogatory to the extent that Plaintiffs do not treat it as an additionally served Interrogatory counting towards Federal Rule of Civil Procedure 33(1)'s 25-interrogatory limit. "[E]very interrogatory which is served, and causes a responding party to undertake the burden of preparing and serving objections to the interrogatory, is counted against the numerical 25 interrogatory limit for purposes of Rule 33(a)." *Walker*, 186 F.R.D. at 587. Google undertook the burden of preparing and serving objections to Interrogatory No. 7, and is now

16

undertaking the further burden of preparing and serving objections to Amended Interrogatory No. 7, which seeks information relating to "Clusters of Bad Actors," the definition of which Plaintiffs have materially changed. As such, Google will treat this Interrogatory as Interrogatory No. 15.

Based on the foregoing General and Specific Objections, Google responds as follows: Cluster enforcement is accomplished through automated processes. There is no person or persons to identify in response to this Interrogatory.

**AMENDED INTERROGATORY NO. 8:**

State the name of each person included on the listserv ███████ ███@google.com (GOOG-CENG-00000685, 0687) during the Relevant Period, along with the persons' role at or with Defendant when they were included on the listserv.

**RESPONSE TO AMENDED INTERROGATORY NO. 8:**

Google objects to this Interrogatory as entirely duplicative of Plaintiffs' Interrogatory No. 8, to which Google served objections on March 24, 2025. Google refers Plaintiffs to its Response to Interrogatory No. 8.

**AMENDED INTERROGATORY NO. 9:**

State of the name of the person(s) most knowledgeable about Google's Conversion Tracking feature, including about data Google possesses on whether the Infringing Merchants utilized any such Conversion Tracking features, along with the persons' role at or with Defendant when, and the dates during which, they engaged in such activities.

**RESPONSE TO AMENDED INTERROGATORY NO. 9:**

Google objects to this Interrogatory as entirely duplicative of Plaintiffs' Interrogatory No. 9, to which Google served responses and objections on March 24, 2025 and supplemental responses and objections on May 19, 2025. Google refers Plaintiffs to its Response (including its First Supplemental Response) to Interrogatory No. 9.

**AMENDED INTERROGATORY NO. 10:**

State the name of each person, including full-time equivalent personnel and temporary vendor contractor personnel, see GOOG-CENG-00000685, who processed, handled, or responded to Infringement Notices during the relevant period, including notices concerning the domains listed on the Domain Spreadsheet, or participated in any decision concerning the suspension or termination of Shopping Ads Merchants or Google Ads accounts, along with the persons' role at or with Defendant when, and the dates during which, they engaged in such activities.

**RESPONSE TO AMENDED INTERROGATORY NO. 10:**

Google objects to this Interrogatory as entirely duplicative of Plaintiffs' Interrogatory No. 10, to which Google served responses and objections on March 24, 2025. Google refers Plaintiffs to its Response to Interrogatory No. 10.

Dated: May 19, 2025
   Washington, D.C.

Respectfully submitted,

/s/  *Sarah A. Tomkowiak*

Sarang V. Damle
Sarah A. Tomkowiak (*pro hac vice*)
Holly K. Victorson (*pro hac vice*)
Laura E. Bladow (*pro hac vice*)
Brent T. Murphy (*pro hac vice*)
Sara E. Sampoli (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: sy.damle@lw.com
 sarah.tomkowiak@lw.com
 holly.victorson@lw.com
 laura.bladow@lw.com
 brent.murphy@lw.com
 sara.sampoli@lw.com

Allison L. Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: alli.stillman@lw.com

Joseph R. Wetzel
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: joe.wetzel@lw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served via Electronic Mail on the 19th day of May, 2025, upon counsel of record.

Dated: May 19, 2025

                                                                                                 */s/ Sara E. Sampoli*