

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

February 13, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:  *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Motion to Redact Plaintiffs' Memorandum of Law in Opposition to Defendant's Objection to Discovery Order at Dkt. 515

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Plaintiffs submit this letter motion to redact Plaintiffs' Memorandum of Law in Opposition to Defendant's Objection to Discovery Order at Dkt. 515 ("Plaintiffs' Opposition").

**I.      Background**

Portions of Plaintiffs' Opposition quote or paraphrase information designated by Plaintiffs (and non-party BCGuardian, LLC ("BCGuardian")) as Highly Confidential-Attorneys' Eyes Only or Confidential pursuant to the Protective Order. *See* Dkt. 82 ¶¶ 2, 3. The information that Plaintiffs request remain sealed includes: information contained in Plaintiffs' attorney declaration that discusses specific anticipated litigation involving a third party, which the Court specifically permitted Plaintiffs to file under seal (Dkt. 381); excerpts from the Memorandum and Order at Dkt. 515 that the Court permitted to be redacted (Dkt. 514); and details about the highly confidential Statement of Work entered into between Plaintiffs and BCGuardian, which the Court permitted to be filed under seal in full (Dkt. 471) and redacted excerpts of in Dkt. 515. As noted, the Court has previously permitted the information at issue to be filed under seal or redacted. *See* Dkts. 381, 471, 514. Plaintiffs respectfully request that the Court do so again.

**II.     Legal Standard**

Plaintiffs' redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "balance competing considerations against" the presumption of public access. *Id*. at 119–20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044,

1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Further, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Furthermore, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

### III. The Highly Confidential-Attorneys' Eyes Only and Confidential Material at Issue Should be Redacted

The material at issue falls into three categories and should be redacted for the following reasons.

*First*, Plaintiffs' Opposition reveals information contained in the Declaration of Michele H. Murphy (Dkt. 390), which the Court ordered could be filed under seal (Dkt. 381). As discussed in prior sealing requests, the attorney declaration contains information about anticipated litigation by a third party. Plaintiffs had previously sought permission to file the declaration *in camera,* but the Court ruled that Plaintiffs' concerns could be addressed by the filing of the declaration under seal (and by Google's inability to use the information "it learns from that declaration for any purpose other than its pending motion challenging plaintiffs' privilege log and seeking the production of documents withheld as privileged"). Dkt. 381 at 5. Accordingly, the limited portions of Plaintiffs' Opposition that disclose the contents of this attorney declaration should likewise remain sealed.

*Second*, Plaintiffs' Opposition quotes or paraphrases excerpts from the Memorandum and Order at Dkt. 515 that the Court has allowed to be redacted as these excerpts "discuss[] . . . documentary evidence that was filed under seal." *See* Dkt. 514. The same information should therefore remain redacted here.

*Lastly*, Plaintiffs' Opposition discloses details about the highly confidential Statement of Work entered into between Plaintiffs and BCGuardian, which the Court permitted to be filed under seal in full (Dkt. 471). BCGuardian is a private company that specializes in providing intellectual property protection and anti-piracy services to rightsholders. *See* Dkt. 408 at 3. Plaintiffs' counsel engaged BCGuardian to collect evidence and provide information and analysis to inform legal advice to Plaintiffs in connection with this and other cases. *See id.* In addition to revealing information about Plaintiffs' confidential strategies, if made public, the disclosure of the information sheds light on BCGuardian's anti-piracy processes and could allow competitors to unfairly compete. Courts in this district have acknowledged the significance of keeping proprietary information, like the material at issue here, confidential. *See, e.g., SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record"). As follows, details about the Statement of Work should remain redacted in Plaintiffs' Opposition.

**IV.     Plaintiffs' Request Is Narrowly Tailored to Serve the Purpose That Requires Redacting**

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that prior Orders issued in this case, cases in this district, and the Protective Order support keeping confidential. Specifically, Plaintiffs ask the Court to redact limited portions of Plaintiffs' Opposition to protect highly confidential, sensitive, and/or proprietary information of Plaintiffs, BCGuardian, and a third party, the disclosure of which would create a substantial risk of harm to these parties.

Given the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter motion explaining the need to redact portions of Plaintiffs' Opposition.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele Murphy*

Michele Murphy

cc:     All Counsel of Record (via ECF)