IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | **Civil Action No. 24-cv-04274-JLR-BCM** <br> **[Redacted]** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S OBJECTION TO DISCOVERY ORDER AT DKT. 515**

**TABLE OF CONTENTS**

**INTRODUCTION** ..................................................................................................................1

**BACKGROUND** ..................................................................................................................1

    I.    Dispute History .................................................................................................1

    II.    Docket 515 Order.............................................................................................2

    III.    The Documents ................................................................................................3

    IV.    O+Z's Retention of BCGuardian .....................................................................3

**LEGAL STANDARD**...........................................................................................................4

**ARGUMENT** ........................................................................................................................4

    I.    Judge Moses Did Not Err in Finding the Documents Are Work Product........5

        a.    The Documents Were Prepared Because of Litigation .......................5

        b.    Google Does Not Have a Substantial Need for the Documents........7

    II.    Judge Moses Did Not Err in Finding the Documents Are Attorney-Client Privileged ...9

    III.    Google's Expert Discovery Argument Fails...................................................11

**CONCLUSION** ...................................................................................................................12

# TABLE OF AUTHORITIES

**CASES**

*Adam v. Bloomberg L.P.*,
    2024 WL 4457708 (S.D.N.Y. Oct. 10, 2024) ........................................................................... 4

*Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*,
    2016 WL 3260370 (S.D.N.Y. June 10, 2016) ....................................................................... 10

*Berisford Int'l, plc v. Weiss*,
    1993 WL 59409 (S.D.N.Y. Mar. 3, 1993) ............................................................................. 11

*CytoSport, Inc. v. Nature's Best, Inc.*,
    2007 WL 1040993 (E.D. Cal. Apr. 4, 2007) ........................................................................... 8

*Dorce v. City of New York*,
    2024 WL 4491198 (S.D.N.Y. Oct. 15, 2024) ......................................................................... 4

*EFCG, Inc. v. AEC Advisors*, LLC,
    2020 WL 6378943 (S.D.N.Y. Oct. 30, 2020) ....................................................................... 13

*eShares, Inc. v. Talton*,
    2025 WL 936921 (S.D.N.Y. Mar. 27, 2025) ........................................................................ 11

*Gucci Am., Inc. v. Guess?, Inc.*,
    271 F.R.D. 58 (S.D.N.Y. 2010) ......................................................................................... 9, 10

*In re Grand Jury Subpoenas Dated Mar. 24, 2003*,
    265 F. Supp. 2d 321 (S.D.N.Y. 2003) .................................................................................... 9

*In Re Keurig Green Mountain*,
    336 F.R.D. 400, 404 (S.D.N.Y. 2020) .................................................................................... 8

*In re Nat. Gas Commodities Litig.*,

    232 F.R.D. 208 (S.D.N.Y. 2005) ................................................................................................ 10

*Lebenns v. Frost Prods.*,

    2023 WL 8280405 (S.D.N.Y. Nov. 30, 2023) ............................................................................ 12

*U.S. v. Mejia*,

    655 F.3d 126 (2d Cir. 2011) ....................................................................................................... 12

*Ulrich v. Gen. Motors LLC*,

    2026 WL 183676 (S.D.N.Y. Jan. 23, 2026) ................................................................................ 9

*United States ex rel. Bassan v. Omnicare, Inc.*,

    2024 WL 2945623 (S.D.N.Y. June 10, 2024) ....................................................................... 5, 12

*United States v. Adlman*,

    134 F.3d 1194 (2d Cir. 1998) .................................................................................................. 6, 7

**RULES**

Fed. R. Civ. P. 26(b)(3)(A) ................................................................................................................ 5

Fed. R. Civ. P. 26(b)(3)(A)(ii) .......................................................................................................... 9

Fed. R. Civ. P. 72(a) ......................................................................................................................... 4

**INTRODUCTION**

Defendant Google has filed its fourth motion seeking disclosure of Plaintiffs' privileged documents—two motions to compel and two objections to Judge Moses's rulings. Judge Moses has rejected Google's unfounded privilege challenges at every turn. In the instant matter, Judge Moses issued an opinion concluding that six documents she reviewed *in camera* were properly withheld on attorney-client privilege and work product grounds. Dkt. 515 ("Order"). Unsatisfied with her detailed findings, Google has again challenged her opinion based on strawman arguments and mischaracterizations that collapse when considered against the record and the Order's text and context.

