

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
jkane@oandzlaw.com

February 16, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

      Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
              <u>Notice Regarding Google's Failure to Provide a Full List of 300 Randomly
              Selected Domains</u>

      Plaintiffs write to update the Court that Google still has not provided Plaintiffs with the full list of 300 domains that Google will use as a sample with respect to its overall DMCA program. This discovery was due on January 30, 2026.

      At a hearing on December 15, 2025, the Court ordered Google to select randomly 300 domains to be used to test Google's overall DMCA program. Dec. 15, 2025 Tr. (Dkt. 504) at 80:19–82:19; Dkt. 472 ¶ 2. Google initially told the Court this could be done "relatively quickly" because Google already had "the full list," such that "implementation of Google's approach could begin immediately." Dkt. 504 at 50:5, 56:8–9; Joint Letter, Dkt. 402 at 5.

      Nearly a month later, Google told the Court it needed a total of more than six weeks, until January 30, 2026, to generate the list of 300 domains. Dkt. 513 at 117:24–25. The Court expressed surprise and skepticism. "[B]ased on your assurances that you could get this done quickly, I, kind of, thought that first step would be a matter of days, not weeks." *Id.* at 116:12–15. But the Court agreed to Google's requested deadline. *Id.* at 119:18; Order, Dkt. 510 ¶ 5.

      When the January 30 deadline that Google requested arrived, Google provided only 268 domains that it proposed using for the sample. Joint Letter, Dkt. 582 at 4. Google told Plaintiffs that 31 other domains returned by its random selection were "marketplace" domains for which there are so many notices that producing all of them is impractical. *Id.*[1] Plaintiffs asked Google to provide the number of notices associated with each of the 31 domains (some of the domains are major global sites that one would expect to be the subject of many notices; but many seem quite obscure). *Id.* at 2. Plaintiffs further suggested that in the meantime, Google should provide the 31 domains with which it proposed replacing the 31 "marketplace" domains. 26.02.02 O+Z Email.

      At the February 9 hearing, *both* the Court and Google's counsel agreed that Plaintiffs' suggestion was "sensible." Hr'g Tr. 7:15–8:4 (Feb. 9, 2026). "I mean, it is Google's proposal to substitute those 31 domains with normal domains . . . so you should have them lined up and ready to go." Hr'g Tr. 7:24–8:4 (Feb. 9, 2026). Google's counsel told the Court, "[W]e can do that within the next day or two." *Id.* at 8:5–6.

---

[1] The thirty-second domain is not at issue in this letter.

Hon. Barbara Moses
February 16, 2026
Page 2 of 2

A week has passed since Google's counsel made that statement. Yet Google has neither provided the 31 domains with which it proposes replacing the 31 "marketplace" domains, nor provided the number of notices associated with each of the 31 "marketplace" domains. Despite follow-up from Plaintiffs, Google has provided no estimate of when it will produce these items.

*Two months* now have passed since the Court ordered this discovery, and Google has yet to complete the first step of the production. The Court provided Google more than six weeks to produce the list of 300 domains; Google should have used that time to work out these "marketplace" issues. Google's delay is particularly concerning given that the data concerning these 300 domains is due March 6, 2026, which will leave little time for any issues with the data to be worked out before depositions.

Plaintiffs do not request relief at this time, but wish to make the Court aware of Google's conduct.

/s/ *Jeff Kane*
Jeff Kane

*Counsel for Plaintiffs*