**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM&WATKINS LLP

February 17, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> Letter Motion to File Sealed and Redacted Documents re Defendant's Response to Plaintiffs' Letter Motion for Discovery Conference (Dkt. 590)

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Google submits this letter motion to seal Defendant's Response to Plaintiffs' Letter Motion for Discovery Conference re: Google's Privilege Assertions ("Google's Response") and the Declaration of April Kelly (the "Kelly Declaration") (collectively, "the Documents").

**Background.**  The Documents include certain information designated by Google as "Confidential" and "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82).  Google's Response, at 1–3, 5, contains information concerning Google's sensitive internal processes as well as the names of certain personnel.  Google's Response, at 4, likewise contains information in its descriptions of privileged documents, as reflected on Google's privilege logs.  The Kelly Declaration, ¶¶ 1, 3–4, contains information concerning Ms. Kelly's role at Google and the internal processes related to that role.  Google maintains that this information is Confidential or HC-AEO as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or third parties who use Google's Shopping platform.  Dkt. 82 ¶ 3.  The parties met and conferred concerning sealing certain topics in Plaintiffs' Letter Motion for Discovery Conference re Google's Privilege Assertions (Dkt. 590) ("Plaintiffs' Motion").  Before filing this motion, Google's counsel confirmed with Plaintiffs' counsel that it would file this motion regarding the same topics that required sealing in Plaintiffs' Motion.

**Legal Standard.**  Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and

courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Moreover, the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Material Warrants Sealing.** The material at issue should be sealed because it concerns confidential business information and descriptions of the type of legal advice in-house counsel provides related to Google's policies and practices, including the names and roles of Google personnel involved in Google's systems, processes, and strategies related to Google's processing of DMCA notices. The material also reflects details of privileged documents. Courts in this district routinely recognize the importance of keeping information reflecting proprietary and sensitive business information, like the internal policies, practices, and communications applying those policies and practices at issue here, confidential. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Farsura v. QC Terme US Corp.*, 2025 WL 267573 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies, including contracts with other entities, because others might exploit the information). Privilege logs and descriptions of privileged documents are also routinely filed under seal. *See, e.g.*, *Hybrid Athletics, LLC v. Hylete, LLC*, 2019 WL 4127377, at *5 (D. Conn. Aug. 30, 2019) (granting "permission to file privilege log and other exhibits accompanying the supplemental brief under seal"); *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2010 WL 3173785, at *8 (E.D.N.Y. Aug. 11, 2010) (noting privilege log was filed under seal).

Public disclosure of this material would reveal details of Google's business practices, including operational details of its practices for enforcing its policies. Disclosure of this information poses a substantial risk of misuse by bad actors. This information is particularly sensitive because this is a case about alleged piracy occurring on Google's platform. *See generally* Dkts. 38, 116. Exposing details of Google's processes, including details of Google's DMCA policies and the role of Google personnel with respect to those policies, creates a serious risk, as third parties (including the "pirate" sellers of Plaintiffs' works in this case) may seek to use such information to circumvent Google's policies and measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices"). The risk that third parties could obtain and use the information described in the Documents to their advantage, including in connection with efforts to "circumvent

the security systems and procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements.  *Cantinieri*, 2024 WL 759317, at *2.

Moreover, the material sought to be sealed includes extremely sensitive details about Google's DMCA process that, if released, could directly assist bad actors in avoiding detection of fraudulent or illegal activities on Google's platform.  The material sought to be sealed reflects details concerning how the DMCA process is implemented.  *See UMG Recordings, Inc. v. Lindor*, No. 05-1095, Dkt. No. 240, at 4–5 (E.D.N.Y. May 16, 2008) (acknowledging sensitivity of copyright "enforcement strategy and the methods. . . use[d] to implement it" and copyright "investigative strategy" and denying motion to compel *production* of such material, because such "information would provide a roadmap to potential infringers to avoid detection").  The material also includes the names and roles of individuals involved in legal advice, policy strategy, and/or enforcement efforts at Google.  As the Protective Order acknowledges, the identification of such individuals is sensitive and should not be publicly disclosed.  Dkt. 82 ¶ 28.  Public disclosure of these individuals' names creates a risk that these individuals will be doxed, swatted, or otherwise targeted by bad actors.

**Google's Sealing Request is as Narrowly Tailored as Possible.**  Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public operations.  Google asks the court to seal only detailed descriptions of Google's highly confidential and sensitive information in the Documents.  Courts in this district have found such redactions requests reasonable and appropriate.  *See, e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2022 WL 3910584, at *2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information."); *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order").

Given the extremely sensitive nature of the materials and the risk that nefarious actors will obtain and misuse the materials if publicly disclosed, Google respectfully submits this letter motion to seal the Documents.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF)