IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>       *Plaintiffs*,<br>v.<br>GOOGLE LLC,<br><br>       *Defendant*. | Case No. 1:24-cv-04274-JLR-BCM |

**DECLARATION OF SARAH TOMKOWIAK**

I, Sarah Tomkowiak, declare that:

1. I am a partner at the law firm Latham & Watkins LLP and counsel for Google LLC in this matter.

2. I submit this declaration in connection with Google's Response to Plaintiffs' Letter Motion for Discovery Conference re: Google's Privilege Assertions.

**The Parties' August 2025 Agreement Regarding Privilege Logs**

3. On August 1, 2025, Google served its first privilege log.

4. On August 4, 2025, Jeff Kane, counsel for Plaintiffs, sent an email to counsel for Google "concerning Google's August 1, 2025 privilege log." In his email, Mr. Kane made several requests, including asking that Google "explain what 'copyright policy compliance' means"; provide the titles, addressees, and senders of all withheld memoranda; and provide the title of presentations and "any date listed on the presentation." A true and correct copy of that correspondence is attached as Exhibit A.

5. Mr. Kane's August 4, 2025 email identifies 22 log entries that are also the subject of Plaintiffs' February 9, 2026 Letter Motion for Discovery Conference re: Google's Privilege Assertions.

6. On August 8, 2025, Google produced its second privilege log.

7. Over the course of August 2025, the parties engaged in negotiations over their respective privilege logs, and conferred on August 14 and August 19. During the August 19 meet-and-confer, counsel for the parties negotiated certain modifications that Plaintiffs and Google would make to their privilege logs.

8. On August 20, 2025, my colleague Caroline Clarke, counsel for Google, wrote Plaintiffs to memorialize the parties' agreements made at the meet-and-confer. As part of those agreements, Google agreed to "add a column named 'Title' to its log, which will include either (1) the file name (for each document with the file type PDF or PowerPoint), or (2) subject line (for each email), on a document-by-document basis." Google further agreed that its "logs will also continue to include the fields 'document date' and 'create date'." A true and correct copy of an excerpt of that correspondence is attached as Exhibit B.

9. On August 21, 2025, Plaintiffs' counsel Kevin Lindsey replied to Ms. Clarke to state that Plaintiffs understood that, "[r]egarding descriptions of subject matter of the withheld information, Google will add a column named 'Title' to its log, which will include either (1) the file name (for each document with the file type other than email), or (2) subject line (for each email), on a document-by-document basis. Google's logs will also continue to include the fields 'document date' and 'create date'." Ex. B at 4–5. Mr. Lindsey further stated that "[p]ursuant to Google's agreement to do the above, Plaintiffs will 1) add subject matter sub-categories, or modify the existing descriptions of the subject matter of each category . . . and 2) list memoranda and

PowerPoint presentations as separate entries on the privilege log and provide . . . the title and date of each memorandum or PowerPoint presentation. . . . not all PDFs." *Id.*

10. On August 22 and 26, 2025, the parties continued to negotiate over what information should be included on each of their respective privilege logs. *Id.* at 2–4.

11. On August 27, 2025, the parties reached a "final compromise" titled "Agreement Regarding Privilege Logs." Under that agreement, Google agreed to add a "Title" column containing file names or email subject lines on a document-by-document basis, while continuing to provide document and creation dates, but Google was clear it would not "revise any descriptions on its existing logs." *Id.* at 1.

**Google's Privilege Log Productions**

12. On September 9, 2025, Google produced three privilege logs. Two of those logs were revised versions of the August 1 and August 8 privilege logs. The third log contained new privilege log entries. All three logs complied with the parties' agreement by including the document "Title" and other agreed-upon information.

13. On October 6, 2025, Google produced a one-entry privilege log.

14. On January 20, 2026, Google produced a fifth privilege log.

15. On February 5, 2026, Google produced another one-entry privilege log.

**Plaintiffs Reraise the Subject Matter Descriptions of Google's Privilege Log Entries**

16. On December 5, 2025, counsel for Plaintiffs emailed counsel for Google to raise several "issues and questions" concerning hundreds of entries in Google's September 9 and October 6 privilege logs. Dkt. 593-6 at 31–34.

17. Throughout December 2025 and early January 2026, Google assessed the hundreds of withheld documents that were the subject of Plaintiffs' December 2025 email.

18. On December 18, Google informed Plaintiffs that Google's review was ongoing and that Google had identified "ambiguities and discrepancies between [Plaintiffs'] email and the logs." Google also stated that until its review was complete, it did not believe a meet-and-confer would be productive. *Id.* at 28–29.

19. On January 9, Google responded in detail to Plaintiffs' "issues and questions." *Id.* at 13-23.

20. On January 12, 2026, counsel for the parties met and conferred. At the meet-and-confer, Plaintiffs' counsel asked specific questions about a few particular entries of the hundreds they had challenged. Roberto Borgert, counsel for Google, requested that Plaintiffs send their questions to Google in writing.

21. Later that day, counsel for Plaintiffs memorialized some of their points in an email, noting they would "follow up separately concerning other issues." Dkt. 593-6 at 12-13.

22. On January 21, 2026, counsel for Plaintiffs objected to the entries in Google's fifth privilege log and stated that they intended to seek relief from the Court. *Id.* at 8-12.

23. On January 22, 2026, counsel for Google responded, reminding Plaintiffs of the parties' agreement in August 2025 regarding the information Google would add to its logs, which Google has complied with. *Id.* at 6-8.

**Google's Productions of Documents**

24. I am familiar with Google's document productions.

25. Google has produced 464 documents involving Google's in-house counsel that Plaintiffs identify in their Letter Motion. *See* Mot. at 2. Those documents comprise 12,022 pages. Google redacted 253 of the 464 documents involving those specific in-house counsel. These redacted documents comprise 7,753 pages.

4

26. Plaintiffs attached as exhibits to their motion seven documents that Google produced in 2025. The table below identifies the date that Google produced each document.

| Ex. No. | Begin Bates | Date Produced |
|---|---|---|
| 8 | GOOG-CENG-00000685 | February 7, 2025 |
| 9 | GOOG-CENG-00408607 | July 18, 2025 |
| 10 | GOOG-CENG-00408640 | July 18, 2025 |
| 11 | GOOG-CENG-00417893 | August 8, 2025 |
| 12 | GOOG-CENG-00424423 | August 15, 2025 |
| 13 | GOOG-CENG-00424575 | August 15, 2025 |
| 14 | GOOG-CENG-00441738 | November 3, 2025 |

27. As noted in the Declaration of Attorney Yunyi Chen in Support of Plaintiffs' Letter Motion for Discovery Conference re: Google's Privilege Assertions, Dkt. 593, Plaintiffs' Exhibits 7A and 7B are not the privilege logs Google served on Plaintiffs.

28. Attached as Exhibits C and D are true and correct copies of the order and accompanying exhibit filed at docket entries 2430 and 2430-1 in *In re Frontier Communications Corporation, et al.*, No. 20-BK-22476-MG (Bankr. S.D.N.Y. Sept. 19, 2024), cited on page 3 of Plaintiffs' Letter Motion for Discovery Conference re: Google's Privilege Assertions, Dkt. 590.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed on February 17, 2026, in Washington, D.C.   /s/ *Sarah A. Tomkowiak*
                                                     Sarah A. Tomkowiak