

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

February 17, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: McGraw Hill's Letter Motion to Redact the January 20, 2026 Transcript of Proceedings

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices and the deadlines set forth in Dkt. 553, Plaintiff McGraw Hill LLC ("Plaintiff" or "McGraw Hill") submits this letter motion requesting approval from the Court to redact the January 20, 2026 Transcript of Proceedings (the "Transcript").

Because the Transcript includes content for which Google requests redactions, Plaintiff is filing a public version of the transcript that layers black redaction boxes over both parties' proposed redactions, and a sealed version of the transcript that highlights only Plaintiff's proposed redactions.

## I.   Background

Portions of the Transcript directly quote from or discuss information designated by Plaintiff as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order (Dkt. 82). The information that Plaintiff requests remain sealed includes certain highly sensitive business information that must not be disclosed to the public or competitors. Plaintiff McGraw Hill designated its business information Highly Confidential – Attorneys' Eyes Only because it could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, [or] competitive" interests of McGraw Hill. *See* Dkt. 82 ¶ 3. On February 17, 2026, the parties met and conferred about the parties' proposed transcript redactions. Google confirmed by email that day that it will not object to the proposed redactions discussed herein.

## II.   Legal Standard

Plaintiff's redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "balance competing considerations against" the presumption of public access. *Id*. at 119–20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Further, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

### III. The Highly Confidential-Attorneys' Eyes Only Material Should be Redacted

The material at issue should be redacted because it discloses highly confidential and sensitive business information of Plaintiff McGraw Hill. In particular, the Transcript quotes and discusses information in two email chains produced by McGraw Hill that reveal competitive insights and performance analyses, and that shed light on McGraw Hill's confidential business initiatives. The two email chains at issue are Dkts. 379-09 and 379-10 (Exhibits H and I to the Declaration of Sarah Tomkowiak (Dkt. 379-1)). Plaintiffs previously requested that these email chains, along with other documents Google filed in connection with its letter motion (Dkt. 379), be filed under seal (Dkt. 400). Plaintiffs' request remains pending. The Court has previously granted sealing requests concerning McGraw Hill's and other Plaintiffs' confidential content of a similar nature. *See* Dkts. 529, 574.

Courts in this district have recognized the significance of keeping sensitive business information, like the material at issue here, confidential, particularly when disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise, Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotations omitted); *see also Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would affect party's competitive position if disclosed); *Farsura v. QC Terme US Corp.*, 2025 WL 267573, at *12 (S.D.N.Y. Jan. 17, 2025) (sealing details of a party's "business strategy"); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information,"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). McGraw Hill can demonstrate such a need, as public disclosure of this information would reveal its sensitive business insights to its competitors, and potentially enable competitors to exploit this information to McGraw Hill's detriment. The disclosure of the material thus creates a substantial risk of harm to McGraw Hill's business, commercial, and competitive interests.

### IV. Plaintiff's Request Is Narrowly Tailored to Serve the Purpose That Requires Redacting

Plaintiff's request is narrowly tailored to protect confidential and sensitive information that case law in this district and the Protective Order support keeping confidential. Specifically, Plaintiff requests redactions to the limited portions of the Transcript that reveal its highly confidential and commercially sensitive business information, the disclosure of which would create a substantial risk of harm to it.

In light of the sensitive nature of the material at issue, Plaintiff respectfully submits this letter motion explaining the need to redact portions of the Transcript.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele Murphy*

Michele Murphy

cc:   All Counsel of Record (via ECF)