# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | **Civil Action No. 24-cv-04274-JLR-BCM**<br>==**This document contains information marked Highly Confidential – Attorneys' Eyes Only**== |

**PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs serve their Fifth Set of Requests for Production of Documents upon Defendant Google LLC. Defendant shall respond within 30 days of service of these requests in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court. Plaintiffs request that Defendant produce the documents described herein electronically to Jeff Kane, jkane@oandzlaw.com, or, if hard copies are produced, to the offices of Oppenheim + Zebrak, LLP, 461 5th Avenue, 19th Floor, New York, NY 10017.

**DEFINITIONS**

1. Plaintiffs incorporate by reference the Definitions contained in Plaintiffs' First through Fourth Sets of Requests for Production, dated September 3, 2024, April 1, 2025; June 12, 2025, and July 16, 2025.

2. The term "Delisting" refers to the act that Google claims constitutes removing a Shopping Ad in satisfaction of 17 U.S.C. § 512(d)(1)(C) or (c)(1)(A)(iii). This includes action that Google claims to take with respect to the landing page URL, the effect of which Google claims is that Shopping Ads containing that landing page no longer will be shown to Google users.

1

*This document contains information marked Highly Confidential – Attorneys' Eyes Only*

3.       The term "Delisting Time Period" means the time it took Google to accomplish a Delisting. This includes the time between receipt of an Infringement Notice, the initiation of a Delisting by a legal agent or automated program after processing an Infringement Notice, and the Delisting completion, e.g., the URL will no longer appear in a Shopping ad.

## INSTRUCTIONS

1.       Plaintiffs incorporate by reference the Instructions contained in Plaintiffs' First through Fourth Sets of Requests for Production, dated September 3, 2024, April 1, 2025; June 12, 2025, and July 16, 2025.

2.       The relevant time frame for these Requests is June 5, 2021 through the March 31, 2025.

## REQUESTS FOR PRODUCTION

To the extent not already called for by Plaintiffs' First, Second, Third, and Fourth Set of Requests for Production:

**REQUEST NO. 113** Documents concerning Google's processes, procedures, policies, guidelines, and instructions for Delisting a URL in response to an Infringement Notice, including documents concerning the Delisting Time Period.

**REQUEST NO. 114** All studies, reports, analyses, presentations, memoranda, and internal or external communications concerning the Delisting Time Period.[1]

**REQUEST NO. 115**: All communications between the Infringing Merchants and any

---

[1] The documents called for by RFP 113 and RFP 114 were requested already, including at least in RFP 6 (documents concerning the "implementation, and enforcement of" Google's DMCA policy for Shopping Ads) and RFP 55 (requesting all documents concerning Google's defenses). Yet Google has not produced the documents described above. Plaintiffs thus issue RFP 113 and RFP 114 out of an abundance of caution without waiving any argument that Google already is obligated to produce the information.

*This document contains information marked Highly Confidential – Attorneys' Eyes Only*

Google representatives, including any sales representatives, account managers, account strategists, or any other Google employee who would communicate directly with the Infringing Merchants.[2]

**REQUEST NO. 116**: Documents sufficient to describe the "Google Shopping Tracker."

**REQUEST NO. 117**: All documents and communications within the "Google Shopping Tracker" regarding the Infringement Notices, Infringing Merchants, and relevant Case IDs concerning the Infringing Merchants and Infringement Notices.

Dated: December 5, 2025

                                         */s/ Jeff Kane*
                                         Jeff Kane

                                         OPPENHEIM + ZEBRAK, LLP
                                         4530 Wisconsin Avenue NW, 5th Floor
                                         Washington, DC 20016
                                         202-499-2940 telephone
                                         866-766-1678 fax
                                         jkane@oandzlaw.com

---

[2] The documents called for by RFP 115 were requested already, including at least in RFP 29 (documents concerning all communications between you and any Infringing Merchant or Related Ads Merchant, including communications concerning any Infringement Notice; any violation of Google policy, including any Acceptable Use Policy, Repeat Infringer Policy, or Copyright Infringement Policy; and any adverse action to be taken or not taken against the merchant or its Merchant Center, Google Ads, or other Google account.). Yet Google has not produced the documents described above. Plaintiffs thus issue RFP 115 out of an abundance of caution without waiving any argument that Google is already obligated to produce the information.

***This document contains information marked Highly Confidential – Attorneys' Eyes Only***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via Electronic Mail on the 5th day of December, 2025, upon counsel of record.

Dated: December 5, 2025

/s/ Jeff Kane
Jeff Kane

*This document contains information marked Highly Confidential – Attorneys' Eyes Only*