# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant*. | Case No. 1:24-cv-04274-JLR-BCM |

**GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC**

Google LLC ("Google"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, by and through its undersigned counsel, hereby provides these responses to Cengage Learning, Inc.; Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning; Macmillan Holdings, LLC; Elsevier Inc.; Elsevier B.V.; and McGraw Hill LLC's (collectively, "Plaintiffs") Fifth Set of Requests for Production of Documents ("Requests") as follows:

**PRELIMINARY STATEMENT**

Google has attempted in good faith to provide responses to the Requests herein to the extent reasonably practicable at this stage of these proceedings, based on information presently known to Google. The parties have not completed their discovery and investigation in this action. As a result, the documents produced in response to these Requests, while based on diligent factual exploration, reflect only Google's current state of knowledge, understanding, and belief with regard to the matters

1

about which requests have been made. These responses are given without prejudice to Google's right to amend or supplement its production after considering information obtained or reviewed through further discovery and investigation. This reservation, however, is not to be construed as an undertaking by Google of an affirmative duty to change or supplement these responses, except as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. The fact that Google has responded to any document request shall not be construed as a waiver of any objection in this or any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege, and/or admissibility of the responses or the subject matter thereof. By making these responses, Google does not concede that the documents sought are relevant or proportional to the needs of this case.

By responding to the requests herein, Google agrees to produce the responsive, relevant, non-privileged documents Google is able to locate after a reasonable search without undue burden or expense, but only to the extent (if any) indicated in the response to the particular Request. Google's responses and objections, including any agreement to produce responsive documents, should not be construed as confirming that any such responsive documents in fact exist.

Google will not produce any documents that are protected by the attorney-client privilege, common interest privilege, work-product doctrine, or any other applicable common law or statutory privilege, exemption, law, rule, or protection. To the extent any Request may be construed as calling for disclosure of information, documents, and/or things protected by any applicable privileges or doctrines ("Privileged Information"), nothing in Google's responses is intended to waive such privileges and Google's responses should not be construed as such a waiver. Google will produce responsive documents, to the extent any exist, which it believes are non-privileged and are otherwise properly discoverable. Google makes its production of documents on the condition that production of documents covered by such privileges or doctrines does not waive any of its rights to assert such

privileges or doctrines and that it may withdraw from production any such document produced.

Google is producing documents without prejudice to Google's right to procure, rely on, and introduce expert witness testimony, and such expert's right to rely on documents or information deemed appropriate by that expert in formulating the expert's opinion, whether or not produced in response to these requests. Google's responses to these Requests, and any corresponding productions, do not constitute either an admission that any definitions provided by Plaintiffs are factually correct or legally binding upon Google, or a waiver of any of Google's objections, including but not limited to objections regarding discoverability of documents or other evidence.

Notwithstanding responses to these requests or the production of any information, documents, or things in response to a Request, Google expressly reserves all objections as to authenticity, relevance, materiality, and admissibility of any such information, documents, or things.

Google's use of the term "including" in its General or Specific Objections means "including but not limited to."

## GENERAL OBJECTIONS

The following General Objections are expressly incorporated into each Specific Objection and Response as if fully set forth therein. Failure to refer to the General Objections in any Specific Objection and Response should not be construed as a waiver of those objections.

1. Google objects to each Request as untimely served because they were not served with sufficient time for Google to search for and produce responsive documents before the document discovery deadline set forth in the Scheduling Order (Dkt. No. 222) governing this case.

2. Google objects to each Request, definition, and instruction to the extent it purports to impose upon Google discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, applicable standing orders of this Court, orders entered in this case, agreements among the

3

parties, or other applicable law.

3. Google objects to each Request, definition, and instruction to the extent it is vague, ambiguous, overbroad, unduly burdensome, or seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case.

4. Google objects to each Request, definition, and instruction to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, Fed. R. Civ. P. 26(b)(5)(A), or any other privilege or immunity. The production of any privileged document or information shall not constitute a waiver of any applicable objection or privilege. For purposes of responding to these Requests, Google will interpret each Request, definition, and instruction as excluding information subject to privilege or immunity.

5. Google objects to each Request, definition, and instruction to the extent it seeks to elicit third-party confidential and/or proprietary information and/or information that is subject to or precluded by restrictions of confidentiality imposed by, or pursuant to, agreements between Google and third parties. Google will cooperate with Plaintiffs to identify what confidential third-party information, if any, is relevant and reasonably necessary for the investigation of the claims and defenses herein.

