**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS LLP**

February 23, 2026

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re:   *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
<u>Defendant Google LLC's Letter Motion for Leave to File Reply in Support of Rule 72 Objection to Discovery Order at Dkt. 515</u>

Dear Judge Rochon:

We represent Defendant Google LLC in the above captioned matter. Google respectfully requests leave to file the attached reply brief in support of its Rule 72 Objection to the Magistrate Judge's January 16, 2026 Order (Dkts. 560, 561). A district court has discretion to permit a party to file a reply brief in support of Rule 72 objections. *See, e.g., Chelsea Hotel Owner LLC v. City of New York*, 2025 WL 880530, at *1 n.1 (S.D.N.Y. Mar. 21, 2025), *reconsideration denied*, 2025 WL 1603918 (S.D.N.Y. June 6, 2025). A reply is warranted here for several reasons.

First, a reply will permit Google to address Plaintiffs' post-hoc work product arguments in support of the Magistrate Judge's sealed findings. *See* Dkt. 606 at 5-6. Plaintiffs point to no record evidence to support those findings.

Second, a reply will allow Google to address Plaintiffs' flawed argument that Google has not shown a substantial need for BCGuardian LLC's ("BCGuardian") documents and could obtain the same information through other means. Dkt. 606 at 9. As Google explains, BCGuardian's infringement notices are central to Plaintiffs' claims. Therefore, Google needs these documents, over which Plaintiffs and BCGuardian have sole control, in order to test and rebut Plaintiffs' claims and to support Google's affirmative defenses. Moreover, Plaintiffs' argument that Google can obtain the same information through a deposition is incorrect. Dkt. 606 at 9. As Google's proposed reply explains, a BCGuardian representative will not be able to answer questions about or provide detailed information concerning the alleged infringement of each of the over 7,000 Asserted Works at issue in this litigation.

Finally, a reply will allow Google to correct Plaintiffs' contentions that the Magistrate Judge determined, rather than assumed, the attorney-client privilege requirements were met and

LATHAM&WATKINS LLP

was not required to address Google's waiver arguments. Google's reply explains that the Magistrate Judge assumed, without actually evaluating, that the privilege requirements were met, and the Magistrate Judge's failure to address third party waiver was contrary to law. Additionally, a reply will enable Google to address Plaintiffs' mischaracterizations of the Magistrate Judge's common interest finding.

For the foregoing reasons, Google respectfully requests leave to file the attached reply. Consistent with Local Civil Rule 6.3 and the Court's preference for brevity, Individual Rules of Practice in Civil Cases Rule 3(C), Google's proposed reply is limited to 1,750 words.

Respectfully submitted,

/s/ Sarah A. Tomkowiak
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF)