**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC, | Case No. 1:24-cv-04274-JLR-BCM |
| *Plaintiffs*, | |
| v. | **ORAL ARGUMENT REQUESTED** |
| GOOGLE LLC, | |
| *Defendant*. | |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS**
**<u>OBJECTION TO DISCOVERY ORDER AT DKT. 515</u>**

**INTRODUCTION**

Plaintiffs' Opposition fails to rebut Google's objections to the January 16 Order: the Order (1) misapplied the work product standard, (2) did not address Google's substantial need, and (3) incorrectly assumed the withheld post-May 30, 2024 communications between Plaintiffs and Pearson (the "Documents") were privileged.

**A.      Plaintiffs Misstate the Order and Work Product Standard**

First, Plaintiffs accuse Google of "mischaracteriz[ing]" the Order by highlighting that the Magistrate Judge found the Documents had "no express connection to litigation." Dkt. 606 ("Opp.") at 5. But they ignore that the Magistrate Judge stated: "[n]either the Infringement Reports nor O+Z's cover emails reference this action (or any specific lawsuit) by name, docket number, or otherwise." Dkt. 515 ("Order") at 4.

Second, Plaintiffs fail to distinguish the Documents from the routine IP-monitoring materials courts have held are not protected work product. Plaintiffs argue that *Rubie's Costume Co., Inc. v. Kangaroo Mfg., Inc.*, 2018 WL 4864833 (E.D.N.Y. Sept. 28, 2018) is inapposite because it involved monitoring performed "prior to retention of outside counsel." Opp. at 7. But the non-retention of outside counsel was not the basis for the court's ruling; rather, the court determined that investigations performed "as part of brand protection and integrity" are "an ordinary and integral part … of [a company's] business … not the product of anticipated litigation." *Rubie's*, 2018 WL 4864833, at *3-4. Plaintiffs' attempt to distinguish *CytoSport, Inc. v. Nature's Best, Inc.*, 2007 WL 1040993 (E.D. Cal. Apr. 4, 2007) fares no better. Opp. at 7. That court ruled that the IP-monitoring materials at issue were "not entitled to work product protection or attorney-client privilege" because those "search reports … contain[ed] factual information and not an attorney's mental impressions." *CytoSport*, 2007 WL 1040993, at *6. Though Plaintiffs scoff at Google's description of the Documents as "routine," Opp. at 6, they do not dispute that

1

BCGuardian's monitoring "▇▇▇" were "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Dkt. 561 at 8 n.3. Plaintiffs also do not contend that the Documents are substantively different from the services and reports described in *Rubie's* and *CytoSport*. And Plaintiffs have no response to Google's argument that if work product protection extends to any IP-enforcement materials connected to "potential future litigation," Google's general IP-enforcement materials (which Google has produced) would qualify as work product. Dkt. 561 at 7.

Third, latching onto the Order, Plaintiffs make a new argument that BCGuardian's services included "evaluating ▇▇▇▇▇▇▇▇▇▇▇," and that "legal work" is sufficient to establish work product protection. Opp. at 6. But performing "legal work" does not establish protection over the Documents absent a showing "that the documents were prepared principally or exclusively to assist in anticipated or ongoing litigation." *OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, 2006 WL 3771010, at *4 (S.D.N.Y. Dec. 15, 2006). Plaintiffs have not shown that the Documents were prepared "*because* of the prospect of litigation" or any need to evaluate ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (emphasis added). And Plaintiffs have never claimed that the principal purpose of BCGuardian's work was to ▇▇▇▇▇▇▇▇. For good reason; there is no evidence of that in the record, not even in Plaintiffs' privilege logs. Plaintiffs criticize Google for "cherry-pick[ing] language from [BCGuardian's] Statement of Work," Opp. at 6, but that document identifies "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Dkt. 275-8 at BCG-Google00002646. The deliverables from that engagement were BCGuardian's "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" resulting from its ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." *Id.* Plaintiffs try to recast the "▇▇▇▇" of "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" as "encapsulat[ing] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇," but that

2

stretches the evidentiary text too far and still is not tied to ▮▮▮▮▮. Opp. at 6.

