

Yunyi Chen
461 5th Avenue, 19th Floor
New York, NY 10017
Tel. 212.951.1156
ychen@oandzlaw.com

February 24, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

  Re: *Cengage Learning, Inc. et al. v. Google LLC,* No. 24:cv-04274-JLR-BCM
     Plaintiffs' Reply ISO Letter Motion for Discovery Conference re: Google's
     Privilege Assertions (Dkt. 590)

[REDACTED]

Dear Judge Moses,

  Plaintiffs write in further support of their letter motion (Dkt. 590) ("Mot.") regarding Google's privilege designations, and in response to Google's Opposition letter (Dkt. 615) ("Opp.").

  Plaintiffs seek to compel Google to produce improperly withheld documents or portions thereof that show how Google implemented its DMCA Policy during the relevant period, or describe, discuss, or reflect Google's internal policies or operations ("Requested Documents"). Mot. at 1–2.

  "[T]he burden is on the party resisting discovery ***to establish the facts necessary*** to show that the privilege applies and that it has not been waived." *United States v. Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 391 (S.D.N.Y. 2016) (citing cases) (emphasis added) (Moses, J.). In its Opposition, Google offers no facts from the relevant period regarding (1) its in-house counsel's role in implementing its DMCA Policy; (2) in-house counsel's role in relation to other relevant internal policies; or (3) the challenged documents. Instead, Google relies on one evasive employee declaration that fails to respond to the factual issues Plaintiffs raised (Dkt. 615-1, "Kelly Declaration"), and on attorney arguments that the declaration does not support. Google also does not dispute that its in-house counsel performed the non-legal functions as described in its own documents. *See generally* Opp.; Mot. at 2. Google therefore fails to show that "the privilege applies and that it has not been waived" with respect to the challenged documents. *Mount Sinai*, 185 F. Supp. 3d at 391.

  Google's failure to offer competent facts dooms its position, especially given its deficient log descriptions. *See* Mot. at 3–5. Where a party repeatedly fails to sustain its privilege claims over responsive documents, those documents ought to be produced.[1] Given Google's persistent refusal

---

[1] *See, e.g., BlackRock Balanced Cap. Portfolio (FI) v. Deutsche* Bank *Nat'l Tr. Co.*, 2018 WL 3584020, at *5 (S.D.N.Y. July 23, 2018) (ordering production where defendant relied on a "deficient log" that "result[ed] in vastly overinclusive privilege designations" despite "multiple opportunities to correct these deficiencies" and failed to offer responsive factual submissions).

to revise its privilege logs for months, *infra* § II, it should not be given additional time for revision now.

    I.    **Google must produce documents showing its DMCA Policy implementation while asserting the safe harbor defense.**

Google concedes, as it must, that to the extent counsel actually *performs* the function of implementing the DMCA program, any privilege that otherwise might have attached is waived. Opp. at 3 (quoting *United States v. Dish Network, L.L.C.*, 283 F.R.D. 420, 424 (C.D. Ill. 2012) (where the attorney "did more than just provide advice that is relevant to the monitoring and compliance functions" but also "*performed* these functions," any privilege has been waived)) (emphasis added).

Instead, Google pretends that the factual record establishes that Google's attorneys merely were providing legal advice, not actively implementing Google's DMCA process. Opp. at 3–4. But Google's documents tell a different story, and the declaration Google provides does not establish otherwise. During the relevant period, Google's default rule was that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. 593-14. But Google's documents indicate that Google's *counsel* implemented two important *exceptions* to the default rule: 1) where a merchant was ▉▉▉▉▉ for copyright infringement, Google's ▉▉▉▉ team ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, Dkt. 593-9 at -8611, and 2) where the pirate who reached the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. 593-14.

To support its contention that in-house counsel did not participate in implementing these two exceptions, Google offers only the Kelly Declaration. As to first exception (the appeal process), Ms. Kelly offers only the vague statement that the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Kelly Decl. ¶ 3. Ms. Kelly does not explain ▉▉▉▉▉▉,[3] does not state that ▉▉▉▉▉▉▉, does not explain ▉▉▉▉▉▉▉, and does not state that ▉▉▉.

As to the second exception, Ms. Kelly is *silent*.[4] Google does not dispute that it is withholding documents involving ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *See generally* Opp. Instead, Google argues that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, those consultations are necessarily "for legal advice." Opp.

---

    [2] Attorney Declaration of Yunyi Chen in Support of Plaintiffs' Reply ISO Letter Motion for Discovery Conference (Dkt. 590), Exhibit 1 (GOOG-CENG-00433532 at –3534).

    [3] Dkt. 593-9.

    [4] The silence is conspicuous since Google's counsel previously represented to the Court that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *See* Dkt. 218, 10/08/25 Hearing Transcript ("Tr.") at 98:5–9; *see generally* 88:25–102:5 ▉▉▉▉▉▉.

at 3–4. This position not only contradicts counsel's previous representations to the Court,[5] but is also incorrect, because a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and hence part of implementation. The Kelly Declaration provides no facts whatsoever on counsel's role in this procedure.

Plaintiffs seek documents "involving Google's in-house counsel's active participation" in Google's DMCA Policy implementation, not all related legal advice. Mot. at 3. Here, there is no question that making decisions about which accounts to suspend or reinstate are central aspects of implementing Google's DMCA Policy.

Google strains to argue that the "at issue" waiver does not apply here, because "Google does not need to rely on privileged advice or communications to meet the safe harbor's requirements." Opp. at 3. But whether Google "need[s] to rely on" privileged communications is irrelevant, as Plaintiffs seek documents involving attorney *participation* in Google's DMCA implementation, not all "related legal advice," as Google mischaracterizes.[6] *See* Mot. at 2–3 quoting *Dish*, 283 F.R.D. at 424 (ordering production of documents involving attorney participation in the monitoring activities required by an affirmative defense, including "[legal] advice provided as part of the attorneys' participation [sic] the monitoring functions" that "cannot be separated from the monitoring function").

