

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.4643
michele@oandzlaw.com

February 24, 2026

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

>       Re:   *Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM
>             **Plaintiffs' Opposition to Google's Letter Motion for Leave to File Reply**

Dear Judge Rochon,

     We represent all Plaintiffs in this matter. In its February 23, 2026 letter motion (Dkt. 638), Defendant Google LLC seeks leave to file a reply in support of its objection (Dkt. 561) to Magistrate Judge Moses's January 16, 2026 Order (Dkt. 515) (the "Order"). The Order denied Google's motion to compel Plaintiffs to produce six documents that Judge Moses reviewed *in camera* on attorney-client privilege and work product grounds. Google's motion should be denied.

     Google purports to offer three reasons for its request, all of which fail. First, Google contends that "a reply will permit Google to address Plaintiffs' 'post hoc' work product arguments," for which "Plaintiffs point to no record evidence to support those findings." Dkt. 638 at 1 (citing Pls. Opp., Dkt. 606, at 5-6). In addition to not being a "post hoc" argument in the first instance, a review of Plaintiffs' opposition shows that it contains multiple citations to the Order *and* the evidentiary record.

     Second, Google contends that a reply "will allow Google to address Plaintiffs' flawed argument that Google has not shown a substantial need for BCGuardian LLC's documents . . . . ." Dkt. 638 at 1. Plaintiffs' arguments are compelling, not "flawed." But for purposes of this motion, what matters is that Google raised arguments in its motion (albeit new and conclusory arguments), and Plaintiffs addressed them in their opposition. *See* Dkt. 561 at 7-10; Dkt. 606 at 7-9. This does not create a basis for providing Google with special permission to file a reply.

      Third, Google contends that a reply is needed to address what Judge Moses concluded with respect to the attorney-client privilege and her finding that the co-client privilege applies. *See* Dkt. 638 at 1-2. Again, Google has already made its arguments regarding Judge Moses's privilege findings, and Plaintiffs answered those, citing to the Order and the record. *See* Dkt. 606 at 9-11. These issues have also been the subject of numerous other briefs filed in this case. *See, e.g.,* Dkts. 484, 544. Google has shown no need for another bite at this apple.

     Further, Google waited to seek the instant leave until 10 days after Plaintiffs filed their opposition on February 13, 2026. Even under Local Civil Rule 6.1(b), which explicitly permits reply briefs in support of motions, replies must be served within 7 days. Google provides no explanation for why it did not follow this timeline.

Hon. Jennifer L. Rochon
February 24, 2026
Page 2 of 2

    For the foregoing reasons, Plaintiffs respectfully submit that the Court should exercise its discretion to deny Google's motion for leave to file a reply brief.

                                                  Respectfully submitted,

                                                  */s/ Michele H. Murphy*

                                                  Michele H. Murphy