IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | **Civil Action No. 24-cv-04274-JLR-BCM** |

**Declaration of Attorney Jeff Kane**
**In Support of Plaintiffs' Letter Motion for Discovery Conference re Addressing Gaps in Google's Productions**

1. I am an attorney at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for all Plaintiffs in this matter. I submit this declaration in connection with Plaintiffs' Letter Motion for Discovery Conference re Addressing Gaps in Google's Productions.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently hereto.

3. On January 20, 2026, I provided to Google a list of 505 documents that Google produced that contain custodians and search-terms that Google was to deploy for production by August 15, 2025, but that Google failed to produce until *after* August 15, 2025.

4. At the October 14, 2025 hearing, Google reported both to Plaintiffs and to the Court that the *incorrect* "zero strike policy" search-term returned *nine* hits. (Hr'g Tr. 85:21–86:9 (Oct. 14, 2025); 25.12.03 Latham Email). But running that term just against the documents Google had *produced* through that date (i.e., not even including documents Google had not

1

produced) returns *ten* hits.[1] Plaintiffs alerted Google to this discrepancy during a meet-and-confer on November 24. 25.11.25 O+Z Email. Google has never provided an explanation for it.

5. Plaintiffs conferred with Google twice regarding additional custodians from Google's engineering teams. On February 4, 2026, counsel met for approximately 25 minutes. The participants were Jeff Kane and Uriel Lee (Plaintiffs' counsel); and Caroline Clarke and Sara Sampoli (Google's counsel). This conferral also included discussion of Google's document retention policies. The parties had also met and conferred on November 6, 2025 for approximately one hour regarding (among other things) engineering custodians. The participants were: Yunyi Chen, Jeff Kane, Kevin Lindsey, Uriel Lee, Michele Murphy, and Danae Tinelli, (Plaintiffs' counsel); and Laura Bladow, Caroline Clarke, and Sarah Tomkowiak (Google's counsel). The parties have discussed Google's refusal to provide hit reports on multiple occasions, including during the February 4 meet-and-confer above, and a November 24, 2025 meet-and-confer. The latter conferral lasted approximately 90 minutes. The participants were Jeff Kane, Uriel Lee, and Michele Murphy (Plaintiffs' counsel); and Caroline Clarke, Sara Sampoli, and Sara Tomkowiak (Google's counsel).

6. At Plaintiffs' counsel's direction, Plaintiffs' e-discovery vendor conducted a search for the 30,000+ Merchant Center account numbers and Ads Account numbers associated with the 1,500 pirates who infringed the works-in-suit. Plaintiffs' vendor reported that after October 14, 2025, Google produced only 29 documents that hit on these search terms.

---

[1] GOOG-CENG-00411005, GOOG-CENG-00411011, GOOG-CENG-00411016, GOOG-CENG-00411022, GOOG-CENG-00415327, GOOG-CENG-00415345, GOOG-CENG-00424022, GOOG-CENG-00424025, GOOG-CENG-00424119, GOOG-CENG-00431721.

7. A third party, the American Association of Publishers ("AAP") produced an email chain between AAP and Google concerning ebook piracy on Google Shopping, and the consideration of creating an allow-list for legitimate publishers to advertise ebooks. PL0000849823. The chain contains three of Plaintiffs' search terms (Terms 2, 5, and 8) and involves two existing custodians. Yet Google did not produce this document.

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 24, 2026, in Washington, D.C.

/s/ *Jeff Kane*
Jeff Kane