**Sarah Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

## LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

February 24, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM

Dear Judge Moses,

Google writes to provide an update to the Court regarding Plaintiffs' failure to make rolling productions of custodial documents in advance of the March 6, 2026 deadline (which was already extended from the original February 6, 2026 deadline). Plaintiffs explicitly represented to Google and the Court that they would make rolling productions of these documents to allow Google to prepare for upcoming party depositions. *See* Dkt. 610, February 9, 2026 Hr'g Tr. 23-25. Plaintiffs have failed to do so. This failure has already harmed Google, given that the March 6 deadline is 8 business days away and thus it is apparent that Plaintiffs either (1) plan to jam Google with large custodial productions this week and/or next; or (2) do not actually intend to produce meaningful custodial discovery and are running out the clock to frustrate Google's ability to seek relief.

To date, Plaintiffs have failed to make substantial custodial productions. Despite a 4+ year discovery period, each Plaintiff has produced fewer than 300 custodial documents as of February 24, 2026. After Google sought the Court's intervention on this issue in a motion to compel filed on November 18, 2025 (Dkt. 287), the parties engaged in lengthy negotiations in December, which resulted in Plaintiffs agreeing to add 12 additional custodians. *See* Dkt. 502, at 2. Plaintiffs agreed to add almost all of these custodians by December 15, 2025, and offered two additional custodians on January 6, 2026. Through the end of December, the parties primarily negotiated regarding Google's request that Plaintiffs add additional search terms. *Id.*

On January 13, 2026, the Court denied Google's motion to compel Plaintiffs to run the outstanding search terms (i.e., those not agreed to by Plaintiffs) sought in Google's November 2025 motion (Dkt. 287), meaning Plaintiffs were not required to run any further search terms over the "new" custodians. *See* Dkt. 510. On January 19, 2026, Plaintiffs requested (and were granted[1])

---

[1] During the January 20, 2026 hearing, the Court granted Plaintiffs a month-long extension to March 6, 2026. Dkt. 614, at 137-138, 140.

LATHAM & WATKINS LLP

an extension to their February 6, 2026 deadline to complete their production of custodial documents, an extension that Google did not oppose given Plaintiffs' representation that this was only a "modest extension to *complete*" their custodial productions necessitated by the added custodians and search terms. Dkt. 518, at 1-2 (emphasis added). Given that Plaintiffs had agreed to add the vast majority of these new custodians over a month prior, Google understood that Plaintiffs would make rolling productions between January 20, 2026 and their extended deadline of March 6, 2026. Notably, Plaintiffs represented to the Court at the February 9, 2026 hearing that they would make rolling productions, and confirmed that position via email the next day. *See* Dkt. 610, February 9, 2026 Hr'g Tr. 23-25.

Between January 6, 2026, and February 24, 2026, Plaintiffs have not produced a single custodial document from these additional 12 custodians.[2] Instead, they have filed four new discovery motions since January, with several more pending, seeking even more data and documents from Google, and having the audacity to complain in their latest motion (which was filed without appropriately meeting and conferring in advance) that Google has "produced hardly any documents on important topics"—Dkt 650—despite the reality that Google's custodial productions have exceeded Plaintiffs' collective custodial productions by a multiple of 17.

Unlike the purported "gaps" in Google's production that Plaintiffs complain of, the giant crater of missing custodial productions is actually hampering Google's ability to test Plaintiffs' theories and mount its defenses. Despite the fact that Plaintiffs—large, sophisticated, litigious academic publishers—have brought allegations that implicate many different areas of their business practices, including antipiracy, marketing, digital advertising, finance, and sales, each Plaintiff has currently produced a vast majority of its custodial documents from a single employee. *See* Dkt. 287, 4-5. Google is unable to properly understand the scope and nature of Plaintiffs' documents, much less test Plaintiffs' substantive allegations or evaluate what follow-up discovery may be required, based on the limited custodial productions currently available. In contrast, Plaintiffs have had months to review, analyze, mine, and leverage Google's custodial documents to obtain further discovery.

Discovery should be a two-way street. Despite the Court's instruction and their own representations, Plaintiffs seem intent on "dumping" a significant portion of their custodial documents on the eve of their deadline. This suggests either a calculated delay right before depositions, or a tactic designed to hide a recurring failure to apply adequate search terms and/or responsiveness criteria until the last possible minute. These upcoming productions, which will include custodial documents from 12 new custodians and additional search terms applied across all custodians, should be substantial (though Google has its doubts they will be, if history is any indication). Receiving these documents is critical to Google's preparation for depositions of Plaintiff custodians, which the parties have scheduled to start as early as the week of March 16th. Even if Plaintiffs begin producing these documents tomorrow, Google will have *less than three weeks* before taking its first deposition of a Plaintiff deponent to review Plaintiffs' custodial documents, evaluate what documents may be missing from these productions, confer with

---

[2] As of January 6, 2026, Plaintiffs produced 22 documents from three of these newly added custodians, but have produced nothing further since then.

LATHAM&WATKINS LLP

Plaintiffs about addressing deficiencies in these productions, and prepare to depose witnesses based on these productions.  This is not nearly enough time—and it is far less than Plaintiffs have had with Google's documents.

Because Plaintiffs' deadline to produce these documents has not yet passed (and the volume of its custodial productions is not yet known), Google does not seek any relief at this time, but wanted to keep the Court informed of Plaintiffs' failure to produce custodial documents in a timely manner and on a rolling basis, as Plaintiffs explicitly agreed to do.  Google expects it will need to file a motion to compel regarding Plaintiffs' deficient and tardy custodial productions, but will wait until after their March 6 deadline so Google can raise the full scope of the issues to the Court's attention and seek tailored relief.

Respectfully submitted,

*/s/ Sarah Tomkowiak*
Sarah Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:     All Counsel of Record (via ECF)