IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 24-cv-04274-JLR-BCM<br><br>[REDACTED] |

### Declaration of Attorney Jeff Kane in Support of Plaintiffs' Reply ISO Plaintiffs' Letter Motion (Dkt. 625) for Discovery Conference Re Communications between the Pirates and Google Sales Representatives

1. I am an attorney at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for all Plaintiffs in this matter. I submit this declaration in connection with Plaintiffs' Letter Request for Discovery Conference regarding Communications between the Pirates and Google Sales Representatives.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently hereto.

3. Google produced a series of spreadsheets created and modified from 2021 to 2024 ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

4. Plaintiffs will file a motion requesting permission to provide a true and correct copy of GOOG-CENG-00416832 as Exhibit A to the Court via email. This spreadsheet has data concerning ████ Merchant Center accounts for the 1,500 pirates (████

1

███████████████████████████████████████). ██ of these accounts has ██ Account Managers. Ex. A (█████████████████████████████████
████████████████████████████████████████████████████
█████).

5. Plaintiffs will file a motion requesting permission to provide a true and correct copy of GOOG-CENG-00426591 as Exhibit B to the Court via email. This document likewise lists ██ Merchant Center accounts for the 1,500 Pirates.[1] ██ of these accounts is listed as having an Account Manager. Ex. B (cell I196) (showing that █████████████████
████████████████████████████████████████████████████."

6. It is my current understanding that of the Pirate accounts in this ███████████
██████████████. See GOOG-CENG-00000703, GOOG-CENG-00392941, GOOG-CENG-00618605 ███████████████████████████████████
████████████████████████████████████████████████████
█████████████████).

7. Plaintiffs' data expert shop, 233 Analytics, has been reviewing the data Google produced concerning the ads Google ran for the 1,500 Pirates. That review is ongoing. Based on my review of query results provided by 233 Analytics, I understand that approximately ██ of the 1,500 pirates that infringed the works-in-suit had at least 100,000 Shopping ads listings. I.e., for each of these ██ pirates, Google's data shows 100,000 ads with at least one

---

[1] Account nos. ████████████████████████████████████████████
████████████████████████████████████████████████████

impression. I further understand that because the expert's review is ongoing, this estimated number could be higher.

8. During the parties' conferral on February 5, 2026, Google's counsel refused to search for any additional communications between the 1,500 Pirates and Google, including the communications called for by RFP 115. Google further refused to explain or investigate where there would be any other sources within Google that might contain communications between Google and the Pirates.

9. Plaintiffs issued RFP 115 in December of 2025, after reviewing Google's document production and observing the critical role that Sales Representatives played in preventing or reversing suspensions for copyright infringement.

10. All the documents Plaintiffs received regarding Sales Representatives came from Google's *custodial* productions (many of which continued to be produced as late as February 6, 2026), not the notice data that Google completed in June 2025.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed February 25, 2026, in Washington, D.C.

/s/ *Jeff Kane*
Jeff Kane