

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

February 26, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 636) ("Letter Motion") and specifically seek the Court's approval to redact specific portions of Google's Reply in Support of Defendant Google LLC's Objection to Discovery Order at Dkt. 515 (Dkt. 637-1) ("Google's Reply").

**I.  Background**

Portions of Google's Reply quote, describe, or discuss information designated by Plaintiffs (and non-party BCGuardian, LLC ("BCGuardian")) as Highly Confidential-Attorneys' Eyes Only or Confidential pursuant to the Protective Order. *See* Dkt. 82 ¶¶ 2, 3. The information that Plaintiffs request remain sealed includes: excerpts from the Memorandum and Order at Dkt. 515 that the Court permitted to be redacted (Dkt. 514); and information disclosing non-party BCGuardian's proprietary anti-piracy work (as discussed in BCGuardian's concurrently filed letter in support of Google's sealing motion). As Google noted in its Letter Motion, the Court has previously granted sealing requests or ordered the parties to file the material at issue under seal. *See* Dkts. 471, 514, 674, 676. Plaintiffs respectfully request that the Court do the same here.

On February 23, 2026, Google's counsel contacted counsel for Plaintiffs and BCGuardian about the information at issue. Google stated in its Letter Motion that it "files this motion solely based on Plaintiffs' and BCGuardian's position that the information contained in the Reply is confidential and must be sealed." Dkt. 636 at 1.

## II.     Legal Standard

Plaintiffs' redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). In addition, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). And, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III.    The Highly Confidential-Attorneys' Eyes Only and Confidential Material at Issue Should be Redacted

The material at issue falls into two categories and should be redacted for the following reasons.

*First*, Google's Reply cites excerpts and describes details from the Memorandum and Order at Dkt. 515 that the Court has permitted to be redacted. As follows, the same information should remain redacted here.

*Second*, Google's Reply discloses highly sensitive information about Plaintiffs' and a third party's anti-piracy efforts, as well as the commercially sensitive work of non-party BCGuardian. BCGuardian is a private company that specializes in providing intellectual property protection and anti-piracy services to rightsholders. *See* Dkt. 408 at 3. Plaintiffs' counsel engaged BCGuardian to collect evidence and provide information and analysis to inform legal advice to Plaintiffs in connection with this and other cases. *See id.* Beyond revealing information about Plaintiffs' confidential strategies, if made public, the disclosure of the information could enable bad actors to take steps to evade detection and further infringe. Moreover, certain information threatens the privacy interests of non-parties. For example, Google's Reply includes excerpts from and descriptions of the confidential Statement of Work entered into by Plaintiffs and BCGuardian, and describes documents prepared by BCGuardian that shed light on its anti-piracy processes. Courts in this district have acknowledged the significance of keeping proprietary information, like the material at issue here, confidential. *See, e.g., SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record"). For these reasons, the Court should allow such material to be redacted in Google's Reply.

### IV. Plaintiffs' Request is Narrowly Tailored to Serve the Purpose That Requires Redacting

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that prior Orders issued in this case, cases in this district, and the Protective Order support keeping confidential. Specifically, Plaintiffs ask the Court to redact limited portions of Google's Reply to protect highly confidential, sensitive, and/or proprietary information of Plaintiffs, BCGuardian, and a third party, the disclosure of which would create a substantial risk of harm to these parties.

Given the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter response explaining the need to redact portions of Google's Reply.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele Murphy*

Michele Murphy

cc:   All Counsel of Record (via ECF)