

Lauren Bergelson
461 5th Avenue, 19th Fl.
New York, NY 10017
Direct: 212.951.1872
lbergelson@oandzlaw.com

February 26, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Cengage Learning, Inc. et al., v. Google LLC*, No. 24-cv-04274-JLR-BCM: Non-Party BCGuardian, LLC's Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, non-party BCGuardian, LLC ("BCGuardian") submits this letter response in support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 636) ("Letter Motion") and requests the Court's approval to redact specific portions of Google's Reply in Support of Defendant Google LLC's Objection to Discovery Order at Dkt. 515 (Dkt. 637-1) ("Google's Reply").

**I.   Background**

Non-party BCGuardian is a private company that specializes in providing intellectual property protection and anti-piracy services to rightsholders. *See* Dkt. 408 at 3. By definition, its work is conducted confidentially and securely, using proprietary methods, to assist content owners with protecting and enforcing their IP rights against infringement, primarily in the digital space. Plaintiffs' counsel engaged BCGuardian to collect evidence and provide information and analysis to inform legal advice to Plaintiffs in connection with this and other cases. *See id.* The effectiveness and adequacy of BCGuardian's work would be greatly diminished if its methods, processes, and strategies were to become public. BCGuardian has also received and responded to a Rule 45 document subpoena from Google in this case.

Portions of Google's Reply directly quote from and describe information designated by BCGuardian (and Plaintiffs) as Highly Confidential – Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82). The information at issue includes the highly sensitive terms of BCGuardian's contractual Statement of Work and detailed descriptions of documents disclosing aspects of BCGuardian's proprietary anti-piracy work. This information was designated as Highly Confidential – Attorneys' Eyes Only or Confidential because it could, if disclosed, "create a substantial risk of [significant] harm to the business, commercial, financial, competitive, or personal interests" of BCGuardian. *See* Dkt. 82 ¶¶ 2, 3.

On February 23, 2026, Google's counsel contacted counsel for BCGuardian and Plaintiffs about the information at issue. Google stated in its Letter Motion that it "files this motion solely based on Plaintiffs' and BCGuardian's position that the information contained in the Reply is confidential and must be sealed." Dkt. 636 at 1.

## II.    Legal Standard

BCGuardian's redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). There, the Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119 − 20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264 at *3 (S.D.N.Y. June 17, 2020). That is especially true with respect to a non-party, like BCGuardian.

## III.   The Highly Confidential – Attorneys' Eyes Only and Confidential Material at Issue Should be Redacted

BCGuardian's redaction request concerns material that discloses highly-confidential, commercially sensitive, and/or proprietary details about BCGuardian's anti-piracy processes for monitoring, detecting, enforcing, and analyzing infringement, including work done on behalf of Plaintiffs. If made public, this material could undermine both BCGuardian's effectiveness in battling infringement and piracy, as well as its competitiveness as an anti-piracy and intellectual property protection specialist.

Specifically, Google's Reply describes and directly quotes from BCGuardian's Statement of Work entered into with Plaintiffs as well as certain documents that reveal aspects of BCGuardian's proprietary anti-piracy work. The confidential material at issue is the same as, or comparable to, material about which the Court has previously granted sealing requests or ordered the parties to file under seal (Dkts. 471, 514, 674, 676). As follows, the material should be redacted in Google's Reply for the same reasons.

For one, the Protective Order clearly contemplates protecting this material. Dkt. 82 ¶ 3. Indeed, the Protective Order outlines categories of material that warrant protection, including "proprietary and non-public intellectual property," "proprietary . . . research and development," and "agreements or similar documents requiring highly confidential treatment." *Id*. The Statement of Work and details about these documents plainly fall within those categories.

In addition, courts in this district have recognized the need to keep proprietary and business information confidential. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information,"); *EFT Servs., LLC v. I-POS Sys. LLC*,

2025 WL 1752144, at *4 (S.D.N.Y. June 25, 2025) (permitting "redactions related to . . . proprietary information and trade secrets" to stay in place); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record"). This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). As explained in prior sealing requests, BCGuardian can demonstrate a valid need with respect to this material, as public disclosure of this confidential information would reveal sensitive business practices of a non-party and create substantial risk of harm to BCGuardian (and Plaintiffs). For example, if disclosed, others could use the highly-confidential information and related trade secrets for illegal or unlawful purposes, including in furtherance of infringing activities. Competitors likewise could unfairly compete with BCGuardian.

Moreover, courts in this district have recognized the unique sensitivities inherent in deciding whether to disclose non-parties' confidential documents, explaining that "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *see also U.S. v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (internal quotations omitted). Accordingly, non-party BCGuardian's highly-confidential and sensitive material should be redacted here.

### IV. Non-Party BCGuardian's Request is Narrowly Tailored to Serve the Purpose That Requires Redacting

BCGuardian's request is narrowly tailored to redact specific portions of Google's Reply that reveal highly sensitive information about BCGuardian's work. Prior Orders issued in this case, case law in this district, and the Protective Order support keeping this material confidential. For these reasons, BCGuardian respectfully submits this letter response explaining the need to redact portions of Google's Reply, the disclosure of which would create a substantial risk of harm to it.

We thank the Court for considering this request.

Respectfully,

/s/ *Lauren Bergelson*

Lauren Bergelson

cc:    All Counsel of Record (via ECF)