**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS LLP**

December 5, 2025

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
      <u>Letter Motion for Rule 37 Relief Due to Plaintiff McGraw Hill's Spoliation</u>

Dear Judge Moses:

Google moves under Federal Rule of Civil Procedure 37(e) for remedial measures to address Plaintiff McGraw Hill's failure to preserve electronically stored information ("ESI") for (at least) two key custodians—Angela Johns and Fred Koons. These former employees handled critical issues that Plaintiffs have put at the heart of this case: McGraw Hill's anti-piracy efforts and revenue generated through Google Shopping. McGraw Hill's failure to retain these custodial files ("Custodial Files") while anticipating litigation against Google prejudices Google by depriving Google of fact discovery that plausibly would support Google's litigation positions and rebut McGraw Hill's theories of liability and damages. Google seeks to remedy that prejudice.

## Background

Angela Johns was McGraw Hill's former director of digital marketing, and Fred Koons was a manager of "Paid Programs" in McGraw Hill's Web/eCommerce Center. They left McGraw Hill in September and August 2022, respectively. Dkt. 289-3 at 12. When Google requested that McGraw Hill add these individuals as custodians, Plaintiffs' counsel admitted that, upon their departures, McGraw Hill did not preserve their Custodial Files. *See id.* at 14 (admitting for each custodian that their "PST file was not preserved in the ordinary course of business"). Despite Google's requests that McGraw Hill provide its "ordinary course of business" retention policy, McGraw Hill has not taken a position on whether it will do so. Tomkowiak Declaration ("Decl.") ¶ 4. However, counsel has confirmed that all Custodial Files were deleted, and McGraw Hill has not proffered any replacement Custodial Files from other repositories. Dkt. 289-3 at 14.

Google requested that McGraw Hill add these custodians because McGraw Hill's existing document production confirmed their relevance:

LATHAM&WATKINS LLP

- **Johns (Director, Digital Marketing)**:[1] As director of digital marketing, *see* Decl. Ex. A at PL0000544917, Johns coordinated McGraw Hill's product pages on Google Shopping, *see* Decl. Ex. G at PL0000795071-72. She analyzed McGraw Hill's performance and competition on Google Shopping both independently, *see* Decl. Ex. D, and with the aid of regular reports from an external digital-marketing agency, *see* Decl. Ex. E. She also shared information on piracy-related trends linking them to Google's ebook ban. *See* Decl. Ex. A at PL0000544916-17.

- **Koons (Manager, Paid Programs)**: Koons was a manager of "Paid Programs" in McGraw Hill's Web/eCommerce Center. *See* Decl. Ex. B at PL0000544918.0003. In that role, he led internal discussion regarding McGraw Hill's product pages on Google Shopping, *see* Decl. Ex. G at PL0000795074; analyzed McGraw Hill's performance on Google Shopping and other platforms, which he reported directly to McGraw Hill's Senior Vice President of Global Customer Experience, *see* Decl. Ex. I; and analyzed the effect of Google's ebook paid Shopping ads ban on McGraw Hill's revenue, *see* Decl. Ex. B. And, like Johns, he received weekly reports regarding online textbook sales. *See* Decl. Ex. E.

Plaintiffs' counsel began sending relevant infringement notices to Google on June 11, 2021. First Am. Compl. ("FAC") ¶ 99, Dkt. 38. While Plaintiffs' counsel has refused to say when Plaintiffs, or McGraw Hill in particular, first anticipated litigation against Google, Plaintiffs (including McGraw Hill) have asserted attorney work product over documents created as early as *March 2022* "prepared in anticipation of this litigation." Dkt. 275-2 at 3. Consistent with that assertion, McGraw Hill's in-house counsel has testified that, though Plaintiffs did not file this suit "until June 5, 2024, litigation against Google was being considered before that." Dkt. 309 ¶ 10.

## Argument

To determine whether Rule 37(e)(1) sanctions are appropriate, the Court should consider (1) McGraw Hill's "fail[ure] to take reasonable steps to preserve [the Custodial Files] that should have been preserved in the anticipation of litigation" and (2) Google's "prejudice . . . from the loss of the [Custodial Files.]" *Perez v. Molina*, 2025 WL 605478, at *4 (S.D.N.Y. Feb. 25, 2025) (internal quotation marks omitted). The Court retains "discretion to determine how to best assess prejudice." *Karsch v. Blink Health Ltd.*, 2019 WL 2708125, at *20 (S.D.N.Y. June 20, 2019) (citation omitted).

