Sarah A. Tomkowiak
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

February 27, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
      Letter Motion for Pre-Motion Discovery Conference

Dear Judge Moses:

Plaintiff McGraw Hill has improperly clawed back two documents that have been on the docket for months. Through its conduct, McGraw Hill has waived any protection that may have once attached to these documents and Google respectfully asks the Court to order their reproduction.

***Background.*** In November 2025, Google filed a letter motion ("Letter Motion") challenging Plaintiffs' assertions of attorney-client privilege and work product (collectively, "privilege") relating to their engagement of BCGuardian LLC ("BCGuardian"), Plaintiffs' third party IP-monitoring vendor. *See* Dkt. 273. In connection with its reply in support of the Letter Motion (the "Reply"), filed on November 26, 2025, Google attached excerpts of two spreadsheets prepared by BCGuardian and produced by McGraw Hill on August 15, 2025, PL0000795154 and PL0000795155, as well as their parent email. *See* Dkts. 337, 338 ¶ 18, 338-1. The parent document is an email from ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and bears the subject line "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" Dkt. 338 ¶ 18. The email attaches two spreadsheets (PL0000795154 and PL0000795155) titled "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" and "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" which "▇▇▇▇▇▇▇▇▇▇▇▇▇▇" *Id.* McGraw Hill seeks to claw back those spreadsheets (the "Clawback Documents").

Pursuant to the Court's Individual Practices, Google notified McGraw Hill on November 24, 2025 that Google intended to reference and attach the Clawback Documents to its Reply. Ferrigno Decl. ¶ 3 ("Decl."). Google identified the Clawback Documents by Bates number and requested that the Parties "meet and confer…to discuss sealing portions of these filings." *Id.* The Parties met and conferred on November 25, 2025. *Id.* ¶ 4. McGraw Hill did not object to

LATHAM&WATKINS LLP

Google filing the Clawback Documents and instructed Google to file the Clawback Documents under seal. *Id.* Based on those instructions, Google filed excerpts of those documents under seal on November 26, 2025. *See* Dkts. 338 ¶ 18, 338-1. The attorney declaration supporting Google's Reply referenced the title of the Clawback Documents, their Bates numbers, a description of their parent email and explained that the Clawback Documents had "similar file names" to documents withheld on Plaintiffs' privilege log. Dkt. 338 ¶ 18. Google served the Reply papers filed under seal on McGraw Hill that same day. Dkt. 349.

McGraw Hill and Google discussed the Clawback Documents at the December 15, 2025 hearing on Google's Letter Motion. Google explained that Plaintiffs, including McGraw Hill, were withholding documents they had previously "provided or produced" to Google "either before the litigation or as part of their discovery productions." Dkt. 569 at 111:22-112:1. Google's counsel specifically cited the Clawback Documents as "another example" of McGraw Hill's improper privilege claims, explaining McGraw Hill had "withheld a document called '██████████████████████████████████████████████' and that Google '██████████████████████████████████████████████████████████████████████████'" *Id.* at 112:2-6, 112:17-22. Google's counsel recounted that Google identified the Clawback Documents to McGraw Hill's counsel for sealing purposes and "[o]pposing counsel didn't claim that [they were] privileged." *Id.* at 113:14-15. Google submitted that "to the extent these are the same documents…privilege has clearly been waived." *Id.* at 113:15-17. The Court agreed, stating that any privilege was waived if "it's the exact same document" and that it was willing to enter an order to that effect. *Id.* at 113:18-114:2. McGraw Hill's counsel did not object that the Clawback Documents were attorney-client privileged or work product. Instead, McGraw Hill's counsel referenced the Clawback Documents and related "████████████████████" as evidence that Plaintiffs' ████████████████████████████████████████████ were "not relevant to this case" because they "touche[d] a number of different legal matters." *Id.* at 124:10-16.[1]

