# EXHIBIT 1
# [Redacted Version of Document Filed Under Seal]

# Clarke, Caroline (NY)

| | |
|---|---|
| **From:** | Clarke, Caroline (NY) |
| **Sent:** | Tuesday, February 24, 2026 11:53 AM |
| **To:** | 'Uriel Lee'; Bladow, Laura (DC); Borgert, Roberto (DC); Sampoli, Sara (DC); Damle, Sy (DC-NY); Tomkowiak, Sarah (DC); Victorson, Holly (DC); Boardman, Wilson (DC); Ferrigno, Jennifer (DC) |
| **Cc:** | Lauren Bergelson; Yunyi Chen; Jeff Kane; Michele Murphy; Danae Tinelli |
| **Subject:** | RE: Cengage v. Google - Deposition Notice |

Counsel,

We are fine with these redactions, including the two noted below from our M&C yesterday. Please do file these documents under seal if you include them as exhibits.

Thanks,

Caroline

**Caroline Clarke**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.332.240.1457

---

**From:** Uriel Lee <ULee@oandzlaw.com>
**Sent:** Monday, February 23, 2026 10:59 PM
**To:** Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Borgert, Roberto (DC) <Roberto.Borgert@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Boardman, Wilson (DC) <Wilson.Boardman@lw.com>; Ferrigno, Jennifer (DC) <Jennifer.Ferrigno@lw.com>
**Cc:** Lauren Bergelson <LBergelson@oandzlaw.com>; Yunyi Chen <YChen@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>
**Subject:** Re: Cengage v. Google - Deposition Notice

Counsel,

As discussed during our meet-and-confer today regarding sealing for Plaintiffs' letter motion, please see below for the additional documents that Plaintiffs plan to redact in our letter motion (and seal if they are included as exhibits). Please let us know if you agree with these redactions or if you will require an additional meet-and-confer. We are generally available anytime tomorrow.

- We will redact any mentions of "[REDACTED]" or "[REDACTED]"
- GOOG-CENG-00434790, at -4801
    - "[REDACTED]"
- GOOG-CENG-00418050
    - "[REDACTED]"
    - "[REDACTED]"

- GOOG-CENG-00600119
  - "[redacted]"
- GOOG-CENG-00477908
  - "[redacted]"
  - "[redacted]"
  - "[redacted]"
  - "[redacted]"
  - "[redacted]"
  - "[redacted]"
- GOOG-CENG-00418873
  - "[redacted]"

In addition, to confirm from our conferral today, we will redact only the highlighted portions of the below documents, but will seal the documents to the extent we will add these documents as exhibits:

- GOOG-CENG-00475826:
  - "If it is, since ebooks are disallowed on Shopping Ads, [redacted]"
- GOOG-CENG-00474140
  - in a chat titled "eBooks exit chat room", Google FTEs ask [redacted] Is it possible to do an account-level analysis of merchants who are engaging in the type of behavior we're trying to stop vs. 'good' actors? PR is hoping to use the data."

Regards,
Uriel

---

**From:** Caroline.Clarke@lw.com <Caroline.Clarke@lw.com>
**Date:** Friday, February 20, 2026 at 6:23 PM
**To:** Uriel Lee <ULee@oandzlaw.com>, Laura Bladow <Laura.Bladow@lw.com>, Roberto Borgert <Roberto.Borgert@lw.com>, Sara Sampoli <Sara.Sampoli@lw.com>, Sy Damle <Sy.Damle@lw.com>, Sarah Tomkowiak <Sarah.Tomkowiak@lw.com>, Holly Victorson <Holly.Victorson@lw.com>, Wilson.Boardman@lw.com <Wilson.Boardman@lw.com>
**Cc:** Lauren Bergelson <LBergelson@oandzlaw.com>, Yunyi Chen <YChen@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Danae Tinelli

<Danae@oandzlaw.com>
**Subject:** RE: Cengage v. Google - Deposition Notice

Counsel,

We are available on Monday at 5pm. Please send the invite to me and Wilson Boardman (copied).

