**O+Z | Oppenheim + Zebrak, LLP**
WASHINGTON – NEW YORK

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

March 1, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

    Re:   *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
            Plaintiffs' Letter Motion for Discovery Conference Regarding Hyperlinked
            and Referenced Documents in GOOG-CENG-00437101

[Redacted]

Dear Judge Moses,

      We represent all Plaintiffs in this matter. Plaintiffs respectfully request an order compelling Google to produce certain documents hyperlinked and referenced in GOOG-CENG-00437101 (the "▇ Email").

      The ▇ Email explains that ▇, when Google would attempt to ▇ This is, of course, highly relevant to this case. Google continuing to run ads for infringing products despite receiving (often multiple) notices concerning those ads is precisely what prompted this lawsuit. It is thus appropriate that Google produced the ▇ Email. But the ▇ Email also references several other documents concerning this issue, including one reference that says, ▇ with a hyperlink to the "document." Declaration of Attorney Jeff Kane in Support of Plaintiffs' Letter Motion for Discovery Conference Regarding Hyperlinked and Referenced Documents in GOOG-CENG-00437101 ("Decl."), Ex. 1 (GOOG-CENG-00437101) at -7102.

      Inexplicably, Google refuses to produce the documents the ▇ Email references. Asked to explain its refusal, Google responded only that this issue "▇." Ex. 2 at 3. Google then refused to answer even basic questions that might explain how this could be so. Plaintiffs thus ask the Court to order Google to produce the documents specifically referenced in the ▇ Email.

    I.    **The "Misconfiguration"**

      The ▇ Email is an internal Google email that describes a ▇ that ▇ (the "Misconfiguration"). According to ▇, then Policy Lead at Google's Trust & Safety department, due to a "▇," Ex. 1 at -7101–02. Namely, over that eighteen-month period, ▇ at 7101–02. The Misconfiguration allowed Google to profit from ads that should have been

**O+Z | Oppenheim + Zebrak, LLP**
WASHINGTON – NEW YORK

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

removed for copyright infringement to the tune of ▮▮▮ while giving those ads ▮▮▮ *Id.* at -7102.

Google discovered the problem when ▮▮▮ because the complainant ▮▮▮. *Id.* at -7101. After discovering the Misconfiguration, ▮▮▮ *Id.* The email also ▮▮▮ (the "Hyperlinked Document.") *id.* Crucially here, the document states that the Misconfiguration ▮▮▮. Copyright removals are, of course, at the very heart of this case.

## II. Documents concerning the Misconfiguration facially are relevant to the very takedown failures that brought about this lawsuit.

Even a cursory review of the claims and defenses in this case confirms that the documents referenced in the ▮▮ Email are relevant. Plaintiffs "sent hundreds of notices" that "identified thousands of" pirated eBooks being promoted in infringing Google Shopping ads, Dkt. 38 ("Am. Compl.") ¶ 99. Indeed, Google's own documents show that there are at least ▮▮▮ Dkt. 238 ¶ 14. Plaintiffs brought this action because Google failed both to (1) "terminate [] repeat infringers' advertising accounts within a reasonable time, if at all," Am. Compl. ¶¶ 101–105, and to (2) "expeditiously remove or disable access to" infringing ads. *Id.* ¶¶ 106–107. Plaintiffs plainly are entitled to documents concerning a major, systematic failure to ▮▮▮ against Google ads that lasted as long as eighteen months during the relevant period in this case. Indeed, the ▮▮ Email says that ▮▮▮ Ex. 1 at 7102.

Google has offered no convincing argument that the Misconfiguration, or the documents the ▮▮ Email references, are not relevant. In December 2025, Plaintiffs requested that Google produce: (1) "non-privileged documents and communications related to" Google's ▮▮▮ concerning the Misconfiguration, and (2) the Hyperlinked Document. Ex. 2 at 7, 8.[1] Google waited more than *two months* to respond to Plaintiffs' request. It then refused to produce any further documents concerning the Misconfiguration, making only the conclusory claim that the ▮▮▮ "▮▮▮," so such documents were "non-responsive." *Id.* at 3.

