

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

March 4, 2026

**VIA ECF**

The Honorable Barbara C. Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Response in Support of Google's Letter Motion to Seal Google's Letter Motion for Pre-Motion Discovery Conference

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion to Seal (Dkt. 688) and specifically seek the Court's approval to redact limited portions of Google's Letter Motion for Pre-Motion Discovery Conference (Dkt. 689) (the "Letter Motion").

**I.    Background**

Portions of the Letter Motion contain information designated by Plaintiffs as Highly Confidential – Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82). *See* Dkt. 82 ¶¶ 2, 3. The information that Plaintiffs request remain sealed includes (i) sensitive information that sheds light on Plaintiffs', including McGraw Hill's, anti-piracy enforcement strategy, (ii) specific details and/or excerpts from Plaintiffs' Supplemental Privilege Log dated November 19, 2025, including the filename of a privileged document through which particular information about Plaintiffs' and a third party's legal activities can be gleaned, and (iii) the name of an individual deemed "Protected Personnel" under the Protective Order. *See id.* ¶ 28. The information at issue is the same as, or comparable to, information for which the Court has granted sealing requests or otherwise ordered the parties to file under seal. Dkts. 471, 674.

Plaintiffs conferred with Google by email about this information on February 27, 2026. Google explained that it "takes no position on whether such materials must be sealed." Dkt. 688 at 1.

**II.   Legal Standard**

Plaintiffs' redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to

judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Moreover, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). And, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

### III. Plaintiffs' Highly Confidential-Attorneys' Eyes Only and Confidential Material Should Be Redacted or Sealed.

The material at issue should be redacted or sealed because it discloses confidential and sensitive information about (i) Plaintiffs', including McGraw Hill's, confidential anti-piracy enforcement strategy, (ii) Plaintiffs' and a third party's confidential legal activities, and (iii) an individual entitled to enhanced protection. If made public, such information could enable bad actors to take steps to evade detection and further infringe, threaten the privacy interests of non-parties, and expose a particular individual to swatting, doxing, or other targeting actions. In this way, disclosure of this information could create a substantial risk of harm to Plaintiffs or another third party.

For example, the Letter Motion excerpts and describes an email chain produced by McGraw Hill that reveals highly sensitive information about its enforcement strategy, as well as the name of one of Plaintiffs' confidential enforcement targets. The same or comparable material has been sealed previously. Dkt. 471, 674. Moreover, portions of the Letter Motion include specific details and/or excerpts from Plaintiffs' Supplemental Privilege Log dated November 19, 2025, including filenames for privileged documents through which particular information about Plaintiffs' and a third party's legal activities can be gleaned. Courts in this district have also recognized the importance of keeping information in privilege logs confidential. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted in its entirety). And the Court has previously permitted this privilege log to be sealed. Dkt. 471. Accordingly, the Court should permit redactions of this sensitive material.

Google's Letter Motion also includes one reference to an individual deemed a Protected Personnel pursuant to the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names [and] email addresses . . . that could be used to identify individual employees . . . involved in the sending, receiving, implementation, and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents).

**IV.   Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires the Redaction or Sealing.**

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that prior Orders, case law in this district, and the Protective Order support keeping confidential. Plaintiffs ask the Court to redact only limited information in the Letter Motion to protect sensitive information that sheds light on Plaintiffs', including McGraw Hill's, anti-piracy enforcement strategy, specific descriptions and excerpts from Plaintiffs' logs that disclose sensitive information about Plaintiffs and a third party, and the name of an individual entitled to enhanced protection.

In light of the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter response explaining the need to redact portions of the Letter Motion.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele H. Murphy*

Michele H. Murphy

cc:   All Counsel of Record (via ECF)