

Michele H. Murphy<br>
4530 Wisconsin Ave, NW, Suite 5<br>
Washington, DC 20016<br>
Tel. 202.450.5643<br>
michele@oandzlaw.com

WASHINGTON – NEW YORK

March 4, 2026

**VIA ECF**

The Honorable Barbara C. Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Cengage Learning, Inc., et al. v. Google LLC*, **No. 24-cv-04274-JLR-BCM: McGraw Hill's Letter Motion to Redact its Letter Response in Opposition to Google's Letter Motion for Pre-Motion Discovery Conference and Seal Exhibits 1 & 2**

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, McGraw Hill submits this letter motion requesting approval from the Court to redact limited portions of (i) McGraw Hill's Letter Response in Opposition to Google's Letter Motion for Pre-Motion Discovery Conference (Dkt. 689) ("McGraw Hill's Opposition") and (ii) the accompanying Attorney Declaration of Michele H. Murphy ("Decl."), and to seal Exhibits 1 and 2 to the Decl. ("Ex. 1" and "Ex. 2," respectively).

**I.   Background**

Portions of McGraw Hill's Opposition and the Decl. contain information designated by Plaintiffs as Highly Confidential – Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82). *See* Dkt. 82 ¶¶ 2, 3. The information that Plaintiffs request remain sealed includes (i) sensitive information that sheds light on Plaintiffs', including McGraw Hill's, anti-piracy enforcement strategy, (ii) specific details and/or excerpts from Plaintiffs' January 27, 2026 Supplemental Privilege Log, and (iii) the names of individuals deemed "Protected Personnel" under the Protective Order. *See id.* ¶ 28. The information at issue is the same as, or comparable to, information for which the Court has granted sealing requests or otherwise ordered the parties to file under seal. Dkts. 471, 674. The Court should permit the material to be redacted or sealed here too.

**II.   Legal Standard**

McGraw Hill's redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing

"is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Moreover, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). And, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

### III. The Highly Confidential-Attorneys' Eyes Only and Confidential Material at Issue Should Be Redacted or Sealed.

The material at issue should be redacted or sealed because it discloses confidential and sensitive information about (i) Plaintiffs', including McGraw Hill's, confidential anti-piracy enforcement strategy, (ii) Plaintiffs' and a third party's confidential legal activities, and (iii) individuals entitled to enhanced protection. If made public, such information could enable bad actors to take steps to evade detection and further infringe, threaten the privacy interests of non-parties, and expose a particular individual to swatting, doxing, or other targeting actions. Disclosure of this information could create a substantial risk of harm to Plaintiffs or another third party. Thus, this material should be kept confidential.

First, McGraw Hill's Opposition and the Decl. excerpt and describe an email produced by McGraw Hill to its vendor that sends infringement notices that reveals sensitive information about its enforcement efforts (and Exhibit 2 to the Decl. attaches this email in full). McGraw Hill's Opposition and the Decl. also reference confidential email communications from the undersigned counsel to Plaintiffs in describing their privileged nature and distinguishing between the documents at issue in this dispute. And the Opposition and the Decl. reveal the name of one of Plaintiffs' confidential enforcement targets. The same or comparable material has been sealed previously. Dkt. 471, 674.

Second, portions of McGraw Hill's Opposition and the Decl. include specific details and/or excerpts from Plaintiffs' January 27, 2026 Supplemental Privilege Log, and Exhibit 1 to the Decl. attaches a two-page excerpt of the log. The Court previously permitted Plaintiffs' November 19, 2025 log to be filed under seal. Dkt. 471. This log contains confidential and sensitive information of a similar nature. The Court should permit the excerpts of this log to be sealed for the same reasons.

Specifically, the log contains entries disclosing the names and/or email addresses of individuals deemed Protected Personnel pursuant to the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names [and] email addresses…that could be used to identify individual employees…involved in the sending, receiving, implementation, and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents).

In addition to the Protected Personnel, the log discloses sensitive information about Plaintiffs' legal enforcement activities, which can be gleaned through filenames of withheld documents and the document and joint legal mater descriptions. Public disclosure of this information could impact the efficacy of Plaintiffs' enforcement efforts. Moreover, courts in this district have recognized the importance of keeping information in privilege logs confidential. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted in its entirety).

Furthermore, the log discloses sensitive information about another publisher who is not a party to this case, including the names and e-mail addresses of its individual personnel and the existence of legal matters as reflected in document filenames and the document and joint legal matter descriptions. Courts in this district have recognized that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *U.S. v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995); *see also United States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017) (sealing materials that reflect "sensitive . . . personal information pertaining to non-parties"); *United States v. Jones*, 2024 WL 1700033, at *3 (S.D.N.Y. April 19, 2024) (allowing redactions of identifying information of innocent third parties). The log also discloses the names and direct contact email addresses of numerous Plaintiff employees which would not be publicly disclosed in this fashion, particularly in the context of their involvement with specific litigation matters. Such sensitive information should remain confidential to avoid the potential harm disclosure inevitably introduces.

Lastly, McGraw Hill's Opposition and the Decl. also reference an individual deemed a Protected Personnel pursuant to the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28.

### IV. McGraw Hill's Request is Narrowly Tailored to Serve the Purpose that Requires the Redaction or Sealing.

McGraw Hill's request is narrowly tailored to protect confidential and sensitive information that prior Orders, case law in this district, and the Protective Order support keeping confidential. McGraw Hill asks the Court to redact only limited information in McGraw Hill's Opposition and the Decl., and to seal Exhibits 1 and 2, to protect this confidential and sensitive information.

Plaintiffs respectfully submit this letter response explaining the need to redact McGraw Hill's Opposition and the Decl., and to seal Exhibits 1 and 2.

We thank the Court for considering this request.

Respectfully submitted,

*/s/ Michele H. Murphy*
Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP

3

*Counsel for Plaintiffs*

cc:    All Counsel of Record (via ECF)