Sarah A. Tomkowiak
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS** LLP

March 4, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM: Defendant's Response to Plaintiffs' Letter Motion for Discovery Conference Regarding Hyperlinked and Referenced Documents in GOOG-CENG-00437101 (Dkt. 697)

Dear Judge Moses:

The crux of Plaintiffs' contributory infringement claims against Google is that Google permitted so-called "pirate" merchants to advertise copies of Plaintiffs' textbooks *through Google Shopping*—a product separate from Google's "Ads" platform, which enables advertisers to market their businesses and services across Google products. All DMCA notices Plaintiffs submitted to Google relating to the works-in-suit were submitted for Shopping ads on Google's Shopping platform, and were subject to Google's DMCA policy and processes for Google Shopping. Yet, in Plaintiffs' latest motion, Dkt. 697 (their fourth since February 9), they demand documents that Google has repeatedly explained are solely relevant to Google Ads, and *not relevant* to Google Shopping. Plaintiffs are not entitled to discovery into every issue impacting copyright removals at Google *writ large*. Plaintiffs must show that the documents sought are relevant to this case. They have not, and cannot.

## Background

**Background of Dispute.** On August 15, 2025, Google produced an email sent from Jake Erlick to ▬▬▬▬ describing "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬" (the "Email"). Dkt. 698-1. Although the Email was inadvertently produced and is not responsive, as it is not relevant to Google Shopping, Plaintiffs have demanded that Google produce additional documents related to the issue described in the Email.

**LATHAM&WATKINS**LLP

In December 2025, Plaintiffs emailed Google a list of dozens of hyperlinked and "referenced" documents.[1] The list included this Email and insisted Google produce "documents and communications related to [any] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" concerning the issue described. Dkt. 698-2 at 7. Google reviewed the Email and investigated the issue.[2] Google's counsel independently reviewed the Email and conferred with relevant Google personnel regarding the Email and the issue discussed. Attorney Declaration of Sarah Tomkowiak ("Decl.") ¶ 5. After careful review and discussion with individuals familiar with the issue identified in the Email, Google's counsel explained to Plaintiffs' counsel "that the '▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and therefore this document is outside the scope of this litigation and non-responsive." Id. ¶ 6. During a subsequent conferral, counsel for Google further explained that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Id. ¶ 7. Plaintiffs refused to accept this answer and filed this Motion.

**Background of the Issue Described in the Email.** Google Shopping operates independently from other Google Ads products. Unlike other ads, Shopping ads specifically cater to retailers looking to sell their products online through Google's Shopping platform. Shopping merchants must have an "Ads" account *and* a "Merchant Center" account to run a "Shopping Ad," and Shopping Ads (or "offers") are housed within Shopping-specific databases. *See* Dkt. 59 ¶¶ 6-7. Non-Shopping "Google Ads" do not require a "Merchant Center" account to run, and are housed in separate databases to Shopping Ads.

In processing copyright removals pursuant to DMCA notices, Google Ads and Google Shopping ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Decl. ¶ 5(b). These systems are independent such that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See id.* ¶¶ 5(b)-(e). That is the case here. *Id.*

When DMCA notices are received, Google reviews and actions the URLs contained in the notices in its ▓▓▓▓▓▓▓▓▓▓▓▓. *Id.* ¶ 5(a). URLs that are taken down are then ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.* From there, Google Ads and Google Shopping rely on separate ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Google Ads' ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.* ¶ 5(c). ▓

---

[1] As part of discovery, Google agreed to review and produce certain hyperlinked documents contained in Google's custodial productions to the extent such documents were relevant and proportional to the needs of the case. *See* ESI Protocol, Dkt. 80 ¶ 7(d).

[2] Plaintiffs criticize Google for the time it took to review these documents. Mot. at 2. But Plaintiffs have sent Google multiple emails each containing dozens of requests for hyperlinked documents contained in Google's custodial productions. For each of these requests, Google must identify the URL, identify the data source to which the URL corresponds, obtain access if necessary, collect the document(s), and review it for relevance and privilege. Decl. ¶ 4. This is a manual process that takes time—it is not as simple as "clicking" on a (sometimes inaccessible) hyperlink—and has occurred while processing numerous other requests from Plaintiffs. And the further removed the documents are from the actual issues in this case, the more time it takes to track down additional Googlers with knowledge of the documents and issues discussed.

**LATHAM&WATKINS**LLP



### Argument

**Plaintiffs Fail to Show the Documents Are Relevant.** As the party insisting on additional discovery, Plaintiffs bear the "burden of demonstrating that the information sought is relevant and proportional." *Sportvision, Inc. v. MLB Advanced Media, L.P.*, 2022 WL 2817141, at *1 (S.D.N.Y. July 19, 2022). But Plaintiffs fall far short of that burden.

