

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

March 4, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

   Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM
      McGraw Hill's Letter Response in Opposition to Google's Letter Motion for
      Pre-Motion Discovery Conference (Dkt. 689)

[Redacted]

Dear Judge Moses,

  Google's motion (Dkt. 689, "Mot.") represents a flawed attempt to challenge McGraw Hill's clawback of two documents that the undersigned counsel ("O+Z") has repeatedly explained are protected by the work product doctrine, were created because of filed litigation, and were promptly clawed back once a misunderstanding about their origin and nature was corrected. Contrary to Google's unfounded assertion, the clawback is proper. The Protective Order ("PO") plainly permits it, and nothing about McGraw Hill's conduct waived the protection that attaches to these documents. Google's motion should be denied.

  **I. The Clawed Back Documents Are Work Product.**

  As reflected in Plaintiffs' privilege log, the clawed-back documents ("Attachments") are October 2021 spreadsheets "███████████████████████████████████████████████████████████████████████████████████████████████" Murphy Declaration ("Decl.") Ex. 1 (rows 2184-85). Although they contain certain information that differs from other BCGuardian-prepared spreadsheets that have been the focus of Google's privilege challenges, the Attachments likewise would not have been prepared but for litigation, including litigation brought against pirate websites by McGraw Hill, its co-Plaintiffs in this case, and Pearson Education, Inc. (the "Co-Clients"). Decl. ¶7; *see also* Jan. 16, 2026 Order, Dkt. 515 at 7 ("all five publishers have been plaintiffs – jointly represented by O+Z – in other anti-counterfeiting lawsuits, including eight suits…against operators of individual 'pirate websites'").

  McGraw Hill sent the Attachments to Corsearch, Inc. ("Corsearch"), asking Corsearch████████████████████████████████████████████████████████. Decl. Ex. 2. Corsearch is a vendor with which ████████████████████████████████████████████████████████████████████. *Id.* ¶3. The Attachments contain

▓▓▓▓▓▓▓▓▓▓▓▓▓▓ [1] *Id.* ¶7.

On January 8, promptly after learning that the Attachments were the same spreadsheets that BCGuardian provided to counsel, O+Z sent Google a disclosure notice under the PO stating that the Attachments are "protected by the work product doctrine," "were created because of filed litigation, though not this case," and "disclosure to Corsearch, McGraw Hill's vendor, did not make the documents likely to end up in the hands of Plaintiff's adversaries." *Id.* ¶9.

In response to Google's assertion that the clawback was "improper," we disagreed, explaining that there had been a "misunderstanding concerning the origin and nature of the files" and that "[u]pon gaining the correct understanding, we promptly submitted the notice." *Id.* ¶10. On January 23, Google's counsel wrote that it "intends to challenge Plaintiffs' clawback," and on January 27, the parties conferred. *Id.*

**II.    The Clawback Is Proper Pursuant to the PO.**

At Google's request, paragraph 26 of the PO makes clear that to "properly assert" privilege or work product-protection over information a party disclosed in discovery, the party is not required to "satisfy the elements of Rule 502(b)," which concern "Inadvertent Disclosure." Dkt. 82 ¶26; Decl. ¶10. One of Rule 502(b)'s elements requires that the holder of the privilege "promptly t[ake] reasonable steps to rectify the error." Fed. R. Evid. 502(b)(3). The PO intentionally carves out this requirement and does not require a showing of "inadvertence." Notwithstanding, McGraw Hill did not intentionally produce work product-protected documents and took immediate steps to rectify the error once it was realized.

Indeed, the disclosure of the Attachments resulted from counsel's misunderstanding regarding their content. Decl. ¶5. From the subject line of the email to which the Attachments are appended, it would appear that McGraw Hill ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ which in turn is an attorney-client privileged communication containing legal advice about multiple legal matters. *Id.* ¶4. However, McGraw Hill ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in its email to Corsearch (the "Corsearch Email"). *Id.* Accordingly, the Corseach Email was not clawed back. *Id.* ¶3. Like the Corsearch Email, O+Z believed the Attachments ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.* ¶5.

