IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | **Civil Action No. 24-cv-04274-JLR-BCM**<br><br>[Redacted] |

### ATTORNEY DECLARATION OF MICHELE H. MURPHY

1. I am a partner at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for Plaintiffs in this action. I submit this declaration in support of Plaintiff McGraw Hill LLC's ("McGraw Hill") Letter Response in Opposition to Google's Letter Motion for Pre-Motion Discovery Conference (Dkt. 689).

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently hereto.

3. In connection with McGraw Hill's custodial document production, McGraw Hill produced an email dated October 25, 2021 from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, to a representative of Corsearch, Inc. (PL0000795153) (the "Corsearch Email"), along with ▮▮▮▮▮▮▮▮▮▮▮▮ (PL0000795154 and PL0000795155) (the "Attachments"). A true and correct copy of the Corsearch Email is attached hereto as Exhibit 2. At the time in question, and currently, Corsearch is a vendor with which ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

███████████████. On January 8, 2025, McGraw Hill clawed back the Attachments. McGraw Hill did not clawback the Corsearch Email.

4. The subject line of the Corsearch Email is "█████████████████████." However, the actual "█████████████████" is an email ████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████ (the "█████████████████ ██") . Despite the Corsearch Email's file name, the █████████████████████ is not included in the Corsearch Email. Rather, ██████████████████████████ before sending the Corsearch Email.

5. Although our understanding proved to be incorrect, my team and I believed that the Attachments █████████████████████████████████████████████████████████ ████████████████████████████████████████████. The anomaly with the file name of the Corsearch Email contributed to our confusion. Additionally, the Attachments were never attached to █████████████████████████. Instead, they were attached to █████ ████████████████████████████████████████████████████████████████ █████████████████████████████████. *See, e.g.,* Dkt. 305-1 (row 1058). The file name of the Corsearch Email does not reflect this. Although still work product, the Attachments █████████████████████████████████████████████████████████ █████████████████████████████████████████ – a fact that further contributed to our misunderstanding.

6. Promptly upon gaining the correct understanding, we notified Google of the disclosure pursuant to paragraph 26 of the Protective Order.  Thousands of privileged documents

are at issue in this case, and my team and I have spent many hours carefully reviewing and logging these documents.

7. As reflected in Plaintiffs' January 27, 2026 Supplemental Privilege Log, the Attachments are spreadsheets that were "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████." Exhibit 1 (rows 2184-85). The Attachments would not have been prepared but for litigation brought against pirate websites by McGraw Hill, its co-Plaintiffs in this case, and Pearson Education, Inc. The Attachments contain information prepared by BCGuardian at O+Z's direction for O+Z and the Co-Clients' in-house counsels' analysis. Although still work product, the Attachments ███████████████████████████████████████████████████████████████████████████████████████████████████ (a fact that further contributed to our misunderstanding).

8. Google argues that, at the December 15, 2025 hearing, "McGraw Hill's counsel referenced the Attachments and related '█████████████' as evidence that Plaintiffs' weekly emails concerning BCGuardian's content protection efforts were 'not relevant to this case' because they 'touche[d] a number of different legal matters.'" Mot. at 2 (citing Dec. 15, 2025 H'rg Tr. ("Tr.") 124:10-16). This is not correct – I did not reference, let alone rely on, the Attachments. In the discussion at pages 123-124 of this hearing transcript, I was discussing buckets of documents reflected in Plaintiffs' privilege log about which the Court had inquired. Tr. 123:8-124:16. The "cover e-mail(s)" I referenced refer to emails that O+Z sent the Co-Clients, often weekly, "touch[ing] a number of different legal matters." Tr. 123:22-124:12. Such emails are not involved in this dispute. When I referenced "█████████████", I did so to provide an example of a matter unrelated to Google Shopping that might be discussed in such an email. Tr. 124:13-16.

And by stating that "there's been some discussion about ▓ here, for example[;] ▓ is not relevant to this case," I meant only that "▓" generally had come up during the earlier discussion at the hearing. *Id.*

9.  In clawing back the Attachments, in a January 8, 2025 email to Google's counsel, I wrote that McGraw Hill "hereby provides Google with notice pursuant to ¶ 26 of the Protective Order (Dkt. 82) that the documents produced at PL0000795159, PL0000795154, PL0000795155 resulted in the disclosure of documents protected by the work product doctrine. The spreadsheets were created because of filed litigation, though not this case. The disclosure to Corsearch, ▓ ▓, did not make the documents likely to end up in the hands of Plaintiff's adversaries. Please promptly destroy all copies, ensure that Google or anyone else who may have copies under the Protective Order does the same, and confirm when this has been done."

10. On January 9, Google's counsel responded to my email claiming that McGraw Hill's clawback was "improper." On the same date, I replied as follows: "There was a misunderstanding concerning the origin and nature of the files at PL0000795154 and PL0000795155. Upon gaining the correct understanding, we promptly submitted the notice below. There was no intentional delay. Under the protective order, the documents can still be clawed back." On January 23, Google's counsel wrote that it "intends to challenge Plaintiffs' clawback," on January 27, the parties conferred, and on February 27, Google filed its motion.

11. On January 22, Google clawed back a document that Plaintiffs first identified to Google in challenging Google's privilege assertions almost seven weeks beforehand.

12. Paragraph 26 of the Protective Order (Dkt. 82) makes clear that to "properly assert" privilege or work product-protection over information a party disclosed in discovery, the party is

not required to "satisfy the elements of Rule 502(b)." The parties included this provision in the Protective Order at Google's insistence.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed March 4, 2026 in Washington, D.C.

                                               /s/ *Michele H. Murphy*
                                                Michele H. Murphy