**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

LATHAM & WATKINS LLP

March 6, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:  *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
      Reply in Support of Google's Letter Motion for Pre-Motion Discovery Conference (Dkt. 689)

Dear Judge Moses:

McGraw Hill's Letter Response ("Response") misses the point of Google's Letter Motion. Even if McGraw Hill's counsel was under a "misunderstanding" about the content in the BCGuardian-prepared documents it improperly clawed back (the "Clawback Documents"), McGraw Hill's use and treatment of those documents waived any claim to work product protection.

***McGraw Hill Used the Clawback Documents.*** McGraw Hill's argument that it has not affirmatively used the Clawback Documents is based on accusations that Google "misrepresents the record." Dkt. 718 ("Resp.") at 3. But McGraw Hill does not dispute that it gave Google permission to file the Clawback Documents under seal. It also does not dispute that McGraw Hill allowed Google to discuss the Clawback Documents at the December 15, 2025 hearing and gave Google permission to file transcript excerpts of that discussion with its December 29, 2025 Objection ("Objection"). *See* Dkt. 485-1. And McGraw Hill does not dispute that it has allowed the Clawback Documents to remain on the docket for months. Instead, McGraw Hill's Response newly discloses that it knowingly decided to allow the Clawback Documents to remain on the docket, where they remain today, and are cited in connection with Google's Objection, currently pending before Judge Rochon. Resp. at 3 n.3; Dkt. 484 at 23.

McGraw Hill contests only two instances of its use of the Clawback Documents. First, McGraw Hill argues that it did not "reference the [Clawback Documents], let alone rely on them" at the December 15 hearing. Resp. at 3. But McGraw Hill agrees that the "███████████" at the hearing arose from Google's references to the Clawback Documents, Resp. at 3-4, and McGraw Hill does not dispute that it used and "specifically alluded" to that "████████

**LATHAM&WATKINS**LLP

▓▓▓" to argue that the BCGuardian documents are not relevant to this case.[1]  *Id.*; *Virgil v. Finn*, 2025 WL 694450, at *4 (S.D.N.Y. Mar. 3, 2025). That use was enough to waive work product protection. *Virgil*, 2025 WL 694450, at *4 (finding waiver where documents were used by opposing party and "specifically alluded" to by producing party).

McGraw Hill next argues that it did not use the Clawback Documents when it cited the December 15 hearing transcript to oppose Google's December 29 Objection because the transcript section it cited was "specifically about the Corsearch cover email, *not* the [Clawback Documents]." Resp. at 4 (emphasis in original). But the discussion of the two cannot be separated. At the December 15 hearing, Google quoted a senior McGraw Hill Director's description of the Clawback Documents as ▓▓▓ to argue that those materials were not prepared "▓▓▓," but as part of "▓▓▓." Dkt. 569, Hr'g Tr. (Dec. 15, 2025) at 114:8-16. The Clawback Documents were the focus of that discussion, which McGraw Hill selectively cited in its Opposition to Google's Objection. *See* Dkt. 507 at 23 & n.14. McGraw Hill's use of that discussion to argue BCGuardian's materials are protected work product was waiver. *Virgil*, 2025 WL 694450, at *4.

McGraw Hill's efforts to distinguish Google's cited cases about waiver-through-use also fail. McGraw Hill tries to distinguish *Virgil* on the flimsy basis that the Clawback Documents "have not been used at a deposition." Resp. at 4. But the court's decision in *Virgil* rested on the fact that the documents at issue were used, not that the documents were used *at a deposition*. The court explained that, although the parties' "claw back order" prevented waiver by disclosure and did "not address waiver by use," the producing party had still waived privilege by "not promptly object[ing] to the use of the documents." *Virgil*, 2025 WL 694450, at *4. The same is true here as Plaintiffs had at least three opportunities to object to Google's use of the Clawback Documents and failed to do so, even after Google told McGraw Hill in open court that documents with file names similar to the names of the Clawback Documents appeared on Plaintiffs' privilege log. Dkt. 569, Hr'g Tr. at 112:2-6, 112:17-22. McGraw Hill similarly fails to distinguish *Bama Companies, Inc. v. Stahlbush Island Farms, Inc.*, 2019 WL 3890922 (N.D. Okla. Aug. 19, 2019). It argues that case is "inapplicable" because it involved an expert. Resp. at 4. But again, whether the case concerned an expert does not change the result—the court found waiver because the party "used" the documents. *Bama Cos.*, 2019 WL 3890922, at *2.

