O+Z  **Oppenheim**
      **+ Zebrak, LLP**

W A S H I N G T O N  –  N E W  Y O R K

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

March 13, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> **Re:** *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
> **Plaintiffs' Letter Opposing Google's Motion (Dkt. 756) to Seal Plaintiffs'**
> **Reply (Dkt. 732) ISO Plaintiffs' Letter Motion  for Discovery Conference**
> **Regarding Hyperlinked and Referenced Documents in GOOG-CENG-**
> **00437101**

Dear Judge Moses,

We represent all Plaintiffs in the above matter. We write in opposition to Google's motion (Dkt. 756) to redact portions of Plaintiffs' Reply (Dkt. 732) ISO Plaintiffs' Letter Motion for Discovery Conference Regarding Hyperlinked and Referenced Documents in GOOG-CENG-00437101, and the accompanying Declaration (Dkt. 733).

**I.    The generic term used to describe the technical issue need not be redacted.**

Google seeks to redact the generic, capitalized term that appears at the beginning of the second paragraph on the first page of Plaintiffs' Reply (Dkt. 732 at 1), and is repeated numerous times throughout the document. This term reveals nothing about the technical error discussed in Plaintiffs' Reply. No "nefarious" actor (Dkt. 756 at 3) could alter his behavior based on the use of this unspecific and unrevealing term. Indeed, even if a more fulsome description of this error were provided, it is difficult to see how a bad actor could leverage it at all. Underscoring lack of any real risk, Google made no objection when Plaintiffs did not redact this term repeatedly in their opening letter. Dkt. 697 at 1–3.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Jeff Kane*
Jeff Kane