

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

March 16, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> Re: ***Cengage Learning, Inc. et al. v. Google LLC***, No. 24:cv-04274-JLR-BCM
> **Plaintiffs' Letter Opposing Google's Motion (Dkt. 757) to Redact Portions of
> Plaintiffs' Status Update (Dkt. 745) re Google's Request to Exclude 34
> Websites from the Testing of Google's Overall DMCA Program.**

Dear Judge Moses,

We represent all Plaintiffs in this matter. We write in opposition to Google's motion (Dkt. 757) to redact portions of Plaintiffs' Status Update (Dkt. 745) re Google's Request to Exclude 34 Websites from the Testing of Google's Overall DMCA Program.

Google wishes to redact the consequence it purports to impose when a Shopping Ads Merchant reaches a certain number of strikes. There is no need to redact this information: it is already public, and would be a common-sense inference even if it were not.

Google's own website states that Google will "take action against users who repeatedly misuse our services by violating Google's copyright policies," that a "copyright complaint will not count as a *strike* if the complaint was retracted . . .", and that "[i]n appropriate circumstances, we *terminate* the accounts of repeat infringers."[1]

Moreover, throughout this case, Google has *not* sought to redact indications that its stated DMCA policy for Shopping is a strike system. *See, e.g.*, Dkt. 753-1 at 15:22–24 (Google declining to redact the phrase "we are going to reinstate this merchant even though she reached the [redacted] *strike threshold*."); Dkt. 761 at 1 (Google declining to redact the phrase, "Google also produced spreadsheets concerning high-level metrics about its processing of DMCA notices from rightsholders other than Plaintiffs, *the tracking of 'strikes,'* and merchant suspensions."); Dkt. 173 ¶¶ 37, 38 (Google declining to redact the title "Copyright *Strike Policy* for Google Ads and Shopping" and "the Shopping DMCA *Strikes Policy*"); Dkt. 173-5 at 1 ("This email alias is cc'd regarding issues on how copyright *strikes* should be *tracked* . . . .") (emphasis added throughout).

Yet Google seeks to redact the notion that once a user reaches Google's strike threshold, a particular (and obvious) consequence may occur. The Court should not allow Google to redact this information. A strike system by definition envisions a consequence once the strike threshold is reached. That consequence is evident from the statute itself (17 U.S.C. § 512(i)(1)(A)) and from Google's public articulation of its policy.

---

[1] "How Google Handles Repeat Infringement of Copyright," https://support.google.com/legal-help-center/answer/1625144?hl=en (accessed Mar. 16, 2026) (emphasis added).

Hon. Barbara Moses
March 16, 2026
Page 2 of 2

Specifically, Google should not be allowed to redact the following phrases from Dkt. 745:

- At p. 1, in the first three sentence of paragraph 1, only the three references to the number of strikes should be redacted. E.g., in the first sentence, the three words after "suspend pirates", and the last two words of that sentence should not be redacted.

- On p. 2, in the paragraph that begins "Fourth," in the first sentence, the single word after the phrase "if an account" should not be redacted).

- On p. 4, the last paragraph before section VI, in the last sentence, only the single word indicating the number of strikes should be redacted.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Jeff Kane*
Jeff Kane

2