**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

March 18, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
      Reply in Support of Google's Letter Response to Seal Plaintiffs' Status Update
      (Dkt. 757)

Dear Judge Moses:

We represent Google LLC ("Google") in the above captioned matter.  We write in support of Google's Letter Response (Dkt. 757) in Support of Letter Motion to Seal Plaintiffs' Status Update (Dkt. 744) ("Letter Response").  Google's Letter Response seeks to seal only non-public, sensitive information concerning Google's DMCA policies as described in Plaintiffs' Status Update re Google's Request to Exclude 34 Websites from the Testing of Google's Overall DMCA Program (Dkt. 745) ("Status Update").  In opposing Google's requested redactions, Plaintiffs ignore the text surrounding Google's proposed redactions and fail to acknowledge that Google has sought to redact, and the Court has approved, similar references to Google's policies.

First, Plaintiffs' Opposition argues that, on the second page of their Status Update, "the single word after the phrase 'if an account' should not be redacted."  Dkt. 765 at 2.  But Google's Letter Response did not request to redact that word, and the publicly available, redacted version of Plaintiffs' Status Update that Google filed in connection with its Letter Response does not include a redaction of that word.  Dkt. 757-1 at 2.

Second, Plaintiffs argue that the information Google seeks to redact on pages one and four of Plaintiffs' Status Update "is already public, and would be a common-sense inference even if it were not."  Dkt. 765 at 1.  Not true.  The requested redactions, when read in context of the surrounding sentences and paragraphs, reveal information that is not public and is highly sensitive.

As Plaintiffs' Opposition acknowledges, Google has made efforts to tailor its redactions to only that information that is sensitive and non-public.  Dkt. 765 at 1.  Therefore, Google has not sought to redact high-level descriptions of its efforts to combat infringement, including that Google tracks "strikes" as part of this process.  However, Google has sought to redact phrases that go

LATHAM&WATKINS LLP

beyond these types of high-level descriptions and provide additional detail about Google's enforcement policies.  This includes instances in which requested redactions, if revealed in the context of the surrounding sentences and paragraphs, would provide greater insight into Google's policies and operations than is publicly available.  That is the case here, where, given the sentences and paragraphs surrounding Google's requested redactions, confidential details of Google's policies would become public if that text were revealed.  For these reasons, Google has previously requested, and the Court has approved, similar redactions concerning Google's policies.  *See, e.g.*, Oct. 8, 2025 Hr'g Tr. at 62:6-10; *id.* at 91:9-13; Dkt. 359 (granting Google's sealing request for similar redactions in the October 8, 2025 hearing transcript); Dkt. 523 at 2 (containing requested redactions for similar information used in Plaintiffs' letter motion); Dkt. 661 (granting Google's request to seal the information contained in Dkt. 523).  The Court should do so again here.

Moreover, courts generally allow redactions where the information is "not required to shape the Court's analysis and the public would not need access to this information to understand the Court's Opinion."  *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021).  The specific details Google seeks to redact are not necessary to the Court's analysis or the public's understating of the Court's opinion.  And public disclosure of this information creates a substantial, and unnecessary, risk of misuse by bad actors.  Indeed, publicly revealing this information risks enabling bad actors who seek to circumvent Google's processes, in turn harming both Google and legitimate merchants using Google's Shopping platform.  Courts regularly approve redactions in such circumstances.  *See Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices").  As these details are not necessary to the Court's analysis and could, if revealed, present a substantial risk of harm, Google respectfully requests that the Court approve Google's requested redactions.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)