

Yunyi Chen
461 5th Avenue, 19th Floor
New York, NY 10017
Tel. 212.951.1156
ychen@oandzlaw.com

March 23, 2026

**VIA ECF**

The Honorable Barbara Moses
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> **Re:** ***Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM**
> **Plaintiffs' Letter Response to Defendant Google LLC's Dkt. 768 Letter Motion**
> **Requesting Leave to File Declarations**

Dear Judge Moses,

We represent all Plaintiffs in this matter. Following the Court's Order (Dkt. 751) granting in part Plaintiffs' Dkt. 590 motion concerning Google's privilege designations and ordering Defendant Google to submit twelve documents for *in camera* review, Google filed a letter motion on March 20 "request[ing] leave to file up to three short declarations in connection with the Court's *in camera* review of Google's documents." Dkt. 768. Google also requests that "the Court enter an order that such 'disclosure will not result in a waiver of privilege as to the declaration or its contents' pursuant to Federal Rule of Evidence 502(d)," citing the Court's Order at Dkt. 381. *Id.* Plaintiffs respond to two issues raised by Google's Dkt. 768 letter motion.

***First***, if the Court grants Google's motion, Plaintiffs respectfully seek the Court's permission to submit a short response to this new information (of a length to be determined by the Court), to be filed within three court days of receipt of the new declarations. The Court afforded Google the opportunity to file a response in connection with its Dkt. 381 Order. There, the Court addressed Plaintiffs' Dkt. 312 letter motion to submit an attorney declaration *in camera* in opposition to Google's Dkt. 273 motion challenging Plaintiffs' privilege designations. The Court did not permit the submission of the declaration *in camera*, but instead permitted Plaintiffs to "serve the document upon Google and file it under seal," while ordering that "the disclosure will not result in a waiver of privilege as to the declaration or its contents." Dkt. 381 at 4–5. The Court also permitted Google to "submit a response of up to two pages, limited to the facts or issues raised by the new declaration," within three court days after receiving Plaintiffs' declaration. *Id.* at 5. Google was therefore able to review and respond to the totality of facts Plaintiffs submitted in connection with the Dkt. 273 motion, and had the benefit of its review and response at the oral argument for that motion. Likewise, the Court had the benefit of Google's response when ruling on Dkt. 273, including in ruling on Plaintiffs' documents submitted for *in camera* review. By contrast, Google did not seek to submit any additional declarations beyond the two it had submitted in connection with its opposition to Plaintiffs' Dkt. 590 motion (Dkts. 615-1, 617) before oral argument on Plaintiffs' Dkt. 590 motion. Thus, in the interest of fairness, Plaintiffs should, at a minimum, be afforded an opportunity to review and respond to Google's new factual submissions.

***Second***, because Google's Dkt. 768 letter motion does not request leave to submit the proposed new declarations *ex parte*/*in camera*, Plaintiffs presume that Google is seeking leave to

Hon. Barbara Moses
March 23, 2026
Page 2 of 2

file the proposed declarations on the docket. However, if Google later contends that it is in fact seeking to submit its declarations *ex parte*, Plaintiffs oppose that relief for at least two reasons.

First, as a threshold matter, Google has failed to meet the requirements under Federal Rule of Civil Procedure 7(b) that the opening motion "state the relief sought" and "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B)–(C); *see*, *e.g.*, *Myers v. City of New York*, 2014 WL 12935844, at *8 (S.D.N.Y. Sept. 29, 2014) (denying motion for failing to meet Rule 7(b)'s "requirements of particularity") (internal citations omitted). Second, because of the fairness concerns stated above, and consistent with the Court's findings in the Dkt. 381 Order, Plaintiffs respectfully submit that an approach consistent with the Dkt. 381 Order would be more appropriate here. Thus, if the Court is inclined to permit Google's new declarations at all, Google should either file them on the public docket, or with the Court's permission file them under seal, and serve its new declarations on Plaintiffs, who would then be permitted a short response. Since Google has neither conferred with Plaintiffs nor provided any information in Dkt. 768 that would justify sealing the declarations, Plaintiffs take no position at this time on sealing.

Respectfully submitted,

*/s/  Yunyi Chen*
Yunyi Chen

2