**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

March 30, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:  *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
 Letter Motion for Pre-Motion Discovery Conference Regarding Motion for
 Protective Order and Stay for Deposition of Adam Crider

Dear Judge Moses:

With seemingly no consideration of relevance, proportionality, or, most importantly, burden, Plaintiffs served Adam Crider—a non-party, former Google attorney—with a deposition subpoena on March 17, 2026, instructing him to appear to testify at a deposition on April 24, 2026.[1] That deposition should not go forward.

Mr. Crider served as Google's Product Counsel from July 2019 until September 2025. Declaration of Adam Crider ("Decl.") ¶ 1.  During his tenure at Google, Mr. Crider's role was to provide legal advice to Google's various business teams working on Google's Shopping product. Plaintiffs' only justification for seeking Mr. Crider's deposition is their speculation that he might have been involved in implementing Google's DMCA policy for Google Shopping.  But as detailed in Google's Motion to Stay Discovery (Dkt. 771), filed concurrently, Google will be withdrawing its reliance on the DMCA defense for this matter, since Plaintiffs cannot possibly show that Google's conduct meets the standard for contributory copyright infringement articulated in *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 2026 WL 815823, at *7 (Mar. 25, 2026).  Accordingly, based on Plaintiffs' own stated justification for seeking Mr. Crider's deposition, it is no longer necessary, regardless of whether it was ever appropriate.

Even if Plaintiffs can articulate why more discovery into Google's implementation of its DMCA policy for Google Shopping is relevant notwithstanding Google's non-reliance on the safe harbor, they still could not justify the necessity of Mr. Crider's deposition.  Mr. Crider is not a subject matter expert in copyright, and contrary to Plaintiffs' speculation, he was *not* directly

---

[1] The Parties conferred on March 19, 2026.  Plaintiffs did not agree to withdraw its subpoena.

involved in implementing Google's DMCA policy for Google Shopping.  Decl. ¶ 5.  Plaintiffs have not identified any information that they purportedly need from Mr. Crider that (i) is relevant and within the scope of his personal knowledge; (ii) is not privileged; and (iii) could not be obtained from any of the other 18 individuals they have sought to depose or from Google's Rule 30(b)(6) designees.  Moreover, because Mr. Crider is a former employee (and presently an Associate General Counsel at another large company), the Court should be particularly sensitive to weighing the low probative value of any non-privileged information that he has against the burden of preparing for and sitting for a deposition in a case involving his former employer.

Google respectfully requests that the Court (1) enter a protective order; and/or (2) stay any deposition of Mr. Crider until Google's motion for a protective order is resolved.

## ARGUMENT

### A.    The information sought from Mr. Crider is irrelevant.

Plaintiffs, as the party seeking non-party discovery under Federal Rule of Civil Procedure 45, bear "the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case." *Athalonz, LLC v. Under Armour, Inc.*, 2024 WL 1555685, at *2-3 (S.D.N.Y. Apr. 10, 2024).  Plaintiffs claim they need testimony from Mr. Crider regarding Google's implementation of its DMCA policy for Shopping.  Setting aside Mr. Crider's lack of day-to-day, non-legal involvement in implementing that policy, Google no longer intends to rely on the DMCA safe harbor defense.  Thus, Plaintiffs cannot show that whatever unique non-privileged information Mr. Crider has regarding Google's DMCA policy is relevant to, let alone proportional to the needs of, the case.

### B.  The *Friedman* factors weigh against allowing Mr. Crider's deposition.

To the extent Plaintiffs attempt to manufacture some other basis for pursuing Mr. Crider's deposition, Plaintiffs still cannot justify seeking testimony from Google's former counsel under long-standing Second Circuit precedent.  Because of their "disruptive effect," attorney depositions are disfavored *even when* they are "limited to relevant and non-privileged information." *KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C.*, 2020 WL 1989487, at *3 (S.D.N.Y. Apr. 24, 2020) (granting protective order and quashing subpoena for deposition of party's counsel).  In assessing the need for an attorney's deposition, courts in the Second Circuit consider four factors: (1) "the need to depose the lawyer"; (2) "the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation"; (3) "the risk of encountering privilege and work-product issues"; and (4) "the extent of discovery already conducted." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003).  Each of these factors weigh against a deposition of Mr. Crider.

