UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC, |  Case No. 1:24-cv-04274-JLR-BCM |

*Plaintiffs*,

v.

GOOGLE LLC,

*Defendant*.

## DECLARATION OF ADAM CRIDER

I, Adam Crider, declare that:

**Google's Shopping DMCA Policy**

1.    I served as an in-house attorney for Google LLC ("Google") from July 2019 until September 2025.  Specifically, I served as a Product Counsel for the Shopping platform.

2.    During my tenure at Google, I advised several teams, including occasionally providing advice to Google's ████████████████████████████████ ██████████████████████.  ████ was responsible for implementing Google Shopping's DMCA policy, including processing takedown notices, tracking strikes, suspending accounts, and reviewing appeals and reinstatements of suspended accounts.

3.    As a Product Counsel, I provided high-level advice to ████ regarding Google's legal obligations, but was not involved in the specific workflow required to comply with those obligations.  I was contacted by members of Google's ████ team from time to time when questions arose related to Google's compliance with the requirements of the DMCA and Google's

corresponding policies.  These discussions were confidential.  I also sometimes was involved in communications where Google's counsel informed ███ and other business teams about temporary restraining orders and other legal orders, but I had no role in taking any actions to comply with (or voluntarily implement) those orders.

4.      I am aware that I am listed as a point of contact on certain policies and workflows, including Google Shopping's DMCA Policy.  However, even when I was identified as a person to whom ████████████████████████████████████████████ ████████████████, my only role was to advise the ███ team on whether a particular course of action complies with Google's legal obligations.

5.      I did not provide business advice regarding DMCA takedowns or suspensions ████████████████████████.  I did not take any actions against any account that had been determined to warrant suspension.  I am not a subject matter expert in copyright, and was not responsible for processing DMCA takedown notices, suspending accounts, or reviewing appeals or reinstatements of suspended accounts.  Lastly, I was not responsible for implementing Google Shopping's DMCA policy or appeal process.  To the extent I was included on documents or communications relevant to those topics, it was in my role as a Product Counsel.

6.      I also did not provide business advice regarding how Google should combat e-book piracy on the Shopping platform.  To the extent I was involved in any discussions about solutions to address e-book piracy, my role was to provide legal advice, and these discussions were confidential and not shared with anyone outside of Google and its counsel.

3

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Executed on March 30, 2026, in Martinez, California

 

Adam Crider