**Sarah Tomkowiak**
Direct Dial: 202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

## LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

March 30, 2026

**<u>VIA ECF</u>**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:  *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Letter Motion for Pre-Motion Discovery Conference Regarding Motion for</u>
> <u>Protective Order and Stay of Deposition of John Caleb Donaldson</u>

Dear Judge Moses:

Plaintiffs have noticed the deposition of Google's longtime in-house Senior Copyright Counsel, Caleb Donaldson, for April 16, 2026.[1]  Beyond the fact that Mr. Donaldson's role at Google is primarily, if not exclusively, legal, Plaintiffs cannot justify seeking testimony from Mr. Donaldson about Google's DMCA policy for Google Shopping.  Because Plaintiffs cannot meet the standard to show that Google contributorily infringed their copyrighted works set forth in *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 2026 WL 815823, at \*7 (Mar. 25, 2026), Google intends to withdraw its reliance on the DMCA safe harbor.  *See* Dkt. 771. Therefore, Plaintiffs' stated reason for deposing Mr. Donaldson is void.

And even if Google's development of its DMCA policy were still relevant to Plaintiffs' claims, Mr. Donaldson's only substantive involvement was to provide privileged advice regarding Google's legal obligations. Declaration of Caleb Donaldson ("Decl.") ¶ 3.  Other non-attorney employees, outside of the Legal Department, were responsible for implementing Google's DMCA policies, including the suspension and appeals process.  Decl. ¶ 2.  Plaintiffs have not been able to articulate any information that Mr. Donaldson has that Plaintiffs could not obtain from any of the other 18 individuals they may depose (to the extent those employees are still relevant), not to mention from Google's Rule 30(b)(6) designees.

Google respectfully requests that the Court (1) enter a protective order; and/or (2) stay any deposition of Mr. Donaldson until Google's motion for a protective order is resolved.

---

[1] The Parties conferred on March 19, 2026.  Plaintiffs did not agree to withdraw its deposition notice.

LATHAM&WATKINS LLP

## ARGUMENT

### A. The information sought from Mr. Donaldson is irrelevant.

Under Federal Rule of Civil Procedure 26, Plaintiffs may only seek discovery that is "relevant to any party's claim or defense" and proportional to the needs of the case. *Fecteau v. City of Mount Vernon*, WL 1664034, at *1, *4 (S.D.N.Y. June 11, 2025) (denying request to allow deposition to seek testimony from employee on irrelevant policy). Plaintiffs claim they may depose Mr. Donaldson to seek testimony regarding Google's implementation of its DMCA policy for Shopping. Mr. Donaldson does not possess uniquely relevant, non-privileged information about Google's DMCA policy, but even if he did, Google no longer intends to rely on this safe harbor defense. Thus, Plaintiffs cannot show that whatever unique non-privileged information Mr. Donaldson has regarding Google's DMCA policy is relevant to, let alone proportional to the needs of, the case.

### B. The *Friedman* factors weigh against allowing Mr. Donaldson's deposition.

Even if Plaintiffs insist that Mr. Donaldson's testimony is relevant to some other claim or defense unrelated to Google's DMCA policy, they cannot justify seeking testimony from Google's current counsel under long-standing Second Circuit precedent. Because of their "disruptive effect," attorney depositions are disfavored even when they are "limited to relevant and non-privileged information." *KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C.*, 2020 WL 1989487, at *3 (S.D.N.Y. Apr. 24, 2020) (granting protective order and quashing subpoena for deposition of party's counsel). In assessing the need for an attorney's deposition, courts in the Second Circuit consider four factors: (1) "the need to depose the lawyer"; (2) "the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation"; (3) "the risk of encountering privilege and work-product issues"; and (4) "the extent of discovery already conducted." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003). Each of these factors weighs against a deposition of Mr. Donaldson.

