

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
jkane@oandzlaw.com

March 31, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

> **Re:** *Cengage Learning, Inc. et al. v. Google LLC*, **No. 24:cv-04274-JLR-BCM**
> **Plaintiffs' Request to Extend the Deadline to Respond to Google's Motion to**
> **Stay Discovery (Dkt. 771)**

Dear Judge Moses,

We represent all Plaintiffs in this matter. Late last night, Google filed a motion to stay all discovery in this case. Dkt. 771. Under the Court's Individual Practices section 2(e), Plaintiffs' opposition is due Thursday, April 2. Plaintiffs respectfully ask the Court to extend that deadline by a modest two court days to Monday, April 6. Plaintiffs' proposed deadline is consistent with the schedule Judge Rochon approved for Google's prior motion to stay. Dkt. 119 (providing Plaintiffs one week to respond to Google's motion (Dkt. 117)). (Judge Rochon ultimately denied that motion to stay. Dkt. 191.).

Google's motion to stay requests that the Court hear Google's motion at the upcoming April 7 discovery conference. Dkt. 771 at 1. This is unreasonable and infeasible. First, Google requests a stay because it *plans* to file a motion for partial judgment on the pleadings. Dkt. 771 at 1. But Google has not yet filed that motion. Indeed, Google informed Plaintiffs that Google does not plan to do so until April 17. Google's motion to stay acknowledges that one factor the Court should consider is "the strength of the pending motion forming the basis of the request for stay." Dkt. 771 at 1 (citing *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (which, incidentally, denied a stay)). The Court cannot fully consider "the strength" of a motion that Google has not yet filed, and Plaintiffs have not yet opposed. Second, under Google's proposed schedule, Google's reply would be due April 6 (Individual Practices § 2(e)), leaving the Court less than a day to review Google's reply before the April 7 hearing. This will not allow the Court (or, for that matter, Plaintiffs) sufficient time to prepare for the conference.

Logistically, filing an opposition by April 3 would be very difficult for Plaintiffs. Several of Plaintiffs' outside and in-house counsel are celebrating Passover this week, and are travelling to do so.

Finally, Google's claims about the urgency of its stay motion are manufactured. The forthcoming Rule 12(c) motion that Google predicts will necessitate a stay is without merit. It is clear from the face of the *Cox* opinion that Google's conduct readily meets the test for contributory liability that the Supreme Court accepted. *Cox Commc'ns, Inc. v. Sony Music Ent.*, No. 24-171, 2026 WL 815823 (U.S. Mar. 25, 2026). The *Cox* decision holds that the intent necessary to show contributory infringement can be inferred when the defendant induced others to infringe. *Id.* at *6.

Hon. Barbara Moses
March 31, 2026
Page 2 of 2

Knowingly advertising counterfeit copies of ebooks, and providing links to users to purchase those infringing works, is classic inducement. Google's 12(c) motion will neither dispose of this case, nor alter discovery.

Pursuant to the Court's Individual Practices section 2(a), Plaintiffs note that Plaintiffs have not previously requested an extension of their deadline to oppose Google's motion to stay. Plaintiffs proposed this deadline to Google on March 30, 2026 and requested a meet-and-confer. In an email this morning, Google's counsel refused to meet and confer, and stated that Google opposes Plaintiffs' request. Google asked that Plaintiffs include in their request the following statement from Google:

> Google opposes Plaintiffs' request for an extension, which would extend briefing past the April 7 hearing at which Google has requested the Court consider its motion. Given the nature of the relief sought, and the amount of resources currently being devoted to discovery that is no longer necessary in light of the developments set forth in Google's motion, considering Google's motion at the earliest practical date can save the Court and the parties significant time and expense.

Plaintiffs respectfully request that the deadline to oppose Google's motion to stay discovery (Dkt. 771) be extended to April 6, 2026.

We thank the Court for its consideration.

/s/ *Jeff Kane*
Jeff Kane

*Counsel for Plaintiffs*