**Sarah Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

April 3, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM

Dear Judge Moses,

Google writes, pursuant to the Court's order (Dkt. 751), to provide an update to the Court regarding Google's progress in reviewing the custodial documents of its newly added custodian, Mr. L.  As ordered, on March 11, 2026 Google provided Plaintiffs with the hit report for Mr. L's custodial documents referenced at the March 10 hearing.  Google provided a revised version of that hit report (adding one later-agreed to search term string) on March 18, 2026.  In its March 18, 2026 email, Google also proposed search terms that should be eliminated from Mr. L's custodial review (Search Terms 2, 9, 12, 14, and 15) because they are not specifically targeted to identify the documents Plaintiffs argued they needed from Mr. L in their motion to compel (Dkt. 650).[1]  As requested by Plaintiffs, Google sent a hit report for Mr. L's documents removing Search Terms 2, 9, 12, 14, and 15, which showed that the hits would reduce by about 1,000 documents (from 5,867 to 4,468 hits).  Google also confirmed that its hit count reports (including the report discussed with the Court at the March 10 hearing) reflect hits deduplicated across search terms for Mr. L's documents.  This is the exact information Google and Plaintiffs have exchanged in all hit reports for all custodian disputes to date, and is what Google referenced at the March 10 hearing.

As of April 1, 2026, Plaintiffs had neither accepted nor rejected Google's March 18, 2026 proposal, and had not sent any counterproposal despite Google's request that they do so.  The parties conferred on April 2, 2026, and Plaintiffs again failed to meaningfully engage with

---

[1] Importantly, Google made this proposal to Plaintiffs before the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 2026 WL 815823 (Mar. 25, 2026) and before it determined to withdraw its reliance on the DMCA safe harbor in light of that decision.  These developments underscore that broad custodial discovery from Mr. L is not relevant or proportional to any claims or defenses in this action; however, Google continued to negotiate search terms in good faith.

LATHAM&WATKINS LLP

Google's proposal, instead complaining about the type of hit report Google has provided because the hits were not also deduplicated against documents collected from other custodians— information that neither side has collected or exchanged in any custodian dispute to date. Plaintiffs ultimately counter-proposed that they would allow Google to run a more limited version of *one* search term, but otherwise would require Google to run all terms.[2] Plaintiffs' proposed change in this search term does not meaningfully alter the hit count for Mr. L, and as such, Google will proceed with reviewing all documents that hit on all 15 search terms (including sub-parts).[3] *See* Dkt. 751 ("However, if the parties are unable to reach an agreement, Google must run the search using the previously agreed-upon custodial search terms.").

Because the parties only concluded their conferral on April 2, more than three weeks after the March 10 hearing (and the result is that they were unable to narrow the volume of documents to be reviewed), Google will need additional time to complete its review and production of Mr. L's documents beyond the current April 10, 2026 deadline. *See* March 10, 2026 Hr'g Tr. 172:19-24 (giving Google an "aspirational deadline" of April 10, but requesting that Google provide an update on April 3 if it cannot meet that date). In good faith, Google has started its document review of all documents that hit on the search terms in Google's March 18 proposal (i.e., all Search Terms except for 2, 9, 12, 14, and 15) (and had started that review in advance of the parties completing their conferral). Because of these efforts, Google will be able to start rolling productions of these documents shortly, but will need additional time to complete its review of these documents and begin its review of documents hitting on Search Terms 2, 9, 12, 14, and 15. Accordingly, Google respectfully requests a modest extension[4] until **April 21, 2026** to complete Mr. L's custodial production. In light of this extension request, Google suggested that the parties reschedule Mr.

---

[2] Plaintiffs proposed removing the highlighted terms from existing search term 1: ("Chinh Tran Van" OR "Quttainah" OR "Najji" OR "Nazaryan" OR "12291833" OR "3465734" OR "4100869" OR "6408119" OR "40947753" OR "4065204" OR 3936191 OR "5790284" OR "20-cv-00769" OR "20-cv-769" OR "20-cv-08438" OR "20-cv-8438" OR "20-cv-06368" OR "20-cv-6368" OR "21-cv-03486" OR "21-cv-3486" OR "19-cv-10524" OR "21-cv-06691" OR "21-cv-6691" OR "23-cv-02798" OR "23-cv-2798" OR "23-cv-07193" OR "23-cv-7193") OR (("McGraw Hill" OR Cengage OR Elsevier OR Macmillan OR "McGraw Hill") AND (litigat* or action or suit* or lawsuit* "TRO" OR "temporary restraining order" OR pirate* or piracy)). Plaintiffs did not otherwise agree to eliminate any search terms.

[3] Plaintiffs also reneged this meaningless counterproposal because Google intends to seek this brief eleven-day extension from the Court.

[4] Plaintiffs have asked this Court for several extensions to produce relevant discovery. *See, e.g.,* Dkt. 539. Google did not object to Plaintiffs' request for an extension of one month (from February 6, 2026 to March 6, 2026) to complete what Plaintiffs' claimed was its review and production of new search terms that were agreed to two months earlier on January 7, 2026. *See id*, ¶ 8; *see also* January 20, 2026 Hr'g Tr., 138:11-140:19. And Plaintiffs ultimately gave themselves an extension from January 6, 2026, to March 6, 2026, to produce documents for existing search terms applied to ten new custodians, five of whom had been agreed upon by the Parties as of November 5, 2025. Yet, Plaintiffs have declined to agree to Google's request to extend its deadline to produce Mr. L's custodial documents by eleven days.

**LATHAM&WATKINS**LLP

L's deposition from April 23, 2026 to a date in May or June, to allow Plaintiffs time to review the produced documents, as the Court assumed would be needed.  March 10, 2026 Hr'g Tr. 170:9-13. Without explanation, Plaintiffs declined to agree to reschedule the deposition.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP


cc:    All Counsel of Record (via ECF)

**LATHAM&WATKINS**LLP