

Oppenheim + Zebrak, LLP

WASHINGTON – NEW YORK

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

April 3, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

   Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM
      Parties' Joint Status Letter

[Redacted]

Dear Judge Moses,

   Pursuant to Your Honor's Order (Dkt. 751) and in advance of the upcoming April 7, 2026 discovery conference, counsel for all parties respectfully submit this Joint Status Letter.

**I. Joint Section**

   The discovery motions pending before the Court are identified in the below chart.

| Motion | Docket Nos. (Opening, Opposition, Reply) |
|---|---|
| Google's Motion re: Plaintiffs' Clawed-Back Documents | Dkts. 689, 718, 741 |
| Pls' Motion re: Hyperlinked and Referenced Documents in GOOG-CENG-00437101 | Dkts. 697, 716, 732 |
| Google's Motion re: Modify Order at Dkt. 472 re DMCA sampling data | Dkts. 724, 609/702/745, 760 |
| Google's Motion re: Protective Order and Stay of Deposition for A. Crider | Dkts. 773, 785, reply forthcoming on 04/06/2026 |
| Google's Motion re: Protective Order and Stay of Deposition for C. Donaldson | Dkts. 776, 785, reply forthcoming on 04/06/2026 |

**II. Plaintiffs' Section**

**Google's Discovery**

   Google wishfully assumes that *Cox Commc'ns, Inc. v. Sony Music Ent.*, No. 24-171, 2026 WL 815823 (U.S. Mar. 25, 2026) allows Google to escape liability for its mass infringement of Plaintiffs' works. It does not. As Plaintiffs are eager to explain once Google actually files its motion for judgment on the pleadings, the *Cox* decision holds that the intent necessary to show contributory infringement is satisfied where the defendant "actively encourage[d] infringement through specific acts." *Id.* Knowingly advertising counterfeit copies of ebooks, and providing links

to users to purchase those infringing works, unquestionably is active encouragement through specific acts. Google's 12(c) motion will not dispose of this case. Even farther afield is Google's suggestion that this unfiled motion should alter discovery.

No doubt realizing that its DMCA program had no chance of qualifying for the statutory safe-harbor, Google uses the *Cox* decision as cloud-cover to withdraw (finally) its DMCA defense. But Google's long-overdue withdrawal of this defense does not mean that the infirmities of Google's copyright policy and DMCA program are not directly relevant to Google's liability and willfulness. The features of that policy (e.g., its explicit provision of ███████████████████ ████ customers, and its apparent lack of any ████████████████████████████ ███████████████), Google's haphazard systems for enforcing it (including its ████████████ ███████████████████), and Google's failure to comply with the policy (including its failure to delist ads and suspend merchants in accordance with the policy) are all important evidence of Google's intent, culpability, and of the need for deterrence.

To the extent Google believes there is existing discovery that is obviated by Google's withdrawal of the DMCA defense, Google must first meet and confer with Plaintiffs on those specific issues, rather than provide a litany of conclusory requests in a status report.

Google's request to "pause" depositions is simply its latest in a long line of attempts to hide evidence. Despite this Court's clear instructions that depositions should proceed, Google has made only one Google witness available for deposition. Google unilaterally has cancelled five depositions, has yet to provide a date for five others, and has moved for a protective order to block two more (Dkts. 773, 776). Although Plaintiffs provided a 30(b)(6) notice to Google more than two months ago, Google has failed to designate a 30(b)(6) witnesses for 61 of Plaintiffs' 73 topics. There is no cause to "pause" depositions. Google has moved for a stay pending the Court's resolution of Google's forthcoming motion for judgment on the pleadings. Google is not entitled to self-help itself to a stay pending the resolution of Google's motion to stay. Google's gamesmanship and delay relating to depositions must stop.

Indeed, Google included so many requests for postponements in the instant status update that Google ran out of space, and so has filed a second letter requesting two more: one to postpone the deadline to produce documents from ███████████████████ and one to postpone Mr. ███████████ deposition. Dkt. 790 (filed only minutes before the parties had agreed to exchange sections of the instant report). Plaintiffs will respond to separately to Google's unwarranted request.

So far, discovery from Google has revealed two things: Google's clear liability, and the incompleteness of its productions. There is no reason to slow discovery now.

**Plaintiffs' Discovery**

Plaintiffs have produced over 455,000 documents, nearly 5.2 million pages and voluminous native documents, constituting approximately 977 GB of data. Since the last status report, Plaintiffs responded to Google's 30(b)(6) notices and third set of interrogatories and conferred with Google regarding the same. The parties reached agreement on Plaintiffs' witnesses' 30(b)(6) topics. One McGraw Hill witness has been deposed, one Cengage witness will be deposed next week, two Macmillan witnesses will be deposed the following week, and one Elsevier witness will be deposed the week after that. Of the remaining five Plaintiff witnesses, their depositions are either scheduled (through May 12), or Plaintiffs are waiting on Google to provide dates.

Google references Plaintiffs' document production below. Plaintiffs worked with Google to resolve prior custodians/search-terms disputes, and the Court denied Google's motion to require Plaintiffs to run additional searches. Dkt. 510. After Plaintiffs timely served their supplemental document production on and before March 6, Google manufactured more disputes, claiming that Plaintiffs should add nine more custodians (including five non-employees of Plaintiffs), run seven new search-strings, produce numerous documents referenced in emails, and produce their retention policies. Plaintiffs explained that neither the additional custodians (who do work for Plaintiffs) nor the untargeted search-strings (with 37,000 hits, without family) would yield new, relevant information. Nor is there any reason for Plaintiffs to produce their retention policies or require Plaintiffs to search in new data sources (some of which are not searchable or not controlled by Plaintiffs) for documents that do not exist. The Court has rejected Google's prior efforts to burden Plaintiffs with more discovery based on similar speculation. That said, Plaintiffs have continued to provide information to Google to resolve any issues that can be resolved. Google has the documents it needs from Plaintiffs. Google's, not Plaintiffs', discovery is the issue.

