**O+Z** | **Oppenheim + Zebrak, LLP**

WASHINGTON – NEW YORK

Yunyi Chen
461 5th Avenue, 19th Floor
New York, NY 10017
Tel. 212.951.1156
ychen@oandzlaw.com

April 6, 2026

**VIA ECF**

The Honorable Barbara Moses
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
> **Plaintiffs' Informational Letter re: Newly Uncovered Facts Relevant to Plaintiffs' Dkt. 590 Letter Motion**

[Redacted]

Dear Judge Moses,

We represent all Plaintiffs in this matter. Plaintiffs write to bring to the Court's attention recently revealed facts through (1) Google's withdrawal of its privilege claim over a document titled ███████████████████ described as a █████████████████████████ ███████████████████[1] which Plaintiffs selected for the Court's *in camera* review pursuant to the Court's Order (Dkt. 751) granting in part Plaintiffs' motion challenging Google's privilege assertions (Dkt. 590) (the "Motion"); and (2) Google's new fact declarations (Dkts. 779 (the "Tomkowiak Declaration"), 780 (the "Carver Declaration"), 781 (the "Kelly Declaration")) concerning other documents Plaintiffs selected for *in camera* review.[2]

Plaintiffs respectfully submit that these newly surfaced facts are highly relevant to the Court's final disposition of Plaintiffs' Motion, and should be taken into consideration in fashioning the ultimate relief.

I.    **Google claimed that a "thorough re-review" of the withdrawn document revealed that legal advice "pervades" the Withdrawn Document.**

When Plaintiffs inquired about the Withdrawn Document months ago, Google affirmatively represented that "the confidential legal advice of the attorney noted in the privilege

---

[1] Attorney Declaration of Yunyi Chen in Connection with Plaintiffs' Informational Letter re: Newly Uncovered Facts Relevant to Plaintiffs' Dkt. 590 Motion, Ex. 1 (GOOG-CENG-00622119, the "Withdrawn Document" or the ███████████████████ ), corresponding to Google's Privilege Log #1, Privilege Log ID 110.

[2] In responding to Google's motion seeking permission to file these declarations (Dkt. 768), Plaintiffs stated their position that, if the Court allowed Google to file the declarations, they should be served on Plaintiffs, and Plaintiffs should be granted the opportunity to file a short response. Dkt. 769 at 1. In issuing a Memo Endorsement Order on Dkt. 768, the Court did not mention Plaintiffs' filing or expressly rule on it. Dkt. 770. If a separate order is needed for Plaintiffs to submit the information concerning the declarations contained herein, at the Court's direction, Plaintiffs will respectfully request such leave for the reasons set forth in Dkt. 769.

Hon. Barbara Moses
April 6, 2026
Page 2 of 4

description *pervades* the document at issue," Dkt. 593-6 at 19 (emphasis added), a claim that Google boasted was based on "a thorough re-review" of the document, Dkt. 593-6 at 7. In other words, this is not a document that Google could say it mistakenly withheld due to a lack of review.

Once Plaintiffs selected this document for *in camera* review, however, Google recognized that it no longer could maintain its baseless privilege claim over that document. Had Google not withdrawn its claim, the Court inevitably would have recognized that the document was not privileged. Google accordingly informed Plaintiffs that it would withdraw its privilege claim over the document.

**II.    The Withdrawn Document is highly relevant and provides important new information on Google's Shopping copyright policy.**

With the long-overdue production of Withdrawn Document, i.e. the ████████████ ██████████ we now know that this document described on Google's privilege log as "[m]emorandum reflecting legal advice" is neither a memorandum nor a reflection of legal advice. Ex. 1. Indeed, far from "legal advice . . . pervad[ing] the document," Google now concedes that the document is not privileged at all. A review of the document shows that it is purely a policy document explaining what Google's DMCA policy and procedures are, and how they are enforced. Ex. 1.

The ██████████████████ is not "privileged" any more than other policy documents Google produced would be "privileged," *see, e.g.,* Dkt. 593-8 (GOOG-CENG-00000685), a document discussed at length at the March 10 hearing on Plaintiffs' Motion. Both documents explain what Google's Shopping policies are and how they are enforced, and both happen to bear a "[Privileged and confidential]" heading on the first page. That heading is rendered meaningless by Google's apparent practice, as demonstrated in these documents, of labeling documents as privileged when they, in fact, are not.

Tellingly, the Withdrawn Document contains damaging information about Google's copyright (i.e. DMCA) policy implementation. It states that when Google suspends a merchant account, that "suspension" usually is ████████ Ex. 1. at -2126. However, ████████ ████████████████████████████████████████████████████████ because ████████████████████████████████████████████████████████████ *Id.* That means Google implements its DMCA policy in a way specifically designed to allow repeatedly infringing ████████ i.e. ████████████ merchants,[3] to ████████████████████ ████████████ after receiving ████████████████████████████████ merchants are suspended. *Id.*

The Withdrawn Document also instructs employees to ████████ the ████████ ████████ and ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ *Id.* at -2124. However, ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ *Id.* Notably, the document instructs employees to be ████████████

---

[3] As Google's own document explains, the designation of ████████ merchants was ████████████████████████ Dkt. 645-1 (GOOG-CENG-00433532 at –3534).

