**Sarah Tomkowiak**
Direct Dial: 202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

April 6, 2026

**<u>VIA ECF</u>**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:  *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Reply in Support of Google's Letter Motion for Pre-Motion Discovery Conference</u>
> <u>Regarding Motion for Protective Order and Stay of Depositions of Adam Crider</u>
> <u>(Dkt. 773) and John Caleb Donaldson (Dkt. 776)</u>

Dear Judge Moses:

Plaintiffs' joint opposition[1] (the "Opposition" or "Opp.," Dkt. 785) to Google's motions for a protective order for the deposition of its former counsel Adam Crider (Dkt. 773) and current counsel Caleb Donaldson (Dkt. 776, together the "Motions") fails to justify their disfavored gambit of seeking to depose not one, but two, Google attorneys.

Plaintiffs' single Opposition addressing Google's distinct Motions for Mr. Crider and Mr. Donaldson improperly conflates the two attorneys, often stretching evidence relevant to one to try to justify deposing both.  This tactic alone highlights the lack of a legitimate, individualized need for each deposition.  If Plaintiffs' purported reasons for seeking both depositions are identical, that only underscores the redundancy and unnecessary burden of duplicative attorney examinations. The reality, of course, is that Mr. Crider and Mr. Donaldson held different positions at Google and provided legal counsel in separate capacities.  Their roles and responsibilities were not interchangeable, and any justification for their depositions must be assessed independently—not lumped together for convenience.

Plaintiffs did not have a legitimate need to depose either Mr. Crider or Mr. Donaldson prior to serving the former with a subpoena and serving Google with a notice for the latter.  But the

---

[1] Because Plaintiffs filed a single consolidated opposition containing 2,605 words (Dkt. 785), Defendants file this single consolidated reply in in support of their Motions.  The reply is 2,997 words.  To the extent the Court deems this as exceeding the 2,000-word limit for letter briefs (Judge Moses Individual Practices § 1(d)), Google respectfully request permission to file an enlarged letter reply brief.

LATHAM&WATKINS LLP

Supreme Court's recent *Cox* decision and Google's explicit withdrawal of its DMCA defense (the justification previously offered by Plaintiffs as to why either attorney would have unique, relevant, non-privileged testimony)[2] underscores that Mr. Crider's and Mr. Donaldson's depositions are unnecessary and unwarranted.  Faced with that reality, Plaintiffs now grasp for new arguments tied to defenses that have never been central to discovery. This shift only further exposes the lack of genuine necessity behind Plaintiffs' demand for either deposition.

Google respectfully requests that the Court enter protective orders barring the depositions of Mr. Crider and Mr. Donaldson.[3]

## ARGUMENT

### A. Plaintiffs cannot show a need for testimony from Mr. Crider and Mr. Donaldson, let alone one that outweighs the risk of disclosing privileged information or the burden to Google and a non-party.

Contrary to Plaintiffs' mischaracterization, courts in this Circuit[4] routinely block parties from deposing their counter-party's attorneys, upon considering "all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003); *see also Cerco Bridge Loans 6 LLC v. Schenker*, 2024 WL 4754022, at *2-4 (S.D.N.Y. July 9, 2024) (quashing deposition subpoena served on party's attorney); *Resqnet.Com, Inc. v. Lansa, Inc.*, 2004 WL 1627170, at *5 (S.D.N.Y. July 21, 2004) (same).  Google does not ask the Court to simply block the depositions of Mr. Crider or Mr. Donaldson "automatically" because they are attorneys, but rather because the factors *Friedman* prescribed to assess attorney depositions favor granting these Motions.  *See Yash Raj Films (USA) Inc. v. Kumar*, 2007 WL 2462668, at *1 (E.D.N.Y. Aug. 27, 2007) (affirming magistrate judge's quashing of attorney deposition in a copyright infringement case because even though "there's no ironclad rule" prohibiting attorney depositions, the Court must consider "what the real need is and what the lawyer's role is and if there are other sources or other individuals who might be able to give the information").

Plaintiffs misconstrue what evidence is relevant to their unviable contributory copyright infringement claim.  The *Cox* decision forecloses Plaintiffs' argument that Mr. Crider and Mr. Donaldson's testimony about Google's knowledge that it ran ads for pirate knowledge and "persistence in running those ads with that knowledge" (Opp. at 5) is relevant to a contributory copyright infringement claim, as "contributory liability *cannot rest only on a provider's knowledge*

---

[2] Plaintiffs' arguments regarding what *would* be relevant *if* Google was still invoking a DMCA safe harbor defense should be wholly disregarded.  Opp. at 3.

