

**Oppenheim + Zebrak, LLP**

WASHINGTON    NEW YORK

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

April 13, 2026

**VIA ECF**

The Honorable Jennifer L. Rochon
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

*Request GRANTED. The Court will provide a non-public breakout room during the remote conference.*

*Dated: April 13, 2026*
*New York, New York*

**SO ORDERED.**

*[signature: Jennifer Rochon]*

**JENNIFER L. ROCHON**
**United States District Judge**

Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
    **Consent Request for Breakout Room for April 14 Remote Hearing**

Dear Judge Rochon:

We represent all Plaintiffs in the above-captioned matter. The Court has scheduled a remote conference for April 14, 2026 at 11:30AM to hear Defendant Google LLC's (1) objections to Magistrate Judge Moses's discovery rulings (Dkt. 483, 560), and (2) motion to stay all discovery (Dkt. 771). Dkt. 827.

Plaintiffs respectfully request that the Court provide a remote, non-public breakout room for attorneys to discuss and/or present documents that the parties have designated as "Highly Confidential/Attorneys' Eyes Only" ("Confidential Information") under the Protective Order, Dkt. 82. Plaintiffs further suggest that the portions of the transcript of the proceeding that occur in the breakout room initially should remain under seal. Within seven days of receipt of the transcript, the parties can propose to the Court what portions of the proceeding from the breakout room can be *un*sealed. This Court granted a similar request previously in this case. Dkt. 189.

In order to discuss both of Google's motions meaningfully and fully, Plaintiffs anticipate that Plaintiffs (and Google) may discuss or present certain documents and information that either side has designated as "Highly Confidential   Attorneys' Eyes Only" pursuant to the Protective Order, Dkt. 82. Plaintiffs anticipate that general descriptions and references to the Confidential Information will not be sufficient for the parties and Court to fully engage with and understand certain topics and arguments.

Plaintiffs intend to reference Magistrate Judge Moses's Dkt. 515 Order, portions of which Judge Moses determined should be sealed. Plaintiffs also may need to reference the December 15, 2025 hearing transcript concerning Google's motions to compel, portions of which Judge Moses likewise determined should be sealed. Dkts. 567-1, 673. Further, Plaintiffs may need to reference documents that they produced in opposition Google's motions, from which information about their confidential legal enforcement strategies can be gleaned. Judge Moses also granted Plaintiffs' motion to seal Plaintiffs' November 19, 2025 privilege log on this basis, and Plaintiffs may need to reference portions of this log in their argument. Dkt. 471.

Hon. Jennifer L. Rochon
April 13, 2026
Page 2

At this time, Plaintiffs take no position on Google's confidentiality designations, but request a breakout room solely based on Google's position that the information contained in these documents are Confidential Information.

Google has informed Plaintiffs' counsel that Google consents to Plaintiffs' request for a breakout room.

We thank the Court for its consideration.

Respectfully submitted,

/s/ *Michele Murphy*
Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, Fifth Floor
Washington, DC 20016
Tel: 202-450-5643
michele@oandzlaw.com