**Sy Damle**
Direct Dial: +1.202.637.3332
sy.damle@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

April 14, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:  *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Pre-Motion Letter Regarding Withdrawal of DMCA Safe Harbor Defense</u>

Dear Judge Moses:

We represent Defendant Google LLC in the above-captioned matter.  As you know, Google has stated that it "will be withdrawing its reliance on" the Digital Millennium Copyright Act (DMCA) safe harbor defense (17 U.S.C. § 512), in light of the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026).  Dkt. 771 at 3.  Google writes pursuant to the Court's order that, no later than April 14, 2026, Google must "file a letter advising the Court whether it seeks to amend its answer, or whether it has an alternative proposal for withdrawing its DMCA defense."  Dkt. 821.  Google seeks to amend its Answer.

Google notes that it is not required to amend its Answer, as a party is free to withdraw or disclaim an affirmative defense at any time.  *See, e.g.*, *Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014) ("Pleadings often are designed to include all possible claims or defenses, and parties are always free to abandon some of them."); *In re Omeprazole Pat. Litig.*, 227 F.R.D. 227, 230 (S.D.N.Y. 2005) ("[A defendant] may choose to voluntarily drop various defenses, either expressly . . . or simply by not urging such defenses through dispositive motions or at trial." (citation omitted)); *Brown v. Barnes & Noble, Inc.*, 2020 WL 1082464, at \*2 (S.D.N.Y. Mar. 5, 2020) (observing a defendant "can choose to withdraw [a] defense").  Google's concession regarding its DMCA defense is already sufficient to withdraw that defense and bind it in these proceedings going forward.  *See, e.g.*, *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 138 & n.4 (2d Cir. 2023) (relying on the binding nature of a party's legal concession).

But Plaintiffs have weaponized Google's DMCA defense to request exceptionally burdensome, expansive, and disproportional discovery into Google's entire DMCA program well beyond the treatment of Plaintiffs' own DMCA notices.  To avoid any uncertainty or ambiguity regarding Google's further pursuit of that affirmative defense, Google believes it is prudent to have an authoritative pleading going forward.

LATHAM&WATKINS LLP

In these circumstances, a defendant may amend its answer "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also E&E Co. v. London Luxury LLC*, 571 F. Supp. 3d 64, 67 (S.D.N.Y. 2021) ("The court may deny leave to amend for 'good reason,' including the factors articulated in *Foman*: futility, bad faith, undue delay or undue prejudice to the opposing party." (citing *Foman v. Davis*, 371 U.S. 178 (1962))).

The traditional factors all favor granting Google leave to amend its answer here. Consideration of futility is not relevant in this circumstance, since Google seeks an amendment to *withdraw* a defense, not to *add* one. *Cf. Lewis v. Calmare Therapeutics, Inc.*, 2018 WL 1156014, at *2 (S.D.N.Y. Mar. 2, 2018) (denying leave to amend answer where proposed additional counterclaims would be futile). There is no bad faith or undue delay on Google's part in seeking this amendment. Google made clear its intention to disclaim the DMCA defense promptly following the Supreme Court's decision in *Cox* just a few weeks ago, and now seeks to formalize that decision at the Court's invitation. And there is no undue prejudice to Plaintiffs, who if anything will be benefited by having a formal, amended answer on file.

Google's proposed second amended answer is attached as an exhibit to this letter.*  In the event Plaintiffs oppose leave to amend, Google respectfully requests that the Court grant Google's motion and permit Google to file the proposed second amended answer.

Respectfully submitted,

*/s/ Sarang Vijay Damle*
Sarang Vijay Damle
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)

---

* As reflected in the proposed second amended answer, Google at this time also withdraws two defenses (estoppel and waiver) that were the subject of prior motion practice.