**Sarah Tomkowiak**
Direct Dial: 1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

April 14, 2026

**VIA ECF**

The Honorable Barbara Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:  *Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM
> <u>Letter Motion to Vacate the Court's December 22, 2025 Sampling Order (Dkt. 472)</u>

Dear Judge Moses:

Pursuant to the Court's Order at Dkt. 821 ¶ 5, Google submits this letter motion to vacate the Court's December 22, 2025 Order ("the DMCA Sampling Order") (Dkt. 472). Google has previously detailed the significant burdens and privacy concerns associated with complying with the Court's DMCA Sampling Order.  *See* Dkts. 724, 760.  Those issues require, at minimum, that the DMCA Sampling Order be modified.  However, now that Google has withdrawn its DMCA defense, *see* Dkt. 835, the entire sampling exercise is no longer relevant (and thus certainly not proportional).  There is good cause to vacate the Court's DMCA Sampling Order entirely.

The Court ordered Google to conduct this sampling exercise so that Plaintiffs could evaluate Google's implementation of its DMCA program "from soup to nuts."  Dkt. 494, Hr'g Tr. at 97:10-13 (Dec. 1, 2025); *see also id.* at 57:24-61:11 (Counsel for Plaintiffs: "Google's affirmative defense is that their DMCA program for Shopping renders them not subject to damages liability. . . .  So it's proper for us to ask . . . [for] how many ads do you claim to have delisted as part of your DMCA program for Shopping?  How many pirates do you claim to have suspended as part of your DMCA program for Shopping?". . .  That's where I think sampling makes sense . . . .").  In a multitude of recent filings, Plaintiffs have acknowledged that the purpose of this discovery is "to test Google's overall DMCA program."  *See, e.g.*, Dkt. 609 (Pls.' Feb. 16 "Notice") at 1 ("[T]he Court ordered Google to select randomly 300 domains to be used to test Google's overall DMCA program."); Dkt. 702 (Pls.' Mar. 2 "Status Update") at 1 ("[T]he Court ordered that for the purpose of testing Google's overall DMCA program . . . , Google would select randomly 300 websites and produce certain documents concerning those sites."); Dkt. 745 (Pls.' Mar. 9 "Status Update") at 1 (writing to update the Court on Google's section of 300 domains to "test Google's overall DMCA program" and describing the discovery sought as needed to test "whether Google does, in fact, enforce its [DMCA] policy").  The Court likewise recently acknowledged that this was the "raison d'etre" for the DMCA Sampling Order.  *See* Dkt. 829, Hr'g

LATHAM&WATKINS LLP

Tr. at 9:4 (Apr. 7, 2026); *see also id.* at 20:19-21:4 (Court: "I was persuaded to permit discovery that went beyond the way Google treated the works in suit precisely because [Plaintiffs' counsel] said – I'm paraphrasing now – as long as the DMCA affirmative defense is in the case, Google has to give us discovery beyond the works in suit." Mr. Oppenheim: "And that is what we argued at the time.").

Google's DMCA defense was not just *one of* the reasons Plaintiffs argued the sample data was relevant. It was the *only* reason. *See* Dkt. 237 (Plaintiffs' Letter Motion for Discovery Conference Regarding Google's Summary Spreadsheets) at 1 ("Google must produce the documents that it will use to support its affirmative defense [under the DMCA safe harbor]."). Any attempt by Plaintiffs to argue retroactively that this discovery is relevant for a different reason would be disingenuous, and should not be permitted given that the Court relied on their prior position when it decided to permit this discovery.

The DMCA safe harbor defense is no longer part of this case. *See* Dkt. 835. Information about how Google treats notices for domains unrelated to the works in suit, or about Google's "overall DMCA program" are therefore no longer relevant. At a minimum, the mountain of discovery regarding third-party merchants and websites not at issue in this case is even less proportional than it was a month ago when Google first requested a modification of the Court's DMCA Sampling Order. *See* Dkt. 724 at 2. The Court has already tentatively expressed its agreement. *See* Dkt. 829, Hr'g Tr. at 40:22-41:8 (Apr. 7, 2026) (The Court: "[M]y inclination is to say that this whole discovery project is no longer relevant to any claim or defense in this action. And to the extent an argument for relevance can still be made, the proportionality calculus becomes more unbalanced because the relevance proposition is weaker than it was when plaintiffs successfully argued to me that, 'We need this, Your Honor, to test their affirmative defense.'"); *id.* at 33:20-34:24 (similar).

As Google has detailed in its previous letters to the Court (Dkts. 724, 760), the sampling exercise imposes a tremendous burden, requiring production of at least 27 terabytes of data, which is over **18 times** the total amount of data Google has produced related to the actual works in suit, for a defense that Google has withdrawn. *See* Dkt. 760 at 3. This immense burden would be disproportional *even if* Google were relying on a DMCA defense. But since Google is not, there can be no question that requiring Google to produce this additional (and intrusive) data about merchants unconnected to this case would be profoundly disproportional and unjustified.

For the foregoing reasons, Google respectfully asks the Court to vacate its DMCA Sampling Order at Dkt. 472.

Respectfully submitted,

/s/ *Sarah A. Tomkowiak*
Sarah A. Tomkowiak *(pro hac vice)*
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)