

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

April 17, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

**Re:** *Cengage Learning, Inc., et al. v. Google LLC*, **No. 24-cv-04274-JLR-BCM: Plaintiffs' Renewed Letter Motion to Redact Certain Filings Made in Connection with Google's Objections (Dkts. 483, 560) to the Court's December 15, 2025 Order (Dkt. 441) and January 26, 2026 Order (Dkts. 515, 575)**

Dear Judge Moses:

In light of Your Honor's Order at Dkt. 828 denying the parties' motions (Dkts. 482, 506, 559, 605, 636) (the "Sealing Motions") to seal or redact certain filings made in connection with Google's Objections (Dkts. 483, 560) to the Court's December 15, 2025 Order (Dkt. 441) and January 16, 2026 Order (Dkts. 515, 575) without prejudice to renewal, Plaintiffs respectfully submit this renewed letter motion to redact the filings described in the Sealing Motions and attach the accompanying Exhibits A-F proposing narrower redactions to these filings. For clarity, the filings at issue are Dkts. 484, 485-1, 507, 561, 606, and 637-1.

## I.    Background

The filings at issue contain information designated by Plaintiffs as Highly Confidential-Attorneys' Eyes Only and Confidential pursuant to the Protective Order (Dkt. 82, 83). Specifically, the information that Plaintiffs request remain sealed includes: information contained in Plaintiffs' attorney declaration that discusses specific anticipated litigation involving a third party, which the Court specifically permitted Plaintiffs to file under seal (Dkt. 381); excerpts from the Memorandum and Order at Dkt. 515 that the Court permitted to be redacted (Dkt. 514); excerpts from the December 15, 2025 Hearing Transcript that the Court permitted to be redacted (Dkts. 567-1, 673); details and/or excerpts from Plaintiffs' Supplemental Privilege Log dated November 19, 2025, which the Court permitted to be filed under seal in its entirety (Dkt. 471); and details and/or excerpts from documents disclosing non-party BCGuardian's proprietary anti-piracy work, which the Court permitted to be filed under seal in their entirety (Dkt. 471). The Court has previously granted sealing requests or ordered the parties to file the material at issue here under seal. *See* Dkts. 381, 471, 514, 567-1, 673.

On various dates in December, January, and February, Plaintiffs conferred with Google about sealing this information. Pursuant to the Court's guidance in Dkt. 828, Plaintiffs have considered which of the proposed redactions to the Court's January 16, 2026 Order were rejected as overly broad. Plaintiffs have also reviewed the approved redactions to the December 15, 2025 Hearing Transcript so that Plaintiffs narrowed proposed redactions track what has been approved by the Court.

## II.    Legal Standard

Plaintiffs' renewed letter motion to redact the filings described in the Sealing Motions accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Further, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III.    The Highly Confidential-Attorneys' Eyes Only and Confidential Information Concerning the Content of Confidential Communications and Documents Should Remain Confidential

The filings described in the Sealing Motions contain material that falls into specific categories that should be redacted for the following reasons.

*First*, certain of the filings reveal information contained in the Declaration of Michele H. Murphy (Dkt. 390), which the Court ordered could be filed under seal (Dkt. 381). As discussed in prior sealing requests, the attorney declaration contains confidential information about anticipated litigation by a third party. Plaintiffs had previously sought permission to file the declaration *in camera,* but the Court ruled that Plaintiffs' concerns could be addressed by the filing of the declaration under seal (and by Google's inability to use the information "it learns from that declaration for any purpose other than its pending motion challenging plaintiffs' privilege log and seeking the production of documents withheld as privileged"). Dkt. 381 at 5. The portions of the filings that disclose the contents of this attorney declaration should also remain sealed.

*Second*, certain of the filings cite excerpts from the Memorandum and Order at Dkt. 515 and the December 15, 2025 Hearing Transcript that the Court permitted to be redacted (Dkts. 514, 567-1, 673). Accordingly, the same information should remain redacted here.

*Third*, certain of the filings include excerpts and descriptions of Plaintiffs' Supplemental Privilege Log dated November 19, 2025, which the Court ordered could be filed under seal (Dkt. 471). Specifically, the material at issue discloses confidential information about Plaintiffs' and a third party's legal activities, including filenames and details concerning withheld documents that

2

reveal confidential information from which one can glean sensitive insights about these parties' legal activities, and should not be made public. Courts in this district have recognized the importance of keeping information in privilege logs confidential. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted in its entirety).

*Lastly*, certain of the filings reveal highly sensitive information about Plaintiffs' and a third party's anti-piracy efforts, as well as the commercially sensitive work of non-party BCGuardian. BCGuardian is a private company that specializes in providing intellectual property protection and anti-piracy services to rightsholders. *See* Dkt. 408 at 3. Plaintiffs' counsel engaged BCGuardian to collect evidence and provide information and analysis to inform legal advice to Plaintiffs in connection with this and other cases. *See id.* In addition to revealing information about Plaintiffs' confidential strategies, if made public, the disclosure of the information could enable bad actors to take steps to evade detection and further infringe and allow competitors to unfairly compete with BCGuardian. Indeed, the filings include excerpts from and descriptions of the highly confidential Statement of Work entered into by Plaintiffs and BCGuardian and other documents that shed light on BCGuardian's anti-piracy processes. Courts in this district have acknowledged the significance of keeping proprietary information, like the material at issue here, confidential. *See, e.g., SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record"). For these reasons, the Court should allow such material to be redacted in these filings.

## IV.    Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires Sealing

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that prior Orders in this case and cases in this district support keeping confidential. Specifically, Plaintiffs ask the Court to redact limited portions of the filings described in the Sealing Motions to protect highly confidential, sensitive, and/or proprietary information of Plaintiffs, BCGuardian, and a third party, the disclosure of which would create a substantial risk of harm to these parties.

To minimize redactions, Plaintiffs dialed back the original redactions in the filings described in the Sealing Motions and attached Exhibits A-F with their narrowed proposed redactions. Exhibits A-F concern Dkts. 484, 485-1, 507, 561, 606, and 637-1, respectively. The red highlighting indicates the redactions that Plaintiffs believe should be removed, and the yellow highlighting indicates the narrowed proposed redactions that Plaintiffs respectfully request remain.

Given the sensitive nature of the material at issue, Plaintiffs respectfully submit this renewed letter motion to narrowly redact the filings described in the Sealing Motions.

We thank the Court for considering this request.

Respectfully,

*/s/ Michele Murphy*
Michele Murphy

3

4

cc:    All Counsel of Record (via ECF)

4