

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

April 27, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM
> Parties' Joint Status Letter

Dear Judge Moses,

Pursuant to Your Honor's Order (Dkt. 821 ¶ 6) and in advance of the upcoming April 29, 2026 discovery conference, counsel for all parties respectfully submit this Joint Status Letter.

## I.    Joint Section

Two discovery motions are pending before the Court: First, Google's Motion to Vacate the Court's December 22, 2025 Sampling Order (Dkts. 836, 846, and 861). Second, the Court is conducting an *in-camera* review of twelve documents (Dkt. 751 ¶ 1) as part of its consideration of Plaintiffs' Motion re Google's Privilege Assertions (Dkts. 590, 615, 643, 779–81, 808).

## II.    Plaintiffs' Section

*Depositions*: Pursuant to the Court's scheduling order, Dkt. 539, fact depositions were to begin in March of 2026. In nearly two months since then, Google has produced only two witnesses: one former employee, and one who claimed to have knowledge only of Google's *trademark* processes, not its *copyright* processes. Google has scheduled only two more depositions to occur before the July 2 fact discovery deadline. For *twelve* other deponents that Google's counsel represents, Google has yet to even provide a date.[1] Ten of these deponents are *not* 30(b)(6) witnesses, yet Google still has not scheduled their depositions. Meanwhile, Google has canceled *eight* scheduled depositions. A ninth deposition had to be cancelled because Google did not produce the documents needed for the deposition by the Court's April 10 deadline. For three of those depositions, Google cancelled because, while the witnesses themselves were available, Google in-house counsel was not available to observe the deposition. Indeed, Google has cancelled the deposition of one important witnesses *three times*.

Google apparently now intends to delay depositions even further by seeking three new pieces of relief in a forthcoming motion. First, Google argues that *seven* of the witnesses Plaintiffs have noticed should not be deposed at all. Google has not made any compelling case that these witnesses should not be deposed. Each possesses knowledge of Google's intent, awareness of

---

[1] For a thirteenth witness, Google has suggested a date, but insisted that the deposition of a Plaintiff witness occur during the same week. Plaintiffs are attempting to make that work.

ebook piracy, and/or knowledge of Google's failure to follow its own copyright policy. Second, Judge Rochon previously ruled that each side would be permitted twenty fact depositions. Dkt. 34 ¶ 19. Google now suggests that each side should take only fifteen depositions. Such a reduction is not called for. Judge Rochon increased the number of depositions to twenty in part because Google claimed it needed additional depositions to investigate Google's meritless argument that Plaintiffs' works in fact are owned by universities who employed some authors. Google has taken four depositions in service of that argument, and has not agreed to forego the argument. It has been more than a month since Google announced it was abandoning its DMCA defense. If Google believes discovery should change as a result, its motion is long overdue. To minimize further delay, the Court should direct Google that any motion Google plans to file on these two issues must be filed by May 1.

Third, Google now refuses to conduct *any* more 30(b)(6) depositions of Google's witnesses unless Plaintiffs agree beforehand that all 30(b)(6) depositions should be limited to 8.5 hours, even where the witness is both a 30(b)(6) witness and a fact witness. This request is almost certainly unworkable, but is at least premature. Google designated 30(b)(6) witnesses for most of Plaintiffs' topics only three days ago, still has not designated witnesses for all of Plaintiffs' topics, and has yet to meet and confer with Plaintiffs concerning any of its "updated" objections to Plaintiffs' notice. Once Google designates its witnesses and the parties meet and confer regarding Google's objections, the parties can discuss whether a special time-limit beyond that provided by the Federal Rules is appropriate.

***Discovery from Plaintiffs:*** Since the last status report, the parties have reached an agreement on all but one of the interrogatories in Google's third set. Plaintiffs have agreed to provide Bates numbers of produced documents that correspond to certain subjects. Providing this information is labor-intensive. The remaining interrogatory, as framed by Google, solely seeks a legal conclusion.

By April 28, one witness each from Cengage, Elsevier, Macmillan Learning, and McGraw Hill will have been deposed. The remaining Plaintiff depositions are either scheduled through mid-May or are in the process of being scheduled in June. Google states that Plaintiffs canceled two depositions the week of April 13 but omits that the depositions were postponed with Google's agreement because Judge Rochon set the hearing on Google's stay motion for the day of and the day after the hearing.

After Plaintiffs' March 6 document production, Google raised a number of unfounded issues claiming that Plaintiffs needed to produce still more documents. Notwithstanding Plaintiffs' multiple objections, Plaintiffs have agreed to make compromises to avoid unnecessary motion practice. Google's demand for Plaintiffs' retention policies is a counterweight to Plaintiffs' request for Google's retention policies, which the Court granted. Plaintiffs' motion was based on concrete missing information; Google relies solely on the number of documents produced. Google's request for Plaintiffs' email retention policies to "investigate" productions from "all custodial sources" is also illogical. Plaintiffs have conducted searches across 25 custodians and relevant ESI sources. Other than the retention policy issue, there are no issues on which the parties are at an impasse concerning Plaintiffs' production.

III.    **Defendant's Section**

    **A. Depositions.**

Since the April 7 hearing, Google has taken two depositions and will take another two this week (in addition to the four third-party depositions it took before April 7). Google has noticed a total of 14 depositions and is working to confirm scheduling with four of Plaintiffs' witnesses and two third-parties. Plaintiffs have noticed 21 depositions (1 above the current 20-deposition limit)[2] and have taken one deposition since the April 7 hearing. Google has proposed or confirmed dates for several other witnesses in May and June.[3] Plaintiffs were scheduled to take another Google employee's deposition this week, but the Parties were unable to reach agreement on (1) the proper scope of the witness's 30(b)(6) testimony; and (2) an appropriate length for the witness's combined 30(b)(1) and 30(b)(6) deposition. As to the former, although significant disputes remain regarding the scope of her corporate testimony, Plaintiffs' position appeared to be that the Parties could either "figure it out" during the deposition or Plaintiffs would simply move later for relief (and a second deposition). That is inefficient and unduly burdensome on Google's witnesses. As to the latter, Plaintiffs proposed a 10-hour limit, which would require the witness to either be deposed very late into the evening or for a second day, neither of which should be necessary in light of the factual overlap between her personal knowledge and designated topics. Google proposed 8.5 hours, but Plaintiffs would not agree.

