# EXHIBIT 2

**Wednesday, April 15, 2026 at 2:45:07 PM Eastern Daylight Time**

**Subject:**     RE: Notice Pursuant to Protective Order
**Date:**        Monday, March 30, 2026 at 4:36:14 PM Eastern Daylight Time
**From:**        Wilson Boardman (DC)
**To:**          Yunyi Chen, Matt Oppenheim, Jeff Kane, Danae Tinelli, Lauren Bergelson, Uriel Lee, Michele Murphy
**CC:**          #C-M GOOGLE CENGAGE - LW TEAM
**Attachments:** image001.png, image002.png

Hi Yunyi,

As we told you, Google has met its obligation under the governing law.

You claim that Google must "provide participant information" to enable "some understanding of the universe of persons to whom that advice was disclosed," and absent that information, Google has not provided sufficient information to establish that privilege has not been waived.  But if that standard were applied to Plaintiffs' withheld documents, that would suggest that many of Plaintiffs' privilege log entries are deficient.  For example, is Plaintiffs' position that any slide deck recorded on a privilege log must list all people who saw it?  That is at odds with Plaintiffs' logs, *see, e.g.*, Pls.' Log 991 (▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Pls.' Log 2148 (▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮); as well as the parties' agreement on what logs must include*, see* Email re Privilege Logs from K. Lindsey (Aug. 26, 2025); Email re Privilege Logs from C. Clarke (Aug. 27, 2025); *see also* Loc. Civ. R. 26.2(c) ("Parties are encouraged to discuss measures that further [efficiency], including which information fields will be provided in the privilege log."); not to mention Rule 26, *see* Fed. R. Civ. P. 26(b)(5)(A) and the Local Rules, *see generally* Loc. Civ. R. 26.2.  Likewise, does Plaintiffs' logic apply to Excel workbooks?  Those, too, lack information about viewers and recipients.  *See, e.g.*, Pls.' Log 50; Pls.' Log 2228.

Lastly, which privilege-log entry are Plaintiffs intending to challenge?  In this email chain, you have mentioned two entries, but you now say you will challenge one.  Please clarify your position.

Kind regards,
Wilson



**Wilson P. Boardman**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, DC 20004-1304
D: +1.202.521.5700

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Thursday, March 26, 2026 12:01 PM
**To:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** Re: Notice Pursuant to Protective Order

Counsel,

GOOG-CENG-00469291 at -9304 describes a "███████████████████████████" as "█████████████████████████████████████████████████." Is this the same event as the "██████████████████████████" in the title of the document described in Google's Privilege Log #6?

If Ms. ████ gave her ████████ to "███████████████████████████ █████," for Plaintiffs to evaluate Google's privilege assertion, Google must provide participant information to enable "some understanding of the universe of persons to whom that advice was disclosed." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 10038859, at *2 (S.D.N.Y. Sept. 28, 2018) (Moses, J.). That is because "[a] corporate entity's attorney-client privilege may, however, be waived by disclosure of the communication to employees of the corporation who are not in a position to act or rely on the legal advice contained in the communication." *Id.* at 1*–2 (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 598 (S.D.N.Y. 2015)). Please provide that information. Absent that information, Plaintiffs intend to challenge Google's clawback of the document described in Google's Privilege Log #6 because it has not provided sufficient information to establish that the document was privileged to begin with or that privilege has not been waived.

Best,
Yunyi

---

**From:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>
**Date:** Friday, March 20, 2026 at 4:56 PM
**To:** Yunyi Chen <YChen@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** RE: Notice Pursuant to Protective Order

Hi Yunyi,

We are unclear on the basis for these questions.  Google has complied with its obligations under Rule 26.  It is Google's position that this ██████████ should be withheld in its entirety and that there has been no privilege waiver.

While under no obligation to provide Plaintiffs with additional information, we note that this was a ██████████████████████████████████████████████. The ████████████ was not shared externally, as we said.

Thank you,
Wilson

**Wilson P. Boardman**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, DC 20004-1304
D: +1.202.521.5700

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Friday, March 20, 2026 9:54 AM
**To:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** Re: Notice Pursuant to Protective Order

Counsel,

Do you have an update regarding the below?

Best,
Yunyi

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Date:** Wednesday, March 11, 2026 at 3:36 PM
**To:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** Re: Notice Pursuant to Protective Order

Counsel,

Thank you. We have a few follow-up questions.

1.      Does Google have a version of the  you logged in your Privilege Log #6 that ***was*** shown to people outside of Google, or are you representing below that such a version does not exist?

2.      Was the "  " from the file name of the ▮▮▮▮▮▮▮▮ an event that included individuals outside of Google?

3.      Did Ms. ▮▮▮ create the entire ▮▮▮▮▮▮ or contributed to some parts of it?

4.      Is it Google's position that Ms. ▮▮▮'s legal advice pervades the ▮▮▮▮▮▮ and cannot be segregated for redaction?

Best,
Yunyi

---

**From:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>
**Date:** Monday, March 2, 2026 at 4:48 PM
**To:** Yunyi Chen <YChen@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** RE: Notice Pursuant to Protective Order

Hi Yunyi,

Google has withheld the document you refer to and produced a corresponding privilege log entry.  The document was not shown to anyone outside of Google.

