Sarah A. Tomkowiak
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

May 1, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:  *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM:
> Defendant's Response to Plaintiffs' Letter Motion for *In Camera* Review of
> Clawed-Back Documents (Dkt. 871)

Dear Judge Moses:

Plaintiffs' Letter Motion (the "Motion," Dkt. 871) is the latest instance of Plaintiffs' tit-for-tat discovery tactics.  Just one month after Google successfully challenged one of Plaintiffs' nearly dozen clawbacks on waiver grounds, Plaintiffs challenge all of Google's *three* clawbacks of entirely unrelated documents.  Plaintiffs seek access to core work product and attorney-client communications, including a document Google has informed Plaintiffs was created to assist Google's litigation counsel's defense of this lawsuit.  This blatantly retaliatory effort should be rejected.  The Protective Order contemplated clawbacks.  Plaintiffs should be admonished for abusing this process by raising baseless challenges that waste party and judicial resources.[1]

## I.    The Protective Order

The Protective Order contains a robust Federal Rule of Evidence ("FRE") 502(d) clause allowing the parties to claw back produced documents on privilege or work product grounds.  Dkt. 82, ¶ 26.  The Producing Party must provide a "basis" for its claim of privilege.  *Id.*  The Protective Order explicitly states that it provides the "maximum protection of Federal Rule of Evidence 502(d)," and that a party "is not required to satisfy the elements of Rule 502(b)" to claw back a document, meaning FRE 502(b)(3)'s timing requirement is inapplicable.  Plaintiffs know all of

---

[1] Plaintiffs' Motion is consistent with their broader strategy of discovery conduct designed to needlessly harass and burden Google: in addition to this Motion, they have: refused to compromise on voluminous DMCA demands (including the requested "sampling" of Google's DMCA program) after Google withdrew its DMCA defense; repeatedly declined to engage in discovery disputes over deficiencies in their own productions until *after* Google prepares its letter motions, and; refused to set *any* temporal limit on Rule 30(b)(6) testimony from dual-capacity witnesses.

**LATHAM&WATKINS**LLP

this because they have clawed back many documents, several of which were the subject of earlier email correspondence between the parties. *See, e.g.,* Dkt. 289, ¶ 41, n.3. Finally, while the Protective Order contemplates *in camera* review, it does not require it, and courts have avoided this burden when unwarranted. *6340 NB LLC v. Cap. One, N.A.,* 2023 WL 7924176, at *5 (E.D.N.Y. Nov. 16, 2023) (denying plaintiff's motion for *in camera* review of documents withheld for privilege because "*in camera* review should not be taken lightly").

## II.    The Redacted Minutes Reflect Advice from Trademark Counsel

Plaintiffs object to Google's clawback of information in GOOG-CENG-00422871, specifically the material on the page ending at GOOG-CENG-00422883 (the "April 9 Redactions"). This document contains minutes from internal Google meetings organized by Google's Senior Trademark Counsel, Christine Hsieh ("Trademark Counsel"), for the primary purpose of providing legal advice to ████████████████████████████████ ████████████████████ (the "Minutes"). Declaration of Christine Hsieh (Hsieh Decl.), ¶¶ 8-9. Trademark Counsel organizes these meetings to provide legal advice in response to employee questions, and the Minutes contain these discussions. *Id.*

Plaintiffs deposed Google's Trademark Operations Manager for Counterfeit Policies██ ███████ on April 9, 2026. During the deposition, Ms. ███████ raised a privilege issue relating to the Minutes. Ex. 1, ████ Tr. at 231:20-232:15. After pausing the deposition to allow Ms. ████ to confer with counsel, Google's counsel clawed back the Minutes, stating that unredacted portions reflected information protected by attorney-client privilege. *Id.* at 232:15-234:7. Approximately 90 minutes later, Google re-produced the Minutes with additional redactions, and Plaintiffs later questioned Ms. ████ about them. *Id.* at 284:3-5, 347:17-349:1. Google provided its privilege log on April 20, 2026. *See* Dkt. 873-7.

