

Oppenheim
+ Zebrak, LLP

WASHINGTON – NEW YORK

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

May 1, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:    *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs'
       Letter Motion to Redact the April 7, 2026 Transcript of Proceedings

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices and the deadlines set forth in Dkt. 829, Plaintiffs submit this letter motion requesting approval from the Court to apply limited redactions to the April 7, 2026 Transcript of Proceedings (the "Transcript").

Because the Transcript includes content for which Google requests redactions, Plaintiffs are filing a public version of the transcript that layers black redaction boxes over both parties' proposed redactions, and a sealed version of the transcript that highlights only Plaintiffs' proposed redactions.[1]

## I.    Background

Portions of the Transcript excerpt and describe information designated by Plaintiffs (and non-party BCGuardian, LLC ("BCGuardian")) as Highly Confidential-Attorneys' Eyes Only or Confidential pursuant to the Protective Order. *See* Dkt. 82 ¶¶ 2, 3. The information that Plaintiffs request remain sealed includes: confidential information that sheds light on Plaintiffs' and a third party's anti-piracy enforcement efforts, including specific excerpts from or descriptions of the contractual Statement of Work entered into by Plaintiffs and BCGuardian, the filename of privileged documents through which particular information about Plaintiffs' and the third party's legal activities, and the activities of this firm, as their retained counsel, can be gleaned, and the identity of a potential target for enforcement, and (ii) the name of a Protected Personnel pursuant to Paragraph 28 of the Protective Order. This information is Highly Confidential-Attorneys' Eyes Only or Confidential because it could, if disclosed, "create a substantial risk of [significant] harm to the business, commercial, financial, competitive, or personal interests" of Plaintiffs, a third

---

[1] Plaintiffs reserve the right to challenge Google's proposed redactions, consistent with the parties' email conferrals on sealing proposals for the Transcript.

1

party, or BCGuardian. Dkt. 82 ¶¶ 2, 3. Moreover, the material at issue is the same as, or comparable to, material that Plaintiffs and BCGuardian requested remain confidential in prior sealing requests, which the Court granted (Dkts. 471; 673).

The undersigned law firm, which is counsel for Plaintiffs and BCGuardian in this action, conferred with Google's counsel about Plaintiffs' proposed redactions by email on April 30 and May 1, 2026. Google confirmed that it will not challenge Plaintiffs' proposed redactions.

## II.    Legal Standard

Plaintiffs' redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). And, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III.    The Highly Confidential-Attorneys' Eyes Only and Confidential Material Should Be Redacted

The material at issue should be redacted because it discloses confidential and sensitive information about (i) Plaintiffs' and a third party's anti-piracy enforcement efforts, (ii) the commercially sensitive work of non-party BCGuardian, and (iii) an individual entitled to enhanced protection. If made public, such information could enable bad actors to take steps to evade detection and further infringe, threaten the business and commercial interests of a non-party, and expose an individual to swatting, doxing, or other targeting actions.

Like the material at issue in prior sealing requests in this case, certain portions of the Transcript disclose highly sensitive information about Plaintiffs' and a third party's anti-piracy efforts, as well as the commercially sensitive work of non-party BCGuardian. BCGuardian is a private company that specializes in providing intellectual property protection and anti-piracy services to rightsholders. *See* Dkt. 408 at 3. Plaintiffs' counsel specifically engaged BCGuardian to collect evidence and provide information and analysis to inform legal advice to Plaintiffs in connection with this and other cases. *See id.* In addition to revealing information about Plaintiffs' and a third party's confidential strategies, including the identity of a potential target for enforcement, if made public, the disclosure of this information could enable bad actors to take steps to evade detection and further infringe and it could threaten the business and commercial interests of a non-party. Indeed, portions of the Transcript include excerpts and characterizations of the confidential Statement of Work entered into by Plaintiffs and BCGuardian. Courts in this

2

district have recognized the significance of keeping proprietary information, like the material at issue here, confidential. *See, e.g., See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at \*3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at \*2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

The Transcript also discloses the filename of withheld documents, thereby revealing confidential information about Plaintiffs' and a third party's legal activities from which one can glean sensitive insights about these parties' legal activities. The Court has previously permitted Plaintiffs' Supplemental Privilege Log dated November 19, 2025, which includes such information, to be filed under seal (Dkt. 471).

Lastly, the Transcript also reveals the name of an individual deemed a Protected Personnel pursuant to the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names . . . that could be used to identify individual employees . . . involved in the sending, receiving, implementation, and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents).

For these reasons, the Court should permit limited redactions of the confidential and sensitive material at issue.

## IV.    Plaintiffs' Request is Narrowly Tailored to Serve the Purpose that Requires Redacting

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that prior Orders issued in this case, cases in this district, and the Protective Order support keeping confidential. Specifically, Plaintiffs ask the Court to redact only limited portions of the Transcript to protect highly confidential, sensitive, and/or proprietary information of Plaintiffs, BCGuardian, and a third party, the disclosure of which would create a substantial risk of harm to these parties.

Plaintiffs respectfully submit this letter motion explaining the need to redact the Transcript.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele Murphy*

Michele Murphy

cc:    All Counsel of Record (via ECF)