**Sara Sampoli**

Direct Dial: +1.202.350.5328

sara.sampoli@lw.com

555 Eleventh Street, N.W., Suite 1000

Washington, D.C.  20004-1304

Tel: +1.202.637.2200  Fax: +1.202.637.2201

www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

May 1, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:  *Cengage Learning, Inc., et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Letter Motion to Seal April 7, 2026 Conference Transcript</u>

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices and the Court's Order at Dkt. 829, Google submits this letter motion to seal the transcript of proceedings regarding the conference held on April 7, 2026 (the "Transcript"), Dkt. 829.  Both Plaintiffs and Google are requesting redactions to the Transcript.  The sealed version of the transcript attached as Exhibit A to this Letter Motion contains only those redactions Google has requested.

**Background.**  The Transcript includes certain information designated by Google as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82).  Google's HC-AEO information reflects details derived from HC-AEO documents containing internal information concerning Google's internal policies regarding DMCA enforcement, groups and individuals involved in enforcing those policies, details of internal reports, and documents and discussions with Google personnel concerning details of Google's systems and descriptions of Google's processing of takedown notices and removals on platforms not at issue in this litigation. Google maintains that this information is HC-AEO as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or third parties who use Google's Shopping platform.  Dkt. 82 ¶ 3.  Google conferred with Plaintiffs about this material via email on April 30 and May 1, 2026, and Plaintiffs indicated that they would oppose certain of Google's proposed redactions, including redactions that are the subject of a pending motion at Dkts. 731, 756, 758.

**Legal Standard.**  Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Id.* at 119–20

LATHAM&WATKINS LLP

(quotations omitted).  Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016).  Moreover, the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Material Warrants Sealing.**  The material at issue should be sealed because it concerns confidential business information reflecting Google's sensitive, internal policies and practices related to DMCA enforcement and as well as details of Google's systems and processing of takedown notices on platforms unrelated to this litigation.  Courts in this district routinely recognize the importance of keeping information reflecting proprietary and sensitive business information, like the business practices at issue here, confidential.  *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Farsura v. QC Terme US Corp.*, 2025 WL 267573 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies, including contracts with other entities, because others might exploit the information). This principle extends to the type of technical details of technology systems Google seeks to protect.  *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations and citations omitted) ("protecting a company's IT information fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud"); *Ramirez v. Temin & Co., Inc.,* 2020 WL 6781222, at *6–7 (S.D.N.Y. Nov. 18, 2020) (sealing business materials that included the company's IT information).

Public disclosure of this material would reveal details of Google's business practices, including operational details of its systems and practices for processing takedown notices. Disclosure of this information poses a substantial risk of misuse by bad actors.  This information is particularly sensitive because this is a case about alleged piracy occurring on Google's platform.  *See generally* Dkts. 38, 116.  Exposing details of Google's systems and processes, particularly when the system details are not relevant to this litigation, creates a serious risk, as third parties (including the "pirate" sellers of Plaintiffs' works in this case) may seek to use such information to compromise Google's systems and data sources for purposes of avoiding detection or otherwise circumventing Google's measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices").  The

LATHAM&WATKINS LLP

risk that third parties could obtain and use the information described in the Transcript to their advantage, including in connection with efforts to "circumvent the security systems and procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Cantinieri*, 2024 WL 759317, at *2.

The material sought to be sealed includes extremely sensitive details about Google's DMCA enforcement processes, including related to platforms not at issue in this litigation, that, if released, could directly assist bad actors in avoiding detection of fraudulent or illegal activities on Google's platform. The material sought to be sealed also includes the names of individuals who are currently involved in enforcement efforts at Google. As the Protective Order acknowledges, the identification of such individuals is sensitive and should not be publicly disclosed. Dkt. 82 ¶ 28. Public disclosure of these individuals' names creates a risk that these individuals will be doxxed, swatted, or otherwise targeted by bad actors.

**Google's Sealing Request is as Narrowly Tailored as Possible.** Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public policies, systems, and operations. Courts in this district have found such redaction requests reasonable and appropriate. *See, e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2022 WL 3910584, at *2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information."); *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order").

Given the extremely sensitive nature of the materials and the risk that nefarious actors will obtain and misuse the materials if publicly disclosed, Google respectfully submits this letter motion to redact the Transcript.

We thank the Court for its consideration of this request.

Respectfully,

*/s/ Sara E. Sampoli*
Sara E. Sampoli (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)