

Yunyi Chen
461 5th Avenue, 19th Floor
New York, NY 10017
Tel. 212.951.1156
ychen@oandzlaw.com

WASHINGTON – NEW YORK

May 5, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
> Plaintiffs' Letter Reply in Partial Opposition to Google's Letter Response (Dkt. 893) in
> Support of Plaintiffs' Letter Motion to File Redacted and Sealed Document (Dkt. 864)

Dear Judge Moses:

We represent all Plaintiffs in the above matter. We write in partial opposition to Google's Letter Response (Dkt. 893) in Support of Plaintiffs' Letter Motion to File Redacted and Sealed Document (Dkt. 864).

Google seeks to redact the name of a Google employee involved in Google's "anti-counterfeit policies," citing the parties' Protective Order, Dkt. 82 ¶ 28. *See* Dkt. 893 at 2–3; *see also* Dkt. 893-1. The name Google seeks to redact appears in Plaintiffs' sealed filings, Dkt. 871 at 1–2; Dkt. 873 ¶ 4; Dkt 873-1; Dkt. 873-2. At Google's request, Plaintiffs redacted the name in public versions of Dkts. 871 and 873 in the first instance. *See* Dkts. 872 at 1–2; Dkt. 875 ¶ 4. Plaintiffs oppose redacting this name.

In conferrals, Google has taken the position that the individual's name should be automatically redacted, because Google had designated the individual as "Protected Personnel" pursuant to the parties' Protected Order, Dkt. 82 ¶ 28. That provision defines "Protected Personnel" as "individual employees, contractors, or other personnel involved in the sending, receiving, implementation, and enforcement of *Digital Millennium Copyright Act ("DMCA")* policies and notices of infringement." *Id.* (emphasis added.) In a recent deposition, the individual testified that they had no involvement in the processing of DMCA notices and indeed disclaimed all knowledge of that process. Accordingly, Google's designation of that individual as "Protected Personnel" does not appear consistent with the plain language of Dkt. 82 ¶ 28.

Google argues that it seeks to redact the information because "[e]xposing details of Google's processes, including details of Google's anticounterfeit policies and the role of Google personnel with respect to those policies, creates a serious risk, as third parties . . . may seek to use such information to circumvent Google's policies and measures for stopping criminal, fraudulent, or other prohibited activity." Dkt. 893 at 2–3. While Google's reasoning may apply to redacting "details of Google's processes," and "details" concerning "the role of Google personnel with respect to those policies," it does not support redacting the name itself if the other "details" discussed have all been redacted. There is no risk that "third parties . . . may seek to use" the individual's name "to circumvent Google's policies and measures" if details concerning the individual's role and "Google's processes" remain redacted.

Hon. Barbara Moses
May 5, 2026
Page 2

Plaintiffs respectfully submit that Google should not be permitted to redact the name of the individual in the documents at issue in Dkt. 864.

Respectfully submitted,

/s/ *Yunyi Chen*
Yunyi Chen