

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
jkane@oandzlaw.com

May 6, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

> Re:   ***Cengage Learning, Inc. et al. v. Google LLC***, No. 24:cv-04274-JLR-BCM
> **Plaintiffs' Response to Google's Letter Motion to Modify Deposition Limits**
> **and Impose Time Limitations on Rule 30(b)(6) Depositions (Dkt. 874)**

Dear Judge Moses,

Plaintiffs write in opposition to Google's Letter to Modify Deposition Limits and Impose Time Limitations on Rule 30(b)(6) Depositions (Dkt. 874). If it was not clear already, Google's motion demonstrates that Google's ceaseless desire to delay this case and obstruct discovery. The Court should deny the motion, and order Google to schedule depositions promptly.

### I.   Google has made only two witnesses available for deposition, cancelled nine depositions, and refuses to schedule thirteen others.

Google's motion declines to inform the Court that Google is beyond delinquent in scheduling depositions. Pursuant to the Court's order, fact depositions were to begin in March 2026. Dkt. 539 ¶¶ 1–5. In the two months since then, Google produced only two witnesses: one former employee, and one who claimed to have knowledge only of Google's trademark processes, not its copyright process. Declaration of Attorney Jeff Kane ("Decl.") ¶ 3. Google has cancelled *nine* scheduled depositions. Decl. ¶ 5. For three of those, Google cancelled because, although the witnesses were available to be deposed, Google's in-house counsel was not available to observe the deposition. Decl. ¶ 6. Google has cancelled the deposition of one important witness *three times*, including once just three business days before it was to occur. Decl. ¶¶ 5, 8. A tenth deposition had to be cancelled because Google did not produce documents needed for the deposition by the Court's April 10 deadline. Decl. ¶ 7.

And Google's delay shows no sign of ending. Google has scheduled only one deposition to occur before the July 2 fact discovery deadline (Dkt. 821 ¶ 8). Decl. ¶ 4. For *thirteen* other deponents that Google's counsel represents, Google refuses to schedule depositions. Decl. ¶ 9. Ten of these deponents are *not* 30(b)(6) witnesses, yet Google still has not scheduled their depositions. For three of Google's remaining 30(b)(6) witnesses, Google refuses to schedule depositions, claiming that its objections to Plaintiffs' notice and the disagreement on the time-limit allow Google to postpone those depositions indefinitely. Decl. ¶ 10. Two of these 30(b)(6) witnesses are also fact witnesses, and Google refuses to schedule those fact depositions as well.

But Google's refusal to make its *own* witnesses available has not prevented it from deposing numerous *Plaintiff-side* witnesses. Google has taken five 30(b)(6) depositions of

Hon. Barbara Moses
May 6, 2026
Page 2 of 5

Plaintiffs (three of whom were also deposed as individuals), Plaintiffs' antipiracy specialist BCGuardian, and four authors of Plaintiffs' works. Decl. ¶ 11. By taking ten depositions, Google has assured itself that it only needs fifteen fact depositions. *Id.*

The Court should not reward Google's outrageous conduct by granting its motion.

**II.      The Court should deny Google's request to reduce the number of fact depositions.**

Judge Rochon previously ruled that each side would be permitted twenty fact depositions. Dkt. 34 ¶ 19. Google now suggests that each side should now be restricted to fifteen. Google has not established a basis to depart from Judge Rochon's order.

**a.   Numerous factual issues require deposition testimony.**

This is a massive case. It involves millions of ads for 7,359 copyrighted works, spans conduct from 2019 through the present, carries statutory damages of more than $1 billion, and implicates multiple systems and departments at Google. Even if one sets aside Google's DMCA policy entirely (which, as discussed below, even Google does not contend is appropriate), Judge Rochon was correct to permit each side twenty fact depositions. *See In re Weatherford Int'l Sec. Litig.*, 2013 WL 5762923 (S.D.N.Y. Oct. 24, 2013) (granting plaintiffs' request for an additional sixteen depositions for a case with an amount in controversy of nearly $1 billion and a company with over one hundred employees). Numerous factual issues make these depositions essential, including:

- **Plaintiffs' Trademark Claim**: Google directly infringed fifteen of Plaintiffs' marks. Dkt. 38 at 43–44. The statutory damages alone for this claim could be $30 million 15 U.S.C. § 1117(c)(2). This claim could have been its own lawsuit, subject to its own ten-deposition limit.

