

W A S H I N G T O N – N E W   Y O R K

Yunyi Chen
461 5th Avenue, 19th Floor
New York, NY 10017
Tel. 212.951.1156
ychen@oandzlaw.com

May 6, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
> Plaintiffs' Letter Response in Partial Opposition to Google's Letter Motion (Dkt. 894) to File Redacted and Sealed Document

Dear Judge Moses:

We represent all Plaintiffs in the above matter. We write in partial opposition to Google's Letter Motion (Dkt. 894) to Seal Google's Response (Dkt. 895) in Opposition to Plaintiffs' Letter Motion for *In Camera* Review (Dkt. 871). Plaintiffs oppose two categories of redactions that Google seeks.

**1) Name of Google employee:** Google again seeks to redact the name of one of its employees. Google made the same request in a prior motion to seal (Dkt. 893), which Plaintiffs opposed (Dkt. 909).

The filing in which Google seeks to redact the employee's name (Dkt. 895) already redacts all details concerning Google's policy enforcement processes and the responsibilities of the employee involved. Accordingly, it is not necessary to redact the name of the employee. As the Court correctly admonished, "redactions should be minimized in light of the strong presumption of public access to judicial documents." Order, Dkt. 828 (rejecting "the parties' proposed excision of the names of third parties whose identity is neither privileged nor confidential.") (citing cases). Consistent with that principle, the Court recently denied Google's Dkt. 613 letter motion to seal "insofar as Google seeks to redact the names of its in-house counsel, which are not confidential and appear on the public docket." Dkt. 890. Redaction of employee names should be the exception, not the rule.

Google argues that "[p]ublic disclosure of" the names of "specific personnel and teams involved in policy strategy and enforcement efforts at Google" would "create[] a risk that these individuals will be . . . targeted by bad actors." Dkt. 894 at 3. But on numerous occasions, Google has included the names of personnel involved in policy enforcement on the public docket without seeking to redact them, including that of an individual Google designated as "Protected Personnel" under the Protective Order, Dkt. 82 ¶ 28, and even where the filings explained the employees' job responsibilities at a high level. *See* Dkts. 912-1; 905-1 at 78:1, 89:13; 899; 799-1 at 120, 123, 127, 135; 616-1; 59. In those instances, Google appeared to agree with Plaintiffs that a name, standing alone, does not pose any "serious risk" where specific details of Google's policy enforcement processes are already redacted. *See also* Dkt. 909 at 1. Google has not shown that its considerably broader new position, calling for redaction of the names of all personnel involved in policy enforcement, is proper.

Hon. Barbara Moses
May 6, 2026
Page 2

**2) Generic reference to and name of Google's vendor:** Google also seeks to redact generic references to a third-party company that served as Google's vendor, as well as the name of that company, in Dkts. 895 at 4–5, 901 ¶¶ 6–8. These broad, generic references do not reveal any "details concerning how Google implements measures to combat alleged intellectual property infringement." Dkt. 894 at 2–3. Google's proposed redactions to these references are not "narrowly tailored" to serve any articulable "higher values," and should be rejected. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citations omitted). No bad actor could use the *name* of Google's vendor to circumvent Google's policies and systems.

Plaintiffs respectfully submit that Google should not be permitted to redact these two categories of information in the documents at issue in Dkt. 894.

Respectfully submitted,

/s/ *Yunyi Chen*
Yunyi Chen