**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

May 8, 2026

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

<u>**VIA ECF**</u>

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Reply in Support of Google's Motion to Seal Google's Response in Opposition to
> Plaintiffs' Letter Motion for *In Camera* Review (Dkt. 894)</u>

Dear Judge Moses:

We write in support of Google's Letter Motion to Seal ("Motion") (Dkt. 894) its Opposition to Plaintiffs' Letter Motion for *In Camera* Review (Dkt. 895). In Plaintiffs' partial opposition to the Motion (Dkt. 919, the "Partial Opposition"), Plaintiffs oppose two categories of redactions: (1) the name of an individual Google employee with responsibilities related to trademark and counterfeit enforcement (the "Employee") and (2) the name of Google's vendor (the "Vendor") engaged to support with enforcement efforts (together, the "Redactions"). Both categories of Redactions are proper and narrowly tailored. They are also consistent with redactions that have been applied in many of the over 900 docket entries in this case. *See, e.g.*, Dkt. 209 (granting sealing request (Dkt. 196) of several Google employees' names, including the Employee here); Dkt. 205 (granting sealing request (Dkt. 155) of information concerning vendor). Plaintiffs offer no reason why the Court should reverse course now. Revealing the redacted information on the public docket would compromise the security of Google's enforcement systems and expose commercially sensitive details regarding Google's enforcement efforts. It would also put the personal safety of Google's employees at risk. Google employees responsible for removing content from its platforms have already been the targets of serious threats and violence.[1] There is simply no compelling reason to expose the names of Google employees responsible for legal removals, anti-piracy, and anti-counterfeiting efforts on the public docket (and Plaintiffs do not offer one in their Partial Opposition).[2] The Court should grant Google's Motion.

---

[1] *See, e.g.*, U.S. Att'y's Off., Dist. of Or., *Josephine County Man Pleads Guilty for Threatening Mass Shooting at YouTube Headquarters* (Feb. 20, 2020), https://www.justice.gov/usao-or/pr/josephine-county-man-pleads-guilty-threatening-mass-shooting-youtube-headquarters (YouTube is a division of Google).

[2] Plaintiffs have already put the Employee at risk by filing their original Letter Motion with her name unredacted. *See* Dkt. 865. Plaintiffs did this *without warning* Google, even though the parties met and conferred regarding sealing. During that conferral, Plaintiffs' counsel never

LATHAM&WATKINS LLP

**Google's Redactions are Proper and Narrowly Tailored under the Second Circuit's Balancing Test.**  When considering sealing requests, the Court must balance the presumption of public access against the "preserv[ation of] higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal citation omitted) (balancing the "right of public access" against "competing considerations").  The weight afforded to public access is lower for non-dispositive motions.  *Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019) ("[D]ocuments that 'play only a negligible role in the performance of Article III duties' are accorded only a low presumption that 'amounts to little more than a prediction of public access absent a countervailing reason.'" (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995))).  "'Higher values' the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information." *Metcalf v. TransPerfect Translations Int'l Inc.*, 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025).  Particularly highly regarded are "[t]he privacy interests of innocent third parties"— parties who never chose to participate in this lawsuit—which "weigh heavily in a court's balancing equation," *In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) (citation omitted).  This makes sense.  After all, individual non-parties' names "will have minimal consequence on the public's ability to [assess the dispute]." *See Kelly v. City of New York*, 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003).

Similarly, courts in the Second Circuit have consistently allowed redactions that concern "proprietary and sensitive information," including information related to "relationships between the parties and their affiliates or third-party vendors." *Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, 2017 WL 11899387, at *3 (S.D.N.Y. Dec. 1, 2017) (allowing redactions because the need to protect the party's "relationships with vendors" outweighed the presumption of access); *see Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sep. 26, 2022) (granting motion to seal "identities of clients or strategic business initiatives," since that information was "unnecessary to adjudicate Plaintiff's claims and the parties' summary judgment arguments" and "the risk of competitive harm outweigh[ed] the public right of access").  The need to protect proprietary and sensitive information is particularly strong when the information relates to a company's practices and procedures designed to prevent misuse.  *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access").

Google's Redactions are narrowly tailored to strike the appropriate balance between public access and protection of Google's personnel and sensitive, proprietary information.  Google's

---

stated that they believed this Employee's name should remain unredacted.  Google promptly informed Plaintiffs of this error, along with another egregious error in transcript citations in their Letter Motion that required re-filing.  *See* Dkt. 881.  Google has attempted to work collegially with Plaintiffs on these issues, but Plaintiffs have failed to offer the same respect, filing this Partial Opposition again with no warning.

