**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC, | |
| *Plaintiffs*, | Case No. 1:24-cv-04274-JLR-BCM |
| v. | |
| GOOGLE LLC, | |
| *Defendant*. | |

**ATTORNEY DECLARATION OF LAURA E. BLADOW**

I, Laura Bladow, declare that:

1.     I am an associate at the law firm Latham & Watkins LLP, counsel for Google LLC ("Google") in this matter.

2.     I submit this declaration in support of Google's letter motion to compel Plaintiffs to produce all data and document retention policies in effect from January 1, 2020 through March 31, 2025.

3.     I am familiar with Plaintiffs' production.

4.     Plaintiffs have failed to produce <u>any</u> custodial documents from three custodians: Aly Abrams, Sara Hillman, or Michael Dreher.

5.     Plaintiffs have produced <u>fewer than 10 documents</u> from each of the following custodians: Alberta Precaj, Morgan Wolbe, Charles Linsmeier, Jenn Baker, Alison Powell, and Simon Horrer.

6.    Below is a chart documenting the earliest-in-time documents produced by Plaintiffs' custodians, as disclosed in the date metadata fields from Plaintiffs' productions.

| Plaintiff | Custodian | Earliest Date Sent |
|---|---|---|
| McGraw Hill | Nick McFadden | May 21, 2021 |
| Macmillan | Charles Linsmeier | May 6, 2021 |
| Macmillan | Simon Horrer | July 15, 2021 |
| Macmillan | Alana Harter | November 12, 2021 |
| Macmillan | Susan Elbe | February 9, 2022 |
| Macmillan | Jenny Chiu | November 12, 2021 |
| Elsevier | Kelly McCann | April 21, 2021 |
| Elsevier | Salima Bradley | June 3, 2021 |

7.    Cengage designated Mr. Wolbe to testify on 7 30(b)(6) topics.

8.    Macmillan designated Mr. Horrer to testify on 17 30(b)(6) topics.

9.    I ran a search for "(piracy OR pirate OR illegal*) w/10 (DRM)" through Plaintiffs' custodial productions.  The search yielded 8 total documents across all the Plaintiffs' productions: one distribution agreement between Google and Macmillan Learning produced by Macmillan Learning, six author agreements produced by Cengage, and one document related to a test purchase produced by BCGuardian.

10.    On September 18, 2024, Google served Requests for Productions ("RFPs") Nos. 16, 18, 19, 29-30, 43-45, 75, and 81-83 on Plaintiffs Cengage, Macmillan Learning, McGraw Hill, and Elsevier.

      a.  RFP No. 16 requests:  "All Documents and Communications Concerning Your efforts to enforce Your asserted copyright interests in each of the Asserted Works, Including enforcement of any of the specific exclusive rights identified in 17 U.S.C. § 106."

b. RFP No. 18 requests: "All Documents and Communications Concerning any notices or notifications of claimed infringement of one or more of the Asserted Copyrights sent by You to Google or the designated agent of Google pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, Including Communications discussing any actions or inactions taken by Google."

c. RFP No. 19 requests: "All Documents and Communications Concerning any notices or notifications of claimed infringement of one or more of the Asserted Copyrights sent by any Plaintiff to any Third Party, pursuant to the DMCA, 17 U.S.C. § 512, Including the notices themselves."

d. RFP No. 29 requests: "All Documents shared with Third Parties and Communications with Third Parties in which You made any representation regarding whether or not any of the Asserted Copyrights are, were, or may have been infringed by Google, Including but not limited to any representations and warranties in financings, mergers, or other agreements."

e. RFP No. 30 requests: "All Documents and Communications Concerning any and all steps taken by You to determine whether Google's merchants had the underlying rights necessary to distribute, sell, or otherwise exploit any of the Asserted Works at issue."

f. RFP No. 43 requests: "For each Asserted Work, all Documents and Communications Concerning Your contention that Google knew whether Google's users had the underlying rights necessary to sell, rent, or otherwise distribute the Asserted Work."

g.  RFP No. 44 requests: "All Documents and Communications Concerning Your contention that Publishers have been sending infringement notices to Google relating to the Asserted Copyrights, as alleged in, e.g., paragraphs 4, 99, 100, 102–104, 107, 108, 111, and 112 of the Complaint."

h.  RFP No. 45 requests: "All Documents and Communications Concerning Your contention that Google has threatened to stop reviewing infringement notices from Publishers, as alleged in, e.g., paragraphs 4, 108, and 109 of the Complaint."

i.  RFP No. 75 requests: "All Documents and Communications Concerning any efforts to police or enforce the Asserted Copyrights or Asserted Trademarks by any Third Party on Your behalf, including, but not limited to, Documents Concerning any monitoring watch service in place, all Communications with any other Person about the Asserted Copyrights or Asserted Trademarks, all cease and desist letters related to the Asserted Copyrights or Asserted Trademarks, all filed lawsuits or oppositions related to the Asserted Copyrights or Asserted Trademarks, and all settlement, license or other agreements related to the Asserted Copyrights or Asserted Trademarks."

j.  RFP No. 81 requests: "All Documents and Communications sufficient to show the methodology by which You identified infringing Shopping Ads on Google Shopping."

k.  RFP No. 82 requests: "All Documents and Communications sufficient to show the methodology by which You prepared and delivered notifications for claimed infringement to Google under the DMCA."

l.  RFP No. 83 requests: "All Documents and Communications sufficient to show the methodology by which You tracked the number of notices sent to each Unauthorized Seller."

