**Sarah Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM&WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

May 8, 2026

**VIA ECF**

The Honorable Barbara Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:     *Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM
        Reply in Support of Letter Motion to Modify Deposition Limits and Impose Time
        Limitations on Rule 30(b)(6) Depositions

Dear Judge Moses:

Google writes in support of its Letter Motion to Modify Deposition Limits and Impose Time Limitations on Rule 30(b)(6) Depositions (the "Motion" or "Mot.") (Dkt. 874).  Plaintiffs' Opposition ("Opp.") (Dkt. 914) does not explain why twenty fact depositions per side (exclusive of 30(b)(6) depositions) is still proportional to the needs of this case or why they need to depose any dual-capacity witness for up *fourteen hours*.  The Court should grant Google's Motion.

**A.  Modification to the Fact Deposition Limit**

Plaintiffs provide a laundry list of topics they wish to explore through depositions. *See* Opp. at 2-4.  But Google's Motion does not seek to prevent Plaintiffs from questioning Google witnesses on any of these topics.  Rather, Google's position is that Plaintiffs can obtain sufficient, noncumulative testimony on all of these topics by deposing fifteen witnesses rather than twenty.  Plaintiffs resort to the generic argument that the "massive" size of the case alone justifies a 20-deposition limit.  Opp. at 2 (referencing Plaintiffs' thousands of asserted works and the maximum per-work damages amount for willful infringement under 17 U.S.C. § 504(c)(2)).  They ignore, of course, that they characterized the case similarly in August 2024 when they argued for ten fact depositions per side *inclusive* of Rule 30(b)(6) depositions.  Dkt. 29-1; Dkt. 29 at 1-2 (arguing that "[t]he scope of the infringement is large; so far, the case involves thousands of copyrighted works and twelve trademarks" and that "Google unquestionably had the knowledge required for enhanced statutory damages under 17 U.S.C. [§] 504(c)(2) and 15 U.S.C. § 1117(c)(2)").  And the case they cite does not support their position.  In *In re Weatherford International Securities Litigation* (which the undersigned litigated) the court did *not* grant the plaintiffs' request in full because the plaintiffs "ha[d] not demonstrated that each and every one of the proposed deponents would provide sufficiently unique information, not cumulative or duplicative of others, to justify the additional burden on the defendants" to defend those depositions.  2013 WL 5762923, at *2

LATHAM&WATKINSLLP

(S.D.N.Y. Oct. 24, 2013).

So, too, here.  A 20-fact deposition limit per side (not per party) disproportionately burdens Google and its employees who have been noticed for depositions that are duplicative.[1]  Plaintiffs appear to concede that at least six of their 21 noticed deponents have overlapping roles and share similar personal knowledge regarding Google's DMCA policy.  *See* Mot. at 2.  Indeed, Plaintiffs do not even try to argue that these individuals would provide "sufficiently unique information, not cumulative or duplicative of others."  *In re Weatherford*, 2013 WL 5762923, at \*2.  Instead, they argue vaguely that "Google's DMCA/copyright policy remains a key topic for discovery," and suggest that the twenty fact-deposition limit remains proportional because Google has agreed to produce a corporate witness on two of Plaintiffs' 73 Rule 30(b)(6) topics relating to Google's DMCA policy.  Opp. at 4.[2]  But Google's agreement to provide high-level testimony on behalf of Google regarding its DMCA policy only undermines, rather than supports, Plaintiffs' position that they need duplicative testimony on that policy from multiple fact witnesses, each with a subset of *Google's* knowledge. As for the details of that policy, Plaintiffs' obsession with features of Google's DMCA policy unrelated to the asserted works or at-issue merchants, Opp. at 4, was never justified and certainly is no longer justified after Google's withdrawal of its DMCA defense.  But if Plaintiffs still wish to explore the contours of Google's DMCA policy through fact depositions, Google's Motion does not seek to prevent them from doing so—rather, it simply seeks to put some limits on the number of depositions that can be devoted to a topic that is no longer relevant to Plaintiffs' claims or Google's defenses.  *See* Dkt. 923 at 7 (discovery "designed to show whether Google 'follow[ed] its own DMCA policy'" no longer relevant).

Plaintiffs' argument that they need *more* depositions after *Cox* (and Google's related withdrawal of its DMCA defense) is unavailing.  Opp. at 3.  To be clear, *Cox* narrowed, not expanded, the scope of contributory infringement.  Because material contribution is no longer a viable theory, *see Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 969 (2026); *id.* at 969-70 (Sotomayor, J., concurring in the judgment), there is *less* to explore about what constitutes contributory infringement, not more.  Plaintiffs' insistence that their need for depositions is *greater* after *Cox* is effectively a concession that they lack evidence of the intent required for contributory infringement and are seeking to use depositions as a fishing expedition to find it.

Plaintiffs concede that three recently noticed deponents have overlapping responsibilities related to trademark enforcement, Mot. at 2, but argue that this is proportional because their trademark claim "could have been its own lawsuit, subject to its own ten-deposition limit."  Opp. at 2.  Obviously, that claim *is* part of this lawsuit, so the hypothetical choice Plaintiffs could have

---

[1] Google needs to explore *each* Plaintiff's copyright ownership and anti-piracy enforcement efforts within the fact-deposition limit.  Despite this uneven limitation, Google has been able to avoid unnecessarily burdening Plaintiffs' employees with cumulative depositions.  A fifteen-deposition limit is amply large enough for Google to depose the witnesses it requires across all four Plaintiffs, third-party authors, and Plaintiffs' shared third-party vendors, including BCGuardian and two others.  It is likewise large enough for Plaintiffs to obtain the testimony they need from Google alone.

