

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

May 8, 2026

<u>**VIA ECF**</u>

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> **Re:**    ***Cengage Learning, Inc. et al. v. Google LLC**, No. 24:cv-04274-JLR-BCM*
> **Plaintiffs' Letter Opposing Google's Motion (Dkt. 910) to Seal**

Dear Judge Moses,

We represent all Plaintiffs in the above matter. We write in opposition to Google's motion (Dkt. 910) to Seal Google's Consent Letter Motion for Leave to File Supplemental Declaration in Support of Defendant's Response to Plaintiffs' Letter Motion for In Camera Review of Clawed-Back Documents.

Google seeks to redact 1) the name of a vendor Google utilized, 2) a one-sentence description of the Google policy and processes on which that vendor worked, and 3) the names of the vendor's and Google's in-house counsel. The proposed redactions appear at Dkt. 911 at 1, and 911-1 ¶¶ 1, 3, 4, and 5. Google also filed the 911-1 document a second time at Dkt. 922.

Plaintiffs opposed a previous request by Google to redact the name of its vendor. Dkt. 919 at 2. Plaintiffs now oppose the same request in Google's Dkt. 910 motion for the same reasons.

The one-sentence description of the vendor's work contained at Dkt. 911 at 1, and Dkt. 911-1/922 ¶¶ 3, 4, and 5 is wholly generic. It poses no risk that bad actors could use it to evade Google's polices or otherwise cause harm. Indeed, Google provided a description of the vendor's role in a subsequent filing. Dkt. 924 (explaining that the vendor "supports Google with implementation and enforcement of its copyright policy.").

Finally, the names of the Google and vendor in-house counsel need not be redacted. Google's motion (Dkt. 910) offers no explanation as to why these names cannot be public.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Jeff Kane*
Jeff Kane