UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING INC., et al.,

Plaintiffs,

-against-

GOOGLE LLC,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  05/12/26

24-CV-4274 (JLR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter-motion dated February 9, 2026, plaintiffs sought an order compelling Google to produce certain documents withheld as privileged, including documents concerning its "repeat infringer" policies.  Dkts. 590, 591. By order dated March 10, 2026 (Dkt. 751), I denied the motion, "except with respect to the 51 documents identified in paragraph 30 of the Declaration of Yunyi Chen. (Dkts. 593, 594)." As to those documents, I directed the parties to select a total of 12 (the Sample Documents) for *in camera* review. *Id*. The Sample Documents were submitted on March 20, 2026. Thereafter, Google withdrew its claim of privilege as to one of the original Sample Documents, and plaintiffs selected a replacement for the Court's *in camera* review. On March 30, 2026, I granted defendant leave to file "three short declarations," under seal, in support of its privilege claims as to the Sample Documents. Dkt. 770. On April 1, 2026, defendant submitted the declarations of Sarah Tomkowiak (Dkt. 779), Brian Carver (Carver Decl.) (Dkt. 780), and April Kelly (Dkt. 781). Finally, on April 6, 2026, plaintiffs filed a letter-brief "to bring to the Court's attention" certain facts that were "recently revealed" through defendant's withdrawal of its claim of privilege as to one of the Sample Documents and through its declarations. Dkts. 808, 809.

After careful review of the Sample Documents, defendant's declarations, and plaintiff's letter, I have concluded that 11 of the 12 Sample Documents were properly withheld from production based on either the attorney-client privilege, the work product doctrine, or both. The

one exception is "Submission Number 5" (Privilege Log 1, Privilege Log ID 96). Submission Number 5 is an Excel spreadsheet listing, in summary fashion, various DMCA Repeat Infringer policies that Google apparently had in place approximately 15 years ago.[1] According to defendant's privilege log, the title of the document is "[Deprecated - Do Not Use] List of Copyright (DMCA) Repeat Infringer Policies - Attorney/Client Privileged," and it reflected legal advice "regarding other policy compliance." Priv. Log at 14. However, defendant has not adequately supported its claim of privilege. In one of defendants' declarations, a current Google in-house attorney attests that he "understands" that Submission Number 5 was created in 2011, by another in-house attorney, "in connection with an assessment of Google's repeat infringer policies across Google products conducted by Google's copyright counsel in order to provide legal advice regarding Google's legal compliance." Carver Decl. ¶ 11. The declarant, however, provides no factual basis for his "understanding" as to the provenance of the document, and nothing on the face of the document fills that gap. Consequently, Google must promptly produce Submission Number 5, and any similar document (among the 51 still at issue after this Court's March 10, 2026 order) for which it cannot substantiate the claim of privilege.

Dated:  New York, New York          **SO ORDERED.**
　　　　 May 12, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] Although Google's Privilege Log (Dkt. 593-7) lists November 11, 2019 as the "Create Date" and February 24, 2021 as the "Document Date" for what is now Submission Number 5, *see* Priv. Log at 14, neither date appears anywhere on the spreadsheet itself, which is undated. No dates later than 2011 are mentioned in the spreadsheet.