**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

May 12, 2026

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

<u>**VIA ECF**</u>

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Reply in Support of Google's Motion to Seal Google's Consent Letter Motion for Leave to File Supplemental Declaration in Support of Defendant's Response to Plaintiffs' Letter Motion for *In Camera* Review of Clawed-Back Documents (Dkt. 910)</u>

Dear Judge Moses:

We write in support of Google's Letter Motion to Seal its Consent Letter Motion for Leave to File a Supplemental Declaration in Support of its Response to Plaintiffs' Letter Motion for *In Camera* Review of Clawed-Back Documents (Dkt. 910) ("Motion").  In Plaintiffs' opposition to the Motion (Dkt. 933) ("Opposition"), they argue that the Court should unredact of the name of Google's vendor that supports Google's anti-piracy efforts (the "Vendor") and the names of in-house counsel whose names have not appeared on the public docket and who are mentioned only briefly in Google's Consent Letter Motion.  Google maintains that these names should remain under seal.  Unredacting them would expose commercially sensitive details of Google's enforcement efforts, jeopardize the security of Google's enforcement systems, and put the named individuals at risk for harassment, doxxing, or even violence.  Google's minor redactions are proper, narrowly tailored, and consistent with redactions this Court has approved throughout this case.  *See, e.g.*, Dkt. 205 (granting sealing request (Dkt. 155) concerning vendor information).  The Court should grant this narrow sealing request.

Courts in this District routinely seal the names of vendors and employees where disclosure would reveal competitively sensitive business information, compromise enforcement efforts, or expose individuals to harassment, particularly when the redactions appear in non-dispositive filings that add little to public understanding of the merits.  *See Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, 2017 WL 11899387, at *3 (S.D.N.Y. Dec. 1, 2017) (protecting party's "relationships with vendors"); *Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sep. 26, 2022) (sealing "identities of clients or strategic business initiatives"); *Kelly v. City of New York*, 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003) (individual non-parties' names "will have minimal consequence on the public's ability to [assess the dispute]"); *In re Application*

LATHAM&WATKINSLLP

*of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) ("[t]he privacy interests of innocent third parties . . . weigh heavily in a court's balancing equation").

Here, the balance plainly favors sealing each of the narrow redactions. The sealed material provides little, if any, information to the public relevant to the merits of this case. Indeed, the Consent Letter Motion itself (Dkt. 911), is only tangentially relevant—the Court already granted Google's request to file the supplemental declaration, which now appears on the docket independently (*see* Dkt. 922). There is no reason Plaintiffs should waste the parties' or the Court's resources challenging Google's very narrow redactions in a two-page Consent Motion that has been fully resolved.

The Vendor's name and its employee Dheeraj Yadav's role are sensitive information, presently unknown to the public. Disclosure of such details could harm Google's relationship with the Vendor and compromise their work to prevent misuse of Google's platform. *See Church*, 2017 WL 11899387, at *3; *Dollar*, 2012 WL 13195012, at *2. Contrary to Plaintiffs' claims in the Opposition, the work done by the Vendor and Yadav is not "generic" and instead relates to how Google "send[s], receiv[es], implement[s], and enforce[s]" its DMCA "policies and notices of infringement." Dkt. 82 ¶ 28. The unredacted information in the Consent Letter Motion for Leave to File a Supplemental Declaration (Dkt. 911) and the Supplemental Declaration (Dkt. 922) provide sufficient context for the Court without disclosing the confidential information itself. There is no reason the *name* of the Vendor—or the specific nature of its employee's enforcement work—needs to be disclosed to the public, particularly given the sensitive nature of that work.

Plaintiffs' counter—that Google should not redact the description of the Vendor's work because of a similar description in a filing—ignores the material difference between the two instances. The prior, unredacted description addressed the Vendor's work *generally*, i.e., high-level information about the type of services it provides. *See* Dkt. 924 (describing the Vendor role as "support[ing] Google's implementation and enforcement of its copyright policy"). The description at issue here, by contrast, concerns the *particular* work of the declarant, Yadav, and his specific role in Google's enforcement efforts. Dkt. 911-1. Disclosing that description in this context reveals far more about the Vendor's processes and Mr. Yadav's role than previously disclosed and opens the door further to compromising sensitive information. *See Dollar*, 2012 WL 13195012, at *2. Google's sealing request is appropriately calibrated to protect only the more sensitive, individualized description while permitting the broader, generic description to remain public.

The undisclosed names of Google's and the Vendor's in-house counsel also merit redaction. Plaintiffs' arguments to the contrary are meritless for the reasons Google has already explained in Dkt. 924. Unlike the names of attorneys who have voluntarily appeared in this litigation and whose names appear on the public docket, these in-house counsel are not named in any publicly filed document. Disclosing them adds nothing material to public understanding of the dispute, for names are not evidence, and they do not go to the merits of any party's arguments. *See Kelly v. City of New York*, 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003) (individual non-parties' names "will have minimal consequence on the public's ability to [assess the dispute]"). At the same time, revealing the names of individuals involved in Google's enforcement efforts poses a legitimate risk of exposing them to harassment or threats from the bad actors whose

LATHAM&WATKINS LLP

conduct Google seeks to prevent. *See In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) ("[t]he privacy interests of innocent third parties . . . weigh heavily in a court's balancing equation"). Google has sought to redact only the names of in-house personnel who have not voluntarily submitted declaration or otherwise publicly entered this litigation; names of attorneys who have submitted declarations remain unredacted. *See, e.g.*, Dkt. 773-1 (providing in-house counsel's name given his declaration in support of Google). Further, disclosing the name of the Vendor's counsel would risk identifying the Vendor itself, and could render Google's redactions of the Vendor name meaningless, too. This targeted approach reflects the narrow, principled sealing practice this Court has consistently endorsed.

Finally, Plaintiffs misrepresent the Motion's reasoning for redacting two names of in-house counsel at Google and the Vendor. Contrary to Plaintiffs' unsupported argument, the Motion indeed explains why redaction of these names is appropriate. And, unsurprisingly, it is the same explanation the parties have regularly offered and this Court has regularly recognized:

> [T]he identification of such individuals and contractors is sensitive and should not be publicly disclosed. Dkt. 82 ¶ 28. Public disclosure of these teams creates a risk that they will be doxed, swatted, or otherwise targeted by bad actors. This Court has recently granted motions to seal similar material. *See, e.g.*, Dkt. 885 (granting motion to seal a motion regarding a protective order and a declaration by Google's in-house counsel); Dkt. 882 (similar).

Motion at 2. Plaintiffs' Opposition fails to explain why this reasoning is insufficient to support sealing in this context (or any other).

The Court should grant the Motion and permit the targeted redactions.

Respectfully submitted,

*/s/ Sarah Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF)