

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

May 13, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:    *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs'
       **Letter Response in Support of Google's Letter Motion to File Sealed and Redacted
       Documents re Google's Letter Motion for Pre-Motion Conference Regarding
       Plaintiffs' Document Retention Policies**

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs submit this letter response in support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 925), and specifically seek the Court's approval to redact limited portions of (i) Google's Letter Motion for Pre-Motion Conference Regarding Plaintiffs' Document Retention Policies dated May 8, 2026 (Dkt. 926) ("Letter Motion") and (ii) the accompanying Declaration of Laura Bladow filed in support (Dkt. 926-1) (the "Declaration"), and to seal Exhibits 2-7 to the Declaration (Dkts. 926-3-8), collectively (the "Documents").

I.    **Background**

Information designated by Plaintiffs as Highly Confidential – Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82) appears in limited portions of the Letter Motion and Declaration, and pervades six Exhibits attached thereto. *See* Dkt. 82 ¶¶ 2, 3. Plaintiffs request that this information remains sealed. Specifically, the material at issue includes: sensitive information that sheds light on certain of the Plaintiffs' anti-piracy enforcement strategies, including, for example, communications about a confidential enforcement program, an agreement concerning work performed by a vendor, and filenames and descriptions of confidential documents produced in this litigation; information that sheds light on purported sources and related decisions concerning Plaintiffs' use of ESI; McGraw Hill's confidential email retention practice; descriptions of a highly confidential agreement entered into with a non-party and redacted at the non-party's request; the names of individuals deemed "Protected Personnel" under the Protective Order (*see id*. ¶ 28); and details from Plaintiffs' Supplemental Privilege Log dated November 19, 2025. The information at issue is the same as, or comparable to, information for which the Court

has granted sealing requests or otherwise ordered the parties to file under seal. Dkts. 471, 574, 674. The Court should permit redaction or sealing of the material here too.

On May 6, 2026, Plaintiffs corresponded with Google about the confidential content in the Documents. Google explained that it "takes no position on whether such materials must be sealed." Dkt. 925 at 1. On May 13, 2026, non-party Corsearch, Inc. submitted a letter motion in support of sealing certain of the Exhibits at issue. Dkt. 947 at 1-2 (referring to Exhibits 3-5 to the Declaration).

## II.      Legal Standard

Plaintiffs' redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "balance competing considerations against" the presumption of public access. *Id*. at 119–20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Further, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). And, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III.     The Highly Confidential-Attorneys' Eyes Only and Confidential Material at Issue Should be Redacted

The material at issue should be redacted or sealed because it discloses confidential and sensitive information about (i) certain of the Plaintiffs' anti-piracy enforcement strategies, (ii) purported sources and related decisions concerning Plaintiffs' use of ESI, (iii) McGraw Hill's retention practice, (iv) an agreement entered into with a non-party and redacted at the non-party's request, (v) individuals deemed "Protected Personnel" under the Protective Order, and (vi) Plaintiffs' Supplemental Privilege Log dated November 19, 2025.

For example, the Documents reveal confidential and sensitive information about certain of the Plaintiffs' anti-piracy enforcement strategies and/or their business decisions concerning the use of purported sources of ESI, as well as one party's document retention practice. Courts in this district have recognized the significance of keeping sensitive business information confidential. *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record"). Further, disclosing the anti-piracy related material not only impacts the effectiveness of the parties' anti-piracy enforcement efforts, but also divulges to competitors information from which one can glean sensitive business insights. This Court has

2

also permitted the same or comparable information to remain sealed (Dkt. 471, 574), and should do the same here.

Exhibit 2 also reveals information about an agreement entered into with a non-party and redacted at the non-party's request, including details gleaned from extracted text despite the application of redactions. Courts in this district have recognized the importance of protecting the interests of non-parties. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents."). Accordingly, the Court should permit sealing of this sensitive material.

Moreover, certain Documents refer to individuals deemed Protected Personnel pursuant to the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names [and] email addresses . . . that could be used to identify individual employees . . . involved in the sending, receiving, implementation, and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents). The Court has previously granted sealing requests to keep these names confidential. *See, e.g.*, Dkt. 471.

Lastly, the Letter Motion describes specific details from Plaintiffs' Supplemental Privilege Log dated November 19, 2025, which the Court ordered could be filed under seal (Dkt. 471). The material at issue discloses confidential information about Plaintiffs' legal activities, including the names of Protected Personnel involved in certain pre-litigation work, and should not be made public. Courts in this district have recognized the importance of keeping information in privilege logs confidential. *See, e.g.*, *Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted in its entirety). As follows, this material should remain sealed.

## IV. Plaintiffs' Request Is Narrowly Tailored to Serve the Purpose That Requires Redacting

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that prior Orders issued in this case, cases in this district, and the Protective Order support keeping confidential. In particular, Plaintiffs ask the Court to redact limited portions of Google's Letter Motion and Declaration, and to seal Exhibits 2-7 to protect highly confidential, sensitive, and/or proprietary information of Plaintiffs and/or a non-party, the disclosure of which would create a substantial risk of harm to these parties.

Given the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter response explaining the need to redact or seal the Documents.

We thank the Court for considering this request.

Respectfully,

3

/s/ *Michele Murphy*

Michele Murphy

cc:     All Counsel of Record (via ECF)