**Caroline Clarke**
Direct Dial: +1.332.240.1457
caroline.clarke@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

May 14, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:  *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Response in Support of Plaintiffs' Letter Motion to File Redacted and Sealed
> Documents (Dkt. 937)</u>

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Google LLC ("Google") respectfully submits this letter response in support of Plaintiffs' Letter Motion (Dkt. 937) to seal (the "Motion to Seal") Plaintiffs' Letter Reply in Support of Plaintiffs' Letter Motion for *In Camera* Review of Clawed-Back Documents (Dkt. 938) (the "Reply"), the Attorney Declaration of Yunyi Chen in Support of the Reply (Dkt. 939) (the "Reply Declaration") and Exhibits 1 and 2 to the Reply Declaration (Dkts. 939-1, -2) (the "Exhibits"), (collectively, the "Documents").

**Background.**  The Documents include information designated by Google as Highly Confidential – Attorneys' Eyes Only ("HC-AEO") under the Protective Order (Dkt. 82), including sensitive descriptions of Google's internal policies, procedures, and strategies for processing and responding to alleged intellectual property infringements and takedown notices, as well as internal systems and processes that support those efforts.  The Documents also include the names of individual Google employees and the name of Google's vendor (the "Vendor") engaged to support enforcement efforts.  Consistent with the Protective Order, Google maintains that this information is HC-AEO because public disclosure could create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests of Google, Plaintiffs, or other parties that use Google's platforms.

The Exhibits are a highly confidential document internal to Google (Dkt. 939-1) and excerpts of the deposition transcript of a Google employee (Dkt. 939-2) (the "Transcript").  Both contain confidential, non-public proprietary information regarding Google's internal processes for addressing alleged intellectual property infringements.  Google requests that the document at Dkt.

LATHAM&WATKINS LLP

939-1 remain fully under seal.  For the Transcript at Dkt. 939-2, Google attaches as Exhibit A proposed redactions.

**Legal Standard.**  Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Although the right of public access is "firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" that presumption.  *Id.* at 119–20 (quotations omitted).  Sealing is appropriate where it is "essential to preserve higher values and is narrowly tailored to serve that interest."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016).  The presumption of access to non-dispositive motion materials is "generally somewhat lower," *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019), and applies here because the Documents are attachments to a reply to a non-dispositive motion for *in camera* review submitted solely to facilitate the Court's supervision of discovery and privilege issues.

"'Higher values' the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information."  *Metcalf v. TransPerfect Translations Int'l Inc.*, 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025).  "The privacy interests of innocent third parties"—including non-party employees whose names appear in filings—"weigh heavily in a court's balancing equation," *In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990), particularly where "redacting the employees' names will have minimal consequence on the public's ability to [assess the dispute]," *Kelly v. City of New York*, 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003).

Courts in this District routinely seal confidential business information to prevent competitive and security harms.  *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Farsura v. QC Terme US Corp.*, 2025 WL 267573 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies, including contracts with other entities, because "others might exploit the information").  Likewise, protection of anti-fraud and enforcement practices is a compelling interest "sufficient to rebut the presumption of access."  *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices").  By extension, when sensitive information is discussed during a deposition, courts approve sealing of the transcript.  *BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at *8-9 (E.D.N.Y. Sept. 24, 2019), *objections overruled*, 2019 WL 13257498 (E.D.N.Y.

LATHAM&WATKINS LLP

Nov. 20, 2019) (approving sealing requests for deposition transcripts discussing bank security protocols).

Similarly, courts in the Second Circuit have consistently allowed redactions that concern "proprietary and sensitive information," including information related to "relationships between the parties and their affiliates or third-party vendors." *Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, 2017 WL 11899387, at *3 (S.D.N.Y. Dec. 1, 2017) (allowing redactions because the need to protect the party's "relationships with vendors" outweighed the presumption of access); *see Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) (sealing "identities of clients or strategic business initiatives" where "the risk of competitive harm outweigh[ed] the public right of access").

**Google's Material Warrants Sealing.**  The Documents reveal highly confidential business information reflecting Google's non-public policies, practices, strategies, and systems for responding to alleged intellectual property infringements.  This Court has recently granted motions to seal similar material.  *See, e.g.*, Dkts. 876, 882, 885.  Public disclosure of the Documents poses a substantial risk of misuse.  This case concerns alleged piracy on Google's platform, *see generally* Dkts. 38, 116, and exposing details of Google's anti-counterfeit policies and enforcement processes would provide bad actors—including the "pirate" sellers at issue here—a roadmap to circumvent Google's measures for stopping prohibited activity.  *See Cantinieri*, 2024 WL 759317, at *2; *UMG Recordings, Inc. v. Lindor*, No. 1:05-cv-01095, Dkt. No. 240, at 4–5 (E.D.N.Y. May 16, 2008) (acknowledging sensitivity of copyright "enforcement strategy and the methods. . . use[d] to implement it" and copyright "investigative strategy" and denying motion to compel production of such material, because such "information would provide a roadmap to potential infringers to avoid detection").

The Documents also include the names of Google employees involved in policy strategy and enforcement efforts.  The Protective Order acknowledges that the names of such individuals are sensitive and should not be publicly disclosed.  Dkt. 82 ¶ 28.  Public disclosure creates a risk that these employees will be targeted by bad actors who closely monitor this litigation and Google's public statements.  As noted above, courts recognize a strong privacy interest for individuals who did not choose to participate in a lawsuit, and "redacting the employees' names will have minimal consequence on the public's ability to [assess the dispute]."  *See Kelly*, 2003 WL 548400, at *6; *see also Schansman v. Sberbank of Russia PJSC*, 2025 WL 524110 (S.D.N.Y. Feb. 14, 2025); *Ripple Labs*, 2022 WL 17751466 (granting request to redact employee names because "privacy interests justify the redaction").

The Vendor's name is proprietary, sensitive information not known to the public. Disclosure could harm Google's relationship with the Vendor and undermine its efforts to prevent platform misuse.  *See Church*, 2017 WL 11899387, at *3; *Dollar*, 2012 WL 13195012, at *2.  The Vendor's work concerns the crux of how Google "send[s], receiv[es], implement[s], and enforce[s]" its DMCA "policies and notices of infringement."  Dkt. 82 ¶ 28.  The unredacted information in Google's filings provides sufficient context without disclosing the Vendor's identity.

LATHAM&WATKINS LLP

**Sealing Request is as Narrowly Tailored as Possible.** Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public operations while leaving non-sensitive information unredacted. Indeed, Google supports sealing only those discrete lines, names, or phrases within the Documents that reveal internal processes, systems, or strategy-level details, and any references that could identify specific personnel or vendors associated with those processes. As for Dkt. 939-1, full sealing is necessary because the exhibit is pervaded throughout by HC-AEO information and no meaningful portion can be publicly disclosed without revealing protected information. Courts in this District have found such requests reasonable and appropriate. *See, e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2022 WL 3910584, at *2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information."); *Falberg ex rel. Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order"). This narrow tailoring ensures that the sealing protects higher values without restricting public access more than necessary.

For the foregoing reasons, Google respectfully requests that the Court grant Plaintiffs' Motion to Seal, to retain the Documents under seal and to publish certain of the Documents publicly with the proposed redactions.

We appreciate the Court's consideration of this request.

Respectfully submitted,

*/s/ Caroline Clarke*
Caroline Clarke (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)