## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC, | Case No. 1:24-cv-04274-JLR-BCM |
| *Plaintiffs*, | |
| v. | |
| GOOGLE LLC, | |
| *Defendant*. | |

### ATTORNEY DECLARATION OF LAURA E. BLADOW

I, Laura Bladow, declare that:

1.      I am an associate at the law firm Latham & Watkins LLP, counsel for Google LLC ("Google") in this matter.

2.      I submit this declaration in support of Google's letter motion to compel Plaintiffs to respond to Google's Interrogatory No. 16.

3.      On February 9, 2026, Google served Interrogatory No. 16 on Plaintiffs Cengage, Macmillan Learning, McGraw Hill, and Elsevier.

       a.      Interrogatory No. 16 requests:  "For each Asserted Work for which You are listed as the 'Publisher' on Exhibit A to the Amended Complaint, identify all Asserted Works that are derivative of one or more other Asserted Works and of which Asserted Work(s) it is derivative."

4.      On March 11, 2026, Google received responses and objections to Google's Interrogatory No. 16 from Plaintiffs.

a.      Plaintiffs objected: "1. Plaintiff objects to this interrogatory on the grounds that it is improper and has been prematurely served under Local Civil Rule 33.3(c). 2. Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses in the case, including but not limited on the following bases: a. Depending on its interpretation, the interrogatory improperly purports to require Plaintiff to extract and catalog significant information contained in voluminous and numerous Asserted Works that it produced in this case. Doing so would require an enormous amount of time and resources and yield information that is not needed for or relevant in this case. b. Depending on its interpretation, whether one work is "derivate" of another is not relevant to the claims or defenses in the case. 3. Plaintiff objects to this interrogatory on the grounds that its response improperly calls for a legal conclusion and cannot be answered by an employee of Plaintiff."

b.      Plaintiffs responded: "Without waiving and based on the foregoing objections, Plaintiff will not respond to this interrogatory."

5.      On March 18, 2026, Google responded to Plaintiffs requesting that Plaintiffs "clarify their objection to this interrogatory as premature[,]" given that the requested response "is not dependent on any forthcoming fact or expert discovery." Ex. 1 at 4. Google also asked that Plaintiffs "elaborate on their position that this interrogatory seeks irrelevant information" since the requested information "is directly relevant to Plaintiffs' claim for statutory damages." *Id.* Google also noted that "the testimony of Dr. Bernstein and Dr. Flynn [indicated] that several of the

2

Asserted Works that they authored are in fact one work." *Id.* Finally, Google explained that the interrogatory was not "ask[ing] Plaintiffs to extract and catalog significant information contained within the asserted works" and was simply seeking information "already known to Plaintiffs." *Id.*

6. On March 24, 2026, the parties met and conferred and subsequently exchanged additional emails discussing their positions. *Id.* at 1-2.

7. On April 24, 2026, Google confirmed the parties were at an impasse and stated that it would seek relief from the Court. *Id.* at 1.

8. I submit this declaration also to place before the Court certain documents and information referenced in Defendant Google's motion to compel.

   a. Attached hereto as Exhibit 1 is a true and correct copy of an email chain including emails from Laura Bladow and Danae Tinelli between March 11, 2026 and April 24, 2026.

   b. Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the deposition of third-party author Dr. Sean Flynn.

   c. Attached hereto as Exhibit 3 is a true and correct copy of excerpts of the deposition of third-party author Dr. Douglas Bernstein.

   d. Attached hereto as Exhibit 4 is a true and correct copy of McGraw-Hill's produced document bearing the beginning Bates number PL0000504252.

I declare under penalty of perjury that the foregoing statements are true and correct.


Executed on May 19, 2026, in Arlington, Virginia

_____
Laura E. Bladow