# EXHIBIT 1
## [Redacted Version of Document Filed Under Seal]

**From:** Bladow, Laura (DC)
**To:** Danae Tinelli; Patterson, Karen (OC); #C-M GOOGLE CENGAGE - LW TEAM; Google Service List
**Cc:** Michele Murphy; Matt Oppenheim; Jeff Kane; Lauren Bergelson; Uriel Lee; Yunyi Chen
**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274 - Plaintiffs'' R&Os to Google''s Third Sets of Interrogatories
**Date:** Friday, April 24, 2026 12:22:04 PM
**Attachments:** image001.png
image002.png

Counsel,

We understand that we are at an impasse on Interrogatory 16 and will seek relief from the Court.

Regards,

Laura

**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

**From:** Danae Tinelli <Danae@oandzlaw.com>
**Sent:** Wednesday, April 15, 2026 3:40 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>; #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>; Google Service List <GoogleServiceList@oandzlaw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Yunyi Chen <YChen@oandzlaw.com>
**Subject:** Re: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274 - Plaintiffs' R&Os to Google's Third Sets of Interrogatories

Counsel,

Please see Plaintiffs' responses in red below, and noted as "[Plaintiffs 4/15 response]"

Best,
Danae Tinelli  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.851.4070
Danae@oandzlaw.com  |  www.oandzlaw.com
Connect with us on LinkedIn

**O+Z Oppenheim + Zebrak** LLP  |  WASHINGTON, D.C. / NEW YORK, N.Y.

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail

**From:** Laura.Bladow@lw.com <Laura.Bladow@lw.com>
**Date:** Thursday, April 9, 2026 at 9:43 PM
**To:** Danae Tinelli <Danae@oandzlaw.com>, KAREN.PATTERSON@LW.com <KAREN.PATTERSON@LW.com>, GOOGLECENGAGE.LWTEAM@lw.com <GOOGLECENGAGE.LWTEAM@lw.com>, Google Service List <GoogleServiceList@oandzlaw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Yunyi Chen <YChen@oandzlaw.com>
**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274 - Plaintiffs' R&Os to Google's Third Sets of Interrogatories

Counsel,

We write to memorialize and follow up regarding our March 24 meet and confer on Plaintiffs' responses and objections to Google's Third Interrogatories.

To start, with respect to the numbering of interrogatories. We confirm that the Parties agreed to count Interrogatory No. 1 as two interrogatories. The Parties never reached agreement on the scope of Interrogatory No. 4. And, because Google did not accept Plaintiffs' proposed compromise, Google never agreed to count interrogatory No. 4 as 2. If Plaintiffs believe they have an email thread on which Google agreed to count Interrogatory No. 4 as two interrogatories, please send that along.

The "3/24 Meet & Confer Follow Up" column of the below chart memorializes the takeaways from the discussion and any further follow up. We look forward to Plaintiffs' response and we reserve all rights.

| No. | Interrogatory | Response | 3/24 Meet & Confer Issues | 3/24 Meet & Confer Follow Up |
|---|---|---|---|---|
| 11 | For each Trademark, on a monthly basis, state in dollar figures the amount of Your economic or monetary loss attributable to the alleged trademark infringement on Google Shopping. | Without waiving the foregoing objections, Plaintiff refers Google to its Amended Response to Interrogatory 5 and states that expert discovery is needed to opine on Plaintiff's losses attributable to Google's trademark infringement. Plaintiff will not further respond to this interrogatory. | Will Plaintiffs amend their responses to this interrogatory based on anticipated forthcoming expert reports? | ██████████████████████████ ████████████████████ ██████████████ |
| 12 | For each Asserted Work, on a monthly basis, state in dollar figures the amount of Your economic or monetary loss attributable to the alleged contributory copyright infringement on Google Shopping. | Without waiving the foregoing objections, Plaintiff refers Google to its Amended Response to Interrogatory 5 and states that expert discovery is needed to opine on Plaintiff's losses attributable to Google's contributory copyright infringement. Plaintiff will not further respond to this interrogatory. | Will Plaintiffs amend their responses to this interrogatory based on anticipated forthcoming expert reports? | We understand that Plaintiffs don't anticipate that their forthcoming expert reports will include a loss figure on a monthly basis. [Plaintiffs' 4/15 response] Correct. |

