

Danae Tinelli
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.851.4070
danae@oandzlaw.com

May 22, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

**Re:** *Cengage Learning, Inc., et al. v. Google LLC*, **No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Motion to Redact Plaintiffs' Letter Response in Opposition and Declaration Exhibit to Google's Letter Motion (Dkt. 926)**

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Plaintiffs submit this letter motion to redact Plaintiffs' Letter Response in Opposition and Exhibit to Google's Letter Motion re Plaintiffs' Document Retention Policies dated May 8, 2026 (Dkt. 926).

## I.      Background

Portions of Plaintiffs' Letter Response in Opposition and Exhibit quotes or paraphrases information designated by Plaintiffs as Highly Confidential-Attorneys' Eyes Only or Confidential pursuant to the Protective Order. *See* Dkt. 82 ¶¶ 2, 3. The information that Plaintiffs request remain sealed includes: an excerpt of a deposition transcript and the names of individuals deemed "Protected Personnel" under the Protective Order (*see id*. ¶ 28). The information at issue is the same as, or comparable to, information for which the Court has granted sealing requests or otherwise ordered the parties to file under seal. *See, e.g.*, Dkts. 471. Plaintiffs respectfully request that the Court permit this material to remain confidential again.

## II.      Legal Standard

Plaintiffs' redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Further, courts in this district

have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

### III. The Highly Confidential-Attorneys' Eyes Only and Confidential Material at Issue Should Be Redacted

The material at issue falls into two categories and should be redacted for the following reasons.

*First,* Plaintiffs' Letter Response in Opposition refers to individuals deemed Protected Personnel pursuant to the Protective Order, which explicitly protects this information and recognizes the risk of harm that could arise if disclosed. Dkt. 82 ¶ 28 (acknowledging "the sensitivity of personal information, including names [and] email addresses . . . that could be used to identify individual employees . . . involved in the sending, receiving, implementation, and enforcement of Digital Millennium Copyright Act ('DMCA') policies and notices of infringement," and referencing the redaction of such identifying information from publicly filed documents). The Court has previously granted sealing requests to keep these names confidential. *See, e.g.*, Dkt. 471.

*Second*, Exhibit 1 to the declaration in support of Plaintiffs' Letter Response in Opposition attaches an excerpt of a deposition transcript which, pursuant to the Protective Order, shall be "treated as if it had been designated 'Highly Confidential – Attorneys' Eyes Only'" during the "14-day period following… receipt of the deposition transcript." Dkt. 82 ¶ 8. Plaintiffs received the deposition transcript less than 14 days ago, on May 13. 2026. As such, "the entire deposition transcript" is currently designated as Highly Confidential.

### IV. Plaintiffs' Request Is Narrowly Tailored to Serve the Purpose That Requires Redacting

Plaintiffs' request is narrowly tailored to protect confidential and sensitive information that prior Orders issued in this case, cases in this district, and the Protective Order support keeping confidential. Specifically, Plaintiffs ask the Court to redact limited portions of Plaintiffs' Letter Response in Opposition and Exhibit 1 to the declaration in support thereof to protect highly confidential and sensitive information of Plaintiffs, the disclosure of which would create a substantial risk of harm to these parties.

Given the sensitive nature of the material at issue, Plaintiffs respectfully submit this letter motion explaining the need to redact portions of Plaintiffs' Letter Response in Opposition and Exhibit 1 to the declaration in support thereof.

We thank the Court for considering this request.

Respectfully,
*/s/ Danae Tinelli*
Danae Tinelli

cc:    All Counsel of Record (via ECF)

2