IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING, INC. et al.

      Plaintiffs,

v.

GOOGLE LLC,

      Defendant.

**Civil Action No. 24-cv-04274-JLR-BCM**

[Redacted]

**ATTORNEY DECLARATION OF DANAE TINELLI**

1.      I am an associate at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for Plaintiffs in this action. I submit this declaration in support of Plaintiffs' Letter Response in Opposition to Google LLC's ("Google") Letter Motion for Plaintiffs' Document Retention Policies (Dkt. 926) ("Motion").

2.      I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently hereto.

3.      In the Motion, Google points to a 2019 email chain between ▮▮▮▮▮▮▮ of Macmillan Learning ("Macmillan"), ▮▮▮▮▮▮▮ of McGraw Hill, and ▮▮▮▮▮▮▮ of Cengage (each employed in antipiracy) related to notices that a vendor was sending on behalf of these three Plaintiffs to Google Shopping ("Email Chain"). The Email Chain consists of four documents, which were produced from ▮▮▮▮▮ files in August and October 2025. Google suggests that it does not have a copy of a "more inclusive" version of the Email Chain. Mot. at 2. However, the full chain was produced on August 13, 2025.

1

4.      For the first time at ▮▮▮▮ deposition, on April 28, 2026, Google asked about the Email Chain and why it was not produced from ▮▮▮▮ files. ▮▮▮▮ posited it could be related to a duplicative document issue, but did not know for sure. She was familiar with the part of the Email Chain that Google used as an exhibit at her deposition and answered Google's substantive questions about it. ▮▮ Dep. Rough Tr. 156:9-158:3 (attached hereto as **Exhibit 1** is a true and correct copy of excerpts of ▮▮▮▮ deposition).

5.      When Google raised the issue of the Email Chain after ▮▮▮▮ deposition, Macmillan promptly began investigating the matter. On May 4, 2026, I sent an email to Google's counsel explaining:

> Additionally, we write to provide an update regarding Macmillan's document production. Google raised an issue last Friday regarding document PL0000770062 (an email chain that includes ▮▮▮▮ that was produced from another Plaintiff's file), which Macmillan is investigating. It is our understanding that the reason this document was not produced relates to a limited issue regarding archived email files from the Macmillan legal department's transition from Outlook to Gmail in or about 2022. We do not understand that the issue affects any other Macmillan custodian. Macmillan will retrieve these additional archived files, run the search terms, and promptly produce any additional responsive documents consistent with Plaintiffs' RFP responses, should any exist.
> Bladow Ex. 2 at 2.

6.      Specifically, when ▮▮▮▮ emails were collected for this case, an archived file in a platform called iManage inadvertently was not included in the collection. The Macmillan Technology Department has explained that, at the time of the collection, it did not recognize that the August 2019 start date of the collection period fell within a window during which the legal department (where ▮▮▮▮ works) had not transitioned from Outlook to Gmail (which was completed by the end of August 2022). Accordingly, emails that ▮▮▮▮ had stored in iManage prior to the Gmail transition were not included, but have now been retrieved. This issue does not affect Macmillan's other custodians. I understand that, for the vast majority of Macmillan U.S. operations, the transition from Outlook to Gmail occurred before 2019. Macmillan is in the process

of reviewing any newly identified emails for ████████ that hit on the search terms, and if there are any additional documents to be produced, will do so promptly.

7.      In the Motion, Google references two 2021 emails between ████████ and Corsearch, a vendor McGraw Hill used to send notices to Google ("Corsearch Emails"). Mot. at 3. Corsearch produced these and other documents on January 6, 2026, in response to Google's subpoena. My understanding is that Corsearch, as a third party, did not have the search terms the parties agreed to run in this case. The Corsearch Emails do not hit on the search terms for Plaintiffs' documents. Google raised the issue of the Corsearch emails for the first time on May 6, 2026 during the parties' meet-and-confer regarding what documents needed to be sealed in connection with the Motion.

8.      Google also refers to a Corsearch Power of Attorney document in the Motion. McGraw Hill confirmed this document was attached to an email from ████████ to Corsearch. The Power of Attorney document also does not hit on the search terms that govern Plaintiffs' production.

9.      I reviewed McGraw Hill's responses to the twelve RFPs that Google cites in the Motion (Mot. at 3), taking into account any subsequent compromises that McGraw Hill made concerning its responses. The Power of Attorney document does not fall within the scope of Plaintiffs' agreed responses. *See* Plaintiffs' Responses to Google's First Set of Requests for Production, Bladow Decl. ¶ 11

10.     After Google raised the issue regarding the Corsearch Emails and Power of Attorney, McGraw Hill confirmed that they had been retained in ████████ files. In the course of checking this, McGraw Hill learned that a third party it used to collect some files to send to Plaintiffs' e-discovery vendor inadvertently keyed in an incorrect date related to ████████

3

and Mr. McFadden's emails (not other types of documents or as to other custodians). Accordingly, McGraw Hill is in the process of reviewing any newly identified emails for ████████ and Mr. McFadden that hit on the search terms, and if there are any additional documents to produce, will do so promptly.

