

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

May 29, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> **Re:** ***Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM**
> **Plaintiffs' Letter Response in Opposition to Google's Letter Motion to Compel**
> **Plaintiffs to Respond to Google's Interrogatory No. 16 (Dkt. 958)**

Dear Judge Moses,

Google's Interrogatory No. 16 requires Plaintiffs to answer a question of law by determining which works-in-suit are "derivative"—as that term is defined in the Copyright Act—of other works-in-suit. Google does not seek *facts* from which it can argue that a work is derivative of another. And it does not seek Plaintiffs' *contentions* of which works are derivative of others. It asks instead for Plaintiffs' witnesses to analyze thousands of works, make a legal determination of which works "are derivative" of other works, and swear to those legal conclusions in a written verification. Even setting aside Google's admission that it already has most of what it seeks, the request is improper and the motion should be denied.

### I.      Interrogatory No. 16 seeks legal conclusions.

Interrogatory No. 16 asks, "For each Asserted Work for which you are listed as the 'Publisher' on Exhibit A to the Amended Complaint, identify all Asserted Works that are derivative of one or more other Asserted Works and of which Asserted Work(s) it is derivative." Dkt. 958-1 ¶ 3a. Google seeks to compel Plaintiffs' response based on its assertion that the interrogatory is "highly relevant to Plaintiffs' claim for statutory damages . . . ." Mot. at 2. Plaintiffs have not yet made an election under 17 U.S.C. § 504(c), which provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages . . . ." Statutory damages are awarded "for all infringements involved in the action with respect to any one work," and "[f]or the purposes of this subsection, all the parts of a compilation or derivative work constitute one work." *Id.*

The Copyright Act defines a "derivative work" as "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101. Further, "a work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a 'derivative work'."

Critically, Interrogatory No. 16 does not seek factual predicates that may inform whether a work-in-suit legally meets the above definition. For instance, Google did not ask which works-in-suit exclude previously registered material on the copyright registration certificate (documents

Hon. Barbara Moses
May 29, 2026

that Google has, in any event). Nor does Interrogatory No. 16 ask Plaintiffs to provide the factual basis for their damages claims. Indeed, Google propounded a separate interrogatory (No. 5) asking Plaintiffs to "identify All facts supporting Your theory of damages," which the parties resolved.

Google argues that Interrogatory No. 16 seeks factual information, not legal information, in conclusory fashion, and relies on *Standard Microsystems Corp. v. Am. Micro-Sys., Inc.*, 1974 WL 20254 (S.D.N.Y. Nov. 20, 1974). Mot. at 4. However, *Standard Microsystems Corp.* involved interrogatories asking if "the allegedly infringing circuits [at issue in the patent case] contain various specified features," and did not, "on their face, ask for anything other than factual information . . . ." *Id.* at *1. In contrast, Interrogatory No. 16, on its face, asks Plaintiffs to verify the answer to the ultimate legal question—which works-in-suit are "derivative works" under the Copyright Act. That is improper. *See SJ Berwin & Co., v. Evergreen Entertainment, Group, Inc.*, 1994 WL 185687, at *2 (S.D.N.Y. May 12, 1994) (plaintiff did not need to respond to interrogatory asking it to "specify the basis, under British law, for the charging of a premium," including because the interrogatory "seeks an evaluation of law which defendants' counsel is in as good a position as the plaintiff to perform").

Google likewise is incorrect that Plaintiffs would only need to prepare a "discrete list" to respond to Interrogatory No. 16. Mot. at 2. Plaintiffs would have to engage in a lengthy analysis to compare the thousands of works that Google infringed,[1] reach a legal conclusion as to whether some meet the statutory definition of "derivative work," and verify that under oath. That is not the purpose of interrogatories. Even Google's own cases (Mot. at 2) make clear that an interrogatory asking which works are "derivative" of other works seeks legal conclusions. *See EMI Christian Music Grp., Inc. v. MP3tunes*, LLC, 844 F.3d 79, 94-95 (2d Cir. 2016) (stating that "plaintiffs also challenge the District Court's decision to allow only one statutory damages award where the copyrights to the sound recording and to the musical composition are owned by separate plaintiffs"); *Capitol Recs., Inc. v. MP3Tunes, LLC*, 28 F. Supp. 3d 190, 191-92 (S.D.N.Y. 2014) (court ruling on the musical composition/sound recording issue in the context of competing jury instructions); *ASA Music Prods. v. Thomsun Elecs.*, 1998 WL 988195, at *8-9 (S.D.N.Y. Sep. 29, 1998) (in "Conclusions of Law," holding that the "song, arrangement, and performance together comprise a work that is conceptually indivisible"); *Video Aided Instruction, Inc. v. Y&S Express, Inc.*, 1996 WL 711513 (E.D.N.Y. Oct. 29, 1996) (in issuing damages award following default judgment, determining the number of works, and not counting "mere[] sub-units" of the videos, "whose viability is wholly dependent on the video-cassettes themselves").

In the alternative, Google claims that Interrogatory No. 16 is a proper contention interrogatory. However, the interrogatory does not ask for an "opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. Rule 33(a)(2); *see also* S.D.N.Y. Local Civ. R. 33.3(c). Indeed, it does not point to any contentions that Plaintiffs have made, or ask any facts about them. And even if Interrogatory No. 16 were a proper contention interrogatory, Google glosses over the prematurity issue. Google served the interrogatory before the close of document discovery and long before any of Plaintiffs' witnesses were deposed. Moreover, the depositions of Plaintiffs' witnesses are still ongoing. *See Erchonia Corp. v. Bissoon*, 2011 WL 3904600, at *3 (S.D.N.Y. Aug. 26, 2011), *aff'd*, 458 F. App'x 58 (2d Cir. 2012) (court ordered that "contention

---

[1] Astonishingly, Google portrays its own mass infringement as a "problem of [Plaintiffs'] own creation." Mot. at 3.

Hon. Barbara Moses
May 29, 2026

interrogatories could be *served* by [plaintiff] only once it had finished taking discovery from [defendant]") (emphasis added).

**II.     Based on Google's own representations, it has no need for the requested discovery.**

Google claims it "has no way of confirming which of the Asserted Works are derivative of other Asserted Works." Mot. at 2. However, this is at odds with Google's prior contention "that it is presently able to identify derivative works on Exhibit A" based on copyright registrations and works-in-suit titles. *See* Dkt. 958-2 at 3 (Apr. 9, 2026 Bladow email). There is plainly no need for improper discovery into *Plaintiffs'* legal conclusions when Google concedes it has already done at least part of what it claims to be the correct analysis based on the documents Plaintiffs produced. Indeed, Plaintiffs produced voluminous document discovery in the form of copyright registrations, author agreements, and the works-in-suit themselves. Google further claims, albeit incorrectly, that its depositions of authors have "confirmed that there are many more Asserted Works that are derivative of other Asserted Works even when they do not share the same title or registration number." *Id.* at 3. Thus, by its own representations, Google has the information it needs for its counsel to conduct its own legal analysis. The Court should not force Plaintiffs to answer an interrogatory providing their counsel's legal analysis. *See SJ Berwin & Co.,* 1994 WL 185687, at *2.

**III.     Conclusion**

For the foregoing reasons, Google's Dkt. 958 motion should be denied.

Respectfully submitted,

*Michele H. Murphy*
Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
*Counsel for Plaintiffs*

3