

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

May 29, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

**Re:**   ***Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Plaintiffs' Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 957)**

Dear Judge Moses:

We represent all Plaintiffs in the above-referenced case. Pursuant to Rule 3(f) of Your Honor's Individual Practices, we submit this letter response in support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 957). Plaintiff McGraw Hill seeks the Court's approval to redact limited portions of Google's Letter Motion for Pre-Motion Conference Regarding Motion to Compel Plaintiffs to Respond to Google's Interrogatory No. 16 dated May 19, 2026 (Dkt. 958) ("Letter Motion"), and seal Exhibits 2 and 4 (Dkts. 926-3 and 926-5) to the accompanying Declaration of Laura Bladow (the "Declaration"). All Plaintiffs seek the Court's approval to redact a limited portion of Exhibit 1 (Dkt. 926-2) to the Declaration.

## I.    Background

Information designated by Plaintiff McGraw Hill as Highly Confidential – Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82) appears in limited portions of the Letter Motion and pervades Exhibits 2 and 4 to the Declaration. *See* Dkt. 82 ¶¶ 2, 3. These documents include McGraw Hill's confidential and competitively sensitive business information, as well as confidential financial information related to third parties (in Exhibit 4 to the Declaration). Exhibit 1 to the Declaration is an email chain between counsel that reveals Plaintiffs' developing litigation strategy concerning a forthcoming expert report. The information that Plaintiffs seek to keep sealed is comparable to information for which the Court has granted Plaintiffs' prior sealing requests. *See, e.g.,* Dkts. 471, 574, 674. The Court should likewise permit the requested redaction and sealing discussed herein.

On May 14, 2026, Plaintiffs corresponded with Google about the confidential content in the documents and met and conferred with Google on May 18, 2026. Google explained that it "takes no position on whether such materials must be sealed." Dkt. 957 at 1.

1

## II.    Legal standard

The instant redaction and sealing requests accord with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "balance competing considerations against" the presumption of public access. *Id*. at 119–20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (internal quotations omitted). Further, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). And, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *Id*.

## III.    The Highly Confidential-Attorneys' Eyes Only and Confidential material at issue should be redacted/sealed.

The materials at issue should be redacted or sealed because they disclose confidential and highly sensitive information about (i) Plaintiffs' litigation strategy in this case (Exhibit 1 to the Declaration ("Exhibit 1")); (ii) excerpts from a deposition transcript that discusses business information concerning McGraw Hill's publication of certain works-in-suit (Letter Motion and Exhibit 2 to the Declaration ("Exhibit 2")); and (iii) an entire Publishing Agreement between McGraw Hill and two third-party authors containing private and extremely competitively sensitive terms (Exhibit 4 to the Declaration ("Exhibit 4")).

First, Exhibit 1 is an email chain between Plaintiffs' and Google's counsel about Plaintiffs' interrogatory responses. In a part of the chain that is unrelated to the dispute raised in the Letter Motion, Plaintiffs' counsel included information concerning the likely content of Plaintiffs' forthcoming economic expert report. That information should remain non-public, as it reveals Plaintiffs' developing litigation strategy.

Second, Exhibit 2 consists of excerpts from the transcript of a McGraw Hill author's deposition that are marked Confidential. Exhibit 2, and Google's Letter Motion citing it, reveal the author's testimony about confidential business matters related to the publication of works he authored, including an alleged percentage of content that carried over into later editions, and Google's characterization of that business information. Courts in this district have recognized the significance of keeping sensitive business information confidential. *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (sealing "proprietary business information"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

Third, Exhibit 4 comprises the Publishing Agreement McGraw Hill entered into with two third-party authors. Exhibit 4 is marked Highly Confidential-AEO. The agreement contains

2

competitively sensitive contractual and financial terms, such as terms regarding royalty structures, advance payments, and negotiated rights allocations. Disclosure of this information to competitors would reveal McGraw Hill's competitive insights and also reveal the third-party authors' financial information. Courts in this district have acknowledged the significance of keeping sensitive business information, like the material at issue here, confidential, particularly when disclosure "may provide valuation insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise, Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotations omitted); *see also Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would affect party's competitive position if disclosed). The public disclosure of Exhibit 4 would create a substantial risk of harm to McGraw Hill's commercial and competitive interests, and also impact the privacy interests of third parties.

**IV.    Plaintiffs' request is narrowly tailored to serve the purpose that requires redacting/sealing.**

Plaintiffs' requests are narrowly tailored to protect confidential and sensitive information that prior Orders issued in this case, cases in this district, and the Protective Order support keeping confidential. In particular, Plaintiffs/McGraw Hill only ask the Court to redact limited portions of Google's Letter Motion and Exhibit 1 for the reasons set forth above. And Plaintiff McGraw Hill asks that Exhibits 2 and 4 be sealed due to the highly sensitive and/or proprietary information that pervades those documents.

We thank the Court for considering this request.

Respectfully,

*/s/ Michele H. Murphy*

Michele H. Murphy

cc:    All Counsel of Record (via ECF)