

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

June 1, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

>       Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM
>              Parties' Joint Status Letter

Dear Judge Moses,

Pursuant to Your Honor's Order (Dkt. 961 at 2) and in advance of the upcoming June 8, 2026 discovery conference, counsel for all parties respectfully submit this Joint Status Letter.

## I.    Joint Section

The following motions are pending before the Court.

| No. | Title | Opening | Opposition | Reply |
|---|---|---|---|---|
| 1 | Plaintiffs' Motion for *In Camera* Review of Clawed-Back Documents | 871 | 895 | 938 |
| 2 | Defendant's Motion to Modify Deposition Limits and Impose Time Limitations on Rule 30(b)(6) Depositions | 874 | 914 | 931 |
| 3 | Defendant's Motion to Compel Plaintiffs' Document Retention Policies | 926 | 964 | 979 |
| 4 | Defendant's Motion to Compel Plaintiffs to Respond to Google's Interrogatory No. 16 | 958 | 978 | Due June 5 |
| 5 | Plaintiffs' Motion for Reconsideration of the Court's Dkt. 923 Order | 971 | Due June 5 | Due June 12 |

Per Dkt. 961, the Court has set Motions 1 and 2 above for argument at the June 8 hearing. In addition, the Court directed the parties to be prepared to discuss Google's requests to seal the names of Google employees and vendors. Dkt. 975. *See, e.g.*, Dkts.:

- o   864, 893, 909
- o   894, 919, 924
- o   910, 933, 945

- 937, 951, 952

## II.    Plaintiffs' Section

Mindful of the Court's instruction to "submit a *brief* joint letter, providing any updates relevant to their outstanding discovery disputes," Dkt. 961 at 2 (emphasis in original), Plaintiffs provide the following short update.

Plaintiffs will not repeat the history of Google's long refusal to schedule depositions, recounted at Dkt. 914 at 1–2. Since that filing, Google has cancelled one deposition, one Google witness has sat for deposition, Google has scheduled only three additional depositions, and Google has failed to provide dates for nine other Google witnesses.

Per the Court's Order (Dkt. 961), the parties are attempting to narrow their disputes with respect to time-limits for 30(b)(6) depositions.

Regarding 30(b)(6) depositions, Plaintiffs have conducted nine meet-and-confers concerning Google's objections to Plaintiffs' January 30, 2026 30(b)(6) notice. While the parties have significantly narrowed the disputes, Plaintiffs expect to file a motion shortly concerning critical topics on which Google still refuses to produce a witness.

Google has taken eleven depositions. Google has deposed one witness each from Macmillan and Elsevier and two witnesses each from McGraw Hill and Cengage, plus five third party depositions. One additional Elsevier witness and two additional Macmillan witnesses have been scheduled through June 25. One previously deposed Elsevier witness will also sit for another two hours for a remote deposition. The parties are in the process of scheduling the deposition of a remaining Elsevier witness. Google has also subpoenaed the depositions of two more third parties in June.

Last week, Macmillan and McGraw Hill made two additional custodial productions, as referenced in Plaintiffs' Dkt. 964 opposition. These Plaintiffs have now completed their review and production of such responsive, non-privileged documents, which consist of a total of 64 documents (50 of which are duplicate emails previously produced from other custodians).

## III.    Defendant's Section

***Deposition Limits***.[1]   Google continues to believe that changed circumstances warrant a reduction in the number of (non-30(b)(6)) fact depositions from 20 to 15 per side.  This would be consistent with Plaintiffs' recent "urging" of Google to "help manage costs" in connection with depositions in this case.  Alternatively, Google has identified six Google employees noticed by Plaintiffs whose only arguably relevant knowledge relates to Google's implementation of its DMCA policy.  Google has since withdrawn its DMCA defense.  Due to the unnecessary and cumulative nature of deposing six people on a topic with marginal relevance to this case, Google proposed limiting each of these depositions to 3.5 hours.  Plaintiffs rejected this proposal.

