# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>           Plaintiffs,<br><br>     v.<br><br>GOOGLE LLC,<br><br>           Defendant. | **Case No. 24-cv-04274-JLR-BCM**<br>***Contains materials marked Confidential or Attorneys' Eyes Only pursuant to a protective order\*\*\***<br><br>***Shared with Plaintiffs solely pursuant to, and for the purposes described in, Order at Dkts. 510, 821\*\*\*** |

**DEFENDANT'S UPDATED RESPONSES AND OBJECTIONS TO PLAINTIFFS'
RULE 30(b)(6) NOTICE OF DEPOSITION TO DEFENDANT**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects and responds to the Rule 30(b)(6) Notice of Deposition (the "Notice") served by Plaintiffs Cengage Learning, Inc.; Bedford, Freeman & Worth Publishing Group, LLC d/b/a MacMillan Learning; MacMillan Holdings, LLC; Elsevier Inc.; Elsevier B.V.; and McGraw Hill LLC (collectively, "Plaintiffs") and dated January 30, 2026, as follows.

**GENERAL OBJECTIONS**

Google makes the following General Objections. These General Objections are continuing in nature and are incorporated by reference into each response below as if fully stated therein. A specific response may repeat a General Objection for emphasis or for some other reason. However, the omission of any General Objection in any specific response is neither intended to, nor should it be construed as, a waiver of any General Objection. Rather, each individual response is made subject to and without waiver of these General Objections.

1

1.      Google objects to the Topics set forth in the Notice (the "Topics," or individually a "Topic") to the extent they seek information beyond "information known or reasonably available to the organization," Fed. R. Civ.  P. 30(b)(6).

2.      Google objects to the Notice to the extent it purports to seek corporate testimony on seventy-three Topics, which further include 147 sub-parts.  The sheer overbreadth, burden, and compound nature of Plaintiffs' Notice makes it impossible to reasonably prepare a witness to address the Topics as noticed.

3.      Google objects to each and every Definition, Instruction, and Topic set forth in the Notice to the extent that they are vague, ambiguous, overbroad, unduly burdensome, unintelligible by failing to describe the information sought with reasonable particularity, or seek to impose any requirements on Google beyond those set forth in the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), the Stipulated Protective Order entered on January 17, 2025 (Dkt. 83) (the "Protective Order"), other applicable Orders of this Court, or other applicable domestic or foreign laws or rules, including but not limited to privacy laws.  Insofar as certain topics are vague, ambiguous, overbroad, unduly burdensome, or unintelligible, Google has made reasonable assumptions as to Plaintiffs' intended meaning and responds accordingly.

4.      Google objects to the Notice to the extent it sets a date and time for the deposition(s). Google will make its designees available at date(s), time(s), and location(s) mutually convenient for the witnesses and counsel.

5.      To the extent that Plaintiffs intend to depose individual witnesses whom Google designates in response to the Notice, Google objects to furnishing those witnesses for a deposition more than once.

2

6.      Google objects to each Topic to the extent that it is overly broad, unreasonably burdensome, or seeks discovery of material or information that is not relevant to the claims or defenses of any party in this action, and/or is not proportional to the needs of the case, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues.  Google further objects to each Topic to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

7.      Google objects to each Topic to the extent that it seeks information that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ.  P. 26(b)(2)(C)(i).  Google further objects to each Topic to the extent that it seeks information that is equally or more easily ascertainable to Plaintiffs, is duplicative of information already requested by—and more appropriated obtained through—other discovery mechanisms, including requests for production and interrogatories.

8.      Google objects to each Topic as overbroad to the extent it seeks to require Google's witness(es) to recite or recall details from all or a substantial number of documents in a voluminous document production or testify as to the contents of such documents.

9.      Google objects to the Notice to the extent that it seeks to require Google to produce one or more witnesses to testify about Topics that pertain to documents or information beyond what Google is able to locate upon a reasonable search of its own files and from a reasonable inquiry of its present employees.

10.      Google objects to each Topic to the extent that it calls for the improper disclosure of Google's or any individual's confidential or commercially sensitive information, including confidential information of third parties that Google is obligated not to disclose.  To the extent that

3

Google provides any such information, Google will do so only subject to the Protective Order and only to the extent not prohibited by Google's obligations to third parties.

11.     Google objects to each topic to the extent that it calls for information not within the possession, custody, or control of Google, or seeks to avoid the requirements of Federal Rule of Civil Procedure 45, or which other parties have already provided or produced, or will provide or produce, or that is otherwise readily available to Plaintiffs or Plaintiffs' counsel, pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(i).  Google further objects to this Notice to the extent it seeks to require Google to generate information or documents that do not already exist.

12.     Google objects to the Topics that call for information protected from disclosure by the attorney-client privilege and/or the work product doctrine, common interest privilege, and/or any other applicable privilege or immunity recognized by the Federal Rules, Local Rules, or any other applicable federal or state rule or law.  Google construes each Topic as requesting non-privileged information and will provide witness(es) to testify on Topics which it believes are non-privileged and are otherwise properly discoverable.  By providing such information, Google does not waive any privileges.  Any testimony provided inconsistent with this objection is inadvertent and shall not constitute a waiver of any such privilege, protection, immunity, or applicable rule or law.

13.     Google objects to the Topics to the extent that they require Google to make legal or expert conclusions, opinions, analyses, or theories.  A response to a Topic or use of a defined term therein does not mean Google agrees with the definition of any defined term or any characterizations or legal conclusions contained therein.

14.     Google objects to each Topic to the extent that it fails to specify a relevant time period or specifies a relevant time period beyond that which the parties have agreed upon.  Google will not provide testimony outside the time period of June 1, 2021, through September 16, 2024.

15. Google objects to each Topic to the extent that it assumes facts not in evidence or misstates facts. To the extent that Google testifies in response to these Topics, such response is not intended to and shall not constitute an admission that any of the predicate facts or characterizations stated in the topics identified in the Notice are true or accurate.

16. Any statement by Google that it will designate a witness is made without waiving or intending to waive any objections as to relevancy, materiality, privilege, or admissibility of any information in this or any subsequent proceeding or at the trial of this or any other action on any ground, or its right to object to other discovery requests concerning the subject matter of the Topics identified in the Notice.

17. Any statement by Google that it will designate a witness to testify to the Topics contained in the Notice does not constitute an admission or representation that Google has any knowledge or information relating to a given Topic. Neither the objections nor the responses set forth below are an admission of the relevance or admissibility of any information, the truth or accuracy of any statement or characterization contained in the Notice, the existence of responsive information, or the existence of any person(s) with knowledge about responsive information.

18. Google's discovery and investigation of the facts and documents relevant to this litigation are ongoing. Google expressly reserves the right to amend and/or supplement these responses and objections in accordance with Federal Rule of Civil Procedure 26(e), and to amend its designation of witnesses in response to any Topic identified in the Notice.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Google objects to each paragraph in the section labeled "Definitions" to the extent the definitions purportedly set forth therein would expand the definition of a term beyond its ordinary use in the English language, create an undue burden for the deponent, and/or impose obligations on

5

Google that exceed, or are inconsistent with, the obligations imposed by the Federal Rules, Local Rules, or an Order of this Court.

2.     Google objects to each and every paragraph of the section titled "Definitions" to the extent that it defines terms in ways that are incorrect and/or inconsistent with how those terms are used by Google and/or within the industry.  Words and terms used in the following responses shall be construed in accordance with their normal meanings and connotations, and they shall in no way be interpreted as terms of art or statutorily defined terms.  Google disavows any such meaning or connotation that might be accorded to such terms.

3.     Google objects to the definitions of the terms "any," "describe," "includes," "including," and "concerning" as vague and ambiguous, overly broad, and unduly burdensome to the extent that the definitions (in combination with the individual topics): (i) seek to encompass information that is neither relevant to any party's claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case; (ii) are not reasonably limited in time or scope; (iii) seek to encompass information not within Google's possession, custody, or control; and/or (iv) seek to encompass information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, the joint defense privilege, Fed. R. Civ. P. 26(b)(4)(A), or any other applicable privilege or immunity.  Google also objects to these definitions to the extent that they presume that Google has knowledge of each of the persons or entities within the scope of the definition.

4.     Google objects to the definition of "You," "Your," "Defendant," and "Google" as vague, ambiguous, overly broad, and unduly burdensome.  In responding and objecting to the Notice, Google will respond on the basis that You," "Your," "Defendant," and "Google" refer only to Google LLC, and such persons authorized to act on their behalf and within the proper scope of their respective authorized capacities.

6

## SPECIFIC OBJECTIONS TO PLAINTIFFS' TOPICS

**TOPIC NO. 1**

The members and function of all teams within Google responsible for Google Shopping as it pertains to the Ebooks Ban; Your DMCA Policy, Copyright Policy, and Trademark Policy; and Processing Infringement Notices, including: ██████████████████████████████, Engineering, Legal, ███████████████████████████████████ ██████████████████████████ Sales, ███████████, Strategic Partnerships, ███████████████████████████████████, and the team "primarily responsible for implementing policy enforcement on the Google Shopping Platform," (Dkt. 59, ¶ 2).

**RESPONSE TO TOPIC NO. 1**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as "[t]he members and functions of all teams." Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to Topic No. 1 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by "members," "function," and "teams."

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify about the persons at Google who held primary responsibility for designing

7

and implementing Google's DMCA Policy for Shopping, as reflected in GOOG-CENG-00000685, and trademark policy, as reflected in GOOG-CENG-00000372 and GOOG-CENG-00000074. Google will not otherwise produce a corporate witness in response to Topic No. 1.

**TOPIC NO. 2**

The major features and functionalities of Google Shopping, including the evolution of and significant changes to the platform from January 2020 to March 2025.

**RESPONSE TO TOPIC NO. 2**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as any or all "major features and functionalities" or "evolution of and significant changes to" Google Shopping, regardless of whether they relate to Plaintiffs' claims in this Action. Google further objects to Topic No. 2 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by "major features and functionalities" and "significant changes." Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854.

Subject to and without waiving the foregoing General or Specific Objections, Google is willing to meet and confer with Plaintiffs to determine whether this Topic can be amended or narrowed such that a corporate witness on this Topic can be provided.

