**Sy Damle**
Direct Dial: +1.202.637.3332
sy.damle@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

## LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

June 5, 2026

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

> Re: *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> Notice of Supplemental Authority in Support of Google's Motion for Judgment on the Pleadings

Dear Judge Rochon:

We represent Defendant Google LLC in the above-captioned matter.  We write to notify the Court of the Supreme Court's decision in *Hikma Pharmaceuticals USA, Inc. v. Amarin Pharma, Inc.*, No. 24-889, 2026 WL 1593307 (U.S. June 4, 2026), which provides further support for Google's pending motion for judgment on the pleadings on Plaintiffs' contributory copyright infringement claim.  A copy of the decision is attached as Exhibit 1.

In *Hikma*, the Supreme Court considered the factual allegations necessary to state a claim at the pleading stage of inducement of patent infringement under 35 U.S.C. § 271(b).  Slip op. at 1.  In doing so, the Court relied extensively on inducement cases from the copyright context, including its recent decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026).  Citing its copyright decision in *Grokster*, for example, the Court explained that pleading inducement under the patent statute requires allegations "that the inducer took 'active steps to encourage direct infringement.'"  *Id.* at 8 (alteration omitted) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005)).  As the Court emphasized:

> Most fundamentally, "inducement must involve the taking of affirmative," as opposed to passive, "steps to bring about the desired result" of patent infringement.  *Global-Tech* [*Appliances, Inc. v. SEB S.A.*], 563 U.S.[ 754,] 760 [(2011)]; see also *Grokster*, 545 U.S., at 935 (requiring "statements or actions directed to promoting infringement"); *Cox Communications*, 607 U.S., at __ (slip op., at 9) (citing lack of "evidence of express promotion or marketing" as a reason for no liability (internal quotation marks omitted)).

*Id.*  In support of its argument that it had adequately alleged an inducement claim based on generic drug manufacturers' statements in advertising and promoting their drugs, the plaintiff there (like

LATHAM&WATKINS LLP

Plaintiffs here) pointed to *Grokster*, where the Supreme Court "described 'the classic instance of inducement' as an 'advertisement or solicitation that broadcasts a message designed to stimulate others to commit violations.'" *Id.* at 9 (alteration omitted) (quoting *Grokster*, 545 U.S. at 937). "But," as the Supreme Court observed, "statements *designed* to stimulate others form a narrower category than statements that *could* stimulate others." *Id.* "And in *Grokster*, the defendants' statements fit into that narrower class" because one defendant "sent users a newsletter promoting its ability to provide particular, popular copyrighted materials" and another targeted "users of Napster, another notorious file-sharing service," with "ads urging the adoption of its … program." *Id.* at 9-10 (quoting *Grokster*, 545 U.S. at 937). Given those "overt efforts to 'entice or persuade another' to engage in copyright infringement," the plaintiffs in *Grokster* "overcame the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use." *Id.* at 10 (quoting *Grokster*, 545 U.S. at 935-36). To be sure, the Court also noted that a "defendant can achieve active inducement through implicit encouragement," "[b]ut implicit or explicit, the necessary inducement must be 'clear' to the relevant audience and 'affirmative.'" *Id.* (quoting *Grokster*, 545 U.S. at 937).

Applying those principles to the allegations in *Hikma*, the Supreme Court concluded that the plaintiff failed to allege active inducement. Unlike in *Grokster*, there were no "plausible" allegations that the defendant "'designed' [its] statements 'to stimulate others to commit' infringement." *Id.* at 13 (quoting *Grokster*, 545 U.S. at 937). And the Court rejected the plaintiff's attempt to rely on the defendant's alleged failure to correct possible misimpressions that doctors might have had that they should prescribe the defendant's drug for infringing uses. As the Court explained, a plaintiff cannot "rely on 'mere omissions, inactions, or nonfeasance' to allege active inducement." *Id.* at 11 (quoting *Twitter Inc. v. Taamneh*, 598 U.S. 471, 489 (2023)). Instead, the Court stressed, "we look for *affirmative* 'statements or actions'" to encourage infringement lest "ordinary merchants … become liable for any misuse of their goods and services, no matter how attenuated their relationship with the wrongdoer." *Id.* at 12 (quoting *Twitter*, 598 U.S. at 489).

The Supreme Court's decision in *Hikma* further supports Google's motion for judgment on the pleadings on Plaintiffs' contributory infringement claim for at least two reasons.

First, that decision underscores that pleading inducement requires allegations that the defendant engaged in "the taking of *affirmative*, as opposed to *passive*, steps to bring about the desired result of [copyright] infringement." *Id.* at 8 (emphasis added) (quoting *Glob.-Tech*, 563 U.S. at 760). As a result, when a plaintiff wishes to rely on advertising to support an inducement claim, it must demonstrate that the *defendant's own* statements were "*designed* to stimulate others" to commit infringement. *Id.* at 9. Here, Plaintiffs have *no* allegations that Google "*designed*" any advertising "to stimulate others to commit [infringement]." *Id.* (quoting *Grokster*, 545 U.S. at 937). At most, Plaintiffs have alleged that Google *failed to remove* advertisements created and run by *third-party merchants* for allegedly infringing textbooks from Google's advertising platform. But *Hikma* makes clear such allegations about Google's purported failure to act do not plead inducement, because a plaintiff "may not rely on 'mere omissions, inactions, or nonfeasance' to allege active inducement," but rather must allege "*affirmative* 'statements or actions.'" *Id.* at 11-12 (first quoting *Twitter*, 598 U.S. at 489; then quoting *Grokster*, 545 U.S. at 935). Plaintiffs' allegations therefore do not plead an inducement claim against Google.

**LATHAM&WATKINS**LLP

Second, *Hikma* makes clear that, contrary to Plaintiffs' assertion in their opposition, this Court can resolve Plaintiffs' inducement claim on the pleadings. *Hikma* was an appeal from a motion to dismiss. It merely "require[d] [the Court] to apply the[] familiar pleading standards" from *Twombly* and *Iqbal*. *Id.* at 8. Here, as in *Hikma*, Plaintiffs' "allegations, whether viewed together or separately, fail to establish that [Google] took any affirmative steps to encourage infringement." *Id.* at 10. As *Hikma* underscores, the Court can and should dismiss Plaintiffs' contributory infringement claim now.

Respectfully,

*/s/ Sarang Vijay Damle*
Sarang Vijay Damle
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)