**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

## LATHAM&WATKINS LLP

June 5, 2026

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

<u>VIA ECF</u>

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Reply in Support of Google's Letter Motion for Pre-Motion Discovery
> Conference Regarding Motion to Compel Plaintiffs to Respond to Google's
> Interrogatory No. 16</u>

Dear Judge Moses:

Plaintiffs do not dispute that the information Google seeks through Interrogatory 16 is relevant to Plaintiffs' claim for statutory damages.  Plaintiffs have not disclaimed statutory damages; indeed, they have repeatedly described this as a "billion-dollar case" based on the potential statutory damages award.  Despite acknowledging the relevance of Google's requested discovery, Plaintiffs fail to articulate any specific burden that responding to this interrogatory would impose that would be disproportionate to the needs of this case.  Plaintiffs hinge their Opposition on the assertion that Google's interrogatory is improper because it is seeking "legal conclusions," as opposed to an application of the law to the facts.  Dkt. 978 ("Opp.") at 1-2.  But the interrogatory by its terms does not seek legal conclusions or analysis; it narrowly asks which Asserted Works are "derivative" of other Asserted Works.  At most, this requires application of law (i.e., whether a work was "based upon" another work, 17 U.S.C. § 101) to facts that are uniquely in the possession of the Plaintiffs (i.e., the process by which the Asserted Works were created).  There is nothing improper about such an interrogatory.  To the extent Plaintiffs complain that this investigation would be challenging due to the number of works in suit, that is simply a function of the number of works that Plaintiffs have asserted.  Given the uncontested relevance of the interrogatory, lack of undue burden, and Plaintiffs' exclusive ability to provide the information sought, the Court should order Plaintiffs to respond to Google's Interrogatory 16.

## ARGUMENT

### 1.  **Interrogatory 16 is proper because it does not seek pure legal conclusions.**

Plaintiffs argue that because the Copyright Act includes a legal definition of "derivative work," Interrogatory 16 is asking Plaintiffs to "verify the answer to the ultimate legal question" and is thus "improper."  Opp. at 1-2.  Not so.

LATHAM&WATKINS LLP

Asking Plaintiffs to identify which of their Asserted Works are "derivative" of other Asserted Works is not a pure legal question.  It is one that, at most, requires Plaintiffs to apply established law to the facts that they, and only they, know.  This is necessary for Google, and the fact finder, to understand which sets of works Plaintiffs believe provide the basis for separate awards (up to $150,000) of statutory damages.  Dkt. 958 ("Mot.") at 2.  Even outside the context of contention interrogatories, courts permit interrogatories that call for legal or factual opinions or conclusions if "the information obtained could lead to relevant evidence" or "the issues could be narrowed" through the responses obtained.  *Empire Sci. Corp. v. Pickering & Co.*, 44 F.R.D. 5, 6 (E.D.N.Y. 1968) (collecting cases); *see also Anderson v. United Air Lines, Inc*., 49 F.R.D. 144, 148 (S.D.N.Y. 1969) ("[I]nterrogatories are not objectionable merely because they seek to elicit opinions or conclusions.").  And Courts have overruled objections to interrogatories seeking precisely the information Google seeks here.  *Empire*, 44 F.R.D. at 7 (compelling party to respond to interrogatories seeking to identify whether elements of a patent at issue are incorporated in a prior patent).

Plaintiffs' conclusory assertion that the interrogatory "does not ask for an 'opinion or contention that relates to fact or the application of fact,'" Opp. at 2, cannot be credited, especially in light of their admission that responding to the interrogatory would require exactly that kind of factual investigation: "analyze thousands of works" to determine which Asserted Works fit, in Plaintiffs' opinion, into the legal definition of a "derivative work" under the Copyright Act.  Opp. at 1.

