USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __06/08/26__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING INC., et al.,

        Plaintiffs,

    -against-

GOOGLE LLC,

        Defendant.

24-CV-4274 (JLR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during the June 8, 2026 discovery conference:

**Discovery Motions**

1.     Plaintiffs' April 27, 2026 motion for *in camera* review of three clawed-back documents (Dkt. 871) is GRANTED IN PART AND DENIED IN PART, as follows: The Court has reviewed the challenged documents *in camera*, as requested. The Court finds those documents to have been properly clawed back because they are protected by the attorney-client privilege and/or the work product doctrine, as asserted by defendant.

2.     Defendant's April 30, 2026 motion to modify deposition limits and impose time limitations on Rule 30(b)(6) depositions (Dkt. 874) is GRANTED IN PART and DENIED IN PART, as follows:

    a.     On a going-forward basis, the parties may obtain a maximum of nine (9) hours of deposition testimony from each deponent who testifies as both a percipient fact witness and as a Rule 30(b)(6) organizational witness (a Dual Witness). The per-side time cap for Dual Witness testimony is therefore 9 hours multiplied by the total number of Dual Witnesses examined by the plaintiffs (collectively) or by the defendant. As long as that cap is observed, the examining party may allocate time as it wishes among the Dual

Witnesses it examines. For example, if plaintiffs choose to examine Dual Witness X for only 7 hours, they may, if they wish, examine Dual Witness Y for up to 11 hours – or, alternatively, examine Dual Witness X for 10 hours and Dual Witness Y for 10 hours.

b.      If any one Dual Witness is asked to testify for more than 8.5 hours, that Dual Witness is entitled to spread the deposition across two days.

c.      For planning purposes, and to avoid unnecessary inconvenience, the examining party must, at least three days prior to commencing a Dual Witness deposition, provide a good-faith estimate of the amount of time they expect to examine that Dual Witness.

d.      During a Dual Witness deposition, it shall he understood that the witness is testifying in his or her capacity as a Rule 30(b)(6) designee, unless the examiner, the witness, or the defending attorney makes it clear on the record that information is being sought or provided in the witness's personal capacity.

### Sealing Motions

3.      No later than **June 15, 2026**, defendant must file a letter informing the Court whether it is prepared to remove its redactions concealing the identities of certain employees, third-party vendors, and vendor employees, and – if so – submit an updated, less-redacted version of each relevant filing.

### Upcoming Conference

4.      The next discovery conference will take place on **June 18, 2026**, at **9:00 a.m.** Unless the Court orders otherwise, the parties should be prepared to discuss (i) defendant's motion to compel plaintiffs' document retention policies (Dkt. 926);

2

and (ii) defendant's motion to compel plaintiffs to respond to Interrogatory No. 16 (Dkt. 958). No later than **June 16, 2026**, the parties must submit a joint letter advising the Court as to the status of fact discovery and providing any updates relevant to their outstanding discovery disputes.

The Clerk of Court is respectfully requested to close the motions at Dkts. 871 and 874.

Dated:  New York, New York
       June 8, 2026

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

3