**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

June 10, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Letter Motion to Seal Exhibits A and B to Defendant's Response to Plaintiffs'</u>
> <u>Letter Motion for Discovery Conference (Dkt. 983)</u>

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Google submits this letter motion to seal portions of Exhibits A and B (collectively, "the Documents") to the Declaration of Sarah Tomkowiak in Support of Defendant's Response to Plaintiffs' Letter Motion for Discovery Conference (Dkt. 983) ("Google's Response").

**Background.** The Documents include certain information designated by Google as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82). The Documents include Google's HC-AEO information concerning sensitive details of Google's policies for Shopping, processing of takedown notices, Google's processes for identifying content violating Google's policies, and details of the tools and systems Google relies on as part of these processes. Exhibit A at 1-4, 6-12, 18-23, Exhibit B at 1-4, 6-13, 16-18, 21-22, 26-31, 33. Google maintains that this information is HC-AEO as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or third parties who use Google's Shopping platform. Dkt. 82 ¶ 3.

**Legal Standard.** Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Moreover, the

**LATHAM&WATKINS**LLP

presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Material Warrants Sealing.**  The material at issue should be sealed because it concerns confidential business information reflecting Google's policies for Shopping, Google's processing of takedown notices, Google's processes for identifying content violating Google's policies, and details of the tools and systems Google relies on as part of these processes.  Courts in this district routinely recognize the importance of keeping information reflecting proprietary and sensitive business information, like the policies and practices at issue here, confidential.  *See, e.g.*, *SEC v. Telegram Grp.  Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Farsura v. QC Terme US Corp.*, 2025 WL 267573 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies, including contracts with other entities, because others might exploit the information).  This includes the details of technology systems Google seeks to protect as well as information pertaining to a company's practices and procedures for handling its data.  *See, e.g.*, *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) ("protecting a company's IT information fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud") (citations omitted); *Optionality Consulting Pte.  Ltd. v. Edge Tech.  Grp.  LLC*, 2022 WL 1977746, at *1, 4 (S.D.N.Y. June 3, 2022).

Public disclosure of this material would reveal details of Google's internal policies and process for detecting and addressing violating content on Google's Shopping platform.  Disclosure of this information poses a substantial risk of misuse by bad actors.  This information is particularly sensitive because this is a case about alleged piracy occurring on Google's platform.  *See generally* Dkts. 38, 116.  Exposing details of Google's policies creates a serious risk, as third parties (including the "pirate" sellers of Plaintiffs' works in this case) may seek to use such information to circumvent Google's policies and measures for stopping criminal, fraudulent, or other prohibited activity.  Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices").  The risk that third parties could obtain and use the information described in the Documents to their advantage, including in connection with efforts to "circumvent the security systems and procedures that are in place to detect and prevent" their schemes is

LATHAM&WATKINS LLP

particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Cantinieri*, 2024 WL 759317, at *2.

Moreover, the material sought to be sealed includes extremely sensitive details about Google's DMCA process that, if released, could directly assist bad actors in avoiding detection of fraudulent or illegal activities on Google's platform. *See UMG Recordings, Inc. v. Lindor*, No. 1:05-cv-01095, Dkt. No. 240, at 4–5 (E.D.N.Y. May 16, 2008) (acknowledging sensitivity of copyright "enforcement strategy and the methods. . . use[d] to implement it" and copyright "investigative strategy" and denying motion to compel *production* of such material, because such "information would provide a roadmap to potential infringers to avoid detection").

**Google's Sealing Request is as Narrowly Tailored as Possible.**  Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public policies and details of the systems and tools Google relies on to enforce these policies.  Courts in this district have found such redactions requests reasonable and appropriate.  *See, e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2022 WL 3910584, at *2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information."); *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order").

Given the extremely sensitive nature of the materials and the risk that nefarious actors will obtain and misuse the materials if publicly disclosed, Google respectfully submits this motion to seal portions of the Documents.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Sarah A. Tomkowiak
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:     All Counsel of Record (via ECF)