**Sarah A. Tomkowiak**

Direct Dial: +1.202.637.2335

sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000

Washington, D.C.  20004-1304

Tel: +1.202.637.2200  Fax: +1.202.637.2201

www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

June 10, 2026

**<u>VIA ECF</u>**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> Defendant's Response to Plaintiffs' Letter Motion (Dkt. 983)

Dear Judge Moses:

Plaintiffs are not entitled to corporate testimony on every document and topic they find interesting in this case.  Negotiating a reasonable scope of Plaintiffs' bloated Rule 30(b)(6) Notice, containing 73 topics with multiple sub-topics and referencing over 100 specific documents, has impeded making progress on depositions.[1]  By filing their Motion (Dkt. 983), Plaintiffs seek overreaching corporate testimony on over twenty topics[2]—even though Google has already agreed to provide corporate testimony on nearly thirty broad topics (plus fifteen others subsumed thereby)[3] from at least five designees[4] (including some at issue in the Motion), and Plaintiffs can also obtain testimony from up to twenty fact witnesses.  Even worse, the Motion asks this Court to schedule a (likely full day[5]) discovery hearing to referee this dispute and decide what testimony is relevant and proportional on the fly for the twenty-three[6] remaining topics the Parties have not resolved (the "Disputed Topics"), or alternatively, review two 4,000-word supplemental briefs (filed by an unspecified date).  Meanwhile, Plaintiffs continue to push for testimony on additional 30(b)(6) topics (not at issue in this Motion) that may become the subject of yet *another* motion on the scope of Google's corporate testimony.

---

[1] Plaintiffs complain that Google served updated responses and objections to their 30(b)(6) notice after the *Cox* decision, but Google was ordered to do so by the Court to facilitate negotiations. *See* Dkt. 821 ¶ 6.

[2] *See* Exhibit A, which Google attaches in response to Plaintiffs' Exhibit 1.

[3] *See* Exhibit B, which contains Google's current position on each of Plaintiffs' 73 topics in their first Rule 30(b)(6) Notice.

[4] Google will designate at least one additional witness to testify on topics it has agreed to present a witness on (Topics 2, 3, 40) but has not yet identified the designee while the parties negotiate scope.

[5] Even if the parties agreed to a limit of 15-minutes for each Disputed Topic, that would require 5 hours of discussion.

[6] Google has offered compromise positions on five Topics and one sub-topic.  So far, Plaintiffs have accepted two.

LATHAM&WATKINS LLP

Plaintiffs are abusing Rule 30(b)(6). Google is spending significant time educating multiple witnesses on the issues that form the crux of this case. The Court should deny the Motion outright because it impermissibly seeks testimony that is disproportional and could be easily sought (or has been obtained already) from other sources. If the Court is inclined to order Google to provide any additional 30(b)(6) testimony on specific topics, Google requests the opportunity to explain why the topic is irrelevant or inappropriate as a 30(b)(6) topic.

## I.    Plaintiffs' Requests Are Overbroad And An Abuse of Rule 30(b)(6)

Plaintiffs are not entitled to seek endless corporate testimony pursuant to Rule 30(b)(6). *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 2022 WL 2702378, at *2 (E.D.N.Y. 2022) ("Where the topics are vaguely worded, seek irrelevant information, or are so overly broad as to make it impossible for the responding party to prepare its witness, courts may strike the topics."); *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, at *9 (N.D. Ill. 2000) (sustaining objections to topics because Rule 30(6)(b) "preclude[s] proponents from wielding the discovery process as a club by propounding requests compelling the recipient to excessive burden"). Nor may a party seeking 30(b)(6) testimony "seek testimony as to every fact that supports a legal claim." *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n,* 2017 WL 9400671, at *2 (S.D.N.Y. 2017) (sustaining objections to topics because a 30(b)(6) deposition is not a "memory contest" or a vehicle for a witness to "merely testify[] to information readily available through document production"). The Motion fails to explain why the additional testimony sought is proportional, or why Plaintiffs need this testimony *from Google*, rather than (up to 20) percipient witnesses. *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) ("Where the notice seeks information which could more easily be obtained from another source, the court may refuse to allow that topic to be the subject of a 30(b)(6) deposition.").

