**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

June 15, 2026

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

<u>**VIA ECF**</u>

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:  *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Letter Regarding Google's Requested Redactions</u>

Dear Judge Moses:

Pursuant to the Court's Order at Dkt. 996, Google submits this letter providing the Court with an update on Google's requests to seal at Dkts. 864, 894, 910, 937.  In accordance with that Order, Google has filed its revised requested redactions as exhibits to this letter.  *See* Exhibits 1-8.[1]  Those revisions remove redactions over the identities of individuals who have filed declarations in support of Google's briefing, as well as the name of Google's vendor.  However, for the reasons set forth below, Google renews its request that the Court seal the names of Google's Trust & Safety employees as well as the name of an employee at Google's third-party vendor.  To alleviate the burden on the Court going forward, Google remains willing to identify any Google employees by their initials in future briefing.

The Second Circuit recognizes that the right of public access to judicial documents is not absolute, and courts "must balance competing considerations against" that presumption.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted).  That presumption of public access is also "lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) (citing *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019)).  Therefore, "the reasons [for sealing] usually need not be as compelling as those required to seal summary judgment filings." *Troell v. Binance*

---

[1] For the avoidance of doubt, Google has revised its requested redactions to Dkts. 871, 895, 897, 901, 911, 911-1, 938, and 939.  Google maintains its request that the Court grant the sealing of Dkts. 871, 873, 873-1, -2, -5 through -9 for the reasons stated at Dkt. 893 and in this letter, that the Court grant the sealing of Dkts. 895, 897, 901, 901-1 for the reasons stated at Dkt. 894 and in this letter, that the Court grant the sealing of Dkts. 911 and 911-1 for the reasons stated at Dkt. 910 and in this letter, and that the Court grant the sealing of Dkts. 938, 939, 939-1, and 939-2 for the reasons stated at Dkt. 951 and in this letter.

LATHAM&WATKINS LLP

*Holdings Ltd.*, 2026 WL 654385, at *1 (S.D.N.Y. Mar. 6, 2026); *Lively v. Wayfarer Studios LLC*, 2025 WL 2351013, at *2 (S.D.N.Y. Aug. 13, 2025).

The privacy and safety interests of Google's Trust & Safety employees warrant the sealing of those individuals' names. As the Second Circuit has advised, "[t]he privacy interests of innocent third parties … should weigh heavily in a court's balancing equation." *In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) (citation omitted); *see also Metcalf v. TransPerfect Translations Int'l Inc.*, 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025) (noting personal privacy interests and safety are "'[h]igher values' the preservation of which might warrant sealing"). In fact, courts in this Circuit have found such privacy interests so compelling that they have even sealed Google's employee names in connection with motions for summary judgment. *See Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sep. 26, 2022) (sealing employee names in connection with a motion for summary judgment "to accommodate the privacy interests of third parties"). In discovery disputes and other non-dispositive motions, where the presumption of public access is lower, courts routinely seal employee names due to privacy concerns. *See, e.g.*, *SEC v. Ripple Labs, Inc.*, 2022 WL 17751466, at *4-5 (S.D.N.Y. Dec. 19, 2022) (sealing identities of non-parties and defendant's current and former employees because the "information has minimal relevance to the Court's decisions … and the strong privacy interests of those resisting disclosure outweigh the presumption of public access"); *Schansman v. Sberbank of Russia PJSC*, 2025 WL 524110, at *1 (S.D.N.Y. Feb. 14, 2025) (granting motion to seal employee names and "recogniz[ing] the strong privacy interest of any individuals who did not make a choice to participate in this lawsuit").

The need for sealing is magnified where, as here, there are not only privacy concerns but also safety concerns. Google's Trust & Safety teams are dedicated to keeping users safe. They establish platform guardrails, fight fraud and bad actors, and enforce policies across Search, Ads, and AI products. Due to their role in monitoring, and removing, content from Google's platforms, these employees have been the targets of serious threats and violence. For example, in 2018, a woman angry with YouTube for allegedly censoring her content shot three employees at YouTube's headquarters.[2] Later that same year, another individual threatened violence against YouTube employees after his content was removed for violating the Company's policies. Dkt. 924 1 n. 1. The problem is so pervasive that Google instructs employees on how to respond to and prevent doxxing, and even offers Trust & Safety employees free access to DeleteMe, a service designed to minimize an individual's web presence.

The role of the specific names of Google's employees in adjudicating these discovery disputes also weighs against disclosure. As the Second Circuit instructs, the "weight to be given

---

[2] *See* Zusha Elinson & Douglas MacMillan, *YouTube Shooter Expressed Anger Over Video Site's Policies*, Wall St. J., Apr. 4, 2018, https://www.wsj.com/articles/police-scrutinize-youtube-shooters-social-media-for-motive-1522850926. At the hearing on June 8, 2026, Google's counsel mistakenly stated that three Google employees were killed as a result of this shooting. These employees were not killed but were shot and wounded.

LATHAM&WATKINS LLP

the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch,*, 435 F.3d at 119. Materials that "'play only a negligible role in the performance of Article III duties' are accorded only a low presumption that 'amounts to little more than a prediction of public access absent a countervailing reason.'" *Brown*, 929 F.3d at 49–50 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The names of Google's employees have "only a negligible role" in the present motions. *Id.* They are far from central to the underlying discovery disputes and the "value of such information to those monitoring the federal courts" is inconsequential. *Lugosch*, 435 F.3d at 119. The specific employees' names "will have minimal consequence on the public's ability to determine" the underlying disputes or the Court's decision in resolving the disputes. *Kelly v. City of New York*, 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003). Indeed, the outcome of any discovery motion that has referenced these employees' names has not hinged on their identities.

Accordingly, Google respectfully requests the Court grant the sealing motions at Dkt. 864, 894, 910, 937 by sealing the material redacted in Exhibits 1-8[3] filed with this letter.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)

---

[3] In Dkts. 864, 893, Google requests the Court seal Google's revised redactions contained in Exhibit 1. In Dkt. 894, Google requests the Court seal Google's revised redactions contained in Exhibits 2-4. In Dkt. 910, Google requests the Court seal Google's revised redactions contained in Exhibits 5-6. In Dkts. 937, 951, Google requests the Court seal Google's revised redactions contained in Exhibits 7-8.