# EXHIBIT 1



Yunyi Chen
461 5th Avenue, 19th Floor
New York, NY 10017
Tel. 212.951.1156
ychen@oandzlaw.com

April 27, 2026

**VIA ECF**

The Honorable Barbara Moses
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> **Re:**   ***Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM**
> **Plaintiffs' Letter Motion for *In Camera* Review of Clawed-Back Documents**

[Filed under seal (confidential information highlighted in <mark>yellow</mark>)]

Dear Judge Moses,

    We represent all Plaintiffs in this matter. Google clawed back three documents that should be produced or, at a minimum, reviewed *in camera*. The first was clawed back during a deposition. Plaintiffs began questioning Google's witness on a portion of the document. Google stopped the deposition, clawed back the document, and precluded any further questioning. The second is a Google presentation given to an audience of ▮▮▮▮▮▮▮▮ discussing ▮▮▮▮▮▮▮▮ ▮▮▮ The third document was raised to Google in November 2025 but not clawed back until March 17. Google did not provide any explanation for the third document until April 23, and even then, refused to provide basic information about the document. Google has failed to carry its burden to establish that attorney-client privilege or work product protection applies to these documents, or that any privilege/protection has not been waived. *See United States v. Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 391 (S.D.N.Y. 2016) (Moses, J.).

### I.   Google failed to establish that clawing back GOOG-CENG-00422871 during deposition was proper.

    Google has not established that it properly clawed back the portion of GOOG-CENG-00422871 introduced at the April 9 deposition of Google's witness ▮▮▮▮▮▮▮▮. During this deposition, Plaintiffs explored whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2, Rough Transcript of ▮▮▮▮▮▮ Deposition ("Tr."), 218:6–10. Such a practice bears on Google's knowledge of trademark infringement in the Shopping ads for which Plaintiffs sent copyright notices. *See* 15 U.S.C. § 1114(1)(b) (requiring knowledge for damages); Dkt. 38 ¶¶ 4, 144. For example, Plaintiffs questioned Ms. ▮▮▮▮▮ on whether Google had a ▮▮▮▮▮▮ to ▮▮▮▮ a Shopping ad ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ where the Shopping ad was both a ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ Tr. 218:6–10.

    As part of that discussion, Plaintiffs introduced GOOG-CENG-00422871, a document consisting of meeting notes among Google employees, including Ms. ▮▮▮▮ discussing workflows related to Google's counterfeit and trademark policies. Tr. 219:3–24; Ex. 1 (the "Reproduced Document"). Google had produced this document on August 15, 2025 with redactions. Decl. ¶ 3. Plaintiffs sought to rely on unredacted portions of the document to elicit

Hon. Barbara Moses
April 27, 2026
Page 2 of 5

relevant testimony.

During the deposition, Plaintiffs' counsel directed Ms. ███████ to a short passage starting with the header ██████████████████ (the "Questioned Section," redacted in the Reproduced Document at -2883). Tr. 220:6–222:8. Notably here, Google had redacted the text surrounding the Questioned Section but not the Questioned Section itself. But when Plaintiffs' counsel began questioning Ms. █████ on the passage, she asked to speak with Google's counsel on a question ████████████ Tr. 222:11–17. After nearly 30 minutes, Google's counsel announced that Google was clawing back the document, because ██████████████████ ██████████████ Tr. 223:9–19. When Google reproduced the document 1.5 hours later, it had redacted the Questioned Section. Tr. 335:15–336:11; Ex. 3.

After waiting eleven days, Google logged this document as ████████████████ ██████████ Christine Hsieh* regarding trademark, copyright and counterfeit policy compliance." Ex. 7. This sheds no light on Google's new claim that the Questioned Section is privileged. Nor do the unredacted portions of the Reproduced Document help suggest that the Questioned Section "seeks," "contains," or "reflects" legal advice. *See* Reproduced Document at -2882–83. The only way to ensure that Plaintiffs have not been improperly deprived of relevant evidence and testimony is for the Court to review the document *in camera*.

