# EXHIBIT 5

**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

| FIRM / AFFILIATE OFFICES | |
| --- | --- |
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

May 5, 2026

**<u>VIA ECF</u>**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:  <u>*Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM</u>:
> <u>Consent Letter Motion for Leave to File Supplemental Declaration in Support of</u>
> <u>Defendant's Response to Plaintiffs' Letter Motion for *In Camera* Review of</u>
> <u>Clawed-Back Documents (Dkt. 895)</u>

Dear Judge Moses:

Google respectfully files this Consent Letter Motion to seek leave to file a supplemental declaration (the "Proposed Declaration") in support of its May 1, 2026 response opposing Plaintiffs' Letter Motion for *In Camera* Review of Clawed-Back Documents (Dkt. 895, the "Opposition").  The Proposed Declaration (attached hereto as Exhibit A)[1] provides the Court with additional facts regarding the memorandum drafted by Google's vendor, Cognizant, because of and to assist Google's in-house and external counsel in defense of this litigation (the "Memorandum").  Dkt. 895, 4.  As detailed in the Opposition, Google inadvertently produced the Memorandum and subsequently clawed it back in March 2026 on the basis of attorney work product and attorney client privilege.  Dkt. 895, 4-5.  Plaintiffs challenged this clawback in its Letter Motion for *In Camera* Review of Clawed-Back Documents (the "Motion").  Dkt. 871.

In the Proposed Declaration, the author of the Memorandum attests to the fact that in March 2025, Google's in-house counsel and external counsel requested a meeting regarding Cognizant's historical implementation and enforcement of Google's copyright policy, in connection with this lawsuit.  *See* Ex. A at 1.  The declarant further attests that he prepared the Memorandum in preparation for this meeting and shared the document with Google's in-house and external counsel to answer questions related to this litigation. *Id.* at 1-2.

The Proposed Declaration provides additional facts (along with those already included in

---

[1] Google was unable to file the Proposed Declaration with its Opposition on May 1, 2026 because there was a public holiday in India, where the declarant lives, on that day and the declarant was unable to execute the declaration.

May 5, 2026
Page 2

LATHAM&WATKINS LLP

the Opposition) to support Google's claim of privilege over the Memorandum and claw-back of this document.  When there is no "evidence of prejudice" or "bad faith," and when the parties will be "best served" by the Court deciding an issue on the "most complete factual record possible," supplemental evidence, presented through declaration, should be allowed.  *Spano v. V & J Nat'l Enters., LLC*, 264 F. Supp. 3d 440, 453 (W.D.N.Y. 2017) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. BP Amoco P.L.C.*, 2003 WL 1618534, at *1 (S.D.N.Y. Mar. 27, 2003)).  Google does not request leave to file this supplemental declaration in bad faith or for any reason other than to help the Court decide Plaintiffs' Motion.

Google contacted Plaintiffs on May 5, 2026, seeking Plaintiffs' position on Google's request.  Plaintiffs consented to Google's request to file the Proposed Declaration, provided that Plaintiffs can file their reply brief in support of the Motion two days after the Court grants Google's letter motion for leave to file the supplemental declaration.  Alternatively, if the Court denies this Consent Letter Motion, Plaintiffs will file their reply brief one day after the denial.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF and e-mail)