# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

CENGAGE LEARNING, INC. et al.

    Plaintiffs,

  v.

GOOGLE LLC,

    Defendant.

</td><td>

**Civil Action No. 24-cv-04274-JLR-BCM**
*[Filed under seal (confidential information highlighted in <mark>yellow</mark>)]*

</td></tr>
</table>

**<u>Attorney Declaration of Yunyi Chen in Support of</u>**
**<u>Plaintiffs' Letter Reply in Support of Plaintiffs' Letter Motion (Dkts. 871–72) for</u>**
**<u>*In Camera* Review of Clawed-Back Documents</u>**

1.  I am an attorney at the law firm Oppenheim + Zebrak, LLP, counsel for all Plaintiffs in this matter. I submit this declaration in further support of Plaintiffs' Letter Motion (Dkts. 871–72) for *In Camera* Review of Clawed-Back Documents.

2.  I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently hereto.

3.  Attached as Exhibit 1 is an excerpt of a true and correct copy of the document Google produced at the beginning Bates number GOOG-CENG-00404894. Plaintiffs introduced this document as Plaintiffs' Exhibit 7 at Plaintiffs' April 9, 2026 deposition of Google's Rule 30(b)(1) and Rule 30(b)(6) witness, ███████.

4.  Attached as Exhibit 2 is an excerpt of a true and correct copy of the final transcript of Plaintiffs' April 9, 2026 deposition of Google's Rule 30(b)(1) and Rule 30(b)(6) witness, ████ ████.

5.  Plaintiffs served a subpoena for production of documents to <mark>Cognizant Technology Solutions Corporation ("Cognizant")</mark> on June 9, 2025. I understand that to date, <mark>Cognizant</mark> has

1

only produced 42 documents, none of which contains information sufficient to show how Cognizant implemented Google's Shopping copyright policy during the relevant period.

6.   Plaintiffs served a subpoena for testimony pursuant to Fed. R. Civ. P. 30(b)(6) to Cognizant on March 2, 2026 regarding, *inter alia*, Cognizant's implementation and enforcement of Google's copyright policy.

7.   After receiving the subpoena, Cognizant took the position that it was not required to produce testimony in response to the subpoena, because all employees possessing relevant knowledge on the noticed topics were located outside of the United States.

8.   On April 23, 2026, Cognizant's counsel served upon Plaintiffs' counsel a declaration from Cognizant's Senior Director, stating that, *inter alia*, "other than the existence of contracts with Google, Cognizant does not have—and cannot reasonably designate—a U.S.-based employee with knowledge sufficient to testify regarding the work performed for Google as requested" by the topics in Plaintiffs' March 2, 2026 subpoena, "because all such knowledge resides with employees located outside the United States."

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed May 11, 2026, in New York, New York.

/s/ *Yunyi Chen*
 Yunyi Chen

2