Oppenheim + Zebrak, LLP

WASHINGTON – NEW YORK

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

June 16, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM
>           Parties' Joint Status Letter

Dear Judge Moses,

Pursuant to Your Honor's Order (Dkt. 996 at 3) and in advance of the upcoming June 18, 2026 discovery conference, counsel for all parties respectfully submit this Joint Status Letter.

## I.    Joint Section

The following motions are pending before the Court.

| No. | Title | Opening | Opposition | Reply |
|---|---|---|---|---|
| 1 | Defendant's Motion to Compel Plaintiffs' Document Retention Policies | 926 | 964 | 979 |
| 2 | Defendant's Motion to Compel Plaintiffs to Respond to Google's Interrogatory No. 16 | 958 | 978 | 994 |
| 3 | Plaintiffs' Motion for Reconsideration of the Court's Dkt. 923 Order | 971 | 995 | 1007 |
| 4 | Plaintiffs' Motion re Google's Refusal to Produce Rule 30(b)(6) Testimony on Certain Topics | 983 | 1001 | 1012 |

Per Dkt. 996, the Court has set Motions 1 and 2 above for argument at the June 18 hearing. Pursuant to Dkt. 996, on June 15, Google filed a letter proposing to remove certain redactions. Dkt. 1010.

## II.    Plaintiffs' Section

To date, Plaintiffs have taken four depositions. Google has scheduled five additional depositions. Google has offered dates for two fact witnesses, which Plaintiffs are in the process of scheduling. Google has yet to offer a date for six witnesses noticed by Plaintiffs, four of which had been previously scheduled and then cancelled by Google. In total, Plaintiffs need to take thirteen depositions after the June 18 hearing.

Of Plaintiffs' 30(b)(6) topics at issue in Plaintiffs' Dkt. 983 Motion, the parties have reached resolution as to Topics 41 and 59. *See* Dkt. 1012 at n.1. Of Plaintiffs' 30(b)(6) topics not

at issue in Plaintiffs' Dkt. 983 Motion, Dkt. 983 at 4, Google has agreed to revert with its position on at least eleven topics but has yet to do so.

Google has also yet to identify its 30(b)(6) designee(s) for seven topics on which Google has agreed to produce testimony: Plaintiffs' 30(b)(6) Topic 2, Topic 3, Topics 11 & 36(d), Topic 34, Topic 40, and Topic 63. Google's claim that Plaintiffs named one of Google's 30(b)(6) witnesses as a fact-witness only to increase their 30(b)(6) time is unfounded. Before the Court announced the time-limit for 30(b)(6) depositions, Plaintiffs informed the Court and Google that Plaintiffs might add the witness as a fact witness. Hr'g Tr. 54:23–25 (Jun. 8. 2026) (Dkt. 998). Prior to that, it was unclear what the maximum number of fact depositions would be. Dkt. 874. Indeed, Google's claim that the witness has a "limited role" begs the question why Google designated her as the 30(b)(6) witness for Google's DMCA program.

Google also blames its failure to timely produce witnesses for deposition on the number of Plaintiffs' deposition notices. This excuse is anemic. Plaintiffs have withdrawn their notice to depose four individuals. Moreover, Google long declined to make two individuals available for deposition by stating that the individuals were "former employees located abroad" and that Google's outside counsel did not represent them. (2025.12.18 LW Email.) As Google well knows, Plaintiffs have maintained their notice on Google as to seventeen depositions, three shy of the twenty-deposition limit.

Plaintiffs intend to request a one-way seven-week extension to the fact-discovery deadline to allow Plaintiffs to complete depositions of thirteen additional witnesses by August 20, 2026. The Court's prior scheduling order (Dkt. 222) provided three months to take twenty fact depositions. Thirteen depositions in seven weeks is consistent with what the Court originally had in mind.

