**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

## LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

June 16, 2026

**VIA ECF**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

> Re:   *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Notice of Supplemental Authority in Support of Google's Motion for Judgment
> on the Pleadings</u>

Dear Judge Rochon:

We represent Defendant Google LLC in the above-captioned matter.  We write to notify the Court of another recent decision that provides further support for Google's pending motion for judgment on the pleadings on Plaintiffs' contributory copyright infringement claim.[1]  Last week, the Northern District of California granted a motion to dismiss a contributory copyright infringement claim against YouTube with prejudice in *Art Records LLC v. YouTube LLC*, 2026 WL 1669167 (N.D. Cal. June 9, 2026).[2]  A copy of the decision is attached as Exhibit 1.

In *Art Records*, the plaintiff sued YouTube asserting (among other things) that YouTube was a contributory copyright infringer because of "its provision of services to infringers, its refusal to take down [allegedly infringing] videos, and its decision to continue running ads on the videos while simultaneously blocking Plaintiff from submitting additional takedown notices."  *Id.* at \*2. The court concluded that "the Supreme Court's recent decision in *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 967 (2026), is dispositive," and that the plaintiff's allegations failed to

---

[1] Plaintiffs have previously complained about the submission of supplemental authority.  *See* Dkt. 997.  But in this District, "it is fairly standard practice for parties to send letters or to otherwise file supplemental authority after briefing is complete," as well as to provide context for the citation. *SEC v. Oppenheimer*, 2024 WL 3342098, at \*4 n.2 (S.D.N.Y. July 8, 2024) (citation and alteration omitted); *cf.* Fed. R. App. P. 28(j) (permitting submission of "pertinent and significant authorities [that] come to a party's attention after the party's brief has been filed" and requiring the letter to "state the reasons for the supplemental citations").

[2] YouTube LLC is a subsidiary of Google LLC.

LATHAM&WATKINS LLP

state a contributory copyright infringement claim as a matter of law under either of the two remaining theories recognized in *Cox*. *Id.*

First, the court rejected any claim based on inducement because "YouTube's *passive role* in enabling the viewing of a video that contains allegedly infringing content is not tantamount to intentional inducement." *Id.* (emphasis added). And that "remains true even if YouTube monetized the videos as part of the passive operation of its site." *Id.* Thus, the plaintiff failed to allege "that YouTube intends for its services to be used for infringement, or that YouTube has 'actively encouraged infringement through specific acts." *Id.* (alteration omitted) (quoting *Cox*, 146 S. Ct. at 967). Second, the court rejected any tailoring claim because "[i]t is undisputed that YouTube has many other uses beyond its ability to host infringing content." *Id.*

So too here. Plaintiffs have alleged only that Google played a "passive role in enabling the viewing of [ads] that contain[] allegedly infringing content" by failing "to take down" those allegedly infringing ads. *Id.* That "is not tantamount to intentional inducement." *Id.* And Shopping, like YouTube, "has many other uses beyond its ability to host infringing content." *Id.* As in *Art Records*, Plaintiffs' contributory infringement claim should be dismissed with prejudice.

Respectfully,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)