# EXHIBIT 1

2026 WL 1669167
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

ART RECORDS LLC, Plaintiff,

v.

YOUTUBE LLC., Defendant.

Case No. 25-cv-05069-NW
|
Filed 06/09/2026

**ORDER GRANTING DEFENDANT YOUTUBE'S MOTION TO DISMISS THE SAC**

Noël Wise United States District Judge

 **\*1**  Before the Court is Defendant YouTube LLC's motion to dismiss or, alternatively, transfer Plaintiff Art Records, LLC's second amended complaint ("SAC"). ECF Nos. 29, 34. Because the SAC is substantively identical to the FAC, the Court GRANTS YouTube's motion to dismiss with prejudice.

**I. BACKGROUND**
The Court has already recounted Plaintiff's allegations in a previous Order, and does not repeat them here except as relevant. In short, Plaintiff Art Records submitted a takedown request to Defendant YouTube demanding YouTube takedown a number of videos for which Plaintiff allegedly holds the copyright. YouTube reviewed the request and asked Plaintiff to provide documentation to demonstrate that it owned the rights to the music videos at issue, but Plaintiff failed to provide the necessary documentation. Sometime later, YouTube closed Plaintiff's account for failing to prove ownership over the supposedly copywritten content.

**II. LEGAL STANDARD**
Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are

taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and are therefore insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

**III. DISCUSSION**
Plaintiff made almost no attempt to substantively address the Court's previous Order. Instead, it appears that Plaintiff's counsel largely ignored the Court's Order and either made minor attempts to rearrange the words from its previous complaint, or used artificial intelligence to do so, and then provided the Court with an SAC that is essentially indistinguishable from the complaint the Court previously dismissed.[1] It is therefore unsurprising that the Court dismisses Plaintiff's claims on near identical grounds as it did before.

[1] The SAC and the opposition strongly suggest they are the product of AI-assisted drafting. While the Court acknowledges that artificial intelligence can be helpful in crafting legal documents, it is decidedly unhelpful where, as here, it only shifts words around or brings arguments based on faulty legal theories.

**Direct Copyright Infringement.** Regarding Plaintiff's direct copyright infringement claim, the Court wrote:

> Plaintiff has not alleged that YouTube acted with volitional conduct. It did not allege that YouTube exercised control over the videos beyond merely hosting them; that YouTube selected the infringing material for upload, download, transmission, or storage; or that YouTube instigated any other party to copy, store, or distribute the underlying videos. It is not enough that Plaintiff alleges that YouTube received and subsequently failed to comply with Plaintiff's takedown request. YouTube merely asked for Plaintiff to demonstrate proof of ownership. YouTube's "reasonable response to [Defendant's] single formal inquiry ... can hardly be characterized as rising to the level of volitional conduct or turning a blind eye." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 734 (9th Cir. 2019).

 **\*2**  Order at 4. Though Plaintiff now lists five supposedly distinct acts YouTube took as evidence of volitional conduct, the first four are merely different ways of saying YouTube hosted the supposedly infringing videos on its platform. *See*

ECF No. 29, SAC ¶ 34(i)-(iv). The fifth "act" Plaintiff offers —that YouTube "[a]ffirmatively rejected takedown requests while exercising discretionary control over whether the videos remained available"—was directly rejected in this Court's prior Order as demonstrated in the excerpt above.

**Contributory Infringement.** The Court previously found that Plaintiff failed to allege that YouTube distributed Plaintiff's content "with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." ECF No. 28, Order at 5 (quoting *Lee v. Amazon.com Inc.*, No. 221CV01090RAJBAT, 2023 WL 6931800, at *9 (W.D. Wash. July 27, 2023)). Despite slightly different allegations, Plaintiff's new complaint suffers from the same deficiency. Plaintiff now alleges that YouTube's liability arises from its provision of services to infringers, its refusal to take down the videos, and its decision to continue running ads on the videos while simultaneously blocking Plaintiff from submitting additional takedown notices. SAC ¶ 42. But as the Court previously ruled, "YouTube's passive role in enabling the viewing of a video that contains allegedly infringing content is not tantamount to intentional inducement." Order at 5. This remains true even if YouTube monetized the videos as part of the passive operation of its site.

Additionally, the Supreme Court's recent decision in *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 967 (2026) is dispositive and confirms the Court's previous Order. There, the Supreme Court explained that "[t]he provider of a service is contributorily liable for the user's infringement *only if* it intended that the provided service be used for infringement." *Id.* (emphasis added). The intent, in turn, "can be shown *only if* the party [1] induced the infringement or [2] the provided service is tailored to that infringement." *Id.* (emphasis added). Plaintiff does not allege, nor seemingly can it, that YouTube intends for its services to be used for infringement, or that YouTube has "actively encourage[d] infringement through specific acts." It is undisputed that YouTube has many other uses beyond its ability to host infringing content. Accordingly, this claim again fails.

**Vicarious Infringement.** Plaintiff's vicarious infringement claim fails because, as the Court previously ordered:

Plaintiff does not allege that YouTube gained a direct financial benefit from any specific act of copyright infringement, *i.e.*, the upload of a copywritten music video to the platform. And though Plaintiff alleges YouTube received financial benefit from use of YouTube generally, it fails to allege that individuals sought out YouTube specifically to view Plaintiff's content.

Order at 5-6.

As the Court went on to explain, it is not enough for Plaintiff to merely allege that YouTube generally realized profits by hosting and allowing users to view Plaintiff's copywritten videos. "Conclusory statements that YouTube derived profits from alleged infringement without more cannot sustain a claim for vicarious copyright infringement." *Id.* at 6. Here, Plaintiff alleges that "[u]sers were attracted to YouTube to view the specific infringing music videos," but Plaintiff fails to provide any support for that conclusory statement. SAC ¶ 49.

\* \* \*

**\*3** In its previous Order the Court allowed Plaintiff to amend its complaint but stated it was "skeptical that Plaintiff c[ould] marshal the facts necessary to bring the claims alleged above in an amended complaint." Order at 6. Plaintiff's SAC demonstrates that the Court's skepticism was warranted as Plaintiff's SAC fails to correct the deficiencies in its previous complaint. Because Plaintiff was either unwilling or unable to correct those deficiencies, the Court GRANTS YouTube's motion to dismiss Plaintiff's SAC WITH PREJUDICE.

**IV. CONCLUSION**

For the reasons stated above, YouTube's motion to dismiss Plaintiff's SAC is GRANTED WITH PREJUDICE. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2026 WL 1669167

---

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.