

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

June 17, 2026

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

   Re:   ***Cengage Learning, Inc. et al. v. Google LLC***, No. 24:cv-04274-JLR-BCM
         **Response to Defendant's Notice of Supplemental Authority**

Judge Rochon:

   We represent Plaintiffs in the above-referenced matter. We write in response to Defendant's Notice of Supplemental Authority concerning its Motion for Judgment on the Pleadings, Dkt. No. 1017 ("Notice").[1]

   In its Notice, Google points to a recent, out-of-Circuit decision in *Art Records LLC v. YouTube LLC*, No. 15 Civ. 5456, 2026 WL 1669167 (N.D. Cal. June 9, 2026). There the Court considered a nine-page complaint for direct and secondary copyright infringement that appeared to be "the product of AI-assisted drafting." *Id.* at *1 n.1. *Art Records* did not involve any allegation that defendant YouTube created advertisements promoting known, infringing products. Instead, plaintiff Art Records alleged it "submitted a takedown request . . . demanding YouTube takedown a number of videos for which [Art Records] allegedly holds the copyright," and YouTube failed to do so. *Id.* at *1. YouTube also allegedly placed ads on one or more of the videos, but unlike here, the ads themselves were not for infringing products or services. *Id.* Art Records "failed to

---

[1] Desperate to save its doomed motion, Google again flouts the rule against "includ[ing] legal argument" in a notice of supplemental authority. *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 517 F. Supp. 3d 32, 33 (D. Mass. 2021) (collecting cases); *see also Ravarino v. Voya Fin. Inc.*, No. 3:21-CV-1658 (OAW), 2023 WL 3981280, at *1 (D. Conn. June 13, 2023) (disregarding notices of supplemental authority that "presented new arguments"). Google cites no caselaw permitting it to offer additional argument as it pleases. *SEC v. Oppenheimer* only addressed whether parties may file notices of supplemental authority after briefing is complete. 2024 WL 3342098, at *4 n.2 (S.D.N.Y. July 8, 2024). The notice there did not contain new argument and the opposing party "d[id] not object to the Letter's 'contents or merits.'" *Id.* The Federal Rules of *Appellate* Procedure are similarly irrelevant, and Google's Notice exceeds the "350 word" limit in that appellate rule by nearly 150 words. Fed. R. App. P. 28(j). Because Google's two-page Notice again contains additional commentary and argument in support of its motion for judgment on the pleadings, Plaintiffs file this Response.

provide any evidence" to YouTube "to demonstrate that it owned the rights to the music videos at issue," even after YouTube specifically requested this information. *Id*.

Before the *Cox* decision, the court had previously dismissed Art Records' first amended complaint for failure to state a claim. *Id*. at *1 (citing prior decision). Post-*Cox*, it reached the same result on the "substantively identical" second amended complaint. *Id*. Art Records "did not allege that YouTube exercised control over the videos" or "selected the infringing material for upload, download, transmission, or storage." *Id*. Notably, Art Records also "did not allege . . . YouTube instigated any other party to copy, store, or distribute [any infringing material]." *Id*. The court again found Art Records failed to state a claim for inducement or any other claim.

*Art Records* is inapposite. YouTube allegedly advertised non-infringing goods on videos plaintiff claimed—but could not verify to YouTube pre-suit—were infringing. *Id*. Conversely, in the case at bar, Google repeatedly created and ran advertisements for known infringing products, which Google intended to induce an illegal sale of Plaintiffs' works. *See, e.g.,* Dkt. 38 ("Compl.") ¶¶ 42, 126. Google's involvement in the advertisements went far beyond "passively" hosting and failing to takedown infringing content, as Plaintiffs here allege Google was actively involved in the creation, tailoring, and promotion of these advertisements. *See, e.g.,* Dkt. 997 (citing Compl. ¶¶ 9, 40–42, 67–68, 75). Unlike in *Art Records*, Google "exercised control over the [advertisements]," which in turn "instigated [an]other party to copy, store, or distribute [infringing ebooks]." 2026 WL 1669167 at *1.

Respectfully Submitted,

*/s/ Michele H. Murphy*_____
Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
Counsel for Plaintiffs