**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

## LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

June 18, 2026

<u>VIA ECF</u>

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:   *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Letter Response in Support of Plaintiffs' Motion to Seal (Dkt. 1011) Portions of
> Plaintiffs' Reply (Dkt. 1012)</u>

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Google submits this letter response in support of Plaintiffs' Letter Request to File Redacted Document (Dkt. 1011) seeking the Court's approval to redact portions of Plaintiffs' Reply ISO Plaintiffs' Letter Motion at Dkt. 983 ("Plaintiffs' Reply," Dkt. 1012).

**Background.**   Plaintiffs' Reply includes certain information designated by Google as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82). Plaintiffs' Reply includes Google's HC-AEO information concerning sensitive details of Google's policies for Shopping, Google's processes for handling and processing takedown notices, Google's internal processes for identifying content that violates Google's policies, the details of the tools and systems Google relies on as part of these and other internal processes, the alleged performance capabilities of those internal systems, and the name of an individual Google employee involved in trust and safety work. Reply at 3-5. Google maintains that this information is HC-AEO as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or third parties who work on and use Google's Shopping platform. Google respectfully requests that Plaintiffs' Reply remain redacted as reflected in Plaintiffs' filing.

**Legal Standard.**   Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing

is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Moreover, the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Material Warrants Sealing.** The material at issue should be sealed because it concerns, among other things, confidential business information reflecting Google's policies for Shopping, Google's processes for handling and processing takedown notices, Google's internal processes for identifying content that violates Google's policies, and the details of the tools and systems Google relies on as part of these and other processes. Courts in this district routinely recognize the importance of keeping information reflecting proprietary and sensitive business information, like the policies and practices at issue here, confidential. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Farsura v. QC Terme US Corp.*, 2025 WL 267573 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies because others might exploit the information).

This protection extends to the details of the technological systems Google seeks to protect, as well as to the alleged performance capabilities of those systems and the information pertaining to Google's practices and procedures for handling its data. *See, e.g.*, *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) ("protecting a company's IT information fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud") (citations omitted); *Optionality Consulting Pte. Ltd. v. Edge Tech. Grp. LLC*, 2022 WL 1977746, at *1, 4 (S.D.N.Y. June 3, 2022). Public disclosure of the alleged performance capabilities of Google's internal systems would reveal how effectively those systems detect and address violating content, providing bad actors with a roadmap to identify and exploit perceived gaps in Google's enforcement.

Public disclosure of this material would reveal details of Google's internal policies and processes for detecting and addressing violating content on Google's Shopping platform, and disclosure of this information poses a substantial risk of misuse by bad actors. This information is particularly sensitive because this is a case about alleged piracy occurring on Google's platform. *See generally* Dkts. 38, 116. Exposing details of Google's policies, processes, and systems creates a serious risk, as third parties—including the "pirate" sellers of Plaintiffs' works in this case—may seek to use such information to circumvent Google's policies and measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants'

anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices"). The risk that third parties could obtain and use the information described in Plaintiffs' Reply to their advantage, including in connection with efforts to "circumvent the security systems and procedures that are in place to detect and prevent" their schemes, is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Cantinieri*, 2024 WL 759317, at *2.

Moreover, the material sought to be sealed includes extremely sensitive details about Google's policy-enforcement process that, if released, could directly assist bad actors in avoiding detection of fraudulent or illegal activities on Google's platform. *See UMG Recordings, Inc. v. Lindor*, No. 1:05-cv-01095, Dkt. No. 240, at 4–5 (E.D.N.Y. May 16, 2008) (acknowledging sensitivity of copyright "enforcement strategy and the methods . . . use[d] to implement it" and copyright "investigative strategy" and denying motion to compel production of such material, because such "information would provide a roadmap to potential infringers to avoid detection" but offer "no discernable benefit to [the movant's] case").

The material sought to be sealed also includes the name of a Google employee, Ms. A., whose work involves implementing Google's trademark and counterfeit policies for Shopping, including by processing infringement notices. Ms. A.'s anti-counterfeiting and trademark-protection work places her at an increased risk of doxxing, swatting, and other threats, and her privacy and safety interests justify sealing of her name. *See, e.g.*, *Metcalf v. TransPerfect Translations Int'l Inc.*, 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025) (noting personal privacy interests and safety are "'[h]igher values' the preservation of which might warrant sealing"); *Kelly v. City of New York*, 2003 WL 548400 (S.D.N.Y. Feb. 24, 2003) (noting that "redacting the employees' names will have minimal consequence on the public's ability to" assess the dispute). Ms. A.'s identity is neither independently newsworthy nor a matter of public concern, and redacting her name in this discovery dispute document will have no meaningful effect on the public's ability to understand the issues before the Court.

**Google's Sealing Request is as Narrowly Tailored as Possible.** Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public policies, and the details of the systems, tools, and personnel that Google relies on to enforce those policies. Courts in this district have found such redaction requests reasonable and appropriate. *See, e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2022 WL 3910584, at *2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information"); *Falberg ex rel. Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order").

Given the extremely sensitive nature of the materials and the risk that nefarious actors will obtain and misuse the materials if publicly disclosed, Google respectfully submits this letter response in support of Plaintiffs' motion to seal portions of Plaintiffs' Reply.

**June 18, 2026**
**Page 4**

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)