USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___06/18/26___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING INC., et al.,

              Plaintiffs,

    -against-

GOOGLE LLC,

             Defendant.

24-CV-4274 (JLR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during the June 18, 2026 discovery conference:

### Discovery Motions

1.     Defendant's May 8, 2026 motion to compel production of plaintiffs' document retention policies (Dkts. 926, 927) is DENIED.

2.     Defendant's May 19, 2026 motion to compel plaintiffs to answer defendant's Interrogatory No. 16 (Dkts. 958, 959) is GRANTED IN PART and DENIED IN PART, as follows:

    a.     Plaintiffs need not answer Interrogatory No. 16 as written.

    b.     However, defendant may prepare and serve an appropriately phrased contention interrogatory (the Reformatted Contention Interrogatory) requiring plaintiffs to identify which of the 7,359 works in suit they contend to be individually eligible for an award of statutory damages under 17 U.S.C. § 504(c), and which are part of "a compilation or derivative work" constituting "one work" under 17 U.S.C. § 504(c)(1) and hence eligible for "but a single statutory damages award." *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 94 (2d Cir. 2016) (quoting 5 Nimmer on Copyright § 14.04[E][1][b]). The parties are encouraged to meet and confer promptly (pre-service) as to the precise wording of the

Reformatted Contention Interrogatory and, in the event of impasse, present the dispute to the Court for resolution.

c.   Plaintiffs must answer the Reformatted Contention Interrogatory no later than **October 2, 2026**.

### Sealing Motions

3.   In response to the Court's concerns regarding the parties' (particularly defendant's) frequent requests to redact the names of employees, vendors, and vendor employees (*see* Dkts. 975, 996), defendant submitted a letter dated June 15, 2026 (6/15/26 Letter) (Dkt. 1010), attaching less-redacted versions of certain filings previously submitted in more heavily redacted form.  Specifically, defendant no longer seeks to redact the names of employees who are also declarants in this action, or the names of its corporate vendors. Defendant maintains its position that, at least during the discovery phase of this action, it should be permitted to redact the names of "Google's Trust & Safety employees as well as the name of an employee at Google's third-party vendor." 6/15/26 Letter at 1.

4.   The Court accepts the less-redacted documents attached to the 6/15/26 Letter. Accordingly, the sealing motions at Dkts. 864, 894, 910, and 937 are GRANTED.

5.   In further response to the Court's concerns, the parties have agreed, when feasible, to identify non-declarant employees by their initials (*e.g.*, "Ms. A," "Mr. B," "Dr. C") in court filings, thereby avoiding the need for redactions and sealing motions (at least as to the employee names). *See* Dkt. 979 at 1 n.1. The Court endorses this approach, and encourages the parties to utilize it in future filings. The parties should of course confer in advance of each filing and provide appropriate notice to one another of individual names that require redaction or the use of initials.

**Extended Discovery Deadlines**

1.    Defendant must identify all fact witnesses it wishes to depose, and serve the required deposition notices, no later than **June 26, 2026**.  Defendant must complete all depositions of fact witnesses no later than **July 23, 2026**.

2.    Plaintiffs advise the Court that they have thus far noticed the depositions of 17 fact witnesses. They must provide defendant with a list of those 17 fact witnesses no later than **June 26, 2026**. If plaintiffs wish to depose any additional fact witnesses, they must identify those witnesses, and serve the required deposition notices, no later than **July 22, 2026**. Plaintiff must complete all depositions of fact witnesses no later than **August 20, 2026**.

3.    The parties must serve any requests for admission, and any interrogatories that fall outside the scope of Local Civ. R. 33.3(a), no later than **July 21, 2026**.

4.    Disclosure of expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), must be made no later than **October 2, 2026**.

5.    Disclosure of expert evidence intended solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party must be made no later than **November 6, 2026**.

6.    Disclosure of any expert evidence intended solely to reply to the rebuttal evidence on the same subject matter must be made no later than **December 1, 2026**.

7.    Depositions of experts must be completed no later than **January 29, 2027**.

8.    All discovery must be completed no later than **January 29, 2027**.

3

**Upcoming Conference**

9.      The next discovery conference will take place on **July 1, 2026**, at **10:00 a.m.**[1] The parties should be prepared to discuss plaintiffs' motion regarding "Google's repeated and meritless objections to multiple critical 30(b)(6) topics." (Dkts. 983, 984). No later than **June 29, 2026**, the parties must submit a joint letter advising the Court as to the status of fact discovery and providing any updates relevant to their outstanding discovery disputes.

The Clerk of Court is respectfully requested to close the motions at Dkts. 864, 894, 910, 926, 927, 937, 958, and 959.

Dated:  New York, New York          **SO ORDERED.**
        June 18, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] During today's conference, the Court provided the parties with several potential dates for the next discovery conference and asked them to select a mutually agreeable date. As of the close of business today, however, the parties had not communicated their selection. Consequently, the Court selected July 1, 2026, at 10:00 a.m. If that date and time is seriously inconvenient for the parties, they may request an adjustment.

4