

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

June 29, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM
>          Parties' Joint Status Letter

Dear Judge Moses,

Pursuant to Your Honor's Order (Dkt. 1037 ¶ 9) and in advance of the upcoming July 1, 2026 discovery conference, counsel for all parties respectfully submit this Joint Status Letter.

## I.    Joint Section

The following motions are pending before the Court.

| No. | Title | Opening | Opposition | Reply |
|-----|-------|---------|------------|-------|
| 1 | Plaintiffs' Motion for Reconsideration of the Court's Dkt. 923 Order | 971 | 995 | 1007 |
| 2 | Plaintiffs' Motion re Google's Refusal to Produce Rule 30(b)(6) Testimony on Certain Topics | 983 | 1001 | 1012 |

Of Plaintiffs' 30(b)(6) topics at issue in Plaintiffs' Dkt. 983 Motion, the parties have reached resolution as to Topics 41 and 59. *See* Dkt. 1012 at n.1.

## II.    Plaintiffs' Section

To date, Plaintiffs have taken seven depositions. Google has scheduled three additional depositions. Google has offered dates for one fact witness, which Plaintiffs are in the process of scheduling. Google has yet to offer a date for five witnesses noticed by Plaintiffs, three of which had been previously scheduled and then cancelled by Google. Google has yet to identify its 30(b)(6) designee(s) for five topics on which Google has agreed to produce testimony: Plaintiffs' 30(b)(6) Topic 2, Topic 3, Topic 34, Topic 40, and Topic 63. Of Plaintiffs' 30(b)(6) topics not at issue in Plaintiffs' Dkt. 983 Motion, Google has agreed to revert with its position on at least eleven topics since at least four weeks (and in most cases, five weeks) ago, but has yet to do so. 26.06.26 O+Z Email. The parties are also attempting to resolve certain document disputes based partially on deposition testimony.

On June 26, pursuant to Dkt. 1037 at 3 ¶ 2, Plaintiffs confirmed the seventeen Google fact witnesses that Plaintiffs have noticed. Dkt. 1037 at 3 ¶ 2. Plaintiffs noticed the fact deposition of Y.J. on June 2. Google emailed Plaintiffs on June 25 sharing some of the concerns it describes

below concerning Plaintiffs' notice of the deposition of Y.J. Plaintiffs are assessing Google's claims.

To date, Google has deposed one Elsevier witness, two witnesses each from McGraw Hill and Cengage, and three Macmillan witnesses. Google has also taken seven third-party depositions. Google will depose two additional Elsevier witnesses on July 1 and 9 (one 30(b)(6) designee and one individual). Additionally, on June 26, Google noticed/subpoenaed the depositions of one Macmillan employee, two Cengage employees (one current and one former), and one third-party. Google seeks to take these additional depositions between July 15 and 23 in various locations. Plaintiffs are reviewing Google's notices/subpoenas.

Plaintiffs agree with Google that the post-discovery conference currently scheduled for September 16, 2026 should be rescheduled. However, rather than adjourning the conference *sine die*, Plaintiffs respectfully suggest that the Court set the post-discovery conference for "approximately one month after the close of discovery," consistent with Judge Rochon's Individual Rule § 2(D), at the Court's convenience. The Court has set January 29, 2027 as the close of discovery. Dkt. 1037 at 3 ¶ 8.

## III.    Defendant's Section

Since the parties' June 16, 2026 Joint Letter, Dkt. 1016, the parties have continued to make meaningful progress toward completing depositions.

*Google*.  Since June 16, Google has (i) completed a Rule 30(b)(6) deposition of third party VitalSource on June 17; (ii) completed two Rule 30(b)(6) depositions of Macmillan on June 23 and 25; and (iii) completed a Rule 30(b)(6) deposition of third party Corsearch on June 26.  Google will depose another Rule 30(b)(6) witness of third party Corsearch on June 30.  The parties have also scheduled the deposition of one of Elsevier's Rule 30(b)(6) designees for July 1 and one of Elsevier's employees for July 9.  In accordance with the Court's June 18 Order, Dkt. 1037, Google served a notice of four additional depositions on June 26.

*Plaintiffs*.  Since June 16, Plaintiffs have (i) deposed two dual-capacity Google employees (on June 17 and 24) (using a total of 18 hours of record time), and (ii) deposed another Google employee on June 25.  Google has now offered Rule 30(b)(6) testimony on over 20 of Plaintiffs' noticed topics.[1]  Additional depositions of Google employees or former employees are scheduled for tomorrow (June 30), July 16, and July 21.  The Google employee whom Plaintiffs will depose on July 16 will offer Rule 30(b)(6) testimony on ten additional topics.  After the completion of her deposition, Plaintiffs will have taken approximately 44 hours of testimony from five of Google's corporate designees.  On June 26, Plaintiffs identified to Google the 17 fact depositions they either have already taken or plan to take.[2]  *See* Dkt. 1037.  Google is working to schedule the remainder

---

[1] In deposing Google's 30(b)(6) witnesses, Plaintiffs continue to refuse to clarify whether Plaintiffs' counsel is asking a witness a question in their corporate or personal capacity.  Plaintiffs' refusal to do so is inexplicable—it hurts both parties when Google's witnesses do not know what capacity they are testifying in and wastes everyone's time when Google is required to ask these clarifying questions (and object where needed) on the record.

[2] Plaintiffs have noticed 22 depositions; thus, there remain five noticed depositions that Plaintiffs have yet to formally withdraw (but are not included in their June 26 list).  It is thus unclear whether Plaintiffs intend to fill any of their three remaining deposition spots with three of these previously noticed individuals, or with yet-to-be-identified deponents.

of the noticed U.S.-based depositions; however, Plaintiffs have rejected several dates proposed by Google and continue to push for even more 30(b)(6) testimony (including but not limited to those topics in Dkt. 983)—all of which have made it difficult for Google to schedule the outstanding depositions.  Nonetheless, Google has attempted to work collegially with Plaintiffs to address these issues to avoid burdening the Court.

Google intends to file a letter motion for a protective order precluding the "noticed" deposition of Y.J., who is not an employee of Google LLC and resides in Europe.  Google has explained to Plaintiffs that their notice of deposition to Y.J. is ineffective because Y.J. is not a "managing agent" of Google, and taking Y.J.'s deposition in his country would be illegal under the laws of his country.  Google has also explained that taking Y.J.'s deposition is disproportionate to the needs of the case in light of testimony that Plaintiffs have received or will receive from other Google employees on the same subject matter.

*Post-Discovery Conference Date.*  A "post-discovery conference" is currently scheduled for September 16, 2026, Dkt. 222 at 3, which now falls before the scheduled close of discovery, Dkt. 1037 at 3.  Google proposes that the Court adjourn the September 16 conference *sine die*, with a date to be set after January 29, 2027.

Respectfully submitted,


/s/ *Sarah A. Tomkowiak*

Sarah A. Tomkowiak
Latham & Watkins LLP
*Counsel for Google*

/s/ *Michele H. Murphy*

Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
*Counsel for Plaintiffs*