

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

**WASHINGTON – NEW YORK**

July 9, 2026

**<u>VIA ECF</u>**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

> **Re:** **_Cengage Learning, Inc. et al. v. Google LLC_, No. 24:cv-04274-JLR-BCM**
> **Plaintiffs' Letter Motion to Compel Google to Name its 30(b)(6) Witness(es)**

Dear Judge Moses,

We represent all Plaintiffs. We write to request that the Court order Google to designate its 30(b)(6) witness(es) for the remaining topics covered in this Court's July 6 Order in advance of an upcoming dual-capacity deposition on July 16. Google admits that it intends to designate at least one additional 30(b)(6) witnesses to address these topics. Google, however, refuses to name those witness(es) until *after* the next dual-capacity witness in this case testifies on July 16. Why? Because under the Court's order (Dkt. 996 ¶ 2(a)), the time-limit for dual-capacity witnesses is fungible: the total limit for all dual-capacity witnesses is 9 hours multiplied by the number of dual-capacity witnesses, and Plaintiffs can allocate those total hours among the witnesses as Plaintiffs choose. Google is refusing to designate its additional 30(b)(6) witness(es) so that Plaintiffs cannot use some of that additional time at the upcoming dual-capacity deposition on July 16. This is inappropriate. Google should be ordered to designate its additional 30(b)(6) witness(es) by 12 PM[1] on July 13.

The Court has ordered that for dual-capacity witnesses, each side is entitled to take a total of nine hours of testimony multiplied by the number of dual-capacity witnesses, which can be allocated among those witnesses as the deposing party chooses. Dkt. 996 ¶ 2(a). E.g., if a party designates two dual-capacity witnesses, the deposing party may take a total of 18 hours of testimony from those two witnesses, but could take 10 hours with one witness and 8 with the other. Since the Court's ruling, Google has designated three dual-capacity witnesses, resulting in 27 hours of dual-capacity deposition testimony that Plaintiffs may take. Plaintiffs have taken the deposition of two dual-capacity witnesses for 18 hours and 20 minutes in total, who were designated on a combined seventeen topics.

The deposition of a third dual-capacity witness is scheduled for next Thursday, July 16. This witness is the designee for several important and extensive topics, including all of the ads data that Google produced (some 10 billion entries showing the ads Goole promoted on behalf of the pirates at issue), Google's ebook "ban" and its impact, the "conversion tracking" feature whereby Google records whether the user who clicked on a pirate's ad actually bought the pirated

---

[1] Plaintiffs request that the deadline be set at 12 PM, rather than midnight, so that Plaintiffs can meet the Court's July 13 deadline to estimate the time needed for the July 16 deposition, Dkt. 996 ¶ 2(c).



Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

book, why Google did not suspend merchants or take down ebook ads despite a nominal "ban," the "automated bidding" feature whereby Google places bids for ad space on behalf of the pirates, and how Google generates revenue from its Shopping platform. This includes additional topics on which the Court recently ordered Google to provide testimony, and for which Google designated Ms. Fine on July 7. Because of the breadth of these topics, Google is attempting to limit the length of this testimony below what the Court ordered by simply not identifying additional designees.

Google informed Plaintiffs that Google will designate at least one additional 30(b)(6) witness to address several of the 30(b)(6) topics for which the Court recently ordered Google to prepare a witness (Dkt. 1047): Topics 10, 23, 28, 36(f), 36(k). 2026.07.07 LW Email. Plaintiffs need Google to designate its 30(b)(6) witness so that Plaintiffs will know whether this will be a dual-capacity witness, which would increase the time-limit for the July 16 deposition. But Google did not identify its designee(s), and indeed refused to identify them until July 21, one day before Plaintiffs' deadline to identify remaining fact witnesses to Google. 2026.07.08 LW Email; Dkt. 1037 at 3 ¶ 2.[2] Moreover, per the Court's order (Dkt. 996 ¶ 2(c)), Plaintiffs will need to provide a good-faith estimate of the amount of time they expect to examine that witness by July 13. Plaintiffs cannot do so without knowing the time-limit for the deposition.

Google, unfortunately, has been playing these games for months. Google already has cancelled the deposition of the July 16 witness *three times*. *See*, *e.g.*, Dkt. 1016 at 2. More than two months ago, Google said it would designate a witness for one topic (Topic 34), but still hasn't. For eight topics (Topic 1, Topic 2, Topic 3, Topic 4, Topic 7, Topic 32, Topic 72, Topic 73), Google waited more than a month to respond to Plaintiffs' compromise offers. For three topics (Topic 35, Topic 40, and Topic 45), Google *still* has not responded to Plaintiffs' offers. And Google still has not provided dates for three fact-witnesses that Plaintiffs noticed months ago. The Court should put an end to Google's continuous foot-dragging.

Plaintiffs intend to proceed with the July 16 deposition, but reserve their rights to recall the witness should Google 1) fail to identify its remaining 30(b)(6) topic designee(s) by July 13, and then 2) attempt to terminate the deposition after 8 hours and 40 minutes, relying on its own refusal to timely designate witnesses.

To facilitate the orderly and fair administration of the Dkt. 996 Order, Plaintiffs respectfully request that the Court order that by July 13 at 12 PM, Google must designate its witness(es) for the remaining 30(b)(6) topics on which Google has been ordered to produce testimony.

Respectfully submitted,

*/s/ Jeff Kane*
Jeff Kane

---

[2] Plaintiffs conferred with Google regarding this (and other issues) on July 9, 2026 for 25 minutes. The participants were Yunyi Chen, Jeff Kane, and Uriel Lee (Plaintiffs' Counsel) and Roberto Borgert, Caroline Clarke, and Sarah Tomkowiak (Google's Counsel).