**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

July 9, 2026

<u>VIA ECF</u>

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Letter Motion for Discovery Conference Regarding Motion for Protective Order
> Concerning Plaintiffs' Notice of Deposition of Y.J.</u>

Dear Judge Moses:

Plaintiffs improperly served a deposition notice on Google LLC ("Google") to depose Mr. J, a Swiss resident who works for a foreign Google entity and is not a Google employee. Because Mr. J is not subject to deposition by notice under Rule 30(b)(1), Plaintiffs' notice is ineffective.  The Court should issue an order stating that if Plaintiffs wish to obtain Mr. J's testimony, they must use Hague Convention procedures.

If the Court disagrees and finds that Plaintiffs may notice Mr. J's deposition under Rule 30(b)(1), the Court should issue a protective order because the burden of conducting a deposition in Switzerland (or elsewhere) is disproportionate given the tangential relevance of his testimony. Plaintiffs seek to depose Mr. J on a narrow topic that is irrelevant to whether Plaintiffs can satisfy the high standard for contributory copyright infringement.  There is no reason to impose the extraordinary burden of an international deposition to pursue peripheral testimony on matters covered by domestic witnesses, including a witness Plaintiffs already deposed and a corporate designee Plaintiffs are scheduled to depose next week.[1]

Google asked Plaintiffs to extend Mr. J's July 10 noticed deposition date to the end of July so Plaintiffs could assess their "need" for his deposition on a more complete evidentiary record following next week's Rule 30(b)(6) deposition.  Plaintiffs refused, forcing Google to seek relief now.

***Background.***  On June 2, Plaintiffs noticed Mr. J's deposition under Rule 30(b)(1) (the "Notice").  Declaration of Sarah Tomkowiak ("Decl.") ¶ 3.  Google objected to the Notice on June

---

[1] Even if Plaintiffs' counsel wishes to take the deposition remotely—as they did for a Europe-based Google corporate designee—Google's counsel has a right to defend the deposition in person. And to the extent Mr. J would be physically located in Switzerland for a remote deposition, that would run afoul of the Hague Convention procedures and Swiss law.

**LATHAM&WATKINS**LLP

25. *Id*. Mr. J is not a Google LLC employee; he lives in Switzerland and works for Google Switzerland GmbH. *Id*. ¶ 4. He is not identified in either party's initial disclosures, is not a document custodian, and has not been designated as a corporate representative. *Id*. ¶ 5. During the approximately 60 hours of deposition testimony Plaintiffs have taken to date, Mr. J was mentioned only once prior to being "noticed." *Id*. ¶ 9. Plaintiffs have represented that the purpose of deposing Mr. J is to seek testimony concerning "why exactly Google decided that e-books should be banned in paid ads but not in free ads." Dkt. 998, Hr'g Tr. at 53:19-25 (June 8, 2026). Plaintiffs got that answer during the deposition of a former Google employee, Mr. Vishal Jain. Mr. Jain testified that ███████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████. *See* Ex. 1 at 24:7-10; 25:2-15. And Plaintiffs will have the opportunity to depose additional Google employees on the same topic, including a Google Rule 30(b)(6) corporate designee on July 16. Decl. ¶¶ 6-7. Google asked Plaintiffs to postpone Mr. J's July 10 deposition date to avoid unnecessary motion practice, but Plaintiffs refused. *Id*.

   ***Plaintiffs' Notice is Ineffective.*** Under Rule 30(b)(1), "a specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition." *Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *2 (S.D.N.Y. May 31, 2002). But "[a] corporate employee or agent who does *not* qualify as an officer, director, or managing agent is not subject to deposition by notice." *Id*. (emphasis added). "Such an employee is treated as any other non-party witness, and must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure; or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized." *Id*. Plaintiffs have "the burden of providing enough evidence to show that there is at least a close question whether the proposed deponent is a managing agent." *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994). But the "case for tilting [the analysis] in favor of the examining party is less strong . . . where the proposed deponent is not an employee of the opponent and may, in fact, be beyond its control." *Id*. at 414; *see also Cambridge Cap. LLC v. Ruby Has LLC*, 2022 WL 889143, at *1-2 (S.D.N.Y. Mar. 24, 2022) (same).

   Plaintiffs cannot meet their burden. Mr. J is not an officer, director, or managing agent of Google. He is not even an employee of Google LLC. If Plaintiffs wish to obtain his testimony, they must do so using the Hague Convention procedures.[2] Indeed, because Mr. J resides in Switzerland, Plaintiffs' attempt to depose him via "notice" threatens to violate Swiss law. "The Swiss penal code precludes utilization of discovery methods prescribed by the Federal Rules and makes it a crime for an attorney to conduct a private deposition" in Switzerland. *City of Almaty, Kazakhstan v. Ablyazov*, 2017 WL 11699076, at *5-6 (S.D.N.Y. June 7, 2017) (finding that Hague Convention procedures provide effective means of obtaining testimony). Allowing Plaintiffs to

---

[2] Switzerland is a party to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. *See Switzerland*, U.S. Dept. of State, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Switzerland.html.

LATHAM&WATKINS LLP

depose Mr. J in Switzerland outside the Hague Convention procedures threatens to impose criminal liability on Plaintiffs' counsel, and potentially Google's counsel and Mr. J.

