**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | Case No. 1:24-cv-04274-JLR-BCM |

**ATTORNEY DECLARATION OF SARAH TOMKOWIAK**

I, Sarah Tomkowiak, declare that:

1.      I am a partner at the law firm Latham & Watkins LLP, and counsel for Google LLC ("Google") in this matter.

2.      I submit this declaration in connection with Google's Letter Motion for Discovery Conference Regarding Motion for Protective Order Concerning Plaintiffs' Notice of Deposition of Y.J.

3.      On June 2, 2026, Plaintiffs served a Notice of Deposition of Y.J. (the "Notice") under Federal Rule of Civil Procedure 30(b)(1), scheduling the deposition for July 2, 2026.  On June 25, 2026, Google's counsel informed Plaintiffs' counsel that Google objected to the Notice. On June 30, 2026, Plaintiffs agreed to extend the noticed deposition to July 9, 2026.  On July 7, 2026, Plaintiffs agreed to extend the noticed deposition to July 10.

1

4.      I understand that Y.J. is not an employee of Google LLC; he resides in Switzerland; and he is an employee of Google Switzerland GmbH, a separate entity from Google LLC.

5.      Y.J. is not identified in either party's initial disclosures, is not a document custodian in this litigation, and has not been designated by Google as a corporate representative under Rule 30(b)(6).  He has also not submitted a declaration in this case.

6.      I understand that my colleague Roberto Borgert met-and-conferred with Plaintiffs' counsel regarding the Notice on July 7, 2026.  The parties were unable to reach agreement on whether Y.J. qualifies as a managing agent or on the relevance, burdensomeness, and proportionality of the noticed deposition.  During the meet-and-confer, and in an effort to avoid motion practice, Mr. Borgert indicated that Google is preparing a Rule 30(b)(6) witness on the topic of why Google applied the "ebook ban" to paid Shopping ads but not to free listings on Google Shopping.  That Rule 30(b)(6) deposition is scheduled for July 16.  Mr. Borgert asked that Plaintiffs postpone Y.J.'s noticed deposition date to after July 16, so Plaintiffs could assess whether they still wanted to depose Y.J. following the July 16 Rule 30(b)(6) deposition.

7.      Mr. Borgert sent Plaintiffs' counsel a written proposal on July 8, 2026.  Consistent with Google's position on the July 7 meet-and-confer, Google proposed that Plaintiffs extend the noticed date for Y.J.'s deposition to July 31 so Plaintiffs could assess whether they still wished to depose Y.J. following the July 16 deposition.  Plaintiffs could then provide their final deponent list on July 22.  Google stated that if Plaintiffs continued to seek Y.J.'s deposition, Google would move for a protective order.  In an effort to reach a compromise and avoid unnecessary motion practice, Google offered that, if Plaintiffs agreed to postpone the noticed date of Y.J's deposition, and Google ultimately prevailed on its motion for a protective order, Google would not object to Plaintiffs deposing an alternative witness in place of Y.J., provided Plaintiffs identified that

alternative witness by July 22.  Google also indicated that its offer required that Plaintiffs agree that the deposition of either Y.J. or Plaintiffs' alternative witness could occur after August 20. Plaintiffs rejected Google's compromise offer.

8.      Last month, a witness located in Switzerland and designated by Google as a Rule 30(b)(6) representative traveled to London for his deposition.  Google's in-house and outside counsel also traveled to London from San Francisco and Washington, D.C., respectively, for the witness's deposition.  Over the next month-and-a-half, Google is defending at least eight Google employees in depositions around the country.

9.      Plaintiffs have taken approximately 60 hours of deposition testimony in this matter, and Y.J. was mentioned only once prior to being noticed.

10.      Attached as **Exhibit 1** is a true and correct copy of an excerpt of the deposition of Mr. Vishal Jain.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.


Executed July 9, 2026, in Sunrise Beach, Missouri

_/s/ Sarah A. Tomkowiak_____
Sarah A. Tomkowiak

3