**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

July 10, 2026

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:  *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
Letter Motion in Opposition to Plaintiffs' Letter Motion to Compel Google to
Name its 30(b)(6) Witness(es) (Dkt. 1051)

Dear Judge Moses:

The Court should deny Plaintiffs' request (Dkt. 1051) to set an arbitrary deadline for Google to designate corporate representative(s) on certain Rule 30(b)(6) topics.  Plaintiffs accuse Google of refusing to provide the names of 30(b)(6) witness(es) to prevent Plaintiffs from using additional record time during the upcoming July 16 deposition of a dual-capacity witness.  Not true.  To avoid unending Rule 30(b)(6) depositions (particularly in light of the August 20 deposition deadline), Google is simply endeavoring to identify a <u>single</u> witness who can competently handle all outstanding topics, and has not yet identified who that individual will be.[1] Google is continuing to investigate and needs additional time to make its selection, in large part because the Parties are *still* negotiating certain of Plaintiffs' 73 Rule 30(b)(6) topics.  Indeed, the Parties conferred on 12 topics just yesterday (11 of which Plaintiffs did not include in their June 1 motion to compel) and Plaintiffs now say they will file another motion if Google does not accede to their demands.  Plaintiffs' expectation that Google continue to identify corporate designees in a piece-meal fashion[2] while negotiations are ongoing is unreasonable.

---

[1] Identifying appropriate corporate representatives takes time, particularly given the breadth and number of 30(b)(6) topics and the number of Google departments implicated by those topics.  Of the topics on which the Court ordered Google to provide corporate testimony in its July 6 ruling, Google has identified Ms. F. (the July 16 witness) as its designee for three of them and is continuing to identify an appropriate designee for the remainder.

[2] Plaintiffs repeatedly have insisted that Google identify and schedule the depositions of corporate representatives, only to demand testimony on additional 30(b)(6) topics afterwards, forcing Google to continuously identify new corporate representatives (and allowing Plaintiffs to obtain additional record time).  To date, Plaintiffs have taken over 34 hours of testimony from four 30(b)(6) witnesses on over 20 topics.

LATHAM&WATKINSLLP

Plaintiffs' demand is a transparent attempt to exploit the Court's June 8 Order regarding dual-capacity witnesses and increase the amount of record time for the July 16 deposition of the last currently scheduled dual-capacity witnesses.  Plaintiffs' letter motion is premised on their purported need to know "*whether*" the remaining 30(b)(6) designee(s) will be dual capacity, "which will increase the time-limit for the July 16 deposition." Dkt. 1051 at 2.  But Plaintiffs have made clear that regardless of who Google designates, Plaintiffs will ensure that the individual is a dual-capacity witness in order to increase their total 30(b)(6) record time (and not because they actually require testimony from the witness in his or her personal capacity).  *See* O+Z July 7, 2026 Email ("Plaintiffs expect that either the [to-be-noticed] 30(b)(6) witness would be an existing fact witness, or that the 30(b)(6) witness would possess knowledge of facts relevant to issues in this case such that Plaintiffs would name them as a fact witness. We therefore understand the combined time-limit for Ms. F[.] and the unnamed 30(b)(6) witness to be 17 hours and 40 minutes[.]").[3]  That goal is underscored by Plaintiffs' offer, made prior to filing their Letter Motion, that Google simply agree that the total amount of record time available for the July 16 witness is 17 hours and 40 minutes (i.e., nine hours on top of the eight hours and 40 minutes they currently have left for the deposition), but not actually identify another corporate designee.  (Google declined.)

Plaintiffs have wasted countless hours of these dual-capacity depositions, asking questions that exceed the scope of the witnesses' heavily negotiated testimony and to which they already know the answers from fact witnesses or other designees.  They had twenty-seven hours of record time to use with the three dual-capacity witnesses on calendar after the Court's June 8 Order.  They have eight hours and 40 minutes left for the July 16 deposition, which is more than enough time to cover Ms. F.'s 12 topics, several of which overlap with topics covered by other witnesses deposed in their personal and corporate capacity.

Without an overall hours cap on Rule 30(b)(6) testimony, and an already very crowded deposition schedule, Google is trying hard to find a single witness who can cover all remaining 30(b)(6) topics.  Google has offered to do so by July 21, in advance of Plaintiffs' deadline to identify remaining fact witnesses, so that if they wish to again take advantage of the Court's dual-capacity ruling and notice that designee in his or her personal capacity (if not an existing fact witness), they can.  As stated above, the reason Google has not yet done so is because the full scope of 30(b)(6) topics is not set.  Plaintiffs have refused almost all of Google's compromise offers and keep moving the goal posts.  As just one example, Plaintiffs noticed two extremely broad topics concerning how ads are created and appear on Google Shopping.  *See* Dkt. 985-2 at 7 (Topics 2 and 3).  Understanding the Topics to refer to Shopping ads (i.e., Google's paid ads) based on Plaintiffs' representations, Google sought to identify individuals familiar with the process for paid Shopping ads.  But now Plaintiffs claim that the Topics are meant to cover not only paid Shopping ads, but free listings as well—a separate product that would require familiarity from

---

[3] Plaintiffs have already exploited this aspect of the Court's ruling on dual-capacity witnesses. After the Court's June 8 Order, Plaintiffs immediately noticed a 30(b)(1) deposition for one of Google's 30(b)(6) designees (Ms. B.) to take advantage of the dual-capacity ruling, despite later acknowledging at the July 1 hearing that she "did not have personal knowledge" of many relevant topics because "she only started working on the DMCA program in March of 2025."  Hr'g Tr. at 17:21-23 (July 1, 2026); *see also id.* at 81:13-17.

LATHAM&WATKINS LLP

different employees.  In another example, Plaintiffs now insist that Google present a witness on its misrepresentation policy, even though one of Google's dual-capacity witnesses already testified on this topic in a deposition that lasted over eight hours on the record.

The Court should deny Plaintiffs' motion.  Under the clear language of the Court's June 8 Order, Plaintiffs have 8 hours and 40 minutes available for Ms. F.'s deposition.  At the June 8 hearing, the Court explained that the nine hour limit would provide Plaintiffs with the "flexibility to decide which of these witnesses needs ten hours and which of these witnesses only needs six hours, as long as it comes out at the end of the day with no more than nine hours per witness." Hr'g Tr. 81:4-7 (June 8, 2026).  Plaintiffs chose to exceed nine hours on the record with another 30(b)(6) witness deposed in late June (and took approximately 9 hours of testimony from a third dual-capacity witness in mid-June).  Google should not be forced prematurely to designate its (hopefully last) corporate representative while negotiations are ongoing because Plaintiffs failed to plan appropriately and now wish they had reserved additional time for Ms. F.'s deposition.

In the alternative, Google requests that the Court order that Plaintiffs may not use their remaining 30(b)(1) depositions to notice the depositions of individuals Google designates as 30(b)(6) witnesses or that the Court otherwise put an hours limit on remaining 30(b)(6) testimony.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)