

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
jkane@oandzlaw.com

July 12, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

> **Re:** *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
> **Plaintiffs' Reply ISO Plaintiffs' Letter Motion to Compel Google to Name
> its 30(b)(6) Witness(es)**

Dear Judge Moses,

We represent all Plaintiffs in this matter. We write in support of Plaintiffs' Motion (Dkt. 1051) to Compel Google to Name its 30(b)(6) Witness(es), and in response to Google's opposition (Dkt. 1057) to same.

Google claims that its refusal to designate its remaining 30(b)(6) witness(es) prior to the upcoming July 16 dual-capacity deposition is motivated by Google's struggle to find a suitable witness, not by its desire to reduce the time-limit for the July 16 deposition. Google's claim is unpersuasive. Eleven days have passed since the Court ordered Google to prepare a witness on these topics. Google has been litigating this case for more than two years, and has already spoken with at least twenty Google employees whom Plaintiffs have noticed. Google has had Plaintiffs' 30(b)(6) topics since January 30. And the topics on which the Court ordered testimony have been known to Google for much longer. For example, the zero-strike policy (Topic 10) has been the subject of multiple prior motions to compel (e.g., Dkts. 185 at 5–6, 237 at 4, 650 at 1–2). Google's data concerning its overall DMCA program (Topic 23) was produced in November of 2025. The merchant data from a particular Google system (Topic 28) has been the subject of conferrals for months. And the parties conferred about additional topics on July 9 only because Google took more than a month to provide its position on numerous topics. Dkt. 1051 at 2. Google's claim that it needs more time to identify a witness is merely a fig leaf for its attempt to circumvent the Court's time-limits for dual-capacity depositions. Requiring Google to designate its 30(b)(6) witness by July 13 at 12 PM is perfectly reasonable.

Google is correct that Plaintiffs have stated to Google what would be obvious to anyone: Plaintiffs likely will name as a fact witness the 30(b)(6) witness that Google designates to discuss these topics. This is not unusual. 30(b)(6) witnesses often are fact witnesses as well. For example, in this very case, four of Google's five 30(b)(6) designees (K.A., Christophe Weibel, A.L., and C.F.) were fact witnesses already prior to their designation as 30(b)(6) witnesses. Google's fifth 30(b)(6) witness, S.B., was named as a fact witness after her designation. This turned out to be appropriate; e.g., the witness had personal knowledge of an extremely probative investigation that Google undertook relating to the issues in this case. Dkt. 1048 at 123:15–124:6.

Hon. Barbara Moses
July 12, 2026
Page 2 of 2

Finally, Google claims that it needs more time to identify a 30(b)(6) witness because Google was surprised to learn that two of Plaintiffs' 30(b)(6) topics include *free* ads (in addition opposed to *paid* ads). Dkt. 1057 at 2–3. This has no merit. Plaintiffs' complaint defines Shopping Ads to include both paid and free ads (Dkt. 38 ¶ 37). Plaintiffs' 30(b)(6) topics do the same (Dkt. 985-2 ¶ 27, Topic 2, and ¶ 16), as does Google's amended answer (Dkt. 271 ¶ 37), and Google's responses and objections to Plaintiffs' First RFP (Dkt. 47-2 ¶¶ 31, 33). The ads data Google produced includes both paid and free ads. And indeed, last May, Google agreed that the July 16 dual-capacity witness (C.F.) would testify regarding Google's decision not to apply its ebook ban to *free* ads, as well its decision to apply the ban to *paid* ads. 26.05.28 Latham email.

The Court should order that by July 13 at 12 PM, Google must designate its witness(es) for the remaining 30(b)(6) topics on which Google has been ordered to produce testimony.

/s/ *Jeff Kane*
Jeff Kane

*Counsel for Plaintiffs*