**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

July 16, 2026

**<u>VIA ECF</u>**

The Honorable Jennifer L. Rochon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

> Re:  *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Notice of Supplemental Authority in Support of Google's Motion for Judgment
> on the Pleadings</u>

Dear Judge Rochon:

We represent Defendant Google LLC in the above-captioned matter.  We write to notify the Court of a number of recent decisions that provide further support for Google's pending motion for judgment on the pleadings on Plaintiffs' contributory copyright infringement claim.  These cases reflect a growing consensus that allegations like Plaintiffs', which focus on a defendant's mere failure to take sufficient action to stop infringement from misuse of its services, do not state a claim for contributory copyright infringement.

In *Lee v. SBS Corp.*, for example, the plaintiff sued eBay asserting that eBay was a contributory copyright infringer because it "knowingly allowed listings of infringing TJ Karaoke devices to remain active on its website despite having the ability to remove the listings."  2026 U.S. Dist. LEXIS 153305, at *6 (C.D. Cal. July 9, 2026) (attached as Exhibit 1).  The court rejected that theory.  It found that the plaintiff's "allegation [wa]s insufficient to state a claim for contributory infringement under an inducement theory because Plaintiff has not alleged that Defendant actively encouraged infringement through specific acts, *such as by advertising an infringing use of its services*" or "that *the 'principal object' of Defendant's online marketplace* is the sale of infringing products."  *Id.* at *6-7 (emphasis added) (quoting *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 967 (2026)).  Likewise, the court found the plaintiff failed to "plausibly allege[] that Defendant's online marketplace is tailored to infringement," because "Plaintiff merely allege[d] that Defendant 'has the ability to control infringing listings but has failed to take effective action,' not that Defendant's service is incapable of substantial or commercially significant noninfringing uses."  *Id.* at *7 (alterations modified) (citation omitted).

Two other courts recently granted summary judgment in defendants' favor in cases involving similar circumstances.  *See Epidemic Sound, AB v. Meta Platforms, Inc.*, 2026 WL 2021347, at *35-39 (N.D. Cal. July 13, 2026) (attached as Exhibit 2); *United King Film Distrib.*

*(1990) Ltd. v. Moonpay USA LLC*, 2026 WL 2013958, at \*7 (S.D. Fla. July 13, 2026) (attached as Exhibit 3). And just a few weeks ago, several plaintiffs agreed to voluntarily dismiss their contributory copyright infringement claims against OpenAI that were based on the material contribution theory of infringement, recognizing those claims could no longer survive *Cox*. *See* Dkts. 1590-1, 1598-1, 1606 & 1608-1, *In re: OpenAI, Inc. Copyright Infringement Litig.*, No. 1:25-md-03143 (S.D.N.Y.).

All of this underscores that the Court should grant Google's motion and dismiss Plaintiffs' contributory infringement claim with prejudice. That claim does not survive *Cox* and should proceed no further.

Respectfully,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)