# EXHIBIT 1

# Lee v. SBS Corp.

United States District Court for the Central District of California

July 9, 2026, Decided; July 9, 2026, Filed

2:26-cv-03144-MCS-E

**Reporter**

2026 U.S. Dist. LEXIS 153305 *; 2026 LX 361458

Lee v. SBS Corp.

**Counsel:  [*1]** Beom SU Lee, Plaintiff, Pro se, Los Angeles, CA.

For eBay Inc., Defendant: Ian C Ballon, Greenberg Traurig LLP, Los Angeles, CA; Lori Chang, Greenberg Traurig, Los Angeles, CA.

For GOOGLE LLC, Youtube LLC, Defendants: Benjamin Margo, Wilson Sonsini Goodrich and Rosati, New York, NY; Jiayue He, Wilson Sonsini Goodrich and Rosati, Los Angeles, CA.

For IBK New York Branch, Defendant: Timothy B Yoo, LEAD ATTORNEY, Bird Marella Rhow Lincenberg Drooks and Nessim LLP, Los Angeles, CA.

For Jeonju Television Co. LTD., doing business as, Jeonju Television Co. LTD., JTV, Kakao Entertainment Corp., doing business as, Kakao Entertainment Corp., Melon, KT Music Corp., doing business as, KT Music Corp., Genie, MBC Corp., Munhwa Broadcasting Corporation, MBN Inc., NHN Bugs Corp. Bugs, doing business as, SBS CORP., TV Chosum Corp., Defendants: Timothy B Yoo, LEAD ATTORNEY, Jumin Lee, Bird Marella Rhow Lincenberg Drooks and Nessim LLP, Los Angeles, CA.

For MBC America, doing business as, MBC America, MBC America Inc., MBC America, MBC Broadcasting Inc., Defendants: Jacob B. Bach, LEAD ATTORNEY, ACI Law Group, La Palma, CA.

For ODK Media Inc., doing business as, ODK Media Inc., Ondemandkorea, Defendants: Milord **[*2]** A Keshishian, LEAD ATTORNEY, Shannon Marie Skrzynski, Milord Law Group P.C., Los Angeles, CA.

For Radio Korea Inc., Defendant: S Calvin Myung, Law Offices of S. Calvin Myung, Los Angeles, CA.

**Judges:** Mark C. Scarsi, United States District Judge.

**Opinion by:** Mark C. Scarsi

# Opinion

CIVIL MINUTES — GENERAL

Proceedings: (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 150) AND ORDER RE: USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

This is a copyright infringement action brought by Plaintiff Beom Su Lee, a self-represented litigant, who alleges various organizations have wrongfully infringed the musical works of his late father, Jae Ho Lee, violating Plaintiff's interests therein. (FAC, ECF No. 40.) Defendant eBay Inc.[1] moves to dismiss Plaintiff's first amended complaint for failure to state a claim. (Mot., ECF No. 150.) Plaintiff opposed, (Opp'n, ECF No. 157), and Defendant filed a reply, (Reply, ECF No. 164). The Court deems the motion appropriate for decision without a hearing. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I. BACKGROUND

According to the first amended complaint, Plaintiff is "the exclusive United States copyright holder of the musical works of the later composer Jae Ho Lee." (FAC ¶ 19.) Plaintiff alleges that since 2022, he has sent multiple "Notices **[*3]** of Claimed Infringement" to Defendant regarding "TJ Karaoke devices [that] contain approximately 49 copyrighted musical works composed by Jae Ho Lee, embedded in the internal song database" listed for sale on Defendant's website. (*Id.* ¶ 23.) Plaintiff contends that Defendant has removed some device listings in response to his notices, but "has allowed substantially identical listings to reappear and remain active on its platform," and that "[t]his selective and incomplete enforcement demonstrates that eBay has actual knowledge of the infringing nature of the TJ Karaoke devices but has failed to take effective and consistent action to prevent ongoing infringement." (*Id.*)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint **[*4]** satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

### A. Direct Infringement

In his pleading, Plaintiff purportedly raises claims of both direct infringement and secondary liability against Defendant. (*Compare* FAC ¶ 23 (alleging contributory and vicarious infringement), *with id.* at 34

---

[1] Unqualified references to Defendant in this Order refer to eBay Inc.

