

**O+Z** | Oppenheim + Zebrak, LLP

WASHINGTON – NEW YORK

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
jkane@oandzlaw.com

July 17, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

> **Re:** *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
> **Plaintiffs' Opposition to Google's Letter Motion (Dkt. 1054) for Discovery**
> **Conference Regarding Motion for Protective Order Concerning Plaintiffs'**
> **Notice of Deposition of Y.J.**

[Redacted]

Dear Judge Moses,

Plaintiffs write to oppose Google's Dkt. 1054 motion regarding Plaintiffs' Notice of Deposition of Y.J. (Dkt. 1054, "Mot."). Google seeks to block Plaintiffs from deposing a uniquely important witness. ███████████████████████████████████████████, despite Google's purported ban on ebook ads in *paid* ads. That decision reveals that Google knew that its ebook ads promoted infringement, yet Google chose to continue encouraging that infringement. Plaintiffs are entitled to obtain testimony directly from Mr. J. about his reasons for ████████████████████████. Google cannot block the deposition of this crucial witness merely because he is overseas. The Court should decline to issue a protective order.

## I.    Background

Google's Shopping platform includes "paid" ads, for which the merchant pays a fee when a user clicks on the ad, and "free listings," for which the merchant does not pay a fee. Am. Comp. ¶ 37, Dkt. 38; *see also* Ex. A (PL0000708962). Google advertised infringing copies of Plaintiffs' works in both paid and free ads. Dkt. 38 ¶¶ 58, 98. Plaintiffs sent Google notices of infringement containing thousands of URLs identifying both paid and free ads. *Id.* ¶¶ 99–100. With both types of ads, Google decides which ads to show consumers. For free ads, Google uses an algorithm to choose which ads to run without the merchant's input. Mot. Ex. 1 23:5–25:15.

In May 2021, Google announced an "ebook ban" for paid ads. Ex B (GOOG-CENG-00426568 at -6568–59). Google's documents claim Google did so because of ████████ ████████████████████████████████████████████████████ *Id.* Google concluded these pirates were ████████████████████████ ████████████████████████████████████████████████████ ████ *Id.* In reality, Google did not ban paid ebook ads for *pirated* products, but intentionally promoted those products so consumers would buy them while refusing to advertise legitimate ebooks. But, as relevant here, Google decided *not* to ban ebook ads in *free* ads.

Hon. Barbara Moses
July 17, 2026
Page 2 of 4

Mr. J., a "Principal Engineer/Director" at Google, has been a Google employee for 19 years. Ex. C. (LinkedIn). He has "started, build [sic] and scaled a number of teams in Google Shopping" and has "[l]ead[] an organisation of 60 engineers, product managers and program managers . . . ." *Id.* ████████████████████████[1] Mot. Ex 1 23:17–24:4; Ex. D (A.L. Tr. 219:1–25). ████████████████████████████ ███████████████ *Id.*; Ex. E (C.F. Rough Tr.) 40:22–24.

## II.    Mr. J.'s extensive responsibilities make him a managing agent.

Mr. J. is a managing agent because he exercises significant control over important issues relevant to this litigation. Courts in this district apply a five-factor test to determine whether an individual is a managing agent under Rule 30(b)(1):

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation.

*DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, No. 17-cv-4576, 2022 WL 2162992, at *2 (S.D.N.Y. May 31, 2022) (Moses, J) (quoting *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 170 (S.D.N.Y. 1985)). The deposing party's burden is "modest" and "[t]he Court's inquiry is thus a generous one . . . ." *Id.* at *3.

Mr. J. satisfies all five factors. His team leadership and ████████████████████ demonstrate that he exercises judgment and discretion, his responsibility for ███████████ █████████ ads shows significant responsibility respecting relevant issues, and no one more senior ████████████████. Further, his long history at Google and significant management role establish that he can be expected to identify with Google's interests. While Plaintiffs need only show that there is "at least a close question whether the proposed deponent is a managing agent," *DoubleLine*, 2022 WL 2162992, at *3 (internal quotation marks omitted), Mr. J. does not present a close question.

Google's motion contests none of this. Google argues only that Mr. J. is not a managing agent because he is technically employed by a different corporate affiliate than Google LLC. But courts reject Google's argument as overly elevating empty formalities where the five-factor test is otherwise satisfied. *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, No. 23-cv-01395, 2025 WL 252673, at *4 (S.D.N.Y. Jan. 21, 2025) (finding Amsterdam-based employee of party's corporate affiliate is a managing agent and requiring witness to travel to Dallas for deposition); *Iron Mountain (Nederland) Data Ctr. Germany B.V. v. WSP USA Buildings, Inc.*, No. 23-cv-2858, 2024 WL 2846607, at *2 (S.D.N.Y. May 30, 2024) (finding that employee of party's corporate parent is

---

[1] Google says that it refers to "free ads" as "free listings." *See* Mot. at 2, 3. That distinction makes no difference. Whatever called, free ads have always been part of this case.

Hon. Barbara Moses
July 17, 2026
Page 3 of 4

managing agent). Nor is Mr. J.'s location relevant. Whether Swiss law prohibits deposing Mr. J. in Switzerland is irrelevant to whether Mr. J. is a managing agent and thus whether Google must produce him for deposition, outside Switzerland if necessary. *In re Actos Antitrust Litig.*, 639 F. Supp. 3d 453, 457–58 (S.D.N.Y. 2022) (finding employees in Japan are managing agents and must be deposed outside Japan due to treaty restrictions on deposition within Japan); *Amimon Inc. v. Shenzhen Hollyland Tech Co.*, No. 20-cv-9170, 2025 WL 66633, at *21–22 (S.D.N.Y. Jan. 10, 2025) (finding China-based employee is managing agent and sanctioning party for failing to produce witness for deposition in the United States); *Schindler Elevator Corp. v. Otis Elevator Co*, 657 F. Supp. 2d 525, 529 (D.N.J. 2009) (citing additional examples).

