

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

WASHINGTON – NEW YORK

July 20, 2026

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   ***Cengage Learning, Inc. et al. v. Google LLC***, No. 24:cv-04274-JLR-BCM
> **Response to Defendant's Third Notice of Supplemental Authority**

Judge Rochon:

We represent Plaintiffs in the above-referenced matter. We write in response to Defendant's third Notice of Supplemental Authority concerning its Motion for Judgment on the Pleadings, Dkt. 1064 ("Notice").[1]

Google's latest Notice claims three recent cases "reflect a growing consensus that allegations like Plaintiffs', which focus on a defendant's mere failure to take sufficient action to stop infringement from misuse of its services, do not state a claim for contributory copyright infringement." Notice at 1. Google's argument is wrong on all counts.

First, Google continues to evade engaging with Plaintiffs' actual allegations. Plaintiffs' claims do not rest on a mere failure to act. They are instead based on Google's active role in creating and disseminating advertisements imploring Google's subscribers to download ebooks that Google knew infringed Plaintiffs' works. *See, e.g.*, Dkt. 997 at 3 (citing Am. Compl. (Dkt. 38) ¶¶ 9, 40–42, 67–68, 75). None of the decisions cited in Google's 12(c) motion, its reply, or its three Notices of Supplemental Authority find such allegations to be inadequate. Indeed, it would be difficult to imagine inducement remaining a viable theory if such allegations did not state a claim.

Second, Google's cited cases are plainly inapposite. The Notice primarily relies on *Lee v. SBS Corp.*, 2:26-cv-03144-MCS-E (Jul. 9, 2026 C.D. Cal.), Dkt. 1064-1 (Ex. 1 to Notice). This unreported, out-of-Circuit decision involves a *pro se* plaintiff whose opposition brief appeared to rely on "the assistance of a generative artificial intelligence service." *Id.* at 2, 5. It does not involve contributory infringement claims based on advertising infringing devices. Nor is it reflective of a national "consensus," as Google claims. It is reflective of a *pro se* litigant who alleged only that defendant eBay "fail[ed] to take down listings of allegedly infringing devices" and admitted in his opposition that the listings were created solely by "third-party sellers." *Id.* at 5–6. Importantly, Lee did not allege that eBay "actively encouraged infringement through specific acts, such as by

---

[1] As with its last two letters, Google continues to ignore the rule that it is "improper for a notice [of supplemental authority] to include legal argument accompanying the cited authority," necessitating this response. *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 517 F. Supp. 3d 32, 33 (D. Mass. 2021) (collecting cases).

advertising," as Google did here. *Id.* at 3. Given this background, it is surprising that Google would have cited this case to the Court omitting this context.

Further, in *Lee*, the *pro se* plaintiff's theory of liability was that eBay allowed its users to sell karaoke machines that contained infringing copies of the plaintiff's music. That conduct is far less direct and active than the conduct at issue here, where Google actually *advertised* the infringing works to other users of its platform.

Moreover, the *Lee* decision addresses only one form of inducement: where the defendant promotes *its entire service* as useful for infringement. *Id.* at 4 ("[T]he first amended complaint does not state a claim for contributory infringement because it does not plausibly allege facts giving rise to an inference that Defendant intended that its online commercial marketplace service be used for infringement."). Neither the *Lee* decision nor Google's Notice (nor, for that matter, Google's motion for judgment on the pleadings) deals with the form of inducement at issue here: directly advertising the infringing product. As Plaintiffs' opposition explains in detail, knowingly advertising an infringing product unquestionably is inducement, and that undeniably is what Google did here. Dkt. 929 at 12–16.

Nor do the two other decisions Google mentions only in a string cite "involve[] similar circumstances," as Google claims. Dkt. 1064 at 1–2. *Moonpay* involved a payment processor defendant who had no relationship with the alleged infringer, as the court observed the direct infringer had no Moonpay account, and defendant Moonpay did not "provide software or personnel" to the direct infringer or "host, store, display, control, or distribute" its content. *United King Film Distrib. (1990) Ltd. v. Moonpay USA LLC*, 2026 WL 2013958, at *6 (S.D. Fla. July 13, 2026) Dkt. 1064-3 (Ex. 3 to Notice). Accordingly, Moonpay "had no affirmative contact with [the direct infringer] or its subscribers to be able to induce or encourage infringement." *Id.* By contrast, here Google is alleged to be in privity with and have had extensive contact with pirate sellers. *See, e.g.,* Am. Comp. ¶¶ 41–45.

*Epidemic Sound* involved claims based on user-generated content distributed through Meta's "Original Audio" and "Reels Remix" features. *Epidemic Sound, AB v. Meta Platforms, Inc.*, 2026 WL 2021347, at *3 (N.D. Cal. July 13, 2026) Dkt. 1064-2 (Ex. 2 to Notice). Claims against Meta were dismissed because there was "no evidence Meta affirmatively encouraged infringement of known copyright-protected works." *Id.* at *37. Here, Google is alleged to have done just that, tens of thousands of times. Google's willingness to include such inapposite cases in its Notice demonstrates it is simply grasping at straws.

The Notice also references several voluntary dismissals involving claims against Microsoft, which plainly do not constitute "authority." In any event, these voluntary dismissals make clear that The New York Times and Daily News dropped their material contribution claims, while still asserting contributory infringement claims based on inducement and tailoring. *See, e.g.*, Dkts. 1590-1, *In re: OpenAI, Inc. Copyright Infringement Litig.*, No. 1:25-md-03143 (S.D.N.Y.) ("The Times seeks to amend its contributory infringement claim against Microsoft to allege that it (1) induced OpenAI's copyright infringement and (2) provided OpenAI with tools tailored to infringement."). If anything, these voluntary dismissals reflect that inducement and tailoring claims against platforms like Google remain viable.

Google continues to file these Notices not because the decisions Google cites are analogous to Plaintiffs' claims, but because Google knows the record being developed in discovery demonstrates Google's liability.

Respectfully Submitted,

*/s/ Michele H. Murphy*
Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
Counsel for Plaintiffs