**Sara Sampoli**
Direct Dial: +1.202.350.5328
sara.sampoli@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

## LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

July 20, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:     *Cengage Learning, Inc., et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
Letter Motion to Seal June 18, 2026 Conference Transcript

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices and the Court's Order at Dkt. 1039, Google submits this letter motion to seal the transcript of proceedings regarding the conference held on June 18, 2026 (the "Transcript"), Dkt. 1039. Both Plaintiffs and Google are requesting redactions to the Transcript. The sealed version of the transcript attached as Exhibit A to this Letter Motion contains only those redactions Google has requested.

**Background.** The Transcript includes the name of one of Google's Trust & Safety employees. *See* Dkt. 1039 at 90:6. Google maintains that this name should be sealed to protect her privacy and safety. Google emailed Plaintiffs with its proposed redaction on July 17, 2026 and Plaintiffs stated they took no position on Google's redaction.

**Legal Standard.** Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Moreover, the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Material Warrants Sealing.** The material sought to be sealed includes the name of a Google Trust & Safety employee. The privacy and safety interests of that individual warrants sealing for the reasons identified by Google in Dkt. 1010 at 2 (discussing doxxing and threats directed at Google Trust & Safety personnel). As the Second Circuit has advised, "[t]he privacy

LATHAM&WATKINS LLP

interests of innocent third parties … should weigh heavily in a court's balancing equation." *In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) (citation omitted); *see also Metcalf v. TransPerfect Translations Int'l Inc.*, 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025) (noting personal privacy interests and safety are "'[h]igher values' the preservation of which might warrant sealing"). In fact, courts in this Circuit have found such privacy interests so compelling that they have even sealed Google's employee names in connection with motions for summary judgment. *See Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sep. 26, 2022) (sealing employee names in connection with a motion for summary judgment "to accommodate the privacy interests of third parties"). In discovery disputes and other non-dispositive motions, where the presumption of public access is lower, courts routinely seal employee names due to privacy concerns. *See, e.g.*, *SEC v. Ripple Labs, Inc.*, 2022 WL 17751466, at *4-5 (S.D.N.Y. Dec. 19, 2022) (sealing identities of non-parties and defendant's current and former employees because the "information has minimal relevance to the Court's decisions … and the strong privacy interests of those resisting disclosure outweigh the presumption of public access"); *Schansman v. Sberbank of Russia PJSC*, 2025 WL 524110, at *1 (S.D.N.Y. Feb. 14, 2025) (granting motion to seal employee names and "recogniz[ing] the strong privacy interest of any individuals who did not make a choice to participate in this lawsuit"). Public disclosure of this individual's name also creates a risk that the individual will be doxxed, swatted, or otherwise targeted by bad actors. The "negligible role" of the name of Google's employee in the discovery disputes further weighs in favor of sealing. *Brown*, 929 F.3d at 49–50 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, sealing of this individual's name is consistent with the Court's previous Order allowing Google to seal the names of its Trust & Safety employees who have not submitted declarations in this action. *See* Dkt. 1037 ¶¶ 3-4.

**Google's Sealing Request is as Narrowly Tailored as Possible.** Google's request is narrowly tailored to protect only the name of Google's Trust and Safety employee. Courts in this district have found such limited redactions requests reasonable and appropriate. *See, e.g.*, *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *2 (S.D.N.Y. Dec. 5, 2022); *Charleston Immersive/Interactive Studio LLC v. Aydin*, 2024 WL 3413736, at *1 (S.D.N.Y. July 15, 2024) (collecting cases)..

Given the sensitive nature of the material and the risk to the individual's privacy and safety concerns if the name is publicly disclosed, Google respectfully submits this letter motion to redact the Transcript.

We thank the Court for its consideration of this request.

Respectfully,

*/s/ Sara Sampoli*
Sara Sampoli (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)