

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

July 20, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:    *Cengage Learning, Inc., et al. v. Google LLC*, **No. 24-cv-04274-JLR-BCM: Plaintiffs'**
**Letter Motion to Redact the June 18, 2026 Transcript of the Status Conference**

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices and the deadlines set forth in Dkt. 1039, Plaintiffs submit this letter motion requesting approval from the Court to redact a limited portion of the June 18, 2025 transcript (the "Transcript"). Plaintiffs seek to redact only the anticipated date of litigation against Google in this case.

Because the Transcript includes content for which Google requests redactions, Plaintiffs are filing a public version of the Transcript that layers black redaction boxes over both parties' proposed redactions, and a sealed version of the Transcript that highlights only Plaintiffs' proposed redactions.

## I.    Background

The Transcript includes references to the anticipated date of litigation against Google in this case. Plaintiffs request that this discrete date remain redacted because it reflects Plaintiffs' confidential litigation strategy concerning this action. Another company who is not a party to this litigation also anticipated litigation against Google. Public disclosure of the redacted portions of the transcript would reveal sensitive information regarding Plaintiffs' (and, together with other case documents, a third party's) anticipated enforcement efforts and litigation strategy. This information is also not necessary for the public to understand the issues discussed in the Transcript.

Plaintiffs emailed Google's counsel about Plaintiffs' proposed redactions on July 20, 2026. Google confirmed that it takes no position on Plaintiffs' proposed redactions.

## II.    Legal Standard

Plaintiffs' redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial

1

documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). In addition, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). This includes non-public, confidential information, such as "internal analyses." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *see also Spectrum Dynamics Medical Limited v. General Electric Company*, 2023 WL 5386879, at *2 (S.D.N.Y. Aug. 21, 2023) (permitting a privilege log containing "sensitive information" to be redacted). Moreover, "protecting the privacy interests of non-parties, . . . represents a legitimate basis for sealing judicial documents." *Telegram Grp.*, 2020 WL 3264264, at *3.

### III.    The Confidential Material at Issue Should be Redacted

The sole information Plaintiffs seek to redact concerns the anticipated date of litigation against Google in this case. That information reflects confidential litigation strategy, rather than information bearing on the merits of the parties' claims or defenses. Courts in this district recognize that sealing or redaction may be appropriate where disclosure would reveal sensitive strategic or confidential information and where the requested relief is narrowly tailored. Here, public disclosure of the anticipated litigation date would risk revealing Plaintiffs' (and a third party's) confidential timing and strategic considerations, while redaction of that date would not impair public access to the substance of the Transcript.

### IV.    Plaintiffs' Request Is Narrowly Tailored to Serve the Purpose That Requires Redacting

Plaintiffs' request to redact only a very small portion of the Transcript is narrowly tailored to protect confidential and sensitive information, as described above. Granting Plaintiffs' request also would be consistent with this Court's prior Order permitting the sealing of Plaintiffs' privilege log, through which the date of Plaintiffs' anticipated litigation against Google was revealed in discovery. *See* Dkt. 471.

We thank the Court for considering this request.

Respectfully,

*/s/ Michele Murphy*

Michele Murphy

cc:    All Counsel of Record (via ECF)