**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

July 21, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> Google LLC's Letter Motion for Permission to Serve A Third-Party Deposition
> Subpoena

Dear Judge Moses:

Google LLC ("Google") submits this pre-motion letter to request leave to serve a deposition subpoena on third-party witness, ▮▮▮▮▮. Per Dkt. 1037, Google's deadline to provide Plaintiffs with notice of additional depositions was June 26, 2026. However, the need for this deposition did not arise until Google obtained testimony that post-dated the June 26 deadline.

Specifically, on July 1, 2026, Google deposed Elsevier Inc. and Elsevier, B.V.'s (together, "Elsevier") 30(b)(6) witness designated on ▮▮▮▮▮ topics, Frederic Guillaud, and on July 9, 2026, Google deposed Elsevier's Vice President of Books Marketing, Rebecca Miller. Both witnesses' testimony revealed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ had not previously been disclosed to Google and was not evident from the face of the documents produced by Elsevier. Because of this, Google must depose ▮▮▮▮▮ to understand key issues underlying this case, including Elsevier's ▮▮▮▮▮▮▮▮ Because the need to depose ▮▮▮▮▮ was not reasonably foreseeable prior to obtaining this testimony and because Google has no other way of obtaining the information sought, Google seeks this Court's permission to serve a deposition subpoena on ▮▮▮▮▮. Google would be happy to address this request at a discovery conference, but due to the straightforward nature of this request and the pending fact discovery deadline, Google also respectfully submits that this request could be granted without hearing oral argument.

**LATHAM&WATKINS**LLP

## ARGUMENT

1. **Elsevier's July Depositions Have Revealed** ███████████████████████

███████████████████ is at the heart of Plaintiffs' copyright and trademark infringement claims. Elsevier represented that its corporate designee, Mr. Guillaud, would be prepared to testify on topics such as Elsevier's ████████████████████████████████████████████████████████████████████████████████████████████████ *See* Piligian Decl. Ex. 1, at Google's 30(b)(6) Topics Nos. 15, 16, 20 (emphasis added). Elsevier also produced a number of documents from both Mr. Guillaud and Ms. Miller that included ████████████████████████████████████████████████████████████████████████████ *See, e.g.,* Piligian Decl. Ex. 4, PL0000545589; Piligian Decl. Ex. 5, PL0000545688. Accordingly, Google noticed Ms. Miller's deposition in her personal capacity. Based on the designated topics and Ms. Miller's ████████████████████████ Google reasonably anticipated that the information it sought about Elsevier's ████████████ would be obtained ███████████████ during Mr. Guillaud's and Ms. Miller's depositions.

Yet, Mr. Guillard and Ms. Miller failed to provide basic, substantive testimony about ██████████████████—instead punting to ████████. For example, neither Mr. Guillaud nor Ms. Miller could ███████████████████████ *See, e.g.,* ████████████████████████████████████████████████████████████ ; Piligian Decl. Ex. 3, ████████████████████████████████████████████████. Further, Mr. Guillaud and Ms. Miller repeatedly ████████████████████ *See, e.g.,* ████████████████████████████████████████████████████████████████████████████████████████████████████████

Neither witness could testify about relevant communications with Google concerning ██████████████████ Instead, both witnesses represented that ███ ██████████ *See, e.g.,* ████████████████████████████ ; *see also* ██████████████████████████ Nor could either witness provide information about █████████████████

**LATHAM&WATKINS**LLP

█████████████ *See* ████████████████████████████████
█████ Indeed, despite understanding ████████ central role in ████
████████████ on Elsevier's behalf, Mr. Guillaud ████████████
████████████████████████████████████████████████████ *See*
████████████

Google could not have anticipated that these witnesses—especially Mr. Guillaud, Elsevier's corporate designee—would lack the knowledge or preparation to provide testimony about ████████████████████████. Therefore, Google should be permitted to pursue this testimony directly from ████████.

**2. Allowing Google to Depose ████████ Will Not Prejudice Plaintiffs.**

Plaintiffs will not be prejudiced if the Court allows Google to subpoena ████████ deposition. The requested subpoena will only seek ████████ deposition by testimony, and will not include document requests. Fact depositions in this case are ongoing and the fact discovery deadline is August 20, 2026. Google is not seeking to enlarge the deposition limits in this case, as this will only be Google's nineteenth noticed deposition.

As the Court recognized (in the context of setting a slightly later deadline for Plaintiffs to notice its remaining fact witness deadlines), deposition "selections may depend on what [they] hear at the next deposition or the one after that." June 18, 2026 Discovery Conference Tr. 81: 20-22. If the depositions of Mr. Guillard and Ms. Miller had occurred prior to June 26, Google unquestionably would have subpoenaed ████████ for a deposition prior to that deadline. In light of what Google heard at those depositions in July, it should be afforded the opportunity to do so now, sufficiently in advance of the fact discovery deadline.

The parties met and conferred regarding this letter motion on July 21, 2026, and Plaintiffs noted they intend to file an opposition on July 28, to which Google consented. Piligian Decl. ¶¶ 5-6.

For the above reasons, the Court should grant Google's request.

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF and email)

3