**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

July 22, 2026

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

<u>**VIA ECF**</u>

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:  *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Letter Response in Support of Letter Motion to Seal (Dkt. 1065)</u>

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Google submits this letter response in support of Plaintiffs' Letter Motion to Seal (Dkt. 1065) Plaintiffs' Opposition to Google's Letter Motion for Discovery Conference Regarding Motion for Protective Order Concerning Plaintiffs' Notice of Deposition of Y.J. (Dkt. 1066) ("Opp'n"), and Exhibits B, C, D, and E (the "Exhibits") (collectively, the "Documents").  Google seeks to seal Exhibit B and portions of the other Documents that quote, summarize, or reveal confidential deposition testimony and related sensitive information described below.  Google has attached proposed redactions to this letter response.

**Background.** The Documents include certain information designated by Google as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82).  The Documents contain Google's HC-AEO information concerning internal policies for Google Shopping regarding free listings and its decisions regarding implementing an ebook ban for paid ads but not free listings.  Opp'n at 1–3; Exhibit B; Exhibit C; Exhibit D; Exhibit E. Google maintains that this information is HC-AEO as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or third parties who use Google's Shopping platform.  Dkt. 82 ¶ 3.  Google requests that Plaintiffs' Opposition remain redacted as reflected in Plaintiffs' filings and that Exhibit B remain under seal.  Google also requests that Exhibits C, D, and E be redacted as reflected in the attachments to this letter response in support of sealing.  *See* Exs. 1, 2, & 3.

**Legal Standard.** Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Id.* at 119–20 (quotations omitted).  Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest."  *Bernstein v.*

**LATHAM&WATKINS**LLP

*Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016).  Moreover, the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower."  *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

  **Google's Material Warrants Sealing.**  The material at issue should be sealed because it concerns confidential business information reflecting Google's policies regarding Shopping ads and free listings, including non-public information about how Google identifies potentially violative listings and escalates them for review.  Courts in this district routinely recognize the importance of keeping information reflecting proprietary and sensitive business information, like the internal policies and practices at issue here, confidential.  *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Farsura v. QC Terme US Corp.*, 2025 WL 267573 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies, including contracts with other entities, because others might exploit the information). Similarly, when this type of sensitive information is discussed during a deposition, courts approve sealing of the transcript.  *BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at *8-9 (E.D.N.Y. Sept. 24, 2019), *objections overruled*, 2019 WL 13257498 (E.D.N.Y. Nov. 20, 2019) (approving sealing requests for deposition transcripts discussing bank security protocols).

  Public disclosure of this material would reveal details of Google's internal business practices, including operational details of its practices for enforcing its policies.  Disclosure of this information poses a substantial risk of misuse by bad actors.  This information is particularly sensitive because this is a case about alleged piracy occurring on Google's platform.  *See generally* Dkts. 38, 116.  Exposing details of Google's processes, including details of Google's enforcement policies, creates a serious risk, as third parties (including the "pirate" sellers of Plaintiffs' works in this case) may seek to use such information to circumvent Google's policies and measures for stopping criminal, fraudulent, or other prohibited activity.  Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access."  *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices").  The risk that third parties could obtain and use the information described in the Documents to their advantage, including in connection with efforts to "circumvent the security systems and procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements.  *Cantinieri*, 2024 WL 759317, at *2.

  The material should also be sealed because it includes the names of individuals involved in implementing Google's policies for Google Shopping.  The privacy and safety interests of these individuals warrant sealing for the reasons identified by Google in Dkt. 1010 at 2 (discussing

**LATHAM&WATKINS** LLP

doxxing and threats directed at Google Trust & Safety personnel).  As the Second Circuit has advised, "[t]he privacy interests of innocent third parties … should weigh heavily in a court's balancing equation."  *In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) (citation omitted); *see also Metcalf v. TransPerfect Translations Int'l Inc.*, 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025) (noting personal privacy interests and safety are "'[h]igher values' the preservation of which might warrant sealing").  In fact, courts in this Circuit have found such privacy interests so compelling that they have even sealed Google's employee names in connection with motions for summary judgment.  *See Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sep. 26, 2022) (sealing employee names in connection with a motion for summary judgment "to accommodate the privacy interests of third parties").  In discovery disputes and other non-dispositive motions, where the presumption of public access is lower, courts routinely seal employee names due to privacy concerns.  *See, e.g.*, *SEC v. Ripple Labs, Inc.*, 2022 WL 17751466, at *4-5 (S.D.N.Y. Dec. 19, 2022) (sealing identities of non-parties and defendant's current and former employees because the "information has minimal relevance to the Court's decisions … and the strong privacy interests of those resisting disclosure outweigh the presumption of public access"); *Schansman v. Sberbank of Russia PJSC*, 2025 WL 524110, at *1 (S.D.N.Y. Feb. 14, 2025) (granting motion to seal employee names and "recogniz[ing] the strong privacy interest of any individuals who did not make a choice to participate in this lawsuit").  Public disclosure of these individuals' names also creates a risk that the individuals will be doxxed, swatted, or otherwise targeted by bad actors.  The "negligible role" of the name of Google's employees in the discovery dispute further weighs in favor of sealing.  *Brown*, 929 F.3d at 49–50 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

**Google's Sealing Request is as Narrowly Tailored as Possible.**  Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public operations and the names of individuals involved in implementing Google's policies for Google Shopping.  Google asks the court to seal only those names and the information describing Google's highly confidential business processes in the Documents.  Courts in this district have found such redactions requests reasonable and appropriate.  *See, e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2022 WL 3910584, at *2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information."); *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order"); *Rodo Inc.*, 2022 WL 17742392, at *2; *Charleston Immersive/Interactive Studio LLC v. Aydin*, 2024 WL 3413736, at *1 (S.D.N.Y. July 15, 2024) (collecting cases).

Given the sensitive nature of the materials and the risk that nefarious actors will obtain and misuse the materials if publicly disclosed, Google respectfully submits this motion to seal the Documents.

We thank the Court for its consideration of this request.

**LATHAM&WATKINS**LLP

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*

Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)