**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

July 22, 2026

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
         <u>Reply in Support of Google's Letter Motion for Discovery Conference Regarding
         Motion for Protective Order Concerning Plaintiffs' Notice of Deposition of Y.J.
         (Dkt. 1054)</u>

Dear Judge Moses:

The *Cox* decision issued this past term precludes Plaintiffs' theory of contributory copyright liability against Google.  Several courts have applied that controlling precedent, granting motions on pleadings and summary judgment against nearly identical claims.  This case remains in active discovery pending a ruling on Google's motion for judgment on the pleadings based on *Cox*.  Flailing, Plaintiffs are intent on using their remaining deposition notices to pull a rabbit out of a hat—but there is no rabbit here.

Plaintiffs seek to depose Mr. J on why Google decided not to implement a blanket "ebook ban" to free listings on Google Shopping.  That information is irrelevant to whether Google actively induced infringement of Plaintiffs' works and whether Google Shopping is a platform "tailored" to infringement.  Nonetheless, Plaintiffs have already solicited testimony from multiple witnesses—including a Rule 30(b)(6) witness—on this topic.  Unsatisfied, Plaintiffs argue that Mr. J is a "managing agent" and that the burden of an international deposition is proportionate. Each argument fails.

***Google has given ample testimony on why it did not implement an "ebook ban" to free listings***.  Multiple witnesses have already testified on this (tangential) issue.  One, Ms. F, testified as a corporate representative during her 8.5 hour[1] deposition.  To prepare, Ms. F met with Mr. J to understand why the free listings team did not ban ebooks from free listings.  Ex. 1 at 39:10-11.

---

[1] Prior to Ms. F's deposition, Plaintiffs moved to increase their remaining 30(b)(6) deposition time from 8 hours and 40 minutes to 17 hours and 40 minutes based on their purported need to know whether Google's remaining corporate designee would be a "dual-capacity" witness.  Dkt. 1051. After the Court's July 13 hearing, Plaintiffs elected to use a remaining fact deposition slot on Google's unnamed corporate designee, estimating 11 hours for Ms. F's deposition. Ultimately, Plaintiffs used *less* than the original 8.5+ hours available to depose Ms. F.

LATHAM&WATKINS LLP



Based on that conversation, Ms. F testified that ███████████████████████████████████████████████████████████████████████████████████████████████████ *Id*. at 36:22-37:3, 41:17-20.  Ms. F ████████████████████████████████████ *Id*. at 37:3-6.  The decision █████████████████████████████████████████████████████████████████████████████████████████ *Id*. at 37:11-18.  Accordingly, ██████████████████████████████████████████████████ *Id*. at 40:11-13.  Finally, Ms. F confirmed that █████████████████████████████████████████████████████████████████████████████████████████████████ *Id*. at 44:10-48:7.

Ms. F's corporate testimony corroborated the testimony of Vishal Jain and senior software engineer (and corporate designee), A.L.  *See* Ex. 2 at 27:24-30:21 (explaining why free listings team decided not to implement ebook ban); Dkt. 1066-4 at 219:15-19 (███████████████████████ ██████████████████████████████████████████████████████████).

***This inquiry is irrelevant to Plaintiffs' contributory copyright infringement claim.***  In a copyright case, "discovery needs to primarily focus on the elements of copyright infringement and all permissible defenses." *Pearson Educ., Inc. v. Chegg, Inc.*, 2023 WL 3478467, at *4 (D.N.J. May 16, 2023).  To prove liability, Plaintiffs must show that Google "actively encourage[d]" infringement or that Google Shopping is "not capable of 'substantial' or 'commercially significant' noninfringing uses." *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 967 (2026).  Contributory liability "cannot rest only on a provider's knowledge of infringement and insufficient action to prevent it." *Id.* at 969; *see also Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1401 (2026).

Several courts have rejected claims that a defendant's failure to remove potentially infringing material can establish contributory copyright infringement. *See* Dkt. 1017 at 1-2; Dkt. 1064 at 1-2 (identifying district court cases reflecting the "growing consensus that allegations like Plaintiffs'… do not state a claim for contributory copyright infringement").  In one such example, *Lee v. SBS Corp.*, the court dismissed a contributory infringement claim alleging the defendant "knowingly allowed listings of infringing … devices to remain active on its website despite having the ability to remove the listings." 2026 U.S. Dist. LEXIS 153305, at *6 (C.D. Cal. July 9, 2026); *see* Dkt. 1064-1.

Plaintiffs assert that Mr. J is a "critical" witness because not "ban[ning] ebooks from free ads speaks directly to Google's intent in inducing infringement." Dkt. 1066 ("Opp'n") at 3.  Yet they do not explain how Google's decision *not* to ban all (pirated or legitimate) ebooks on free listings, and instead use other enforcement mechanisms to address ebook piracy, is an "'affirmative step[] to bring about the desired result' of infringement." *Hikma,* 146 S. Ct. 1391 at 1402.  Plaintiffs' justification for deposing Mr. J is based on the same deficient "incomplete enforcement"

LATHAM&WATKINSLLP

theory as in *Lee* and other cases—*i.e.*, Google is liable because it knowingly allowed free listings for (all) ebooks on Google Shopping despite having the technical ability to ban them.  2026 U.S. Dist. LEXIS 153305, at *3.  There is no reason to believe that Mr. J will testify that Google "encourage[ed] or actively assist[ed] *infringing* ebook sellers" (Opp'n at 3 (emphasis added)) to display free listings.  All witnesses that have testified have confirmed the opposite: that Google uses other mechanisms to ███████████████████████████████████.

