

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

July 24, 2026

**VIA ECF**

The Honorable Barbara C. Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

**Re:**     ***Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Elsevier's Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 1075)**

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs Elsevier Inc. and Elsevier B.V. (collectively, "Elsevier") submit this letter response in support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 1075). Elsevier seeks the Court's approval to (i) redact limited portions of Google's Letter Motion for Permission to Serve A Third-Party Deposition Subpoena (the "Letter Motion") (Dkt. 1076) and Exhibit 1 to the Declaration of Joseph Piligian ("Piligian Decl.") (Dkt. 1076-2), and (ii) seal Exhibits 2-5 to the Piligian Decl. (Dkts. 1076-3-1076-6) (together, the "Documents"). Elsevier has significantly narrowed these redactions from those in Google's Letter Motion.

## I.    Background

Portions of the Letter Motion and Exhibits 1-5 to the Piligian Decl. contain information designated by Elsevier as Highly Confidential-Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82). *See* Dkt. 82 ¶¶ 2, 3. The information that Elsevier requests remain sealed includes portions of the Letter Motion and Exhibits that discuss sensitive and confidential information about Elsevier's business with respect to the marketing and advertising of its works.[1] The material at issue is comparable to information for which the Court has granted Plaintiffs' prior sealing requests. *See, e.g.*, Dkts. 471, 674.

Google's counsel corresponded with Elsevier's counsel regarding the content of the Letter Motion on July 21, 2026. Google's Letter Motion to File Sealed and Redacted Documents states that Google "takes no position on whether such materials must be sealed." Dkt. 1075 at 1.

---

[1] A clause in Exhibit 1 to the Piligian Decl., Elsevier's Updated Objections and Responses to Google's 30(b)(6) Notice, should also be redacted because it reveals non-public, confidential information about the valuation of Elsevier's copyrights and trademarks.

## II.      Legal Standard

Elsevier's redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Moreover, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III.      Elsevier's Highly Confidential-Attorneys' Eyes Only and Confidential Material Should Be Redacted or Sealed.

The material at issue should be redacted or sealed because it discusses confidential and sensitive information about Elsevier's marketing efforts and the work it does with a vendor, which Elsevier does not publicly disclose. Portions of the Letter Motion also discuss and then mischaracterize the nature of Elsevier's business activities. Further, these limited redactions are not necessary for the public to understand the dispute.

Courts in this district have recognized the significance of keeping sensitive business information, like the material at issue here, confidential, particularly when disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise, Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotations omitted); *see also Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would affect party's competitive position if disclosed); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Elsevier can demonstrate such a need, as public disclosure of this information would reveal sensitive insights into its marketing business and strategy to others, including competitors, and potentially enable competitors to exploit this information to Elsevier's detriment. Accordingly, the disclosure of the material at issue creates a substantial risk of harm to Elsevier's business, commercial, and competitive interests. Moreover, certain portions of the Letter Motion misconstrue Elsevier's business in a way that could provide a false impression to the public and therefore harm Elsevier's reputation.

In addition, two of the exhibits at issue (Exhibits 2-3) consist of excerpts of deposition transcripts which, pursuant to the Protective Order, shall be "treated as if [they] had been

2

designated 'Highly Confidential – Attorneys' Eyes Only'" during the "14-day period following… receipt of the deposition transcript[s]." Dkt. 82 ¶ 8. Elsevier received these deposition transcripts less than 14 days ago, on July 16, 2026 and July 21, 2026. As such, "the entire deposition transcript[s]" are currently designated as Highly Confidential and should remain sealed here. *Id*.

**IV.    Elsevier's Request Is Narrowly Tailored to Serve the Purpose that Requires the Redaction or Sealing.**

Elsevier's request is narrowly tailored to protect confidential and sensitive information that prior Orders, case law in this district, and the Protective Order support keeping confidential. Rather than ask the Court to grant the request to (i) redact all proposed redactions to the Letter Motion and Piligian Decl., and (ii) seal all five Exhibits in their entirety, Elsevier proposes more limited redactions to the Letter Motion and Exhibit 1, requests no redactions to the Piligian Decl., and seeks sealing of only Exhibits 2-5. Elsevier's proposed redactions to the Letter Motion and Exhibit 1 can be found in Exhibits A and B, respectively, to this letter response.

Given the sensitive nature of the material at issue, Elsevier respectfully submits this letter response explaining the need to redact specific portions of the Letter Motion and Exhibit 1 and seal Exhibits 2-5 in their entirety.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele H. Murphy*

Michele H. Murphy

cc:    All Counsel of Record (via ECF)

3