# EXHIBIT B

[Redacted]

# EXHIBIT 1
# [Filed Under Seal]

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

CENGAGE LEARNING, INC.;
BEDFORD, FREEMAN & WORTH
PUBLISHING GROUP, LLC D/B/A
MACMILLAN LEARNING;
MACMILLAN HOLDINGS, LLC;
ELSEVIER INC.; ELSEVIER B.V.; and
MCGRAW HILL LLC,

          Plaintiffs,

      v.

GOOGLE LLC,

          Defendant.

**Civil Action No. 24-cv-04274-JLR-BCM**

**PLAINTIFFS ELSEVIER INC.'S AND ELSEVIER B.V.'S UPDATED OBJECTIONS
AND RESPONSES TO DEFENDANT GOOGLE LLC'S NOTICE OF DEPOSITION OF
ELSEVIER INC. AND ELSEVIER B.V. PURSUANT TO FED. R. CIV. P. 30(B)(6)**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs Elsevier

Inc. and Elsevier B.V. (collectively "Plaintiff" or "Elsevier"), by and through their attorneys,

hereby object and respond as follows to Defendant Google LLC's ("Defendant" or "Google")

Notice of Deposition of Elsevier Inc. and Elsevier B.V. Pursuant to Fed. R. Civ. P. 30(b)(6) served

on January 30, 2026 (the "Notice"). Plaintiff will confer with Google regarding the time, date, and

location of the deposition(s). Plaintiff reserves the right to supplement or amend these objections

and responses. Notwithstanding Plaintiff's objections and responses herein, Plaintiff is willing to

meet and confer with Defendant in order to attempt to mutually agree upon a reasonable scope of

non-objectionable testimony that can be provided without undue or disproportionate burden.

**GENERAL OBJECTIONS**

1. The following General Objections apply to each and every Topic on Schedule A to the Notice (a "Topic") and should be considered part of Plaintiff's objections to each and every Topic. Any specific objections provided below are made in addition to these General Objections, and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection. Plaintiff may repeat a General Objection in its specific objections below for emphasis or any other reason. In addition, the failure to include any specific objection to a Topic is neither intended as, nor shall in any way be deemed, a waiver of Plaintiff's rights to assert that or any other objection at a later date.

2. Plaintiff objects to the Notice to the extent that it seeks to impose obligations other than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and any applicable order of this Court. Plaintiff will interpret and respond to the Notice in the manner prescribed by the same.

3. Plaintiff makes a reasonable effort to respond to each Topic as Plaintiff understands and interprets each Topic. If Defendant subsequently asserts any interpretation of any Topic that differs from Plaintiffs' interpretation, Plaintiff reserves the right to supplement and amend its responses.

4. Plaintiff objects to the Notice to the extent that it calls for information that Plaintiff is prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.

5. Plaintiff objects to the Topics in the Notice to the extent that they are duplicative or redundant of each other.

6. Plaintiff objects to the Notice to the extent that it requires Plaintiff to draw legal conclusions in order to prepare a witness.

7. Plaintiff objects to the Notice to the extent that compliance with it would impose upon

2

Plaintiff undue burden, oppression, and/or expense. As used herein, these terms include: (i) Topics that, so characterized, seek information not relevant to this lawsuit or to the particular matters at issue between Plaintiff and Defendant; or (ii) that the value, if any, of preparing a witness with regard to a Topic is far outweighed by the burden or cost of doing so.

8. Plaintiff objects to the Topics to the extent that they are overly broad, vague, ambiguous, and/or incomprehensible. As used herein, the phrase "overly broad" includes Topics that, so characterized, seek, at least in part, information irrelevant in scope, subject matter, and/or time period to this lawsuit or to the particular matters at issue in this lawsuit.

9. Plaintiff objects to the Topics to the extent that they fail to state with reasonable particularity the matters for examination, including in that the Notice does not define many of the terms used therein.

10. Plaintiff objects to the Notice to the extent that it purports to require Plaintiff to provide information that cannot be ascertained through a reasonable and good faith internal inquiry. Plaintiff further objects to the Notice to the extent that it seeks information from a person or entity other than Plaintiff, purports to require Plaintiff to acquire information or knowledge that it does not already possess, or purports to require Plaintiff to provide information that is exclusively within the possession, custody, or control of third parties, that is already in the possession of Defendant, or that is equally available to Defendant from other sources.

11. Plaintiff objects to the Notice as overbroad, unduly burdensome, and disproportionate to the needs of the case as it purports to require testimony concerning an enormous volume of information without identifying any time limitation. Subject to these Objections and Responses, Plaintiff will generally prepare one or more witnesses as specified in its specific responses below for the time period January 1, 2020 to March 31, 2025, unless otherwise stated.

12. Plaintiff objects to the Topics that can be read to seek information from an entity other than Plaintiffs Elsevier Inc. or Elsevier B.V. All responses are provided as to Elsevier Inc. and/or Elsevier B.V. only, including with respect to their respective copyrighted works and trademarks identified on Amended Exhibits A and B to the Amended Complaint.

