

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
jkane@oandzlaw.com

July 27, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

> **Re:** *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
> **Plaintiffs' Motion for Discovery Conference re Google Deposition Testimony**

[Redacted]

Dear Judge Moses,

At a recent deposition, Google's 30(b)(6) witness testified that in 2024, Google conducted a ███████████████████████████████ The ████████████████████████████████████ ███████████████████████████████████████████████ Google claims that documents concerning this ██████ are work-product. But Google's deposition testimony waived any claim of work-product that might have attached. The Court should order Google to produce discovery concerning Google's ██████.

## I.    Background

For years, Plaintiffs sent hundreds of infringement notices to Google identifying thousands of specific Google advertisements that promoted infringing copies of Plaintiffs' works. Dkt. 38 ¶ 99. Google was supposed to process Plaintiffs' notices according to a ████ strike policy: ████ ███████████████████████████████████████████████████ ████████████████████████████████████████████ Dkt. 238-8 (GOOG-CENG-00000685 at -0685). Incredibly, Google's process was to ████████████████ ███████████████████████████████████████████ Dkt. 238-8 at -0686; Dkt. 238-4 (GOOG-CENG-00439752.C). In numerous instances, however, Google failed to do so. Dkts. 38 ¶¶ 101–105, 238 ¶ 13; Ex. 1, Transcript of Deposition of S.B. (June 24, 2026) at 207:21–211:12, 213:21–217:19.

At her deposition, Google's 30(b)(6) witness for its repeat-infringer program testified that ████████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████████████████████████████████ Ex. 1 at 291:7–14, 293:16–19, 294:21–295:5. Ms. B testified at length about the ██████, with only occasional cautions from Google's counsel on privilege. *Id.* at 289–298. And Ms. B did so after consulting with Google's counsel about "a privilege question." *Id.* at 289:13–290:3. Google's

Hon. Barbara Moses
July 27, 2026
Page 2 of 5



counsel then delved further into the ███████ on redirect. She asked Ms. B what Google did after ████████████████████████████████████████████████████████████ *Id.* at 402:13–403:8. Ms. B claimed that Google ██████████████ *Id.* at 403:9.

This is extremely probative evidence. Google apparently ████████████████ ████████████████████████████████████████ Rather, Google ran ad after ad for these pirates' infringing products ██████████████████ This is clear evidence of, among other things, intent, knowledge, and the need for deterrence.

Plaintiffs asked Google to produce documents concerning the ████████, including any reports, presentations, or analyses connected to it. 26.06.26 O+Z Email. Google refused, claiming such documents are either privileged or work-product. 26.07.07 Latham Email.[1] Google once again is trying to hide inculpating evidence behind a flimsy excuse. Ms. B's testimony waived any claim of privilege or work-product that might have shielded these documents from production.

II.    **Google waived any claim of privilege or work-product by allowing Ms. B to testify about the findings and conclusions of the ████████.**

Google waived any privilege or work-product protection that may have attached to the ████████████ both by voluntarily disclosing that information and by putting the ████████ at issue in this case. In addition, Plaintiffs have a substantial need for the factual information uncovered by the ████████.

A.    **Google waived any work-product protection by disclosing the conclusions of the ████████.**

Disclosing information that otherwise would be privileged or work-product waives any such protection. *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, No. 93-cv-5298, 1996 WL 944011, at *3 (S.D.N.Y. Dec. 19, 1996) ("Work-product immunity is waived 'only if the party has voluntarily disclosed the work-product in such a manner that it is likely to be revealed to his adversary,'") (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 479 (S.D.N.Y. 1993)); *In re Pfizer Inc. Sec. Litig.*, No. 90-cv-1260, 1993 WL 561125, *6 (S.D.N.Y. Dec. 23, 1993) (same). *See also In re John Doe Corp.*, 675 F.2d 482, 488–89 (2d Cir. 1982) (disclosure of privileged information results in waiver).

Here, there is no question that Google disclosed information about the ████████: Ms. B testified about the ████████ in deposition. Ex. 1 at 289–298. Indeed, Ms. B testified about the *conclusions* the ████████ reached. She testified that the ████████ revealed both that ████████ ███████████████████████████████████████████████████████████████ ████████████████████ *Id.* at 294:15–295:4. *See also id.* at 291:7–13 ("Q ███████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ "); *id.* at 293:17–19 ("████████████████████████████████████████████████████

---

[1] Plaintiffs' counsel conferred with Google's counsel concerning this issue (among others) on July 9, 2026 for approximately twenty-five minutes. The participants were: Yunyi Chen, Jeff Kane, and Uriel Lee (Plaintiffs' counsel); and Roberto Borgert, Caroline Clarke, and Sarah Tomkowiak (Google's counsel).

Hon. Barbara Moses
July 27, 2026
Page 3 of 5

████████████████████████████████████████████████ ”). Indeed, even Google's counsel characterized Ms. B's testimony as concerning the conclusions of the ███████. *Id.* at 403:2–9 ("Q ██████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████ )
(emphasis added).

