

Lauren Bergelson
461 5th Avenue, 19th Fl.
New York, N.Y. 10017
Tel. 212.951.1872
lbergelson@oandzlaw.com

July 28, 2026

**VIA ECF**

The Honorable Barbara C. Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

**Re:** ***Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Elsevier's Letter Motion to Redact Plaintiffs' Opposition to Google LLC's Letter Motion for Permission to Serve a Third-Party Deposition Subpoena (Dkt. 1076) and Redact and Seal Certain Exhibits**

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Plaintiffs Elsevier Inc. and Elsevier B.V. (collectively, "Elsevier") submit this letter motion to (i) redact Plaintiffs' Opposition to Google LLC's Letter Motion for Permission to Serve a Third-Party Deposition Subpoena (Dkt. 1076) ("Plaintiffs' Opposition" or "Opp.") and Exhibit B to the Declaration of Attorney Lauren Bergelson ("Decl."), and (ii) seal Exhibits A and C to the Decl.

## I.      Background

Portions of Plaintiffs' Opposition and Exhibit B to the Decl. and the entirety of Exhibits A and C to the Decl. contain information designated by Elsevier as Highly Confidential-Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82). *See* Dkt. 82 ¶¶ 2, 3. The information that Elsevier requests remain sealed includes the portions of Plaintiffs' Opposition and Exhibits that discuss or reflect sensitive and confidential information about Elsevier's business with respect to the marketing and advertising of its works. The material at issue is comparable to information for which the Court has granted Plaintiffs' prior sealing requests. *See, e.g.*, Dkts. 471, 674. It is also the same as or comparable to the material about which Google's counsel corresponded with Elsevier's counsel prior to filing Google's Letter Motion for Permission to Serve a Third-Party Deposition Subpoena. Regarding that content, Google stated that it "takes no position on whether such materials must be sealed." Dkt. 1075 at 1.

## II.     Legal Standard

Elsevier's redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing

considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Moreover, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Also, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

**III.    Elsevier's Highly Confidential-Attorneys' Eyes Only and Confidential Material Should Be Redacted or Sealed.**

The material at issue should be redacted or sealed because it reveals sensitive and confidential information about Elsevier's marketing efforts and the work it does with its marketing agency, Performics, which Elsevier does not publicly disclose. Elsevier has not sought to redact the vendor's name or basic information about its work. The redactions that Elsevier seeks reflect targeted information that should remain confidential, such as a reference to a specific data issue, specifics about the vendor's retention, and information about the delegation of work between Elsevier and the vendor. Opp. at 3-4. Plaintiffs' Opposition also quotes and addresses a portion of Dkt. 1076 that mischaracterizes the nature of Elsevier's business with its vendor. Opp. at 3. Moreover, the limited redactions in Plaintiffs' Opposition and Exhibit B, and the content in Exhibits A and C, are not essential for the public to understand the dispute.

Courts in this district have recognized the significance of keeping sensitive business information, like the material at issue here, confidential, particularly when disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise, Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotations omitted); *see also Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would affect party's competitive position if disclosed); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Elsevier can demonstrate such a need, as public disclosure of this information would reveal sensitive insights into its marketing business and strategy to others, including competitors, and potentially enable competitors to exploit this information to Elsevier's detriment. The disclosure of the material at issue therefore creates a substantial risk of harm to Elsevier's business, commercial, and competitive interests. In addition, certain portions of Plaintiffs' Opposition quote and address portions of Dkt. 1076, which misconstrue Elsevier's business in a way that could provide a false impression to the public and therefore harm Elsevier's reputation.

Further, one of the exhibits at issue (Exhibit A) and portions of Dkt. 1076 and certain of its corresponding exhibits that Plaintiffs' Opposition quotes and describes consist of excerpts of deposition transcripts which, pursuant to the Protective Order, shall be "treated as if [they] had been designated 'Highly Confidential – Attorneys' Eyes Only'" during the "14-day period

following… receipt of the deposition transcript[s].” Dkt. 82 ¶ 8. Elsevier received these deposition transcripts less than 14 days ago, on July 16, 2026 and July 21, 2026. As follows, “the entire deposition transcript[s]” are currently designated as Highly Confidential and should remain sealed here. *Id.*

**IV.    Elsevier's Request Is Narrowly Tailored to Serve the Purpose that Requires the Redaction or Sealing.**

Elsevier's request is narrowly tailored to protect confidential and sensitive information that prior Orders, case law in this district, and the Protective Order support keeping confidential. Specifically, Elsevier proposes limited redactions to Plaintiffs' Opposition and Exhibit B to conceal only the content that would be harmful to reveal. Elsevier also seeks to seal Exhibits A and C in their entirety as they consist of (i) a recently received deposition transcript that should be treated as Highly Confidential pursuant to the Protective Order and (ii) a sensitive Elsevier produced email chain that should not be made publicly available.

Given the nature of the material at issue, Elsevier respectfully submits this letter motion explaining the need to redact specific portions of Plaintiffs' Opposition and Exhibit B and seal Exhibits A and C in their entirety.

We thank the Court for considering this request.

Respectfully,

/s/ *Lauren Bergelson*

Lauren Bergelson

cc:    All Counsel of Record (via ECF)

3