**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | **Civil Action No. 24-cv-04274-JLR-BCM** |

**Declaration of Attorney Lauren Bergelson ISO
Plaintiffs' Opposition to Google LLC's Letter Motion for Permission to Serve a Third-
Party Deposition Subpoena**

1.      I am an attorney at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for all Plaintiffs in this matter. I submit this declaration in support of Plaintiffs' Opposition to Google LLC's Letter Motion for Permission to Serve a Third-Party Deposition Subpoena ("Opposition").

2.      On July 9, 2025 and July 17, 2025, Plaintiffs served document productions titled PROD016 and PROD017 on Google. These are the first (but not the only) productions that include documents referencing Elsevier's marketing agency, Performics.

3.      In an email on May 27, 2026, Google's counsel confirmed June 19 as the date for Mr. Guillaud's deposition, writing: "Mr. Guillaud – We can confirm June 19. As stated previously, we prefer to take his deposition in person and are open to taking it in London, but are considering your request to do it remotely."

4.      In an email on June 4, 2026, Google's counsel canceled Mr. Guillaud's deposition, writing: "While we previously stated that we were open to taking his deposition in London, it is not convenient for us to do so on June 19."

1

5.      Google's January 30, 2026 30(b)(6) Deposition Notice to Elsevier Inc. and Elsevier B.V. stated the following for Topics 15, 16, and 20 respectively:

a.  "Your efforts to advertise the Asserted Works and other works published by You on Google, including information provided by You to Google for purposes of such advertisements, the costs and results of such advertising (including views, clicks, revenues and other metrics or data relating to the effect of such advertising), the relative importance of advertising on Google Shopping compared to other marketing channels" (Topic 15),

b.  "Your Google Merchant Center and Ads accounts" (Topic 16), and

c.  "Your efforts to market and promote the Asserted Works, Relevant Trademarks, and/or products associated with Your Trademark(s). This includes information regarding Your target market(s) and/or consumer(s) of the Asserted Works and/or products associated with the Relevant Trademarks" (Topic 20).

6.      Elsevier Inc.'s and Elsevier B.V.'s April 3, 2026 Updated Objections and Responses to Google's 30(b)(6) Deposition Notice stated the following responses to Topics 15, 16, and 20 respectively:

a.  "Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding Elsevier Inc.'s general efforts to advertise the Asserted Works on Google Shopping" (Response to Topic 15),

b.  "Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level

of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding Elsevier Inc.'s Google Merchant Center and Ads accounts generally with respect to Google Shopping" (Response to Topic 16), and

c.   "Subject to and without waiving the foregoing objections, Plaintiff will produce a witness to provide non-privileged testimony at a reasonable and appropriate level of specificity consistent with Plaintiff's obligations under Rule 30(b)(6) regarding Plaintiff's general practices concerning its efforts to market and promote the Asserted Works" (Response to Topic 20).

7.     In an email on March 24, 2026, Google's counsel stated that with respect to Topics 15 and 16, "[t]he Parties are in agreement with respect to Plaintiffs' comments [on 15] from 3/23." Those 3/23 comments state the following: "We agree [with Google's compromise position], with the following additions in italics: Google proposes that Plaintiffs provide witnesses who can testify generally as to where Google Shopping fits within Plaintiffs' broader advertising efforts on Google's platforms, and how *generally* those efforts changed as a result of the ebooks ban, *if at all*."

8.     During the 30(b)(6) depositions of Morgan Wolbe (Cengage) and Catherine Bogin (Macmillan Learning), the taking attorneys asked questions that went beyond the negotiated scope of the witnesses' topics and veered into their personal capacity. The defending attorneys stated so on the record.

9.     Attached as Exhibit A is a true and correct copy of excerpts from the deposition transcript of Frederic Guillaud on July 1, 2026.

10.    Attached as Exhibit B is a true and correct copy of excerpts from the deposition transcript of Kelly McCann on April 22, 2026.

11.    Attached as Exhibit C is a true and correct copy of a document produced by Elsevier with the Bates number PL0000545804, which was marked as McCann Exhibit 5 during the deposition of Kelly McCann on April 22, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed July 28, 2026 in New York, New York.

/s/ *Lauren Bergelson*
Lauren Bergelson
