**Sara Sampoli**

Direct Dial: +1.202.350.5328

sara.sampoli@lw.com

555 Eleventh Street, N.W., Suite 1000

Washington, D.C.  20004-1304

Tel: +1.202.637.2200  Fax: +1.202.637.2201

www.lw.com

## LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

July 31, 2026

**VIA ECF & FEDEX**

The Honorable Barbara C. Moses

U.S. District Court for the Southern District of New York

Daniel Patrick Moynihan U.S. Courthouse

500 Pearl Street, Room 740

New York, New York 10007

Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
       Reply in Support of Google's Letter Motion to Seal July 1, 2026 Conference
       Transcript (Dkt. 1098)

Dear Judge Moses:

We represent Google LLC ("Google") in the above captioned matter.  We write in support of Google's Letter Motion to Seal July 1, 2026 Conference Transcript (Dkt. 1098) ("Letter Motion") and in response to Plaintiffs' opposition letter (Dkt. 1106) ("Opposition").  With respect to pp. 9-10, 12 and 16 of the transcript,[1] Google's Letter Motion seeks to seal only non-public, sensitive information concerning Google's internal policies, including specifics regarding Google's DMCA policy (Hr'g Tr. at 9:22, 10:3-4) and the zero-strike policy (Hr'g Tr. at 9:12-13, 9:16-22, 9:25, 10:2-3, 10:12-21, 12:13-18, 16:21-22).  In opposing Google's requested redactions, Plaintiffs ignore that Google has sought to redact, and the Court has approved, similar descriptions of Google's policies and practices and overlook the risk that publicly exposing these details creates.

The redactions Plaintiffs challenge include a detailed description of Google's policies and operation.  Hr'g Tr. at 9:19-22.  This material is unquestionably sensitive and Plaintiffs ignore that the Court has previously granted requests to seal this exact language.  Dkt. 1032 (granting Dkt. 982 seeking to seal same language in Dkt. 983 at 1, 3); *see also* Dkt. 1035 (granting request to seal similar language in Dkt. 1012 at 3).

Plaintiffs' Opposition argues that the challenged redactions "will not aid any would-be bad actors" because the policy was reversed.  Dkt. 1106 at 1.  But details of even deprecated policies and practices provide insight into Google's approach to and processes for handling takedown notices.  Plus, the challenged redactions include descriptions of practices Google *still* uses in its

---

[1] Plaintiffs' Opposition refers to redactions on pp. 9-12, but Google has not proposed any redactions to p. 11.

LATHAM&WATKINS LLP

DMCA enforcement process.  *See* Hr'g Tr. at 9:22, 10:3-4 (describing highly confidential details of Google's current DMCA policy).  Revealing details of these practices needlessly enables bad actors.  Moreover, courts in the Second Circuit routinely find that a company's confidential business practices, particularly those used to prevent fraud, are the proper subject of sealing.  *See Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices").  Plaintiffs point to no case law supporting their position that sealing the operational details of a deprecated practice cannot be justified under the same rationale.

Google has made efforts to tailor its redactions to only that information that is sensitive and non-public.  Therefore, Google has not sought to redact high-level descriptions of its efforts to combat infringement.  However, Google has sought to redact phrases and descriptions that provide additional detail about Google's enforcement policies and practices.  This includes instances in which requested redactions, if revealed in the context of the surrounding sentences and paragraphs, would provide greater insight into Google's policies and operations than is publicly available.  For these reasons, Google has previously requested, and the Court has approved, similar redactions concerning Google's policies. *See, e.g.*, Dkt. 1032 (granting Google's request to seal policy language); Dkt. 1035 (same).  The Court should do so again here.  At a minimum, the Court should grant Google's request to seal details of Google's current DMCA policy (Hr'g Tr. at 9:22, 10:3-4).

We thank the Court for its consideration of this request.

Respectfully,

*/s/ Sara Sampoli*
Sara Sampoli (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)