**Sarah A. Tomkowiak**
Direct Dial: 202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

## LATHAM&WATKINS LLP

| FIRM / AFFILIATE OFFICES | |
| --- | --- |
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

August 3, 2026

<u>**VIA ECF**</u>

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Defendant's Response to Plaintiffs' Letter Motion for Discovery Conference re Google Deposition Testimony (Dkt. 1093)</u>

Dear Judge Moses:

Depositions of Google's fact witnesses have yielded zero support for Plaintiffs' wishful contention that Google induced the underlying piracy at issue in this case.  Desperate to conjure up a viable claim, Plaintiffs again improperly seek Google's privileged analysis, attorney work product, and communications with counsel regarding its investigation *prompted by Plaintiffs' allegations in this lawsuit*.  Plaintiffs' Letter Motion (Dkt. 1093, the "Motion" or "Mot.") ignores basic principles of attorney client privilege and work product.  The Court has rejected Plaintiffs' efforts to access a subset of these documents before (*see* Dkt. 944), and the result here should be no different.

**Background**

### 1. Google Conducts a Post-Litigation Investigation

Plaintiffs commenced this lawsuit on June 5, 2024, alleging that Google is contributorily liable for copyright infringement because it allowed infringing merchants to advertise on Google Shopping and ignored Plaintiffs' notices of infringement.  *See generally,* Dkt. 1.  After Plaintiffs filed the complaint, Google engaged outside counsel at Latham & Watkins to defend Google against these allegations.  Starting in June 2024, outside counsel at Latham & Watkins and in-house counsel for Google commenced an investigation into Plaintiffs' allegations (the "Investigation"[1]). To develop Google's legal strategy, Counsel enlisted April Kelly, one of

---

[1] Plaintiffs call this investigation a "Review," even after expressly clarifying with S.B. that this was an investigation (Dkt. 1094-1 ("S.B. Tr.") 295:5-10).  Word gymnastics cannot turn a privileged investigation into an ordinary course review.

**LATHAM&WATKINS**LLP

Google's employees ███████████████████████████████████████████ to help them investigate facts related to Plaintiffs' allegations ████████████████████████████ ███████████████████ Declaration of April Kelly ("Kelly Decl.") ¶¶ 3-5. Ms. Kelly worked at the direction of counsel to uncover these facts starting in June 2024, continuing through March 2025, and ████ ████████████████ *Id.* ¶ 6. Ms. Kelly communicated her findings with counsel directly and, Ms. Kelly and counsel drafted notes and memoranda related to the Investigation. *Id.* ¶¶ 7-8.

## 2. Plaintiffs Unsuccessfully Seek Google's Privileged Investigation Documents

In February 2026, Plaintiffs challenged Google's privilege assertions over 51 documents (Dkt. 590), and in March 2026, the Court ordered *in camera* review of twelve such documents (Dkt.751), and later granted Google's request to file declarations to "provide facts necessary to understand the context of certain documents" that were "not apparent on the face of such documents." *See* Dkt. 768, 770. In granting this request, the Court held that the disclosure by Google "will not result in a waiver of privilege as to the declaration or their contents." Dkt. 770. Google filed three declarations, including one from Ms. Kelly (Dkt. 781) and one from Google's Senior Copyright Counsel Brian Carver (Dkt. 780). In their declarations, Ms. Kelly and Mr. Carver explained that, after Plaintiffs filed the complaint, Google's in-house counsel and Latham & Watkins instructed Ms. Kelly to investigate Plaintiffs' allegations, "████████████████████ ███████████████████████████████████████████████" Dkt. 780 ¶¶ 1, 4-6. Mr. Carver confirmed that Ms. Kelly worked at the direction of counsel to seek facts related to these workflows and reported this information to Google's counsel for the purpose of providing legal advice and to inform Google's defense strategy. *Id.* ¶ 7. Mr. Carver and Ms. Kelly confirmed that two of the twelve documents identified for *in camera* review, Privilege Log #1, Privilege Log ID 15 and Privilege Log #5, Privilege Log ID 557,[2] were examples of documents seeking or containing legal information and/or created at the direction of counsel in connection with the Investigation. *Id.* ¶¶ 8-10; *see also* Dkt. 781 ¶¶ 7-9. The Court upheld Google's claim of privilege over these two documents (Dkt. 944).

