

Lauren Bergelson
461 5th Avenue, 19th Fl.
New York, N.Y. 10017
Tel. 212.951.1872
LBergelson@oandzlaw.com

August 4, 2026

**VIA ECF**

The Honorable Barbara C. Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

Re:     *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Elsevier's Letter Response in Support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 1109)

Dear Judge Moses:

Pursuant to Rule 3(f) of Your Honor's Individual Practices, Plaintiffs Elsevier Inc. and Elsevier B.V. (collectively, "Elsevier") submit this letter response in support of Google's Letter Motion to File Sealed and Redacted Documents (Dkt. 1109). Elsevier seeks the Court's approval to (i) redact limited portions of Google's Letter Reply in Support of Google LLC's Letter Motion for Permission to Serve a Third-Party Deposition Subpoena (the "Letter Reply") (Dkt. 1110) and (ii) seal exhibits to the Attorney Declaration of Joseph Piligian (Dkts. 1110-1-1110-3) (together, the "Documents").

## I.      Background

Portions of the Letter Reply and Exhibits 1-3 to the Attorney Declaration of Joseph Piligian contain information designated by Elsevier as Highly Confidential-Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82). *See* Dkt. 82 ¶¶ 2, 3. The information that Elsevier requests remain sealed includes portions of the Letter Reply and Exhibits that discuss or concern sensitive and confidential information about Elsevier's business, including with respect to the marketing and advertising of its works, and disclose details about communications and work performed with its advertising agency. The material at issue is comparable to information for which the Court has granted Plaintiffs' prior sealing requests. *See, e.g.*, Dkts. 471, 674.

Google's counsel corresponded with Elsevier's counsel regarding the content of the Documents on July 30, 2026. Google's Letter Motion to File Sealed and Redacted Documents states that Google "takes no position on whether such materials must be sealed." Dkt. 1109 at 1.

## II.      Legal Standard

Elsevier's redaction and sealing request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d

Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Moreover, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

### III.     Elsevier's Highly Confidential-Attorneys' Eyes Only and Confidential Material Should Be Redacted or Sealed.

The material at issue should be redacted or sealed because it discusses confidential and sensitive information about Elsevier's business, including with respect to its marketing efforts, and details about communications and work performed with a vendor, which Elsevier does not publicly disclose. In particular, the Letter Reply quotes from and describes confidential excerpts from Elsevier witnesses' deposition transcripts and a Highly Confidential-Attorneys' Eyes Only Elsevier-produced email chain used as an exhibit during Ms. McCann's deposition. Exhibits 1-3 attach lengthier confidential excerpts from Elsevier witnesses' deposition transcripts. The material at issue disclosed in the Letter Reply and Exhibits are not essential for the public to understand the dispute at hand and should remain confidential.

Courts in this district have recognized the importance of keeping sensitive business information, like the material at issue here, confidential, particularly when disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise, Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotations omitted); *see also Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would affect party's competitive position if disclosed); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Elsevier can demonstrate such a need, as public disclosure of this information would disclose sensitive insights into its marketing business and strategy, and details about its relationship with a vendor, to others, including competitors. Such disclosure could potentially enable competitors to exploit this information to Elsevier's detriment. As follows, the disclosure of the material at issue creates a substantial risk of harm to Elsevier's business, commercial, and competitive interests.

### IV.     Elsevier's Request Is Narrowly Tailored to Serve the Purpose that Requires the Redaction or Sealing.

Elsevier's request is narrowly tailored to protect confidential and sensitive information that prior Orders, case law in this district, and the Protective Order support keeping confidential. In particular, Elsevier requests that the Court permit limited redactions to the Letter Reply and seeks sealing of Exhibits 1-3 of the Attorney Declaration of Joseph Piligian.

Given the sensitive nature of the material at issue, Elsevier respectfully submits this letter response explaining the need to redact specific portions of the Letter Reply and seal Exhibits 1-3 in their entirety.

We thank the Court for considering this request.

Respectfully,

/s/ *Lauren Bergelson*

Lauren Bergelson

cc:    All Counsel of Record (via ECF)