

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
jkane@oandzlaw.com

August 6, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

> Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
> Plaintiffs' Reply ISO Plaintiffs' Motion for Discovery Conference re Google
> Deposition Testimony

**[Redacted]**

Dear Judge Moses,

Plaintiffs write in support of their Motion for Discovery Conference re Google Deposition Testimony (Dkt. 1093) ("Mot.") and in response to Google's opposition, Dkt. 1114 ("Opp.").

Google has no answer to the dispositive issue in Plaintiffs' Motion: Google waived any claim of privilege or work-product by testifying about the conclusions of the Review. Ms. B did not confine her discussion of the 2024 Review to facts such as ████████████ ████████████████████████████████████████████████████ Ms. B testified that Google "*concluded*" that "████████████████████████████████████████████████ ██████████████████████████████████████████████" Dkt. 1094-1 (Transcript of Deposition of Ms. B) ("Tr.") at 291:7–13. That statement is, in both Ms. B.'s, and Google's counsel's words, a conclusion of the Review. *Id.*, and *id.* at Tr. 403:2–9. By voluntarily disclosing those conclusions to Plaintiffs, Google waived any claim of privilege or work-product that may have attached to the Review. And, Google has waived any claim of privilege or work-product by putting the Review at issue.

In addition, Plaintiffs have a substantial need for the facts uncovered during the Review. including which of the pirate domains at issue Google ████████████████████ ████████

## I.    Google waived any claim of privilege or work-product.

### A.    Disclosure Waiver

Google waived any claim of privilege or work-product over the Review by disclosing in 30(b)(6) testimony the conclusions of that Review. Google tries to argue that Ms. B's testimony was limited to "facts" learned during the Review. Opp. at 5 (characterizing as "facts" Ms. B.'s testimony that "████████████████████████████████████████████ . . . ."), Opp. at 4 (claiming Ms. B "appropriately testified to facts regarding ██████████████ ████████████████████ . . . ."), *id.* (referencing "S.B.'s factual testimony"). Google's

Hon. Barbara Moses
August 6, 2026
Page 2 of 4

characterization both ignores Ms. B's actual testimony and misconstrues the subject matter of the Review.

Most plainly, both Ms. B and Google's counsel admitted that Ms. B testified about the conclusions of the Review. Ms. B was specifically asked what were the conclusions of the Review; Google's counsel did not object; and Ms. B answered. Tr. 291:7–14 ( ████████████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████ "). Then, on redirect, Google's counsel characterized Ms. B's testimony as concerning the conclusions of the Review. *Id.* at 403:2–9 ( ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ) (emphasis added). Tellingly, Google does not address these quotations in its Opposition.

Google's conclusion that ███████████████████████████████████████████ ," was just that, a conclusion. ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████ That is a conclusion of the Review, not merely a fact underlying the Review. And indeed, Ms. B went a step further. She testified not just that Google ███████████████████████████████████████████████████████████ ███████████████████████████████████████████ That, too, is a conclusion. Had the Review revealed that one out of a thousand pirate websites ██████████████████████ , the conclusion would have been different. Google apparently found that ████████████████████████ ████████████████████████ Google offers no explanation whatever as to why these are not the conclusions of the Review, as opposed to facts uncovered by the Review.

By disclosing these conclusions, Google has waived any work-product protection that the Review might otherwise have enjoyed.

> Once a party allows an adversary to share the otherwise privileged thought processes of counsel, the need for the privilege disappears. Courts therefore accept the waiver doctrine as a limitation on work product protection. The waiver doctrine provides that voluntary disclosure of work product to an adversary waives the privilege as to other parties.

