**Sarah A. Tomkowiak**

Direct Dial: +1.202.637.2335

sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000

Washington, D.C.  20004-1304

Tel: +1.202.637.2200  Fax: +1.202.637.2201

www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

August 11, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:  *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM:
> <u>Google's Response to Plaintiffs' Letter Motion for Discovery Conference</u>
> <u>Regarding Rule 30(b)(6) Testimony on Topic 32 (Dkt. 1128)</u>

Dear Judge Moses:

Google writes in opposition to Plaintiffs' extremely late Letter Motion (Dkt. 1128, the "Motion" or "Mot.") to compel Rule 30(b)(6) testimony on a document that was produced in connection with Google's now-withdrawn DMCA defense and that Google <u>will not</u> rely on. Plaintiffs do not demonstrate that the information in GOOG-CENG-00441970 (the "Document") remains relevant or that corporate testimony on it would be proportional to the needs of this case, particularly given Google's confirmation that it will not use this document for any purpose and Plaintiffs' failure to bring this Motion until after they deposed five other Rule 30(b)(6) witnesses and have only one corporate witness remaining.  And notably, Plaintiffs' Motion lacks necessary context about the dispute and order that led to Google's production of GOOG-CENG-00441970, which is set forth below.  Plaintiffs' Motion should be denied.

## BACKGROUND

During the spring and summer of 2025, Google produced voluminous data concerning the DMCA notices, merchant center accounts, and offers (i.e., paid Shopping ads and free listings) at issue in this case.  Google produced data reflecting its handling of DMCA notices, including the date on which Google reached final decisions on those notices.  Google also produced extensive data reflecting, by date, the impressions (i.e., views), clicks, and conversions for the at-issue offers. Declaration of Sarah Tomkowiak ("Atty. Decl.") ¶¶ 3-4.  Google's productions thus reflected the information maintained by Google in the ordinary course that could be used to understand when Google took down Shopping ads in response to Plaintiffs' notices.  *See* Dkt. 223, Hr'g Tr. at 123:25-127:11 (Oct. 14, 2025); Dkt. 199 at 11-12.

Unsatisfied, Plaintiffs moved for additional data reflecting the *precise* date on which these takedowns occurred.  *See* Dkt. 185 at 8.  They argued this data was relevant because, "to qualify

LATHAM&WATKINS LLP

for the DMCA safe harbor, Google has to show that it took down infringing content expeditiously." Dkt. 223, Hr'g Tr. at 118:22-25 (Oct. 14, 2025); *see also* Dkt. 185 at 8-9.  But because the issue was relevant "to the DMCA safe harbor which is an affirmative defense and, therefore, [Google's] burden," Dkt. 223 at 127:12-15, Plaintiffs did not actually *want* Google to produce any additional data.  At the October 14, 2025 hearing on their motion, Plaintiffs told the Court that they were "perfectly fine" with the fact that "Google did not produce, would not produce the date on which [it] claim[s] to have delisted" the noticed offers, so long as Google was precluded from offering such evidence in the future.  *Id.* at 122:18-123:16.  Over Plaintiffs' objections, the Court ultimately ordered that Google would have thirty days to locate any additional data reflecting the delisting dates for offers connected to the noticed domains, after which Google would be "precluded . . . from introducing or relying upon any newly-identified or newly-produced documents or data for that purpose."  Dkt. 221 ¶ (c).

Faced with preclusion affecting one of its (then-)affirmative defenses, Google worked diligently to try to identify any additional data, beyond what it had already produced, that would show the so-called "delisting dates" for the noticed offers.  Google did not find any definitive source of this information, but was able to locate an additional source for *approximating* the delisting dates (via changes in offer "visibility").  But technical limitations and time constraints prevented Google from pulling more than a sample of the data for a small subset of offers prior to the 30-day deadline.  Atty. Decl. ¶ 5.  Google produced this data, which it agrees is "incomplete," Mot. at 2, on November 13, 2025—the preclusion deadline set by the Court's order.

Google withdrew its DMCA defense on April 21, 2026, *see* Dkt. 854, and on the same day informed Plaintiffs that it would not provide testimony on GOOG-CENG-00441970 in light of that withdrawal.  Atty. Decl. ¶ 6.  Google has since informed Plaintiffs that it does not intend to rely on this incomplete document to support its defense (which Plaintiffs neglect to mention in their Motion).  *Id.* ¶ 7.

