# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

<table>
<tr>
<td>

CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,

                    *Plaintiffs*,

v.

GOOGLE LLC,

                    *Defendant*.

</td>
<td>

Case No. 1:24-cv-04274-JLR-BCM

</td>
</tr>
</table>

## ATTORNEY DECLARATION OF SARAH A. TOMKOWIAK

I, Sarah A. Tomkowiak, declare that:

1.     I am a partner at the law firm Latham & Watkins LLP and counsel for Google LLC ("Google") in this matter.

2.     I submit this declaration in connection with Google's Response to Plaintiffs' Letter Motion for Discovery Conference Regarding Rule 30(b)(6) Testimony on Topic 32 (Dkt. 1128, the "Motion").

3.     In March, May, and June 2025, Google produced spreadsheets reflecting the DMCA notices received by Google concerning the Merchant Center accounts exactly matching the 1,239 domains originally identified by Plaintiffs.  These spreadsheets include fields reflecting details, including resolution type and final decision date, for Google's handling of each URL requested for takedown.  Pursuant to the Court's orders at Dkts. 217 and 359, Google later produced (1) the same data for an extended date range, and (2) the same data for DMCA notices

received by Google concerning the Merchant Center accounts exactly matching the 261 supplemental domains identified by Plaintiffs.

4.     In July 2025, Google produced spreadsheets reflecting, by date, the impression, click, and conversion metrics for the offers (i.e., Shopping ads and free listings) connected to the Merchant Center accounts exactly matching the 1,239 domains originally identified by Plaintiffs. Pursuant to the Court's orders at Dkts. 217 and 359, Google later produced (1) the same data for an extended date range and (2) the same data for the offers connected to the Merchant Center accounts exactly matching the 261 supplemental domains identified by Plaintiffs.

5.     Following the Court's Order at Dkt. 221 on October 15, 2025, Google attempted to identify additional data, beyond what it had already produced, that would show "delisting dates" for the offers connected to the at-issue Merchant Center accounts.  I understand that while Google did not find any definitive source of information reflecting the dates Google "delisted" offers in response to DMCA notices, it was able to locate a source for data reflecting changes in offer "visibility."  However, I was informed that technical limitations and time constraints prevented Google from pulling more than a sample of the data for a small number of URLs and offer IDs prior to the deadline set by the Court's October 15, 2025 Order.

6.     On April 21, 2026, Google served Plaintiffs with updated responses and objections to Plaintiffs' Rule 30(b)(6) notice of deposition.  Plaintiffs' notice includes Topic 32, which states, "The file GOOG-CENG-00441970 (which Plaintiffs understand to concern delisting dates), including the meaning of each field in the "history" column, and how the entries included in this file were selected."  In its updated responses and objections, Google objected to this topic as, *inter alia*, "seeking information that is no longer relevant or proportional in light of (1) the narrowed scope of contributory liability after *Cox Communications, Inc. v. Sony Music Entertainment*, 607

U.S. ___, 146 S. Ct. 959 (2026), and (2) Google's withdrawal of its DMCA safe harbor defense." Google stated that it would "not produce a corporate witness in response to" Topic 32.

7. On July 9, 2026, the Parties met and conferred regarding certain of Plaintiffs' 30(b)(6) topics, including Topic 32. I attended this conferral along with my colleagues Roberto Borgert and Caroline Clarke. During this conferral, Google's counsel informed Plaintiffs' counsel that Google did not intend to rely on GOOG-CENG-00441970 to support its defense. The Parties reached an impasse on Topic 32 during this conferral.

8. Plaintiffs later acknowledged that the Parties reached impasse on July 9. I am the recipient of an email from Plaintiffs' counsel Yunyi Chen sent on August 5, 2026, where she writes, "The parties reached impasse as to Plaintiffs' Topics 7 and 32 during the July 9 conferral concerning Plaintiffs' 30(b)(6) topics."

9. At the deposition of S.B. on June 24, 2026, which I defended, Plaintiffs obtained corporate testimony on the spreadsheets reflecting Google's handling of DMCA notices that I referenced in Paragraph 3 above.

10. At the deposition of C.F. on July 16, 2026, which I defended, Plaintiffs obtained corporate testimony on the spreadsheets reflecting, by date, the impression, click, and conversion metrics for the at-issue offers that I referenced in Paragraph 4 above.

11. To date, Plaintiffs have deposed five of Google's Rule 30(b)(6) corporate designees. Google's final corporate designee is scheduled to be deposed on August 26, 2026.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed on August 11, 2026, in McLean, Virginia.           */s/ Sarah A. Tomkowiak*
                                                              Sarah A. Tomkowiak

3