**Caroline Clarke**
Direct Dial: +1.332.240.1457
Caroline.Clarke@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

August 13, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

> Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
> <u>Letter Response in Support of Letter Motion to Seal (Dkt. 1134)</u>

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Google submits this letter response in support of Plaintiffs' Letter Motion to Seal (Dkt. 1134) portions of Plaintiffs' Letter Request for Discovery Conference re Google's Failure to Prepare a 30(b)(6) Witness on Google's Beta Program ("Plaintiffs' Motion") (Dkt. 1135) and Exhibits 1-5 (collectively, the "Documents").

**Background.** The Documents include certain information designated by Google as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82).  The Documents include Google's HC-AEO information concerning competitively sensitive details of Google's business relationships and descriptions of Google's efforts to enforce its ebook policies.  Plaintiffs' Motion at 1-4; Exhibits 1-5.  Google maintains that this information is HC-AEO as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or third parties who use Google's Shopping platform.  Dkt. 82 ¶ 3.  Google requests that Plaintiffs' Motion remain redacted as reflected in Plaintiffs' filing (Dkt. 1135), the excerpts of the July 1, 2026 Conference Transcript remain redacted as reflected in Exhibit 4 (Dkt. 1135-4), Exhibits 1-3 remain under seal (Dkts. 1135-1, 1135-2, 1135-3), and Exhibit 5 be redacted as reflected in Exhibit A to this Letter Response.

**Legal Standard.**  Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Id.* at 119–20 (quotations omitted).  Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016).  Moreover, the

LATHAM&WATKINS LLP

presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Material Warrants Sealing.**  The material at issue should be sealed because it concerns Google's confidential business relationships and details Google's efforts to enforce its ebook policy.  Courts in this district routinely recognize the importance of keeping information reflecting proprietary and sensitive business information, like the business dealings and policies at issue here, confidential.  *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at \*3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at \*1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access").  Similarly, when this type of sensitive information is discussed during a deposition, courts approve sealing of the transcript.  *BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at \*8-9 (E.D.N.Y. Sept. 24, 2019), *objections overruled*, 2019 WL 13257498 (E.D.N.Y. Nov. 20, 2019) (approving sealing requests for deposition transcripts discussing bank security protocols).

Public disclosure of this material would reveal details of Google's internal business practices, including operational details of its practices for enforcing its policies.  This information is particularly sensitive because this is a case about alleged piracy occurring on Google's platform. *See generally* Dkts. 38, 116.  Exposing details of Google's practices creates a serious risk, as third parties (including the "pirate" sellers of Plaintiffs' works in this case) may seek to use such information to circumvent Google's policies and measures for stopping criminal, fraudulent, or other prohibited activity.  Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at \*2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at \*3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices").  The risk that third parties could obtain and use the information described in the Documents to their advantage, including in connection with efforts to "circumvent the security systems and procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Cantinieri*, 2024 WL 759317, at \*2.

**Google's Sealing Request is as Narrowly Tailored as Possible.**  Google's request is narrowly tailored to protect only information reflecting Google's sensitive, non-public information, including competitively sensitive information and details of Google's efforts to enforce its policies.  Courts in this district have found such redactions requests reasonable and appropriate. *See, e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2022 WL 3910584, at \*2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information."); *Falberg on behalf of Goldman*

LATHAM&WATKINS LLP

*Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at \*2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order").

Given the sensitive nature of the materials and the risk that nefarious actors will obtain and misuse the materials if publicly disclosed, Google respectfully submits this motion to seal the Documents.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Caroline Clarke*
Caroline Clarke (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:      All Counsel of Record (via ECF)