**Sarah A. Tomkowiak**
Direct Dial: 202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

August 14, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

>    Re:    *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
>    <u>Defendant's Response to Plaintiffs' Letter Motion for Discovery Conference
>    re Google's 30(b)(6) Deposition Testimony (Dkt. 1135)</u>

Dear Judge Moses:

Unhappy with testimony from C.F. and several other Google witnesses (former and current employees, in their corporate and individual capacities), Plaintiffs' letter motion (the "Motion," Dkt. 1135) asks this Court to order Google to produce *another* corporate witness on a discrete topic (irrelevant to their claims of contributory infringement against Google) under the guise that Ms. F was insufficiently prepared to provide the narrow testimony the Court ordered at the July 1, 2026 hearing.  Not so.  At the hearing, Plaintiffs' counsel stated he needed a corporate witness to explain the motivation or "impetus" for the beta program.  The Court ordered Google to produce a corporate witness to explain why the beta (or pilot) was implemented from a "business perspective," which the Court acknowledged likely would require education from a business-side employee.  Ms. F provided this testimony, answering several questions about Google's business rationale for the beta program, based on facts she learned from individuals directly involved.  As it turns out, the impetus was not ███████████████████████████████████ ██████████, as Plaintiffs' counsel "suspected."  Plaintiffs' disappointment does not mean they get a do-over in the hope that another witness will contradict what they have learned from not one, but three witnesses to date (and two more to be deposed).

## Background

At the July 1 hearing, Plaintiffs' counsel stated they needed 30(b)(6) testimony on how and why Google pursued its beta program,[1] in which certain merchants were allowed to advertise ebooks on the Shopping platform (the "Beta Program"), despite Google's policy prohibiting paid

---

[1] As already explained to Plaintiffs by V.J., there is no "specific time frame" for a beta program, ███████████████████████.  Ex. 1, V.J. Tr. 154:25-155:18; *cf.* Mot. at 2 n.2.

**LATHAM&WATKINS**LLP

Shopping Ads for ebooks (the "Ebook Ban").  Based on cherry-picked portions of documents, Plaintiffs' counsel speculated ████████████████████████████████████ ███████████████████████████████████████████████████████████ Dkt. 1048, July 1, 2026 Hr'g Tr. 88:12-22; *see also id.* at 98:3-14 ("That's my suspicion, is that that's the actual explanation for this, and that's what the documents seem to say.").  After Google's counsel explained that Plaintiffs had already secured testimony about the Beta Program from two witnesses (including one who served as a corporate witness), the Court ordered Google to provide a corporate witness to testify to the Beta Program "from a business perspective."  *Id.* at 98:16-17.

Ms. F was designated on this Topic (Topic 60(c)), along with several other topics,[2] and deposed on July 16, 2026.  To his dismay, Ms. F debunked Plaintiffs' counsel's "suspicion" about Google's motivation for the Beta Program.  Instead, Ms. F testified that Google ██████████ ████████████████████████████████████████████████████████ Ex. 2, C.F. Tr. 316:20-320:9.  Coincidentally, ████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████ .  *Id* at 318:21-320:9.  Because Google ███████████████████████████████████████████████████████████████ .[3]  *Id.*; *see also id.* at 322:9-324:20.  Ms. F provided additional color on timing, explaining that the team ███████████████████████████████████████████████ ███████████████████████████ and therefore the Beta Program was well-timed to provide that data and insights.  *Id.* at 321:2-322:7.[4]

Ms. F's testimony was consistent with the testimony Plaintiffs already secured from another corporate witness, A.L., and former employee, V.J., who likewise testified that ████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████

---

[2] Ms. F participated in multiple comprehensive preparation sessions with counsel to prepare to testify on the designated topics, including Topic 60(c).

[3] Plaintiffs are incorrect that Ms. F refused to speculate on whether the impetus for the Beta Program was █████████████████████ .  Mot. at 3.  She refused to speculate on █████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ Ex. 2, 331:12-334:3. Another witness, Mr. J, was asked about the same email shown to Ms. F, and stated that he was very "skeptical" on █████████████████████████████████████████████████████ a viewpoint he also expressed in the email.  Ex. 1,. 142:14-144:24; *see also* Dkt. 1135-2 at 4.

[4] Despite initially misremembering when the Beta Program started, Ms. F later acknowledged on the record that it started in March 2025.  Ex. 2, 328:10-329:6.

LATHAM&WATKINS LLP

████████████████. Ex. 3, A.L. Tr. 309:9-312:12; Ex. 1, 129:7-131:24.  And Mr. J confirmed ███ ██████████████████████ leading Google to believe the Beta Program for ebooks could be a good test case.  Ex. 1, 131:11-24.

Ms. F testified that she was educated on the Beta Program by J.B., a director in the Ads Safety organization, as well as an engineer, and █████████████████████████ ██████████████.  Ex. 2, 327:5-328:2, 334:5-21.  Plaintiffs subsequently noticed the depositions of J.B. and J.W., a Director on the Ads Policy, Risk & Compliance team who Mr. J stated ████████████████████████, on July 22, 2026, the deadline set by the Court.[5]

