O+Z Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
jkane@oandzlaw.com

August 18, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

**Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM**
**Plaintiffs' Reply ISO Plaintiffs' Letter Request (Dkt. 1135) for Discovery Conference re Google's Failure to Prepare a 30(b)(6) Witness on Google's Beta Program**

**[Redacted]**

Dear Judge Moses,

Plaintiffs write in support of their Letter Request for Discovery Conference re Google's Failure to Prepare a 30(b)(6) Witness on Google's Beta Program (Dkt. 1135) and in response to Google's opposition letter (Dkt. 1155). Google's letter fails to establish that Ms. Fine was properly prepared, or that other witnesses have or will fill the crater-sized gaps in her knowledge. The Court should order Google to produce a properly-prepared 30(b)(6) witness on this Topic.

**I. Ms. Fine was not prepared to address the business impetus for the Beta Program.**

Ms. Fine's knowledge of the business impetus for the Beta Program was so shallow and so partial as to be effectively meaningless. Ms. Fine had not even heard of the [redacted]. "Q . . . I was wondering if [the Google employees you interviewed in preparation for your testimony] specifically mentioned the [redacted] that [JW] is referring to, the [redacted] . . . A I don't remember." Dkt. 1135-5 ("Fine Tr.") at 334:23–335:4. The Google employees who educated Ms. Fine told her that Google had been [redacted]. *Id.* at 319:6–17. But these employees conveniently left out that at the time, [redacted]. *Id.* at 334:23–335:4; Dkt. 1135-2 (GOOG-CENG-00623411) at -3412.

Ms. Fine thus did not "debunk" the notion that the impetus for the Beta Program was [redacted] (Dkt. 1155 at 2). She disclaimed all knowledge of [redacted], and refused to "speculate" as to its role in the decision to create the Beta Program. When asked directly whether [redacted] was the impetus for the Beta Program, Ms. Fine refused to address that question at all.

> Q . . . [JW] says . . . [redacted]

> [redacted] So, as I said, that indicates to me that the impetus for the pilot program was that Google [redacted] I was asking if you understood it differently, and I'll ask you again since you now have the benefit of the timeline.
>
> A I am only aware of the -- of the information and dates provided in these two documents, so I don't want to speculate further.

Fine Tr. at 331:21–332:12.

Such surface-level and deceptive education of a witness does not meet the standard for properly preparing a 30(b)(6) designee.

First, Google concedes that it must "'conduct a reasonable investigation'" to prepare a 30(b)(6) witness. Dkt. 1155 at 3 (quoting *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-md-3143, 2025 WL 3268785, at *3 (S.D.N.Y. Nov. 24, 2025)). That means that Google must "'make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters'" *Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, No. 10-cv-1391, 2013 WL 1286078, at *2 (S.D.N.Y. Mar. 28, 2013) (quoting *Securities Exchange Commission v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y.1992)). Failing to even mention, let alone explain, the [redacted] that Google's documents say was the impetus for the Beta Program is not a "reasonable investigation." *In re OpenAI*, 2025 WL 3268785, at *3. Nor is it a "conscientious good-faith endeavor" to "answer fully, completely, unevasively, the questions posed." *Soroof*, 2013 WL 1286078, at *2.

Second, Google "has an affirmative duty to prepare the designee 'to the extent matters are reasonably available, whether from documents, past employees, or other sources.'" *Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, No. 06-cv-6198, 2009 WL 773344, at *1 (S.D.N.Y. Mar. 18, 2009) (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997)). Not only was information about the Beta Program "known or reasonably available" to Google (FED. R. CIV. P. 30(b)(6)), but Google knew two people who had this information (JW and JB), and Ms. Fine spoke to one of them. But JB elected *not* to mention the [redacted], and Ms. Fine didn't speak to JW at all.

Indeed, two documents that outright say that [redacted] were not only produced by Google in this case, but were introduced in prior depositions. Dkt. 1135-1; Dkt. 1135-2 (both introduced in the deposition of Mr. Jain). That Google did not provide to Ms. Fine specific documents about [redacted] role in the Beta Program is enough in itself to render insufficiently prepared. *Soroof*, 2013 WL 1286078, at *3–4 (finding a defendant had not sufficiently prepared a 30(b)(6) witness when the witness had not reviewed a document that "reasonably f[e]ll within the categories noticed by the plaintiff," and that was "known or available to [the defendant] and is well within [the defendant]'s control."). But Google's failure went a step further: Google did not even educate Ms. Fine about the [redacted].

Third, in response to Plaintiffs' 30(b)(6) notice, Google "has an affirmative duty to make available 'such number of persons as will' be able 'to give *complete, knowledgeable* and binding answers' on its behalf." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (emphasis added) (quoting *Morelli*, 143 F.R.D. at 45). Not even Google could contend that Ms. Fine provided "complete" or even "knowledgeable" testimony. Google's obligation includes testifying about Google's subjective beliefs and opinions.

> Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. The corporation must provide its interpretation of documents and events. The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition. Were it otherwise, a corporation would be able to deceitfully select at trial the most convenient answer presented by a number of finger-pointing witnesses at the depositions. Truth would suffer.

*Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, No. 01-cv-3016, 2002 WL 1835439, at *3 (S.D.N.Y. Aug. 8, 2002) (internal citations omitted) (quoting *United States v. Taylor*, 166 F.R.D. 356, 361–62 (M.D.N.C. 1996)).

Fourth, Google's failure to prepare its 30(b)(6) witness cannot be excused by any ambiguity as to what the Topic included. The whole reason the Court ordered this testimony was to address whether the [redacted] was the impetus for the Beta Program.

> MR. KANE . . . [redacted]
>
> THE COURT: You think Google just got motivated.
>
> MR. KANE: Exactly. . . .
>
> THE COURT: So you want a businessperson --if it were a percipient witness, it would be a businessperson. A 30(b)(6) witness might have to be educated by various business types . . . [t]o, sort of, tell you the C-suite story behind it . . . All right. No on the [redacted]. Yes on the Beta program from a business perspective.

Dkt. 1135-4 at 97:15–98:17 (Jul. 1 Hr'g Tr.). Ms. Fine was insufficiently prepared by under any reasonable standard.

## II. Testimony from other witnesses did not adequately address the [redacted].

Google tries to argue that the testimony of past and future witnesses has addressed (or will address) the role of the [redacted] in causing the Beta Program. No fact witness has provided adequate testimony on this question.

The first witness to whom Google points, Mr. L, didn't testify [redacted]. Dkt. 1155-4 (A.L. Tr.) at 309:9–312:12.

The second witness to which Google points, Mr. Jain, made clear he had at best a partial [redacted] Dkt. 1155-2 at 129:24–130:7. What little Mr. Jain did know only indicated that 30(b)(6) testimony about this was all the more important: "[redacted]." *Id.* at 129:24–130:18. Mr. Jain went on, [redacted] *Id.* at 131:11–24. Mr. Jain's tentative and incomplete explanation only indicates the need for someone with knowledge of these issues to testify.

Further, Google's vague prediction that forthcoming fact witnesses may provide sufficient testimony to obviate the need for a properly-prepared 30(b)(6) witness carries no weight. Google was supposed to properly prepare its previous witness; Google didn't.[1]

Indeed, even if a fact witness had addressed this issue adequately, testimony from a fact witness is not a substitute for 30(b)(6) testimony. "A party may also have an interest in getting the corporation's testimony on an issue, rather than the testimony of an individual. In such a case, courts have allowed 30(b)(6) depositions . . . even though that testimony was likely to essentially duplicate information which had already been stated in an individual deposition." *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010).

## III. Testimony about Google's reasons for launching the Beta Program is relevant.

This Court already recognized the relevance of the Beta Program when the Court ordered document discovery into it. Dkt. 221 ¶ (d). The Court likewise recognized the relevance of Google's reason for initiating the Beta Program when the Court ordered Google to produce a 30(b)(6) witness to testify about it. Dkt. 1047 at 2. Google's latest attempt to dispute the relevance of this issue is no more convincing than Google's prior unsuccessful attempts.

Google's refusal to allow paid ebook ads from legitimate publishers exacerbated the harm from pirate ads, for the pirates' ebook ads faced no competition from legitimate ebook ads. Dkt. 38 ¶ 92–93. Publishers could not offset the pirates' ads for (artificially) low-priced ebooks with the publishers' own ads for (legitimate) low-priced ebooks. For years, publishers encouraged Google to create an allow-list to address this problem, but Google refused. Dkt. 38 ¶ 110. That Google agreed to create an allow-list to [redacted], but wouldn't do so to reduce what its own personnel called [redacted], shows (among other

---

[1] Plaintiffs asked Google either to represent that certain of its forthcoming witnesses would sufficiently address this issue, or to designate a forthcoming witness as 30(b)(6) witnesses. 26.08.14 O+Z Emails. Google declined to designate a 30(b)(6) witness, and said only that future witnesses would "answer questions to the extent of their personal knowledge, in their individual capacities." 26.08.14 Latham Emails.

things) Google's intent, and that a large monetary award is necessary to deter Google from future misconduct.

**IV. Conclusion**

The Court should order Google to produce a properly-prepared 30(b)(6) witness to address the business rationale for the Beta Program (Topic 60(c)).

/s/ *Jeff Kane*
Jeff Kane

*Counsel for Plaintiffs*