O+Z Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
jkane@oandzlaw.com

August 28, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

**Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
Plaintiffs' Supplemental Letter re Plaintiffs' Motion (Dkt. 1093) for Discovery Conference re Google Deposition Testimony**

**[Redacted]**

Dear Judge Moses,

Plaintiffs submit this letter to update the Court on a significant development arising from recent Google deposition testimony. The newly discovered facts affect Plaintiffs' Dkt. 1093 motion, which the Court is scheduled to hear on Tuesday, September 1.

On August 26, 2026, Google witness Mr. R testified that [redacted] After more than two years of litigation, Google disclosed this critical fact only just now. And this fact stands in stark contrast to prior representations by Google that it "designed and implemented a repeat infringer policy pursuant to which it terminates infringers who repeatedly violate Google's rules." Dkt. 166 at 6. Google's decision to hide the fact that it [redacted] until the last hour of discovery is nothing short of outrageous, and will be the subject of further motion practice.

Of immediate relevance, however, is the fact that Google is hiding all of the details about Google's [redacted] behind a claim of privilege over the 2024 Review. Based on the foregoing, Plaintiffs have an even more substantial need for the facts relating to that Review. In addition, deposition testimony from recent Google witnesses demonstrates what Plaintiffs explained in their opening Motion: that Ms. B's testimony about the Review waived any claim of privilege or work-product.

## I. Background

Plaintiffs previously filed a motion seeking documents connected to an investigation Google conducted into [redacted] during the period at issue in this case. Dkt. 1093. During a deposition on August 26, a Google witness, Mr. R, shared two remarkable and previously undisclosed facts uncovered during the Review. First, Mr. R explained that the personnel who processed infringement notices reported that [redacted]

[redacted]. Ex. 1, Tr. of Aug. 26, 2026 Dep. of WR ("WR Tr.") at 367:23–25 [redacted]."); *id.* at 366:19–22 (same). Second, those personnel [redacted] *Id.* at 372:23–373:9. Mr. R testified that Google's [redacted]. *Id.* at 366:32–367:2; 377:5–16. He was unsure if the [redacted]. *Id.* at 385:24–386:14. And when asked if "[redacted]" he testified, "[redacted]" *Id.* at 372:24–373:9.

Mr. R apparently learned these facts in connection with Google's 2024 Review into [redacted]. *Id.* 366–396. As described below, virtually every question about the Review was met with an instruction not to answer by Google's counsel.

Google's [redacted] is clear evidence of, among other things, intent, the need for deterrence, and willfulness. According to the [redacted] This is a crucial fact.

**II. Plaintiffs have a substantial need for documents concerning Google's [redacted].**

Plaintiffs argued in their Motion that they have a substantial need for documents concerning the Review. Dkt. 1093 at 3–4. From Mr. R's testimony, Plaintiffs now know that that need is even greater. Plaintiffs need for documents and testimony about [redacted]. As Plaintiffs explained in their opening motion, Plaintiffs have been unable to depose the overseas vendors who processed Shopping infringement notices, and Google has refused to make them available. Dkt. 1093 at 3–4 and n.2. Indeed, Plaintiffs do not even know the identities of the [redacted]. *Id.* When Plaintiffs asked [redacted] Google refused to answer on the basis of privilege. Ex. 2, Tr. of Dep. of AK ("AK Tr.") at 104:22–105:22. And even though Mr. R testified that Google's Review included investigating [redacted], WR Tr. at 389:13–390:10, Google is claiming work-product protection over the materials from the Review. *Id.* at 367:16–369:6; Dkt. 1114. The only way for Plaintiffs to learn about Google's [redacted] is to review the documents and notes Google compiled during the Review. In conferrals, Google argued that Mr. R testified that [redacted]. *Id.* at 374:22–375:10. Plaintiffs need documents from the Review to test Mr. R's claim.

