**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

August 31, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
Defendant's Response to Plaintiffs' Supplemental Letter re Plaintiffs' Motion (Dkt. 1093) for Discovery Conference re Google Deposition Testimony (Dkt. 1169)

Dear Judge Moses:

Google writes in response to Plaintiffs' purported "supplemental letter" related to Plaintiffs' Motion (Dkt. 1093), set for a hearing on September 1.

Plaintiffs frame this supplemental filing as a "letter to update the Court," rather than a second motion to compel. But a mere two business days before the hearing, Plaintiffs raise new arguments and seek new relief. To the extent this is a new motion to compel, Plaintiffs failed to confer with Google in good faith before filing it, in violation of Rule 2(b) of this Court's Individual Practices. To the extent this is a "supplemental letter," Plaintiffs improperly filed it without seeking leave of Court.

Either way, the Court should not consider arguments made in this "supplemental letter" when ruling on Plaintiffs' Motion. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 164 n.5 (S.D.N.Y. 2015); *see also de Fernandez v. MSC Mediterranean Shipping Co. S.A.*, 2024 WL 5047492, at *4 (S.D.N.Y. Dec. 9, 2024) (declining to consider arguments raised in unsolicited supplemental letters). If the Court considers those arguments, Google requests the Court grant leave to submit and consider Google's response, below, filed the next business day (August 31).

In that event, Google respectfully suggests that the Court consider postponing hearing Plaintiffs' Motion until the Court has sufficient time to consider both parties' supplemental filings.

LATHAM&WATKINS LLP

## I. Supplemental Background

After Plaintiffs commenced this lawsuit in June 2024, Google investigated Plaintiffs' allegations, at the direction of its in-house counsel and Latham & Watkins, to help develop its legal strategy (the "Investigation"). *See* Dkts. 1114, 1116, 780, 781. This Court already upheld Google's claim of privilege (supported by two Google declarations, Dkts. 780, 781) over two documents relating to the Investigation that were submitted for *in camera* review. *See* Dkt. 1114, 2; *see also* Dkt. 944.

During the deposition of one 30(b)(6) witnesses in June 2026, Plaintiffs' counsel asked whether Google [redacted]. Testifying on behalf of Google, S.B. stated that there was an investigation that was "[redacted]." Dkt. 1114, 2-3. Google's counsel instructed Ms. B not to answer questions about privileged communications surrounding the Investigation, *id.*, but did not object to her answering questions soliciting *facts* regarding Google's [redacted] even if learned through the Investigation. Ms. B testified that [redacted]. *See generally* Dkt. 1094-1, 293:11-295:4.

Following Ms. B's deposition, Plaintiffs' counsel deposed four more witnesses involved in [redacted] On July 14 and August 4, they deposed A.B. and B.B., two Google employees involved in [redacted]. Plaintiffs' counsel inquired specifically about [redacted] (and A.B. and B.B.'s work [redacted]). Plaintiffs then deposed two more Google witnesses, A.K. and W.R., and asked extensive questions about Google's Investigation, most of which raised privilege objections. *See, generally,* Dkts. 1169-1, 1169-2. However, both witnesses confirmed that the Investigation was initiated after the filing of this litigation at counsel's direction. Dkt. 1169-2, 49:25-52:4; *see also* Dkt. 1169-1, 380:9-18.

While testifying in their personal capacities,[1] Ms. K and Mr. R answered questions regarding Google's [redacted], testifying to their understanding of facts learned after this lawsuit was filed. In response to questions, Ms. K testified that [redacted] Dkt. 1169-2, 56:7-58:2. In response to questions, Mr. R testified that [redacted] Dkt. 1169-1, 358:7-16; *id.* 371:13-16 (same). When asked by Plaintiffs' counsel whether [redacted]

---

[1] Mr. R was designated as Google's 30(b)(6) witness on topics unrelated to the Investigation. *See* Dkt. 1169-1, 351:10-24, 367:3-15. Ms. K testified only in her personal capacity.

LATHAM&WATKINS LLP

[redacted] Dkt. 1169-1, 364:19-366:22, [redacted]. *Id.* 368:14-23. In response to further questioning, Mr. R stated that [redacted] *Id.* 375:6-10 ("[redacted]"). *At no time did Mr. R testify that* [redacted]. The Court should not credit Plaintiffs' mischaracterizations of this testimony. *See* Dkt. 1169, 1-2.

## II. "Notes, Documents and Communications" From Google's Post-Lawsuit Investigation Are Privileged and Work Product

Plaintiffs' claim that Ms. K's and Mr. R's testimony demonstrate an "even greater" need for documents created in connection with the Investigation cannot overcome that these documents are protected by attorney work product (including some opinion work product), and attorney-client privilege, which cannot be overcome for *any* showing of need (substantial or otherwise). Dkt. 1169, 2; Dkt. 1114, 3.

