Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

August 31, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

**Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM**
**Plaintiffs' Letter Motion to Compel Targeted Additional Discovery and Extend Plaintiffs' Discovery Cutoff**

[Redacted]

Dear Judge Moses,

Plaintiffs submit this motion for leave to take supplemental targeted discovery on critical fact issues that Google hid until the last week of discovery. As described in Dkt. 1169, Plaintiffs learned last week in a deposition that [redacted] As much as Plaintiffs would like for fact discovery to end, Plaintiffs require follow-up discovery to understand these just-disclosed facts. They are evidence of, *inter alia*, intent, the need for deterrence, and willfulness—core liability and damages issues.

Google has attempted to shroud information regarding [redacted] in improper privilege objections. In response to this lawsuit, Google undertook an [redacted]. Google has had the benefit of those underlying documents in directing its defense. To date, Plaintiffs have been denied all of that. Without the requested discovery, Google will attempt to explain away its conduct, while Plaintiffs will be stuck with Google's incomplete, inconsistent, and misleading testimony. In just one example, Mr. R testified that the "[redacted][,]" and [redacted]." Dep. of W.R. Tr., Dkt. 1169 Ex. 1 at 367:23–25; 368:24–369:6. But when asked what [redacted], he claimed, "[redacted]." *Id.* at 745:7–10. Plaintiffs need to understand these critical facts to direct their case, as Google has been able to do all along.

Plaintiffs seek a 30-day extension and an order compelling Google to produce documents and appear for targeted depositions as described below.[1] Attached at Exhibit 1 is a proposed

[1] During an August 28, 2026 conferral about several discovery issues, which lasted for about 33 minutes, Plaintiffs informed Google they would be seeking a 30-day extension, following

schedule to address this problem. Google will have to move quickly to produce documents, which it presumably already has collected. Plaintiffs will have to move quickly to complete document review and the depositions. Provided that Google meets the deadlines and timely makes witnesses available, Plaintiffs' discovery should be able to close on October 1.

**I. Google must produce documents regarding its copyright policy implementation.**

In order to understand the who, what, where, and when of the now-known fact that [redacted], Google should be ordered to produce documents concerning this issue for the period January 1, 2020 to March 31, 2025. In addition to the documents that Google collected [redacted] (*see* Dkt. 1093 motion), Google should produce any not-yet produced documents in the following categories: Communications with and among [redacted] relating to [redacted]; communications among Google employees relating to [redacted]; any audits, review or quality checks that [redacted]; and any notes or summaries by Google [redacted]. This includes internal documents concerning [redacted], and other documents shared with [redacted].

Google should also be required to identify the documents referenced in its filing today in representing that "Google's searches have already targeted [redacted]," those documents "have been produced," and "Google has not located any [redacted]."[2] Dkt. 1173 at 4.

Plaintiffs sought the above-described documents in discovery from Google (in particular, in RFPs 6 and 76, and, depending on the documents, potentially 86, 89, and 98) and subpoenaed Google's [redacted]. Decl. ¶¶ 9–14. However, it is now apparent there are significant gaps in what was produced to Plaintiffs, and Plaintiffs did not receive the [redacted]. *See, e.g.,* Dkt. 1093 at 3–4 & n.2. Google must produce these documents now, as they are crucial to Plaintiffs' ability to understand and test the information provided in Google's recent deposition testimony.[3]

**II. Plaintiffs should be permitted to take follow-up depositions.**

After Google produces the above-described documents, Plaintiffs will need to take targeted follow-up depositions concerning these issues. This includes at least Mr. R and Ms. K, and potentially others. *See* Dkt. 1169 at 14. Plaintiffs should be permitted to examine the relevant Google witnesses who provided and have information concerning Google's [redacted]

---

Mr. R's August 26th deposition, to take additional discovery. Google said it opposed the request. Decl. of Attorney Michele Murphy ("Decl.") ¶ 3.

[2] This statement, by its terms, is limited by what Google has produced.

[3] Separately, Plaintiffs have requested documents regarding the [redacted], which the Court will hear tomorrow. This motion covers the *underlying* documents, which may also be included in an "[redacted]."

[redacted]. Google's witnesses' existing testimony is misleading, false (at least by omission), and contradictory. *See, e.g.*, Dkt. 1169 at 2–3. Plaintiffs need clarity on these facts to support what is now more obvious than ever—Google intended the massive copyright infringement that Plaintiffs have suffered for years. Indeed, Google was asserting a baseless DMCA defense. *See* Am. Answer, Dkt. 271 at 2–3, 23. The defense required that Google "reasonably implemented . . . a policy that provides for the termination in appropriate circumstances of . . . repeat infringers" (17 U.S.C. §512(i)(1)(A)), but Google [redacted]

Plaintiffs may also need to depose [redacted] if the information that Google produces and provides in depositions is insufficient to explain the issues at hand. From Mr. R's testimony, Plaintiffs understand that [redacted]. Plaintiffs previously sought to depose [redacted] (and Google did not assist). Dkt. 939 ¶¶ 5–8. However, [redacted] can still prepare a witness to provide testimony regarding [redacted]. One of Plaintiff's vendors, a non-U.S. company with employees located abroad, prepared witnesses to testify concerning the issues in this case. Decl. ¶ 7. Google's Dkt. 1173 filing also mentions [redacted]. Dkt. 1173 at 3. [redacted]. Decl. ¶ 8. If the additional discovery Google provides is insufficient, Google and [redacted] should cooperate to provide testimony so Plaintiffs are not deprived of critical information.

