# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

CENGAGE LEARNING, INC. et al.

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

**Civil Action No. 24-cv-04274-JLR-BCM**

[Filed under seal. Materials Google has marked confidential highlighted in yellow.]

**ATTORNEY DECLARATION OF MICHELE H. MURPHY**

1. I am a partner at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for Plaintiffs in this action. I submit this declaration in support of Plaintiffs' Letter Motion to Compel Targeted Additional Discovery and Extend Plaintiffs' Discovery Cutoff.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently hereto.

3. On August 28, 2026, Plaintiffs' and Google's counsel met and conferred for about 33 minutes regarding several discovery issues. During this conferral, Plaintiffs informed Google they would be seeking a 30-day extension following Mr. R's August 26th deposition. Google said it opposed the request. The participants were Sarah Tomkowiak, Caroline Clarke, and Adaeze Onyimah on behalf of Google, and Jeff Kane, Uriel Lee, and me on behalf of Plaintiffs.

4. With respect to the notes and comments [redacted] that Plaintiffs seek in their motion, the parties have conferred in a number of email

correspondences and also discussed the issue during the August 28, 2026 conferral. During that conferral, it became clear that the parties were at an impasse.

5. Plaintiffs learned only in a June 17 deposition that [redacted]. During the June 17 deposition, Plaintiffs learned that [redacted]. *See* Tr. of Dep. of Christophe Weibel at 154:24–159:12. Plaintiffs received the complete data only on August 11. Plaintiffs now need Google's notes and comments to understand the voluminous new [redacted].

6. Before Google suspends or re-activates a merchant under Google's misrepresentation policy, [redacted]." GOOG-CENG-00605191 at -5194. During the parties' negotiations, Plaintiffs discovered that Google already has [redacted].

7. Plaintiff McGraw Hill LLC's vendor, Corsearch, is headquartered in London. Corsearch's counsel prepared two London-based witnesses to provide Rule 30(b)(6) testimony in this case, on June 26, June 30, and July 23, 2026.

8. Plaintiffs sent Google's former vendor, Highspring LLC dba Vaco ("Vaco"), a deposition subpoena. Vaco refused to sit for a deposition, stating that no employees had any knowledge of Google's copyright-related work.

9. Plaintiffs' RFPs to Google include the categories of documents discussed in the motion. Plaintiffs also subpoenaed Google's vendors (who did not produce documents concerning the implementation of Google's copyright policy). In particular, RFP Nos. 6 and 76 and Google's response are quoted below. Depending on the nature of the documents, Plaintiffs' motion potentially implicates other RFPs, including those additional requests and responses quoted below.

10. Below is Plaintiffs' RFP No. 6, served on July 21, 2024, and Google's October 3, 2024 response:

a. **RFP No. 6:** All documents concerning your policies, practices, and procedures concerning copyright infringement by Shopping Ads Merchants, including all versions and drafts of any Copyright Infringement Policy, DMCA Policy, and Repeat Infringer Policy you have; all documents concerning the development, implementation, and enforcement of any such policies, practices, and procedures; and all internal and external communications concerning any such policies, practices, and procedures.

b. **Response to RFP No. 6:** Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents maintained in the ordinary course of business and located after a reasonable search reflecting Google's policies, practices, and procedures concerning actions taken by Google in response to copyright infringement notices concerning ads and listings on the Google Shopping platform generally. Google will not produce drafts or documents reflecting considered, but never adopted, policies, practices, or procedures.

11. Below is Plaintiffs' RFP No. 76, served on April 1, 2025, and Google's May 1, 2025 response:

a. **RFP No. 76:** Any training materials, instruction manuals, protocols, reports, summaries, results, feedback, evaluations, assessments or similar documents concerning the Vendors and their processing of Infringement Notices or handling of potential terminations of Repeat Infringers; and any internal and external communications concerning such training materials, instruction manuals, protocols, reports, summaries, results, feedback, evaluations, or assessments.

b. **Response to RFP No. 76:** Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents, kept in the ordinary course of business and located after a reasonable search, sufficient to show training materials, instruction manuals, and protocols provided by Google to its Vendors for processing Infringement Notices.

c. Pursuant to the parties' compromise from meet and confers, "in addition to what Google has already agreed to produce in response to RFP 76, Google …agreed to produce documents, to the extent they exist, sufficient to show high-level feedback, evaluations, or assessments regarding a Vendor's handling of copyright infringement notices on the Shopping platform that are kept in the ordinary course of business and are located in the custodial data for our current custodian list."

12. Below is Plaintiffs' RFP No. 86, served on June 12, 2025, and Google's July 14, 2025 response:

a. **RFP No. 86:** Documents sufficient to show the scope and nature of any services the Vendors provided concerning the Relevant Areas, including, but not limited to, documents sufficient to show the nature of Your relationship with the Vendors during the Relevant Period (e.g., whether You and the Vendors operated pursuant to a contract).

b. **Response to RFP No. 86:** Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents in Google's possession, custody, or control and located after a reasonable search as reflected in its responses to Request for Production 76. Google will not otherwise conduct an additional search in response to this request.

13. Below is Plaintiffs' RFP No. 89, served on June 12, 2025, and Google's July 14, 2025 response:

a. **RFP No. 89:** Documents and communications evaluating the performance of Vendors' personnel in performing work concerning the Relevant Areas.

b. **Response to RFP No. 89:** Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents in Google's possession, custody, or control and located after a reasonable search as reflected in its response to Request for Production No. 76. Google will not otherwise conduct an additional search in response to this request.

14. Below is Plaintiffs' RFP No. 98, served on July 16, 2025, and Google's August 15, 2025 response:

a. **RFP No. 98:** All documents concerning the work performance of personnel who processed Plaintiffs' Infringement Notices in the Relevant Areas.

b. **Response to RFP No. 98:** Subject to and without waiving its General and Specific Objections, Google will produce non-privileged documents in Google's possession,

custody, or control and located after a reasonable search as reflected in its response to Requests for Production Nos. 76 and 89. Google will not otherwise conduct an additional search in response to this request.

15. Google has explained that its misrepresentation policy is separate from its copyright policy. Google also has explained that personnel [redacted]. To avoid producing certain discovery, Google has represented that its misrepresentation policy is irrelevant to Plaintiffs' allegations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed August 31, 2026 in Washington, D.C.

/s/ *Michele H. Murphy*
Michele H. Murphy