Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
Jkane@oandzlaw.com

September 4, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

**Re:** ***Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM**
**Plaintiffs' Letter Opposing Google's Request (Dkt. 1182) to Redact Plaintiffs' Supplemental Letter (Dkt. 1169)**

Dear Judge Moses,

Plaintiffs write to oppose Google's request (Dkt. 1182) to seal portions of Plaintiffs' August 28, 2026 Supplemental Letter (Dkt. 1169).

In their Supplemental Letter, Plaintiffs informed the Court of two important statements Google made during a recent deposition. First, Plaintiffs described a key communication from Google to the vendors who process copyright infringement notices. Dkt. 1169 at 1. The communication is referenced for the first time on p. 1 in the second paragraph of Dkt. 1169, and subsequently is referenced throughout the Letter. Plaintiffs likewise informed the Court of a key admission Google's witness made regarding the enforcement of Google's DMCA policy. That admission is referenced on p. 2, in the fourth line of the first paragraph (the sentence starting, "Second, those personnel . . . ."), and elsewhere in the Letter. In the attached Exhibit, Plaintiffs have highlighted in red those portions of the Dkt. 1169 Letter that should be *un*redacted, and highlighted in yellow those portions that should remain redacted.

Neither the fact of the communication from Google to its vendors, nor the admission at issue, should be redacted. Neither reveals the details of the DMCA policy itself. Nor could either admission aid any nefarious actor in circumventing Google's policies, as Google argues. *See* Dkt. 1182 at 2. These statements reveal nothing that a bad actor could do differently in order to evade detection. And even if they did, Google has had ample time to correct its conduct, so neither admission should not reveal anything about Google's current operations.

Google's letter also does not explain how these admissions are "proprietary." Dkt. 1182 at 2 and 3. The statements do not concern any special technology, confidential financial information, trade secrets, or other sensitive information about ongoing commercial operations, including those that would cause competitive harm. Moreover, these two statements do not reveal the mechanics or details of Google's internal investigation. They concern only facts that the investigation may have learned or confirmed. *Contra* Dkt. 1182 at1–2.[1]

[1] On September 3, Google submitted proposed redactions to the Court's order (Dkt. 1187) regarding certain discovery into these statements. The Court issued a public order reflecting Google's proposed redactions less than 24 hours later (Dkt. 1188), before Plaintiffs had an

Oppenheim + Zebrak, LLP

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940

Plainly, Google wishes to redact this information because it demonstrates that Google's communications to the public about Google's enforcement of its DMCA policy are not true. Google also is subject to at least one other lawsuit concerning Google's alleged advertisement of infringing products through Shopping ads. *Weekend Warrior Clothing, LLC v. Google, LLC*, 25-cv-00668 (S.D. Ohio). Google's wish to avoid being held accountable to rightsholders for copyright infringement does not overcome the presumption of public access to judicial documents. *See, e.g.*, *FTC v. PepsiCo, Inc.*, No. 25-cv-664, 2025 WL 3484835, at *4 (S.D.N.Y. Dec. 4, 2025) ("'The mere fact that the production of records may lead to a litigant's . . . exposure to further litigation will not, without more, compel the court to seal its records'") (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)); *see also Nassau County, NY v. Milan Pharmaceuticals, Inc.*, No. 23-cv-5382, 2023 WL 11936968, at *2 (E.D.N.Y. Dec. 8, 2023) ("the fact that the [information] may result in some adverse publicity is not, alone, a sufficient ground to seal"). Still less is it a "higher value[]" that is "narrowly tailored to serve" the public interest. *Contra* Dkt. 1182 at 1 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016)).

Accordingly, the Court should deny Google's request to seal (Dk. 1182) insofar as Google wishes to seal these two statements.

Plaintiffs thank the Court for its consideration.

Respectfully submitted,

*/s/ Jeff Kane*
Jeff Kane

---

opportunity to oppose those redactions. While Plaintiffs do not ask the Court to revisit those redactions, that Plaintiffs did not oppose those redactions prior to the Court's issuance of the Order should not be viewed as a indicating that the redactions are proper.