# EXHIBIT A

Sarah A. Tomkowiak
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

September 8, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
Google's Sur-Reply to Plaintiffs' Letter Opposing Google's Request to Redact Plaintiffs' Supplemental Letter (Dkt. 1189)

Dear Judge Moses:

Google's Letter Response (Dkt. 1182) ("Response") seeks to seal private and confidential details of an internal investigation. Plaintiffs and Google have filed multiple letters addressing this investigation, all of which Google has moved to seal, and none of which Plaintiffs have challenged.[1] It is no coincidence that the single supplemental letter Plaintiffs move to unseal contains Plaintiffs' entirely self-serving mischaracterization of facts and testimony. The Court should reject this attempt to distort the public record.

Plaintiffs argue that the portions of the Supplemental Letter they wish to unseal are "facts" and therefore, need not be sealed. Dkt. 1189 at 1. That plainly misstates the material,[2] as well as the standard for sealing. Material is properly sealed where there are "competing considerations" that weigh against a presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). That presumption of public access is also "lower" in situations like this, where "the document is submitted in connection with a discovery dispute or other non-dispositive motion." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) (citing *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019)).

Plaintiffs complain that the sealed material does not "reveal[] the details of the DMCA policy itself." Dkt. 1189 at 1. Not true (and, not the standard). The material does detail how Google takes action against accounts, including the roles of parties in that process. *See, e.g.*, Dkt.

[1] Plaintiffs did not oppose Google's request to seal its response to Plaintiffs' Supplemental Letter, Dkts. 1172, 1173, nor did they oppose Google's request to seal any of the initial briefing on this subject. *See, e.g.*, Dkts. 1092, 1093, 1108, 1113, 1114, 1121, 1122, 1141.

[2] The so-called "facts" Plaintiffs wish to unseal are actually gross mischaracterizations of the testimony of a Google employee commingled with Plaintiffs' own unsupported assumptions and accusations. *See* Dkt. 1189-1 at 1-2, 4.

LATHAM & WATKINS LLP

1169 at 1-2; *see also* Dkt. 1182 at 2 ("protecting a company's practices and procedures designed to prevent misuse [is] a compelling interest" (citing *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024))).

Moreover, Google's privacy interests in the confidentiality of its internal investigation outweigh the public's right to access the details of that investigation. The Second Circuit has instructed that "[i]n determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Details of internal investigations are a classic example of information that is traditionally private and prepared with an expectation of confidentiality. *See, e.g.*, *EFT Servs., LLC v. I-POS Sys. LLC*, 2025 WL 1752144, at *4 (S.D.N.Y. June 25, 2025). And courts recognize that the "interest in preserving confidentiality to promote robust internal investigatsions … is a compelling one." *Lockwood v. Dunkirk City Sch. Dist.*, 2024 WL 1832488, at *2 (W.D.N.Y. Apr. 26, 2024); Dkt. 1182 at 2. Indeed, courts have even sealed details of internal investigations at summary judgment citing the "potential chilling effect that disclosure might well have on future investigations." *Lockwood*, 2024 WL 1832488, at *2. Forcing the public disclosure of the (distorted) details of this internal investigation—which Plaintiffs apparently believe will lead to some tactical gain—risks "dramatically deter[ing] future audits or investigations." *EFT Servs.*, 2025 WL 1752144, at *4; Dkt. 1182 at 2. This Court already appears to appreciate the compelling privacy interest at stake as it publicly filed a version of its Order containing redactions similar to those Plaintiffs now challenge. Dkt. 1188.

Courts are particularly reluctant to unseal results of confidential, internal investigations where, as here, the material is "more likely to mislead than to inform the public." *United States v. Amodeo*, 71 F.3d at 1052 (permitting redaction of a report containing "accusations … some or all [of which] may be of doubtful veracity"). Much of what Plaintiffs seek to unseal contains unsupported accusations and blatant mischaracterizations of a Google employee's testimony. Dkt. 1189-1 at 1-2, 4. To unseal these mischaracterizations would put Google in "the unfair position of choosing between suffering the accusations in silence or revealing redacted information" to correct those inaccuracies. *Amodeo*, 71 F.3d at 1052.

The cases Plaintiffs cite do not command a different result. Unlike the non-dispositive motion at issue here, both cases Plaintiffs cite involved redactions to a litigant's complaint which was entitled to a higher presumption of access because "[a] complaint … is the cornerstone of every case, the very architecture of the lawsuit." *Fed. Trade Comm'n v. PepsiCo, Inc.*, 2025 WL 3484835, at *3 (S.D.N.Y. Dec. 4, 2025) (citation omitted). Moreover, neither case involved the same sort of internal investigation at issue here and, unlike the parties in those cases, Google did "t[ake] steps to ensure that the information remain[ed] closely guarded" and "limited to a select audience." *Nassau Cnty. v. Mylan Pharms., Inc.*, 2023 WL 11936968, at *2 (E.D.N.Y. Dec. 8, 2023), *aff'd*, 2024 WL 4252957 (E.D.N.Y. June 28, 2024).

For the reasons stated at Dkt. 1182 and above, Google respectfully requests the Court grant the sealing motions at Dkts. 1168, 1182.

We thank the Court for its consideration of this request.

LATHAM & WATKINS LLP

Respectfully submitted,

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)