**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | **Civil Action No. 24-cv-04274-JLR-BCM**<br><br>[Redacted] |

**ATTORNEY DECLARATION OF MICHELE H. MURPHY**

1. I am a partner at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for all Plaintiffs in this matter. I submit this declaration in support of Plaintiffs' Letter Motion to Compel Production of Google's Communications with At-Issue Pirates ("Motion").

2. Attached as Exhibit 1 is an excerpt of the transcript of Plaintiffs' June 24, 2026 deposition of Google's dual-capacity witness Ms. S.B.

3. Attached as Exhibit 2 is an excerpt of the transcript of Plaintiffs' August 20, 2026 deposition of Google's fact witness April Kelly.

4. Attached as Exhibit 3 is an excerpt of the transcript of Plaintiffs' May 21, 2026 deposition of Google's dual-capacity witness Mr. A.L.

5. Attached as Exhibit 4 is an excerpt of the "Rough" transcript of Plaintiffs' September 1, 2026 deposition of Google's fact witness Mr. J.W.

6. Attached as Exhibit 5 is an excerpt of the transcript of Plaintiffs' June 17, 2026 deposition of Google's dual-capacity witness Mr. Christophe Weibel.

7. Plaintiffs propounded RFPs 29 and 115 seeking communications between Google and the at-issue pirates.

8. RFP 29 calls for "Documents concerning all communications between you and any Infringing Merchant or Related Ads Merchant, including communications concerning any Infringement Notice; any violation of Google policy, including any Acceptable Use Policy, Repeat Infringer Policy, or Copyright Infringement Policy; and any adverse action to be taken or not taken against the merchant or its Merchant Center, Google Ads, or other Google account." A copy of RFP 29 appears at Dkt. 47-1, p. 13. A copy of Google's response appears at Dkt. 47-2 p. 41.

9. RFP 115 calls for "All communications between the Infringing Merchants and any Google representatives, including any sales representatives, account managers, account strategists, or any other Google employee who would communicate directly with the Infringing Merchants." A copy of Plaintiffs' RFP 115 appears at Dkt. 626-1, pp. 2–3. A copy of Google's response appears at Dkt. 626-2, pp. 10–11.

10. The parties met-and-conferred on November 19, 2024 to discuss, among other things, Plaintiffs' RFP 29. Google's counsel represented that the way to retrieve these communications was through Google's [redacted] database. Based on Google's explanation, Plaintiffs' counsel further understood that this database could be searched only by [redacted].

11. The parties met-and-conferred on February 5, 2025 to discuss, among other things, Plaintiffs' RFP 115. On February 6, 2025, Plaintiffs' counsel wrote to Google's counsel regarding the February 5 conferral, and asked Google's counsel to confirm whether Google's production of certain of its communications with pirates was complete. In Google's February 12, 2025 response, Google's counsel stated that Google's "[redacted]" database was "[redacted]

[redacted].” Google’s counsel also stated that “[t]o the extent Plaintiffs move on RFP 115, we intend to seek fees and costs.” After that, Plaintiffs still emailed Google’s counsel to confirm whether Google searched the [redacted] database “only by [redacted],” whether a pirate’s email to Google would be identified in the search if it did not reference a [redacted], and whether there were “one or two repositories that contain all of Google’s communications with a particular pirate.” Google’s counsel did not respond until March 20, 2026. In that response, Google’s counsel stated that Google searched for pirate communications “[redacted]” and that “[redacted].” But Google’s counsel did not identify any repository other than [redacted] and did not mention the Merchant Center as being a separate source of communications.

12. After the deposition of Mr. Weibel on June 17, 2026, Plaintiffs emailed Google on June 23 regarding his testimony that Google makes [redacted],” and that there are related messages in the Merchant Center “[redacted].” On June 23, Google responded, stating that such communications are not “stored” in [redacted]. On July 9, 2026, Plaintiffs’ counsel emailed Google’s counsel regarding the deposition of Ms. S.B (the 30(b)(6) designee on the ways in which Google communicated with the pirates) and her testimony that Google’s [redacted] tool could be searched [redacted]. Plaintiffs requested that Google search [redacted] associated with the at-issue pirates and search its repositories of communications sent via the Merchant Center user interface to Merchant Center accounts

associated with the at-issue pirates. Plaintiffs had to ask for Google's response multiple times. On August 4, Google's counsel stated that they were "still conferring with [their] client."

13. The parties then met-and-conferred on August 4, 2026 (for about 36 minutes; several issues were discussed) and August 28, 2026 (for about 33 minutes; several issues were discussed).

14. The August 4, 2026 meet-and-confer was attended by Plaintiffs' counsel Michele Murphy, Danae Tinelli, and Yunyi Chen, and by Defendant's counsel Roberto Borgert and Sara Sampoli. The parties discussed their respective positions on the Google-pirate communications. Google's counsel stated that they were "still conferring with their client." On August 27, 2026, Google's counsel emailed Plaintiffs' counsel stating that they did not "understand the parties to have a dispute" with respect to certain communications stored in [redacted], and Plaintiffs followed up with a further inquiry. The parties subsequently conferred again on August 28, 2026.

15. The August 28, 2026 meet-and-confer was attended by Plaintiffs' counsel Michele Murphy, Jeff Kane, and Uriel Lee, and by Defendant's counsel Sarah Tomkowiak, Caroline Clarke, and Adaeze Onyimah. During the conferral, the parties discussed the Google-pirate communications and specific communications between at-issue pirates and Google's sales representatives. While it appeared the parties were at impasse, Google's counsel stated that one of its attorneys close to the issues was taking a deposition. As of this filing, Plaintiffs have confirmed the parties are at impasse. During this conferral, Google's counsel also took the position that the Merchant Center houses Google's "automatic notifications" which were not "communications."

16. From September 2024 to present, Google never stated to Plaintiffs that communications with the pirates were sent via the Merchant Center interface and they would not

be in [redacted]. In response to Plaintiffs' RFPs 29 and 115, or in discussing those RFPs, Google did not disclose that it also communicated with the at-issue pirates via the Merchant Center interface.

17. Plaintiffs never agreed that Google's search for and collection and production of communications with the at-issue merchants in response to Plaintiffs' RFPs 29 and 115 should be limited to only communications about Plaintiffs' copyright infringement notices. Indeed, Plaintiffs would never have made that agreement.

18. On August 11, 2026, Google produced three spreadsheets at the Bates numbers GOOG-CENG-00635378, GOOG-CENG-00635379, and GOOG-CENG-00635380. These contain data concerning Google suspensions and reactivations of the at-issue pirates, including such data corresponding to non-DMCA policies, that Google had not previously produced (a fact that Plaintiffs learned only at the June 17, 2026 deposition).

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 8, 2026 in Washington, D.C.

/s/ *Michele H. Murphy*
Michele H. Murphy