O+Z Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

September 10, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

**Re: *Cengage Learning, Inc., et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM: Elsevier's Letter Motion to Redact the August 13, 2026 Transcript of Proceedings**

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices and the deadlines set forth in Dkt. 1163, Plaintiffs Elsevier Inc. and Elsevier B.V. (collectively, "Elsevier") submit this letter motion requesting approval from the Court to apply very limited redactions to the August 13, 2026 Transcript of Proceedings (the "Transcript").

Because the Transcript includes content for which Google also requests redactions, Elsevier is filing a public version of the Transcript that layers black redaction boxes over both parties' proposed redactions, and a sealed version of the Transcript that highlights only Elsevier's proposed redactions.

## I. Background

Portions of the Transcript contain information designated by Elsevier as Highly Confidential-Attorneys' Eyes Only or Confidential pursuant to the Protective Order (Dkt. 82). *See* Dkt. 82 ¶¶ 2, 3. The information that Elsevier requests remain sealed includes those portions of the Transcript that discuss or disclose sensitive and confidential information about Elsevier's business, including with respect to the marketing and advertising of its works, as well as details about work performed by its advertising agency. Specifically, portions of the Transcript describe, or purport to describe, the content of reports or spreadsheets exchanged between Elsevier and its advertising agency. Others discuss the division of work between Elsevier and its advertising agency and a particular issue, or purported issue, concerning Elsevier data. The material at issue is comparable to information for which the Court has granted Plaintiffs' prior sealing requests. *See, e.g.*, Dkts. 471, 674.

On September 10, 2026, the undersigned law firm, which is counsel for Elsevier in this action, conferred by email with Google's counsel about Elsevier's proposed redactions. Google indicated that it takes no position with respect to Elsevier's proposed redactions.

## II. Legal Standard

Elsevier's redaction request accords with the presumption in favor of public access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit explained that while "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts must "'balance competing considerations against'" the presumption of public access. *Id*. at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Further, "[d]ocuments may be sealed" if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987) (internal quotations omitted). Moreover, courts in this district have recognized that the "protection of proprietary business information" can "outweigh the right of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

## III. Elsevier's Highly Confidential-Attorneys' Eyes Only and Confidential Material at Issue Should Be Redacted

The material at issue should be redacted because it reveals confidential and sensitive information about Elsevier's business and marketing efforts, including the work it performs with its advertising agency, which Elsevier does not publicly disclose. Indeed, portions of the Transcript describe, or purport to describe, the following: (i) the content of reports or spreadsheets exchanged between Elsevier and its advertising agency, (ii) the division of work between Elsevier and its advertising agency, and (iii) a particular issue concerning Elsevier data. Moreover, the limited material that Elsevier respectfully requests to redact is not necessary for the public to understand the underlying dispute.

Courts in this district have recognized the importance of keeping sensitive business information, like the material at issue here, confidential, especially when disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise, Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotations omitted); *see also Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would affect party's competitive position if disclosed); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

This is because "the demonstration of a valid need to protect the confidentiality of proprietary business information," can be a "legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Elsevier can demonstrate such a need, as public disclosure of this information would reveal sensitive insights (whether or not they are accurate) concerning its business and marketing efforts, challenges it may have faced, and details about the nature of its relationship

with its advertising agency, to others, including competitors. Such disclosure could potentially enable competitors to exploit this information to Elsevier's detriment. In this way, the disclosure of the material creates a substantial risk of harm to Elsevier's business, commercial, and competitive interests.

## IV. Elsevier's Request Is Narrowly Tailored to Serve the Purpose That Requires Redacting

Elsevier's request is narrowly tailored to protect confidential and sensitive information that prior Orders issued in this case, cases in this district, and the Protective Order support protecting from disclosure. In particular, Elsevier asks the Court to redact only limited portions of the Transcript to keep confidential sensitive and/or proprietary information, the disclosure of which would create a substantial risk of harm to Elsevier.

Given the nature of the material at issue, Elsevier respectfully submits this letter motion requesting approval from the Court to apply very limited redactions to the Transcript.

We thank the Court for considering this request.

Respectfully,

/s/ *Michele Murphy*

Michele Murphy

cc: All Counsel of Record (via ECF)