**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | **Civil Action No. 24-cv-04274-JLR-BCM**<br><br>**[Redacted]** |

**<u>DECLARATION OF MICHELE H. MURPHY</u>**

1. I am a partner at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for all Plaintiffs in this matter. I submit this declaration in support of Plaintiffs' Reply ISO Plaintiffs' Letter Motion (Dkt. 1202) to Compel Production of Google's Communications with At-Issue Pirates ("Reply").

2. On October 24, 2025, Plaintiffs noticed the deposition of April Kelly for March 3, 2026.

3. On June 30, 2026, Google's counsel offered to schedule Ms. Kelly's deposition for August 20, 2026, which was the then-deadline of fact discovery. On July 2, 2026, Plaintiffs' counsel asked Google's counsel whether it could make Ms. Kelly available on an earlier date as she was a key witness in the case. On July 7, 2026, Google's counsel responded. Google's counsel did not state that Ms. Kelly was unavailable on an earlier date, just that August 20 was "the date that works best for her and for counsel."

4. On August 27, 2026, Google's counsel Sara Sampoli emailed Plaintiffs, stating that Google "searched the [redacted] database [redacted]

[redacted]."

5. On November 4, 2024, Plaintiffs proposed "an approach for creating a custodian/search-term list" for a series of RFPs, including RFP 29. The parties conferred on November 14 and 19, 2024. On November 25, 2024, Plaintiffs' counsel Jeff Kane emailed Google's counsel to memorialize the parties' conferrals on November 14 and 19, 2024. The November 25, 2024 email notes that during the conferrals, "Google represented that any communications between Google and the Infringing Merchants (RFP 29) and any red flags/warnings about the Infringing Merchants (RFP 31) should be contained within Google systems/databases, and so a custodian/search term approach is not necessary. Google intends to search existing databases or systems, and is currently investigating and identifying the different sources that would contain this information. Google identified [redacted] such databases (which we will call the '[redacted] and '[redacted]') that likely will house responsive documents. Google confirmed that within the [redacted], Google would collect all documents associated with the '[redacted]' associated with notices concerning the Infringing Merchants (recognizing that Related Ads Merchants are an open issue)."

6. During the parties' 2024 November 14 and 19 conferrals, when asked what the parties should call the database that Google's counsel had identified as likely housing Google's communications with the at-issue pirate merchants, Google's counsel Holly Victorson stated that there were [redacted] databases, the "[redacted]," and the "[redacted]". Google's counsel also represented that the way to search the "[redacted]" was by [redacted] Plaintiffs did not understand Google to be representing that they were searching their systems only for

communications concerning DMCA notices, as opposed to searching for any communications with the at-issue pirates.

7. When the parties were discussing RFP 115, on February 12, 2026, Google's counsel Caroline Clarke stated by email that "Google can confirm that it searched one database (called '[redacted],' not the '[redacted]') for communications between Google and the Infringing Merchants."

8. On October 2, 2025, Plaintiffs' counsel Jeff Kane emailed Google's counsel to ask about the GOOG-CENG-00439755 spreadsheet purporting to identify at-issue pirates that Google had suspended and the reasons for suspension (as shown in a "[redacted]" column), including to "clarify whether a different entry on the spreadsheet [in the "[redacted]" column, other than the "[redacted]" entry] reflects suspensions in response to DMCA notices." On October 24, 2025, Google's counsel Sara Sampoli responded without answering Plaintiffs' question, stating that Google "fail[ed] to see how answering" the question "would 'help resolve this dispute.'"

9. Other reasons for suspension noted in the GOOG-CENG-00439755 spreadsheet, as displayed in a "[redacted]" column, include "[redacted]" and "[redacted]". Google did not explain what these entries meant until Mr. Weibel's deposition.

10. In several contexts, Google has claimed that its Misrepresentation policy is irrelevant to this case. In November 2025, Plaintiffs requested that Google produce documents showing how Google performed the analyses as shown in the fields in GOOG-CENG-00440409.R concerning the at-issue pirate merchants. These fields include whether the "[redacted]", "[redacted]", "[redacted]

[redacted]", and "[redacted]" In connection with this request, on January 23, 2026, Google's counsel Caroline Clarke emailed Plaintiffs' counsel, stating that Google's analyses as reflected in the fields in GOOG-CENG-00440409.R, which Google called "[redacted]," were "wholly irrelevant to Plaintiffs' allegations that Google contributorily infringed on Plaintiffs' copyrighted works." Plaintiffs later learned at the deposition of A.L. that "[redacted]" was part of Google's review of merchant accounts under the Misrepresentation policy, which was [redacted] Tr. of A.L. Deposition, 137:12–23, 305:24–306:5; Dkt. 1204-3. Mr. L also testified that Google "[redacted]" to enforce its ebook "[redacted]" because "[redacted]" would exhibit "[redacted]" Tr. of A.L. Deposition, 129:8–13, 145:22–146:11. On May 22, 2026, Plaintiffs' counsel Uriel Lee emailed Google's counsel, flagging Mr. L's testimony as contradicting Ms. Clarke's previous representation that the "[redacted]" was "wholly irrelevant" to Plaintiffs' claims. On May 27, 2026, Ms. Clarke responded, stating that Mr. L's testimony "does not show that [redacted] or Google's misrepresentation review is relevant to Plaintiffs' claims."

11. Plaintiffs' First Set of Requests for Production of Documents to Defendant Google LLC (including Plaintiffs' RFP 29) defines the term "communication" as "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances."

12. Before filing the Dkt. 1222 Opposition to Plaintiffs' Dkt. 1202 motion, Google never told Plaintiffs that it believed that pulling Merchant Center communications would be burdensome, or explained any burden involved.

13. Attached as Exhibit 1 is an excerpt of the transcript of Plaintiffs' June 17, 2026 deposition of Google's dual-capacity witness Christophe Weibel.

14. Attached as Exhibit 2 is an excerpt of the transcript of Plaintiffs' June 24, 2026 deposition of Google's dual-capacity witness S.B.

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 15, 2026 in Washington, D.C.

/s/ *Michele H. Murphy*
Michele H. Murphy