**Sara Sampoli**
Direct Dial: +1.202.350.5328
sara.sampoli@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

September 18, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
Letter Response in Support of Letter Request to File Redacted and Sealed Documents (Dkt. 1225)

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices, Google submits this letter response in support of Plaintiffs' Letter Request to File Redacted and Sealed Documents (Dkt. 1225) filed in conjunction with Plaintiffs' Reply ISO Plaintiffs' Letter Motion, Dkt. 1226 ("Reply"), the Attorney Declaration of Michele H. Murphy, Dkt. 1228 ("Declaration"), and Exhibits 1–2 attached thereto, Dkts. 1228-1–2 ("Exhibits") (collectively, the "Documents").

**Background.** The Documents include certain information designated by Google as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82). The Documents include HC-AEO information and documents, including the names, design, and functions of certain sensitive internal systems and tools at Google, including those used in the enforcement of Google's policies designed to identify bad actors, as well as Google's internal processes relating to application of those policies, and metrics concerning Merchant Center account activity. *See* Reply 1–4; Declaration ¶¶ 4-10; Exhibits 1–2. Google maintains that this information is HC-AEO as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or third parties who use Google's Shopping platform. Dkt. 82 ¶ 3. Indeed, the sensitive materials contained in the Documents are substantially similar to materials this Court previously sealed. *See, e.g.*, Dkts. 816, 817, 818. Google requests that the Reply and Declaration remain redacted as reflected in Plaintiffs' filings and that Exhibits 1 and 2 be redacted as reflected in the exhibits (Exhibits A and B) attached to this letter response in support of sealing.

**Legal Standard.** Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the "right of

LATHAM & WATKINS LLP

public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Moreover, the presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Material Warrants Sealing.** The material at issue should be sealed because it concerns confidential business information reflecting the names, design, and functions of certain sensitive internal systems and tools at Google, including those used in the enforcement of Google's policies designed to identify bad actors, and Google's internal processes relating to application of those policies. Courts in this district routinely recognize the importance of keeping information reflecting proprietary and sensitive business information, like the internal details at issue here, confidential. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Farsura v. QC Terme US Corp.*, 2025 WL 267573 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies, including contracts with other entities, because others might exploit the information). This principle extends to the type of technical details of technology systems Google seeks to protect. *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations and citations omitted) ("protecting a company's IT information fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud"); *Ramirez v. Temin & Co., Inc.,* 2020 WL 6781222, at *6–7 (S.D.N.Y. Nov. 18, 2020) (sealing business materials that included the company's IT information). And when this type of sensitive information is discussed during a deposition, courts approve sealing of the transcript. *BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at *8-9 (E.D.N.Y. Sept. 24, 2019), *objections overruled*, 2019 WL 13257498 (E.D.N.Y. Nov. 20, 2019) (approving sealing requests for deposition transcripts discussing bank security protocols).

Public disclosure of this material would reveal details of tools Google relies on to implement its policies. Disclosure of this information poses a substantial risk of misuse by bad actors. This information is particularly sensitive because this is a case about alleged piracy occurring on Google's platform. *See generally* Dkts. 38, 116. Exposing details of Google's internal systems and tools creates a serious risk, as third parties (including the "pirate" sellers of Plaintiffs' works in this case) may seek to use such information to circumvent Google's policies and measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the

LATHAM&WATKINS LLP

presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices"). The risk that third parties could obtain and use the information described in the Documents to their advantage, including in connection with efforts to "circumvent the security systems and procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Cantinieri*, 2024 WL 759317, at *2.

The material should also be sealed because it implicates privacy and safety interests of individuals involved in implementing Google's policies for Google Shopping. As the Second Circuit has advised, "[t]he privacy interests of innocent third parties … should weigh heavily in a court's balancing equation." *In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) (citation omitted); *see also Metcalf v. TransPerfect Translations Int'l Inc.*, 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025) (noting personal privacy interests and safety are "'[h]igher values' the preservation of which might warrant sealing"). Public disclosure of an individual's role enforcing Google's policies creates a risk that the individual will be doxxed, swatted, or otherwise targeted by bad actors. For example, associating a particular individual with a specific enforcement function may endanger that individual or make that individual a target. *See* Dkt. 1010 at 2.

**Google's Sealing Request is as Narrowly Tailored as Possible.** Google's request is narrowly tailored to protect only Google's sensitive, internal, non-public information. Courts in this district have found such redactions requests reasonable and appropriate. *See, e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2022 WL 3910584, at *2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information."); *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order").

Given the extremely sensitive nature of the materials and the risk that nefarious actors will obtain and misuse the materials if publicly disclosed, Google respectfully submits this letter response to seal the Documents. We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Sara Sampoli*
Sara Sampoli (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)