O+Z Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

Danae Tinelli
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.851.4070
danae@oandzlaw.com

September 21, 2026

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 09/23/26

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

**Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM**
**Plaintiffs' Consent Letter Motion Seeking Leave to File a Second Amended Exhibit A to the Amended Complaint ("Consent Letter Motion to Amend")**

Dear Judge Moses,

Plaintiffs respectfully seek leave to file a Second Amended Exhibit A to their Amended Complaint (Dkt. 38) to update the list of Authentic Works, i.e., the works that Plaintiffs allege Google infringed ("Works"). The current list of 7,360 Works is set forth in Amended Exhibit A (Dkt. 120-1). Plaintiffs previously filed Amended Exhibit A without amending the overall Complaint. *See* Dkt. 34 ¶ 6. Plaintiffs request permission to do the same here to correct or update the entries for 27 Works. Plaintiffs and Google met and conferred to discuss these changes. Google consented to all proposed changes.[1]

A proposed Second Amended Exhibit A is attached hereto as Exhibit 1. Decl. ¶ 3, Ex. 1. Attached as Exhibit 2 is a chart showing the proposed revisions at issue, which are primarily to correct typographical errors. *Id.* Ex. 2. The proposed changes are necessary for case management purposes and do not change the nature or substance of this case. Under the liberal standard of Federal Rule of Civil Procedure 15(a)(2), the Court should grant Plaintiffs' Consent Letter Motion to Amend.

### A. Plaintiffs' Proposed Corrections are Limited in Number and Nature

This case involves over 7,300 infringed textbooks, test banks, and solutions manuals published by Plaintiffs. The Works list is based on extensive data produced in this case. Plaintiffs' need to make corrections to Exhibit A as they continue to review the list, together with the

---

[1] On September 1, 2026, the parties met and conferred for approximately 15 minutes regarding the relief sought in this motion. Declaration of Attorney Danae Tinelli ("Decl.") ¶ 2. The attendees were Laura Bladow and Rose-Marie Jung on behalf of Google, and Danae Tinelli and Nicole-Antoinette Urbina-Ruiz on behalf of Plaintiffs. *Id*. The parties subsequently exchanged follow-up emails, and, on September 8, Google confirmed by email that it consented to the remaining proposed changes, provided Plaintiffs update their relevant discovery responses to reflect the changes. *Id.* Plaintiffs are in the process of doing so. *Id.*

evidence, is a normal consequence of complex litigation. By filing their proposed Second Amended Exhibit A, Plaintiffs seek to correct or update the entries for only 27 Works. These make up less than 1% of the total Works. The vast majority of these changes are intended to correct minor scrivener's errors, e.g., typographical errors in the title or edition of the Works, or in the copyright registration number. *See* Decl. Ex. 2. Two involve clarifying that the test bank rather than the textbook currently listed in Dkt. 120-1 for a specific work has been infringed. *Id.* Three others involve providing a copyright registration number that more closely aligns with the Work at issue. *Id.*

**B. Plaintiffs Satisfy the Liberal Standard for Amendment**

Federal Rule of Civil Procedure 15(a)(2) provides that the "court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *On Track Innovations Ltd. v. T-Mobile USA, Inc.*, No. 12 CIV. 2224 AJN JCF, 2014 WL 406497, at *1, 5 (S.D.N.Y. Feb. 3, 2014) (referencing the "*liberal standard*" governing a motion to amend a complaint and granting same in patent infringement case) (emphasis added) (citing *Aetna Casualty & Surety Co. v. Aniero Concrete Co.,* 404 F.3d 566, 603–04 (2d Cir. 2005)) (additional citation omitted). Plaintiffs' proposed Second Amended Exhibit A easily satisfies this liberal standard.

As the *Foman* Court explained, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend "should, as the rules require, be 'freely given.'" 371 U.S. at 182; *see also On Track Innovations Ltd*., 2014 WL 406497, at *1. Here, there is no undue delay, bad faith or dilatory motive, repeated failure to cure, undue prejudice, or futility at issue.

First, Google is aware of the corrections at issue because the parties have been discussing them. During discovery, Google propounded multiple written discovery requests regarding the Works. After receiving Plaintiffs' responses, Google raised certain questions regarding particular Works. Decl. ¶ 4. Plaintiffs reviewed and addressed Google's questions, including by supplementing Plaintiffs' interrogatory responses. *Id.* The relief that Plaintiffs now seek follows directly from those exchanges and is uncontested. *See* Decl. ¶¶ 2, 4. Google also has the underlying documents, namely, the copyright registrations and the copies of the works themselves. The purpose of a complaint is to put the defendant on notice of the plaintiff's claims. *See* Fed. R. Civ. P. 8(a). Google has such notice. Plaintiffs have neither unduly delayed filing, nor would Google be unduly prejudiced by the filing. Plaintiffs have already produced the documents about the corrected/updated Works.

Second, Plaintiffs are not acting with bad faith or with a dilatory motive in seeking leave to file the proposed Second Amended Exhibit A. Clerical errors and minor corrections do not support such motives. And, again, Google has consented.

Third, filing the proposed Second Amended Exhibit A does not add new claims or change

the nature of Plaintiffs' existing contributory copyright claims. While Google has filed a motion for judgment on the pleadings under Rule 12(c), which is pending before Judge Rochon, there is nothing specific about these 27 Works that would support a different outcome here. Thus, futility is not an issue.

Lastly, cases should be decided on their merits. *See Foman*, 371 U.S. at 182. That is precisely what Plaintiffs seek here. The jury should be allowed to consider whether Google infringed the 27 Works based on the evidence in this case.

Plaintiffs respectfully request that the Court grant their Consent Letter Motion to Amend.

Respectfully submitted,

*/s/ Danae Tinelli*
Danae Tinelli

*Counsel for Plaintiffs*

Application GRANTED. Plaintiffs' Second Amended Exhibit A to their Amended Complaint is accepted and is available in appropriate form at Dkt. 1236-1. The Amended Complaint (Dkt. 38) is deemed further amended to the extent that Dkt. 1236-1 replaces Dkt. 120-1 as the operative Exhibit A to the Amended Complaint. SO ORDERED.



Barbara Moses
United States Magistrate Judge
September 23, 2026