USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 10/19/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING INC., et al.,

Plaintiffs,

-against-

GOOGLE LLC,

Defendant.

24-CV-4274 (JLR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated May 22, 2026 (Dkt. 970), plaintiffs seek reconsideration of this Court's order dated May 8, 2026 (the Vacatur Order) (Dkt. 923), which vacated an earlier discovery order, dated December 22, 2025 (the Sampling Order) (Dkt. 472), requiring defendant Google LLC (Google) to produce voluminous discovery concerning its treatment of takedown notices relating to 300 randomly-selected domains (websites) unrelated to plaintiffs' 7,359 works-in-suit. As explained in the Vacatur Order, the Sampling Order was predicated entirely on Google's "safe harbor" defense under the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512. *See* Vacatur Order at 5-6. On March 30, 2026 – shortly after the Supreme Court decided *Cox Commc'ns, Inc. v. Sony Music Ent.*, 607 U.S. 583 (2026) – Google advised that it was withdrawing its DMCA defense, *see* Dkt. 771, and on April 14, 2026, it moved to vacate the Sampling Order. *See* Dkt. 836. On May 8, 2026, I granted that motion, reasoning that "in the absence of the safe harbor defense" the broad discovery required by the Sampling Order – concerning domains unrelated to plaintiffs' infringed works or to the "pirates" that used the Google Shopping platform to sell infringing copies of plaintiffs' works – did not "meet[] the relevancy test of [Fed. R. Civ. P.] 26(b)(2)" and, even if "marginally relevant," would not be "proportional to the needs of the case." Vacatur Order at 8.

Plaintiffs do not seek to set aside my ruling or reinstate the Sampling Order. *See* Pl. Mem. (Dkts. 971, 972) at 1.[1] Instead, they seek "reconsideration or clarification" of one sentence in that order: "[N]ow that Google has withdrawn the safe harbor defense, discovery designed to show whether Google followed its own DMCA policy is no longer relevant to the parties' claims and defenses[.]" Vacatur Order at 7 (internal quotations and record citations omitted). Plaintiffs contend that this is an incorrect statement of the law, based upon an erroneous reading of 17 U.S.C. § 512(*l*) and the caselaw discussed in the Vacatur Order, *see* Pl. Mem. at 3-6, and that this portion of the Vacatur Order could create a "significant sword-and-shield issue," *id.* at 6, if Google is permitted to "rely on the existence and implementation of its DMCA policy to demonstrate that it sought to avoid facilitating infringement," but plaintiffs are prevented from showing that "Google's DMCA policy was, in fact, a sham." *Id.* at 7.

Google opposes the reconsideration motion, arguing that "[d]isagreement with the [Vacatur] Order's reasoning, but not its conclusion, is not a proper basis for reconsideration," Def. Opp. (Dkt. 995) at 1, 3, and that the Vacatur Order does not, in fact, misinterpret either the DMCA or recent caselaw (including *Cox*) governing contributory copyright claims such as plaintiffs'. Def. Opp. at 1, 4-9. Google adds that plaintiff's "sword-and-shield" argument is based on "speculation about what Google will do at summary judgment or trial," *id.* at 10, and notes that if plaintiffs believe the Vacatur Order will cause them hardship at trial, "they can seek [] relief from the district court then." *Id.* In reply, plaintiffs reiterate their view that this Court's reading of § 512(*l*) and *Cox* was "clear error," Pl. Reply (Dkts. 1007, 1008) at 1-2, and reprise their sword-and-shield argument, arguing that this Court's reasoning, if not corrected, would lead to a "manifest injustice," *id.* at 3,

[1] Due to confidentiality concerns, many of the parties' briefs, and some of this Court's orders, have been filed in redacted form on the public docket, and in unredacted form under seal.

particularly since Google has refused to "commit" that it will never rely on its DMCA policy to argue that it lacks the requisite intent for contributory copyright liability. *Id.* at 3-5.

Reconsideration, which is governed by Local Civil Rule 6.3, is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 613, 614 (S.D.N.Y. 2000)). The standard for granting such a motion is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *see also Parrish*, 253 F. Supp. 2d at 715 ("the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision"). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Plaintiffs have not met the "strict" standard required for reconsideration of the Vacatur Order. First, they do not identify any caselaw, statutes, or other authorities that were before the Court on the prior motion but were "overlooked." They simply disagree with this Court's reading of those authorities, which "is 'not a ground for a motion for reconsideration contemplated by Local Civil Rule 6.3[.]'" *BDG Gotham Residential, LLC v. W. Waterproofing Co., Inc.*, 2024 WL 5201596, at *2 (S.D.N.Y. Dec. 23, 2024) (quoting *Topps Co., Inc. v. Koko's Confectionary & Novelty*, 2018 WL 5817530, at *1 (S.D.N.Y. Sept. 26, 2018)); *see also Range Rd. Music, Inc. v.*

*Music Sales* Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) ("That plaintiffs are unhappy with the Court's decision . . . affords no basis to support a motion for reconsideration.").

