O+Z Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
jkane@oandzlaw.com

October 23, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

**Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM**
**Plaintiffs' Motion for Discovery Conference re Cognizant Testimony**

[REDACTED]

Dear Judge Moses,

Last week, Google's 30(b)(6) witness admitted that [redacted] would impact the factfinder's determination of intent, willfulness, deterrence, and damages.

The Court previously held that whether discovery regarding Cognizant was necessary was a "close question," but hoped that a 30(b)(6) deposition of Google would obviate the need for such discovery. But Google's 30(b)(6) witness repeatedly was instructed not to answer questions concerning [redacted], and shared barely any information about the [redacted]. And there is no guarantee that the trial court will find the existing testimony on these questions admissible. Without further discovery from and about Cognizant, Google could [redacted]. That would be an outrageous outcome. Good cause therefore exists under Rule 16(b)(4) to permit limited discovery into these questions.

## I. Background

### A. The Court's Prior Ruling

At an August deposition, a Google witness testified that the vendors who implemented Google's repeat-infringer program were [redacted] Dkt. 1211-3 at 361:1–4 ("WR Tr."). The Court thus ruled that Plaintiffs were entitled to discovery into two issues: 1) "whether – and if so why – [redacted]," and 2) "when, how frequently, and/or how consistently Google [redacted] . . . ." Dkt. 1187 ¶ 1. Importantly, the Court held that Plaintiffs are entitled to "*[a]ll* of the facts that Google has uncovered with respect to" these questions, Dkt. 1231 (Sep. 1, 2026 Hr'g Tr.) at 156:9–10, 155:3–5, 155:25–156:2 (emphasis added), regardless of whether they were uncovered in Google's investigation. Dkt. 1187 ¶ 1 ("For avoidance of doubt: the Court has not found, and does not assume, that all of these facts

are known to Google as a result of its investigation. To the extent they are *known*, however, they are not privileged and must be disclosed.") (emphasis added).

Based on the factual record before it, the Court found it a "close question" whether Google should produce interview notes from [redacted]. Dkt. 1231 at 154:17–22. At a subsequent hearing, the Court denied Plaintiffs' request to conduct a deposition of Cognizant or its personnel, noting that instead, "I have already authorized plaintiffs to take a continued or an additional Rule 30(b)(6) deposition for up to two hours devoted to" [redacted]. Dkt. 1267 at 188:22–24 (Sep. 22, 2026 Hr'g Tr.). The Court expressed hope that this deposition would suffice. *Id.* at 196:12–13 ("I tell you I'm holding my breath about this 30(b)(6) deposition.").

**B.** [redacted]

Plaintiffs conducted that deposition on October 13, 2026. Decl. of Attorney Jeff Kane ("Decl.") Ex. A ("SB Tr."). Unfortunately, rather than obviate the need for discovery from Cognizant, the deposition confirmed that such discovery is necessary.

Google's 30(b)(6) witness, Ms. B, admitted that a Cognizant manager, MJ, [redacted]. SB Tr. 11:7–9 [redacted]."), 35:15–16, 52:19–20 (same). This clarifies and elaborates on Mr. R's prior testimony that Google's vendors were [redacted]. WR Tr. 361:1–4, 363:6–9.

Ms. B further admitted that "[redacted].

[redacted]

SB Tr. 13:6–11. *See also* SB Tr. 60:12–17. ("[redacted]).

Yet Google's counsel instructed Ms. B [redacted].[1] Ms. B admitted that Cognizant [redacted]

[1] Indeed, Google's attorney [redacted]. Decl. ¶ 5.

[redacted] SB Tr. 13:6–16, 60:12–62:4. But at that point, Google's counsel [redacted]. Google's counsel [redacted]. Decl. ¶ 3.

And Google's 30(b)(6) testimony revealed [redacted] Ms. B [redacted] Nor could Ms. B [redacted].

Further, in at least fifteen instances, Google's witness [redacted]. Decl. ¶ 4. This was despite the Court's ruling that all facts "known" to Google on these issues "must be disclosed," whether uncovered in the investigation or not. Dkt. 1187 ¶ 1. For example, Ms. B claimed that Google *did* [redacted] SB Tr. 43:25–44:25. Asked [redacted], Ms. B [redacted]. *Id.* She claimed that [redacted] (conveniently just before the copyright claim-period in this case). *Id.* at 76:15–18, 93:1–6, 95:14. But she refused to say [redacted] *Id.* at 76:15–77:3, 95:3–96:9.

