**Sarah A. Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

October 28, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc. et al. v. Google LLC,* No. 1:24:cv-04274-JLR-BCM
Defendant's Response to Plaintiffs' Motion for Discovery Conference re Cognizant Testimony (Dkt. 1269)

Dear Judge Moses:

For (at least) the third time, eight weeks after the close of fact discovery and a month after the Court ruled on the same issues, Plaintiffs seek additional discovery into Google's privileged investigation of the allegations in their complaint and permission to subpoena a third-party vendor that they subpoenaed months ago and did not pursue. Dkt. 1269 ("Mot."). Predictably, Plaintiffs seek this discovery based on testimony that Google was ordered to provide by the Court at the September 1 Hearing. They do not argue that Google's witness was inadequately prepared to testify to the facts identified in the Court's Order (Dkt. 1187), but rather that Google's witness shared "barely any information," Mot. at 1, about the facts Google learned through the investigation. The deposition transcript (Exhibit A, Dkt. 1270-1) belies that frivolous claim.

Plaintiffs are a mouse with a cookie. This cycle of seeking more discovery, receiving it, and seeking more based on what they learned must at some point cross Rule 26's proportionality line. Plaintiffs should be admonished, not rewarded, for seeking the same relief, premised on substantially the same facts known to them since at least June, and burdening the Court and Google.

## I. The Court's September 1 and September 22 Orders

The Court's September 1 Order required Google to present an "appropriately prepared" 30(b)(6) witness to testify to the facts uncovered in Google's post-litigation investigation into implementation of its DMCA policy that Plaintiffs had not previously solicited from Google. Dkt. 1187. The Court's Order identified two questions that, based on the Court's review of the record, had not been answered by Google's witnesses. However, the Court acknowledged that "[n]ot all interesting questions have answers," Dkt. 1240 (Sep. 1, 2026 Hr'g Tr.) 155:23-24, and that Google could only testify to facts to the extent they were uncovered. Dkt. 1187; *see also* Dkt.

LATHAM&WATKINS LLP

1240, 155:21-156:14. The Court importantly clarified that Plaintiffs were not entitled to testimony about the "mechanics" of Google's investigation." Dkt. 1240, 149:17-154:2. And, the Court previously denied Plaintiffs' request for an order allowing them to issue a subpoena to Google's vendor, Cognizant (*see* Dkt. 1237) and requiring Google to produce documents protected by attorney-client privilege and work product, including interview notes from the investigation (*see* Dkt. 1187, *see also* Dkt. 1240, 154:3-155:9).

## II. Google Complied with the Court's September 1 Order

On Tuesday, October 13, 2026, Google presented its 30(b)(6) witness, Ms. B, who testified for almost two hours—on top of the over nine hours she testified as Google's 30(b)(6) witness on similar topics in June. She prepared for this deposition for eight hours, [redacted] Dkt. 1270-1, 102:14-104:18.

As instructed by the Court, Ms. B testified about [redacted] Dkt. 1270-1, 30:7-25. Although Plaintiffs have known since June that [redacted] Ms. B testified to [redacted] Dkt. 1240, 152:13-14.

Ms. B also provided more details about a fact that Plaintiffs have long known—[redacted] Ms. B explained that [redacted] (*see* Dkt. 1270-1, 10:16-11:12, 14:11-24, 43:7-44:7); however, as uncovered through the investigation, [redacted] *Id.* at 11:6-12:12. Ms. B answered questions about [redacted] *id* at 11:6-23), [redacted] *id* at 11:24-12:12), and [redacted] *id.* at 12:25-13:11).

At times, Ms. B did not know the answer to a question, because the facts sought were *not* uncovered by Google in the investigation. For example, Ms. B testified that [redacted] *Id.* 16:2-18:18. When Plaintiffs' counsel asked [redacted] *Id.* Consistent with the Court's guidance, Google's counsel instructed Ms. B not to answer

LATHAM&WATKINS LLP

questions that sought testimony about the mechanics of Google's investigation (*e.g.*, *id.* at 69:11-21) or specific work product. Counsel for Google also objected to several questions that sought corporate testimony outside the scope of the Court's September 1 Order, on which Ms. B was not prepared to provide corporate testimony (and she so stated). Decl. of Sarah A. Tomkowiak, ¶ 4.

## III. Plaintiffs Have Not Shown Good Cause to Re-Open Fact Discovery to Seek Additional Depositions and Or a Substantial Need for Google's Work Product

Plaintiffs argue that Ms. B's testimony about [redacted] "confirmed" that additional "discovery is necessary." Mot. at 2. But Plaintiffs' Motion only confirms that they got *exactly* what the Court ordered. That the facts known to Google do not support Plaintiffs' theory of "intent, willfulness, deterrence, and damages" (*see* Mot. at 3) does not allow Plaintiffs to seek additional discovery on these same topics, particularly when Plaintiffs already secured this testimony [redacted]. Further, that Ms. B could not speculate on the meaning of statements in internal Google documents that supposedly "contradict[] Google's story" (including one that post-dates this lawsuit) has no bearing on the relief sought in Plaintiffs' Motion. Mot. at 3-4. Plaintiffs have possessed these documents for over a year, and had the opportunity to depose the Google employees they reference about what they mean (and indeed did—Plaintiffs asked A.B. about the [redacted] (Exhibit B, Dkt. 1270-2) at her July deposition).

