**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>*Plaintiffs*,<br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | **Case No. 1:24-cv-04274-JLR-BCM** |

**<u>DECLARATION OF SARAH TOMKOWIAK</u>**

I, Sarah Tomkowiak, declare that:

1. I am a partner at the law firm Latham & Watkins LLP and counsel for Google LLC in this matter.

2. I submit this declaration in connection with Google's Response to Plaintiffs' Motion for Discovery Conference re Cognizant Testimony (the "Motion," Dkt. 1269).

3. I have reviewed the Attorney Declaration of Jeff Kane (the "Kane Declaration," Dkt. 1270), which states that Google's counsel [redacted] during a conferral on October 20, 2026. *Id.* at ¶ 3. During the conferral, which I participated in, Google's counsel stated that Ms. B's reference to [redacted] was to a document prepared in anticipation of litigation and was protected by attorney-client privilege and work product. Plaintiffs' counsel asked targeted questions about the content of this document, which Google's counsel did not answer because it would reveal privileged and/or protected information. Google's counsel offered to respond to Plaintiffs'

counsel's question by email (if possible) to allow time to determine what non-privileged information could be shared (including whether the document appeared on Google's privilege log[1]). Plaintiffs' counsel did not follow up with any questions about this document after the October 20, 2026 conferral.

4. The Kane Declaration also states that [redacted] *Id.* ¶ 4. I have reviewed each of the fifteen transcript passages cited in that declaration, and I disagree that any of these passages show instances where [redacted] *Id.* The Court's September 1, 2026 Order (Dkt. 1187) required Google to prepare Ms. B to testify on behalf of Google pursuant to Rule 30(b)(6) (and not in her personal capacity) about the non-privileged facts uncovered by the investigation Google conducted into Plaintiffs' allegations in this litigation. In each of the cited passages, Plaintiffs' counsel sought information that fell outside the scope of the testimony the Court ordered, and I objected on that basis, but allowed Ms. B to answer each question. Ms. B did not [redacted]. Instead, she responded that [redacted].

5. Attached as Exhibit A is a true and correct copy of a document produced by Plaintiffs to Google bearing Bates number PL0000862912 titled "Declaration of [redacted].

[1] As previously stated to the Court (Dkt. 895), Google determined that it was not required to produce a privilege log for this document under the ESI Order (Dkt. 80, § 12(b)) because it is a post-Complaint communication to counsel for the purposes of litigation.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed on October 28, 2026, in Las Vegas, Nevada.

/s/ *Sarah Tomkowiak*
Sarah Tomkowiak