Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

Michele H. Murphy
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.5643
michele@oandzlaw.com

October 30, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

**Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM**
**Consent Letter Motion to Extend Expert Discovery Deadlines**

Dear Judge Moses,

We represent all Plaintiffs in this matter. Pursuant to Your Honor's Individual Rule 2(a), we submit this Consent Letter motion to respectfully request a short 13-day extension of the expert discovery deadline and adjustments to the interim report deadlines, as set forth below. Counsel for Plaintiffs and Defendant Google LLC (the "Parties") have exchanged correspondence and agreed to the following proposed dates:

| Deadline | Current Date (*see* Dkt. 1237) | Proposed Date |
|---|---|---|
| Disclosure of Expert Evidence | November 13, 2026 | December 4, 2026 |
| Disclosure of Expert Rebuttal Evidence | December 14, 2026 | January 22, 2027 |
| Disclosure of Expert Reply Evidence | January 13, 2027 | February 19, 2027 |
| Completion of Expert Depositions | March 12, 2027 | March 25, 2027 |
| Close of Expert Discovery | March 12, 2027 | March 25, 2027 |

Though the Parties have previously requested, and the Court has granted, extensions of expert discovery to account for the extensions to fact discovery deadlines, Dkts. 84, 110, 222, 539, 821, 1037, 1133, this is the first request to extend the expert discovery schedule independent of a fact discovery extension.

Plaintiffs reached out to Google to seek its consent to adjust the expert report dates to accommodate several travel conflicts that had arisen with Plaintiffs' team and experts, including due to the intervening holidays. Plaintiffs proposed these adjustments to ensure that they and their experts had ample time to prepare their expert reports. Google responded by providing dates that work for its team's and experts' travel schedules, and the parties were able to reach agreement on a proposed schedule.

The requested extension will not impact any upcoming scheduled dates. There is a March 9, 2027 status conference schedule before Judge Rochon. However, to the extent that conference must take place after the close of all discovery, it would need to be moved in any event because the Court's September 22, 2026 Order (Dkt. 1237) had already extended expert discovery through March 12, 2027. The requested extension, therefore, would not independently create the need to reschedule that conference.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Michele H. Murphy*

Michele H. Murphy
OPPENHEIM + ZEBRAK, LLP
*Counsel for Plaintiffs*