Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

Jeff Kane
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.499.2940
jkane@oandzlaw.com

October 30, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

**Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24:cv-04274-JLR-BCM
Reply ISO Plaintiffs' Motion for Discovery Conference re Cognizant Testimony**

[Redacted]

Dear Judge Moses,

We represent all Plaintiffs in this matter. We write in support of Plaintiffs' Motion (Dkt. 1269) for Discovery Conference re Cognizant Testimony, and in response to Google's opposition (Dkt. 1277).

Last month, the Court ordered Google to testify about [redacted]. The Court hoped that a 30(b)(6) deposition would provide Plaintiffs and the factfinder with enough information to obviate the need for discovery from Cognizant. Unfortunately, the deposition was not nearly sufficient. Google's flimsy preparation, its choice to ignore the Court's Order not to limit testimony to facts uncovered by the investigation, and the cursory nature of Google's underlying investigation, left the factfinder with almost none of the information she will need to decide which story to believe: Google's or Cognizant's. What has emerged is a veritable my-word-against-yours situation: Cognizant and Ms. J claim [redacted] Plaintiffs and the factfinder are entitled to hear *both* sides of this dispute, not merely Google's side. The Court should not risk creating a situation where Google can claim [redacted] but the factfinder never hears the [redacted] The Court should grant Plaintiffs' motion.

## I. The existing record leaves a gigantic gap for the factfinder.

Google's witness told Plaintiffs almost nothing about [redacted] pirates. Google's perfunctory testimony failed to answer multiple important questions.

First, we don't know which [redacted]. Google brags that Ms. B "answered" these basic questions by [redacted]. Dkt. 1277 at 2. A [redacted] is, of course, no use to the factfinder.

Second, we do not know what facts Cognizant learned, what documents Cognizant is aware of, or what credibility determinations Cognizant made that led Cognizant to conclude [redacted]. This is fundamental counter-evidence to Google's claim.[1]

Third, in addition to Ms. J, another Cognizant employee, SD, was involved with [redacted], Dkt. 1269 at 4; Dkt. 1270-1 (SB Tr. Oct. 13, 2026) 67:21–70:19. Mr. D apparently [redacted] Yet we do not know whether [redacted], that would corroborate Ms. J and Cognizant's story and contradict Google's.

And fourth, we don't have any testimony or context for the Google documents that support Cognizant and Ms. J's story. Dkt. 1269 at 3–4. These include documents that indicate that [redacted]. Dkt. 1269 at 3–4.

Part of the reason there are so many unanswered questions is that Google improperly limited its 30(b)(6) testimony to [redacted], despite this Court's clear instruction not to do so. Dkt. 1269 at 3. And the "[redacted]" about which Google did testify was cursory at best. [redacted] Dkt. 1270-1 at 69:11–70:25. Google wouldn't even say whether Google [redacted] Dkt. 1270-1 at 52:19–53:13. Google tries to take refuge in the Court's statement that not all interesting questions have answers. Dkt. 1277 at 1. But that is hardly a response if the question never was asked.

Moreover, while the existing testimony about [redacted] should be admissible, that decision will be left to Judge Rochon, and the outcome is not guaranteed. Dkt. 1269 at 4. Google has no answer to this problem. The best Google can muster is to feign indecision about whether Google will challenge this testimony as hearsay. Dkt. 1277 at 3 n.1. This Court should not risk the possibility that the jury will hear Google claim that [redacted], but will *not* hear Cognizant's report that Google [redacted].[2]

## II. Denying discovery from Cognizant on the basis of timing would result in a fundamental injustice.

The Court previously opted for a 30(b)(6) deposition of Google in place of a deposition of Cognizant. Dkt. 1267 at 192:5–10 (Sep. 22, 2026 Hr'g Tr.). The Court based its ruling partly on a belief that Plaintiffs were not sufficiently "diligent" in seeking discovery from Cognizant after the

---

[1] Google claims that this [redacted] previously was reviewed by the Court. Dkt. 1277 at 4 n.3. But [redacted] either is a fact that should not be withheld or it is a conclusion, and Google has waived work-product protection by disclosing that conclusion in deposition.

[2] Google offers a flimsy argument in a two-sentence footnote that Plaintiffs violated the Protective Order by sharing unspecified facts with Cognizant's counsel. The restrictions of the Protective Order do not extend to "any information known to the Receiving Party prior to the disclosure . . . .". Dkt. 82 ¶ 5. Plaintiffs have not provided Cognizant any information about which Cognizant was not already aware, and Google has identified none.

August 26 deposition of Mr. R, rather than June 25 deposition of Ms. B. *Id.* at 189:22–190:20. This reasoning overlooks at least two salient features of the record.

**First**, Plaintiffs *did* pursue discovery into the issue of Google's alleged [redacted] following Ms. B's June 24 deposition. After conferring with Google, Plaintiffs moved to compel additional information about Google's investigation, including any statements from Cognizant. Dkt. 1093. Plaintiffs pursued the issue in the context that made sense to them at the time, with the limited information they had. The Court found the motion to be a "close question." Dkt. 1231 at 154:3–9.

