**Caroline Clarke**
Direct Dial: +1.332.240.1457
Caroline.Clarke@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin
Beijing
Boston
Brussels
Chicago
Dubai
Düsseldorf
Frankfurt
Hamburg
Hong Kong
Houston
London
Los Angeles
Madrid
Milan
Munich
New York
Orange County
Paris
Riyadh
San Diego
San Francisco
Seoul
Silicon Valley
Singapore
Tel Aviv
Tokyo
Washington, D.C.

November 12, 2026

**VIA ECF**

The Honorable Barbara C. Moses
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re: *Cengage Learning, Inc., et al. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM
Letter Motion to Seal September 22, 2026 Conference Transcript

Dear Judge Moses:

Pursuant to Rule 3 of Your Honor's Individual Practices and the Court's Order at Dkt. 1266, Google submits this letter motion to seal the transcript of proceedings regarding the conference held on September 22, 2026 (the "Transcript"), Dkt. 1266.

**Background.** The Transcript includes certain information designated by Google as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) pursuant to the Protective Order (Dkt. 82). Google's HC-AEO information reflects details derived from HC-AEO documents concerning details of Google's technological systems, details regarding Google's processing of takedown notices, descriptions of Google's efforts to enforce its policies, including those related to ebooks, names of individuals involved in enforcement efforts, metrics regarding Google's disapproval and reactivations, and sensitive information concerning an internal investigation performed by Google. Google maintains that this information is HC-AEO as the material constitutes information that could, if disclosed, "create a substantial risk of significant harm to the business, commercial, financial, competitive, or personal interests" of Google, Plaintiffs, or third parties who use Google's Shopping platform. Dkt. 82 ¶ 3. Google conferred with Plaintiffs about this material via email on November 12, and Plaintiffs indicated that they may oppose certain of Google's proposed redactions.

**Legal Standard.** Google's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Id.* at 119–20 (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Moreover, the

LATHAM & WATKINS LLP

presumption of public access to materials connected to non-dispositive motions is "generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

**Google's Material Warrants Sealing.** The material at issue should be sealed because it concerns details of Google's technological systems, details regarding Google's processing of takedown notices, descriptions of Google's efforts to enforce its policies, including those related to ebooks, metrics regarding Google's disapproval and reactivations, and sensitive information concerning an internal investigation performed by Google. Courts in this district routinely recognize the importance of keeping information reflecting proprietary and sensitive business information, like the processes and policies at issue here, confidential. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Farsura v. QC Terme US Corp.*, 2025 WL 267573 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies, including contracts with other entities, because others might exploit the information). This principle extends to the type of technical details of technology systems Google seeks to protect. *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations and citations omitted) ("protecting a company's IT information fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud"); *Ramirez v. Temin & Co., Inc.,* 2020 WL 6781222, at *6–7 (S.D.N.Y. Nov. 18, 2020) (sealing business materials that included the company's IT information). And courts regularly seal information concerning internal investigations, recognizing that "privacy interests outweigh the publics' right to access the results of such [investigations]" because public disclosure of such information "present[s] a potential 'chilling effect' and would likely inhibit future investigations." *EFT Servs., LLC v. I-POS Sys. LLC*, 2025 WL 1752144, at *4 (S.D.N.Y. June 25, 2025) (citation omitted); *see also Lockwood v. Dunkirk City Sch. Dist.*, 2024 WL 1832488, at *2 (W.D.N.Y. Apr. 26, 2024) (recognizing "interest in preserving confidentiality to promote robust internal investigations … is a compelling one").

Public disclosure of this material would reveal details of Google's internal business practices, including those related to Google's policy enforcement. Disclosure of this information poses a substantial risk of misuse by bad actors. This information is particularly sensitive because this is a case about alleged piracy occurring on Google's platform. *See generally* Dkts. 38, 116. Exposing details of Google's systems and processes creates a serious risk, as third parties (including the "pirate" sellers of Plaintiffs' works in this case) may seek to use such information to compromise Google's systems and data sources for purposes of avoiding detection or otherwise circumventing Google's measures for stopping criminal, fraudulent, or other prohibited activity. Courts in the Second Circuit have recognized protecting a company's practices and procedures designed to prevent misuse as a compelling interest "sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3

LATHAM & WATKINS LLP

(E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices"). The risk that third parties could obtain and use the information described in the Transcript to their advantage, including in connection with efforts to "circumvent the security systems and procedures that are in place to detect and prevent" their schemes is particularly salient in this case, where bad actors are known to closely monitor Google's public statements. *Cantinieri*, 2024 WL 759317, at *2.

The material sought to be sealed also includes the names of individuals involved in enforcement efforts at Google. As the Second Circuit has advised, "[t]he privacy interests of innocent third parties … should weigh heavily in a court's balancing equation." *In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) (citation omitted); *see also Metcalf v. TransPerfect Translations Int'l Inc.*, 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025) (noting personal privacy interests and safety are "'[h]igher values' the preservation of which might warrant sealing"). Public disclosure of these individuals' names also creates a risk that the individuals will be doxxed, swatted, or otherwise targeted by bad actors. The "negligible role" of the name of Google's employees in the discovery disputes further weighs in favor of sealing. *Brown*, 929 F.3d at 49–50 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

**Google's Sealing Request is as Narrowly Tailored as Possible.** Google's request is narrowly tailored to protect only information reflecting Google's internal, non-public policies and operations, and details of an internal Google investigation performed in connection with this litigation. Courts in this district have found such redaction requests reasonable and appropriate. *See, e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2022 WL 3910584, at *2 (S.D.N.Y. Aug. 31, 2022) (sealing discovery dispute letter motion and accompanying exhibits considered "narrowly tailored" where "the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information."); *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal a party's motion for summary judgment, attorney declaration, and 62 exhibits where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order").

Given the sensitive nature of the materials and the risk that nefarious actors will obtain and misuse the materials if publicly disclosed, Google respectfully submits this letter motion to redact the Transcript.

We thank the Court for its consideration of this request.

Respectfully,

*/s/ Caroline Clarke*
Caroline Clarke (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)