Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

Danae Tinelli
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.851.4070
danae@oandzlaw.com

November 20, 2026

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

**Re: *Cengage Learning, Inc. et al. v. Google LLC*, No. 24-cv-04274-JLR-BCM**
**Plaintiffs' Consent Letter Motion Seeking Leave to Withdraw and Amend Response to Google's RFA No. 51 ("Consent Letter Motion to Amend RFA 51")**

Dear Judge Moses,

Pursuant to Federal Rule of Civil Procedure 36(b), Plaintiffs respectfully seek leave to withdraw and amend their written response to Defendant Google LLC's ("Google") Request for Admission ("RFA") 51. Plaintiffs and Google met and conferred to discuss this RFA, and Google consented to Plaintiffs' request to amend RFA 51.[1]

**A. Relevant Background and RFA 51**

Plaintiffs utilized an antipiracy firm, BCGuardian, LLC ("BCGuardian")[2], to search Google Shopping for ads promoting infringing copies of Plaintiffs' works, and to send infringement notices. On some occasions, in addition to sending infringement notices, BCGuardian conducted a "test buy" from the pirate site that a given Shopping Ad promoted. That is, BCGuardian purchased the infringing work from the pirate, to confirm that the pirate was indeed selling the infringing work.

On October 2, 2026, each Plaintiff served their responses and objections to Google's First Set of Requests for Admission, including RFA 51, reproduced below. Decl. ¶¶ 5-6.

> **RFA No. 51**: Admit that BCGuardian does not maintain records identifying which test purchases were made on Your behalf by clicking through a Google Shopping link versus navigating directly to a Pirate Site Domain.

---

[1] On November 4, 2026, the parties met and conferred for approximately one hour regarding Plaintiffs' responses to Google's requests for admission. Declaration of Attorney Danae Tinelli ("Decl.") ¶ 2. The attendees were Leticia Salazar, Laura Bladow, Sarah Tomkowiak, and Roberto Borgert on behalf of Google, and Michele Murphy, Danae Tinelli, Lauren Bergelson, and Uriel Lee on behalf of Plaintiffs. The parties subsequently exchanged follow up emails, and, on November 19, Google confirmed by email that it consented to Plaintiffs' request to amend RFA 51. *Id.* ¶ 3.

[2] *See* Dkt. 575 at 2 n. 1, 3.

> **Original Response:** Subject to and without waiving the foregoing objections, Plaintiff admits that BCGuardian does not currently maintain records identifying which test purchases were made on Plaintiff's behalf by clicking through a Google Shopping link versus navigating directly to a Pirate Site Domain.

When drafting the original response, Plaintiffs understood RFA 51 to seek an admission concerning records that BCGuardian currently maintains, and did not understand those records to identify which previously completed test purchases had been made by "clicking through" a Google Shopping link. Decl. ¶ 4. In preparing to answer Google's questions during the November 4 meet and confer on Plaintiffs' RFA responses, Plaintiffs learned new information from BCGuardian that makes their prior admissions to RFA 51 inaccurate. *Id.* ¶¶ 3-4. Plaintiffs explained this to Google during the meet and confer. *Id.* ¶ 3. On November 13, Plaintiffs followed up by providing Google with the proposed amended response, as set forth below. *Id.* On November 19, Google consented to the amendment. *Id.* Plaintiffs now seek leave to withdraw their response to RFA 51 and substitute the proposed amended response.

> **Proposed Amended Response:** Subject to and without waiving the foregoing objections, Plaintiff denies that BCGuardian does not currently maintain records identifying which test purchases were made on Plaintiff's behalf by clicking through a Google Shopping link versus navigating directly to a Pirate Site Domain, and states that BCGuardian currently maintains records that permit BCGuardian to identify a subset of test purchases that were made on Plaintiff's behalf by clicking through a Google Shopping link versus navigating directly to a Pirate Site Domain.

### B. The Amendment Is Appropriate Under Rule 36(b)

Under Rule 36(b), a court may permit withdrawal or amendment of an admission if (1) "it would promote the presentation of the merits of the action," and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Both requirements are satisfied here.

#### i. Withdrawal and Amendment Promote the Presentation of the Merits

The first prong asks courts to consider whether the amendment will "assist in the presentation of evidence on any claim or defense in the action." *Cintron v. Albert Einstein Coll. of Med.*, 2022 WL 3137079, at *1 (S.D.N.Y. Aug. 5, 2022) (citations omitted). In *Cintron*, the court permitted amendment of an admission after the movant indicated that "their admission may not accurately reflect the facts," and explained that "the factual dispute should be resolved on the merits, not on a technicality." *Id.* (citing *Chartwell Therapeautics Licensing LLC v. Citron Pharma LLC*, 2018 WL 3442542, at *4 (E.D.N.Y. July 17, 2018)).

Here, there is no question that an amendment would promote the presentation of the merits. RFA 51 concerns test purchases that BCGuardian made from pirate sites on Plaintiffs' behalf, and those test purchases are relevant to various aspects of the case, including direct infringement. Google seeks information about a specific test purchase methodology in RFA 51. Any factual

issues stemming from these test purchases should not be skewed by an admission that Plaintiffs have since learned is incorrect. Permitting the amendment will correct the factual record.

**ii. Google Will Not Be Prejudiced by the Withdrawal and Amendment**

The second Rule 36(b) prong turns on whether the court is "persuaded" that allowing Plaintiffs to correct their admission would "prejudice [Google] in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Here, Google does not oppose the motion. Moreover, there is no date set in the case for summary judgment or trial. *See id.* Advisory Committee's Note ("This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice. *Cf. Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686 (2d Cir. 1966)"); *see also Chartwell Therapeautics*, 2018 WL 3442542, at *5 (finding no prejudice in permitting amendment to admission where no trial date had yet been set). Indeed, promptly upon learning of the facts that render the current admissions inaccurate, Plaintiffs made Google aware of the issue.

For all of the above-described reasons, Plaintiffs respectfully request that the Court grant their Consent Letter Motion to Amend RFA 51.

Respectfully submitted,

*/s/ Danae Tinelli*
Danae Tinelli

*Counsel for Plaintiffs*