IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC. et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | **Civil Action No. 24-cv-04274-JLR-BCM** |

**Declaration of Attorney Danae Tinelli ISO**
**Plaintiffs' Consent Letter Motion Letter Motion Seeking Leave**
**to Withdraw and Amend Response to Google's RFA No. 51**

1. I am an attorney at the law firm Oppenheim + Zebrak, LLP ("O+Z"), counsel for all Plaintiffs in this matter. I submit this declaration in support of Plaintiffs' Consent Letter Motion Seeking Leave to Withdraw and Amend Response to Google's RFA No. 51 ("Consent Letter Motion to Amend RFA 51").

2. Plaintiffs and Google met and conferred regarding Plaintiffs' responses to Google's requests for admission on November 4, 2026 for approximately one hour.

3. In preparing to answer Google's questions during the November 4 meet and confer, Plaintiffs learned new information from BCGuardian that makes their prior admissions to RFA 51 inaccurate. Plaintiffs explained this to Google during the meet and confer. On November 13, Plaintiffs followed up by providing Google with the proposed amended response to RFA 51, as set forth in Plaintiffs' Consent Letter Motion to Amend RFA 51. On November 19, Google consented to the amendment.

4. When drafting the response to RFA 51, Plaintiffs understood RFA 51 to seek an admission concerning records that BCGuardian currently maintains, and did not understand those records to identify which previously completed test purchases had been made by "clicking through" a Google Shopping link. As explained above, in preparing for the parties' November 4 meet and confer, Plaintiffs learned different information, which they now seek to correct through their Consent Letter Motion to Amend RFA 51.

5. Google's RFA No. 51 requests Plaintiffs to "[a]dmit that BCGuardian does not maintain records identifying which test purchases were made on Your behalf by clicking through a Google Shopping link versus navigating directly to a Pirate Site Domain."

6. On October 2, 2026, each Plaintiff served the following objections and response to RFA No. 51:

a. Objections: Plaintiff objects to the request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks an admission that is not relevant to the claims or defenses in this Action. For instance, the request is not tethered to this Action, the Asserted Works, or a particular time period, and information for which the request seeks an admission does not impact the efficacy of the test purchases that BCGuardian conducted on Plaintiff's behalf. Plaintiff further objects to the request as vague, ambiguous, and failing to specify with reasonable particularity the matters to be admitted, including as to "test purchase." Plaintiff interprets the request to cover the Relevant Time Period and to refer to the purchase of a copy of an Asserted Work made by BCGuardian on Plaintiff's behalf from a Pirate Site Domain in connection with this Action. Plaintiff further objects to the request as vague and ambiguous as to "does not maintain

records identifying which test purchases were made . . . by clicking through a Google Shopping link versus navigating directly to a Pirate Site Domain." Plaintiff further objects to the request as duplicative of previous discovery Defendant has sought.

b. Response: Subject to and without waiving the foregoing objections, Plaintiff admits that BCGuardian does not currently maintain records identifying which test purchases were made on Plaintiff's behalf by clicking through a Google Shopping link versus navigating directly to a Pirate Site Domain.

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 20, 2026 in Washington, D.C.

*/s/ Danae Tinelli*
Danae Tinelli