**BACKGROUND**

**I.      Dispute History**

On November 14, 2025, Google filed a motion seeking disclosure of almost all documents on Plaintiffs' privilege log. Dkt. 273 ("Motion"). Judge Moses denied the Motion, except for the six documents that she has now reviewed *in camera* ("Documents"). Dkt. 441 ¶2 ("Dkt. 441 Order"). Google previously objected to the Dkt. 441 Order. Dkt. 484 ("First Objection"). Plaintiffs opposed the First Objection, which is still pending. Dkt. 507 ("First Opposition"). The First Opposition contains additional detail about the history of this dispute, discusses the hearing that Judge Moses conducted before issuing the Dkt. 441 Order, and recounts the extensive evidence Plaintiffs have submitted, including six total counsel declarations (from counsel of record, Oppenheim + Zebrak, LLP ("O+Z"), and Plaintiffs' in-house counsel). Dkt. 507 at 1, 7-8; *see also* Dkts. 305-310, 381, 390.

Google then filed a second privilege motion to compel, which repetitively sought disclosure of almost all Plaintiffs' privileged documents, based supposedly on Plaintiffs' privilege log. *See* Dkt. 376. Judge Moses denied this motion too, finding that Plaintiffs had sustained their

1

privilege claims, there was no basis for further *in camera* review, and Plaintiffs' log was sufficient. Order, Dkt. 510; Jan. 13, 2026 Hr'g Tr. 108:23-109:13.

## II.  Docket 515 Order

On January 16, Judge Moses entered the Order further denying the Motion. She decided to review the Documents *in camera* because they are communications between O+Z, Plaintiffs, and another co-client of O+Z, Pearson Education, Inc. ("Pearson") (collectively, with Plaintiffs, "Co-Clients"), and they post-date when Pearson decided ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. 441 Order.[1] The Order holds that "the presence of Pearson as a recipient of the O+Z emails does not destroy the [attorney-client] privilege, because Pearson and the four plaintiffs in this action were joint clients of O+Z, and the emails conveyed information and analysis that was relevant not only to this action but also to other lawsuits in which Pearson was a co-plaintiff." Order at 4. The Order also holds that "plaintiffs have shown, at a minimum, that the Infringement Reports and O+Z's cover emails were prepared, under counsel's direction, 'with an eye toward litigation.'" *Id.* at 7. Indeed, "[i]t is clear from the face of the documents themselves that they would not have been prepared – at least not in the same form – had the clients not been engaged in combatting counterfeiting through a coordinated campaign involving both ongoing litigation…and potential future litigation." *Id*.

Google filed an objection under Rule 72(a) seeking to modify the Order and compel Plaintiffs to produce the Documents and "all similar withheld communications and documents concerning BCGuardian's IP 'Monitoring and Enforcement,' including all 'Infringement Reports,'

---

[1] Plaintiffs have described the Co-Clients' joint legal efforts to enforce their intellectual property rights and how Pearson ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, continues to be involved in litigation and other legal matters with O+Z and Plaintiffs. *See* First Opp. at 3-4; Decl. of Michele Murphy ("Sealed Decl.") (Dkt. 390) ¶¶ 4-6.

to the extent contained in Categories 2 and 7 of Google's Proposed Order at Dkt. 488." Dkt. 562 at 12 ("Objection").

### III. The Documents

Judge Moses found that three of the Documents constitute a "detailed, five-sheet Excel spreadsheet prepared by" BCGuardian, LLP ("BCGuardian"), "which was engaged by O+Z to conduct 'evidence collection and analysis'" ("Infringement Reports"). Order at 3. "The Infringement Reports set out some of BCGuardian's evidence and analysis," including "data analytics" regarding infringement notices the Co-Clients sent to pirate merchants who sell infringing works, and Google, which advertises those works. *Id.* at 3-4; *see also* Dkt. 305 ¶10; Dkt. 414 ¶14. The Infringement Reports do not merely provide raw notice data, Order at 2-3; Dkt. 414 ¶14. The Co-Clients' notices were sent to Google, and Plaintiffs produced thousands of documents regarding them. *See* Dkt. 179 ¶14; Dkt. 502 at 2.