6. Google objects to each Request, definition, and instruction to the extent to the extent it assumes, or calls for, a legal conclusion. Any response by Google shall not be construed as providing, or assenting to, any legal conclusion regarding the meaning or application of any terms of phrases used in Plaintiffs' Requests, definitions, or instructions.

7. Google objects to each Request, definition, and instruction to the extent it seeks information not currently in Google's possession, custody, or control, or refers to persons, entities, or events not known to Google.

8. Google objects to each Request, definition, and instruction to the extent it seeks to

require Google to do more than conduct an examination of those files or sources that reasonably may be expected to yield responsive information, or an inquiry of those persons who may be reasonably expected to possess responsive information.

9. Google objects to each Request, definition, and instruction to the extent it is cumulative and duplicative of other forms of discovery that are more convenient and less burdensome.

10. Google objects to each Request, definition, and instruction to the extent it improperly and prematurely seeks discovery of expert opinions. Such information will be disclosed within the time frame outlined by the Scheduling Order (Dkt. No. 222) governing this case.

11. Google objects to each Request, definition, and instruction to the extent it purports to place an obligation on Google to obtain or provide information that is publicly available, is in the possession of a third party, or otherwise is as readily available to Plaintiffs as it is to Google.

12. Google objects to each Request, definition, and instruction to the extent it requests "all" or "any" documents concerning a category of information. Subject to its objections, Google will make reasonable efforts to search for relevant information from those individuals employed by, or on behalf of, Google whom Google reasonably believes are likely to have responsive information associated with this proceeding, but each and every employee has not been, and could not be, contacted and questioned, nor their documents searched, for information that would assist in answering the Requests.

13. Google objects to each Request, definition, and instruction to the extent it calls for the creation of new or voluminous documents, reports, spreadsheets, analyses, or data compilations that do not currently exist in the ordinary course of Google's business.

14. Google objects to the definitions of "you," "your," "Google," or "Defendant" as vague, ambiguous, overly broad, unduly burdensome, and invasive of the attorney-client privilege

and attorney work product protection, to the extent the definition includes counsel. In responding to these Requests, Google will construe "you," "your," "Google," or "Defendant" to mean only Google LLC, and such persons authorized to act on its behalf and within the proper scope of their respective authorized capacities, excluding attorneys not employed by Google LLC acting on its behalf.

15. Google incorporates by reference its objections to the definitions and instructions contained in Google's Responses and Objections to Plaintiffs' First Set of Requests for Production, dated October 3, 2024, Google's Responses and Objections to Plaintiffs' Second Set of Requests for Production, dated May 1, 2025, Google's Responses and Objections to Plaintiffs' Third Set of Requests for Production, dated July 14, 2025, and Google's Responses and Objections to Plaintiffs' Fourth Set of Requests for Production, dated August 15, 2025.

16. Google objects to the definition of "Delisting" to the extent it purports to characterize or ascribe legal meaning to business processes relating to delisting URLs and/or Shopping Ads.

17. Google objects to the definition of "Delisting Time Period" to the extent it purports to characterize or ascribe legal meaning to business processes relating to delisting URLs and/or Shopping Ads. Google further objects to this definition as vague, ambiguous, and nonsensical to the extent it refers to a time period between three separate events.

18. Google objects to the instruction that "[u]nless otherwise specified, the relevant time frame for these Requests is January 1, 2020 through the present" as overbroad, unduly burdensome, and not proportional to the needs of the case. The copyright statute of limitations extends back only to June 5, 2021, and the allegations in the complaint relating to Google's conduct go back only to June 2021. *See* Dkt. No. 38 ¶¶ 99, 141. Unless otherwise specified, Google will limit its responses to the Requests to the time period December 5, 2020 through September 16, 2024.

19. Any statement below that responsive documents will be produced does not constitute a representation or acknowledgment by Google that any such documents in fact exist or are in

Google's possession, custody, or control, but is intended to convey that, if such documents exist and can be located after a reasonable search and inquiry of documents in Google's possession, custody, or control, they will be produced subject to any applicable objections.

20.   No response or objection to any Request is intended to be, nor shall any response be construed as, an admission of the existence of any facts set forth in or assumed by any Request, or an admission that such response or objection constitutes admissible evidence.  Likewise, the production of any documents in response to the Requests is not intended to be, and shall not be construed as, a waiver by Google of all or any part of any objection to any Request, an admission of the existence of any facts set forth in or assumed by any Request or any document produced in response thereto, or an admission that such response, objection, or document constitutes admissible evidence.  Google responds to the Requests herein only for purposes of fulfilling its discovery obligations in the current proceeding.