### B. Google Has Shown a Substantial Need

Plaintiffs avoid Google's substantial need argument by wrongly asserting that Google's distinction between "fact and opinion work product is a new argument." Opp. at 7. Not so. Google raised its substantial need for BCGuardian materials in each of its motions challenging Plaintiffs' withholding of those documents. Dkts. 273 at 4; 337 at 4; 484 at 27. The substantial need inquiry arises precisely when fact work product is at issue. *See Hayden v. Int'l Bus. Machines Corp.*, 2023 WL 4622914, at *12 (S.D.N.Y. July 14, 2023) (explaining fact work product receives only "minimal protection" that can be overcome if a party "has substantial need for the materials to prepare its case" (citation modified)). Tellingly, Plaintiffs make no argument that the Documents contain opinion work product entitled to more than "minimal protection." *Id.* Nor could they since the Documents consist of, *inter alia*, "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," and emails "▮▮▮▮▮▮▮" that factual material. Order at 3-4.

Plaintiffs complain that Google has not explained with "specificity" why it has a substantial need for the Documents. Opp. at 8. Google has done that, and does so again here. Plaintiffs admit that BCGuardian's infringement "notices form the basis of Plaintiffs' claims." *Id.* To test and rebut those claims, Google requires evidence reflecting ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which is "probative of [Plaintiffs'] alleged damages and of Google's unclean-hands and mitigation defenses." Dkts. 273 at 5 n.2; 561 at 9. Plaintiffs argue that Google has what it needs because Google has purportedly "complete data regarding Plaintiffs' notices." Opp. at 8. False. For instance, Google does not have the "▮▮▮▮▮▮▮▮▮▮," Order at 3-4, concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which will confirm, e.g., when BCGuardian ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3

███████████████████████████████. Contrary to Plaintiffs' assertions, Google does not have "access to the same underlying … data" as Plaintiffs; only BCGuardian's materials contain that information. Opp. at 9. Because the Documents are in Plaintiffs' and BCGuardian's sole possession, Google "cannot otherwise obtain this information without undue hardship." *Hayden*, 2023 WL 4622914, at *12 (ordering production where documents were "highly probative" and not otherwise obtainable).

And Google cannot just "ask BCGuardian in its deposition" for this information. Opp. at 9. Depositions are not an adequate alternative to document discovery where they "cannot reveal the same detail" as the documents themselves. *Granite Partners v. Bear, Stearns & Co.*, 184 F.R.D. 49, 56 (S.D.N.Y. 1999) (rejecting deposition as alternative where events occurred years earlier). There are over 7,000 Asserted Works. Any suggestion that a witness could reasonably remember and answer questions about the "████████████████████████████████ ██████████" related to "████████████████████," including ████████████ ████████████████████████ is absurd, particularly where the alleged infringements occurred years earlier. Order at 3-4. Even if a witness could recall some details about an individual work or merchant among the "████████████████████████" included in one Infringement Report with sufficient specificity, doubtful as that is, courts still find a substantial need where documents are necessary to "assist in filling the gaps in [the witness's] testimony." *Johnson v. Bryco Arms*, 2005 WL 469612, at *4 (E.D.N.Y. Mar. 1, 2005) (finding substantial need where witness could not recall details).

Finally, Plaintiffs admit that BCGuardian's notices "form the basis of Plaintiffs' claims," and argue that they have produced their "notices, as well as screenshots of the pirate site landing pages and documents evidencing test buys." Opp. at 8. But producing only the final notices

4

submitted to Google, screenshots, and test purchases, while withholding the remainder of BCGuardian's work evidencing ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, is "a selective and misleading presentation of evidence." *In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, 2019 WL 13046984, at *3 (S.D.N.Y. Feb. 25, 2019). In fairness, Google needs the remainder of BCGuardian's work to "place the [notices, screenshots, and test purchases] in context." *Granite Partners*, 184 F.R.D. at 56.