Google has provided no evidence either that documents showing how it implemented its DMCA Policy, even if involving in-house counsel, are privileged to begin with, or that privilege has not been waived. Having failed to submit competent evidence to overcome Plaintiffs' challenge, Google should produce all withheld documents showing its DMCA Policy implementation. *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 2977175, at *4 (S.D.N.Y. May 20, 2016) (the asserting party's "burden can be met only by an evidentiary showing based on competent evidence.") (Moses, J.)

## II. Google should not be given additional time to revise its deficient log descriptions.

Google's logs also fail to substantiate that the attorney-client privilege even applies, let alone that it has not been waived, at least with respect to the 593 documents Plaintiffs identified.[7]

---

[5] In arguing that Google's in-house counsel should not be custodians because Google had "searched and produced documents from the individuals who would have been communicating with the in-house attorneys on" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Google's counsel described those ▮▮▮▮▮ as "business issues" and represented to the Court that Google is not "taking a position of sword and shield here, saying that there's some part of our process that's protected by privilege." *See* Tr. at 101:23–102:5.

[6] *See* Opp. at 2. Plaintiffs presently understand that Google does not claim that its implementation of its DMCA policy was reasonable *because* it followed legal advice. That would put *all* related legal advice at issue. See *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, 2022 WL 18027566, at *6 (S.D.N.Y. Dec. 30, 2022) (discussing "at issue" waivers where advice-of-counsel defenses are asserted) (Moses, J.). However, the absence of an advice-of-counsel defense does not mean there is no waiver to documents where counsel is *implementing* the policy. Mot. at 2–3.

[7] *See, e.g.*, a document titled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with a non-attorney identified as the sole author described as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see* Dkt. 593-1 at p. 31, Dkt. 593-7A at row 111; a document titled

*See* Mot. at 3–5. Perhaps recognizing that it no longer can avoid meeting its burden, Google "requests the opportunity to revise" log entries that the Court finds deficient. Opp. at 5. But Google already had months to do so after Plaintiffs explained why its log descriptions were deficient, including in their "1,500-word email." Opp. at 2; *see* Dkt. 593-6 at 12–13, 32–35. Where a party has repeatedly failed to meet its burden to "justify [its] privilege designation[s]" despite "multiple opportunities" to do so, the Court is well within its discretion to decline to "offer . . . another opportunity to follow the rules." *BlackRock*, 2018 WL 3584020 at *5.

Google's persistent decision to squander the "multiple opportunities" it had counsels strongly against affording it "another opportunity." *Id.* When Plaintiffs initially requested additional facts and better log descriptions, Google repeatedly stated that it believed the issues Plaintiffs raised were "an effort to manufacture a counterweight"[8] to Google's multiple (failed) challenges against Plaintiffs' privilege claims. After twice refusing Plaintiffs' conferral requests in December 2025, Google asked again to delay the meet-and-confer so it could provide its "thorough written response," only to then take the position that the challenged descriptions were all sufficient and to serve another privilege log containing those same descriptions.[9] Google now repeats the empty claim that "Plaintiffs' decision to challenge Google's logs was to create a makeweight to Google's meritorious challenges." Opp. at 2. Google even suggests that the timing of Plaintiffs' Motion (which Google itself delayed by repeatedly refusing timely conferral) justifies withholding the challenged documents, *id.*, which again ignores Google's affirmative burden.[10] Then, Google squandered yet another opportunity to provide necessary facts with its Opposition. *See supra* § I. This behavior should not be rewarded with more opportunities to further delay production of responsive documents.

To deter this type of behavior, the *BlackRock* court ordered production of all withheld documents "[a]bsent an application to the Court within 30 days on a document-by-document basis" to "make a particularized showing as to individual documents." *BlackRock*, 2018 WL 3584020 at *5. Given Google's conduct, there is no reason to believe that it will now provide adequate log descriptions if given another opportunity. Giving Google another chance surely would mean only that Plaintiffs will need to return to Court to challenge still-deficient descriptions. Ordering production of the Requested Documents, following *in camera* review if appropriate, is the more efficient way to proceed. *See also In re: Frontier Communications Corporation, et al.*, No. 20-22476-mg, Dkts. 2430, 2430-1 (S.D. Bankr., Sept. 19, 2024) (ordering production of withheld documents involving in-house counsel's implementation of DMCA policy after ordering

---

[redacted] *See* Dkt. 593-5 at p. 182; Dkt. 593-7A at row 872. The examples Google highlights in its Opposition (at 4) are similarly deficient and speak for themselves.

[8] Dkt. 593-6 at 7, 28.

[9] Dkt. 593-6 at 14–29.

[10] Nor can Google seriously contend that the parties' August 2025 agreement to revise their respective privilege logs somehow precludes one party from challenging entries it still deems deficient, Opp. at 1, as Google's own motions against Plaintiffs demonstrate. *See* Dkts. 273, 376; Dkt. 593 ¶¶ 10–12.

4

Hon. Barbara Moses  
February 24, 2026  
Page 5 of 5

submission of documents for *in camera* review (Dkt. 2418) upon claimants' Dkt. 2390 motion to compel DMCA policy implementation documents and with additional briefings at Dkts. 2421–22).

### III.     Conclusion

Google should be ordered to produce all Requested Documents.

Respectfully submitted,

*/s/ Yunyi Chen*  
Yunyi Chen