***Plaintiff Was Obligated by Early 2022 to Preserve Custodial Files***. "The duty to preserve attaches at the time that litigation is reasonably anticipated." *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 289 (S.D.N.Y. 2009) (citation omitted). Once the preservation obligation arises, a party must cease any "routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003).

McGraw Hill anticipated litigation against Google by at least March 2022. *Supra* at 2. It should have ceased any routine document destruction policies for departing employees with

---

[1] Johns appears on nine documents of the 269 custodial documents McGraw Hill has produced, Koons on five.

2

potentially relevant materials by that time, or otherwise preserved the Custodial Files. Not to mention, by then, McGraw Hill had been engaged in a years-long litigation effort against counterfeit booksellers who improperly sold its wares on multiple online marketplaces. *See, e.g.*, *Bedford, Freeman & Worth Publ'g Grp., LLC v. Does 1-30*, 19-cv-10524 (S.D.N.Y. Nov. 13, 2019); *Elsevier Inc. v. 7yec.com*, 20-cv-8438 (S.D.N.Y. Nov. 2, 2020). And McGraw Hill had sued Shopify in December 2021 alleging claims similar to those against Google here. *Bedford, Freeman & Worth Publ'g Grp., LLC v. Shopify Inc.*, 21-cv-1340 (E.D. Va. Dec. 1, 2021). McGraw Hill should have known that the Custodial Files "may be relevant to future litigation," including against Google. *ELG Utica Alloys, Inc. v. Niagara Mohawk Power Corp.*, 144 F.4th 360, 375 (2d Cir. 2025) (citation omitted).

**Google Has Suffered Prejudice**. A "party seeking spoliation sanctions need not prove the precise content of the missing files." *Perez*, 2025 WL 605478, at *5. "It is sufficient if the existing evidence plausibly 'suggests' that the spoliated ESI could support the moving party's case." *Karsch*, 2019 WL 2708125, at *21 (collecting cases). Plaintiffs have put at issue (1) general piracy of electronic textbooks, *see, e.g.*, FAC ¶¶ 1-4; (2) Google's Shopping ads practices, *e.g.*, *id.* ¶¶ 37-44, 86-88; (3) alleged customer diversions to pirate sites, *e.g.*, *id.* ¶ 47; (4) Google's ebook ban and other efforts to curb counterfeit activity, *see, e.g.*, *id.* ¶ 68; (5) Plaintiffs' own efforts to curb counterfeit activity, *e.g.*, *id.* ¶ 114; (6) Plaintiffs' engagement with Google to curb the sale of counterfeit works on Google Shopping, *e.g.*, *id.* ¶ 115; (7) Plaintiffs' efforts to market on Google Shopping, *e.g.*, *id.* ¶ 47; (8) alleged harm from Google's ebook ban, *e.g.*, *id.* ¶ 66; and (9) damages causation relating to alleged customer-diverting Shopping ads, *e.g.*, *id.* ¶ 81.

Here, the existing evidence more than "plausibly suggests" that the destroyed Custodial Files could support Google's ability to rebuff McGraw Hill's causation and damages theories, as well as Google's ability to present its equitable, willfulness, causation, and mitigation defenses. *See, e.g.*, *Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 377, 387-88 (S.D.N.Y. 2025) (finding prejudice where it was "more than plausible that [the deleted ESI] would have supported [party's] defenses"); *Europe v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 177-78 (S.D.N.Y. 2022) (similar). McGraw Hill's custodians worked directly on topics relating to Plaintiffs' claims here: Plaintiffs do not contest that Johns and Koons "were actively involved [in] Plaintiffs' digital marketing and advertising spend," "with Ms. Johns in a supervisory role and Mr. Koons implementing strategy." Dkt. 289-3 at 12. Johns oversaw McGraw Hill's marketing on Google Shopping, start to finish, from coordinating the launch of McGraw Hill's product pages, to analyzing their performance and competition weekly, to monitoring high-level trends like the effects of Google's ebook ban. *Supra* at 2. Koons also played an integral role in Google-related marketing at McGraw Hill, analyzing McGraw Hill's performance on Google Shopping and reporting directly to McGraw Hill's Senior Vice President of Global Customer Experience. *See id.* Johns's and Koons's communications regarding product-page launches would reveal how McGraw Hill considered marketing in light of piracy during periods pivotal to this dispute, prime evidence concerning liability. Likewise, these custodians' routine, independent analyses of McGraw Hill's marketing on Google Shopping would squarely inform Google's ability to rebut Plaintiffs' claimed harm.