McGraw Hill next allowed Google to use the Clawback Documents in connection with its Objection to the Court's December 15, 2025 Order denying Google's Letter Motion. On December 23, 2025, Google notified McGraw Hill that it intended to file the December 15, 2025 hearing transcript and asked McGraw Hill to review the transcript for sealing purposes. Decl. ¶ 5-6. On December 29, 2025, counsel for McGraw Hill proposed redactions to the transcript, which included redacting the titles and description of the Clawback Documents, as well as the statements from Google's counsel pointing out that ████████████████████████████████████████████████████████████████ Dkt. 569 at 112:17-22. McGraw Hill again did not contend

---

[1] By including these documents on its privilege log, McGraw Hill has conceded responsiveness. And any suggestion that they are not relevant is unfounded: the documents are described as ████████████████████████████████████████ were prepared as part of BCGuardian's "████████ ████████████████████" and were used by McGraw Hill to "████████████████████████ Dkt. 338-1. The documents are also relevant to determining when McGraw Hill ████████ ████████████████████████████████████████████████████████████████████████████ Dkt. 273 at 5 n.2 (explaining McGraw Hill's "efforts to enforce their purported copyrights and monitor for infringement are probative of their alleged damages and of Google's unclean-hands and mitigation defenses").

**LATHAM & WATKINS** LLP

that the Clawback Documents were attorney-client privileged or work product. As a result, Google's December 29, 2025 Objection currently pending before Judge Rochon cites the Clawback Documents, noting that those documents "also appear to be on Plaintiffs' Fifth Log." Dkt. 484 at 23.

On January 8, 2026, six weeks after Google first identified the Clawback Documents to McGraw Hill, McGraw Hill served a clawback notice pursuant to the Protective Order at Dkt. 82 ¶ 26. That notice informed Google that "the documents produced at PL0000795159, PL0000795154, PL0000795155 resulted in the disclosure of documents protected by the work product doctrine,"[2] and demanded that Google "promptly destroy all copies, ensure that Google or anyone else who may have copies under the Protective Order does the same, and confirm when this has been done." Decl. ¶ 8. Incredibly, four days later, on January 12, 2026, Plaintiffs, including McGraw Hill, again used the December 15 discussion about the Clawback Documents to support their attorney-client privilege and work product claims by citing a portion of the December 15 transcript about the Clawback Documents. Dkt. 507 at 23 n.14. Specifically, Plaintiffs referred the Court to the portion of the transcript discussing the Clawback Documents to argue that Google had "cherry-pick[ed] words and phrases" from Plaintiffs' documents, including the description of the Clawback Documents as a "████████" *Id.* (citing Dkt. 569 at 114:17-25); Dkt. 569 at 114:8-16.

Excerpts and descriptions of the Clawback Documents remain on the docket, and are part of the record. *See* Dkts. 338 ¶ 18, 338-1. McGraw Hill has made no effort to remove those documents from the record. Nevertheless, McGraw Hill maintains that clawing back the Clawback Documents is appropriate. Decl. ¶¶ 8-11. In accordance with the Protective Order, Google now challenges McGraw Hill's clawbacks as improper. Dkt. 82 ¶ 26.

***McGraw Hill Waived Any Work Product Protection by Using the Clawback Documents.*** McGraw Hill waived any work product protection by affirmatively using and referencing the Clawback Documents. Even where, as here, a protective order "prevent[s] waiver due to a producing party's disclosure of privileged information," a party's use of a document may "waive any applicable privilege" or protection that once attached to that document. *Virgil v. Finn*, 2025 WL 694450, at *4 (S.D.N.Y. Mar. 3, 2025) (citation omitted). McGraw Hill's use of the Clawback Documents waived McGraw Hill's work product protection claims in two ways.

*First*, McGraw Hill waived privilege by using the Clawback Documents to support its arguments that McGraw Hill, and the other Plaintiffs, properly withheld materials BCGuardian prepared. For instance, instead of objecting to Google's use of the Clawback Documents at the December 15 hearing, McGraw Hill affirmatively referenced Google's statements about those documents, including the related "████████" to argue that the withheld materials BCGuardian prepared that were the subject of Google's Letter Motion "are not relevant to this case." Dkt. 569 at 124:10-12; *see also id.* at 114:3-16, 124:10-16; Dkt. 338-1. Where a party uses documents to advance its argument, it may not subsequently claw back the same documents. For example, in *Bama Cos. v. Stahlbush Island Farms, Inc.*, a party sought to claw back attorney-client

---

[2] McGraw Hill did not assert attorney-client privilege over the Clawback Documents.