Thanks,

Caroline

**Caroline Clarke**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.332.240.1457

---

**From:** Uriel Lee <ULee@oandzlaw.com>
**Sent:** Thursday, February 19, 2026 11:47 AM
**To:** Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Borgert, Roberto (DC) <Roberto.Borgert@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>
**Cc:** Lauren Bergelson <LBergelson@oandzlaw.com>; Yunyi Chen <YChen@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>
**Subject:** Re: Cengage v. Google - Deposition Notice

==*This message contains information that Google has designated Highly Confidential, Attorneys'-Eyes-Only, pursuant to a Protective Order==*

Counsel,

Plaintiffs' motion to compel regarding Google's production gaps/deficiencies and ▮▮▮▮▮▮▮ contains the following information that Google has designated as AEO. We are available to meet and confer during the below times:

- Monday, February 23: 10:00-11:30; after 1PM

Below are the documents and information we are planning to redact:
- ▮▮▮▮▮▮▮▮
- ▮▮▮▮▮▮▮▮▮▮
- GOOG-CENG-00462654
    - "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"
- GOOG-CENG-00475826 (we will redact the underlined portion below):
    - "If it is, since ebooks are disallowed on Shopping Ads, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"
- GOOG-CENG-00474140

3



- o in a chat titled "eBooks exit chat room", Google FTEs ask ▮▮▮▮▮▮ Is it possible to do an account-level analysis of merchants who are engaging in the type of behavior we're trying to stop vs. 'good' actors? PR is hoping to use the data."
- GOOG-CENG-00462654
  - o "▮▮▮▮▮▮"
- GOOG-CENG-00462654
  - o "▮▮▮▮▮▮"
- GOOG-CENG-00468131
  - o "▮▮▮▮▮▮"
- GOOG-CENG-00478812
  - o "▮▮▮▮▮▮"
- GOOG-CENG-00466814
  - o "▮▮▮▮▮▮"
- GOOG-CENG-00604236
  - o ▮▮▮▮ as the "▮▮▮▮" from the "▮▮▮▮▮▮" team and "▮▮▮▮▮▮"



We are also planning to redact the highlighted portions of the search terms below:
(exception* OR ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ w/10 (suspen* OR remov* OR escalat* OR (manifest* w/5 unfound*) OR DMCA OR "Digital Millenium Copyright Act" OR (notice* AND copyright)) AND shopping

(ebook* OR e-book* OR "digital book" OR "digital books" OR (digital* w/3 book*) OR textbook* OR "text book*" OR etextbook OR "e-textbook") AND (shopping OR pirate* OR piracy OR infring* OR DMCA OR takedown OR remov* OR escal* OR cluster OR overflag* OR underflag* OR "▮▮▮▮▮▮" OR "▮▮▮▮*")

(Cengage OR Macmillan OR Elsevier OR "McGraw Hill" OR Pearson OR "O+Z" OR "Oppenheim + Zebrak" OR (Oppenheim PRE/2 Zebrak) OR "Association of American Publishers" OR AAP OR publisher*) AND ("allow list" OR allowlist* OR "white list*" OR whitelist* OR ban OR ebook OR "e-book" OR "digital book" OR exit)

Below are the documents and information we are not planning to redact:
- GOOG-CENG-00474866, at -4901
  - o "eBook category exit"
  - o "accomplishment"
  - o "design and/or implementation of several initiatives for Shopping Ads"
- GOOG-CENG-00604236
  - o "For Engineering: Who will work with the American Association of Publishers to make a list of official publishers to include in the white list? Who will maintain that list?".

Regards,
Uriel

**From:** Caroline.Clarke@lw.com <Caroline.Clarke@lw.com>
**Date:** Friday, February 13, 2026 at 2:36 PM
**To:** Uriel Lee <ULee@oandzlaw.com>, Laura Bladow <Laura.Bladow@lw.com>, Roberto Borgert <Roberto.Borgert@lw.com>, Sara Sampoli <Sara.Sampoli@lw.com>, Sy Damle <Sy.Damle@lw.com>, Sarah Tomkowiak <Sarah.Tomkowiak@lw.com>, Holly Victorson <Holly.Victorson@lw.com>
**Cc:** Lauren Bergelson <LBergelson@oandzlaw.com>, Yunyi Chen <YChen@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>
**Subject:** RE: Cengage v. Google - Deposition Notice

*This message contains information that Google has designated Highly Confidential, Attorneys'-Eyes-Only, pursuant to a Protective Order*