---

[1] These documents are called for at least by RFP 6 (documents concerning the implementation of Google's DMCA policy), RFP 14 (documents concerning the effectiveness of Google's DMCA and copyright policies), and RFP 15 (analyses concerning Google's processing of infringement notices), which can be found at Dkt. 47-1.

**O+Z Oppenheim + Zebrak, LLP**
WASHINGTON — NEW YORK

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

Google's response plainly is insufficient. If the Misconfiguration ███████," Ex. 1 at -7102, then which ███ were affected, if not Shopping ads? Google's counsel could not answer or otherwise explain why the Misconfiguration ███████ but somehow "█████████████████." *Id.* at -7102; Ex. 2 at 3. Counsel also represented that they did not review any documents to find out more about the ███████, and did not even review the Hyperlinked Document. The only basis counsel identified was that their client told them so. Decl. ¶ 5. This record leaves Plaintiffs no choice but to seek relief from the Court.

Moreover, even if the referenced documents do show that the Misconfiguration affected, for example, Search ads, a factfinder is entitled to know whether or how Google concluded that the same issue was not occurring in Shopping ads. For example, if Google was aware that the ████████ likely affected Shopping ads, but chose not to uncover the extent of its impact, that alone is relevant to Google's knowledge, which bears on contributory liability for copyright infringement, willfulness, and statutory damages. Indeed, █████████████████████████████████████████████████████ Ex. 1 at -7101. And Mr. ███ said that ███████████████ Ex. 1 at -7101 ¶ 3(b). Since Plaintiffs themselves sent notice after notice but the noticed ads were not removed, it appears this proposed fix was never implemented. Likewise, ████████████████████████████████ Ex. 1 at -7101 ¶ 3(a). That also does not seem to have happened with respect to Plaintiffs' notices. The documents referenced in the ███ Email will clarify how this Misconfiguration affected Shopping and whether Google took steps to correct it.

Google thus is wrong that documents concerning the Misconfiguration are not relevant. Rather, they directly bear on the core issues in this case: Google's failure to expeditiously remove infringing ads in response to copyright infringement notices. But like it has done throughout the course of this litigation, Google again seeks to avoid discovery by simply saying "nothing to see here" so "let's move along." Dkt. 223 at 37:14–20 (Oct. 14, 2025 Hr'g Tr.) (Moses, J.). But as the Court has already admonished, Google's position would inspire "a whole lot more confiden[ce]" if Google provided "even a little bit of" evidence to back it up. *Id.* Instead, Google simply told Plaintiffs to move along because the Misconfiguration "█████████████████████████████ ██████." Ex. 2 at 3. That position does not move the needle.

### III. Google should produce the documents specifically referenced in the ███ Email.

Plaintiffs thus ask the Court to order Google to produce the documents specifically referenced in the ███ Email:

1. The ███ Email says, "████████████████████████████████████████
████████████████████████████████████████████████." Ex. 1 at -7102.

    a. Google should produce the Hyperlinked Document.

    b. Google should produce any written materials from the briefing of "███████"

3

**O+Z | Oppenheim + Zebrak, LLP**
WASHINGTON – NEW YORK

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

2. The ▮ Email says, "▮ ▮."). *Id.* Google should produce any written "▮" and "▮"

3. The ▮ Email refers to ▮ Ex. 1 at -7101 ¶ 2 (▮). Google should produce its correspondence with this ▮

The documents requested above are a narrower subset of the documents Plaintiffs initially requested from Google in December 2025. *See supra* § II. Google should produce these documents by March 17, 2026 to allow Plaintiffs to question Mr. ▮ on these documents at his scheduled March 31, 2026 deposition, Decl. ¶ 6.

## IV. Conclusion

The Court should order Google to produce documents referenced in the ▮ Email as detailed in section III above.

Respectfully submitted,

*/s/ Jeff Kane*
Jeff Kane