The Parties agree that this case concerns alleged copyright infringement on Google's Shopping platform. *See* Dkt. 38. Indeed, the portions of the Complaint Plaintiffs reference in their Motion all discuss alleged infringement in connection with Shopping. *See* Dkt. 697 ("Mot.") at 2 (citing Dkt. 38 ¶¶ 99, 101-105, 106-107). So too, the requests for production ("RFP") Plaintiffs use to justify their demands for documents related to the issue described in the Email all relate to Google Shopping. *See* Dkt. 47-1; RFP 6 ("concerning copyright infringement by Shopping Ads Merchants"); RFP 14 (requesting documents related to "policies, practices, or procedures" Google "adopted or undertook to address infringement by Shopping Ads Merchants"); RFP 15 (requesting documents concerning the "processing of Infringement Notices," defined as notices "in connection with a Shopping Ad"). But Plaintiffs do not make *any* connection between the issue and Google's Shopping platform. Nor could they, as none exists. Instead, Plaintiffs resort to "speculation, guesswork or hopes and wishes as to what the documents or information might reveal." *McDay v. Eckert*, 2024 WL 6080249, at *5 (W.D.N.Y. Mar. 19, 2024) (denying discovery where party could not show concrete evidence of relevance). That does not establish relevance.

First, Plaintiffs argue that they are "entitled to documents" related to the issue described in the Email because it pertains to "copyright takedown requests." Mot. at 2. But documents are not relevant to this litigation merely because they concern "takedown requests." To be relevant, the documents must also concern Google's Shopping platform or the Shopping ads Plaintiffs noticed. Google is a large company with many products and services, each of which may receive and action removal requests related to potential copyright infringement. That Google must process copyright takedown requests across multiple platforms and services does not make Google's efforts related to each platform or service relevant to this lawsuit. As Judge Rochon has previously explained to Plaintiffs, this is a civil action, "not a government forensic examination of anything possible that could be going on at Google that is unfair or infringing." Dkt. 66, Dec. 18, 2024 Hr'g Tr. 11:12-14. Plaintiffs are not entitled to any and every document concerning Google's other platforms and

services simply because they touch on "takedown requests." And Plaintiffs have not shown that the issue described in the Email, and any related documents, concern either Google Shopping or the Shopping ads at issue in this lawsuit against which Plaintiffs took removal action.

Second, Plaintiffs argue that the documents must relate to Google Shopping because the issue affected "Ads." But that Google Ads and Google Shopping both offer advertisements, albeit in different forms, does not make the services one in the same. Plaintiffs, themselves sophisticated merchants and users of Google's services, surely know that Google Shopping and Google Ads are different products. So too should their counsel, as Google's counsel has explained that these products are distinct on multiple occasions. Decl. ¶¶ 6-7.

Finally, Plaintiffs argue that the documents they seek would be relevant even if the described issue did not affect Google Shopping, because "whether or how Google concluded that the same issue was not occurring in Shopping ads" bears on Google's willfulness. Mot. at 3. Once again, Plaintiffs miss the mark. The issue did not affect, and could not have affected, Google Shopping because the ███████████████████████████. Decl. ¶¶ 5(c)-(e). Copyright removals for Google Shopping do not rely on ███████████████████. Id. ¶¶ 5(b)-(e). Nor are they ███████████████████. Id. There was, therefore, no need for Google to separately "conclude[e] that the same issue was not occurring in Shopping ads."

Plaintiffs speculate that documents related to the issue described in the Email might reveal some analysis that could be beneficial to their case. They claim that "if" the documents reveal that "Google was aware that the ███████████ likely affected Shopping ads, but chose not uncover the extent of its impact" that would be relevant. Mot. at 3. But "[m]ere speculation as to the existence of additional documents is insufficient to warrant an order to compel." *Lam v. State St. Corp.*, 2025 WL 834885, at *2 (S.D.N.Y. Mar. 17, 2025) (citation omitted). To reiterate, Plaintiffs offer nothing linking the issue to Google Shopping, much less anything indicating Google was aware that this issue had any impact to Shopping. As Google has stated multiple times, the issue did not impact Shopping. Plaintiffs' disbelief does not justify the burden on Google to track down irrelevant documents.

**Conclusion.** Plaintiffs have not demonstrated that the documents they seek are relevant to this litigation. They establish no connection between the issue described in the Email and the Google Shopping platform that ran the advertisements underlying Plaintiffs' claims. Nor do they argue that any of the Shopping ads they sought DMCA removals for were affected by this issue. Accordingly, the Court should deny Plaintiffs' Motion.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF and e-mail)