When O+Z learned that, notwithstanding the above, the Corsearch Email ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓,[2] O+Z promptly took reasonable steps to correct the error. *Id.* ¶6. When assessing the time taken to correct an error concerning a clawback, the "relevant measuring period is the period after the producing party realizes that privileged information has been disclosed." *Lloyds Bank PLC v. Republic of Ecuador*, 1997 WL 96591, at *5 (S.D.N.Y. Mar. 5, 1997). Google's contention that McGraw Hill waived protection because the error should have been discovered sooner is inconsistent with Google's

---

[1] In contrast to Corsearch, BCGuardian has been engaged by O+Z in connection with litigation. *See, e.g.,* Dkt. 515 at 3; Murphy Nov. 21, 2025 Decl., Dkt. 305 ¶10.

[2] These spreadsheets were originally ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Decl. ¶5.

recent clawback of a document almost seven weeks after Plaintiffs first identified it to Google in challenging Google's privilege assertions. *Id*. ¶12.

Scenarios similar to that involved here, those including involving mistakes, have been found not to constitute waiver. *See, e.g.*, *Lloyds Bank*, 1997 WL 96591, at *4 (finding inadvertent production did not waive privilege and noting that "the mistake in producing [the privileged documents], while embarrassing, is not enough to outweigh [law firm's] otherwise reasonable treatment of the disputed documents"). And in cases with POs like paragraph 26 here, courts apply the "completely reckless" standard to determine whether a party waived privilege regarding produced documents. *See HSH Nordbank AG New York Branch v. Swerdlow*, 259 F.R.D. 64, 75 (SDNY 2009) ("For a production to be completely reckless, the producing party must have shown no regard for preserving the confidentiality of the privileged documents."); *see also Dorce v. City of New York*, 2024 WL 139546, at *5 (SDNY Jan. 12, 2024). That is not the case here, where McGraw Hill's counsel promptly clawed back the Attachments once a misunderstanding about their origin and nature was corrected, and has conducted a careful privilege review throughout this case involving thousands of privileged documents.[3] Decl. ¶6.

### III. McGraw Hill Has Not Affirmatively Used the Attachments.

Google attempts to avoid the PO's carveout by arguing that McGraw Hill "affirmative[ly] used" the Attachments and intentionally waived protection over them. *See* Mot. at 2-3; Dkt. 82 ¶26 ("The foregoing provisions do not preclude a Party from arguing that affirmative use by the Producing Party…should or should not constitute a waiver."). Google misrepresents the record, contorting transcript excerpts. McGraw Hill has made no affirmative use of the Attachments.

Google states that, at the December 15, 2025 hearing, "McGraw Hill's counsel did not object that the Attachments were attorney-client privileged or work product." Mot. at 2. That is correct. Google had filed excerpts of the Attachments, and O+Z was not aware of their protected nature at the time of the hearing. Google then blatantly misprepresents the record, stating: "Instead, McGraw Hill's counsel referenced the Attachments and related '███████████' as evidence that Plaintiffs' ███████████████████████████████ were 'not relevant to this case' because they 'touche[d] a number of different legal matters.'" *Id.* (citing Dec. 15 Hr'g Tr. ("Tr.") 124:10-16). A full reading of this discussion shows that O+Z did not reference the Attachments, let alone rely on them. Rather, O+Z was discussing buckets of documents on Plaintiffs' privilege log to respond to the Court's inquiry. Tr. 123:8-124:16. The "cover email[s]"counsel mentioned refer to ████████████████████████████████ –a type of document not involved in this clawback. Tr. 124:10-16; Decl. ¶8. And the reference to ███████████ was an example of a matter unrelated to Google Shopping ███████████████████████. *Id.* While the prior "███████ ███" arose initially when Google's counsel referred to one of the Attachment excerpts with

---

[3] Google faults McGraw Hill for not moving the Court to remove excerpts of the Attachments from the docket. *See* Dkt. 338-1 (exhibits to Google's reply in its first privilege challenge). However, Google cannot access these documents from the docket because they are under seal. It was perfectly reasonable for Plaintiff to wait until this dispute was resolved (since Google immediately challenged the clawback in counsel's correspondence and stated on January 23 that it would file a motion) rather than burden the Court with another motion.