**McGraw Hill's Complete Recklessness Constitutes Waiver.** McGraw Hill proposes that "in cases with POs like paragraph 26 here, courts apply the 'completely reckless' standard to determine whether a party waived privilege regarding produced documents." Resp. at 3. Under that standard, McGraw Hill's repeated failure to object that the Clawback Documents were protected work product was waiver. Courts routinely find that a producing party's failure to object to another party's use of purportedly privileged or protected documents is "completely reckless." *See, e.g.*, *Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*, 218 F. Supp. 3d

---

[1] Remarkably, despite acknowledging that both parties referenced the file names of the Clawback Documents at the December 15 hearing, McGraw Hill has redacted "▓▓▓" from the file names of the Clawback Documents in the January 27, 2026 privilege log. *See* Dkt. 719-1 at Rows 2184 and 2185.

LATHAM&WATKINS LLP

197, 201-02 (E.D.N.Y. 2016); *United States v. Wells Fargo Bank, N.A.*, 2015 WL 5051679, at *1, *4 (S.D.N.Y. Aug. 26, 2015). For example, in *In re Actos End-Payor Antitrust Litigation*, the court found waiver under the "completely reckless" standard because the producing party failed to object to the document's use even though the document had been brought to that party's attention multiple times. 2023 WL 6197403, at *3 (S.D.N.Y. Sept. 22, 2023). There, the opposing party attached the clawed back document as an exhibit to its brief, shared the document with the producing party during a meet and confer, and emailed a copy of the document, as well as the other exhibits, that had been filed with its brief to the producing party. *Id.* at *2. The producing party never objected. *Id.* at *3. The court determined the producing party's conduct was "completely reckless" and effectuated waiver. *Id.*

The same is true here. In connection with its November 26, 2025 Reply in support of Google's Letter Motion ("Reply"), *see* Dkt. 337, Google met and conferred with McGraw Hill's counsel about the Clawback Documents on November 25, 2025. At that meet and confer, McGraw Hill's counsel requested that Google file the Clawback Documents under seal. Dkt. 690-1 ¶ 4. Google's declaration in support of the Reply identified the Clawback Documents by title and Bates number. Dkt. 338 ¶ 18. It also noted that McGraw Hill, with the other Plaintiffs, "ha[d] produced" the Clawback Documents even though McGraw Hill's privilege log "contains documents" with "similar file names." *Id.* On December 3, 2025, McGraw Hill filed a letter response in support of sealing the Clawback Documents. Dkt. 365. At the December 15 hearing, Google's counsel again stated that McGraw Hill had " █████████████████████ " and that Google " █████████████████████ " with " █████████████████████ .'" Dkt. 569, Hr'g Tr. at 112:2-6, 112:17-22. After the hearing, Google's counsel requested that McGraw Hill review the December 15 hearing transcript for sealing purposes in connection with Google's December 29 Objection. Dkt. 690-1 ¶ 5. McGraw Hill did so and proposed redactions to the transcript that included redactions relating to discussion of the Clawback Documents. *Id.* ¶ 7. But still McGraw Hill failed to assert work product protection over those documents. McGraw Hill's failure to do so even though the "[Clawback Documents] had been brought to their attention multiple times" resulted in waiver. *In re Actos*, 2023 WL 6197403, at *3.

***McGraw Hill Wrongly Focuses on "Inadvertent Disclosure."*** Though McGraw Hill acknowledges the Protective Order "intentionally carves out" the requirement to take "reasonable steps to rectify" an inadvertent disclosure, it spends several paragraphs trying to justify its actions. Resp. at 2. But whether a party "promptly took reasonable steps to rectify the error" is a factor courts consider in assessing waiver by inadvertent disclosure, not use. Fed. R. Evid. 502(b). And even if this were a relevant factor, McGraw Hill has hardly taken reasonable steps.[2] More than *three months* have passed since excerpts of the Clawback Documents were filed on the docket. McGraw Hill has not made any attempt to remove them. It argues it need not because "Google cannot access these documents from the docket because they are under seal." Resp. at 3 n.3. But

---

[2] McGraw Hill cannot justify its delay by pointing to Google's January 22 clawback. Consistent with the Protective Order, the parties have issued clawback notices throughout discovery. However, McGraw Hill is the only party to attempt a clawback of filed documents.

LATHAM&WATKINS LLP

whether documents are filed under seal does not affect waiver of attorney client privilege or work product protection, particularly where a Rule 502(d) order has not been entered.

McGraw Hill also tries to excuse its failure to take action by blaming "counsel's misunderstanding regarding [the Clawback Documents]." Resp. at 2. But that counsel "misunderst[ood]" the documents does not affect the waiver-through-use analysis. Indeed, the single case McGraw Hill cites to support its position involved waiver by inadvertent disclosure, not use. *Lloyds Bank PLC v. Republic of Ecuador*, 1997 WL 96591, at *4 (S.D.N.Y. Mar. 5, 1997) (finding no waiver where producing party mistakenly produced documents marked privileged).

For these reasons, the Court should grant Google's Letter Motion.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF and e-mail)