**(1) Plaintiffs do not need to depose Mr. Crider.**  Even if Google's development and implementation of its DMCA policy was still relevant to any claims or defenses (it is not), Plaintiffs cannot show that Mr. Crider has relevant, non-privileged information regarding this policy.  Mr. Crider had no role in reviewing allegedly infringing content, suspending accounts, or

LATHAM&WATKINS LLP

reinstating content accounts through Google's appeals process.  Decl. ¶ 5.  Plaintiffs attempt to justify their request to depose Mr. Crider by relying on one document that they claim suggests that Mr. Crider *may* have been consulted on ██████████████████████████████ (he was not, *see* Decl. ¶¶ 4, 5).  But Plaintiffs do not identify any evidence that Mr. Crider was actually consulted in connection with the ███████████████████████████(which Plaintiffs fail to connect to any of the merchant accounts associated with the 1,500 domains at issue in this case).  And any legal advice Mr. Crider did provide to the ████████████████████████ ██████ team regarding the legal implications of any particular course of action would be privileged.

Moreover, to the extent Plaintiffs can still articulate why testimony about the general treatment ███████████████████████under Google's DMCA policy has some relevance to their claims, that still would not justify a "need" to depose Mr. Crider.  Other non-attorney witnesses can testify to that topic—namely, members of Google's ██████ team like ████████████ ████████████████████████████████—who are responsible for implementing Google Shopping's DMCA policy, and, where necessary, escalating questions to counsel.  Dkt. 615-1 ¶ 3.  Plaintiffs have also noticed four Rule 30(b)(6) topics concerning ██████████████ ██████████, for which they seek corporate testimony.

Finally, Plaintiffs claim they need to depose Mr. Crider to ask about any non-legal tasks that he performed, but do not identify "non-legal tasks" relevant to this litigation.  That's because Mr. Crider did not perform any non-legal tasks relevant to this litigation, and this "catch-all" justification for Mr. Crider's testimony is even weaker now in light of *Cox*.  Decl. ¶¶ 3-5.

Because Plaintiffs do not need to depose Mr. Crider, the Court should grant Google's motion for that reason alone.  *Ingenito v. Riri USA, Inc.*, 2015 WL 9412541, at *9 (E.D.N.Y. Dec. 22, 2015) ("The absence of a demonstrated need to conduct the deposition of an attorney can outweigh even a strong showing of the other factors, particularly given that Plaintiff expressly seeks to depose counsel as to a privileged topic."); *Cerco Bridge Loans 6 LLC v. Schenker,* 2024 WL 4754022, at *4 (S.D.N.Y. July 9, 2024), at *2-4 (quashing deposition subpoena served on party's attorney); *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 425-26 (E.D.N.Y. 2007) (same).

**(2) Mr. Crider's role was to provide legal advice.**  Plaintiffs also cannot justify their request to depose Mr. Crider based on his "role in connection with the matter on which discovery is sought and in relation to the pending litigation." *Friedman*, 350 F.3d at 72.  Google's DMCA policy is not relevant to any claims or defenses but, regardless, Mr. Crider's role was unconnected to Google's implementation of that policy.  Decl. ¶ 5.  To the extent he was included on documents or communications relevant to any other claims or defenses, it was as an attorney consulted for legal advice.  *Id.* ¶¶ 5, 6.  Given Mr. Crider's role, his deposition would "encroach upon the attorney-client relationship between [the party] and its counsel." *KOS Bldg. Grp.*, 2020 WL 1989487, at *5.