**(1) Plaintiffs do not need to depose Mr. Donaldson.** Plaintiffs insist that they must depose Mr. Donaldson on four topics: Google Shopping's DMCA policy related to ███████████ ██████████, Google's reinstatement process, Google's knowledge of ebook piracy, and any non-legal tasks that Mr. Donaldson performed. Setting aside that each of these topics are irrelevant to Plaintiffs' contributory infringement claim (or any defense Google intends to rely upon), Plaintiffs cannot show that Mr. Donaldson possesses any relevant, non-privileged information on these topics, let alone any "specific personal knowledge" that cannot be acquired from other witnesses. *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 425-26 (E.D.N.Y. 2007) (quashing deposition subpoena served on party attorney)

First, Plaintiffs cannot justify their request to depose Mr. Donaldson to seek testimony regarding Google Shopping's DMCA policy related to ███████████████████ To start, Plaintiffs have not shown that the treatment of ██████████████████ under Google Shopping's DMCA policy is even relevant to their claims. And, the Court previously rejected Plaintiffs' argument that this discovery from Mr. Donaldson is necessary because ███████



███████████ may *generally* be subject to Google's DMCA policy. Dkt. 246, Hr'g Tr. at 103:12-104:10 (Oct. 8, 2025).

Moreover, even if the general treatment of ████████████████████ under Google's DMCA policy were relevant, that still would not justify a "need" to depose Mr. Donaldson, because other non-attorney witnesses can testify to that topic—namely, members of Google's ████████████████████ team, who are responsible for implementing Google Shopping's DMCA policy, and, where necessary, escalating questions to counsel. Dkt. 615-1 ¶ 3; *Cerco Bridge Loans 6 LLC v. Schenker*, 2024 WL 4754022, at *2 (S.D.N.Y. July 9, 2024) (quashing deposition subpoena served on party's attorney). Plaintiffs are seeking to depose four other employees responsible for implementation of the policy (including ████ current and former team members)—████████████████████████████—and have noticed four Rule 30(b)(6) topics concerning ████████████████.

Second, Plaintiffs cannot justify their request to depose Mr. Donaldson to seek testimony about the appeal process through which merchants terminated for copyright infringement under the DMCA can be reinstated. Plaintiffs fail to make any connection between Mr. Donaldson and this appeal process, but rather rely entirely on their mischaracterization of a single email, which they posit shows that the appeals process is handled "████████████", even though this email references clearly the ████████████████████, not Google's legal department. Dkt. 615 at 3; Dkt. 763, Hr'g Tr. at 82:2-5, 124:4-125:12 (Mar. 10, 2026). Again, Google's position is that its DMCA appeals process is irrelevant as Google will not rely on this safe harbor defense, but even if the Court disagrees, Plaintiffs can seek this testimony from other Google employees and corporate designees. Plaintiffs cannot justify invading the attorney-client relationship where the information sought can be obtained from non-attorney witnesses.

Third, Plaintiffs cannot justify their request to depose Mr. Donaldson to seek testimony about his knowledge of ebook piracy, as *Cox* foreclosed imposing liability on this basis. 2026 WL 815823, at *7. But even if this argument were still available to Plaintiffs, they fail to show how emails sent by Plaintiffs to Mr. Donaldson (many of which are outside the time period relevant to this litigation) support seeking his testimony on this topic.[2] None of these lawyer-to-lawyer communications suggest that Mr. Donaldson made any business decisions relating to ebook piracy, including regarding Google's decision to exit paid Shopping Ads for ebooks. And, the Court has already rejected Plaintiffs' argument that they need insight into Mr. Donaldson's communications with other Google employees about Google's ebook policies and awareness of ebook piracy. Dkt. 246, Hr'g Tr. at 95:5-97:13 (Oct. 8, 2025). That argument is no more persuasive now; and there are obviously other non-attorney witnesses who can testify regarding these topics.

Finally, Plaintiffs claim they need to depose Mr. Donaldson to ask generally about any non-legal tasks that he and other Google in-house counsel performed. But Plaintiffs have not explained what these "non-legal tasks" are, and this highly speculative assumption that Mr. Donaldson even performed any non-legal tasks cannot justify Plaintiffs' seeking his testimony.

---

[2] If Plaintiffs believe Mr. Donaldson has relevant information requiring depositions, they must believe the same about their own outside counsel.