## III.   Defendant's Section

*Scope of Discovery/Extension of Fact Schedule.*   The scope of relevant, proportional discovery in this case has fundamentally changed in light of the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 2026 WL 815823 (Mar. 25, 2026), and Google's related withdrawal of its DMCA defense. *Cox* significantly limits when companies like Google can be held liable for contributory copyright infringement, cabining that claim to instances where companies induced infringement or tailored their services to infringement.   Google's position is that *Cox* completely forecloses Plaintiffs' contributory infringement claim.   As a result, Google (1) has withdrawn its DMCA defense, *see Cox*, 2026 WL 815823, at *7 (explaining DMCA "merely creates new *defenses* from liability" and does not bear on whether provider's conduct is infringing); (2) intends to file a motion for partial judgment on the pleadings pursuant to FRCP 12(c) by April 17; and (3) moved to stay discovery (Dkt. 771) (which Google understands will be heard by Judge Rochon).

Regardless of whether Judge Rochon grants Google's motion to stay discovery pending a ruling on its forthcoming 12(c) motion, the Parties require time to reassess what discovery remains relevant and proportional before further proceeding with costly and resource-intensive discovery. Most notably, Google's DMCA defense—which has been Plaintiffs' primary justification for seeking burdensome discovery and features prominently in Plaintiffs' 30(b)(6) topics—is now withdrawn.   At minimum, the Parties require time to reassess the relevancy of noticed depositions (many of the deponents discussed by Plaintiffs above are only relevant, if at all, to Google's withdrawn DMCA defense) and the scope of Google's 30(b)(6) testimony (see below).   While the Court had already contemplated extending the May 6 fact discovery cutoff, Google submits that it would be appropriate to extend that deadline by at least two or three months, while the Parties reassess.[1]

---

[1] Given Google's position on a stay, Google has refrained from filing additional discovery motions.   But if discovery is not stayed, depositions of Plaintiffs' witnesses should be paused at least because Google intends to seek additional document discovery.   Plaintiffs' production of the bare minimum needed to support their copyright claim does not excuse their anemic custodial

*Depositions.* Since the March 10 hearing, the Parties have completed two depositions and each Party will take another next week. One of the topics in Google's 30(b)(6) notice remains in dispute. And the Parties have not confirmed dates for two of Plaintiffs' witnesses. At least 23 depositions, not including those of party witnesses who will testify only as 30(b)(6) designees, remain to be taken. Google continues to confirm dates for Google's witnesses, and multiple witnesses are scheduled for April. Some witnesses are located outside the U.S., which has added scheduling complexity.[2] And **both** Parties have moved depositions due to conflicts. Google has requested the Court issue a protective order for the two attorney depositions Plaintiffs seek. Dkts. 773, 775.

While the Parties continue to meet and confer regarding the overly broad 73 topics in Plaintiffs' 30(b)(6) notice, many of these topics are no longer relevant or proportional to Plaintiffs' foreclosed copyright claim or comparatively lower-stakes trademark claim, or are no longer relevant because Google has withdrawn its DMCA defense. Google intends to amend its responses and objections to Plaintiffs' notice to specifically identify those topics.

*Document Discovery.* Google is on track to meet the April 10 deadline for producing certain written document and data retention policies. Dkt. 751 ¶3(b). The Court also ordered Google to add Mr. L as a custodian and both Parties to meet and confer regarding search terms. As detailed in Google's contemporaneous letter (Dkt. 790, as ordered in Dkt. 751), the Parties did not reach an agreement. Google respectfully requests an extension until April 21 to produce these documents.[3]

*Sampling.* The purpose of the DMCA sampling exercise was to allow Plaintiffs to "test" Google's implementation of its DMCA policy for Shopping with respect to infringement notices and merchants not tied to Plaintiffs' asserted works, which the Court agreed was relevant to Google's DMCA defense. *See, e.g.*, Hr'g Tr. at 57:24–59:4 (Dec. 1, 2025). Now that Google has withdrawn that defense, that discovery is no longer necessary. *See* Dkt. 771 at 3. The exercise imposes a tremendous burden on Google, requiring production of at least 27 terabytes of data, over 18 times the total amount of data Google has produced, for a defense that Google has withdrawn. Dkt. 760 at 3. This immense burden would be disproportional *even if* Google were relying on its DMCA defense. But since Google is not, there can be no question that requiring Google to produce this additional (and intrusive) data about merchants unconnected to this case would be profoundly

---

productions. Their recent (late) document productions reveal significant deficiencies, including the existence of crucial sources of information that Plaintiffs have not searched. Although depositions for Cengage and Macmillan are scheduled to occur over the next two weeks, neither has substantively responded to the issues Google raised with their March 6 productions. Nor have Plaintiffs provided any substantive rationale for why the additional custodians or search terms are irrelevant.

[2] Contrary to Plaintiffs' representation, Google has not agreed to make witnesses available in Paris. Any non-U.S. witnesses Google voluntarily produces will be made available in London.

[3] Plaintiffs are wrong that Google seeks to cancel Mr. L's deposition. Because Google is still in the process of reviewing and producing Mr. L's documents, Google suggested that deposition take place later than April 23 (the current date on the calendar).

disproportional and unjustified.  Therefore, Google respectfully asks the Court to vacate or modify its Order at Dkt. 472.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*

Sarah A. Tomkowiak
Latham & Watkins LLP
*Counsel for Google*

*/s/ Michele H. Murphy*

Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
*Counsel for Plaintiffs*