Hon. Barbara Moses
April 6, 2026
Page 3 of 4

████████████████ as opposed to instructing employees to actually refrain from ████████ *Id.* Of course, Google employees would not be able to provide these preferential treatments to ████████ merchants without ██████████████████████ since the designation of ████████ merchants is by definition ████████████ Dkt. 645-1 (GOOG-CENG-00433532 at –3534).

This specific instruction for employees to, on the one hand, ████████████████ ███████████████████████████████████████████████ does not appear in other documents Google produced. It is key information showing how Google actually implements its copyright policy. Perhaps this key information explains why Google would have wanted to hide this document, but withholding it on privilege grounds was plainly improper.

### III.    Google's new fact declarations contradict its privilege logs.

Google sought to submit new fact declarations that it claimed were "needed to provide facts necessary to understand the context of certain documents submitted for *in camera* review, that are not apparent on the face of such documents." Dkt. 768. On April 1, Google filed these declarations, which address five out of the six documents Plaintiffs selected for *in camera* review,[4] corresponding to Submission Numbers 1, 4, 5, 6, 7 in Google's *in camera* submission. These new declarations contradict Google's privilege logs.

**Submission Number 1 & Replacement Submission Number 6:**[5] Plaintiffs specifically flagged Submission Number 1 and Replacement Submission Number 6 to Google (Dkt. 593-6 at 11, 33), which are both described in the privilege log as involving "legal advice . . . regarding copyright policy compliance," designated as attorney-client privileged but not protected work-product, and contain no mention of litigation. Despite Google's claim of its "thorough re-review," Google never told Plaintiffs that it thought the log descriptions for these two documents were inaccurate, or that it asserted work-product claims over these documents. The Carver Declaration now claims that ████████████████████████████ Carver Decl. ¶ 10. Carver also excuses Google's months-long delay in asserting ████████████ because ██████████████████████████████ *Id.*

This representation begs the question. If Google is now taking the position that the Court cannot tell from the face of the documents why they are privileged without understanding ████ ████████████████ then on what basis did Google initially withhold them, evidently without understanding ████████████████████? This calls into question whether Google is withholding documents concerning "policy compliance" that do not in fact involve any privileged attorney-client communications, and do not happen to relate to any litigation, and hence are discoverable.

---

[4] Counting the Withdrawn Document also chosen by Plaintiffs, Plaintiffs selected seven documents for *in camera* review in total.

[5] These correspond to Google's Privilege Log #1, Privilege Log ID 15, and Privilege Log #5, Privilege Log ID 557.

Hon. Barbara Moses
April 6, 2026
Page 4 of 4

**Submission number 5:**[6] Google's privilege log states that the document is titled ███████████ created on ████████████ with a non-attorney ████████ as the author, and describes it as a ████████████████████████ ████████ with no mention of Caleb Donaldson.

Plaintiffs also flagged this specific document to Google, Dkt. 593-6 at 33. Google likewise never told Plaintiffs that it thought this log description was inaccurate following its "thorough re-review." But its latest explanation for this document, put forth through the Carver Declaration, contradicts the log description. Carver describes the document as ████████████ ████████████████████ and states that h████████████████ ████████████████████ Carver Decl. ¶ 11. This explanation bears no resemblance to the corresponding privilege log entry.

Moreover, although the log describes the document as ████████████████ ████ Carver himself does not state that ████████████████████ ██████ *Id.*

## IV.    These revelations are highly relevant to issues raised in the Motion.

The Court's order for the parties to select documents for *in camera* review is intended to act as a sample of the broader universe of withheld documents. If this sample is indeed representative of that universe, then it reveals a concerning error rate whereby Google's privilege logs incorrectly describe *more than half* of the withheld documents. Out of the seven total documents Plaintiffs picked for *in camera* review, one turned out to be not privileged at all, and three were described incorrectly in Google's privilege logs according to Google's new declarations. These new facts are highly relevant to the Court's final disposition of the Motion because they call into question the reliability of Google's privilege logs and whether Google is withholding other documents which, like the ████████████████████, do not contain legal advice but merely describe an internal policy and how it is implemented.

## V.    Conclusion

Plaintiffs therefore respectfully suggest that the Court consider the new information presented herein in its final disposition of the Motion.

Respectfully submitted,

*/s/ Yunyi Chen*
Yunyi Chen

---

[6] This corresponds to Google's Privilege Log #1, Privilege Log ID 96.