[3] After Google filed the Motions, the Parties agreed the depositions would not proceed until after Court renders its decision (and will be rescheduled from the noticed or subpoenaed date if decided in Plaintiffs' favor).  *Cf.* Dkts. 773 & 776 (requesting a stay of both depositions).

[4] Google does not rely on the standard in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) to support its Motions.

LATHAM&WATKINS LLP

*of infringement and insufficient action to prevent it.*" *Cox Commc'ns, Inc. v. Sony Music Ent.,* 607 U.S. ___, 2026 WL 815823, at *7 (Mar. 25, 2026) (emphasis added). Indeed, in *Cox*, the Court held as a matter of law that Cox could not be liable for its subscribers' infringements *despite* evidence at trial that Cox knew of specific instances of repeat copyright infringement, and that Cox "chose to continue providing monthly internet access to those users despite believing the online infringement would continue because it wanted to avoid losing revenue." *Sony Music Ent. v. Cox Commc'ns, Inc.*, 93 F.4th 222, 236-37 (4th Cir. 2024), *rev'd and remanded*, 607 U.S. ___, 2026 WL 815823 (Mar. 25, 2026). The testimony Plaintiffs seek is no longer relevant to their contributory infringement claim or, at a minimum, is no longer proportional.

Plaintiffs speculate that Mr. Crider or Mr. Donaldson may possess "important and discoverable" information about their discussions with Plaintiffs' counsel, which may bear upon Google's equitable estoppel and waiver defenses. Opp. at 5. But any information that Mr. Crider or Mr. Donaldson has about those discussions that Plaintiffs themselves don't have would be privileged. Plaintiffs next argue that Google has "essentially. . . invoke[ed] a good faith defense." Opp. at 5. It has not. In Google's Opposition to Plaintiffs' Motion to Strike Affirmative Defenses (Dkt. 166), filed on August 6, 2025, Google defended its assertion of four categories of defenses in its Amended Answer, none of which were a "good faith defense." *See* Dkt. 116, 22-24. Instead, Google has asserted equitable estoppel and waiver defenses (amongst others)[5], which do not require reliance on attorney advice. Dkt. 166, 11-12 (listing requirements of equitable estoppel and waiver defense; no mention of "good faith"). Plaintiffs cannot manufacture defenses on Google's behalf to justify deposing Google's own attorneys— Google never claimed reliance on advice of counsel, let alone from Mr. Donaldson or Mr. Crider. Tellingly, since the Court upheld Google's equitable estoppel and waiver defenses in October 2025, Plaintiffs have not pursued a shred of discovery on them (including *any* document requests). The Court should reject Plaintiffs' vain attempt to retroactively justify attorney depositions based on defenses that have been peripheral at best in discovery.

Lastly, Plaintiffs' haphazard argument that the Court should be "reluctant" to trust two barred attorneys' attestations about their roles at Google is unfounded and offensive. Opp. at 4. The Opposition does not identify *any* documents or other evidence showing that, even if Mr. Crider or Mr. Donaldson were referenced or copied on certain (now irrelevant) DMCA-related documents, their role was anything other than to provide legal advice. Nor does the Opposition support Plaintiffs' claim that, to the extent Mr. Crider or Mr. Donaldson's legal advice was sought related to DMCA implementation, any privilege would have been waived.[6] And Plaintiffs cannot point to anything that warrants questioning either attorney's attestations. Plaintiffs point to the

---

[5] In its Opinion and Order dated October 29, 2025, the Court denied Plaintiffs' motion to strike Google's affirmative defenses of equitable estoppel, laches, waiver, and unclean hands. Dkt. 230, 23.

[6] In considering Plaintiffs' privilege log challenge, the Court distinguished between attorneys "giving advice on what the [DMCA] policy should be" from attorneys "actually implementing the DMCA policy." Dkt. 763, Hr'g Tr. at 118:10-18 (Mar. 10, 2026). Plaintiffs cannot show that Mr. Crider or Mr. Donaldson were ever involved in "actually implementing" Google's DMCA policy, and their attestations confirm the same. *See* Dkt. 773-1, ¶¶ 2-5; *see also* Dkt. 776-1, ¶¶ 3-5.

LATHAM&WATKINS LLP

innocuous fact that Google (not Mr. Crider or Mr. Donaldson) recently withdrew its claim of privilege over one document of the thousands on its log.[7] As Plaintiffs know, privilege reviews are notoriously complex and challenging.  Indeed, Plaintiffs have "clawed back" 11 documents and produced *over 100* documents that they initially withheld as privileged but "identified" as mistakenly withheld when creating a revised privilege log in response to Google's challenge to their original log.  Dkt. 306, ¶ 26.

As discussed below, neither Mr. Crider nor Mr. Donaldson is needed as a fact witness, and Plaintiffs cannot justify the burden or risk to Google's privileged information from these depositions.