On April 21 (and pursuant to the Court's Order at Dkt. 821 ¶6), Google served Plaintiffs with updated Responses and Objections to Plaintiffs' 30(b)(6) notice, reflecting Google's revised positions following *Cox* and Google's withdrawal of its DMCA defense. Google has now identified its corporate designees for all but four of the 22 topics on which it has currently agreed to provide corporate testimony (Google is continuing to determine the person most knowledgeable on those four). Plaintiffs refuse to put any global time limit on 30(b)(6) testimony or on the depositions of dual-designated witnesses. Google's position is that, absent an overall hours-limit on 30(b)(6) testimony (e.g., 15 hours total), 8.5 hours on the record for dual-designated witnesses is appropriate and reasonable.[4] Such a limit would reduce the burden on *both* Parties and aid them in meeting the July 2 fact deposition deadline. Google intends to seek this relief from the Court.

Google also plans to seek relief from the Court as to the current 20 fact deposition limit (exclusive of 30(b)(6) depositions), which is no longer proportional following *Cox* and Google's withdrawal of its DMCA defense. Indeed, Plaintiffs themselves originally proposed that even 30(b)(6) depositions and third-party depositions "should count in the ten-deposition limit." Dkt. 29-1 at 7. Their current demand for duplicative fact depositions, particularly regarding Google's DMCA program, is unduly burdensome and disproportionate. It appears designed to harass Google (and its current and former employees) rather than to obtain relevant and non-cumulative testimony. On April 17, Google identified 7 deponents whose testimony would be primarily, if not

---

[2] Plaintiffs withdrew their deposition notice to Google attorney Mr. Donaldson and deposition subpoena to former Google attorney Mr. Crider. Google's motions for a protective order (Dkts. 776 and Dkt. 773) are now moot. *See* Dkt. 858. Google reserves the right to re-file these motions.
[3] Both parties have cancelled or rescheduled depositions because of conflicts. Plaintiffs, for example, cancelled depositions for two of their witnesses during the week of April 13. For the "thirteenth witness" referenced in Plaintiffs' section, *supra*, Google has not "insisted" that the deposition of a Plaintiff witness occur during the same week. Google merely suggested that it might be convenient if the Parties could depose all witnesses located in Europe at the same time.
[4] As for individuals who will only be deposed as 30(b)(6) witnesses, their depositions should be limited to a maximum of 7 hours, not 8.5.

exclusively, related to Google's DMCA program and proposed that Plaintiffs withdraw at least some of those duplicative notices.  Plaintiffs have since withdrawn one of those noticed depositions, but have otherwise refused Google's request to reduce the deposition limit from 20 to 15.  This reduction likewise would reduce the burden on *both* Parties and aid them in meeting the July 2 fact deposition deadline.

Plaintiffs also seek testimony of two *former* Google employees, both living in Europe and beyond the reach of this Court, requiring a Letter Request or Letter Rogatory to proceed.  Google has repeatedly asked Plaintiffs to provide the full letters that Plaintiffs want this Court to issue so Google can determine its position on Plaintiffs' request and suggest revisions to avoid a dispute.  Plaintiffs have refused to provide the proposed letters to Google.

### B.  Document Discovery

Plaintiffs' document production remains deficient, including because Plaintiffs failed to search and produce responsive documents from all custodial sources.  Plaintiffs should be required to produce their retention policies, or at a minimum their email retention policies, so that Google can further investigate these deficiencies.  The parties are continuing to confer in an attempt to resolve these conflicts, Google may need to bring some of these disputes to the Court should the parties remain at an impasse on these issues.

Google met the April 10 deadline for producing certain written document and data retention policies.  Dkt. 751 ¶3(b).  Google also met the April 21 deadline to produce the custodian documents of Mr. L, producing over 250 documents by April 16.  Dkt. 821 ¶3.  The parties also scheduled Mr. L's deposition for May 21, 2026. *Id.*

The only dispute scheduled to be heard during the April 29 hearing is over the DMCA sampling exercise ordered at Dkt. 472.  As detailed in Google's Motion to Vacate the DMCA Sampling Order (Dkt. 836), the "raison d'etre" for that sampling exercise (Google's DMCA defense) is no longer part of this case.  Google has thus moved to vacate the Court's Order at Dkt. 472.  Given the Parties' extensive argument on the topic (on December 1, December 15, and April 7), Google respectfully suggests that this motion can be decided on the papers.

### C.  Written Discovery

The Parties are at an impasse with respect to Plaintiffs' refusal to respond to Google's interrogatory asking Plaintiffs to identify which of the Asserted Works are derivative of another Asserted Work.  This is relevant to calculating statutory damages and Google plans to seek relief from the Court.

## IV.    Settlement Discussions

On April 27, counsel for the parties conducted a settlement conference.

Hon. Barbara Moses
April 27, 2026
Page 5 of 5

Respectfully submitted,

/s/ Sarah A. Tomkowiak

Sarah A. Tomkowiak
Latham & Watkins LLP
*Counsel for Google*

/s/ Michele H. Murphy

Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
*Counsel for Plaintiffs*