Best regards,
Wilson

**Wilson P. Boardman**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, DC 20004-1304
D: +1.202.521.5700

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Thursday, February 26, 2026 12:45 PM
**To:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** Re: Notice Pursuant to Protective Order

Counsel,

Your Privilege Log #6 describes the clawed back document as titled "███████████ ██████████████████████" described as "███████████████████████████████████████████" We asked if "Google produce[d] the ████████████████████████████████████" and "[if] not," whether "Google intend[s] to produce it." (02/19/2026 O+Z Email.) You responded that "Google has not produced the document you refer to. It was withheld for privilege." (02/25/26 LW Email.)

Your response does not explain why the ████████████████████████████████ ████████████████████ which on its face refers to ██████████████████ ████████████████████████████, is privileged. Please do so.

Additionally, has Google logged this withheld ██████████████, or does Google intend to produce it?

Best regards,
Yunyi

---

**From:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>
**Date:** Wednesday, February 25, 2026 at 4:56 PM
**To:** Yunyi Chen <YChen@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** RE: Notice Pursuant to Protective Order

Hi again, Yunyi,

Google has not produced the document you refer to.  It was withheld for privilege.

Best,
Wilson

**Wilson P. Boardman**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, DC 20004-1304
D: +1.202.521.5700

---

**From:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>
**Sent:** Friday, February 20, 2026 5:39 PM
**To:** Yunyi Chen <YChen@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** RE: Notice Pursuant to Protective Order

Hi Yunyi,

We have received your message and will review.

Regards,
Wilson

**Wilson P. Boardman**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, DC 20004-1304
D: +1.202.521.5700

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Thursday, February 19, 2026 10:52 AM
**To:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** Re: Notice Pursuant to Protective Order

Counsel,

For the clawed back document described as ████████████████████████ ████████████████████████████████████████ " in your Privilege Log #6, did Google produce the finalized version of this ██████████████████? If so, please identify the Bates number of the ████████████. If not, does Google intend to produce it?

Best,
Yunyi

---

**From:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>
**Date:** Tuesday, January 27, 2026 at 4:57 PM
**To:** Yunyi Chen <YChen@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** RE: Notice Pursuant to Protective Order

Hi Yunyi,

Google will issue a privilege-log entry for this document compliant with Rule 26 within the coming weeks.

Best,
Wilson

**Wilson P. Boardman**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, DC 20004-1304
D: +1.202.521.5700

---

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Monday, January 26, 2026 5:29 PM
**To:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** Re: Notice Pursuant to Protective Order

Counsel,

Pursuant to paragraph 26 of the Protective Order, please provide the basis for your claim of

attorney-client privilege over this document. Plaintiffs are unable to understand Google's privilege assertion from your statement that "GOOG-CENG-00422896 includes materials protected from disclosure" without more. Please also let us know when Google plans to produce a privilege log entry for this document.

Best regards,

Yunyi Chen | Associate
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Direct: 212.951.1923
ychen@oandzlaw.com | www.oandzlaw.com
Connect with us on LinkedIn

O+Z Oppenheim
+ Zebrak LLP | WASHINGTON, D.C.
NEW YORK, N.Y.

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>
**Date:** Monday, January 26, 2026 at 4:34 PM
**To:** Yunyi Chen <YChen@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** RE: Notice Pursuant to Protective Order
Hi Yunyi,

Thank you for confirming destruction of all copies of the document.  Google is withholding the document and will not produce a redacted version.

Wilson

**Wilson P. Boardman**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, DC 20004-1304
D: +1.202.521.5700

**From:** Yunyi Chen <YChen@oandzlaw.com>
**Sent:** Friday, January 23, 2026 3:34 PM
**To:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** Re: Notice Pursuant to Protective Order

Counsel,

We confirm that all copies of GOOG-CENG-00422896 have been destroyed. Are you planning to produce a redacted version of the document?

Best regards,
Yunyi

---

**From:** Wilson Boardman (DC) <Wilson.Boardman@lw.com>
**Date:** Thursday, January 22, 2026 at 6:21 PM
**To:** Matt Oppenheim <Matt@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Yunyi Chen <YChen@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Michele Murphy <michele@oandzlaw.com>
**Cc:** #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>
**Subject:** Notice Pursuant to Protective Order
Counsel,

Defendant Google LLC hereby provides Plaintiffs with notice, pursuant to ¶ 26 of the Stipulated Protective Order (Dkt. 82), that certain materials previously produced are subject to a claim of attorney–client privilege.  Specifically, the document beginning with Bates No. GOOG-CENG-00422896 includes materials protected from disclosure.

Under ¶ 26—which "provide[s] the maximum protection allowed by Federal Rule of Evidence 502(d)"—upon receipt of this notice, each Receiving Party must promptly return or destroy the specified materials and all copies, and must refrain from any use, disclosure, or sequestering of the materials while any challenge is resolved; the materials may not be presented to the Court for determination unless and until an in-camera review is ordered, in which case Google will present the materials.  Please confirm compliance.

Google will provide a corresponding privilege log entry for the clawed-back document.

Regards,

Wilson

**Wilson P. Boardman**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
Direct Dial: +1.202.521.5700
Email: wilson.boardman@lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.