The April 9 Redactions contain material protected by attorney-client privilege. "The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States v. Mejia,* 655 F.3d 126, 132 (2d Cir. 2011). "When a lawyer has been asked to assess compliance with a legal obligation, the lawyer's recommendation of a policy that complies (or better complies) with the legal obligation—or that advocates and promotes compliance, or oversees implementation of compliance measures—is legal advice." *In re Cnty. of Erie,* 473 F.3d 413, 422 (2d Cir. 2007); *see also* Dkt. 800, 150:22-151:13. The Minutes contain such legal advice—████████████████████████████████████████████████████ ████████████████████████████████████████████████████████. Hsieh Decl. ¶ 10.

**LATHAM&WATKINS**LLP

Plaintiffs nevertheless challenge Google's redaction of the information underneath the item ███████████████████████ claiming that Google's privilege assertion "sheds no light" on whether that material is appropriately redacted. *See* Dkt. 871, 1-2.[2]



That challenge has no force. The Court previously rejected Plaintiffs' same argument about Google's privilege log descriptions writ large. *See* Dkt. 751; *see also* Dkt. 800, 154:11-155:21 (rejecting Plaintiffs' claim that Google's description regarding copyright policy compliance was insufficient on its face). And in this case, Trademark Counsel has provided a declaration further explaining the nature of the Minutes and their contents.

Plaintiffs contend that Google's prior withdrawal of its privilege assertion over a *different* document is evidence that Google's privilege claim over the April 9 Redactions is deficient. Dkt. 871, 2. But Google's decision to withdraw a privilege claim after further review says nothing about the April 9 Redactions. Indeed, after Google challenged Plaintiffs' privilege assertions, Plaintiffs withdrew their own privilege claims over *one hundred* documents. Dkt. 306, ¶ 26. Plaintiffs provide no basis to conclude that the April 9 Redactions are improper.

### III. The Presentations Reflect Legal Advice Regarding Anti-Counterfeit Policies

Plaintiffs next object to Google's withholding of a draft (identified on Google's Privilege Log #6, Entry #1, *see* Dkt. 873-6, the "█████████████" clawed back by Google) and final internal presentation (identified on Google's Privilege Log #2, Entry #107, *see* Dkt. 593-2, the "█████████") prepared by Trademark Counsel. *See* Dkt. 871, 2-3. Both presentations contain legal advice ███████████████████████████ Trademark Counsel presented the ████████████████████████████████████████████████. Hsieh Decl. ¶ 6. Trademark Counsel's presentation advised ███████████████████████████████████████████████████████. *Id.* In

---

[2] Google initially produced the Minutes with redactions in August 2025. Plaintiffs have not challenged any of the original redactions to the Minutes. *See* Dkt. 871, 1-2. Thus, only the April 9 Redactions, and specifically the material underneath ████████████████████████ are at issue.

**LATHAM&WATKINS**LLP

that presentation. Trademark Counsel also advised ███████████
███████████████████████████████████████. *Id.* Both presentations are
protected by attorney-client privilege, as they were prepared by Trademark Counsel (with limited
assistance from non-attorneys working at her direction), and contain her legal advice regarding
trademark and counterfeit policy compliance. Dkt. 873-6; Dkt. 593-2.

To challenge Google's clawback, Plaintiffs first recycle their (rejected) argument that
Google's use of the phrase "policy compliance" to describe the subject matter is insufficient. *See*
*supra* at 3. Next, Plaintiffs accuse Google of having "shifting positions." Dkt. 871, 3. Yet the
only evidence they muster is that Google clawed back the ███████████ after re-reviewing
that document.[3] That fact pattern holds for any clawback (including Plaintiffs'), and is expressly
permitted by the Protective Order. *See* Dkt. 82, ¶ 26. Finally, Plaintiffs erroneously claim that
Google waived privilege over the ███████████ by sharing it with Google employees. Dkt.
871, 3. Not so. The relevant audience was limited to ███████████████
██████████████████ and therefore "needed to be aware of the guidance being
provided" by Trademark Counsel. *Compass Prods. Int'l LLC v. Charter Commc'ns, Inc.*, 2020
WL 3448012, at *4 (S.D.N.Y. June 24, 2020) (Moses, J.) (finding no waiver where
communications had been disseminated to a small number of employees and there was no reason
to conclude those employees were "*not* in a position to act or rely on the legal advice contained in
the communication[s]").