- **Repeated Advertisement of Pirated Ads**: A fundamental issue in this case is why Google advertised what it knew were pirated ebooks and/or pirate merchants. Google claims it engaged in efforts to address this problem. *E.g.*, Dkt. 455 at 1–2. Depositions are needed to illuminate whether/what efforts were actually taken, what they supposedly involved, and why, despite such "efforts," Google still advertises known pirated ebooks and known pirates.

- **"Zero-strike" Policy**: Google previously had a policy that if certain ███████████ ████████████████████████████████████████████████████ ████████████████████████████████████ Dkt. 185 at 5. Google has produced almost no documents on this topic. Dkt. 650 at 1. Thus, Plaintiffs will need to explore this significant issue in deposition.

- **Google's Discussions with Other Rightsholders**: Google discussed ads for pirated ebooks with at least three stakeholders besides Plaintiffs: the American Association of Publishers, VitalSource (a distributor of ebooks), and Pearson (a major educational publisher). *E.g.*, GOOG-CENG-00426001, GOOG-CENG-00419029, GOOG-CENG-00426568. As Google has produced few documents on these topics, Plaintiffs will need deposition testimony to determine what Google knew and when.

Hon. Barbara Moses
May 6, 2026
Page 3 of 5

- **Google's Ebook "Ban"**: In May 2021, Google claimed it was banning paid ads for ebooks. Dkt. 38 ¶ 65. This decision raises multiple factual questions that must be explored in deposition, including why Google chose to apply the ban only to *paid* ads, not to *free* ads, and why Google operated the "ban" to disallow *legitimate* ads while allowing *pirate* ads (Dkt. 38 ¶¶ 64–66).

- **The "Brand Portal"**: Google ███████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████ This is precisely the solution that Plaintiffs had suggested. Dkt. 38 ¶ 110. ████████████████████████████ Deposition testimony is needed to determine who made this decision and why.

- **The "Beta" Program**: Sometime in 2025, Google began what it claims is a "beta" program whereby Google *would* advertise ebooks in paid ads, but only for certain publishers. Dkts. 121 at 3; 131 ¶ 17. Depositions will reveal how Google accomplished this goal (which Google previously had claimed was "technically burdensome," Dkt. 475 at 3), and will establish Google's willfulness in *excluding* Plaintiffs from the program (Dkt. 131 ¶ 17).

- **Deleted Documents**: Google's default rule for emails is to preserve messages for only ████████████████. GOOG-CENG-00622325 at -2325. Important documents likely have been lost, as occurred with one important email that Plaintiffs obtained from a third-party. Dkt. 650 at 2. Deposition testimony will fill these gaps in Google's productions.

These are but a handful of the issues that need to be explored in deposition, even setting aside Google's DMCA policy entirely.

### b. *Cox* does not reduce the amount of necessary discovery.

Google argues that the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026) has "fundamentally changed" the "scope of discovery" here. Dkt. 874 at 2. As Judge Rochon has held (twice), Google is incorrect.

When Google moved for a stay of discovery after *certiorari* was granted in *Cox*, Judge Rochon held that the same discovery would be necessary no matter how *Cox* was decided. "Even if the Supreme Court adopts a more demanding standard for contributory copyright infringement . . . ongoing discovery in this case would still be relevant . . . The current universe of discovery . . . is therefore fair game . . . ." Dkt. 191 at 5–6. Judge Rochon reached the same conclusion when Google again moved for a stay after *Cox* was decided. Dkt. 852 at 55:11–18. Judge Rochon was correct. If anything, *Cox increases* the number of depositions that are needed. Prior to *Cox*, Plaintiffs could show contributory infringement by demonstrating knowledge and material contribution. According to Google, Plaintiffs now must prove intent. Dkt. 843 at 3–9. If that is so, Plaintiffs now have *more* to explore in depositions than they did prior to *Cox*.