LATHAM&WATKINS LLP

Motion seeks to redact the name of just one Google Employee (while leaving unredacted the names of others who have voluntarily authored declarations submitted on the public docket) and the name of its Vendor (who assisted Google in implementing and enforcing its DMCA policy). Because the underlying Letter Motion (Dkt. 871) relates to a tangential dispute over whether Google properly clawed back a document presented during the Employee's deposition and one prepared by the Vendor, the need for public access to these names is particularly weak.

**Google Properly Redacted the Employee's Name**. Names are not evidence. They do not improve public understanding of this case nor do they go to the merits of any Party's arguments. Google's Opposition to Plaintiffs' Letter Motion (Dkt. 895) includes the Employee's name to explain the context in which Google clawed back a disputed document. The Employee is not an attorney, and she did not submit any declaration to support Google's clawback of the document in its Opposition. Further, Google disclosed the Employee as a Protected Personnel under the Protective Order, Dkt. 82 ¶ 28, in January 2025 because she is responsible for receiving and actioning infringement notices. That she is responsible for actioning trademark infringement and counterfeit notices rather than DMCA notices does not reduce the risk of "doxing, swatting, or other targeting" that she may face. *Id.* Plaintiffs did not object to the Employee's designation as a Protected Personnel and they violated the Protective Order by failing to redact the Employee's name in their original Letter Motion (Dkt. 865). *See* Dkt. 82 ¶ 28 ("The Parties agree to apply redactions for information personally identifying the Protected Personnel disclosed by all Parties (e.g., names, email addresses, and phone numbers) before publicly filing any such documents.").

Plaintiffs' actions—filing a motion with the Employee's name unredacted and asking the Court to unredact her name now—invite harassment and compromise the Employee's safety. Plaintiffs offer no explanation for why the privacy interests this Court has repeatedly credited, *see, e.g.*, Dkts. 529, 574, 659, 678, 680, 882, 884, 885, 886 (sealing names of both Plaintiffs' and Google's employees), have suddenly lost their weight. An about-face this stark deserves at least an attempt at justification. Plaintiffs offer none. Plaintiffs merely invoke an order declining to redact the names of Google's in-house counsel whom *Google* identified on the public docket and *who voluntarily provide declarations* to support this case. *See* Dkts. 773-1, 776-1. This greatly differs from unredacting the names of employees involuntarily pulled into litigation because a document was clawed back at their deposition, or because a handful of documents inadvertently produced in discovery reference their names. *See Newsday*, 895 F.2d at 79–80.

**Google Properly Redacted the Vendor's Name**. The name of the Vendor that supports Google with implementation and enforcement of its copyright policy is proprietary, sensitive information that is not known to the public, and disclosure of that name could both harm Google's relationship with the Vendor and harm its work to prevent misuse of Google's platform. *See Church*, 2017 WL 11899387, at *3; *see also Dollar*, 2012 WL 13195012, at *2. Contrary to Plaintiffs' claims in the Partial Opposition, the work done by the Vendor is not "generic," and instead relates to the crux of how Google "send[s], receiv[es], implement[s], and enforce[s]" its DMCA "policies and notices of infringement." Dkt. 82 ¶ 28. And, the public does not need access to this information, especially as related to this dispute. Plaintiffs' Letter Motion (Dkt. 871) challenges the clawback of a memorandum prepared by the Vendor to help answer questions posed

**LATHAM & WATKINS** LLP

by Google's legal counsel related to this litigation.  The unredacted information in Google's Opposition to the Letter Motion provides sufficient information to support Google's claim of privilege without disclosing the privileged information itself.  There is no reason the *name* of the Vendor who prepared the clawed back memorandum needs to be disclosed to the public, particularly given the sensitive nature of the work that the Vendor does for Google.

Plaintiffs cannot justify their opposition to Google's Redactions.  Their request to unredact the Employee and Vendor names is unsupported and potentially risks exposing the Employee and Vendor—who never asked to be part of this case—to harassment and threats from bad actors like those at the heart of this case.  Beyond that, allowing the Employee and Vendor names to appear on the public docket will reveal sensitive information about Google's anti-piracy efforts, and in turn jeopardize those efforts.  Google's request is narrow.  It is principled.  And it tracks the line this Court has drawn repeatedly in response to both parties' sealing requests.

The Court should grant the Motion and permit the targeted Redactions.

Respectfully submitted,

*/s/ Sarah Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)