11.    Google received responses and objections to Google's RFPs from Plaintiffs Cengage, Macmillan Learning, McGraw Hill, and Elsevier on October 18, 2024.  Plaintiffs agreed to search for custodial files in response to Google's RFPs Nos. 16, 18, 19, 75, and 81-83.

a.  In response to RFP No. 16, Plaintiffs responded:  "Subject to and without waiving the foregoing objections, Plaintiff will produce (i) notices of infringement that it or a third party acting on Plaintiff's behalf sent to Google concerning Shopping Ads and communications between Plaintiff or a third party acting on Plaintiff's behalf and Google regarding those notices; (ii) notices of infringement that Plaintiff or a third party acting on Plaintiff's behalf sent to Infringing Merchants and communications between Plaintiff or a third party acting on Plaintiff's behalf and Infringing Merchants regarding those notices, if any; (iii) the Complaints, Temporary Restraining Orders, Preliminary Injunctions, and Permanent Injunctions in the lawsuits referenced in Paragraphs 114–118 of the Amended Complaint; (iv) the Infringing Merchants' responses in connection with the foregoing lawsuits, if any; and (v) any communications between Plaintiff and Google concerning the foregoing lawsuits. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time."

5

b.  In response to RFP Nos. 18 and 19, Plaintiffs responded: "Subject to and without waiving the foregoing objections, Plaintiff will produce (i) notices of infringement that it or a third party acting on Plaintiff's behalf sent to Google concerning Shopping Ads and communications between Plaintiff or a third party acting on Plaintiff's behalf and Google regarding those notices; (ii) notices of infringement that Plaintiff or a third party acting on Plaintiff's behalf sent to Infringing Merchants and communications between Plaintiff or a third party acting on Plaintiff's behalf and Infringing Merchants regarding those notices. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time."

c.  In response to RFP No. 29, Plaintiffs responded: "Subject to and without waiving the foregoing objections, Plaintiff responds that it is currently unaware of non-privileged, responsive representations or warranties in financings, mergers, or other agreements in its possession, custody, or control that can be found after a reasonable search."

d.  In response to RFP No. 30, Plaintiffs responded: "Subject to and without waiving the foregoing objections, Plaintiff will produce nonprivileged documents capturing evidence from the Pirate Sites that can be found after a reasonable search. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce documents in response to only this request at this time."

e.  In response to RFP No. 43, Plaintiffs responded: "Subject to and without waiving the foregoing objections, at the appropriate time and in accordance

with the Federal Rules of Civil Procedure, the Local Rules of this District, and orders of the Court, Plaintiff will produce non-privileged documents sufficient to support its contention referenced in this request that are within its possession, custody, or control and can be found after a reasonable search."

f.  In response to RFP Nos. 44 and 45, Plaintiffs responded:  "Subject to and without waiving the foregoing objections, Plaintiff will produce nonprivileged documents sufficient to support its contention referenced in this request, to the extent such documents exist, are within Plaintiff's possession, custody, or control, and can be found after a reasonable search."

g.  In response to RFP No. 75, Plaintiffs responded:  "Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to documents Plaintiff has agreed to produce in response to Request Nos. 16, 19, and 40. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in response to only this request at this time."

h.  In response to RFP Nos. 81, 82, and 83, Plaintiffs responded:  "Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to its response to Request No. 20. Pursuant to the foregoing objections, Plaintiff will not otherwise search for or produce additional documents in response to only this request at this time."

12.  On March 11, 2026, my colleague, Rose Jung emailed Plaintiffs' counsel, identifying these deficiencies and requesting copies of Plaintiffs' retention policies.  *See* Ex. 1 at 6.

13.     On March 13, 2026, Danae Tinelli Plaintiffs responded, confirming that Plaintiffs had no other responsive custodial documents to produce and noting that there was "no reason for Plaintiffs to produce their retention policies." *Id.* at 5.

14.     The parties exchanged four more emails on this issue. *Id.* at 1-4.

15.     On April 22, 2026, the parties met and conferred about the deficiencies in Plaintiffs' productions and remained at an impasse on the production of Plaintiffs' document retention policies. *See* Ex. 2 at 8.

16.     On May 4, 2026, Plaintiffs emailed Google noting that after investigating PL0000770062, they believed "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████" *See* Ex. 2 at 1.

17.     I submit this declaration also to place before the Court certain documents and information referenced in Defendant Google's motion to compel.

> a.  Attached hereto as Exhibit 1 is a true and correct copy of an email chain including emails from Rose-Marie Daeun Jung and Danae Tinelli between March 11, 2026 and March 25, 2026.
>
> b.  Attached hereto as Exhibit 2 is a true and correct copy of an email chain including emails from Danae Tinelli, Michele Murphy, Laura Bladow, and Leticia Salazar between March 9, 2026 and May 4, 2026.
>
> c.  Attached hereto as Exhibit 3 is a true and correct copy of Corsearch's produced document bearing the beginning Bates number CORSEARCH_24-cv-04274_0000248.

d. Attached hereto as Exhibit 4 is a true and correct copy of Corsearch's produced document bearing the beginning Bates number CORSEARCH_24-cv-04274_0000352.

e. Attached hereto as Exhibit 5 is a true and correct copy of Corsearch's produced document bearing the beginning Bates number CORSEARCH_24-cv-04274_0000293.

f. Attached hereto as Exhibit 6 is a true and correct copy of Cengage's produced document bearing the beginning Bates number PL0000770062.

g. Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the deposition of Macmillan's 30(b)(6) designee, Catherine Bogin.

I declare under penalty of perjury that the foregoing statements are true and correct.


Executed on May 8, 2026, in Washington, D.C.

_Laura E. Bladow_

Laura E. Bladow

9