[2] Plaintiffs conveniently ignore that, pursuant to the Court's order at Dkt. 821 ¶ 6, Google identified *twenty eight* of Plaintiffs' Rule 30(b)(6) topics that either (1) are no longer relevant or (2) needed to be narrowed in light of *Cox* and Google's withdrawal of its DMCA defense.

LATHAM&WATKINS LLP

made to inefficiently pursue a related claim in a separate lawsuit is beside the point. Plaintiffs also could just dismiss that claim because it is meritless, and then they wouldn't need any trademark-focused depositions at all! In any event, returning to reality, nowhere do Plaintiffs explain why they need testimony on Google's trademark enforcement efforts from all three new deponents in addition to the testimony they have already received from Ms. A[3] during her nearly nine-hour deposition. That is because they don't.

As for the other non-DMCA or trademark topics Plaintiffs catalog in their Opposition (some of which, like the "Beta" program, are irrelevant), Plaintiffs offer no reason for needing twenty depositions to explore them all. Plus, many of them are covered by Plaintiffs' Rule 30(b)(6) topics, so Plaintiffs have obtained or will obtain 30(b)(6) testimony on those topics regardless of how many fact witnesses they are permitted to depose. And Google has already designated one 30(b)(6) witness who will not serve as a fact witness and anticipates designating at least one more, meaning that Plaintiffs will take more than fifteen depositions in total *even under Google's proposal*.

Finally, Plaintiff complains about ordinary scheduling challenges that occur in every lawsuit where lawyers and employees with busy schedules attempt and sometimes fail to find mutually acceptable deposition dates,[4] but that does not show that Plaintiffs would be prejudiced from the decreased limit—which, if anything, would make scheduling depositions easier.

### B. Temporal Limits On Dual-Capacity Witnesses

Plaintiffs assert that Google's request to impose a temporal limit on the depositions of dual-capacity witnesses is "premature" and that "[t]he parties can discuss it after completing conferrals on Google's 'updated' objections to Plaintiffs' topics." Opp. at 4. But Plaintiffs' conduct to date demonstrates that dual-capacity depositions will be unreasonably long even if the Parties agree to substantially narrow Plaintiffs' 30(b)(6) topics. For example:

- Plaintiffs deposed one witness (Ms. A.) for nearly nine hours even though (1) the witness was only designated for two topics and (2) her personal knowledge and 30(b)(6) testimony overlapped substantially; and
- Plaintiffs refused to set less than a ten-hour cap for another dual-capacity witness (Ms. F.).

Plaintiffs' Opposition makes abundantly clear that these problems will continue. For example, Plaintiffs argue that they cannot limit 30(b)(6) deposition testimony to anything under fourteen hours because Google's deponents are "responsible for broad subject areas." Opp. at 4.

---

[3] Throughout this Reply, Google will refer to its employees only by their initials to avoid the need for sealing disputes. *See* Dkts. 909, 919, 924.

[4] Google has not "refuse[d] to schedule depositions." Opp. at 1. Plaintiffs seek to blame Google for all scheduling changes, including changes that were initiated by Plaintiffs (i.e., for the depositions of Mr. L. and Mr. J.) or caused by Plaintiffs' own scheduling conflicts (i.e., for the deposition of Mr. M.). Plaintiffs omit that they, too, have rescheduled depositions of their own witnesses. Finally, Mr. L's deposition is still on calendar for May 21 and Google has proposed dates for Mr. J. and Mr. W. that Plaintiffs have yet to accept.

LATHAM&WATKINS LLP

They point to Mr. W., arguing that he will address much of the data that Google has produced, which "easily could consume an entire deposition" because the data contains billions of rows. This proves Google's point, not Plaintiffs'. That Plaintiffs apparently plan to walk through rows of voluminous datasets is concerning and indicative of Plaintiffs' unreasonable approach to depositions thus far. (Moreover, Plaintiffs' suggestion that Mr. W. should be prepared to testify regarding "terabytes" of data, *id.*, is inconsistent with the Parties' negotiations concerning the preparation of Rule 30(b)(6) witnesses regarding voluminous data produced by the Parties.) As for Ms. F., Plaintiffs offer the conclusory assertion that limiting her deposition to 8.5 hours "would prejudice Plaintiffs," but they do not explain how. *Id.* Indeed, they offer no explanation for why they cannot complete her deposition in 8.5 hours, despite the fact that Google has been able to depose all three[5] of Plaintiffs' dual-capacity witnesses in under that time (none of whom has been prepared to testify in granular detail regarding datasets, and one of whom was so underprepared that Plaintiffs have agreed to put her up for more time).

Finally, as a practical matter, Plaintiffs' refusal to agree to deposition time limits for dual-capacity witnesses only adds to the scheduling complexity. Without a set time limit for testimony, Google cannot predict whether a witness will require availability for two days or if one will suffice. This makes scheduling dual-capacity witnesses difficult and results in unpredictability that is not fair to the witnesses or productive for the Parties. As for Plaintiffs' assertion that "Google refuses to schedule any 30(b)(6) depositions . . . unless Plaintiffs agree on an across-the-board time-limit for all 30(b)(6) depositions," *id.* at 4-5, that is not true. The problem is that Plaintiffs will not agree to reasonable time limits for any 30(b)(6) deponents, even on an individual, case-by-case basis.

Google is eager to move forward with depositions and respectfully requests that the Court reduce the deposition limit to fifteen per side and impose an 8.5-hour on-the-record time limit for dual-capacity witnesses (or, in the alternative, impose a 15-hour cumulative cap on 30(b)(6) testimony).

Respectfully submitted,

/s/ *Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)

---

[5] Google conducted another deposition of a dual-capacity witness this week.