For each Asserted Work, identify the date You first sent Google notice of an allegedly infringing advertisement of the Asserted Work.
Without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d)(1), Plaintiff refers Defendant to the documents produced at PL0000535577, PL0000543994, and PL0000792665. These documents do not provide a complete response to this interrogatory for at least two reasons.

First, Plaintiffs "Capture Date" in these files span from April 4, 2022 to July 28, 2025. Our understanding is that Plaintiffs began sending notices in this matter in 2021. Thus, using the first date in these summary files for each Asserted Work would not be correct.

Second, some of the Asserted Works do not appear in those files. So if Plaintiffs' view is that those files are complete, then would Plaintiffs agree that the absence of an Asserted Work means that Plaintiffs did not send a notice for it? We understand that rather than the "Capture Date," we should be looking to the "Notice Date" in these sheets to understand the date on which Plaintiffs first sent a notice to Google. [Plaintiffs' 4/15 response] Correct. We further understand that not all of the notices that Plaintiffs sent appear in these summary data sheets. [Plaintiffs' 4/15 response] Correct. Google accepts Plaintiffs' proposed compromise of identifying the bates numbers of notices from June 1, 2021 to when the data begins in these spreadsheets. [Plaintiffs' 4/15 response] Plaintiffs will amend their response to include bates numbers for notices sent June 1, 2021 leading to April 4, 2022.

Google further understands that Plaintiffs did not submit notices for some of the Asserted Works and that Plaintiffs included those works based on Plaintiffs' review of the DMCA notice and offer data that Google produced. [Plaintiffs' 4/15 response] Plaintiffs did not submit notices for some of the Asserted Works but included those works based on Plaintiffs' review of the DMCA notice and ads and offer data that Google produced.

For each Asserted Work for which You are listed as the "Publisher" on Exhibit A to the Amended Complaint, identify the beginning bates number for every copyright registration that covers the content that you allege to have been infringed.

Without waiving the foregoing objections, Plaintiff is willing to meet and confer to discuss outside counsel providing a spreadsheet identifying the beginning Bates numbers for copyright registration documents produced for prior editions of the Asserted Works in the same general format as the spreadsheet that Plaintiff provided for the Asserted Works.

Google is amenable to Plaintiffs' outside counsel providing a spreadsheet identifying the beginning Bates numbers for copyright registration documents produced for prior editions of the Asserted Works in the same general format as the spreadsheet that Plaintiff provided for the Asserted Works.  By when does counsel anticipate providing such a spreadsheet?

Plaintiffs confirmed that they will need until the end of April to provide the agreed-upon spreadsheet.

[Plaintiffs' 4/15 response] Plaintiffs continue to review the copyright registration documents produced for prior editions and anticipate needing additional time to provide the agreed-upon spreadsheets. Plaintiffs will amend their response and provide the agreed-upon spreadsheet by 5/15.

For each Asserted Work for which You are listed as the "Publisher" on Exhibit A to the Amended Complaint, identify the beginning bates number for all Documents You contend establish Your ownership over the content that you alleged to have been infringed, including agreements and "chain of title" Documents.

Without waiving and based on the foregoing objections, Plaintiff refers Defendant to the spreadsheets that it provided as a supplement response to Interrogatory 1 and will not respond further to this interrogatory.

Are Plaintiffs continuing to assert that the entirety of each Asserted Work was infringed, and not just the content registered by the copyright listed on Exhibit A?

As the Parties have discussed numerous times, to the extent Plaintiffs are relying on the presumption of ownership created by copyright registrations, Google is entitled to test that presumption.  Taking the authors that Google has subpoenaed as a sample, Google has had to follow up with Plaintiffs to seek missing author agreements as well as clarity as to which author agreements correspond with which works.  Plaintiffs' productions of these documents are clearly deficient.