11.    Digital Rights Management ("DRM"), a technology that, amongst other things, protects digital works from being copied and further distributed, implicates a wide range of business matters for Plaintiffs. Unlike legitimate distributors, the pirate sellers distribute infringing copies of Plaintiffs' ebooks without DRM, and those infringing copies can be further distributed *ad infinitum. See* Compl. ¶ 82-83. Although the pirates are obviously not "authorized distributors," Google insisted that Plaintiffs produce their authorized distributor agreements via non-custodial productions. To resolve the dispute, Plaintiffs agreed. These agreements generally contain Plaintiffs' DRM guidelines, about which Google questioned Plaintiffs at their depositions.

12.    Plaintiffs reviewed the Plaintiffs' documents that hit on the DRM search-string and determined that they were non-responsive. For example, of 607 hits, 458 are from Cengage custodians, including ████████. With "piracy" in her title, any documents mentioning DRM hit on the search-string, but none were responsive.

13.    In July 2025 and January 2026, Plaintiffs agreed to run, in addition to the names of the pirates at issue, the 18 search terms below across 25 custodians:

| | Search Term | Time Period |
|---|---|---|
| 1 | joint-legal-process@google.com | August 1, 2019 - September 19, 2024 |
| 2 | ((Goog* w/5 shopping) OR (shopping w/5 ad*)) AND (ebook* OR e-book* OR (digital* w/3 book*)) w/25 (business* OR profit* OR sale* OR revenue*) | August 1, 2019 - September 19, 2024 |

| | | |
|---|---|---|
| 3 | ((Goog* W/5 shopping) OR (shopping W/5 ad*)) AND (enforc* OR infring* OR notice OR takedown* OR DMCA OR copyright OR trademark OR illegal* OR pirat* OR unauthorized OR authoriz* OR removal* OR block* OR polic* OR procedur* OR strateg* OR method OR BCGuardian OR VitalSource OR Corsearch OR guideline* OR protocol* OR standard*) | August 1, 2019 - September 19, 2024 |
| 4 | ((Goog* W/5 shopping) OR (shopping W/5 ad*)) AND (piracy NOT W/5 (senior OR director OR manager)) | August 1, 2019 - September 19, 2024 |
| 5 | ((Goog* w/10 shopping) OR (shopping w/10 ad*) OR (Goog* w/5 ad*)) AND (sell* OR sale* w/10 ((ebook OR e-book OR (digital* w/3 book*))) | January 1, 2020 - September 19, 2024 |
| 6 | ((Goog* W/5 shopping) OR (shopping W/5 ad)) AND ((ebook OR e-book OR (digital* W/3 book*)) W/10 (ban OR pirate OR illegal* OR infring* OR allow* OR disallow*)) | January 1, 2020 - September 19, 2024 |
| 7 | ((Goog* W/5 shopping) OR (shopping W/5 ad*)) AND (textbook* OR ebook* OR e-book* OR (digital* W/3 book*)) AND ((practice* OR policies OR policy) W/25 (market* OR industr* OR business* OR profit* OR sale* OR revenue*)) | January 1, 2020 - September 19, 2024 |
| 8 | (piracy OR pirate OR illegal*) w/10 (DRM) | January 1, 2020 - September 19, 2024 |
| 9 | (piracy OR pirate OR illegal*) w/10 (rights w/3 management) | January 1, 2020 - September 19, 2024 |
| 10 | (shopping OR Google) w/10 ("Merchant Center") | January 1, 2020 - September 19, 2024 |
| 11 | ("Merchant Center" OR Google) w/25 (feed w/3 manag*) | January 1, 2020 - September 19, 2024 |
| 12 | (auction* w/3 insight*) | January 1, 2020 - September 19, 2024 |
| 13 | (Google) w/25 (keyword* w/15 auction*) | January 1, 2020 - September 19, 2024 |
| 14 | (Google) w/25 (impression w/3 share) | January 1, 2020 - September 19, 2024 |
| 15 | (Google) w/10 "ROAS" | January 1, 2020 - September 19, 2024 |
| 16 | (Google) w/5 "paid search" | January 1, 2020 - September 19, 2024 |
| 17 | (return w/5 "ad spend") | January 1, 2020 - September 19, 2024 |
| 18 | (budget* OR bid* OR tactic* OR spend*) w/5 (Shopping OR Ads) | January 1, 2020 - September 19, 2024 |

14.    The custodian's listed in Google's custodian "chart" do not work in antipiracy.

5

15.    Below is Google's RFP No. 68 request served on September 18, 2024 and Plaintiffs' October 18, 2024 response:

a.  RFP No. 68 request: "All Documents and Communications Concerning all suits brought by Publishers against Unauthorized Sellers of digital textbooks, as alleged in paragraphs 114-117 of the Complaint."

b.  RFP No. 68 response: "Subject to and without waiving the foregoing objections, Plaintiff[s] will produce (i) the Complaints, Temporary Restraining Orders, Preliminary Injunctions, and Permanent Injunctions in the lawsuits referenced in Paragraphs 114-118 of the Amended Complaint; (ii) the Infringing Merchants' responses in connection with the foregoing lawsuits, if any; and (iii) any communications between Plaintiff[s] and Google concerning the foregoing lawsuits. Pursuant to the foregoing objections, Plaintiff[s] will not otherwise search for or produce documents in response to only this request at this time."

I declare under penalty of perjury that the foregoing is true and correct.

Executed May 22, 2026 in Washington, D.C.

_____
*/s/ Danae Tinelli*
Danae Tinelli

6