The breadth of Plaintiffs' 30(b)(6) notice to Google, compounded by their unwillingness to reasonably compromise on scope or impose any limits on 30(b)(6) testimony (either per witness or in total) have impeded the parties' ability to proceed with depositions of Google's 30(b)(6)

---

[1] Google disagrees with Plaintiffs' position that it "cancelled" the deposition of Mr. R.  Google proposed a date, but it was never confirmed.

designees.  Plaintiffs' Rule 30(b)(6) notice included 73 topics and numerous subtopics, which have been the subject of over nine meet-and-confers totaling over 10 hours, and countless email exchanges to negotiate the scope of what Google's designees could be reasonably prepared to testify to.  Plaintiffs now apparently plan to move to compel additional 30(b)(6) testimony on as many as 25 topics.  Google has designated five 30(b)(6) witnesses and may designate a sixth (depending on the scope of any additional agreed-upon testimony or Court-ordered testimony).  Four of the five designees were also noticed by Plaintiffs for depositions in their personal capacities ("dual capacity" witnesses).

Plaintiffs have deposed two of Google's dual-capacity witnesses. Plaintiffs refused to agree in advance to any temporal limit on those depositions, purporting to reserve 14 hours for each (Google proposed 8.5 hours for each).  During the depositions, Plaintiffs' counsel refused to specify when he was asking Google's witnesses questions in their personal or corporate capacity.  Plaintiffs' counsel was also hostile to any attempt by Google's counsel to clarify on the record whether the witness was answering on behalf of Google or in their personal capacity.  This practice muddles the record and is confusing for the witnesses.

Google has proposed dates for its three remaining current 30(b)(6) designees, two of whom are dual-capacity witnesses.  For the dual-capacity witnesses, Plaintiffs proposed that they be allowed to take 7 hours of 30(b)(6) testimony and 3.5 hours of personal testimony, for each, for a total of 10.5 hours.  For the witness testifying solely in a 30(b)(6) capacity (who is designated on seven topics), Plaintiffs proposed that they be allowed to take 7 hours.  Google rejected that proposal.  For one thing, allowing Plaintiffs to take **21 hours** of corporate testimony from just three designees (on top of the corporate testimony they have already taken from two other designees, which is hard to quantify because Plaintiffs' counsel refused to delineate) is unnecessary.  For another thing, Plaintiffs do not need 10.5 hours on the record—which almost certainly would require going very late into the evening or into a second day—with witnesses who have been designated on a limited number of topics (four and ten, respectively) that overlap with their personal knowledge.  Without any guardrails, Plaintiffs have no incentive to prioritize the most important of their **seventy-three** 30(b)(6) topics and will seek endless 30(b)(6) testimony, as their forthcoming motion to compel makes clear.

Google's two remaining dual-capacity witnesses can be deposed in 8.5 hours or less.  Google has achieved that for each of the dual-capacity witnesses proffered by Plaintiffs.  Google also respectfully requests that the Court order Plaintiffs' counsel to specify in what capacity questions are being asked of dual-capacity witnesses (which could include a statement that one capacity or the other is the default) and to clarify if asked.

***Other Disputes***.  (1) Plaintiffs' document production remains deficient, including because, as Plaintiffs now admit, they failed to search for and produce responsive documents from all custodial sources.  Google's motion to compel the production of Plaintiffs' retention policies (Dkt. 926) is fully briefed and ripe for decision.  (2) Google has moved to compel Plaintiffs to identify which of the Asserted Works are derivative of another Asserted Work.  Dkt. 958.  This motion will be fully briefed and ripe for decision after June 5, 2026.

Google respectfully requests that the Court set a hearing on its pending discovery motions (Dkt. 926 and Dkt. 958).

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*

Sarah A. Tomkowiak
Latham & Watkins LLP
*Counsel for Google*

*/s/ Michele H. Murphy*

Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
*Counsel for Plaintiffs*