8

**TOPIC NO. 3**

The major features and functionalities of Google Ads, including the relations and distinctions between Google Ads and Google Shopping from January 2020 to March 2025.

**RESPONSE TO TOPIC NO. 3**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as any or all "major features and functionalities" of Google Ads, as well as the "relations and distinctions" between the Ads and Shopping Platforms, regardless of whether they relate to Plaintiffs' claims in this Action. Google further objects to Topic No. 3 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by "major features and functionalities," "relations," and "distinctions." Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854.

Subject to and without waiving the foregoing General or Specific Objections, Google is willing to meet and confer with Plaintiffs to determine whether this Topic can be amended or narrowed such that a corporate witness on this Topic can be provided.

**TOPIC NO. 4**

The relationship and distinctions between Google Search and Google Shopping from January 2020 to March 2025.

**RESPONSE TO TOPIC NO. 4**

9

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as any or all "relationship and distinctions between Google Search and Google Shopping." Google further objects to Topic No. 4 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by "relations" and "distinctions." Moreover, the subject of Topic No. 4 seeks information that is completely irrelevant to Plaintiffs' claims or Google's defenses in this Action, specifically information regarding the relationship between Google Search and Google Shopping.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 5**

The terminology Google uses as related to its DMCA Policy or Copyright Policy, including the meaning of the following terms (or alternative forms or conjugations of these terms): "suspend"; "account suspension"; "terminate"; "delist"; "deindex"; "disable"; "account holder"; "Domain Status" (*see, e.g.*, GOOG-CENG-00461806, ███████████████████████ ███████████████████████; "merchant account"; "merchant shopping account"; ██████████████ "remove"; "strike"; █████████████████████████ and "zero strike".

**RESPONSE TO TOPIC NO. 5**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or

10

defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as any terminology Google uses relative to its DMCA Policy or Copyright Policy.   Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 5.  This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854. Google further objects to this topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other topics, including without limitation Topic Nos. 6, 25, and 26.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 6**

The extent to which a merchant's status as a/an ███████████████████ ███████████████████ ; the merchant's volume of advertisements on Google; or other features or aspects of the merchant's value or revenue to Google are considered in determining whether to suspend, terminate, or take other action as to the merchant, including whether such status results in escalation of matters related to the account.

**RESPONSE TO TOPIC NO. 6**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or

defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case. To the extent the information sought by Topic was ever relevant and proportional, it no longer is in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to Topic No. 6 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by "features," "aspects," "value," and "take other action." Google further objects to this topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 5, 25, and 26.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 7**

Google's policies, practices, procedures, processes, or other efforts concerning identifying and/or taking action with respect to any Shopping Ads Merchants or their Google accounts who run Shopping Ads or otherwise use Google Shopping in a manner that violates one or more Google policies, including Your DMCA Policy, Copyright Policy, or Trademark Policy.

**RESPONSE TO TOPIC NO. 7**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information related to "any Shopping Ads Merchants" who "otherwise

12

use Google Shopping in a manner that violates one or more Google policies." Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to this topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 5, 6, and 67.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 8**

Google's policies, practices, procedures, processes, or other efforts concerning identifying and/or taking action with respect to the ███████████████████████████████ ███████████████████████████████████" outside the Shopping platform, including as referenced in GOOG-CENG-00474324 at -4328.

**RESPONSE TO TOPIC NO. 8**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic is incomprehensibly vague to the extent that it seeks information about "policies, practices, procedures, processes, or other efforts" related to quoted text taken from a single custodial document that does not appear to even address any such "policies, practices, procedures, processes, or other efforts" and instead relates to an individual employee's performance. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed

13

scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 9**

Google's policies, practices, procedures, processes, or other efforts concerning identifying and/or taking action with respect to:

    a.   Identifying " ███████ " and/or " ███████ " (*see, e.g.,* GOOG-CENG-00419029 at -9029);

    b.   Identifying " ██████ " and the " ███████████████ " (*see, e.g.,* Google's " ████████████████████████████ ", GOOG- CENG-00000688, GOOG-CENG-00441738, GOOG-CENG-00408671 at -8671).

**RESPONSE TO TOPIC NO. 9**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information related to the identification of any ████████████ ███████████████████ regardless of whether such items relate to Plaintiffs' claims or the Asserted Works in this Action. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854.

14

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 10**

Any DMCA Policy in effect during the period from January 2020 to October 2025, including any DMCA Policy involving "zero strike" or "Shopping Zero Strike Tab of the ▮▮▮" as referenced in GOOG-CENG-00415345 and GOOG-CENG-00415327, and/or involving ▮▮▮▮▮▮▮▮ as referenced in GOOG-CENG-00441738, and including but not limited to with respect to the following:

a.  The month and year that Google adopted and implemented each DMCA Policy;

b.  When and how Google informed its users of each DMCA Policy, including pursuant to 17 U.S.C. § 512(i)(A);

c.  To the extent not addressed under Topic Nos. 5 and 6, the definitions of terms set forth in each DMCA Policy; including, for the DMCA Policy described in GOOG-CENG-00000758 at -0758, what it means for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;

d.  To the extent not addressed under Topic Nos. 5 and 6, under each DMCA Policy, the scope and effect of account restriction, suspension, or termination as applicable, including whether the DMCA Policy restricts, suspends, or terminates any Merchant Center accounts, Google Ads accounts, or other Google accounts currently or previously associated with the same Shopping Ads Merchant;

e.  How each DMCA Policy operates on a step-by-step basis, and any rationale underlying each step, including how ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (GOOG-CENG-00439752.C, and all prior versions (GOOG-CENG-00439609 through GOOG-CENG-00439618) and GOOG-CENG-00000761), how suspensions are initiated and by whom, how long it takes for the suspension to come into effect once

15

initiated, the personnel that approves or oversees the suspension, how any exceptions (e.g., with respect to ███████████████████████) are evaluated and applied, how suspended accounts are reinstated/reactivated, and the role of Google's in-house counsel in each step;

f.  Any criteria, requirements, or considerations Google analyzed when it reviewed an account for suspension and the rationale for those considerations, including considerations of the revenue Google derived from specific Shopping Ads Merchants as described in GOOG-CENG-00441738 below "███████████████████";

g.  Whether and to what extent Google's DMCA Policy, or other policies, practices, procedures, or processes concerning Merchant Center account or Google Ads account suspension or termination, included efforts to determine whether specific Merchant Center accounts or Google Ads accounts are owned or controlled by a common account holder;

h.  How Google determines whether an Infringement Notice "abuses" the DMCA Process and how Google responds to such Infringement Notices, including any circumstances where the same notice-sender sends two or more Infringement Notices concerning the same URL for a landing page to which a Shopping Ad links, as described in Dkt. 38 ¶ 110, PL0000188745, PL0000188757, and PL0000188783;

i.  The data contained in GOOG-CENG-00429457, and the meaning of all fields contained therein;

j.  Google's rationale(s) underlying the deprecation or modification of each previous DMCA Policy in favor of each new DMCA Policy during the stated time period.

16

**RESPONSE TO TOPIC NO. 10**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information related to "any" DMCA policy in effect or "other policies, practices, procedures, or processes" beyond Google's specific Shopping DMCA policy, as reflected in GOOG-CENG-00000685, that applied to the Asserted Works and are at issue in this Action.  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.  Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 10.  This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.  Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 5 and 6.

Subject to and without waiving the foregoing General and Specific Objections, Google will present a witness to testify, at a high-level, regarding Google's implementation of its DMCA Policy for Shopping, as reflected at GOOG-CENG-00000685.  Google will not otherwise produce a corporate witness in response to Topic No. 10.

**TOPIC NO. 11**

Any practice of Google responding to Infringement Notices by warning the sender of the notice not to send duplicate notices, i.e., a notice naming the same landing page URLs as a previous

17

notice from the same sender.  GOOG-CENG-00420452; This includes any data Google produced concerning its sending of such responses, including GOOG-CENG-00419903.

**RESPONSE TO TOPIC NO. 11**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information related to "any" of Google's practices responding to Infringement Notices and "any data" produced concerning the same.  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.

Subject to and without waiving the foregoing General and Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 12**

The factual basis for any argument or defense Google intends to raise regarding "fraudulent" Infringement Notices, i.e., Google's receipt of Infringement Notices that Google suspects or claims may have been sent to Google by someone other than the rightsholder (or authorized representative of the rightsholder) named in the notice.  *See, e.g.*, *Google LLC v. Nguyen Van Duc et al.*, 5:23-cv-05824, Dkt. 1 ¶¶ 31–33, 38 (N.D. Cal.) (Nov. 13, 2023).

**RESPONSE TO TOPIC NO. 12**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad

18

and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information concerning Google's receipt of "fraudulent" infringement notices—a defense that Google does not intend to raise in this Action. To the extent the information sought by this Topic was ever relevant and proportional, it no longer is in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 13**

In instances where Google did not apply a DMCA Policy to an Infringement Notice:

a.    Whether and how Google applied any different policy, practice, procedure, or process concerning Google's obligations under, intended compliance with, or efforts to qualify for a safe-harbor defense under the DMCA, intended for another Google platform; and

b.    Whether that Infringement Notice resulted in a delisting of the noticed Shopping Ad and/or the restriction, suspension or termination of a Merchant Center account, including the notices listed in the spreadsheet titled " ███████████████████ ███████████████ " that have a value other than ███████ " in the " █████ " field.

**RESPONSE TO TOPIC NO. 13**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to

the needs of this case, such as information regarding every single infringement notice that Google received (regardless of whether such infringement notice related to an Asserted Work), whether or not a DMCA policy was "applied" to each infringement notice, what alternative policy might have applied to each infringement notice, and the resulting action taken with respect to such infringement notice. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. The overly broad, burdensome, and compound nature of this Topic makes it impossible to reasonably prepare a witness to address the Topic as noticed. Further, the Topic's reference to the spreadsheet titled "███████████████████ ████████████" is exemplary only and, as drafted, does not limit or narrow the scope of Topic No. 13. This further renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 14**

The circumstances under which Google will review or check the landing page to which a Shopping Ad links for compliance with Google policies, including when and how such a review is conducted, and whether and where the results are recorded.