*Standard Microsystems Corp. v. American Micro-Systems, Inc*., remains on point.  Plaintiffs attempt to distinguish this authority by misleadingly citing the court's characterization of two of the seven interrogatories at issue as seeking factual information.  Opp. at 2.  But there, the court found that *all seven* interrogatories, including those that asked for an application of the law, were proper because the information sought was relevant and would "aid in narrowing the issues."  *Standard Microsystems Corp. v. Am. Micro-Sys., Inc*., 1974 WL 20254, at *1 (S.D.N.Y. Nov. 20, 1974).  And Plaintiffs' cited case misses the mark.  Unlike in *Berwin & Co. v. Evergreen Entertainment Group, Inc.*, where the interrogatory at issue asked the responding party to identify under what law their conduct was permitted, Google is not seeking an "evaluation of law" that it is "in as good a position as the plaintiff to perform."  1994 WL 185687, at *2 (S.D.N.Y. May 12, 1994).  Rather, Google is asking Plaintiffs, at most, to apply a legal definition to facts that are uniquely within Plaintiffs' knowledge—which Asserted Works were derived from other Asserted Works.  This information is critical to identifying which works Plaintiffs believe provide the basis for separate awards of statutory damages.[1]

---

[1] Plaintiffs also assert that Interrogatory 16 is a premature contention interrogatory because it was served before the close of fact discovery and prior to any Plaintiff being deposed.  Opp. at 2.  This argument is moot.  Parties have now conducted many fact depositions and the current fact discovery deadline is less than a month away.  The time for this discovery is now.

LATHAM&WATKINS LLP

### 2. The information sought by Interrogatory 16 is relevant and uniquely known to Plaintiffs.

Plaintiffs do not dispute that the information sought by Interrogatory 16 is relevant to Plaintiffs' claim for damages. Mot. at 2; Opp. at 3. Plaintiffs do not disclaim statutory damages, only that they have yet to elect them. Opp. at 1. Nor do Plaintiffs assert that each of the 7,359 Asserted Works Plaintiffs put at issue warrants a separate award of statutory damages. Opp. at 1. Instead, Plaintiffs argue that Google "has no need for the requested discovery" because it already "has the information it needs" to "conduct its own legal analysis." Opp. at 3. Not true.

As detailed in the Motion, Google can draw some *assumptions* about which sets of works Plaintiffs may believe provide a basis for separate awards of statutory damages based on discovery to date. Mot. at 2-3. For instance, for the 3,282 Asserted Works that share a publisher and a title with at least one other Asserted Work, there is reason for Google to *believe* that one of the works is based on the other. But Google does not know, as a factual matter, whether a work that shares a title with another work is actually based on that work with the same name, particularly where works share generic titles like "Economics." In other words, absent a response to Interrogatory 16, Google has no way to confirm if its assumptions are accurate. *Id.*

And, through the testimony of authors like Dr. Flynn and Dr. Bernstein, Google knows that there are additional derivative works that Google cannot identify based on its assumptions alone. *See id.* at 3. But Google cannot depose all 4,000+ authors of the Asserted Works. Moreover, Plaintiffs apparently disagree with the conclusions Google drew from Dr. Flynn and Dr. Bernstein's depositions (though they do not explain on what their disagreement is based or otherwise respond to this argument). *See* Opp. at 3. Google thus does not have "the information it needs" to determine the number of derivative works among the 7,359 Asserted Works.

Plaintiffs' Opposition ignores that Google isn't asking Plaintiffs to regurgitate information from documents already produced in discovery. *Compare* Mot. at 4, *with* Opp. at 1. Nor do Plaintiffs dispute that the facts to which Google is asking Plaintiffs to apply the law are ones that only Plaintiffs, as "the publishers of the Asserted Works with control over the development, publication, and registration of these Works" should possess. Mot. at 4. It should be trivial for Plaintiffs to look at the Asserted Works themselves—or speak to their authors—and confirm one way or the other which ones are derivatives. There is no basis for Plaintiffs' refusal to do that bare minimum.