Instead, Plaintiffs' Motion simply regurgitates the statutory damages factors, references broad concepts like "knowledge," "intent," and "willfulness," and then claims that the additional testimony sought will "shed light" on these issues and the amount of statutory damages the jury should award against Google. Setting aside that Plaintiffs are putting the cart before the horse, Google *has already agreed to* provide substantial testimony on many of these topics, as reflected below. Thus, Plaintiffs are already getting what they need to "shed light" on Google's knowledge, intent, or willfulness. They cannot credibly claim that this testimony—with the tens of thousands of documents produced, terabytes of data, percipient testimony, expert opinions, and written discovery responses—will not be enough for the jury to decide *if* Google is liable, and *if* so, what amount of damages (*if any*) to award (*if* the case survives summary judgment).

LATHAM&WATKINS LLP

## II.    Additional Testimony On The Disputed Topics Would Be Disproportional

### A.    Testimony Regarding Google's Shopping Platform and Features (Topics 33, 41[7], 49, 56), Revenue (Topics 42, 44, 45)

Google has agreed to prepare and present a witness (and has already produced ample discovery) on the Google Shopping platform and its features (Topics 2, 3, 40), and *specifically* on features like conversion tracking (Topic 33), automated bidding (Topic 41), and ebook/PDF filtering (Topic 58).  Despite Google compromising on several issues, Plaintiffs still demand a corporate witness to testify more broadly (for example, on Topic 33), including regarding "Google's Auction Insight Reports" that *Plaintiffs* (not Google) have produced (Topic 49), and Google's "Business Operations Verification Process" (Topic 56).  Plaintiffs have failed to explain why *any* discovery into these topics is relevant or proportional to the needs of the case, let alone why Google should provide corporate testimony.  Regarding Topic 49, Google is not required to provide testimony on a document from *Plaintiffs'* files that Google did not produce, and it would be unduly burdensome to educate a witness to do so.  Further, for Topic 56, the Court already rejected Plaintiffs' demand for discovery into Google's purported "Business Operations Verification Process" (*see* Dkt. 539) and there is no reason why this discovery would be more relevant now, as 30(b)(6) testimony.

Google has also already agreed to present a witness on Google' Shopping Ads revenue—not just from the specific merchant and ad accounts tied to the at-issue domains, but from the whole platform during the relevant period (Topics 43, 44).  Testimony on Google LLC's revenue writ large (i.e., *across every product and service*) is irrelevant and disproportional.  *See Davis v. The Gap*, 246 F.3d 152, 160 (2d Cir. 2001) ("gross revenue" as used in the Copyright Act means "gross revenue reasonably related to the infringement, not unrelated revenues").[8]

### B.    Testimony Regarding Document Retention Policies (Topic 63)

Google has already agreed to provide testimony relating to offer data retention, and Plaintiffs do not explain why Google's policies are "nuanced," such that additional testimony is necessary.

### C.    Testimony Regarding Treatment of DMCA Notices (Topics 9, 10, 11, 13, 18, 23, 25, 36(d), (f), (k), 62)

Contrary to Plaintiffs' position, Google has agreed to provide wide-ranging corporate testimony related to implementation of its DMCA policy, and specifically treatment of DMCA notices (including from Plaintiffs), even though Google has withdrawn its DMCA defense. *See* Dkt. 985-3 (Topics 10, 15, 34).  Plaintiffs' demand for further testimony is either duplicative (Topic 23, 25), vague (Topic 9), or seeks discovery that is fully irrelevant or outside the scope of this litigation (Topics 10, 13, 18, 36(f), (k), 62).  Plaintiffs have failed to justify these discovery

---

[7] The parties have reached an agreement on Topic 41.

[8] Google's revenue is also public.  *See* Alphabet Inc. 2025 10-K at 60, https://s206.q4cdn.com/479360582/files/doc_financials/2025/q4/GOOG-10-K-2025.pdf.