This is particularly true on this record. Recall that Google recently withdrew its claim of privilege over a document that Google likewise described as involving "legal advice" regarding "policy compliance" (the "Withdrawn Document"). Dkt. 808. Google initially told Plaintiffs that Google conducted a "thorough re-review" of that document, and concluded that "confidential legal advice . . . pervades the document." Dkt. 593-6 at 7, 19. But after Plaintiffs selected it for *in camera* review, Google withdrew its privilege claim. The Withdrawn Document in fact contains no legal advice but simply describes the terms and implementation of Google's DMCA policy. Dkt. 785 at 3–4; Dkt. 810-1. Through this conduct, Google has taught the Court and Plaintiffs that its "policy compliance" descriptions are not to be trusted. *See, e.g., Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1996 WL 512287, at *6 (S.D.N.Y. Sept. 9, 1996) (ordering *in camera* review of redacted documents "[g]iven the history of this case").

Google has provided "no way to judge whether the overinclusive standard [Google] applied" to improperly withholding the Withdrawn Document is not also being applied to redacting GOOG-CENG-00422871. *In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 326 (S.D.N.Y. 2020). There is likewise "no way to judge whether" the purported advice is truly "legal," which is not a matter of Google's *ipse dixit* but rather requires that the purported advice genuinely involved "the interpretation and application of legal principles." *Id.* at 322; *Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, 2006 WL 1004472, at *6 (S.D.N.Y. Apr. 18, 2006) ("Where there are several possible interpretations . . . , the party asserting the privilege must produce evidence sufficient to satisfy a court that legal, not business, advice is being sought."). Google has not met its burden.

II.    **Google failed to establish either versions of GOOG-CENG-00422896 as privileged, or that any privilege has not been waived.**

Google clawed back a slide deck titled "████████████████████████████████"

2

Hon. Barbara Moses
April 27, 2026
Page 3 of 5

initially produced as GOOG-CENG-00422896 with redactions. Dkt. 593-6 at 34. Google's log describes the document as a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ==Christine Hsieh*== regarding trademark policy compliance." Ex. 6. Google likewise has claimed privilege over the final version of this presentation described as "reflecting," but not containing, "legal advice . . . regarding trademark policy compliance." Dkt. 593-2, PrivLog ID 107 (the "Final Presentation"); Decl. ¶ 14. Google has not shown that either version is properly withheld.

First, as discussed above, Google's use of the "policy compliance" description to support its privilege claims provides no assurance that the documents truly involve "legal" advice. *See supra* § I.

Google's shifting positions regarding GOOG-CENG-00422896 also render its privilege claim suspect. *Chelsea Hotel Owner LLC v. City of New York*, 2024 WL 323216, at *2 (S.D.N.Y. Jan. 29, 2024) (the "practice" of making privilege assertions "a moving target" "prompted the Court to request submission of documents for *in camera* review") (cleaned up). Google's privilege logs initially listed three versions of this document: two that Google withheld entirely (Dkt. 593-1, PrivLogID 79; Dkt. 593-2, PrivLogID 107), and one that Google produced with redactions (GOOG-CENG-00422896). Dkt. 593-6 at 29. Plaintiffs inquired about this inconsistency because GOOG-CENG-00422896 appeared to have been properly produced, so Plaintiffs questioned if other versions were being properly withheld. *Id.* Google initially explained the inconsistency by claiming that the withheld versions and GOOG-CENG-00422896 were not "identical." Dkt. 593-6 at 18–19. But two weeks later, Google reversed course and clawed back GOOG-CENG-00422896 in its entirety, now claiming that GOOG-CENG-00422896 contained "legal advice" regarding "policy compliance." Ex. 5.