Plaintiffs respectfully submit that this extension should only apply to Plaintiffs, not to Google, whose deliberate delay in making witnesses available for deposition necessitated this extension for Plaintiffs. Despite the July 2 fact-discovery deadline, Google only made *three* witnesses available for deposition in March through May. At the same time, Google cancelled *nine* depositions that Plaintiffs had confirmed. Google cancelled the deposition of one dual-capacity witness *three* times. Google then granted itself an extension by rescheduling that deposition for *two weeks* after the fact-discovery deadline to accommodate the witness's and Latham's vacation schedules. Google's practice should not be rewarded with an equivalent extension. And as described below, all of the depositions that Google has noticed can be completed by July 2.

Plaintiffs also require an extension to the deadline to serve Requests for Admission (RFAs) and interrogatories and propose that these discovery requests be served by July 21, 2026. The parties previously agreed that RFAs and interrogatories must be served by June 23. However, Plaintiffs have informed Google that they need more time. Because of Google's deliberate delay in making witnesses available for deposition, Plaintiffs have only been able to take four depositions to date (compared to Google's twelve depositions). Plaintiffs, therefore, lack information needed to complete these discovery requests and stand to be significantly prejudiced if required to do so by June 23.

To date, Google has deposed one witness each from Macmillan and Elsevier and two witnesses each from McGraw Hill and Cengage. Google states that Elsevier's witness was unprepared. Elsevier disagrees; Google repeatedly exceeded the scope of the agreed 30(b)(6) topics. Google has also taken six third-party depositions. Google will depose two additional

Macmillan witnesses on June 23 and 25 (both as individuals and Rule 30(b)(6) designees). Google needs to depose one additional Elsevier 30(b)(6) designee (who resides in Paris). Google cancelled this deposition once, which was scheduled for June 19. The parties have a dispute concerning the location for the deposition. That said, and subject to final confirmation, Plaintiffs' counsel has proposed June 30 as a new date for this deposition in New York, and July 1 as the date for the deposition of the remaining Plaintiff witness (another Elsevier employee, as an individual only) whom Google has noticed. Additionally, Google has subpoenaed the deposition of one more third party, which is scheduled for June 26 and 30.

On May 28 and May 29, Macmillan and McGraw Hill made two additional custodial productions, as referenced in Plaintiffs' Dkt. 964 opposition, consisting of 64 documents. Fifty of these are duplicate emails previously produced from other custodians. Pursuant Section 12(d) of the ESI Protocol (Dkt. 80) and the parties' agreement, Plaintiffs' served an updated privilege log on June 12.

## III.    Defendant's Section

***Depositions***.  Since the Court's June 8, 2026 status conference, the parties continue to make meaningful progress toward completing depositions:

*Google*: (i) conducted two Rule 30(b)(6) depositions of third-party VitalSource; (ii) completed the deposition of one of Elsevier's Rule 30(b)(6) designees who was unprepared when deposed in April; and (iii) scheduled two Rule 30(b)(6) depositions of Macmillan for June 23 and 25, and two Rule 30(b)(6) depositions of third-party Corsearch for June 26 and 30.  Google has noticed fourteen depositions and thus has up to six more depositions to notice.  The parties have yet to confirm deposition dates for one of Elsevier's corporate designees (who resides in Paris) and one of its employees in Idaho.  As to the Paris designee, Google did not "cancel" this deposition, scheduled for June 19.  Google pointed out to Plaintiffs that taking the witness's deposition in France would have implicated France's blocking statute, thereby exposing participants—both counsel and Plaintiff's own witness—to potential criminal penalties. Google further stated that it was inconvenient to depose the witness in London on that day.  After Google raised these issues and insisted that Plaintiffs produce Elsevier's witness in New York, the situs of this lawsuit, Plaintiffs withdrew the witness, stating he was unavailable to travel to the United States.  Plaintiffs' contention that Google "cancelled" this deposition is cut from whole cloth.