   ***Plaintiffs' Notice is Overly Burdensome and Disproportionate***.   Even if Mr. J were subject to deposition by Rule 30(b)(1) notice, allowing Plaintiffs to take his deposition would be burdensome and disproportionate to the needs of the case.   "The scope of discovery is not limitless."  *Envirosafe Servs., Inc. v. Envirosure Mgmt. Corp.*, 1988 WL 62876, at *1 (W.D.N.Y. June 9, 1988).  Discovery must be "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1). Rule 26 requires courts to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).  And a court may issue a protective order where there is "good cause" to safeguard a party or witness "from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Such good cause exists here.

   *First*, the Notice imposes an undue burden.  As noted, ordering Plaintiffs to depose Mr. J in Switzerland, outside the Hague Convention, carries the risk of criminal liability for all involved. Ordering Mr. J to be deposed outside of Switzerland is overly burdensome considering his peripheral relevance.  Plaintiffs noticed Mr. J's deposition just two-and-a-half weeks before the only London-based deposition (of a Swiss witness Google affirmatively designated as a Rule 30(b)(6) representative) was scheduled.  Rather than postpone that deposition until the parties' dispute over the Notice was resolved, (i) the corporate designee; (ii) Google's in-house counsel; and (iii) Google's outside counsel spent multiple days traveling for that deposition.  Decl. ¶ 8. Mr. J is not a Google 30(b)(6) witness.  Requiring Google to spend similar resources to defend a non-employee witness, while also defending at least eight Google employees in depositions around the country over the next month-and-a-half, is unduly burdensome.  *Id.*

   *Second*, the burden of the Notice is disproportional.   "Proportionality focuses on the marginal utility of the discovery sought."  *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 1088020, at *8 (S.D.N.Y. Feb. 12, 2018) (Moses, J.) (citation omitted).   "Thus, '[p]roportionality and relevance are "conjoined" concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate,' and *vice versa*."  *Id.* (citation omitted).  Plaintiffs' main goal in deposing Mr. J is to learn why Google applied the "ebook ban" to Shopping ads but not to free listings.  That has nothing to do with the core issues here, i.e., (1) whether Google actively "encourages infringement through specific acts" and (2) whether the Google Shopping platform is a service "tailored to infringement."  *Cox Comm'cns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 967 (2026); *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1399-401 (2026) (describing "boundaries of a plausible induced-infringement claim"); *see also* Dkt. 843 at 19-20 (explaining why Plaintiffs' theory of liability fails).  The extremely low likelihood of discovering relevant testimony does not justify imposing undue burden on Google and a non-party witness.  *See Carambot v. New York City Health & Hosps. Corp.*, 2026 WL 99994, at *6 (S.D.N.Y. Jan. 13, 2026) (Moses, J.) (granting protective

LATHAM&WATKINS LLP

order precluding depositions of witnesses with minimal relevant knowledge to prevent "undue burden or expense").

The need for a protective order is particularly acute here since Plaintiffs have yet to take eight other noticed depositions and have three more depositions available. One or more of those remaining depositions may well satisfy Plaintiffs' stated goal for Mr. J's deposition, rendering the burden of deposing a witness abroad unnecessary. Indeed, Google has already informed Plaintiffs that it is preparing a dual-capacity witness designated as Google's corporate representative on topics relating to the "ebook ban," including on why Google applied the "ebook ban" to paid Shopping ads but not to free listings on Google Shopping. Decl. ¶ 6. And Plaintiffs already received an answer to that question from a former Google employee. *See supra* at 2. Basic principles of proportionality require Plaintiffs to exhaust less burdensome discovery avenues— including the numerous domestic depositions not yet taken—before seeking to impose the extraordinary burden of an international deposition of a non-party witness. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Jones v. Hirschfeld*, 219 F.R.D. 71, 77-78 (S.D.N.Y. 2003) (granting protective order motion "in light of the existence of other individuals with primary knowledge of the matters at issue, [party's] failure even to attempt to seek their testimony, and the absence of any basis for believing [proposed deponent] has non-privileged information regarding any relevant matter").

The court's decision in *In re: Benicar (Olmesartan) Products Liability Litigation* is instructive. 2016 WL 5817262 (D.N.J. Oct. 4, 2016). There, plaintiffs moved to compel the depositions of two employees of a European affiliate. *Id.* at *1, *3. The court held that, because those witnesses were non-party employees and were not an "officer, director, or managing agent of a corporate party . . . their depositions may not be compelled." *Id.* at *3. And the court held that there was not "good cause to depose" the witnesses. *Id.* at *5. The court explained that possessing "relevant knowledge" "is not the touchstone for whether [the witnesses] should be deposed." *Id.* Instead, the court emphasized that, because the witnesses would likely address information that had "already been covered at other depositions," "the burden and expense associated with taking the requested foreign depositions outweighs the likely benefit of the requested testimony." *Id.* at *5-6 (finding plaintiffs "have not shown this information was not available from other witnesses").

As in *Benicar*, Mr. J is not a Google LLC employee; he is employed by a Swiss entity. And Plaintiffs have not shown that the information they seek is "singularly possessed" by Mr. J or unavailable from other witnesses. *Id.* at *6. Even if Mr. J possessed "relevant knowledge," that "is not the touchstone" for whether he should be deposed; the question is whether the burden and expense of a foreign deposition outweighs the likely benefit. Here, the answer is yes. Indeed, if "the Court permitted depositions to be taken to answer every conceivable question litigants raise, and fill every 'gap' a party raises, discovery would never end." *Id.* at *5-6.

For these reasons, the Court should issue a protective order.

**LATHAM&WATKINS**LLP

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*

Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:     All Counsel of Record (via ECF)