¶ C (alleging that "Defendants, without authorization, reproduced, distributed, publicly performed, and transmitted audiovisual works incorporating Jae Ho Lee's copyrighted compositions").) However, Defendant argues that the first amended complaint's allegations against it support only infringement under a theory of secondary liability. (Mot. 2-3.) In his opposition, Plaintiff acknowledges that he has not stated a claim against Defendant for direct infringement, stating that "Plaintiff's claim against eBay is based on secondary liability, including **[*5]** contributory infringement, vicarious infringement, and willful blindness." (Opp'n 5.) Accordingly, the Court deems Defendant's arguments concerning Plaintiff's failure to state a claim of direct infringement conceded. The Court addresses in turn whether Plaintiff has stated a claim for contributory or vicarious infringement below.

## B. Contributory Infringement

"The provider of a service is contributorily liable for the user's infringement only if it intended that the provided service be used for infringement." *Cox Commc'ns, Inc. v. Sony Music Ent.* 146 S. Ct. 959, 967 (2026). Intent "can be shown only if the party induced the infringement or the provided service is tailored to that infringement." *Id.* Inducement occurs if a provider "actively encourages infringement through specific acts," while "[a] service is tailored to infringement if it is 'not capable of "substantial" or "commercially significant" noninfringing uses.'" *Id.* (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 942 (2005) (Ginsburg, J., concurring)).

Here, the first amended complaint does not state a claim for contributory infringement because it does not plausibly allege facts giving rise to an inference that Defendant intended that its online commercial marketplace service be used for infringement. Plaintiff does not allege that Defendant **[*6]** induced infringement or that Defendant provided a service tailored to infringement. Rather, Plaintiff merely alleges that Defendant knowingly allowed listings of infringing TJ Karaoke devices to remain active on its website despite having the ability to remove the listings. (*See* FAC ¶ 23.) This allegation is insufficient to state a claim for contributory infringement under an inducement theory because Plaintiff has not alleged that Defendant actively encouraged infringement through specific acts, such as by advertising an infringing use of its services. *Compare Grokster*, 545 U.S. at 937-38 (finding evidence of inducement where defendants sent advertisements to users' computers promoting software capable of downloading copyrighted music files and "respond[ed] affirmatively to requests for help in locating and playing copyrighted materials"), *with Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 801 (9th Cir. 2007) (finding no inducement where defendants were alleged to "market their credit cards as a means to pay for goods and services, online and elsewhere," but not alleged to have made or marketed their cards "as a means to break laws"). Nor has Plaintiff alleged facts giving rise to an inference that the "principal object" of Defendant's online marketplace is the sale of infringing **[*7]** products. *See Cox*, 146 S. Ct. at 967 (observing that in *Grokster*, the Court found inducement in part because "[t]he principal object of [defendants'] business models was use of their software to download copyrighted works" (internal quotation marks omitted)).

Plaintiff also has not plausibly alleged facts giving rise to an inference that Defendant's online marketplace is tailored to infringement. Plaintiff merely alleges that Defendant "has the ability to control [infringing] listings but has failed to take effective action," (FAC ¶ 23), not that Defendant's service is incapable of substantial or commercially significant noninfringing uses, *see Cox*, 146 S. Ct. at 967; *see also Eight Mile Style, LLC v. Meta Platforms, Inc.*, No. 2:25-cv-11618, 2026 WL 1735026, at *5 (E.D. Mich. June 16, 2026) ("Eight Mile has not plausibly alleged that the tools are incapable of substantial or

commercially significant non-infringing uses. Merely providing a service that has infringing and non-infringing uses, as Meta does, does not automatically constitute infringement."). Moreover, allegations that a service provider merely had "knowledge that a service will be used to infringe" or "fail[ed] to take affirmative steps to prevent infringement" are insufficient to state a claim for contributory infringement liability. *Cox*, 146 S. Ct. at 968 (internal quotation marks omitted); *see also Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1148-49 (9th Cir. 2018) ("[A] **[*8]** failure to take affirmative steps to prevent infringement alone cannot trigger liability." (internal quotation marks omitted)).