### III.    Deposing Mr. J. is proportional and not unduly burdensome.

Mr. J. is a critical witness. The decision not to ban ebooks from free ads speaks directly to Google's intent in inducing infringement. Google knew that ads for pirated ebooks were a sufficiently serious problem such that Google purportedly banned paid ebook ads. But Google deliberately did not ban free ebook ads. Mr. J uniquely possesses information about this decision.

Mr. J.'s leadership of the free ads group more generally makes him an important witness. Google advertised infringing copies of Plaintiffs' works in free as well as paid ads, and Google's use of free ads to induce infringement is clearly relevant. As that group's leader, Mr. J. can provide important testimony about that group's encouraging and actively assisting infringing ebook sellers.

Plaintiffs cannot obtain this testimony elsewhere. Google does not dispute that Mr. J. ███ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████ Plaintiffs are entitled to go directly to the source and cross-examine Mr. J.

Nor could Google's 30(b)(6) witness, Ms. F., substitute for Mr. J. ████████████████ ████████████████████ Ex. E 39:19–40:2. The 30(b)(6) deposition was thus a game of telephone where Ms. F. attempted to relay what Mr. J. said. Google cannot launder Mr. J.'s unsworn answers through Ms. F. without allowing Plaintiffs to cross-examine Mr. J. *Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 253 (D. Minn. 2021) (denying motion for protective order where witnesses "clearly possess relevant, unique first-hand knowledge that cannot be obtained through a 30(b)(6) deposition or other discovery").

Further, Ms. F. could not answer key questions. Ms. F. confirmed that Mr. J. ██████ ████████████████████████████████████████. Ex. E. 40:22–41:4. Asked why, ████████ ████████████████████████. Ex. E 54:13–55:6 ("██████████████████████████████ ████████████████████████████████████."); 42:10–13 ("████████████████████████ ████████████████████████████████. Asked about Google's claim that ████████████████████████████████████████, Ms. F. admitted, ████████████████████████████████████████████████ *Id.* 43:9–21. Ms. F. claimed that ████████████████████████████████████████, but admitted her only basis for saying so was, "████████████████████████████." *Id.* 44:10–14.

Ms. F. likewise lacked knowledge of free ads generally. Ms. F. ████████████████ █████████ *Id.* 16:6–18. She couldn't say how Google decides which free ads to show. *Id.* 158:22–

Hon. Barbara Moses
July 17, 2026
Page 4 of 4

159:3, 169:22–170:17. And she couldn't say whether free listings generate revenue by increasing usage of the Google Shopping product. *Id.* 240:22–242:5.

That Mr. J. might have to travel to another country for his deposition does not alone make his deposition unduly burdensome. Courts regularly require witnesses located overseas, including Swiss residents, who have been properly noticed pursuant to Rule 30(b)(1) to sit for deposition outside their home countries. *See, e.g., Calixto v. Watson Bowman Acme Corp.*, No. 07-cv-60077, 2008 WL 4487679, at *4 (S.D. Fla. Sept. 29, 2008) (requiring Swiss resident be deposed in London); *see also* cases cited *supra.*

Google's complaints about counsel's travel burdens should similarly fall on deaf ears. Google did not seek to postpone the deposition of its other Swiss witness so that the two depositions could be scheduled jointly; instead, Google sought to block Mr. J.'s deposition altogether. Any additional burden from Mr. J.'s deposition is a problem of Google's own making. Mr. J. could, of course, travel to the United States for his deposition, as "[c]ausing a single person to travel internationally is less costly and inconvenient than causing several to make similar international trips." *AT&T*, 2025 WL 252673, at *4. Or Google's counsel can defend the deposition remotely. In any event, Google cites no case that the burden on counsel (as opposed to the witness) is an undue burden sufficient to entirely preclude a deposition. *See Devlin v. Transportation Commc'ns Int'l Union*, No. 95-cv-0752-JFK-JCF, 2000 WL 28173, at *4 (S.D.N.Y. Jan. 14, 2000) ("[T]the convenience of counsel is less compelling than any hardship to the witnesses."); *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005) ("[T]ravel for depositions is expected of litigators.").

The one case Google cites does not counsel otherwise. *See* Mot. at 4 (citing *In re: Benicar (Olmesartan) Products Liability Litigation*, No. 15-cv-2606, 2016 WL 5817262 (D.N.J. Oct. 4, 2016). Crucially, in *Benicar*, the plaintiffs, unlike here, did *not* argue that the potential deponents were managing agents. *Benicar*, 2016 WL 5817262, at *3 n.12. As a result, unlike here, the *Benicar* plaintiffs sought to invoke the Hague Convention's procedures for deposing foreign witnesses, and the Court concluded that the plaintiffs had not shown good cause to do so because, again unlike here, the potential deponents lacked *unique* personal knowledge. *Id.* at *5–6.

## IV.     Conclusion

Plaintiffs respectfully request that the Court deny Google's Letter Motion. As the deadline to notice additional deponents is July 22, Dkt. 1037 ¶ 2, and Google waited until less than two weeks before that deadline to file the Motion, Plaintiffs respectfully request that, in the event the Court grants the Motion, Plaintiffs be allowed to notice to another witness to replace Mr. J.

/s/ *Jeff Kane*
Jeff Kane

*Counsel for Plaintiffs*