     ***Mr. J is not a managing agent regarding this litigation.***  To establish that Mr. J is a managing agent, Plaintiffs must show that he has responsibility and knowledge "respecting the matters involved in this litigation." *Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *3 (S.D.N.Y. May 31, 2002).  Plaintiffs have not met that burden.  *See* Dkt. 1054 at 2-3.  Even if Mr. J was ████████████████████████████████████████ that issue is not relevant to Plaintiffs' claims.  *See supra* 2-3.  And Plaintiffs make no argument that Mr. J is a managing agent with respect to free listings generally, *e.g.*, they do not identify "what information he has that differs from" information available from other domestic witnesses who worked on free listings.  *Cargill Inc. v. Leak*, 2023 WL 8082346, at *4 (D.  Utah Nov. 21, 2023) (finding witness was not a managing agent in part because party had not identified witness's unique knowledge); *cf. Iron Mountain (Nederland) Data Centre Germany B.V. v. WSP USA Buildings, Inc.*, 2024 WL 2846607, at *2 (S.D.N.Y. May 30, 2024) (finding witness was managing agent in part because he had "discretion specifically over matters at the crux of this litigation").

     *Becton, Dickinson & Co. v. Beckman Coulter, Inc.*, 2023 WL 6064805 (S.D. Cal.  Jan. 17, 2023) is instructive.  There, the plaintiffs sought to depose a French resident who worked for the defendant's French affiliate.  *Id*. at *1.  The plaintiffs argued the witness was a managing agent because she had conducted studies that allegedly contradicted the defendant's position on product superiority.  *Id*. at *1-2.  The court rejected that argument, finding that the witness's work was not "sufficiently central to the issues at the core of th[e] litigation" because product superiority was not "a dispositive or even central part" of the case.  *Id*. at *3.  The court also considered the fact that the witness was "an employee of a foreign subsidiary" who lacked "general powers over corporate matters," and that plaintiffs had already deposed a higher-ranking witness on the same subject.  *Id*.  Similar facts exist here: Mr. J is an employee of a foreign affiliate; his work is tangential to the core issues here; and Plaintiffs have already deposed Ms. F, who testified on Google's behalf about the decision not to ban ebooks from free listings (and Plaintiffs will depose another designee on *yet another* Rule 30(b)(6) topic relating to free listings).

     ***Deposing Mr. J is disproportionate.***  Multiple witnesses have testified (and more will testify, including Mr. R) about free listings, and three witnesses, including a corporate designee, have testified regarding Google's decision not to ban ebooks from free listings. *See, e.g.*, Ex. 1 at 36:22-37:18; Ex. 2 at 27:24-30:21; Dkt. 1066-4 at 219:1-220:21.  Plaintiffs offer no compelling reason why they need *more* testimony on this topic.  Oddly, Plaintiffs *complain* that Mr. J educated Ms. F on that topic and that Ms. F relayed what Mr. J told her.  *See* Opp'n at 3.[2]  That is exactly

---

[2] Plaintiffs' reliance on *Sherman v. Sheffield Financial, LLC*, 338 F.R.D. 247 (D. Minn. 2021), is misplaced.  Opp'n at 3.  That court acknowledged that information regarding a company's policies "may be obtained through a 30(b)(6) deposition."  *Sherman*, 335 F.R.D. at 253.  Here, Plaintiffs

LATHAM&WATKINS LLP

what a corporate designee is expected to do. Plaintiffs do not explain why asking Mr. J the same question will yield a different answer. Instead, Plaintiffs claim they need answers from Mr. J to other questions, ███████████████████████████████. Opp'n at 3-4. But Plaintiffs already have answers to those questions too, they just don't like the answers. *See, e.g.*, Ex. 2 at 36:11-18 (█████████████████████; *id*. at 28:19-29:14 (███████████████████); Ex. 1 at 240:22-242:5 (███████████████).

Plaintiffs' attempt to minimize the burden to Mr. J and Google misses the point. In the cases Plaintiffs cite, the court required international travel because the expected testimony was uniquely relevant. *See, e.g.*, *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, 2025 WL 252673, at *3-4 (S.D.N.Y. Jan. 21, 2025) (requiring individual with unique knowledge of contract history to travel); *Calixto v. Watson Bowman Acme Corp.*, 2008 WL 4487679, at *2-3 (S.D. Fla. Sep. 29, 2008) (requiring former CEO who personally negotiated contract in dispute to travel). Here, because the testimony sought from Mr. J has "minim[al] relevance," the burden of international travel is disproportionate. *Becton*, 2023 WL 6064805, at *4 (declining to require witness in France to travel because burden was not "supported by the potential testimony she could give"). Nor should Google's counsel be forced to choose between incurring the cost and time of international travel and defending the deposition remotely. And even in that scenario, Mr. J would need to be willing to travel outside Switzerland for the deposition, a burden falling on him, not Google's counsel.

For these reasons, the Court should issue a protective order. The Court should also deny Plaintiffs' request for permission to identify a new deponent after the July 22 deadline to notice remaining fact depositions. Google only waited to file this Motion until after Plaintiffs deposed Ms. F, so that Plaintiffs could assess whether they still wanted Mr. J's testimony. Google offered to allow Plaintiffs a "backup witness" if they lost this Motion, provided they identified that person by the July 22 deadline. Dkt. 1054-1 ¶7. Plaintiffs refused and should not now be permitted to select an alternative witness if the Court grants Google's Motion. *Id.*

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF and email)

---

seek testimony on Google's policy decision concerning free listings, and Google has provided that testimony.