13. Plaintiff objects to the Notice to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, or any other applicable privilege or protection from disclosure under federal or state law. The inadvertent disclosure of information that is privileged, was prepared in anticipation of litigation or for trial, or that is otherwise protected from discovery, shall not constitute a waiver of any privilege or any ground for objection, or of the right of Plaintiff to object to the use of such information during subsequent proceedings.

14. Plaintiff objects to the Notice to the extent that it seeks confidential or proprietary information pertaining to Plaintiff's businesses, technology, or economic relationships. Plaintiff will only provide such responsive information pursuant to the Stipulated Protective Order (Dkt. 82).

15. Nothing contained herein is an admission relative to the existence of any information sought, to the relevance or admissibility of any Topic, or to the truth or accuracy of any statement or characterization contained in any particular Topic.

16. Plaintiff's response to the Notice will be made without waiver of, and with the intentional preservation of:

    a. All questions as to the competence, relevance, materiality, privilege, confidentiality, authenticity, and admissibility as evidence in any aspect of this or any other legal proceeding;

4

b. The right to object on any ground to the use of information, documents, or testimony, or the subject matter thereof, in any aspect of this or any other legal proceeding;

c. The right to object at any time to further responses to the Notice on any ground; and

d. The right to revise, correct, supplement, or clarify the objections and responses propounded herein at any time.

17. Testimony responsive to any Topic should not be construed as:

a. An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

b. A waiver by Plaintiff of its General Objections or of the specific objections asserted in response to a specific Topic; or

c. An agreement that requests for similar information will be treated in a similar manner.

18. Through counsel, the parties have met and conferred regarding Defendant's deposition topics and Plaintiff's responses thereto. Subject to and without waiving Plaintiff's objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiffs' obligations under Rule 30(b)(6) and consistent with the parties' agreements pursuant to such conferrals.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

Subject to and without waiver of the foregoing General Objections, which are incorporated by reference into each of the following specific objections and responses, Plaintiff specifically objects and/or responds to the Topics as follows:

5

**TOPIC No. 1**

The works listed in Amended Exhibit A (Dkt. 120-1) published by You (hereinafter, the "Asserted Works"), including the form in which You store digital or print versions of the Asserted Works.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks any and all information about "The works listed in Amended Exhibit A (Dkt. 120-1)," without clarity as to subject matter or scope. Google's Shopping ads at issue are also for digital works, not printed works. Plaintiff further objects to this Topic insofar as it calls for testimony about numerous Asserted Works such that no human being could reliably or completely set forth the material at a deposition. Moreover, Plaintiff objects to this Topic because the information concerning the Asserted Works in Amended Exhibit A to the Amended Complaint (Dkt. 120-1) ("Exhibit A") speaks for itself.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally the information contained in Exhibit A and the form in which Elsevier Inc. stores digital or print versions of the Asserted Works.

**TOPIC No. 2**

Your efforts to obtain ownership of, or rights to, the Asserted Works, including Your communications and agreements with the authors of the Asserted Works and/or those authors' employers, and Your efforts to confirm the authors had the necessary rights to transfer to the Publishers.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and seeks testimony

6

that is not relevant to the claims or defenses in the litigation. For instance, the Topic can be interpreted to broadly seek testimony regarding an untold number of communications with authors of the numerous Asserted Works regarding their author agreements with Plaintiff. Plaintiff further objects to this Topic insofar as it calls for testimony about numerous Asserted Works and related communications and agreements such that no human being could reliably or completely set forth the material at a deposition. Plaintiff also objects to the Topic in that it is vague, ambiguous, and fails to describe with reasonable particularity the matters for examination with respect to the phrases "Your efforts" and "confirm the authors had the necessary rights . . ." Plaintiff further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding Elsevier Inc.'s general processes and practices for obtaining ownership of, or rights to, the Asserted Works, including regarding the assignment of rights reflected in agreements with authors concerning the Asserted Works.

## TOPIC No. 3

Your communications and copyright registrations with the U.S. Copyright Office.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding any and all of Plaintiff's communications with the U.S. Copyright Office,

7

regarding any matter, and any and all copyright registrations issued by the U.S. Copyright Office of which Plaintiff may be aware, regarding any work. Plaintiff further objects to this Topic insofar as it seeks testimony regarding copyright registrations beyond the Asserted Works, the Asserted Works registrations speak for themselves, and communications with the U.S. Copyright Office are not at issue. Moreover, the Asserted Works copyright registrations establish a presumption of validity as to the facts contained therein. Plaintiff further objects to this Topic insofar as it calls for testimony about myriad communications and copyright registrations such that no human being could reliably or completely set forth the material at a deposition. Plaintiff also objects to this Topic insofar as it is duplicative of Topic No. 4.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally Elsevier Inc.'s copyright registrations for the Asserted Works.