Moreover, no one could argue that the waiver was inadvertent. *Contra Luke v. United States*, No. 3:20-cv-00297, 2022 WL 1746845, at *3 (D. Alaska May 31, 2022) (no waiver where deposition witness inadvertently referenced a privileged document). Ms. B testified about the ███████ in deposition. Ex. 1. And she did so *after* taking seven minutes to confer with counsel off the record about a "privilege question." *Id.* at 289:13–290:3. Likewise, Google's counsel conducted a redirect to elicit testimony on Google's actions following the ███████. *Id.* at 402:13–403:16. And in the four weeks since, Google has not sought to claw back the testimony. And, the ████████████████████████████ was a 30(b)(6) topic on which Ms. B was designated. Dkt. 985-2 at 27 (Topic 53). This is clear waiver by disclosure.

**B.    Google waived any work-product protection by putting the ███████ at issue.**

In addition, Google waived any claim of privilege or work-product by putting the ███████ at issue in this case. Google did so in at least two ways.

First, Google claims it ████████████████████████████████
█████████████ On redirect, Google's counsel ████████████████████████
████████████████████████████████ Ex. 1 at 402:15–403:15. ███████
████████████████████████████████ *Id.* at 403:16. Google cannot take credit for
████████████████████████████████████████████████
█████████ Nor can Google claim to have ████████████████████████
████████████████████████████████████

Second, Google already has argued that it could not have possessed the requisite intent for inducement because Google has a policy that disallows copyright infringement. "Google requires retailers to comply with copyright laws and 'do[es]n't allow ads that are unauthorized to use copyrighted content' or link to 'unauthorized sites . . . that capture, copy, or provide access to copyrighted content.'" Dkt. 843 at 9–10 (quoting Am. Compl. ¶ 60 (in turn quoting Google's website)). Indeed, Google has specifically invoked its DMCA policy as a reason to conclude that Google did not possess the requisite intent. "'In cases of repeated or egregious violations' Google bans merchants from advertising content." *Id.* at 9 (quoting Am. Compl. ¶ 61 (in turn quoting Google's website)). Google is likely to try to use the ████████████████████████
████████████████ identified was a mistake, not intentional inducement. Google cannot argue that ████████████████████ Google's conduct was unintentional, and at the same time prevent Plaintiffs from testing that claim. *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[T]he attorney-client privilege cannot at once be used as a shield and a sword.")

**C.    Substantial Need**

In addition, Plaintiffs have a substantial need for the facts that the ███████ uncovered. The processing of infringement notices and tracking of strikes was performed by vendors whom

Hon. Barbara Moses
July 27, 2026
Page 4 of 5

Plaintiffs are unable to depose.[2] To the extent the ▮▮▮▮ includes statements from or observations about these vendors, or records what these vendors did, Plaintiffs have no other way of obtaining this information. More generally, the ▮▮▮▮ likely uncovered facts that show Google's intent. Plaintiffs don't know whether the ▮▮▮▮ uncovered facts showing that Google or the vendors deliberately ▮▮▮▮▮▮▮, whether the proper procedures hadn't been communicated to personnel, or whether Google or the vendors ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮.

### III.    Google has not established that the ▮▮▮▮ was privileged or work-product.

The burden is on Google to establish that the ▮▮▮▮ was privileged or work-product. *Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 391 (S.D.N.Y. 2015). Here, Google has not established any such protection. Ms. B did not claim that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 1. When asked who was involved in the ▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 290:16–18, 298:9–13. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 290:16–18.[3] Although Ms. B stated that the ▮▮▮▮▮▮▮▮▮▮, Ex. 1 at 291:1–2, she did not claim that the ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮. It may well be that the instant litigation prompted Google to ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ highlighted in this litigation, but that does not automatically shield the ▮▮▮ from disclosure.

Although any privilege or work-product protection was waived by Ms. B's testimony, Google has not even established that such protections attached in the first place.

### IV.    Conclusion

The Court should order that Google has waived any claim of privilege or work-product that may have attached to the ▮▮▮▮. Consequently, Google's remaining fact witnesses may not refuse to answer questions about the ▮▮▮▮ on the basis of privilege or work-product. And Google must produce: 1) any reports, presentations, memos, emails, or other documents memorializing the results of the ▮▮▮▮; 2) communications concerning the ▮▮▮▮; and 3) a list of any Merchant Center accounts (and the associated domains) Google claims to have suspended as a result of the ▮▮▮▮.

---

[2] Plaintiffs subpoenaed both of Google's vendor companies for deposition. One claimed that no individuals in the U.S. had knowledge of the relevant issues; the other claimed that no one currently employed at the vendor had such knowledge. Declaration of Attorney Jeff Kane ("Decl.") ¶ 3. Google refused even to provide the names of the individuals who processed infringement notices. *Id.*

[3] During conferrals, Google claimed that one of the documents about which the Court previously conducted an *in-camera* review (*see* Dkt. 994) concerned this ▮▮▮▮ Google refused to identify the document to Plaintiffs. Decl. ¶ 4. But, as explained above, any privilege or waiver that the Court might previously have found attached to the ▮▮▮▮ has been waived.

Hon. Barbara Moses
July 27, 2026
Page 5 of 5

/s/ *Jeff Kane*
Jeff Kane

*Counsel for Plaintiffs*