## 3. Google's Corporate Witness Responded to Questions With Non-Privileged Facts

On June 24, 2026, Plaintiffs deposed S.B. in her personal and corporate capacity. When Plaintiffs' counsel asked S.B. if "Google [had] performed ██████████████████████ █████████████████████████████████████████████ █████████████████████" after breaking to address a privilege question, she responded ███████████████████████████████████████████████████████████████ ████████ S.B. Tr. 289:13-290:15. Plaintiffs' counsel asked who conducted the Investigation and what prompted it, and counsel for Google cautioned the witness that "because attorneys were involved," she should not reveal "the substance of communications with attorneys or any legal advice that was received in connection with what prompted the review." *Id.* 290:19-25. S.B. then

---

[2] Contrary to Plaintiffs' statement, Mot. at 4 n.3, Google identified this privilege log entry to Plaintiffs' counsel in a July 21, 2026 email, and had previously identified the Court's order upholding Google's privilege assertions. Attorney Declaration of Sarah Tomkowiak. ¶¶ 3-6.

LATHAM&WATKINS LLP

responded it was "█████████████████████" *Id.* 291:1-2.[3]  Upon further questioning from Plaintiffs' counsel, S.B. explained when the Investigation occurred, provided the non-privileged facts discovered through the Investigation, and confirmed that Ms. Kelly was involved in collecting information in the Investigation (which Plaintiffs already knew).  *See id.*, 290:4-298:13.  S.B. was not asked to disclose, and did not disclose, privileged information, such as details about how the Investigation was conducted, communications with counsel in connection with the Investigation, mental impressions, or any legal conclusions from the Investigation.  *Id.*

## Argument

### 1.  Documents Created in Connection With Google's Investigation Are Protected

As the Court has already held (Dkt. 944), the documents Plaintiffs now demand, including reports, presentations, emails, and other communications (the "Requested Documents") are protected by attorney client privilege and work product.

As an initial matter, the Requested Documents are protected by attorney client privilege (which is absolute and cannot be overcome by "substantial need"): they are communications (or documents reflecting communications) between Google employees and their in-house and outside counsel, intended to be and indeed kept confidential, for the purpose of obtaining or providing legal advice in connection with this litigation.  *In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 526 (S.D.N.Y. 2015).  S.B. did not testify about any such communications in her deposition, nor has Google intentionally disclosed any such communications (or documents reflecting them).  Indeed, S.B. explained at her deposition that she ███████████████ ████████████████████████████████████████████████████████████████ S.B. Tr. 296:2-23 (emphasis added).

The Requested Documents are also protected work product.  Under the circumstances in which *Plaintiffs* admit they were created (Mot. at 1-2), there is no question that the Requested Documents were "prepared or obtained *because of* the prospect of litigation."  *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (citation omitted); *Han v. InterExchange, Inc.*, 2025 WL 1419527, at *3 (S.D.N.Y. May 16, 2025) (Rochon, J.); Dkt. 515 at 7.  Ms. Kelly and Mr. Carver previously confirmed that several documents and communications were created in connection with the Investigation to assist counsel with Google's legal strategy and defense in this litigation, and the "work product privilege protects documents produced by staff working at an attorney's direction, in addition to those prepared by the attorney herself."  *SEC. v. NIR Grp., LLC*, 283 F.R.D. 127, 134 (E.D.N.Y. 2012); *see also* Dkts. 780, 781, 944.

### 2.  Google Has Not Waived Any Privilege Or Work Product Protection

---

[3] Plaintiffs quibble with the fact that S.B. testified that the Investigation ██████████████ ██████████████████████████████ "conducted for the purpose of assisting in this litigation." Mot. at 2.  There is no legal or practical distinction between the words used by S.B. (a non-attorney) and the magic words Plaintiffs claim she should have used.

**LATHAM&WATKINS**LLP

Google has not waived its claim of privilege or work product protection over any aspect of the Investigation, and Plaintiffs have not shown that S.B.'s testimony would somehow equate to a subject-matter waiver such that Plaintiffs are now entitled to the Requested Documents.