Hon. Barbara Moses
August 6, 2026
Page 3 of 4

*In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993). *See also In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 860 F.2d 844, 846 (8th Cir. 1988) ("'Disclosure to an adversary waives the work product protection as to items actually disclosed . . . .'") (quoting *Grumman Aerospace Corp. v. Titanium Metals Corp. of America*, 91 F.R.D. 84, 90 (E.D.N.Y.1981); *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, No. 93-cv-5298, 1996 WL 944011, at *3 (S.D.N.Y. Dec. 19, 1996) ("Because the purpose of work-product immunity is to prevent 'unwarranted inquiries into the files and the mental impressions of an attorney,' this goal generally cannot be met where the adverse party has already discovered the attorney's thoughts and impressions.") (quoting *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)); *Coleco Indus., Inc. v. Universal City Studios, Inc.*, 110 F.R.D. 688, 691 (S.D.N.Y. 1986) (disclosure of work-product materials waives the protection). As this Court has observed, "[O]nce you put the result out there, once you say this is what I found or this is what I saw, work product has been waived with respect to that investigation. And the opposing party is generally entitled to get the information and documents it needs to understand what exactly was done." *Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co. Inc.*, No. 18-cv-2318-LGS-BCM, 2020 WL 12834595, at *2 (S.D.N.Y. May 1, 2020) (quoting discovery conference transcript) (Moses, J.).

Google also is wrong to suggest that the Court must find a "subject matter" waiver in order to compel Google to produce documents concerning the Review. Ms. B testified to the contents and findings of the Review; Plaintiffs are seeking only documents concerning that Review. But to the extent that the doctrine of subject matter waiver applies, Google has committed one. First, the waiver was intentional (FED. R. EVID. 502(a)(1)). Ms. B testified about the Review during a 30(b)(6) deposition, after consulting with counsel about privilege, and testified about it again on redirect. Mot. at 3. And Google has not sought to claw back that testimony. Second, Plaintiffs are seeking documents and testimony concerning "the same subject matter," FED. R EVID. 502(a)(2), i.e., the Review itself). Third, it would be unfair (FED. R. EVID. 502(a)(3)) to allow Google to disclose the conclusions of the Review while shielding the documents that memorialize, explain, and expand upon those conclusions.

Further, Google's claim that the Court previously found that two of documents concerning the Review were privileged (Opp. at 1–2) is irrelevant. Google has waived any privilege or work-product that might have attached by disclosing the conclusions of the 2024 Review during Ms. B.'s 30(b)(6) deposition.

### B.    At-Issue Waiver

In addition, Google has put the Review at issue, and thereby waived any claim of privilege or work-product. Plaintiffs argued in their opening brief that Google likely will use the Review to argue that its flouting of its DMCA policy was merely a mistake, not an indication of intent. In response, Google says only that it "does not intend to use the [Review]." Google has not actually committed that it won't do so.

### II.    Substantial need

Plaintiffs have a substantial need for the facts uncovered in Google's Review. First, Ms. B. claimed that as a result of the Review, ████████████████████████████████████████████████████████████. Tr. 403:2–16. The data Google produced in this litigation shows that Google ████████████████████████

Hon. Barbara Moses
August 6, 2026
Page 4 of 4

████████████████████████████████████████████████████
██████████████ Decl. ¶ 4. To the extent any or all of those accounts ██
██████████████████████████████████████████████ that is
a critical fact that Plaintiffs cannot obtain from any other source besides Google.

Second, Ms. B testified that Google was █████████████████████
████████████████████████████████████████████████████
██████████████ But Ms. B. did testify that the Review ██████
████████████████████████████████████████████████████
████████ Tr. 293:24–25. The facts concerning that question are relevant, even if they did not
lead to a definitive conclusion about the cause of Google's misconduct.

Finally, documents about the Review will include statements from or observations about the vendors who processed Plaintiffs' notices. As Plaintiffs explained in their Motion, those vendors cannot be deposed. Mot. at 3–4 and n.2.

### III.    Conclusion

The Court should order that Google has waived any claim of privilege or work-product that may have attached to the Review. Consequently, Google's remaining fact witnesses may not refuse to answer questions about the Review on the basis of privilege or work-product. And Google must produce: 1) any reports, presentations, memos, emails, or other documents memorializing the results of the Review; 2) communications concerning the Review; and 3) a list of any Merchant Center accounts (and the associated domains) Google claims to have suspended as a result of the Review.

/s/ Jeff Kane
Jeff Kane

*Counsel for Plaintiffs*