## ARGUMENT

### I.    Plaintiffs Fail To Show That Testimony On The Document Remains Relevant or Proportional.

As the party seeking discovery, it is Plaintiffs' burden to show that testimony on the Document is relevant.  *SEC v. Ripple Labs, Inc.*, 2021 WL 1335918, at *2 (S.D.N.Y. Apr. 9, 2021). Plaintiffs ignore that the basis they originally offered for needing precise delisting dates—and the basis on which the Court ordered Google to produce the Document (Google's DMCA defense)— is no longer part of this case.  Instead, Plaintiffs argue vaguely that the data in GOOG-CENG-00441970 is relevant to "the extent of Google's misconduct, Google's intent, and the need for deterrence."  Mot. at 2.  But conclusory references to "misconduct," "intent," and the "need for deterrence" do not satisfy Plaintiffs' burden.  *See Beverley v. New York City Health & Hosps. Corp.*, 2024 WL 2125402, at *7 (S.D.N.Y. May 13, 2024) ("A plaintiff's conclusory statements that his or her requests are relevant is not enough.").  Besides, "[w]hether and/or for how long Google continued running ads for products it knew were infringing," Mot. at 2, is *not* relevant because "failure to take affirmative steps to prevent infringement" cannot form the basis of a contributory infringement claim after *Cox Communications, Inc. v. Sony Music Entertainment*.

LATHAM&WATKINS LLP

146 S. Ct. 959, 968 (2026) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 939 n. 12 (2005)); *see also Lee v. SBS Corp.*, 2026 WL 2261023, at *5 (C.D. Cal. Aug. 5, 2026) (dismissing contributory infringement claim based on allegation that Google and YouTube had "the ability and the opportunity to remove the infringing content, yet knowingly allowed certain infringing videos to remain on the platform"); Dkt. 923 (finding other discovery premised on assessing Google's DMCA compliance no longer relevant or proportional in light of Google's withdrawal of the defense and Plaintiffs' "ample discovery" on the issue).

Even accepting, *arguendo*, that delisting dates are still marginally relevant, Plaintiffs have already obtained sufficient corporate testimony on spreadsheets that show whether "Google actually did stop advertising the infringing products sold" at the URLs noticed by Plaintiffs. Mot. at 2. At the deposition of S.B. on June 24, Plaintiffs obtained corporate testimony on the spreadsheets reflecting Google's handling of DMCA notices. Atty. Decl. ¶ 9. And at the deposition of C.F. on July 16, Plaintiffs obtained corporate testimony on the spreadsheets reflecting the dates on which the at-issue offers were viewed and clicked on by Google users. *Id*. ¶ 10. Plaintiffs do not need testimony regarding a spreadsheet that both sides agree is incomplete, that Google has assured Plaintiffs it does not intend to rely on,[1] and that Plaintiffs urged the Court not to let Google produce in the first place.

## II.    Plaintiffs' Request Is Extremely Late.

Plaintiffs have not acted diligently in raising this dispute, which independently counsels in favor of denying Plaintiffs' Motion. Google informed Plaintiffs on April 21, 2026 that it would not provide testimony on the Document in response to Topic 32. Yet Plaintiffs elected not to include Topic 32 in their June 1, 2026 motion to compel corporate testimony on twenty-five other Rule 30(b)(6) topics. *See* Dkt. 983; *see also* Dkt. 1003-2 (reflecting Google's positions on all 72 of Plaintiffs' Rule 30(b)(6) topics, including Topic 32, as of June 10, 2026). To the extent the Parties were still ostensibly negotiating, there is no question the Parties reached an impasse on July 9. *See* Mot. at 1 n.1; Atty. Decl. ¶¶ 7-8 . That Plaintiffs waited *another month* before filing the instant motion, after five out of six of Google's Rule 30(b)(6) designees have been deposed and just fourteen days before the then-current fact discovery deadline (and Google's deadline to educate and present all corporate designees), is inexcusable. Atty. Decl. ¶ 11.

To the extent the testimony Plaintiffs belatedly seek was ever proportional to the needs of this case, it no longer is. Under Federal Rule of Civil Procedure 26(b)(2)(C)(ii), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Plaintiffs offer no justification for their delay in their Motion, because none exists. Because of Plaintiffs' failure to act diligently, any deposition on Topic 32 would likely need to occur after the extended deadline for fact depositions (September 1), *see* Dkt. 1140, when the Parties *should* be focusing on expert discovery and summary judgment. Imposing that burden on Google is not justified given the marginal-at-best relevance of the Document.

For these reasons, the Court should deny Plaintiffs' Motion.

---

[1] To the extent it is not clear, Google will not rely on this document for any purpose.

LATHAM&WATKINS LLP

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)

LATHAM&WATKINS LLP