## Argument

### A.  Ms. F Was Prepared To And Gave Corporate Testimony On The Beta Program

While a party must make a "conscientious good faith endeavor" to designate and educate a corporate witness on a 30(b)(6) topic, that witness is "not 'expected to know and testify about every detail' on a topic."  *K.S. v. City of New York*, 2025 WL 307348, at *2-4 (S.D.N.Y. Jan. 27, 2025) (citations omitted) (denying party's request to re-open 30(b)(6) testimony because a corporate witness was allegedly inadequately prepared).  The Court contemplated a 30(b)(6) witness who might have to be educated by "various business types."  Dkt. 1048 at 98:5-15.  That's what happened.  Plaintiffs' claim that Ms. F was fed "a company line" (Mot. at 4), reflects a deeply flawed understanding of the nature of corporate testimony.  A corporate designee speaks for the *corporation*.  They are expected to gather knowledge from others within the corporation and testify to the *corporation's* position. The whole point of 30(b)(6) testimony is to provide the "company line," not to test a witness's memory or ask them to regurgitate information that is readily available through produced documents.  *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017); *see also* Dkt. 1048 at 114:4-11 (observing that 30(b)(6) allows a witness to testify even if they do not have personal knowledge of the topic, and based on what Google "wanted [the witness] to tell [Plaintiffs]").  In preparation for her corporate testimony, Ms. F spoke to Mr. B to gather his knowledge.  She then testified to Google's position on the impetus for the Beta Program and ████████████ ██████████.  Ex. 2,  318:21-320:9.  There was no obligation or need for Ms. F to review the specific documents that Plaintiffs' counsel say she should have reviewed, or accept Plaintiffs' counsel's characterization that such documents indicated that the company's "story" was incorrect.  *In re OpenAI, Inc., Copyright Infringement Litig.*, 2025 WL 3268785, at *3 (S.D.N.Y. Nov. 24, 2025) (To prepare a 30(b)(6) witness, a corporation must only "conduct a reasonable investigation—not exhaustive interviews of every single" employee or document).

Plaintiffs have Google's "company line"—which notably, was entirely consistent with the testimony of two percipient witnesses.  *See* Ex. 3, 309:9-312:12; Ex. 1,  129:7-131:24.  Plaintiffs' dissatisfaction with Google's position does not mean that Ms. F was unprepared.  *Cf.* Hr'g Tr. at

---

[5] Mr. B's deposition is set for August 28 and Mr. W's deposition is set for September 1.

13:15-21 (Aug. 13, 2026) ("[T]he point of a 30(b)(6) witness" is to relay information she learned through education); *id.* at 16:3-6.

### B. Plaintiffs Have Had Ample Opportunity, And Will Have More, To Seek Information About The Beta Program

Plaintiffs have deposed two percipient witnesses and one 30(b)(6) witness on the Beta Program; and plan to depose two more witnesses, Mr. B and Mr. W. They have learned, among other facts, how Google technically implemented the Beta Program, why Google pursued this beta in 2025, who made the decision to implement the beta, how the merchants involved in the beta were selected, the effectiveness of the beta, and what Google has learned through the beta about ████████████████. *See* Dkt. 1048 at 89:8-13; *see generally* Ex. 2, 316:20-337:17; Ex. 1, 123:7-168:22; Ex. 3, 309:9-312:12. And Plaintiffs' counsel asked two witnesses pointed questions about ███████████████████ but refused to accept Google's testimony on this Topic as explained by Ms. F several times. *A.I.A. Holdings, S.A. v. Lehman Bros.*, 2002 WL 1041356, at *2 (S.D.N.Y. May 23, 2002); *see also* Ex. 2, 318:21-322:7, 331:3-334:3; Ex. 1, 142:14-144:24, 161:22-168:22. If Plaintiffs have further questions about the Beta Program, despite the hours of testimony they have already secured, they have the opportunity to ask Mr. B and Mr. W, as they are not entitled to 30(b)(6) testimony that would be unreasonably duplicative. F.R.C.P 26(b)((2)(C); *Baker v. Saint-Gobain Performance Plastics Corp.*, 2024 WL 4523805, at *4 (N.D.N.Y. Mar. 21, 2024) (denying 30(b)(6) testimony where the requesting party had not "persuasively explained how Rule 30(b)(6) testimony would provide any significant advantages over the extensive testimony it has already obtained"); *see also* Dkt. 1048 at 60:22-61:5 ("You don't get both a percipient witness and a 30(b)(6) witness on the same topic …."); *id.* at 116:19-24. Google has one remaining 30(b)(6) witness and he is already designated to testify on ten topics. There is no need for additional corporate testimony.

### C. The Impetus for the Beta Program Has No Bearing on Whether Google Induced Infringement

Setting aside that Plaintiffs already have significant discovery on the Beta Program, it is worth repeating that this discovery is irrelevant to Plaintiffs' contributory copyright claim against Google. *See* Mot. at 2. Even *if* Google could have ███████████████████ ████████████████████████████████████████████ and even *if* Google's only reason for implementing the Beta Program in 2025 ███████ ████████████████████ none of these "facts" would show that Google intentionally induced infringing advertising activity on Shopping. Dkt. 1048 at 192:8-195:4 (denying 30(b)(6) testimony on verification because Plaintiffs cannot "roll up everything … Google has done or not done into an 'affirmative act'" showing inducement); *see also Art Records LLC v. YouTube LLC*, 2026 WL 1669167, at *2 (N.D. Cal. June 9, 2026); Dkt. 1017. Should this case survive Google's Rule 12(c) motion and summary judgment, the question for the jury will <u>not</u> be "could Google have protected Plaintiffs' copyrighted works better than it did?" *See* Mot. at 2. No law imposes such a broad affirmative obligation on service providers to protect the world's copyrights.

LATHAM&WATKINS LLP

Google has complied with its obligations under Rule 30(b)(6) and the Court's July 1 Order. The Court should deny Plaintiffs' Motion.

Respectfully,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF and email)

LATHAM&WATKINS LLP