Likewise, the testimony that prior witnesses provided about the Review was misleading. Ms. K testified that the Review [redacted]. AK Tr. 61:14–63:25. Ms. K left out what Mr. R subsequently reported: [redacted]. WR Tr. 372:23–373:9. So [redacted]

Ms. B testified that [redacted]

[redacted]. *E.g.*, Dkt. 1094-1 (S.B. Tr.) at 242:6–243:12. She then testified that [redacted] Nor did Plaintiffs understand that to be the case, including because Google had asserted a DMCA defense *after* the Review (which it supposedly withdrew because of the *Cox Communications v. Sony Music Ent.* case).

## III. Recent deposition testimony further establishes that Google waived any privilege or work-product protection for the Review.

Further, Google's treatment of privilege and work-product in two recent depositions only makes even more clear that Google has waived any work-product or privilege protection over the Review.

First, just as Google waived privilege during Ms. B's deposition by allowing Ms. B to testify about the conclusions of the investigation, Google did so in Ms. K's deposition. Ms. K disclosed an *additional* conclusion from the 2024 Review: [redacted]. Ms. K explained that the Review concluded that [redacted] AK Tr. 71:13–18 [redacted]); AK Tr. 75:4–10; AK Tr. 75:13–76:19. This is a conclusion of the investigation. The investigation [redacted] AK Tr. 75:5–11. By disclosing this conclusion, which Google believes to be helpful to it, Google waived any work-product or privilege protection that might have attached to the Review. Dkt. 1093 at 2–3.[1]

Second, Google effectively admitted that Ms. B's answers in her deposition were a privilege waiver because Google instructed subsequent witnesses *not* to answer the very questions that Ms. B *did* answer. For example, in the prior deposition of Ms. B, Plaintiffs asked what the 2024 Review had concluded, and Ms. B answered. Dkt. 1094-1 at 291:7–14 ([redacted] But when Plaintiffs asked the same question of Ms. K and Mr. R, Google's counsel instructed the witnesses not to answer on the basis of privilege. AK Tr. 67:11–19 [redacted]; WR Tr. 356:21–24 (same). By invoking privilege in response to a question, Google is

[1] Further, the data and documents Google produced, and Plaintiffs' experience reporting piracy to Google, do not support that conclusion. Plaintiffs need to know on what evidence was this conclusion based.

conceding that it waived any privilege or work-product protection by allowing Ms. B and Mr. R to answer the very same questions.

Google did the same thing when Ms. K and Mr. R were asked whether [redacted] Google's prior witness, Ms. B, testified that [redacted] Dkt. 1094-1 at 293:24–25. When Ms. K and Mr. R were asked about this, Google's counsel instructed them not to answer. AK Tr. 106:23–107:5 ([redacted]); WR Tr. 364:19–24 (same).

**IV. Google must provide Plaintiffs with the information Google improperly failed to disclose.**

Accordingly, the Court should order that Google must produce all notes, documents, and communications from the Review. This includes:

- Any statements from vendors or Google FTEs concerning implementation of the Shopping DMCA/copyright policy, including any [redacted], and any notes or communications concerning such statements;
- Any information or conclusions about whether strikes were being assessed in accordance with Google's policy;
- Any information or conclusions about whether accounts were being suspended in accordance with Google's policy;
- Any information or conclusions about whether vendors were properly deciding whether ads should be removed in response to infringement notices; and
- Any information or conclusions about whether, once vendors initiated the removal of an ad, the ad actually was removed.

The above include both documents in Google's possession, and documents in the possession of Google's outside counsel. After Google produces these documents, Ms. K and Mr. R must sit for an additional deposition to answer questions concerning the Review based on the documents Google produces. In addition, the Court should order Google to review its privilege logs and produce documents that Google previously withheld on the basis that concerned the Review.

Further, based on Mr. R's testimony about Google's [redacted] Plaintiffs intend to seek additional discovery from Google. For example, Plaintiffs intend to seek documents concerning communications between Google and the vendor and additional discovery into Google's Misrepresentation policy (the policy pursuant to which Google claims to have [redacted]). Plaintiffs likely will seek sanctions.

To facilitate the above production of documents and deposition testimony, Plaintiffs will request by separate letter a 30-day extension of the deadline for Plaintiffs to take such fact discovery from Google.

/s/ *Jeff Kane*
Jeff Kane

*Counsel for Plaintiffs*