Setting that aside, the "supplemental letter" makes clear that Plaintiffs *already possess* the non-privileged facts known to Google and personal beliefs of Google's employees about Google's [redacted] during the relevant period. Dkt. 1114, 2-3, 5. For example, Plaintiffs know [redacted] Plaintiffs' accusation that Google "hid" this information until the "last hour" is ridiculous: Google produced [redacted]. Google further produced a 30(b)(6) designee two months ago who testified that [redacted]. Dkt. 1094-1, 293:16-294:4. Plaintiffs have known these facts for months, and had ample opportunity to ask several Google employees about their personal understanding of these facts (and about [redacted]). *See, e.g.*, Dkts. 1169-1, 1169-2.[2] If Plaintiffs wanted the perspective of Google's vendors, the obvious solution was to pursue the depositions of Cognizant (located in India) and Vaco (based in Texas). Plaintiffs did neither. Indeed, Plaintiffs *withdrew* the subpoena they served on Vaco, and they never proposed letters of request to serve on Cognizant via the Hague Convention procedures. Plaintiffs' discovery choices cannot justify rummaging through Google's (and Latham's) privileged work product.

Any notes, documents, or communications created by or at the direction of counsel from the Investigation are privileged communications and protected work product. Despite filing three briefs, Plaintiffs have failed to explain what further non-privileged information they seek. *See* Dkts. 1093, 1122, 1169. To the extent Plaintiffs' Supplemental Letter seeks [redacted]

---

[2] Mr. R identified which Google full-time employees would have communicated with Google's vendors during the relevant period. Dkt. 1169-1, 376:16-23. Plaintiffs have deposed each of those employees.

LATHAM&WATKINS LLP

[redacted] Google's searches have already targeted [redacted], and those documents and communications have been produced. Google has not located any [redacted]

### III. Google Has Not Waived Privilege Or Work Product Protection

Plaintiffs again argue unconvincingly that Google waived privilege over the entire subject matter of the Investigation by allowing its witnesses to testify about factual information they learned. Dkt. 1169, 3-4; *see also* Dkt. 1169-2, 56:7-57:2 (instructing Ms. K not to reveal legal conclusions or communications with counsel, but allowing testimony on facts, even if learned through the Investigation).

The caselaw—which Plaintiffs ignore or misstate—is clear: facts developed in a privileged investigation or in anticipation of litigation are not privileged, and disclosure of facts does *not* waive privilege or work product protections. Dkt. 1114, 4; *see, e.g., Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co.*, 2020 WL 12834595, at *3 (S.D.N.Y. May 1, 2020) (privilege "is not waived" because witness testified to same facts relayed to counsel);[3] *In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 528-29 (S.D.N.Y. 2015) (company did not waive privilege by disclosing facts learned through investigation); *In re Six Grand Jury Witnesses*, 979 F.2d 939, 945 (2d Cir. 1992) ("factual information" developed for litigation is not privileged but disclosing communications about such information "risks violation of the attorney-client privilege").

Google's counsel sought to adhere to these principles during depositions, allowing witnesses to testify to their understanding of facts but objecting to questions seeking legal conclusions from the Investigation, communications with counsel, or work product (*i.e.*, details of the Investigation). Plaintiffs' claim that Google's objections differed from witness to witness has no bearing on Plaintiffs' waiver argument. Dkt. 1169, 3. Each witness was asked different questions, in different contexts, seemingly to solicit privileged information and support for Plaintiffs' baseless waiver theory. Google's counsel consistently objected in real time to questions seeking privileged or protected information and instructed witnesses that they could answer questions to the extent they would reveal facts, not privileged communications. *See, e.g.*, Dkt. 1169-1, 350:11-358:24; Dkt. 1169-2, 53:5-58:2; *see generally* Dkts. 1169-1, 1169-2.

Even *if* the Court were to find that a witness inadvertently revealed limited privileged or protected material, the context matters. *Mitre Sports International Ltd. v. Home Box Office, Inc.*, 304 F.R.D. 369 (S.D.N.Y. 2015) is instructive. There, the defendant argued that the plaintiff waived protection over materials related to an investigation by allowing an employee to provide 30(b)(6) testimony as "to certain matters concerning [the company's] investigation." *Id.* at 371. The Court assumed that the employee disclosed work product, but still concluded there was no

---

[3] Plaintiffs cite this case in their Reply (Dkt. 1122), but the portion they cite relates to a lawyer's testimony about the merits of that lawyer's own investigation. *Joint Stock*, 2020 WL 12834595, at *2. Those facts are not at hand here.

LATHAM & WATKINS LLP

subject matter waiver, explaining that "the mere fact that a party makes a partial disclosure of privileged or protected information in a deposition does not result in a subject-matter waiver because there is no use of the testimony by the party holding the privilege." *Id.* at 373 ("[T]he critical inquiry is whether protected information has been partially disclosed to a decision maker in an effort to influence a decision. A party's deposition testimony, whether from an individual witness or a 30(b)(6) witness, does not constitute such a use."). So too here. Google has not submitted information from its Investigation to the Court, and does not intend to leverage any privileged information in this lawsuit. Google's witnesses merely responded to deposition questions. Further, a witness testifying in their *personal capacity* (*e.g.*, Mr. R and Ms. K) cannot waive their corporate employer's privilege where, as here, there is no evidence the corporation intended that the witness disclose privileged information. *See, e.g.*, *Suber v. VVP Servs., LLC*, 2024 WL 1313812, at *1-2 (S.D.N.Y. Mar. 25, 2024) (holding that an officer's disclosure of privileged information in his personal capacity was not waiver of corporate privilege).

* * *

Plaintiffs state that they intend to request a 30-day extension of their discovery deadline. Google will respond in due course, but Plaintiffs provide no basis for that request: the discovery they seek is either protected (*e.g.*, documents from undersigned counsel) or produced (*e.g.*, extensive discovery regarding Google's misrepresentation policy).

Respectfully,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF and email)