## III. Google must produce additional documents regarding suspensions [redacted].

Additionally, where Google claims to have suspended an at-issue pirate [redacted] "[redacted]," Google should be ordered to produce information in its [redacted]. Google describes its [redacted] as separate from its copyright policy. *See* Decl. ¶ 15. Further, while personnel [redacted] still reveal what Google knew about the pirates. *See id.*

To avoid producing certain discovery, Google has been representing throughout this case that its [redacted] is irrelevant to Plaintiffs' allegations. *See id.* However, Plaintiffs learned only in a June 17 deposition that [redacted]. *Id.* ¶ 5. And in light of Google's [redacted], Google appears to be backtracking.[4]

[4] Google could not have been relying on its [redacted] when it asserted its DMCA defense, both because Google disclaimed its relevance, and because the [redacted] is not a "policy providing for termination, in appropriate circumstances," of "repeat infringers." 17 U.S.C. 512 (i)(1)(A).

Plaintiffs also learned in the deposition that [redacted]. *Id.* Plaintiffs received the complete data only on August 11. *Id.* Plaintiffs now need Google's [redacted] to understand the voluminous [redacted]. *Id.*

Specifically, before Google suspends or re-activates a merchant [redacted]" *Id.* ¶ 6. During the parties' negotiations,[5] Plaintiffs discovered that Google already has [redacted]. *Id.* The Court should require Google to produce [redacted] for these pirate merchants, or alternatively, order that Google be prohibited from relying on [redacted] for any of its defenses.

**IV. There is good cause to modify the case schedule.**

Plaintiffs seek at 30-day extension of their discovery cutoff (September 1 to October 1) to take the discovery described above. Plaintiffs also request a 30-day extension of the remaining deadlines so the parties can focus on addressing these issues. *See* Ex. 1.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists here. Google disclosed material information less than a week before the discovery cutoff, and Plaintiffs promptly notified the Court and filed this motion. Courts routinely grant extensions where new information is disclosed near the discovery deadline and the movant promptly seeks the time needed to investigate it. *See, e.g.*, *Brunckhorst v. Bischoff*, 2022 WL 18358990, at *2 (S.D.N.Y. Dec. 28, 2022) (granting 45-day extension "for the purpose of allowing limited discovery prompted by recently conducted depositions" that were "conducted near the close of fact discovery"); *Austin Air Sys., Ltd. v. Sager Elec. Supply Co.*, 2022 WL 464230, at *6–7 (W.D.N.Y. Feb. 15, 2022) (extending fact and expert discovery where a deposition revealed the existence and significance of previously unproduced data shortly before discovery cutoff); *Guadagno v. M.A. Mortenson Co.*, 2018 WL 4870693, at *5–6 (W.D.N.Y. Oct. 2, 2018) (finding good cause where deposition testimony first confirmed critical facts near the discovery deadline and movant promptly sought relief).

Plaintiffs diligently pursued relevant discovery throughout the discovery period, including by repeatedly seeking complete responses from Google regarding its copyright policy. Google's material misrepresentations, omissions, and eleventh-hour disclosures created the need for follow-up discovery that Plaintiffs could not reasonably have sought within the current schedule. Plaintiffs' request is narrowly tailored and will not prejudice Google.

---

[5] The parties have exchanged a number of emails in an effort to resolve this issue, and also discussed it during the August 28th conferral, at which time it became clear the parties are at impasse. Decl. ¶ 4.

Indeed, Plaintiffs have been prejudiced by Google's conduct, not the reverse. Plaintiffs' relief is delayed (including equitable relief, as Google's infringement is ongoing), and Plaintiffs will have to reopen certain depositions. Plaintiffs also have had to file at least 18 motions to compel in this case. Google simultaneously resisted clearly relevant discovery at every turn, and now it is clear why. The wasted time and expense is enormous.

Plaintiffs respectfully request that the Court enter Plaintiffs' proposed case schedule and order the additional discovery described above. Plaintiffs reserve the right to seek fees, costs, sanctions, and any other relief as appropriate.

/s/ *Michele H. Murphy*
Michele H. Murphy

*Counsel for Plaintiffs*