Second, plaintiffs do not identify any matter ("overlooked" or otherwise) that might reasonably be expected to alter the court's "decision," *Parrish*, 253 F. Supp. 2d at 715, to vacate the Sampling Order. Indeed, as noted above, plaintiffs do not request reconsideration of the decision itself. "Since [plaintiffs], by [their] own admission, [are] not seeking to 'alter the conclusion reached by the court,' [their] motion must be denied." *RJE Corp. v. Northville Indus. Corp.*, 2002 WL 1750763, at *1 (E.D.N.Y. July 29, 2002) (quoting *Schrader*, 70 F.3d at 257) (denying reconsideration motion where movant accepted outcome of challenged decision but asked court to "reissue the decision omitting the contested portions or clarifying that those portions are dicta"), *aff'd,* 329 F.3d 310 (2d Cir. 2003); *see also Carambot v. New York City Health & Hosps. Corp.*, 2026 WL 1649623, at *2 (S.D.N.Y. June 8, 2026) (denying reconsideration motion where court admittedly "overlooked or misapprehended" one fact recited in the prior order, but that fact "did not affect the Court's conclusion"); *Cooper Crouse-Hinds, LLC v. City of Syracuse, New York*, 2022 WL 344053, at *3-4 (N.D.N.Y. Feb. 4, 2022) (denying motion for reconsideration or clarification where movant was "simply expressing its disagreement" with challenged portion of prior opinion, which "was not necessary for the Court's ruling" and was not ambiguous).

Third, plaintiffs do not identify any "manifest injustice" that will result from the Vacatur Order, which limited discovery – in part on proportionality grounds – but did not rule on the admissibility of evidence at summary judgment or trial. If the District Judge agrees with plaintiffs that evidence concerning Google's DMCA policy and its implementation "is still critical to liability, willfulness, and damages," Pl. Mem. at 7, she will be free to admit that evidence.[2]

[2] As noted in the Vacatur Order, plaintiffs had already taken "ample discovery concerning the 'contours' of Google's DMCA policy," as well as "how Google 'implemented' that policy across

Likewise, if Google attempts to take unfair advantage of the Vacatur Order at trial (for example, by making an argument that plaintiffs cannot rebut *because* they were denied evidence concerning Google's implementation of its DMCA policies across the 300 sample domains), the District Judge will be free to preclude that argument. Put simply, nothing in the Vacatur Order permits the trial scenario posited by plaintiffs, in which Google would be free to "put forward its policy as a basis to demonstrate that it did not intend the infringement to occur, but Plaintiffs would not be permitted to show that Google intentionally failed to implement its own policy." Pl. Mem. at 6.

For these reasons, plaintiffs' reconsideration motion (Dkt. 970) is DENIED.

Dated: New York, New York
October 19, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**

---

the 1,500 domain that allegedly infringed plaintiffs' works-in-suit." Vacatur Order at 8; *see also* Def. Opp. at 2 (noting that Google produced "more than a terabyte of data" reflecting how it treated notices and accounts tied to those 1,500 domains). After the Vacatur Order was entered, plaintiffs obtained additional discovery concerning Google's DMCA policy, including the deposition testimony of a corporate Google witness specifically designated, pursuant to Fed. R. Civ. P. 30(b)(6), "to discuss Google's DMCA program and its implementation." Pl. Reply at 5; *see also* Dkt. 1047 (Topic 10). Most recently, after plaintiffs complained that the designated witness did not provide enough detail about Google's failure, for a period of time, to enforce a significant aspect of its DMCA policy, *see* Dkts. 1093, 1095, this Court directed Google to provide additional Rule 30(b)(6) testimony on this topic. *See* Dkts. 1187, 1188 (¶ 1). Thus, while the Vacatur Order relieved Google of the obligation to produce a massive amount of data that "at best would show how Google 'implemented' its DMCA policy across 300 *additional*, randomly-chosen domains not otherwise relevant to plaintiffs' claims," Vacatur Order at 8 (emphasis added), plaintiffs have not generally been barred from discovery into Google's DMCA policy or its implementation.