Similarly, Ms. B testified that after the investigation, Google [redacted]. SB Tr. 30:12–25. But she refused to say [redacted], *id.* at 34:4–35:6, 66:18–67:1, or [redacted]. Google cannot withhold information Plaintiffs sought while selectively volunteering information Google believes supports its defense.

## II. Plaintiffs and the factfinder are entitled to discovery into Ms. J's and Cognizant's statements.

After the October 13 deposition, the need for evidence concerning Cognizant's statements is no longer a "close question". Dkt. 1231 at 154:17–22. The Court should i) grant Plaintiffs leave to subpoena Cognizant for deposition, ii) order Google to produce the [redacted] and iii) order Google to produce any notes from interviews of Ms. J or any other Cognizant personnel or representatives.

**First**, this factual issue affects multiple elements of this case. If a factfinder concludes that [redacted] that will affect the determination of intent, willfulness, deterrence, and damages. That Google [redacted] makes testimony from Cognizant all the more important.

**Second**, Google's witness could not [redacted] For example, Ms. B could not [redacted] One document indicates that a [redacted] SB Tr. 46:9–48:4 (addressing Ex. B, GOOG-CENG-00462281).

Another says that [redacted] SB Tr. 54:14–57:9 (addressing Ex. C, GOOG-CENG-00438512). A [redacted] document states that [redacted]. SB Tr. 48:5–51:7 (addressing Ex. D, GOOG-CENG-00441313.R). Ms. B could address [redacted].

Similarly, when a domain reached the [redacted]-strike threshold, the vendors [redacted]. SB Tr. 71:16–72:15. One of these individuals, Ms. J, [redacted] *Id.* at 11:7–9. But Ms. B could not answer any questions about why [redacted]. *Id.* at 68:18–70:2, 71:16–72:22. Indeed, it appears that Google's investigation [redacted]. *Id.* at 70:3–70:25, 72:23–73:4.

**Third**, there is no guarantee that the existing testimony [redacted] will be admissible. Google likely will argue that [redacted] during deposition, each are hearsay. If they are hearsay, each qualifies for an exception. [redacted] would qualify as a non-hearsay opposing-party statement under FRE 802(d)(2) or for the residual exception under FRE 807(a). And [redacted] is admissible 30(b)(6) testimony under FRCP 32(a)(3). But there is no certainty on how the trial court will rule. If Google were allowed to tell the factfinder that [redacted] the factfinder would be misled, and deprived of potentially dispositive evidence. For the same reasons, Plaintiffs have a substantial need for notes from Google's interview(s) of Cognizant personnel, and for the [redacted] under Rule 26(b)(3)(ii).

**Fourth**, additional discovery on Google's [redacted] is not unduly burdensome given the importance of this discovery. The October deposition revealed that [redacted] SB Tr. 13:15–16, WR Tr. 362:18–363:9. Cognizant was subpoenaed for deposition previously, and responded to a subpoena for documents. Dkt. 939 ¶¶ 5–8. Thus, Cognizant likely is sufficiently educated for deposition already.

**Fifth**, on four occasions, Ms. B invoked the [redacted] SB Tr. 24:18–25:3 ("[redacted]) (emphasis added), 11:7–12, 35:15–20, 26:4–16. Thus, Google now is relying on this "[redacted]" as a reason the factfinder should believe Google's story. Google therefore must turn over the records from this [redacted]. *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (privilege "cannot at once be used as a shield and a sword.").

## III. Google must identify the domains that Google concluded [redacted] under the Shopping DMCA policy.

Google' witness also admitted that [redacted]

SB Tr. 30:12–19. Google must identify these domains and accounts (including those that Google claims previously were suspended under other Google policies, *id.* at 30:12–25, 82:19–83:5). Under the Court's prior ruling, these are "factual conclusions" of the investigation to which Plaintiffs are entitled. Dkt. 1231 at 117:25–118:4.

## IV. Conclusion

The Court should grant Plaintiffs' motion.

/s/ *Jeff Kane*
Jeff Kane

*Counsel for Plaintiffs*