Through Ms. B, Plaintiffs have now heard from Google what it uncovered [redacted] but still are unsatisfied. They want to hear it from Cognizant directly.[1] But the Court has already considered and denied that relief, primarily because Plaintiffs *already had* the opportunity to hear from Cognizant using one of their twenty depositions. Indeed, Plaintiffs issued a subpoena to Cognizant in March 2026 but, upon learning that [redacted] (*see* Ex. A, Declaration of [redacted], declined to proceed. At the September 22 Hearing, the Court recognized that Plaintiffs made "little effort" to obtain any testimony from Cognizant during the fact discovery period, despite "clearly" understanding that vendor testimony could be relevant. Dkt. 1266 (Sep. 22, 2026 Hr'g Tr.), 174:25-175:13, 189:14-190:20 (deeming that the time to push for testimony from Cognizant was shortly after Ms. B's *June* deposition). Additionally, because Cognizant is outside of the Court's jurisdictional reach, all the Court can do is allow Plaintiffs to issue a subpoena to Cognizant. Given this context, there is no reason to believe that Cognizant would voluntarily educate and produce a domestic witness, rather than move to quash. (Plaintiffs' statement that Cognizant is likely "sufficiently educated

---

[1] Plaintiffs' familiar attempt to secure discovery based on what they think Google *may* argue at trial (*see* Dkt. 1240, 53:10-22)—this time, because Google purportedly will argue that testimony about [redacted] is inadmissible hearsay, Mot. at 4—is unconvincing. The Court already recognized that there may be a pre-trial dispute over [redacted] will be admissible at trial (Dkt. 1240, 81:1-7), but that does not constitute "good cause" to extend discovery in perpetuity.

LATHAM&WATKINS LLP

for [a] deposition already," Mot. at 4, makes no sense.)[2] And, based on Plaintiffs' track record, it is highly likely that yet *another* discovery dispute involving Google would emerge based on whatever testimony is provided by Cognizant—all while the parties have otherwise moved on from depositions.

Aside from more deposition testimony, Plaintiffs claim, again, that they "need" (1) any notes from interviews of any Cognizant personnel that Google conducted, and (2) [redacted] As to the former, the Court has already declined to order this discovery, recognizing that ordering a lawyer to turn over her interview notes is "something that we strive to avoid." Dkt. 1240, 154:10-155:9; *see also id* at 137:25-138:14 (observing that requiring Google to produce interview notes would be an "extreme order"). Instead, the Court ordered Google to provide two more hours of corporate testimony. Plaintiffs now try to use the fact that Google complied with this order against it—continuing the merry-go-round of document discovery leading to more depositions leading to more document discovery. As to the latter, the Court has already upheld Google's claim of privilege over [redacted] (which Google's counsel correctly instructed her not to reveal the contents of because it is protected work product, Dkt. 1270-1, 13:4-14:9).[3]

Further, that Google's witness stated [redacted] "as a reason the factfinder should believe Google's story," Mot. at 4, or assist Plaintiffs to clear the high bar to demonstrate a substantial need for their adversary's work product or interview notes. *See* Dkts. 1114, 1173. As Google has stated, it does not intend to affirmatively use its investigation at trial. Dkt. 1240, 119:13-18.

Finally, Plaintiffs ask this Court to order Google [redacted] This is just another attempt to reach for more data and documents that they could have asked for months ago, without ever articulating why [redacted] Had Plaintiffs thought the [redacted] They did not. And when Plaintiffs later asked the Court

---

[2] In their quest to issue a subpoena to Cognizant again, Google has learned that Plaintiffs' counsel communicated to Cognizant's counsel Ms. B's detailed testimony, which Google has designated Highly Confidential – Attorneys' Eyes Only (Dkt. 82). Plaintiffs have refused to comply with Paragraph 25 of the Protective Order to remedy this disclosure.

[3] The Court previously reviewed this document, drafted to assist Google's counsel in defense of this litigation, *in camera* (*see* Dkts. 895, 961) and a supporting declaration (Dkts. 920, 921) and determined that Google properly asserted its claim of privilege (Dkt. 996).

to order Google to produce [redacted] (*see* Dkt. 1093), the Court denied this relief.

The Court should deny Plaintiffs' motion *with prejudice* and award Google's attorneys' fees spent opposing Plaintiffs' frivolous Motion.

Respectfully,

*/s/ Sarah Tomkowiak*
Sarah Tomkowiak (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)