Moreover, in the less-than-two months between the June 24 deposition of Ms. B and August 31 (when Plaintiffs requested to depose Cognizant, Dkt. 1177 at 3), Plaintiffs:

- Took twelve fact and 30(b)(6) depositions (in four different cities, including four in California), Declaration of Attorney Jeff Kane ("Decl.") ¶ 2;
- Defended eleven fact and 30(b)(6) depositions of Plaintiffs and third-party witnesses (in four cities), *id.*;
- Opposed two merits motions and one sealing motion from Google (Dkts. 1066, 1102, 1106);
- Filed three motions to compel (Dkts. 1128, 1135, and 1051);
- Conducted a four-hour discovery conference on more than twenty 30(b)(6) topics, Dkt. 1048;
- Conducted a second hearing on two Google motions, Dkt. 1147;
- Responded to a notice of supplemental authority regarding Google's 12(c) motion, Dkt. 1069; and
- Filed a supplemental letter concerning Plaintiffs' motion for discovery into Google's investigation, Dkt. 1169.

Faulting Plaintiffs for a perceived lack of "diligence" during this period, Dkt. 1267 at 189:7, 190:16–20, is simply unfair.

**Second**, Google's conduct before, during, and after SB's June 24 deposition misled Plaintiffs and concealed Cognizant's position.

For more than a year, Google asserted a DMCA defense, which requires that Google "reasonably implemented" a policy that "provides for the termination" of "repeat infringers . . . ." 17 U.S.C. § 512(i)(1)(A). Google learned by March 2025 at the latest that [redacted]. Ex. 2 (SB Dep. Tr.) (June 24, 2026) 296:5–12; WR Tr. 365:4–367:5. But Google nonetheless included the DMCA defense in its Answer *three months later*. Dkt. 116 at 23. Even when Google withdrew the defense, Google still claimed that it had "complied with the requirements of the DMCA." Dkt. 771 at 3.

During discovery, Google indicated that it had indeed [redacted]. Google produced a spreadsheet (GOOG-CENG-00439755) that showed [redacted] policy. Dkt. 251 at 4; Dkt. 259 ¶ 10. During the protracted dispute

about discovery into Google's overall DMCA program, Plaintiffs suggested that Google disclose the domains Google claimed to have suspended under this policy. Dkt. 504 at 58:2–59:5 (Dec. 15, 2025 Hr'g Tr.). A truthful response would have been: [redacted] Instead, Google's counsel claimed, [redacted] Dkt. 504 at 78:16–79:25. Google complained that producing a list of domains suspended for copyright infringement would be "burdensome," Dkt. 402 at 4, 6, when in fact [redacted].

Then at her June 24 deposition, SB testified at length about Google [redacted]. She testified that during the relevant period, [redacted]. SB Tr. 243:3–13, 258:16–259:8. She discussed [redacted] etc.). *Id.*, 233:1–236:1, 235:3–236:12. And she engaged in a confusing, multi-page colloquy about [redacted]. *Id.*, 67:12–68:20, 109:16–119:17.

Then, after more than eight hours on the record, SB testified that [redacted] *Id.*, 291:10–14. Given everything that came before it, Plaintiffs' counsel did not interpret the phrase [redacted] to mean that accounts [redacted] Even more deceptive was SB's claim that [redacted] *Id.*, 293:16–294:4. Google *did* know [redacted] Dkt. 1270-1 at 11:7–9, 13:6–11, 60:12–17. And Plaintiffs understood that the [redacted].

Even after SB's deposition, Google continued its obfuscation. Plaintiffs asked AK whether there was a [redacted], and Google's counsel [redacted]. Dkt. 1211-2 (AK Tr.) 109:20–110:5. Google witnesses claimed that [redacted]. AB testified that [redacted] Ex. 3 (AB Dep. Tr.) 109:13–19. She boasted that Google [redacted]. AB Tr. 234:19–235:5, 232:15–17. Like SB, both AB and AK testified about the [redacted]. Ex. 4 (AK Dep. Tr.) 315:21–316:18; AB Tr. 112:16–25, 114:11–115:11, 118:24–119:17. AB claimed [redacted] AB Tr. 109:23–110:11, 111:18–112:8. And when asked whether Google [redacted]. Dkt. 1211-2 at 102:23–106:16.

It would be unfair to disadvantage Plaintiffs by faulting their counsel for not ferreting out earlier that Google allegedly [redacted]. The Court gave

Google the benefit of the doubt and credited their counsel's judgment in depositions. Dkt. 1231 at 74:25–75:18. The Court should do the same for Plaintiffs.

## III. Conclusion

The Court should grant Plaintiffs' motion.

/s/ *Jeff Kane*
Jeff Kane

*Counsel for Plaintiffs*