The emails are communications from O+Z attorneys, transmitted by their staff member, which "summarize[] the 'highlights' of the attached Infringement Report, including (for example) ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████." Order at 4; *see also* Dkt. 414 ¶13. Because the information in the Documents simultaneously pertains to this litigation (where Plaintiffs sued Google for secondary copyright infringement), and other litigations, where the Co-Clients sued pirates for direct copyright infringement (the "Pirate Suits"), they cannot be redacted. Order at 4; *see also* Dkt. 305 ¶10; Dec. 15, 2025 Hr'g Tr. 89:12-15; 89:19-20. Plaintiffs' privilege log identifies the Pirate Suits. Dkt. 305-1, Ex. A (the "Log").

### IV. O+Z's Retention of BCGuardian

Plaintiffs' First Opposition contains additional information regarding BCGuardian, an antipiracy specialist firm that assists lawyers. First Opp. at 4. O+Z retained BCGuardian in

3

connection with litigation to help O+Z in protecting and enforcing the Co-Clients' intellectual property rights. *Id.;* Dkt. 305 ¶10. The Co-Clients have filed many infringement cases based on services provided and evidence collected by BCGuardian, at O+Z's direction. First Opp. at 4. BCGuardian also conducted test purchases from pirate sites Google promotes, and Plaintiffs have produced documents concerning such test purchases. *Id.* at 5.

## **LEGAL STANDARD**

For non-dispositive pretrial matters, district courts only "modify or set aside any part of the [magistrate judge's] order" if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is deemed clearly erroneous only if the reviewing court is left with the definite and firm conviction that a mistake has been committed," and "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Dorce v. City of New York*, 2024 WL 4491198, at *2 (S.D.N.Y. Oct. 15, 2024) (cleaned up). "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes," *id.* (cleaned up), and "the objector carries a heavy burden." *Adam v. Bloomberg L.P.*, 2024 WL 4457708, at *2 (S.D.N.Y. Oct. 10, 2024). "A district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Id.* at *5 (cleaned up).

Furthermore, courts are particularly reluctant to disturb a magistrate judge's discovery ruling where the magistrate reviewed the documents *in camera*. *See U.S. ex rel. Bassan v. Omnicare, Inc.*, 2024 WL 2945623, at *3 (S.D.N.Y. June 10, 2024) (overruling objections and noting the *in camera* review "reinforces the court's disinclination to interfere with the learned Magistrate Judge's conduct of discovery").

## **ARGUMENT**

### I. Judge Moses Did Not Err in Finding the Documents Are Work Product

"After careful review of the sample documents," Judge Moses concluded that they were "properly withheld" as work product. Order at 1. Google now tries to mischaracterize the record and Judge Moses's findings. But the facts and the Court's reasoning speak for themselves. The Documents were plainly "prepared in anticipation of litigation or for trial by or for [a] party or its representative." Fed. R. Civ. P. 26(b)(3)(A).

#### a. The Documents Were Prepared Because of Litigation

Google mischaracterizes the Order, stating that the Court "recognized, [that] the [emails] have no express connection to any litigation." Obj. at 5. But the Order nowhere "recognizes" this explicitly or implicitly. The Order simply states that the Documents "cannot be redacted so as to withhold (for example) only the portions concerning the Pirate Suits in which Pearson was a co-plaintiff." Order at 4. That same paragraph explains that the Infringement Reports discuss ███ ███ *id*., and the Log entries state that they concern work product "prepared in anticipation of this litigation and litigation against pirate sites" and refer to the Pirate Suits. *See* Dkt. 305-1 at 339, 341 (entries 2115-2118; 2127-2128).

Judge Moses found that the Documents "were prepared, under counsel's direction, 'with an eye toward litigation,'" and that "[i]t is clear from the[ir] face…that they would not have been prepared – at least not in the same form" but for coordinated "ongoing litigation (███ ███) and potential future litigation (that ███ ███.)" Order at 7. Unable to accept what Judge Moses observed, Google tries to cast doubt on the contents of withheld documents and inaccurately paraphrases the Order to omit important details. Obj. at 5-6.

*First*, Google claims to know what documents that it has not seen do or do not say by repurposing its flawed description of Plaintiffs' (and Pearson's) enforcement work and

5

BCGuardian's role. Again, Google frames these documents as "routine" rather than attorney-driven legal strategy and analysis. Obj. at 6. Plaintiffs have repeatedly addressed Google's flawed contentions. *See* Dkts. 304, 404, First Opp., Pls.' Decls.