21.   Google incorporates by reference the General Objections set forth above into the Specific Objections set forth below.  Google may repeat a General Objection for emphasis or other reasons.  The failure to repeat any General Objections does not waive any General Objection to the Request.  Moreover, Google does not waive its right to amend its objections.  Google's use of the term "including" in its General or Specific Objections means "including but not limited to."

***

**RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 113:**

Documents concerning Google's processes, procedures, policies, guidelines, and instructions for Delisting a URL in response to an Infringement Notice, including documents concerning the Delisting Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Google incorporates its General Objections as if fully set forth herein, including its objections to Plaintiffs' definitions of "Delisting," "Delisting Time Period," and "Infringement Notice." Google further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks any and all "documents concerning" any and all "processes, procedures, policies, guidelines, and instructions" relating to "Delisting a URL." Google further objects to this Request to the extent it seeks documents not maintained in the ordinary course of business or that would require Google to create new compilations or analyses. Google further objects to this Request as vague and ambiguous as to the meaning and scope of the terms "processes, policies, guidelines, and instructions." Google further objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request to the extent it seeks information not in Google's possession, custody, or control. Google objects to this Request to the extent it is duplicative of other discovery requests, including at least Requests for Production Nos. 6, 11, 13, and RFP 55. Google further objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Google further objects to Plaintiffs' assertion in Footnote 1 that Google "has not produced the documents described above," which mischaracterizes Google's responses and productions to date.

Subject to and without waiving its General and Specific Objections, and to the extent not already captured by Google's responses to other Requests for Production, Google will produce non-privileged documents, if any, maintained in the ordinary course of business and to the extent located after a reasonable search, sufficient to show the high-level procedures through which Google effectuates URL delistings.

**REQUEST FOR PRODUCTION NO. 114:**

All studies, reports, analyses, presentations, memoranda, and internal or external communications concerning the Delisting Time Period.[1]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Google incorporates its General Objections as if fully set forth herein, including its objections to Plaintiffs' definitions of "Delisting" and "Delisting Time Period." Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" studies, reports, analyses, presentations, memoranda, and both "internal" and "external" "communications" concerning the "Delisting Time Period." Google further objects to this Request as vague and ambiguous as to the meaning and scope of the terms "studies, reports, analyses, presentations, memoranda, and internal or external communications." Google further objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections. Google further objects to this Request to the extent it requires Google to search across multiple systems or create analyses not maintained in the ordinary course of business. Google objects to this Request to the extent it is duplicative of other discovery requests, including at least Requests for Production Nos. 6, 9, 10, 55, and 113. Google further objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Google further objects to Plaintiffs' assertion in Footnote 1 that Google "has not produced the documents described above," which mischaracterizes Google's responses and productions to date.

Subject to and without waiving its General and Specific Objections, and to the extent not

---

[1] The documents called for by RFP 113 and RFP 114 were requested already, including at least in RFP 6 (documents concerning the "implementation, and enforcement of" Google's DMCA policy for Shopping Ads) and RFP 55 (requesting all documents concerning Google's defenses). Yet Google has not produced the documents described above. Plaintiffs thus issue RFP 113 and RFP 114 out of an abundance of caution without waiving any argument that Google already is obligated to produce the information.

already captured by Google's responses to other Requests for Production, Google will produce non-privileged documents, if any, maintained in the ordinary course of business and to the extent located after a reasonable search, sufficient to show the high-level procedures through which Google effectuates URL delistings.

**REQUEST FOR PRODUCTION NO. 115:**

All communications between the Infringing Merchants and any Google representatives, including any sales representatives, account managers, account strategists, or any other Google employee who would communicate directly with the Infringing Merchants.[2]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Google incorporates its General Objections as if fully set forth herein, including its objections to the definition of "Infringing Merchants." Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all communications" between any purported "Infringing Merchant" and "any Google representative," or "Google employee," including communications unrelated to Plaintiffs' allegations or the works and marks at issue in this proceeding. Google also objects to this Request as vague and ambiguous as to the meaning and scope of the terms "sales representatives, account managers," and "account strategists." Google further objects to this Request to the extent it seeks information not in Google's possession, custody, or control. Google further objects to this Request as duplicative of other discovery requests, including at least Requests for Production Nos. 3, 4, and 29. Google further objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to

---

[2] The documents called for by RFP 115 were requested already, including at least in RFP 29 (documents concerning all communications between you and any Infringing Merchant or Related Ads Merchant, including communications concerning any Infringement Notice; any violation of Google policy, including any Acceptable Use Policy, Repeat Infringer Policy, or Copyright Infringement Policy; and any adverse action to be taken or not taken against the merchant or its Merchant Center, Google Ads, or other Google account.). Yet Google has not produced the documents described above. Plaintiffs thus issue RFP 115 out of an abundance of caution without waiving any argument that Google is already obligated to produce the information.

this litigation.