### C.  Plaintiffs Cannot Defend Their Privilege Assertions

In defending the Order's privilege ruling Plaintiffs primarily rely on the "substantial deference" standard but ignore that that standard does not justify affirmance when a Magistrate Judge's order is contrary to law. *In re OneTaste, Inc.*, 2025 WL 1808724, at *5 (E.D.N.Y. July 1, 2025) (overturning order as contrary to law where it "did not specifically reference any record evidence in support of" privilege determination). And they fail to rebut the reasons the Order is contrary to law.

First, Plaintiffs incorrectly argue that the Magistrate Judge did not "assume" the requirements for attorney-client privilege were met because the Magistrate Judge's description of the Documents "confirms their privileged nature." Opp. at 10. That is a *non sequitur*. The Magistrate Judge explicitly "[a]ssume[d]" that the privilege "requirements [were] otherwise met." Order at 4. And the Order does not even reference, much less credit, Plaintiffs' descriptions of the Documents.

Second, Plaintiffs argue that the Magistrate Judge was "not required to address" Google's argument that Plaintiffs waived privilege by including a BCGuardian employee on their communications. Opp. at 10-11. But it is well established that including a third party on privileged communications waives privilege. *United States v. Stewart*, 2016 WL 11617117, at *2 (S.D.N.Y. July 22, 2016). Plaintiffs try to sidestep this by arguing that "Judge Moses has thoroughly

5

considered the nature of the Co-Clients', O+Z's, and BCGuardian's relationship." Opp. at 11. But they point to no evidence of this in the Order (or the Magistrate Judge's prior comments concerning the reasons attorney-client privilege should not apply to BCGuardian communications, Dkt. 484 at 18). Indeed, nothing in the Order explains why BCGuardian's presence does not waive privilege.

Finally, Plaintiffs cite no authority in support of the Magistrate Judge's common interest rulings. Opp. at 11. The Order concludes Plaintiffs shared legal interests in "learning" whether "█████," and "learning █████." Order at 5-6. The Order also finds that since Pearson was a "co-client" with respect to the EPEG Publishers' "broader legal efforts to combat pirate sales" it shared these interests. *Id.* But the Order does not cite a single authority justifying the exception to third-party waiver rules based on those interests. Nor do Plaintiffs. Indeed, if a shared interest in "learning █████" creates a common legal interest as Plaintiffs propose, Google too, would share a common legal interest with Plaintiffs.

Dated: February 23, 2026

                                      Respectfully submitted,

                                      **LATHAM & WATKINS LLP**

                                      */s/ Sarah A. Tomkowiak*
                                      Sarang Vijay Damle
                                      Sarah A. Tomkowiak (*pro hac vice*)
                                      Holly K. Victorson (*pro hac vice*)
                                      Laura E. Bladow (*pro hac vice*)
                                      Roberto J. Borgert (*pro hac vice*)
                                      Brent T.F. Murphy (*pro hac vice*)
                                      Sara E. Sampoli (*pro hac vice*)
                                      555 Eleventh Street, NW, Suite 1000
                                      Washington, D.C. 20004
                                      Telephone: (202) 637-2200

Facsimile: (202) 637-2201
Email: sy.damle@lw.com
      sarah.tomkowiak@lw.com
      holly.victorson@lw.com
      laura.bladow@lw.com
      roberto.borgert@lw.com
      brent.murphy@lw.com
      sara.sampoli@lw.com

Allison L. Stillman
Caroline Clarke (*pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: alli.stillman@lw.com
      caroline.clarke@lw.com

Joseph R. Wetzel
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: joe.wetzel@lw.com

*Attorneys for Defendant Google LLC*

**CERTIFICATION OF WORD COUNT**

I certify that the foregoing memorandum of law complies with the formatting and word limit requirements set forth in Local Civil Rules 72.1(b)(2) and 6.3 because it contains 1,743 words, excluding the cover page, table of contents, table of authorities, signature block, and certification of word count. This memorandum of law also complies with the applicable formatting rules because it has been prepared in 12-point font and all text is double-spaced.

In preparing this certification, I relied on the word count of the Microsoft Word computer program used to prepare this memorandum of law.

Dated: February 23, 2026                     /s/ Sarah A. Tomkowiak
                                              Sarah A. Tomkowiak