McGraw Hill's current custodial productions—only 269 documents, Dkt. 287 at 2—cannot cure the prejudice. The vast majority of these custodial documents come from ▮▮▮▮▮▮▮

a senior director of anti-piracy and web security. *See id.* Of the remaining 64 produced documents, a third come from Koons's likely successor, Bryan Howland, who did not start at the company until January 2023 and thus did not overlap with either Johns or Koons. *See id.* And McGraw Hill's last custodian, Nick McFadden—from whose files McGraw Hill produced a mere 42 documents—had a different role than Koons. *See id.* Though McFadden held the same position as Johns (underscoring her relevancy), there is no evidence that their day-to-day activities substantially overlapped, and the documents confirm that Johns engaged in projects relevant here without including McFadden until sharing her finished analysis with him. *See* Decl. Ex. A at PL0000544914-17. Moreover, to the extent Koons and Johns communicated without including McFadden, those documents are lost.

In sum, finding spoliation is appropriate here. The Custodial Files were "material" to the issues in this case. *Supra* at 3. McGraw Hill—despite being a sophisticated company routinely and *actively* involved in anti-piracy litigation—deleted the Custodial Files "in ordinary course," rather than suspending its normal retention policies (whatever those may be) for departing employees with potentially relevant materials, or otherwise preserving the Custodial Files (for example, McGraw Hill could have made a copy of such data). *Supra* at 1-3. And it did so after its duty to preserve had arisen. *Supra* at 2-3. Moreover, McGraw Hill's only explanation for deletion—that the Custodial Files would not contain "non-duplicative, responsive documents relevant to this case"—makes no sense given that Johns and Koons worked in the highly-relevant marketing department, appear on responsive documents, and those same documents indicate they likely possessed other relevant documents. *Supra* at 1-2. McGraw Hill was obligated to preserve "all" (not some) "relevant documents," *see Zubulake*, 220 F.R.D. at 218, and it did not do that.

***The Court Should Order Appropriate Remedies***. Because McGraw Hill failed to satisfy its obligation to preserve the Custodial Files, and the deletion of those files has prejudiced Google, the Court should impose sanctions under Rule 37(e)(1). At minimum, the Court should order the following relief: (1) compel McGraw Hill to add project manager Nick Terzian as a custodian;[2] (2) allow Google to tell the jury that McGraw Hill deleted the Custodial Files; (3) preclude McGraw Hill from claiming that Google lacks evidence related to causation and damages where that proof may have been deleted with the Custodial Files; (4) compel McGraw Hill to produce (a) its document retention policies for ESI and/or departing employees, and (b) a list of all employees involved in online marketing and anti-piracy, and their roles, who left McGraw Hill's employment since 2022, and whose files McGraw Hill did not preserve, so that Google and the Court may assess the full extent of the spoliation; and (5) award Google attorneys' fees.[3]

---

[2] Google has separately requested the Court order the addition of Terzian as a custodian. *See* Dkt. 287 at 5. While Terzian's materials are no replacement for the Custodial Files, Google submits an "appropriate cure to [the] prejudice" from McGraw Hill's spoliation would be to add Terzian as a custodian. *Gov't Emps. Health Ass'n v. Actelion Pharms. Ltd.*, 343 F.R.D. 474, 486 (D. Md. 2023) (approving of parties' decision to add multiple custodians to mitigate prejudice and ordering additional remedies, including fees). Terzian worked with Johns on issues relating to Google Shopping ads. *See* Decl. Ex. D. And like Koons, Terzian was involved in discussions regarding Google's ebook ban. *See* Dkt. 289 ¶ 50. Importantly, the Court and the parties already know that Terzian has ▮▮▮▮ unique, unproduced documents, *id.* ¶ 48, the most readily identifiable materials that may overlap with the Custodial Files.

[3] If the Court finds an award of reasonable fees appropriate, Google requests three business days to submit records.


**LATHAM & WATKINS** LLP

<div style="text-align: center">*  *  *</div>

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF and e-mail)