**LATHAM&WATKINS**LLP

privileged documents after the documents were used to support arguments made by the parties' expert. 2019 WL 3890922, at *2 (N.D. Okla. Aug. 19, 2019). The court concluded that the expert's consideration of the documents was use and "[o]nce used in this manner…privilege was waived." *Id.* So too here, once McGraw Hill used the Clawback Documents to support its own arguments, any privilege that may have attached was waived. More recently, Plaintiffs, including McGraw Hill, cited a section of the December 15 transcript relating to the Clawback Documents in support of their Opposition to Google's Objection. *See* Dkt. 507 at 23 & n.14 (citing Dkt. 569 at 114:17-25); *see also* Dkt. 569 at 113:12-114:25. By "specifically allud[ing]" to the discussion of the Clawback Documents to support their Opposition, Plaintiffs used the Clawback Documents, thereby waiving any protection. *Virgil*, 2025 WL 694450, at *4.

*Second*, McGraw Hill waived any claim of work product protection by allowing Google to file the Clawback Documents and reference them in multiple briefs and at the December 15 hearing. For example, in *Certain Underwriters at Lloyd's, London v. National Railroad Passenger Corp.*, a party sought to claw back documents that the opposing party used in a deposition without objection from the producing party. 218 F. Supp. 3d 197, 202 (E.D.N.Y. 2016). As here, the parties had a protective order that prevented waiver by disclosure. *Id.* However, the court found the party had nevertheless waived attorney-client privilege and work product protection over the documents because the party "fail[ed] to seek to preclude [the documents'] introduction and use at [a] deposition." *Id.* And by "permit[ing] questioning about the document to proceed," the party had waived any attorney-client privilege or protection that may have attached. *Id.* Likewise, in *United States v. Wells Fargo Bank, N.A.*, the government sought to claw back two documents used during depositions. 2015 WL 5051679, at *1, *4 (S.D.N.Y. Aug. 26, 2015). Although the parties' protective order prevented waiver by disclosure, the court found that because the documents were used in a deposition, the "non-waiver provision [did] not apply," and the party's "failure to object" to the documents' use "plainly constituted a waiver." *Id.* The same is true here. McGraw Hill had multiple opportunities to object, including when (1) Google filed the documents in connection with Google's Reply noting the documents had similar names to those on Plaintiffs' privilege log, (2) at the December 15 hearing where Google's counsel stated on the record that the documents ████████████████████████████████████████████████ and (3) after Google filed its Objection citing the documents and the discussion from the December 15 hearing. *See supra* at 2-3. And although the Clawback Documents have been part of the record for months, McGraw Hill has made zero effort to remove the Clawback Documents from the docket, further evidencing waiver. *See Sure Fit Home Prods., LLC v. Maytex Mills Inc.*, 2022 WL 1597000, at *2-3 (S.D.N.Y. May 20, 2022) (finding producing party's failure to "tak[e] any action" despite "adversary's use of the documents…as an exhibit in support of a [motion]" resulted in waiver of privilege); *see also Virgil*, 2025 WL 694450, at *4 (opponent's filing of privileged documents with summary judgment motion without objection from producing party supported finding that producing party waived privilege).

As McGraw Hill affirmatively used the documents and failed to promptly raise any objection to their use, McGraw Hill has waived any privilege that may have attached. Thus, the Court should order that McGraw Hill reproduce the documents.

LATHAM&WATKINS LLP

                                                Respectfully submitted,

                                                */s/ Sarah A. Tomkowiak*
                                                Sarah A. Tomkowiak (*pro hac vice*)
                                                of LATHAM & WATKINS LLP

cc:      All Counsel of Record (via ECF and e-mail)