Counsel,

You have made several misrepresentations in your summary of the parties' February 4 conferral, and are purposefully misunderstanding several statements that Google made during that call (and in my February 2 email). Above all, though, you have done **nothing** to address the untimeliness of this request, and in fact acknowledge in your February 6 email that Plaintiffs have long known about Mr. ▓▓▓▓ and his role at Google. For the reasons stated in my February 2 email and during our conferral, Plaintiffs cannot belatedly demand that Google run additional searches over *another* individual, particularly when Google is attempting to complete document discovery and move to depositions, as explicitly instructed by the Court. Further, making these demands several months late, after the parties have already negotiated on other custodians or searches that Google would run, and after the Court has already ordered further discovery, is inappropriate gamesmanship. This latest request is clearly intended to harass Google, in violation of Rule 26, and Google reserves the right to seek fees and costs should Plaintiffs move on this issue.

As you well know, Mr. ▓▓▓▓'s role overlaps with several existing custodians. And, as we stated several times during the conferral, any attempt by Plaintiffs to imply that existing custodians (like Ms. ▓▓ and Mr. ▓▓▓▓) are insufficient because they "deleted" emails is completely unfounded. As we stated, the single document that Plaintiffs flagged for Google was not in the custodial files of Ms. ▓▓ and Mr. ▓▓▓▓ because it was sent over two years prior to the commencement of this litigation, and therefore there was no obligation to preserve this document pursuant to Google's document retention policy. Your feigned confusion about this is clearly disingenuous, and there is no connection between that discussion about a single document and this dispute regarding Mr. ▓▓▓▓.

Further, as stated in my February 2 email, several of the documents you cited in your January 27 email that purportedly "made more clear" Mr. ▓▓▓▓'s involvement were produced *in August*, and the parties have conferred about Mr. ▓▓▓▓ and his role since that date. You have not addressed this fact. Nor have you addressed the fact that Google produced dozens of other documents including Mr. ▓▓▓▓ in its August productions. Still, none of these documents support adding any additional search terms from Mr. ▓▓▓▓ – Plaintiffs have hundreds of documents on the topics of the ebook exit/ban and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and you still have not identified any reason that you believe Mr. ▓▓▓▓ would possess unique documents. Additionally, your claim in your January 27 email that Plaintiffs recently discovered engineers' "critical role" is disingenuous (as explained in my February 2 email). We also previously discussed the unique issues associated with collecting from custodial files in connection with the parties' dispute over adding another engineer, Mr. ▓▓▓▓. And Google has already produced documents from targeted searches of Mr. ▓▓▓▓'s files. Therefore, aside from the significant timeliness concerns, Plaintiffs have not justified their request for any searches over Mr. ▓▓▓▓'s custodial files, particularly *not* the immensely broad search terms proposed in your January 27 email (which, again, Plaintiffs have not addressed).

Finally, as you are already aware, Google did not incorrectly run two search terms, but in any event, that has nothing to do with whether Google should be required to run overly broad searches over Mr. ▓▓▓▓'s documents.

Thanks,

Caroline

**Caroline Clarke**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.332.240.1457

---

**From:** Uriel Lee <ULee@oandzlaw.com>
**Sent:** Friday, February 6, 2026 10:51 PM
**To:** Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Bladow, Laura (DC) <Laura.Bladow@lw.com>; Borgert, Roberto (DC) <Roberto.Borgert@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>
**Cc:** Lauren Bergelson <LBergelson@oandzlaw.com>; Yunyi Chen <YChen@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>
**Subject:** Re: Cengage v. Google - Deposition Notice

*This message contains information that Google has designated Highly Confidential, Attorneys'-Eyes-Only, pursuant to a Protective Order*

Counsel,

We write to follow up on our February 4th meet-and-confer on Mr. ▅▅▅▅▅.

It is our understanding that Google will not search for or collect any documents for Mr. Lukichev, nor has Google run Plaintiffs' two proposed search terms. We understand the parties to be at an impasse regarding Mr. ▅▅▅▅▅ and will seek relief with the Court.

We explained during the meet-and-confer that Mr. ▅▅▅▅'s documents are not duplicative of any existing custodians' documents, specifically including ▅▅▅▅▅, ▅▅▅▅▅, and ▅▅▅▅▅. We noted that not only are Mr. ▅▅▅▅ and Mr. ▅▅▅▅ former Google employees, but Google has only produced ▅ documents from Mr. ▅▅▅▅ Mr. ▅▅▅▅'s documents also cannot be duplicative of ▅▅▅▅▅'s, especially because she has either been "deleting" her emails or that, as you described, several of her documents are just simply nonexistent in any Google system or database.