"▇▇▇" in its filename, it is a far cry to say that O+Z's general reference to "▇▇▇," an unrelated, confidential ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, constitutes "using" the Attachments in any way. It does not.

Google also misleadingly argues that McGraw Hill "used" the Attachments when "cit[ing] a section of the December 15 transcript relating to the Attachments in support of [Plaintiffs'] Opposition to Google's Objection" to this Court's Dkt. 441 Order. Mot. at 3. Google points to footnote 14 in Plaintiffs' opposition. *Id.* However, that footnote refers to Your Honor's comments in response to Google's argument specifically about the Corsearch cover email, *not* the Attachments, *See* Dkt. 507 at 23 & n.14 (citing Tr. at 114:17-25). The cover email was not withheld.

Nor do Google's cases support its position. Google relies on *Bama Companies, Inc. v. Stahlbush Island Farms, Inc.*, 2019 WL 3890922 (N.D. Okla. Aug. 19, 2019), an out-of-circuit case, to argue that because the court found that an expert's "consideration of the documents was use," McGraw Hill similarly waived privilege. Mot. at 4. The situations are not remotely comparable. In *Bama Companies*, the expert included in her report emails between defendant's employees and its counsel and was deposed about the report and one such email, and the defendant initiated the clawback weeks after the deposition. 2019 WL 3890922 at *1-2. The court held that "[w]aiver occurred because the privileged emails became 'facts or data considered by the expert witness'" and cited FRCP 26(a)(2)(B)(ii), which concerns disclosure of expert testimony and is inapplicable here. *Id.* at 2.

Google also relies on *Virgil v. Finn*, 2025 WL 694450 (S.D.N.Y. Mar. 3, 2025), in which defendants "stayed silent" about documents' privileged nature for nearly a year. The court agreed that defendants waived privilege after failing to assert it when plaintiff used the documents at a deposition and again in its summary judgment opposition nine months later, and defendants did not mention privilege when seeking sealing of the documents two months after that. *Id.* at *4. Unlike in *Virgil*, the Attachments have not been used at a deposition, and McGraw Hill sent its clawback notice approximately six weeks after Google first identified them, and immediately after counsel identified the error.

Google's other cases likewise do not move the needle. *See Center Underwriters at Lloyds, London v. National Railroad Passenger Corp.*, 218 F. Supp. 3d 197, 202-203 (E.D.N.Y. 2016) (ordering party to produce documents used at depositions, including one party intentionally removed from its privilege log "after a detailed review"); *United States v. Wells Fargo Bank, N.A.*, 2015 WL 5051679, at *4 (S.D.N.Y. Aug. 26, 2015) (ordering party to reproduce only two clawed back documents used at depositions and not nearly 1,000 others); *Sure Fit Home Prods., LLC v. Maytex Mills Inc.*, 2022 WL 1597000, at *2 (S.D.N.Y. May 20, 2022) (describing plaintiffs' "completely reckless" handling of privileged documents, which included producing them to adversaries in a separate litigation and failing to object to defendants' use of them as summary judgment and trial exhibits in conduct that "span[ned] several years"). McGraw Hill has made no use of the documents.¶

## IV.   Conclusion

Based on the PO, case law, and circumstances surrounding the Attachments, Google's motion should be denied.

4

5

                                      Respectfully submitted,

                                      */s/ Michele H. Murphy*
                                      Michele H. Murphy
                                      OPPENHEIM + ZEBRAK, LLP
                                      *Counsel for Plaintiffs*