**(3) Deposing Mr. Crider presents a substantial risk of encountering privileged or protected information.**  Prior to leaving Google in September 2025, Mr. Crider served as Google's in-house Product Counsel for over five years and advised Google on a wide range of

**LATHAM&WATKINS**LLP

matters involving Google's legal obligations related to Google Shopping.  Decl. ¶¶ 1, 3.  To the extent his advice was sought in relation to the events that led to this lawsuit (including related to Google's, now irrelevant, DMCA policy for Shopping), that advice was sought in his role as an attorney.  As his "knowledge about such topics would inevitably implicate any legal advice he provided as part of his attorney role," this deposition "would likely generate many privilege objections." *GLD3, LLC v. Albra*, 2024 WL 4471672, at *6 (S.D.N.Y. Oct. 11, 2024).  And even if Plaintiffs agreed to limit their questions to non-privileged, relevant topics, given the subject matter, there would still be "the risk of running into such [privileged] material."  *Id.*; *see also Doe v. Town of Greenwich*, 2020 WL 2374867, at *6 (D. Conn. Jan. 10, 2020) (quashing attorney deposition subpoena where "the risk that privilege and attorney work-product issues might arise. . . is not negligible.").  Mr. Crider's deposition would require significant preparation and involve lengthy privilege instructions to protect Google's privileged information, which in turn would likely result in motion practice between the parties and further burden on the Court.  *See Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 382 (D.D.C. 2011) ("[C]ounsel depositions carry the substantial potential of spawning litigation over collateral issues related to assertion of privilege, scope, and relevancy, that only end up imposing additional pretrial delays and costs on both parties and burdens on the courts to resolve work product and privilege objections.").

**(4) The extent of discovery further weighs against a deposition.**  Finally, Mr. Crider's deposition would serve "[n]o legitimate purpose" because Google will no longer rely on the DMCA safe harbor.  Beyond that, Google has produced "ample discovery" related to Plaintiffs' contributory copyright infringement and trademark infringement claims and Plaintiffs have sought to depose multiple witnesses with knowledge of these topics.  *Gropper v. David Ellis Real Est., L.P.*, 2014 WL 904483, at *2 (S.D.N.Y. Mar. 4, 2014) (quashing deposition subpoena where there had been substantial discovery).  Any non-privileged testimony that Mr. Crider could provide on these topics would be cumulative and/or duplicative.

## C.  The burden on a former employee outweighs any purported "need."

Plaintiffs also cannot demonstrate that their purported need for Mr. Crider's testimony outweighs the significant burden imposed on him as a non-party former employee.  In the Second Circuit, courts consider non-party status when determining whether discovery is unduly burdensome and are "particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party." *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 9401102, at *1 (S.D.N.Y. Mar. 2, 2017); *see also Eletson Holdings Inc. v. Levona Holdings Ltd.*, 2025 WL 2294589, at *6 (S.D.N.Y. Aug. 8, 2025).  As set forth above, Plaintiffs cannot identify with any specificity the relevant non-privileged information they seek from Mr. Crider, particularly given the decision in *Cox*, nor can they articulate why the benefit of obtaining that information outweighs the burden imposed on Mr. Crider as a non-party.  *Sterne Kessler*, 276 F.R.D. at 384-85 (quashing deposition of former counsel because party failed to specify "precisely what information is sought or the benefit of that information is insufficient to overcome the potential risks that the Federal Rules were intended to protect against").

**LATHAM&WATKINS** LLP

Depositions of opposing counsel also present a "unique opportunity for harassment" and are often nothing more than an "adversary trial tactic." *Id.* at 381. This concern is heightened where, as here, the counsel is a former employee who would need to take substantial time from his work as counsel for his new employer to prepare for a deposition. Plaintiffs cannot show any reason why Mr. Crider has critical, unique, non-privileged information. The Court should grant Google's motion for a protective order and issue a stay of his deposition.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF and e-mail)