LATHAM&WATKINS LLP

And, contrary to Plaintiffs' flimsy claim, simply because Google has produced documents that include Mr. Donaldson, often with legal advice redacted, does not mean that he performed non-legal tasks. To the extent Plaintiffs need to depose Mr. Donaldson to discover if he, in fact, performed any non-legal tasks, that is not a cognizable "need" under *Friedman*.

In sum, Plaintiffs cannot show a need to depose Mr. Donaldson. The Court should grant Google's motion for a protective order for that reason alone. *Ingenito v. Riri USA, Inc.*, 2015 WL 9412541, at *9 (E.D.N.Y. Dec. 22, 2015) ("The absence of a demonstrated need to conduct the deposition of an attorney can outweigh even a strong showing of the other factors, particularly given that Plaintiff expressly seeks to depose counsel as to a privileged topic.").

**(2) Mr. Donaldson's role was to provide legal advice.** Plaintiffs also cannot justify their request to depose Mr. Donaldson based on his "role in connection with the matter on which discovery is sought and in relation to the pending litigation." *Friedman*, 350 F.3d at 72. Along with having no relevance to any party's claims or defenses, Mr. Donaldson was not involved in implementing Google's DMCA policies, appeal process, or ebook policies. Decl. ¶¶ 3-5, 7-8. To the extent Mr. Donaldson was included on documents or communications relevant to these topics, it was as an attorney consulted for legal advice. *Id.* ¶¶ 3-4, 7. Given Mr. Donaldson's role, his deposition would "encroach upon the attorney-client relationship between [the party] and its counsel." *KOS Bldg. Grp.*, 2020 WL 1989487, at *5. Moreover, and as discussed above, where "there are … other witnesses who can testify regarding the same topic," as there are here, the second *Friedman* factor weighs against permitting attorney testimony. *Finkel v. Zizza & Assocs. Corp.*, 2021 WL 1375655, at *4 (E.D.N.Y. Apr. 12, 2021).

**(3) Deposing Mr. Donaldson presents a substantial risk of encountering privileged or protected information.** Mr. Donaldson has been Google's in-house Copyright Counsel for over 14 years and has advised Google on a wide range of matters involving Google's legal obligations under various copyright laws. Decl. ¶ 1. As noted above, to the extent his advice was sought in relation to Google's (now irrelevant) DMCA policies, ebook piracy generally, or the events that led to this lawsuit, that advice was sought in his role as an attorney. As his "knowledge about such topics would inevitably implicate any legal advice he provided as part of his attorney role," this deposition "would likely generate many privilege objections." *GLD3, LLC v. Albra*, 2024 WL 4471672, at *6 (S.D.N.Y. Oct. 11, 2024). And even if Plaintiffs agreed to limit their questions to non-privileged, relevant topics (e.g., communications with Plaintiffs' counsel), given the subject matter, there would still be "the risk of running into such material." *Id.* The deposition would involve lengthy privilege instructions regarding where and how to draw the lines between the few, if any, relevant non-privileged communications and privileged communications on the same topics, no doubt leading to further motion practice and disputes over whether lines were appropriately drawn.

**(4) The extent of discovery further weighs against a deposition.** Finally, Mr. Donaldson's deposition would serve "[n]o legitimate purpose" because Google will no longer rely on the DMCA safe harbor. Beyond that, Google has produced "ample discovery" related to Plaintiffs' contributory copyright infringement and trademark infringement claims on its Shopping DMCA policy and Plaintiffs have sought to depose multiple witnesses with knowledge of these

LATHAM&WATKINS LLP

topics. *Gropper v. David Ellis Real Est., L.P.*, 2014 WL 904483, at *2 (S.D.N.Y. Mar. 4, 2014) (quashing deposition subpoena where there had been substantial discovery and attorney would not provide new information). Any testimony that Mr. Donaldson could provide on these topics would be "duplicative information." *Id.*

For these reasons, Plaintiffs cannot show any benefit to be gained from Mr. Donaldson's testimony that would outweigh the concerns, expressed by courts around the country and over time, about the unique opportunity for harassment and waste of resources that depositions of attorneys present. As such, Google respectfully requests the Court grant its motion for a protective order regarding the deposition of Caleb Donaldson, and issue a stay of his deposition.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF and e-mail)