**(1) Plaintiffs do not need to depose Mr. Crider.**  Plaintiffs cannot show they ever needed to depose Mr. Crider, let alone that this need persists.  Plaintiffs insist that Mr. Crider's testimony is needed because he "implemented exceptions to Google's DMCA Policy that favored high-revenue clients."  Opp. at 2.  But Plaintiffs do not point to *any* discovery showing Mr. Crider was involved in implementing *any* part of Google's DMCA policy, including purported exceptions for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Mr. Crider attested that he was *not* involved in these decisions.  Dkt. 773-1, ¶¶ 4-5.  As Mr. Crider's own declaration makes clear, to the extent he had any role in infrequent "escalations," it was to provide legal advice.  Further, Plaintiffs seriously mischaracterize the discovery record regarding Google's treatment of ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮.  Former employee Jason Szczech's 30(b)(1) testimony (expressing his own opinions, not speaking for Google) did not speak to the treatment of merchants under Google's DMCA policy.[8]  Setting aside that mischaracterized testimony taken out of context, Plaintiffs fail to put forth *any* actual evidence that Google treated "high-revenue customers more leniently than other customers."  Opp. at 2.  And even if Plaintiffs could make that showing, those facts were relevant *at most* to Google's now-withdrawn DMCA defense and would be insufficient to support a contributory infringement claim under *Cox*.  2026 WL 815823, at *5 (rejecting Sony's argument that Cox's purported "unwillingness to act on [infringers] in favor of protecting revenue" imposed liability).

Plaintiffs also argue that Mr. Crider's deposition is needed because he performed "relevant, non-legal functions."  Opp. at 4.  The Opposition highlights an excerpt from a document stating the author's opinion that ▮▮▮▮▮▮▮ (a member of Google's ▮▮▮▮ who has been noticed for a deposition) was performing a role that product counsel (like Mr. Crider) was *not* performing, but

---

[7] On March 25, 2026, Google withdrew its claim of privilege over a presentation marked "Privileged and Confidential" and listed Mr. Crider as a member of the Google Shopping Team. Upon further review and discussions with the relevant internal teams, Google determined that this document did not reflect any legal advice from Mr. Crider or any other counsel.

[8] Mr. Szczech testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was relevant to the speed with which Google would try to seek resolution of policy issues during high seasons, not to how Google made its policy decisions.  Declaration of Sarah A. Tomkowiak Ex. A, Mar. 24, 2026 Dep. Tr. of Jason Szczech at 57:7-60:44.  He further confirmed that, in his work, "▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" because that was handled by a different team.  *Id.*

LATHAM&WATKINS LLP

should have been.  Dkt. 786-1. This document does not prove that Mr. Crider ever performed this role.  And if any inference can be made from it, it is not that Ms. Belesta thought that counsel should be assuming a business role (that she would have been equipped to perform herself), but rather, that Ms. Belesta was frustrated that she was being asked to take on a role that required legal advice (that she was not equipped to perform).  Plaintiffs' second excerpt, from a slide deck titled "South Asia – Counsel Intro" (Dkt. 786-2), fares no better—this excerpt makes clear that product counsel performs legal functions, and furthermore does not mention Mr. Crider.  Plaintiffs conveniently did not file the full slide deck as an exhibit, which clearly relates to workflows beyond DMCA and outside of the United States.

Finally, Plaintiffs also do not need to depose Mr. Crider regarding purported discussions with Plaintiffs' counsel.  Aside from the fact that Plaintiffs cannot show how this testimony would be relevant, *see infra* at A(2), none of the documents cited by Plaintiffs include or even reference Mr. Crider.  Instead, Plaintiffs rely on an unsubstantiated claim that Mr. Crider was present on a single phone call, and therefore is a "critical fact witness[]." Opp. at 5.  But Plaintiffs' outside counsel also participated in this call.  And if Mr. Crider's mere presence on this call were enough to justify his testimony (it is not), then every O+Z attorney on that call should also sit for a deposition.  To the extent the Court holds that these conversations justify Mr. Crider's (or Mr. Donaldson's) deposition, Google will promptly seek to depose attorneys from O+Z who participated, including Scott Zebrak, who is not a member of Plaintiffs' litigation team in this case.