## IV.   The Memorandum Was Prepared for the Purpose of *This Litigation*

Finally, Plaintiffs challenge Google's clawback of the document originally produced at
GOOG-CENG-00416837. That document is a memorandum that is core attorney work product
and subject to attorney-client privilege (the "Memorandum"). In March 2025, because of and to
assist in the defense of this litigation, Google's in-house and external litigation counsel requested
a meeting with ███████████████████████████████████
██████████████████████████ Declaration of Sarah Tomkowiak (Tomkowiak
Decl.), ¶ 6.  In advance of that meeting, █████████████████████ prepared the
Memorandum to share with Google's counsel. *Id.* ¶¶ 7-8. ███████████ shared the
Memorandum with Google's in-house and external litigation counsel during the March meeting.
Had Google's counsel not requested the meeting to understand issues necessary to defend this
case, the Memorandum would not have been created. *Id.*

Upon realizing that the Memorandum had been inadvertently produced, Google clawed it
back in March 2026 on the basis of attorney work product and attorney client privilege. Ex. 2,

---

[3] *Chelsea Hotel Owner LLC v. City of New York*, 2024 WL 323216 (S.D.N.Y. Jan. 29, 2024) is
inapposite. That case did not involve a clawback challenge, and instead addressed a party's "fluid"
privilege claims "with certain privilege claims added" and "others removed." *Id.* at *2.

**LATHAM&WATKINS**LLP

March 17, 2026 Email from J. Ferrigno.  Pursuant to the Protective Order, Google provided the basis for its privilege claim.[4]  Dkt. 873-8.

The Memorandum is work product.  "Communications related to the collection of information and documents for attorneys implicate the work-product doctrine as well as the attorney-client privilege."  *Han v. InterExchange, Inc.*, 2025 WL 1419527, at *3 (S.D.N.Y. May 16, 2025) (Rochon, J.).  The "key question is whether the challenged [document was] 'prepared in anticipation of litigation or for trial by or for [a] party or its representative.'"  Dkt. 515 (Moses, J.) (quoting Fed. R. Civ. P. 26(b)(3)(A)); *see also id.* ("Notwithstanding the common description of the doctrine as the 'attorney' work product doctrine … it is not in fact necessary that the material be prepared by or at the direction of an attorney." (citation omitted)).  The Memorandum was created for Google's counsel precisely "because of the prospect of litigation."  *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998).

The Memorandum is also protected by attorney-client privilege.  The privilege extends to communications with third parties that facilitate the transfer of information between client and counsel.  *See United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961).  That includes communications made so counsel "could give effective legal advice" in litigation.  *Pearlstein v. BlackBerry Ltd.*, 2019 WL 2281280, at *2 (S.D.N.Y. May 29, 2019) (finding communications between counsel, client, and client's agent to provide "outside counsel with information" concerning client were protected by *Kovel*).  Here, ▮▮▮▮▮▮▮▮ prepared the Memorandum to provide information to Google's counsel so that Google's counsel could "give effective legal advice."

Plaintiffs complain about the timing of Google's clawback, but that is not a basis for *in camera* review, particularly because the Protective Order imposes no timing requirements and explicitly disclaims FRE 502(b)'s requirement that the privilege holder "promptly" take steps to rectify its error.  *See* Dkt. 82, ¶ 26.  Indeed, Plaintiffs have clawed back documents months after producing them.  *See, e.g.*, Dkt. 289, ¶ 41, n.3.  And it is not credible that Google's description of the Memorandum as prepared for counsel *adversarial to Plaintiffs in this lawsuit* "for the purpose of litigation defense and legal advice" leaves Plaintiffs unable to assess the privilege claim.

For these reasons, the Court should deny Plaintiffs' Letter Motion.  If the Court finds that any of Google's log entries or bases for the clawed-back documents are deficient, Google requests the opportunity to supplement those materials.

---

[4] Google determined that it was not required to produce a privilege log because the Memorandum is a post-Complaint communication to counsel for the purpose of litigation.  Dkt. 80, § 12(b).  If the Court determines that § 12(b) does not apply, Google will provide a formal privilege log entry.

May 1, 2026
Page 6

**LATHAM&WATKINS**LLP

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*

Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF and e-mail)