### c. Google's failure to adhere to its DMCA policy remains an appropriate topic for depositions.

Google likewise claims that its withdrawal of the DMCA defense renders certain depositions (which it declines to identify for the Court) unneeded. Google is wrong again.

Hon. Barbara Moses
May 6, 2026
Page 4 of 5

First, Google's DMCA/copyright policy remains a key topic for discovery. Indeed, even *Google* is not claiming that it need not prepare a 30(b)(6) witness to testify about Google's implementation of its DMCA policy. Decl. ¶ 12. Plaintiffs will argue at summary judgment and trial that Google's failure to follow its own DMCA policy shows Google's intent, the need for deterrence, and its culpability. Courts properly consider a company's failure to follow its own copyright policies as evidence of the company's intent and willfulness. Dkt. 846 at 1–2 (collecting cases).

Second, beyond whether Google followed its DMCA policy, the features of that policy itself are important evidence. ███████████████████████ Dkt. 846 at 2. The meaning and scope of those ████████ are not clear and will need to be explored through deposition. For example, it appears that for "marketplace" domains █████████████████████████████████. Dkt. 845 at 2. Google has produced almost no documents concerning this enormous ████████████. Plaintiffs will need to explore it in deposition.

### III.    The Court should deny Google's request to reduce the time-limit for 30(b)(6) depositions.

Google's next attempt at delay is to reduce the time-limit for 30(b)(6) depositions. But Google's motion leaves out that Google has not even designated a witness for four of Plaintiffs' 30(b)(6) topics (26.04.24 Latham Email), that Google disclosed two of its five witnesses less than a week before filing its motion (*id.*), and that Google substantially revised its objections only nine days before filing its motion (26.04.21 Latham Email). Google did not even meet and confer with Plaintiffs regarding its motion after designating four of its six 30(b)(6) witnesses. At the very least, Google's time-limit motion is premature. The parties can discuss it after completing conferrals on Google's "updated" objections to Plaintiffs' topics.

Moreover, each of Google's four remaining 30(b)(6) witnesses is responsible for broad subject areas. For example, Christophe Weibel is to address all data concerning: the ads Google ran for the 1,500 pirates, the creation and suspension of these accounts, biographical information about the pirates, and the notices Google received concerning the 1,500 pirates and Google's responses to those notices. These records comprise "terabytes" of data. Dkt. 692 at 1. The "offer" data alone contains ████████ rows. Dkt. 760 at 3. This is some of the most important evidence in the case; it alone easily could consume an entire deposition. Moreover, as the "technical lead" for the team that is "primarily responsible for implementing policy enforcement on the Google Shopping Platform" (Dkt. 59 ¶¶ 1–2), Mr. Weibel is an important fact witness. And Google refused to make him a ful custodian, so more deposition questions will be needed.

Another 30(b)(6) witness, Chelsea Fine, is addressing another broad range of topics, e.g.,

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████. Google's suggestion to limit these depositions to 8.5 hours is unsupported by the facts and would prejudice Plaintiffs.

Finally, as it has done with its request to reduce the number of depositions, Google refuses to schedule any 30(b)(6) depositions (or even schedule fact depositions for "dual-capacity

Hon. Barbara Moses
May 6, 2026
Page 5 of 5

witnesses") unless Plaintiffs agree on an across-the-board time-limit for all 30(b)(6) depositions. This is a blatant attempt to prolong an already years-old litigation. The Court should not indulge Google's games.

## IV.    Conclusion

The Court should deny Google's motion, and order Google to make its witnesses promptly available for depositions.

Respectfully submitted,

*/s/ Jeff Kane*
Jeff Kane