Google understands that Plaintiffs are relying on the copyright registrations to support their claim of ownership for the Asserted Works, when Plaintiff appears as the claimant on the corresponding copyright registration. Google further understands that Plaintiffs do not "contend" that the authorship agreements establish ownership for those works and that Plaintiffs believe they should not be precluded from relying on those agreements even though they have not identified those agreements in response to Google's interrogatories.  Google has considered Plaintiffs' compromise offer to provide a counsel-created excel file that identifies the corresponding author agreement for the editions of the Asserted Works that appear on Exhibit A.  We understand Plaintiffs' position to be that doing so for the agreements covering prior editions, which Plaintiffs have produced in this action, would be too burdensome.  Google is willing to accept this proposal, but reserves all rights to seek the agreements covering prior editions pending the Court's resolution of Google's forthcoming 12(c) motion.

[Plaintiffs' 4/15 response] We do not necessarily understand or agree with your characterizations above. However, to resolve this dispute, Plaintiffs will amend their response and provide a counsel-created spreadsheet that, for each work listed in Exhibit A, identified the author agreement for the edition listed, or the operative agreement that covers that edition, in Plaintiffs' production. However, Plaintiffs do not agree to provide any additional spreadsheet regarding prior-edition author agreements that Plaintiffs have produced.

For each Asserted Work for which You are listed as the "Publisher" on Exhibit A to the Amended Complaint, identify all Asserted Works that are derivative of one or more other Asserted Works and of which Asserted Work(s) it is derivative.

Without waiving and based on the foregoing objections, Plaintiff will not respond to this interrogatory.

Are Plaintiffs continuing to seek statutory damages in this action? Pursuant to 17 U.S.C. § 504(c)(1), "all the parts of a compilation or derivative work constitute one work."  It is clear from the testimony of Dr. Bernstein and Dr. Flynn that several of the Asserted Works that they authored are in fact one work.  Plaintiffs need to identify those groupings.

Google understands that Plaintiffs' position is that they cannot say under oath whether one work is derivative of another, as that is a legal conclusion.  But "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact."  Fed. R. Civ. P. 33(a)(2).

Plaintiffs also asserted that responding to this interrogatory would require a line-by-line review and comparison of the Asserted Works.  That is nonsense.  Google explained that it is presently able to identify derivative works on Exhibit A by identifying works that share the same copyright registrations, that appear to be prior/subsequent editions of the same work, or that appear to be test banks/solutions manuals for other Asserted Works.  Google further explained that the depositions of Dr. Bernstein and Dr. Flynn identified that there are likely a number of other works that are derivative of one another in light of Plaintiffs' practice of publishing one comprehensive textbook (e.g., Economics) that is then  split by subtopic (e.g., Microeconomics and Macroeconomics), and condensed into other versions (e.g., Essentials of Economics, Microeconomics Brief Edition, and Macro Economics Brief Edition).  As Plaintiffs are the most knowledgeable about the creation of the Asserted Works, Plaintiffs are best positioned to identify other similar instances.

Google reiterates that this interrogatory seeks highly relevant information given that Plaintiffs maintain the option to seek statutory damages in this action.

Is it Plaintiffs' position that none of the works on Exhibit A are derivative of another work on Exhibit A?

[Plaintiffs' 4/15 response] Google mischaracterizes the parties' meet and confer. In any event, and notwithstanding Rule 33(a)(2), the interrogatory does not ask for an opinion or a contention. It asks directly for a legal conclusion, i.e., what Asserts Works are "derivative" of one another. Your response confirms this means "derivative" for statutory damages purposes. Accordingly, it is not an appropriate interrogatory, and Plaintiffs maintain their position.

For each Asserted Work for which You are listed as the "Publisher" on Exhibit A to the Amended Complaint, identify all International Standard Book Numbers ("ISBN") associated with each Asserted Work.