**RESPONSE TO TOPIC NO. 14**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to

20

the needs of this case, such as information regarding any "circumstances" under which Google will review or check a "landing page" for compliance with Google "policies." Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to Topic No. 14 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by "circumstances," "review," "check," "landing page," and "policies." Moreover, the subject of Topic No. 14 seeks information that is completely irrelevant to Plaintiffs' claims or Google's defenses in this Action, specifically information that bears no relationship to the Asserted Works.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 15**

Any differences between the scope and effect of a "█████████," a "███████████," and a "████████," as differentiated in, for example, GOOG-CENG-00466043 at -6048 (reference to "██████████"), -6053 (reference to "████████████"), and -6055 (reference to ████ ██████").

**RESPONSE TO TOPIC NO. 15**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding "any" differences between the scope and effect

21

of a "██████████," a "██████████," and a ██████████." Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 16**

Google's adoption(s) of intellectual property-related policies for the advertisement or sale of Ebooks, as well as Google's rationales and considerations underlying such adoption(s), for Google platforms other than Google Shopping, including:

 a. "██████████████████████████████████████████████", as described in GOOG-CENG-00468131 at -8132;

 b. The policy adopted for Google Play, whereby "██████████████████████" is "██████████████" as described in GOOG-CENG-00407052 at -7052–53.

**RESPONSE TO TOPIC NO. 16**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding "intellectual property-related policies for the advertisement or sale of Ebooks." To the extent the information sought by this Topic was ever relevant or proportional, it no longer is in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026),

22

and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 16. This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Moreover, the subject of Topic No. 16 seeks information that is completely irrelevant to Plaintiffs' claims or Google's defenses in this Action. Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 48, 51, 52, 59, and 60.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

## TOPIC NO. 17

The Repeat Infringer Policies for Google platforms other than Google Shopping, and Google's considerations and rationales underlying its adoption of these Repeat Infringer Policies, including how and why they differ from those adopted for Google Shopping. *See, e.g.,* GOOG-CENG-00431947 (referencing policies for other platforms); GOOG-CENG-00433652.

## RESPONSE TO TOPIC NO. 17

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google further objects to this Topic because the subject of Topic No. 17 seeks information that is completely irrelevant to Plaintiffs' claims or Google's defenses in this Action, specifically information regarding Google's repeat infringer policies for platforms and products other than Shopping, the only platform at issue in this Action. To the extent that the information sought by this Topic was ever relevant or proportional, it no longer is in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music*

23

*Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 18**

Whether and how account restriction, suspension, reactivation/reinstatement or termination of a user pursuant to Repeat Infringer Policies for Google platforms other than Google Shopping affect the Merchant Center account(s) associated with that same user.

**RESPONSE TO TOPIC NO. 18**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google further objects to this Topic because the subject of Topic No. 18 seeks information that is completely irrelevant to Plaintiffs' claims or Google's defenses in this Action, specifically information regarding Google's repeat infringer policies for platforms and products other than Shopping, the only platform at issue in this Action.  To the extent the information sought by this Topic was ever relevant or proportional, it no longer is in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 19**

Google's policies, practices, procedures, or processes, and the implementation of such policies, practices, procedures, or processes, for responding to Infringement Notices or other complaints regarding a Shopping Ad or a Shopping Ads Merchant that implicate Google's DMCA

24

Policy or Copyright Policy in instances also involving other alleged violations of Google's policies, practices, procedures, or processes, including violation of any Trademark Policy. This includes the use of automated tools or systems, or any tools or systems involving artificial intelligence and machine learning.

**RESPONSE TO TOPIC NO. 19**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding "other alleged violations of Google's policies, practices, procedures, or processes, including violation of any Trademark Policy." Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 1, 10, 31, 34, 50, and 67.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic beyond the scope of what Google has agreed to provide in response to Topic Nos. 1, 10, 34, 50, and 67.

**TOPIC NO. 20**

Google's policies, practices, procedures, or processes for applying account restriction, suspension, or termination to Merchant Center accounts or other accounts associated with Shopping Ads Merchants for reasons other than violation of any DMCA Policy, including for violation of other

25

Google's policies, practices, procedures, or processes, including a Shopping Ads Merchant's failure to timely pay Google, or for any reasons reflected in, e.g., GOOG-CENG- 00439755.  This includes the use of automated tools or systems, or any tools or systems involving artificial intelligence and machine learning.

**RESPONSE TO TOPIC NO. 20**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case.  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.  Further, the Topic's list of "other" reasons are exemplary only and, as drafted, do not limit or narrow the scope of Topic No. 20.  This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify generally regarding the content of GOOG-CENG-00439755.  Google will not otherwise produce a corporate witness in response to Topic No. 20.

**TOPIC NO. 21**

Google's policies, practices, procedures, or processes concerning the internal "escalation" of complaints from copyright-holders and trademark-holders concerning Google's responses (or a lack thereof) to Infringement Notices, including escalations between lower-level and higher-level Google

26

personnel (such as full time employees ("FTEs") or executives) and collaboration between or consultations among personnel from Google's Engineering, ███████████, Legal, ████ ████████████████████████████, Strategic Partnerships, and Sales departments, as referenced in, e.g., GOOG-CENG-00405296 at -5329. This includes:

a. Escalations that occur "███████████████████████████", as referenced in, e.g., GOOG-CENG-00000683 at -0687 ("████████████████████████ ███████████████████████████████████████████ ██████████████");

b. Escalation of complaints to or from higher-level Google personnel, specifically including managers, directors, and vice presidents (*see e.g.*, GOOG-CENG-00405333 at -5335);

c. Escalations of Infringement Notices for instances of suspicious activity; and

d. The purpose and use of the "████████" (*see, e.g.,* GOOG-CENG-00429643 at -9644).

**RESPONSE TO TOPIC NO. 21**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding the "escalation" of any complaints from copyright-holders and trademark-holders regarding responses to infringement notices. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Further, the Topic's sub-parts are exemplary only and, as drafted, do

27

not limit or narrow the scope of the broad topic first set forth in Topic No. 21. This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Moreover, the subject of Topic No. 21 seeks information that is completely irrelevant to Plaintiffs' claims or Google's defenses in this Action, specifically information regarding the purpose and use of the "███████" referenced in sub-topic (d). Google further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 22**

Google's policies, procedures, practices, or processes concerning the reinstatements and reactivations of accounts that were suspended or terminated for copyright infringement, including the criteria Google used to determine whether a suspended or terminated website or account should be reinstated or reactivated. This includes data Google produced concerning reactivations, reinstatements, including GOOG-CENG-00419910 and GOOG-CENG-00439756, including which category(ies) in column A in GOOG-CENG-00419910 relate to copyright infringement.

**RESPONSE TO TOPIC NO. 22**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding each specific reinstatement and reactivation of accounts that were suspended or terminated for copyright infringement. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed

28

scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Further, the Topic's references to certain documents are exemplary only and, as drafted, do not limit or narrow the scope of Topic No. 22. This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 23**

Google's data concerning its overall DMCA program (i.e., not limited to the 1,500 Pirate Websites) including data contained in GOOG-CENG-00419902, GOOG-CENG-00419903, GOOG-CENG-00419905, GOOG-CENG-00439755, and data that Google will produce subsequently, including in accordance with Dkts. 472 and 510 ¶ 5 by March 6, 2026.

**RESPONSE TO TOPIC NO. 23**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding Google's "overall" DMCA program. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Further, the Topic's references to certain documents are exemplary only and, as drafted, do not limit or narrow the scope of Topic No. 23. This renders the Topic vague,

ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.  Google further objects to Topic No. 23 as vague, ambiguous, and unduly burdensome because it fails to define what it means by "overall DMCA program."  Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 11 and 66.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 24**

The number and circumstances of any terminations (as opposed to suspensions) of Shopping Ads merchants or accounts pursuant to Google's DMCA Policy.

**RESPONSE TO TOPIC NO. 24**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as the number and circumstances of *any* termination of a Shopping Ads merchant account under Google's DMCA policy for Shopping, as reflected at GOOG-CENG-00000685.  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.  Google further objects to Topic No. 24 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.  Google further objects

30

to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 5, 6, and 10.

Subject to and without waiving the foregoing Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 25**

The meaning of any designation or description of a website, domain, Merchant Center account, or Google Ads account as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ including the actions that can be taken or consequences that can result from such a designation or description.  This includes any actions taken as a result of a ▮▮▮▮▮▮▮ designation (as referenced in, e.g., GOOG-CENG-00388352, ▮▮▮▮▮▮▮▮▮▮▮▮ ) or designation of the 1,500 Pirate Websites, and the data contained in GOOG-CENG-00000757 ("▮▮▮▮▮▮").

**RESPONSE TO TOPIC NO. 25**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as "any" actions that can be taken or consequences that can result from a designation or description of a website, domain, Merchant Center account, or Google Ads account as ▮▮▮▮▮▮▮▮ Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.  Google further objects to this topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 5, 6, and 9.  Google further objects

31

to Topic No. 25 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by "designation of 1,500 Pirate Websites."

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 26**

The meaning of any designation or description of a Pirate Website or Merchant Center account or Ads account as ███████████ (as referenced in, e.g., GOOG-CENG-00388352, ████████████████████████), including the actions that can be taken or consequences that can result from such a designation or description, and including any actions taken as a result of a ████████████ designation or description of the 1,500 Pirate Websites.

**RESPONSE TO TOPIC NO. 26**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding the "meaning of any designation or description of a Pirate Website or Merchant Center account or Ads account as ████████████ or "any" designation or description of various accounts as ████████████ Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to this topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic No.

25.  Google further objects to Topic No. 26 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.  Specifically, the Topic fails to define what it means by ▮▮▮▮ ▮▮▮▮▮▮

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify at a high-level regarding the general meaning of the term "▮▮▮▮ ▮▮▮▮▮▮" to describe merchant center accounts.

**TOPIC NO. 27**

Google's ▮▮▮▮▮ tool/interface/database, including all ▮▮▮▮▮ fields and signals and how these fields are retrieved, evaluated, and used (e.g.,  etc.), and including any reviews, assessments, or evaluations that are evaluated within or with respect to ▮▮▮▮▮, as shown in, e.g., any ▮▮▮▮▮▮▮▮" and "▮▮▮▮▮▮▮" as described in GOOG-CENG- 00605191.