Although Plaintiffs are entitled to elect statutory damages at any time before the Court enters final judgment, their claim that they have "not yet made an election under 17 U.S.C. § 504(c)," Opp. at 1, rings hollow. Plaintiffs themselves have repeatedly invoked the prospect of "more than $1 billion" in statutory damages as a basis for seeking far-reaching discovery. *See, e.g.*, Dkt. 914 at 2 (arguing certain depositions are "essential" because the case "carries statutory damages of more than $1 billion"); *see also* Dkt. 829, Hr'g Tr. at 36:18–21 (Apr. 7, 2026); Dkt. 763, Hr'g Tr. at 102:6–14 (Mar. 10, 2026). Just this week Plaintiffs moved to compel extensive corporate testimony under Rule 30(b)(6) based in part on their purported need for evidence going to the statutory damages factors. Dkt. 983 at 2 (reciting statutory damages factors and arguing that testimony on Google's revenue is necessary "so the jury can assess how much of an award is

LATHAM&WATKINS LLP

needed to deter Google from infringing again"). Statutory damages are already part of this case; Plaintiffs should not be permitted to invoke them as a sword for wide-ranging discovery while simultaneously hedging against electing them to shield which sets of works Plaintiffs believe provide the basis for separate awards of statutory damages–which may amount to less than a maximum of "$1 billion."

### 3. Plaintiffs have not articulated any burden.

Plaintiffs' Opposition does not identify any burden (or even use the word "burden" or "burdensome"). The most Plaintiffs say is that "Plaintiffs would have to engage in a lengthy analysis to compare the thousands of works that Google infringed." Opp. at 2. This makes no sense and is fatal to Plaintiffs' opposition.

The underlying facts to which Interrogatory 16 asks Plaintiffs to apply the law are ones related to the creation of the works. There is no need for any sort of comparison; Plaintiffs should know, based on their own creation of those works, whether the works were derived from other works. Presumably, Plaintiffs, as the leading textbook publishers in the industry, maintain records from which they could easily identify related works. For instance, it should be trivial to answer that "Edition 2" of a textbook is derived from "Edition 1" of that textbook. Even beyond that, if it is true—as one of the authors of several of the works testified (Mot. at 3)—that a Plaintiff publisher, as a matter of historical fact, started with a single pre-existing work and split it into multiple further works, the Plaintiff publisher should possess that knowledge. That is the application of law to fact that Google seeks from *Plaintiffs*, not their "counsel's legal analysis." Opp. at 3.

To the extent that Plaintiffs argue the number of Asserted Works makes responding to this interrogatory a "lengthy" process, Plaintiffs chose to bring claims of contributory infringement against Google based on 7,359 Asserted Works. Mot. at 3-4. This dispute is similar to Google's motion to compel Plaintiffs to identify which screenshots evidence infringement on a work-by-work basis. As in that dispute, Plaintiffs are refusing to provide information foundational to their claims on a work-by-work basis. And, just as the Court did previously, the Court should require Plaintiffs to provide Google with the information it seeks. Dkt. 217 at 2-3. To the extent Plaintiffs' refusal to respond is because doing so requires an analysis they have yet to perform, Plaintiffs should nonetheless be required to "provide the best answer they can based upon current information in their possession" and "supplement their interrogatory response as new information" comes into their possession. *Peerless Network, Inc., v. AT&T Corp.*, 2022 WL 3700141, at *4 (S.D.N.Y. Aug. 26, 2022).

### CONCLUSION

The Federal Rules permit Google to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Given the potential total statutory damages at issue (up to $150,000 per work for willful infringement), the fact that the information needed to determine which Asserted Works are derivative of other Asserted Works is uniquely known to Plaintiffs, and the failure of Plaintiffs to

**LATHAM&WATKINS**LLP

articulate any specific burden or expense, the Court should order Plaintiffs to respond to Interrogatory 16. *Id.*

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)