**LATHAM&WATKINS**LLP

requests now that Google will no longer rely on a DMCA defense, and particularly when Google's Topic 10 witness will provide ample testimony about Google's implementation of this policy, including on: specific terms in the DMCA policy, the LR Manual Strike Spreadsheet, the use of landing pages when reviewing DMCA notices, the process for escalating potential suspensions as reflected in the DMCA policy, and reactivations and reinstatements under the DMCA policy.  *See* Ex. A at 1-2.  Plaintiffs mislead the Court by claiming that Google is depriving them of key evidence—for example, regarding "reinstating merchants who had been terminated for copyright infringement."  Mot. at 3.  Not so—Google explicitly agreed to present a witness regarding its "process for reinstating accounts that were suspended or terminated for copyright infringement pursuant to [its] DMCA Policy" in response to Topics 10 and 22.  Ex. B at 3, 9.  Plaintiffs' Topic 18 seeks an explanation of how terminations on *other* Google platforms (not Google Shopping, which is at issue in this case) may or may not be relevant.  Further, for Topic 10, Plaintiffs seek corporate representative testimony about a purported zero-strike policy, even though documents produced by Google (and identified to Plaintiffs) confirm this policy was deprecated in November 2020, before the period relevant to this lawsuit.  Finally, Plaintiffs want Google to present a witness to testify about several documents (and phrases in those documents, like Topic 9[9]) it produced at Plaintiffs' request, because Google produced them.  Mot. at 3.  That's not the standard for 30(b)(6) testimony.

### D.  Testimony Regarding Ebook Ban (Topics 38, 51, 59(d)[10], 60 (b)-(c), 61)

Google has not refused to provide testimony regarding its policy prohibiting paid ads for ebooks on the Shopping platform (referred to as the "ebook ban")—indeed, Google has agreed to present a corporate witness on four broad topics related to the ebook ban.  *See* Ex. B, Topics 48, 51, 52, 59.  Through negotiations, Google has made clear that its witness will be prepared to testify regarding: Google's efforts to combat ebook piracy, its rationale for and implementation of the ebook ban, and information or feedback received from Plaintiffs (or their representatives) and the Association of American Publishers regarding the ban.  Plaintiffs now seek additional testimony about documents produced by Google tangentially related to the ban (*see* Topic 38(a), 61), feedback from publishers not parties to this dispute (*see* Topic 51), and contemplated solutions to repeal the ban (*see* Topic 60(b)-(c)).  To the extent these Topics are relevant to testimony Google has already agreed to provide (for example, the rationale for and implementation of the ebook ban), Plaintiffs will already get the corporate testimony they are seeking.  If not, Plaintiffs can easily ask Google's witnesses about these topics in their personal capacity (and already have).

### E.  Testimony Regarding Google's Internal Database (Topics 27, 28)

Plaintiffs do not need corporate testimony about Google's internal database used (in part) to store misrepresentation signals about merchants (Topics 27, 28).  Google has already produced significant data from this internal database, and one of Google's witnesses already explained how the internal database is used in misrepresentation reviews and what the produced data means at a

---

[9] Plus, Google has already explained that "file" described in Topic 9(b) no longer exists and was deprecated before the relevant time period in this case.

[10] The parties have reached an agreement on Topic 59(d).

**LATHAM&WATKINS**LLP

high-level (including what most signal fields mean).  Plaintiffs do not require further corporate testimony on Google's internal databases.

### F.    Testimony Regarding Trademark Policy (Topic 70)

Google has also already agreed to present a witness on implementation of its DMCA policy (Topic 10) and presented a witness (who testified for nearly nine hours) on implementation of Google's counterfeit and trademark policies (Topic 67).  Neither of the "tools" referenced in Topic 70 came up during the Topic 67 witness's testimony.  And while Google referred Plaintiffs to Topic 67 within its Topic 70 response, Plaintiffs did not ask Google's Topic 67 witness *any* questions about whether Google used these "tools" in policy implementation, even in the witness's personal capacity.  Besides, as described by Plaintiffs, the "tools" relate to knowledge of *trademarks*, not trademark infringement.  Testimony on them will not shed light on Google's knowledge of "infringement of Plaintiffs' trademarks."  Mot. at 4.

The Court should deny Plaintiffs' Letter Motion.

Respectfully,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)