Second, even assuming the document was privileged to begin with, which Google has not shown, Google has failed to establish that any "privilege has not been waived." *Mount Sinai*, 185 F. Supp. 3d at 391. "A corporate entity's attorney-client privilege . . . may be waived by disclosure of the communication to employees of the corporation who are not in a position to act or rely on the legal advice contained in the communication." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 10038859, at *2 (S.D.N.Y. Sept. 28, 2018) (Moses, J.) (citations omitted). Here, a document that Google *did* produce describes the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ discussing ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that do not appear to mention, let alone focus on, trademark or counterfeit issues.[1] Ex. 9 at -9304 (emphasis added). This calls into question whether Google waived privilege over the presentation by disclosing it to employees "who are not in a position to act or rely on the legal advice" contained in the presentation, if any. *Royal Park*, 2018 WL 10038859 at *2.

Plaintiffs accordingly asked Google to provide participant information to enable "some understanding of the universe of persons to whom that advice was disclosed," citing *Royal Park*, 2018 WL 10038859 at *2. Ex. 5 at 2. But Google has repeatedly refused to provide this information, Ex. 5 at 1; Decl. ¶ 16, and failed to carry its burden.

---

[1] Plaintiffs identified this document to Google, and asked Google to confirm it referenced the same event as the "Shopping Merchant Trust Summit" in the title of GOOG-CENG-00422896. Ex. 5 at 2. Google would not respond to this question. *Id.* at 1.

3

Hon. Barbara Moses
April 27, 2026
Page 4 of 5

**III.    Google refused to provide basic information to substantiate its belated privilege and protection claims over GOOG-CENG-00416837.**

On November 4, 2025, Plaintiffs asked Google to produce a hyperlinked document referenced in GOOG-CENG-00416837, a document produced in August 2025. At no point during the parties' correspondence did Google indicate that GOOG-CENG-00416837 was privileged or protected until March 17, when Google clawed it back. Decl. ¶ 7. Google did not provide any information concerning the document until April 23. *Id.* ¶ 11; Ex. 4.

When Plaintiffs informed Google on April 15 that Plaintiffs would seek Court intervention regarding this document, Google represented that it would provide a privilege log by April 24. *Id.* ¶ 15. Yet on April 24, Google informed Plaintiffs that it would not log the document after all. Google's counsel stated that the ESI Protocol, Dkt. 80 §12(b) ("Communications to or from counsel or experts retained for the purpose of this litigation that post-date the filing of the first-filed complaint need not be placed on a privilege log."), permitted Google to not log the document. Decl. ¶ 16. Instead, the *totality* of information Google would provide was its counsel's April 23 email to Plaintiffs stating that "[t]he document is a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Ex. 8. This belated explanation begs the question: if the document was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ why did it take Google five months to recognize it as such? And why did it take Google five weeks to provide this cursory explanation?

Google's April 23 email does not answer these questions. It also (1) does not provide basic document information such as title, author, date, sender, or recipient, and (2) does not state that the document was a "[c]ommunication to or from counsel or experts retained for the purpose of *this* litigation," or that the document "post-date[s] the filing of the first-filed complaint." Dkt. 80 §12(b) (emphasis added). Consequently, Plaintiffs are unable to assess Google's belated privilege/protection claim, or even to assess whether Dkt. 80 §12(b) covers this document in the first instance.

Google's refusal to provide basic information after inexplicable delays makes *in-camera* review necessary, if not waives protection for the document altogether. *See, e.g., FG Hemisphere Assocs., L.L.C. v. Republique Du Congo*, 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005) ("[T]he unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege.") (collecting cases). Google should produce the document or, at a minimum, submit the document for *in camera* review.

**IV.    Conclusion**

Plaintiffs respectfully request that the Court conduct *in camera* review of GOOG-CENG-00422871, GOOG-CENG-00422896 and the Final Presentation, and GOOG-CENG-00416837, or in the alternative, order their production.

Hon. Barbara Moses
April 27, 2026
Page 5 of 5

Respectfully submitted,

/s/  Yunyi Chen
Yunyi Chen