*Plaintiffs*: (i) deposed a Google employee on June 12; and (ii) will depose (dual capacity) Google witnesses on June 17 and June 24, a fourth Google employee on June 25,[1] a former Google employee on June 30, and another (dual capacity) Google witness on July 16.[2]  Google has proposed dates for two additional witnesses that Plaintiffs have yet to confirm.  However, Plaintiffs' decision to maintain 22 noticed depositions (having noticed 26 witnesses and withdrawn four, despite a 20-witness limit) has created additional scheduling difficulty since Plaintiffs have not formally withdrawn sufficient deposition notices (including for several international

---

[1] Plaintiffs' selective refusal to take depositions on consecutive days is creating additional scheduling complexity. Today, Plaintiffs' counsel stated they are unable to take a deposition at the time and place offered because there is another deposition the day before, even though the parties have scheduled other upcoming depositions of Google employees on consecutive dates.  A few hours later, Plaintiffs proposed back-to-back deposition dates for two of *their own* witnesses.  Google's attorneys are taking three depositions the week of June 22.

[2] Plaintiffs claim that Google granted itself an extension for this witness's deposition.  Not so.  Google asked Plaintiffs to accommodate scheduling conflicts by taking this deposition after the fact-discovery deadline.  Plaintiffs agreed.

witnesses).  And deposition scheduling remains challenging due to witness unavailability, out-of-office windows, and the difficulty of coordinating availability with Plaintiffs and third parties. Google is actively working to schedule and complete the remaining depositions but respectfully requests an (approximate) eight-week extension of the current fact discovery deadline to do so (and to accommodate any additional deposition notices of Plaintiff witnesses Google may serve). Google emphasizes that any extension should be bilateral, not "one-sided," as Plaintiffs propose, which would be unfair and unduly punitive.

Google is diligently attempting to resolve issues related to 30(b)(6) testimony (*see* Dkts. 1001, 1002), but Plaintiffs continue to push the boundaries beyond reasonable limitations, including by attempting to abuse the Court's recent Order, Dkt. 996.  Two days after that Order was issued, Plaintiffs noticed a Google employee in her personal capacity who was previously designated only in a corporate capacity (referred to at the hearing as "S.B.").  Plaintiffs have known about this Google witness for several months (and her limited role, as she is only copied on a handful of produced documents during the relevant litigation period), and Google identified her as a 30(b)(6) witness on several topics on April 24, 2026.  Plaintiffs did not show any interest in deposing this Google witness in her personal capacity (despite several emails and conferrals about the scope of her 30(b)(6) testimony) until the June 8 hearing, and did not notice her personal deposition until after the Court's ruling on "Dual Witnesses."  *See* Dkt. 996 ¶ 2 (Plaintiffs may use up to nine hours of time on the record with each witness who will appear as both a personal and corporate deponent, to be used however Plaintiffs desire among the Dual Witnesses).  This flagrant gamesmanship to secure additional record time (that can be used by another Dual Witness) goes against what Google understood the Court's intent to be when issuing its Order.  Because Google has not yet identified a witness for three additional 30(b)(6) topics[3] (the scope of which is still being negotiated), Plaintiffs will have another opportunity to game the Court's Order on Dual Witnesses (by subsequently noticing a designee in their personal capacity).  Google respectfully requests guidance on this issue to ensure that deposition limits are applied fairly and consistently with the Court's intention with its Order going forward.

*Written Discovery*.  The parties have agreed that the deadline to serve remaining interrogatories and Requests for Admission is June 23, 2026, subject to further modification by the parties or the Court.  Plaintiffs propose a further extension of this deadline, blaming Google, but do not explain why they need to complete more depositions before serving this discovery.

Respectfully submitted,


/s/ Sarah A. Tomkowiak                                    /s/ Michele H. Murphy
Sarah A. Tomkowiak                                        Michele H. Murphy
Latham & Watkins LLP                                      OPPENHEIM + ZEBRAK, LLP
*Counsel for Google*                                       *Counsel for Plaintiffs*

---

[3] If the Court orders Google to provide any additional 30(b)(6) testimony pursuant to Plaintiffs' letter motion (Dkt. 983), this likely would require further 30(b)(6) witnesses to be designated and allow Plaintiffs to withdraw current deposition notices and instead swap them for 30(b)(6) witnesses, thus creating more "Dual Witnesses."