Plaintiff has not pleaded facts giving rise to an inference that Defendant induced infringement or that its online marketplace is tailored to infringement. Accordingly, because Plaintiff has not plausibly alleged that Defendant intended for its service to be used for infringement, Plaintiff is unable to state a claim for contributory infringement.

## C. Vicarious Infringement

Plaintiff also advances a theory of vicarious infringement. "To prevail on a claim for vicarious infringement, a plaintiff must prove 'the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity.'" *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th Cir. 2017) (quoting *Visa*, 494 F.3d at 802)). "A vicarious infringer exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Williams v. Gaye*, 895 F.3d 1106, 1132 (9th Cir. 2018) (internal quotation marks omitted).

Here, Plaintiff does not allege that Defendant has the right and ability to supervise the third-party sellers in its online marketplace who sold devices allegedly infringing the **[*9]** copyrighted works. Nor does Plaintiff allege that Defendant is able to police third-party sellers because of its "pervasive participation in the formation and direction of the direct infringers." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 263 (9th Cir. 1996) (internal quotation marks omitted). Rather, Plaintiff merely alleges that Defendant "has the ability to control" the listings of the infringing devices. (*See* FAC ¶ 23.) This allegation is insufficient to state a claim for vicarious infringement. Courts have concluded that

> [A] service provider does not have the practical ability to stop or limit infringing conduct simply because (1) the infringing content resides on the service provider's system; (2) the service provider had the ability to remove such material; (3) the service provider could have implemented, and did implement, filtering systems; and (4) the service provider could have searched for potentially infringing content.

*Milo & Gabby, LLC v. Amazon.com, Inc.*, No. C13-1932RSM, 2015 WL 4394673, at *9 (W.D. Wash. July 16, 2015) (citing *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1030 (9th Cir. 2013)) (concluding that "Amazon lack[ed] the ability to control the infringing activity" because it was unable "to analyze every image it receives from third party sellers" for possible infringement (internal quotation marks omitted)); *see also King v. Amazon Corp.*, No. 3:18-CV-00534-KDB-DSC, 2019 WL 6404882, at *5 (W.D.N.C. Nov. 27, 2019) (finding no vicarious liability where "Plaintiff cannot show that Amazon **[*10]** has the practical ability to supervise the millions of authors and independent publishers who utilize its self-publishing services"). The mere fact that Defendant had the ability to remove listings

of infringing devices is not enough to establish that Defendant had both the legal right and the practical ability to stop the third-party sellers' infringing conduct.

Because Plaintiff has not plausibly alleged facts giving rise to an inference that Defendant had the right and ability to supervise the sellers' infringing conduct, he is unable to state a claim for vicarious infringement.

## IV. LEAVE TO AMEND

Generally, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, any amendment at this time would be futile. Based on the factual allegations in the first amended complaint concerning Defendant's **[*11]** failure to take down listings of allegedly infringing devices, it is obvious that Plaintiff's entire theory of contributory or vicarious copyright infringement by Defendant is foreclosed. Because it is absolutely clear that any amendment would be futile, the Court denies Plaintiff leave to amend his complaint. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)).

## V. USE OF GENERATIVE ARTIFICIAL INTELLILGENCE

Lastly, based on its review of the record, the Court suspects that Plaintiff may have prepared his brief in opposition to Defendant's motion with the assistance of a generative artificial intelligence service. Henceforth, any party to this proceeding that uses a generative artificial intelligence platform (*e.g.*, ChatGPT, Claude, Gemini, Copilot, Harvey, Protégé, and CoCounsel) ("Generative AI") in connection with a filing in this matter must attach to the subject filing a separate declaration disclosing the use of Generative AI and certifying that the filer, in the exercise of the filer's independent legal judgment, has reviewed **[*12]** and verified the content of the filing as accurate and in compliance with Federal Rule of Civil Procedure 11. The declaration must identify which, if any, portion of the filing incorporates Generative AI outputs. The Court warns that a party who presents to the Court a pleading, written motion, or other paper incorporating inaccurate or undeclared Generative AI outputs may be subject to sanctions without further warning.

## VI. CONCLUSION

For the reasons above, the Court grants Defendant's motion to dismiss and denies Plaintiff leave to amend.

**IT IS SO ORDERED**.

2026 U.S. Dist. LEXIS 153305, *12

---

**End of Document**