## TOPIC No. 4

Your practice—from the date of the first-in-time-published Asserted Work to the date of the last-in-time-published Asserted Work—of registering copyrights in the works You publish, Including how You determine which works to register, whether You register works in which You do not own copyright (whether by work-for-hire or by assignment) and if not, how You avoid doing so, who registers the works, and when the works are registered relative to their creation and first publication.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the copyright registrations for the Asserted Works speak for themselves, and the Topic seeks testimony regarding works and practices that are not at issue in this litigation. Moreover, the Asserted Works copyright registrations establish a presumption of validity as to the facts contained therein. Plaintiff

8

further objects to this Topic to the extent that it is duplicative of Topic No. 3. Plaintiff also objects to this Topic insofar as it calls for testimony about an untold number of "works You publish" such that no human being could reliably or completely set forth the material at a deposition. Plaintiff further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination concerning the subject of registering "works in which You do not own copyright." Moreover, Plaintiff objects to the extent that this Topic seeks information protected by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally Elsevier Inc.'s processes and practices for registering copyrights in higher education copyrighted works.

## TOPIC No. 5

Your efforts to obtain ownership of, or rights to, the Trademarks in Amended Exhibit B (Dkt. 120-2) You claim ownership of (hereinafter, the "Relevant Trademarks").

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding any and all of Plaintiff's "efforts to obtain ownership of, or rights to" the Relevant Trademarks when such ownership is established through use of the marks and trademark registrations that speak for themselves. Moreover, the Relevant Trademarks' registrations establish a presumption of validity as to the facts contained therein. Plaintiff further objects to this Topic insofar as it calls for testimony about a large number of activities regarding Plaintiff's use of the Relevant Trademarks such that no human being could reliably or completely set forth the material

9

at a deposition. Plaintiff further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding the information on the Relevant Trademarks' registrations.

## TOPIC No. 6

Your communications and trademark registrations with the U.S. Patent & Trademark Office.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding any and all communications with the USPTO, regarding any matter, and any and all trademark registrations issued by the USPTO of which Plaintiff may be aware, regarding any work. Plaintiff further objects to this Topic insofar as it seeks testimony regarding trademark registrations beyond the Relevant Trademarks, the Relevant Trademarks' registrations speak for themselves, and communications with the USPTO are not at issue. Moreover, the Relevant Trademarks' registrations establish a presumption of validity as to the facts contained therein. Plaintiff further objects to this Topic insofar as it calls for testimony about myriad communications and trademark registrations such that no human being could reliably or completely set forth the material at a deposition.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of

10

specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally Plaintiff's trademark registrations for Plaintiff's registration of the Relevant Trademarks with the USPTO.

**TOPIC No. 7**

Your efforts to enforce the purported intellectual property rights associated with the Asserted Works and/or Relevant Trademarks.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding any and all of Plaintiff's "efforts to enforce its intellectual property rights" other than in response to infringement on Google Shopping or by the 1,500 pirate websites that infringed the Asserted Works and are at issue in this litigation ("1,500 Pirates"). Plaintiff also objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination as to the term "efforts to enforce." Plaintiff further objects to this Topic insofar as it calls for testimony about enforcement efforts associated with numerous Asserted Works and the Relevant Trademarks such that no human being could reliably or completely set forth the material at a deposition. Moreover, Plaintiff objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally Plaintiff's efforts to enforce its intellectual property rights associated with the Asserted Works and Relevant Trademarks in response to infringement related to Google Shopping.

11

**TOPIC No. 8**

Lawsuits or actions filed by You against any individual or entity that you allege pirated any of the Asserted Works or other works published by You, including *Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, et al. v. Nguyen, et al.*, 19-cv-10524-LAK (S.D.N.Y.); *Cengage Learning, Inc., et al. v. Nguyen, et al.*, 20-cv-00769-JGK-SDA (S.D.N.Y); *McGraw Hill LLC, et al. v. Chinh Tran Van et al.*, 20-cv-06368-GHW (S.D.N.Y.); *Elsevier Inc., et al. v. Quttainah, et al.*, 20-cv-8438-LLS (S.D.N.Y.); *Pearson Education, Inc., et al. v. Najji, et al.*, 21-cv-03486-RA (S.D.N.Y.); *Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, et al. v. English, et al.*, 21-cv-06691-ER (S.D.N.Y.); *McGraw Hill LLC, et al. v. Nazaryan, et al.*, 23-cv-2798-LLC (S.D.N.Y.); and *Cengage Learning, Inc., et al. v. Smith, et al.*, 23-cv-07193-VM (S.D.N.Y.).

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding unspecified lawsuits or actions filed by Plaintiff (apart from this lawsuit) without clarity as to subject matter or scope. Even as to the eight lawsuits specified following "including" (the "Pirate Suits"), the Topic is not limited as to subject matter or scope, and numerous issues in the Pirate Suits do not relate to this lawsuit. Plaintiff further objects to this Topic insofar as it calls for testimony about multiple lawsuits such that no human being could reliably or completely set forth the material at a deposition, including, even with respect to the Pirate Suits, because the Pirate Suits involve hundreds if not thousands of defendants and pirate sites. Plaintiff further objects to this Topic to the extent that it seeks information that is overwhelmingly privileged and protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding the Pirate Suits generally as they concern Google.