S.B. did not reveal any privileged information related to the Investigation; she merely responded to Plaintiffs' counsel's questions with ███████████████████████████ ███████████████████████████████████. It is a basic principle that facts do not become privileged because they are transmitted to counsel or uncovered in a privileged investigation. *United States v. Davis*, 131 F.R.D. 391, 404 (S.D.N.Y. 1990); *see also In re Six Grand Jury Witnesses*, 979 F.2d 939, 943–44 (2d Cir. 1992) (explaining while communications and documents may be protected by privilege from disclosure, "the underlying information contained in the communication is not shielded from discovery"). "It is well established … that the attorney-client privilege protects communications rather than information." *In re Gen. Motors*, 80 F. Supp. 3d at 528–29 ("Thus, the privilege does not impede disclosure of information except to the extent that that disclosure would reveal confidential communications.") (citations and internal quotation marks omitted).

Google has done the exact opposite of "hid[ing] [allegedly] inculpating evidence behind a flimsy excuse." Mot. at 2. S.B., as Google's corporate witness, appropriately testified to facts regarding ███████████████████████████████████████████████. S.B. answered a single, factual follow-up question from Google's counsel on re-direct regarding ██ ████████████████████████████████████████████████████████████████████ S.B. Tr. 402:13-403:16. Even *if* S.B.'s factual testimony regarding █████████████ ███████████████████████████████████████████████████████████████████████ somehow waived any privilege attached to those specific facts,[4] that does not mean that Plaintiffs are entitled to *all* the documents and communications related to Google's privileged Investigation. *In re Grand Jury Proc.*, 219 F.3d 175, 192 (2d Cir. 2000) (if waiver found, court must make "particularized findings explaining the connection between the testimony" and waiver, and accordingly find "waiver only as to documents that could have informed [the witnesses'] testimony").

Plaintiffs further speculate that "Google is *likely* to try to use the ███████████████ ███████████████████████████████████████████████████████████████████ Mot. at 3 (emphasis added). Google does not intend to use the Investigation. Moreover, ██████████ ███████████████████████████████████ is insufficient under *Cox* to support Plaintiffs' inducement claim.

---

[4] Plaintiffs seek "a list of any Merchant Center accounts (and the associated domains) Google claims to have suspended as a result of the [Investigation]." Mot. at 4. Google has already produced (or will shortly produce) data showing ████████████████████████████████████ █████████████████████████████████ as they are maintained in the ordinary course of business. There is nothing more to provide to Plaintiffs.

LATHAM&WATKINS LLP

### 3.    Plaintiffs Cannot Show A Substantial Need For Work Product

Plaintiffs wistfully speculate that the Requested Documents may "uncover[] *facts* that show Google's intent."  Mot. at 4 (emphasis added).  But speculation does not pass the high bar for "substantial need."  *Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, 2016 WL 3260370, at *5 (S.D.N.Y. June 10, 2016) (explaining "rank speculation plainly does not constitute a showing of substantial need" (citation omitted)).

Moreover, Plaintiffs are not really looking for "facts"—they readily admit that Google *already* disclosed facts.  Mot. at 2; *In re Veeco Instruments, Inc. Sec. Litig.*, 2007 WL 724555, at *12 (S.D.N.Y. Mar. 9, 2007); *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 80 (S.D.N.Y. 2010) (finding no substantial need where "comparable evidence" obtainable through deposition testimony).  S.B. testified that ███████████████████████████████████████ ████████████████████████████████████████  S.B. Tr. 291:10-294:4.  If Plaintiffs are left wondering about Google's vendors' involvement after S.B.'s nine-and-a-half-hour deposition, Mot. at 3-4, that only shows that they have an issue with deposition time management—not that they have a substantial need for counsel's work product.[5]

The Court should deny Plaintiffs' Motion.

Respectfully,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF and email)

---

[5] Plaintiffs certainly have not shown a need for opinion work product, which is entitled to even "greater protection."  *Ulrich v. Gen. Motors LLC*, 2026 WL 183676, at *9 (S.D.N.Y. Jan. 23, 2026).