As the record shows, the Co-Clients are part of an IP enforcement group, referred to as "EPEG," and their joint activities relate entirely to fighting piracy by protecting their IP rights through legal action. *See, e.g.,* Dkts. 307-310 ("In-House Atty. Decls.") ¶¶5-8; Dkt. 408 at 3. O+Z provides the Co-Clients with legal advice on their joint legal matters, which includes identifying potential litigation targets and developing legal analysis and strategy concerning ongoing and potential litigation. Dkt. 414 ¶¶5-6. O+Z engaged BCGuardian to collect evidence and provide information and analysis essential to O+Z's ability to provide legal advice to the Co-Clients. *See* Dkt. 304 at 3; Dkt. 305 ¶¶9-10; Dkt. 408 at 2. Google ignores this context and argues that the withheld materials cannot "relate to █████████" because certain documents produced by BCGuardian do not reflect this work. Obj. at 6. Google cherry-picks language from the Statement of Work ("SOW") and argues that because it "says █████████ █████████," the withheld documents could not relate to such activity. *Id*. But the SOW describes various "█████," including "█████████ █████████," which encapsulates █████████. In any event, a produced document's silence about BCGuardian's specific activity, does not mean that the Documents do not reflect such activity. Pointing to a handful of produced documents to extrapolate what withheld documents "must say" does not carry the day, especially when Judge Moses reviewed the Documents. Order at 4 (finding that the Documents included "█████████ █████████"). And Google cannot seriously argue that evaluating █████████ is not legal work.

*Second*, Google misconstrues the Order by asserting that Judge Moses only found the Documents to "contain work product because they concern 'potential future litigation.'" Obj. at 6. That captures just part of Judge Moses's reasoning, which found that the documents were prepared "with an eye toward litigation" and would not have been prepared as they were but for litigation. Order at 7. In this way, Judge Moses, like other courts in this Circuit, properly considered whether "in light of the nature of the document and the factual situation in the particular case, the document[s] could fairly be said to have been prepared or obtained because of the prospect of litigation." *Adlman*, 134 F.3d at 1202.

For the same reason, Google's argument that "IP monitoring and enforcement activity does not qualify for work product protection just because it might lead to, or be used in, litigation in the future" does not move the needle. Obj. at 7. And neither of Google's citations is apposite. *Compare Rubie's Costume Co., Inc. v. Kangaroo Mfg., Inc.*, 2018 WL 4864833, at *3 (E.D.N.Y. Sept. 28, 2018 (non-attorney investigation "prior to retention of outside counsel" at the direction of non-attorneys is not protected work product) (cleaned up), with In-House Atty. Decls. ¶¶14-15; Dkt. 305 ¶¶9-10 (O+Z directed BCGuardian's evidence collection and analysis pursuant to a joint legal strategy). Nor does *CytoSport, Inc. v. Nature's Best, Inc.*, 2007 WL 1040993 (E.D. Cal. Apr. 4, 2007), support Google's suggestion that efforts protecting IP rights are *per se* non-privileged. In *CytoSport*, the party simply relied on a conclusory assertion that its "attorney's [sic] have a watch service" to support its work product claim. *Id.* at *6. Here, not only does Plaintiffs' Log identify the litigations at issue, but Judge Moses has reviewed the Documents and found that they were protected work product.

### b. Google Does Not Have a Substantial Need for the Documents

Google's attempt to distinguish between fact and opinion work product is a new argument raised for the first time in its Objection. *See In Re Keurig Green Mountain*, 336 F.R.D. 400, 404

7

(S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to [a magistrate's discovery order].") (cleaned up). Google did not ask Judge Moses to distinguish between fact and opinion work product or brief "substantial need" as to either. *See* Dkt. 304. Google cannot now fault Judge Moses for not addressing an argument it never made, nor is the argument properly before this Court. First Obj. at 6-7.

Assuming *arguendo* that there is non-opinion work product in the Documents, Google cannot show that it has a "substantial need" for the information "to prepare its case." Fed. R. Civ. P. 26(b)(3)(A)(ii). A substantial need exists "where the information sought is essential to the party's defense, is crucial to the determination of whether the defendant could be held liable for the acts alleged, or carries great probative value on contested issues." *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 74-75 (S.D.N.Y. 2010) (cleaned up). Google's conclusory statements amount to no such showing here.