Subject to and without waiving its General and Specific Objections, Google will not search for, compile, or produce any documents in response to this Request beyond what it has produced or will produce in response to Requests for Production Nos. 3, 4, and 29.

**REQUEST FOR PRODUCTION NO. 116:**

Documents sufficient to describe the "Google Shopping Tracker."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Google incorporates its General Objections as if fully set forth herein. Google objects to this Request as vague and ambiguous as to the meaning and scope of the term "Google Shopping Tracker." Google further objects to this Request to the extent it seeks documents not maintained in the ordinary course of business or information not in Google's possession, custody, or control. Google further objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges and protections. Google objects to this Request to the extent it is duplicative of other discovery requests, including at least Requests for Production Nos. 76, 86, 87, 88, and 89.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding the scope, relevance, and proportionality of this Request.

**REQUEST FOR PRODUCTION NO. 117:**

All documents and communications within the "Google Shopping Tracker" regarding the Infringement Notices, Infringing Merchants, and relevant Case IDs concerning the Infringing Merchants and Infringement Notices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Google incorporates its General Objections as if fully set forth herein, including its objections

to the definitions of "Infringement Notices" and "Infringing Merchants."  Google objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "*[a]ll* documents and communications with the 'Google Shopping Tracker'" relating to "Infringement Notices," which are defined as any copyright infringement notices sent to Google regarding any Shopping Ad, Infringing Merchants, and "relevant Case IDs" concerning those Infringing Merchants and Infringement Notices. (emphasis added).  Google further objects to this Request as vague and ambiguous as to the scope and meaning of "Google Shopping Tracker," "all documents and communications within," and "relevant Case IDs."  Google further objects to this Request to the extent it seeks "all documents and communications" in a dynamic system or compilation not maintained or searchable by the requested unit, or that would require Google to create new compilations or analyses not maintained in the ordinary course of business.  Google also objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, attorney work product doctrine, or other privileges and protections.  Google objects to this Request to the extent it is duplicative of other discovery requests, including at least Requests for Production Nos. 76, 86, 87, 88, and 89.  Google further objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.

      Subject to and without waiving its General and Specific Objections, Google will not search for, compile, or produce any documents in response to this Request at this time.

| | |
|---|---|
| Dated: January 5, 2026<br>McLean, Virginia | Respectfully submitted,<br><br>**LATHAM & WATKINS LLP**<br><br>/s/ *Sarah A. Tomkowiak*<br>  Sarang Vijay Damle<br>  Sarah A. Tomkowiak (*pro hac vice*)<br>  Holly K. Victorson (*pro hac vice*)<br>  Laura E. Bladow (*pro hac vice*)<br>  Brent T.F. Murphy (*pro hac vice*)<br>  Sara E. Sampoli (*pro hac vice*)<br>  Roberto J. Borgert (*pro hac vice*)<br>  Caroline F. Clarke (*pro hac vice* pending)<br>  555 Eleventh Street, NW, Suite 1000<br>  Washington, D.C. 20004<br>  Telephone: (202) 637-2200<br>  Facsimile: (202) 637-2201<br>  Email: sy.damle@lw.com<br>      sarah.tomkowiak@lw.com<br>      holly.victorson@lw.com<br>      laura.bladow@lw.com<br>      brent.murphy@lw.com<br>      sara.sampoli@lw.com<br>      roberto.borgert@lw.com<br><br>  Allison L. Stillman<br>  1271 Avenue of the Americas<br>  New York, New York 10020<br>  Telephone: (212) 906-1200<br>  Facsimile: (212) 751-4864<br>  Email: alli.stillman@lw.com<br><br>  Joseph R. Wetzel<br>  505 Montgomery Street, Suite 2000<br>  San Francisco, California 94111<br>  Telephone: (415) 391-0600<br>  Facsimile: (415) 395-8095<br>  Email: joe.wetzel@lw.com<br>  *Attorneys for Defendant Google LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via Electronic Mail on the 5th day of January 2026, upon counsel of record.

Dated: January 5, 2026

                                                                                                         */s/ Sara E. Sampoli*