While you also explained that engineers worked in collaboration with existing custodians like ▅▅▅▅ ▅▅▅▅▅▅, and Jake Erlick, we inquired if *Mr.* ▅▅▅▅▅ specifically worked with these custodians. The documents you cited to in your February 2nd email (GOOG-CENG-00410352 and GOOG-CENG-00405333) did not show any involvement or mention of Mr. ▅▅▅▅▅. Please clarify Mr. ▅▅▅▅▅'s involvement with these custodians and the initiatives and processes mentioned in the two documents you cited to. To the extent that additional engineers worked with custodians like ▅▅▅▅▅, ▅ ▅▅▅▅, and Jake Erlick to implement Google's copyright DMCA policies, it is Plaintiffs' position that these engineers are relevant and must be disclosed.

We further clarified that Plaintiffs never represented that we were not aware of Mr. ▅▅▅▅ before Google's recent production. As we stated in my January 27th email, Mr. ▅▅▅▅▅'s role and the extent of

his involvement of the ebook exit and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ were made more clear to us after Google's December 2025 and January 2026 productions – especially as Google produced hundreds of documents regarding the ▓▓▓▓▓▓▓▓▓▓▓▓ team that Mr. ▓▓▓▓▓ was involved in. We also note that Google itself represented to the Court that Mr. ▓▓▓▓▓ "supported work done by Google engineers to address technical issues while implementing the ban" (Dkt. 475 at 2), which further highlights the importance and unique role of engineers that cannot be captured by existing custodians.

Lastly, we emphasized during the meet-and-confer that additional custodians like Mr. ▓▓▓▓▓ are needed especially in light of the fact that Google produced hundreds of documents that should have been produced by the August 15th deadline, Google had twice ran incorrect search terms throughout discovery, and that several custodians (i.e., ▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓) did not have certain documents that Google had agreed to produce per the parties' agreements back in 2024 or pursuant to several of the Court's orders.

Regards,
Uriel

---

**From:** Caroline.Clarke@lw.com <Caroline.Clarke@lw.com>
**Date:** Monday, February 2, 2026 at 5:23 PM
**To:** Uriel Lee <ULee@oandzlaw.com>, Laura Bladow <Laura.Bladow@lw.com>, Roberto Borgert <Roberto.Borgert@lw.com>, Sara Sampoli <Sara.Sampoli@lw.com>, Sy Damle <Sy.Damle@lw.com>, Sarah Tomkowiak <Sarah.Tomkowiak@lw.com>, Holly Victorson <Holly.Victorson@lw.com>
**Cc:** Lauren Bergelson <LBergelson@oandzlaw.com>, Yunyi Chen <YChen@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>
**Subject:** RE: Cengage v. Google - Deposition Notice

==*This message contains information that Google has designated Highly Confidential, Attorneys'-Eyes-Only, pursuant to a Protective Order*==

Counsel,

We acknowledge receipt of the deposition notice for Mr. ▓▓▓▓▓. We will determine whether the noticed date will work for him and counsel and respond separately.

Regarding Plaintiffs' request that Google run searches over Mr. ▓▓▓▓▓'s documents, this request is untimely, unreasonable, and unfounded. Google has produced thousands of custodial documents from fifteen custodians and three aliases, and is in the process of running additional searches across the custodial files of ▓▓▓▓▓. Custodial document discovery closed on January 6, 2026, except for the narrow, targeted searches that Google has agreed to or was ordered to run. There is no excuse for Plaintiffs' request to run additional searches for yet another individual at this time, particularly when the Court has ordered that "the parties may not serve any further written discovery demands," Dkt. 539 ¶ 6, and specifically stated at the most recent hearing that Plaintiffs' motion at Dkt. 523 should be the "last motion in the current series at least until you start taking depositions." 1.20.2026 Hr'g Tr. 146:9-18.  Further, when the Court considered Plaintiffs' previous motion requesting that Google run targeted searches across a custodian (Mr. ▓▓▓), she specifically considered whether the motion was "made when it should have been made." *Id.* at 131:9-17. With respect to this request, the answer is no; this request was not made when it should have been. Google will not search for any documents in Mr. ▓▓▓▓▓'s custodial documents.