**(2) Plaintiffs do not need to depose Mr. Donaldson.**  Mr. Donaldson's job as Copyright Counsel at Google for over 14 years is to advise on Google's compliance with copyright law.  Dkt. 776-1, ¶ 1. Plaintiffs do not identify any documents showing that Mr. Donaldson's involvement with Google's DMCA process was anything other than advising "whether a particular course of action complies with Google's legal obligations." *Id.*, ¶¶ 3-4.  Simply because Mr. Donaldson's name was included on one Google policy (listing him as Product Counsel, which he is not) does not support Plaintiffs' theory that he possesses relevant, non-privileged information about Google's treatment of ████████████████ under its DMCA policy (which, as discussed *supra*, is not relevant).  Dkt. 776, 2-3.  Plaintiffs argue that Mr. Donaldson performed "relevant non-legal functions," but none of the documents relied on by Plaintiffs in Section III of their Opposition discuss Mr. Donaldson personally, nor anyone in his role as Copyright Counsel.  Opp. at 4.  Plaintiffs only mention him by name in the heading and first sentence of this section.  *Id.*

Like Mr. Crider, Plaintiffs do not need to depose Mr. Donaldson because he engaged in a handful of discussions with Plaintiffs' counsel over several years related to copyright (and notably not trademark) infringement.  To start, Google does not need or intend to rely on Mr. Donaldson's testimony to support its estoppel or waiver arguments.[9]  The emails Plaintiffs produced and cite

---

[9] To show equitable estoppel, Google must prove: "(1) plaintiffs had knowledge of defendants' infringing conduct; (2) plaintiffs intended that defendants rely on plaintiffs' conduct, or plaintiffs acted in such a manner that defendants had a right to believe they were intended to rely on the conduct; (3) defendants were ignorant of the true facts; and (4) defendants did, in fact, rely to their detriment." Dkt. 166, 11.  To show waiver, Google must prove: "plaintiffs 'relinquished a right with both knowledge of the existence of the right and an intent to relinquish it." *Id.*, 12.

LATHAM&WATKINS LLP

themselves show that Plaintiffs were "working with Google to find mutual solutions to combatting copyright infringement" prior to filing suit. Dkt. 166, 12. It is public knowledge that Plaintiffs filed lawsuits against the *pirates* for several years before they chose to sue Google, indicating Plaintiffs intended to pursue infringement claims against the pirates, but not Google. Dkt. 166, 11-12. Mr. Donaldson's thoughts or advice about Plaintiffs' conduct, or Google's reliance thereon, would be privileged. Beyond obvious privilege concerns, Plaintiffs' speculation that Mr. Donaldson "likely participated in many other calls and meetings on these issues inside Google" does not justify seeking his testimony. Opp. at 5. The Court has already admonished Plaintiffs that the "hypothetical possibility" that there might be "relevant and discoverable" information "is not enough." Dkt. 763, Hr'g Tr. at 41:11-16 (Mar. 10, 2026). Nowhere is that more apt than in this context.

**(3) Plaintiffs cannot show that the testimony they seek cannot be elicited from other Google witnesses.** Plaintiffs do not address, and therefore concede, the other three *Friedman* factors: "(2) "the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation"; (3) "the risk of encountering privilege and work-product issues"; and (4) "the extent of discovery already conducted." *Friedman*, 350 F.3d at 72.

For the reasons stated in the Motions, these factors all weigh against the depositions of Mr. Crider and Mr. Donaldson. Most notably, Plaintiffs ignore the inconvenient fact that they have noticed the depositions of several Google employees who possess all relevant, non-privileged knowledge regarding Google's DMCA process, including how it evaluates ████████████ ████████ and any non-privileged actions Google took in response to discussions between Google's counsel and Plaintiffs' counsel (to the extent any of this information remains relevant and proportional). *See* Dkt. 773, 3-4; *see also* Dkt. 776, 2-3, 5. Plaintiffs cannot identify any non-privileged testimony regarding Google's DMCA policy that would be unique to Mr. Crider or Mr. Donaldson, which tips the scale under *Friedman* decidedly against their depositions.

**B. Plaintiffs disregard Mr. Crider's status as a non-party, and cannot justify burdening him with a deposition.**

Plaintiffs also disregard that Mr. Crider is a non-party former employee who left Google over six months ago, failing to even acknowledge this fact in their Opposition. Dkt. 773, 1, 5. For the unrebutted (and irrebuttable) reasons set forth in Google's Motion, Dkt. 773, 4, Plaintiffs have not come close to justifying their request to burden a former attorney with a lengthy deposition about his former role, which will undoubtedly be derailed by several privilege disputes, where any non-privileged information can be obtained from party witnesses. Dkt. 773, 4-5.

For these reasons and the reasons set forth in the Motions, Google respectfully requests the Court grant protective orders against the depositions of Adam Crider (Dkt. 773) and Caleb Donaldson (Dkt. 774). If the Court denies either Motion, the Parties should be ordered to identify new, mutually convenient, deposition dates.

April 6, 2026
Page 7

**LATHAM&WATKINS** LLP

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:     All Counsel of Record (via ECF and e-mail)

**LATHAM&WATKINS** LLP