Without waiving the foregoing objections, Plaintiff is willing to meet and confer with Google concerning this interrogatory.

Google's position is that to the extent Plaintiffs plan on using ISBN numbers to identify alleged instances of infringement in their own produced data or in the data that Google produced, Plaintiffs need to provide those numbers to Google.

For example, the easiest way to identify Asserted Works in the summary notice data files that Plaintiffs provided is to use the "ISBN Infringed" column. Without the ISBN, Google has to analyze the title text string, complicating the analysis and adding a level of uncertainty to the results.

We appreciate and accept Plaintiffs' offer to provide a spreadsheet containing the ISBN for each Asserted Work that is found in Plaintiffs' produced notice and sales data, the Asserted Work's copyright registration (if any ISBN(s) appear in the registration, and any other known ISBNs.  Please confirm by when Plaintiffs anticipate providing this spreadsheet.

[Plaintiffs' 4/15 response] Plaintiffs will amend their response and provide the agreed-upon spreadsheet by 5/15.

Regards,

Laura

**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

---

**From:** Bladow, Laura (DC) <Laura.Bladow@lw.com>
**Sent:** Thursday, March 19, 2026 1:39 PM
**To:** Danae Tinelli <Danae@oandzlaw.com>; Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>; #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>; Google Service List <GoogleServiceList@oandzlaw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Yunyi Chen <YChen@oandzlaw.com>
**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274 - Plaintiffs' R&Os to Google's Third Sets of Interrogatories

Counsel,

We will circulate an invite for Tuesday, March 24 at 11 am ET shortly.

Best,

Laura

**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

---

**From:** Danae Tinelli <Danae@oandzlaw.com>
**Sent:** Wednesday, March 18, 2026 6:33 PM
**To:** Bladow, Laura (DC) <Laura.Bladow@lw.com>; Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>; #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>; Google Service List <GoogleServiceList@oandzlaw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Yunyi Chen <YChen@oandzlaw.com>
**Subject:** Re: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274 - Plaintiffs' R&Os to Google's Third Sets of Interrogatories

Counsel,

Plaintiffs are unavailable to meet at those times proposed below. We are available on Tuesday, March 24, between 10:30am-2:00pm, or after 3:30pm.

Please let us know if any of those times work. If so, please send a calendar invite to me and Michele Murphy.

Thank you,
Danae Tinelli  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.851.4070
Danae@oandzlaw.com  |  www.oandzlaw.com
Connect with us on LinkedIn

O+Z Oppenheim + Zebrak LLP   WASHINGTON, D.C.   NEW YORK, N.Y.

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail

**From:** Laura.Bladow@lw.com <Laura.Bladow@lw.com>
**Date:** Wednesday, March 18, 2026 at 1:36 PM
**To:** Danae Tinelli <Danae@oandzlaw.com>, KAREN.PATTERSON@LW.com <KAREN.PATTERSON@LW.com>, GOOGLECENGAGE.LWTEAM@lw.com <GOOGLECENGAGE.LWTEAM@lw.com>, Google Service List <GoogleServiceList@oandzlaw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Jeff Kane <JKane@oandzlaw.com>, Lauren Bergelson <LBergelson@oandzlaw.com>, Uriel Lee <ULee@oandzlaw.com>, Yunyi Chen <YChen@oandzlaw.com>
**Subject:** RE: Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274 - Plaintiffs' R&Os to Google's Third Sets of Interrogatories

Counsel,

We request a meet and confer on Plaintiffs' responses and objections to Google's third set of interrogatories to Plaintiffs. To facilitate that discussion, the chart below includes Google's anticipated questions for Plaintiffs. We are available to meet and confer any time before 2 pm ET tomorrow or 1 pm ET on Friday.