**RESPONSE TO TOPIC NO. 27**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding "all ▮▮▮▮▮ fields and signals" and "any reviews, assessments, or evaluations" within or with respect to ▮▮▮▮▮.  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See*

33

Dkt. 854. Google further objects to this topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic No. 28.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 28**

The nature and categories of ████ data and analyses concerning the 1,500 Pirate Websites and whether it was used to take any action concerning their Merchant Center accounts, Google Ads accounts, or Shopping Ads that link to their websites.

**RESPONSE TO TOPIC NO. 28**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google further objects to Topic No. 28 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by "used to take any action," as the data produced from ████ does not indicate whether any action was taken. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to this topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic No. 27.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 29**

Data concerning Merchant Center accounts, Shopping Ads Merchants, and/or Shopping Ads that Google determined were implicated by Plaintiffs' Infringement Notices, including the meaning of the data fields contained in the following files, the sources of this data, and Google's methodology and process for locating and producing it. This includes:

a. The Merchant Account Data, including Christophe Weibel's claims in Dkt. 59, and GOOG-CENG-00404297;

b. The Offer Data and the Ads Data, including:

    i. The meaning of all field names (e.g., ███████████████████████████████████████");

    ii. The meaning of the file names contained in this data (e.g., "██████████" (GOOG-CENG-00479526) versus "██████████████" (GOOG-CENG-00479529));

    iii. The format of all values (e.g., values that list "██████████" as 1,000,000); and

    iv. Generally how the data contained in these records is tracked by Google's systems;

c. The Notice and Response Data, including the Notice and Response Data Spreadsheets.

**RESPONSE TO TOPIC NO. 29**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 29. This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable

35

particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Google further objects to this Topic on the grounds that it is impermissible "discovery on discovery," insofar as it seeks testimony regarding "Google's methodology and process for locating and producing" the data referenced therein. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify generally regarding:

    a. The content of the Declaration of Christophe Weibel (Dkt. 159) and GOOG-CENG-00404297;

    b. The content of the offer data and impression and conversion data produced by Google regarding the merchant center accounts connected to the 1500 at-issue domains. For the avoidance of doubt, Google will not present a witness to testify regarding the meaning of every field name, file name, or value included in the offer data and impression and conversion data. Google also will not present a witness to testify regarding how the data contained in these records is tracked by Google's systems (*see* sub-topic (b)(iv));

    c. The content of the notice and response data, including the notice and response data spreadsheets, that Google produced regarding the 1500 domains at issue.

For the avoidance of doubt, Google will not present a witness to testify regarding Google's methodology and process for locating and producing these data sets as that would constitute impermissible discovery on discovery. Google will not otherwise produce a corporate witness in response to Topic No. 29.

36

**TOPIC NO. 30**

The "█████████████████████████" (GOOG-CENG-00439752.C, and all prior versions (GOOG-CENG-00439609 through GOOG-CENG-00439618) and GOOG-CENG-00000761), including the methodology by which it is compiled and maintained, whether Google's practice is to delete information from it, and the date through which each file was updated.

**RESPONSE TO TOPIC NO. 30**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to Topic No. 30 to the extent it is duplicative of other Topics, including without limitation Topic No. 10. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to Topic No. 30 to the extent it seeks "the date through which each file was updated," which is nonsensical given that the "prior versions" are historical snapshots pulled to reflect the █████████████ at a particular time and no person could be prepared to testify as to the date through which each file was "updated."

Subject to and without waiving the foregoing Objections, Google will not produce a corporate witness in response to this Topic beyond the scope of what Google has agreed to provide in response to Topic No. 10.

**TOPIC NO. 31**

With respect to any DMCA Policy in effect during the period from January 2020 to October 2025:

    a.    The purpose, features, functions, and manners of use of any tools, databases, or programs used to implement the DMCA Policy (e.g., Buganizer, ████████

 as mentioned in Google's DMCA Policy);

b.  The use of automation in implementing any part of the DMCA Policy or Processing Infringement Notices, including the use of automation in the decision to delist or not to delist any specific Shopping Ads;

c.  The use of manual processes in implementing any part of the DMCA Policy or Processing Infringement Notices, including a description of the use of the LR Manual Strike Spreadsheet;

d.  Google's use of third-party vendors to Process Infringement Notices, including the scope of such use; Google's provision of training, feedback, and supervision to third-party vendors and their employees; and Google's evaluation of such third-party vendors and their employees' performance, productivity, or effectiveness;

e.  Description and role of all Google's personnel (including in-house counsel), in implementing any aspect of any DMCA Policy, including escalation of accounts and account reinstatements;

f.  Google's process and timing for delisting the landing pages contained in Shopping Ads pursuant to any DMCA Policy; and

g.  Whether any landing page delisted pursuant to any DMCA Policy is also delisted from or restricted on any other Google platform.

**RESPONSE TO TOPIC NO. 31**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional

to the needs of this case, such as information related to "any DMCA policy in effect" regardless of whether such DMCA policy applied to the Shopping platform and product. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to Topic No. 31 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by "purpose," "features," "functions," "manners of use," "programs," "automation," and "manual processes." Further, this Topic is overly broad to the extent it purports to extend the relevant time period to October 2025. Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 1, 5, 6, 10, 20, 27, 28, 30, and 36.

Subject to and without waiving the foregoing General and Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 32**

The file GOOG-CENG-00441970 (which Plaintiffs understand to concern ███████████ ), including the meaning of each field in the "███████" column, and how the entries included in this file were selected.

**RESPONSE TO TOPIC NO. 32**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to Topic No. 32 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules, referring only to "[t]he file GOOG-CENG-

00441970." Google further objects to this Topic as overly broad and unduly burdensome to the extent that it seeks testimony regarding every piece of data in GOOG-CENG-00441970. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to Topic No. 32 as seeking impermissible discovery on discovery for "how the entries in this file were selected."

Subject to and without waiving the foregoing Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 33**

Google's "conversion tracking" feature for Google Shopping, including generally how "conversion tracking" is accomplished, what merchants must do in order to utilize conversion tracing, any Google features or services for which use of "conversion tracking" is required, Google's tracking of whether merchants utilize conversion tracking, and generally how Google uses data it obtains from conversion tracking to inform Google's practices or to improve its products and services.

**RESPONSE TO TOPIC NO. 33**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding "any Google features or services," Google's tracking of merchants, and Google's general use of data obtained in its products and services, regardless of whether such topics bear any relation to this Action. Google further objects to Topic

40

No. 33 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by "conversion tracking."

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify generally regarding the types of "conversion tracking" available to Merchant Center accounts and the impression and conversion data Google produced at GOOG-CENG-00409531 – GOOG-CENG-00409534, GOOG-CENG-00479526 – GOOG-CENG-00479527, GOOG-CENG-00479529 – GOOG-CENG-00479530, and GOOG-CENG-00620171 – GOOG-CENG-00620173. Google will not otherwise produce a corporate witness in response to Topic 33.

**TOPIC NO. 34**

The Infringement Notices Google received from or on behalf of Plaintiffs, and Google's responses to and handling of such notices, including:

a.   Communications between Google and Plaintiffs or any Plaintiff, or any representative or agent acting on behalf of any Plaintiff, concerning the Infringement Notices or copyright or trademark infringement;

b.   The universe of Pirate Sellers identified in Infringement Notices Google received from or on behalf of Plaintiffs, including how Google identified those Pirate Sellers;

c.   Infringement Notices Google received from third parties concerning the Pirate Sellers identified in Infringement Notices Google received from or on behalf of Plaintiffs;

d.   Counternotices, appeals, or other objections that Google received from the Pirate Sellers concerning Infringement Notices from Plaintiffs or their agents or representatives, such as BCGuardian, LLC ("BCGuardian") or Covington & Burling LLP;

41

e.    Any different treatment that Google applied to Infringement Notices received from or on behalf of Plaintiffs, i.e., treatment or responses that differed from Google's DMCA Policy.

**RESPONSE TO TOPIC NO. 34**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding any aspect of the infringement notices Google received from or on behalf of Plaintiffs.  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.  Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 34.  This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.  Google further objects to this topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 10 and 21.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify, at a high level, regarding Google's processing of DMCA notices from Plaintiffs or their agents or representatives, to the extent not already covered by Google's response to other Topics, including Topic No. 10.  Google will not otherwise produce a corporate witness in response to Topic No. 34.

42

**TOPIC NO. 35**

For each of the 1,500 Pirate Websites:

a.  Google's communications with the operator of the website, email address for the website, or other contact for the website, such as those listed in the corresponding Merchant Center or Ads accounts;

b.  Any sales representatives, account managers, account strategists, or other Google representatives assigned to or who otherwise worked with the Pirate Websites;

c.  Any analyses, checks, evaluations, or other reviews Google conducted of the Pirate Website's Google accounts, including their Merchant Center and Ads accounts;

d.  Any decision Google made to suspend (or not to suspend) or terminate (or not to terminate) any Google account connected to the Pirate Website;

e.  Any instance in which a Google account of the Pirate Website was reinstated or reactivated after being suspended or terminated; and

f.  Any instance in which Google determined that a Pirate Website was operating multiple Merchant Center accounts or multiple Ads accounts.