**TOPIC No. 9**

Actions taken by You or any other third party acting on Your behalf to identify the identities of merchants operating websites that you allege pirated any of the Asserted Works or other works published by You, and the information gathered by You as a result of those efforts, including merchant locations, dates and methods of infringing activity, and the tools and/or platforms used by the merchant to sell or otherwise advertise infringed Asserted Works or other works published by You.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding actions taken by Plaintiff or any other third party acting on its behalf to identify any person or entity that "pirated" any work that Plaintiff has ever published. The Topic also seeks information beyond the 1,500 Pirates and Google Shopping. Plaintiff further objects to this Topic insofar as it calls for testimony about persons, entities, and actions taken such that no human being could reliably or completely set forth the material at a deposition. Plaintiff also objects to this Topic to the extent that it requires expert testimony. Plaintiff further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination as to the phrase "pirated" and "tools." In addition, Plaintiff objects to this Topic insofar as it seeks information better sought from a person or entity other than Plaintiff. Moreover, Plaintiff objects to the extent that this Topic seeks information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally the

13

actions taken by Elsevier Inc. or a non-expert third party acting on its behalf to identify the 1,500 Pirates.

**TOPIC No. 10**

Actions taken by You or any other third party acting on Your behalf to monitor or identify alleged infringement of the Asserted Works and Relevant Trademarks on the internet, as well as to submit, monitor, and/or track notices of infringement to internet platform owners.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding actions taken by Plaintiff or a third party acting on Plaintiff's behalf "to monitor or identify infringement of the Asserted Works and Relevant Trademarks" on the internet generally or on platforms other than the Google Shopping platform. Plaintiff further objects to this Topic as seeking testimony regarding communications and information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure. Moreover, Plaintiff objects to this Topic insofar as it calls for testimony about numerous Asserted Works and the Relevant Trademarks, infringement notices, and related evidence such that no human being could reliably or completely set forth the material at a deposition. Plaintiff also objects to the extent that this Topic is duplicative of Topic No. 11.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally actions taken by Plaintiff or a third party acting on Plaintiff's behalf to monitor or identify alleged

14

infringement of the Asserted Works and Relevant Trademarks on the Google Shopping platform, and to submit, monitor, and/or track notices of infringement to Google regarding the same.

**TOPIC No. 11**

Actions taken by You or any other third party acting on Your behalf to monitor or identify alleged infringement of the Asserted Works and Relevant Trademarks on Google's Shopping platform, as well as to submit, monitor, and/or track notices of infringement to Google of the Asserted Works and Relevant Trademarks. This includes Your (or a third party acting on Your behalf) issuances of, or failure to issue, notices of infringement to Google concerning the Asserted Works and/or Relevant Trademarks, and Your decisions regarding the manner in which to submit notices of infringement.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony concerning a negative, i.e., a so-called "failure to issue" notices, that has no bearing on the notices in this litigation. Plaintiff further objects to this Topic insofar as it calls for testimony about numerous Asserted Works and the Relevant Trademarks, infringement notices, and related evidence such that no human being could reliably or completely set forth the material at a deposition. Plaintiff also objects to this Topic to the extent that it calls for testimony regarding communications and information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure. Plaintiff further objects to this Topic to the extent that it is duplicative of Topic No. 10.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally actions taken by Plaintiff or a third party acting on Plaintiff's behalf to monitor or identify alleged

15

infringement of the Asserted Works and Relevant Trademarks on the Google Shopping platform, and to submit, monitor, and/or track notices of infringement to Google regarding the same.

**TOPIC No. 12**

Your relationship with BCGuardian LLP; Corsearch, Inc.; Oppenheim + Zebrak, LLC; Covington & Burling LLP or any other Person who has monitored the Asserted Works and/or Relevant Trademarks and/or has submitted notices of infringement on Your behalf to Google or any other internet platform, including but not limited to Bing.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding Plaintiff's relationships with third parties relating to monitoring of, and/or submitting infringement notices relating to, infringement of the Asserted Works and/or Relevant Trademarks on internet platforms other than Google Shopping (and Corsearch, Inc. was not a vendor engaged by Elsevier during the relevant dates, and Covington & Burling LLP did not submit notices of infringement on Elsevier's behalf to Google Shopping). Any such relationships relating to monitoring of, and/or submitting infringement notices relating to, infringement on platforms other than Google Shopping have no relevance to the claims or defenses in this litigation. Moreover, Plaintiff objects to this Topic as seeking testimony regarding communications and information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure. In particular, as Google is aware, Plaintiff's relationship with Oppenheim + Zebrak, LLP ("O+Z") is that of Plaintiff's outside counsel, including counsel of record in this litigation, and certain communications between Plaintiff and third party BCGuardian, LLC ("BCGuardian") have been determined to be protected by the attorney-client privilege and the work product doctrine in this litigation.