Google does not describe "with any specificity" whatsoever its so-called need. *Ulrich v. Gen. Motors LLC*, 2026 WL 183676, at *10 (S.D.N.Y. Jan. 23, 2026). As to the emails, Google merely emphasizes that a non-lawyer at O+Z sent them, which is immaterial. *See In re Grand Jury Subpoenas Dated Mar. 24, 2003*, 265 F. Supp. 2d 321, 325 (S.D.N.Y. 2003) (explaining that privilege "has been applied universally to cover office personnel…who assist lawyers in performing their tasks"). As to the Infringement Reports, Google ignores that it already has complete data regarding Plaintiffs' notices, as well as screenshots of the pirate site landing pages and documents evidencing test buys Plaintiffs conducted. *See, e.g.,* Dkt. 179 ¶¶12, 15, 20. Plaintiffs sent Google an infringement notice regarding every ad, pirate seller, and Plaintiffs' work-in-suit, produced them in discovery, and further produced the cumulative notice data in spreadsheet form. *Id.* ¶15. The notices form the basis of Plaintiffs' claims (in addition to Google's own

8

advertisements). Where, as here, a party has "access to the same underlying…data," and can "hire[] their own experts to analyze this data," courts routinely find no substantial need. *Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, 2016 WL 3260370, at *5 (S.D.N.Y. June 10, 2016).

Nor has Google established "an inability to obtain equivalent evidence without undue hardship." *In re Nat. Gas Commodities Litig.*, 232 F.R.D. 208, 212 (S.D.N.Y. 2005). "No substantial need exists where a party can obtain the information it seeks through discovery devices such as…deposition testimony." *See Gucci*, 271 F.R.D. at 80-81. Google can ask BCGuardian in its deposition for non-privileged information about the notices or test buys. *See* Obj. at 12.

Finally, Google's sword-and-shield argument fails. Plaintiffs have not "selectively disclosed BCGuardian's work product." *See* Obj. at 9. Instead, BCGuardian and Plaintiffs have produced documents concerning BCGuardian's work (infringement notices, screenshots, test purchase documents) that was never intended to be confidential or privileged in the first instance. *See* Dkt. 304 at 4. A finding of waiver requires reliance on *protected* work product, which Google does not show. *See, e.g., eShares, Inc. v. Talton*, 2025 WL 936921, at *26 (S.D.N.Y. Mar. 27, 2025) ("The doctrine of at-issue waiver only applies when a party relies on privileged advice or work product to make his claim or defense."); *Berisford Int'l, plc v. Weiss*, 1993 WL 59409, at *2 (S.D.N.Y. Mar. 3, 1993) (producing materials "not protected by the privilege or the work-product rule" does not "constitute a waiver of a privilege or an immunity").

Judge Moses did not err by rejecting Google's arguments.

## II. Judge Moses Did Not Err in Finding the Documents Are Attorney-Client Privileged

Judge Moses found that the Documents also satisfy the requirements of the attorney-client privilege. The emails are communications from O+Z to the Co-Clients, which "conveyed information and analysis that was not only relevant to this action but also to other lawsuits in

9

which Pearson was a co-plaintiff." Order at 4. The emails "summariz[ed] the 'highlights' of the attached Infringement Report," and provided information regarding injunctions the Co-Clients, represented by O+Z, obtained in litigations. *Id.* at 2 & n.2, 4. And the Infringement Reports contain data analysis and other information reflecting the Co-Client's joint legal strategy in enforcing against the pirates' infringement. *See* Dkt. 414 ¶14; Order at 3.

Google mischaracterizes the Order, arguing that Judge Moses only "assumed" the requirements of the attorney-client privilege were met. Obj. at 10. Judge Moses did not "assume;" she correctly found, after review, that the Documents are communications "made for the purpose of obtaining or providing legal advice." Order at 1, 4 (quoting *U.S. v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011)). Google's flawed argument rests on semantics, not substance. Judge Moses used the phrase, "[a]ssuming that these requirements [i.e., the *Mejia* privilege factors] are otherwise met," because she first addresses (and dismisses) Google's argument that Pearson's receipt of the Documents destroyed privilege. *Id.* at 4. Contrary to Google's assertion, Judge Moses's "description" of the Documents confirms their privileged nature. *See* Order at 2-3. And Google tries to inject into this argument its rejected claim that Plaintiffs' Log is insufficient. *See* Obj. at 10. First, each Log entry includes detailed descriptions to substantiate Plaintiffs' privilege claims. *See* First Opp. at 5-6. Second, the Order relies on Judge Moses' review of the Documents, and her analysis is accorded "substantial deference." *See Bassan*, 2024 WL 2945623, at *1.