Plaintiffs have offered no legitimate reason for requesting that Google run searches over Mr. ▓▓▓▓▓'s documents, particularly at this late stage. Plaintiffs have not pointed to any document suggesting that Mr. ▓▓▓▓ possesses unique documents related to the ebook ban or any other issue related to this dispute. Indeed, the documents produced by Google (the majority of which were produced prior to the original August production deadline) show that he worked

7

closely with existing custodians ▮▮▮▮, ▮▮▮▮, and ▮▮▮▮. *See, e.g.* GOOG-CENG-00426568, GOOG-CENG-00425955, GOOG-CENG-00425968. Additionally, these documents and several others completely contradict Plaintiffs' claim that they were unaware of Mr. ▮▮▮▮'s role and "discovered" his involvement in the ebook exit upon reviewing Google's December productions. Google produced dozens of documents showing Mr. ▮▮▮▮'s role (which Google maintains was limited as it relates to issues in this case) by August, including:

- GOOG-CENG-00426568;
- GOOG-CENG-00425955;
- GOOG-CENG-00425968;
- GOOG-CENG-00412529;
- GOOG-CENG-00427079;
- GOOG-CENG-00416765;
- GOOG-CENG-00433910;
- GOOG-CENG-00426411;
- GOOG-CENG-00426583;
- GOOG-CENG-00433873.

Additionally, Google produced by August duplicates or near duplicates of *several* documents that Plaintiffs now cite to justify their belated request. For example, a duplicate of GOOG-CENG-00475826 was produced in early August at GOOG-CENG-00418700. Additionally, a substantially similar version of GOOG-CENG-00474204 (if not duplicative) was produced in mid-August at GOOG-CENG-00425972.

Plaintiffs also seem to suggest that they recently discovered that engineers play a "critical role monitoring issues and making strategic decisions on the Shopping platform." The document to which Plaintiff cites does not demonstrate that engineers play a "critical role" in a manner relevant to the issues in this case. And it is plainly apparent from several documents that Google produced prior to August 15 that engineers work in collaboration with other team members (including existing custodians ▮▮▮▮, ▮▮▮▮, and Jake Erlick) to implement changes on the Shopping platform. *See* GOOG-CENG-00410352, GOOG-CENG-00405333. Google has produced the documents of several custodians whose roles meaningfully overlap with Mr. ▮▮▮▮'s, and there is no excuse for Plaintiffs' belated request for more searches across *another* individual's documents at this time.

Further, even if Plaintiffs missed the dozens of documents discussing Mr. ▮▮▮▮ in Google's productions prior to August 15, Plaintiffs were clearly aware of Mr. ▮▮▮▮ and his role by October 16, 2025. Plaintiffs included his name, as well as a description of Plaintiffs' understanding of his role and relevance, as a potential individual for Google to consider related to Plaintiffs' "PDF" and "Ebook" filter requests. *See* 10.16.2025 Email from U. Lee. In response, Google agreed to run negotiated "PDF" and "Ebook" filter search terms across all existing custodians and *also* agreed to run terms across the files of one of the proposed additional custodians that Plaintiffs identified on October 16 (▮▮▮▮). *See* 10.29.2025 Email from C. Clarke. Before your January 27 email, Plaintiffs never requested that Google run any search terms over Mr. ▮▮▮▮'s custodial files or add him as a custodian.

Finally, even if Plaintiffs' request was justified and timely, the proposed search terms are incredibly broad, and indeed broader than the original terms agreed to by the parties for existing custodians.

In light of the above, we do not believe the parties need to confer on this request, but should you still wish to do so, we are available on Wednesday 2/4 from 11:30-1pm.

Thanks,

Caroline

**Caroline Clarke**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020

8

D: +1.332.240.1457

---

**From:** Uriel Lee <ULee@oandzlaw.com>
**Sent:** Tuesday, January 27, 2026 11:40 AM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Borgert, Roberto (DC) <Roberto.Borgert@lw.com>; Clarke, Caroline (NY) <Caroline.Clarke@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>
**Cc:** Lauren Bergelson <LBergelson@oandzlaw.com>; Yunyi Chen <YChen@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>
**Subject:** Cengage v. Google - Deposition Notice

*This message contains information that Google has designated Highly Confidential, Attorneys'-Eyes-Only, pursuant to a Protective Order*

Counsel,

Please see the attached for a notice of deposition for ▮▮▮▮▮▮▮▮▮▮▮▮.