| No. | Interrogatory | Response | Meet & Confer |
|---|---|---|---|
| 11 | For each Trademark, on a monthly basis, state in dollar figures the amount of Your economic or monetary loss attributable to the alleged trademark infringement on Google Shopping. | Without waiving the foregoing objections, Plaintiff refers Google to its Amended Response to Interrogatory 5 and states that expert discovery is needed to opine on Plaintiff's losses attributable to Google's trademark infringement. Plaintiff will not further respond to this interrogatory. | Will Plaintiffs amend their responses to this interrogatory based on anticipated forthcoming expert reports? |
| 12 | For each Asserted Work, on a monthly basis, state in dollar figures the amount of Your economic or monetary loss attributable to the alleged contributory copyright infringement on Google Shopping. | Without waiving the foregoing objections, Plaintiff refers Google to its Amended Response to Interrogatory 5 and states that expert discovery is needed to opine on Plaintiff's losses attributable to Google's contributory copyright infringement. Plaintiff will not further respond to this interrogatory. | Will Plaintiffs amend their responses to this interrogatory based on anticipated forthcoming expert reports? |
| 13 | For each Asserted Work, identify the date You first sent Google notice of an allegedly infringing advertisement of the Asserted Work. | Without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d)(1), Plaintiff refers Defendant to the documents produced at PL0000535577, PL0000543994, and PL0000792665. | These documents do not provide a complete response to this interrogatory for at least two reasons.<br><br>First, Plaintiffs "Capture Date" in these files span from April 4, 2022 to July 28, 2025. Our understanding is that Plaintiffs began sending notices in this matter in 2021. Thus, using the first date in these summary files for each Asserted Work would not be correct. Or, is it Plaintiffs' position that the first time any of them provided Google with notice of an allegedly infringing Advertisement of an Asserted Work is April 4, 2022?<br><br>Second, some of the Asserted Works do not appear in those files. So if Plaintiffs' view is that those files are complete, then would Plaintiffs agree that the absence of an Asserted Work means that Plaintiffs did not send a notice for it? |
| 14 | For each Asserted Work for which You are listed as the "Publisher" on Exhibit A to the Amended Complaint, identify the beginning bates number for every copyright registration that covers the content that you allege to have been infringed. | Without waiving the foregoing objections, Plaintiff is willing to meet and confer to discuss outside counsel providing a spreadsheet identifying the beginning Bates numbers for copyright registration documents produced for prior editions of the Asserted Works in the same general format as the spreadsheet that Plaintiff provided for the Asserted Works. | Google is amenable to Plaintiffs' outside counsel providing a spreadsheet identifying the beginning Bates numbers for copyright registration documents produced for prior editions of the Asserted Works in the same general format as the spreadsheet that Plaintiff provided for the Asserted Works. By when does counsel anticipate providing such a spreadsheet? |
| 15 | For each Asserted Work for which You are listed as the "Publisher" on Exhibit A to the Amended Complaint, identify the beginning bates number for all Documents You contend establish Your ownership over the content that you alleged to have been infringed, including agreements and "chain of title" Documents. | Without waiving and based on the foregoing objections, Plaintiff refers Defendant to the spreadsheets that it provided as a supplement response to Interrogatory 1 and will not respond further to this interrogatory. | Are Plaintiffs continuing to assert that the entirety of each Asserted Work was infringed, and not just the content registered by the copyright listed on Exhibit A?<br><br>As the Parties have discussed numerous times, to the extent Plaintiffs are relying on the presumption of ownership created by copyright registrations, Google is entitled to test that presumption. Taking the authors that Google has subpoenaed as a sample, |