**RESPONSE TO TOPIC NO. 35**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding all aspects of 1,500 so-called "Pirate Websites"—spanning from communications with the website operators, to individuals at Google working with merchants associated with the websites over a five-year span, to any and all internal decision-making processes and analysis, for "each" website.  The overbreadth, burdensome, and

43

compound nature of this Topic makes it impossible to reasonably prepare a witness to address the Topic as noticed. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. \_\_\_, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to this topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other topics, including without limitation Topic Nos. 26, 28, 37, 44, and 67.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 36**

The following documents, including the general subject of this data, the meaning of each data field, and the method used to retrieve the data:

    a.    GOOG-CENG-00419898

    b.    GOOG-CENG-00419899

    c.    GOOG-CENG-00419900

    d.    GOOG-CENG-00419903

    e.    GOOG-CENG-00599176; GOOG-CENG-00403546

    f.    GOOG-CENG-00416948

    g.    GOOG-CENG-00388170; GOOG-CENG-00388171

    h.    GOOG-CENG-00413050

    i.    GOOG-CENG-00416515

    j.    GOOG-CENG-00416832

    k.    GOOG-CENG-00416904

    l.    GOOG-CENG-00426565

    m.　GOOG-CENG-00404954

    n.　GOOG-CENG-00429457

**RESPONSE TO TOPIC NO. 36**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that the Topic's sub-parts comprise thirteen distinct Topics, rather than incremental pieces of one Topic. This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. To that end, the overbreadth, burdensome, and compound nature of this Topic makes it impossible to reasonably prepare a witness to address the Topic as noticed. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to this topic to the extent it seeks information that is irrelevant, duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 10, 11, 20, 31, 39, 51, and 59. Moreover, the subject of Topic No. 36 seeks information that is both unduly burdensome and irrelevant to Plaintiffs' claims or Google's defenses in this Action, specifically by seeking testimony regarding every data field including in the documents listed in the Topic, and impermissible discovery on discovery for "the method used to retrieve the data."

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness to testify in response to this Topic beyond the scope of what Google has agreed to provide in response to Topic Nos. 10, 20, 39, 51, and 59. For the avoidance of doubt, Google will not present a witness to testify regarding the meaning of each data field included in the

documents listed in this Topic. Google also will not present a witness to testify regarding "the method used to retrieve the data" including in the documents listed in this Topic as this would constitute impermissible discovery on discovery. Google will not otherwise produce a corporate witness in response to Topic No. 36.

**TOPIC NO. 37**

For each of the Pirate Websites:

a. Any instance in which the site "███████████████████████████████████ ████████████████" (GOOG-CENG-00474324) and what product verticals they were involved in;

b. Any instance in which the site was identified as "██████" and/or "███████";

c. Any instance in which the site was identified as "███████" or within the "██████████ ███████████████";

d. Any instance in which the site was within any "██████" or "████████", or was subject to a "███████████████";

e. Any instance in which the site was identified through Google's "██████" fraud and piracy prevention efforts;

f. Any instance in which the site was involved in any "████████████████";

g. Any instance in which the site was involved in any "██████";

h. Any instance in which the sites were found to be selling prohibited products.

**RESPONSE TO TOPIC NO. 37**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional

to the needs of this case, such as information regarding "any instance" that "each" of the 1,500 so-called "Pirate Websites" was identified, categorized, or involved in eight broad categories of unrelated activities. The overbreadth, burdensome, and compound nature of this Topic makes it impossible to reasonably prepare a witness to address the Topic as noticed. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to this topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 26, 28, 35, 44, and 67.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 38**

The nature and context of the below issues, including Google's discovery of, attempts to address, and results of attempting to address, these issues:

    a.    ███████████" of previously suspended merchants, including as described at GOOG-CENG-00426035, -6038, -6068;

    b.    "███████████" of Ebook Sellers (e.g., GOOG-CENG-00426035).

**RESPONSE TO TOPIC NO. 38**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to Topic No. 38 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by the "nature and context of the below issues." Google further objects to this Topic as

47

seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of information sought in other Topics regarding merchant suspension and reinstatement, including without limitation Topic Nos. 10, 20, and 22.

Subject to and without waiving the foregoing General or Specific Objections, Google is willing to meet and confer with Plaintiffs to determine whether a corporate witness on sub-part (b) of Topic No. 38 can be provided. Google will not produce a corporate witness in response to sub-part (a) of Topic No. 38.

**TOPIC NO. 39**

The creation, features, functionalities, and use of a Shopping Ads Merchant's Merchant Center account and Ads accounts, including:

a. How individuals or entities become Shopping Ads Merchants;

b. How specific domains become, or cease to be, associated with Merchant Center accounts;

c. The total number of Merchant Center accounts and Ads accounts an individual or entity can open or maintain;

d. The relationship between Merchant Center accounts and Ads accounts;

e. Any relationships between multiple Merchant Center accounts;

f. The relationships between multiple Ads accounts;

g. The relationship between Merchant Center accounts, Ads accounts, and any other Google account a Shopping Ads Merchant may have;

h.    Whether and how Google keeps track of the number of Merchant Center accounts and Ads accounts associated with any one individual or entity;

i.    Communications and channels of communications between Shopping Ads Merchants and Google;

j.    The roles and functionalities of Google personnel and teams involved in communicating with Shopping Ads Merchants;

k.    The creation, purpose, functionalities, designation, and evaluation ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ .

**RESPONSE TO TOPIC NO. 39**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as all aspects of a Shopping Ads Merchant's Merchant Center account and Ads accounts, as well as information about Ads accounts unrelated to the Shopping platform. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.  Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 39.  This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.  Google further objects to sub-parts (g), (i), (j), and (k) as irrelevant to Plaintiffs' claims or

49

Google's defenses in this Action, particularly in light of the narrowed scope of contributory liability after *Cox* and Google's withdrawal of its DMCA defense.

Subject to and without waiving the foregoing General or Specific Objections, Google is willing to meet and confer with Plaintiffs to determine whether a corporate witness on sub-parts (a)-(f) and (h) of Topic No. 39 can be provided. Google will not produce a corporate witness in response to sub-parts (g), (i), (j), and (k) of Topic No. 39.

**TOPIC NO. 40**

The creation, features, functionalities, and use of Shopping Ads, including:

a.  The process by which a Shopping Ad is created, including how Google uses images, texts, and other data or "feeds" uploaded by Shopping Ads Merchants to create a Shopping Ad;

b.  Generally, how Google targets particular users with Shopping Ads;

c.  How Shopping Ads appear on platforms other than Google Shopping, as alluded to in Dkt. 252 ¶ 11 ("███████████████████████████████████");

d.  How Google determines the placement and order of Shopping Ads on the search engine results page, and on the Google Shopping results page.

**RESPONSE TO TOPIC NO. 40**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding all aspects of the "creation, features, functionalities, and use of Shopping Ads." Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 40. This

renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify regarding sub-part (a) of Topic No. 40. Google will not produce a corporate witness in response to sub-parts (b)-(d) of Topic No. 40.

**TOPIC NO. 41**

Google's automated bidding feature, including generally how the feature works, and generally the data used to facilitate it, including any tracking or recordkeeping Google performs that would show the rankings of bids for each auction of each Shopping Ad, including the use of historical bid information to facilitate Google's automated bidding feature.

**RESPONSE TO TOPIC NO. 41**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding all aspects of Google's automated bidding feature. Moreover, the subject of Topic No. 41 seeks information that is completely irrelevant to Plaintiffs' claims or Google's defenses in this Action, specifically information regarding how Google's automated bidding feature works generally across all Shopping Ads, rather than specifically regarding Shopping Ads related to the Asserted Works.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify at a high-level regarding how Google's automated bidding feature

generally works, but only insofar as that feature relates to Shopping ads.  Google will not otherwise produce a corporate witness in response to Topic No. 41.

**TOPIC NO. 42**

The total yearly revenue Google LLC generated from January 2020 through the present.

**RESPONSE TO TOPIC NO. 42**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to Topic No. 42 to the extent it seeks information that is completely irrelevant to Plaintiffs' claims or Google's defenses in this Action, specifically information regarding Google's total yearly revenue, which includes revenue from a wide range of sources that have no relationship to this Action.  Google further objects to this Topic to the extent it seeks information that is a matter of public record, is available to Plaintiffs, or is already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 43**

The total yearly revenue Google generated within Google Shopping from January 2020 through the present.

**RESPONSE TO TOPIC NO. 43**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to Topic No. 43 as overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence and not proportional to the needs of this case to the extent it seeks irrelevant information regarding Google Shopping's total yearly revenue.  Google further objects to Topic No. 43 as incomprehensibly vague and ambiguous to the extent it seeks information regarding yearly revenue "within Google Shopping," which lacks

52

a clear meaning. Google further objects to the Topic to the extent it seeks information that is duplicative and/or cumulative of information sought in other Topics, including without limitation Topic No. 44.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify regarding (i) the general mechanics of how Google generates revenue from Shopping Ads, and (ii) the Shopping Ads revenue data produced by Google in this Action, as reflected in GOOG-CENG-00419901 and GOOG-CENG-00479531.  Google will not otherwise produce a corporate witness in response to Topic No. 43.

**TOPIC NO. 44**

Google's generation of revenue from Shopping Ads from January 2020 through March 2025, including but not limited to:

a.   How Google generates revenue from the "auction" process by which Shopping Ads Merchants bid for Shopping Ads impressions and placement positions (including generally how the auction process works and generally how the price of an ad is determined);

b.   How Google generates revenue from users' clicks on Shopping Ads;

c.   How Google generates revenue from the use, or sale, of information gathered about users who click on Shopping Ads;

d.   The total revenue Google generated from Shopping Ads, including through the channels described in subparts (a), (b), (c) of this Topic;

e.   The total revenue Google earned from the 1,500 Pirate Websites, and all Google accounts associated with or connected to the same, including through which channels such revenue was earned;

53

f.      Google's revenue data (including GOOG-CENG-00419901, GOOG-CENG- 00404298, GOOG-CENG-00419904, GOOG-CENG-00479528), including an understanding of how this data was retrieved.

**RESPONSE TO TOPIC NO. 44**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding all aspects of Google's generation of revenue from Shopping Ads.  Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 44.  This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.  Google further objects to the Topic to the extent it seeks information that is duplicative and/or cumulative of information sought in other Topics, including without limitation Topic No. 43.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify regarding (i) the mechanics of how Google generates revenue from Shopping Ads, and (ii) the revenue data produced by Google in this Action, as reflected in GOOG-CENG-00419901 and GOOG-CENG-00479531.  For the avoidance of doubt, Google will not present a witness to testify regarding "how this data was retrieved" as this would constitute impermissible discovery on discovery.  Google will not otherwise produce a corporate witness in response to Topic No. 44.

**TOPIC NO. 45**

Google's expenses associated with addressing Ebooks Piracy and other forms of piracy that occurs by means of Google's services, e.g., including, but not limited to: operations of Google's ▬▬▬▬ department in relation to Google Shopping, or third-party vendors in relation to Processing Infringement Notices.