16

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally Plaintiff's relationship with BCGuardian related to monitoring and submitting notices of infringement on the Google Shopping platform.

**TOPIC No. 13**

Test purchases You, or any other third party acting on Your behalf, made of allegedly infringing products, including the Asserted Works or products with the Relevant Trademarks, including, as applicable, test purchases that flowed from clicking on an advertisement on Google.

**OBJECTIONS:** Plaintiff objects to this Topic to the extent that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding any and all test purchases Plaintiff or a third party acting on its behalf have ever made regarding "allegedly infringing products." Plaintiff also objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination as to the phrase "flowed from clicking on an advertisement on Google." Plaintiff further objects to this Topic insofar as it calls for testimony about a large number of test purchases such that no human being could reliably or completely set forth the material at a deposition. Moreover, Plaintiff objects to the extent that this Topic seeks testimony more properly sought from the person or third party (other than Plaintiff) who made the test purchase.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally test

17

purchases of the Asserted Works or products with the Relevant Trademarks identified on the Google Shopping platform made by Plaintiff or a third party on Plaintiff's behalf.

**TOPIC No. 14**

Your efforts, including technological measures, to prevent unauthorized copying and distribution of the Asserted Works and products associated with the Relevant Trademark(s), including in digital, eBook, PDF formats, or through the use of e-learning platforms.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding any "efforts," including enforcement efforts, and even as to technological efforts (e.g., DRM), concerning a wide range of products, including those other than in ebook format. Any efforts to prevent unauthorized copying and distribution on platforms other than on the Google Shopping platform, or concerning products in a form different from the Asserted Works, have no relevance to the claims or defenses in the litigation. The technological measures Plaintiff employs to prevent unauthorized copying and distribution of ebooks also is not relevant to the pirated copies of Plaintiff's works that are at issue in this litigation. Plaintiff also objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination as to the term "e-learning platforms," which, as Plaintiff understands that term, has no involvement in this litigation. Plaintiff further objects to this Topic insofar as it calls for testimony about efforts to prevent unauthorized copying and distribution of over myriad products such that no human being could reliably or completely set forth the material at a deposition. Plaintiff further objects to this Topic to the extent that it seeks testimony regarding communications and information protected by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

18

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally the technological measures Elsevier Inc. employs to prevent unauthorized copying and distribution of ebooks.

**TOPIC No. 15**

Your efforts to advertise the Asserted Works and other works published by You on Google, including information provided by You to Google for purposes of such advertisements, the costs and results of such advertising (including views, clicks, revenues and other metrics or data relating to the effect of such advertising), the relative importance of advertising on Google Shopping compared to other marketing channels.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding Plaintiff's legitimate ads lacking relevance to this litigation. The Topic also seeks testimony lacking relevance regarding "efforts to advertise . . . other works" beyond the Asserted Works and Google's Shopping platform. Plaintiff further objects to this Topic insofar as it calls for testimony about efforts to advertise myriad works such that no human being could reliably or completely set forth the material at a deposition. Plaintiff further objects to this Topic as seeking testimony regarding communications and information protected by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of

19

specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding Elsevier Inc.'s general efforts to advertise the Asserted Works on Google Shopping.

**TOPIC No. 16**

Your Google Merchant Center and Ads accounts.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding Plaintiff's legitimate ads lacking relevance to this litigation. By referencing Ads accounts, the Topic also seeks testimony lacking relevance regarding Plaintiff's advertising beyond the Google Shopping platform. The Topic further seeks testimony regarding Plaintiff's Google Merchant Center and Ads accounts without clarity as to subject matter or scope. Plaintiff further objects to this Topic insofar as it calls for testimony about a broad range of information about multiple accounts such that no human being could reliably or completely set forth the material at a deposition.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding Elsevier Inc.'s Google Merchant Center and Ads accounts generally with respect to Google Shopping.

**TOPIC No. 17**

Your use of alternative advertising channels to mitigate the impact, if any, of Google's policy banning paid Shopping ads for eBooks.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is vague, overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic assumes

20

incorrectly that "alternative advertising channels to mitigate the impact" exist and seeks testimony lacking relevance regarding advertising on platforms beyond Google Shopping. Plaintiff also objects to this Topic to the extent that it is duplicative of Topic No. 18.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will not produce a witness on this Topic.

**TOPIC No. 18**

Google's policies regarding paid Shopping advertisements for eBooks, including your discussions with Google regarding those policies, the impact of any changes to those policies on Your ability to advertise, sell, or earn revenue relating to works You publish, and Your efforts to circumvent Google's policy prohibiting paid Shopping advertisements for eBooks.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding "Google's policies," which would more appropriately be sought from Google. Plaintiff further objects to this Topic to the extent that it is duplicative of Topic No. 17. Plaintiff also objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination as to the terms "impact of any changes" and "circumvent Google's policy." Plaintiff further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding Plaintiff's general understanding of Google's policies regarding paid Shopping advertisements for ebooks, its

21

communications with Google about such policies, and the general impact of such policies on advertisements on Google Shopping for Elsevier Inc.'s works.