Google argues that Judge Moses "ignored" that a BCGuardian employee was included on the Documents. Obj. at 10. But the Order states that BCGuardian prepared the Infringement Reports at the direction of counsel, and O+Z copied an employee of BCGuardian on emails concerning the same. Order at 2 n.1, 3, 7. At the outset, magistrate judges are not required to

10

address every point raised by a party in depth in rendering an opinion. *See Lebenns v. Frost Prods.*, 2023 WL 8280405, at *4 (S.D.N.Y. Nov. 30, 2023). Moreover, due to Google's multiple privilege challenges, all of which have been rejected, Judge Moses has thoroughly considered the nature of the Co-Clients', O+Z's, and BCGuardian's relationship, even before she reviewed the Documents *in camera*. Judge Moses was entitled to credit Plaintiffs' substantial evidence supporting privilege. *See, e.g.,* Dkts. 305-310, 390, 414. Indeed, the attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *EFCG, Inc. v. AEC Advisors*, LLC, 2020 WL 6378943, at *2 (S.D.N.Y. Oct. 30, 2020). Here, BCGuardian acted as Plaintiffs' agent to provide indispensable data analysis reflected in the Documents.

Despite Judge Moses's finding that "the 'common legal interest' test is easily met here," Google claims the finding was "contrary to law and without citation to authority." Obj. at 11; Order at 5. But Judge Moses thoroughly discussed the co-client privilege, found the Co-Clients share a common legal interest, and cited multiple authorities in concluding that the privilege applies. *See* Order at 2-6. Google ignores this and distorts the Order, claiming that Judge Moses relied on "shar[ed] general anti-piracy interests relating to merchants on Google's platform" in finding a common legal interest. Obj. at 11. A reading of the Order shows this is flatly incorrect.

### III.   Google's Expert Discovery Argument Fails

Plaintiffs have not stated or suggested that BCGuardian will be an "expert" witness. *See* Obj. at 12. Rather, Plaintiffs have identified BCGuardian's Managing Director as an individual likely to have discoverable information under Rule 26(a)(1)(i). Google has what it needs to depose BCGuardian as a fact witness. To the extent that any other expert relies on data regarding

11

BCGuardian's notices, not only has such data been disclosed, but even it had not been, it would be subject to the expert disclosure process, Order at 8, but "Defendants are not…entitled to premature discovery" into protected work product before expert disclosures. *EFCG,* 2020 WL 6378943, at *4.

## **CONCLUSION**

For these reasons, Google's Objection should be denied.

Dated:  February 13, 2026

                                              Respectfully submitted,

                                               */s/ Michele H. Murphy*
                                              Matthew J. Oppenheim
                                              Michele H. Murphy (*pro hac vice*)
                                              Jeff Kane (*pro hac vice*)
                                              Danae Tinelli
                                              Uriel Lee

                                              OPPENHEIM + ZEBRAK, LLP
                                              4530 Wisconsin Avenue NW, 5th Floor
                                              Washington, DC 20016
                                              202-480-2999 telephone
                                              866-766-1678 fax
                                              matt@oandzlaw.com
                                              michele@oandzlaw.com
                                              jkane@oandzlaw.com
                                              danae@oandzlaw.com
                                              ulee@oandzlaw.com

                                              Lauren Bergelson
                                              Yunyi Chen
                                              Oppenheim + Zebrak, LLP
                                              461 Fifth Avenue, 19th Floor
                                              New York, NY 10017
                                              Telephone: (212) 951-1156
                                              lbergelson@oandzlaw.com
                                              ychen@oandzlaw.com

**CERTIFICATION OF WORD COUNT**

I certify that the foregoing memorandum of law complies with the formatting and word limit requirements set forth in Local Civil Rules 72.1(b)(2) and 6.3 because it contains 3,491 words, excluding the cover page, table of contents, table of authorities, signature block, and certification of word count. This memorandum of law also complies with the applicable formatting rules because it has been prepared in 12-point font and all text is double spaced. In preparing this certification, I relied on the word count of the Microsoft Word computer program used to prepare this memorandum of law.

Dated:  February 13, 2026                           */s/ Michele H. Murphy*
                                                            Michele H. Murphy