Further, Plaintiffs request that Google run limited search-terms on ▮▮▮▮▮▮▮▮▮▮'s documents.

▮▮▮▮▮▮▮▮▮▮

Plaintiffs discovered for the first time in Google's December 23rd production that Mr. Lukichev led the "design and/or implementation of several initiatives for Shopping Ads" and listed "eBook category exit" as one of his "accomplishments". GOOG-CENG-00474866, at 4901.

It is apparent that Mr. ▮▮▮▮▮▮ was involved in the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ team as an engineer. Not only are there no custodians with an engineering role from this team, but Google's documents have further emphasized that engineers played a critical role for monitoring issues and making strategic decisions on the Shopping platform. *See* GOOG-CENG-00468131 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮").

Throughout Google's recently-produced documents, it has become clear that Mr. ▮▮▮▮▮▮ was one of the main (if not *the* main) go-to leads for many of the bugs, questions, issues, gaps, and monitoring of ebooks and enforcing the ebook ban on Shopping starting from 2021.

- GOOG-CENG-00462654 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮")
- GOOG-CENG-00475826 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮")
- GOOG-CENG-00459154 (in a chat between Jake Erlick and ▮▮▮▮▮▮, they reveal Mr. ▮▮▮▮▮▮ as the point person who would know answers to questions like "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮")
- GOOG-CENG-00474204 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████
████████ )
- GOOG-CENG-00474140 (in a chat titled "eBooks exit chat room", Google FTEs ask "████████ ████████ Is it possible to do an account-level analysis of merchants who are engaging in the type of behavior we're trying to stop vs. 'good' actors? PR is hoping to use the data.").

Aside from the ebook ban, Mr. ██████ was also monitoring ██████████ accounts and merchants with "██████████" within Shopping. GOOG-CENG-00462654 "██████████████████████████████████████"; GOOG-CENG-00462654, at -462739 ("████████████████████████████████████████████████████████████").

Lastly, Google's documents have revealed that Mr. ██████ was also involved in Google's attempts to create an allow-list of book publishers from as late as 2021. *See* GOOG-CENG-00604236 (████████ ██████ as the "██████████" from the "██████████████████████" team and "██████████ ██████████████████████████████████████"). It appears that Mr. ██████████'s engineering team was also designated to explore questions like ██████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████". GOOG-CENG-00604236. Google has represented that the prior attempts to create an allow list were abandoned because it was "unworkable for the same reasons that Google's idea for an 'allowlist' was **technically burdensome**." Dkt. 475 at 3 (emphasis added). As it is apparent that Google claims that these allow lists were technically burdensome, Plaintiffs believe that Mr. ██████ would have the appropriate documents and knowledge of providing exactly what these burdens and difficulties were that prevented Google from creating the allow list.

**Plaintiffs' Proposed Search Terms**
With this understanding, Plaintiffs request that Google add Mr. ██████ as a targeted custodian with the below two search-terms:

Proposed Term 1:
(ebook* OR e-book* OR "digital book" OR "digital books" OR (digital* w/3 book*) OR textbook* OR "text book*" OR etextbook OR "e-textbook") AND (shopping OR pirate* OR piracy OR infring* OR DMCA OR takedown OR remov* OR escal* OR cluster OR overflag* OR underflag* OR "██████████" OR "██████")

Proposed Term 2:
(Cengage OR Macmillan OR Elsevier OR "McGraw Hill" OR Pearson OR "O+Z" OR "Oppenheim + Zebrak" OR (Oppenheim PRE/2 Zebrak) OR "Association of American Publishers" OR AAP OR publisher*) AND ("allow list" OR allowlist* OR "white list*" OR whitelist* OR ban OR ebook OR "e-book" OR "digital book" OR exit)

We are available to meet and confer on Mr. Alexander Lukichev during the below times:
- Monday, February 2: 10:00AM-3:30PM
- Tuesday, February 3: 10:00AM-12:30PM; 3:00-4:00PM
- Wednesday, February 4: 10:00AM-2:00PM

Regards,
Uriel

Uriel Lee  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.480.2999
ULee@oandzlaw.com  |  www.oandzlaw.com
Connect with us on LinkedIn

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.