| | | | Google has had to follow up with Plaintiffs to seek missing author agreements as well as clarity as to which author agreements correspond with which works. Plaintiffs' productions of these documents are clearly deficient.<br><br>Alternatively, will Plaintiffs stipulate that Plaintiffs will <u>not</u> rely on any document that is <u>not</u> referenced in the spreadsheets that supplement Plaintiffs' response to Interrogatory 1 to establish ownership over any of the allegedly infringing content? |
|---|---|---|---|
| 16 | For each Asserted Work for which You are listed as the "Publisher" on Exhibit A to the Amended Complaint, identify all Asserted Works that are derivative of one or more other Asserted Works and of which Asserted Work(s) it is derivative. | Without waiving and based on the foregoing objections, Plaintiff will not respond to this interrogatory. | Can Plaintiffs clarify their objection to this interrogatory as premature? Plaintiffs' position on which Asserted Works are derivative of other Asserted Works is not dependent on any forthcoming fact or expert discovery. Is Plaintiffs' position that they will respond to this later in discovery?<br><br>Can Plaintiffs elaborate on their position that this interrogatory seeks irrelevant information? This is directly relevant to Plaintiffs' claim for statutory damages. Are Plaintiffs continuing to seek statutory damages in this action? Pursuant to 17 U.S.C. § 504(c)(1), "all the parts of a compilation or derivative work constitute one work." It is clear from the testimony of Dr. Bernstein and Dr. Flynn that several of the Asserted Works that they authored are in fact one work. Plaintiffs need to identify those groupings or state their position, under oath, that none of the Asserted Works are derivative works.<br><br>As the Parties discussed at length with respect to Plaintiffs' responses and objections to Google's first set of interrogatories, Plaintiffs' objection based on burden is one of Plaintiffs' own creation. It is Plaintiffs—not Google—who have put over 7,300 works at issue in this matter.<br><br>Moreover, this interrogatory does not ask Plaintiffs to extract and catalog significant information contained within the asserted works in this case. It seeks information that is squarely within Plaintiffs' possession, custody, or control, and already known to Plaintiffs' with respect to which works are derivative of other works. |
| 17 | For each Asserted Work for which You are listed as the "Publisher" on Exhibit A to the Amended Complaint, identify all International Standard Book Numbers ("ISBN") associated with each Asserted Work. | Without waiving the foregoing objections, Plaintiff is willing to meet and confer with Google concerning this interrogatory. | Google's position is that to the extent Plaintiffs plan on using ISBN numbers to identify alleged instances of infringement in their own produced data or in the data that Google produced, Plaintiffs need to provide the numbers they will use to Google.<br><br>For example, the easiest way to identify Asserted Works in the summary notice data files that Plaintiffs provided is to use the "ISBN Infringed" column. Without the ISBN, Google has to analyze the title text string, complicating the analysis and adding a level of uncertainty to the results. |

Regards,

Laura

**Laura Elizabeth Bladow**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2367

---

**From:** Danae Tinelli <Danae@oandzlaw.com>
**Sent:** Wednesday, March 11, 2026 4:15 PM
**To:** Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>; #C-M GOOGLE CENGAGE - LW TEAM <GOOGLECENGAGE.LWTEAM@lw.com>; Google Service List <GoogleServiceList@oandzlaw.com>
**Cc:** Michele Murphy <michele@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jeff Kane <JKane@oandzlaw.com>; Lauren Bergelson <LBergelson@oandzlaw.com>; Uriel Lee <ULee@oandzlaw.com>; Yunyi Chen <YChen@oandzlaw.com>
**Subject:** Cengage Learning, Inc. et al. v. Google LLC, Case No. 24-cv-04274 - Plaintiffs' R&Os to Google's Third Sets of Interrogatories

Counsel,

Please find attached for service the following:

- Plaintiff Cengage Learning, Inc.'s Objections and Responses to Defendant Google LLC's Third Set of Interrogatories
- Plaintiff Elsevier Inc. and Elsevier B.V.'s Objections and Responses to Defendant Google LLC's Third Set of Interrogatories
- Plaintiff Macmillan Learning and Macmillan Holdings, LLC's Objections and Responses to Defendant Google LLC's Third Set of Interrogatories
- Plaintiff McGraw Hill's Objections and Responses to Defendant Google LLC's Third Set of Interrogatories

Best,

Danae Tinelli  |  Associate
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Direct: 202.851.4070
Danae@oandzlaw.com  |  www.oandzlaw.com
Connect with us on LinkedIn

**O+Z** Oppenheim  |  WASHINGTON, D.C.
        + Zebrak LLP  |  NEW YORK, N.Y.

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.