**RESPONSE TO TOPIC NO. 45**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding Google's expenses associated with addressing "forms of piracy" that have no bearing on this Action. Google further objects to this Topic insofar as it is seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to Topic No. 45 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by "other forms of piracy."

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify regarding Google's general efforts to combat ebook piracy, specifically copyright and trademark infringement, on the Shopping platform, including the high-level role of Google's ▬▬▬▬ team and vendors in connection with these efforts.

55

**TOPIC NO. 46**

Any data, reports, estimates, or analyses conducted on Google's revenue impact when Google suspends or terminates a Pirate Seller, for the period of January 2020 through March 2025.

**RESPONSE TO TOPIC NO. 46**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to Topic No. 46 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to define what it means by "Pirate Seller." Google further objects to Topic No. 46 on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information regarding "any" analyses on how the suspension or termination of particular merchant center accounts (after they are determined to be a "Pirate Seller") impacts Google's revenue. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness to testify in response to this Topic.

**TOPIC NO. 47**

The revenue Google has generated from Plaintiffs, including any data, reports, estimates, or analyses Google conducted regarding Plaintiffs' revenue, for the period of January 2020 through March 2025.

**RESPONSE TO TOPIC NO. 47**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to Topic No. 47 as overly broad, unduly burdensome,

56

and not proportional to the needs of this case because it seeks information that is completely irrelevant to Plaintiffs' claims or Google's defenses in this Action, specifically information regarding the revenue Google has generated from Plaintiffs, which has no bearing on the calculation of damages in this Action.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 48**

Any data, reports, estimates, or analyses conducted regarding revenue impact from the Ebooks Ban.  This includes the revenue impact for Google, Plaintiffs, any representatives or agents of Plaintiffs, or any copyright owners or trademark owners affected by the Ebooks Ban (e.g., Association of American Publishers, BCGuardian, Corsearch, Inc., Pearson Education, Inc., and VitalSource Technologies LLC).

**RESPONSE TO TOPIC NO. 48**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding the generalized revenue impact of the Ebooks Ban on a variety of entities, including "any copyright owners or trademark owners" whether or not they are parties to this Action.  Google further objects to this Topic to the extent it seeks information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.  Google further objects to this Topic to the extent it seeks information that is a matter of public record, is available to

57

Plaintiffs, or is already in Plaintiffs' possession, custody, or control, such as information regarding the revenue impact on Plaintiffs or their representatives or agents.  Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in Topic Nos. 16, 51, 52, 59, and 60.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify at a high-level regarding contemporaneous analysis, if any, of the revenue impact of the ebook ban, as reflected in GOOG-CENG-00000002, including as reflected in GOOG-CENG-00426568.  Google will not otherwise produce a corporate witness in response to Topic No. 48.

**TOPIC NO. 49**

Google's Auction Insight Reports (*see, e.g.*, "Use Auction insights to compare performance, available at https://support.google.com/google-ads/answer/2579754?hl=en (last visited Jan. 30, 2026), including the fields listed in the reports, generally how Google determines which competitors to include in the reports, generally how the statistics in the reports (e.g., impression share, outrank share, and overlap rate) are calculated, the extent to which these categories are measured differently for different businesses, and Google's retention of auction insights data and use of such data in its connection with its customer relationships.

**RESPONSE TO TOPIC NO. 49**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic to the extent it seeks information that is completely irrelevant to Plaintiffs' claims or Google's defenses in this Action, specifically information regarding the function of Google's Auction Insight Reports, the measurement of such data across "different businesses," and the retention and use of such data in connection with "customer relationships."

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 50**

The processes and procedures to review, identify, flag, escalate, disapprove, approve, suspend, terminate, restrict, reinstate, or reactivate "████████████" or "████████████" accounts, as described in GOOG-CENG-00604643 and GOOG-CENG-00605191.  This includes, but is not limited to:

a.   Any automated systems or tools used,

b.   "████████,"

c.   "████████████,"

d.   "████████,"

e.   "████████,"

f.   "████████,"

g.   "████████████████████████████,"

h.   "████████████,"

i.   "████████,"

j.   "████████████,"

k.   "████████,"

l.   "████████."

**RESPONSE TO TOPIC NO. 50**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional

59

to the needs of this case, such as information regarding an unenumerated number of "processes and procedures" related to the treatment of "▮▮▮▮▮▮▮▮▮" or "▮▮▮▮▮▮▮▮▮" accounts. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 50. This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in Topic Nos. 25 and 26.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 51**

Google's awareness of the nature, extent, cause, trend, financial impact, impact on Shopping Ads Merchants, and impact on copyright owners and trademark owners, of the Ebooks Piracy occurring on Google Shopping; this includes Google's awareness of relevant market research, studies, surveys, reports and/or analyses.

**RESPONSE TO TOPIC NO. 51**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as highly generalized information regarding the impact of ebooks

60

piracy on Shopping Ads merchants and "copyright owners and trademark owners" whether or not such ebooks piracy or such entities bear any relationship to this Action.  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.  Google further objects to this Topic to the extent it seeks information that is a matter of public record, is available to Plaintiffs, or is already in Plaintiffs' possession, custody, or control, such as third-party analyses conducted on ebooks piracy.  Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in Topic Nos. 16, 48, 52, 59, and 60.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify about information or feedback Google received, if any, from Plaintiffs, their representatives or agents, or the Association of American Publishers regarding the high-level impact of the ebook ban, as reflected in GOOG-CENG-00000002, on their revenues.  Google will not otherwise produce a corporate witness in response to Topic 51.

**TOPIC NO. 52**

To the extent not addressed under Topic No. 59, Google's external communications regarding the Ebooks Ban and Ebooks Piracy during the period from January 2020 to present.  This includes, but is not limited to, Google's communications (including Google's in-house and outside counsel) with Plaintiffs, the Association of American Publishers, those authorized to distribute Plaintiffs' Ebooks, other copyright owners and trademark owners affected by the ebooks ban and Ebooks Piracy, and any representatives or agents of Plaintiffs (e.g., BCGuardian, Corsearch, Inc., Covington & Burling LLP).

**RESPONSE TO TOPIC NO. 52**

61

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding "other copyright owners and trademark owners affected by the Ebooks Ban and Ebooks Piracy." Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in Topic Nos. 16, 48, 51, 59, and 60.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify regarding the high-level information or feedback Google received from Plaintiffs, their representatives or agents, or the Association of American Publishers regarding ebook piracy on the Shopping platform and regarding the ebook ban, as reflected in GOOG-CENG-00000002. Google will not otherwise produce a corporate witness in response to Topic No. 52.

**TOPIC NO. 53**

The impact or effectiveness of any of antipiracy practices, procedures, or processes being applied to Google Shopping, including any DMCA Policy, Copyright Policy, or Trademark Policy, in stopping or slowing copyright or trademark infringement committed through using Google's services.

**RESPONSE TO TOPIC NO. 53**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad

and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding the impact or effectiveness of "*any* antipiracy practices, procedures, or processes" on "stopping or slowing copyright or trademark infringement," including infringement not related to the subject matter of this Action.  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.

Subject to and without waiving the foregoing objections, Google will present a witness to testify regarding Google's general efforts to combat ebook piracy on the Shopping platform.  Google will not otherwise produce a corporate witness in response to Topic No. 53.

**TOPIC NO. 54**

Google's policies, practices, procedures, or processes for its ███████████████████ ██████████████ , including the criteria a rightsholder should meet for inclusion in ████ ; whether and how ████ applies to or affects Google Shopping, Shopping Ads Merchants, and Shopping Ads; and Google's considerations and rationales underlying these policies, practices, procedures, or processes.

**RESPONSE TO TOPIC NO. 54**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.  Google further objects to this Topic as seeking information that completely irrelevant to Plaintiffs' claims or Google's defenses in this Action, specifically information regarding ████ , a program in which Plaintiffs took no part.  To

the extent the information sought by this Topic was ever relevant, it no longer is in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 55**

Google's policies, practices, procedures, or processes concerning the Ads Transparency Center or the "verification" of users, Merchant Center accounts, and Google Ads accounts, including as referenced in, e.g., GOOG-CENG-00380370, including:

a.  Whether, once the verification process is completed with respect to one domain, Ads account, or Merchant Center account, the "verification" can be applied to another domain, Ads account, or Merchant Center account;

b.  The data contained at GOOG-CENG-00419904, including the meaning of each data field/column header;

c.  The verification "badge" that appears at, e.g., Dkt. 419-1 at 3 ("Advertiser's identity verified by Google"), and the purpose of displaying that badge to Google users;

d.  The data contained in GOOG-CENG-00419911, including the meaning of all field names, the verification process to which the data relates, the time period to which the data relates, and how the verification changes if the information on which it is based changes.

**RESPONSE TO TOPIC NO. 55**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad

64

and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding an unenumerated number of "processes and procedures" related to the "Ads Transparency Center," "verification," "Merchant Center accounts," and "Google Ads accounts." Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 55. This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Google further specifically objects to sub-part (a) as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules because the Topic is incomprehensible as written.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify regarding subparts (b) and (c) of Topic No. 55, except that Google will not present a witness to testify regarding each data field names or heading column beyond what is relevant to understand this data in connection with this case. Google will not otherwise produce a corporate witness in response to this Topic.

**TOPIC NO. 56**

To the extent not covered by Topic No. 55, Google's "Business Operations Verification Process," including as described at https://www.youtube.com/watch?v=I6tB4bP5OzQ, and including the circumstances under which merchants or other Google accountholders are required or invited to

complete the process, and how the process relates to the verification reflected in GOOG-CENG-00419904.