**TOPIC No. 19**

Your relationships, partnerships, and/or agreements with any third party (including any online retail platforms) to license, sell, distribute, or otherwise exploit the Asserted Works and/or products associated with the Relevant Trademarks, and revenue resulting from such licensing, sales, distributions, or exploitation of the Asserted Works and/or products associated with the Relevant Trademarks.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding Plaintiff's dealings with third parties and products that have no relevance to this litigation. Indeed, the phrase "products associated with the Relevant Trademarks" concerns a wide range of products, including those other than in ebook format. Plaintiff also objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination as to the terms "relationships, partnerships, and/or agreements," and "sell, distribute, or otherwise exploit." Plaintiff further objects to this Topic insofar as it calls for testimony about a wide range of relationships, agreement terms, revenue information, and products such that no human being could reliably or completely set forth the material at a deposition.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding Plaintiff's general relationship with its authorized ebook distributors disclosed in this litigation.

**TOPIC No. 20**

Your efforts to market and promote the Asserted Works, Relevant Trademarks, and/or products associated with Your Trademark(s). This includes information regarding Your target

22

market(s) and/or consumer(s) of the Asserted Works and/or products associated with the Relevant Trademarks.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding any and all of Plaintiff's marketing efforts, which are not at issue in this litigation, and which concern a wide range of products, including those beyond the Asserted Works and ebooks. Plaintiff also objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination as to the terms "efforts to market and promote" and "target market(s) and/or consumer(s)." Plaintiff further objects to this Topic insofar as it calls for testimony about a wide range of marketing activities and other business practices such that no human being could reliably or completely set forth the material at a deposition.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding Plaintiff's general practices concerning its efforts to market and promote the Asserted Works.

## TOPIC No. 21

Your communications with Google, including communications with Google made by any third party acting on Your behalf. For the avoidance of doubt, this includes communications with Your business partners or account representatives at Google.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding communications with Google without clarity as to subject matter or scope. Plaintiff's communications with Google unrelated to Shopping ads are not at issue in this litigation and,

depending on the information that Google is actually seeking, could be incredibly broad in scope. Plaintiff also objects to this Topic insofar as it calls for communications between Google and third parties acting on Plaintiff's behalf, as such a request is better addressed to those third parties. Plaintiff further objects to this Topic insofar as it calls for testimony about a wide range of communications such that no human being could reliably or completely set forth the material at a deposition.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding the general types of communications between Plaintiff and Google related to Shopping ads and copyright or trademark infringement connected to Shopping ads.

**TOPIC No. 22**

Your participation in the Educational Publishers Enforcement Group, including actions taken by the Educational Publishers Enforcement Group to combat piracy.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding "actions taken by the Educational Publishers Enforcement Group to combat piracy," which are not at issue in this litigation. Plaintiff further objects to this Topic insofar as it calls for testimony about a wide range of activities related to a large universe of copyright and trademark rights such that no human being could reliably or completely set forth the material at a deposition. Plaintiff further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure.

24

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding Plaintiff's participation in the Educational Publishers Enforcement Group generally, consistent with its information provided in submissions to the Court in this litigation and the Court's rulings.

**TOPIC No. 23**

The price, costs, revenues, and profits associated with the Asserted Works or products associated with the Relevant Trademarks, and Your projections or estimates regarding the future price, costs, revenues, and profits associated with the Asserted Works or products associated with the Relevant Trademarks.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding a broad range of financial data and a broad range of products, neither of which are at issue in this case. The Topic also seeks testimony regarding projections or estimates regarding future financial information that have not been prepared, do not exist, and are not at issue in this case. Plaintiff also objects to this Topic to the extent that it requires expert testimony. Plaintiff further objects to this Topic insofar as it calls for testimony about thousands of items of granular financial data such that no human being could reliably or completely set forth the material at a deposition.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally the ways in which Elsevier Inc. earns revenue from selling the Asserted Works and the sales data that Elsevier Inc. produced in this litigation in general terms.

25

**TOPIC No. 24**

The royalties paid to authors of the Asserted Works, including but not limited to those paid with respect to ebooks.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding a broad range of financial data, which is not at issue in this case. Plaintiff also objects to this Topic to the extent that it requires expert testimony. Plaintiff further objects to this Topic insofar as it calls for testimony about thousands of items of granular financial data such that no human being could reliably or completely set forth the material at a deposition.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally the fact of payment of royalties to authors of the Asserted Works and the royalties data that Elsevier Inc. produced in this litigation in general terms.