**RESPONSE TO TOPIC NO. 56**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as generalized information regarding a "business operations verification process" that is irrelevant to Plaintiffs' claims or Google's defenses in this Action.  To the extent that the information sought by this Topic was ever relevant or proportional, it no longer is in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 57**

Google's handling of preliminary and permanent injunctions and other legal process from Plaintiffs in connection with the following actions, including Google's communications with the plaintiffs in those actions or their representatives; any action taken by Google concerning the defendants' use of Google services, including Google Shopping; whether the defendants' involvement in the actions were communicated to those involved in Google Shopping outside of the legal department; and whether Google took any action to ensure such defendants did not create new Merchant Center or Ads accounts:

a.   *Bedford, Freeman & Worth Publishing Group, LLC et al. v. Nguyen et al.*, No. 19-cv-10524-LAK (S.D.N.Y., filed Nov. 13, 2019);

b.   *Cengage Learning, Inc. et al. v. Nguyen et al.*, No. 20-cv-769-JGK (S.D.N.Y., filed Jan. 29, 2020);

c.   *McGraw Hill, LLC et al. v. Tran Van et al.*, No. 20-cv-6368-GHW (S.D.N.Y., filed Aug. 12, 2020);

d.   *Elsevier Inc. et al. v. Quttainah et al.*, No. 20-cv-8438-LLS (S.D.N.Y., filed Oct. 9, 2020);

e.   *Pearson Education, Inc., et al. v. Najji, et al.*, No. 21-cv-03486-RA (S.D.N.Y., filed Apr. 20, 2021);

f.   *Bedford, Freeman & Worth Publishing Group, LLC et al. v. English et al.*, No. 21-cv-6691-ER (S.D.N.Y., filed Aug. 9, 2021);

g.   *McGraw Hill LLC, et al. v. Nazaryan, et al.*, No. 23-cv-2798-LLC (S.D.N.Y., filed Apr. 4, 2023);

h.   *Cengage Learning, Inc. et al. v. Smith et al.*, No. 23-cv-7193-VM (S.D.N.Y., filed Sept. 18, 2023).

**RESPONSE TO TOPIC NO. 57**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.  Google further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege and work

67

product doctrine. Google further objects to this Topic to the extent it seeks information that is available to Plaintiffs or is already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 58**

The "Ebook Link," "Page Link," "PDF Link," and "Textbook Link" filters that Google provides to Shopping users. Dkt. 38 ¶ 58. This includes:

a.  How the filters come to be shown to a user (i.e., what causes the filter to appear and how Google's systems determine which filter to show);

b.  Whether and how Google considered the effect that the filters could have on Ebooks Piracy;

c.  Whether Google discontinued, suppressed, or otherwise stopped the appearance or use of these filters.

**RESPONSE TO TOPIC NO. 58**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as any information regarding four different "filters" provided to Shopping users. Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 58. This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Google further objects to this Topic

68

to the extent it seeks information that is duplicative and/or cumulative of the information sought in Topic No. 2.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify regarding the functionality of the Ebook Link and PDF Link features as they relate to ebook piracy, to the extent not already covered by the response to Topic No. 2. Google will not otherwise produce a corporate witness in response to Topic No. 58.

**TOPIC NO. 59**

The features and implementation of Google's Ebooks Ban, including:

a.   The development of the Ebooks Ban;

b.   The purpose of, and any rationale underlying, the Ebooks Ban;

c.   Google's assessment of the effectiveness the Ebooks Ban, and its impact on users affected by Ebooks Piracy;

d.   Google's assessment of the Ebooks Ban's financial impact on Google, and its financial impact on copyright-holders and trademark-holders (including Plaintiffs) affected by Ebooks Piracy;

e.   Google's communications with users concerning the Ebooks Ban;

f.   All processes, procedures, and tools used to enforce the Ebooks Ban, including automated and manual tools, including but not limited to "███████████" and "██████";
and

g.   Any increases in Ebooks Piracy following the Ebooks Ban.

**RESPONSE TO TOPIC NO. 59**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or

defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as a generalized request for the "features and implementation" of the ebook ban. Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 59. This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 16, 48, 51, 52, and 60.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify regarding:

     a. The high-level rationale for Google's decision to prohibit ebooks and digital books on Shopping beginning on May 18, 2021;

     b. The high-level information or feedback Google received from Plaintiffs, their representatives or agents, or the Association of American Publishers regarding ebook piracy on the Shopping platform and regarding the ebook ban, as reflected in GOOG-CENG-00000002, to the extent not already covered in response to Topic No. 52;

     c. Google's implementation of its ebook ban, as reflected in GOOG-CENG-00000002, including high-level information about Google's efforts to check that ebooks were removed from the Shopping platform after the date of the ebook exit on May 18, 2021.

For the avoidance of doubt, Google will not produce a corporate witness to testify regarding subpart (d) beyond the scope of what Google has agreed to provide in response to Topic Nos. 48 and 51. Google will not produce a corporate witness to testify regarding subparts (e), (f), and (g), except to the extent covered by the scope described in Google's response.

70

**TOPIC NO. 60**

Google's policies, plans, or attempts to allow Paid Ads for digital books or Ebooks products after the implementation of the Ebooks Ban, and any reasoning for why and how each of these policies, plans, or attempts were modified, deprioritized, or cancelled. This includes, but is not limited to:

a.    The plan to ███████████████████████████████", as described in GOOG-CENG-00426568 at -6569;

b.    The "███████████" project; and

c.    The ██████████, including Google's decision not to allow Plaintiffs to participate in the ██████████.

**RESPONSE TO TOPIC NO. 60**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as a generalized request for all information regarding "policies, plans, or attempts" to allow for advertising after implementation of the ebooks ban and the "reasoning" behind them. Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 60. This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in other Topics, including without limitation Topic Nos. 16, 48, 51, 52, and 59. Finally, Google objects

71

to sub-part (c) to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to Topic No. 60.

**TOPIC NO. 61**

Google's enforcement against fraud and piracy on Google Shopping, including Google's "████████" working group and Google's enforcement efforts against fraud and piracy in light of the Ebooks Ban.  *See* GOOG-CENG-00474324 at -4328 ("



").

**RESPONSE TO TOPIC NO. 61**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information about Google's general enforcement against fraud across all of Google Shopping.  Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in Topic Nos. 1, 8, and 60.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify regarding Google's high-level efforts to enforce against fraud and piracy in connection with the ebook ban, as reflected in GOOG-CENG-00000002, on the Shopping platform.  For the avoidance of doubt, Google will not produce a witness to testify specifically about the ██████ working group described in GOOG-CENG-00474324 at -4328, except to the extent

covered by the scope described in Google's response.  Google will not otherwise produce a corporate witness in response to Topic No. 61.

**TOPIC NO. 62**

The tools, databases, and email distribution lists or "listservs" used by Google employees or any third-party vendor personnel to communicate about issues relevant to this case, including any written or unwritten policy, practice, manual, guidance, or procedure concerning the use of these tools and the functionalities and lists of participants in each listserv.  The tools include, but are not necessarily limited to, emails, Google Chat messages, text messages, Google Hangouts, Google Talk,



, and the Buganizer.  The listservs include, but are not necessarily limited to,

shopping-dmca@google.com; lrmonetized@google.com;

For purposes of this Topic, issues relevant to this case include (i) Ebooks Piracy; (ii) Infringement Notices; (iii) whether to apply account restriction, suspend, terminate, reinstate or reactivate a Merchant Center account or other accounts associated with a given individual or entity; (iv) and the formulation, review, implementation, and assessment of any DMCA Policy.

**RESPONSE TO TOPIC NO. 62**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or

defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as impermissible discovery on discovery related to tools, databases, and email distribution lists used to communicate about "issues relevant to this case." Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 63**

Google's document retention policies effective during the period of January 2020 through March 2025, including with respect to any communications, data/databases, documents, tools, and listservs pertinent to this case. This includes:

 a. The circumstances under which data showing the ads that a merchant initiated will be deleted. *See, e.g.*, 25.07.08 Latham Email ▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ ; 25.06.19 Latham Email; 25.05.07 Latham Email;

 b. The circumstances under which merchant account data (including records of which Merchant Center accounts were associated with which domains) will be deleted; and

 c. Whether any Merchant Center account data or Ads account data was retained or placed on a litigation hold in connection with this Action.

**RESPONSE TO TOPIC NO. 63**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and

74

unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as impermissible discovery on discovery" related to Google's document and data retention policies and litigation holds.  Google further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.  Moreover, the subject of Topic No. 63 seeks information that is completely irrelevant to Plaintiffs' claims or Google's defenses in this Action.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 64**

Google's actions to preserve documents and communications in connection with this case. This includes, but is not limited to, all data, documents, and communications including custodial documents, emails, Google Chat messages, text messages, Google Hangouts, Google Talk, ███ ████████████████████████████████████████████████████ ███████████████████████, and the Buganizer.

**RESPONSE TO TOPIC NO. 64**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as impermissible discovery on discovery related to Google's document and data preservation efforts.  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2)

75

Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege and work product doctrine. Moreover, the subject of Topic No. 64 seeks information that is completely irrelevant to Plaintiffs' claims or Google's defenses in this Action.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 65**

The capabilities of, and information hosted within, the tools and databases used by Google employees or third-party vendors in addressing Ebooks Piracy and/or in implementing any DMCA Policy, including tools known as Buganizer, ███████████████████████ ██████ (*see, e.g.*, GOOG-CENG-00442493), ████████████████████████ as mentioned in Google's DMCA Policy or any other relevant ███, including Google's claims concerning the Buganizer's search capabilities in Dkt. 177 (Declaration of Andre Golueke).

**RESPONSE TO TOPIC NO. 65**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information related to tools that were not used, or not used primarily, to combat infringement. Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to this Topic to the extent it seeks information that is not within Google's possession, custody, or control,

76

such as information related to the tools and databases used by third-party vendors.  Google further objects to Topic No. 65 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.  Specifically, the Topic fails to define what it means by "capabilities," "information hosted within," and "any other relevant ███  Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in Topic No. 31.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 66**

The process Google deployed to generate the 300 domains referenced at Dkt. 472 ¶ 5, including how these domains were selected, any sampling protocols utilized, and any validation or quality-control procedures deployed.

**RESPONSE TO TOPIC NO. 66**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic as seeking impermissible discovery on discovery.  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), (2) Google's withdrawal of its DMCA safe harbor defense, *see* Dkt. 854, and (3) the Court's order vacating the sampling order at Dkt. 472, *see* Dkt. 851.  Finally, Google objects to this Topic to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing Objections, Google will not produce a corporate witness in response to Topic No. 66.