**TOPIC No. 25**

The value, economic or otherwise, of the Asserted Works and Relevant Trademarks, including internal valuations, external valuations, projections, license agreements, comparable licenses, and the non-financial benefits of same.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. ███████████████████████ ██████████████████████████████████████, and Plaintiff did not license the Asserted Works or Relevant Trademarks to the Pirates, nor did Plaintiff license the Relevant Trademarks to Google with respect to ads for the Pirates' products. Plaintiff further objects to this

26

Topic on the grounds that it is vague, ambiguous, and fails to describe with reasonable particularity the matters for examination as to the phrase "value, economic or otherwise," and terms "valuations," "projections," "comparable licenses," and "non-financial benefits." Plaintiff also objects to this Topic to the extent that it requires expert testimony to respond. Plaintiff further objects that this Topic calls for testimony, including as to numerous licenses and potential financial data, such that no human being could reliably or completely set forth the material at a deposition.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding the importance of the Asserted Works and Relevant Trademarks to Plaintiff's business generally.

**TOPIC No. 26**

Your alleged harm or damage as a result of Google's alleged conduct, including any diverted or lost sales or revenue you contend resulted from Google's alleged conduct.

**OBJECTIONS:** Plaintiff objects to this Topic insofar as it calls for expert testimony. Plaintiff further objects to this Topic to the extent it calls for testimony about "diverted or last sales" that are unknowable and potential financial data such that no human being could reliably or completely set forth the material at a deposition. Plaintiff further objects to this Topic insofar as it calls for expert testimony. Moreover, Plaintiff objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of

27

specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding the types of harm Plaintiff has suffered generally as a result of Google's conduct alleged in this litigation.

**TOPIC No. 27**

Analyses regarding the impact of piracy or copyright infringement, both in general and via Google Shopping specifically, on Your sales, revenues, or products.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony concerning analyses "regarding the impact of piracy or copyright infringement" "in general" beyond the impact "via Google Shopping specifically," which exceeds the scope of appropriate discovery in this litigation. The Topic also seeks broad testimony concerning "sales, revenues, or products" that are not tethered to the facts of this case. Plaintiff further objects to this Topic insofar as it calls for expert testimony. Plaintiff also objects to this Topic to the extent it calls for testimony about impacts that are unknowable and potential financial data such that no human being could reliably or completely set forth the material at a deposition. Moreover, Plaintiff objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding the types of harm and impact to Plaintiff generally as a result of the piracy alleged in this litigation.

**TOPIC No. 28**

Non-privileged facts and communications regarding this lawsuit, including Your decision to file this lawsuit, and communications with third parties about this lawsuit.

28

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony concerning "the facts . . . regarding this lawsuit," which can be interpreted to include every fact or piece of evidence potentially related to this litigation. In particular, Plaintiff will not designate a witness in response to the Topic to the extent that it seeks testimony regarding the factual matters derived from Google's own document productions or written responses to discovery requests or seeks testimony regarding legal standards, contentions, analyses, and conclusions. Plaintiff's decision to file the lawsuit or communications about the lawsuit also are not relevant to Google's conduct complained of in the lawsuit. Plaintiff further objects to this Topic insofar as it calls for testimony about numerous communications such that no human being could reliably or completely set forth the material at a deposition. Plaintiff also objects to this Topic to the extent that it is duplicative of Topic No. 29. Plaintiff further objects to this Topic to the extent that it seeks testimony regarding communications and information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or the common interest doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally Plaintiff's filing of this lawsuit, the facts in the Amended Complaint, and the type of non-privileged communications, if any, that Plaintiff had about this lawsuit.

**TOPIC No. 29**

The factual basis for the allegations in the Amended Complaint.

29

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad and unduly burdensome. For instance, the Topic seeks testimony concerning "[t]he factual basis for the allegations in the Amended Complaint," which can be interpreted to include every fact or piece of evidence potentially related to the numerous allegations in the Amended Complaint. In particular, Plaintiff will not designate a witness in response to the Topic to the extent that it seeks testimony regarding the factual matters derived from Google's own document productions or written responses to discovery requests or seeks testimony regarding legal standards, contentions, analyses, and conclusions. Plaintiff further objects to this Topic insofar as it calls for testimony about numerous facts and communications such that no human being could reliably or completely set forth the material at a deposition. Plaintiff also objects to this Topic to the extent that it is duplicative of Topic No. 28. Plaintiff further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally the factual basis for the allegations in the Amended Complaint.

**TOPIC No. 30**

Non-privileged facts and communications regarding any purported oral or written "common interest" agreement or understanding that You have entered into with the other Plaintiffs to this lawsuit and/or Pearson Education, Inc.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad,

unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony concerning other litigations or legal matters that are not at issue in this litigation, including insofar as Pearson Education, Inc. ("Pearson") is not a party in this litigation. The Topic also seeks a potentially broad range of facts and communications that are not related to whether the Plaintiffs in this case have a co-client/common interest agreement or the documents that Plaintiffs produced are privileged. Plaintiff further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding its co-client/common interest agreement with its co-Plaintiffs concerning this litigation and with Pearson concerning documents produced in this litigation.