**TOPIC NO. 67**

Google's policies, practices, procedures, or processes, and the implementation of such policies, practices, procedures, or processes, for receiving, responding to, or otherwise taking action upon notices of trademark infringement in relation to Shopping Ads, including:

a.  Any version of Google's Trademark Policy, including the policies described in GOOG-CENG-00000372, GOOG-CENG-00410132 at -0139 and GOOG-CENG-00423654 at -3662;

b.  Any policies, practices, procedures, or processes, and the implementation of such policies practices, procedures, or processes, concerning notices of trademark infringement in relation to Shopping Ads advertising digital books or Ebooks products;

c.  To the extent not covered by subpart (a), any version of the policy concerning Counterfeit Goods, including the policies described in GOOG-CENG-00404590 and GOOG-CENG-00409970;

d.  Any "proactive" measures implemented by Google as referenced in GOOG-CENG-00404590 at -4592 ("█████████████"), GOOG-CENG-00409388 at -9394–5 ("████████████████████████████████████"), GOOG-CENG-00409892 at -9919 ██████████████") and GOOG-CENG-00409780 at -9782 ████████████████████████ in relation to any Trademark Policy;

e.  Any policies, practices, procedures, or processes, and the implementation of such policies practices, procedures, or processes, whereby Google claims to ████████ ███████████████████████████████████," which Google claims to have "██████████████████████████████ ████████," as stated in GOOG-CENG-00409388 at -9394–5;

f.  Google's understanding of the effectiveness of the policies, practices, procedures, or processes and their implementation described in subparts (a)–(e) above, and Google's basis for such understanding;

g.  "███  ███████  ████████  ███████  and  ████████  ██████  as part of the implementation of any Trademark Policy, as referenced in GOOG-CENG-00409780 at -9782;

h.  The description and role of all Google's personnel (including in-house counsel) involved in implementing any aspect of any Trademark Policy, and their communications and interactions with Google's personnel handling copyright Infringement Notices;

i.  Google's practices for communicating with the subjects of trademark infringement notices;

j.  Any policies, practices, procedures, or processes for suspending, terminating, or otherwise taking action upon the accounts of Shopping Ads Merchants for repeated violations of any Trademark Policy;

k.  Whether any of the 1,500 Pirate Websites were the subject of trademark infringement notices; and

l.  Whether Google reviewed, considered, or evaluated any of the Plaintiffs' trademarks, including the rights, authorizations, and permissions (or lack thereof) associated with those trademarks, including those identified on Amended Exhibit B to the Amended Complaint (Dkt. 120-2).

**RESPONSE TO TOPIC NO. 67**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic as seeking information that is irrelevant

79

to Plaintiffs' claims or Google's defenses in this Action. Google further objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that the Topic's sub-parts comprise thirteen distinct Topics, rather than incremental pieces of one Topic. To that end, the overbreadth, burdensome, and compound nature of this Topic makes it impossible to reasonably prepare a witness to address the Topic as noticed. Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 67. This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Google further objects to this Topic as duplicative and/or cumulative of other Topics, including without limitation Topic No. 1.

Subject to and without waiving the foregoing General or Specific Objections, Google will present a witness to testify generally regarding (i) Google's implementation of its trademark and counterfeit policies for Shopping, as reflected at GOOG-CENG-00000372 and GOOG-CENG-00000074; (ii) to the extent not covered in response to Topic No. 1, the persons at Google who had primary responsibility for implementing Google's trademark and counterfeit policies; and (iii) whether Google received any trademark infringement notices regarding Plaintiffs' marks as identified in Dkt. 38-2, and generally, how Google processes those notices. Google will not otherwise produce a corporate witness in response to Topic No. 67.

**TOPIC NO. 68**

The images that appear in Shopping Ads, including product images, trademark(ed) images, or trademarked text within an image, including:

    a.    The source of such images, including from a link or photo provided by the merchant, or otherwise;

b.  Google's retrieval of such images; How such images come to be applied to or appear in Shopping Ads;

c.  Google's claim that "the *Pirate Sellers* reproduce and apply the marks in the images and information that they provide to Google for purposes of the advertisements," Dkt. 44 at 22;

d.  Any reviews, checks, or screening Google performs with respect to such images, including to determine that an image is suitable for a Shopping Ad;

e.  Any adjustments Google makes to the image, including "experiment[ing] with the best display options for the format" and employing the "automatic cropping" of images "to focus more on the product," as described in What makes up a Shopping ad, https://support.google.com/googleads/answer/6275294 (last visited on January 30, 2026).

**RESPONSE TO TOPIC NO. 68**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case, such as information regarding "images that appear in Shopping Ads" without regard to whether such images relate to this Action or an Asserted Work or Mark.  Further, the Topic's sub-parts are exemplary only and, as drafted, do not limit or narrow the scope of the broad topic first set forth in Topic No. 68.  This renders the Topic vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.  Google further objects to this Topic to the extent it seeks information that is duplicative and/or cumulative of the information sought in Topic No. 40.

81

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness to testify regarding Topic No. 68 beyond the scope of what Google has agreed to provide in response to Topic No. 40 regarding the process by which a Shopping Ad is created.

**TOPIC NO. 69**

The extent to which adverse actions Google takes against a merchant for violating Google's Trademark Policy are considered in deciding whether to suspend a merchant for copyright infringement.

**RESPONSE TO TOPIC NO. 69**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions.  Google further objects to Topic No. 69 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules.  Specifically, the Topic fails to define what it means by "adverse actions."  Google further objects to this Topic as seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854. Google further objects to this Topic to the extent it is duplicative and/or cumulative of other Topics, including without limitation Topic Nos. 5, 6, and 10.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 70**

The purpose and functionalities of, and all the ways in which Google uses, Google's internal tool referenced as "█████████████" in GOOG-CENG-00412515 at -2515 described as a tool

"███████████████████████████████████████████████", *id.*,

and/or Google's internal tool referenced as ████████████████" in GOOG- CENG-00412589

at –2590, if and to the extent different from "████████████" referenced in GOOG-CENG-

00412515 at -2515, in connection with the implementation of any Trademark Policy or DMCA

Policy.

**RESPONSE TO TOPIC NO. 70**

Google incorporates by reference each of its General Objections and each of its Objections

to Definitions and Instructions.  Google further objects to this Topic to the extent it seeks information

that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability

after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026),

and (2) Google's withdrawal of its DMCA safe harbor defense.  *See* Dkt. 854.  Google further objects

to Topic No. 70 as vague, ambiguous, and unduly burdensome because it does not describe with

"reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal

Rules.  Specifically, the Topic fails to define what it means by "purpose and functionalities."

Subject to and without waiving the foregoing General or Specific Objections, Google will not

produce a corporate witness to testify to this Topic beyond the scope of what Google has agreed to

provide in response to Topic No. 67 regarding Google's implementation of its trademark and

counterfeit policies for Shopping and its efforts to combat trademark infringement on the Shopping

platform specifically related to ebooks.

**TOPIC NO. 71**

The factual bases for Google's Responses and Objections to Plaintiffs' Interrogatories.

**RESPONSE TO TOPIC NO. 71**

Google incorporates by reference each of its General Objections and each of its Objections

to Definitions and Instructions.  Google further objects to this Topic to the extent it seeks information

that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense. *See* Dkt. 854. Google further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Google will present a witness to testify generally regarding the factual bases for Google's responses to Plaintiffs' Interrogatories. Google will not otherwise produce a corporate witness in response to Topic No. 71.

**TOPIC NO. 72**

The factual bases for defenses Google as asserted or intends to assert in this Action, including the affirmative defenses asserted in Google's Answer (Dkt. 116).

**RESPONSE TO TOPIC NO. 72**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is duplicative and/or cumulative of the information sought in Plaintiffs' seventy-two other Topics, not including sub-parts, a multitude of which purport to seek precisely the same information regarding Google's defenses and affirmative defenses in a more specific form. To that end, Google further objects to Topic No. 72 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to identify with any specificity the defenses or affirmative defenses for which Plaintiffs seek further information. Google further objects to this Topic as seeking irrelevant information because it refers to a non-operative pleading. *See* Dkt. 854. Google further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.

84

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

**TOPIC NO. 73**

The factual bases for Google's factual allegations and statements in its Answer.

**RESPONSE TO TOPIC NO. 73**

Google incorporates by reference each of its General Objections and each of its Objections to Definitions and Instructions. Google objects to this Topic on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information that is duplicative and/or cumulative of the information sought in Plaintiffs' seventy-two other Topics, not including sub-parts, a multitude of which purport to seek precisely the same information regarding Google's factual allegations and statements in its Answer in a more specific form. To that end, Google further objects to Topic No. 73 as vague, ambiguous, and unduly burdensome because it does not describe with "reasonable particularity the matters for examination" as required by Rule 30(b)(6) of the Federal Rules. Specifically, the Topic fails to identify with any specificity the allegations or statements for which Plaintiffs seek further information. Google further objects to this Topic as seeking irrelevant information because it refers to a non-operative pleading. *See* Dkt. 854. Google further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing General or Specific Objections, Google will not produce a corporate witness in response to this Topic.

Dated: April 21, 2026
     New York, NY

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarang Vijay Damle
Sarah A. Tomkowiak (*pro hac vice*)
Holly K. Victorson (*pro hac vice*)
Laura E. Bladow (*pro hac vice*)
Sara E. Sampoli (*pro hac vice*)
Roberto J. Borgert (*pro hac vice*)
Brent T. Murphy (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: sy.damle@lw.com
     sarah.tomkowiak@lw.com
     holly.victorson@lw.com
     laura.bladow@lw.com
     sara.sampoli@lw.com
     roberto.borgert@lw.com

Allison L. Stillman
Caroline F. Clarke *(pro hac vice)*
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: alli.stillman@lw.com

Joseph R. Wetzel
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: joe.wetzel@lw.com

*Attorneys for Defendant Google LLC*

86

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Responses and Objections to Plaintiffs' Rule 30(b)(6) Notice of Deposition to Defendant was served via Electronic Mail upon all counsel of record.

Dated:  April 21, 2026

　　　　　　　　　　　　　　　　　　　　　　 _/s/ Sara E. Sampoli_ 　　　　　
　　　　　　　　　　　　　　　　　　　　　　 Sara E. Sampoli