**TOPIC No. 31**

Subject to mutual negotiation amongst the parties and to the extent not privileged or improper "discovery on discovery," the sources of relevant documents and information in this action.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic broadly seeks testimony regarding the "sources" of "information in this action," including information produced by Google. Plaintiff further objects to this Topic as vague, ambiguous, failing to

31

describe with reasonable particularity the matters for examination, and calling for a legal conclusion with respect to the phrase "discovery on discovery." Plaintiff further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will consider producing a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding generally the sources of relevant documents that Plaintiff produced in this litigation, depending on the outcome of the parties' mutual negotiation.

## TOPIC No. 32

The textbooks produced by You in hard-copy format.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony about an undefined number of textbooks without clarity as to subject matter or scope. Plaintiff further objects to this Topic insofar as it calls for testimony about the information contained in an undefined number of textbooks such that no human being could reliably or completely set forth the material at a deposition.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding the basis for its production of textbooks in hard-copy format in this litigation, as opposed to digital format.

**TOPIC No. 33**

Your responses to Google's Interrogatories, including all spreadsheets reflecting Plaintiffs' interrogatory responses such as the following:

- Cengage v. Google – Test Buys 2025.11.14 suppl – Confidential.xlsx
- Cengage v. Google – Notices to Pirate Site Domains 2025.11.14 suppl – Confidential.xlsx
- Cengage v. Google – Digital Files 2025.11.14 suppl – Confidential.xlsx
- Cengage v. Google – Copyright Registrations 2025.11.14 suppl – Confidential.xlsx
- Cengage v. Google – Chain of Title 2025.11.14 suppl – Confidential.xlsx
- Cengage v. Google – Works-in-Suit 2025.11.14 suppl – Confidential.xlsx
- Cengage v. Google – Digital Files 2025.10.06 suppl – Confidential.xlsx
- Cengage v. Google – Works-in-Suit 2025.10.06 suppl – Confidential.xlsx
- Cengage v. Google – Chain of Title 2025.09.09 – Confidential.xlsx
- Cengage v. Google – Copyright Registrations 2025.09.09 – Confidential.xlsx
- Cengage v. Google – Digital Files 2025.09.09 – Confidential.xlsx
- Cengage v. Google – Notices to Pirate Site Domains 2025.09.09 – Confidential.xlsx
- Cengage v. Google – Test Buys 2025.09.09 – Confidential.xlsx
- Cengage v. Google – Works-in-Suit 2025.09.09 – Confidential.xlsx.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation and/or is duplicative and cumulative of Plaintiff's responses to Google's Interrogatories. Plaintiff's responses to Google's Interrogatories, including the referenced spreadsheets reflecting Plaintiff's responses, speak for themselves and contain many rows of data. The Topic also improperly seeks information concerning other Plaintiffs' interrogatory responses. Plaintiff further objects to this Topic insofar as it calls for testimony about extensive data such that no human being could reliably or completely set forth the material at a deposition. Plaintiff further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the co-client privilege or common interest doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of

specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding the factual bases for Plaintiff's responses to Google's Interrogatories generally and the general process, to the extent not privileged, for producing the referenced spreadsheets.

**TOPIC No. 34**

Lawsuits filed against You by authors of the Asserted Work.

**OBJECTIONS:** Plaintiff objects to this Topic on the grounds that it is overly broad, unduly burdensome, not proportional to the needs and scope of the case, and seeks testimony that is not relevant to the claims or defenses in the litigation. For instance, the Topic seeks testimony regarding unspecified lawsuits filed against Plaintiff, without clarity as to subject matter or scope, and which have no bearing on this lawsuit that Plaintiff brought against Google. Plaintiff further objects to this Topic insofar as it calls for testimony about "lawsuits" such that no human being could reliably or completely set forth the material at a deposition. Plaintiff further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

**RESPONSE:** Pursuant to the foregoing objections, Plaintiff will not designate a witness to provide testimony regarding this Topic.

Dated:  April 3, 2026

Respectfully submitted,

_/s/ Michele H. Murphy_

Matthew J. Oppenheim
Michele H. Murphy (*pro hac vice*)
Jeff Kane (*pro hac vice*)
Danae Tinelli
Uriel Lee

OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202-480-2999 telephone
866-766-1678 fax
matt@oandzlaw.com
michele@oandzlaw.com
jkane@oandzlaw.com
danae@oandzlaw.com
ulee@oandzlaw.com


Lauren Bergelson
Yunyi Chen
OPPENHEIM + ZEBRAK, LLP
461 Fifth Avenue, 19th Floor
New York, NY 10017
212-951-1156 telephone
866-766-1678 fax
lbergelson@oandzlaw.com
ychen@oandzlaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via Electronic Mail on the 3rd day of April, 2026, upon counsel of record.

Dated: April 3, 2026

*/s/ Michele H. Murphy*
Michele H. Murphy

36